IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

----------------------------------------------------------- x
:
SNMP RESEARCH, INC. and SNMP : Case No. 3:20-cv-00451-JRG-DCP
RESEARCH INTERNATIONAL, INC., :
: U.S. District Judge J. Ronnie Greer
Plaintiffs, :
: **DECLARATION OF PETER LAM**
v. : **IN SUPPORT OF DEFENDANT**
: **EXTREME NETWORKS, INC.'S**
BROADCOM INC.; BROCADE : **MOTION TO DISMISS OR**
COMMUNICATIONS SYSTEMS LLC; and : **TRANSFER**
EXTREME NETWORKS, INC., :
:
Defendants. :
----------------------------------------------------------- x

Peter Lam, under penalty of perjury, declares as follows:

1. I am the Senior Director of Intellectual Property at Extreme Networks, Inc. ("Extreme"). I am over the age of eighteen and am otherwise competent to testify. The matters set forth in this declaration are true and correct to the best of my knowledge.

2. I understand that SNMP Research, Inc. and SNMP Research International, Inc. ("SNMP") have filed a lawsuit against Extreme, Broadcom Inc., and Brocade Communications Systems LLC ("Brocade"), and I have reviewed the complaint filed on October 26, 2020 (the "Complaint"). I submit this declaration to put before the Court certain facts potentially relevant to Extreme's Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of California.

3. Extreme is a Delaware corporation with its headquarters and principal place of business located at 6480 Via Del Oro, San Jose, California.

4. Extreme does not have any physical offices or facilities in Tennessee.

5. I understand that the Complaint asserts one cause of action against Extreme for copyright infringement, arising out of Extreme's alleged copying and distributing products that allegedly infringe SNMP's copyrighted software following Extreme's acquisition of a data center business from Brocade in 2017.

6. I am aware of certain individuals who I understand had some involvement in events or communications discussed in SNMP's allegations in the Complaint, and therefore may have information and/or documents relevant to the litigation of this matter. These include individuals who currently work at Extreme, as well as former employees. To the best of my knowledge, these individuals reside in California and/or reside more than 100 miles from Tennessee:

- **Manjunath Gowda**: Former Vice President of Engineering at Extreme who came to Extreme from Brocade as part of the data center acquisition. Mr. Gowda had responsibilities with respect to software products, both in his capacity as an engineer at Brocade and post-integration at Extreme, and was involved in identifying pertinent third party licenses. Mr. Gowda is no longer employed by Extreme and, based on his LinkedIn profile (https://www.linkedin.com/in/manjugowda/), it appears that he is still located in California.

- **Indhu Balraj**: Senior Director of Engineering at Extreme who also came over to Extreme from Brocade in the acquisition, and who has direct knowledge and understanding of SNMP software and the extent to which it has been used in Brocade and Extreme products. Ms. Balraj operates out of Extreme's San Jose headquarters and, to the best of my knowledge, resides in California.

2

- **Tibor Fabry-Asztalos**: Senior Vice President of Products & Engineering at Extreme who joined Extreme from Brocade as part of the acquisition, and who has responsibilities with respect to the Extreme software product lines identified in Paragraph 49 of the Complaint. Mr. Fabry-Asztalos operates out of Extreme's San Jose headquarters and, to the best of my knowledge, resides in California.
- **Jennifer Sipes**: Former Senior Counsel at Extreme who was involved in communications between Brocade and SNMP in connection with the acquisition of the data center business from Brocade, including communications that are the apparent subject of Paragraphs 44 and 45 of the Complaint. Ms. Sipes is no longer employed by Extreme, and based on her LinkedIn profile (https://www.linkedin.com/in/jensipes/), it appears that she still resides in the "San Francisco Bay Area."

7. I further understand that another individual, Larry Fitterer, who worked for Brocade in 2017, was involved in communications that appear to be referred to in Paragraphs 44 and 45 of the Complaint. Based on his LinkedIn page (https://www.linkedin.com/in/larry-fitterer-b460245/), it appears that Mr. Fitterer is no longer employed by Brocade, but still resides in California.

I declare that the foregoing is true and correct. Executed this 22nd day of December, 2020 in Campbell, California.

Respectfully submitted,

Peter Lam