**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x
                           :

SNMP RESEARCH, INC. and SNMP      :      Case No. 3:20-cv-00451-JRG-DCP
RESEARCH INTERNATIONAL, INC.,     :

                           :      U.S. District Judge J. Ronnie Greer

           Plaintiffs,         :

                           :

           v.                  :

                           :

BROADCOM INC.; BROCADE           :
COMMUNICATIONS SYSTEMS LLC; and   :
EXTREME NETWORKS, INC.,          :

                           :

           Defendants.        :

------------------------------------------------------------ x

 

 

**DEFENDANT EXTREME NETWORKS, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Defendant Extreme Networks, Inc. ("Extreme") respectfully submits this memorandum of law in support of its (i) motion to dismiss the Complaint filed by Plaintiffs SNMP Research, Inc. and SNMP International, Inc. (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) or, (ii) in the alternative, to transfer this action to the proper and more convenient forum of the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1404(a) or 1406.

## PRELIMINARY STATEMENT

The allegation at the heart of the Complaint is the sale and acquisition of a data center business between two companies located in San Jose, California: the buyer, Extreme, and the seller, co-defendant Brocade Communications Systems LLC ("Brocade"). The people principally involved in that transaction, as well as other individuals who were and are involved in the operations of the divested business and development of the software products alleged to infringe Plaintiffs' copyrights are located in California. As set forth herein and in the contemporaneous submission by Brocade and Broadcom Inc. ("Broadcom"), potential witnesses include not only current employees but also individuals who are no longer affiliated with either Extreme or Brocade. Documents within those individuals' possession that may be pertinent to the transaction, business, and products at issue would be located in California as well. Plaintiffs themselves appear to have recognized this, having retained outside counsel located in California for purposes of this litigation.

Accordingly, if the Complaint is not dismissed or transferred for the reasons set forth in Broadcom's and Brocade's contemporaneous motion (which Extreme joins with respect to all issues except for the contract-related arguments that solely concern causes of action asserted against Broadcom and/or Brocade), the Northern District of California would be a more

convenient venue for this litigation than the Eastern District of Tennessee, and it would serve the interests of justice to transfer the litigation to that forum pursuant to 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND[1]

In this action, Plaintiffs allege that Defendants—all of which are located in San Jose, California (Complaint ¶¶ 20-22)—infringed certain of Plaintiffs' registered copyrights in computer software. At the center of the lone cause of action asserted against Extreme, for copyright infringement (*id.* ¶¶ 85-93), is Extreme's acquisition of certain data center and related business operations from Brocade (*id.* ¶ 43). Plaintiffs accuse Brocade and Extreme of not properly obtaining consent for Brocade to assign its existing license for Plaintiffs' copyrighted software to Extreme in connection with the business acquisition, and thus Plaintiffs claim that Extreme has engaged in infringement since it took over the Brocade "business unit" that was distributing and selling products allegedly containing that software. (*Id.* ¶¶ 45-47.) Plaintiffs further allege that they sent Brocade (*not* Extreme) a "Notice of Breach" of the license agreement in June 2019, and a subsequent "Notice of Termination" the following month. (*Id.* ¶¶ 51, 58.) Plaintiffs filed the current lawsuit 14 months later.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE AND THE CLAIMS FOR COPYRIGHT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Extreme joins and incorporates by reference the arguments set forth in the contemporaneous motion to dismiss or transfer filed by Broadcom and Brocade pursuant to

---

[1] Extreme accepts all well-pled allegations as true solely for purposes of this motion. For efficiency, this brief briefly summarizes only those allegations directly pertinent to the transfer motion herein, and does not discuss allegations that are further addressed by Broadcom and Brocade in support of their motion to dismiss or transfer (which Extreme joins).

2

Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and 28 U.S.C. § 1406. For the reasons set forth in that motion: (i) the Complaint should be dismissed or, in the alternative, transferred, because the Eastern District of Tennessee is an improper venue owing to the lack of personal jurisdiction over Defendant Broadcom; and (ii) SNMP has failed to state a claim for copyright infringement because the federal copyright registrations on which SNMP relies are invalid.

As noted, the only cause of action asserted against Extreme is for copyright infringement; there is no breach of contract claim against Extreme. Accordingly, either of the aforementioned bases for dismissal is independently sufficient to dismiss the Complaint as against Extreme.

## II. IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether to exercise its discretion to grant a § 1404(a) transfer motion, the Court should (1) decide whether the claim could have been brought in the proposed transferee district, and (2) consider and balance a number of "relevant factors to resolve whether the litigation in question would proceed more conveniently and whether the interests of justice would be better served through transfer" to that district. *KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265, 2014 WL 1745443, at *2 (E.D. Tenn. Apr. 30, 2014). These elements are satisfied here.[2]

---

[2]  Extreme understands that Broadcom and Brocade, in their contemporaneous filings, are presenting information further demonstrating why transfer would advance convenience and the interests of justice. Extreme refers to and incorporates that information herein.

## A.     This Action Could Have Been Brought In The Northern District of California

As set forth in the submission from Broadcom and Brocade, venue is improper in the Eastern District of Tennessee because Broadcom is not subject to personal jurisdiction here.  If this action were filed in the Northern District of California, however, there would be no such infirmity.  Extreme is a resident of California located in San Jose (within the Northern District), and is subject to personal jurisdiction there.  (*See* Declaration of Peter Lam ("Lam Decl.") ¶ 3.) Extreme further understands that, as Plaintiffs allege (*see* Complaint ¶¶ 20-21), both Broadcom and Brocade are residents of California with a principal place of business in the same District as Extreme.  Accordingly, venue would be proper in the Northern District of California.  *See* 28 U.S.C. §§ 1391(b), 1400(a).

## B.     The Relevant Factors Weigh In Favor of Transfer

"A district court ruling on a motion to transfer under 28 U.S.C § 1404(a) should consider 'the private interests of the parties, including their convenience and the convenience of potential witnesses,' public-interest concerns, as well as whether the transfer is in the interests of justice." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (citation omitted).  Courts within the Sixth Circuit frequently consider factors such as:  the convenience of the parties; the convenience of the witnesses; the accessibility of evidence; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; the practice problems associated with trying the case most expeditiously and inexpensively; and the interests of justice.  *See J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, No. 3:13-CV-606, 2014 WL 12780317, at *2 (E.D. Tenn. May 30, 2014) (Greer, J.).

"There is no definitive formula or comprehensive test for determining the issue of convenience." *Mardini v. Presidio Devs., LLC*, No. 3:08-CV-291, 2011 WL 111245, at *6 (E.D. Tenn. Jan. 13, 2011); *see, e.g., Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-cv-243,

4

2009 WL 703384, at *5 (E.D. Tenn. Mar. 16, 2009) (granting transfer and considering convenience of parties and witnesses, residence of parties, and interests of justice). Nevertheless, the convenience of witnesses "is often considered to be the most important factor when determining which forum is the most convenient." *KANL*, 2014 WL 1745443, at *3 (citation omitted).

In this case, the convenience of the parties and potential witnesses clearly favors transfer. As noted, Plaintiffs' allegations in the Complaint focus on a business acquisition and other conduct taking place *in California* among companies and individuals located within that State. Aside from vague allegations about sales of purportedly infringing products by Extreme in Tennessee (just as Extreme sells its products throughout the United States), the alleged unlawful activity lacks any material connection to the current forum. Indeed, Extreme has no physical offices or facilities located in Tennessee. (Lam Decl. ¶ 4.)

Although Extreme cannot state with certainty at this early stage of the litigation which particular witnesses may prove critical to the proceedings, it is aware of several individuals who were involved in the transactions, communications, and events as alleged by Plaintiffs in the Complaint—in particular, the acquisition of the data center business from Brocade, integration of that business by Extreme, and the software products alleged to infringe SNMP's copyrights:

- **Manjunath Gowda**:  Former Vice President of Engineering at Extreme who came to Extreme from Brocade as part of the data center acquisition.  Mr. Gowda had responsibilities with respect to software products, both in his capacity as an engineer at Brocade and post-integration at Extreme, and was involved in identifying pertinent third party licenses.  Mr. Gowda is no longer employed by Extreme and appears to still reside in California.

- **Indhu Balraj**:  Senior Director of Engineering at Extreme who also came over to Extreme from Brocade in the acquisition, and who has direct knowledge and understanding of SNMP software and the extent to which it has been used in Brocade and Extreme products.  Ms. Balraj operates out of Extreme's San Jose headquarters.

5

- **Tibor Fabry-Asztalos**: Senior Vice President of Products & Engineering at Extreme who joined Extreme from Brocade as part of the acquisition, and who has responsibilities with respect to the allegedly infringing Extreme software product lines identified in Paragraph 49 of the Complaint. Mr. Fabry-Asztalos operates out of Extreme's San Jose headquarters.

- **Jennifer Sipes**: Former Senior Counsel at Extreme who was involved in communications between Brocade and SNMP in connection with the acquisition of the data center business from Brocade, including communications that are the apparent subject of Paragraphs 44 and 45 of the Complaint. Ms. Sipes is no longer employed by Extreme, and appears to still reside in the San Francisco Bay area.

- **Larry Fitterer**: Individual who worked for Brocade in 2017 and who also was involved in the communications with SNMP that are the apparent subject of Paragraphs 44 and 45 of the Complaint. It appears that Mr. Fitterer is no longer employed by Brocade but still resides in California.

(*Id.* ¶¶ 6-7.)

To the best of Extreme's knowledge, none of the foregoing individuals is located outside of California, and three are no longer employed by Extreme or Brocade; thus, if those individuals were unwilling to testify, they could not be compelled to appear by this Court. But they could be compelled to testify at trial in the Northern District of California if, as appears to be the case, they remain within 100 miles of that district.[3] (*Id.*) In light of the foregoing, and the additional potential witnesses identified by Brocade and Broadcom in their motion, it is highly likely that at least some witnesses "will be severely inconvenienced if the case proceeds in the [current] forum district," and thus transfer is warranted. *KANL*, 2014 WL 1745443, at *3 (citation omitted).

For the same reasons, the interests of justice and efficiency of trying the case favor a transfer. Not only are the relevant witnesses (and any documents or other evidence they may

---

[3] Federal Rule of Civil Procedure 45(c)(1) "does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." *Corden v. Lloyd, Gerstner & Partners, LLC*, No. 3:14-CV-103, 2015 WL 13264202, at *3 (E.D. Tenn. May 5, 2015) (court's subpoena power did not extend to the non-party witnesses based in New Jersey).

possess) located in California, but all of the Defendants are as well. Staying in this forum would force all three Defendants (to the extent the claims are not dismissed) to appear in a litigation taking place approximately 2,000 miles away. *See Corden*, 2015 WL 13264202, at *3 (finding the interests of justice favored transfer to the District of New Jersey to reduce the expenses incurred by the New Jersey-based defendants and non-party witnesses, despite the fact that plaintiff was located within this District). The only countervailing consideration is that Plaintiffs prefer this venue because they are located here, but the fact that the conduct pertinent to the claims occurred in California, not this District, militates against the weight that otherwise would be accorded to that choice of forum. *See Maberry v. Nuclear Fuel Servs., Inc.*, No. 3:13-CV-499, 2013 WL 5560318, at *2 (E.D. Tenn. Oct. 7, 2013) (ascribing minimal value to plaintiff's choice of forum where the conduct complained of took place elsewhere). Certainly there is little, if any, material prejudice to Plaintiffs in litigating in the proposed transferee forum given that they retained outside counsel located in California for purposes of this litigation—an acknowledgment of the propriety of that forum.[4]

---

[4] Four of the attorneys that have appeared on the docket on behalf of Plaintiffs practice out of the Los Angeles and Newport Beach offices of Irell & Manella LLP.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety pursuant to Rule 12(b)(3) due to improper venue, and the copyright infringement claims should be dismissed for the additional reason that Plaintiffs fail to state a claim pursuant to Rule 12(b)(6).  In the alternative, any surviving claims should be transferred to the Northern District of California.


DATED:     Palo Alto, California
           December 22, 2020

                                        Respectfully Submitted,

                                        **SKADDEN, ARPS, SLATE,**
                                        **  MEAGHER & FLOM LLP**

                                        By:  ___/s John M. Neukom___
                                        John M. Neukom (*admitted pro hac vice*)
                                        515 University Avenue, Suite 1400
                                        Palo Alto, California 94301
                                        (650) 470-4500

                                        Jordan A. Feirman (*admitted pro hac vice*)
                                        One Manhattan West
                                        New York, New York 10001
                                        (212) 735-3000

                                        *Attorneys for Extreme Networks, Inc.*