UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT GREENVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## DECLARATION OF MARK BRAZEAL

I, MARK BRAZEAL, declare as follows:

1. I am the Chief Legal Officer at Broadcom Inc. ("Broadcom"). I make this declaration in support of Broadcom's and Brocade Communication Systems LLC's Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue. I make this declaration based on personal knowledge of the facts stated herein, as well as a review of Broadcom's business records. If called as a witness in this action, I would testify to the following facts.

2. Broadcom is incorporated in Delaware and has its principal place of business in San Jose, California.

3. Broadcom does not have an office in Tennessee and does not consider itself "at home" in Tennessee.

4. Brocade Communications Systems LLC ("Brocade") is an indirect subsidiary of Broadcom and there are several layers between them. Moreover, Broadcom did not complete its acquisition of Brocade until November 2017, after Brocade had already divested its data center

networking business to Extreme Networks, Inc.

5. Broadcom, being the parent holding company and not a sales operating entity, does not sell or engage in any product development containing the software at issue in this case anywhere in the United States. Thus, Broadcom does not deal in any products related to this litigation in Tennessee.

6. Although Plaintiffs reference an agreement between Broadcom Inc. and SNMP Research International in paragraph 26 of their complaint, they do not provide the date of the agreement, the name of the agreement, or describe its subject matter. Plaintiffs do not allege that their claims against Broadcom relate to or arise out of the agreement referenced in paragraph 26. Broadcom is not aware of any agreement between Broadcom and Plaintiffs that concerns the allegations in the complaint or from which the allegations in the complaint arise.

7. Attached as **Exhibit A** hereto is a true and correct copy of the only agreement between Broadcom Inc. and SNMP Research International of which Broadcom is aware. It is not the basis of this lawsuit. ███████████████████████████

███████████████████████████████████████

███████████████████████████

███████████████████

8. In paragraph 26 of their complaint, Plaintiffs also refer to "extensive negotiations" between Broadcom and Plaintiffs in which Plaintiffs contend "Broadcom representatives spoke on behalf of Brocade and represented the ability to obtain a license agreement on behalf of Brocade." Plaintiffs do not identify the date of these negotiations, who participated in them, where they took place, or the subject matter of the negotiations. Plaintiffs also do not allege that the claims asserted in the complaint arise from such negotiations. If Plaintiffs are referring to

efforts made to resolve the current dispute before Plaintiffs unexpectedly filed this lawsuit, Broadcom does not know which Broadcom Inc. employees Plaintiffs are referring to and is not aware of any such discussions taking place in Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of December, 2020, at San Jose, California.

*Mark Brazeal*
Mark Brazeal