# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT GREENVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## SPECIALLY APPEARING BROCADE COMMUNICATIONS SYSTEMS LLC'S AND BROADCOM INC.'S JOINT MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to E.D. Tenn. Local Rule 26.2 and this Court's Order Regarding Sealing Confidential Information, Specially Appearing Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") respectfully move the Court for permission to seal (1) a portion of their memorandum brief in support of their motion to dismiss or, alternatively, to transfer ("Brief"); (2) Exhibit A to the Declaration of Mark Brazeal; and (3) the portion of the Declaration of Mark Brazeal discussing Exhibit A to that declaration.

In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983).

This motion concerns three documents. First, Brocade moves to redact four lines from

the Brief, which quotes from the license agreement between Brocade and SNMP Research International ("License Agreement"). More specifically, the Brief quotes two sentences from Amendment 5, paragraph 9 to the License Agreement, which concerns the payment terms and price of the license. Plaintiffs have tentatively filed the License Agreement under seal as Exhibit A to the Complaint (Dkt. 1-1) and moved to seal that document (Dkt. 2). The License Agreement contains a confidentiality provision prohibiting the parties from disclosing the terms of the agreement. *See* Compl. Ex. A at 8, § 13. Second, Broadcom moves to file under seal Exhibit A to the Declaration of Mark Brazeal, which is an amendment executed by Broadcom and SNMP Research International to another agreement. The underlying agreement similarly contains a confidentiality provision. For both agreements, disclosing the agreement's terms would violate the parties' privacy interests. *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"). Third, Broadcom moves to redact the last sentence from paragraph 7 of the Declaration of Mark Brazeal, which discusses the contents of Exhibit A to that declaration.

Confidentiality is especially important where, as with the License Agreement, the information to be sealed contains commercially sensitive pricing information. *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 4901610, at *6 (N.D. Cal. Aug. 20, 2020) (sealing portion of reply brief containing "royalty rates and pricing terms"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012), rev'd on other grounds, 727 F.3d 1214 (Fed. Cir. 2013) (granting application "to seal payment and royalty information for specific licensing agreements as well as pricing terms related to particular components in

Apple products"). If competitors or other debtors had access to this information, they could use it for improper purposes to gain leverage over the parties. This would severely prejudice and irreparably harm the parties. *See Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits."); *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (sealing portions of exhibits discussing the plaintiff's technology infrastructure because "[a]lthough Plaintiff's technology systems and internet communications infrastructure is relevant to this case, the contours of these networks [is] not at issue").

Exhibit A to the Declaration of Mark Brazeal is irrelevant to this case. Broadcom believes this is the agreement Plaintiffs reference in paragraph 26 of their complaint as a basis for this Court to assert personal jurisdiction over Broadcom. But this agreement has nothing to do with the subject matter or claims in this case. Broadcom only submits it to the Court to show it is not the basis of Plaintiffs' claims and cannot support a finding of personal jurisdiction. *See Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *3 (W.D. Ky. Sept. 17, 2019) (granting motion to seal business agreements because "the public interest in these documents is low. The underlying motion is a motion for summary judgment addressing whether Marathon Corp. has a legally sufficient business contacts in Kentucky such that it is subject to the

- 3 -

Case 3:20-cv-00451-CEA-DCP   Document 41   Filed 12/22/20   Page 3 of 5   PageID #: 236
5869529

jurisdiction of this Court. The portions of the motion for summary judgment, opposition, reply and the specific exhibits at issue are not being offered as evidence on the merits of the case.")

Courts in this circuit, including this Court, have regularly sealed documents containing confidential commercial information. *See J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, 2014 WL 12780317, at *7 (E.D. Tenn. May 30, 2014) (Greer, J.) (permitting party to redact pleading "because of confidential business information found in the licensing agreement"); *Moore v. Westgate Resorts, Ltd.*, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seals agreements that contained "highly confidential terms and provisions, including specific fee distributions, payment terms and allocation of income, and losses"); *Liberty Mut. Ins. Co. v. A Staffing Kompany, Inc.*, 2005 WL 8162493, at *2 (E.D. Tenn. Dec. 22, 2005) (finding "good cause to allow the AON Contract to be filed under seal because it contains commercially sensitive information").

Finally, it is important that Brocade and Broadcom be able to file these two documents under seal so as not to expose themselves to further liability. Plaintiffs have already brought a claim alleging breach of contract. To properly defend themselves against Plaintiffs' claims, Brocade and Broadcom must submit these documents to the Court. But forcing Brocade and Broadcom to file these documents publicly could result in other claims being brought against them for revealing the terms of confidential agreements on the record. *See Asetek Holdings*, 2014 WL 12644231, at *2 (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because the plaintiff's "failure to maintain the confidentiality of the agreements that are the subject of the motion to seal will result in Asetek's breach of those agreements").

A proposed redacted version of the Brief and the Declaration of Mark Brazeal are

appended hereto as Exhibits 1 and 2, respectively.

For these reasons, the Court should grant this motion to seal (1) two sentences from the Brief quoting from the License Agreement; (2) the last sentence of paragraph 7 of the Declaration of Mark Brazeal; and (3) Exhibit A to the Declaration of Mark Brazeal.

Dated:  December 22, 2020　　　　　　　　HUESTON HENNIGAN LLP

By:  */s/ Alison Plessman*
　　　Alison Plessman
　　　Attorneys for Defendants
　　　Broadcom Corporation
　　　Brocade Communications Systems LLC