UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>    Plaintiffs, <br>v. <br><br>BROADCOM INC. <br>BROCADE COMMUNICATIONS SYSTEMS LLC <br>EXTREME NETWORKS, INC., <br><br>    Defendants. | Case No. 3:20-cv-00451 |

## REPORT OF THE PARTIES' PLANNING MEETING

The parties to this action, by and through counsel, submit the following report to the Court pursuant to Fed. R. Civ. P. 26(f).[1]

1. The following individuals participated in a conference by telephone on December 23, 2020, in accordance with Rule 26(f):

| | |
|---|---|
| **For Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc.:** | John L. Wood and Cheryl G. Rice of Egerton, McAfee, Armistead & Davis, P.C., Knoxville, Tennessee; Matt Ashley, Tom Werner, and Olivia Weber of Irell & Manella LLP, Los Angeles, California |
| **For Defendants Broadcom Inc. and Brocade Communications Systems LLC:** | Alison Plessman and Salvatore Bonaccorso of Hueston Hennigan LLP, Los Angeles, California |
| **For Defendant Extreme Networks, Inc.:** | John Neukom and Jordan Feirman of Skadden, Arps, Slate, Meagher & Flom LLP, Palo Alto, California, and New York, New York |

---

[1] Defendants have filed motions to dismiss and/or transfer for improper venue and for lack of personal jurisdiction over Broadcom Inc., among other grounds. Before agreeing to submit this joint report, to serve initial disclosures, or to respond to discovery that Plaintiffs have propounded, Defendants asked Plaintiffs to agree that Plaintiffs will not argue that Defendants have waived any jurisdictional or venue based defenses by submitting this joint report, serving initial disclosures, or responding to discovery that Plaintiffs have propounded. Plaintiffs have agreed not to argue for such a waiver. Defendants further reserve any right they might have to seek a stay of discovery and/or a protective order pending resolution of their motions.

1

1. <u>Nature and Basis of the Claims and Defenses</u>.  Plaintiff SNMP Research International ("SNMP International") has asserted a claim for breach of contract against Brocade Communications Systems LLC ("Brocade").  That contract, a license agreement governing among other things the use and disclosure of software owned and developed by Plaintiffs, was filed under seal as Exhibit A to the Complaint.  Plaintiffs have also brought copyright infringement claims against all Defendants.  Defendants deny Plaintiffs' characterization of the facts and law, and deny that they are liable to Plaintiffs in any respect.  Defendants Broadcom Inc. and Brocade have filed motions to dismiss for improper venue, lack of personal jurisdiction over Broadcom Inc., and for failure to state a claim based on Plaintiffs' invalid copyright registrations and on the ground that the breach of contract claim against Brocade is preempted by the Copyright Act.  Alternatively, Defendants Broadcom Inc. and Brocade have requested that this case be transferred to the Northern District of California where all Defendants reside.  Defendant Extreme Networks, Inc. ("Extreme") joined in the motions to dismiss and/or transfer filed by Defendants Broadcom Inc. and Brocade and filed a motion to transfer pursuant to 28 U.S.C. § 1404, in which Defendants Broadcom Inc. and Brocade joined.  Defendants have not yet filed answers in this litigation and are continuing to investigate additional potential defenses and counterclaims, including but not limited to non-infringement, estoppel, consent, unclean hands, bad faith, and lack of harm suffered by Plaintiffs.

2. <u>The Possibility of Prompt Settlement</u>.  The parties have discussed settlement but at this time, the parties have not reached a resolution.

3. <u>Initial Disclosures.</u>  The parties will complete the initial disclosures required by Rule 26(a)(1) on or before January 6, 2021.

4. <u>Scope of Discovery/Discovery Planning.</u>

a) <u>Topics of Discovery</u>.  Plaintiffs contend that discovery will be needed on the subjects of Plaintiffs' claims and Plaintiffs' damages (including Defendants' revenues and costs) and Defendants' defenses to those claims.  Because one Defendant (Broadcom Inc.) has filed a motion contesting personal jurisdiction, Plaintiffs will also pursue jurisdictional discovery.  Plaintiffs believe that phasing is unnecessary.  Defendants contend that Plaintiffs' claims should be dismissed and reserve their rights to move to stay discovery and/or for a protective order pending resolution of their motions to dismiss.  Defendants do not agree that jurisdictional discovery is necessary or proper in this case.

b) <u>Discovery</u>.  The parties are not currently aware of any need to conduct discovery in phases.  Defendants maintain, however, that their motions to dismiss should be granted and therefore no discovery is warranted.  Plaintiffs propose, given the complex issues involved in this case, that Plaintiffs should collectively have 75 interrogatories per Defendant, and each Defendant should have a total of 75 interrogatories for both Plaintiffs, to be allocated among Plaintiffs however each Defendant chooses.  Defendants do not believe it is necessary to deviate from the Federal Rules of Civil Procedure with respect to the number of allowable interrogatories at this stage of the litigation.  Either side can seek leave to serve additional interrogatories for good cause as discovery progresses should that become necessary.  The parties agree that no modifications to the limitations on discovery as imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court, beyond those set forth above, are needed at this time, but will promptly raise any additional proposed modifications if the need arises.

c) <u>Electronic Discovery</u>.  The parties have considered the electronic discovery needs of this case and have concluded as follows:

3

> i. The parties are finalizing a stipulated form of electronic production that they will file with the Court.
>
> ii. Reasonable measures have been taken by the parties to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.
>
> iii. Discovery requests and responses to discovery shall be made via email through counsel for the respective party.

5. <u>Amendment of Pleadings</u>. The parties agree that if either side desires to amend their pleadings or join parties, they will do so no later than May 6, 2021, subject to further extension for good cause.

6. <u>Fact Discovery – Readiness for Trial</u>. Because of the claims and defenses raised by the parties in this case, discovery could require review of material, including electronically stored information and material, created a number of years ago including but not limited to the potential need for expert witnesses to engage in the time consuming and tedious task of evaluating thousands of lines of computer source code. The parties reasonably believe that a significant volume of material may need to be searched. As a result of the potential difficulties inherent in such a process, the parties have agreed that to afford adequate time to complete this process, the matter will take longer to be ready for trial than the standard 18 months from the filing of the Rule 26(f) report that this Court typically expects. The parties believe that a trial commencing 22 months from the filing of the Rule 26(f) report is appropriate. The parties offer the following proposed deadlines that account for the above considerations and, in particular, the source code review that will be required:

> i. Fact discovery cutoff shall be completed by January 18, 2022.

ii. Opening Expert Reports shall be filed by February 17, 2022.

iii. Expert Rebuttal Reports to contradict or rebut an issue raised in an Opening Expert Report shall be filed by March 31, 2022.

iv. Expert Reply Reports responsive to the contradictions or rebuttals raised in the Expert Rebuttal Reports shall be filed by April 21, 2022.

v. Expert discovery cutoff shall be completed by June 20, 2022.

vi. Dispositive and *Daubert* motions shall be filed by July 18, 2022.

vii. The pretrial conference shall occur on October 3, 2022.

viii. The parties estimate the trial of this case will take three (3) weeks and propose a trial date of November 1, 2022.

7. Claims of Privilege. The parties agree that a protective order is necessary for this case and are working together to present an agreed protective order to the Court for consideration.

8. The parties do not consent to the exercise of jurisdiction by a magistrate judge.

9. The parties have agreed to electronic service (including for pleadings, motions, and discovery) and that that electronic service will be deemed effective for date/deadline purposes as if it were personal service.

**Respectfully submitted this 6th day of January, 2021.**

/s/ John. L. Wood  
John L. Wood, Esq. (BPR #027642)  
Cheryl G. Rice, Esq. (BPR #021145)  
Rameen J. Nasrollahi, Esq. (BPR #033458)  
EGERTON, McAFEE, ARMISTEAD  
    & DAVIS, P.C.  
900 S. Gay Street, Suite 1400  
P.O. Box 2047  
Knoxville, TN 37902  
(865) 546-0500 (phone)  
(865) 525-5293 (facsimile)  
jwood@emlaw.com  
crice@emlaw.com  
rnasrollahi@emlaw.com  

Morgan Chu (CA Bar. No. 70446)  
David Nimmer (CA Bar. No. 97170)  
A. Matthew Ashley (CA Bar. No. 198235)  
Olivia L. Weber (CA Bar. No. 319918)  
IRELL & MANELLA LLP  
1800 Avenue of the Stars, Suite 900  
Los Angeles, California 90067-4276  
(310) 277-1010 (phone)  
(310) 203-7199 (facsimile)  
mchu@irell.com  
dnimmer@irell.com  
mashley@irell.com  
oweber@irell.com  

*Attorneys for Plaintiffs*  
*SNMP RESEARCH INTERNATIONAL, INC. and*  
*SNMP RESEARCH, INC.*

/s/ Alison Plessman  
Alison Plessman (CA Bar No.250631)  
HUESTON HENNIGAN LLP  

*Attorneys for Defendants*  
*Broadcom Corporation*  
*Brocade Communications Systems LLC*

/s/ John M. Neukom  
John M. Neukom (CA Bar No. 275887)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
515 University Avenue, Suite 1400  
Palo Alto, California 94301  
(650) 470-4500  
john.neukom@skadden.com  

Jordan A. Feirman (NY Bar No. 4554457)  
One Manhattan West  
New York, New York 10001  
(212) 735-3000  
jordan.feirman@skadden.com  

*Counsel for Defendant Extreme Networks, Inc.*