| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER**

On December 22, 2020, Defendants moved to dismiss Plaintiffs' complaint or, alternatively, to transfer the case to the Northern District of California. Defendants argued that the case must be dismissed or transferred for lack of personal jurisdiction as to Broadcom and for improper venue. The motions further argued that (1) Plaintiffs' claims for copyright infringement and contributory copyright infringement must be dismissed because Plaintiffs' copyright registrations are invalid; (2) Plaintiffs' breach of contract claim is preempted by the Copyright Act; and (3) even if the Eastern District of Tennessee were a proper venue (which it is not), transfer to the more convenient forum of the Northern District of California is warranted and appropriate.

On December 23, 2020, the parties conducted their Federal Rule of Civil Procedure 26(f) conference. *See* Declaration of Alison Plessman ("Plessman Decl.") ¶ 2. Defendants made clear

prior to and at the beginning of the conference that they would only agree to participate in the conference if Plaintiffs agreed Defendants were not waiving any defenses by doing so, including defenses based on lack of personal jurisdiction and improper venue. *Id*. ¶ 3. Plaintiffs agreed. *Id*. ¶ 4. Defendants also proposed that discovery be stayed pending resolution of their motions to dismiss because such motions could result in dismissal of the entire case or at least significantly narrow the claims and issues. *Id*. ¶ 5. Plaintiffs rejected this proposal. *Id*. ¶ 6. On December 26, 2020, Plaintiffs served on Broadcom 91 requests for production, 24 interrogatories, and 51 requests for admission and on Brocade, 86 requests for production, 23 interrogatories, and 68 requests for admission. *Id*. ¶¶ 7-13 & Exs. A-F. On the same day, Plaintiffs also served on Extreme, 67 requests for production, 16 interrogatories, and 45 requests for admission. *See* Declaration of Jordan Feirman ("Feirman Decl.") ¶¶ 3-5, Exs. A-C.[1] Responses to the discovery requests are currently due on January 25, 2021. Plessman Decl. ¶ 14.

Plaintiffs' propounded discovery is extremely overbroad and seeks sensitive and proprietary business information before the parties have even agreed to a protective order or electronic discovery protocol. The requests are also not tailored to the issues raised in the motions to dismiss and will all be moot if the Court grants Defendants' motions to dismiss. Indeed, all of the discovery sought from Extreme will be moot even if the Court only dismisses the copyright infringement claims due to the facial invalidity of Plaintiffs' copyright registrations, as Plaintiffs have not brought any other claims against Extreme.

Nevertheless, on January 5, 2021, to avoid burdening the Court and in the spirit of

---

[1] Consistent with Plaintiffs' apparent "scorched earth" approach, they already have informed the Court in the Rule 26(f) Report of their desire to serve *75 interrogatories per Defendant* (Report of Rule 26(f) Planning Meeting, Dkt. 46, at 3)—*triple* the default number allotted by the Federal Rules. *See* Fed. R. Civ. P. 33(a)(1).

5857416

cooperation, Defendants offered a very reasonable compromise: Defendants agreed not to seek a

stay of discovery or a protective order based on the pending (and likely dispositive) motions to

dismiss so long as Plaintiffs agreed that they would not argue Defendants were submitting

themselves to this Court's jurisdiction or waiving any defense concerning personal jurisdiction

and improper venue by virtue of their participating in the discovery process. Plessman Decl.

¶¶ 15-16 & Ex. G. Defendants also requested a modest 30-day extension to respond to the

discovery Plaintiffs had served over the holidays. *Id*. Much to Defendants' surprise, Plaintiffs

rejected Defendants' reasonable proposal. *Id*. ¶¶ 17, 20 & Ex. H. Plaintiffs asserted that they

would not argue Defendants' responses to Plaintiffs' discovery requests constituted waiver, but

they would not agree to abstain from arguing that Defendants' service of their own discovery

requests constituted a waiver of Defendants' personal jurisdiction and venue defenses.[2] *Id*. In

other words, Plaintiffs would, as a practical matter, put Defendants in a highly prejudicial

position whereby only *Plaintiffs* would be able to conduct discovery in this case while the

motions to dismiss are pending. Plaintiffs also indicated they would only agree to extend the

response date by 30 days if Defendants agreed to provide "substantive responses and documents

(not just objections) on February 24, 2021." *Id*. at ¶¶ 18, 20 & Ex. H.

At a further meet and confer on January 6, 2021, Plaintiffs reiterated their position that

discovery should be allowed to proceed just for them. *Id*. ¶¶ 21-22 & Ex. I. Defendants

continued to meet and confer regarding the possibility of an extension to respond to the

voluminous discovery propounded by Plaintiffs while this motion is pending (or at least a 30-day

---

[2] Plaintiffs also agreed that they would not argue waiver of Defendants' defenses, including for
lack of personal jurisdiction and improper venue, by virtue of Defendants' submission of a Rule
26(f) joint report or serving of initial disclosures under Federal Rule of Civil Procedure 26(a).
Plessman Decl. ¶¶ 19-20 & Ex. H.

extension), but, on January 13, 2021, Plaintiffs not only confirmed that they would not agree to

such an extension, but further threatened sanctions if Defendants failed to provide substantive

responses by January 25, 2021. *Id.* ¶¶ 24-25 & Ex. J.

Defendants should not be forced to participate in expansive one-sided discovery that will

be mooted by their motions to dismiss and before a protective order or electronic discovery

protocol has even been entered. Nor is there any compelling basis to require such one-sided and

prejudicial discovery at this time when the parties do not contemplate a trial until November

2022 (and a cutoff for fact discovery in January 2022). *See* Report of Rule 26(f) Planning

Meeting, Dkt. 46 at 4-5. Defendants tried to avoid motion practice by proposing a very

reasonable compromise, but Plaintiffs refused to agree. Defendants now seek a discovery stay

pending resolution of the motions to dismiss and for a protective order from Plaintiffs'

propounded interrogatories, requests for production, and requests for admission.

## **ARGUMENT**

"A district court 'has broad discretion to stay proceedings as an incident to its power to

control its own docket.'" *Doe v. Matthew 25, Inc.*, 322 F. Supp. 3d 843, 849 (M.D. Tenn. 2018)

(quoting *Clinton v. Jones*, 20 U.S. 681, 706-07 (1997)). "The power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes in its

docket with economy of time and effort for itself, for counsel and for litigants, and the entry of

such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A.*

*Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (internal quotation marks omitted).

Moreover, Federal Rule of Civil Procedure 26(c)(1) authorizes a court "for good cause" to "issue

an order to protect a party or person from . . . undue burden or expense . . . ." Fed. R. Civ. P.

26(c)(1).

Case 3:20-cv-00451-CEA-DCP   Document 47-1   Filed 01/16/21   Page 4 of 16   PageID #: 317
5857416

The Court should grant Defendants' motion to stay discovery and for a protective order from Plaintiffs' propounded interrogatories, requests for production, and requests for admission for many reasons. First, discovery should be stayed because Defendants' motions to dismiss raise dispositive issues as to all of Plaintiffs' claims. If granted, Plaintiffs' discovery requests will be rendered moot, sparing the parties the significant burden and expense that comes with fact and expert discovery in a software-related dispute that concerns highly confidential and sensitive information, including source code. Second, Plaintiffs will be not prejudiced by a stay because (1) all facts necessary to resolve the dispositive arguments raised in the motions to dismiss are apparent on the face of the complaint; and (2) the parties agreed in the Joint 26(f) report that any potential trial should not proceed until November 2022, giving Plaintiffs ample time to conduct the discovery they need if the motions to dismiss are denied. Third, Defendants will be prejudiced if discovery proceeds because they will have incurred substantial burden and expense that may prove unnecessary, and because Plaintiffs have made clear that they will argue Defendants' service of their own discovery while the motions to dismiss are pending constitutes a waiver of Defendants' personal jurisdiction and improper venue defenses. Finally, a protective order should be entered because Plaintiffs' expansive discovery requests will be moot if the Court grants Defendants' motions to dismiss, are not tailored to information needed to respond to Defendants' motions to dismiss (because no such information is needed), and are premature, overbroad, irrelevant, and unduly burdensome, particularly at this stage of the litigation.

I.      **A Discovery Stay and Protective Order Are Warranted Pending Resolution of Defendants' Dispositive Motions to Dismiss.**

It is well established that a district court may stay discovery pending resolution of a dispositive motion, such as a motion to dismiss. *See Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until

- 7 -

preliminary questions which may dispose of the case are answered."); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Karafiat v. O'Mally*, 54 F. App'x 192, 195 (6th Cir. 2002) (rejecting the plaintiffs' argument that the court improperly dismissed the complaint prior to discovery "[b]ecause the plaintiffs have not stated a cognizable claim, [therefore] discovery was unnecessary and would have been inefficient"); *Frank v. Dana Corp.*, 2007 WL 1748887, at *2 (N.D. Ohio June 18, 2007) ("As a general rule, discovery is not allowed during the pendency of a motion to dismiss because the purpose of such motion is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.") (internal quotation marks omitted); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' "); *Anderson v. U.S. Attorneys Office*, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

As the Sixth Circuit recognized in *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003), "there is no general right to discovery upon filing of the complaint. The very purpose of Fed.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id*. at 566 (internal quotation marks omitted).

Here, Defendants have raised dispositive arguments in their motions to dismiss as to all of Plaintiffs' claims. More specifically, Defendants argue that the breach of contract claim against Brocade is preempted by the Copyright Act. *See* Memorandum of Facts and Law in

- 8 -

Support of Defendants' Motion to Dismiss and/or to Transfer Venue (Dkt. 40-1) at 22-25. As to

Plaintiffs' copyright infringement and contributory copyright infringement claims, Defendants

argue that those claims must be dismissed because Plaintiffs lack a valid copyright registration.

*Id*. at 15-22. Because these arguments may dispose of the case entirely—and with respect to the

lack of a valid copyright registration, dispose of the only claim asserted against Extreme—

proceeding with expansive discovery at this point is unnecessary and inefficient. This is

particularly important in copyright cases, where fact and expert discovery are notoriously costly.

*See Lexar Homes, LLC v. Port*, 2013 WL 4759068, at \*4 (E.D. Wash. Sept. 4, 2013) ("Copyright

infringement claims are costly[,] time consuming[,] . . . cumbersome and expensive. These cases

often demand substantial work to develop the facts needed to prove the claim.") (internal citation

and quotation marks omitted).

Accordingly, a stay would promote judicial economy and avoid unnecessary expense,

and thus should be granted. *See Lani v. Schiller Kessler & Gomez, PLLC*, 2017 WL 3092098, at

\*2 (W.D. Ky. Apr. 4, 2017) ("If Defendants' motion to dismiss is granted in full, it would

dispose of the entire case, making discovery futile. . . . The Court, therefore, finds a stay of

discovery furthers the ends of economy and efficiency and is appropriate until the district judge

resolves Defendants' motion to dismiss."); *Sims v. First Horizon Nat. Corp.*, 2009 WL 1789090,

at \*6 (W.D. Tenn. June 23, 2009) ("[I]n recognition of the potential time and expense involved

in conducting such discovery . . . the Court will grant in part Defendants' Motion to Stay. To

avoid needless discovery as to issues which may not survive Defendants' Motion to Dismiss, the

Court will grant a stay of discovery only until the Court rules on the Motion to Dismiss.");

*Melton v. Blankenship*, 2007 WL 9718925, at \*2 (W.D. Tenn. Dec. 14, 2007) ("Here, the court

finds good cause to stay all discovery. The motions to dismiss, if granted, may potentially

- 9 -

dispose of the entire case."); *Nichols v. Baptist Mem'l Hosp., Inc.*, 2004 WL 2905406, at *3 (W.D. Tenn. Apr. 2, 2004) (explaining that the motion to dismiss, "if granted, would dispose of the entire case before the federal court. . . . [¶] Accordingly, in the interest of judicial economy, the defendants' request for a protective order is granted in that all discovery in this action is stayed until resolution of the joint motion to dismiss . . . . The stay will be lifted only upon a showing to the court that particular discovery would be needed to further respond to the motion to dismiss or upon the court's ruling on the motion to dismiss."). Likewise, under Federal Rule of Civil Procedure Rule 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Defendants' motion to stay and for a protective order is particularly warranted here because Defendants also move to dismiss for improper venue and for lack of personal jurisdiction over Broadcom. *See Lani*, 2017 WL 3092098, at *2 (granting a discovery stay because a motion to dismiss argued that the court lacked personal jurisdiction over the defendants: "Here, Defendants' motion to dismiss is not merely a 'garden-variety Rule 12(b)(6) motion' because Defendants also argue for dismissal of all claims based on lack of personal jurisdiction under Rule 12(b)(2)."); *Nissan N. Am., Inc. v. DeltaWing Project 56, LLC*, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015) ("[T]he Court finds that there is good cause to stay discovery pending resolution of the Defendants' Motions to Dismiss for lack of personal jurisdiction. Should the Court find it has no jurisdiction and dismiss the action against these Defendants, they would have no need for the burden or expense of participating in the litigation."); *Hoops Enter., LLC v. Software & Info. Indus. Ass'n*, 2012 WL 12884468, at *3 (E.D. Tenn. Sept. 27, 2012) (staying discovery pending resolution of anticipated motion to dismiss for lack of personal jurisdiction).

- 10 -

Even though the Court's ruling on Defendants' motions to dismiss could dispose of all claims against all or some Defendants, Plaintiffs have already served on Broadcom 91 requests for production, 24 interrogatories, and 51 requests for admission. Plessman Decl. ¶¶ 7-10 & Exs. A-C. If this Court dismisses the claims against Broadcom on the merits or for lack of personal jurisdiction, these discovery requests will all be moot. *Id*. Similarly, if the Court dismisses the case against all Defendants on the merits or for improper venue, the nearly 500 discovery requests directed to all Defendants at this early stage of the litigation will all be moot or, if the claims are transferred, subject to the jurisdiction of another court. Given the significant issues raised in the motions to dismiss that could dispose of the claims entirely, narrow them significantly, and/or change the parties in this case or the court overseeing it, staying discovery until these preliminary questions are answered is the most efficient and non-prejudicial way to proceed.

## II.    Plaintiffs Will Not Be Prejudiced by a Discovery Stay or Protective Order.

Plaintiffs will not be prejudiced by a discovery stay or a protective order because discovery is not needed to decide the dispositive legal issues raised in the motions to dismiss and the parties have proposed a trial date of November 2022.

In the Sixth Circuit, a discovery stay is particularly appropriate where discovery would have no impact on the dispositive issues raised in the motion to dismiss and thus would not prejudice the plaintiffs. *See Malone v. Cavalry Portfolio Servs., LLC*, 2015 WL 13548455, at *2 (W.D. Ky. May 7, 2015) ("Under Sixth Circuit authority, limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' "); *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (affirming discovery stay where certain claims could be

- 11 -

dismissed without discovery); *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir.), on reh'g in part, 413 F.3d 578 (6th Cir. 2005) (affirming discovery stay where "[t]he facts relevant to the analysis of the[] issues were never in dispute"); *Bangas*, 145 F. App'x at 142-43 ("Because any information developed in Wessolek's deposition would have no bearing on the allegations of Bangas's complaint, we affirm the district court's ruling on [the motion to stay].").

All facts necessary for the dispositive legal arguments raised in the motion to dismiss are apparent on the face of the complaint. Regarding preemption, Plaintiffs' complaint expressly alleges the contract rights Plaintiffs seek to vindicate through their breach of contract claim. *See* Compl. ¶¶ 14, 43, 46, 55, 71, 77. These alleged rights, as well as the fact that Brocade had fully paid for its license, are further established by the terms of the license agreement attached to the complaint. *See id*. Ex. A. As to whether Plaintiffs' copyrights are invalid, this argument is premised on the undisputed (and indisputable) (1) fact that Plaintiffs' software products were registered as unpublished works with the United States Copyright Office (*id*. ¶ 33); (2) dates of Plaintiffs' copyright registrations—January 25, 2011; July 20, 2011; and February 3, 2011 (*id*.); and (3) date on which Plaintiffs licensed their software to Brocade (March 10, 2001) (*id*. ¶ 34 & Ex. A). No information or documents in Defendants' knowledge, control, or possession will affect the Court's legal determinations as to these arguments. As such, no discovery is necessary for the Court to rule on these issues and Plaintiffs will not be prejudiced by a stay. *See Allenberg Cotton Co. v. Staple Cotton Coop. Ass'n*, 2006 WL 8443227, at *1 (W.D. Tenn. Dec. 22, 2006) ("[T]he court finds, in its discretion, sufficient justification to stay discovery. No discovery is needed on the pending motion to dismiss, and granting the motion would dispose of the entire case.").

Should the Court deny Defendants' motions to dismiss on all or some grounds, Plaintiffs

will have nearly two years to complete discovery under the schedule proposed by the parties in their Joint 26(f) report.  Simply put, there is no great urgency here that should force the parties into expensive and time-consuming discovery that may prove unnecessary.

### III.    Defendants Will Be Prejudiced if a Discovery Stay or Protective Order Is Not Issued.

In contrast, Defendants *will* be prejudiced if discovery proceeds.  Not only would Defendants be forced to respond to hundreds of overly broad, expensive, and sensitive discovery requests that may all be moot if the Court grants Defendants' motions to dismiss, but Plaintiffs have also refused to agree that Defendants may participate equally in discovery without risking waiver of their defenses.

### A.    Defendants Will Be Forced to Respond to Extensive Discovery That May Be Mooted by the Motions to Dismiss.

On December 26, 2020, Plaintiffs served expansive discovery on all Defendants covering every aspect of this case.  Plessman Decl. ¶¶ 7-13, Exs. A-F; Feirman Decl. ¶¶ 3-5 Exs. A-C. The discovery served over the holidays is in no way tailored or limited to the issues raised in Defendants' motions to dismiss and it would be extremely costly, time consuming, and wasteful for Defendants to respond meaningfully.  Plaintiffs have refused to grant even a 30-day extension to respond absent imposing unrealistic and similarly prejudicial conditions.  Plessman Decl. ¶¶ 24-25 & Ex. J.

As an initial matter, the discovery propounded on each Defendant is directed not only to the Defendant itself, but to "its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  Plessman Decl., Exs. A-F ¶ 3; Feirman Decl.,

- 13 -

Exs. A-C ¶ 3.  For Broadcom, Inc. alone—a parent holding company—Plaintiffs' requests as currently framed thus seek expansive and sensitive discovery from dozens of companies that are not parties to this litigation.

Moreover, the overbroad discovery requests consistently seek "All Documents relating to" and "all Communications concerning" numerous topics of dubious or no relevance that will be moot if the Court grants Defendants' motions to dismiss, and/or that call for Defendants' privileged, private, confidential, sensitive, and/or proprietary business information.[3]  *See* Plessman Decl., Exs. A-F; Feirman Decl., Exs. A-C.  For example, the requests for production seek "All Source Code" and "All financial Documents" relating to a number of topics and the interrogatories seek detailed proprietary information regarding Defendants' products, technology, sales, and finances.  *See, e.g.*, Plessman Decl., Ex. A Request Nos. 28, 31, 35, 45, 73; *id*. Ex. B Request Nos. 1, 2, 7, 9; *id*. Ex. D Request Nos. 26, 29, 33; *id*. Ex. E Request Nos. 1, 2, 9; Feirman Decl., Ex. A Request Nos. 17-21, 29-30, 36, 38-40, 45; *id*. Ex. B Request Nos. 1, 2, 6, 9.  The requests for admissions are similarly premature and overbroad.  For instance, they request that Defendants admit that their products—which under Plaintiffs' definition includes products sold by any of the dozens of Broadcom, Inc. subsidiaries—contain various versions of Plaintiffs' software even though Defendants have had no opportunity to inspect *any* version of Plaintiffs' software, let alone the specific versions that were submitted to the United States Copyright Office forming the basis of their claims.  *See, e.g.*, Plessman Decl., Ex. C Request Nos. 6, 8, 10, 12-20; *id*. Ex. F Request Nos. 6, 8, 10, 12-20; Feirman Decl., Ex. C Request Nos.

---

[3] This motion does not purport to contain an exhaustive list of the deficiencies in Plaintiffs' discovery requests or all objections applicable to each request.  Indeed, it is evident from the face of the requests that many are clear "fishing expeditions" seeking information extending well beyond the subject matter of the allegations in the Complaint.  Defendants expressly reserve all objections.

6, 8, 10, 12.

No stipulated protective order has been agreed to by the parties or entered by this Court. Plessman Decl. ¶ 23. Nor have the parties agreed to an electronic discovery protocol, search terms, or custodians. *Id.* To the extent that expert involvement will be necessary to provide substantive responses, including to the extent that an expert will need to inspect and review Plaintiffs' software and source code identified in the Complaint, that creates additional burdens and costs that would not need to be incurred if Defendants' dispositive motions are successful in whole or in part. And the scope of Defendants' expert analysis and corresponding production, if any, will necessarily depend on the Court's resolution of Defendants' motions to dismiss.

Thus, even a cursory review of the several hundred requests that Plaintiffs have already served on Defendants demonstrates that responding to them in any meaningful, substantive way will be an extremely arduous and costly process and one that will require the production of sensitive and proprietary information. In a complex case like this, the Court will likely be called upon to decide numerous discovery disputes. All the effort required to respond to these requests and the judicial resources that will likely be expended to hear discovery disputes will prove unnecessary should the Court conclude that Plaintiffs have failed to state a cognizable claim or that the case should be dismissed or transferred for lack of personal jurisdiction and improper venue.

## B. Plaintiffs Insist on One-Sided Discovery.

To make matters worse, Plaintiffs have asserted that if Defendants propound their own discovery—rather than solely respond to the hundreds of discovery requests already served by Plaintiffs—Plaintiffs reserve the right to argue that Defendants' discovery requests constitute a waiver of Defendants' personal jurisdiction and improper venue defenses. Plessman Decl. ¶¶ 17,

- 15 -

20-22 & Exs. H-I.

While Defendants have adequately preserved their personal jurisdiction and improper venue defenses, including by filing their motions to dismiss, they sought assurance from Plaintiffs that Defendants' good faith cooperation going forward would not be used against them. *See Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) ("[A] defendant waives its personal jurisdiction defense if submissions, appearances and filings . . . give '[the p]laintiff a reasonable expectation that [the defendant] will defend the suit on the merits[.]'"). Mindful of caselaw in the Sixth Circuit holding that participating in discovery may under some circumstances constitute a waiver of certain defenses (*see e.g.*, *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012) (finding waiver in the context of insufficient service defense); *Lucas v. DeSilva Auto. Servs.*, 2018 WL 1558866, at *11 (S.D. Ohio Mar. 31, 2018) (applying same standard in assessing waiver of venue defenses)), Defendants, in an abundance of caution, submitted what they believed to be a very reasonable compromise to Plaintiffs: that Defendants would agree not to seek a stay of discovery pending resolution of the motions to dismiss (even though they felt strongly that such a stay was warranted) if Plaintiffs would agree to a modest 30-day extension and confirm their agreement that Defendants' participation in such discovery would not constitute a waiver of their personal jurisdiction and venue defenses. Plessman Decl. ¶¶ 15-16 & Ex. G. Defendants never imagined that Plaintiffs would refuse to agree to such a straightforward compromise, which frankly would greatly benefit Plaintiffs at the expense of Defendants. But they did refuse. *Id.* ¶¶ 17-18, 20-22 & Exs. H-I. Plaintiffs' unwillingness to agree to Defendants' good faith proposal forces Defendants to choose between participating in one-sided discovery benefiting only Plaintiffs or propounding discovery and having to defend against Plaintiffs' waiver arguments. Either option will prejudice Defendants.

- 16 -

Thus, at this juncture, Defendants are presented with a Hobson's choice: they will be unduly prejudiced if they participate in discovery and unduly prejudiced if they abstain from discovery. The Court should therefore stay discovery and enter a protective order pending resolution of Defendants' motions to dismiss.

## CONCLUSION

Plaintiffs' tactics are transparent. They elected to serve hundreds of discovery requests on Defendants over the holidays even though Defendants' dispositive motions to dismiss are pending and any potential trial is two years away. Plaintiffs' imposition of unreasonable conditions on Defendants' compromise proposal puts Defendants in the plainly prejudicial position of having to risk waiver or forego their own discovery. Ordinarily, the discovery process functions because both parties may participate. Parties grant extensions where necessary because they understand that they may require extensions themselves. This case demonstrates how quickly that system breaks down when only one party is able to freely serve discovery—the end result being that a routine initial extension for written discovery now requires motion practice before the Court. The Court should not permit Plaintiffs to abuse the discovery process in this manner.

To ensure that the parties are on equal footing, and because it creates no material prejudice to Plaintiffs, Defendants respectfully submit that the Court should stay discovery and enter a protective order from Plaintiffs' discovery requests pending resolution of Defendants' motions to dismiss.

- 17 -

5857416

Dated:  January 15, 2021

HUESTON HENNIGAN LLP

By:     /s/ Alison Plessman
        Alison Plessman
        Attorneys for Defendants
        Broadcom Corporation
        Brocade Communications Systems LLC

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

By:     /s/ Jordan Feirman
        Jordan Feirman
        Attorneys for Defendant
        Extreme Networks, Inc.

- 18 -