# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>      Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>      Defendants. | Case No.  3:20-cv-00451 |

## <u>DECLARATION OF ALISON PLESSMAN</u>

I, ALISON PLESSMAN, declare as follows:

1.     I am an attorney at law duly licensed to practice before this Court.  I am a partner at the law firm of Hueston Hennigan LLP, counsel of record for Defendant Broadcom Corporation in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.     On December 23, 2020, the parties conducted their Federal Rule of Civil Procedure 26(f) conference.

3.     Defendants made clear prior to and at the beginning of the conference that they would only agree to participate in the conference if Plaintiffs agreed Defendants were not waiving any defenses by doing so, including defenses based on lack of personal jurisdiction and improper venue.

4.     Plaintiffs agreed that Defendants were not waiving any defenses by participating in the Rule 26(f) conference.

5883134

5. Defendants proposed discovery be stayed pending resolution of their motions to dismiss because such motions could result in dismissal of the entire case or at least significantly narrow the claims and issues.

6. Plaintiffs rejected Defendants' proposed discovery stay.

7. December 26, 2020, Plaintiffs served on Broadcom 91 requests for production, 24 interrogatories, and 51 requests for admission and on Brocade 86 requests for production, 23 interrogatories, and 68 requests for admission.

8. Attached hereto as Exhibit A is a true and correct copy of the Requests for Production served on Broadcom by Plaintiffs.

9. Attached hereto as Exhibit B is a true and correct copy of the Interrogatories served on Broadcom by Plaintiffs.

10. Attached hereto as Exhibit C is a true and correct copy of the Requests for Admission served on Broadcom by Plaintiffs.

11. Attached hereto as Exhibit D is a true and correct copy of the Requests for Production served on Brocade by Plaintiffs.

12. Attached hereto as Exhibit E is a true and correct copy of the Interrogatories served on Brocade by Plaintiffs.

13. Attached hereto as Exhibit F is a true and correct copy of the Requests for Admission served on Brocade by Plaintiffs.

14. Responses to Plaintiffs' discovery requests are currently due January 25, 2021.

15. On January 5, 2021 Defendants offered a very reasonable compromise: Defendants agreed not to seek a stay of discovery or a protective order based on the pending (and likely dispositive) motions to dismiss so long as Plaintiffs agreed that they would not argue that, by virtue of participating in the discovery process, Defendants had submitted themselves to this Court's jurisdiction and waived any argument concerning personal jurisdiction and improper venue. Defendants also requested a modest 30-day extension.

16. Attached hereto as Exhibit G is a true and correct copy of the email I sent to

- 2 -

5883134

Plaintiffs' counsel setting forth this proposal.

17.     Plaintiffs rejected this proposal, asserting they would only abstain from arguing that Defendants' responses to *Plaintiffs*' discovery requests constituted waiver.  But if Defendants were to propound their own discovery requests on Plaintiffs, Plaintiffs refused to agree that they would not argue such requests constituted waiver of Defendants' personal jurisdiction and venue defenses.

18.     Plaintiffs also indicated that they would only agree to extend the response date by 30 days if Defendants agreed to provide "substantive responses and documents (not just objections) on February 24, 2021."

19.     Plaintiffs agreed that they would not argue waiver of Defendants' defenses, including for lack of personal jurisdiction and improper venue, by virtue of Defendants' submission of a Rule 26(f) joint report or serving of initial disclosures under Federal Rule of Civil Procedure 26(a).

20.     Attached hereto as Exhibit H is a true and correct copy of Plaintiffs' response to Defendants' extension request and proposal regarding how discovery should proceed.

21.     At a further meet and confer on January 6, 2021, Plaintiffs reiterated their position that discovery should be allowed to proceed just for them.

22.     Attached hereto as Exhibit I is a true and correct copy of Plaintiffs' further response to our meet and confer on January 6, 2021.

23.     The parties have not yet agreed to a stipulated protective order or an electronic discovery protocol.

24.     Defendants continued to meet and confer regarding the possibility of an extension to respond to the voluminous discovery propounded by Plaintiffs while this motion is pending (or at least a 30-day extension), but Plaintiffs confirmed on January 12 and 13, 2021 that they would not agree to such an extension and would seek sanctions if Defendants fail to respond on January 25, 2021.

25.     Attached hereto as Exhibit J is a true and correct copy of Plaintiffs' further

- 3 -

5883134

responses to our meet and confer on January 12 and 13, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of January, 2021, at Los Angeles, California.

Alison Plessman

5883134