# EXHIBIT I

# Salvatore Bonaccorso

| | |
|---|---|
| **From:** | Weber, Olivia <oweber@irell.com> |
| **Sent:** | Wednesday, January 6, 2021 4:57 PM |
| **To:** | Alison Plessman; jordan.feirman@skadden.com; Salvatore Bonaccorso; john.neukom@skadden.com |
| **Cc:** | mashley@irell.com; jwood@emlaw.com; crice@emlaw.com |
| **Subject:** | RE: Joint Report (SNMPRI et al. v. Broadcom et al.) |
| **Attachments:** | 1-06-20201 Report of Planning Meeting (For Filing).DOCX |

Hi Alison,

Please let us know on which Defendants' behalf you are speaking.

We have accepted all of your proposed changes to the Rule 26f report and made some changes to footnote 1. If Defendants are fine with those changes, please have each Defendant give us authority to sign and file.

As for the remainder of your email, no one is forcing any Defendant to agree to "one-sided" discovery. Each Defendant is free to make its own strategic choice as to whether it seeks discovery, which discovery it seeks, and when it seeks that discovery. There is no requirement under the Federal Rules or local rules or any standing order of which we are aware that requires Plaintiffs to "waive" potential future arguments in a vacuum just so that Plaintiffs can obtain responses to discovery that are mandated by the Federal Rules. Indeed, as we noted below, and Defendants have not disputed, <u>Brocade and Extreme have not even made a jurisdictional challenge</u> and never raised any of these purported issues when we discussed discovery at the Rule 26f conference on December 23. Ultimately, if any Defendant or all three Defendants "seek a stay and/or other guidance from the Court," it is not because they are being "forced" to do anything by Plaintiffs. That, too, is Defendants' own strategic litigation choice. As we have stated before, Plaintiffs will oppose any motion to stay discovery.

Please let us know if our response has mooted Defendants' request for an extension. Otherwise, we are happy to respond to your questions regarding the extension.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, January 6, 2021 2:23 PM
**To:** Weber, Olivia <oweber@irell.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Olivia –

Our edits to the Joint Report are included in the attached. Since you indicate below you will not argue that the filing of the Joint Report and provision of initial disclosures constitutes a waiver of Defendants' asserted defenses, including lack of personal jurisdiction and improper venue, we will agree to file/serve those, but by doing so we are not agreeing that discovery should otherwise proceed while Defendants' motions are pending. We will not agree to one-sided discovery where we are required to respond to your discovery but where you argue waiver if we propound our own. This is

1
Case 3:20-cv-00451-CEA-DCP   Document 47-12   Filed 01/16/21   Page 2 of 5   PageID #: 505

exactly the situation we were trying to avoid and your position confirms one of the reasons why a stay of discovery is warranted. If this continues to be your position, we will be forced to seek a stay and/or other guidance from the court. I hope you will reconsider.

Regarding our request for an extension, it may be moot if we need to move to stay discovery. If we are able to reach agreement with respect to the above issues, however, we will of course endeavor in good faith to provide substantive responses where warranted. Given the early stage of this litigation and our investigation, and the scope and nature of your requests and our ongoing review of them, we cannot guarantee that a substantive response is possible or warranted for each request or that we will be in a position to start producing documents on February 24, 2021. As you know, the parties do not yet have a protective order or ESI protocol in place, and document collection, review, and production will take some time. Please confirm that you were expressing your desire for substantive responses and documents but not making that a condition for the extension.

Thanks,
Alison


**Alison Plessman**

_____

**HUESTON HENNIGAN LLP**

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, January 5, 2021 6:10 PM
**To:** jordan.feirman@skadden.com; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Jordan and Alison,

Only one Defendant, Broadcom, has asserted a jurisdictional challenge, and this is the first we have heard that either Brocade or Extreme is allegedly concerned that there will be a waiver of venue defenses based on submission of a joint 26f report, providing initial disclosures, or any of the other items enumerated in Alison's email. Indeed, we discussed all of these topics at the Rule 26f meeting, and the only concern raised was by Broadcom, and even then, Broadcom said it would review the law to see if there was any real concern.

In any event, if any Defendant intends to refuse to participate in the submission of the joint 26f report, the provision of initial disclosures, or responding to Plaintiffs' already-propounded discovery on the basis that it could lead to a waiver of asserted defenses (personal jurisdiction and venue on Broadcom's part; venue only on Extreme's and Brocade's part), Plaintiffs will agree not to argue that submission of the joint 26f report, the provision of initial disclosures, or responding to Plaintiffs' already-propounded discovery constitutes a waiver of the asserted defenses. As for Defendants' propounding their own discovery, that is a strategic litigation choice that Defendants will make, and Plaintiffs will not waive any potential arguments related to it in advance (assuming there are any as to the asserted defenses), particularly given that no Defendant has identified the discovery requests that it intends to propound. If Defendants have any authority they would like us to consider on this issue, please identify it or send it to us, and we'd be happy to consider it.

2

With respect to Defendants' request for a 30-day extension on all discovery that Plaintiffs served (which we served on December 26 because Broadcom refused to conduct the Rule 26f meeting any time before December 23), we are willing to agree to it. However, we expect to receive substantive responses and documents (not just objections) on February 24, 2021. This is particularly important given that some of the discovery is relevant to a jurisdictional challenge. We would also appreciate reciprocation in the event Plaintiffs need additional time if and when Defendants serve discovery.

Best,

Olivia
(949) 760-5146

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Tuesday, January 5, 2021 3:29 PM
**To:** 'Alison Plessman' <aplessman@hueston.com>; Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

All,

Just to make sure it is clear, Extreme joins in these proposals as well.

Thank you,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | 10001**
**T: 212.735.3067 | F: 917.777.3067**
**jordan.feirman@skadden.com**

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, January 5, 2021 6:22 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** [Ext] RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Olivia,

Thanks for sending the draft 26(f) report. We are reviewing and will provide comments shortly. As you know, we have been considering filing a motion to stay discovery pending resolution of our motion to dismiss for several reasons. Although we believe a stay is warranted under the circumstances here, we are willing to forego such a motion if you will confirm that you will not argue that the Defendants have somehow waived their defenses (including their personal jurisdiction and improper venue defenses) by agreeing to proceed with discovery (including but not limited to filing the Joint 26(f) report, serving initial disclosures, or serving or responding to discovery requests) while Defendants' motions are pending. Will you confirm that you will not argue waiver should Defendants agree to engage in such discovery-related activities?

Also, given the scope and number of your discovery requests and the fact that you served them on December 26, we will need more time to respond. Will you please agree to a 30-day extension?

Thanks,
Alison

**Alison Plessman**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, January 4, 2021 11:11 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** Joint Report (SNMPRI et al. v. Broadcom et al.)

Counsel,

I hope everyone had a nice holiday. I attach a draft Joint Report—please provide Defendants' edits by close of business tomorrow so that we can make corresponding revisions if necessary. We will file the Joint Report on January 6.

Please also let us know whether we have permission to add Defendants' names and counsel's signatures to the attached form indicating non-consent to the magistrate judge.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================