# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § | |
| Defendants. | § § | |

**DECLARATION OF A. MATTHEW ASHLEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS BROADCOM INC.'S, BROCADE COMMUNICATIONS SYSTEMS LLC'S, AND EXTREME NETWORKS, INC.'S RULE 12(B)(2), RULE 12(B)(3), AND SECTION 1404(A) MOTIONS[1]**

---

[1] This Declaration is submitted in opposition to Defendants' Rule 12(b)(2), Rule 12(b)(3), and Section 1404(a) motions only.

I, A. Matthew Ashley, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "Plaintiffs") in this action. I am a member in good standing of the State Bar of California and have been admitted pro hac vice to this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. Based upon my review of public information, Broadcom Inc. (herein, "Broadcom") appears to have dozens of affiliates and subsidiaries (both direct and indirect).

3. Although Broadcom Inc. and Brocade Communications Systems LLC (herein, "Brocade") jointly filed a corporate disclosure statement in this action (Dkt. 43), the statement itself only listed Broadcom Inc.'s disclosures.

4. Broadcom and Brocade have the same counsel of record in this case and are submitting joint filings and documents. In their initial disclosures, Broadcom and Brocade identified witnesses without differentiating whether the witnesses work or worked for Broadcom or Brocade. Copies of Broadcom's and Brocade's initial disclosures are attached as Exhibit A.

5. On January 25, 2021, I typed "brocade.com" into Google's search engine website address bar. It led me to a webpage redirecting me to the website address "broadcom.com."

6. On multiple filings in this action (including Dkts. 27, 33, 40, 43), Broadcom's counsel of record has signed pleadings with a signature block referring to herself as counsel for "Broadcom Corporation" (which is not a party to this case but which is apparently one of Broadcom's many subsidiaries).

7. According to Broadcom's annual report for the year 2019 filed with the SEC, Broadcom's total revenues in 2019 were $23,888 million. A copy of the pertinent portion of the SEC filing (printed from sec.gov on January 25, 2021) is attached as Exhibit B.

.

8. According to Extreme Network, Inc.'s (herein, "Extreme") annual report for the year 2019 filed with the SEC, Extreme's total revenues in 2019 were $948 million. A copy of the pertinent portion of the SEC filing (printed from sec.gov on January 25, 2021) is attached as Exhibit C.

9. I anticipate that Dr. Jeffrey Case will be a central witness in this case who will present testimony regarding issues including but not limited to the following:

    a. The development of the Simple Network Management Protocol standard and its use in the market;

    b. Plaintiffs' software and the copyrights at issue;

    c. The software application and registration process;

    d. Plaintiffs' business practices relevant to the software and copyrights at issue;

    e. Plaintiffs' relationship with Defendants;

    f. The license agreement between Brocade and SNMP International dated March 10, 2001, as amended (referred to in the Complaint and in Plaintiffs' opposition briefs as the "Agreement"), including Brocade's breach, SNMP International's termination of Brocade's internal use and distribution rights, and subsequent events;

    g. Damages from Brocade's breach of the Agreement;

    h. Defendants' copyright infringement and associated damages.

10. I anticipate that Mr. David Reid, the Engineering Team Leader for SNMP Research, Inc., will be an important witness in this case who will present testimony regarding issues that include but are not limited to the development of the software at issue, the copyrights for the software at issue, and Plaintiffs' business practices related to the same.

.

11. I anticipate that Mr. Steve Blizzard, the Director of Sales for SNMP Research International, Inc., will be an important witness in this case who will present testimony regarding issues that include but are not limited to Plaintiffs' business practices relevant to the software at issue.

12. Plaintiffs served written discovery on all three Defendants as early as possible (three days after the parties' Rule 26(f) meeting), including discovery directed at the personal jurisdiction defense raised by Broadcom. The written discovery (including on the issue of personal jurisdiction) included requests for production of documents, requests for admission, and interrogatories. On January 25, 2021, in what appears to be coordinated responses (several parts of the responses appear to be nearly verbatim), Defendants have not provided a substantive answer to a single discovery request or agreed to produce a single document. Instead, all of Defendants' discovery responses are limited to objections.

Executed this 26 day of January, 2021, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ A. Matthew Ashley*
A. Matthew Ashley