# EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## SPECIALLY APPEARING DEFENDANT BROADCOM INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Broadcom, Inc. ("Broadcom") hereby makes the following disclosures. Broadcom makes these disclosures based on information that is reasonably available to it at this time, following a good faith inquiry in accordance with Federal Rule of Civil Procedure 26. Discovery and further investigation and analysis may yield additional information. Broadcom reserves the right to amend and/or supplement these disclosures as further information becomes available to it. By serving these initial disclosures, Broadcom does not intend to submit to the jurisdiction of this Court or waive any defenses, including but not limited to defenses that the Court lacks personal jurisdiction over Broadcom and that venue is improper. Plaintiffs have agreed they will not argue for such a waiver based on Broadcom's service of these initial disclosures. Broadcom reserves all rights to

challenge the propriety of conducting any discovery in this matter—including those discovery requests previously served by Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP")—given the pending motions to dismiss or transfer filed by Broadcom and Brocade Communications Systems LLC ("Brocade") or co-Defendant Extreme Networks, Inc. ("Extreme"), and the service of these disclosures shall not be deemed as an admission or acknowledgment that discovery should be conducted or is proper at this time, or that Broadcom has waived any challenges or defenses to the Complaint (including without limitation that the Eastern District of Tennessee is an improper venue or lacks personal jurisdiction over Broadcom).

Broadcom reserves all objections to the use of these initial disclosures, or any of the information and documents referenced herein. By referring to documents and individuals in these initial disclosures, Broadcom does not waive the right to object to any discovery request on any basis, including, but not limited to, personal jurisdiction, venue, relevancy, overbreadth, undue burden, attorney-client privilege, the attorney work product doctrine, privacy, or any other lawful protection from disclosure. Further, by referring to documents and individuals in the initial disclosure process, Broadcom makes no representation or concession regarding the relevancy or appropriateness of any particular witness, document, or piece of information. Indeed, once Broadcom better understands the nature of Plaintiffs' allegations, it may supplement these disclosures, or replace one of more of the items below with new information that is better suited to the issues in this case. Broadcom does not waive any objections as to the relevance or admissibility of any witness, document or other information at trial or with regard to any pleading filed with or argument made before this Court.

    **A.**    **Individuals Likely to Have Discoverable Information – Fed. R. Civ. P. 26(a)(1)(A)(i)**

Pursuant to Rule 26(a)(1)(A)(i), Broadcom identifies the following individuals that Broadcom currently believes are "likely to have discoverable information—along with the subjects of that information—that [Broadcom] may use to support its claims or defenses in this action, unless solely for impeachment." Broadcom does not consent to and does not authorize Plaintiffs or their counsel to contact or communicate with any of Broadcom's or Brocade's current or former officers, directors, employees, or agents. These persons should be contacted through outside counsel of record for Broadcom and Brocade in this case.

| Name | Contact Information | Subjects of information |
|---|---|---|
| Mark Brazeal | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | Lack of personal jurisdiction over Broadcom Inc., although Defendants do not agree that jurisdictional discovery is necessary or appropriate in this case. |
| John Rondoni | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; Brocade's alleged use of SNMPRI's software and source code; Brocade's license agreement with SNMPRI; Plaintiffs' alleged damages. |
| Martin Skagen | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; Brocade's alleged use of SNMPRI's software and source code; Brocade's license agreement with SNMPRI; communications with Plaintiffs, including as to license negotiations; Plaintiffs' alleged damages. |
| Vamsi Balimidi | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | Brocade's products and alleged use of SNMPRI's software and source code. |
| Zahid Hussain | TBD | Brocade's license agreement with SNMPRI |

| Larry Fitterer | TBD | | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; notice of assignment to Plaintiffs; communications with Plaintiffs |

Broadcom may also rely on individuals identified in Plaintiffs', Brocade's, or Extreme's initial disclosures, or otherwise identified through discovery in this action. Broadcom reserves the right to disclose additional individuals whom Broadcom may use to support its claims or defenses based on information learned during the course of this litigation.

**B.     Documents Broadcom May Use to Support Its Claims or Defenses – Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Pursuant to Rule 26(a)(1)(A)(ii), Broadcom provides the following description by category of all documents, electronically stored information, and tangible things that Broadcom currently believes it may use to support its claims or defenses, unless solely for impeachment:

- Documents relating to the timing of Broadcom's acquisition of Brocade.

- Documents reflecting Broadcom's lack of involvement in the actions and conduct alleged in the complaint;

- The license agreement entered into on March 10, 2001 between Brocade and SNMP Research International, Inc., as well as the five subsequent amendments to that agreement, which are attached to the Complaint;

- Plaintiffs' copyright registration certificates for TXu 1-706-718, TXu 1-772-248, TXu 1-772-250, TXu 1-738-956, TXu 1-707-158, TXu 1-738-954, TXu 1-707-157, and TXu 1-738-958, which are attached to the Complaint.

Documents, electronically stored information, and other tangible things that are in the custody, possession, or control of Broadcom are located in San Jose, CA. Discoverable

information in the custody, possession, or control of Brocade that Broadcom may use to support its claims or defenses—identified in Brocade's initial disclosures—will be produced through counsel for Broadcom and Brocade. The information is based on Broadcom's investigation to date, and Broadcom reserves the right to supplement and/or amend it upon further investigation and discovery in this action, and may rely upon additional materials. Broadcom may support its claims through the use of one or more of the documents that Plaintiffs, Brocade, Extreme, or third parties have or will produce in this litigation or identify in their initial disclosures. Access to these documents and other materials is in the possession of and controlled by Plaintiffs, Brocade, Extreme, third parties and/or their respective legal counsel.

**C. Computation of any Category of Damages Claimed by the Disclosing Party – Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Broadcom has not yet filed an answer in this action but, if necessary, anticipates asserting counterclaims and seeking damages against Plaintiffs. Broadcom also seeks to recover its reasonable attorneys' fees and costs. Broadcom is not yet certain as to the amount of damages, fees and costs it will seek, which are continually accruing.

**D. Applicable Insurance Agreement – Fed. R. Civ. P. 26(a)(1)(A)(iv)**

Pursuant to Rule 26(a)(1)(A)(iv), Broadcom will make any and all insurance agreements "under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment" available for inspection at a mutually agreeable time.

In providing the above initial disclosures, Broadcom does not waive any objections, defenses, or applicable privileges. Broadcom will supplement these disclosures to the extent required by the Federal Rules of Civil Procedure and Local Rules of Court.

Dated: January 6, 2021                                    HUESTON HENNIGAN LLP

                                                          By:   */s/ Alison Plessman*
                                                                Alison Plessman
                                                                Attorneys for Defendants
                                                                Broadcom Corporation
                                                                Brocade Communications Systems LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**SPECIALLY APPEARING DEFENDANT BROCADE COMMUNICATIONS SYSTEMS LLC'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Brocade Communications Systems LLC ("Brocade") hereby makes the following disclosures. Brocade makes these disclosures based on information that is reasonably available to it at this time, following a good faith inquiry in accordance with Federal Rule of Civil Procedure 26. Discovery and further investigation and analysis may yield additional information. Brocade reserves the right to amend and/or supplement these disclosures as further information becomes available to it. By serving these initial disclosures, Brocade does not intend to submit to the jurisdiction of this Court or waive any defenses, including but not limited to defenses that the Court lacks personal jurisdiction over Broadcom and venue is improper. Plaintiffs have agreed they will not argue for such a waiver based on Brocade's service of these initial disclosures. Brocade reserves

all rights to challenge the propriety of conducting any discovery in this matter—including those discovery requests previously served by Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP")—given the pending motions to dismiss or transfer filed by Broadcom Inc. and Brocade or co-Defendant Extreme Networks, Inc. ("Extreme"), and the service of these disclosures shall not be deemed as an admission or acknowledgment that discovery should be conducted or is proper at this time, or that Brocade has waived any challenges or defenses to the Complaint (including without limitation that the Eastern District of Tennessee is an improper venue or lacks personal jurisdiction over Broadcom).

Brocade reserves all objections to the use of these initial disclosures, or any of the information and documents referenced herein. By referring to documents and individuals in these initial disclosures, Brocade does not waive the right to object to any discovery request on any basis, including, but not limited to, personal jurisdiction, venue, relevancy, overbreadth, undue burden, attorney-client privilege, the attorney work product doctrine, privacy or any other lawful protection from disclosure. Further, by referring to documents and individuals in the initial disclosure process, Brocade makes no representation or concession regarding the relevancy or appropriateness of any particular witness, document, or piece of information. Indeed, once Brocade better understands the nature of Plaintiffs' allegations, it may supplement these disclosures, or replace one of more of the items below with new information that is better suited to the issues in this case. Brocade does not waive any objections as to the relevance or admissibility of any witness, document or other information at trial or with regard to any pleading filed with or argument made before this Court.

### A. Individuals Likely to Have Discoverable Information – Fed. R. Civ. P. 26(a)(1)(A)(i)

Pursuant to Rule 26(a)(1)(A)(i), Brocade identifies the following individuals that Brocade

currently believes are "likely to have discoverable information—along with the subjects of that information—that [Brocade] may use to support its claims or defenses in this action, unless solely for impeachment." Brocade does not consent to and does not authorize Plaintiffs or their counsel to contact or communicate with any of Brocade's or Broadcom's current or former officers, directors, employees, or agents. These persons should be contacted through Brocade's outside counsel of record in this case.

| Name | Contact Information | Subjects of information |
|---|---|---|
| Mark Brazeal | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | Lack of personal jurisdiction over Broadcom Inc., although Defendants do not agree that jurisdictional discovery is necessary or appropriate in this case. |
| John Rondoni | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; Brocade's alleged use of SNMPRI's software and source code; Brocade's license agreement with SNMPRI; Plaintiffs' alleged damages |
| Martin Skagen | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; Brocade's alleged use of SNMPRI's software and source code; Brocade's license agreement with SNMPRI; communications with Plaintiffs, including as to license negotiations; Plaintiffs' alleged damages |
| Vamsi Balimidi | c/o Hueston Hennigan LLP<br>523 West 6th St., Suite 400<br>Los Angeles, CA 90014 | Brocade's products and alleged use of SNMPRI's software and source code |
| Zahid Hussain | TBD | Brocade's license agreement with SNMPRI |
| Larry Fitterer | TBD | The divesture of Brocade's data center operations to Extreme; discussions relating to the divestiture; |

| | | notice of assignment to Plaintiffs; communications with Plaintiffs |
|---|---|---|

Brocade may also rely on individuals identified in Plaintiffs', Broadcom Inc.'s ("Broadcom"), or Extreme's initial disclosures, or otherwise identified through discovery in this action. Brocade reserves the right to disclose additional individuals whom Brocade may use to support its claims or defenses based on information learned during the course of this litigation.

**B.     Documents Brocade May Use to Support Its Claims or Defenses – Fed. R. Civ. P. 26(a)(1)(A)(ii)**

Pursuant to Rule 26(a)(1)(A)(ii), Brocade provides the following description by category of all documents, electronically stored information, and tangible things that Brocade currently believes it may use to support its claims or defenses, unless solely for impeachment:

- Documents or other tangible things sufficient to identify which of Plaintiffs' alleged software and source code is or is not used by Brocade, Broadcom, and/or Extreme.

- Documents related to the nature, value, registration, and ownership of Plaintiffs' alleged software and source code.

- Communications between Brocade and Plaintiffs and/or Extreme regarding the assignment, transfer, or amendment of Brocade's license to Extreme.

- Communications reflecting Plaintiffs' unreasonable withholding of consent to the assignment or transfer of license agreement to Extreme;

- Communications reflecting Plaintiffs' wrongful termination of the license agreement and Plaintiffs' waiver, consent, implied license, unclean hands, and bad faith.

- 4 -

- Documents reflecting Brocade's reliance on statements and representations made by Plaintiffs.

- Documents sufficient to show Plaintiffs' lack of damages and/or failure to mitigate damages.

- Communications with Plaintiffs concerning efforts and representations made to resolve the present dispute.

- The license agreement entered into on March 10, 2001 between Brocade and SNMP Research International, Inc., as well as the five subsequent amendments to that agreement, which are attached to the Complaint;

- The agreement between Brocade and Extreme or portions thereof concerning the divestiture of Brocade's IP Networking (a/k/a Data Center) business to Extreme.

- Plaintiffs' copyright registration certificates for TXu 1-706-718, TXu 1-772-248, TXu 1-772-250, TXu 1-738-956, TXu 1-707-158, TXu 1-738-954, TXu 1-707-157, and TXu 1-738-958, which are attached to the Complaint.

The above-referenced categories of documents that are in Brocade's custody are located at Brocade's office in San Jose, CA or another Brocade facility. Discoverable information in the custody, possession, or control of Broadcom that Brocade may use to support its claims or defenses—identified in Broadcom's initial disclosures—will be produced through counsel for Broadcom and Brocade. The information is based on Brocade investigation to date, and Brocade reserves the right to supplement and/or amend it upon further investigation and discovery in this action, and may rely upon additional materials. Brocade may support its claims through the use of one or more of the documents that Plaintiffs, Broadcom, Extreme, or third parties have or will produce in this litigation. Access to these documents and other materials is in the possession of

- 5 -

Case 3:20-cv-00451-CEA-DCP   Document 48-15   Filed 01/26/21   Page 12 of 13   PageID #: 620
5857416

and controlled by Plaintiffs, Broadcom, Extreme, third parties and/or their respective legal counsel.

C. **Computation of Any Category of Damages Claimed by the Disclosing Party – Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Brocade has not yet filed its answer in this action but, if necessary, anticipates asserting counterclaims and seeking damages against Plaintiffs. Brocade also seeks to recover its reasonable attorneys' fees and costs. Brocade is not yet certain as to the amount of damages, fees and costs it will seek, which are continually accruing.

D. **Applicable Insurance Agreement – Fed. R. Civ. P. 26(a)(1)(A)(iv)**

Pursuant to Rule 26(a)(1)(A)(iv), Brocade will make any and all insurance agreements "under which an insurance business may be liable to satisfy all or part of a possible judgment or to indemnify or reimburse for payments made to satisfy the judgment" available for inspection at a mutually agreeable time.

In providing the above initial disclosures, Brocade does not waive any objections, defenses, or applicable privileges. Brocade will supplement these disclosures to the extent required by the Federal Rules of Civil Procedure and Local Rules of Court.

Dated: January 6, 2021					HUESTON HENNIGAN LLP

					By:	*/s/ Alison Plessman*
						Alison Plessman
						Attorneys for Defendants
						Broadcom Corporation
						Brocade Communications Systems LLC

- 6 -

Case 3:20-cv-00451-CEA-DCP   Document 48-15   Filed 01/26/21   Page 13 of 13   PageID #: 621

5857416