# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 <br><br><br><br><br><br> **Jury Demand** |

**DECLARATION OF DR. JEFFREY D. CASE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS BROADCOM INC.'S, BROCADE COMMUNICATIONS SYSTEMS LLC'S, AND EXTREME NETWORKS, INC.'S RULE 12(B)(2), RULE 12(B)(3), AND SECTION 1404(A) MOTIONS[1]**

---

[1] This Declaration is submitted in opposition to Defendants' Rule 12(b)(2), Rule 12(b)(3), and Section 1404(a) motions only.

I, Dr. Jeffrey D. Case, declare and attest as follows:

1. I am 68 years old, and I am the President and Chief Technology Officer of SNMP Research, Inc. ("SNMP Research") and the President of SNMP Research International, Inc. ("SNMP International"). I have personal knowledge of all of the matters to which I attest herein and, if called as a witness, could and would testify competently to such facts under oath.

## I. Background on SNMP Research and SNMP International

2. In 1988, I co-founded the company that would later become SNMP Research in the greater Knoxville, Tennessee, area. SNMP Research, the corporation, was officially formed in 1990 in Knox County, Tennessee.

3. In 1994, SNMP International was formed in Knox County, Tennessee, to be the sales and marketing arm of SNMP Research.

4. Today, SNMP Research and SNMP International remain private, closely-held Tennessee corporations.

5. SNMP Research and SNMP International are still based on the farm where I live in the greater Knoxville, Tennessee, area. The offices of SNMP Research and SNMP International are each approximately 600 feet from my primary residence.

6. SNMP Research currently has 8 employees and SNMP International currently has 7 employees.

7. All of the employees of SNMP Research and SNMP International reside in the greater Knoxville, Tennessee, area.

8. I played an instrumental role in the development of the Simple Network Management Protocol, or SNMP, beginning when I was still serving as an administrator at the University of

-1-

Tennessee – Knoxville, as well a member of UT's teaching and research faculty as a "Martin Marietta Professor of Computer Science."

9. SNMP is an international standard for a management framework which allows computing devices and networks to be managed.

10. SNMP Research has developed an implementation of the SNMP framework ("Software") which is integral to the monitoring of networking equipment such as switches and routers in businesses throughout the world.

11. SNMP Research and SNMP International are primarily in the business of developing, marketing, licensing, and providing support for the Software, all of which are done from our offices in Knox County, Tennessee.

12. The Software and all related documents are located at the offices of SNMP Research and SNMP International in Knox County, Tennessee. Some of the related documents are in hard copy form and are stored in filing cabinets at the offices of SNMP Research and SNMP International.

13. I actively manage the affairs of SNMP Research and SNMP International which requires my daily attention.

14. I regularly meet face to face with the employees of SNMP Research and SNMP International at our offices in Knox County, Tennessee. These meetings allow me to work with various employees to resolve customer issues, negotiate license agreements, debug software problems, design new software features and address other various issues.

15. I am the only employee or officer of either SNMP Research or SNMP International that is authorized to sign checks or contracts on behalf of the businesses. I am required to sign contracts or checks multiple times a week for each business.

16. I understand that a three-week trial has been requested in this matter. Due to my knowledge of SNMP Research, SNMP International, the Software, and the events at issue in this matter, I am a critical witness and will be attending the entire trial. The protection of the Software is critical for the success of my businesses and therefore this case is a substantial priority for me personally and professionally.

17. If I have to leave Knoxville, Tennessee, to attend the trial for this matter, it will substantially negatively impact my ability to run the businesses due to my day-to-day involvement and duties in each business.

18. David Reid is the engineering team lead for SNMP Research and has been an employee for 29 years. Mr. Reid is responsible, under my supervision and direction, for all engineering and support matters. Steve Blizzard is the sales lead for SNMP International and has been an employee for 15 years. Mr. Blizzard is responsible, under my supervision and direction, for sales and overall customer interaction. It would be a substantial hardship to the businesses to have Mr. Reid or Mr. Blizzard attend a trial in California for any significant period of time. If all three of us were out of the office at the same time, it would be even more of a hardship for the businesses.

**II.     License Agreement with Brocade**

19. Attached to the Complaint in this matter as Exhibit A is a true and correct copy of the license agreement between Brocade Communications Systems LLC f/k/a Brocade Communications Systems Inc. and SNMP International dated March 10, 2001, as amended ("License Agreement").

20. Section 26 of the License Agreement states:

> For actions arising out of or related to the subject matter of this Agreement, as amended, the parties hereby agree to be subject to sole and exclusive jurisdiction and venue lying in the State and Federal courts in Knox County, Tennessee, U.S.A.

21. Section 3 of the Agreement and other sections of the Agreement prohibit Brocade from distributing the Software in source code form.

22. I view each of these sections as essential elements of the License Agreement.

## III. Communications with Defendants

23. In 2017, I learned that Brocade had transferred or otherwise disclosed the Software to Extreme without the permission of SNMP International. Thereafter, I learned that Brocade kept a copy of the Software for Brocade's own use without the permission of SNMP International.

24. On or about April 18, 2018, I reviewed an email dated April 18, 2018 from counsel for SNMP International (John Wood) to Jennifer Sipes, counsel at Extreme, that stated:

> [t]he license between Brocade and SNMP Research is not assignable without SNMP Research's consent and SNMP Research has not provided that consent. If Extreme is using or distributing SNMP Research software it obtained from Brocade then it is doing so without a license. I would be glad to have a call at your earliest convenience to understand how Extreme is using the SNMP Research software so I can discuss an assignment with my client.

Exhibit A is a true and correct copy of that email.

25. On or about April 18, 2018, I reviewed the response to the previous email received on the same day from Jennifer Sipes, counsel at Extreme, to counsel for SNMP International that stated "Extreme is using the software the same way Brocade used it for its Data Center business."). Exhibit B is a true and correct copy of that email.

26. After I learned that Brocade was still using the Software it had transferred to Extreme without permission, on or about September 18, 2018, I reviewed correspondence from counsel at SNMP International to Jennifer Sipes, counsel at Extreme, that stated "Thanks for speaking with me yesterday. You confirmed on our call that Brocade is still using the SNMP Research software in some of the Brocade products." Exhibit C is a true and correct copy of that email.

27. During my and counsel for SNMP International's communications with Broadcom, the people on the other side repeatedly referred to themselves as being with Broadcom generally or

Broadcom, Inc. specifically, and always acted as if they had the ability to negotiate on behalf of and bind Brocade.

28. For example, on multiple occasions, counsel for SNMP International communicated with Simone Yew, who identified herself as Legal Counsel and/or Associate General Counsel for Broadcom, Inc. Exhibit D is an email exchange between SNMP International's counsel and both Ms. Yew and someone from Extreme. Exhibit E is a letter that Ms. Yew sent to Extreme and that was forwarded to me by Martin Skagen. These are just examples.

29. On multiple occasions, I communicated with Martin Skagen, who identified himself as an employee of Broadcom Inc. For example, Exhibit F is an email exchange I had with Martin Skagen on July 26, 2019. Exhibit G is an email from Martin Skagen dated July 29, 2019 discussing the initial steps Broadcom was taking to resolve the situation. These are just examples.

### IV. Other Agreements with Extreme and Broadcom

30. Exhibit H is a true and correct copy of the license agreement between Extreme and SNMP International dated December 8, 1999, as amended ("Extreme Agreement"). Amendment 8 of the Extreme Agreement replaced Section 26 of the Extreme Agreement and required exclusive venue and jurisdiction in Knox County, Tennessee.

31. Exhibit I is a true and correct copy of the license agreement between Broadcom Corporation and SNMP International dated June 28, 2000, as amended ("Broadcom Corporation Agreement"). The Amended and Restated Key Distribution Agreement added Section 6(t) to the Broadcom Corporation Agreement which requires sole and exclusive venue and jurisdiction in Knox County, Tennessee.

32. Exhibit J is a true and correct copy of the license agreement between CA, Inc. and SNMP International, as amended ("Broadcom Inc. Agreement"). The Broadcom Inc. Agreement

requires sole and exclusive jurisdiction and venue in Knox County, Tennessee. The Amendment 1 To License Agreement added Broadcom Inc. as a party and signatory.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of January, 2021, at Knoxville, Tennessee.

*/s/ Jeffrey D. Case*
Jeffrey D. Case

-7-

Case 3:20-cv-00451-CEA-DCP   Document 51-2   Filed 01/26/21   Page 8 of 8   PageID #: 1023