# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § Case No. 3:20-cv-00451 |
| Plaintiffs, | § § |
| v. | § **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § |
| Defendants. | § § |

**DECLARATION OF A. MATTHEW ASHLEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER**

I, A. Matthew Ashley, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "Plaintiffs") in this action. I am a member in good standing of the State Bar of California and have been admitted pro hac vice to this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. After Plaintiffs served the Complaint on October 27, 2020, Broadcom Inc. ("Broadcom"), Brocade Communications Systems LLC ("Brocade"), and Extreme Networks, Inc. ("Extreme") (collectively, "Defendants") requested a three-week extension to respond. Plaintiffs agreed to that extension. Defendants subsequently requested another two-week extension, and Plaintiffs agreed to that as well.

3. Plaintiffs requested that the parties' Rule 26(f) planning conference be held in early December 2020. In order to accommodate Extreme's counsel's schedule, Plaintiffs agreed to conduct the Rule 26(f) planning conference on December 13, 2020, instead. A copy of the parties' emails concerning this exchange is attached as Exhibit A.

4. On December 12, 2020, counsel for Broadcom and Brocade asserted that because they were concerned about potential "waiver" issues, they now refused to participate in the December 13 conference they had previously agreed to, and they would not agree to participate in any Rule 26(f) conference until after their forthcoming motions to dismiss or transfer were on file. In response, Plaintiffs agreed not to argue waiver. Plaintiffs further agreed to push the Rule 26(f) conference to December 23, 2020, the day after Defendants' motions were to be filed. A copy of the parties' emails concerning this exchange is attached as Exhibit B.

5. On December 23, 2020, the parties conducted their Rule 26(f) conference. Plaintiffs were prepared to serve discovery on the evening of December 23, 2020, but elected to wait to do so

until after the Christmas holiday. Plaintiffs served their discovery on December 26, 2020.

6. On January 5, 2021, the evening before the parties' Joint Rule 26(f) Report was due to be filed, Defendants emailed Plaintiffs and stated that Defendants were now concerned that filing a Joint Rule 26(f) Report, serving initial disclosures and/or participating in written discovery might constitute a waiver of defenses. Defendants asked Plaintiffs to agree not to argue such a waiver. Plaintiffs agreed that they would not argue that Defendants would waive any defenses by filing a Joint Rule 26(f) Report, serving initial disclosures or responding to Plaintiffs' discovery. But Plaintiffs stated they were not willing to agree to waive arguments they may have with respect to Defendants' propounding their own discovery, and stated that whether and when Defendants chose to propound discovery was Defendants' own strategic litigation choice. *Id.* A copy of the parties' emails concerning this exchange is attached as Exhibit C.

7. In their January 5, 2021 email, Defendants also asked for a 30-day extension of time to respond to Plaintiffs' written discovery purportedly because it was extensive and served on December 26. In response to Defendants' request, Plaintiffs wrote:

> With respect to Defendants' request for a 30-day extension on all discovery that Plaintiffs served (which we served on December 26 because Broadcom refused to conduct the Rule 26f meeting any time before December 23), we are willing to agree to it. However, we expect to receive substantive responses and documents (not just objections) on February 24, 2021. This is particularly important given that some of the discovery is relevant to a jurisdictional challenge.

A copy of this email is included in Exhibit C.

8. In an email dated January 6, 2021, Defendants indicated that they would not agree to provide substantive responses and documents as opposed to objections. A copy of this email is included in Exhibit C.

9. Plaintiffs reiterated in a January 12, 2021 email that it would be improper for Defendants not to provide substantive responses solely because Defendants had made a motion to stay discovery, as this would in effect mean Defendants were unilaterally granting themselves an interim

stay of discovery. Plaintiffs asked for clarification of whether Defendants were asking for a 30-day extension because they needed more time to work on the substantive discovery responses, or whether Defendants had requested the extension to avoid working on discovery until a ruling on the motion to stay issued. A copy of this email is included in Exhibit C.

10. On January 12, 2021, Defendants asked for authority in support of Plaintiffs' position that a party must respond to discovery requests while a motion for a protective order is pending, and also asserted (i) that Defendants were simply trying to avoid "going through the exercise of serving objections stating that the motion for a protective order is pending," (ii) that the "nature of our responses and/or objections will depend on the status of the pending motions," and that (iii) "the extension will at least increase the likelihood that you will receive meaningful responses if warranted as opposed to only objections." A copy of this email is included in Exhibit C.

11. On January 13, 2021, Plaintiffs provided the requested authority demonstrating that Defendants were not entitled to ignore their discovery responsibilities just because a motion to stay or a motion for a protective order was pending. Plaintiffs noted that Defendants' email response confirmed Plaintiffs' understanding that Defendants were not planning to use the requested extension to work on discovery responses, but were using the extension to delay work on the discovery until they saw the status of the pending motions to dismiss and their contemplated motion to stay discovery. Accordingly, Plaintiffs would not agree to a 30-day extension under those circumstances. A copy of this email is included in Exhibit C.

12. Defendants provided no countervailing authority and did not respond.

13. I have highlighted in yellow the portions of the emails in Exhibit C that demonstrate Defendants did not intend to use their requested "extension" of time to actually work on discovery responses. Instead, they planned to wait and see how their motions to dismiss and motion to stay were decided, and if they were not decided within the time of the "extension," Defendants would simply

serve objections and not substantive responses. When Plaintiffs confronted Defendants about this, they did not dispute it.

14. On January 25, 2021, Defendants served their responses to all of Plaintiffs' written discovery. The responses totaled over 700 pages of objections and did not provide a single substantive response or document or a commitment to produce a single document.

15. On December 11, 2020, Plaintiffs sent Defendants a proposed ESI Protocol. After implementing a global revision to the proposed ESI Protocol (to permit occasional use of TIFFs instead of PDFs) at the request of Extreme, the parties stipulated to the ESI Protocol on January 27, 2021.

16. On January 16, 2021, Plaintiffs sent Defendants a draft Protective Order governing confidential information. When Plaintiffs did not receive a response for over a week, Plaintiffs emailed Defendants on January 24, 2021, asking Defendants to reach an agreement on the protective order by the following week, and indicating Plaintiffs' willingness to have a call to discuss any of the details. In addition, in response to Defendants' argument in their Motion to Stay that Defendants "have had no opportunity to inspect any version" of Plaintiffs' software and so were hindered in responding to Plaintiffs' discovery, Plaintiffs noted in their email that each Defendant is currently in possession of Plaintiffs' software and is actively distributing the software. Nonetheless, Plaintiffs offered to agree to an expedited mutual exchange of software on January 29 in order to enable source code review. A copy of the parties' emails concerning this exchange is attached as Exhibit D.

17. Defendants responded on January 26, 2021 and claimed that they feared that participation in discovery-related activities could constitute a waiver of their defenses. As a result, Plaintiffs agreed not to argue that negotiating, agreeing to, and/or entering the Protective Order would constitute a waiver of any defense. That same day, Defendants responded by suggesting removal of the provision governing production of source code and requested the parties to instead negotiate that issue at a later date. Defendants did not respond with any proposed edit to the language of the draft

Protective Order. A copy of the parties' emails concerning this exchange is included is included in Exhibit D.

18. Over the course of January 27 and January 28, 2021, Plaintiffs repeatedly noted that the draft protective order's provision governing production of source code was premised on the same methodology that counsel for Broadcom and Brocade had proposed at the Rule 26(f) conference, and that if Defendants intended to deviate from that proposal, Defendants should propose it so that Plaintiffs could consider it. Plaintiffs also repeatedly requested Defendants' input on the draft protective order so that the parties could exchange source code by no later than the following week, given that one of Defendants' supposed justifications for not being able to answer discovery was their alleged lack of access to Plaintiffs' source code and absence of a protective order. Defendants still refused to exchange source code, stating that they needed expert analysis and input, that they did not want to risk "waiver, etc.," and that "it is premature to do so before we know what issues will remain after the motion to dismiss[.]" A copy of the parties' emails concerning this exchange is included in Exhibit D.

19. As of the filing of this opposition brief, Defendants still have yet to send Plaintiffs any proposed revisions to the draft Protective Order. Defendants have also refused to agree to a date for an exchange of source code.

Executed this 31st day of January, 2021, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ A. Matthew Ashley<br>
A. Matthew Ashley