# Exhibit B

# Weber, Olivia

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Sunday, December 13, 2020 7:27 AM |
| **To:** | Neukom, John (Jay) |
| **Cc:** | Alison Plessman; Feirman, Jordan; Ashley, Matt; jwood@emlaw.com; crice@emlaw.com; Werner, Tom |
| **Subject:** | RE: Production form stipulation (SNMPRI et al. v. Broadcom et al.) |

Thanks, Jay.

All, we'll dial in at 10am to discuss Defendants' contemplated motions.

**From:** Neukom, John (Jay) <John.Neukom@skadden.com>
**Sent:** Saturday, December 12, 2020 11:01 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** Alison Plessman <aplessman@hueston.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Werner, Tom <TWerner@irell.com>
**Subject:** Re: Production form stipulation (SNMPRI et al. v. Broadcom et al.)

That's fine by us.

**John (Jay) Neukom**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**525 University Avenue | Palo Alto | California | 94301-1908**
**T: 650.470.4560**
**john.neukom@skadden.com**

> On Dec 12, 2020, at 9:28 PM, Weber, Olivia <oweber@irell.com> wrote:
>
> Has Extreme agreed to Dec. 23 as well?
>
> Olivia
> (949) 760-5146
>
>> **From:** Alison Plessman <aplessman@hueston.com>
>> **Sent:** Saturday, December 12, 2020 9:21 PM
>> **To:** Weber, Olivia <oweber@irell.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
>> **Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Werner, Tom <TWerner@irell.com>
>> **Subject:** Re: Production form stipulation (SNMPRI et al. v. Broadcom et al.)
>>
>> Thanks, Olivia. I appreciate it and my clients will as well. December 23 works fine for me.

**Alison Plessman**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

_____

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Saturday, December 12, 2020 8:29:33 PM
**To:** Alison Plessman <aplessman@hueston.com>; john.neukom@skadden.com <john.neukom@skadden.com>; jordan.feirman@skadden.com <jordan.feirman@skadden.com>
**Cc:** mashley@irell.com <mashley@irell.com>; jwood@emlaw.com <jwood@emlaw.com>; crice@emlaw.com <crice@emlaw.com>; twerner@irell.com <twerner@irell.com>
**Subject:** RE: Production form stipulation (SNMPRI et al. v. Broadcom et al.)

Alison,

Our position is that when you file a notice of appearance you have appeared. But if Broadcom is really that concerned about waiver, and Broadcom can get Extreme's agreement to extend the conference date until Dec. 23, we are fine with putting the conference off until Dec. 23. If all Defendants will not agree to that, then we will proceed with Extreme tomorrow and let the Court know that both Brocade and Broadcom refused to participate on the grounds that they claim to have not yet appeared in the case.

Regardless of whether the conference is tomorrow or Dec. 23, we can still have a call tomorrow at 10am to discuss Defendants' contemplated motions to dismiss/etc.

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Saturday, December 12, 2020 6:52 PM
**To:** Weber, Olivia <oweber@irell.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Werner, Tom <TWerner@irell.com>
**Subject:** RE: Production form stipulation (SNMPRI et al. v. Broadcom et al.)

Olivia,

We agreed to the date of the 26(f) conference when the response date was December 8. I actually don't recall other cases where I have participated in 26(f) conference before any responsive pleading had been filed. I've definitely never had anyone insist on it, although I'm sure there are various scenarios where that could happens. Since we are only talking about the difference of a week, I don't understand the resistance. I appreciate your willingness to stipulate that you will not assert waiver based solely on Broadcom's participation in the 26(f) conference, but I'm not sure that eliminates the risk that a court could not find waiver on its own. I'm happy to consider any support you have on this as I'm not trying to be difficult. Putting aside the lack of responsive pleadings and waiver issues, a week is not going to make much of a difference to us either. Below are a couple of cases discussing the various activities that could constitute waivers. King specifically references a 26(f) meeting of counsel. There are district court cases discussing waiver and Rule 26(f) conferences in various contexts as well. We would obviously argue they are distinguishable and there is no waiver under the facts here, but we don't want to take on

needless risk either.  Also, to be clear, the improper venue defense applies to all defendants, not just Broadcom.  Regarding Rule 16(b), from what I could tell, the language of Rule 16(b) in 1993 and 2015 appears to be the same other than the number of days.  There is no reason to believe "appeared" would not have the same meaning.  But again, if you have seen cases discussing this and coming to a different conclusion, I am happy to consider them.  I looked, but saw nothing suggesting that is the case.  But the point is not to get into an argument about whether the date should be December 18 or early January.  Rather, there is a good faith reason to believe the conference does not need to take place before January.  Given that, in the grand scheme of things, why is it a big deal to push this off a week so that we can have the conference after defendants have filed their responsive pleadings and the parties can have a more meaningful conference?  We have our office holiday party (virtually) in 15 minutes, so I apologize if I do not return emails immediately.  Again, there is no game being played here – it's just a week.

Gerber v. Riordan, 649 F.3d 514 (6th Cir. 2011).
King v. Taylor,  694 F.3d 650 (6th Cir. 2012)


**Alison Plessman**

**HUESTON HENNIGAN LLP**

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Saturday, December 12, 2020 2:49 PM
**To:** Alison Plessman <aplessman@hueston.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com; twerner@irell.com
**Subject:** RE: Production form stipulation (SNMPRI et al. v. Broadcom et al.)

Alison,

Broadcom already agreed to tomorrow's conference (see attached email).  Moreover, the Rule 26(f) conference is not held in abeyance until all Defendants answer or move to dismiss (a deadline Broadcom and Brocade have asked to extend two times).  I am sure you regularly participate in these conferences as a defense counsel, including by identifying anticipated defenses, before motions or answers are filed.   The 1993 comment is irrelevant.  The 2015 comment expressly provides:  "The time to issue the scheduling order is reduced to the earlier of 90 days (not 120 days) after any defendant has been served, or 60 days (not 90 days) after any defendant has appeared."  Neither the operative rule nor the most recent comment treats a "Notice of Appearance" as anything less than an appearance.  Indeed, Defendants have not only filed "Notices of Appearance," they have also sought and received affirmative relief from the Court in the way of a second extension of time.  You cannot secure relief from Court without appearing.

Consequently, if either Broadcom or Brocade refuses to participate in the already-agreed-to Rule 26(f) conference tomorrow, we will proceed with Extreme, and then we will notify the Court that Broadcom and/or Brocade refused to participate.  Also, I notice that Brocade has not referenced any jurisdictional defenses.  And to the extent Broadcom truly is concerned about waiver via participating in the conference, Plaintiffs will agree not to assert any waiver of Broadcom's personal jurisdiction defense based solely on Broadcom's participation in tomorrow's conference.

In regard to the meet and confer to discuss Broadcom's motion, Plaintiffs agree to having the meet and confer immediately after the Rule 26(f) conference tomorrow.

Please provide us with the Sixth Circuit authority you reference below, and please let us know by 5pm today whether Broadcom and/or Brocade are still refusing to proceed with the already-scheduled Rule 26(f) conference tomorrow. Also, please be advised that Plaintiffs oppose any attempt to stay discovery.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Saturday, December 12, 2020 10:26 AM
**To:** Weber, Olivia <oweber@irell.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Werner, Tom <TWerner@irell.com>
**Subject:** RE: Production form stipulation (SNMPRI et al. v. Broadcom et al.)

Thanks, Olivia. We are currently planning to move to dismiss for lack of personal jurisdiction over Broadcom, improper venue, and for failure to state a claim. After looking into Sixth Circuit law, we are concerned that our participation in a Rule 26(f) conference, particularly before we have even filed a motion to dismiss or answer, could be construed as a waiver of jurisdictional defenses. Moreover, as the parties are supposed to discuss the nature of the parties claims *and defenses* at the Rule 26(f) conference as well as the subjects for discovery, it is premature to do so before we have filed a responsive pleading. Thus, we would like to postpone the Rule 26(f) conference until after we have filed our responsive pleading. Matt mentioned in his earlier email that the deadline for the Rule 26(f) conference is 12/18. The advisory committee notes to Rule 16, however, indicate that the defendant first appears for purposes of the rule by answer or motion under rule 12. I haven't seen anything stating otherwise, so it would seem the conference does not need to take place until early January.

Furthermore, we believe that discovery should be stayed pending resolution of our motion to dismiss under the circumstances here because the motion could be case dispositive with respect to some or all of the parties. Even if the motion is not case dispositive for all parties and/or claims, the scope of discovery could vary significantly. We would like to schedule a meet and confer to discuss our motion to dismiss and the reasons we believe a stay is warranted. I'm happy to do it tomorrow when we were going to confer pursuant to rule 26(f), but I can also do it next week if you would rather have your Sunday back.

Thanks,
Alison


**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com

Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, December 11, 2020 4:40 PM
**To:** Alison Plessman <aplessman@hueston.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com; twerner@irell.com
**Subject:** Production form stipulation (SNMPRI et al. v. Broadcom et al.)

Counsel,

In advance of our Rule 26(f) call on Sunday, attached for your consideration is a proposed stipulation regarding the form of document production.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

-------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================