# Exhibit C

# Weber, Olivia

**From:** Weber, Olivia
**Sent:** Wednesday, January 13, 2021 4:53 PM
**To:** Alison Plessman; jordan.feirman@skadden.com; Salvatore Bonaccorso; john.neukom@skadden.com
**Cc:** Ashley, Matt; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Alison,

Defendants are seeking to stay all discovery, not resolve some objection over a particular response or to preserve a privilege. So whether they call it a protective order motion or a motion to stay, they are seeking the same thing. "Simple logic" teaches that Defendants have no right to ignore their discovery responsibilities (which are automatically triggered by the requests) while that motion is pending. *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery ... it need no longer obey basic discovery rules.... Simple logic teaches that ... unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."). Otherwise, ignoring Defendants' discovery obligations would equate to Defendants granting themselves an interim stay in advance of the court's ruling on a motion to stay (whether called a motion for a protective order or a motion to stay). *See, e.g.*, *Ross v. City of Memphis*, 02-2454 MI/AN, 2005 WL 8157421, at *2 (W.D. Tenn. Jan. 13, 2005) (observing that "the mere act of filing a motion for protective order does not relieve a party" of its discovery obligations unless and until a court order excuses compliance with those obligations); *HRC-Hainan Holding Co., LLC v. Yihan Hu*, 19-MC-80277-TSH, 2020 WL 1643786, at *2 (N.D. Cal. Apr. 2, 2020) (same). The Committee Notes to Rule 37(d) are in accord: "it should be noted that the filing of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect." If Defendants have authority holding otherwise, please provide it. In any event, we made our position clear below that Plaintiffs intend to seek all remedies, rights and sanctions if Defendants proceed as they have stated they will. Defendants thus proceed at their own informed risk.

As for Defendants' purported "alternative" request for a 30-day extension, your email confirms what we expected. Defendants are not planning to use that 30 days to work on discovery responses, but instead are using it to delay work until they see "the status of the pending motions." In other words, the "alternative" relief is not alternative at all: Defendants simply plan to wait 60 total days and if there is no ruling on their motion to stay, provide responses that simply object and/or refer to their motion to stay (or for a protective order). That has nothing to do with the holidays. We asked for a simple commitment that, if the 30-day extension is granted, Defendants would begin their discovery work now and continue it diligently during the requested 30 days, and that Defendants would provide substantive responses. Your email just ignores that request. We will not grant a 30-day "extension" just so Defendants can do no discovery work and wait for a ruling on their planned motion to stay/motion for a protective order.

Also, Defendants have now on multiple occasions mentioned a proposed trial date two years out. The parties collectively proposed that to the Court because we collectively agreed that there is extensive discovery to do. *See* Joint Report of Rule 26(f) Planning Meeting, Dkt. 46 at 4 ("The parties reasonably believe that a significant volume of material may need to be searched . . . the parties have agreed that to afford adequate time to complete this process, the matter will take longer to be ready for trial than the standard 18 months from the filing of the Rule 26(f) report that this Court typically expects."). Now, Defendants are trying to stall that admittedly extensive discovery. That makes no sense.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, January 12, 2021 4:29 PM
**To:** Weber, Olivia <oweber@irell.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Olivia –

We are not aware of authority requiring a party to respond to discovery requests while a motion for a protective order is pending as that would render the motion pointless. See, e.g. FRCP 37(d)(2) ("unless the party failing to act has a pending motion for a protective order under Rule 26(c)"). But we are happy to consider any authority you believe supports your position. We are simply trying to avoid going through the exercise of serving objections stating that the motion for a protective order is pending. Moreover, while you keep suggesting the December 26 timing of your discovery requests was justified because the 26(f) conference was moved by one week, the move only meant that your requests were served during the holidays instead of immediately before them. We would have needed more time to respond either way. Given the proposed two-year timeline for any potential trial, we do not see why a short extension while the motion for a protective order is pending will cause any prejudice. ==As I indicated in my email, if you would prefer to extend the response date for only 30 days, the nature of our responses and/or objections will depend on the status of the pending motions, but the extension will at least increase the likelihood that you will receive meaningful responses if warranted as opposed to only objections.== Also, regarding your note regarding Brocade's and Extreme's positions, we have already discussed that the motion to stay and for a protective order is equally applicable to them in light of their dispositive motions to dismiss and improper venue defenses.

Best,
Alison


**Alison Plessman**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, January 12, 2021 8:45 AM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Alison,

Rather than promoting efficiency, Defendants' proposals are attempts to inappropriately delay work on discovery for two months. At the very least, under Defendants' proposals there would be no discovery responses, and apparently no work on them either, during the standard 30 days as well as an additional 30 days. This contemplated course of action is particularly troubling for Brocade and Extreme, who have not even asserted a jurisdictional argument. (Note also that the Rule 26(f) conference was moved from Dec. 13 to Dec. 23 at Broadcom's unilateral refusal to participate until Dec. 23. Plaintiffs waited to serve discovery for three days thereafter as a professional courtesy.)

In addition, your email below indicates that Defendants will proceed as if the Court has already granted the contemplated stay motion in light of your statement that we will not receive the responses we "are looking for" if Defendants respond prior to the Court ruling on their planned motion to stay. This is improper. If Defendants proceed as you have indicated, please be aware that Plaintiffs will pursue all available rights, remedies and sanctions, including but not limited to a ruling that all objections are waived and that all requests for admissions are deemed admitted.

Can you please also clarify whether Defendants are asking for the "alternative" request of 30 additional days because they need that additional time to work on the actual responses in order to give substantive responses and provide document production (even if not the full production)? If so, then we will consider that request assuming Defendants can give us reasonable assurances that it truly is the case—i.e., that Defendants are working diligently right now to respond, will continue to work diligently through the extension, and will provide substantive responses regardless of their motion (without waiving any rights as to additional discovery). However, what you state below indicates that Defendants do not intend to do real work on discovery if granted an extension but instead intend to simply stand on their contemplated motion to stay indefinitely until the Court rules on Defendants' motion to stay. Please let us know if we have misinterpreted Defendants' position.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Monday, January 11, 2021 6:33 PM
**To:** Weber, Olivia <oweber@irell.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Olivia,

Sorry, I meant to send this earlier today. I spoke with Jordan. We believe the most efficient way to proceed would be to extend the deadline to respond until after the court rules on the motion for a protective order and stay since you will not receive the responses you are looking for during that time period anyway. Alternatively, if you do not want to leave the extension open ended, we would propose extending the response date at least by thirty days. Even if dispositive motions were not pending, we would still not be in a position to respond to your requests by the current response date and would be seeking an extension. And there is a chance the court will have resolved the motion for a protective order and stay before the new response date. Since the requests were served over the holidays and the trial date proposed in the 26(f) report is almost two years away, we believe a modest extension to the response date to avoid inefficiencies and unnecessary cost is reasonable. Please let us know whether you will agree to an extension while the motion for a protective order and stay is pending or, alternatively, to a thirty-day extension.

Thanks,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, January 8, 2021 3:50 PM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Alison and Jordan,

Just to be sure we completely understand your extension requests that we discussed on our call today, can you please reduce them to writing? I don't want there to be anything lost in translation when I discuss them with SNMP.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, January 6, 2021 6:00 PM
**To:** Weber, Olivia <oweber@irell.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Olivia,

I only speak for my clients (Broadcom and Brocade). Your changes to footnote 1 look fine to us. You have authority to sign and file on behalf of Broadcom and Brocade.

With respect to the other issues, we have always maintained that venue is improper for all Defendants because the court lacks personal jurisdiction over Broadcom, as set forth in our motion to dismiss. And our concerns that you will argue waiver if we agree to participate in discovery (which are now confirmed to be well founded) apply equally to Defendants' venue and personal jurisdiction defenses. We made clear at the very beginning of the 26(f) conference that we were not waiving any defenses by participating in the conference and you confirmed. So, I don't understand your statement that we never discussed these issues during the 26(f) conference.

In any event, even though we believe discovery should be stayed, we nevertheless proposed a reasonable compromise that would avoid the need for motion practice and allow discovery to proceed without presenting an undue risk of you arguing waiver. The fact that you will not agree that our engaging in discovery does not constitute a waiver confirms why discovery must be stayed. We aren't asking you to waive other objections to any discovery we may serve in a vacuum, we are asking you to confirm that you will not argue waiver based on the mere fact we have propounded discovery – just as you have agreed for the Joint 26(f) report and initial disclosures. But we understand your position and will proceed accordingly.

Best,
Alison


**Alison Plessman**
_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, January 6, 2021 4:57 PM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Alison,

Please let us know on which Defendants' behalf you are speaking.

We have accepted all of your proposed changes to the Rule 26f report and made some changes to footnote 1. If Defendants are fine with those changes, please have each Defendant give us authority to sign and file.

As for the remainder of your email, no one is forcing any Defendant to agree to "one-sided" discovery. Each Defendant is free to make its own strategic choice as to whether it seeks discovery, which discovery it seeks, and when it seeks that discovery. There is no requirement under the Federal Rules or local rules or any standing order of which we are aware that requires Plaintiffs to "waive" potential future arguments in a vacuum just so that Plaintiffs can obtain responses to discovery that are mandated by the Federal Rules. Indeed, as we noted below, and Defendants have not disputed, <u>Brocade and Extreme have not even made a jurisdictional challenge</u> and never raised any of these purported issues when we discussed discovery at the Rule 26f conference on December 23. Ultimately, if any Defendant or all three Defendants "seek a stay and/or other guidance from the Court," it is not because they are being "forced" to do anything by Plaintiffs. That, too, is Defendants' own strategic litigation choice. As we have stated before, Plaintiffs will oppose any motion to stay discovery.

Please let us know if our response has mooted Defendants' request for an extension. Otherwise, we are happy to respond to your questions regarding the extension.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, January 6, 2021 2:23 PM
**To:** Weber, Olivia <oweber@irell.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Olivia –

Our edits to the Joint Report are included in the attached. Since you indicate below you will not argue that the filing of the Joint Report and provision of initial disclosures constitutes a waiver of Defendants' asserted defenses, including lack of personal jurisdiction and improper venue, we will agree to file/serve those, but by doing so we are not agreeing that discovery should otherwise proceed while Defendants' motions are pending. We will not agree to one-sided discovery

where we are required to respond to your discovery but where you argue waiver if we propound our own. This is exactly the situation we were trying to avoid and your position confirms one of the reasons why a stay of discovery is warranted. If this continues to be your position, we will be forced to seek a stay and/or other guidance from the court. I hope you will reconsider.

Regarding our request for an extension, it may be moot if we need to move to stay discovery. If we are able to reach agreement with respect to the above issues, however, we will of course endeavor in good faith to provide substantive responses where warranted. Given the early stage of this litigation and our investigation, and the scope and nature of your requests and our ongoing review of them, we cannot guarantee that a substantive response is possible or warranted for each request or that we will be in a position to start producing documents on February 24, 2021. As you know, the parties do not yet have a protective order or ESI protocol in place, and document collection, review, and production will take some time. Please confirm that you were expressing your desire for substantive responses and documents but not making that a condition for the extension.

Thanks,
Alison


**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, January 5, 2021 6:10 PM
**To:** jordan.feirman@skadden.com; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Jordan and Alison,

Only one Defendant, Broadcom, has asserted a jurisdictional challenge, and this is the first we have heard that either Brocade or Extreme is allegedly concerned that there will be a waiver of venue defenses based on submission of a joint 26f report, providing initial disclosures, or any of the other items enumerated in Alison's email. Indeed, we discussed all of these topics at the Rule 26f meeting, and the only concern raised was by Broadcom, and even then, Broadcom said it would review the law to see if there was any real concern.

In any event, if any Defendant intends to refuse to participate in the submission of the joint 26f report, the provision of initial disclosures, or responding to Plaintiffs' already-propounded discovery on the basis that it could lead to a waiver of asserted defenses (personal jurisdiction and venue on Broadcom's part; venue only on Extreme's and Brocade's part), Plaintiffs will agree not to argue that submission of the joint 26f report, the provision of initial disclosures, or responding to Plaintiffs' already-propounded discovery constitutes a waiver of the asserted defenses. As for Defendants' propounding their own discovery, that is a strategic litigation choice that Defendants will make, and Plaintiffs will not waive any potential arguments related to it in advance (assuming there are any as to the asserted defenses), particularly given that no Defendant has identified the discovery requests that it intends to propound. If Defendants have any authority they would like us to consider on this issue, please identify it or send it to us, and we'd be happy to consider it.

With respect to Defendants' request for a 30-day extension on all discovery that Plaintiffs served (which we served on December 26 because Broadcom refused to conduct the Rule 26f meeting any time before December 23), we are willing to agree to it. However, we expect to receive substantive responses and documents (not just objections) on February 24, 2021. This is particularly important given that some of the discovery is relevant to a jurisdictional challenge. We would also appreciate reciprocation in the event Plaintiffs need additional time if and when Defendants serve discovery.

Best,

Olivia
(949) 760-5146

---

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Tuesday, January 5, 2021 3:29 PM
**To:** 'Alison Plessman' <aplessman@hueston.com>; Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

All,

Just to make sure it is clear, Extreme joins in these proposals as well.

Thank you,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | 10001
T: 212.735.3067 | F: 917.777.3067
jordan.feirman@skadden.com

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, January 5, 2021 6:22 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** [Ext] RE: Joint Report (SNMPRI et al. v. Broadcom et al.)

Hi Olivia,

Thanks for sending the draft 26(f) report. We are reviewing and will provide comments shortly. As you know, we have been considering filing a motion to stay discovery pending resolution of our motion to dismiss for several reasons. Although we believe a stay is warranted under the circumstances here, we are willing to forego such a motion if you will confirm that you will not argue that the Defendants have somehow waived their defenses (including their personal jurisdiction and improper venue defenses) by agreeing to proceed with discovery (including but not limited to filing the Joint 26(f) report, serving initial disclosures, or serving or responding to discovery requests) while Defendants' motions are pending. Will you confirm that you will not argue waiver should Defendants agree to engage in such discovery-related activities?

Also, given the scope and number of your discovery requests and the fact that you served them on December 26, we will need more time to respond. Will you please agree to a 30-day extension?

Thanks,
Alison

**Alison Plessman**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, January 4, 2021 11:11 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com; jordan.feirman@skadden.com
**Cc:** mashley@irell.com; jwood@emlaw.com; crice@emlaw.com
**Subject:** Joint Report (SNMPRI et al. v. Broadcom et al.)

Counsel,

I hope everyone had a nice holiday. I attach a draft Joint Report—please provide Defendants' edits by close of business tomorrow so that we can make corresponding revisions if necessary. We will file the Joint Report on January 6.

Please also let us know whether we have permission to add Defendants' names and counsel's signatures to the attached form indicating non-consent to the magistrate judge.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================