# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC. <br> BROCADE COMMUNICATIONS SYSTEMS LLC <br> EXTREME NETWORKS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:20-cv-00451 <br> ) <br> ) <br> ) <br> ) <br> ) |

**RULE 26(a)(1) INITIAL DISCLOSURES OF
SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.**

Come now Plaintiffs, SNMP Research, Inc. and SNMP Research International, Inc. (herein collectively "Plaintiffs"), by and through the undersigned counsel, and submit these Initial Disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Plaintiffs do not concede the relevancy of any information contained in and/or derived from these Initial Disclosures. These disclosures are submitted without waiver of any applicable privilege or protection from disclosure, such as the attorney-client privilege and the attorney work-product doctrine. Plaintiffs reserve the right to object, on any and all grounds, to any discovery request relating to the subject matter of these disclosures, and to the use of these disclosures at any time. No disclosure made herein is intended as, or should be construed as, a waiver or admission of any kind.

Plaintiffs make these initial disclosures on the basis of the information reasonably available to them at the present time. Given the early stage of this action, Plaintiffs' investigation is preliminary and ongoing. Plaintiffs make these initial disclosures without waiving their right to use or rely on subsequently discovered information or any information omitted from this disclosure

by inadvertence, mistake, or any other reason. Plaintiffs anticipate that, as this action proceeds, further information may be discovered or otherwise obtained, and/or the significance of known information may be better understood. Plaintiffs reserve the right to amend, supplement, retract, or otherwise modify these disclosures and to present additional evidence to support their claims with any filing or during any proceeding in this action, including at trial. Plaintiffs specifically reserve the right to utilize witnesses and documents which are later identified and disclosed pursuant to Rule 26(e).

Whether or not identified herein expressly, Plaintiffs also reserve the right to use any documents and witnesses disclosed by Defendants in this case.

# INITIAL DISCLOSURES

**I. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) (the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment):**

To date, Plaintiffs have identified the following individuals who may have discoverable information that Plaintiffs may use to support their claims and defenses in this case. These disclosures do not include expert witnesses, who will be identified at a later date in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

In making these disclosures, Plaintiffs do not waive their right to object to discovery of information from any of these individuals, including by deposition or otherwise, or based on the attorney-client privilege, work product protection, or any other privilege, protection, or immunity. Plaintiffs reserve the right to supplement these disclosures as they deem appropriate, including by adding or withdrawing individuals as potential witnesses or by supplementing the information provided about any individual.

Plaintiffs do not consent to or authorize any communications with their current or former employees, consultants, or agents that are prohibited by applicable rules of professional conduct, invade areas of privilege, or are outside the discovery methods provided for in the Federal Rules of Civil Procedure.

At this preliminary stage of the case, Plaintiffs anticipate that the following individuals may have discoverable information about, inter alia:

1. **Dr. Jeffrey D. Case**, President, SNMP Research International, Inc. and SNMP Research, Inc., Contact through counsel. Potential Subjects: Plaintiffs' software and copyrights at issue; Plaintiffs' business practices relevant to the software and copyrights at issue; Plaintiffs' corporate operations; Plaintiffs' relationship with Defendants; Plaintiffs' License Agreement with Brocade Communications Systems LLC ("Brocade"), including Brocade's breach and

subsequent events; Defendants' copyright infringement; and damages. The SNMP standard and development of the standard. SNMP's use in the market.

2. **Steve Blizzard**, Director of Sales, SNMP Research International, Inc., Contact through counsel. Potential Subjects: Plaintiffs' business practices relevant to the software; and Plaintiffs' relationship with Defendants.

3. **David Reid,** Engineering Team Leader, SNMP Research, Inc., Contact through counsel. Potential Subjects: Plaintiffs' business practices relevant to the software and copyrights at issue; and Plaintiffs' software and copyright registrations at issue.

4. Employees and agents of the Defendants, including but not limited to the following whom Plaintiffs believe have knowledge of facts concerning this action:

    a. For Defendants Broadcom Inc. and Brocade: Philip Blum; Shekhar Kalyanam; Patrick Nguyen; Simone Yew; Ricky Chun; Martin Skagen.

    b. For Defendant Extreme: Tara Flanagan, Paul Segalini, Janet Miller, Jennifer Sipes, Peter Lam, and Larry Fliterer.

Plaintiffs also identify and incorporate herein all witnesses listed or called by another party, although not listed here, including specifically, representatives of Defendants and any expert, and/or person(s) who have knowledge of any facts at issue in this case, and all witnesses identified through discovery.

**II. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) (a copy--or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment):**

Pursuant to Rule 26(a)(l)(A)(ii), and based upon presently available information, Plaintiffs may use relevant documents in their possession from the following categories to support their claims. Plaintiffs reserve the right to identify and use documents from additional categories. Not all documents that come within the categories listed below will be admissible or discoverable, for

example, because of privilege, work product protection, relevance, undue burden, confidentiality, or other valid objections. Plaintiffs reserve the right to object to the admission or production of any document on the basis of privilege, work product protection, relevance, undue burden, confidentiality, or any other valid ground. Plaintiffs disclose the following categories of documents that may be used to support Plaintiffs' claims and contentions in this case, which are in the possession, custody or control of the Plaintiffs and/or are believed to be in the possession, custody or control of the Defendants or any of them:

   a. Plaintiffs' copyrights;
   b. Plaintiffs' contracts with Defendants;
   c. Correspondence regarding Brocade's breach of contract;
   d. Correspondence regarding Defendants' use of Plaintiffs' software;
   e. Contracts between the Defendants;
   f. Documents related to Defendant Brocade's sale of assets to Defendant Extreme Networks, Inc.;
   g. Documents showing revenue and costs of Defendants' products that contain Plaintiffs' software;
   h. Plaintiffs' software;
   i. Defendants' software that contains Plaintiffs' software;
   j. The license agreement between SNMP Research International, Inc. and Brocade.
   k. Any and all documents referenced in any of the pleadings or attached as exhibits to any of the pleadings in this case;
   l. Any and all documents identified by any Defendant in its written disclosures, its responses to written discovery, or in any exhibit list exchanged or filed in this matter.

This disclosure is based on the information reasonably known to Plaintiffs and in their possession, custody or control (or believed to be in Defendants' possession, custody or control) at this time, as well as Plaintiffs' present analysis of the case. This disclosure is not a representation that additional documents do not exist. Accordingly, Plaintiffs expressly reserve the right to amend, supplement, or modify this disclosure, and reserve the right to use and rely on documents produced by Defendants or third parties in this action to support Plaintiffs' claims.

**III. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) (a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered):**

Plaintiffs seek all available monetary damages and remedies for Brocade's breach of contract. Plaintiffs further seek all available monetary damages and remedies for Defendants' infringement. Plaintiff is in the process of determining its damages and will seasonably supplement when this information is available.

In addition to monetary damages, Plaintiffs seeks all other available remedies for the harm caused by Brocade's breach and all Defendants' infringement, including without limitation injunctive relief-based harm not fully compensable by monetary damages, prejudgment interest and post-judgment interest, enhanced damages for willfulness, and an award of attorneys' fees and costs.

**IV. Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv) (for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment):**

Plaintiffs are not currently aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

reimburse for payments made to satisfy the judgment.

**Respectfully submitted this 6th day of January, 2021.**

By: */s/ John L. Wood*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 6th day of January, 2021, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

                                      /s/  *Olivia L. Weber*