# EXHIBIT H

# SNMP Research, Inc.'s First Set of Requests for Production of Documents to Extreme Networks, Inc.
# Dated December 26, 2020

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., Plaintiffs, <br><br> v. <br><br> Broadcom Inc. <br> Brocade Communications Systems LLC <br> Extreme Networks, Inc. <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> **Jury Demand** |

**SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO EXTREME NETWORKS, INC.**

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs SNMP Research, Inc. hereby demands that Defendant Extreme Networks, Inc. produce for inspection and copying at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, 30 days from the date of service of these Requests upon it, and to the extent necessary, continuing each day thereafter, the documents specified below.

## DEFINITIONS

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference.

2. The term "SNMP Research" means SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and

612493
1864177

1

representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them.

3. The terms "You," "Your," and "Extreme" means Extreme Networks, Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

4. The term "Brocade" means Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

5. The term "Broadcom" means Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

6. The term "License Agreement" shall mean the License Agreement, dated March 10, 2001, as amended, between Brocade Communications Systems LLC and SNMP Research International, Inc.

7. The term "SNMP Research Software" means any of the following: (i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme.

The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof.

8. The term "Source Code" means Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

9. The term "Derivative Work" means (i) any program or documentation in Source Code form or binary form which (A) has been or is developed by Extreme through the use of SNMP Research Software, or (B) includes any features, provisions, algorithms, or other portions of SNMP Research Software, or (ii) derivative works as defined in the Copyright Act.

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate Document within the meaning of this term.

11. "Communicate" or "Communication" shall mean any transmission of information by oral, graphic, written, pictorial, or other perceptible means, including, but not limited to, telephone conversations, letters, Documents, memoranda, notes, telegrams, facsimile transmissions, electronic mail, meetings, and personal conversations.

12. The unqualified term "Person" shall mean an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, business association, or governmental entity.

13. "Identify," "Identifying," or "Identity" means:

> a. When used in reference to a Person, to state his/her full name, present or last known address, present or last known telephone number, present or last known email address, present or last known place of employment and position held, and place of employment and position held at the time period covered by these Requests.

b. When used in reference to a Document, to state the date, author, type of Document (e.g., letter, memorandum, photograph, telegram, tape recording, email, etc.); the Person or Persons to whom either copies of it were sent, received, or otherwise distributed and their addresses or email addresses; and the present or last known location and custodian of the original of the Document and any copies thereof. If any such Document was, but is no longer, in Your possession or custody or subject to Your control, state what disposition was made of it, the date, by whom, and at whose direction;

c. When used in reference to a Communication, to state the type of Communication (e.g., letter, personal conversation, meeting, email etc.), and whether the Communication was oral or in writing. If the Communication was oral, state the date of the Communication, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the Identity of all other Persons present; if the Communication was written, produce the writing;

d. When used in reference to an act, fact, or event, to state the substance of the act or event, the date, time, and place of performance, and the Identity of the actor and/or all other Persons present;

e. When used in reference to an omission, to state the substance of the act which You contend should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act.

14. The term "Product" means each item that can be or has at any time been able to be separately ordered or distributed or provided as an updated to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services.

15. The term "Partner Product" means each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Extreme by such third party.

1864177

16. "Relates to" and "Relating to" means evidences, supports, connects, constitutes, contains, records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

17. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests for production any information or Document that might otherwise be construed to be outside its scope.

18. References to the plural shall include the singular; references to the singular shall include the plural.

19. References to the feminine shall include the masculine; references to the masculine shall include the feminine.

20. The requests below incorporate the above definitions without regard to the capitalization used in connection with the terms defined unless otherwise specified in each respective request.

## INSTRUCTIONS

1. These following requests for production shall be considered continuing, and You are to supplement Your answers in a timely manner in accordance with the requirements of Federal Rule of Civil Procedure 26.

2. In their motion to dismiss that Extreme joined, Brocade Communications Systems LLC and Broadcom Inc. represented that "Broadcom Inc. is a parent holding company and not a sales operating entity, and thus does not sell or engage in any product development containing the software at issue in this case . . . ." Dkt. 40-1 at 10. In all requests below which refer to Broadcom, the requests seek information that includes Broadcom Inc. as well as any entity that Broadcom Inc., as a purported "holding company," holds any interest, direct or indirect, and any

company which Broadcom Inc. serves as a direct or indirect "parent." When responding to any request in which a complete and truthful answer would encompass any such entity(ies), please include and Identify the entity(ies).

3. SNMP Research has proposed a stipulation regarding the form of document production. That proposed stipulation shall serve as the means by which SNMP Research has specified the form(s) of production of Electronically Stored Information for each of these requests under Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure. SNMP Research will in good faith attempt to reach agreement with You on the stipulation. Absent such agreement, You shall produce Documents in a form or forms in which they are ordinarily maintained or in a reasonably usable form.

4. If You contend that You are entitled to withhold from production any or all Documents requested herein on the basis of the attorney/client privilege, work-product or other grounds, Identify the nature of the Document(s), (e.g., letter or memorandum) the date for same, the author, and the Person to whom the Document was addressed; Identify each individual who has seen the Document, each individual who has received a copy of the Document and/or from whom the Document was received, and state the basis upon which You contend that You are entitled to withhold the Document from production.

5. Unless otherwise indicated, the time limits for each and every Document request included herein are from January 1, 2017 to the present.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

SNMP Research hereby requests that Extreme produce, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the following Documents for inspection and copying on the date and at the place previously specified.

**REQUEST NO 1:**

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**REQUEST NO 2:**

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

**REQUEST NO 3:**

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

**REQUEST NO 4:**

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

**REQUEST NO 5:**

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**REQUEST NO 6:**

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**REQUEST NO 7:**

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**REQUEST NO 8:**

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

**REQUEST NO 9:**

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**REQUEST NO 10:**

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

**REQUEST NO 11:**

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

**REQUEST NO 12:**

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

**REQUEST NO 13:**

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**REQUEST NO 14:**

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**REQUEST NO 15:**

All user guides, manuals, or other instructional Documents Relating to the Products Identified in response to Interrogatory number 1.

**REQUEST NO 16:**

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**REQUEST NO 17:**

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**REQUEST NO 18:**

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**REQUEST NO 19:**

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**REQUEST NO 20:**

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2. Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**REQUEST NO 21:**

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**REQUEST NO 22:**

All Communications concerning actual or potential use of SNMP Research Software in Extreme Products.

**REQUEST NO 23:**

All Communications concerning the actual or potential removal of SNMP Research Software from Extreme Products.

**REQUEST NO 24:**

All Communications concerning the actual or potential infringement by Extreme of SNMP Research Software.

**REQUEST NO 25:**

All Communications concerning SNMP Research or the SNMP Research Software.

**REQUEST NO 26:**

All Communications between Extreme and any third party concerning SNMP Research, the SNMP Research Software, or this litigation.

**REQUEST NO 27:**

All internal Communications at Extreme that Relate to any Communication received by SNMP Research concerning the License Agreement or alleged acts of infringement.

**REQUEST NO 28:**

All Documents reflecting the results of any searches of Extreme software for SNMP Research Software in Extreme Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

**REQUEST NO 29:**

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**REQUEST NO 30:**

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**REQUEST NO 31:**

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Extreme Product under the License Agreement or otherwise.

**REQUEST NO 32:**

Extreme's Document retention policy.

**REQUEST NO 33:**

All Documents Relating to the destruction of Documents within Extreme that may be relevant to the claims of SNMP Research.

**REQUEST NO 34:**

A copy of Your organization and governing Documents, including but not limited to any operating agreement and amendments to it.

**REQUEST NO 35:**

Copies of Your organizational and governing Documents, including but not limited to any operating agreement(s) or amendment(s) from October 1, 2017 to the present.

**REQUEST NO 36:**

Your financial statements, including but not limited to any balance sheets, income statements, or similar Documents, from October 1, 2017 to the present.

**REQUEST NO 37:**

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Extreme Products or Partner Products.

**REQUEST NO 38:**

All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Extreme Product.

**REQUEST NO 39:**

All financial Documents Relating to Extreme's profits and losses from October 1, 2017 continuing to the present.

**REQUEST NO 40:**

All financial Documents reflecting Your current assets, liabilities, and income.

**REQUEST NO 41:**

A copy of each and every Document which has an agreement for Extreme Products that contain SNMP Research Software under which Extreme placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**REQUEST NO 42:**

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**REQUEST NO 43:**

All Documents Relating to the disclosure, sale, or transfer of SNMP Software from Brocade or Broadcom to Extreme.

**REQUEST NO 44:**

All Documents that compute or discuss the value of the assets in the disclosure, sale, and/or transfer from Brocade or Broadcom to Extreme ("Extreme Sale"), including but not limited to computations or discussions of purchase price allocation.

**REQUEST NO 45:**

All Source Code disclosed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**REQUEST NO 46:**

All Documents and things that Extreme may seek to use at trial in this action.

**REQUEST NO 47:**

All Documents Relating to Broadcom sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**REQUEST NO 48:**

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**REQUEST NO 49:**

All Documents Relating to Broadcom's financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**REQUEST NO 50:**

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom Extreme.

**REQUEST NO 51:**

All Documents Relating to Broadcom's involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**REQUEST NO 52:**

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**REQUEST NO 53:**

All Documents constituting the March 29, 2017 "Purchase Agreement" entered into by You, including any amendments to it.

**REQUEST NO 54:**

All Documents Relating to the March 29, 2017 "Purchase Agreement" entered into by You.

**REQUEST NO 55:**

All Documents Relating to the October 3, 2017 "Consent Agreement" entered into by You.

**REQUEST NO 56:**

All Documents constituting the October 3, 2017 "Consent Agreement" entered into by You, including any amendments to it.

**REQUEST NO 57:**

All Documents Relating to the "Separate Sale Agreement" with Brocade, as referenced in the October 3, 2017 "Consent Agreement."

**REQUEST NO 58:**

All Documents constituting the "Separate Sale Agreement" with Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**REQUEST NO 59:**

All Documents Relating to the "Release" Identified in the October 3, 2017 "Consent Agreement."

**REQUEST NO 60:**

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**REQUEST NO 61:**

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**REQUEST NO 62:**

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**REQUEST NO 63:**

All Documents from January 1, 2017 to present Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**REQUEST NO 64:**

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**REQUEST NO 65:**

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's

acquisition and/or purchase of assets from Brocade as contemplated in the March 29, 2017 "Purchase Agreement" with Extreme.

**REQUEST NO 66:**

All Communications with Broadcom or Brocade Relating to the License Agreement.

**REQUEST NO 67:**

All Documents Relating to the "Data Center Business acquisition" Identified at page 43 of Extreme's 2020 Form 10-K.

Respectfully submitted this 26th day of December, 2020.

By: /s/ John L. Wood
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

Attorneys for Plaintiffs

SNMP Research International, Inc.

SNMP Research, Inc.

CERTIFICATE OF SERVICE

      I hereby certify that on this the 26th day of December, 2020, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

                                                                /s/  Olivia L. Weber_____