# EXHIBIT L

## Broadcom Inc.'s Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## BROADCOM, INC.'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides objections and responses to Plaintiff SNMP Research, Inc. ("SNMP") First Set of Interrogatories ("Interrogatory," "Interrogatories"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.     Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.

2.      By making the accompanying responses and objections to SNMP's Interrogatories, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses.   Moreover, by making the accompanying responses and objections to Plaintiffs' Interrogatories, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.   Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## **GENERAL OBJECTIONS**

The following general objections apply to all of the Interrogatories and are incorporated by reference into each specific answer as if fully set forth therein.  For particular emphasis, one or more of these general objections may be reiterated in a specific response.  The absence or inclusion

of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Broadcom reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Broadcom does not concede that any of the requested information is relevant or properly discoverable or admissible and reserves his right to object to discovery into the subject matter addressed in any information produced and to the introduction of such information into evidence.

1.     As SNMP is aware, Broadcom and co-defendants Brocade Communications Systems LLC ("Brocade") and Extreme Networks Inc. ("Extreme") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions to dismiss (ECF Nos. 38-40) that may dispose of the case entirely. This Joint Motion to Stay Discovery and for a Protective Order was necessary because Defendants' motion to dismiss, if granted, would dispose of all claims in the litigation and therefore render moot the discovery requests served by Plaintiffs, including these Interrogatories. The Joint Motion was also necessary in light of, *inter alia*, SNMP's scuttling of an agreement to extend Defendants' time to respond to the discovery requests by insisting that: (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses; and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced. Having been put in this predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Broadcom therefore objects to all of the Interrogatories on that ground.

2.     Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Interrogatories to the extent that it can do so without risking waiver or other prejudice, Broadcom hereby provides detailed objections to the Interrogatories. Accordingly, service of this document should not be construed as any waiver of any and all objections that Broadcom has to the propriety and timing of the Interrogatories, or to the relevance or admissibility of any information relating to the subjects covered by the Interrogatories.

3.     These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

4.     Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

5.     Broadcom objects to each Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to each Interrogatory relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

6.     Broadcom objects to each Interrogatory on the basis that this jurisdiction is an improper venue for this litigation.

7.     Broadcom objects to each Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

- 4 -

5876111

8.     Broadcom objects to each Interrogatory to the extent that the information sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9.     Broadcom objects to each Interrogatory to the extent it is compound and, as such, Plaintiffs have exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

10.     Broadcom objects to each Interrogatory to the extent it is vague, ambiguous, or overbroad.  Brocade responds to each Interrogatory as it reasonably interprets and understands the Interrogatory.  If SNMP subsequently asserts an interpretation of any Interrogatory that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

11.     Broadcom objects to each Interrogatory to the extent it is unduly burdensome and will cause Broadcom unwarranted annoyance, embarrassment or undue expense.

12.     Broadcom objects to each Interrogatory to the extent it requires Broadcom to produce information not in the possession, custody, or control of Broadcom.  Broadcom's responses and objections shall not be construed as representations regarding the existence or non-existence of information outside its possession, custody, or control.  Broadcom also objects to the Interrogatories to the extent they seek information that is public, already in the possession, custody, or control of, or is equally accessible to SNMP.

13.     Broadcom objects to each Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional

right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

14.     Broadcom objects to each Interrogatory as premature.  Broadcom has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

15.     Broadcom objects to each Interrogatory to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

16.     Broadcom objects to these Interrogatories to the extent they seek information protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial information.  Broadcom will not reveal such information where doing so would violate its privacy rights or the privacy rights of third parties or where such information is confidential and proprietary in nature.

17.     Broadcom objects to these Interrogatories to the extent they require Broadcom to reveal confidential, sensitive, and proprietary information, including but not limited to financial information, where the parties have not yet agreed to a protective order prohibiting the disclosure of such information to third parties and no such protective order has been entered by the Court.

18.     Broadcom objects to each Interrogatory to the extent it seeks a legal conclusion. Any response of Broadcom to an individual Interrogatory is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Interrogatory is accurate.

19.     Broadcom objects to each instruction, definition, and Interrogatory to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal

Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

20.     Broadcom objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them." This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Interrogatories impermissibly compound. It also seeks information that is unknown to Broadcom and therefore requires Broadcom to first seek discovery from Plaintiffs before it can answer the Interrogatories as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

21.     Broadcom objects to SNMP's definition of "You," "Your," and "Broadcom" as meaning "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Broadcom would be unduly burdensome. The definition also renders these

5876111

Interrogatories compound, nonsensical and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade.

22.     Broadcom objects to SNMP's definition of "Brocade" as including "predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Interrogatories compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

23.     Broadcom objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Broadcom.

24.     Broadcom objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. . . . The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Broadcom," "Source Code," and "Derivative Works," which in turn are

5876111

overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Interrogatories incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

25. Broadcom objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Interrogatories incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

26. Broadcom objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Broadcom by such third party." Interrogatories incorporating this definition are overbroad,

unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Broadcom further objects to this definition as it incorporates SNMP's definitions of "Broadcom" and "SNMP Research Software," which Broadcom has previously objected to.

27. Broadcom objects to the Interrogatories to the extent that they seek "all" information sought in a particular Interrogatory, failing to describe the information being sought with reasonable particularity.

28. Broadcom objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking information that is not relevant or not proportional to the needs of the case.

29. Broadcom objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Broadcom to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition . . . date, by whom, and at whose direction" of documents that are not in Broadcom's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

30. Broadcom objects to the time period set forth in these Interrogatories as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where an Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Broadcom incorporates into each Response below each of the foregoing General Objections in full. Subject to and without waiving the foregoing General Objections, Broadcom sets forth its specific responses and objections below.

## INTERROGATORY NO. 1:

Identify all Broadcom Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update. This includes any Broadcom Products that have ever at any time fit the above description, whether in current distribution or not. For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," "Identify," and "SNMP Research Software," the vague and undefined term "associated with," the unlimited time period, and the categories required to be identified. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The

Case 3:20-cv-00451-CEA-DCP   Document 60-14   Filed 02/15/21   Page 12 of 53   PageID #: 1551
5876111

Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 2**:

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**RESPONSE TO INTERROGATORY NO. 2**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory No. 1, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Partner Products" and "Identify," and SNMP's definitions of "Broadcom" and "SNMP Research Software" that are incorporated in the definition "Partner Products," the vague term "associated with," the unlimited time period, and the categories required to be identified. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting an investigation of such broad scope of third-party Products under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's

possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

5876111

**INTERROGATORY NO. 3**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

**RESPONSE TO INTERROGATORY NO. 3**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "Partner" Products," and "SNMP Research Software," "Identify," and the vague undefined terms "associated with," "SNMP Research Products," and "release numbers." Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

5876111

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 4**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**RESPONSE TO INTERROGATORY NO. 4**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects

to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "Partner Products," "SNMP Research Software," "Identify," and "Persons," the numerous undefined and vague terms in this Interrogatory, the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 5**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Broadcom customer, partner, or other third party who received each Broadcom Product, which Broadcom entity sold or distributed the Broadcom Product to the customer or partner, and the quantities of each Product received by quarter for the period January 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 5**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," "Identify," the undefined and vague terms in this Interrogatory, and the number and types of categories required to be identified. Broadcom also objects that this Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further

5876111

objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 6**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from January 1, 2017 to the present, including, but not limited to: (1) any internal bookkeeping or financial analysis of any kind in which Broadcom keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**RESPONSE TO INTERROGATORY NO. 6**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory, and the number and types of categories required to be identified. Broadcom also objects that this Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by

the parties or entered by the Court.  Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties.  Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 7**:

Identify each and every Person who is or has been involved in any search for Broadcom Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**RESPONSE TO INTERROGATORY NO. 7**:

In addition to the Preliminary Statement, General Objections, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research

Software," "Person," and "Identify," the unlimited time period, the undefined and vague terms in this Interrogatory (including "involved in any search for" and "software system"), and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

5876111

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 8:

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Broadcom had a right to use SNMP Research Software in Broadcom Products, including but not limited to any particular Broadcom Product; and (2) payment obligations of Broadcom for the use of SNMP Research Software.

## RESPONSE TO INTERROGATORY NO. 8:

In addition to the Preliminary Statement, General Objections, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research Software," "Identify," the unlimited time period, the request for "all internal Communications" concerning "any discussion or Communication whatsoever," and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms and then listing all Communications would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to the extent this Interrogatory seeks a legal conclusion.

Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this

5876111

Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 9**:

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

5876111

**RESPONSE TO INTERROGATORY NO. 9**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory (including "any other Products or services" and "sold with or as a result of"), the unlimited time periods, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

**RESPONSE TO INTERROGATORY NO. 10**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague and overbroad terms in this Interrogatory (including "third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory

- 26 -

5876111

seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. It is beyond the scope of discovery for Broadcom to identify every third-party seller or reseller of its products and doing so would be unduly burdensome.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

5876111

**INTERROGATORY NO. 11**:

Identify all Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, and material description.

**RESPONSE TO INTERROGATORY NO. 11**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research Software," "Extreme," and "Identify," the undefined and vague terms in this Interrogatory (including "transferred, or otherwise disclosed to," "material code," and "material description"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory as it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12**:

Identify all contracts or agreements between Broadcom and all third parties to which Broadcom has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory numbers 1 or 2 or (ii) SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 12**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory (including "transferred" and "provided"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined

terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13**:

Identify all contracts or agreements between Broadcom and Brocade Relating to SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 13**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," and "SNMP Research Software," and "Identify," and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or

5876111

control and is in the possession, custody, or control of third parties. Broadcom further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14**:

Identify by date and amount Broadcom's profits, losses, any purchase price allocation, and/or other financial interests in connection with the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme. This interrogatory includes both direct and indirect profits, losses and/or financial interests.

**RESPONSE TO INTERROGATORY NO. 14**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Extreme," and "Identify," the vague and undefined terms in this Interrogatory (including "purchase price allocation" and "financial interests" and "in connection with the transfer" and "disclosure" and "or otherwise" and "was/is" and "direct and indirect profits"), the number and types of categories required to be disclosed, and the unlimited time period. Broadcom also object that this Interrogatory is unintelligible as it seeks "the date" of Broadcom's profits and other financial information. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

5876111

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 15**:

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**RESPONSE TO INTERROGATORY NO. 15**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Extreme," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "involvement in the transfer" and "disclosure" and "or otherwise" and "was/is" and "duration of Broadcom's involvement"), the number and types of categories

required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of

personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16**:

Describe Broadcom's involvement in Brocade's sale, production, disclosure, transfer, licensing, distribution, and/or creation of Products containing SNMP Research Software, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**RESPONSE TO INTERROGATORY NO. 16**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "Describe" and "Broadcom's involvement" and "production, disclosure, transfer, licensing, distribution, and/or creation" and "duration of Broadcom's involvement"), the number and types of categories required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly

5876111

broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

5876111

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 17**:

If Broadcom has ever acted as an agent for Brocade, either directly or indirectly, please Identify all instances in which this occurred, by date, event, geographic location, and include the Identity of the Persons through whom Broadcom acted.

**RESPONSE TO INTERROGATORY NO. 17**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade" and "Broadcom," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "agent" and "directly or indirectly"), the number and types of categories required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Broadcom objects to this Interrogatory because it seeks a legal conclusion as to the term "agent" and "directly and indirectly." Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory also seeks information that is irrelevant and not proportional to the needs of the case.

5876111

Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18**:

Describe Broadcom's direct or indirect involvement in marketing, advertising, selling, servicing, or distributing nationwide any Products containing SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 18**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," and "Products," the vague and undefined terms in this Interrogatory (including "Describe" and Broadcom's direct or indirect involvement" and "marketing, advertising, selling, servicing, or distributing nationwide"), the number and types of categories required to be disclosed, and the unlimited time period. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 19**:

With respect to all Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in Tennessee.

**RESPONSE TO INTERROGATORY NO. 19**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in this Interrogatory (including

"directly or indirectly involved," and "marketing, advertising, selling, servicing, or distributing in Tennessee"), the number and types of categories required to be disclosed. Broadcom further objects that this Interrogatory seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional

discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 20**:

With respect to all Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in the area encompassing all or part of the Eastern Grand Division of Tennessee, including but not limited to the University of Tennessee at Knoxville, Blue Cross Blue Shield of Tennessee, and Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including their contractors.

**RESPONSE TO INTERROGATORY NO. 20**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in this Interrogatory (including "directly or indirectly involved," and "marketing, advertising, selling, servicing, or distributing"), the number and types of categories required to be disclosed. Broadcom further objects that this

- 43 -

Interrogatory seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

- 44 -

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 21**:

Identify all Broadcom partners or distributors marketing, advertising, selling, or distributing Products containing SNMP Research Software in or to Tennessee. Please organize each answer by Tennessee Grand Division (Eastern, Middle, and Western).

**RESPONSE TO INTERROGATORY NO. 21**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in this Interrogatory (including "partners or distributors," and "marketing, advertising, selling, or distributing" and "in or to Tennessee"), the number and types of categories required to be disclosed, and unlimited time period. SNMP Research Software is broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature because under

the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Broadcom further objects that it imposes obligations on Broadcom that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division"). Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

5876111

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 22**:

Identify all Broadcom Inc. employees and agents who are located in or are found in Tennessee, along with a description of their Broadcom Inc. roles. Please organize each answer by Tennessee Grand Division (Eastern, Middle, and Western).

**RESPONSE TO INTERROGATORY NO. 22**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Broadcom objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom" and "Identify," the vague and undefined terms in this Interrogatory (including "employees and agents" and "located in or are found in Tennessee"), the number and types of categories required to be disclosed, and unlimited time period. Broadcom objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Broadcom objects to this Interrogatory because it seeks a legal conclusion as to the term "agent." Broadcom further objects that it imposes obligations on Broadcom that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division"). Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom

further objects to this Interrogatory as no protective order preventing the disclosure of confidential information has been agreed to by the parties or entered by the Court.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.


**INTERROGATORY NO. 23**:

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**RESPONSE TO INTERROGATORY NO. 23**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, overbroad, and unduly burdensome. Broadcom further objects that this Interrogatory imposes

obligations on Broadcom that are not required by the Federal Rules of Civil Procedure, local rules, or common law. Broadcom further objects that the term "contributed to" is vague, overbroad, and unduly burdensome. Broadcom further objects that this Interrogatory is inapplicable because Broadcom objected to each Interrogatory.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.


**INTERROGATORY NO. 24**:

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

**RESPONSE TO INTERROGATORY NO. 24**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Interrogatory as vague, ambiguous, compound, overbroad, and unduly burdensome. Broadcom further objects that this Interrogatory imposes

obligations on Broadcom that are not required by the Federal Rules of Civil Procedure, local rules, or common law. Broadcom further objects that the term "knowledge of the information" is vague, ambiguous, overbroad, and unduly burdensome, particularly when applied to "any" of the answers that are sought by all Interrogatories, each of which is grossly overbroad and seeks numerous categories of information. Broadcom further objects that this Interrogatory is inapplicable because Broadcom objected to each Interrogatory.

Broadcom further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Interrogatory as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Broadcom further objects to this Interrogatory as this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties of Plaintiffs.

Broadcom further objects as this Interrogatory is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Dated:  January 25, 2021                    HUESTON HENNIGAN LLP


                                           By: _____ */s/ Alison Plessman* _____
                                                Alison Plessman
                                                Attorneys for Defendants
                                                Broadcom Inc.
                                                Brocade Communications Systems LLC

5876111

CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of January, 2021, a true and accurate copy of the foregoing was served on counsel of record for Plaintiffs in this matter electronically.

By: _____*/s/ Alison L. Plessman*_____
Alison L. Plessman

5876111