# EXHIBIT P

## Brocade Communications Systems LLC's Responses and Objections to SNMP Research, Inc.'s First Set of Requests for Production

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

## AT KNOXVILLE

|  |  |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>     Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>     Defendants. | Case No. 3:20-cv-00451 |

---

## BROCADE COMMUNICATIONS SYSTEMS LLC'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

---

Defendant Brocade Communications Systems LLC ("Brocade"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides objections and responses to Plaintiff SNMP Research, Inc. ("SNMP") First Set of Requests for Production ("Request," "Requests," or "RFPs"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.    Brocade's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Brocade's right to rely on other facts or documents at trial. These responses and objections, while based on diligent inquiry and investigation by Brocade, necessarily reflect only

5876191

the current state of Brocade's knowledge, understanding and belief based upon the information reasonably available to Brocade at this time.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Brocade serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, by making the accompanying responses and objections to Plaintiffs' Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Brocade makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Brocade expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

5. This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## GENERAL OBJECTIONS

5876191

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Brocade reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Brocade does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1. As SNMP is aware, Brocade and co-defendants Broadcom Inc. ("Broadcom") and Extreme Networks Inc. ("Extreme") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions to dismiss (ECF Nos. 38-40) that may dispose of the case entirely. This Joint Motion to Stay Discovery and for a Protective Order was necessary because Defendants' motion to dismiss, if granted, would dispose of all claims in the litigation and therefore render moot the discovery requests served by Plaintiffs, including these Requests. The Joint Motion was also necessary in light of, *inter alia*, SNMP's scuttling of an agreement to extend Defendants' time to respond to the discovery requests by insisting that: (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses; and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced. Having been

put in this predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Brocade therefore objects to all of the Requests on that ground.

2.     Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Brocade hereby provides detailed objections to the Requests.  Accordingly, service of this document should not be construed as any waiver of any and all objections that Brocade has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

3.     These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility.  All objections and grounds are reserved and may be interposed at the time of trial.

4.     Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

5.     Brocade objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

6.     Brocade objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

- 4 -

7.      Brocade objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Brocade objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9.      Brocade objects to each Request to the extent it is compound.

10.      Brocade objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

11.      Brocade objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

12.      Brocade objects to each Request to the extent it is vague, ambiguous, or overbroad. Brocade responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Brocade's understanding, Brocade reserves the right to supplement its responses and objections thereto.

13.      Brocade objects to each Request to the extent it is unduly burdensome and will cause Brocade unwarranted annoyance, embarrassment, or undue expense.

14.      Brocade objects to each Request to the extent it requires Brocade to produce documents not in the possession, custody, or control of Brocade.  Brocade's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control.  Brocade also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of, or is equally accessible to SNMP.

- 5 -

5876191

15.     Brocade objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

16.     Brocade objects to each Request as premature. Brocade has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

17.     Brocade objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

18.     Brocade objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents. Brocade will not reveal such documents where doing so would violate its privacy rights or the privacy rights of third parties or where such documents are confidential and proprietary in nature.

19.     Brocade objects to these Requests to the extent they require Brocade to reveal confidential, sensitive, and proprietary information, including but not limited to financial information, where the parties have not yet agreed to a protective order prohibiting the disclosure of such information to third parties and no such protective order has been entered by the Court.

20.     Brocade objects to each Request to the extent it seeks a legal conclusion.  Any response of Brocade to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

21.     Brocade objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them."  This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound.  It also seeks information that is unknown to Brocade and therefore requires Brocade to first seek discovery from Plaintiffs before it can answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

22.     Brocade objects to SNMP's definition of "You," "Your," and "Brocade" as meaning "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding to discovery under this definition of Brocade would be unduly burdensome.  The definition also renders these

5876191

Requests compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

23.     Brocade objects to SNMP's definition of "Broadcom" as including "Broadcom Inc., predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding to discovery under this definition would be unduly burdensome.  The definition also renders these Requests compound, nonsensical, and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade Communications Systems LLC.

24.     Brocade objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding to discovery under this definition would be unduly burdensome.  It also seeks information outside the knowledge of Brocade.

25.     Brocade objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade,"

"Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

26. Brocade objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

27. Brocade objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Brocade by such third party." Requests incorporating this definition are overbroad, unduly

burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Brocade further objects to this definition as it incorporates SNMP's definitions of "Brocade" and "SNMP Research Software," which Brocade has previously objected to.

28. Brocade objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

29. Brocade objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

30. Brocade objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Brocade to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Brocade's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

31. Brocade objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents relating to Interrogatory number 1, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 1 are compounded by this Request, which seeks

5876191

"[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 2**:

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 2, which are incorporated herein by reference, Brocade objects to this

- 12 -

Request, which seeks "all" Documents "Relating to" Interrogatory number 2, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Partner Products" and "Identify," and SNMP's definitions of "Brocade" and "SNMP Research Software" that are incorporated in the definition "Partner Products," the request for "all Documents Relating to" without further specification," the overbroad time period, and the categories required to be identified in the Interrogatory. Under SNMP's definitions, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope of third-party Products under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 2 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the

extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 3:

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 through 3, which are incorporated herein by reference, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Partner Products," and "SNMP Research Software," "Identify," and the vague undefined terms "associated with," "SNMP Research Products," and "release numbers," and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as

premature as it requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 3 are compounded by this Request, which seeks "[a]ll Documens" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 4,, which are incorporated herein by reference, Brocade objects to this Request as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Partner Products," "SNMP Research Software," "Identify," and "Persons," the numerous undefined and vague terms in this Request, the overbroad time period, and the number and types of categories required to be identified by the Interrogatory. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 4 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been

agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 5, which are incorporated by reference herein, Brocade objects to

5876191

this Request as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," "Identify," "Relating to,"  the overbroad time period, and the number and types of categories required to be identified by the Interrogatory.  Brocade also objects that this Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  This Request as framed seeks information that is irrelevant and not proportional to the needs of the case.  Brocade further objects to this Request as premature as it requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Indeed, the problems with Interrogatory number 5 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court.  Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

5876191

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 6, which are incorporated herein by this reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 6, as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," "Identify," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. . Brocade also objects that this Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as premature as it requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 6 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 7, which are incorporated herein by this reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 7, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," "SNMP Research Software," "Person," "Identify," and "relating to," the vague term "associated with," the request for "all Documents Relating to" without further specification, the overbroad time period, the undefined and vague terms in this Interrogatory (including "involved in any search for" and "software system"), and the number and types of categories required to be identified by the Interrogatory. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 7 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order governing the use of confidential and proprietary information has been agreed to by the parties or entered by the Court.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 8</u>**:

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 8, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 7, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "Relating to," the request for "all internal Communications" concerning "any discussion or Communication whatsoever," and the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory.   Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Indeed, the problems with Interrogatory number 8 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court.  Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession,

custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 9**:

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 9, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 9, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," "Partner Products," "SNMP Research Software," "Identify," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of

the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 9 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

5876191

**REQUEST FOR PRODUCTION NO. 10**:

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 10, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 10, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," "Partner Products," "SNMP Research Software," "Identify," the other undefined and vague and overbroad terms in Interrogatory number 10 (including "third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product"), and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 10 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as

no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 11**:

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 11, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 11, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," "Identify," "SNMP Research Software," "Extreme," "Relating to," the undefined and vague terms in Interrogatory number 11 (including "transferred, or otherwise disclosed to,"

5876191

"material code," and "material description"), the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 11 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 12**:

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 12, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 12, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "Relating to," the other undefined and vague terms in Interrogatory No. 12 (including "transferred" and "provided"), the overbroad time period, the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 12 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 13**:

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 13, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 13, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade,"

5876191

"Products," "Identify," "SNMP Research Software," and "Relating to," the request for "all Documents Relating to" without further specification, and the overbroad time period. Interrogatory number 13 is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 13 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 14**:

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 14, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 14, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Extreme," "Identify," "SNMP Research Software," the other vague and undefined terms in Interrogatory number 14 (including "purchase price allocation" and "financial interests" and "in connection with the transfer" and "disclosure" and "or otherwise" and "was/is" and "direct and indirect profits"), and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Brocade also object that Interrogatory number 14 is unintelligible as it seeks "the date" of Brocade's profits and other financial information. Brocade objects that Interrogatory

number 14 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 14 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 15**:

All Documents Relating to SNMP Research's Interrogatory number 15, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 15, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 15, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "Extreme," the other vague and undefined terms in Interrogatory number 15 (including "involvement in the transfer" and "disclosure" and "or otherwise" and "was/is" and "duration of Broadcom's involvement"), and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Interrogatory number 15 is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 15 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related

entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 15 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections. Brocade further objects to this Request as duplicative and cumulative of Request for Production Nos. 18 and 57.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents Relating to SNMP Research's Interrogatory number 16, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 16, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 16, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," other vague and ambiguous terms in this Interrogatory (including "Describe" and "Broadcom's involvement" and "production, disclosure, transfer, licensing, distribution, and/or creation" and "duration of Broadcom's involvement"), and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under these definitions, Interrogatory number 16 is nonsensical, because SNMP has defined "Broadcom" to include "Brocade." SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 16 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with

Interrogatory number 16 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections. Brocade further objects to this Request as duplicative and cumulative of Request Nos. 18, 19, 20, 71, 74, 75, 76, 77.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 17</u>**:

All Documents Relating to SNMP Research's Interrogatory number 17, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 17, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 17, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "agent," "directly or indirectly," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Interrogatory number 17 is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Brocade objects because Interrogatory number 17 seeks a legal conclusion as to the term "agent" and "directly and indirectly." Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Indeed, the problems with Interrogatory number 17 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession,

custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 18**:

All Documents Relating to SNMP Research's Interrogatory number 18, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 18, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 18, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "indirect," "marketing," "advertising," "distributing," "servicing," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under these definitions, Interrogatory number 18 is nonsensical, because SNMP has defined "Broadcom" to include "Brocade." SNMP Research Software is similarly broadly

defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 18 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 18 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections. Brocade further objects to this Request as duplicative and cumulative of Request for Production Nos. 15, 16, 19, 20, 71, 74, 75, 76, and 77.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

5876191

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents Relating to SNMP Research's Interrogatory number 19, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 19, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 19, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "indirectly," "marketing, advertising, selling, servicing, or distributing in Tennessee," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Brocade further objects that Interrogatory number 19 seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. This Interrogatory is also nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 19 assumes facts that have not been proven by SNMP. Conducting a search

for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 19 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections. Brocade further objects to this Request as duplicative and cumulative of Request for Production Nos. 15, 16, 18, 20, 71, 74, 75, 76, and 77.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 20**:

All Documents Relating to SNMP Research's Interrogatory number 20, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 20, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 20, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "directly or indirectly involved," "marketing, advertising, selling, servicing, or distributing," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Brocade further objects that this Interrogatory seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. Interrogatory number 20 is also nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 20 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as

premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 20 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections. Brocade further objects to this Request as duplicative and cumulative of Request for Production Nos. 15, 16, 18, 19, 71, 74, 75, 76, and 77.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

5876191

**REQUEST FOR PRODUCTION NO. 21**:

All Documents Relating to SNMP Research's Interrogatory number 21, and Your answers and responses to the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 21, which are incorporated herein by reference, Brocade objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 21, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," "SNMP Research Software," "partners or distributors," "marketing, advertising, selling, or distributing" and "in or to Tennessee," and "Relating to," the request for "all Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified. SNMP Research Software is broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that Interrogatory number 21 assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. This Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 21 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Brocade only served objections.

Brocade further objects to this Request as duplicative and cumulative of Request Nos. 83 and 84. Brocade further objects that it imposes obligations on Brocade that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division."

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent this information is already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 22**:

All user guides, manuals, or other instructional Documents relating to the Products Identified in response to Interrogatory number 1.

5876191

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," "relating to," and "Identified," the vague and undefined terms "user guides, manuals, or other instructional Documents," the request for "all" such Documents without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 23**:

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of

- 48 -

"Products" and "Identified," the vague and undefined terms "all versions of software" and "firmware produced, used, distributed, or otherwise created," the request for "all" versions without further specification, and the overbroad time period. . . Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought

are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 24**:

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products" and "Identified," the vague and undefined terms "detailing," "release dates," "technical details," "downloads," "distribution," "use," and "each version."the request for "all" Documents without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly

defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 25**:

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product" and "Identified," the vague and undefined terms "all install images," "all versions," "software," and "firmware," the request for "all" install images without further specification, and the unlilmited time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the

scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 26**:

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," "Source Code," and "Identified," the request for "all" Source Code and "all" versions without further specification, the vague and undefined term "all versions," and the overbroad time period. Under SNMP's definitions incorporated into this Request through Interrogatory numbers 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number

1 and 2.  The problems with Interrogatory numbers 1 and 2 are compounded by this Request, which seeks additional information concerning Interrogatories that are already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.  Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 27</u>**:

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2.  Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure

Case 3:20-cv-00451-CEA-DCP   Document 60-18   Filed 02/15/21   Page 56 of 154   PageID #: 1963
5876191

manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, duplicative, and overbroad, particularly as to SNMP's definition of "You," "Product," "Source Code," and "Identified," the vague terms "authored," "each release," "native form," and "file structure and format," the request for "all Source Code" without further specification and regardless of whether it was authored by SNMP Research, and the overbroad time period. Under SNMP's definitions incorporated into this Request through Interrogatory numbers 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request seeks documents that are irrelevant and not proportional to the needs of the case.  Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Moreover, no Products were Identified in response to Interrogatory numbers 1 and 2.  The problems with Interrogatory numbers 1 and 2 are compounded by this Request, which seeks additional information concerning Interrogatories that

are already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Brocade only served objections.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 28**:

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product" and "Source Code," the vague term "build environment" and "instructions for building," the requests for the build environment for "all" Source Code without further specification, and the overbroad time period. . Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Source Code has been produced in response to these requests for production.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought

are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 29:

All Communications concerning actual or potential use of SNMP Research Software in Brocade Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," and "SNMP Research Software," the vague and undefined term "actual or potential use," the request for "all Communications" without further specification, and the overbroad time period.  Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which

are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 30**:

All Communications concerning the actual or potential removal of SNMP Research Software from Brocade Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," and "SNMP Research Software," the vague and undefined term "actual or potential removal," the request for "all Communications" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeksCommunications that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 31**:

All Communications concerning the actual or potential infringement by Brocade of SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "SNMP Research Software,"

the vague and undefined term "actual or potential infringement," the request for "all Communications" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 32**:

All Communications concerning SNMP Research or the SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research" and "SNMP Research Software," the vague term "concerning," the request for "all Communications" without further specification, and the overbroad time period. Under SNMP's definitions, SNMP Research is defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as

premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33**:

All Communications between Brocade and any third party concerning SNMP Research, the SNMP Research Software, or this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "SNMP Research," "SNMP Research Software," the vague terms "concerning" and "any third party" and "this litigation,"  the request for "all Communications" with  "any third party" without further specification, and the overbroad time period.  Under SNMP's definitions,.  Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case.  Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.  Brocade further objects to this Requests to the extent the documents sought

are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 34:

All internal Communications at Brocade that Relate to any Communication received by SNMP Research concerning breach of the License Agreement or alleged acts of infringement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "SNMP Research," and "Relate to," the vague and undefined terms "received by" and "concerning" and "alleged acts of infringement," the confusing and overbroad request for "all internal Communications" relating to "any Communication received by *Plaintiffs* concerning their own claims, and the overbroad time period. . Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly

defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 35**:

All Documents reflecting the results of any searches of Brocade software for SNMP Research Software in Brocade Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "SNMP Research," "Products," and "SNMP Research Software," the vague and undefined terms "protocols" and "findings and analysis" and "concerning,"and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 36**:

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's

definition of "Product," "Identified," "all Documents," and "Relating to," the vague term "revenue information," the overbroad time period, the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by those Interrogatories. Under SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request for "All Documents Relating to revenue information" is grossly overbroad, vague, not reasonably particular, and seeks information that is irrelevant to the claims and defenses in this action. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control

of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 37**:

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

In addition to the Preliminary Statement, General Objections, the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product," "Identified," and "Relating to," the vague term "profit and loss analysis," the overbroad time period, and the categories required to be identified by the Interrogatories. Under SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade.

Case 3:20-cv-00451-CEA-DCP   Document 60-18   Filed 02/15/21   Page 73 of 154   PageID #: 1980
5876191

The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request for "All Documents Relating to profit and loss analysis" is grossly overbroad, vague, not reasonably particular, and seeks information that is irrelevant to the claims and defenses in this action. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 38**:

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Brocade Product under the License Agreement or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," and "SNMP Research Software," the vague terms "concerning," "analysis," and "discussion," the overbroad request for "All Documents concerning any" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software

and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 39**:

Brocade's Document retention policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and

overbroad, particularly as to SNMP's definition of "Brocade," the vague term "retention policy," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 40</u>**:

All Documents Relating to the destruction of Documents within Brocade that may be relevant to the claims of SNMP Research.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Relating to," and "SNMP Research," the vague terms "that may be relevant to the claims" and "destruction" and "within Brocade," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Moreover, this Request does not specify any Documents for which SNMP believes destruction "may be relevant" to its claims.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

5876191

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 41**:

A copy of Your organization and governing Documents, including but not limited to any operating agreement and amendments to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Your," the vague terms "organization" and "governing Documents," and the overbroad time period. Under SNMP's definitions incorporated into this Request, "Your" is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and

proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 42**:

Copies of Your organizational and governing Documents, including but not limited to any operating agreement(s) or amendment(s) from October 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Your," the vague terms "organizational" and "governing Documents," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search of such broad scope under SNMP's defined and

undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.  Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 43**:

Your financial statements, including but not limited to any balance sheets, income statements, or similar Documents, from October 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Your," the vague terms "or similar Documents," and the overbroad time period. . Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. The Request is not tied to any claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 44**:

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Brocade Products or Partner Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Partner Products," and "SNMP Research Software," the overbroad request for "all," vague terms "advertising materials," "marketing materials," "brochures," "pamphlets," "other such Documents of any kind" "concerning," "discussing," and "the use," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession,

including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 45**:

All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Brocade Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Product," and "SNMP Research Software," the vague terms "financial analysis" and "benefit of use," the overbroad request for "all Documents containing" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control

of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 46**:

All financial Documents Relating to Brocades's profits and losses from October 1, 2017 continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Documents," and "Relating To," the vague term "All financial Documents" and "profits and losses," the overbroad request for "All financial Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not

proportional to the needs of the case. The Request is not tied to any claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 47**:

All financial Documents reflecting Your current assets, liabilities, and income.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and

overbroad, particularly as to SNMP's definition of "Your," the vague and overbroad terms "all financial Documents," "current assets," "liabilities," and "income," the overbroad request for "all financial Documents reflecting" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request is not tied to any claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 48**:

A copy of each and every Document which has an agreement for Brocade Products that contain SNMP Research Software under which Brocade placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Source Code," "each and every Document," "Relate," and "SNMP Research Software," the vague and undefined terms "placed Source Code into escrow" and "Document which has an agreement for" and "show the customers to which those agreements Relate" as used in this context, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source

code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.  Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 49**:

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

In addition to the Preliminary Statement, General Objections, the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," and "Identified," the vague terms "distribution Documents," "distributed," "transferred," and "otherwise disclosed," the vague and overbroad request for "all distribution Documents" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

5876191

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 50**:

All Documents Relating to any attempt by Brocade to cure breach(es) of the License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "Relating to," the vague and overbroad terms "any attempt to" and "cure breach(es)," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope

under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request also calls for a legal conclusion and assumes facts not proven by Plaintiffs.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## **REQUEST FOR PRODUCTION NO. 51**:

All Documents Relating to the disclosure, licensing, sale, or transfer of SNMP Software to Extreme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Extreme," "Documents," and "Relating to," the undefined term "SNMP Software," the vague terms "disclosure" and "transfer," the request for "All Documents Relating to" without further specification, and the overbroad time period. SNMP Research is defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Extreme is likewise broadly defined to include entities and individuals unknown to Brocade. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control

of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

.

**REQUEST FOR PRODUCTION NO. 52**:

All Documents that compute or discuss the value of the assets in the disclosure, licensing, sale, and/or transfer from Brocade to Extreme ("Extreme Sale"), including but not limited to computations or discussions of purchase price allocation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "all Documents," and "Extreme," the vague and overbroad terms "compute," "discuss," "value of the assets," "disclosure," "transfer," and "discussions," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Extreme is likewise broadly defined to include entities and

individuals unknown to Brocade. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 53**:

All Source Code disclosed, licensed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Source Code" and "Extreme," the vague and overbroad terms "disclosed" and "transferred" and "otherwise provided," the request for "All Source Code" without further specification and untied to the claims and defenses in this case, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Extreme is likewise broadly defined to include entities and individuals unknown to Brocade. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 54**:

All Documents and things that Brocade may seek to use at trial in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," the vague terms "and things" and "may seek to use." Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as a

5876191

trial date has yet to be set and the parties agreed to a trial date in November 2022, and Brocade will first need to examine information in the possession of Plaintiffs, including their software, source code, copyright registrations and deposits, and relevant communications, among other things. Discovery is in its preliminary stages. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 55**:

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade to Extreme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the vague and overbroad terms "sharing," "directly or indirectly," "from the transfer," "disclosure,"  "or otherwise," and "was/is in the possession of," and the overbroad time period.  Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The definition of Extreme is similarly overbroad.  The Request seeks documents that are irrelevant and not proportional to the needs of the case.  Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and

opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 56**:

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade Extreme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the vague terms "financial interest in the transfer," "disclosure," "or otherwise, and "was/is in the possession of Brocade," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade

further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

### REQUEST FOR PRODUCTION NO. 57:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade to Extreme.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the vague terms "Broadcom Inc.'s involvement,"

5876191

"disclosure," "in the transfer," "or otherwise," "was/is in the possession of," and "direct or indirect," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control

of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 58:

All Documents Relating to any agreements between Brocade and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Extreme," and "Relating to," the vague term "acquisition and/or purchase of assets," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed

seeks documents that are irrelevant and not proportional to the needs of the case. This Request also seeks a legal conclusion and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 59**:

All Documents Relating to the March 29, 2017 "Purchase Agreement" with Extreme.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and

overbroad, particularly as to SNMP's definition of "Relating to" and "Extreme," the vague term "Purchase Agreement," and the categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 60**:

All Documents Relating to the October 3, 2017 "Consent Agreement" with Extreme.

5876191

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Extreme," the vague and undefined term "Consent Agreement," the vague and overbroad request for "all Documents Relating to" this undefined agreement without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion, is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 61**:

All Documents constituting the October 3, 2017 "Consent Agreement" with Extreme, including any amendments to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Extreme," the vague and undefined terms "constituting" and "Consent Agreement" and "any amendments to it," and the vague and overbroad request for "all Documents constituting" this undefined agreement without further specification. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

5876191

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 62:

All Documents Relating to the "Separate Sale Agreement" between Extreme and Brocade, as referenced in the October 3, 2017 "Consent Agreement."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Extreme," and "Relating to," the vague and undefined terms "Separate Sale Agreement" and "Consent Agreement," the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.

Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Separate Sale Agreement.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 63**:

All Documents constituting the "Separate Sale Agreement" between Extreme and Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "Extreme," the vague and undefined terms "Separate Sale Agreement," "constituting," and "Consent Agreement," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Separate Sale Agreement.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control

of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 64**:

All Documents Relating to the "Release" Identified in the October 3, 2017 "Consent Agreement."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Identified" and "Relating to," the vague and undefined terms "Release" and "Consent Agreement," and the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied

to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Release.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 65**:

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Identified," the vague and undefined terms "constituting," "Release," and "Consent Agreement," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Release.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 66**:

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Identified," the vague and undefined terms "Consent Payment" and "Consent Agreement," the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the parties to the Consent Agreement or Consent Payment.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 67**:

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Identified," the vague and undefined terms "constituting," "Consent Payment," and "Consent Agreement," and "any amendments," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as

framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the parties to the Consent Agreement or Consent Payment.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**<u>REQUEST FOR PRODUCTION NO. 68</u>**:

All Documents from January 1, 2017 to present Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Extreme," and "Relating to," the vague terms "as contemplated in" and "Extreme Sale" and "acquisition and/or purchase of assets," the overbroad request for all Documents Relating to without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

5876191

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 69**:

All Documents Relating to Broadcom Inc.'s sharing, either directly or indirectly, in the revenues, profits, and/or losses from Brocades' development, production, servicing, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

In addition to the Preliminary Statement, General Objections, and the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as unintelligible, vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Relating to," "Products," and "Identified," the vague terms "directly or indirectly," "sharing," "profits and/or losses," and "development, production, servicing, sale, and/or distribution," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatories. Under SNMP's definitions, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these

overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 70**:

ll[sic] Documents Relating to Broadcom Inc.'s financial interest in Brocade's sale, development, production, servicing, distribution, and/or creation of the Products Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Relating to," "Products," and "Identified," the vague terms "financial interest" and "development, production, servicing, distribution and/or creation," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by these Interrogatories. Under SNMP's definitions,, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to

the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

5876191

**REQUEST FOR PRODUCTION NO. 71**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in Brocade's development, production, servicing, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

In addition to the Preliminary Statement, General Objections, the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Relating to," "Products," and "Identified," the vague terms "direct or indirect," "involvement," and "development, production, servicing, sale, and/or distribution," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by these Interrogatories. Under SNMP's definitions incorporated into this Request by Interrogatories number 1 and 2, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires

review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 72**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, with Brocade's development, production, servicing, sale, and/or distribution of Derivative Works with respect to SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Relating to," "Derivative Works," and "SNMP Research Software," the vague terms "direct or indirect," "involvement," "development, production, servicing, sale, and/or distribution," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period=. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking

5876191

premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 73**:

All Communications with Broadcom Inc. Relating to the License Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and

overbroad, particularly as to SNMP's definition of "Broadcom" and "Relating to," the overbroad request for All Communications Relating to without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 74**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market nationwide any Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:

In addition to the Preliminary Statement,General Objections, the objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by these Interrogatories. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be

unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 75**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in Tennessee any Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**:

In addition to the Preliminary Statement, General Objections, the objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly" and "efforts" and "develop, produce, sell, service, distribute, advertise, and/or market," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by this Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it

first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

- 131 -

**REQUEST FOR PRODUCTION NO. 76**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in the area encompassing all or part of Tennessee's East Grand Division any Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly" and "efforts" and "develop, produce, sell, service, distribute, advertise, and/or market," the overbroad time period, the request for "All Documents Relating to" without further specification, and the categories required to be identified by this Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This

Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 77**:

All Documents Relating to Broadcom Inc.'s awareness of the sale, marketing, advertising, servicing, or distribution in the area encompassing all or part of Tennessee's East Grand Division any Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly" and "awareness" and "sale, marketing, advertising, servicing, or distribution" the overbroad time period, the request for "All Documents Relating to," without further specification, and the categories required to be identified by Interrogatory number 1. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. This

Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 78**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in Tennessee.

5876191

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "marketed, advertised, and/or distributed, the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

- 136 -

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 79**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in the area encompassing all or part of Tennessee's East Grand Division.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "marketed, sold, advertised, and/or

distributed," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by Interrogatory number 1. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

5876191

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 80**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to the University of Tennessee at Knoxville, including its contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:

In addition to the Preliminary Statement and General Objections and objection to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "transferred" and "provided" and "its contractors," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1 by this Interrogatory, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom

Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties.  Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court.  Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.  Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court.  Brocade further objects to this Request as this jurisdiction is an improper venue for this action.  The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

- 140 -

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 81**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Blue Cross Blue Shield of Tennessee, including its contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "transferred" and "provided to" and "contractors," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be

unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

- 142 -

**REQUEST FOR PRODUCTION NO. 82**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including its contractors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "transferred" and "provided" and "its contractors," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by Interrogatory number 1. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 83**:

All Documents Relating to Brocade's distributors or partners in Tennessee which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Brocade," and "Products," the vague terms "marketed, advertised, and/or distributed," and "distributors or partners," the request for "All Documents Relating to" "any time" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or

5876191

entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 84**:

All Documents Relating to Brocade's distributors or partners in the area encompassing all or part of Tennessee's East Grand Division which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:

In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Brocade," and "Products," the vague terms "marketed, advertised, and/or

- 146 -

distributed" and "distributors or partners," the request for "All Documents Relating to" "at any time" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 85**:

All Documents Relating to the "Consummation of the Merger" Identified at page 8 of Brocade Communications Systems, Inc.'s 2017 Form 10-Q for the quarterly period ended July 29, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Brocade," and "Identified," the vague term "Consummation of the Merger," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that

Case 3:20-cv-00451-CEA-DCP   Document 60-18   Filed 02/15/21   Page 149 of 154   PageID #: 2056

5876191

are irrelevant and not proportional to the needs of the case. This Request is not tied to any claims or defenses in this case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 86**:

Documents sufficient to Identify the Persons involved in the management of Brocade Communications Systems LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "Identify" and "Persons," the vague term "in the management of," the request for "All Documents sufficient to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Requests to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Dated:  January 25, 2021                    HUESTON HENNIGAN LLP


                                            By:_____/s/ Alison Plessman_____
                                                Alison Plessman
                                                Attorneys for Defendants
                                                Broadcom Inc.
                                                Brocade Communications Systems LLC

5876191

CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of January, 2021, a true and accurate copy of the foregoing was served on counsel of record for Plaintiffs in this matter electronically.

By: _____*/s/ Alison L. Plessman*_____
Alison L. Plessman

5876191