# EXHIBIT R

# Extreme Networks, Inc.'s Objections to SNMP Research, Inc.'s First Set of Interrogatories

John M. Neukom
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Andrew K. Patrick
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x
:
SNMP RESEARCH, INC. and SNMP RE-  :  Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,       :
:
Plaintiffs,                       :
:
v.                                :  **EXTREME NETWORKS, INC.'S
                                  :  OBJECTIONS TO SNMP
                                  :  RESEARCH, INC.'S FIRST SET OF
BROADCOM INC.; BROCADE COMMUNI-   :  INTERROGATORIES**
CATIONS SYSTEMS LLC; and EXTREME  :
NETWORKS, INC.,                   :
:
Defendants.                       :
:
------------------------------------------------------------ x

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby provides its Objections to SNMP Research, Inc.'s First Set of Interrogatories to Extreme Networks, Inc., dated December 26, 2020 (the "Interrogatories").

## GENERAL RESPONSES AND OBJECTIONS

1. As SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP" or "Plaintiffs") are aware, Extreme and co-defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (both collectively with Extreme, "Defendants") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions (ECF Nos. 38-40)—a joint motion that was necessary in light of, *inter alia*, Plaintiffs' scuttling of an agreement to extend Defendants' time to respond to the Requests by insisting that (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses, and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced. Having been put in an predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Extreme therefore objects to all of the Requests on that ground.

2. Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Interrogatories to the extent that it can do so without risking waiver or other prejudice, Extreme hereby provides its detailed objections to the Interrogatories.[1] Service of this document should not be construed as any waiver of any and all

---

[1] As Plaintiffs have previously agreed, the mere service of objections (or responses) to discovery requests by Defendants does not constitute waiver of any defenses, including for lack of jurisdiction and improper venue.

2

objections that Extreme has to the propriety and timing of the Interrogatories, or to the relevance or admissibility of any information relating to the subjects covered by the Interrogatories.

3. If the parties are able to reach agreement concerning the proper timing and scope of discovery requests, Extreme shall amend and/or supplement its objections to the Interrogatories with substantive responses (as appropriate and warranted) within a reasonable time frame. That Extreme is not providing such substantive responses now should not be construed as indicating that Extreme has taken no action to determine whether any responsive information exists or that Extreme has taken no steps to respond to discovery requests in good faith.

4. Objection to a specific interrogatory does not imply, and should not be construed as an acknowledgement, that information responsive to that interrogatory exists.

5. Extreme objects to the Interrogatories to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. Extreme objects to the Interrogatories to the extent that they call for information subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

7. Extreme objects to the Interrogatories to the extent that they seek confidential and proprietary information, including but not limited to financial information and

3

competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials. Extreme further objects to disclosure or production of any such information in the absence of a stipulated protective order.

8. Extreme objects to the Interrogatories to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

9. Extreme objects to the Interrogatories to the extent that they call for information not in Extreme's possession, custody, or control. Any responses to the Interrogatories will be construed to concern only such documents and information within Extreme's possession, custody, or control.

10. Extreme objects to the Interrogatories to the extent that they are unnecessarily duplicative and cumulative (both internally and with other discovery requests served contemporaneously on Extreme by Plaintiffs), and seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

11. Extreme objects to the Interrogatories as impermissibly compound and frequently confusing, and improperly including multiple components in order to circumvent the limitation on the number of Interrogatories set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

12. Extreme objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

4

13. Extreme objects to the Interrogatories to the extent that they seek documents or information that are already in the possession, custody, or control of Plaintiffs, or are as readily or more accessible to Plaintiffs as they are to Extreme.

14. Extreme objects to the Interrogatories to the extent that they seek "all" information sought in a particular Interrogatory, failing to describe the information being sought with reasonable particularity.

15. Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on their behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

16. Extreme objects to the definition of "SNMP Research" as overly broad and ambiguous, including to the extent that it purports to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either of Plaintiffs, as well as entities that would not have any relevance or bearing on issues in the current litigation.

17. Extreme objects to the definitions of "Brocade" and "Broadcom" as overly broad and ambiguous, including to the extent that they purport to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either Brocade Communications Systems LLC or Broadcom Inc. Extreme further has no knowledge of the entities in which Broadcom Inc. purportedly "holds any interest, direct or indirect, and any company which Broadcom Inc. severs as a direct or indirect 'parent.'" (Instruction No. 4.)

18. Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any

5

software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession. Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and "licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

19. Extreme objects to the definition of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Extreme to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify"—*e.g.*, to state the "disposition . . . date, by whom, and at whose direction" of documents that are not in Extreme's possession, to describe how actions "should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc. With respect to documents, Extreme would construe "identify" to mean to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s) of the documents. With respect to persons, Extreme would construe "identify" to mean to give, to the extent known, the person's full name, present or last known address, and the present or last known place of employment.

20. Extreme objects to the definitions of "Product" and "Partner Product" as overly broad, unduly burdensome, and ambiguous, including to the extent that they purport to concern products that are not alleged to be infringing Plaintiffs' copyrights in this action, products that are merely "associated with" SNMP software, and/or products sold outside the

6

United States. Extreme further objects to the definitions to the extent they incorporate the objectionable term "SNMP Research Software" (discussed *supra*). Extreme further objects to the definition of "Partner Product" as inscrutable and seeking irrelevant information; Extreme does not understand what Plaintiffs are seeking, and to the extent the term refers to products not made or sold by Extreme, there is no basis to seek information concerning such products. Extreme further objects to the extent that the defined terms suggest that Extreme is in the business of separately providing SNMP source code or software to third parties.

21. In the event that Extreme subsequently provides substantive responses and/or agrees to produce information in response to any individual Interrogatory, Extreme shall expressly reserve, and the responses to the Interrogatories shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Interrogatories, and (b) supplement, clarify, revise, or correct any or all of responses.

22. Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

23. Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response shall not be construed as a limitation or waiver of any general objection or any other specific objection made herein.

## SPECIFIC OBJECTIONS

Subject to the General Objections, and without waiver, modification, or limitation thereof, Extreme's objections to the Interrogatories are set forth below.

**INTERROGATORY NO. 1:**

Identify all Extreme Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update. This includes any Extreme Products that have ever at any time fit the above description, whether in current distribution or not. For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information. Extreme further objects to this Interrogatory as ambiguous to the extent it seeks identification of Extreme products that "are otherwise associated with" SNMP's software. Extreme further objects to this Interrogatory as impermissibly compound and confusing.

**INTERROGATORY NO. 2:**

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information, and as impermissibly compound and confusing.

Extreme further objects to this Interrogatory on the grounds that third party products containing SNMP's alleged copyrighted software or source code are not the basis for Plaintiffs' copyright infringement claim against Extreme (Complaint ¶¶ 85-93), and only Brocade and Broadcom are alleged to have engaged in "contributory copyright infringement" (*id.* ¶¶ 94-104). Extreme will not indulge what is plainly a "fishing expedition." *See, e.g.*, *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("… neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive . . . ."); *United States v. Life Care Centers of Am., Inc.*, 2015 WL 10987068, at *2 (E.D. Tenn. Apr. 29, 2015) (explaining that "a party will not be permitted to go on a fishing expedition with broad and oppressive discovery requests").

**INTERROGATORY NO. 3:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

9

**RESPONSE TO INTERROGATORY NO. 3:**

Extreme incorporates by reference its responses to Interrogatories 1 and 2. Extreme further objects to this Interrogatory insofar as "SNMP Research Product(s)" is not a defined term, and is overly broad, unduly burdensome, and seeking irrelevant information to the extent that term purports to concern Plaintiffs' products that do not contain the software/source code alleged to be infringed in the Complaint or otherwise purport to concern the problematic term "SNMP Research Software."

**INTERROGATORY NO. 4:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**RESPONSE TO INTERROGATORY NO. 4:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the extent it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as not proportional to the needs of the case insofar as Plaintiffs seek the identification of far more individuals at all remotely involved with Extreme's products than are necessary (namely, "all Persons" connected with various aspects of such products) for Plaintiffs to obtain potential relevant information concerning their infringement claims against Extreme. Extreme further objects to this Interrogatory to the extent it seeks information within the

10

knowledge of Brocade rather than Extreme. Extreme further objects to this Interrogatory as impermissibly compound and confusing.

**INTERROGATORY NO. 5:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Extreme customer, partner, or other third party who received each Extreme Product and the quantities of each Product received by quarter for the period October 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous to the extent it concerns "partners" or "other third part[ies]" that merely "received" Extreme products.

**INTERROGATORY NO. 6:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from October 1, 2017 to the present, including, but not limited to: (1) any internal bookkeeping or financial analysis of any kind in which Extreme keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**RESPONSE TO INTERROGATORY NO. 6:**

Extreme incorporates by reference its response to Interrogatories 1, 2, and 5. Extreme further objects to this Interrogatory as overly broad and ambiguous to the extent it seeks "internal bookkeeping or financial analysis of any kind in which Extreme keeps track of the profitability of each Product."

11

**INTERROGATORY NO. 7:**

Identify each and every Person who is or has been involved in any search for Extreme Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information. Extreme further objects to this Interrogatory as ambiguous insofar as it seeks the identity of individuals involved in some unspecified "search for Extreme Products." Extreme further objects to this Interrogatory as seeking irrelevant information, privileged communications, and/or attorney work product to the extent it seeks identification of individuals conducting a purported "search" specifically in order to "respon[d] to these interrogatories." This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**INTERROGATORY NO. 8:**

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Extreme had a right to use SNMP Research Software in Extreme Products, including but not limited to any particular Extreme Product; and (2) payment obligations of Extreme for the use of SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this

12

Interrogatory as overly broad, unduly burdensome, seeking information that is neither relevant nor proportional to the needs of the case, and duplicative of Plaintiffs' Requests for Production of Documents Nos. 24 and 27. Extreme further objects to this Interrogatory to the extent it purports to concern "discussion or communication" concerning Extreme products that do not contain the software allegedly infringed as set forth in Table 1 of the Complaint. Extreme further objects to this Interrogatory to the extent that it seeks privileged communications and/or attorney work product, including specifically communications "whether Extreme had a right to use" certain software.

**INTERROGATORY NO. 9:**

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

**RESPONSE TO INTERROGATORY NO. 9:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "Products or services" that were "sold with or as a result of" the purchase of other products. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**INTERROGATORY NO. 10:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

13

**RESPONSE TO INTERROGATORY NO. 10:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "third-party seller[s] and reseller[s]" or each "iteration" of Extreme products. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**INTERROGATORY NO. 11:**

Identify all Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, material description, and the entity from whom You obtained the Product.

**RESPONSE TO INTERROGATORY NO. 11:**

Extreme incorporates by reference its response to Interrogatory No. 1. Extreme further objects to this Interrogatory as ambiguous to the extent it purports to concern products that were "otherwise disclosed to Extreme."

**INTERROGATORY NO. 12:**

Identify all contracts or agreements between Extreme and all third parties to which Extreme has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory number 1 or 2 or (ii) SNMP Research software.

**RESPONSE TO INTERROGATORY NO. 12:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

14

**INTERROGATORY NO. 13:**

Identify all contracts or agreements between Extreme and Broadcom Relating to SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Interrogatory to the extent it purports to concern software other than the source code/software alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as duplicative of Plaintiffs' Request for Production of Documents No. 63, 64, and 65.

**INTERROGATORY NO. 14:**

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to the request as overly broad, ambiguous (*e.g.*, with respect to Broadcom's "involvement in the transfer" of software), unduly burdensome, and seeking information that should be sought from Broadcom itself. Extreme is not in a position to accurately or fully describe the level, scope, or nature of the "involvement" of another party in any alleged "transfer" of software to Extreme, including the purported "duration" of that party's "involvement" and the identity of all persons "involved and their roles" in such "transfer."

15

**INTERROGATORY NO. 15:**

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions, Extreme objects to this Interrogatory as overly broad, unduly burdensome, seeking irrelevant information, and seeking attorney-client communications and/or attorney work product. To the extent that Extreme provides substantive responses to these Interrogatories, those responses are verified by the undersigned individual(s). Extreme will not indulge this wholly improper "fishing expedition."

**INTERROGATORY NO. 16:**

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

**RESPONSE TO INTERROGATORY NO. 16:**

Extreme refers to and incorporates its response to Interrogatory No. 15.

Dated: January 25, 2021

                                 **SKADDEN, ARPS, SLATE,**
                                  **MEAGHER & FLOM LLP**

By:   /s John M. Neukom
       John M. Neukom
       515 University Avenue, Suite 1400
       Palo Alto, California 94301
       (650) 470-4500
       john.neukom@skadden.com

       Jordan A. Feirman
       One Manhattan West
       New York, NY 10001
       (212) 735-3000
       jordan.feirman@skadden.com

       *Attorneys for Extreme Networks, Inc.*

.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Extreme Networks Inc.'s Objections to SNMP Research, Inc.'s First Set of Interrogatories to be served via email on this 25th day of January, 2021 upon counsel of record for Plaintiffs.

/s Jordan A. Feirman
Jordan A. Feirman