# EXHIBIT S

# Extreme Networks, Inc.'s Objections to SNMP Research, Inc.'s First Set of Requests for the Production of Documents

John M. Neukom
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Andrew K. Patrick
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x
              :

SNMP RESEARCH, INC. and SNMP RE-      :     Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,         :

              :
        Plaintiffs,       :

              :
        v.          :     **EXTREME NETWORKS, INC.'S
              :     OBJECTIONS TO SNMP
              :     RESEARCH, INC.'S FIRST SET OF
BROADCOM INC.; BROCADE COMMUNI-     :     REQUESTS FOR THE
CATIONS SYSTEMS LLC; and EXTREME     :     PRODUCTION OF DOCUMENTS**
NETWORKS, INC.,             :

              :
        Defendants.     :
------------------------------------------------------------ x

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby provides

its Objections to Plaintiff SNMP Research, Inc.'s First Set of Requests for Production to Extreme

Networks, Inc., dated December 26, 2020 (the "Requests") .

## GENERAL OBJECTIONS

1.     As SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP" or "Plaintiffs") are aware, Extreme and co-defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (both collectively with Extreme, "Defendants") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions (ECF Nos. 38-40)—a joint motion that was necessary in light of, *inter alia*, Plaintiffs' scuttling of an agreement to extend Defendants' time to respond to the Requests by insisting that (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses, and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced.  Having been put in an predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Extreme therefore objects to all of the Requests, and each individual request, on that ground.

2.     Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Extreme hereby provides its detailed objections to the Requests.[1]  Service of this document should not be construed as any waiver of any and all

---

[1]     As Plaintiffs have previously agreed, the mere service of objections (or responses) to discovery requests by Defendants does not constitute a waiver of any defenses, including for lack of jurisdiction and improper venue.

2

objections that Extreme has to the propriety and timing of the Requests, or to the relevance or admissibility of any information relating to the subjects covered by the Requests.

3.      If the parties are able to reach agreement concerning the proper timing and scope of discovery requests, Extreme shall amend and/or supplement its objections to the Requests with substantive responses (as appropriate and warranted) within a reasonable time frame.  That Extreme is not providing such substantive responses now should not be construed as indicating that Extreme has taken no action to determine whether any responsive information exists or that Extreme has taken no steps to respond to discovery requests in good faith.

4.      Objection to a specific request does not imply, and should not be construed as an acknowledgement, that documents responsive to that request exist.

5.      Extreme objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.      Extreme objects to the Requests to the extent that they call for the production of documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

7.      Extreme objects to the Requests to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such

information are outweighed by the burden of producing such highly sensitive materials. Extreme further objects to disclosure or production of any such information in the absence of a stipulated protective order.

8.  Extreme objects to the Requests to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

9.  Extreme objects to the Requests to the extent that they call for documents or information not in Extreme's possession, custody, or control. Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

10.  Extreme objects to the Requests to the extent that they are unnecessarily duplicative and cumulative (both internally and with other discovery requests served contemporaneously on Extreme by Plaintiffs), and seek documents that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

11.  Extreme objects to the Requests as impermissibly compound and frequently confusing.

12.  Extreme objects to the Requests to the extent that they are overly broad and unduly burdensome.

13.  Extreme objects to the Requests to the extent that they seek "all" documents or communications that relate to the information sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

14.     Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on their behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

15.     Extreme objects to the definition of "SNMP Research" as overly broad and ambiguous, including to the extent that it purports to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either of Plaintiffs, as well as entities that would not have any relevance or bearing on issues in the current litigation.

16.     Extreme objects to the definitions of "Brocade" and "Broadcom" as overly broad and ambiguous, including to the extent that they purport to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either Brocade Communications Systems LLC or Broadcom Inc.  Extreme further has no knowledge of the entities in which Broadcom Inc. purportedly "holds any interest, direct or indirect, and any company which Broadcom Inc. severs as a direct or indirect 'parent.'"  (Instruction No. 2.)

17.     Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession.  Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and

5

"licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

18.     Extreme objects to the definition of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Extreme to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify"—*e.g.*, to state the "disposition . . . date, by whom, and at whose direction" of documents that are not in Extreme's possession, to describe how actions "should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.  At all events, none of the Requests seeks "identification" of documents, and thus the proposed definition is unnecessary.

19.     Extreme objects to the definitions of "Product" and "Partner Product" as overly broad, unduly burdensome, and ambiguous, including to the extent that they purport to concern products that are not alleged to be infringing Plaintiffs' copyrights in this action, products that are merely "associated with" SNMP software, and/or products sold outside the United States.  Extreme further objects to the definitions to the extent they incorporate the objectionable term "SNMP Research Software" (discussed *supra*).  Extreme further objects to the definition of "Partner Product" as inscrutable and seeking irrelevant information; Extreme does not understand what Plaintiffs are seeking, and to the extent the term refers to products not made or sold by Extreme, there is no basis to seek information concerning such products.  Extreme further objects to the extent that the defined terms suggest that Extreme is in the business of separately providing SNMP source code or software to third parties.

20.     In the event that Extreme subsequently provides substantive responses and/or agrees to produce documents in response to any individual Request, Extreme shall expressly reserve, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to the use of any documents in any aspect of this action, and (b) supplement, clarify, revise, or correct any or all of responses.

21.     Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

22.     Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below.  For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response shall not be construed as a limitation or waiver of any general objection or any other specific objection made herein.

## SPECIFIC OBJECTIONS

Subject to the General Objections, and without waiver, modification, or limitation thereof, Extreme's objections to the Requests are set forth below.

**DOCUMENT REQUEST NO. 1:**

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this

7

Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 2:**

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 2.

**DOCUMENT REQUEST NO. 3:**

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto.

8

As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 3.

**DOCUMENT REQUEST NO. 4:**

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 4.

**DOCUMENT REQUEST NO. 5:**

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject

9

matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 5.

**DOCUMENT REQUEST NO. 6:**

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 6.

**DOCUMENT REQUEST NO. 7:**

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 7.

**DOCUMENT REQUEST NO. 8:**

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 8.

**DOCUMENT REQUEST NO. 9:**

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 9.

**DOCUMENT REQUEST NO. 10:**

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

11

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 10.

**DOCUMENT REQUEST NO. 11:**

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 12:**

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 12.

**DOCUMENT REQUEST NO. 13:**

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 13.

**DOCUMENT REQUEST NO. 14:**

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 14.

**DOCUMENT REQUEST NO. 15:**

All user guides, manuals, or other instructional Documents Relating to the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, premature, and ambiguous (*e.g.*, "instructional Documents Relating to" products). The Request is a mere "fishing expedition" without a legitimate basis. *See, e.g.*, *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("… neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive . . . ."); *United States v. Life Care Centers of Am., Inc.*, 2015 WL 10987068, at *2 (E.D. Tenn. Apr. 29, 2015) (explaining that "a party will not be permitted to go on a fishing expedition with broad and oppressive discovery requests").

14

**DOCUMENT REQUEST NO. 16:**

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**DOCUMENT REQUEST NO. 17:**

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case. Extreme further objects to this Request as overly broad and ambiguous insofar as it seeks all documents "detailing" numerous categories of information.

**DOCUMENT REQUEST NO. 18:**

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly

burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**DOCUMENT REQUEST NO. 19:**

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly

burdensome, and seeking information neither relevant nor proportional to the needs of the case.

Extreme further objects to the Request with respect to alleged products responsive to

Interrogatory No. 2 for the reasons set forth above in the General Objection to "Partner Products"

and for the reasons set forth in Extreme's response to Interrogatory No. 2.

**DOCUMENT REQUEST NO. 20:**

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2. Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly

burdensome, and seeking information neither relevant nor proportional to the needs of the case.

Extreme further objects to the Request with respect to alleged products responsive to

16

Interrogatory No. 2 for the reasons set forth above in the General Objection to "Partner Product[s]" and for the reasons set forth in Extreme's response to Interrogatory No. 2.

**DOCUMENT REQUEST NO. 21:**

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**DOCUMENT REQUEST NO. 22:**

All Communications concerning actual or potential use of SNMP Research Software in Extreme Products.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 23:**

All Communications concerning the actual or potential removal of SNMP Research Software from Extreme Products.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 24:**

        All Communications concerning the actual or potential infringement by Extreme of SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product. Extreme further objects to the Request as ambiguous, confusing, misleading, and concerning a legal conclusion to the extent it seeks documents pertaining to "actual or potential infringement."

**DOCUMENT REQUEST NO. 25:**

        All Communications concerning SNMP Research or the SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 26:**

All Communications between Extreme and any third party concerning SNMP Research, the SNMP Research Software, or this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 27:**

All internal Communications at Extreme that Relate to any Communication received by SNMP Research concerning the License Agreement or alleged acts of infringement.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, seeking

19

information not proportional to the needs of the case, and seeking privileged and/or attorney work product materials. Extreme further objects to this Request to the extent that it is confusing insofar as it purports to seek "communications" within Extreme "that relate to any communication" received by Plaintiffs. Extreme further objects to this Request insofar as it does not know what communications were "received by SNMP Research" concerning the License Agreement, "alleged acts of infringement," or otherwise.

**DOCUMENT REQUEST NO. 28:**

All Documents reflecting the results of any searches of Extreme software for SNMP Research Software in Extreme Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case. Extreme further objects to this Request as ambiguous insofar as it seeks documents "reflecting" purported "searches" for software, and because Extreme does not understand what purported "searches" are being identified. Extreme further objects to this Request as seeking privileged communications and/or attorney work product to the extent it seeks information concerning analysis conducted specifically in connection with allegations of infringement made by Plaintiffs, as appears to be the case given Plaintiffs' Interrogatory No. 7 (which seeks the identity of individuals who conducted such purported "searches" in connection with responding to Plaintiffs' discovery requests). This Request is another mere "fishing expedition" with no legitimate basis.

**DOCUMENT REQUEST NO. 29:**

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all" documents "relating to" revenues. Extreme further objects to the request for documentation pertaining to Interrogatory No. 2, for the reasons set forth in Extreme's objections to that Interrogatory.

**DOCUMENT REQUEST NO. 30:**

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Extreme refers to and incorporates its response to Request No. 29.

**DOCUMENT REQUEST NO. 31:**

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Extreme Product under the License Agreement or otherwise.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this

21

Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 32:**

Extreme's Document retention policy.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**DOCUMENT REQUEST NO. 33:**

All Documents Relating to the destruction of Documents within Extreme that may be relevant to the claims of SNMP Research.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**DOCUMENT REQUEST NO. 34:**

A copy of Your organization and governing Documents, including but not limited to any operating agreement and amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request

22

as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**DOCUMENT REQUEST NO. 35:**

Copies of Your organizational and governing Documents, including but not limited to any operating agreement(s) or amendment(s) from October 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis. Extreme further objects to this Request as duplicative of Request No. 34.

**DOCUMENT REQUEST NO. 36:**

Your financial statements, including but not limited to any balance sheets, income statements, or similar Documents, from October 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "financial statements" or "similar Documents" that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**DOCUMENT REQUEST NO. 37:**

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Extreme Products or Partner Products.

23

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software," "Product[s]," and "Partner Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all" advertising and marketing materials "concerning" the use of Plaintiffs' software in Extreme or third-party products. Extreme further objects to the request for documentation pertaining to "Partner Product[s]" for the reasons set forth in the General Objections and in response to Interrogatory No. 2.

**DOCUMENT REQUEST NO. 38:**

        All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Extreme Product.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to the Request as ambiguous insofar as it refers to "financial analysis of the benefit of use" of software. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**DOCUMENT REQUEST NO. 39:**

        All financial Documents Relating to Extreme's profits and losses from October 1, 2017 continuing to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "financial documents" about Extreme's business generally that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**DOCUMENT REQUEST NO. 40:**

All financial Documents reflecting Your current assets, liabilities, and income.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "financial documents" about Extreme's business generally that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**DOCUMENT REQUEST NO. 41:**

A copy of each and every Document which has an agreement for Extreme Products that contain SNMP Research Software under which Extreme placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case.

**DOCUMENT REQUEST NO. 42:**

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, ambiguous and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all distribution documents" concerning the subject matter, and documents concerning alleged "disclosure" or "transfer" of products separate from sales. Extreme further objects to the Request as Extreme further objects to the request for documentation pertaining to Interrogatory No. 2, for the reasons set forth in the General Objection concerning "Partner Product[s]" and Extreme's objections to that Interrogatory.

**DOCUMENT REQUEST NO. 43:**

All Documents Relating to the disclosure, sale, or transfer of SNMP Software from Brocade or Broadcom to Extreme.

26

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of other requests, ambiguous, and seeking information not proportional to the needs of the case, including but not limited to the extent that it seeks "all documents relating to" sales and transfer of software, and such software is not limited to the software alleged to be infringed in the Complaint.

**DOCUMENT REQUEST NO. 44:**

All Documents that compute or discuss the value of the assets in the disclosure, sale, and/or transfer from Brocade or Broadcom to Extreme ("Extreme Sale"), including but not limited to computations or discussions of purchase price allocation.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not relevant or proportional to the needs of the case, including to the extent that the Request seeks information concerning assets in the "Extreme Sale" other than the allegedly infringed software.

**DOCUMENT REQUEST NO. 45:**

All Source Code disclosed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not relevant or

27

proportional to the needs of the case, including to the extent that the Request seeks information concerning "Source Code" allegedly provided to Extreme as part of "Extreme Sale" other than the allegedly infringed source code at issue in the litigation.

**DOCUMENT REQUEST NO. 46:**

All Documents and things that Extreme may seek to use at trial in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the Request as premature, as well as overly broad and confusing insofar it purports to demand documents and things that Extreme "may seek" to use at trial. Extreme further objects to the Request insofar as it purports to require disclosure of materials beyond what is required under the Federal Rules of Civil Procedure. Extreme does not yet know what it will use at trial, and it is not proper to attempt to force Extreme to make strategic decisions concerning trial materials at this early stage of the litigation.

**DOCUMENT REQUEST NO. 47:**

All Documents Relating to Broadcom sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad and seeking documents that are not relevant or proportional to the needs of the case, including to the extent the Request seeks "all documents relating to" alleged revenue, profit, or loss sharing.

28

Extreme further objects to this Request as seeking documents concerning co-Defendant

Broadcom, not Extreme, and any such request concerning this subject matter should be directed

to Broadcom instead.

**DOCUMENT REQUEST NO. 48:**

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions, Extreme objects to this

Request as duplicative of Request No. 47. Extreme refers to and incorporates its response to

Request No. 47.

**DOCUMENT REQUEST NO. 49:**

All Documents Relating to Broadcom's financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "SNMP Research Software," Extreme objects to this Request as overly broad

and seeking documents that are not relevant or proportional to the needs of the case, including to

the extent the Request seeks "all documents relating to" Broadcom's alleged financial interests.

Extreme further objects to this Request as seeking documents concerning co-Defendant

Broadcom, not Extreme, and any such request concerning this subject matter should be directed

to Broadcom instead.

**DOCUMENT REQUEST NO. 50:**

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative of Request No. 49. Extreme refers to and incorporates its response to Request No. 49.

**DOCUMENT REQUEST NO. 51:**

All Documents Relating to Broadcom's involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad and seeking documents that are not relevant or proportional to the needs of the case, including to the extent the Request seeks "all documents relating to" Broadcom's alleged "involvement" in a software transfer. Extreme further objects to this Request as seeking documents concerning co-Defendant Broadcom, not Extreme, and any such request concerning this subject matter should be directed to Broadcom instead.

**DOCUMENT REQUEST NO. 52:**

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

30

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

    In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative of Request No. 51. Extreme refers to and incorporates its response to Request No. 51.

**DOCUMENT REQUEST NO. 53:**

    All Documents constituting the March 29, 2017 "Purchase Agreement" entered into by You, including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

    In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

**DOCUMENT REQUEST NO. 54:**

    All Documents Relating to the March 29, 2017 "Purchase Agreement" entered into by You.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

    In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

Case 3:20-cv-00451-CEA-DCP   Document 60-21   Filed 02/15/21   Page 32 of 39   PageID #: 2238

**DOCUMENT REQUEST NO. 55:**

All Documents Relating to the October 3, 2017 "Consent Agreement" entered into by You.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

**DOCUMENT REQUEST NO. 56:**

All Documents constituting the October 3, 2017 "Consent Agreement" entered into by You, including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

**DOCUMENT REQUEST NO. 57:**

All Documents Relating to the "Separate Sale Agreement" with Brocade, as referenced in the October 3, 2017 "Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all

32

documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

**DOCUMENT REQUEST NO. 58:**

All Documents constituting the "Separate Sale Agreement" with Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

**DOCUMENT REQUEST NO. 59:**

All Documents Relating to the "Release" Identified in the October 3, 2017 "Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to a "Release." The Request is a mere "fishing expedition" without a legitimate basis.

**DOCUMENT REQUEST NO. 60:**

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" a "Release."

**DOCUMENT REQUEST NO. 61:**

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to a "Consent Payment." The Request is a mere "fishing expedition" without a legitimate basis.

**DOCUMENT REQUEST NO. 62:**

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" a "Consent Payment."

**DOCUMENT REQUEST NO. 63:**

All Documents from January 1, 2017 to present Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

34

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not relevant or proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" an acquisition of a business.

**DOCUMENT REQUEST NO. 64:**

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not relevant or proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" any "agreements" between Broadcom and Extreme that would have no bearing on the issues in this litigation. Extreme further objects to this Request as encompassing the entirety, and thus duplicative, of Request No. 63.

**DOCUMENT REQUEST NO. 65:**

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the March 29, 2017 "Purchase Agreement" with Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this

35

Request as overly broad, unduly burdensome, ambiguous, confusing, and seeking documents not relevant or proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" any "agreements" between Broadcom and Extreme that "relat[e] to" an acquisition "contemplated" in a separate agreement. Extreme further objects to this Request as duplicative of Request Nos. 63 and 64.

**DOCUMENT REQUEST NO. 66:**

All Communications with Broadcom or Brocade Relating to the License Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not proportional to the needs of the case, including to the extent that the Request seeks production of "all" communications "relating to" the License Agreement.

**DOCUMENT REQUEST NO. 67**

All Documents Relating to the "Data Center Business acquisition" Identified at page 43 of Extreme's 2020 Form 10-K.

**RESPONSE TO DOCUMENT REQUEST NO. 67**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" Extreme's acquisition of a data center business, and is not targeted to documents pertaining to the claims and defense in the current litigation.

Dated: January 25, 2021

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

By: ___/s John M. Neukom_____
    John M. Neukom
    515 University Avenue, Suite 1400
    Palo Alto, California 94301
    (650) 470-4500
    john.neukom@skadden.com

    Jordan A. Feirman
    One Manhattan West
    New York, NY 10001
    (212) 735-3000
    jordan.feirman@skadden.com

    *Attorneys for Extreme Networks, Inc.*

.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Extreme Networks Inc.'s Objections to SNMP Research, Inc.'s First Set of Requests for Production to be served via email on this 25th day of January, 2021 upon counsel of record for Plaintiffs.


/s Jordan A. Feirman
Jordan A. Feirman