# EXHIBIT T

# Extreme Networks, Inc.'s Objections to SNMP Research, Inc.'s First Set of Requests for Admission

John M. Neukom
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Andrew K. Patrick
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------- x
             :

SNMP RESEARCH, INC. and SNMP RE-    :     Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,      :
             :

       Plaintiffs,      :

        v.        :     **EXTREME NETWORKS, INC.'S**
             :     **OBJECTIONS TO  SNMP**
BROADCOM INC.; BROCADE COMMUNI-  :     **RESEARCH, INC.'S FIRST SET OF**
CATIONS SYSTEMS LLC; and EXTREME  :     **REQUESTS FOR ADMISSION**
NETWORKS, INC.,           :
             :

       Defendants.    :
---------------------------------------------------------- x

      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby provides

its Objections to SNMP Research, Inc.'s First Set of Requests for Admission to Extreme

Networks, Inc., dated December 26, 2020 (the "Requests").

## GENERAL OBJECTIONS

1.      As SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP" or "Plaintiffs") are aware, Extreme and co-defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (both collectively with Extreme, "Defendants") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions (ECF Nos. 38-40)—a joint motion that was necessary in light of, *inter alia*, Plaintiffs' scuttling of an agreement to extend Defendants' time to respond to the Requests by insisting that (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses, and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced.  Having been put in an predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Extreme therefore objects to all of the Requests, and each individual request, on that ground.

2.      Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Extreme hereby provides its detailed objections to the Requests.[1]  Service of this document should not be construed as any waiver of any and all

---

[1]     As Plaintiffs have previously agreed, the mere service of objections (or responses) to discovery requests by Defendants does not constitute a waiver of any defenses, including for lack of jurisdiction and improper venue.

2

objections that Extreme has to the propriety and timing of the Requests, or to the relevance or admissibility of any information relating to the subjects covered by the Requests.

3.     If the parties are able to reach agreement concerning the proper timing and scope of discovery requests, Extreme shall amend and/or supplement its objections to the Requests with substantive responses (as appropriate and warranted) within a reasonable time frame.  That Extreme is not providing such substantive responses now should not be construed as indicating that Extreme has taken no action to determine whether any responsive information exists or that Extreme has taken no steps to respond to discovery requests in good faith.

4.     Objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exist.

5.     Extreme objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Extreme objects to the Requests to the extent that they call for the production of information subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

7.     Extreme objects to the Requests to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such

3

information are outweighed by the burden of producing such highly sensitive materials. Extreme further objects to disclosure or production of any such information in the absence of a stipulated protective order.

8.     Extreme objects to the Requests to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

9.     Extreme objects to the Requests to the extent that they call for information not in Extreme's possession, custody, or control. Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

10.     Extreme objects to the Requests to the extent that they are unnecessarily duplicative and cumulative (both internally and with other discovery requests served contemporaneously on Extreme by Plaintiffs), and seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

11.     Extreme objects to the Requests as impermissibly compound and frequently confusing.

12.     Extreme objects to the Requests to the extent that they are overly broad and unduly burdensome.

13.     Extreme objects to the Requests to the extent that they seek documents or information that are already in the possession, custody, or control of Plaintiffs, or are as readily or more accessible to Plaintiffs as they are to Extreme.

14.     Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on their behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

15.     Extreme objects to the definition of "SNMP Research" as overly broad and ambiguous, including to the extent that it purports to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either of Plaintiffs, as well as entities that would not have any relevance or bearing on issues in the current litigation.

16.     Extreme objects to the definitions of "Brocade" and "Broadcom" as overly broad and ambiguous, including to the extent that they purport to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either Brocade Communications Systems LLC or Broadcom Inc.  Extreme further has no knowledge of the entities in which Broadcom Inc. purportedly "holds any interest, direct or indirect, and any company which Broadcom Inc. severs as a direct or indirect 'parent.'"  (Instruction No. 2.)

17.     Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession.  Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and

5

"licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

18.     Extreme objects to the definitions of "Product" and "Partner Product" as overly broad, unduly burdensome, and ambiguous, including to the extent that they purport to concern products that are not alleged to be infringing Plaintiffs' copyrights in this action, products that are merely "associated with" SNMP software, and/or products sold outside the United States. Extreme further objects to the definitions to the extent they incorporate the objectionable term "SNMP Research Software" (discussed *supra*). Extreme further objects to the definition of "Partner Product" as inscrutable and seeking irrelevant information; Extreme does not understand what Plaintiffs are seeking, and to the extent the term refers to products not made or sold by Extreme, there is no basis to seek information concerning such products. Extreme further objects to the extent that the defined terms suggest that Extreme is in the business of separately providing SNMP source code or software to third parties.

19.     In the event that Extreme subsequently provides substantive responses and/or agrees to produce information in response to any individual Request, Extreme shall expressly reserve, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Interrogatories, and (b) supplement, clarify, revise, or correct any or all of responses.

20.     Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

6

21.     Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response shall not be construed as a limitation or waiver of any general objection or any other specific objection made herein.

## SPECIFIC OBJECTIONS

Subject to the General Objections, and without waiver, modification ,or limitation thereof, Extreme's objections to the Requests are set forth below.

### REQUEST FOR ADMISSION NO. 1:

Admit You received SNMP Research Software.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

### REQUEST FOR ADMISSION NO. 2:

Admit You received Version 16.2.0.9 of SNMP Research Software.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and

7

ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**REQUEST FOR ADMISSION NO. 3:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "insert[ing]," "add[ing]" or "incorporate[ing]" software into Extreme's products.

**REQUEST FOR ADMISSION NO. 4:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Products that shipped between July 25, 2019 and the present date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and

8

to the extent it refers to "insert[ing]," "add[ing]" or "incorporat[ing]" software into Extreme's products that were "shipped" in some manner.

**REQUEST FOR ADMISSION NO. 5:**

Admit SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to purported "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

**REQUEST FOR ADMISSION NO. 6:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

9

**REQUEST FOR ADMISSION NO. 7:**

Admit SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 5.

**REQUEST FOR ADMISSION NO. 8:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 6.

**REQUEST FOR ADMISSION NO. 9:**

Admit SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to

10

have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

**REQUEST FOR ADMISSION NO. 10:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**REQUEST FOR ADMISSION NO. 11:**

Admit SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

Case 3:20-cv-00451-CEA-DCP   Document 60-22   Filed 02/15/21   Page 12 of 28   PageID #: 2257

**REQUEST FOR ADMISSION NO. 12:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 10.

**REQUEST FOR ADMISSION NO. 13:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-718.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 14:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-772-248.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this

12

Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 15:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-250.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 16:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-956.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

13

Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 17:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-158.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 18:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-954.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 19:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-157.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 20:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-958.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You did not have SNMP Research's permission to receive any SNMP Research Software transferred to You after January 1, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "permission," the "transfer" of software, and/or suggests that any "permission" was necessary.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**REQUEST FOR ADMISSION NO. 23:**

Admit that SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, prior to the transfer taking place, You discussed with Broadcom the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "the transfer" and the "terms" of any such transfer, and/or suggests that any "discuss[ion]" was necessary.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, prior to the transfer taking place, You discussed with Broadcom Inc. the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 24.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Broadcom was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "involve[ment], directly or indirectly" in "the transfer" of software to Extreme.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Broadcom Inc. was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 26.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Broadcom facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "facilitat[ion]" of "the transfer" of software to Extreme.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Broadcom Inc. facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 28.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Broadcom made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking

information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "affirmative efforts to support the transfer" of software to Extreme.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Broadcom Inc. made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 30.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Broadcom directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "direct[ing] the transfer" of software to Extreme.

20

**REQUEST FOR ADMISSION NO. 33:**

Admit that Broadcom Inc. directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 32.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Extreme distributes Products that contain SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Extreme distributes Products containing SNMP Research Software to Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the

21

litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Extreme distributes Products containing SNMP Research Software to an area encompassing all or part of the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Extreme advertises or markets Products containing SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software

22

other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Extreme has employees who work in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as vague and ambiguous to the extent it purports to concern employees who "work" in the East Grand Division of Tennessee.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Extreme has employees who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Extreme has agents who live in the East Grand Division of Tennessee.

23

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "live."

**REQUEST FOR ADMISSION NO. 41:**

Admit that Extreme has agents who reside in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "reside."

**REQUEST FOR ADMISSION NO. 42:**

Admit that Extreme has agents who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the

24

litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would be "located."

**REQUEST FOR ADMISSION NO. 43:**

Admit that Extreme has agents who are found in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the terms "agents" and their allegedly being "found" in a particular location.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You are relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term "relying," and premature. Even to the extent that Extreme already had determined what documents it may "rely" or "not rely" on in connection with its claims or defenses in this action,

it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term "relying," and premature. Even to the extent that Extreme already had determined what documents it may or may not "rely" on in connection with its claims or defenses in this action, it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

Dated: January 25, 2021

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By:      /s John M. Neukom
John M. Neukom
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500
john.neukom@skadden.com

Jordan A. Feirman
One Manhattan West
New York, NY 10001
(212) 735-3000
jordan.feirman@skadden.com

*Attorneys for Extreme Networks, Inc.*

26

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the foregoing Extreme Networks Inc.'s Objections to SNMP Research, Inc.'s First Set of Requests for Admission to be served via email on this 25th day of January, 2021 upon counsel of record for Plaintiffs.


/s Jordan A. Feirman
 Jordan A. Feirman

1226469-NYCSR04A - MSW