IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** <br>               **Plaintiffs,** <br>                  v. <br><br> **Broadcom Inc.** <br> **Brocade Communications Systems LLC** <br> **Extreme Networks, Inc.** <br><br>               **Defendants.** | ) Case No. 3:20-cv-451 <br> ) <br> ) <br> ) Jury Demand <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS BROADCOM INC.'S AND BROCADE COMMUNICATIONS SYSTEMS LLC'S JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, TO TRANSFER VENUE FILED PURSUANT TO LOCAL RULE 7.1(d)**

Pursuant to Local Rule 7.1(d), Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International") (collectively, "Plaintiffs") submit this Supplemental Brief in Opposition to Defendants Broadcom Inc.'s ("Broadcom") and Brocade Communications LLC's ("Brocade") Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue ("Motion"), Dkt. 40-1. Defendant Extreme Networks, Inc. ("Extreme," and collectively with Broadcom and Brocade, "Defendants") joined the Motion. Plaintiffs make this submission to provide the Court with a Response from the Register of Copyrights ("Register") that was issued after the Motion was fully briefed and substantially supports Plaintiffs' Opposition to the Motion.

In a February 8, 2021 filing in the case of *Fashion Avenue Sweater Knits, LLC v. Poof Apparel Corp. et al.,* pending in the United States District Court for the Central District of California, the Register addressed the issue of whether an alleged inaccuracy regarding "publication" on a copyright application invalidated the copyright registration. *See* Response of the Register of Copyrights to

1

1913038v6
Case 3:20-cv-00451-CEA-DCP   Document 61   Filed 03/01/21   Page 1 of 7   PageID #: 2286

Request Pursuant to 17 U.S.C. § 411(b)(2), *Fashion Avenue Sweater Knits, LLC v. Poof Apparel Corp., et al.,* Case No. 2:19-cv-06302-CJC-JEM, C.D.Ca., Dkt. 129-1 ("Response of the Register", attached as Exhibit A).

In *Fashion Avenue*, after substantial fact discovery had been completed and during summary judgment briefing, one of the parties requested that a dispute over whether "publication" of the copyrighted works had occurred be referred to the Register. The party seeking referral (the defendant, Poof Apparel) identified evidence purportedly demonstrating that the copyright plaintiff had made a knowingly false representation to the Register that the plaintiff's work was unpublished when it in fact was published. This included admissions at deposition that plaintiff's designs had been shown to potential retailers with orders solicited and received several months prior to registration as well as an admission in the plaintiff's complaint that the subject designs were registered "within three months after the designs were first published." *Fashion Avenue v. Poof,* Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment or, in the Alternative, Summary Adjudication, Case No. 2:19-cv-06302-CJC-JEM, C.D.Ca. (at docket entry 108), at 14. The *Fashion Avenue* Court thereafter referred the matter to the Register and requested that the Register consider whether it would have refused to register the copyright, which was characterized as unpublished, if it had known that the fabric designs in question "had been the subject of offers and sustained negotiations with buyers and numerous exemplars had been manufactured and were waiting shipment." *Response of the Register*, at 1-2.

The Register considered the question submitted to it in the context of the *Compendium of U.S. Copyright Office Practices, Third Edition* ("Third Compendium"), released in December 2014. *Id.* at

4.[1] In its Report filed with the *Fashion Avenue* Court on February 8, 2021, the Register concluded that:

> if the Office had known that the Subject Works had been the subject of offers and negotiations with prospective buyers and that exemplars had been manufactured, . . . it would not have been able to determine based on those facts alone whether the Subject Works had been published. In the absence of additional clear evidence of publication, the Office would have allowed Plaintiff to make the determination of whether the works had been published. If Plaintiff had indicated that all of the works were unpublished, the Office would have registered all of the works as an unpublished collection. If Plaintiff had indicated that the Subject Works were published, the Office would not have registered the Subject Works as part of an unpublished collection and would have advised Plaintiffs to file additional applications to register the Subject Works.

*Id.* at 11-12.

The Register also noted that the Court is required to "determine whether the applicant provided any such inaccurate information 'with knowledge that it was inaccurate.'" *Id.* at 17. The Register went on to state that "determining whether a work has been published can raise complex legal questions for which there are not always straightforward answers" and that "[v]arious individuals and groups have expressed frustration to the Office regarding difficulties in determining whether a work has been published when completing copyright application forms." *Id.* (referring to 84 Fed. Reg. 66,328 (Dec. 4, 2019), wherein the Copyright Office proposes rulemaking to substantially clarify, or potentially even do away with the relevance of, the issue of "publication" in copyright registrations). The Register further noted that even "[t]he Ninth Circuit pointed to the existence of an unsettled legal question as an example of a claimant making a 'good faith or inadvertent mistake,' as opposed to a knowing inaccuracy." *Id.* at 17 (citing *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC,* 925 F.3d 1140, 1147 (9th Cir. 2019)). The Register then concluded that:

> Particularly when there is no question of whether the applicant was a proper claimant or that the work is protectable by copyright, a copyright registration should not be invalidated – and the copyright owner's ability to enforce the copyright compromised –

---

[1] Unlike the case at bar, the registration in question in *Fashion Avenue* took place after publication of the Third Compendium. *See* Response of the Register, at 2:10-11 (identifying registration as having occurred in 2017).

when the application was submitted in good faith based on a reasonable interpretation of the law.

*Id.* at 17-18.

The Response of the Register supports Plaintiffs' opposition to the Motion, and undermines Defendants' positions set forth in the Motion, in multiple ways. It acknowledges the complexity inherent in determining whether a work has been published. *Compare* Response of Register, at 17; *with* Plaintiffs' Opposition to Motion (Dkt. 48), at 22, fn. 12. It states that, even under *Gold Value*, a "good faith or inadvertent mistake" over publication (assuming arguendo that one was made in this case) is not grounds to invalidate a registration, and "the existence of an unsettled legal question [is] an example of a claimant making a good faith or inadvertent mistake,' as opposed to a knowing inaccuracy." *Compare* Response of Register, at 17-18; *with* Plaintiffs' Opposition to Motion (Dkt. 48), at 18, n.10. It recognizes that "[a] number of courts have determined that ambiguity in the definition of the term 'publication' prevented a finding that an applicant provided inaccurate information with knowledge that it was inaccurate when it mischaracterized the publication status of a work." *Compare* Response of Register, at 17, n. 56 (citing, among other authority, *Archie M.D., Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 520 (S.D.N.Y. 2017); *with* Plaintiffs' Opposition to Motion (Dkt. 48), at 21 (citing *Archie*). The Register's focus on the "knowing" prong also reinforces the argument in Plaintiffs' Opposition that a referral to the Register at the pleading stage is premature until Defendants' can show the requisite mental state to prove a "knowing" inaccuracy. *See* Plaintiffs' Opposition to Motion (Dkt. 48), at 22. Notably, although a referral to the Register was ultimately made in *Fashion Avenue*, it was only after all fact discovery was fully completed and there was extensive evidence in the record supporting the "knowing" prong of the test.

Finally, the last sentence of the Response of the Register reinforces virtually the entirety of Plaintiffs' opposition to the Motion's attempt to invalidate Plaintiffs' registrations at the pleading stage.

4

1913038v6
Case 3:20-cv-00451-CEA-DCP Document 61 Filed 03/01/21 Page 4 of 7 PageID #: 2289

The Motion does not dispute that SNMP Research was the "proper claimant" for the copyright registrations at issue in this case, or that SNMP Research's work "is protectable by copyright." *See Response of the Register*, at 17-18. Therefore, even assuming Defendants were correct that some mistake was made as to "publication" (and they are not), Plaintiffs' "copyright registration should not be invalidated—and the copyright owner's ability to enforce the copyright compromised—when the application was submitted in good faith based on a reasonable interpretation of the law." *Id.* at 17-18. That issue simply cannot be determined on a motion to dismiss.

       Respectfully submitted this 1st day of March 2021.

By: /s/_John L. Wood_____
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD
      & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    *jwood@emlaw.com*
    *crice@emlaw.com*
    *rnasrollahi@emlaw.com*

    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    A. Matthew Ashley (CA Bar. No. 198235)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    *mchu@irell.com*
    *dnimmer@irell.com*
    *mashley@irell.com*

    Attorneys for Plaintiffs,
    SNMP Research International, Inc.
    SNMP Research, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 1st day of March, 2021, a true and accurate copy of the foregoing was served on counsel of record for all Defendants through their counsel of record by way of the Court's ECF systems.

      /s/_John L. Wood_____