# EXHIBIT A

**John L. Wood**

| | |
|---|---|
| **From:** | Alison Plessman <aplessman@hueston.com> |
| **Sent:** | Saturday, February 27, 2021 5:28 PM |
| **To:** | Ashley, Matt; jordan.feirman@skadden.com; john.neukom@skadden.com |
| **Cc:** | John L. Wood; Cheryl G. Rice; Salvatore Bonaccorso |
| **Subject:** | Proposed revisions to Protective Order |
| **Attachments:** | Protective Order - proposed revisions.docx |
| | |
| **FilingDate:** | 3/4/2021 1:43:00 PM |

All,

Attached are some proposed revisions to the Protective Order. It includes proposed revisions from all Defendants, but we may have a few additional edits.

Please let us know your thoughts.

Thanks,
Alison

**Alison Plessman**
_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
T: 213.788.4340
aplessman@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | U.S. District Judge J. Ronnie Greer |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | § § § § | |
| Defendants. | § | |

## PROPOSED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

A.  **Definitions**

1.  "Party": any party to this action, including all of its officers, directors, in-house counsel, employees, consultants, retained experts, and outside counsel (and their support staff).

> Formatted: Not Highlight

2.  "Material": all information, testimony, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3.  "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is

10903854.5

protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.  "HIGHLY CONFIDENTIAL Material": "CONFIDENTIAL material" that the Designating Party in good faith believes to reveal or reflect highly sensitive information the disclosure of which is likely to cause economic harm or significant competitive disadvantage to the Designating Party.

5.  "HIGHLY CONFIDENTIAL – SOURCE CODE": Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program ("source code") that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (b) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (c) is required to be kept confidential by contract ("Source Code").  "HIGHLY CONFIDENTIAL – SOURCE CODE" material Source Code does not include any document that merely contains or references source code but does that is not itself source code, e.g., emails.  Notwithstanding the foregoing, developer documentation that is intended to serve as a reference for the interfaces or implementation of software, including documentation of function calls, application programming interfaces, data structures, object classes or the equivalent, may properly be considered be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" materialSource Code for purposes of this Protective Order, provided that such material would otherwise satisfy the conditions of this paragraph, and designated accordingly as set forth in this Order.

10903854

6.    "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.    "Receiving Party": a Party that receives Material from a Designating Party.

8.    "Designated Material": Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order.

9.    "Outside Counsel": (a) outside counsel in this litigation; (b) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters; (c) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10.    "Party Representative": an individual who is a director or, officer, or employee of a Party.

Formatted: Not Highlight
Formatted: Not Highlight
Formatted: Not Highlight

11.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a non-testifying consultant in this action and who is not a current employee, officer, or director of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, officer, or director of a Party or of a competitor of a Party.

12.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, organizing, storing, or retrieval of data in any form or medium, videotaping, translating, designing and preparing exhibits, graphics, or demonstrations, etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock

10903854

- 3 -

jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

**B.      Scope**

13.      The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall be construed to changes in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the rules of the United States District Court for the Eastern District of Tennessee, and the Court's orders applicable to this case.

**C.      Access to Designated Material**

14.      **CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section EF ("Use of Designated Material") below, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" by another Party only to the following:

(a)      persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)      Outside Counsel or in-house counsel, including their paralegals, clerical and secretarial staff provided such staff are advised of the terms of this Protective Order and agree to abide by such terms;

(c)      Party those officers, directors, partners, members, employees, attorneys, representatives, and agents of Parties that Outside Counsel or in-house counsel for such Parties reasonably deems in good faith to be necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure

10903854                            - 4 -

of Confidential Materials to any such officer, director, partner, member, employee, attorney, representative, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;~~employees to whom disclosure is reasonably necessary for this litigation~~;

       (d)    Outside Consultants of the Receiving Party to whom disclosure is~~,~~ deemed by Outside Counsel or in-house counsel in good faith to be reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B. ~~Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below.~~ Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

       (e)    witnesses at depositions as described in Section E;

       (f)    witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

       ~~(e)~~(g)   other witnesses ~~of the Designating Party~~ at ~~deposition~~ hearings and/or trial to whom disclosure is deemed by Outside Counsel or in-house counsel in good faith to be reasonably necessary for this litigation, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order. Each such witness given access to Confidential Materials shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.

10903854

- 5 -

Formatted: Underline

(f)(h)   this Court, including its staff;

(g)(i)   any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(h)(j)   court reporters and their staff; and

(k)   Professional Vendors and E-Discovery Personnel, including but not limited to in-house e-discovery staff, outside e-discovery vendors and professional jury or trial consultants, to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.  Mock jurors shall be provided with a copy of this Protective Order:

(l)   any other person that the Designating Party agrees to in writing; and

(i)(m)   any other person that the Court orders be given access.

15.   **HIGHLY CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section EF below, a Receiving Party may disclose any information, documents, or things designated HIGHLY CONFIDENTIAL by another Party only to the following:

(a)   persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)   Outside Counsel or in-house counsel, including their paralegals, clerical and secretarial staff provided such staff are advised of the terms of this Protective Order;

(c)(b)   two Party Representatives which have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d)(c)   Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the

10903854

- 6 -

"Certification of Outside Consultant" attached hereto as Exhibit B. Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below. Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

(d)     witnesses at depositions as described in Section E;

(e)     witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

(f)     other witnesses at hearings and/or trial to whom disclosure is reasonably necessary for this litigation if the witnesses had prior access to or knowledge of Materials designated as "HIGHLY CONFIDENTIAL," provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order. For witnesses of the Receiving Party or non-parties who did not have prior access to or knowledge of the Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party but to whom disclosure is reasonably necessary for this litigation, each such witness shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material. Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL" to such witnesses;

(e)(g)   this Court, including its staff;

(f)(h)   any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(g)(i)   court reporters and their staff; and

(j)    Professional Vendors and E-Discovery Personnel, including in-house e-discovery staff, outside-discovery vendors and professional jury or trial consultants, to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement To be Bound by Protective Order" attached hereto as Exhibit A.  Mock jurors shall be provided with a copy of this Protective Order; .

(k)    any other person that the Designating Party agrees to in writing; and

(h)(l)    any other person that the Court orders be given access.

16.    **HIGHLY CONFIDENTIAL – SOURCE CODE Material**:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section E̶F ("Use of Designated Material") below, a Receiving Party may disclose any information, documents, or things designated HIGHLY CONFIDENTIAL – SOURCE CODE by another Party or non-Party only to the following:

(a)    persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(b)    Outside Counsel, including their paralegals, clerical and secretarial staff provided to whom disclosure is reasonably necessary for this litigation such staff are advised of the terms of this Protective Order; .

(c)    one Party Representative which has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B.  Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below.  Outside Consultants shall

comply with any and all pertinent laws and regulations of the United States, including the

regulations of the United States Department of Commerce with respect to the export of

United States origin technical data and commodities;

<span style="color:magenta;text-decoration:underline;">(e)     witnesses at depositions as described in Section E;</span>

<span style="color:magenta;text-decoration:underline;">(f)     witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;</span>

<span style="color:magenta;text-decoration:underline;">(g)     other</span> ; <span style="color:magenta;text-decoration:underline;">witnesses at hearings and/or trial to whom disclosure is reasonably necessary for this litigation if the witness had prior access to or knowledge of Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order.  For witnesses of the Receiving Party or non-parties who did not have prior access to or knowledge of the Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party but to whom disclosure is reasonably necessary for this litigation, each such witness shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.  Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" to such witnesses;</span>

<span style="color:magenta;text-decoration:line-through;">(b)</span>

<span style="color:magenta;text-decoration:line-through;">(c)</span><span style="color:magenta;text-decoration:underline;">(h)</span>  this Court, including its staff;

<span style="color:magenta;text-decoration:line-through;">(d)</span><span style="color:magenta;text-decoration:underline;">(i)</span>  any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff; and

<span style="color:magenta;text-decoration:line-through;">(e)</span><span style="color:magenta;text-decoration:underline;">(j)</span>  court reporters.

17.    Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgment and Agreement to Be Bound by Protective Order"

**Formatted:** Indent: Left: 1", No bullets or numbering

attached hereto as Exhibit A, or the "Certification of Outside Consultant" attached hereto

as Exhibit B (if applicable), must do so prior to the time such Designated Material is

disclosed to him or her. ~~Counsel for a Party who makes any disclosure of Designated Material must provide copies to counsel for all other Parties as provided by this Agreement, but in all cases prior to any disclosure.~~

> **Commented [HHLLP1]:** Not sure what this means? Provide copies of what?

**D.**    **Access by Outside Consultants**

18.    **Notice.**  If a Receiving Party wishes to disclose another Party's Designated

~~HIGHLY CONFIDENTIAL or~~ HIGHLY CONFIDENTIAL – SOURCE CODE Material

> **Commented [USER2]:** Note from Skadden:  We should limit this to the SOURCE CODE materials, not all "highly confidential" materials.  There is no reason why the parties should have to reveal its potential experts to opposing parties, particularly in cases where the experts may ultimately be non-testifying.  It should be sufficient that the outside consultants sign all necessary documentation to ensure that information is protected, and outside counsel for the parties will be responsible for ensuring compliance.

to any Outside Consultant, such Receiving Party must provide advance written notice by

email to counsel for the Designating Party, which notice must include: (a) the individual's

name and business title; (b) the individual's business address; (c) the individual's business

or profession; (d) the individual's CV; (e) any previous, current or anticipated relationship

(personal or professional) between the individual and any of the Parties (and/or their

predecessors or successors in interest) or a Party's competitor (and/or their predecessors or

successors in interest); (f) a list of other cases in which the individual has testified (at trial

or deposition) within the last four years; (g) an identification of all companies with which

the individual has consulted or by which the individual has been employed within the last

four years;**[1]** and (h) a copy signed by the individual of (1) the "Acknowledgment and

Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and (2) one or

both of the "Certification of Outside Consultant" attached hereto as Exhibit B.

19.    **Objections.**  The Designating Party must object in writing to the proposed

disclosure of ~~HIGHLY CONFIDENTIAL or~~ HIGHLY CONFIDENTIAL – SOURCE

---

**[1]** If the Outside Consultant believes any of this information is subject to a
confidentiality obligation to a third-party, then the Outside Consultant should provide
sufficient information for the Designating Party to determine whether it needs to object to
the Outside Consultant.  In all instances, the Outside Consultant may not omit entirely the
existence of work that was performed pursuant to a confidentiality agreement.  In addition,
the Party seeking to disclose Designated Material to the Outside Consultant shall be
available to meet and confer with the Designating Party regarding any such engagement.

10903854                                              - 10 -

CODE Material to an Outside Consultant identified pursuant to Paragraph 18 within seven (7) days of the Paragraph 18 Notice. Any such objection must set forth in detail the grounds on which it is based. Absent timely objection, such Material may be disclosed to the Outside Consultant, subject to all other terms of this Order. However, if the Designating Party timely objects, the Receiving Party may not disclose the ~~HIGHLY CONFIDENTIAL or~~ HIGHLY CONFIDENTIAL – SOURCE CODE Material to the Outside Consultant absent Court Order or agreement of the Parties. In the event the Designating Party makes a timely objection, the Parties must meet and confer within three (3) business days to try to resolve the matter by agreement. If the Parties cannot reach an agreement, the Designating Party may within ~~five~~ seven (~~5~~7) business days following the meet and confer move for a protective order preventing disclosure of ~~HIGHLY CONFIDENTIAL or~~ HIGHLY CONFIDENTIAL – SOURCE CODE Material to the Outside Consultant or for other appropriate relief. Failure to move for protective order within the prescribed period waives the Designating Party's objection <u>unless the Parties agree in writing otherwise</u>, and such Material may thereafter be disclosed to the Outside Consultant, subject to all other terms of this Order.

~~**E.**~~ ~~**Production of Source Code**~~

~~20.~~ ~~Source Code produced in discovery shall be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall be produced on at least three (3) secure, encrypted, USB-C portable hard drives ("Source Code Drives"), in its native, computer-searchable form, and in a file structure and format that mirrors its file structure and format as maintained by the Designating Party in the ordinary course of business. The Receiving Party may not make any copies of the Source Code. All review of the Source Code shall be done only on a computer that is completely disconnected from any and all networks (including the Internet), with all networking functionality disabled, and only in a secure manner that is consistent with this Order. All notes taken during review of Source Code must be stored using encryption software, must be accessed outside of review only in a~~

secure manner that is consistent with this Order, and shall remain subject to all restrictions applicable to HIGHLY CONFIDENTIAL – SOURCE CODE Material under this Order.

21. The Receiving Party may create PDF printouts of Source Code, which may include documents created by the Receiving Party about Source Code, for example and without limitation, reports regarding comparisons of the Receiving and Producing Parties' Source Code. Printouts produced by the Receiving Party shall be consecutively Bates-numbered and designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

22. All Source Code Drives and Source Code printouts shall be securely stored only at the homes or offices of the individuals listed in Section 16(b) – (d) who are authorized to access Source Code under this Order. Transfer of Source Code Drives or Source Code printouts between these locations shall be done only in a secure manner consistent with the provisions of this Order. All such documents shall be maintained on a secure device at a secure location, and shall be reviewed only in a secure manner consistent with the provisions of this Order.

23. Notwithstanding the foregoing, the Receiving Party may temporarily keep Source Code Drives and Source Code printouts at: (a) the Court for any proceedings(s) relating to the Source Code, during the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, during the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition). Transport of Source Code Drives or Source Code printouts to or from these locations shall be done only in a secure manner consistent with the provisions of this Order.

24. A Receiving Party may include excerpts of Source Code in Court filings, discovery responses or similar disclosure documents, and expert reports, including exhibits thereto. Inclusion of such excerpts in these documents must be necessary to the Party's prosecution of its case. All such documents must be designated "HIGHLY

CONFIDENTIAL – SOURCE CODE", and must accordingly be treated consistent with the provisions of this Order.

25. The Designating Party shall provide a Source Code Computer that contains all Source Code for each build of each such product along with such product's native development environment, including any build scripts, schema, editor, linker, assembler, compiler, interpreter, simulator, Source Code control system(s) and related tools needed to access the Source Code repository, and any other documents or software tools necessary to allow the Receiving Party to rebuild the product at issue from the Source Code. The Designating Party shall provide with the Source Code Computer instructions on how to build each product into an executable.

**F.E.** **Use of Designated Material**

26.20. **Use of Designated Material by Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, Designated Material and all information derived therefrom may be used by the Receiving Party only for purposes of this litigation. Information contained or reflected in Designated Material must not be disclosed in conversations, presentations (by Parties, Outside Counsel, Professional Vendors, Outside Consultants, or otherwise), in court, or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

27.21. **Use of Designated Material by Designating Party.** Nothing in this Order limits any Designating Party's use of its own documents and information, nor prevents the Designating Party from disclosing its own confidential information, documents, or things to any person. Such disclosure does not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

28.22. **Use of Designated Material at Depositions.** Subject to any objections regarding who appropriately may be called as a witness at a deposition and/or the appropriate scope and timing of any deposition, and eExcept as may be otherwise ordered

10903854

- 13 -

> **Commented [HHLLP3]:** Remove for now and negotiate separate agreement regarding source code

by the Court, any person ~~may be~~ who is examined as a witness at depositions ~~and~~ may testify concerning all Designated Material of which that person has prior knowledge and/or that appears on its face or from other documents or testimony to have been received from or communicated to the witness.  In addition:

(a)     a present director, officer, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Designating Party ~~may be~~ who is examined as a witness at a deposition ~~and~~ may testify concerning all Designated Material that has been produced by that Party;

(b)     witnesses of the Receiving Party who do not have prior knowledge of and/or did not previously have access to Materials designated as "CONFIDENTIAL" by the Designating Party, but for whom disclosure of such Materials at a deposition is reasonably necessary for the litigation, shall be advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.

(c)     witnesses of the Receiving Party who do not have prior knowledge of and/or did not previously have access to Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party, but for whom disclosure of such Materials is reasonably necessary for the litigation, shall be advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.  Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL" to such witnesses;

(d)     The paragraph also incorporates Paragraph 14, which describes who may have access to Designated Materials and under what circumstances, including at depositions;

(a)

**Formatted:** Body Double,bd

(b)    a former director, officer, agent, and/or employee of a Designating Party may be interviewed, may be examined, and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge that has been produced by that Party and that pertains to the period or periods of his or her prior employment with the Party; and

(c)(e)   non-parties may be examined or testify concerning any document containing Designated Material of a Designating Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Designating Party, or a representative of such Designating Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order must be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must be requested to execute the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, which requires the attorney to maintain the confidentiality of Designated Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an agreement, such attorney cannot be shown Designated Material and cannot be present during questioning relating to the Designated Material.

29.23.  A witness who previously had access to a document designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" but who is not under a present non-disclosure agreement with the Designating Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the Protective Order

10903854

- 15 -

requires the Parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The witness may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE." The Designating Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a Party in this case (or in the offices of another firm acting for one of the counsel representing a Party in this case and under the supervision of one of the attorneys who is bound by the terms of this Order).

**G.F.   Procedure for Designating Material**

30.24.  Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 3, above. A Designating Party may designate as "HIGHLY CONFIDENTIAL" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 4, above. A Designating Party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 5, above. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made

10903854                                    - 16 -

~~for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses or burdens on other parties), expose the Designating Party to sanctions.~~

~~31.~~25. ~~Except as provided above in Section E with respect to "HIGHLY CONFIDENTIAL – SOURCE CODE" Material, any~~ Except as may be separately agreed with respect to "HIGHLY CONFIDENTIAL – SOURCE CODE" Material, any Material (including physical objects) made available by a Designating Party for initial inspection by counsel for the Receiving Party prior to producing copies of selected items will be subject to this Order and must initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material.  After the Receiving Party has identified the Material it wants copied and produced, the Designating Party will have ~~ten~~ fifteen (15~~0~~) calendar days from the identification to review and designate the portion of the Material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL~~.~~" or "HIGHLY CONFIDENTIAL – SOURCE CODE" consistent with Paragraph ~~30~~24, prior to furnishing copies to the Receiving Party.

~~32.~~26. Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must, for each document that contains Designated Material, affix the label "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE," on each page of the document, or by appending to the filename and/or filepath before the file extension of any document produced or otherwise served in native form, i.e., appending "-CONF" for "CONFIDENTIAL" documents, "-HCONF" for "HIGHLY CONFIDENTIAL" documents, and "-HCONF-SC" for "HIGHLY CONFIDENTIAL – SOURCE CODE" documents.

(b)     For deposition testimony, the Designating Party may designate all or any portion of such testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or

"HIGHLY CONFIDENTIAL – SOURCE CODE," consistent with Paragraph 24~~30~~.  In the case of depositions, the Designating Party may designate a portion of a deposition transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE," consistent with Paragraph 24~~30~~, by informing the reporter and the opposing party on the record before the close of the deposition of its intent to designate testimony, specifying the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE,").  Unless the opposing party agrees to a Designating Party's request to designate the entirety of the deposition testimony, the Designating Party must identify within thirty (30) days of receipt of the final transcript after the deposition has been completed the specific portions of the deposition testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE,").  Only the specific pages and line numbers of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

(c)	For information produced in a form other than documentary, and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the label "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**~~H.~~G.	Failure to Designate**

~~33.~~27.	A failure to designate qualified Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material.  Upon discovery of a failure to designate, a Designating Party may notify the Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

10903854

- 18 -

SOURCE CODE," consistent with Paragraph 2430.  Upon receipt of such notice, the

Receiving Party must make all reasonable efforts to ensure that the Material is treated in

accordance with the terms of this Order, subject to the right to challenge the propriety of

such designation(s).  The Designating Party must provide substitute copies of documents

bearing the confidentiality designation.  Any Receiving Party must also make all

reasonable efforts to retrieve any documents from anyone who had received the documents

prior to the notification to the Receiving Party of the failure to designate and who is no

longer permitted to access the documents under the new designation.

**I.H.    Protection of Draft Outside Consultant Reports and Outside Consultant-**
**Attorney Communications**

34.28.  The following communications and materials relating to Outside

Consultants in this litigation shall not be the subject of discovery or inquiry at trial:  (a)

drafts of any Outside Consultant disclosures or analysis (including reports, declarations,

affidavits, or any other form of testimony); (b) communications, whether written or oral,

between or among any Outside Consultant and Outside Counsel for the party retaining said

Outside Consultant; (c) notes or preparatory materials taken by or on behalf of any Outside

Consultant; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters,

whether in draft or any other form, that are provided to, or by or on behalf of, any Outside

Consultant; (e) communications, whether written or oral, between or among one or more

Outside Consultants retained by a Party or individuals working on the Outside

Consultants' behalf or at their direction;  and, (fe) any other types of preliminary work

product created by or on behalf of any Outside Consultant.  The foregoing exemptions also

apply to any individuals working on the Outside Consultant's behalf or at his or her

direction.  The foregoing exemptions shall not apply to any communications or materials,

including those listed above, on which any Outside Consultant, in any disclosure, expressly

relies as a basis for an opinion.  Such communications or materials shall be subject to

discovery and inquiry at trial.  Communications and materials exempt from discovery

10903854

- 19 -

under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

**J.I.    Limitation of Privilege Logging Obligations**

35.29.  The Parties agree to limitations on the content of withheld document logs. The Parties agree that information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or protection shall be listed on a withheld document log in accordance with Rule 26(b)(5)(A), Fed. R. Civ. P., except that the Parties are not required to log Privileged Materials that were created on or after October 26, 2020 or Privileged Materials solely between and among outside counsel and in-house counsel.

**K.J.    Challenges to Confidentiality Designations**

36.30.  The Parties will use reasonable care when designating Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – SOURCE CODE," consistent with Paragraph 30[].  Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material have been improperly designated.  A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein, subject to the procedure in Paragraph 37[].

37.31.  A Party is not obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation at the time made, and the failure to do so does not preclude a subsequent challenge thereto.  Such a challenge must be written, must be served on counsel for the Designating Party, and must particularly identify by Bates number and set forth for each such document the specific reason the Receiving Party believes the designation is improper for the document that the Receiving Party contends should be designated differently.  In

10903854

- 20 -

the event the Receiving Party challenges a designation, the Parties must meet and confer by telephone (voice mail messages are insufficient) or in person within ~~three~~ five (~~3~~5) business days of service, or at another time mutually agreed to by the Parties, to try to resolve the matter by agreement, prior to filing any motion.  If the Parties cannot reach an agreement, the ~~Designating~~ Receiving Party ~~must~~ may within ~~five~~ twenty (~~5~~20) business days following the meet and confer file a motion to ~~sustain~~ challenge the designation, and the burden of persuasion shall be on the Designating Party. ~~Absent a timely-filed motion to sustain the designation or stipulation or court order extending the deadlines in Paragraph H, the challenged Material is automatically de-designated to the level asserted by the Receiving Party.~~

Commented [USER4]: Note from Skadden:  We certainly agree that the burden of proof is on the Designating Party, but the challenging party should be the party filing the motion to de-designate.  That would best limit motion practice and disincentivize frivolous challenges.

**~~L.~~K.    Filing Designated Material**

~~38.~~32.  Designated Material shall be filed under seal in conformance with the Court's rules and procedures.

**~~M.~~L.    Unauthorized Disclosure of Designated Material**

~~39.~~33.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and (e) request such person or persons certify the return or destruction of the Designated Material.

**~~N.~~M.    Export Control of Designated Material**

~~40.~~34.  A Receiving Party may not transmit or transport or communicate Designated Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any person, location, or vendor outside of the United States, without the written agreement of the Designating

10903854

Party or an order of the Court.  This provision is not intended to prevent the Receiving Party's Outside Counsel from transporting Designated Material abroad for use in depositions (or the foreign equivalent) or related proceedings provided, however, that: (a) use in any foreign deposition(s) is otherwise consistent with the provisions of this Order; (b) Outside Counsel undertakes reasonable precautions at all times to ensure the security of Designated Material when being transported and used abroad; and (c) any material transported outside of the United States for depositions must be securely transported back United States after the deposition is complete or provided to counsel for the Designating Party conclusion of the deposition.

**O.N.    Protection of Privileged Information**

41.35.  The production or disclosure of any information (including documents) in this action that a party or non-party ("Producing Party") later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection, nor shall it prejudice any claim that the disclosed or related information is privileged or protected from discovery.  A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.  When a Producing Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use or review, and shall immediately cease any prior use or review of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request: a) return the information and all copies thereof to the Producing Party; or b) destroy and confirm to the Producing Party in writing that the information and all copies

10903854

- 22 -

thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

### ~~P.~~O.    **Other Proceedings**

~~42.~~36.  If a Receiving Party is served with a subpoena or other process that seeks the disclosure of any Designated Material designated by any other Party, the Receiving Party must so notify the Designating Party in writing, providing a copy of the subpoena or other process, sufficiently in advance of any required disclosure so that the Designating Party may have an opportunity to be heard on whether that information should be disclosed. No Designated Material will be produced absent an order from this Court.

### ~~Q.~~P.    **Non-Party Use of This Protective Order**

~~43.~~37.  A non-party producing information or Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and will receive the same level of protection under this Order as any Party to this lawsuit. Non-parties must use reasonable care when designating documents or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE," consistent with Paragraph 24~~30~~. Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material,

10903854                                      - 23 -

and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material have been improperly designated. The procedure for challenging a nonparty's confidentiality designations will be the same procedure as set forth in Section JK, above.

44.38. A non-party's use of this Order to protect its "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material does not entitle that non-party access to "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material produced by any Party in this case.

## R.Q.    Duration

45.39. Even after the termination of this action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## S.R.    Final Disposition

46.40. Unless otherwise ordered or agreed in writing by the Designating Party, within 60 days after the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Receiving Party must return all materials designated by any Designating Party under this Order to the Designating Party, or destroy such material, including all copies thereof, and provide to the Designating Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a Receiving Party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no party shall be required to return or destroy any

materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

### ~~T.~~S.    **Miscellaneous**

~~47.~~41.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing voluntarily and explicitly agreeing to such waiver signed by the Outside Counsel for the Party against whom such waiver will be effective.

~~48.~~42.  This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Order. The Court will take appropriate measures to protect Designated Material at trial and any hearing in this case.

~~49.~~43.  This Order does not diminish any existing obligation or right with respect to Designated Material, nor does it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

~~50.~~44.  The United States District Court for the Eastern District of Tennessee is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Material produced under the protection of this Order will be resolved by the United States District Court for the Eastern District of Tennessee. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

10903854

- 26 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1.     I reside at _____;

2.     My present employer is _____;

3.     My present occupation or job description is _____;

4.     I have been informed of and have reviewed the Protective Order entered in the matter of *SNMP Research, Inc. et al. v Broadcom Inc. et al.*, No. 3:20-cv-00451-JRG-DCP, in the United States District Court for the Eastern District of Tennessee, and I will not divulge any information, documents, or things that are subject to the Protective Order except in accordance with the provisions of the Order;

5.     I agree to be subject to the authority and jurisdiction of the United States District Court for the Eastern District of Tennessee in the event of any violation or dispute related to this agreement and I hereby appoint_____[print or type full name]

_____

_____[print or type full address and telephone number] as my Tennessee agent for service of process in connection with this action or any proceeding relating to enforcement of this Protective Order;

6.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.        _____

                                                 Signature

                                                 PRINTED NAME:_____

                                                 Title: _____

                                                 Address: _____

**EXHIBIT B**

**CERTIFICATION OF OUTSIDE CONSULTANT**

I, _____, state:

        1.     I have read the Protective Order ("Order") in the matter of *SNMP Research, et al. Inc. v Broadcom Inc. et al.*, No. 3:20-cv-00451-JRG-DCP, and understand and will abide by its terms.

        2.     I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor.

        3.     I have provided full disclosure under Paragraph 18 and the documents provided thereunder are accurate to the best of my knowledge.

        4.     If at any time after I execute this Certificate of Outside Consultant and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Material marked as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE" unless and until the Parties agree or the Court orders otherwise.

        5.     I will not use any Designated Material for any purpose other than this litigation.

        6.     I agree to be subject to the authority of the District Court of the Eastern District of Tennessee in the event of any dispute related to this certification and I hereby appoint _____ [print or type full name]

_____

_____

_____ [print or type full address and telephone number] as my Tennessee agent for service of process in connection with this action or any proceeding relating to enforcement of this Protective Order.

10903854

- 28 -

7.     I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.

    __

                             _____

                             Signature

                             PRINTED NAME:_____

                             Title: _____

                             Address: _____