# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiffs' proposed supplemental brief citing the response from the Register of Copyrights in *Fashion Avenue Sweater Knits LLC v. Poof Apparel Corp.*, No. 19-cv-06302, Dkt No. 129-1 (C.D. Cal. filed July 22, 2019) ("Register Response") violates Local Rule 7.1(d) and should be stricken. Moreover, even if the submission were considered, the Register Response has no bearing on the present matter.

A. **The Register Response Is Not a "Development" Under Local Rule 7.1(d).**

Local Rule 7.1(d) disallows any additional filings without prior Court approval, except for short supplemental briefs for the *sole* purpose of "call[ing] to the Court's attention developments occurring after a party's final brief is filed." Plaintiffs purport to alert the Court to the Register's response to a referral in an unrelated case but, in reality, this so-called "development" is a mere pretext for Plaintiffs to file an unauthorized sur-reply in opposition to Defendants' motion to dismiss—the *third* time Plaintiffs have, in essence, filed an improper supplemental submission without leave of the Court in violation of Local Rule 7.1(d).[1]

The term "development" as used in Local Rule 7.1(d) refers to developments in the *specific case* before the Court. *See King v. Hamblen Cty. Bd. of Educ.*, No. 2:14-CV-249, 2016 WL 9140623, at *6 n.2 (E.D. Tenn. May 6, 2016) (Greer, J.) (declining to consider supplemental brief because the brief "was not based on newly discovered evidence"). To consider *any* filing in *any* other case that touches on the issues raised in the present matter to be a "development" would permit parties to continually supplement their arguments and unilaterally extend the briefing period for a motion as new filings are made across the country. This runs against the

---

[1] *See* Plaintiffs' Opposition Brief to Motion to Stay Discovery and for a Protective Order (Dkt. No. 54) (devoting the first eight pages to renewing arguments concerning the motion to dismiss); Plaintiffs' Memorandum in Support of Motion to Compel (Dkt. No. 60-1) (rehashing and further developing arguments already briefed in Defendants' motion to stay and for a protective order).

- 1 -

purpose of Local Rule 7.1(d).  *See Carrichner v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 5077038, at *3 (E.D. Tenn. Aug. 27, 2020) (disregarding supplemental brief, explaining that "[o]ne of the purposes behind Local Rule 7.1(d) is so that the Court can adjudicate motions expeditiously, and the Court cannot do so if the parties continue to file briefs").

Plaintiffs' undue expansion of the concept of a "development" and attempt to file a sur-reply without leave is improper and, as the Sixth Circuit has recognized, warrants striking the submission in its entirety.  *See Setzer v. First Choice Lending Servs., LLC*, 2018 WL 7500477, at *2 (6th Cir. Sept. 10, 2018) ("Because [the plaintiff's] response motion was filed without court approval and did not detail new developments related to the defendants' motion to dismiss, the district court did not abuse its discretion when it struck the motion for violating Rule 7.1(d).")

### B. The Register Response Has No Bearing on This Matter.

Plaintiffs argue that the Register Response sets forth a rule that referral to the Register on the present issue would be barred until "after all fact discovery [is] fully completed."  Plaintiffs' Supplemental Brief (Dkt. No. 61), at 2, 4.  But the Register does not suggest that at all, nor would such a categorical rule make any sense.  The Register's conclusion in *Fashion Avenue* was very much tied to that case's particular (unresolved) facts.  The court asked the Register if she would have rejected the plaintiff's copyright registration of 359 images as an unpublished collection if she had known that "five of those works has been the subject of offers and sustained negotiations with buyers."  Register Response at 1-2.  The Register responded that "[the Copyright Office] would not have been able to determine based on those facts alone whether the Subject Works had been published," *id*. at 11, noting further that there were unresolved factual issues regarding whether "the actual garments to be distributed [were] available for distribution when the offer [was] made."  *Id*. at 14.  The Register offered her advice, however, that "[i]f the

garments had been manufactured" when the plaintiff submitted its copyright application, "then there was an offer and the goods existed, so that the designs were published and could not have been registered properly as part of a collection of unpublished works." *Id*. at 16.

Unlike *Fashion Avenue*, the present case does not concern "offers and negotiations with buyers," whether goods had already been manufactured when they were offered for distribution, or any other unresolved factual questions necessary to determine invalidity. Indeed, the facts concerning Defendants' challenge to Plaintiffs' registrations are apparent from the face of the Complaint. Plaintiffs admit in their Complaint that they did not just "offer" to distribute copies of their software a few months prior to registration—they *actually* distributed the software for *at least ten years* prior to registration pursuant to a license agreement granting Brocade a ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Compl. Ex. A § 3.**²** Thus, while *Fashion Avenue* may have required discovery to resolve complex questions of publication and/or other factual questions material to registration invalidity, that is not the situation here.

Moreover, even though the Register could not conclude whether the works had been published in *Fashion Avenue* based on the unique unresolved facts of that case, the Register expressly acknowledged that if the works *had* been published, "the Office would *not* have registered the Subject Works as part of an unpublished collection[.]" Register Response at 12

---

**²** Plaintiffs have previously moved to seal the License Agreement. *See* Dkt. No. 2. As set forth in the motion to dismiss, Plaintiffs' software was registered with the Copyright Office as unpublished in 2011, and Plaintiffs do not and cannot plausibly contend that they lacked full knowledge of the license to Brocade executed ten years earlier. *See* Defendants' Brief in Support of Motion to Dismiss (Dkt. No. 40-1) ("Motion to Dismiss") at 17; Defendants' Reply Brief in Support of Motion to Dismiss (Dkt. No. 56) ("Reply Brief") at 20.

(emphasis added). That acknowledgment is consistent with the numerous other occasions in which the Register has stated she would have rejected a copyright application due to inaccurate statements about publication. *See* Motion to Dismiss at 20-21. Thus, the Register Response in *Fashion Avenue* confirms that publication is a material issue—a point Plaintiffs conceded (*see* Reply Brief at 29)—and that the Register should advise the Court in this case.[3]

Plaintiffs also incorrectly rely on the Register's opinion that, "[p]articularly when there is no question of whether the applicant was a proper claimant or that the work is protectable by copyright, a copyright registration should not be invalidated . . . when the application was submitted in good faith based on a reasonable interpretation of the law." Register Response at 18. As an initial matter, there *are* certainly questions in this case regarding whether Plainitffs are the proper claimants and the asserted works are protectable by copyright. But more importantly for purposes of the motion to dismiss, the Register relies on *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (9th Cir. 2019), cert. denied, 140 S. Ct. 1294 (2020), a case on which Defendants also rely and that has been discussed at length in the motion to dismiss briefing. When read in its entirety, and as applied to the facts in the *present* case, *Gold Value* conclusively supports *Defendants'* position.

In *Gold Value*, the Ninth Circuit rejected plaintiff's argument that it did not know that its sale of samples constituted publication and therefore that it lacked the requisite knowledge or fraudulent intent, explaining that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law. As Justice Jackson correctly observed,

---

[3] The Register states that "[s]ection 411(b)(2) requires a court to request that the Register advise as to 'whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration' when a party has alleged the inaccurate information is included on a copyright registration certificate." Register Response at 10-11.

- 4 -

Case 3:20-cv-00451-CEA-DCP   Document 66   Filed 03/08/21   Page 5 of 7   PageID #: 2419
5857416

'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.' " *Id.* at 1146-47. Because the purported registrant "was admittedly aware of the *facts* regarding its fabric sales[,] its inclusion of designs that it knew had been sold, and therefore published, in an unpublished collection cannot be characterized as an inadvertent or good faith mistake." *Id.* at 1148 (emphasis added). Thus, as Defendants previously explained (Motion to Dismiss at 18-20; Reply Brief at 25-28 & n.21), when an applicant is "admittedly aware of the facts" regarding its distribution—just as Plaintiffs are in this case—the registration of those works as unpublished "cannot be characterized as an inadvertent or good faith mistake." *Gold Value* also expressly rejects Plaintiffs' prior argument that a showing of fraud is required before a Court can make a referral under 17 U.S.C. 411(b). *See* Dkt. No. 48 at 29.[4] The Register Response similarly suggests no such showing is necessary.[5]

Finally, as the Register acknowledges, "the Register's role is to clarify the registration procedures of the Copyright Office." Register Response at 11; *see also* 17 U.S.C. § 411(b)(2) (stating the Register shall "advise the court whether the inaccurate information, if known, would have caused the Register…to refuse registration"). This Court's role, in contrast, is to "determine[] . . . whether the applicant in fact provided inaccurate information to the Copyright Office with knowledge that it was inaccurate." Register Response at 11.

---

[4] Notably, the defendants in *Fashion Value* submitted a declaration of David Nimmer—counsel to Plaintiffs in this case—in support of their referral. The declaration makes no suggestion that a showing of fraud is necessary prior to referral, and there is no indication that any such showing was made by defendants. *See Fashion Avenue*, No. 19-cv-06302 (C.D. Cal. filed July 22, 2019) Declaration of David Nimmer (Dkt. No. 111). In fact, Mr. Nimmer's report in *Fashion Avenue* flatly contradicts his position in this case. *See id.* at 10 (arguing that the Copyright Act "mandates referral to the Register of Copyrights when questions arise regarding publication status").

[5] Defendants' prior briefs further address why, even if Plaintiffs accurately characterized the knowledge requirement, their position regarding publication still would not be a "reasonable interpretation of the law." *See* Motion to Dismiss at 16-17; Reply Brief at 25-29.

- 5 -

Dated: March 8, 2021

HUESTON HENNIGAN LLP

By: */s/ Alison Plessman*
Alison Plessman
Attorneys for Defendants
Broadcom, Inc.
Brocade Communications Systems LLC

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jordan Feirman*
Jordan Feirman
Attorneys for Defendant
Extreme Networks, Inc.