# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | **Case No. 3:20-cv-00451** |
| Plaintiffs, | § § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFF SNMP RESEARCH, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff SNMP Research, Inc. ("SNMP Research" or "Plaintiff"; and collectively with plaintiff SNMP Research International, Inc., "Plaintiffs") respectfully submits this Memorandum of Law in support of its Motion to Compel Responses from Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") to SNMP Research's Second Set of Requests for Production of Documents ("Motion").

## I. INTRODUCTION

More than half a year has passed since this action was filed, and Defendants have yet to produce a single document or provide a single substantive response to any discovery request. Instead, Defendants have served across-the-board objections to every item of discovery that Plaintiffs have ever served. This Motion follows on the heels of Plaintiffs' motion to compel responses to their first set of discovery requests (*see* Dkt. 60). Specifically, this Motion addresses Defendants' responses to SNMP Research's second set of requests for production of documents (herein, "Second RFPs"), wherein Defendants continue the same discovery misconduct that they perpetrated with respect to Plaintiff's first set of discovery requests.

The Second RFPs consist of three requests to Brocade and five substantively identical requests to Broadcom. As with all of their prior discovery responses, Defendants: (i) responded solely with objections; (ii) failed to disclose, in clear violation of Federal Rule of Civil Procedure 34(b)(2)(C), whether documents were being withheld on the basis of any objection, and if so, which objection(s); (iii) failed to substantively answer any portion of any request, even in part; and (iv) took the position that Defendants will not provide any responses other than objections until this Court has ruled on Defendants' pending Motion to Stay Discovery or for a Protective Order (Dkt. 47; herein "Motion to Stay Discovery"), which in essence was a unilateral granting of their own motion. Each of these failings is improper and is grounds not only for compelling proper responses but also for finding a
- 1 -

10937714

1967725v1

Case 3:20-cv-00451-CEA-DCP   Document 69-1   Filed 05/19/21   Page 2 of 16   PageID #: 2435

waiver of objections.

The Court should therefore order Defendants to provide full, complete and substantive responses to the Second RFPs, and in addition find that all of Defendants' objections other than as to the attorney-client privilege or work product protection have been waived.

## II. RELEVANT BACKGROUND

### A. Plaintiff's First Set Of Discovery Requests And The Pending Motion To Compel

In Plaintiffs' opposition (Dkt. 54) to Defendants' currently-pending Motion to Stay Discovery, Plaintiffs describe the Complaint, Defendants' motion to dismiss or to transfer this action (upon which they base their Motion to Stay Discovery), and the parties' meet and confer efforts over Defendants' Motion to Stay Discovery. To avoid burdening the Court with a redundant discussion of these matters, Plaintiff incorporates herein by reference that factual and procedural discussion. *See* Dkt. 54 at 3-12.

On December 26, 2020, Plaintiffs served a first round of discovery on Defendants (consisting of requests for production, interrogatories, and requests for admission). All Defendants responded solely with objections, and all Defendants refused to provide meaningful substantive responses until after their Motion to Stay Discovery was decided. Consequently, on February 15, 2021, Plaintiffs filed a Motion to Compel Discovery Responses (Dkt. 60-1; herein "First Motion to Compel"). Again, to avoid burdening the Court with a repetitive discussion, Plaintiff incorporates by reference the factual and procedural discussion in the First Motion to Compel. *See* Dkt. 60-1 at 3-6.

### B. SNMP Research's Second RFPs And Defendants' "Responses"

On January 29, 2021, SNMP Research served its Second RFPs on Brocade and Broadcom. *See* Declaration of John Wood ("Wood Decl."), ¶¶ 2-5 and Exs. A and B, respectively. The Second RFPs go to an essential issue in this case: whether Defendants had authorization to perform the disputed acts concerning, *inter alia*, the copying and transfer of SNMP Research's software, whether through themselves or through third-party contractors. *See id.,* Ex. A p. 7 and Ex. B, p. 7. The Second

- 2 -

RFPs also requested an unredacted copy of a letter sent by Broadcom (on its own behalf and on behalf of Brocade, which it now wholly owns) to Extreme, which Broadcom thereafter forwarded to Plaintiffs in redacted form. *Id.* ¶¶ 10-11. Among other things, the letter expressly states that "At SNMPRI's request, we are writing to confirm that Brocade did not transfer, and Extreme did not receive, a license or sublicense under the Agreement to use SNMPRI software in its products." *Id.* Ex. E.

On March 1, 2021, Brocade and Broadcom served their "Responses and Objections," which, once again, consisted solely of objections. *See* Wood Decl. ¶¶ 6-8 and Exs. C and D. Not a single substantive response was provided by either Defendant. *See* Wood Decl. ¶ 9. Not a single document was produced, nor was a single commitment to produce any document provided. *Id.* ¶ 9 and Exs. C and D. Moreover, the vast majority of the objections are cut-and-pastes of the same, or virtually the same, boilerplate objections that were filed in response to Plaintiff's first set of written discovery, with an occasional minor word change. *Id.* ¶ 9.

Plaintiffs asked Defendants to meet and confer over the Second RFPs. The parties held a lengthy meet and confer call on March 17, 2021. *Id.* ¶ 13. Because of a prior disagreement over what was said during a discovery-related conference, Plaintiffs notified Defendants that they intended to have the meet and confer transcribed, which it was. *Id.* ¶¶ 13-14 and Ex. F. Plaintiffs began the meet and confer call by asking Defendants which of the many objections that were incorporated into all of their responses were actually leading to the withholding of documents. Wood Decl. Ex. F (Transcript) at 3:12-16. Defendants replied that they stood on all of their objections. *Id.* at 8:22-25. When Plaintiffs tried to resolve the dozens of objections over the simplest document request—the request for the unredacted copy of the specific letter sent by Broadcom to Extreme about the very transfer at the center of this case—no objection could be resolved. Not even Broadcom's objection that it did not have "possession, custody or control" <u>over the letter it sent</u>, or Defendants' objections on the basis of

- 3 -

the "tax privilege" and the "Federal Rules of Civil Procedure." *Id.* at pp. 17-38.

Defendants stated that Plaintiffs should provide a letter laying out their position on all of Defendants' objections, but this was obviously just a stall tactic, as Defendants made crystal clear throughout the meet and confer call that they would not agree to produce any document until after this Court ruled on their Motion to Stay Discovery. *Id* at pp. 12:2-13, 18:7-11, 19:1-20, 35:9-36:22; Wood Decl. ¶ 16. Plaintiff thus certifies that it has, in good faith, attempted to confer with Defendants in an effort to resolve this dispute without court action before filing the Motion.

### C. Protective Order Discussions

Another objection Defendants have raised to responding to discovery is that there is no protective order in place for confidential information. As demonstrated in the First Motion to Compel, Defendants raised this objection even while they refused to work with Plaintiffs to stipulate to such an order. Dkt. 60-1 at 1, 5, 10, 22. Only after weeks of pressing, and then agreeing to provisions that Defendants raised at the last minute, could Plaintiffs get to a point where a Protective Order could be submitted to the Court. Thereafter, when Plaintiffs requested permission to file it, Defendants insisted on inserting a provision that the Court has no jurisdiction to enforce it—in other words, a provision that renders the Protective Order ineffectual. Wood Decl. ¶¶ 17-19, Ex. G, p. 4. Defendants insisted on this despite Plaintiffs' offer to include a provision expressly stating that Plaintiffs would not argue that entry of the Protective Order constituted a waiver of any of Defendants' defenses, including its jurisdiction and venue defenses. Wood Decl., Ex. G, p. 3. In addition to showing Defendants' continued refusal to cooperate in discovery, this amply demonstrates that Defendants' argument about "prejudice" from alleged "one-sided" discovery was never the real reason for the refusal to cooperate in discovery. The real reason was, and remains, that Defendants have unilaterally decided they will not cooperate in discovery while their Motion to Stay Discovery is pending.

- 4 -

10937714
1967725v1

## III. ARGUMENT

Settled law provides that Defendants' Motion to Stay Discovery does not excuse them from their obligation to provide proper, timely, and substantive responses to written discovery. In addition, Defendants' service of across-the-board objections are improper and violate numerous settled rules.

### A. Defendants' Pending Motion To Stay Discovery Does <u>Not</u> Excuse Them From Their Discovery Obligations

A pending motion to stay discovery—whether characterized as a motion to "stay" or for a "protective order"—does <u>not</u> excuse a party from providing timely and proper discovery responses while that motion is pending. *See* Committee Notes to Fed. R. Civ. P. 37(d) ("[F]iling of a motion under Rule 26(c) is not self-executing—the relief authorized under that rule depends on obtaining the court's order to that effect."); *see also Morgan v. AMISUB (SFH), Inc.*, 2020 WL 4274586, at *6 (W.D. Tenn. July 24, 2020) ("The fact that Morgan moved for a protective order does not by itself substantially justify her failure to comply with the Federal Rules of Civil Procedure.") (granting motion to compel). Indeed, Defendants' refusal to provide substantive responses to discovery based on the mere fact that they have made a Motion to Stay Discovery means Defendants have essentially granted their own motion to stay and ignored their legal obligations based on their own *ipse dixit*. This is patently inappropriate. *See, e.g.*, *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."); *see also* First Motion to Compel (Dkt. 60-1), at pages 6-8 (citing extensive authority prohibiting Defendants' tactic). Consequently, the fact that Defendants moved to stay discovery did <u>nothing</u> to absolve them of their obligation to properly respond to discovery, which Defendants failed to do.

**B. Defendants' "Responses" Are Improper And Justify An Order Compelling Substantive Responses As Well As A Finding That Defendants Waived Their Objections**

"[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Here, Defendants' discovery responses are obviously evasive and incomplete given that neither Defendant has provided a single substantive response to any of the Second RFPs (or any written discovery at all for that matter). Defendants' "responses" are thus the equivalent of no response at all. *See Siser N. Am. v. Herika G. Inc.,* 325 F.R.D. 200, 210 (E.D. Mich. 2018) ("Evasive and incomplete answers to discovery requests are tantamount to no answer at all."); *Wesley Corp. v. Zoom T.V. Prod.*, 2018 WL 372700, at *2 (E.D. Mich. Jan. 11, 2018) ("To date, Defendants have not produced a single document. Instead, Defendants repeat the same objection to nearly every request for production.") (issuing discovery sanctions and deeming objections waived); *Strategic Mktg. v. Auto Data Solutions, Inc.,* 2017 WL 1196361, at *2-*3 (E.D. Mich. Mar. 31, 2017) (finding waiver of objections and granting motion to compel where party did not "produce a single document" and instead provided boilerplate, generalized objections).

In addition, "[t]he burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Id.* at *2-3. Thus, the burden is on Defendants to justify their objections, and they cannot meet their burden. For one thing, Federal Rule of Civil Procedure 34 requires that the responding party state <u>with specificity</u> the grounds for an objection. Fed. R. Civ. P. 34(2)(B) (an objection must "state with specificity the grounds for objecting to the request, including the reasons."). As demonstrated below, defendants have not done this in any of their requests. In addition, "an objection must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(2)(C); *see also Wesley Corp.*, 2018 WL 372700, at *4 ("[A]n objection must state whether any responsive materials are being withheld on the basis of that objection. When objections lack specificity, they lack effect: an objection that does not explain its

- 6 -

grounds (and the harm that results from responding) is forfeited.") (finding waiver of objections, granting motion to compel, and issuing discovery sanctions). Defendants have not provided this disclosure in any of their responses. For these reasons and the additional ones discussed below, Defendants' objections are all meritless.

### 1. Defendants' "General Objections" Are Improper

Each Defendant incorporates by reference its "General Objections" (31 objections for Brocade and 32 for Broadcom) into every response.[1] Courts within the Sixth Circuit have held that this is improper and should be treated as a waiver of objections. *See, e.g.*, *Sobol v. Imprimis Pharm.*, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017) ("[I]incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirements….") (finding waiver of objections and granting motion to compel); *see also Morgan*, 2020 WL 4274586, at *4 ("[G]eneral objections violate the specificity requirement of Rule 33[.]") (citations omitted) (finding waiver of objections and granting motion to compel); Siser, 325 F.R.D. at 210 ("Boilerplate or generalized objections are tantamount to no objection at all") (internal quotation marks omitted) (finding waiver of objections and granting motion to compel). Defendants' continued use of "general objections" is thus improper and waived.

### 2. Defendants' Other Objections Are Also Improper

The objections that Defendants include in their responses in addition to the "general" objections are also improper. Like the general objections, these objections do not state with specificity the grounds for objecting or disclose whether documents are being withheld based on the objection. For example, although Defendants objected on purported relevancy grounds, they offer no explanation at

---

[1] Each Brocade and Broadcom response states that the "General Objections" "apply to all of" Plaintiffs' Document Requests "and are incorporated by reference into each specific answer as if fully set forth therein." *See* Exs. C, D.

- 7 -

all for that objection. But there is no serious dispute about the relevancy of documents related to Defendants' (or their consultant's) authorization to copy and transfer the SNMP Research software, or the relevancy of the letter between Broadcom and Extreme concerning the transfer at the heart of this case. As this District has repeatedly held, "[r]elevance for discovery purposes is extremely broad." *Neale v. Coloplast Corp.*, No. 1:18-cv-00274-TRM, 2020 WL 6948361, at *2 (E.D. Tenn. Nov. 02, 2020). The Second RFPs concern documents that are undeniably relevant.

Furthermore, when Plaintiffs attempted during their meet and confer efforts to understand the basis for the objections and how to resolve them, Defendants played a game of cat and mouse to avoid reaching any resolution. Defendants also steadfastly held to their position that, until this Court ruled on their Motion to Stay Discovery, no substantive responses or document production would be forthcoming.

For example, during the meet and confer call, Plaintiffs attempted to understand why Defendants believed the terms "transfer" and "distribute" are supposedly so vague that no answer could be provided to RFPs 92-95 (to Broadcom) and 87-88 (to Brocade). *See* Ex. F at 39:4-6. In response, Defendants asked how the words "transfer" and "distribute" are defined. *Id.* at 39:7-8. Plaintiffs explained that these are ordinary English words that were meant to be defined as in the English dictionary. *Id.* at 39:9-10. That explanation was not sufficient for Defendants, who then claimed they did not understand whether "transfer" meant transfer to another party. *Id.* at 42:24-43:2. Plaintiffs offered to clarify that "transfer" or "distribute" of course means transfer or distribute to someone else. *Id.* at 43:3-18. That explanation was also insufficient for Defendants. Defendants then claimed they did not understand whether Plaintiffs meant a "physical" transfer. *Id.* at 43:19-21. Plaintiffs offered to make that distinction, but that also was not good enough, because Defendants then claimed that they could not provide a response because they did not understand the difference between the words

"transfer" and "distribute." *Id.* at 43:22-44:7. Plaintiffs then offered to remove either "transfer" or "distribute" if that would truly resolve the objection. *Id.* at 45:17, 18. But that would not resolve it for Defendants either. Meanwhile, the exact same request was posed to Defendant Extreme, who has confirmed in writing that it has no objection to the terms "use, copy, license, sell, transfer, prepare derivative works of, or distribute." Declaration of John Wood in Support of Motion to Compel Discovery Responses from Extreme Networks, Inc. (filed contemporaneously herewith), Ex. D, pp. 4, 6. And when Broadcom and Brocade finally ran out of contrived ways to appear confused about the words "transfer" and "distribute," they ultimately fell back on the pendency of their Motion to Stay Discovery: "I mean, just to be clear, because I feel like there's confusion, there's always the overarching issue of the pending motions and the one-sided discovery." Ex. F at 46:15-18.

This is a continuation of Broadcom's and Brocade's approach to the first set of discovery requests. As demonstrated in Plaintiffs' First Motion to Compel, Broadcom and Brocade have claimed confusion as to what the words "received," "inserted," "discussed," "terms," "added," "incorporated," "compiled," "permission," and "consent" (among many others) mean. *See* Dkt. 60-1 at 23. Defendants' consistent complaints regarding use of common English words, along with their ever-present fallback argument that they will never provide substantive responses or produce documents while their Motion to Stay Discovery is pending, shows that they have no intention of reaching a substantive resolution of the issues that their improper, boilerplate objections raise. Defendants simply intend to stall.

Defendants followed a similar pattern when Plaintiffs attempted to discern whether Defendants were really withholding any documents based on the "tax privilege" or "the Federal Rules of Civil Procedure" objections that Defendants have incorporated into literally every one of their "responses." Indeed, Defendants decided to "stand[]" on those objections even in response to the simple RFP asking

- 9 -

10937714

1967725v1

Case 3:20-cv-00451-CEA-DCP   Document 69-1   Filed 05/19/21   Page 10 of 16   PageID #: 2443

for an unredacted copy of the letter than Broadcom sent to Extreme about the very transfer that is central to this case:

> MR WOOD:· Alison, we can't provide support for something when we don't understand the reason for your objection.  So back to the tax privilege, how does the tax privilege relate to this unredacted version letter from Simone New (phonetic) to Katie Moby (phonetic)?· We don't know.· We don't know how to respond.· If you want to tell us right now, we can take that into consideration and we'll respond.· But without that information, we don't know.
>
> Which one of the Federal Rules of Civil Procedure do you think is keeping you from providing that document?· We want to work with you to work this out, and I feel like you're really you're not working with us at all.
>
> MS. PLESSMAN:· Well, I disagree.  I think we should just start by you laying out your position for the -- with the central objections and what specifically have you done and go through and say you don't understand this, you don't understand that, you don't understand this.

Ex. F at 26:2-21.  On top of this, Broadcom would not even agree that its objection that the document is "not in the possession, custody or control" of Broadcom makes no sense given that Broadcom authored the letter.  *Id.* at 34:1-18.  Broadcom's counsel insisted that she "would have to actually look at the letter."  *Id.* at 34:2-3.  But if Broadcom's counsel had not looked at the letter already, then how could Broadcom have made the objections that it made to producing it?  And why would Broadcom's counsel attend a meet and confer over so few requests without having reviewed this document in order to be prepared to discuss Defendants' objections to its production?

Given Defendants' utter failure to follow the requirement that they be specific in their objections and the requirement that they identify which objections are truly leading to the withholding of documents, this Court need not even address the substantive merits of Defendants' objections.  As demonstrated above and in Plaintiffs' First Motion to Compel, the objections (other than as to attorney-client privilege or work product protection) should be deemed waived.

In any event, Defendants' "specific objection[s]" are briefly discussed in the table below, and they are all meritless:

|   | **Defendant's "Specific" Objection**[2] | **Plaintiff's Response** |
|---|---|---|
| 1 | The terms "transfer" and "distribute" are "vague, ambiguous, compound, and overbroad." | Defendants do not explain why these plain words are vague, ambiguous, compound and overbroad, and they refuse to accept the dictionary meaning of the terms. *See* Ex. F at 38:23-47:6. Defendant Extreme did not object to these terms. |
| 2 | The definitions of "Broadcom," "Brocade," "SNMP Research," and "SNMP Research Software" are overly broad and therefore a search for the requested documents is "unduly burdensome." Defendants also claim that "SNMP Research Software" includes software that is beyond the scope of the lawsuit. | These terms are defined in a simple and straightforward manner to account for predecessors, affiliates, and subsidiaries. Defendants do not explain why a search using these terms would be unduly burdensome. They also state, without explanation, that the definition of "SNMP Research Software" is beyond the scope of the lawsuit. This is incorrect; the complaint encompasses (and lists) <u>all</u> of SNMP Research's copyrighted software. |
| 3 | The requests seek documents that are "irrelevant and not proportional to the needs of the case." | As demonstrated above, all of the Second RFPs meet the broad standard for discovery relevance. Defendants adduce no facts demonstrating lack of proportionality. |
| 4 | The requests are "premature" because they "first require[] review of information in SNMP's possession, including its software and/or source code." | The objection does not explain why Defendants must first review source code in SNMP's possession to provide substantive responses. Even if Defendants had made such a showing, Defendants already have SNMP Research's software in their possession. Wood Decl. ¶ 9. |
| 5. | The requests seek "premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions." | Defendants never explain which "expertise" they are supposedly lacking or why they cannot consult with an expert now. They also do not explain which legal conclusion/opinion is supposedly sought or why that would justify a non-response. *See Akers v. Shaw Envtl.*, 2011 WL 867524, at *3 (W.D. La. Mar. 14, 2011) ("call[s] for legal conclusions" objection is "unavailing" as discovery, including production of documents, "inevitably reveals" attorney's legal conclusions). |

---

[2] <u>Broadcom's</u> responses raise the following objections set forth below: RFP 92: objections 1-18; RFPs 93-95: objections 1-19; RFP 96: objections 7-9, and 11-18. *See* Wood Decl. Ex. D. <u>Brocade's</u> responses raise: RFP 87: objections 1-12 and 14-18; RFP 88: objections 1-12, and 14-19; RFP 89: objections 7-9, 11-12, and 14-18. *See id.* Ex. C.

| | **Defendant's "Specific" Objection**[2] | **Plaintiff's Response** |
|---|---|---|
| 6 | The requests are "argumentative and call[] for a legal conclusion." | Defendants do not explain how any of the requests improperly call for a legal conclusion (or why that would matter anyway, *see* number 5, above) or are purportedly argumentative. |
| 7 | The requests require "disclosure of confidential and proprietary information, documents, and tangible things" of Defendants and third parties. | Defendants have refused to allow Plaintiffs to file the negotiated Protective Order with the Court, Wood Decl. ¶ 20, and cannot use their own failings to excuse failure to comply with discovery requests. *Sobol,* 2017 WL 5035837, at *5 (finding waiver of objections and noting that defendant had "caused one of the obstacles that it claims now creates a burden for it"). Defendants also refuse to produce even documents they do not specifically contend are confidential. |
| 8 | The requests are objectionable because no protective order has been entered. | See discussion regarding number 7, *supra*. |
| 9 | The requests are objectionable "to the extent the documents sought are not in [Broadcom's/Brocade's] possession, custody, or control and are in the possession, custody, or control and are in the possession, custody, or control of third parties." | This boilerplate objection makes no sense. For example, RFP 96 to Broadcom requests an unredacted copy of a letter that Broadcom itself authored. Similarly, RFPs 92-95 and 87-88 to Broadcom and Brocade, respectively, seek documents giving Defendants the right to transfer or distribute SNMP Research Software, which also should be in Defendants' possession, custody, or control, if they exist. |
| 10 | The requests are objectionable "to the extent the documents sought are already in Plaintiff's possession." | This boilerplate objection also makes no sense. The unredacted copy of the letter Broadcom sent to Extreme is not in Plaintiffs' possession. |
| 11 | The requests are objectionable because they are "the subject of the Motion to Stay and for a Protective Order that is pending before the Court." | As demonstrated above and in the First Motion to Compel, Defendants cannot use their pending Motion to effectively grant themselves the stay they are seeking. |
| 12 | The requests are objectionable because "jurisdiction is an improper venue for this action." | This issue has not been decided by the Court and is improper for the reasons stated in Dkt. 60-1 at 19-20. |
| 13 | The requests are objectionable because "the Court overseeing this litigation lacks personal jurisdiction over Broadcom." | This issue has not been decided by the Court and is improper for the reasons stated in Dkt. 60-1 at 19-20. |
| 14 | The requests are objectionable because they seek information, documents, or things | If Defendants are withholding documents based on this objection, they must state they are doing |

10937714

1967725v1

Case 3:20-cv-00451-CEA-DCP   Document 69-1   Filed 05/19/21   Page 13 of 16   PageID #: 2446

| | Defendant's "Specific" Objection[2] | Plaintiff's Response |
|---|---|---|
| | protected by "the attorney-client privilege, [and] the attorney work product doctrine." | so and produce a privilege log. Defendants have done neither. |
| 15 | The requests are objectionable because they seek information, documents, or things protected by the "joint client privilege, [and] the joint defense or common interest privilege." | Defendants do not explain why these privileges would apply to the documents sought (i.e. documents providing Defendants the right to transfer or distribute SNMP Research Software, and an unredacted copy of a letter between Defendants). Defendants also never disclose whether documents are being withheld. |
| 16 | The requests are objectionable because they seek information, documents, or things protected by the "[c]onstitutional right to privacy." | Defendants do not explain why the "constitutional right to privacy" applies and whether documents were withheld based on it. |
| 17 | The requests are objectionable because they seek information, documents, or things that are protected by "the tax privilege." | Defendants do not explain why this privilege applies and whether any documents are being withheld based on it. |
| 18 | The requests are objectionable because they seek information, documents, or things that are protected by the Federal Rules of Civil Procedure. | Defendants do not identify which "Federal Rule of Civil Procedure" they are invoking, why, and whether any documents are withheld based on it. |
| 19 | The terms "consultants" and "contractors" are "vague, ambiguous, compound, and overbroad." | These are standard, plain terms. Broadcom offers no explanation for why it cannot understand them. |

While the above table demonstrates the meritlessness of Defendants' objections, neither Plaintiffs nor the Court should be forced to go objection-by-objection for dozens of objections (the 19 above plus the 30 general objections) just to ascertain what really needs to be resolved. But that is what Defendants' inappropriate conduct, if condoned (and it should not be), would necessitate. Moreover, even if some portion of a request was objectionable in some way, Defendants had an obligation to at least provide a partial response or produce some documents when other parts of the request were not objectionable. *See* Fed. R. Civ. P. 34(b)(2)(c)) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). Defendants' failure to do so is just another example of their continued complete disregard of their discovery obligations under the Federal Rules of

- 13 -

10937714

1967725v1
Case 3:20-cv-00451-CEA-DCP   Document 69-1   Filed 05/19/21   Page 14 of 16   PageID #: 2447

Civil Procedure. It is also why, half a year into this case, Plaintiffs have not received a single substantive response to a single discovery request.

## IV.     CONCLUSION

This Court should compel Defendants to substantively respond to Plaintiff's Second RFPs immediately and by a date certain, and to produce a privilege log. The Court should also hold that all of Defendants' objections to the discovery requests, other than as to attorney-client privilege or work product protection, are deemed waived—and at the very least find that Defendants' general and boilerplate objections are waived.

Respectfully submitted,

Dated: May 19, 2021  By: /s/ *Cheryl G. Rice*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com


Dated: May 19, 2021  By: /s/ *A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*