# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 <br><br><br><br> **Jury Demand** |

## DECLARATION OF JOHN L. WOOD IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES FROM DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC TO PLAINTIFF SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

I, John L. Wood, declare and attest as follows:

1. I am an attorney at the law firm of Egerton, McAfee, Armistead & Davis, P.C., counsel of record for SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of Tennessee and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. On January 29, 2021, SNMP Research, Inc. served its second set of requests for production of documents upon Brocade Communications Systems, LLC ("Brocade").

3. A copy of "SNMP Research, Inc.'s Second Set of Requests for Production of Documents to Brocade Communications Systems LLC" is attached as Exhibit A.

4. On January 29, 2021, SNMP Research, Inc. served its second set of requests for production of documents upon Broadcom Inc. ("Broadcom").

5. A copy of "SNMP Research, Inc.'s Second Set of Requests for Production of Documents to Broadcom Inc." is attached as Exhibit B.

6. On March 1, 2021, both Broadcom and Brocade served SNMP Research with their respective objections to SNMP Research's Second Set of Requests for Production.

7. A copy of Brocade's "Responses and Objections to SNMP Research, Inc.'s Second Set of Requests for Production" is attached as Exhibit C.

8. A copy of Broadcom's "Responses and Objections to SNMP Research, Inc.'s Second Set of Requests for Production" is attached as Exhibit D.

9. No substantive responses were provided and no documents were produced. The objections appear to be cut-and-pastes of the boilerplate objections filed in response to Plaintiff's first set of written discovery. One objection was that the requests are "premature" because they ""first require[] review of information in SNMP's possession, including its software and/or source code," despite that Defendants already have SNMP Research's software in their possession.

10. One specific request made to each Defendant was for an unredacted copy of a letter between Broadcom and Extreme which had previously been shared with Plaintiffs in redacted form.

11. A true copy of the redacted letter sent by Broadcom to Extreme, dated August 1, 2019, is attached as Exhibit E.

12. On March 6, 2021, Plaintiffs' counsel requested a time to meet and confer regarding Broadcom and Brocade's objections to the Second Set of Requests for Production.

13. Plaintiffs, Broadcom and Brocade held a meet and confer with regard to Defendants' objections to SNMP Research's Second Requests for Production on March 17, 2021.

14. Because of a prior disagreement over what was said during a discovery-related conference, Plaintiffs notified Defendants that they intended to have the meet and confer transcribed, which it was.

15. A true copy of that transcript of the parties' March 17, 2021 meet and confer call is attached hereto as Exhibit F.

16. Defendants made clear during the call that their participation in written discovery would continue to be deferred until their Motion to Stay was decided.

17. On February 27, 2021, Broadcom and Brocade submitted suggested changes to the draft prospective order proposed by Plaintiffs on January 16, 2021. The parties have continued to discuss a proposed agreed protective order, including discussing it in mid-March as part of the parties' meet and confer. In early April, after weeks of pressing, and then agreeing to provisions that Defendants raised at the last minute, it appeared the parties were at the point where a Protective Order could be submitted to the Court for review and entry. Thereafter, when Plaintiffs requested permission to file it, Broadcom and Brocade insisted on an additional provision setting forth that this Court has no jurisdiction to enforce the Protective Order.

18. A true copy of the email chain between the parties regarding the proposed protective order is attached as Exhibit G.

19. Since my reply to counsel for Defendants on April 21, 2021, proposing that the parties submit competing orders, one including the jurisdictional limitation proposed by Defendants and the other without it for the Court to consider which is most appropriate, Broadcom and Brocade have issued no communications in response whatsoever.

10913908
1967721v1

20.     As of the filing of Plaintiffs' Motion to Compel, Defendants have yet to provide Plaintiffs with a single document or any substantive responses to discovery and will not agree to entry of a protective order which this Court can enforce as necessary.

Executed this 19th day of May, 2021, at Knoxville, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *John L. Wood*
John L. Wood