# EXHIBIT C

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**BROCADE COMMUNICATIONS SYSTEMS LLC'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant Brocade Communications Systems LLC ("Brocade"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides objections and responses to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Request," "Requests," or "RFPs"), served on January 29, 2021.

**PRELIMINARY STATEMENT**

1. Brocade's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Brocade's right to rely on other facts or documents at trial. These responses and objections, while based on diligent inquiry and investigation by Brocade, necessarily reflect only

the current state of Brocade's knowledge, understanding and belief based upon the information reasonably available to Brocade at this time.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Brocade serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, by making the accompanying responses and objections to Plaintiffs' Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Brocade makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Brocade expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

5. This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

**GENERAL OBJECTIONS**

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Brocade reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Brocade does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1. As SNMP is aware, Brocade and co-defendants Broadcom Inc. ("Broadcom") and Extreme Networks Inc. ("Extreme") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions to dismiss (ECF Nos. 38-40) that may dispose of the case entirely. This Joint Motion to Stay Discovery and for a Protective Order was necessary because Defendants' motion to dismiss, if granted, would dispose of all claims in the litigation and therefore render moot the discovery requests served by Plaintiffs, including these Requests. The Joint Motion was also necessary in light of, *inter alia*, SNMP's scuttling of an agreement to extend Defendants' time to respond to the discovery requests by insisting that: (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses; and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced. Having been

put in this predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Brocade therefore objects to all of the Requests on that ground.

2. Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Brocade hereby provides detailed objections to the Requests. Accordingly, service of this document should not be construed as any waiver of any and all objections that Brocade has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

3. These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

4. Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

5. Brocade objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

6. Brocade objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

7. Brocade objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Brocade objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9. Brocade objects to each Request to the extent it is compound.

10. Brocade objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

11. Brocade objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

12. Brocade objects to each Request to the extent it is vague, ambiguous, or overbroad. Brocade responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Brocade's understanding, Brocade reserves the right to supplement its responses and objections thereto.

13. Brocade objects to each Request to the extent it is unduly burdensome and will cause Brocade unwarranted annoyance, embarrassment, or undue expense.

14. Brocade objects to each Request to the extent it requires Brocade to produce documents not in the possession, custody, or control of Brocade. Brocade's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control. Brocade also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of, or is equally accessible to SNMP.

- 5 -
Case 3:20-cv-00451-CEA-DCP   Document 69-5   Filed 05/19/21   Page 6 of 17   PageID #: 2479
5895920

15. Brocade objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

16. Brocade objects to each Request as premature. Brocade has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

17. Brocade objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

18. Brocade objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents. Brocade will not reveal such documents where doing so would violate its privacy rights or the privacy rights of third parties or where such documents are confidential and proprietary in nature.

19. Brocade objects to these Requests to the extent they require Brocade to reveal confidential, sensitive, and proprietary information, including but not limited to financial information, where the parties have not yet agreed to a protective order prohibiting the disclosure of such information to third parties and no such protective order has been entered by the Court.

20. Brocade objects to each Request to the extent it seeks a legal conclusion. Any response of Brocade to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

21. Brocade objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them." This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound. It also seeks information that is unknown to Brocade and therefore requires Brocade to first seek discovery from Plaintiffs before it can answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

22. Brocade objects to SNMP's definition of "You," "Your," and "Brocade" as meaning "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Brocade would be unduly burdensome. The definition also renders these

Requests compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

23. Brocade objects to SNMP's definition of "Broadcom" as including "Broadcom Inc., predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Requests compound, nonsensical, and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade Communications Systems LLC.

24. Brocade objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Brocade.

25. Brocade objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade,"

"Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

26. Brocade objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

27. Brocade objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Brocade by such third party." Requests incorporating this definition are overbroad, unduly

burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Brocade further objects to this definition as it incorporates SNMP's definitions of "Brocade" and "SNMP Research Software," which Brocade has previously objected to.

28. Brocade objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

29. Brocade objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

30. Brocade objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Brocade to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Brocade's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

31. Brocade objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

# RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 87**:

All Documents that give Brocade the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "transfer" and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Brocade further objects to this request as it is argumentative and calls for a legal conclusion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade

further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 88**:

All Documents that give consultants or contractors of Brocade the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer." and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other

requests for production, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Brocade further objects to this request as it is argumentative and calls for a legal conclusion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 89**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

Brocade objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties.

Brocade further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney work product doctrine, the joint client privilege, the joint

defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Dated: March 1, 2021                           HUESTON HENNIGAN LLP


                                               By:_____*/s/ Alison Plessman*_____
                                                    Alison Plessman
                                                    Attorneys for Defendants
                                                    Broadcom Inc.
                                                    Brocade Communications Systems LLC

CERTIFICATE OF SERVICE

I hereby certify that on this the First day of March 2021, a true and accurate copy of the foregoing was served on counsel of record for Plaintiffs in this matter electronically.

By:    */s/ Alison L. Plessman*
      Alison L. Plessman