# EXHIBIT D

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROADCOM COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

---

## BROADCOM INC,'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides objections and responses to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Requests for Production" or "RFPs"), served on January 29, 2021.

## PRELIMINARY STATEMENT

1.    Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.

2.     By making the accompanying responses and objections to SNMP's Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses.  Moreover, by making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3.     Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.     Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

5.     This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

**GENERAL OBJECTIONS**

5895941

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Broadcom reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Broadcom does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1. As SNMP is aware, Broadcom and co-defendants Brocade Communications Systems LLC ("Brocade") and Extreme Networks Inc. ("Extreme") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions to dismiss (ECF Nos. 38-40) that may dispose of the case entirely. This Joint Motion to Stay Discovery and for a Protective Order was necessary because Defendants' motion to dismiss, if granted, would dispose of all claims in the litigation and therefore render moot the discovery requests served by Plaintiffs, including these Requests. The Joint Motion was also necessary in light of, *inter alia*, SNMP's scuttling of an agreement to extend Defendants' time to respond to the discovery requests by insisting that: (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses; and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be

produced. Having been put in this predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Broadcom therefore objects to all of the Requests on that ground.

2. Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Broadcom hereby provides detailed objections to the Requests. Accordingly, service of this document should not be construed as any waiver of any and all objections that Broadcom has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

3. These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

4. Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

5. Broadcom objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

6. Broadcom objects to each Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to each Interrogatory relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

5895941

7.     Broadcom objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

8.     Broadcom objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

9.     Broadcom objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

10.    Broadcom objects to each Request to the extent it is compound.

11.    Broadcom objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

12.    Broadcom objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

13.    Broadcom objects to each Request to the extent it is vague, ambiguous, or overbroad.  Broadcom responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

14.    Broadcom objects to each Request to the extent it is unduly burdensome and will cause Broadcom unwarranted annoyance, embarrassment, or undue expense.

5895941

15. Broadcom objects to each Request to the extent it requires Broadcom to produce documents not in the possession, custody, or control of Broadcom. Broadcom's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control. Broadcom also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of, or is equally accessible to SNMP.

16. Broadcom objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

17. Broadcom objects to each Request as premature. Broadcom has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

18. Broadcom objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

19. Broadcom objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents. Broadcom will not reveal such documents where doing so

- 6 -

5895941

would violate its privacy rights or the privacy rights of third parties or where such documents are confidential and proprietary in nature.

20.     Broadcom objects to these Requests to the extent they require Broadcom to reveal confidential, sensitive, and proprietary information, including but not limited to financial information, where the parties have not yet agreed to a protective order prohibiting the disclosure of such information to third parties and no such protective order has been entered by the Court.

21.     Broadcom objects to each Request to the extent it seeks a legal conclusion.  Any response of Broadcom to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

22.     Broadcom objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them."  This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound.  It also seeks information that is unknown to Broadcom and therefore requires Broadcom to first seek discovery from Plaintiffs before it can answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

23.     Broadcom objects to SNMP's definition of "You," "Your," and "Broadcom" as meaning "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or

entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Broadcom would be unduly burdensome. The definition also renders these Requests compound, nonsensical and confusing because Broadcom's "affiliated entities" would include, for example, Brocade Communications Systems LLC.

24. Broadcom objects to SNMP's definition of "Brocade" as including "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Requests compound, nonsensical, and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

25. Broadcom objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Broadcom.

5895941

26. Broadcom objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. . . . The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Broadcom," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

27. Broadcom objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not

proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

28.     Broadcom objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Broadcom by such third party." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Broadcom further objects to this definition as it incorporates SNMP's definitions of "Broadcom" and "SNMP Research Software," which Broadcom has previously objected to.

29.     Broadcom objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

30.     Broadcom objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

31.     Broadcom objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Broadcom to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of

documents that are not in Broadcom's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

32.     Broadcom objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 92:

All Documents that give Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "transfer" and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that

are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Broadcom further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Case 3:20-cv-00451-CEA-DCP   Document 69-6   Filed 05/19/21   Page 13 of 21   PageID #: 2503
5895941

**REQUEST FOR PRODUCTION NO. 93**:

All Documents that give consultants or contractors of Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer," and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom

further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Broadcom further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.


**REQUEST FOR PRODUCTION NO. 94**:

All Documents that give Broadcom the right to use, copy, license, sell, transfer, prepare derivate works of, or distribute SNMP Research Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "transfer" and "distribute." Under SNMP's

- 14 -

5895941

definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.

Broadcom further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Request as this

jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 95:

All Documents that give consultants or contractors of Broadcom the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 95:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer," and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.

5895941

The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 96**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96**:

Broadcom objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request as no protective order preventing the disclosure of confidential and proprietary information, documents, and tangible things has been agreed to by the parties or entered by the Court. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.

Broadcom further objects as this Request is the subject of the Motion to Stay and for a Protective Order that is pending before the Court. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure.

Dated:  March 1, 2021                HUESTON HENNIGAN LLP


By: _____ */s/ Alison Plessman* _____
        Alison Plessman
        Attorneys for Defendants
        Broadcom Inc.
        Broadcom   Communications   Systems
        LLC

5895941

CERTIFICATE OF SERVICE

I hereby certify that on this the First day of March, 2021, a true and accurate copy of the foregoing was served on counsel of record for Plaintiffs in this matter electronically.

By: _____/s/ Alison L. Plessman_____
Alison L. Plessman

5895941