# EXHIBIT G

# John L. Wood

| | |
|---|---|
| **From:** | John L. Wood <JWood@emlaw.com> |
| **Sent:** | Wednesday, April 21, 2021 7:58 PM |
| **To:** | Alison Plessman; jordan.feirman@skadden.com; Salvatore Bonaccorso; john.neukom@skadden.com |
| **Cc:** | Cheryl G. Rice; mashley@irell.com; twerner@irell.com |
| **Subject:** | RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893] |

Alison,

Given the provisions of Section K (Challenges to Confidentiality Designations), we are fine with removing the words "can demonstrate" from the definition of OCEO. We also rearranged the definition slightly so it reads better. The definition is now:

> "The 'OUTSIDE COUNSEL'S EYES ONLY' designation is reserved for HIGHLY CONFIDENTIAL Material related to a Party's non-Party customers or clients that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes the disclosure of which is likely, and that is likely, to cause economic harm or significant competitive advantage to the Receiving Party."

Regarding 17(a), our position is that If a person appears on the face of the source code as an author, the person should be able to see it regardless of whether they are employed by the Designating Party or the Receiving Party or otherwise. SNMP Research has authored the source code at dispute in this case and it does not make sense that someone identified as an author would not be able to see the source code or testify about it. Also, limiting 17(a) to only include an employee of a Designating Party is redundant because the Designating Party is already allowed to see its own materials subject to any other confidentiality agreements that may exist.

Let us know if we have reached agreement on everything but jurisdiction.

We do not think the parties will be able to resolve our disagreement regarding the jurisdiction footnote and the final paragraph. Our suggestion is that we file a joint motion with the Court and submit the portion of the protective order we have agreed and we each explain our position regarding jurisdiction and ask the Court to decide. We could agree on a limit of two pages each for our arguments. This would be more efficient than the alternative which is a full briefing schedule for a motion to enter the protective order.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office**:** (865) 292-2503 | Fax**:** (865) 525-5293
Website | Map | Bio | Vcard Download| jlw@emlaw.com



**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this

transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system.  Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, April 20, 2021 2:16 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

John,

Thanks for your comments.

For the OUTSIDE COUNSEL's EYES ONLY definition, we took the language regarding the categories from other protective orders that have been entered, including in E.D. Tennessee.  We can work with you on tweaking the definition, but what do you mean by "can demonstrate"?  The protective order already includes a mechanism to challenge designations.  I don't have a problem with adding in language that limits the OCEO designation to only the parts meeting the definition.

Regarding Paragraph 17(a), given that it pertains to source code, the provision doesn't really appear to be applicable generally.  How do you see this coming up in practice, particularly with respect to anyone other than the Designating Party?

Regarding the jurisdiction language, I think this is largely a question of timing and forum.  We obviously can't agree to submit to the Court's jurisdiction with respect to the Protective Order or otherwise while our motions are pending, which is why we have noted this exercise is premature.  We have been willing to negotiate the terms of the protective order in good faith to keep things moving, but that doesn't mean we are willing to waive our jurisdiction and venue arguments.  I don't think your agreement not to argue waiver is sufficient when it comes to the actual entry of the Protective Order, particularly one that includes language regarding submitting to the jurisdiction of the Court.  There would need to be language making clear that we do not submit to the Court's jurisdiction, which I agree makes filing the Protective Order now premature.  Moreover, if the case is transferred, then the forum will need to be changed.

Best,
Alison     `


**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Friday, April 16, 2021 6:56 PM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Alison,

We presented the draft protective order to Broadcom/Brocade three months ago and have had several meet and confer emails and a long meet and confer call over it. In all of that discussion, Broadcom/Brocade never claimed it needed or even mentioned the prospect of an Outside Counsel's Eyes Only (OCEO) category. We are disappointed that it is being brought up for the first time at this late stage.

In any event, we would like to work with you on it if we can. Our main concern is that Dr. Case needs to be able to see, and has the right to see, the information produced in this case that is relevant to SNMP's claims or Defendants' defenses. So we have two potential ways to proceed. One, we could set it up so that there is one client representative for each side that will have access to OCEO information, and in that case, we would be fine with the broad definition of OCEO that you have proposed.

Alternatively, we would need to narrow the scope of what can be designated OCEO information in this case. We suggest the following definition:

> "The 'OUTSIDE COUNSEL'S EYES ONLY' designation is reserved for HIGHLY CONFIDENTIAL Materials related to a Party's non-Party customers or clients that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes and can demonstrate that the disclosure of which is likely to cause economic harm or significant competitive advantage to the Receiving Party."

We would also work in a provision providing that, if an entire document does not meet the above description, then only the part(s) meeting the above description would be OCEO.

Please let us know if Broadcom/Brocade is agreeable to either of these alternatives.

With respect to the proposed changes to paragraphs 17a and 18a, they do not make sense to us. If a person appears on the face of the Designated Material as an author, addressee, or recipient of it, the person should be able to see it regardless of whether they are employed by the Designating Party or the Receiving Party or otherwise.

With respect to the paragraphs you highlighted, the changes from paragraph 40 to 26 and from 47 to 33 appear correct to us.

Finally, with respect to the jurisdiction footnote you added and the striking of the jurisdiction paragraph at the end of the Protective Order, again, we are surprised to be seeing these proposed edits at this late stage. We also think Broadcom/Brocade's proposed footnote and jurisdiction language eviscerates the point of a protective order. Again, we'd like to work with you on this. We propose keeping the last paragraph and the same understanding and language that the Parties used in their joint rule 26 report to the Court. I've pasted it below:

> Defendants have filed motions to dismiss and/or transfer for improper venue and for lack of personal jurisdiction over Broadcom Inc., among other grounds. Before agreeing to submit this proposed Protective Order, Defendants asked Plaintiffs to agree that Plaintiffs will not argue that Defendants have waived any jurisdictional or venue based defenses by submitting this proposed Protective Order. Plaintiffs have agreed not to argue for such a waiver.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office**:** (865) 292-2503 | Fax**:** (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com



**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, April 13, 2021 7:15 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Attached are some additional edits to the proposed protective order. After considering the categories further, we think there should be a category for "OUTSIDE COUNSEL EYES ONLY" material as well. The proposed edits generally relate to that addition. I've also highlighted certain references to Paragraph 40 and 47 as those numbers appear to be outdated but I don't recall which paragraphs they were meant to reference.

In addition the new category, the draft proposed protective order also made references to the jurisdiction and authority of the Eastern District of Tennessee. We cannot agree that the Eastern District of Tennessee has authority or jurisdiction over this case generally or in connection with the Proposed Protective Order, so we have added language to that effect.

Additionally, regarding John's email below, to avoid any doubt, you do not have our authorization to submit any joint filings to the court (or any filing that includes representations from us) without our express permission. We may not be in a position to respond to your emails asking for consent by the deadline unilaterally set by you, so silence should never be interpreted as consent.

Please let us know if you have any questions or comments.

Thanks,
Alison


**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Tuesday, April 13, 2021 9:36 AM
**To:** jordan.feirman@skadden.com; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** FW: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Please let us know if we have your permission to file the attached protective order. This version is exactly what Extreme sent on March 24th (without Section F) so there are no outstanding objections. If you have an objection to us filing this protective order let us know what it is today or we will assume there are no objections.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** John L. Wood
**Sent:** Thursday, April 8, 2021 1:53 PM
**To:** 'Feirman, Jordan' <Jordan.Feirman@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

I have attached a clean version of the protective order that Jordan sent on March 24th without Section F (Inspection of Source Code). It appears Broadcom/Brocade does not have any comments. Do we have the parties permission to file this version with the Court?

Regarding Section F, Broadcom/Brocade indicated they would have comments, but we have not received them. Please provide those comments so we can finalize a separate order addressing the Inspection of Source Code. We anticipate we also will have some comments on Section F as revised by Extreme. The biggest issue we see is the proposed paragraph 24. We cannot agree to a provision that allows any party to opt out of all of Section F. Please provide any comments on Section F by the close of business on Monday.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Wednesday, March 24, 2021 10:49 PM
**To:** John L. Wood <JWood@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Please find attached edits and comments on behalf of Extreme.

Best,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | 10001
T: 212.735.3067 | F: 917.777.3067
jordan.feirman@skadden.com

---

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Monday, March 22, 2021 4:35 PM
**To:** Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: [Ext] Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

All,

I have attached an updated protective order. This version incorporates all of Jordan's changes with a few minor changes. Based on our agreement on the meet and confer call last Tuesday I have changed the designation HIGHLY CONFIDENTIAL – SOURCE CODE to HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS. Also, Producing Party was changed to Designated Party in Section F to match the defined term used in this document. The other changes were de minimis.

On our call last week Alison said she could have feedback from her client by last Thursday on whether the protective order (other than Section F) is approved. Alison, please let us know if the protective order is approved.

We also need feedback from both parties on the source code provisions in Section F. Please let us know when you can provide feedback on Section F.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Tuesday, March 16, 2021 4:36 PM
**To:** John L. Wood <JWood@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: [Ext] RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

All,

I attach Extreme's edits to those portions of the Protective Order that we previously had been negotiating. I believe all of the edits are in paragraphs 5, 18, and 45. We have not yet gotten fully underneath the new source code provisions (proposed new Section F), so we do not have comments on that yet. That said, I noticed that the new provisions refer to the "Producing Party," which should be added as a defined term if we are going to use it.

Regards,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | 10001
T: 212.735.3067 | F: 917.777.3067
jordan.feirman@skadden.com

---

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Tuesday, March 16, 2021 2:54 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** [Ext] RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Today at 2pm PT works for us.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, March 16, 2021 2:20 PM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Sorry, I thought I hit "send" on my response this morning! I meant 2 pm PT today, but given the time, I could also talk tomorrow at 2 pm PT.

**Alison Plessman**

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Tuesday, March 16, 2021 8:28 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Alison,

I want to confirm that you mean a call today at 2pm PT since your email arrived today. It is pointless to keep arguing about Defendants' characterizations regarding "one sided" discovery. The parties' positions are clear in the written correspondence. We will be meeting and conferring on (1) the proposed changes to the protective order, (2) the second set of discovery requests propounded by Plaintiffs and Defendant's objections to those requests, and (3) Defendant's request that Plaintiff's "reconsider" their position on the motion to stay and protective order.

We will arrange for a court reporter to be on the call and send out a dial-in shortly.  Please let me know if I am incorrect on the itemized meet and confer topics above.


John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**:  This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, March 16, 2021 12:36 AM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi John –

We are available for a call tomorrow at 2 pm PT to discuss your further edits to the Protective Order if that works for Extreme.  Regarding your discovery requests, our position has been fully set forth in our objections, our motion to stay discovery and for a protective order, and our opposition to your motion to compel.  You indicate below that you have

never insisted on one-sided discovery, but by suggesting you will argue Defendants have waived their jurisdictional and venue defenses if they propound discovery, that is exactly what you done. But since you have requested to meet and confer on your second set of discovery requests and expressed a willingness to reconsider your position regarding waiver, we are willing to listen to your proposal and go from there.

Best,
Alison


**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Thursday, March 11, 2021 1:13 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi Alison and Jordan,

With respect to the protective order and source code provisions, resolving these issues is not premature but is long overdue, and thank you for agreeing to meet and confer as to them. Please let us know your next available days/times. We propose Monday or Tuesday between 12 – 3 PT.

With respect to Plaintiffs' second set of discovery and Defendants' responses/objections to it, we want to make sure we understand each Defendant's position. Are each of your clients' agreeing to meet and confer on the actual discovery requests and responses/objections? And if so, are you also now willing to meet and confer on the actual discovery requests and responses/objections to the first set of discovery that Plaintiffs' propounded? To answer your question about "waiver," Plaintiffs can confirm that they will not argue that meeting and conferring over their discovery requests and Defendants' responses/objections constitutes a waiver of Defendants' asserted jurisdiction/venue defenses, which should have been clear by now.

We will be glad to meet and confer regarding Defendants propounding discovery. Just to be clear, Plaintiffs have never insisted on one-sided discovery. As a part of meeting and conferring on both the first and second set of discovery propounded by Plaintiffs we will be discussing your objections. As for meeting and conferring on Plaintiffs' "reconsider[ing]" their positions on Defendants' motion to stay discovery and for a protective order, Is it only Broadcom and Brocade who want to meet and confer on that, or does Extreme want to as well (we ask because it was only mentioned in Alison's email)? In any event, we are certainly willing to meet and confer on "reconsideration," and we would expect in the meet and confer for Defendants to also reconsider their position.

Finally, as for Alison's claim about what was discussed at the early meeting of counsel, we will have to agree to disagree. I've attached the email chain where we already went over this. If you are now proposing that you want to use a data room for source code review then we are fine with that approach also. We have attached the protective order with a data room source code provision for your consideration. And in light of the disagreement over what was previously said, for the meet and confer call over the protective order, source code, discovery responses, and "reconsideration," let's use a court reporter to transcribe the call. We can arrange one.

9

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, March 10, 2021 2:42 PM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi John –

Can we set up a time next week to discuss the Protective Order? Regarding the separate agreement covering the provision of source code, we can discuss your thoughts on that too but it seems premature given the early stage of this litigation and your position regarding one-sided discovery. How can we review source code in a vacuum without first propounding basic discovery regarding the basis of SNMP's claims, including regarding the very same source code we would be reviewing? Moreover, you have stated several times that you drafted the section relating to the provision of source code based on "methodology" proposed by me during the 26(f) conference, but I really have no idea what you are referring to. The provision of source code was barely discussed at the 26(f) conference other than to note that the parties would need to further discuss how to handle any provision of source code that might be necessary. I never proposed any methodology—let alone the detailed methodology set forth in your draft protective order—or stated that the parties should produce source code as opposed to having source code reviewed in a data room. I merely noted the parties would need to figure out those issues in light of the COVID pandemic. At the time of the 26(f) conference, we had not yet received your discovery requests and you had not yet revealed your position that only Plaintiffs should be permitted to propound discovery. In any event, we can discuss this issue on our call next week if that works for you, assuming you continue to agree that you will not argue Defendants have waived any defenses, including personal jurisdiction and venue defenses, by participating in such calls. On the same call, we can also discuss your request to meet and confer regarding the second set of discovery requests, again assuming you agree that you will not argue Defendants have somehow waived any of their defenses by doing so. As you know we have a motion to stay and for a protective order pending, but we are happy to discuss whether you are now willing to reconsider your position regarding one-sided discovery as well as hear your response to our objections and whether you are willing to modify your requests based on them. To be clear, Broadcom and Brocade reserve all rights regarding our defenses and pending motions and do not intend to waive any arguments or defenses by participating in a call next week or sending this email.

Thanks,
Alison



**Alison Plessman**

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Friday, March 5, 2021 2:05 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Attached are our edits to the revised Protective Order you submitted last Saturday. We accepted most of your changes and would like to get this filed as soon a possible. Let us know if these changes are acceptable.

We noticed that you struck the entire source code provision in the protective order. In order to proceed with the other provisions, you have left us with no choice but to accept your deletion of the source code provision for now. Given that you are using the lack of a source code provision in the protective order as a reason for not proceeding with discovery, it is important that we receive your comments to the source code provision immediately. As we mentioned earlier we attempted to draft exactly what Alison suggested during our 26(f) conference, so we are not sure if you actually disagree with any part of the provision.


**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office**:** (865) 292-2503 | Fax**:** (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com

**EGERTON McAFEE**
Egerton McAfee Armistead & Davis, P.C.
ATTORNEYS AT LAW
CLIENT DRIVEN SINCE 1932

CONFIDENTIALITY NOTICE: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Saturday, February 27, 2021 5:28 PM
**To:** Ashley, Matt <mashley@irell.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Subject:** Proposed revisions to Protective Order

All,

Attached are some proposed revisions to the Protective Order. It includes proposed revisions from all Defendants, but we may have a few additional edits.

Please let us know your thoughts.

Thanks,
Alison

**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
T: 213.788.4340
aplessman@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==========================================================================