IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF SNMP RESEARCH, INC.'S MOTION TO COMPEL RESPONSES FROM DEFENDANT EXTREME NEWORKS, INC. TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and, in accordance with Rules 26, 34, and 37 of the Federal Rules of Civil Procedure, this Court's inherent authority to control the conduct of discovery, the Local Rules of this Court and Plaintiff's Memorandum of Law submitted contemporaneously herewith, moves this Court to Compel Defendant Extreme Networks, Inc. ("Extreme") to fully and completely respond to Plaintiff's Second Set of Requests for Production of Documents ("Second RFPs").

1. On January 29, 2021, Plaintiff SNMP Research served its Second RFPs on Defendant Extreme.

2. On March 1, 2021, Extreme served its Objections to Plaintiff's Second RFPs. Defendant's response consisted <u>solely</u> of objections.

3. Extreme provided no substantive responses, produced not a single document, and made no commitment to produce any documents.

4. Furthermore, while Extreme met and conferred with Plaintiffs over its objections to the

10949123
1967844v1

Second RFPs, Extreme has been clear (as was noted in its Objections served in response to the Second RFPs) that it has no intention of providing meaningful, substantive responses until this Court has ruled on Defendants' Motion to Stay Discovery.

5. Extreme's response to the Second RFPs does not meet the spirit or the requirements of discovery provided by Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and applicable case law.

6. Extreme's conduct disregards its obligations to conduct discovery as provided by the Federal Rules of Civil Procedure.

7. Plaintiffs are prejudiced in the prosecution of their claims by Extreme's conduct and refusals.

8. In support of this Motion, Plaintiff submits the accompanying Memorandum of Law and Declaration of John L. Wood.

WHEREFORE, for the reasons set forth above, and as are set forth in Plaintiff's Memorandum of Law in support of its Motion to Compel Responses to Plaintiff's Second Set of Requests for Production of Documents, and upon the grounds as shall be raised at oral argument of this Motion (if any), Plaintiff asks this Court to enter an order compelling Defendant Extreme to respond to each of Plaintiff's Second Set of Requests for Production of Documents without further delay and hold that all of Extreme's objections to Plaintiff's discovery requests are deemed waived (or at the very least find that Defendants' general objections are waived). Plaintiff also asks this Court to grant it any additional and further relief to which the Court determines Plaintiff is entitled under applicable authority.

Respectfully submitted,

Dated: May 19, 2021   By: /s/ *Cheryl G. Rice*_____
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.

900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Dated: May 19, 2021 By: /s/ *A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*