**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § | **Case No. 3:20-cv-00451** |
| **Plaintiffs,** | § | |
| **v.** | § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.** | § | |
| **Defendants.** | § | |

**DECLARATION OF JOHN L. WOOD IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM DEFENDANT EXTREME NETWORKS, INC. TO PLAINTIFF SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

I, John L. Wood, declare and attest as follows:

1. I am an attorney at the law firm of Egerton, McAfee, Armistead & Davis, P.C., counsel of record for SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of Tennessee and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. On January 29, 2021, SNMP Research, Inc. served its second set of requests for production of documents upon Extreme Networks, Inc. ("Extreme").

3. A copy of "SNMP Research, Inc.'s Second Set of Requests for Production of Documents to Extreme Networks, Inc." ("Second RFPs") is attached as Exhibit A.

4. On March 1, 2021, Extreme served SNMP Research with its objections to the Second RFPs. The objections contained "General Objections" and "Specific Objections."



Case 3:20-cv-00451-CEA-DCP Document 70-2 Filed 05/19/21 Page 1 of 3 PageID #: 2563

5. A copy of Extreme's "Objections to SNMP Research, Inc.'s Second Set of Requests for the Production of Documents" is attached as Exhibit B.

6. No substantive responses were provided and no documents were produced.

7. One specific request made to Extreme was for an unredacted copy of a letter between Broadcom and Extreme which had previously been shared with Plaintiffs in redacted form.

8. A true copy of the letter is attached as Exhibit C.

9. Plaintiffs and Extreme held a meet and confer with regard to Defendants' objections to SNMP Research's Second RFPs on April 9, 2021. During the meet and confer, Extreme's counsel stated that counsel had not reviewed the letter in question to determine whether attorney-client privilege might apply.

10. The parties were unable to resolve the dispute as to the propriety of Extreme's "General Objections" to the Second RFPs, therefore, they decided to focus on attempting to resolve the "Specific Objections." While the parties were able to compromise on most of Extreme's "Specific Objections" to Plaintiff's Second RFPs during the meet and confer, two issues remain unresolved: Extreme's objection to the definition of "SNMP Research Software" for purposes of the Second RFPs and Extreme's position that they need not participate in written discovery until the Motion to Stay (Dkt. 47) is decided. *See* Exhibit D, e-mail from J. Feirman to J. Wood dated April 30, 2021 ("the below should not be interpreted as agreement that discovery should take place *or as a commitment to search for or collect documents at this time*.") (emphasis added).

11. In an October 2, 2018 email from Jennifer Sipes to myself, Ms. Sipes identified the specific version of SNMP Research Software used, and her email included the SNMP Research copyright notice that is in the software. *See* Exhibit E.

12. In a February 27, 2020 email from Tara Flanagan to myself, Ms. Flanagan identified the SNMP Research Software for which Extreme needs a license and specifically referenced the Brocade license. *See* Exhibit F.

13. In a June 11, 2020 email from Paul Segalini to myself, Mr. Segalini confirmed that the products using SNMP Research Software under the license transferred from Enterasys went end of support (i.e., no longer in use) in July 2011, and the only SNMP Research Software in use at Extreme is in the Brocade products. *See* Exhibit G.

14. As of this date, Extreme has yet to provide Plaintiffs with a single document or any substantive responses to discovery.

15. Extreme maintains that discovery should not take place, and that it will not commit to search for or collect documents at this time.

Executed this 19th day of May, 2021, at Knoxville, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ John L. Wood*
John L. Wood