# EXHIBIT B

John M. Neukom
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Andrew K. Patrick
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------- x
                                                              :
SNMP RESEARCH, INC. and SNMP RE-      :   Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,           :
                                      :
         Plaintiffs,                  :
                                      :
                                      :   **EXTREME NETWORKS, INC.'S**
         v.                           :   **OBJECTIONS TO SNMP**
                                      :   **RESEARCH, INC.'S SECOND SET**
BROADCOM INC.; BROCADE COMMUNI-       :   **OF REQUESTS FOR THE**
CATIONS SYSTEMS LLC; and EXTREME      :   **PRODUCTION OF DOCUMENTS**
NETWORKS, INC.,                       :
                                      :
         Defendants.                  :
                                      :
------------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby provides its Objections to Plaintiff SNMP Research, Inc.'s Second Set of Requests for Production to Extreme Networks, Inc., dated January 29, 2021 (the "Requests") .

# GENERAL OBJECTIONS

1.     As SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP" or "Plaintiffs") are aware, Extreme and co-defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (both collectively with Extreme, "Defendants") have filed a Joint Motion to Stay Discovery and for a Protective Order (ECF No. 47) pending the outcome of their dispositive motions (ECF Nos. 38-40)—a joint motion that was necessary in light of, *inter alia*, Plaintiffs' scuttling of an agreement to extend Defendants' time to respond to the Requests by insisting that (1) Defendants' service of their own discovery requests may constitute a waiver of Defendants' pending jurisdictional and venue defenses, and (2) Defendants provide "substantive" responses and actual documents on the extension date, despite the fact that Defendants must do substantial investigation (including of Plaintiffs' allegedly infringed works) before they will be able to provide such responses and determine what documents must be produced. Having been put in an predicament, and in light of the pending stay and protective order motion, any agreement to produce documents at this time would be both premature and unduly prejudicial, and Extreme therefore objects to all of the Requests, and each individual request, on that ground.

2.     Notwithstanding the pending motions and the global objection based thereon, in a good faith effort to respond to the Requests to the extent that it can do so without risking waiver or other prejudice, Extreme hereby provides its detailed objections to the Requests.[1]  Service of this document should not be construed as any waiver of any and all

---

[1]  As Plaintiffs have previously agreed, the mere service of objections (or responses) to discovery requests by Defendants does not constitute a waiver of any defenses, including for lack of jurisdiction and improper venue.

2

objections that Extreme has to the propriety and timing of the Requests, or to the relevance or admissibility of any information relating to the subjects covered by the Requests.

3. If the parties are able to reach agreement concerning the proper timing and scope of discovery requests, Extreme shall amend and/or supplement its objections to the Requests with substantive responses (as appropriate and warranted) within a reasonable time frame. That Extreme is not providing such substantive responses now should not be construed as indicating that Extreme has taken no action to determine whether any responsive information exists or that Extreme has taken no steps to respond to discovery requests in good faith.

4. Objection to a specific request does not imply, and should not be construed as an acknowledgement, that documents responsive to that request exist.

5. Extreme objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. Extreme objects to the Requests to the extent that they call for the production of documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

7. Extreme objects to the Requests to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such

3

information are outweighed by the burden of producing such highly sensitive materials. Extreme further notes that production of any confidential or non-public materials shall only be made pursuant to a stipulated protective order.

8. Extreme objects to the Requests to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

9. Extreme objects to the Requests to the extent that they call for documents or information not in Extreme's possession, custody, or control. Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

10. Extreme objects to the Requests to the extent that they are unnecessarily duplicative and cumulative (including with other discovery requests previously served on Extreme by Plaintiffs), and seek documents that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

11. Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on their behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

12. Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current

4

action (*e.g.*, in Table 1), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession. Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and "licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

13. Extreme objects to the proposed definitions of other terms for the reasons set forth in Extreme's prior objections to Plaintiffs' various discovery requests. However, insofar as those additional defined terms are not actually utilized in any of the pending specific Requests themselves, the prior objections to those terms are merely incorporated herein by reference for purposes of efficiency.

14. In the event that Extreme subsequently provides additional responses and/or agrees to produce documents in response to any individual Request, Extreme shall expressly reserve, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to the use of any documents in any aspect of this action, and (b) supplement, clarify, revise, or correct any or all of responses.

15. Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

16. Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration

5

in a specific response shall not be construed as a limitation or waiver of any general objection or any other specific objection made herein.

## SPECIFIC OBJECTIONS

**DOCUMENT REQUEST NO. 68:**

All Documents that give Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to Extreme to exploit certain SNMP software allegedly at issue in this litigation. This Request further appears (improperly) to be more akin to a contention interrogatory concerning an ultimate merits issue in the case masquerading as a request for the production of documents.

**DOCUMENT REQUEST NO. 69:**

All Documents that give consultants or contractors of Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to "consultants or contractors of Extreme" to exploit software allegedly at issue in this litigation. Extreme further objects to this Request insofar as Extreme does not

6

understand what "consultants or contractors" Plaintiffs believe they are referring to, or what relevance any such individuals would have to the matters set forth in the Complaint. If Plaintiffs have any specific allegations concerning particular "consultants or contractors" that they believe are at issue, Plaintiffs can specify them, and Extreme can determine whether such allegations are fairly subsumed within Plaintiffs' Complaint in this action.

**DOCUMENT REQUEST NO. 70:**

An unredacted version of the letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Pending entry of an appropriate protective order, and resolution of the General Objections (in particular the aforementioned objection to the propriety of all Requests due to the pending discovery posture and motions), Extreme would have no additional objection to this Request to the extent that it is seeking non-privileged or otherwise unprotected information.

Dated: March 1, 2021

        **SKADDEN, ARPS, SLATE,**
         **MEAGHER & FLOM LLP**

By:    /s John M. Neukom  
     John M. Neukom
     515 University Avenue, Suite 1400
     Palo Alto, California 94301
     (650) 470-4500
     john.neukom@skadden.com

     Jordan A. Feirman
     One Manhattan West
     New York, NY 10001
     (212) 735-3000
     jordan.feirman@skadden.com

*Attorneys for Extreme Networks, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true copy of the foregoing Extreme Networks Inc.'s Objections to SNMP Research, Inc.'s Second Set of Requests for Production to be served via email on this 1st day of March, 2021 upon counsel of record for Plaintiffs.

                                          /s Jordan A. Feirman
                                            Jordan A. Feirman