# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>       Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>       Defendants. | Case No. 3:20-cv-00451 |

## <u>DECLARATION OF ALISON PLESSMAN</u>

I, ALISON PLESSMAN, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court. I am a partner at the law firm of Hueston Hennigan LLP, counsel of record for Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On December 23, 2020, the parties conducted their Federal Rule of Civil Procedure 26(f) conference.

3.      Defendants made clear prior to and at the beginning of the conference that they would only agree to participate in the conference if Plaintiffs agreed Defendants were not waiving any defenses by doing so, including defenses based on lack of personal jurisdiction and improper venue.

4.      Plaintiffs agreed that Defendants were not waiving any defenses by participating in the Rule 26(f) conference.

5984082

5. Defendants proposed discovery be stayed pending resolution of their motions to dismiss because such motions could result in dismissal of the entire case or at least significantly narrow the claims and issues.

6. Plaintiffs rejected Defendants' proposed discovery stay.

7. On December 26, 2020, Plaintiffs served on Broadcom 91 requests for production, 24 interrogatories, and 51 requests for admission and on Brocade 86 requests for production, 23 interrogatories, and 68 requests for admission.

8. At the time Plaintiffs served their written discovery on Defendants on December 26, 2020, the parties had not yet agreed to an electronic discovery protocol and had not even began negotiating a protective order governing the use and disclosure of confidential and proprietary information exchanged during discovery.

9. On January 5, 2021 Defendants offered a very reasonable compromise: Defendants agreed not to seek a stay of discovery or a protective order based on the pending (and likely dispositive) motions to dismiss so long as Plaintiffs agreed that they would not argue that, by virtue of participating in the discovery process, Defendants had submitted themselves to this Court's jurisdiction and waived any argument concerning personal jurisdiction and improper venue. Defendants also requested a modest 30-day extension.

10. Plaintiffs rejected this proposal, asserting they would only abstain from arguing that Defendants' responses to *Plaintiffs*' discovery requests constituted waiver. But if Defendants were to propound their own discovery requests on Plaintiffs, Plaintiffs refused to agree that they would not argue such requests meant that (1) Defendants had submitted to the Court's jurisdiction; (2) Defendants waived their jurisdictional and venue defenses; and (3) Defendants' motion to dismiss should be denied on the basis of this waiver.

11. Plaintiffs also refused to agree to a 30-day extension unless Defendants agreed to provide "substantive responses and documents (not just objections) on February 24, 2021."

12. Plaintiffs agreed that they would not argue waiver of Defendants' defenses, including for lack of personal jurisdiction and improper venue, by virtue of Defendants'

- 2 -

5984082

submission of a Rule 26(f) joint report, serving of initial disclosures under Federal Rule of Civil Procedure 26(a), or responding to Plaintiffs' discovery.

13. Defendants continued to meet and confer regarding the possibility of an extension to respond to the voluminous discovery propounded by Plaintiffs while this motion is pending (or at least a 30-day extension), but Plaintiffs confirmed on January 12 and 13, 2021 that they would not agree to such an extension and would seek sanctions if Defendants failed to respond on January 25, 2021.

14. On January 16, 2021, Defendants filed a motion for a stay and a protective order.

15. On January 16, 2021, after Defendants had filed their motion to stay and for a protective order, Plaintiffs initiated negotiations for a protective order by circulating a draft protective order.

16. On January 24, 2021, after Defendants had already served their motion to stay and for a protective order and the day before Defendants' discovery responses were due, Plaintiffs contacted Defendants to initiate negotiations for the exchange of source code if Defendants' "requests are reasonable and appropriate."

17. Plaintiffs unreasonably suggested that any exchange of source code would need to occur within five days. This was not practically possible because experts would need to be retained first to conduct the source code review and provide input for the source code review protocol. Moreover, Defendants would need to first serve discovery to know what source code was needed from Plaintiffs and Plaintiffs have stated we cannot do so without subjecting our motions to dismiss to waiver.

18. Plaintiffs incorrectly claim in their correspondence regarding the exchange of source code that I stated that the parties should produce source code rather than make it available in data room because of the covid-19 pandemic. I never made such a claim. Rather, I said the parties would need to figure out how to handle the review of source code in light of the covid-19 pandemic.

19. Attached hereto as Exhibit A is a true and correct copy of the parties'

5984082

correspondence regarding exchanging source code.

20. On January 25, 2021, Defendants served Plaintiffs with their discovery responses.

21. On January 28, 2021, Plaintiffs requested a meet and confer regarding their discovery requests.

22. On January 29, 2021, Plaintiffs served their second set of requests for production on Defendants.

23. On February 1, 2021, I responded to Plaintiffs' request for a meet and confer explaining that meeting and conferring would only be productive if Plaintiffs' were willing to reconsider their position regarding discovery.

24. Plaintiffs never responded to this correspondence.

25. On March 16, 2021, Plaintiffs agreed to meet and confer with Defendants about the Protective Order, the second set of discovery requests, and Plaintiffs' reconsideration of their position on the motion to stay and protective order. That same day, the parties met and conferred.

26. On April 13, 2021, Defendants discovered that the draft of the joint Protective Order contained a provision stating the parties would consent to this Court's jurisdiction upon its entry.

27. On April 21, 2021, after further discussion between the parties, Plaintiffs stated that they would not agree to the joint Protective Order without asking the court to include the consent to jurisdiction.

28. Attached hereto as Exhibit B is a true and correct copy of the parties' correspondence concerning the planned meet and confer and subsequent correspondence concerning the proposed joint Protective Order.

29. On April 2, 2021, Plaintiffs refused to set forth their responses to Defendants' objections to the second set of discovery requests, along with supporting authority, in a letter to facilitate a more efficient meet and confer. Plaintiffs also said they had "no choice but to seek relief from the Court."

- 4 -

5984082

30.     Attached hereto as Exhibit C is a true and correct copy of the parties'
correspondence concerning scheduling for another meet and confer and whether Plaintiffs would
draft a letter setting out Plaintiffs' positions.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on this 2nd day of June, 2021, at Los Angeles, California.

_____
Alison Plessman

5984082

# EXHIBIT A

**Julia Haines**

| | |
|---|---|
| **From:** | John L. Wood <JWood@emlaw.com> |
| **Sent:** | Thursday, January 28, 2021 4:19 PM |
| **To:** | Alison Plessman; jordan.feirman@skadden.com; john.neukom@skadden.com |
| **Cc:** | Cheryl G. Rice; twerner@irell.com; mashley@irell.com; oweber@irell.com |
| **Subject:** | RE: Source Code [IWOV-ACTIVE.FID215893] |

Alison,

We are still working through who the Party Representatives will be for SNMP Research. We can have a preliminary list by tomorrow. Are you willing to exchange a preliminary list of Party Representatives tomorrow at 5pm ET?

The methodology you proposed during the 26(f) conference was that the parties produce source code as opposed to having source code reviewed in a data room. Your expressed reasoning was that it would make it easier for the parties, particularly given the situation with Covid 19. We are trying to follow your request to make the source code exchange as easy as possible. If you think you need expert input to comment on the source code provisions of the protective order then you should do that now so we can have a complete protective order.

Please send us your comments on the protective order and we will turn it around quickly.


John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Thursday, January 28, 2021 1:40 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** RE: Source Code [IWOV-ACTIVE.FID215893]

John,

I'm not sure what methodology you are referring to since we discussed the potential protective order only very briefly and at a high level at the Rule 26(f) conference. For many reasons, we will not be in a position to begin reviewing SNMP's source code next week, including but not limited to the fact that this would require expert analysis and input, it is premature to do so before we know what issues will remain after the motion to dismiss, it would require us to first serve discovery and evaluate your responses and you have indicated that we cannot do so without risking waiver, etc. But I think we can likely resolve many, if not all, of the other issues we have with respect to the protective order in the meantime. As I noted below, one issue concerns who the designated "Party Representatives" will be for Highly

Confidential materials.  Can you please let us know if you are contemplating that Jeff Case will be the Party Representative on your side because that could be an issue?

Best,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Wednesday, January 27, 2021 11:47 AM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** RE: Source Code [IWOV-ACTIVE.FID215893]

Alison,

We sent Defendants a draft protective order ten days ago, and we drafted the source code provision based on the very methodology you proposed during the parties' rule 26(f) conference on December 23.  If Defendants now want to deviate from what you suggested at the 26(f) conference, please propose it and Plaintiffs will consider it.  But we need a fulsome response to the draft protective order we sent you ten days ago (including source code provisions) this week so that the parties can be in a position to exchange source code by no later than next week.  The timing is particularly important given that one of Defendants' purported justifications for not being able to answer discovery is the alleged lack of access to source code and the absence of a protective order.  While we don't agree with those purported justifications, we don't want them to continue to hold up substantive discovery responses from Defendants.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**:  This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, January 26, 2021 7:12 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** RE: Source Code [IWOV-ACTIVE.FID215893]

Thanks.  We are working on some proposed line edits, but more globally, I think it may make sense to remove the "Production of Source Code" section entirely and negotiate that separately once the parties have reached agreement regarding what source code (if any) needs to be reviewed, where, and when.  The exact mode of production and review

is also something we would want our experts to weigh in on. Let me know if you have any concerns with dealing with that section separately.

Also, where the proposed order indicates that a Party Representative (or two) would be allowed to see the Highly Confidential documents and/or Source Code, can you please let us know if you are contemplating that Jeff Case will be the Party Representative on your side?

**Alison Plessman**

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Tuesday, January 26, 2021 7:33 AM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** RE: Source Code [IWOV-ACTIVE.FID215893]

Alison,

Plaintiffs will not argue that negotiating, agreeing to, and/or entering a Protective Order is a waiver of any defense.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, January 26, 2021 5:20 AM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** RE: Source Code [IWOV-ACTIVE.FID215893]

Hi John,

Thank you for reaching out. One problem is that you have indicated that Plaintiffs will or may argue that Defendants' participation in such discovery-related activities constitutes a waiver of their defenses, unless they are simply responding to discovery already propounded by Plaintiffs. Presumably that position would apply to the source code review you are proposing. We don't understand why you have taken that position, but it puts us in a difficult position. There are several threshold issues that need to be addressed before any source code review can take place. But, as an initial matter, can you confirm that Plaintiffs will not take the position that negotiating, agreeing to, and/or entering a Protective Order constitutes a waiver of any defenses?

Thanks,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Sunday, January 24, 2021 8:55 AM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; twerner@irell.com; mashley@irell.com; oweber@irell.com
**Subject:** Source Code [IWOV-ACTIVE.FID215893]

Counsel,

In your Motion to Stay we noticed that you claim you are hindered from responding to some of Plaintiff's discovery because "Defendants have had no opportunity to inspect any version of Plaintiff's software …" Each of your clients is in possession of Plaintiffs' software and is actively distributing that software. To the extent you claim to need other versions of Plaintiffs' software, please immediately identify the versions you claim to need and why. If your requests are reasonable and appropriate, Plaintiffs are willing to agree to an expedited mutual exchange of software. My client is not in possession of any version of Defendants' software and would like to start the source code review as soon as possible. We proposed a protective order over a week ago that contains source code provisions in line with Allison's suggestion at the 26(f) conference on December 23rd. We propose that we agree to the protective order this week and exchange source code by January 29th. We are happy to get on a call to discuss any of the details.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office: (865) 292-2503 | Fax: (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com

**EGERTON McAFEE**
Egerton McAfee Armistead & Davis, P.C.
ATTORNEYS AT LAW
CLIENT DRIVEN SINCE 1932

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

# EXHIBIT B

| From: | John L. Wood <jwood@emlaw.com> |
|---|---|
| Sent: | Wednesday, April 21, 2021 6:58 PM |
| To: | Alison Plessman; jordan.feirman@skadden.com; Salvatore Bonaccorso; john.neukom@skadden.com |
| Cc: | crice@emlaw.com; mashley@irell.com; twerner@irell.com |
| Subject: | RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893] |

Alison,

Given the provisions of Section K (Challenges to Confidentiality Designations), we are fine with removing the words "can demonstrate" from the definition of OCEO. We also rearranged the definition slightly so it reads better. The definition is now:

> "The 'OUTSIDE COUNSEL'S EYES ONLY' designation is reserved for HIGHLY CONFIDENTIAL Material related to a Party's non-Party customers or clients that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes the disclosure of which is likely, and that is likely, to cause economic harm or significant competitive advantage to the Receiving Party."

Regarding 17(a), our position is that If a person appears on the face of the source code as an author, the person should be able to see it regardless of whether they are employed by the Designating Party or the Receiving Party or otherwise. SNMP Research has authored the source code at dispute in this case and it does not make sense that someone identified as an author would not be able to see the source code or testify about it. Also, limiting 17(a) to only include an employee of a Designating Party is redundant because the Designating Party is already allowed to see its own materials subject to any other confidentiality agreements that may exist.

Let us know if we have reached agreement on everything but jurisdiction.

We do not think the parties will be able to resolve our disagreement regarding the jurisdiction footnote and the final paragraph. Our suggestion is that we file a joint motion with the Court and submit it the portion of the protective order we have agreed and we each explain our position regarding jurisdiction and ask the Court to decide. We could agree on a limit of two pages each for our arguments. This would be more efficient than the alternative which is a full briefing schedule for a motion to enter the protective order.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office: (865) 292-2503 | Fax: (865) 525-5293
Website | Map | Bio | Vcard Download| jlw@emlaw.com

# EGERTON MCAFEE

Egerton McAfee Armistead & Davis, P.C.

ATTORNEYS AT LAW

CLIENT DRIVEN SINCE 1932

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this

transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, April 20, 2021 2:16 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

John,

Thanks for your comments.

For the OUTSIDE COUNSEL's EYES ONLY definition, we took the language regarding the categories from other protective orders that have been entered, including in E.D. Tennessee. We can work with you on tweaking the definition, but what do you mean by "can demonstrate"? The protective order already includes a mechanism to challenge designations. I don't have a problem with adding in language that limits the OCEO designation to only the parts meeting the definition.

Regarding Paragraph 17(a), given that it pertains to source code, the provision doesn't really appear to be applicable generally. How do you see this coming up in practice, particularly with respect to anyone other than the Designating Party?

Regarding the jurisdiction language, I think this is largely a question of timing and forum. We obviously can't agree to submit to the Court's jurisdiction with respect to the Protective Order or otherwise while our motions are pending, which is why we have noted this exercise is premature. We have been willing to negotiate the terms of the protective order in good faith to keep things moving, but that doesn't mean we are willing to waive our jurisdiction and venue arguments. I don't think your agreement not to argue waiver is sufficient when it comes to the actual entry of the Protective Order, particularly one that includes language regarding submitting to the jurisdiction of the Court. There would need to be language making clear that we do not submit to the Court's jurisdiction, which I agree makes filing the Protective Order now premature. Moreover, if the case is transferred, then the forum will need to be changed.

Best,
Alison    `

**Alison Plessman**

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Friday, April 16, 2021 6:56 PM
**To:** Alison Plessman <aplessman@hueston.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Alison,

We presented the draft protective order to Broadcom/Brocade three months ago and have had several meet and confer emails and a long meet and confer call over it. In all of that discussion, Broadcom/Brocade never claimed it needed or even mentioned the prospect of an Outside Counsel's Eyes Only (OCEO) category. We are disappointed that it is being brought up for the first time at this late stage.

In any event, we would like to work with you on it if we can. Our main concern is that Dr. Case needs to be able to see, and has the right to see, the information produced in this case that is relevant to SNMP's claims or Defendants' defenses. So we have two potential ways to proceed. One, we could set it up so that there is one client representative for each side that will have access to OCEO information, and in that case, we would be fine with the broad definition of OCEO that you have proposed.

Alternatively, we would need to narrow the scope of what can be designated OCEO information in this case. We suggest the following definition:

> "The 'OUTSIDE COUNSEL'S EYES ONLY' designation is reserved for HIGHLY CONFIDENTIAL Materials related to a Party's non-Party customers or clients that is extremely confidential and/or sensitive in nature and that the Producing Party reasonably believes and can demonstrate that the disclosure of which is likely to cause economic harm or significant competitive advantage to the Receiving Party."

We would also work in a provision providing that, if an entire document does not meet the above description, then only the part(s) meeting the above description would be OCEO.

Please let us know if Broadcom/Brocade is agreeable to either of these alternatives.

With respect to the proposed changes to paragraphs 17a and 18a, they do not make sense to us. If a person appears on the face of the Designated Material as an author, addressee, or recipient of it, the person should be able to see it regardless of whether they are employed by the Designating Party or the Receiving Party or otherwise.

With respect to the paragraphs you highlighted, the changes from paragraph 40 to 26 and from 47 to 33 appear correct to us.

Finally, with respect to the jurisdiction footnote you added and the striking of the jurisdiction paragraph at the end of the Protective Order, again, we are surprised to be seeing these proposed edits at this late stage. We also think Broadcom/Brocade's proposed footnote and jurisdiction language eviscerates the point of a protective order. Again, we'd like to work with you on this. We propose keeping the last paragraph and the same understanding and language that the Parties used in their joint rule 26 report to the Court. I've pasted it below:

> Defendants have filed motions to dismiss and/or transfer for improper venue and for lack of personal jurisdiction over Broadcom Inc., among other grounds. Before agreeing to submit this proposed Protective Order, Defendants asked Plaintiffs to agree that Plaintiffs will not argue that Defendants have waived any jurisdictional or venue based defenses by submitting this proposed Protective Order. Plaintiffs have agreed not to argue for such a waiver.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office: (865) 292-2503 | Fax: (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com



**EGERTON McAFEE**

Egerton McAfee Armistead & Davis, P.C.

**ATTORNEYS AT LAW**

*CLIENT DRIVEN SINCE 1932*

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, April 13, 2021 7:15 PM
**To:** John L. Wood <JWood@emlaw.com>; jordan.feirman@skadden.com; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Attached are some additional edits to the proposed protective order.  After considering the categories further, we think there should be a category for "OUTSIDE COUNSEL EYES ONLY" material as well.  The proposed edits generally relate to that addition.  I've also highlighted certain references to Paragraph 40 and 47 as those numbers appear to be outdated but I don't recall which paragraphs they were meant to reference.

In addition the new category, the draft proposed protective order also made references to the jurisdiction and authority of the Eastern District of Tennessee.  We cannot agree that the Eastern District of Tennessee has authority or jurisdiction over this case generally or in connection with the Proposed Protective Order, so we have added language to that effect.

Additionally, regarding John's email below, to avoid any doubt, you do not have our authorization to submit any joint filings to the court (or any filing that includes representations from us) without our express permission.  We may not be in a position to respond to your emails asking for consent by the deadline unilaterally set by you, so silence should never be interpreted as consent.

Please let us know if you have any questions or comments.

Thanks,
Alison


**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Tuesday, April 13, 2021 9:36 AM
**To:** jordan.feirman@skadden.com; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** FW: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Please let us know if we have your permission to file the attached protective order. This version is exactly what Extreme sent on March 24th (without Section F) so there are no outstanding objections. If you have an objection to us filing this protective order let us know what it is today or we will assume there are no objections.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** John L. Wood
**Sent:** Thursday, April 8, 2021 1:53 PM
**To:** 'Feirman, Jordan' <Jordan.Feirman@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

I have attached a clean version of the protective order that Jordan sent on March 24th without Section F (Inspection of Source Code). It appears Broadcom/Brocade does not have any comments. Do we have the parties permission to file this version with the Court?

Regarding Section F, Broadcom/Brocade indicated they would have comments, but we have not received them. Please provide those comments so we can finalize a separate order addressing the Inspection of Source Code. We anticipate we also will have some comments on Section F as revised by Extreme. The biggest issue we see is the proposed paragraph 24. We cannot agree to a provision that allows any party to opt out of all of Section F. Please provide any comments on Section F by the close of business on Monday.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Wednesday, March 24, 2021 10:49 PM
**To:** John L. Wood <JWood@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Please find attached edits and comments on behalf of Extreme.

Best,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | 10001
T: 212.735.3067 | F: 917.777.3067
jordan.feirman@skadden.com

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Monday, March 22, 2021 4:35 PM
**To:** Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: [Ext] Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

All,

I have attached an updated protective order.  This version incorporates all of Jordan's changes with a few minor changes.  Based on our agreement on the meet and confer call last Tuesday I have changed the designation HIGHLY CONFIDENTIAL – SOURCE  CODE to HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS.  Also, Producing Party was changed to Designated Party in Section F to match the defined term used in this document.  The other changes were de minimis.

On our call last week Alison said she could have feedback from her client by last Thursday on whether the protective order (other than Section F) is approved.  Alison, please let us know if the protective order is approved.

We also need feedback from both parties on the source code provisions in Section F.   Please let us know when you can provide feedback on Section F.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Feirman, Jordan <Jordan.Feirman@skadden.com>
**Sent:** Tuesday, March 16, 2021 4:36 PM
**To:** John L. Wood <JWood@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: [Ext] RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

All,

I attach Extreme's edits to those portions of the Protective Order that we previously had been negotiating. I believe all of the edits are in paragraphs 5, 18, and 45. We have not yet gotten fully underneath the new source code provisions (proposed new Section F), so we do <u>not</u> have comments on that yet. That said, I noticed that the new provisions refer to the "Producing Party," which should be added as a defined term if we are going to use it.

Regards,

**Jordan Feirman**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | 10001
T: 212.735.3067 | F: 917.777.3067
jordan.feirman@skadden.com

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Tuesday, March 16, 2021 2:54 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** [Ext] RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Today at 2pm PT works for us.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, March 16, 2021 2:20 PM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Sorry, I thought I hit "send" on my response this morning! I meant 2 pm PT today, but given the time, I could also talk tomorrow at 2 pm PT.

**Alison Plessman**

---

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Tuesday, March 16, 2021 8:28 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Alison,

I want to confirm that you mean a call today at 2pm PT since your email arrived today. It is pointless to keep arguing about Defendants' characterizations regarding "one sided" discovery. The parties' positions are clear in the written correspondence. We will be meeting and conferring on (1) the proposed changes to the protective order, (2) the second set of discovery requests propounded by Plaintiffs and Defendant's objections to those requests, and (3) Defendant's request that Plaintiff's "reconsider" their position on the motion to stay and protective order.

We will arrange for a court reporter to be on the call and send out a dial-in shortly. Please let me know if I am incorrect on the itemized meet and confer topics above.


John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, March 16, 2021 12:36 AM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi John –

We are available for a call tomorrow at 2 pm PT to discuss your further edits to the Protective Order if that works for Extreme. Regarding your discovery requests, our position has been fully set forth in our objections, our motion to stay discovery and for a protective order, and our opposition to your motion to compel. You indicate below that you have

never insisted on one-sided discovery, but by suggesting you will argue Defendants have waived their jurisdictional and venue defenses if they propound discovery, that is exactly what you done.  But since you have requested to meet and confer on your second set of discovery requests and expressed a willingness to reconsider your position regarding waiver, we are willing to listen to your proposal and go from there.

Best,
Alison


**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Thursday, March 11, 2021 1:13 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi Alison and Jordan,

With respect to the protective order and source code provisions, resolving these issues is not premature but is long overdue, and thank you for agreeing to meet and confer as to them. Please let us know your next available days/times. We propose Monday or Tuesday between 12 – 3 PT.

With respect to Plaintiffs' second set of discovery and Defendants' responses/objections to it, we want to make sure we understand each Defendant's position. Are each of your clients' agreeing to meet and confer on the actual discovery requests and responses/objections? And if so, are you also now willing to meet and confer on the actual discovery requests and responses/objections to the first set of discovery that Plaintiffs' propounded? To answer your question about "waiver," Plaintiffs can confirm that they will not argue that meeting and conferring over their discovery requests and Defendants' responses/objections constitutes a waiver of Defendants' asserted jurisdiction/venue defenses, which should have been clear by now.

We will be glad to meet and confer regarding Defendants propounding discovery. Just to be clear, Plaintiffs have never insisted on one-sided discovery. As a part of meeting and conferring on both the first and second set of discovery propounded by Plaintiffs we will be discussing your objections. As for meeting and conferring on Plaintiffs' "reconsider[ing]" their positions on Defendants' motion to stay discovery and for a protective order, Is it only Broadcom and Brocade who want to meet and confer on that, or does Extreme want to as well (we ask because it was only mentioned in Alison's email)? In any event, we are certainly willing to meet and confer on "reconsideration," and we would expect in the meet and confer for Defendants to also reconsider their position.

Finally, as for Alison's claim about what was discussed at the early meeting of counsel, we will have to agree to disagree. I've attached the email chain where we already went over this. If you are now proposing that you want to use a data room for source code review then we are fine with that approach also. We have attached the protective order with a data room source code provision for your consideration.  And in light of the disagreement over what was previously said, for the meet and confer call over the protective order, source code, discovery responses, and "reconsideration," let's use a court reporter to transcribe the call. We can arrange one.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, March 10, 2021 2:42 PM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Hi John –

Can we set up a time next week to discuss the Protective Order? Regarding the separate agreement covering the provision of source code, we can discuss your thoughts on that too but it seems premature given the early stage of this litigation and your position regarding one-sided discovery. How can we review source code in a vacuum without first propounding basic discovery regarding the basis of SNMP's claims, including regarding the very same source code we would be reviewing? Moreover, you have stated several times that you drafted the section relating to the provision of source code based on "methodology" proposed by me during the 26(f) conference, but I really have no idea what you are referring to. The provision of source code was barely discussed at the 26(f) conference other than to note that the parties would need to further discuss how to handle any provision of source code that might be necessary. I never proposed any methodology—let alone the detailed methodology set forth in your draft protective order—or stated that the parties should produce source code as opposed to having source code reviewed in a data room. I merely noted the parties would need to figure out those issues in light of the COVID pandemic. At the time of the 26(f) conference, we had not yet received your discovery requests and you had not yet revealed your position that only Plaintiffs should be permitted to propound discovery. In any event, we can discuss this issue on our call next week if that works for you, assuming you continue to agree that you will not argue Defendants have waived any defenses, including personal jurisdiction and venue defenses, by participating in such calls. On the same call, we can also discuss your request to meet and confer regarding the second set of discovery requests, again assuming you agree that you will not argue Defendants have somehow waived any of their defenses by doing so. As you know we have a motion to stay and for a protective order pending, but we are happy to discuss whether you are now willing to reconsider your position regarding one-sided discovery as well as hear your response to our objections and whether you are willing to modify your requests based on them. To be clear, Broadcom and Brocade reserve all rights regarding our defenses and pending motions and do not intend to waive any arguments or defenses by participating in a call next week or sending this email.

Thanks,
Alison


**Alison Plessman**

## HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Friday, March 5, 2021 2:05 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** crice@emlaw.com; mashley@irell.com; twerner@irell.com
**Subject:** RE: Proposed revisions to Protective Order [IWOV-ACTIVE.FID215893]

Counsel,

Attached are our edits to the revised Protective Order you submitted last Saturday. We accepted most of your changes and would like to get this filed as soon a possible. Let us know if these changes are acceptable.

We noticed that you struck the entire source code provision in the protective order. In order to proceed with the other provisions, you have left us with no choice but to accept your deletion of the source code provision for now. Given that you are using the lack of a source code provision in the protective order as a reason for not proceeding with discovery, it is important that we receive your comments to the source code provision immediately. As we mentioned earlier we attempted to draft exactly what Alison suggested during our 26(f) conference, so we are not sure if you actually disagree with any part of the provision.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office: (865) 292-2503 | Fax: (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com

## EGERTON MCAFEE

Egerton McAfee Armistead & Davis, P.C.

ATTORNEYS AT LAW

CLIENT DRIVEN SINCE 1932

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Saturday, February 27, 2021 5:28 PM
**To:** Ashley, Matt <mashley@irell.com>; jordan.feirman@skadden.com; john.neukom@skadden.com
**Cc:** John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Subject:** Proposed revisions to Protective Order

All,

Attached are some proposed revisions to the Protective Order. It includes proposed revisions from all Defendants, but we may have a few additional edits.

Please let us know your thoughts.

Thanks,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
T: 213.788.4340
aplessman@hueston.com
Biography

523 West 6th St Suite 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

# EXHIBIT C

## Salvatore Bonaccorso

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Friday, April 2, 2021 12:12 PM
**To:** Alison Plessman; Salvatore Bonaccorso
**Cc:** crice@emlaw.com; mashley@irell.com
**Subject:** RE: Continued Meet and Confer [IWOV-ACTIVE.FID215893]

Alison,

Broadcom/Brocade made clear on our meet and confer call that they will refuse to provide substantive responses to Plaintiffs' discovery until Broadcom/Brocade's motion to stay discovery is decided. Consequently, the request to exchange further emails/letters is just another attempt at running out the discovery clock while the motion to stay is pending.

On our last call we attempted to narrow the objections that Broadcom/Brocade are relying on by asking you to tell us which objections are the basis of withholding materials. Your response was that Broadcom/Brocade are withholding documents based on each and every one of their objections, which even a cursory review of the responses proves is obviously not the case. This violates the letter and spirit of Rule 34 as well as the purpose of a meet and confer (which is to get to a point where substantive responses are provided and documents are produced). *See, e.g.,* FRCP 34(2)(B) (an objection must "state with specificity the grounds for objecting to the request, including the reasons."); FRCP 34(2)(C)( "An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Nevertheless, in order to make at least some progress, we attempted to discuss Broadcom/Brocade's objections to a very straightforward request, RFP 96. RFP 96 asks for "An unredacted version of the letter from Simone Yew to Ms. Katy Mot[i]ey of Extreme Networks, Inc. dated August 1, 2019." We asked if Broadcom/Brocade were withholding documents based on the tax privilege and you responded that any response would be "negotiating against ourselves." We then also asked if Broadcom/Brocade are withholding documents based on each Federal Rule of Civil Procedure and you would not respond except to say statements like "we wouldn't have served them if we didn't think that they were appropriate and sufficient" and "our position is that our objections are appropriate." We then asked if Broadcom/Brocade were withholding documents based on alleged lack of "possession, custody or control" when they clearly had the document (it was written by them), and you said you would have to read the letter and look into it. You have not gotten back to us regarding any of these objections.

This amply demonstrates that exchanging further emails or letters is not going to resolve our issues but will just lead to further inappropriate delay. Consequently, we have no choice but to seek relief from the Court.

**John L. Wood**
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office**:** (865) 292-2503 | Fax**:** (865) 525-5293
Website | Map | Bio | Vcard Download | jlw@emlaw.com

# EGERTON McAFEE

Egerton McAfee Armistead & Davis, P.C.
ATTORNEYS AT LAW
CLIENT DRIVEN SINCE 1932

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review,

disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, March 23, 2021 1:29 PM
**To:** John L. Wood <JWood@emlaw.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Cheryl G. Rice <CRice@emlaw.com>; mashley@irell.com
**Subject:** RE: Continued Meet and Confer [IWOV-ACTIVE.FID215893]

John,

As discussed, we understood prior to our last call that you were open to revisiting your position on one-sided discovery, which is a critical issue raised in our motion for a protective order and stay. It was clear from our call, however, that you are unwilling to change your position. We have already served objections to your discovery requests. As I mentioned on our call, rather than spending hours on a phone call with a court reporter discussing discovery requests that are subject to pending motions, we believe the most efficient and non-prejudicial path forward is for you to set forth your responses to our objections along with any supporting authority in a letter if you would like to further meet and confer. We reserve all rights and positions set forth in our pending motions and discovery responses, of course.

Thanks,
Alison

**Alison Plessman**

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** John L. Wood <jwood@emlaw.com>
**Sent:** Thursday, March 18, 2021 12:35 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** crice@emlaw.com; mashley@irell.com
**Subject:** Continued Meet and Confer [IWOV-ACTIVE.FID215893]

Alison,

We are available to continue our meet and confer on Broadcom/Brocade's objections to SNMP's Second Set of RFPs next week on Thursday between 11 and 3 PT and Friday between 9 PT and 2 PT. Based on our last meet and confer we probably need about 3 hours. Let us know what your availability is during these suggested times or, if they do not work for you, please provide some alternative days/times for us to consider.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.