# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFF SNMP RESEARCH, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

# I. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO COMPEL IN ITS ENTIRETY

Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade" and collectively, "Defendants") struggle to complicate and obfuscate two simple issues. The first issue is whether Defendants can invoke their pending motions to dismiss, stay, and transfer to unilaterally grant themselves a discovery stay. And the second is whether Defendants' objections are sufficiently detailed and substantiated such that they can avoid producing any documents in response to Plaintiff SNMP Research, Inc.'s ("Plaintiff") Second Set of Requests for Production of Documents ("Second RFPs"). Under well-settled authority set forth in prior briefing and for the additional reasons briefly summarized below, the Court should not condone Defendants' self-imposed stay or their failure to adequately describe and substantiate their objections to Plaintiff's tailored and relevant discovery requests.

Plaintiff properly met and conferred over Defendants' objections and earnestly attempted to discuss each one of them, as is evident in the transcript attached to Plaintiff's motion. *See, e.g.*, Dkt.69-8 at 15:7-17:23. Defendants now contend that they were "in listening mode" (Dkt. 72 at 6) for the meet and confer and therein lies the problem: a proper meet and confer requires mutual dialogue. Defendants' conduct violated the letter and spirit of Rule 34, and Defendants' request for written discovery letters was just an attempt to further delay, particularly given that Defendants made crystal clear that they would not produce documents while their motions to dismiss and stay were pending. *See* Dkt. 72-1 at 26. Plaintiff was thus forced to seek relief from the Court if a single document, or substantive discovery response, was ever to be obtained from Defendants. This Motion followed, and it should be granted.

## A. Defendants' Pending Motions Do Not Unilaterally Grant Them A Discovery Stay

As demonstrated in prior briefing, it is settled law that Defendants' pending motions do not

entitle them to an automatic stay of discovery, much less one that they themselves unilaterally impose. *See* Dkts. 54 at 12, 16, 60-1 at 6-8, 69-1 at 5. Defendants' citations to distinguishable cases do not allow them to avoid substantively engaging in discovery while their motion to transfer is pending. Dkt. 72 at 10-11, 23 (citing *In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353 (Fed. Cir. Mar. 8, 2021); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015)). Rather, those decisions granted writs of mandamus to stop court-initiated "arbitrary refusal to consider the merits of [a] transfer motion." *In re TracFone Wireless*, 2021 WL 865353, *2. Moreover, here, any documents exchanged pursuant to discovery would be available for the parties to use if the present action were transferred or refiled elsewhere. *See* Dkt. 54 at 15-17 (citing authority).

**B.    Defendants' Objections Should Be Stricken**

Defendants' boilerplate objections aside, Defendants have failed to make the showing needed to avoid producing a single document in response to Plaintiff's Second RFPs. Plaintiff served eight total requests on Defendants in the Second RFPs, which essentially seek three pieces of information:

**REQUEST NOS. 87/92/94:**

All Documents that give [Brocade/Broadcom Inc./Broadcom[1]] the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**REQUEST NOS. 88/93/95:**

All Documents that give consultants or contractors of [Brocade/Broadcom

---

[1] In its Second RFPs to Broadcom, Plaintiff differentiated between "Broadcom Inc." and "Broadcom" so that the responses would distinguish between documents applicable to the named defendant, Broadcom Inc., and documents applicable to its predecessors, successors, affiliated entities, and subsidiaries (among other things). Plaintiff did so in part because Broadcom Inc.'s predecessor entity underwent a corporate restructuring and re-domiciliation beginning in November 2017, and thereafter "Broadcom Limited" became "Broadcom Inc." *See* https://investors.broadcom.com/static-files/cd1dc447-a203-40dd-87e9-82586f60cb86/. These changes occurred around the same time as certain key conduct alleged in the Complaint. Dkt. 1 ¶ 42 (describing Broadcom's 2017 acquisition of Brocade).

Inc./Broadcom] the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**REQUEST NOS. 89, 96:**

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

*See* Dkts. 69-3, 69-4.

Defendants have not remotely demonstrated that Plaintiff's requests for (a) documents, if any, giving Brocade and Broadcom (and third party consultants with which they contract) the right to use Plaintiff's software and (b) a one-page letter regarding licensing and transfer conduct at the heart of this case are irrelevant, unduly burdensome, disproportionate or invade the attorney-client privilege. Defendants should be ordered to substantively respond to these straightforward requests and produce the requested and obviously relevant documents.

    1.    <u>Objections to common terms and the defined terms "Broadcom," "Brocade," "SNMP Research," and "SNMP Research Software" are not supported and should be stricken.</u>

First, with respect to the first two sets of Second RFPs requesting all documents, if any, giving Defendants or their consultants the right to use and distribute SNMP Research Software, Defendants argue that common terms such as "transfer, "distribute," "consultants," and "contractors" are "unduly vague as used." Dkt. 72 at 14-15. Plain and simple terms like these are easily understood in the context of Plaintiff's requests concerning the authorization (if any) for the use and transfer of the software underlying this case. *See* Dkt. 69-8 at 39:11-17. As Plaintiff's counsel stated during the meet and confer, a dictionary could be consulted to the extent these plain terms seem vague. Dkt. 69-8 at 39:9-10. Notably, apparently defendant Extreme Networks, Inc. has no difficulty understanding what the words "distribute" and "transfer" mean and was able to easily resolve with Plaintiff any issues related to the words "consultants" and "contractors."

- 3 -

Defendants object to the definitions of "Broadcom," "Brocade," "SNMP Research," and "SNMP Research Software" as overbroad and as seeking non-proportional, unduly burdensome, and irrelevant information. Dkt. 72 at 15-17. It is Defendants' burden to justify these objections with sworn affidavits, not attorney rhetoric in a brief. Courts have repeatedly rejected objections asserting that discovery requests are burdensome or oppressive when they are not supported by declarations or evidence. *See, e.g.*, *Home Fed. Bank of Tennessee v. Home Fed. Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2019 WL 11670621, at *2 (E.D. Tenn. Sep. 18, 2019) ("A responding party must show specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *In re Heparin Prod. Liability Litigation*, 273 F.R.D. 399, 410-11 (N.D. Ohio 2011); *see also* Dkt. 65 at 8-9.

Defendants have offered no affidavit or other evidence showing that they are unaware of which subsidiaries are using Plaintiffs' software or in which products, or of which subsidiaries have documents that would need to be searched or how this effort would impose an undue burden.[2] Dkt. 65 at 10. A search for SNMP Research Software is proportional in light of the issues at stake (Brocade's breach of the license agreement and Defendants' copyright infringement), the parties' relative access to the information sought, the substantial amount (hundreds of millions of dollars in unlawful sales) in controversy, and Defendants' complex structure of interrelated entities. *See* Fed. R. Civ. P. 26(b)(1).

2. <u>The definition of "SNMP Research Software" is clear and Defendants' objections here also fail.</u>

As for the definition of "SNMP Research Software,"[3] Defendants have yet to offer any proper

---

[2] Defendant Extreme did not find it necessary to object the definition of "SNMP Research," *see* Dkt. 70-4, and it had no concerns regarding the entity definition of "Extreme Networks, Inc." after meeting and conferring. *See* Dkt. 70-6.

[3] Plaintiff's Second RFPs define "SNMP Research Software" as "(i) software provided by SNMP Research to [Brocade/Broadcom], (ii) software licensed by SNMP Research to [Brocade/Broadcom], or (iii) any software created by SNMP Research which is or was in the possession of [Brocade and/or Broadcom]. The foregoing categories include Source Code, compiled code, binary code, configuration

- 4 -

showing that any of Defendants' (including its subsidiaries') uses of Plaintiff's software are <u>irrelevant</u> to the claims alleged here. *See* Dkt. 65 at 9-10, Dkt. 65 at 7-8. Indeed, Plaintiff explicitly excluded other software Plaintiff licensed to Broadcom, which is governed by a separate license. *See* Dkt. 69-4 at 3. Defendants' argument that this definition encompasses software outside of the Complaint because there are "numerous copyrights for source code registered for SNMP Research International, Inc. that are not included in this Complaint" (Dkt. 72 at 18) is false because the SNMP Research International, Inc. copyright registrations are compilations of the same software covered by the SNMP Research, Inc. copyright registrations. Each example Defendants raise is, in fact, explicitly alleged in the Complaint.[4] Moreover, Defendants' own argument makes clear that at least part of the information encompassed by the defined terms would still be relevant to the claims, obligating Defendants to make at least partial responses. *See* Fed. R. Civ. P. 34(b)(2)(C).

Defendants' assertion that the requests are objectionable because the definition of "SNMP Research Software" requires Defendants to obtain an expert and review SNMP's source code to understand the software before they can respond to these requests (Dkt. 72 at 19) and that RFPs 87-88 (Brocade) and 92-95 (Broadcom) thereby seek premature expert opinion, premature legal conclusions, and are argumentative (Dkt. 72 at 19-21) are mere subterfuge. Plaintiff is simply requesting the <u>documents</u> (if any) giving Defendants and their consultants the necessary authorization to use

---

files and data, associated documentation, and Derivative Works thereof." Dkt. 69-3 at 2-3. The definition as to Broadcom also included the following caveat: "Notwithstanding the foregoing, SNMP Research Software does not include software rightfully distributed to a Broadcom customer under the Amended and Restated Key Distribution Agreement between SNMP Research International, Inc. and Broadcom Corporation effective as of February 21, 2019, for which it is undisputed that all license fees and royalties are fully paid." Dkt. 69-4 at 3.

[4] *Compare* Dkt. 72 at 18 (citing TXu001706718; TXu001772248; TXu001772250; TXu001738956) *with* Dkt. 1 ¶ 33 (citing TXu 1-706-718; TXu 1-772-248; TXu 1-772-250; and TXu 1-738-956). These refer to the same registrations. The Complaint even noted that while the first page for one of the certificates provides the registration number "TXu 1-722-248," subsequent pages provide that registration number as "TXu 1-772-248." Dkt. 1 ¶33 n.1 (highlight added).

- 5 -

Plaintiff's software. Defendants do not need a technical or copyright expert to determine whether these documents (if any) exist. Dkt. 69-1 at 11. Defendants also have failed to submit any proper support for these objections. Mere attorney argument, without more, is, again, insufficient.

Furthermore, Defendants protest that Plaintiff's requests call for confidential information requiring a protective order, and Plaintiffs have insisted on filing a protective order over which the Court has jurisdiction to enforce compliance with it. Dkt. 72 at 21-22. Defendants' requirement that the protective order cannot be enforced by the Court is nonsensical. Also, Plaintiffs have agreed not to argue that filing the parties' negotiated protective order would waive Defendants' jurisdictional or venue-based defenses. *See* Dkt. 69-9 at 3. Consequently, Defendants' assertion that their position on the protective order is a matter of "protect[ing] their jurisdictional and venue defenses" is wrong. Dkt. 72 at 21.

   3. <u>Defendants' general avoidance by arguing that Plaintiff "may have" equal or better access to responsive materials is not proper.</u>

Defendants further argue that Plaintiff's discovery is objectionable "to the extent" it seeks documents already in Plaintiff's control or more easily available to Plaintiff (Dkt. 72 at 22), but this is simply an example of Defendants' efforts to complicate matters in order to justify their failure to properly respond. Again, Plaintiff is simply seeking the documents (if any) <u>that Defendants believe give them and their consultants authorization to use Plaintiff's software</u>. This could be a license agreement, or perhaps some other document resulting from Broadcom's acquisition of Brocade. If Defendants have no responsive documents, they should say so. And, if Defendants believe that Plaintiff already has such documents in its possession, Plaintiff has no problem with Defendants saying so as long as they also identify which documents those are.

   4. <u>Defendants' privilege objections are unsubstantiated.</u>

Finally, Defendants argue that Plaintiff improperly seeks information protected by privileges,

- 6 -

1978641v9
Case 3:20-cv-00451-CEA-DCP   Document 73   Filed 06/09/21   Page 7 of 9   PageID #: 2684

work product, and the constitutional right to privacy, yet they admit that their privilege review "has not even begun" and they do not substantiate their objections by explaining why certain privileges apply and to what documents. Dkt. 72 at 23. Defendants' own cited case, *Mann v. University of Cincinnati*, 824 F. Supp. 1190, 1201-02 (S.D. Ohio 1993), *id.* at 24, makes clear that the party asserting the right to privacy bears the burden of convincing the court that the records are "entitled to protection from discovery," which includes submitting the allegedly constitutionally-protected materials for *in camera* review. Moreover, as explained previously, Defendants' vague assertions about privilege (Dkts. 69-5 at 13-14, 69-6 at 12, 14, 16-18) are plainly insufficient to invoke an appropriate, well-founded privilege objection. Dkt. 60-1 at 10, 12-13; Fed. R. Civ. P. 26(b)(5)(A).

## II. CONCLUSION

Nearly eight months have passed in this case and not one of the Defendants (Broadcom, Brocade, or Extreme) has produced a single document or given a single substantive response to Plaintiff's discovery requests—just objections straight-across-the-board. That is wrong, it is inappropriately delaying this case, and the Court should put an end to it. Defendants have not met their burden to substantiate their objections and Plaintiff's motion to compel should be granted in its entirety.

Respectfully submitted,

Dated: June 9, 2021   By: */s/ Cheryl G. Rice*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com


Dated: June 9, 2021   By: */s/ A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*