# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § | |
| Defendants. | § | |

**PLAINTIFF SNMP RESEARCH, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM EXTREME NETWORKS, INC. TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Once the opposition's irrelevant rhetoric is cast aside, Plaintiff SNMP Research, Inc.'s ("Plaintiff") motion to compel reduces to two remaining issues. The first issue is whether Extreme Networks, Inc. ("Extreme") can invoke Defendants' pending motions to dismiss, stay, and transfer to unilaterally grant itself a discovery stay. As demonstrated in prior briefings, it is settled law that Defendants' pending motions do not entitle them to an automatic stay of discovery, much less one that they themselves unilaterally impose. *See* Dkts. 54 at 15-16, 60-1 at 6-8, 70-1 at 6.

The second issue is whether Extreme's objections are sufficiently detailed and substantiated such that it can avoid producing any documents and substantively responding to Plaintiff's Second Set of Requests for Production of Documents ("Second RFPs"). Because Plaintiff and Extreme were able to reach significant compromise on many of Extreme's objections, the three requests now read as follows:

**REQUEST NO. 68:**

All Documents on which Extreme intends to rely to support claims or defenses, if any, that it has acquired from SNMP Research or another party's rights to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**REQUEST NO. 69:**

All Documents on which Extreme intends to rely to support claims or defenses, if any, that a third party with which Extreme has contracted or partnered to develop or distribute Extreme products incorporating SNMP Research Software has independently acquired rights from SNMP Research or another party to utilize or exploit such SNMP Research Software in connection with the Extreme products.

**REQUEST NO. 70:**

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme

- 1 -

10956689

Case 3:20-cv-00451-CEA-DCP   Document 74   Filed 06/09/21   Page 2 of 5   PageID #: 2688

Networks, Inc. dated August 1, 2019.

*See* Dkts. 70-1 at 7, 70-3, 70-6 at 1. None of Extreme's remaining objections (general and specific) are sufficiently detailed or substantiated to excuse it from responding to these straightforward requests.

Extreme's general objections—which challenge, among other things, relevancy, proportionality, and privilege—should be stricken because they employ boilerplate terminology. *See* Dkts. 69-1 at 7, 70-1 at 6-7. Extreme cannot seriously contend that Plaintiff's requests for documents, if any, giving Extreme (and third parties with which it contracts) the right to use Plaintiff's software and for a one-page letter regarding licensing and transfer conduct at the heart of this case are irrelevant requests that lack proportionality and/or invade the attorney-client privilege.

Extreme's specific objections likewise fail to hold water. Extreme objects to Second RFPs 68 and 69 on the grounds that the definition of "SNMP Research Software"[1] is overbroad and encompasses software not alleged in the Complaint. Dkt. 71 at 9-10. As a threshold matter, Extreme has not met its burden to justify these objections with sworn affidavits or evidence. Courts have repeatedly rejected objections asserting that discovery requests are burdensome, oppressive, or irrelevant when they are not supported by declarations or evidence. *See, e.g.*, *Home Fed. Bank of Tennessee v. Home Fed. Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2019 WL 11670621, at *2 (E.D. Tenn. Sep. 18, 2019) (requiring a responding party to provide "affidavits or offer[] evidence revealing the nature of the burden" and noting that simply stating a request is "overly broad, burdensome, oppressive and irrelevant is not adequate") (internal quotation marks omitted) ; *In re Heparin Prod. Liability Litigation*, 273 F.R.D. 399, 410–11 (N.D. Ohio 2011); *see also* Dkt. 65 at 8-9. Moreover, just

---

[1] Plaintiff's Second RFPs define "SNMP Research Software" as "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." Dkt. 70-3 at 3-4.

prior to this litigation, Extreme provided Plaintiff with a list of its products containing SNMP Research Software (Dkts. 70-8, 70-9), and Extreme has yet to point to any uses of Plaintiff's software that Extreme believes (much less that Extreme has shown) is irrelevant to the claims alleged here. Even assuming Plaintiff's definition encompassed some additional software not alleged in the Complaint (it does not) and that there were no possibility this additional software may be relevant to any claims or defenses,[2] at least part of the encompassed software would still be relevant to the claims, and Extreme would be obligated to make at least a partial response. *See* Fed. R. Civ. P. 34(b)(2)(C).

The remaining specific objections concern Second RFP 70, which seeks an unredacted copy of a single-page letter from Broadcom/Brocade to Extreme regarding SNMP Research Software. Extreme objects to producing an unredacted copy because there is no protective order in place and because, according to Extreme, filing a protective order risks an argument that Extreme waived its improper venue defense. Dkt. 71 at 11. Yet the parties have already negotiated a proposed protective order and Plaintiffs agreed not to argue that filing it would waive Defendants' jurisdictional or venue-based defenses. *See* Dkt. 69-9 at 3. Consequently, Extreme's assertion that its position on the protective order is "a matter of preventing an argument that Extreme waived litigation defenses" is wrong. Dkt. 71 at 11. Extreme also objects to producing the letter "to the extent" it seeks privileged or protected information. As explained previously, such vague waffling is plainly insufficient to invoke an appropriate, well-founded privilege objection. Dkt. 70-1 at 9; Fed. R. Civ. P. 26(b)(5)(A).

In sum, Extreme has not met its burden to substantiate its objections, and Plaintiff's motion to compel should therefore be granted in its entirety.

---

[2] *See, e.g.*, *Groupwell Int'l. (HK) Ltd. v. Gourmet Exp.*, LLC, 277 F.R.D. 348, 360 (W.D. Ky. 2011) ("[A] request for discovery should be considered to be seeking relevant information if there is *any* possibility that the information sought may be relevant to the claim or defense of any party in the action.") (emphasis in original and citations omitted).

Respectfully submitted,

Dated: June 8, 2021  By: */s/ Cheryl G. Rice*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Dated: June 8, 2021  By: */s/ A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*

- 4 -