UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-cv-451-CEA-DCP |
| BROADCOM INC. *et al.*, | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Defendants' Joint Motion to Stay Discovery and for a Protective Order [Doc. 47], Plaintiffs' Motion to Compel Discovery Responses [Doc. 60], Plaintiff SNMP Research, Inc.'s Motion to Compel Responses to Plaintiffs' Second Set of Requests for Production of Documents from Defendants Broadcom, Inc. and Brocade Communication Systems LLC [Doc. 69], and Plaintiff SNMP Research, Inc.'s Motion to Compel Responses to Plaintiffs' Second Set of Requests for Production of Documents from Defendant Extreme Networks, Inc. [Doc. 70].

Accordingly, for the reasons set forth below, Defendants' Joint Motion to Stay [Doc. 47] will be **DENIED**, while Plaintiffs' Motion to Compel [Doc. 60] and Plaintiff SNMP Research, Inc.'s Motions to Compel [Docs. 69 and 70] will be **DENIED without prejudice**.

## I. DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND FOR A PROTECTIVE ORDER

### A. Background

Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. initiated this action on October 26, 2020, by filing a complaint that named Broadcom Inc.

("Broadcom"), Brocade Communications LLC ("Brocade"), and Extreme Networks, Inc. ("Extreme") as Defendants. [Doc. 1]. The Complaint alleges a breach of contract claim against Defendant Brocade; a copyright infringement claim against Defendants Brocade and Broadcom; a copyright infringement claim against Defendant Extreme; and a contributory copyright infringement claim against Defendants Brocade and Broadcom. [*Id.*].

Defendant Extreme responded by filing a Motion to Dismiss [Doc. 38] on December 22, 2020, pursuant to Federal Rules of Civil Procedure 12(b)(3) and (b)(6) or, in the alternative, to transfer this action to the United States District Court for the Northern District of California. Defendant Extreme claims that the Complaint should be dismissed because of improper venue, or, in the alternative, transferred, because the Eastern District of Tennessee is an improper venue and the Northern District of California is a more convenient forum. Additionally, Defendant Extreme maintains that Plaintiffs' copyright infringement claims fail to state a claim upon which relief may be granted.[1]

Contemporaneously, Defendants Broadcom and Brocade moved to dismiss [Doc. 40] Plaintiffs' complaint due to the alleged improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3); for lack of personal jurisdiction over Defendant Broadcom pursuant to Rule 12(b)(2); and that Plaintiffs' copyright infringement claims fail to state a claim pursuant to Rule 12(b)(6) because Plaintiffs' copyright registrations are invalid pursuant to 17 U.S.C. § 411. Defendants Broadcom and Brocade assert that because venue is allegedly improper in this District, the Court should either dismiss the case, or, in the alternative, transfer it in its entirety to the United

---

[1] Plaintiffs responded in opposition [Doc. 49] to Defendant Extreme's motion to dismiss on January 26, 2021. Defendant Extreme filed a Reply [Doc. 55] on February 2, 2021.

States District Court for the Northern District of California.[2]  Further, Defendants Broadcom and Brocade maintain the even if the Eastern District of Tennessee were a proper venue, transfer to the Northern District of California is warranted.

The parties filed their Report of the Rule 26(f) planning meeting on January 6, 2021. Plaintiffs agreed that they would not argue that Defendants waived any applicable defenses by filing a Joint Rule 26(f) Report, serving initial disclosures, or responding to Plaintiffs' discovery. On December 26, 2020, Plaintiffs served 91 requests for production, 24 interrogatories, and 51 requests for admission on Defendant Broadcom; 86 requests for production, 23 interrogatories, and 68 requests for admission on Defendant Brocade; and 67 requests for production, 16 interrogatories, and 45 requests for admission on Defendant Extreme.  *See* [Doc. 47-1 at 2]. Defendants state that their responses to the discovery requests were due on January 25, 2021, but that on January 5, 2021, Defendants stated that they were willing to forego the filing of a motion to stay discovery if Plaintiffs agreed that they would not argue that Defendants were submitting themselves to this Court's jurisdiction by participating in discovery.  *See* [Doc. 47-3].  Defendants also requested a thirty-day extension of time to respond to the outstanding discovery requests.

However, Plaintiffs stated that "they were not willing to waive arguments they may have with respect to Defendants' propounding their own discovery, and stated that whether and when Defendants chose to propound their own discovery was Defendants' own strategic litigation choice."  *See* [Doc. 54 at 14].  Additionally, Plaintiffs stated that they were willing to agree to the requested extension if Defendants would provide substantive responses and documents, rather than solely objections, to the discovery requests.  *See* [Doc. 54-4].  However, the parties continued to

---

[2] Plaintiffs responded in opposition [Doc. 48] to Defendants Broadcom and Brocade's motion to dismiss on January 26, 2021.  Defendants Broadcom and Brocade filed a Reply [Doc. 56] on February 2, 2021.

dispute whether, and the extent to which, Defendants were required to respond to the outstanding discovery requests.

On January 16, 2021, Defendants jointly moved [Doc. 47] to stay discovery and for a protective order under Federal Rule of Civil Procedure 26(c) until the resolution of the pending motions to dismiss.[3] Defendants submitted an accompanying Memorandum of Facts and Law [Doc. 47-1]; the Declaration [Doc. 47-2] of Attorney Jordan Feirman—Defendant Extreme's counsel—which included as exhibits Plaintiffs' First Set of Requests for Production, Interrogatories, and Requests for Admission to Defendant Extreme; the Declaration [Doc. 47-3] of Attorney Alison Plessman—Defendants Broadcom and Brocade's counsel—which stated that Plaintiffs agreed that Defendants were not waiving any defenses by participating in the Rule 26(f) conference and included as exhibits Plaintiffs' first set of discovery requests served on Defendant Broadcom and Brocade. On January 25, 2021, Defendants served their responses to Plaintiffs' written discovery, which Plaintiffs maintain were not substantive, but rather consisted of boilerplate objections. [Doc. 54 at 15; 54-1 at ¶14].

Plaintiffs filed a Response [Doc. 54] to Defendants' motion to stay and for a protective order on January 31, 2021. Plaintiffs claim that the motion to stay and request for a protective order should be denied and submit the declaration of Attorney A. Matthew Ashley—Plaintiffs' counsel—in support. Defendants filed a Reply [Doc. 59] on February 8, 2021.

B.     **Positions of the Parties**

Defendants assert that discovery should be stayed because they have filed dispositive motions to dismiss as to all of Plaintiffs' claims. Specifically, Defendants argue that Plaintiffs' breach of contract claim against Brocade is preempted by the Copyright Act, as well as that

---

[3] Defendants noted that in filing the joint motion, they did not submit to the jurisdiction of this Court or waive any defenses, including the alleged lack of personal jurisdiction and improper venue.

4

Plaintiffs' copyright infringement and contributory copyright infringement claims must be dismissed because of an alleged invalid copyright registration. Therefore, Defendants maintain that Plaintiffs' discovery requests will be moot upon the granting of the motions to dismiss, "sparing the parties the significant burden and expense that comes with fact and expert discovery in a software-related dispute that concerns highly confidential and sensitive information, including source code." [Doc. 47-1 at 5]. Defendants assert that fact and expert discovery are especially costly in copyright infringement cases.

Additionally, Defendants allege that a stay of discovery and entry of a protective order is "particularly warranted here because Defendants also move to dismiss for improper venue and for lack of personal jurisdiction over Broadcom." [*Id.* at 8]. Defendants point to the potential that all discovery requests served on Broadcom will become moot if Plaintiffs' claims are dismissed, as well as asserting that due to the motions to dismiss Plaintiffs' claims on the merits or due to improper venue, potentially all "discovery requests directed to all Defendants at this early stage of the litigation will be moot or, if the claims are transferred, subject to the jurisdiction of another court." [*Id.* at 9].

Next, Defendants assert that Plaintiffs will not be prejudiced by a stay of discovery because no additional discovery is required to resolve the pending motions to dismiss, as well as that Plaintiffs will have sufficient time to conduct necessary discovery because the parties have agreed that any potential trial should not proceed until November 2022. Here, Defendants claim that they will be prejudiced if a discovery stay or protective order is not issued, as they will be forced to respond to extensive discovery that may be mooted by the pending motions to dismiss. Defendants further allege that Plaintiffs' propounded discovery is extremely overbroad and seeks proprietary business information before the entry of a protective order or electronic discovery protocol.

5

Defendants assert that they will be prejudiced by their participation "in expansive one-sided discovery that will be mooted by their motions to dismiss." [*Id.* at 4].

Lastly, Defendants note that Plaintiffs have asserted that if Defendants propound their own discovery, rather than simply responding to the requests already served by Plaintiffs, Plaintiffs reserve the right to argue that Defendants' discovery requests constitute a waiver of Defendants' personal jurisdiction and venue defenses. Therefore, Defendants maintain that they would be prejudiced by having "to choose between participating in one-sided discovery benefiting only Plaintiffs or propounding discovery and having to defend against Plaintiffs' waiver arguments." [*Id.* at 15].

Plaintiffs respond [Doc. 54] by first providing a brief background of the Complaint, as well as their arguments in response to Defendants' motions to dismiss. Plaintiffs assert that with respect to Defendant Broadcom's personal jurisdiction argument, Defendant Broadcom is bound by a forum selection clause in the agreement between Plaintiff SNMP International and Defendant Brocade because Defendant Broadcom's actions made it reasonably foreseeable that it would become involved in a dispute related to the agreement. Additionally, Plaintiffs maintain that Defendants have failed to establish that Plaintiffs provided any inaccurate information to the Copyright Office or that Plaintiffs intended to defraud the Copyright Office. Plaintiffs assert that their breach of contract claim against Defendant Brocade is not preempted by copyright law under the applicable Sixth Circuit standard. Further, Plaintiffs argue that there is no argument that venue is improper in this District, as well as that even if jurisdiction was improper as to Defendant Broadcom, that would not render this District as an improper venue to Defendants Brocade or Extreme. Plaintiffs similarly claim that Defendants have not met their significant burden of making a substantial showing of inconvenience necessary to transfer venue.

While providing a procedural background, Plaintiffs claim that on January 25, 2021, Defendant served their responses to Plaintiffs' written discovery, consisting of over 700 pages of boilerplate objections without a substantive response or document. Additionally, Plaintiffs allege that an ESI Protocol is now in place, and that Plaintiffs have sent Defendants a draft protective order governing confidential information—but that Defendants have yet to send any proposed revisions. [*Id.* at 16].

When addressing Defendants' arguments regarding the motion to stay, Plaintiffs submit that this case does not present the rare justification for a stay of discovery based on the filing of a motion to dismiss. Plaintiffs cite to Judge Greer's standard scheduling order finding that there shall be no stay of discovery pending the disposition of any motion absent a showing of good cause.[4] Additionally, Plaintiffs maintain that "Defendants' proffered authority does not support a different result," as "[t]he salient question is not whether this Court has the discretion to stay, but instead whether it should exercise that discretion to deviate from the consistently-applied approach in this District that discovery proceeds during a motion to dismiss." [*Id.* at 18]. Plaintiffs address Defendants' argument that copyright cases involve a significant amount of discovery; however, Plaintiffs maintain that the fact that this is a complex case supports proceeding with discovery. Plaintiffs also note that Defendants' motions to dismiss are strongly contested.

Next, Plaintiffs claim that they will suffer prejudice, while Defendants would not, if discovery was stayed. Plaintiffs assert that cost is not a prejudice in this case, and that due to their size, Defendants will not be financially distressed by responding to discovery. Additionally, Plaintiffs maintain that Defendants' argument that discovery will be mooted improperly assumes that Defendants will succeed on their contested motions to dismiss. Plaintiffs assert that

---

[4] While this case was originally assigned to District Judge Greer, it has subsequently been reassigned to District Judge Atchley, and no scheduling order has been entered.

7

Defendants' positions contradict their claim of "one-sided" discovery, as "according to Defendants, any discovery they were to propound on Plaintiffs now would be 'mooted'" by the motions to dismiss, in addition to Defendants' argument that there would be plenty of time to conduct discovery after the motions to dismiss are decided. [*Id.* at 24].

Lastly, Plaintiffs address Defendants' request for a protective order under Rule 26, arguing that "Defendants have simply made conclusory statements of purported injury and have not articulated any unjustifiable burden that would befall them absent a protective order." [*Id.* at 26]. Plaintiffs submit that the fact that pending motions to dismiss exist does not show the requisite good cause for the issuance of a protective order. Additionally, Plaintiffs allege that Defendants' requested protective order would not promote judicial economy or avoid unnecessary expense.

Defendants reply [Doc. 59] that Plaintiffs' unreasonable position presents an additional compelling reason for a stay of discovery, as "Plaintiffs would force Defendants to forgo pursuing their own discovery while Plaintiffs' (extremely overbroad and highly objectionable) discovery from Defendants proceeds immediately." [*Id.* at 7]. Defendants note that Plaintiffs have refused to state that they will refrain from arguing that Defendants serving their own discovery constitutes a waiver of their jurisdiction and venue defenses. Therefore, Defendants request that if the Court denies the motion to stay, it finds that Defendants' participation in discovery while the motions to dismiss are pending does not constitute a waiver.

Defendants also claim that one-sided discovery is antithetical to the judicial process, noting the Supreme Court's analysis that personal jurisdiction is a constitutional doctrine protecting "'traditional conception[s] of fair play and substantial justice' embodied in the Due Process Clause of the Fourteenth Amendment." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Defendants note that the applicable copyright statutes, 28 U.S.C. § 1400 *et seq.*, "have expressly limited where

copyright infringement actions may be brought." [Doc. 59 at 9]. Additionally, Defendants address Plaintiffs' argument that Defendants Brocade and Extreme do not contest personal jurisdiction and therefore have conceded venue under 28 U.S.C. § 1400. Here, Defendants maintain that they have alleged that because the Court lacks personal jurisdiction over Defendant Broadcom, venue is improper for all Defendants.

Next, Defendants claim that they would suffer prejudice without a stay of discovery, and note the particular concerns they raised—that Plaintiffs' discovery allegedly goes well beyond the norm for this stage of litigation; Plaintiffs' specific discovery requests are overbroad and irrelevant; noting specific challenges to Plaintiffs' overbroad definitions and instructions in the served discovery; that Plaintiffs' overbroad requests are "unanswerable before Defendants have had an opportunity to serve their own discovery, including regarding the software and source code alleged in the Complaint"; as well as that Plaintiffs' discovery requests seek highly confidential information. [*Id.* at 10–14].[5] Defendants allege that any prejudice to Plaintiffs is illusory, as Plaintiffs "have not adequately explained why staying discovery while the motions to dismiss are pending would delay a trial date that was proposed *with the possibility of a stay in mind*"—as reflected in the parties Rule 26(f) report. [*Id.* at 18]. Finally, Defendants maintain that absent a stay or issuance of a protective order, the parties will be "embroiled in needless and costly discovery disputes and further motion practice." [*Id.* at 19].

**C.      Analysis**

It is well established that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn*

---

[5] Defendants also address Plaintiffs' arguments regarding the negotiations on a protective order, stating that they are carefully reviewing the terms of the draft protective order after focusing on responding to the alleged voluminous discovery, as well as briefing the motions to dismiss and the instant motion.

9

*v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Ultimately, whether to stay discovery pending a decision on a motion to dismiss is within the discretion of the Court. *KNC Invs. LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

"Generally, however, the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663-JHM, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015). Defendants argue that the personal jurisdiction and venue challenges raised in the pending motions to dismiss are threshold issues that raise dispositive issues as to all of Plaintiffs' claims. However, the Court concludes that Defendant has failed to show good cause for a stay of discovery.

First, the Court notes that Plaintiffs have filed significant responses in opposition to the various motions to dismiss filed by Defendants. *See Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020) ("Rather, as the parties acknowledge, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay.") (citing *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008)). Additionally, while Defendants claim they will be prejudiced if they are required to participate in discovery, the Court must balance the need to expediently proceed with the discovery process. The possibility remains in the present case that Plaintiffs' claims will not be dismissed, but rather proceed in this District or transferred to another District. Lastly, the Court

finds that Defendants have solely raised conclusory contentions regarding the expense and burden of copyright infringement actions in general—of which Plaintiffs have raised competing arguments.

Therefore, the Court declines to exercise its discretion to stay discovery while dispositive motions are pending in this case. *See Charvat v. NMP, LLC*, No. 2:09-CV-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) (noting that "[p]arties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue," but "it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome"); *see also Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019) (collecting cases finding a stay of discovery was not appropriate despite motion to dismiss for lack of personal jurisdiction).

However, the Court notes that Defendants have alleged a substantial hardship potentially arising from proceeding with discovery due to Plaintiffs' reserving of the right to argue that Defendants' participation in discovery constitutes a waiver of their jurisdictional defenses. Plaintiffs have agreed not to argue waiver by Defendants responding to their initial discovery but have refused to affirmatively state that they will refrain from arguing that Defendants propounding their own discovery constitutes a waiver of their jurisdiction and improper venue defenses.

The effect of Federal Rule of Civil Procedure 12(g)(2) and 12(h)(1) is that "a defendant who files a motion under Rule 12, yet fails to raise in that motion the defense of [lack of personal jurisdiction or improper venue], forever 'waives' that defense." *Hamm v. Wyndham Resort Dev. Corp*, No. 3:19-CV-00426, 2020 WL 5995050, at *3 (M.D. Tenn. Oct. 9, 2020) (quoting *King v. Taylor*, 694 F.3d 650, 656 (6th Cir. 2012)). Here, Defendants have satisfied the

11

requirements of these rules regarding waiver of personal jurisdiction and venue defenses by raising the defense in their respective motions to dismiss.

However, "a party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met . . . ." *Hamm*, 2020 WL 5995050 at *3 (quoting 5C Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1391 (3d ed. April 2020 update)). The Sixth Circuit has noted that, "[i]n the typical waiver scenario, a defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id.* at *4–5 (quoting *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 912 F.3d 316, 332–33 (6th Cir. 2018) (additional internal quotation omitted)).

In *Parchman v. SLM Corp.*, the Sixth Circuit addressed the plaintiffs' claims that a defendant (NSI) did not waive its defense of lack of personal jurisdiction through its responses to the plaintiffs' Requests for Production in a putative class action alleging violations of the Telephone Consumer Protection Act. 896 F.3d 728, 735 (6th Cir. 2018). The Sixth Circuit found that "[i]n these two responses, NSI did not provide any substantive information and objected to the interrogatories and requests for production on a number of grounds including that 'this Court lacks personal jurisdiction over NSI with respect to claims made by Carlin.'" *Id.* Therefore, the Sixth Circuit held that "[t]hese discovery responses did not give Plaintiffs 'a reasonable expectation that [NSI] w[ould] defend the suit on the merits' because NSI consistently asserted its personal jurisdiction challenge as a specially appearing defendant and provided no information in response to Carlin's requests." *Id.* (citing *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011)); *see, e.g.*, *Brown v. Way*, No. CIV.A. 10-13016, 2011 WL 3555631, at *4 (E.D. Mich. Mar. 31,

2011) ("A defendant who has moved for dismissal for lack of personal jurisdiction in its first Rule 12 motion does not waive its defense of lack of personal jurisdiction merely by also raising other defenses in that motion, or even by participating in discovery."), *report and recommendation adopted by*, 2011 WL 3555618 (E.D. Mich. Aug. 5, 2011); *Del Rio v. Ipeco Holdings, Ltd.*, No. C17-0690-JCC, 2018 WL 10741506, at *3 (W.D. Wash. Feb. 1, 2018) ("The conduct that Plaintiffs suggest indicate waiver—Ipeco's participation in discovery and attendance at a status conference—is not the kind of affirmative action sufficient to establish personal jurisdiction."); *but see Fabara v. GoFit, LLC*, 308 F.R.D. 380, 393 (D.N.M. 2015), *as amended* (Aug. 20, 2015) ("[A] defendant may implicitly waive his or her lack-of-personal-jurisdiction defense by actively participating in the case—through, for example, filing counterclaims and third-party claims, participating in discovery and hearings, or filing dispositive motions on the merits of the plaintiff's claims.").

Defendants have consistently raised these defenses, including in their Rule 12 motions and throughout the pending litigation. Defendants have raised their jurisdictional objections throughout this case, including at the Rule 26(f) conference, in their responses to discovery, and in the present motions to stay. Further, Defendants each entered special appearances specifically to contest this Court's jurisdiction. Defendants' continued objections could not reasonably be interpreted to give Plaintiffs the reasonable expectation that they would defend this suit on the merits, as reflected by the arguments raised in the pending motion to stay and motions to compel.

Under applicable Sixth Circuit authority in *Parchman*, Defendants' actions up to this point would not constitute a waiver of their personal jurisdiction or improper venue defenses. However, in light of Plaintiffs' refusal to state that they will not argue waiver following Defendants' participation in the discovery process, the Court acknowledges Defendants' hesitancy to proceed—both in providing more than objections to Plaintiffs' discovery requests and

propounding their own discovery. *See, e.g.*, *Spencer v. Harley Davidson, Inc.*, No. 2:16-CV-427-DN-BCW, 2017 WL 11616269, at *1 (D. Utah Oct. 20, 2017) (citing *Fabara v. GoFit, LLC* and finding that "a stay of discovery . . . to preserve its defense to personal jurisdiction . . . is necessary in this instance, as BWI's participation in party discovery could result in the waiver of its lack of personal jurisdiction defense"). In considering the severe potential prejudice to Defendants as a result of the denial of their motion to stay, the Court will not require Defendants to subject themselves to defending a claim of waiver after participating in discovery under a court order.

Therefore, the Court finds that Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses. *See, e.g.*, *Metro Fibernet, LLC v. Clear Home, Inc.*, No. 1:19-CV-03070-JPH-DML, 2020 WL 3397735, at *1 (S.D. Ind. Apr. 21, 2020) (denying defendant's motion to stay discovery and noting the Court previously "ordered that AT&T's participation 'in discovery and its execution of a stipulated protective order will not be construed as a waiver of its objection to the court's personal jurisdiction over it'"), *order vacated on reconsideration*, 2020 WL 7979016 (S.D. Ind. May 8, 2020) (relating to award of attorney's fees and not altering the cited language or denial of motion to stay).

## II. PLAINTIFFS' MOTIONS TO COMPEL

Plaintiffs' First Motion to Compel Discovery Responses [Doc. 60], seeks to compel Defendants to provide substantive responses to their First Set of Interrogatories, Requests for Production, and Requests for Admission—served on each Defendant on December 26, 2020. Plaintiffs assert that Defendants served purported responses to these discovery requests on January 25, 2021, but that they consisted solely of objections, rather than any substantive responses. Additionally, Plaintiffs note that Defendants did not produce any documents, refused to meet and

confer with Plaintiffs, and have conceded that they will refuse to provide any meaningful responses until the Court has ruled on their motion to stay.

Defendants responded [Doc. 62] in opposition to Plaintiffs' motion to compel, stating that they were served with hundreds of discovery requests which were not tailored to the relevant issues in this case and defective in several respects. Defendants also review the procedural background behind the motion to stay and waiver issues, while asserting that their objections detail why Plaintiffs' requests are overbroad, irrelevant, and not proportional to the needs of the case.

Plaintiffs reply [Doc. 65] that Defendants' motion to stay discovery did not entitle them to self-impose a stay of discovery; that Defendants have not participated in discovery by refusing to meet and confer over their responses or negotiate a protective order or terms for source code protection; and that Defendants' proffered objections are waived and meritless.

On January 29, 2021, Plaintiff SNMP Research served its Second Requests for Production on Defendants Extreme, Brocade, and Broadcom and Defendants Broadcom and Brocade served their respective Responses and Objections to Plaintiff SNMP Research's RFPs on March 1, 2021. Plaintiff SNMP Research subsequently moved [Doc. 69] to compel responses to their Second Requests for Production by Defendants Brocade and Broadcom, asserting that no substantive responses were provided by either Defendant. Plaintiff SNMP Research largely repeats its arguments from the initial motion to compel, stating that Defendants Brocade and Broadcom have improperly failed to respond to discovery despite their motion to stay remaining pending. Plaintiff also moved [Doc. 70] to compel substantive responses from Defendant Extreme, similarly, noting that while Defendant Extreme met and conferred on this issue, it did not intend to provide substantive responses until the Court ruled on its motion to compel. In both motions, Plaintiff SNMP Research also asks that the Court hold all of Defendants' respective objections (or, at a minimum, their general and boilerplate objections) to be deemed waived.

Defendant Extreme filed a response [Doc. 71] in opposition to Plaintiff SNMP Research's second motion to compel, incorporating its arguments set forth in the prior briefing on the motion to stay and first motion to compel, as well as asserting that Defendant Extreme's general and specific objections to the second set of discovery requests were proper. Defendants Broadcom and Brocade responded [Doc. 72] that they attempted to comply with their discovery obligations while also maintaining their applicable defenses and provide additional factual background. Plaintiff SNMP Research replied [Docs. 73 and 74] that Defendants did not comply with Rule 34, that Defendants pending motions do not grant them a stay from discovery, and that Defendants' objections should be stricken

Ultimately, the discovery issues at the heart of Plaintiffs' motions to compel center on Plaintiffs' objections to Defendants' refusal to provide substantive responses and Defendants' assertions that they have properly responded while maintaining their personal jurisdiction and improper venue defenses. These issues are the same as those previously addressed by the Court in denying Defendants' motion to stay. However, the Court believes that its resolution on the pending motion to stay—denying the motion while finding that Defendants' participation in discovery will not constitute a waiver of their personal jurisdiction and venue defenses—will allow Defendants to meaningfully respond to Plaintiffs' discovery requests and for the parties to resolve several matters in Plaintiffs' motions to compel. Therefore, Plaintiffs' Motions to Compel [Docs. 60, 69, and 70] will be **DENIED without prejudice**, subject to potential refiling after the parties' ability to meet and confer in light of the Court's ruling.

### III. CONCLUSION

Accordingly, for the reasons set forth above:

1. Defendants' Joint Motion to Stay Discovery and for a Protective Order [**Doc. 47**] is **DENIED**. However, the Court finds that Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective

order will not be construed as a waiver of their personal jurisdiction or improper venue defenses; and

2. Plaintiffs' Motion to Compel Discovery Responses [**Doc. 60**], as well as Plaintiff SNMP Research, Inc.'s Motion to Compel Responses from Defendants Broadcom and Brocade [**Doc. 69**] and Motion to Compel Responses from Defendant Extreme [**Doc. 70**] will be **DENIED without prejudice**, subject to potential refiling after the parties' ability to meet and confer in light of the Court's ruling.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge