UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| BROADCOM INC. *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' Motions to Seal [Docs. 2, 41, and 50]. Before turning to the parties' Motions, the Court directs the parties to Memorandum and Order Regarding Sealing Confidential Information ("Memorandum and Order") [Doc. 11], which explains the burden and procedure for filing documents under seal. With respect to the burden, the Memorandum and Order states that the proponent of sealing documents has a "heavy burden" because this country has a "long-standing tradition of public access to court proceedings based upon the First Amendment and common law." [Doc. 11 at 2] (quotations omitted). The Memorandum and Order further explains that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." [*Id.*]. The "proponent of sealing must . . . analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." [*Id.*] (internal quotations omitted). With the above authority in mind, the Court will now turn to the parties' Motions.

With respect to Plaintiffs' Motion to Seal [Doc. 2], they seek to file the Complaint [Doc. 3-1] and Exhibit A to the Complaint [Doc. 3] under seal. Plaintiffs filed a redacted copy of the Complaint as [Doc. 1]. For grounds, Plaintiffs state that Exhibit A to the Complaint [Doc. 3] is

the license agreement ("License Agreement") between Plaintiff SNMP Research International, Inc. ("SNMP International") and Defendant Brocade Communications Systems Inc., ("Brocade"). Plaintiffs state that when these parties entered into the License Agreement, they agreed that it would remain confidential. Plaintiffs further state that the Complaint references the License Agreement.

Accordingly, the Court **GRANTS IN PART** Plaintiffs' Motion to Seal [**Doc. 2**]. Given that Plaintiffs have filed the License Agreement in its entirety, the Court will allow the License Agreement to be placed under seal. The Clerk is **INSTRUCTED** to place [**Doc. 3**] **UNDER SEAL**. The Court will **HOLD IN ABEYANCE** the Motion as it relates to the Complaint [Doc. 3-1] being filed under seal.

Specifically, in support of their position that the Complaint should be filed under seal, Plaintiffs state that the License Agreement contains a confidentiality provision. The Court finds that an agreement to keep the License Agreement confidential does not constitute a compelling reason to seal the document in its entirety. *Nav N Go Kft v. Mio Tech. USA, Ltd.,* No. 2:08-CV-01384-LRHLRL, 2008 WL 4933963, at *1 (D. Nev. Nov. 14, 2008) ("[E]xistence of a contractual confidentiality provision, standing alone, cannot constitute a 'compelling reason' to seal the licensing agreement.") (internal quotations omitted).

The Court also finds that such sealing may prevent the Court from entering a decision on the public record. For instance, the parties dispute whether personal jurisdiction exists over Defendants. Plaintiffs have redacted direct quotations from the License Agreement relating to jurisdiction and venue but generally refer to these provisions elsewhere. *See* [Doc. 1] (Redacted Complaint) (alleging that Defendant Brocade "expressly submitted to the jurisdiction in Knoxville, Tennessee"). [Doc. 8 at ¶ 25].

Similarly, in Plaintiffs' Motion to Seal [Doc. 50], they request to file under seal as follows: (1) Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue; (2) Plaintiffs' Opposition to Defendant Extreme Networks, Inc.'s Motion to Dismiss Plaintiff's Complaint or, Alternatively, to Transfer Venue; (3) an unredacted copy of the Declaration of Dr. Jeffrey D. Case in Support of Plaintiff's Opposition to Defendants Broadcom Inc.'s, Brocade Communication Systems LLC's, and Extreme Networks, Inc.'s Rule 12(b)(2), Rule 12(b)(3), and Section 1404(a) Motions; (4) Exhibit H to the Declaration of Dr. Jeffrey D. Case (Extreme Agreement); (5) Exhibit I to the Declaration of Dr. Jeffrey. D. Case (Broadcom Agreement); and (6) Exhibit J to the Declaration of Dr. Jeffrey. D. Case (CA Agreement). Plaintiffs filed these documents in CM/ECF as [Doc. 51].

Plaintiffs request that documents 1, 2, and 3 be filed under seal because the License Agreement contains a confidentiality provision, and these documents contain direct quotes from the License Agreement. With respect to the latter documents (4, 5, and 6), Plaintiffs state that these documents are also license agreements, containing confidentiality provisions. For similar reasons as above, the Court **HOLDS IN ABEYANCE** Plaintiffs' Motion to Seal [**Doc. 50**] these documents.

Accordingly, given that the License Agreement and other documents were filed under seal based on the parties' previous agreement to keep such documents confidential, the parties are **ORDERED** to file a joint status report on the Motions to Seal [Docs. 2 and 50] in accordance with the Memorandum and Order [Doc. 11] on or before **September 8, 2021.** Specifically, the parties should identify the CM/ECF docket and page numbers along with the title of each document and explain to the Court why such information should remain under seal. The parties are strongly encouraged to be very selective in the information they seek to seal. If the parties fail to provide

an explanation as to why a document should be filed under seal in accordance with [Doc. 11], the Court will deem the lack of response as an acquiescence to the document being publicly filed.

Finally, with respect to Broadcom Inc. ("Broadcom") and Brocade's Motion to Seal [Doc. 41], they seek to file a portion of (1) their memorandum brief in support of their motion to dismiss, or alternatively, to transfer ("Brief"); (2) Exhibit A to the Declaration of Mark Brazeal; and (3) the portion of the Declaration of Mark Brazeal discussing Exhibit A. Defendants explain that their Brief [Doc. 42] simply redacts four lines that quote the payment terms and price contained in the License Agreement. Defendants state that such information is commercially sensitive pricing information. In addition, Defendants contend that Exhibit A [Doc. 42-2] is an amendment executed by the parties to another agreement, which also contains a confidentiality provision. Defendants state that Exhibit A was referenced in the Complaint, but it is irrelevant to this case, and Defendants only submitted it to show that it is not the basis of Plaintiffs' claims and cannot support a finding of personal jurisdiction. Defendants also state that they filed the above material under seal in order to avoid exposing themselves to further liability. Accordingly, given that Defendants have made limited redactions, the Brief quotes commercially sensitive information, and the other documents are not germane to the issues, the Court finds Defendants' Motion to Seal [**Doc. 41**] well taken, and it is **GRANTED**. The Clerk is instructed to place [**Doc. 42**] **UNDER SEAL.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge