# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF SNMP RESEARCH, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC**

Plaintiff SNMP Research, Inc. ("SNMP Research" or "Plaintiff") respectfully submits this Memorandum of Law in support of its Motion to Compel Discovery Responses ("Motion") from Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants").

## I. INTRODUCTION

Plaintiff served discovery in this copyright infringement and breach of contract case over eight months ago, on December 26, 2020. As of this filing dated September 13, 2021, Broadcom and Brocade have not provided a single substantive response to any of the written discovery served on them or produced a single document. Defendants have behaved in this manner despite having promised to serve substantive responses by August 27, 2021, and despite four lengthy meet and confer calls, initiated by Plaintiff, throughout July and August in an effort to obtain substantive responses. This case has been pending since October 2020 and, despite Plaintiff's repeated efforts, Broadcom and Brocade have not provided any valid response to discovery concerning critical issues including personal jurisdiction, breach, damages, source code, and infringing product information. Plaintiff respectfully requests the Court to compel Broadcom and Brocade to provide substantive responses to Plaintiff's outstanding discovery requests within a week of the Court's order.

## II. BACKGROUND AND ARGUMENT

On December 26, 2020, SNMP Research served written discovery on each Defendant, which included interrogatories, requests for production, and requests for admission. These requests encompass the following foundational issues:

(i) Broadcom and/or Brocade's transfer of SNMP Research Software to Defendant Extreme Networks, Inc. ("Extreme").

(ii) Which of Defendants' products contain Plaintiffs'[1] copyrighted software or any

---

[1] As used herein, "Plaintiffs" collectively refers to SNMP Research and SNMP Research International, Inc.

        version or portion of that software.

(iii)    When, where, to whom and in what quantity Defendants have used or distributed products containing SNMP Research Software.

(iv)    The individuals involved with, and/or who have knowledge of, the inclusion of SNMP Research Software in Defendants' products or the use or distribution of those products.

(v)    Defendants' revenues, costs, and profits associated with products containing SNMP Research Software or related products.

(vi)    The organizational documents for, and the relationship between, Defendants.

(vii)    Broadcom's jurisdictional defense and Defendants' venue defense.

(viii)    Defendants' document preservation.

(ix)    The manuals, install images, source code, and build environment for Defendants' infringing products.

(x)    The License Agreement with Brocade and documents related to it.

On January 16, 2021, Defendants and Extreme filed a Joint Motion to Stay Discovery and for a Protective Order. Dkt. 47-1 ("Motion to Stay"). On January 25, 2021, Defendants served purported "Responses" to Plaintiff's written discovery that consisted <u>solely</u> of objections, the vast majority of which appeared to be largely cut-and-pastes of virtually the same rote objections.

On January 29, 2021, SNMP Research served its Second Set of Requests for Production ("Second RFPs") on Broadcom and Brocade. Dkts. 69-2 ¶¶ 2-5, 69-3, 69-4. The Second RFPs go to an essential issue in this case: whether Broadcom and Brocade had authorization to perform the disputed acts concerning, *inter alia*, the copying and transfer of SNMP Research's software, whether directly or through third-party contractors. *See* Dkts. 69-3, 69-4. The Second RFPs also requested an unredacted copy of a letter sent by Broadcom to Extreme which Broadcom thereafter forwarded to Plaintiffs in redacted form. *Id.* On March 1, 2021, Broadcom and Brocade served their Objections to

the Second RFPs, once again making no effort to respond substantively. Dkt. 69-2 ¶¶ 6-9. As a result of Defendants' across-the-board, rote objections, Plaintiff filed three motions to compel throughout February and May. *See* Dkts. 60, 69, 70.

On June 25, 2021, the Court issued an order denying Defendants' Motion to Stay. Dkt. 75. The Court also denied Plaintiff's motions to compel without prejudice, observing that the resolution of Defendants' Motion to Stay would allow Defendants to "meaningfully respond" to the discovery requests. *Id.* at 16. The Court further ruled that the motions to compel would be subject to potential refiling after the parties' ability to meet and confer. *Id.*

On June 25, 2021, Plaintiff requested an early July meet and confer with Defendants, but Defendants claimed they were unavailable until mid-July. Plaintiff initiated four meet and confer calls with all Defendants—July 15, July 22, July 28, and August 5—in which Plaintiff repeatedly attempted to reach agreement with Defendants. Weber Decl. 3. After Plaintiff sought for weeks to determine a date by which Defendants would produce supplemental responses, Defendants finally committed to provide substantive responses by August 27, 2021, more than two months after the Court's order denying their Motion to Stay.[2] Weber Decl. 3.

Unfortunately, Broadcom and Brocade did not abide by their commitment to provide substantive discovery responses by August 27, 2021. Instead, on the evening of August 27, counsel for Broadcom and Brocade informed counsel for Plaintiffs that "[w]e are going to need a bit more time to amend our discovery responses. I am hoping to get them to you by the end of next week." Weber Decl. 4. Broadcom and Brocade did not serve their responses at that time either, despite Plaintiff's attempt to secure confirmation of the date by which Broadcom and Brocade would substantively respond to discovery. Accordingly, Plaintiff certifies that it has in good faith attempted to confer with

---

[2] During this time, Plaintiffs also repeatedly sought to finalize the protective order. After months of delay and negotiations, they were finally able to secure Defendants' agreement and filed the protective order on September 3, 2021. Dkt. 84.

Broadcom and Brocade in an effort to resolve this dispute without court action.

Broadcom's and Brocade's intransigence contravenes their own stated commitment to provide substantive responses by August 27, as well as the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(B) ("production must [] be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."); Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see generally Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 202 (E.D. Mich. 2018) ("Discovery is the lifeblood of litigation and, as such, it "must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (*i.e.*, not to harass, unnecessarily delay, or impose needless expense)."). Moreover, given the essential information sought in Plaintiff's discovery requests, such as source code, the transfer of Plaintiff's software, financials, infringing product information, and personal jurisdiction as to Broadcom, it is critical that Broadcom and Brocade produce responses to SNMP Research's discovery requests without further delay.

In summary, given Broadcom's and Brocade's promise to provide supplemental responses by August 27 and their refusal to abide by that production date, Plaintiff respectfully requests the Court's assistance to compel Broadcom's and Brocade's responses to discovery served over eight months ago. As of the date of this September 13 filing, Broadcom and Brocade have now had two-and-a-half months to prepare substantive responses since the Court's order denying their Motion to Stay Discovery. Broadcom's and Brocade's continued, months-long efforts to delay production of these responses and responsive documents should not be condoned.

### III. CONCLUSION

Plaintiff respectfully requests the Court to compel Broadcom and Brocade to meaningfully respond to Plaintiff's discovery requests, including but not limited to production of documents and

2035958v5

information related to personal jurisdiction, by a date certain, which Plaintiff submits should be within one week of the Court's order.

Respectfully submitted,

Dated: September 13, 2021     By: /s/ *John L. Wood*
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    jwood@emlaw.com
    crice@emlaw.com
    rnasrollahi@emlaw.com

Dated: September 13, 2021     By: /s/ *A. Matthew Ashley*
    A. Matthew Ashley (CA Bar. No. 198235)
    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    Olivia L. Weber (CA Bar. No. 319918)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    mchu@irell.com
    dnimmer@irell.com
    mashley@irell.com

    *Attorneys for Plaintiffs*
    *SNMP Research International, Inc.*
    *SNMP Research, Inc.*