UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-451-CEA-DCP ) |
| BROADCOM INC. *et al.*, | ) ) |
| Defendants. | ) |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Joint Status Report [Doc. 85] and Plaintiffs' Unopposed Motion for Leave to File Documents Under Seal ("Unopposed Motion") [Doc. 86]. By way of background, on September 1, 2021, the Court ordered [Doc. 81] the parties to file a status report with respect to the Motions to Seal [Docs. 2 and 50] given that the Motions did not sufficiently explain why the information subject to the Motions should be placed under seal. In the Joint Status Report, Plaintiffs request, and Defendants do not oppose, that the following documents be sealed because they contain pricing information: [Docs. 3; 51-3; 51-4].[1] Attached to the Joint Status Report are redacted copies of [Docs. 3; 51-3; 51-4]. In addition, in Plaintiffs' Unopposed Motion, Plaintiffs have refiled these documents, highlighting the confidential information as required by Memorandum and Order Regarding Sealing Confidential Information ("Memorandum and Order") [Doc. 11]. [SEALED Doc. 87].

---

[1] The Court notes that the Joint Status Report refers to the License Agreement as [Doc. 3-1], but it was filed as [Doc. 3]. In addition, Plaintiffs note that although the Court has already allowed the License Agreement to be filed under seal, Plaintiffs have filed a redacted copy of the License Agreement [Doc. 85-1] so that in future filings, the parties may quote from the License Agreement.

Accordingly, given the parties' representations in the Joint Status Report, the Court **GRANTS IN PART AND DENIES IN PART** the Motions to Seal [**Docs. 2 and 50**]. The parties have requested that the commercially sensitive pricing information be sealed because if such information is filed on the public record, competitors could use it to gain leverage over Plaintiffs. The Court finds that the privacy interests with respect to such pricing information outweigh the public's interest in accessing these records. Further, as noted above, Plaintiffs have filed redacted copies of [Docs. 3; 51-3; 51-4], which contain limited redactions. *See London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (allowing plaintiffs to seal documents containing sales data to protect such information from their competitors and because there was no harm to the public interest and the seal was narrowly tailored). The Court **DIRECTS** the Clerk to **UNSEAL** [**Docs. 3-1; 51; 51-1; 51-2; 51-5**].[2] Further, the Court **DIRECTS** the Clerk to **SEAL** [**Docs. 51-3; 51-4**], and [**Doc. 3**] ("License Agreement") shall remain **SEALED**. Finally, the Court **GRANTS** Plaintiffs' Unopposed Motion [**Doc. 86**] and **DIRECTS** the Clerk to **SEAL** [**Docs. 87; 87-1; 87-2**].

    IT IS SO ORDERED.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] The Joint Status Report states that the Complaint [Doc. 3-2] can be unsealed; however, the Complaint is [Doc. 3-1].

2

Case 3:20-cv-00451-CEA-DCP   Document 89   Filed 09/14/21   Page 2 of 2   PageID #: 3095