# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

SNMP RESEARCH, INC. and SNMP
RESEARCH INTERNATIONAL, INC.,

Plaintiffs,

v.

BROADCOM INC.; BROCADE
COMMUNICATIONS SYSTEMS LLC;
and EXTREME NETWORKS, INC.,

Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 3:20-cv-00451

U.S. District Judge Charles E. Atchley,
Jr.

## PROPOSED PROTECTIVE ORDER[1]

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

---

[1] Defendants have filed motions to dismiss and/or transfer, which are currently pending before this Court. In those motions, Defendants assert, *inter alia*, that this Court does not have personal jurisdiction over Broadcom Inc. and that venue is improper for all Defendants. Defendants have further reserved and continue to reserve all of their defenses in that and every other regard. Thus, Defendants' negotiation and submission of the Proposed Protective Order shall not be construed as their consent or agreement to subject themselves to the jurisdiction of this Court or this forum or to defend the suit on the merits in this Court. Nor do Defendants intend for or request the Court to go to some effort—in connection with the Proposed Protective Order or otherwise—that would be wasted if personal jurisdiction is later found lacking or venue is found to be improper. Per the Court's Order dated June 25, 2021 (Dkt. No. 75), entry of a protective order "will not be construed as a waiver of their personal jurisdiction or improper venue defenses."

**A.** **Definitions**

1.     "Party": any party to this action, including all of its officers, directors, in-house counsel, employees, consultants, retained experts, and outside counsel (and their support staff).

2.     "Material": all information, testimony, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3.     "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.     "HIGHLY CONFIDENTIAL Material": "CONFIDENTIAL material" that the Designating Party in good faith believes to reveal or reflect highly sensitive information the disclosure of which is likely to cause economic harm or significant competitive disadvantage to the Designating Party.

5.     "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS": Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program ("Source Code") that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (b) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (c) is required to be kept confidential by contract.  "HIGHLY CONFIDENTIAL – SOURCE CODE

RELATED MATERIALS" material does not include any document that merely contains a de minimis amount of Source Code or references Source Code but is not itself Source Code, e.g., emails. Notwithstanding the foregoing, developer documentation that is intended to serve as a reference for the interfaces or implementation of software, including documentation of function calls, application programming interfaces, data structures, object classes or the equivalent (collectively, "Related Materials"), may be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" material for purposes of this Protective Order, provided that the Designating Party believes in good faith that such Related Materials are of significant competitive value such that use of the "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" designation is reasonably necessary to avoid a substantial risk of serious injury.

6. "OUTSIDE COUNSEL EYES ONLY" material: material that the Designating Party believes in good faith constitutes or discloses non-public, highly-sensitive proprietary technical or commercial information and/or trade secrets (including but not limited to non-public financial information, pricing, product development and design, bid and proposal information, customer lists and contact information, information regarding subcontractors, teammates and vendors, forward looking forecasts, projections, strategies, plans, or information related to a Party's non-Party customers or clients, but not including source code) the disclosure of which, even under the terms applicable to HIGHLY CONFIDENTIAL Information would create a substantial risk of serious injury to the Designating Party or third parties or significant competitive advantage to the Receiving Party.

7. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or OUTSIDE COUNSEL EYES ONLY.

8. "Receiving Party": a Party that receives Material from a Designating Party.

- 3 -

9.     "Designated Material": Material that is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or OUTSIDE COUNSEL EYES ONLY under this Order.

10.     "Outside Counsel": (a) outside counsel in this litigation; (b) partners, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters; (c) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11.     "Party Representative": an individual who is a director, officer, or employee of a Party.

12.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a non-testifying consultant in this action and who is not a current employee, officer, or director of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, officer, or director of a Party or of a competitor of a Party.

13.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, organizing, storing, or retrieval of data in any form or medium, videotaping, translating, designing and preparing exhibits, graphics, or demonstrations, etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

- 4 -

**B.        Scope**

14.        The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall be construed to change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines.  Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the rules of the United States District Court for the Eastern District of Tennessee, and the Court's orders applicable to this case.

**C.        Access to Designated Material**

15.        **CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section E ("Use of Designated Material") below, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" by another Party only to the following:

(a)        persons who appear on the face of Designated Material as an author, addressee, or recipient thereof; provided that such disclosure is limited only to the specific communication(s), page(s) or portion(s) of the Designated Material that was authored or received by such person and bearing such person's name; for purposes of Section 15(a), the term "persons" refers to individuals, not entities;

(b)        Outside Counsel, including their paralegals, clerical and secretarial staff provided such staff are advised of the terms of this Protective Order and agree to abide by such terms;

(c)        those officers, directors, partners, members, employees, in house counsel, representatives, and agents of Parties that Outside Counsel or in-house counsel for such Parties reasonably deem in good faith to be necessary to aid counsel in the

- 5 -

prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee, attorney, representative, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

(d)     Outside Consultants of the Receiving Party to whom disclosure is deemed by Outside Counsel or in-house counsel in good faith to be reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B.  Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

(e)     witnesses at depositions as described in Section E;

(f)     witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

(g)     other witnesses at hearings and/or trial to whom disclosure is deemed by Outside Counsel or in-house counsel in good faith to be reasonably necessary for this litigation, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order.  Each such witness given access to Confidential Materials shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material;

(h)     this Court, including its staff;

- 6 -

(i) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(j) court reporters and their staff;

(k) Professional Vendors and E-Discovery Personnel, including but not limited to in-house e-discovery staff, outside e-discovery vendors and professional jury or trial consultants, to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A. Mock jurors shall be provided with a copy of this Protective Order;

(l) any other person that the Designating Party agrees to in writing; and

(m) any other person that the Court orders be given access.

16. **HIGHLY CONFIDENTIAL Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section E below, a Receiving Party may disclose any information, documents, or things designated HIGHLY CONFIDENTIAL by another Party only to the following:

(a) persons who appear on the face of Designated Material as an author, addressee, or recipient thereof, provided that such disclosure is limited only to the specific communication(s), page(s) or portion(s) of the Designated Material that was authored or received by such person and bearing such person's name; for purposes of Section 16(a), the term "persons" refers to individuals, not entities;

(b) Outside Counsel including their paralegals, clerical and secretarial staff provided such staff are advised of the terms of this Protective Order;

(c) two Party Representatives which have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B. Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below. Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

(e)     witnesses at depositions as described in Section E;

(f)     witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

(g)     other witnesses at hearings and/or trial to whom disclosure is reasonably necessary for this litigation if the witnesses had prior access to or knowledge of Materials designated as "HIGHLY CONFIDENTIAL," provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order. For witnesses of the Receiving Party or non-parties who did not have prior access to or knowledge of the Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party but to whom disclosure is reasonably necessary for this litigation, each such witness shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material. Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL" to such witnesses;

(h)     this Court, including its staff;

(i)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(j)     court reporters and their staff;

(k)     Professional Vendors and E-Discovery Personnel, including in-house e-discovery staff, outside-discovery vendors and professional jury or trial consultants, to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Acknowledgment and Agreement To be Bound by Protective Order" attached hereto as Exhibit A.  Mock jurors shall be provided with a copy of this Protective Order;

(l)     any other person that the Designating Party agrees to in writing; and

(m)     any other person that the Court orders be given access.

17.     **HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS Material**:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section E ("Use of Designated Material") below, a Receiving Party may disclose any information, documents, or things designated HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS by another Party or non-Party only to the following:

(a)     persons who appear on the face of Designated Material as an author, copyright or other proprietary rights owner, addressee, or recipient thereof ("Authors"), provided that such disclosure is limited only to the specific communication(s), page(s), portion(s), or source code file(s) of the Designated Material that was exclusively authored or received by such person and bearing such person's name; and further provided that, for Source Code Related Materials, a Receiving Party must first provide notice and an opportunity to object to counsel for the Disclosing Party of the particular source code file(s) that the Receiving Party intends to disclose to Authors as specified herein, and if the Disclosing Party objects in writing within two (2) days of the notice, then the Receiving Party and the Disclosing Party must meet and confer promptly to try to resolve the matter by agreement, and absent agreement, the Designating Party may move for a protective order preventing disclosure within seven (7) business days following the meet and confer. If the Disclosing Party timely objects, the Receiving Party may not disclose the Source

- 9 -

Code Related Materials to Authors absent agreement of the parties, Court order, or expiration of the period to seek a protective order.  For the avoidance of doubt, Authors of a portion of the Source Code Related Materials may not view the Source Code Related Materials in their entirety but may only view the specific portion of the communication(s), page(s), or source code file(s) of the Source Code Related Materials that they authored and that bears their name; for purposes of Section 17(a), the term "persons" refers to individuals and entities; for clarity, if an entity is the author then individual  or officers of that entity may be the recipient of such Designated Materials;

        (b)    Outside Counsel, including their paralegals, clerical and secretarial staff to whom disclosure is reasonably necessary for this litigation provided such staff are advised of the terms of this Protective Order;

        (c)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B.  Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below.  Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

        (d)    witnesses at depositions as described in Section E;

        (e)    witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

        (f)    other witnesses at hearings and/or trial to whom disclosure is reasonably necessary for this litigation if the witness had prior access to or knowledge of Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED

MATERIALS," provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order. For witnesses of the Receiving Party or non-parties who did not have prior access to or knowledge of the Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party but to whom disclosure is reasonably necessary for this litigation, each such witness shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material. Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" to such witnesses;

(g) this Court, including its staff;

(h) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff; and

(i) court reporters.

18. **OUTSIDE COUNSEL EYES ONLY Material**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to and without limiting the provisions of Section E ("Use of Designated Material") below, a Receiving Party may disclose any information, documents, or things designated OUTSIDE COUNSEL EYES ONLY by another Party or non-Party only to the following:

(a) persons who appear on the face of Designated Material as an author, addressee, or recipient thereof, provided that such disclosure is limited only to the specific communication(s), page(s) or portion(s) of the Designated Material that was authored or received by such person and bearing such person's name; for purposes of Section 18(a), the term "persons" refers to individuals, not entities;

(b) Outside Counsel, including their paralegals, clerical and secretarial staff to whom disclosure is reasonably necessary for this litigation provided such staff are advised of the terms of this Protective Order;

- 11 -

(c)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and the "Certification of Outside Consultant" attached hereto as Exhibit B.  Disclosure may be made to such Outside Consultants of the Receiving Party only pursuant to and after completion of the procedures set out in Section D below.  Outside Consultants shall comply with any and all pertinent laws and regulations of the United States, including the regulations of the United States Department of Commerce with respect to the export of United States origin technical data and commodities;

(d)     witnesses at depositions as described in Section E;

(e)     witnesses of the Designating Party at hearings and/or trial, provided that such witnesses may not retain copies of Designated Materials unless permitted by the Designating Party or other provisions of this Order;

(f)     other witnesses at hearings and/or trial to whom disclosure is reasonably necessary for this litigation if the witness had prior access to or knowledge of Materials designated as "OUTSIDE COUNSEL EYES ONLY," provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order.  For witnesses of the Receiving Party or non-parties who did not have prior access to or knowledge of the Materials designated as "OUTSIDE COUNSEL EYES ONLY" by the Designating Party but to whom disclosure is reasonably necessary for this litigation, each such witness shall be advised outside the presence of the jury of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.  Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "OUTSIDE COUNSEL EYES ONLY" to such witnesses;

(g)     this Court, including its staff;

(h) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff; and

(i) court reporters.

19. Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, or the "Certification of Outside Consultant" attached hereto as Exhibit B (if applicable), must do so prior to the time such Designated Material is disclosed to him or her. If a dispute arises as to who may view Designated Material, or as to which portions of Designated Material may be viewed by whom, and the Parties cannot resolve the matter by agreement, the Receiving Party may seek appropriate relief from the Court. Upon objection to disclosure by the Designating Party, the Designated Material, or relevant portions thereof, may not be disclosed to the person who is the subject of the dispute pending the Court's resolution of the motion. Notwithstanding the foregoing sentence, the dispute resolution process described in Section 17(a) applies to Source Code Related Materials.

**D.** <u>**Access by Outside Consultants**</u>

20. **Notice.** If a Receiving Party wishes to disclose another Party's Designated HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS or OUTSIDE COUNSEL EYES ONLY Material to any Outside Consultant, such Receiving Party must provide advance written notice by email to counsel for the Designating Party, which notice must include: (a) the individual's name and business title; (b) the individual's business address; (c) the individual's business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional, including but not limited to employment or consultancy) between the individual and any of the Parties (and/or their predecessors in interest, to the extent the Outside Consultant knows an entity to be a predecessor in interest of one of the Parties) or a Party's competitor (to the extent the Outside Consultant knows an entity to be a

- 13 -

competitor of one of the Parties); (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years;[2] and (g) a copy signed by the individual of (1) the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, and (2) one or both of the "Certification of Outside Consultant" attached hereto as Exhibit B. Individuals working on behalf of or at the direction of an Outside Consultant disclosed under this Paragraph who are employees of the same firm as the Outside Consultant must sign the "Acknowledgment and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, but need not be separately disclosed under this Paragraph.

21. **Objections.** The Designating Party must object in writing to the proposed disclosure of HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS or OUTSIDE COUNSEL EYES ONY Material to an Outside Consultant identified pursuant to Paragraph 20 within seven (7) days of the Paragraph 20 Notice. Any such objection must set forth in detail the grounds on which it is based. Absent timely objection, such Material may be disclosed to the Outside Consultant, subject to all other terms of this Order. However, if the Designating Party timely objects, the Receiving Party may not disclose the HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS or OUTSIDE COUNSEL EYES ONLY Material to the Outside Consultant absent Court Order or agreement of the Parties. In the event the Designating Party makes a timely objection, the Parties must meet and confer within three (3) business days to try to resolve the matter by agreement. If the Parties cannot reach an agreement, the Designating Party may within

---

[2] If the Outside Consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the Outside Consultant should provide sufficient information for the Designating Party to determine whether it needs to object to the Outside Consultant. In all instances, the Outside Consultant may not omit entirely the existence of work that was performed pursuant to a confidentiality agreement. In addition, the Party seeking to disclose Designated Material to the Outside Consultant shall be available to meet and confer with the Designating Party regarding any such engagement.

- 14 -

seven (7) business days following the meet and confer move for a protective order preventing disclosure of HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS or OUTSIDE COUNSEL EYES ONLY Material to the Outside Consultant or for other appropriate relief. Failure to move for protective order within the prescribed period waives the Designating Party's objection unless the Parties agree in writing otherwise, and such Material may thereafter be disclosed to the Outside Consultant, subject to all other terms of this Order.

E.     **Use of Designated Material**

22.     **Use of Designated Material by Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, Designated Material and all information derived therefrom may be used by the Receiving Party only for purposes of this litigation. Information contained or reflected in Designated Material must not be disclosed in conversations, presentations (by Parties, Outside Counsel, Professional Vendors, Outside Consultants, or otherwise), in court, or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

23.     **Use of Designated Material by Designating Party.** Nothing in this Order limits any Designating Party's use of its own documents and information, nor prevents the Designating Party from disclosing its own confidential information, documents, or things to any person. Such disclosure does not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

24.     **Use of Designated Material at Depositions.** Subject to any objections regarding who appropriately may be called as a witness at a deposition and/or the appropriate scope and timing of any deposition, and except as may be otherwise ordered by the Court, any person who is examined as a witness at depositions may testify concerning all Designated Material of which that person has prior knowledge and/or that appears on its

- 15 -

face or from other documents or testimony to have been received from or communicated to the witness. In addition:

(a) a present director, officer, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Designating Party who is examined as a witness at a deposition may testify concerning all Designated Material that has been produced by that Party;

(b) witnesses of the Receiving Party who do not have prior knowledge of and/or did not previously have access to Materials designated as "CONFIDENTIAL" by the Designating Party, but for whom disclosure of such Materials at a deposition is reasonably necessary for the litigation, shall be advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material.

(c) witnesses of the Receiving Party who do not have prior knowledge of and/or did not previously have access to Materials designated as "HIGHLY CONFIDENTIAL" by the Designating Party, but for whom disclosure of such Materials is reasonably necessary for the litigation, shall be advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any Designated Material. Moreover, counsel for the Designating Party must be provided with notice and an opportunity to object and/or seek a protective order prior to the disclosure of Materials designated as "HIGHLY CONFIDENTIAL" to such witnesses;

(d) This Paragraph also incorporates Paragraphs 15 - 18, which describes who may have access to Designated Materials and under what circumstances, including at depositions;

(e) Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order must be excluded from the portion of the examination concerning such information, unless the Designating Party consents to persons other than qualified recipients being present at the examination. If the

witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must execute the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, which requires the attorney to maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign such an agreement, such attorney cannot be shown Designated Material and cannot be present during questioning relating to the Designated Material.

25. A witness who previously had access to a document designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" but who is not under a present non-disclosure agreement with the Designating Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" The witness may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY." The Designating Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a Party in this case (or in the offices of another firm acting for one of the counsel representing a Party in this case and under the supervision of one of the attorneys who is bound by the terms of this Order).

**F.** **Inspection of Source Code**

26.     Unless otherwise agreed to in writing between the Designating Party and the Receiving Party, Source Code offered for inspection and designated as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" may be provided on no more than two computers, each of which is configured as follows (the "Source Code Computers"): a desktop computer with: a licensed Windows 10 Pro or similar operating system, at least one 9th Generation or newer Intel Core (or comparable AMD) processor, at least 32GB of RAM, and at least 200GB of free disk space on an internal HDD or SSD, onto which all Source Code is loaded; a keyboard; a mouse; and at least one widescreen LCD monitor that measures at least twenty-two inches (22") diagonally.  No Source Code Computer shall be connected to any other network, including the Internet.  No other peripherals, including but not limited to USB drives, cameras, microphones, or other input/output devices, may be connected to any Source Code Computer, and the Designating Party may configure each Source Code Computer to prevent such devices from functioning.

27.     Source Code loaded onto the Source Code Computers must be computer searchable and in a file structure and format that mirrors the file structure and format of the Source Code as maintained by the Designating Party in the ordinary course of business. Minor changes to the source code structure from the native development environment that are caused by the collection process shall not be deemed to violate this provision.  At the request of the Receiving Party, for the purpose of comparison of Source Code during inspection, the Designating Party shall load onto the Source Code Computers all Source Code provided by the Receiving Party for this purpose, provided that the Receiving Party offers all such Source Code for inspection in accordance with this Order.

28.     The Designating Party shall provide the Receiving Party with information explaining how to start, log on to, and access Source Code loaded onto the Source Code Computers, as well as a summary of the volume and nature of all Source Code loaded onto

the Source Code Computers and a manifest which includes the name, full path name, and MD5 checksum (or stronger) in native form of every source and executable file on the Source Code Computers, in advance of the Receiving Party's first inspection. Should a Designating Party load additional Source Code onto any Source Code Computer, the Designating Party shall promptly notify the Receiving Party of its availability and provide a summary of the volume and nature of all Source Code added to any Source Code Computer and a manifest, as well as the precise location of the additional Source Code so that the Receiving Party can locate it.

29.     The Receiving Party may request that commercially or freely available software tools for reviewing, searching, or analyzing Source Code be installed on the Source Code Computers, provided that such tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with the protections herein. Mutually agreed upon tools include unmodified versions of the following: dtsearch, 7zip, Understand, Notepad++, Beyond Compare, PowerGrep, ExamDiffPro, Cygwin (and relevant packages), grep, vim, Emacs, Python, Slick Edit, Eclipse, UltraEdit, Source-Navigator, Sloc, and XCode. Other similar, mutually agreed upon, or approved tools may be installed. Absent agreement, the Receiving Party shall have the burden to move the Court and show that a tool requested by the Receiving Party is reasonably necessary for the Receiving Party to perform its review of the Source Code. The Designating Party must first object in writing to the requested tool within ten (10) days of the Receiving Party's written request. Any such objection must set forth in detail why the requested tool is not reasonably necessary for the Receiving Party to perform its Source Code review. Absent timely objection, the Receiving Party may use the requested tool. However, if the Designating Party timely objects, the Receiving Party may not use the requested tool absent Court Order or agreement of the Parties. In the event that the Designating Party makes a timely objection, the Parties must meet and confer within seven (7) business days to try to resolve the matter by agreement. If the Parties cannot reach an

agreement, the Receiving Party may within seven (7) business days following the meet and confer move to compel on the ground that the requested tool is reasonably necessary for the Receiving Party to perform its review of the Source Code. Failure to move to compel within the prescribed period waives the Receiving Party's request, and the requested tool may not thereafter be used. If the Receiving Party timely moves to compel, the requested tool may not be used unless and until a final ruling allowing such use is made by this Court or by the consent of the Designating Party, whichever occurs first. The Designating Party must promptly install licensed copies of mutually agreed upon tools on the Source Code Computers, and any license or subscription fees will be paid for by the Receiving Party. The Receiving Party must provide the Designating Party with such licensed software tools at least ten (10) business days before the date on which the Receiving Party wishes to have the additional software tools available for use on any Source Code Computer. The Designating Party shall further install an unmodified version of VeraCrypt (https://www.veracrypt.fr) encryption software on each Source Code Computer for the Receiving Party to use to securely store the Receiving Party's work product on the Source Code Computers, which the Designating Party must not access.

30. The Designating Party shall make reasonable efforts to ensure that the inspection room is maintained, in matters including but not limited to ventilation, lighting, noise, and air conditioning, in a manner consistent with other rooms at the location at which the Source Code Computer is located. Any Source Code that may be offered for inspection shall be at the following locations:

(a) SNMP Research, Inc. and SNMP Research International, Inc. shall offer Source Code for inspection at Irell & Manella LLP's Los Angeles office located at 1800 Avenue of the Stars, Los Angeles, CA 90067;

(b) Broadcom Inc. and Brocade Communications Systems LLC shall offer Source Code for inspection at Hueston Hennigan LLP's Los Angeles office located at 432 W. 6th St. Unit 400, Los Angeles, CA; and

- 20 -

(c)     Extreme Networks, Inc. shall offer Source Code for inspection at one of the following offices of Skadden, Arps, Slate, Meagher & Flom LLP:  (i) the Los Angeles office located at 300 S. Grand Ave. Suite 3400, Los Angeles CA 90071, or (ii) the Palo Alto office located at 525 University Avenue, Palo Alto, CA 94301.

31.     After the Source Code has been configured on the Source Code Computers and made available for initial inspection on a mutually agreed upon date, the Designating Party shall thereafter make the Source Code Computers available for further inspection by the Receiving Party during regular business hours (9:00 a.m. to 6:00 p.m. local time) on weekdays (excluding holidays) within ten (10) days of the Receiving Party's request.  The Designating Party shall not unreasonably refuse a request for inspection outside of regular business hours.  The Receiving Party shall keep the Designating Party informed of its intent to continue its inspection, and the duration of that continued inspection.  The Receiving Party shall, no less than twenty-four (24) hours in advance of any such inspection, identify in writing to the Designating Party the authorized persons under this Protective Order who will attend the inspection.  Before being admitted into the inspection room, an individual must provide a photo identification card issued by the United States government or the government of a state of the United States.  The Designating Party may maintain a log of all persons who attend any inspection on behalf of the Receiving Party.

32.     The Receiving Party shall not bring any electronic devices, including but not limited to cellular phones, cameras, voice recorders, and storage devices, into the inspection room.  All persons entering the inspection room must agree to submit to reasonable security measures to ensure that they are not carrying any prohibited items before they are given access to the inspection room.  The Designating Party shall provide the Receiving Party's reviewers with a "breakout room" that is separate from the inspection room, where the Receiving Party's reviewers may keep their electronic devices and have access to the Internet.

- 21 -

33.     The Designating Party may monitor the Receiving Party's inspection of Source Code, but only as is reasonably necessary to ensure compliance with this Order, and in a manner that will not interfere with the Receiving Party's confidential communications or otherwise risk invading the Receiving Party's work product, and that will afford the Receiving Party's reviewers adequate privacy to permit the development of such work product.  For example, video surveillance is acceptable, but only so long as there is no risk that such surveillance would expose the Receiving Party's work product, i.e., audio surveillance is not acceptable, nor is video surveillance that captures the substance of the Receiving Party's reviewers' activities.  The Designating Party shall not install on any Source Code Computer any keystroke or other software that monitors the activities of the Receiving Party's reviewers on that Source Code Computer.  The Designating Party shall disclose the location of any surveillance equipment to the Receiving Party prior to the inspection.

34.     The Receiving Party may request printouts of Source Code, which may include documents created by the Receiving Party about Source Code, for example and without limitation, reports regarding comparisons of the Receiving and Producing Parties' Source Code.  The printouts shall be in the form of encrypted PDF files that are delivered electronically to the Receiving Party on an encrypted drive.  Printouts prepared by the Designating Party shall be consecutively Bates numbered and designated "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS."  The printouts shall be limited to no more than sixty (60) pages of Source Code.  If the Receiving Party requests a printout of more than 60 pages, the Designating Party and Receiving Party will meet and confer within five (5) business days of the request.    If the Designating Party and the Receiving Party cannot resolve the objection, the Receiving Party may, within three (3) business days after the meet and confer, seek the Court's resolution of whether the printout request is excessive.  However, if the Source Code contains a copyright or propriety rights notice of the Receiving Party, there shall be no printout limits for only those files

containing such copyright or proprietary notice of the Receiving Party.  The Designating Party shall produce any Source Code printouts not subject to dispute within seven (7) business days of the Receiving Party's request for such Source Code printouts, and the Designating Party shall install on the Source Code Computers a licensed version of Adobe Acrobat software that is capable of creating the PDF printouts.

35.     Source Code printouts shall be stored only at: (a) the offices of Outside Counsel for the Receiving Party; or (b) the offices of Outside Consultants who are authorized to access Source Code under this Order.  All such documents shall be maintained on a secure device at a secure location, and shall be reviewed only in a secure manner consistent with the provisions of this Order.

36.     Notwithstanding the foregoing, the Receiving Party may temporarily keep Source Code printouts at: (a) the Court for any proceedings(s) relating to the Source Code, during the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code are taken, during the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition).

37.     The Receiving Party may create notes and reports about the Source Code on the Source Code Computers, for example and without limitation, reports that reflect the filenames and other metadata about Source Code.  Such notes and reports will be encrypted by the Receiving Party on the Source Code Computers and marked HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS in unencrypted form. The Designating Party shall provide the notes and reports to the Receiving Party within two business days of the request of the Receiving Party.  Nothing in this provision permits the Receiving Party to copy Source Code into these notes and reports.  File names, folder names, file hash codes (e.g. MD5 or SHA), and similar metadata do not constitute Source Code.

38. A Receiving Party may include excerpts of Source Code in Court filings, discovery responses or similar disclosure documents, and expert reports, including exhibits thereto. Inclusion of such excerpts in these documents must be necessary to the Party's prosecution of its case. All such documents must be designated "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" and must accordingly be treated consistent with the provisions of this Order.

39. The Designating Party shall, at the Receiving Party's request, make a copy of a portion of the relevant Source Code offered for inspection by the Designating Party on the Source Code Computers available at depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make any such request at least fourteen (14) calendar days before the deposition. The Designating Party shall make reasonable efforts to comply with such a request made less than fourteen (14) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

**G.** **Procedure for Designating Material**

40. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 3, above. A Designating Party may designate as "HIGHLY CONFIDENTIAL" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 4, above. A Designating Party may designate as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 5, above. A Designating Party may designate as "OUTSIDE COUNSEL EYES ONLY" only information that an attorney for the Designating Party believes in good faith meets the definition set forth in Paragraph 6, above. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written

- 24 -

communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

41.     Except as provided above in Section F with respect to "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" any Material (including physical objects) made available by a Designating Party for initial inspection by counsel for the Receiving Party prior to producing copies of selected items will be subject to this Order and must initially be considered, as a whole, to constitute "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" Material. After the Receiving Party has identified the Material it wants copied and produced, the Designating Party will have fifteen (15) calendar days from the identification to review and designate the portion of the Material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" consistent with Paragraph 40, prior to furnishing copies to the Receiving Party.

42.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must, for each document that contains Designated Material, affix the label "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" on each page of the document, or by appending to the filename and/or filepath before the file extension of any document produced or otherwise served in native form, i.e., appending "-CONF" for "CONFIDENTIAL" documents, "-HCONF" for "HIGHLY CONFIDENTIAL" documents, and "-HCONF-SC" for "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" and "OCEO" for "OUTSIDE COUNSEL EYES ONLY" documents.

- 25 -

(b)    For deposition testimony, the Designating Party may designate all or any portion of such testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" consistent with Paragraph 40.  In the case of depositions, the Designating Party may designate a portion of a deposition transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" consistent with Paragraph 40, by informing the reporter and the opposing party on the record before the close of the deposition of its intent to designate testimony, specifying the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY).  Unless the opposing party agrees to a Designating Party's request to designate the entirety of the deposition testimony, the Designating Party must identify within thirty (30) days of receipt of the final transcript after the deposition has been completed the specific portions of the deposition testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY).  Only the specific pages and line numbers of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

(c)    For information produced in a form other than documentary, and for any other tangible items, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the label "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY."

- 26 -

**H.    Failure to Designate**

43.     A failure to designate qualified Materials as "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE
RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" does not, standing
alone, waive the Designating Party's right to secure protection under this Order for such
Material.  Upon discovery of a failure to designate, a Designating Party may notify the
Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE
RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" consistent with
Paragraph 40.  Upon receipt of such notice, the Receiving Party must make all reasonable
efforts to ensure that the Material is treated in accordance with the terms of this Order,
subject to the right to challenge the propriety of such designation(s).  The Designating
Party must provide substitute copies of documents bearing the confidentiality designation.
Any Receiving Party must also make all reasonable efforts to retrieve any documents from
anyone who had received the documents prior to the notification to the Receiving Party of
the failure to designate and who is no longer permitted to access the documents under the
new designation.

**I.    Protection of Draft Outside Consultant Reports and Outside Consultant-
        Communications**

44.     The following communications and materials relating to Outside
Consultants in this litigation shall not be the subject of discovery or inquiry at trial:  (a)
drafts of any Outside Consultant disclosures or analysis (including reports, declarations,
affidavits, or any other form of testimony); (b) communications, whether written or oral,
between or among any Outside Consultant and Outside Counsel for the party retaining said
Outside Consultant; (c) notes or preparatory materials taken by or on behalf of any Outside
Consultant; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters,
whether in draft or any other form, that are provided to, or by or on behalf of, any Outside

- 27 -

Consultant; (e) communications, whether written or oral, between or among one or more Outside Consultants retained by a Party or individuals working on the Outside Consultants' behalf or at their direction; and, (f) any other types of preliminary work product created by or on behalf of any Outside Consultant. The foregoing exemptions also apply to any individuals working on the Outside Consultant's behalf or at his or her direction. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any Outside Consultant, in any disclosure, expressly relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

**J.     Limitation of Privilege Logging Obligations**

45.     The Parties agree to limitations on the content of withheld document logs. The Parties agree that information concerning documents or things otherwise protected by the attorney-client privilege, work product doctrine, or other privilege or protection ("Privileged Materials") shall be listed on a withheld document log in accordance with Rule 26(b)(5)(A), Fed. R. Civ. P., except that the Parties are not required to log Privileged Materials (i) that were created on or after October 26, 2020, or (ii) that constitute communications solely between and among outside counsel and in-house counsel concerning this litigation or claims, demands, or threats of such litigation prior to the filing of the Complaint.

**K.     Challenges to Confidentiality Designations**

46.     The Parties will use reasonable care when designating Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" consistent with Paragraph 40. Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as

"CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, and/or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" Material have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the confidentiality designation with respect to any document or information contained therein, subject to the procedure in Paragraph 47.

47.     A Party is not obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" designation at the time made, and the failure to do so does not preclude a subsequent challenge thereto. Such a challenge must be written, must be served on counsel for the Designating Party, and must particularly identify by Bates number and set forth for each such document the specific reason the Receiving Party believes the designation is improper for the document that the Receiving Party contends should be designated differently. In the event the Receiving Party challenges a designation, the Parties must meet and confer by telephone (voice mail messages are insufficient) or in person within five (5) business days of service, or at another time mutually agreed to by the Parties, to try to resolve the matter by agreement, prior to filing any motion. If the Parties cannot reach an agreement, the Receiving Party may within twenty (20) business days following the meet and confer file a motion to challenge the designation, and the burden of persuasion shall be on the Designating Party.

**L.      Filing Designated Material**

48.     Designated Material shall be filed under seal in conformance with the Court's rules and procedures.

**M.      Unauthorized Disclosure of Designated Material**

49.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating

- 29 -

Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and (e) request such person or persons certify the return or destruction of the Designated Material.

**N.**     **Export Control of Designated Material**

50.     A Receiving Party may not transmit or transport or communicate Designated Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" to any person, location, or vendor outside of the United States, without the written agreement of the Designating Party or an order of the Court.  This provision is not intended to prevent the Receiving Party's Outside Counsel from transporting Designated Material abroad for use in depositions (or the foreign equivalent) or related proceedings provided, however, that: (a) use in any foreign deposition(s) is otherwise consistent with the provisions of this Order; (b) Outside Counsel undertakes reasonable precautions at all times to ensure the security of Designated Material when being transported and used abroad; and (c) any material transported outside of the United States for depositions must be securely transported back United States after the deposition is complete or provided to counsel for the Designating Party conclusion of the deposition.

**O.**     **Protection of Privileged Information**

51.     The production or disclosure of any information (including documents) in this action that a Designating Party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection, nor shall it prejudice any claim that the disclosed or related information is privileged or protected from discovery.  A party or

- 30 -

non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Designating Party. When a Designating Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use or review, and shall immediately cease any prior use or review of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the Designating Party's request: a) return the information and all copies thereof to the Designating Party; or b) destroy and confirm to the Designating Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Designating Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Designating Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

**P.     Other Proceedings**

52.     If a Receiving Party is served with a subpoena or other process that seeks the disclosure of any Designated Material designated by any other Party, the Receiving Party must so notify the Designating Party in writing, providing a copy of the subpoena or other process, sufficiently in advance of any required disclosure so that the Designating

- 31 -

Party may have an opportunity to be heard on whether that information should be disclosed. No Designated Material will be produced absent an order from this Court.

**Q.    Non-Party Use of This Protective Order**

53.    A non-party producing information or Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and will receive the same level of protection under this Order as any Party to this lawsuit. Non-parties must use reasonable care when designating documents or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS," or "OUTSIDE COUNSEL EYES ONLY" consistent with Paragraph 40. Nothing in this Order prevents a Receiving Party from contending that any or all information, documents, or things designated as "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, and/or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" Material have been improperly designated. The procedure for challenging a nonparty's confidentiality designations will be the same procedure as set forth in Section K, above.

54.    A non-party's use of this Order to protect its "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" Material does not entitle that non-party access to "CONFIDENTIAL" Material, "HIGHLY CONFIDENTIAL" Material, or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" or "OUTSIDE COUNSEL EYES ONLY" Material produced by any Party in this case.

**R.    Duration**

55.    Even after the termination of this action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

- 32 -

**S.     Final Disposition**

56.     Unless otherwise ordered or agreed in writing by the Designating Party, within 60 days after the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Receiving Party must return all materials designated by any Designating Party under this Order to the Designating Party, or destroy such material, including all copies thereof, and provide to the Designating Party a written certification of compliance with this provision. Notwithstanding this provision, outside counsel for a Receiving Party are entitled to retain archival copies of all pleadings, filings, or other documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system.  Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

**T.     Miscellaneous**

57.     Plaintiffs reserve all their rights to seek disclosure of Defendants' build environments and to seek a provision in this protective order that protects the disclosure of the build environments.  Defendants reserve all their rights to oppose disclosure of build environments and related protective order provisions that may be proposed.

58.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing voluntarily and explicitly agreeing to such waiver signed by the Outside Counsel for the Party against whom such waiver will be effective.

- 33 -

59.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Order.  The Court will take appropriate measures to protect Designated Material at trial and any hearing in this case.

60.     This Order does not diminish any existing obligation or right with respect to Designated Material, nor does it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

61.     The United States District Court for the Eastern District of Tennessee is responsible for the interpretation and enforcement of this Order.  All disputes concerning Designated Material produced under the protection of this Order will be resolved by the United States District Court for the Eastern District of Tennessee.  Every individual who receives any Designated Material and signs the Acknowledgement and Agreement to be Bound by Protective Order or the Certification of Outside Consultant agrees to subject himself or herself to the jurisdiction of this Court solely for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.  For the avoidance of doubt, per the Court's Order dated June 25, 2021 (Dkt. No. 75), nothing in Section 61 or any other section of this Protective Order, including Exhibits A and B attached hereto, shall be construed as a waiver of Defendants' personal jurisdiction or improper venue defenses or any other defenses.

 **IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_

Debra C. Poplin
United States Magistrate Judge

APPROVED FOR ENTRY:

/s/ John. L. Wood
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD
 & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com
*Attorneys for Plaintiffs*
*SNMP RESEARCH INTERNATIONAL, INC. and*
*SNMP RESEARCH, INC.*

/s/ Alison Plessman
Alison Plessman (CA Bar No.250631)
HUESTON HENNIGAN LLP

*Attorneys for Defendants*
*Broadcom, Inc.*
*Brocade Communications Systems LLC*

/s/ John M. Neukom
John M. Neukom (CA Bar No. 275887*)*
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500
john.neukom@skadden.com

Leslie A. Demers (NY Bar No. 5261904)
One Manhattan West
New York, New York 10001
(212) 735-3000
leslie.demers@skadden.com

*Attorneys for Defendant Extreme Networks, Inc.*

- 35 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I have been informed of and have reviewed the Protective Order entered in the matter of SNMP Research, Inc. et al. v Broadcom Inc. et al., No. 3:20-cv-00451-CEA-DCP, in the United States District Court for the Eastern District of Tennessee, and I will not divulge any information, documents, or things that are subject to the Protective Order except in accordance with the provisions of the Order;

5. I agree to be subject to the authority and jurisdiction of the United States District Court for the Eastern District of Tennessee solely for the purpose of any proceedings related to performance under, compliance with, or violation of this agreement.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.        _____

                                                      Signature

                                                      PRINTED NAME:_____

                                                      Title: _____

                                                      Address: _____

- 36 -

**EXHIBIT B**

**CERTIFICATION OF OUTSIDE CONSULTANT**

I, _____, state:

1.     I have read the Protective Order ("Order") in the matter of *SNMP Research, et al. Inc. v Broadcom Inc. et al.*, No. 3:20-cv-00451-CEA-DCP, and understand and will abide by its terms.

2.     I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor.

3.     I have provided full disclosure under Paragraph 20 and the documents provided thereunder are accurate to the best of my knowledge.

4.     If at any time after I execute this Certificate of Outside Consultant and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation.  I will not thereafter review any Designated Material marked as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS" unless and until the Parties agree or the Court orders otherwise.

5.     I will not use any Designated Material for any purpose other than this litigation.

6.     I agree to be subject to the authority and jurisdiction of the District Court of the Eastern District of Tennessee solely for the purpose of any proceedings related to performance under, compliance with, or violation of this certification.

7.     I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

- 37 -

Executed on _____, 20___.

_____
Signature

PRINTED NAME:_____

Title: _____

Address: _____