# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC'S BRIEF IN OPPOSITION TO PLAINTIFF SNMP RESEARCH, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES, AND REQUEST FOR COSTS AND COUNSEL FEES UNDER LOCAL RULE 37.2**

## TABLE OF CONTENTS

|     |     |     | Page |
| --- | --- | --- | ---: |
| I.  | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 2 |
| III.| ARGUMENT | | 5 |
|     | A. | This Motion Wastes the Court's Resources, as Plaintiff Did Not Even Attempt to Meet and Confer Before Filing this Motion | 5 |
|     | B. | Defendants Are Complying with Their Discovery Obligations | 7 |
|     | C. | In Any Event, the Motion Is Moot | 8 |
| IV. | CONCLUSION | | 9 |

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Banerjee v. University of Tenn.*,
    2019 WL 1062378 (E.D. Tenn. Mar. 6, 2019) ............................................................. 1, 7

*Clouser v. Golden Gate Nat'l Senior Care, LLC*,
    2016 WL 4223755 (W.D. Pa. Aug. 9, 2016) ................................................................... 9

*Collins v. Mountain Laurel Assurance Co.*,
    2011 WL 1196804 (E.D. Tenn. March 29, 2011) ............................................................ 9

*Equal Employment Opportunity Comm'n v. Tepro, Inc.*,
    2014 WL 12562856 (E.D. Tenn. Aug. 29, 2014) ............................................................ 8

*Federal Deposit Ins. Corp. v. Brudnicki*,
    2013 WL 12087174 (N.D. Fla. July 16, 2013) ................................................................ 9

*Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*,
    314 F.R.D. 85 (S.D.N.Y. 2016) ....................................................................................... 9

*Grehan v. American Holiday Van Lines, Inc.*,
    2006 WL 1469416 (E.D. Tenn. May 25, 2006) ............................................................... 8

*Jones v. United States*,
    2014 WL 12853504 (C.D. Cal. Mar. 10, 2014) ............................................................... 9

*Lamar v. Clayton Cty. Sch. Dist.*,
    2013 WL 12177812 (N.D. Ga. Nov. 6, 2013) ................................................................. 6

*Parker v. United States*,
    2016 WL 7383833 (D. Md. Dec. 20, 2016) ..................................................................... 6

*Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*,
    1998 WL 67672 (S.D.N.Y. Feb. 18, 1998) ...................................................................... 6

*Reed v. Beverly Hills Porsche*,
    2017 WL 11495243 (W.D. Va. Nov. 22, 2017) ............................................................... 6

*Sweeting v. Schweightzer*,
    2020 WL 5822513 (6th Cir. July 31, 2020) .................................................................. 1, 5

*United States v. Carell*,
    2011 WL 2078023 (M.D. Tenn. May 26, 2011) .............................................................. 7

*United States v. Jordan*,
    2007 WL 1849985 (E.D. Tenn. June 25, 2007) ............................................................... 9

*United States v. Thompson*,
    758 F. App'x 398 (6th Cir. 2018) ......................................................................................... 8

**Rules**

Rule 37(a)(1) ................................................................................................................... 6, 7, 8

Rule 37 .............................................................................................................................. 5, 6, 7

L.R. 37.2 ................................................................................................................................ 5

Federal Rules of Civil Procedure, Rule 37(d)(2) ................................................................... 2

Federal Rule of Civil Procedure Rule 37(a) ................................................................. passim

**Other Authorities**

E.D. Tenn. L.R. 37.2 .............................................................................................................. 5

L.R. 37 ............................................................................................................................... 6, 7

Defendants Broadcom Inc. and Brocade Communications Systems LLC (together, "Defendants"), respectfully submit this memorandum of law in opposition to SNMP Research, Inc's ("Plaintiff") Fourth Motion to Compel Discovery Responses (ECF No. 88) ("Motion").

## I.  INTRODUCTION

Without even attempting to meet and confer or informing Brocade and Broadcom of its plans to file a motion, Plaintiff surprised Defendants by firing off yet another premature and knee-jerk motion to compel (after its prior motions to compel were denied by this Court). A failure to meet and confer is by itself sufficient to deny a motion to compel. Federal Rule of Civil Procedure Rule 37(a); *Sweeting v. Schweightzer*, 2020 WL 5822513, at *3 (6th Cir. July 31, 2020); *Banerjee v. University of Tenn.*, 2019 WL 1062378, at *1 (E.D. Tenn. Mar. 6, 2019). Plaintiff's motion is a needless waste of this Court's and Defendants' resources and prohibited by Local Rule 37.2. This motion is even more egregious than Plaintiff's prior motions because there is no ripe discovery dispute for the Court to decide. In fact, after the Court rejected Plaintiff's prior motions to compel, Broadcom and Brocade met with Plaintiff in good faith and discussed their discovery responses on several occasions. The parties reached agreement on several important gating issues (*e.g.*, Plaintiff's grossly overbroad definitions), and Broadcom and Brocade *agreed to supplement their discovery responses*. They still plan to do so, despite Plaintiff's motion derailing the process.

Although there was and is no "deadline" for Defendants to provide their supplemental responses, Defendants indicated they would try to provide them approximately 30 days after the parties reached agreement on the gating issues (*i.e.*, around the end of August). When Defendants realized that was not feasible given the volume and scope of information requested (over 350 discovery requests often with no time limitation regarding numerous product lines, which in turn contain numerous subparts), Defendants informed Plaintiff that it was taking longer than

anticipated to respond, but they would supplement the responses as soon as possible. Instead of waiting for that to happen or discussing a realistic timeline with Defendants in good faith, Plaintiff simply filed this motion to compel without warning. As a result, Defendants have been forced to spend time and resources defending this motion instead of focusing on supplementing their discovery responses—the height of inefficiency and waste and exactly what the requirements of Federal Rule 37(a) and Local Rule 37.2 are intended to avoid.

Defendants have diligently sought to respond to Plaintiff's voluminous discovery requests according to the parameters agreed upon only recently. Although Plaintiff complains that the discovery requests were served eight months ago, the requests were subject to Defendants' motion for a protective order and Plaintiffs' duplicative motions to compel until the Court ordered the parties to meet and confer regarding the requests on June 25, 2021. (ECF No. 75 at 17; Federal Rules of Civil Procedure, Rule 37(d)(2).) The parties did so, and Defendants agreed to supplement their responses. Both parties recognized, however, that additional discussions will likely be necessary to resolve remaining issues after the initial supplemental responses are served. This motion is completely unnecessary and frankly bizarre given the parties' efforts to try to work through discovery issues without further burdening the Court. While Plaintiff's motion to compel has derailed Defendants' ability to focus on finalizing their supplemental discovery responses, they plan to serve them in short order—before briefing on this motion is even complete. Thus, Plaintiff's motion to compel is not just wrongheaded, it is moot.

## II. BACKGROUND

Plaintiff's scorched-earth approach to discovery has resulted in wasted time and duplicative motion practice. Although Plaintiff harps on Defendants' purported failure to meet a self-imposed "deadline" to supplement their discovery responses by August 27, Plaintiff overlooks its

- 2 -

Case 3:20-cv-00451-CEA-DCP   Document 94   Filed 09/27/21   Page 6 of 14   PageID #: 3363
6048306

responsibility to meet and confer in good faith prior to filing needless motions and to extend common courtesies when a party needs more time to respond to voluminous discovery requests.

By way of background, Plaintiff served two sets of written discovery on Defendants on December 26, 2020 and January 29, 2020, with 351 overbroad requests including numerous subparts, but took the position that Defendants would waive their jurisdictional and venue defenses if they served their own discovery. (Declaration of Alison Plessman ("Plessman Decl.") ¶¶ 2–6.)[1] In response, Defendants and Co-Defendant Extreme Networks, Inc. ("Extreme") moved to stay discovery and for a protective order on January 16, 2021. (ECF No. 47.) As Defendants and Extreme explained, a stay was warranted because Plaintiff was seeking to pressure them into choosing between responding to one-sided discovery and waiving their personal jurisdiction and venue defenses. (ECF No. 47-1 at 15–17; ECF No. 59 at 3–5.) Unheeded, Plaintiff fired off a barrage of unnecessary motions to compel. (ECF Nos. 60 (with Co-Plaintiff SNMP Research International, Inc.), 69 (SNMP only), 70 (same).) In June, this Court squarely rejected Plaintiff's position by denying the motions to compel and ruling that Defendants could serve equal written discovery without sacrificing their Motions to Dismiss. (ECF No. 75 at 11–16.) The Court explained that Defendants' position could cause Defendants "substantial hardship." (*Id.* at 11.)

Although the Court declined to stay discovery, it did not rule on Defendants' specific objections to the individual discovery requests or set a compliance deadline. (ECF No. 75 at 11, 17.) Instead, the Court encouraged the parties to meet and confer about Plaintiff's outstanding discovery requests and Defendants' outstanding objections thereto. (*See id.* at 17.) Defendants reminded Plaintiff that its earlier motions to compel "did not cover specific requests in any detail."

---

[1] As of this filing, Plaintiff has served 51 RFAs, 96 RFPs, and 24 interrogatories on Broadcom. Plaintiff has also served 68 RFAs, 89 RFPs, and 23 interrogatories on Brocade. (Plessman Decl. ¶¶ 4–5.)

- 3 -

(ECF No. 88-3 at 5.) After careful negotiations over the scope of discovery, which primarily addressed certain gating issues concerning Defendants' overbroad and confusing definitions, Defendants eventually agreed to serve supplemental discovery responses according to certain agreed upon parameters. (Plessman Decl. ¶ 8.) Defendants explained it was difficult to predict exactly how long it would take to respond to Plaintiff's voluminous requests in accordance with the new parameters but said they would endeavor to provide supplemental responses in approximately thirty days (*i.e.*, around the end of August). (*Id.* ¶ 9.) It was clear from the parties' discussions that additional meet and confers would be necessary after the initial supplementation because several objections remained unresolved and had not yet been discussed, despite the parties' resolution of some gating issues. (*Id.* ¶ 10.) In other words, Broadcom and Brocade understood the parties would continue to work cooperatively to resolve discovery issues before bothering the Court with further unnecessary motion practice. (*Id.* ¶ 11.)

Although Defendants have been diligently working in good faith to prepare supplemental discovery responses, responding to Plaintiff's expansive discovery requests is taking longer than anticipated. (Plessman Decl. ¶¶ 12–13.) On August 27, Defendants informed Plaintiff that they needed more time to supplement their responses. (ECF No. 88-4 at 1–2.) On August 31, Plaintiff shot back with another unilateral demand for a fixed compliance deadline of September 3. (*Id.* at 2.) Defendants responded on September 2, explaining again that it was taking longer than anticipated given the volume of requests, but they were going to provide the supplemental discovery responses as soon as possible. (*Id.* at 1.) Plaintiff did not respond and never told Defendants they would file a motion to compel if Defendants did not serve supplemental responses by September 3 (let alone meet and confer about any contemplated motion). (Plessman Decl. ¶¶ 14–19.) Instead, August 31 was the last time Defendants heard anything from Plaintiff

- 4 -

6048306

regarding their discovery responses until Plaintiff filed this motion to compel. (*Id.* ¶¶ 15, 19.) Despite the distraction of Plaintiff's motion to compel, Defendants still intend to supplement their responses before this motion is even fully briefed.

### III.  ARGUMENT

### A.  This Motion Wastes the Court's Resources, as Plaintiff Did Not Even Attempt to Meet and Confer Before Filing this Motion.

This motion is a complete waste of everyone's time and resources and is precisely why the Federal Rules of Civil Procedure include a meet-and-confer requirement prior to filing a motion to compel and why the Local Rules forbid unnecessary discovery motions. Federal Rule 37(a) requires a movant to certify that it has in good faith "conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Federal Rules of Civil Procedure, Rule 37(a). This Court's Local Rules further forbid "[t]he filing or serving of unnecessary discovery motions" and provide that unnecessary motion practice "will subject the offender to appropriate remedies, including the imposition of costs and counsel fees." E.D. Tenn. L.R. 37.2. Failure to comply with Rule 37's meet-and-confer requirement is itself a sufficient basis to deny a motion to compel. *Sweeting v. Schweightzer*, 2020 WL 5822513, at *3 (6th Cir. July 31, 2020) ("Because Sweeting made no showing that he had properly served his interrogatories on the defendants or attempted to confer with them, the district court did not abuse its discretion by failing to order the defendants to respond."); *Banerjee v. University of Tenn.*, 2019 WL 1062378, at *1 (E.D. Tenn. Mar. 6, 2019) ("Plaintiff's Motion to Compel . . . could be denied on that basis alone."). This Court can and should deny Plaintiff's motion to compel on this ground alone and impose costs and counsel fees as set forth in L.R. 37.2.

In its eagerness to file yet another motion to compel in this Court, Plaintiff skipped over the most important thing of all: actually meeting and conferring with Defendants prior to filing it motion or even alerting Defendants that it planned to file a motion. Plaintiff points to no communications and no excuses for its failure to communicate. At most, Plaintiff suggests it "attempt[ed] to secure confirmation of the date by which Broadcom and Brocade" would serve their supplemental discovery responses. (Mot. at 3; *see* ECF No. 88-4 at 2 ("We expect to receive the supplemental responses . . . by Friday, September 3.").) There was no "deadline" for Defendants to supplement their responses, but even if Defendants had agreed to Plaintiff's unilateral demand rather than responding to explain they needed more time, "[e]mails or letters sent as reminders that the requested information has not been provided are not an attempted conference between parties." *Parker v. United States*, 2016 WL 7383833, at *1 (D. Md. Dec. 20, 2016). Rather, at a minimum, a communication must "state[] [the movant's] plans to file a motion to compel in the event of non-production []or otherwise indicate[] that the letter was intended to be an act of conferring in accordance with Rule 37(a)." *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *3 (S.D.N.Y. Feb. 18, 1998); *see also Reed v. Beverly Hills Porsche*, 2017 WL 11495243, at *1 (W.D. Va. Nov. 22, 2017) ("[S]imply exchanging emails or letters, demanding compliance with discovery requests, or merely stating that the parties have met and conferred do not satisfy Rule 37(a)(1)."); *Lamar v. Clayton Cty. Sch. Dist.*, 2013 WL 12177812, at *2 (N.D. Ga. Nov. 6, 2013) (Rule 37 not satisfied when movant "mailed a single letter to Defendant's counsel," waited three weeks for a reply, did not attempt to contact opposing counsel again, and then moved to compel). This motion caught Defendants completely by surprise, which is precisely what Federal Rule 37(a) and L.R. 37.2 are supposed to prevent.

Instead, Plaintiff has the audacity to argue that it does not need to meet and confer with Defendants because Defendants conscientiously updated Plaintiff on the status of their responses:

> [O]n the evening of August 27, counsel for Broadcom and Brocade informed counsel for Plaintiffs that "[w]e are going to need a bit more time to amend our discovery responses. I am hoping to get them to you by the end of next week." Weber Decl. 4. . . . Accordingly, Plaintiff certifies that it has in good faith attempted to confer with Broadcom and Brocade[.]

(Mot. at 3–4.) Plaintiff provides no support for this extraordinary position, which violates both the letter and the spirit of Federal Rule 37(a) and L.R. 37.2. It also ignores the fact that Defendants sent another email on September 2 explaining they needed more time to respond (to which Plaintiff never responded). (ECF No. 88-4 at 1; Plessman Decl. ¶¶ 16–17.) This Court rejected a similar argument in *Banerjee*, where the last communication was made by the non-moving party and the movant never responded to that letter. 2019 WL 1062378, at *1. The Court reminded the movant that Rule 37(a)(1)'s meet-and-confer requirement "is not an 'empty formality' and that the parties are required to engage in *meaningful* attempts to resolve discovery disputes prior to filing such motions [to compel]." *Id.* (emphasis added). Because "resolv[ing] a dispute that the parties themselves could have resolved" forces the Court to "needlessly expend resources that it could better utilize elsewhere," Plaintiff's disregard of Rule 37 also unnecessarily burdens this Court. *United States v. Carell*, 2011 WL 2078023, at *2 (M.D. Tenn. May 26, 2011) (citation and quotation marks omitted). Costs and counsel fees therefore should be imposed against Plaintiff.

### B. Defendants Are Complying with Their Discovery Obligations.

As discussed above, after several discussions with Plaintiff, Defendants agreed on July 28, 2021 to supplement their discovery responses in accordance with certain agreed upon parameters. (ECF No. 88-3 at 1.) Although Defendants explained it was difficult to predict with certainty how long it would take to supplement their responses to Plaintiff's voluminous discovery requests, they

indicated they would attempt to do so in approximately thirty days. (Plessman Decl. ¶ 9.) Plaintiff then unilaterally construed those discussions to impose an immovable, hard "deadline" on Defendants. (ECF No. 88-4 at 2.) No such deadline exists and Defendants conscientiously and in good faith explained they were going to need more than thirty days to respond to Plaintiff's hundreds of requests. (Plessman Decl. ¶¶ 9, 14, 16.) In any event, using Defendants' original self-imposed goal of thirty days to supplement their responses is a terribly thin reed on which to base a motion to compel—especially when Plaintiff could have clarified Defendants' position through the required Rule 37(a)(1) meet-and-confer process, but did not do so.

Defendants have worked and continue to work diligently to supplement their responses to the discovery requests at issue. The discovery requests at issue in the motion to compel are unusually dense, complex, and numerous. (Plessman Decl. ¶ 13.) They concern a large number of product lines, several of which already have been discontinued. (*Id.*) Defendants have already expended substantial efforts to accommodate Plaintiff's discovery demands and will continue to do so. (*Id.* ¶ 12.) Plaintiff's assertion that Defendants are trying "to delay production" (Mot. at 4) is without basis and should be rejected.

### C. In Any Event, the Motion Is Moot.

When the non-moving party produces the requested discovery while a motion to compel is pending, that production moots the outstanding motion. *See, e.g.*, *United States v. Thompson*, 758 F. App'x 398, 402 (6th Cir. 2018) ("The district court denied Thompson's motion to compel as moot after the government assured the Court that it had complied with its discovery obligations[.]"); *Grehan v. American Holiday Van Lines, Inc.*, 2006 WL 1469416, at *1 (E.D. Tenn. May 25, 2006) (same); *Equal Employment Opportunity Comm'n v. Tepro, Inc.*, 2014 WL 12562856, at *9 (E.D. Tenn. Aug. 29, 2014) (same).

- 8 -

Case 3:20-cv-00451-CEA-DCP   Document 94   Filed 09/27/21   Page 12 of 14   PageID #: 3369
6048306

In fact, Defendants' *commitment* to provide discovery responses and willingness to do so within a reasonable time, standing alone, moots this motion. Courts may deny motions to compel as moot even when discovery has not yet been produced, as long as the parties are "in the process of . . . resolv[ing]" the dispute. *Collins v. Mountain Laurel Assurance Co.*, 2011 WL 1196804, at *1 (E.D. Tenn. March 29, 2011) (when non-moving party explained that it would provide remaining discovery responses shortly, court denied motion to compel); *Financial Guaranty Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Since the respondent has *agreed* to provide the requested discovery, the motion to compel has been mooted.") (emphasis added); *Clouser v. Golden Gate Nat'l Senior Care, LLC*, 2016 WL 4223755, at *4 (W.D. Pa. Aug. 9, 2016) (same); *Federal Deposit Ins. Corp. v. Brudnicki*, 2013 WL 12087174, at *1 (N.D. Fla. July 16, 2013) (same); *Jones v. United States*, 2014 WL 12853504, at *1 (C.D. Cal. Mar. 10, 2014) ("[D]efendant has now agreed to produce—and by now, should have produced" responsive documents, "making plaintiff's Motion to Compel . . . moot."). Defendants intend to supplement their discovery responses before this motion to compel is fully briefed.[2] It is therefore moot.

## IV.  CONCLUSION

This matter could, and should, have been resolved with an email. Instead of simply asking Defendants about the status of their discovery efforts, Plaintiff used this Court to play telephone. Defendants are working diligently to respond to Plaintiff's expansive discovery. Responding to this motion to compel has taken up valuable time that could have been spent finalizing Defendants'

---

[2] Nor would Plaintiff's potential dissatisfaction with any of Defendants' supplemental discovery responses provide a freestanding basis to continue proceeding with *this* motion to compel. *See United States v. Jordan*, 2007 WL 1849985, at *12 (E.D. Tenn. June 25, 2007) (when non-moving party produced "extensive additional material" in discovery but movant claimed that the material was "of such poor quality that [it was] not realistically usable," court denied motion to compel as moot anyway). Thus, any attempt by Plaintiff to use its reply to criticize Defendants' forthcoming supplemental responses would be highly prejudicial to Defendants and should be squarely rejected.

responses to Plaintiff's discovery. Under the circumstances, compelling discovery would be unwarranted and inspire Plaintiff to continue wasting resources and abusing this Court's process. Plaintiff's motion to compel should be denied and costs and counsel fees imposed.

Dated: September 27, 2021

HUESTON HENNIGAN LLP

By: _____
Alison Plessman
Attorneys for Defendants
Broadcom, Inc.
Brocade Communications Systems LLC