# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## **DECLARATION OF ALISON PLESSMAN**

I, ALISON PLESSMAN, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner at the law firm of Hueston Hennigan LLP, counsel of record for Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On December 26, 2020, Plaintiff SNMP Research, Inc. ("Plaintiff") served several hundred requests for admission, requests for production, and interrogatories on Broadcom and Brocade.

3. On January 29, 2021, Plaintiff served a second set of discovery requests on Broadcom and Brocade.

4. Plaintiff has served 51 requests for admission, 96 requests for production, and 24 interrogatories on Broadcom—171 in total.

5. Plaintiff has served 68 requests for admission, 89 requests for production, and 23 interrogatories on Brocade—180 in total.

6. As of this filing, Plaintiff has served 351 discovery requests on Broadcom and Brocade.

7. On June 25, 2021, the Court denied Plaintiff's prior motions to compel and ordered the parties to meet and confer regarding the "resol[ution of] several matters in Plaintiffs' motions to compel." (ECF No. 75 at 14–17.)

8. In July 2021, the parties met and conferred regarding Defendants' objections to Plaintiff's discovery requests. The parties agreed on certain preliminary gating issues relating to Plaintiff's overbroad and confusing definitions, such as limiting responses to certain discovery requests to the product families identified in Paragraph 64 of the Complaint. Broadcom and Brocade agreed to serve supplemental discovery responses, with the understanding that the parties would continue meeting and conferring to resolve any remaining discovery disputes after the initial supplementation was served.

9. I also told Plaintiffs' counsel that it was difficult to predict exactly how long it would take to respond to Plaintiff's requests in accordance with the new parameters. However, I told them Broadcom and Brocade would endeavor to provide supplemental responses in approximately thirty days (i.e., around the end of August).

10. I understood that because several objections remained unresolved and had not yet been discussed, additional meet and confers would be necessary after the discovery responses were supplemented.

11. I understood the parties would continue to work cooperatively to resolve discovery issues before bothering the Court with unnecessary motion practice.

12. Since then, Broadcom and Brocade have been diligently working in good faith to prepare supplementary discovery responses. They have already expended substantial efforts to accommodate Plaintiff's discovery demands and will continue to do so.

13. Responding to the 351 discovery requests has taken longer than anticipated. The requests are unusually dense, complex, and numerous. Furthermore, even as narrowed through the meet-and-confer process, the requests concern a large number of product lines, several of which already have been discontinued.

14. On August 27, 2021, I emailed Plaintiffs' counsel, explaining that Broadcom and Brocade needed more time to supplement their responses.

15. Plaintiffs' counsel responded on August 31 to my email, requesting responses by September 3. Plaintiffs' counsel did not say they would move to compel if they did not receive responses by then. This was the last time I heard anything from Plaintiffs' counsel regarding the discovery responses until Plaintiff filed the instant motion to compel.

16. On September 2, 2021, I responded to the August 31 email from Plaintiffs' counsel and explained again that the supplemental responses were taking longer than anticipated given the hundreds of requests at issue. I indicated that Broadcom and Brocade nevertheless would serve the supplementary discovery responses as soon as possible.

17. Plaintiff never responded to my September 2 email.

18. Plaintiff never told Broadcom and Brocade—in its August 31 email or elsewhere—that it would move to compel.

19. Plaintiff never sought to meet and confer with Broadcom and Brocade about any motion to compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27th day of September, 2021, at Los Angeles, California.

Alison Plessman