# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br> Plaintiffs, <br><br> v. <br><br> Broadcom Inc. <br> Brocade Communications Systems LLC <br> Extreme Networks, Inc. <br><br> Defendants. | **Jury Demand** |

**SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO EXTREME NETWORKS, INC.**

**PLEASE TAKE NOTICE** that pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff SNMP Research, Inc. hereby demands that Defendant Extreme Networks, Inc. respond to the following First Set of Requests for Admission within thirty (30) days after the date of service hereof.

**DEFINITIONS**

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference.

2. The term "SNMP Research" means SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them.

3. The terms "You," "Your," and "Extreme" means Extreme Networks, Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

4. The term "Brocade" means Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

5. The term "Broadcom" means Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

6. The term "License Agreement" shall mean the License Agreement, dated March 10, 2001, as amended, between Brocade Communications Systems LLC and SNMP Research International, Inc.

7. The term "SNMP Research Software" means any of the following: (i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof.

8. The term "Source Code" means documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

9. The term "Derivative Work" means (i) any program or documentation in Source Code form or binary form which (A) has been or is developed by Extreme through the use of SNMP Research Software, or (B) includes any features, provisions, algorithms, or other portions of SNMP Research Software, or (ii) derivative works as defined in the Copyright Act.

10. The unqualified term "Person" shall mean an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, business association, or governmental entity.

11. The term "Product" means each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services.

12. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests for admission any information or document that might otherwise be construed to be outside its scope.

13. References to the plural shall include the singular; references to the singular shall include the plural.

14. References to the feminine shall include the masculine; references to the masculine shall include the feminine.

Page **3** of **14**
1864177
Case 3:20-cv-00451-CEA-DCP   Document 96-8   Filed 10/04/21   Page 4 of 15   PageID #: 3475

15. The requests below incorporate the above definitions without regard to the capitalization used in connection with the terms defined unless otherwise specified in each respective request.

**INSTRUCTIONS**

1. A request should not be limited to a specific time frame unless specifically so stated in the request.

2. In answering these requests, please furnish all information, however obtained, including hearsay which is available to You, and information known by or in the possession of any parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor, and any of Your or their present or former officers, directors, agents, servants, employees, attorneys, representatives, and those Persons in active concert or participation with, or acting or purporting to act on its (or their) behalf.

3. If You contend that the answer to any request is privileged or otherwise immune from discovery in whole or in part, please describe in detail all facts supporting such privilege or immunity, and describe each Person having knowledge of the factual basis upon which the privilege or immunity is asserted.

4. If You object to any portion or subpart of any request or object to providing certain information requested, state Your objection, basis for objection, specifically Identify the respect in which the request is allegedly objectionable, and answer any unobjectionable portion(s) or subpart(s) of the request for information and/or supply the unobjectionable information requested.

5. In their motion to dismiss that Extreme joined, Brocade Communications Systems LLC and Broadcom Inc. represented that "Broadcom Inc. is a parent holding company and not a

sales operating entity, and thus does not sell or engage in any Product development containing the software at issue in this case . . . ." Dkt. 40-1 at 10. In all requests below which refer to Broadcom, the requests seek information that includes Broadcom Inc. as well as any entity that Broadcom Inc., as a purported "holding company," holds any interest, direct or indirect, and any company which Broadcom Inc. serves as a direct or indirect "parent." When responding to any request in which a complete and truthful answer would encompass any such entity(ies), please include and Identify the entity(ies).

## REQUESTS FOR ADMISSION

**REQUEST NO 1:**

Admit You received SNMP Research Software.

**REQUEST NO 2:**

Admit You received Version 16.2.0.9 of SNMP Research Software.

**REQUEST NO 3:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Your Products.

**REQUEST NO 4:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Products that shipped between July 25, 2019 and the present date.

**REQUEST NO 5:**

Admit SNMP Research Software was compiled and linked into Your Products.

**REQUEST NO 6:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products.

**REQUEST NO 7:**

Admit SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**REQUEST NO 8:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**REQUEST NO 9:**

Admit SNMP Research Software was shipped in Your Products.

**REQUEST NO 10:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products.

**REQUEST NO 11:**

Admit SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**REQUEST NO 12:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**REQUEST NO 13:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-718.

**REQUEST NO 14:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-772-248.

**REQUEST NO 15:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-250.

**REQUEST NO 16:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-956.

**REQUEST NO 17:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-158.

**REQUEST NO 18:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-954.

**REQUEST NO 19:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-157.

**REQUEST NO 20:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-958.

**REQUEST NO 21:**

Admit that You did not have SNMP Research's permission to receive any SNMP Research Software transferred to You after January 1, 2017.

**REQUEST NO 22:**

Admit that You asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to You.

**REQUEST NO 23:**

Admit that SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to You.

**REQUEST NO 24:**

Admit that, prior to the transfer taking place, You discussed with Broadcom the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**REQUEST NO 25:**

Admit that, prior to the transfer taking place, You discussed with Broadcom Inc. the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**REQUEST NO 26:**

Admit that Broadcom was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 27:**

Admit that Broadcom Inc. was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 28:**

Admit that Broadcom facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 29:**

Admit that Broadcom Inc. facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 30:**

Admit that Broadcom made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 31:**

Admit that Broadcom Inc. made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 32:**

Admit that Broadcom directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 33:**

Admit that Broadcom Inc. directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**REQUEST NO 34:**

Admit that Extreme distributes Products that contain SNMP Research Software nationwide.

**REQUEST NO 35:**

Admit that Extreme distributes Products containing SNMP Research Software to Tennessee.

**REQUEST NO 36:**

Admit that Extreme distributes Products containing SNMP Research Software to an area encompassing all or part of the East Grand Division of Tennessee.

**REQUEST NO 37:**

Admit that Extreme advertises or markets Products containing SNMP Research Software nationwide.

**REQUEST NO 38:**

Admit that Extreme has employees who work in the East Grand Division of Tennessee.

**REQUEST NO 39:**

Admit that Extreme has employees who are located in the East Grand Division of Tennessee.

**REQUEST NO 40:**

Admit that Extreme has agents who live in the East Grand Division of Tennessee.

**REQUEST NO 41:**

Admit that Extreme has agents who reside in the East Grand Division of Tennessee.

**REQUEST NO 42:**

Admit that Extreme has agents who are located in the East Grand Division of Tennessee.

**REQUEST NO 43:**

Admit that Extreme has agents who are found in the East Grand Division of Tennessee.

**REQUEST NO 44:**

Admit that You are relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**REQUEST NO 45:**

    Admit that You are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

Page **11** of **14**
1864177
Case 3:20-cv-00451-CEA-DCP   Document 96-8   Filed 10/04/21   Page 12 of 15   PageID #: 3483

# VERIFICATION OF RESPONSES

**STATE OF** _____ )

**COUNTY OF** _____ )

    I, _____, after being duly sworn and authorized on behalf of Extreme Networks, Inc., state that it is a Defendant in this lawsuit before the United States District Court for the Eastern District of Tennessee and that the foregoing Answers to SNMP Research's First Set of Requests for Admission are true and correct.

                                       Extreme Networks, Inc.

                                       By: _____

                                       Its: _____

Sworn to and subscribed before me, on this _____ day of _____, 2020.

                                       _____
                                       NOTARY PUBLIC

My Commission Expires: _____

Respectfully submitted this 26th day of December, 2020.

          By:    /s/ John L. Wood
                  John L. Wood, Esq. (BPR #027642)
                  Cheryl G. Rice, Esq. (BPR #021145)
                  Rameen J. Nasrollahi, Esq. (BPR #033458)
                  EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
                  900 S. Gay Street, Suite 1400
                  P.O. Box 2047
                  Knoxville, TN 37902
                  (865) 546-0500 (phone)
                  (865) 525-5293 (facsimile)
                  jwood@emlaw.com
                  crice@emlaw.com
                  rnasrollahi@emlaw.com

                  Morgan Chu (CA Bar. No. 70446)
                  David Nimmer (CA Bar. No. 97170)
                  A. Matthew Ashley (CA Bar. No. 198235)
                  Olivia L. Weber (CA Bar. No. 319918)
                  IRELL & MANELLA LLP
                  1800 Avenue of the Stars, Suite 900
                  Los Angeles, California 90067-4276
                  (310) 277-1010 (phone)
                  (310) 203-7199 (facsimile)
                  mchu@irell.com
                  dnimmer@irell.com
                  mashley@irell.com
                  oweber@irell.com

                  Attorneys for Plaintiffs

                  SNMP Research International, Inc.

                  SNMP Research, Inc.

Page **13** of **14**
1864177
Case 3:20-cv-00451-CEA-DCP   Document 96-8   Filed 10/04/21   Page 14 of 15   PageID #: 3485

CERTIFICATE OF SERVICE

      I hereby certify that on this the 26th day of December, 2020, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

/s/ <u>Olivia L. Weber</u>

Page **14** of **14**
1864177
Case 3:20-cv-00451-CEA-DCP   Document 96-8   Filed 10/04/21   Page 15 of 15   PageID #: 3486