# EXHIBIT I

**Weber, Olivia**

| | |
|---|---|
| **From:** | Demers, Leslie A <Leslie.Demers@skadden.com> |
| **Sent:** | Thursday, July 22, 2021 7:22 PM |
| **To:** | Weber, Olivia; Feirman, Jordan; Patrick, Andrew K; Neukom, John (Jay) |
| **Cc:** | Ashley, Matt; 'John L. Wood'; 'Cheryl G. Rice'; 'Alison Plessman'; Salvatore Bonaccorso |
| **Subject:** | RE: Meet and Confer (SNMP) |
| **Attachments:** | Extreme - First Supplemental Objections to SNMP Research, Inc.'s First Set of RFAs.pdf; Extreme - First Supplemental Objections to SNMP Research, Inc.'s First Set of RFPs.pdf; Extreme - First Supplemental Objections to SNMP Research, Inc.'s First Set of ROGs.pdf; Extreme - First Supplemental Objections to SNMP Research, Inc.'s Second Set of RFPs.pdf |

Hi Olivia,

Further to my email below, please see attached.

Best,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Demers, Leslie A (NYC)
**Sent:** Thursday, July 22, 2021 1:19 PM
**To:** 'Weber, Olivia' <oweber@irell.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: [Ext] RE: Meet and Confer (SNMP)

Hi Olivia,

This exchange, unfortunately, does not seem productive to us. On the issue of source code: SNMP has alleged that it has copyright interests in particular, registered selections of source code. And yet those of us defending Extreme Networks don't even have copies of that those particular, registered, allegedly copyrighted works. We literally do not have that source code. We don't know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint.

We keep trying to find compromise solutions that would enable some reasonable discovery to occur—against the backdrop that SNMP is asserting infringement of a selection of particular, registered, copyrighted works, and yet so far has not disclosed the contents of any such works to Extreme's counsel. Along those lines, we suggested a possible solution that SNMP could actually produce the contents of the registered works to counsel for Extreme (which continues to seem to us like a painfully obvious and sensible solution). We understand that SNMP is not currently willing to do that.

As to the updated discovery responses, we were hoping that reasonableness would prevail here. Since we committed to serving updated discovery responses today, the parties have continued to meet and confer and are currently mid-stream in ongoing negotiations over the issue(s) that SNMP has identified as being most important for the next steps of

discovery and that would, undoubtedly, impact Extreme's updated discovery responses. But we infer from your email that SNMP would like to "make hay" out of the idea that Extreme committed to producing updated responses today and yet didn't thereafter follow-through. Given that, we will serve updated discovery responses later today.

It's not likely that those responses will be warmly received by SNMP's counsel, given that they will largely commemorate the parties' ongoing and as-of-today unsettled negotiations over issues arising from (for example) SNMP's refusal so far to disclose the actual contents of what it alleges are infringed works. But you're right that we committed to serving updates today, and in light of the tenor of SNMP's most recent correspondence on discovery issues, we will make good on that.

Thanks,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, July 22, 2021 11:05 AM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** [Ext] RE: Meet and Confer (SNMP)

Hi Leslie,

Our allegation is that Extreme possesses, uses and distributes SNMP Research software which contains SNMP's copyrighted source code, and that the SNMP Research source code that Extreme possess, uses and distributes has been registered with the copyright office. Your client has confirmed that it is in possession of SNMP Research's copyrighted source code. Your client went so far as to confirm that SNMP Research's copyright notice is present in the source code. If counsel for Extreme does not have access to the alleged copyrighted source code it is only because your client has not provided it to you. We understand that you may want to challenge the validity of SNMP Research's copyright and may request additional source code from SNMP to perform that verification but that is wholly different from a claim that you do not have copies of the alleged copyrighted source code.

We are quite surprised that Extreme is backing away from its promise to produce supplemental responses to the discovery today. We have held off negotiating specific discovery issues with Extreme because several weeks ago you committed to providing supplemental responses that would be much "less annoying" (your words) than your previous responses. You offered to do so within 2 weeks; i.e. by today, and based upon those representations, we agreed during our first meet and confer call after Judge Poplin's ruling that we would wait for your supplemental responses to make any negotiations more efficient. Even yesterday you told us Extreme would provide supplemental responses today. We encourage you to send the responses as you promised so we can continue our negotiations. In the absence of your supplemental responses we are not sure what you think we are actively negotiating.

Best,

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Wednesday, July 21, 2021 3:21 PM
**To:** Weber, Olivia <oweber@irell.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K

<[Andrew.Patrick@skadden.com](mailto:Andrew.Patrick@skadden.com)>; Neukom, John (Jay) <[John.Neukom@skadden.com](mailto:John.Neukom@skadden.com)>
**Cc:** Ashley, Matt <[MAshley@irell.com](mailto:MAshley@irell.com)>; John L. Wood <[JWood@emlaw.com](mailto:JWood@emlaw.com)>; Cheryl G. Rice <[CRice@emlaw.com](mailto:CRice@emlaw.com)>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

Thanks for your message last week and your time on the recent meet and confers. Below are two brief remarks in response to your summary of the meet and confer, and a comment on the process for supplementing Extreme's objections to SNMP's discovery responses:

1. With regard to the options for defining SNMP Research Software, I refer you to my email below. We are open to hearing any ideas you may have to tie the definition to the universe of alleged copyrights that are actually asserted in this case, and are considering your proposal from last Thursday (more on that below). We are not claiming and have not claimed that a SNMP code production is a necessary first step in defining the term.

2. With regard to copies of the alleged copyrights, as we explained on the meet and confer, SNMP has brought a lawsuit in federal court and so pre-litigation discussions are beside the point. You have not provided us – counsel to Extreme – with copies of the alleged copyrighted source code.

3. Finally, as I mentioned today, we are continuing to consider your proposal to respond to Interrogatory No. 1 (and the requests depending on this interrogatory) for the products identified in paragraph 49 of the Complaint. As we continue to consider your proposal, we are now thinking it would be more efficient and would lead to more meaningful responses to continue negotiating on this than to serve a supplement tomorrow, while the negotiations are ongoing. If we were to serve the supplement tomorrow, that would commemorate that the parties are actively negotiating the subject matter. I recognize that we confirmed earlier that we planned to serve tomorrow, but we were encouraged by the meet and confer today and are hopeful that we can find a workable solution here that would enable more substantive responses. That said, I can confirm that Extreme does not object to the production of an unredacted copy of the August 2019 letter in response to Request for Production No. 70.

Please let us know if you have objections to this approach.

Best,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
[T: +1.212.7353493](tel:+12127353493) | [F: +1.917.777.3493](tel:+19177773493)
[leslie.demers@skadden.com](mailto:leslie.demers@skadden.com)

**From:** Weber, Olivia <[oweber@irell.com](mailto:oweber@irell.com)>
**Sent:** Wednesday, July 14, 2021 4:19 PM
**To:** Demers, Leslie A (NYC) <[Leslie.Demers@skadden.com](mailto:Leslie.Demers@skadden.com)>; Feirman, Jordan (NYC) <[Jordan.Feirman@skadden.com](mailto:Jordan.Feirman@skadden.com)>; Patrick, Andrew K (NYC) <[Andrew.Patrick@skadden.com](mailto:Andrew.Patrick@skadden.com)>; Neukom, John (Jay) (PAL) <[John.Neukom@skadden.com](mailto:John.Neukom@skadden.com)>
**Cc:** Ashley, Matt <[MAshley@irell.com](mailto:MAshley@irell.com)>; John L. Wood <[JWood@emlaw.com](mailto:JWood@emlaw.com)>; Cheryl G. Rice <[CRice@emlaw.com](mailto:CRice@emlaw.com)>
**Subject:** [Ext] RE: Meet and Confer (SNMP)

Hi Leslie,

We understood Extreme's position to be that it would not agree to a definition of "SNMP Research Software" unless and until Extreme received code production from SNMP of the "full universe" of SNMP Research Software. If you are proposing another option, please let us know what that is. Indeed, we endeavored to explore whether there were other ways of resolving Extreme's objection to the "SNMP Research Software" definition during our meet and confer, but each of our proposals was rejected. Accordingly we stated that while this approach was not Extreme's approach in prior

discussions, we would consider Extreme's proposal and discuss it with our client—although our strong preference would be to start with a mutual exchange of code.

Your statement that "we as counsel for a defendant don't even have a copy of the asserted copyrighted works" is simply wrong. Extreme has already conducted a search for SNMP Research Software, and Extreme has confirmed that it has SNMP Research Software in its possession. The SNMP Research Software in Extreme's possession is a copyrighted work of SNMP Research and is the very same software underlying this case. On the call Extreme asked for all of the SNMP Research Software in existence in order to perform a copyright analysis of the SNMP Research Software in its possession. Of course, Extreme is entitled to perform an analysis but not as a condition to Extreme answering any interrogatories related to the SNMP Research Software in its possession or producing the SNMP code in its possession. As we noted during the call, SNMP should not have to prove its copyright claim before it is entitled to receive discovery.

Moreover, as to the July 22 production date, Jay independently offered to serve responses/objections on July 22 and stated that once Brocade and Broadcom served their own updated responses, the right way to move forward would be to have the "group meet and confers" to hash out remaining issues. The July 22 production was not conditioned on holding group meet and confers first, although we have no problem with your joining the meet and confer with Brocade and Broadcom tomorrow. Please note that the call will be transcribed. I'll forward a dial-in shortly.

Best,

Olivia
(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Wednesday, July 14, 2021 7:54 AM
**To:** Weber, Olivia <oweber@irell.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

Thanks for your message, and for endeavoring to limit your note to the more significant points of discussion. We, too, will attempt to limit our response – though we do feel compelled to set the record straight on two points:

1. We agree that we floated July 22 as the date by which we will supplement our responses to your first and second set of discovery requests, provided that this date works with a joint meet and confer process. But we did not commit to "reduce the number of objections." To the contrary, we framed the call at the outset by not agreeing to make concessions from our written positions on the fly.

2. With regard to the definition of SNMP Research Software, we regret that our attempt at clarity seems to have failed, as we have a very different recollection of our positions. I won't summarize SNMP's position, as we see little value in that exercise. The principal aspects of Extreme's position follow:

    a) We stand by our objections that we detailed in writing before as to the improper vagueness, breadth, etc. of SNMP's proposed definition.
    b) If we were to define SNMP Research Software, we would define that as the copyrighted works asserted as infringed in the Complaint by the products identified in the Complaint.
    c) We were and are willing to negotiate on the definition. As one possible solution to getting greater specificity on the term – not as some kind of be-all and end-all demand – we explained that SNMP could choose to produce the source code that it considers to constitute SNMP Research Software. This would avoid the issues attendant

with describing code by name or categories, such as the impracticality of conducting searches for production. Of course, as counsel for a defendant in a copyright infringement lawsuit, we would not be willing to agree to a simultaneous production of code without clarity as to the asserted copyrighted code. This is a copyright infringement lawsuit. As of today, we as counsel for a defendant don't even have a copy of the asserted copyrighted works. From our perspective, it makes good sense that providing us with copies is a first step.

We understand that there is a meet and confer with Broadcom/Brocade tomorrow, and we plan to attend. Please forward the dial in when convenient.

Best,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, July 9, 2021 11:28 AM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** [Ext] RE: Meet and Confer (SNMP)

Hi Leslie,

I am following-up regarding yesterday's meet and confer. Rather than summarize everything we discussed, I've simply noted the most significant points of discussion.

The parties discussed the protective order, and Extreme acknowledged that it has signed off on the substance of the non-source code provisions, although it is waiting on Broadcom and Brocade before agreeing to file. We stated that we will circulate the revised source code provisions with a few edits, and the parties all agreed that it made sense to combine the source code and non-source code provisions and file those in a single document, ideally sometime next week.

At the beginning of the call, Extreme stated that it would provide updated responses that would reduce the number of objections within 14 days of the meet and confer, so by July 22.

We also discussed, at length, the definition of "SNMP Research Software." Extreme would not agree to a definition of the term until SNMP produces the code that it believes constitutes the "SNMP Research Software." Extreme proposed that after SNMP's production of source code the parties can come to an agreement about which code are the registered versions asserted with the complaint, and which versions came before or after that. Only after that analysis would Extreme be willing to produce certain portions of source code in its possession. We suggested a simultaneous exchange of source code so that both parties can perform an analysis at the same time. Extreme refused to agree to exchange its own source code at the same time so that SNMP could inspect it simultaneously.

We thank you for your clarity on the call. As stated, we are reviewing Extreme's request with our client, although we are reluctant to agree to a one-sided production of code.

Best,

Olivia
(949) 760-5146

5

**From:** Weber, Olivia
**Sent:** Saturday, July 3, 2021 9:20 AM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Leslie,

Yes, that works for us. I will circulate an invite.

Best,

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Friday, July 2, 2021 5:55 PM
**To:** Weber, Olivia <oweber@irell.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

Apologies for the delay. We can make ourselves available earlier in the week – would Thursday at 2 PM ET work for you?

Thanks again,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, July 2, 2021 7:43 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** [Ext] RE: Meet and Confer (SNMP)

Hi Leslie,

I'm just following up on the times below and your team's availability. Thank you.

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia
**Sent:** Thursday, July 1, 2021 3:39 PM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Leslie,

Can you please let us know if you have any availability earlier in the week? We are free after 2 PM Eastern on July 6 and anytime on July 7.

Best,

Olivia
(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, July 1, 2021 2:53 PM
**To:** Weber, Olivia <oweber@irell.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

With many apologies for the late notice, we unfortunately need to reschedule tomorrow's meet and confer. Please let us know your availability next Friday (7/9) for a rescheduled meet and confer. We are available anytime from 11 AM PT onward.

We appreciate your accommodation for this, and again, our apologies.

Thanks,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Saturday, June 26, 2021 3:46 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** [Ext] RE: Meet and Confer (SNMP)

Thanks, Leslie. I will circulate a dial-in.

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Friday, June 25, 2021 6:36 PM
**To:** Weber, Olivia <oweber@irell.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>; Patrick, Andrew K <Andrew.Patrick@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

We are available at 3 PM ET on July 2.

Best,
Leslie

Leslie A. Demers
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, June 25, 2021 6:40 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>; Patrick, Andrew K (NYC) <Andrew.Patrick@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** [Ext] Meet and Confer (SNMP)

Counsel,

In light of Judge Poplin's order and her direction to meet and confer, please let us know if you are available to meet and confer next week on July 2 (any time) regarding Extreme's objections to Plaintiff's first and second sets of discovery.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================