# EXHIBIT J

# Weber, Olivia

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Tuesday, August 3, 2021 1:53 PM |
| **To:** | Alison Plessman; Salvatore Bonaccorso; Demers, Leslie A |
| **Cc:** | Ashley, Matt; jwood@emlaw.com; crice@emlaw.com |
| **Subject:** | RE: Meet and Confer (SNMP) |

Hi Alison and Leslie,

I am following up on our meet and confer last week. Below is a summary of our discussion.

The parties first discussed the protective order. Alison sent her written comments to us during the call. We discussed two of Broadcom's edits at a high level: (i) the inclusion of source code in the OCEO designation, and (ii) the revision not to include entities in the definition of "author." We explained our view that the inclusion of source code in the OCEO designation in addition to a separate designation for source code adds unnecessary complexity and confusion. Regarding the authorship revision, we explained that we simply want Dr. Case to have access to his own source code that is currently in Defendants' possession. We raised the possibility of removing the authorship edit but allowing the ability to dispute whether Dr. Case could review certain files on a per-file basis. Moreover, we noted that if files weren't authored by SNMP, they would not have an SNMP copyright notice/authorship designation in them. In order to allow for more fulsome review and consideration of Broadcom's edits, we set a call to further discuss them on August 4 at 1 p.m. Pacific.

Next, we asked whether Broadcom/Brocade had considered our product list proposal whereby, as a preliminary step and reserving all of SNMP's rights, Broadcom/Brocade could limit the products that are responsive to Interrogatory Number 1 to the list of product families identified in the complaint. Alison responded that that proposal makes sense for her clients, subject to not waiving arguments as to copyright infringement. Broadcom/Brocade will provide substantive responses to all requests within 30 days, by August 27. They will produce on a rolling basis beginning on that date, and we agreed that the parties will maintain open communication should Defendants have any questions regarding interpretation of the requests.

We also clarified that Broadcom/Brocade's responses should include the products listed in Paragraph 49 to the extent the requests address the Brocade products transferred to Extreme. (E.g., Broadcom Interrogatory 11.) We explained that it appears that the Brocade products transferred to Extreme retained the same product family names, post-transfer. Alison responded that she would discuss with Extreme and that providing responses based on Paragraph 49 (where applicable) would be workable.

Extreme also agreed to accept our preliminary product list proposal. Leslie explained that Extreme would be "proceeding lockstep" with Broadcom/Brocade, and so will serve amended substantive responses to all requests on August 27. Extreme reserved all rights, and by producing substantive responses its position is that it will not be conceding copyright infringement.

We asked Broadcom/Brocade whether they are prepared to answer the discovery requests relating to personal jurisdiction, or whether they were standing on their objections. Alison responded that they were prepared to answer the requests with substantive responses. She maintained that Broadcom is a holding company that does not do business. We asked whether we needed to discuss Broadcom/Brocade's other objections, for example, to plain terms like "marketed," "advertised," "sold," and Alison responded that such discussion was not necessary. If any confusion arises after the call, Broadcom/Brocade will maintain an open line of communication with us, and to the extent there is still lingering confusion after discussion, they will construe the terms as they understand them and make it clear that they are doing so in their amended responses.

We also asked Alison whether there is any confusion regarding Broadcom Requests for Production 88 and 89 and the organizational charts and corporate family tree identification documents that are the subject of those requests. Alison responded that she understands what those requests are asking for. But as one example, she noted that Broadcom/Brocade might dispute, on relevancy grounds, requests such as these that ask for "all" or "any" documents over a long period of years. We confirmed that the requests are governed by a time period starting at January 1, 2017 unless otherwise noted. We explained that we discussed with our clients Alison's request to limit the discovery requests to the date of alleged license termination (July 25, 2019) to the present, and that Plaintiffs do not intend to so limit our discovery requests. Plaintiffs' position is that relevancy is extremely broad for discovery purposes, and information, communications, and/or documents dated pre-termination are relevant to any number of issues in the case, including but not limited to breach, potential defenses, and personal jurisdiction. Alison responded that she expected the amended responses to be "fine" with the stated time frame and that Broadcom/Brocade would provide such responses, but if Broadcom/Brocade have specific problems with the January 1, 2017-present time frame for particular requests, they will state the problem in these responses and why they have restricted the time frame.

Alison, could you please let us know what requests, in particular, Broadcom/Brocade object to on the basis of time frame? We would like to clear this up now to the extent Broadcom/Brocade plans to withhold any documents on this basis.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Thursday, July 22, 2021 11:12 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Demers, Leslie A <Leslie.Demers@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** FW: Meet and Confer (SNMP)

Hi Alison,

I am following up on our meet and confer yesterday. First, we discussed whether Broadcom/Brocade have feedback on the protective order. We provided the latest copy of the non-source code provisions to you on June 28, and the latest copy of the source code provisions on July 13. (The non-source code provisions track what the parties have been negotiating since SNMP first circulated a draft in January. The source code provisions track the revised provisions that SNMP circulated on March 22, and include the bulk of Extreme's edits that SNMP received two days later.) On the call yesterday, Extreme confirmed that it does not have any edits and is waiting to see Broadcom's comments. You indicated that you had some, and that it was possible you could circulate those yesterday. We still have not seen any edits from you. Can you please confirm when we will receive those? We need to get the order on file so that we can move forward with production of confidential/sensitive material.

We also discussed SNMP's product list proposal, which would preliminarily limit the products responsive to Interrogatories 1 and 2 to the product families identified in the complaint. You indicated that you were probably fine with the proposal and expect that your clients will provide answers based on that. Extreme indicated that they were still considering SNMP's proposal regarding the product list, but regardless, Extreme intended to provide supplemental discovery responses today (July 22).

We asked when Broadcom/Brocade will provide amended discovery responses, but you could not give us an expected time frame and took the position that it would take less time to resolve the parties' discovery disputes than it would take to actually provide answers to the discovery requests. In light of the fact that we have been negotiating discovery

disputes for months now (since February 2021), on our call next week, we ask that you provide us with a deadline by which Broadcom/Brocade will provide amended discovery responses so that we do not have to burden the Court with this issue.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Tuesday, July 20, 2021 11:56 AM
**To:** 'Alison Plessman' <aplessman@hueston.com>; 'Salvatore Bonaccorso' <sbonaccorso@hueston.com>; 'Demers, Leslie A' <Leslie.Demers@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; 'jwood@emlaw.com' <jwood@emlaw.com>; 'crice@emlaw.com' <crice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison and Leslie,

I am following up on our joint meet and confer call. Below is a summary of the most significant points of discussion, agreement, and next steps.

We first discussed the protective order. We know of no issues from Extreme regarding the non-source code provisions or the source-code provisions in the protective order, and Extreme did not mention any on the call. Alison said Broadcom/Brocade will have some comments but we have not seen them yet.

We asked if Broadcom/Brocade are still standing behind their general objections. Alison indicated that other than the general objections related to Judge Poplin's order, Broadcom/Brocade think it is premature to waive any other general objections and to even discuss them at this point, as Broadcom/Brocade are not to the stage where they can state whether they are withholding documents based on the general objections.

In order to move discovery forward we suggested a compromise that, as a preliminary step and reserving all rights, Broadcom/Brocade would limit the products that are responsive to Interrogatory Number 1 to the list of product families identified in paragraph 64 of the complaint. We pointed out that many of the other discovery requests rely on the list of products identified pursuant to Rog 1, and therefore Broadcom/Brocade should be able to respond to those other requests if it agrees to a preliminary list of products responsive to Rog 1. SNMP is not waiving its rights to seek information and documents on additional products that are not presently identified in the product families listed in paragraph 64. Since Broadcom/Brocade already identified the products in paragraph 64 as containing SNMP Research Software, SNMP is requesting that based on that list, Broadcom/Brocade provide preliminary answers to Rog 1—and respond to all other requests that rely on the product list identified in response to Rog 1. The parties can continue to work on resolving the definitional issues that Broadcom is complaining about. Alison thought this could move discovery forward and agreed to check with her client and respond.

We also asked Extreme if they could move forward on a similar basis. Leslie is going to let us know.

Alison still has a concern that other requests use the broad definition of "Broadcom." She offered to initially respond to requests using only the entities named in the complaint. We encouraged her to do so as an initial step and reserving all rights.

**Rog 2**: We discussed Rog 2 (request to identify all "Partner Products"), and explained that we use the term "Partner Products" because Brocade ships many of its products through other OEMs under that OEM's brand. Alison clarified

whether what we are seeking is the products identified in Paragraph 64 sold under other brands, and we agreed to limit this definition of "Partner Products" as a preliminary step, and reserving all rights, so that production can begin.

**Rog 3**: Alison agreed that, once products are identified for Rogs 1 and 2, Rog 3 and other interrogatories requesting information about the products requested in Rogs 1 and 2 can be answered, subject to objections Broadcom/Brocade may have on specific pieces of information about the products. We clarified that the phrase "SNMP Research Products" is not a unique defined term, rather, "SNMP Research" is a defined term and "Products" is a defined term. Alison understood.

**Time Period:** Alison asked if we would consider shortening the time period governing the requests from January 1, 2017 to the date the Brocade license was terminated and we said we would review the requests to see if that makes sense.

**Simone Yew Letter (RFP 89 (Brocade), RFP 96 (Broadcom), RFP 70 (Extreme))**: We asked whether Defendants would be willing to produce an unredacted copy of this letter. Alison responded that Broadcom/Brocade is willing to provide one assuming that Extreme doesn't have an objection based on confidentiality provisions. We asked Extreme whether it had any remaining confidentiality objection. Leslie was not prepared to take a position.

**Rog 12**: This Rog requests all contracts or agreements between Broadcom and all third parties to which Broadcom has provided, sold, licensed, or transferred any or all (i) Products identified in response to Rog number 1 or 2 or (ii) SNMP Research Software. Alison thought this was too burdensome and sought sensitive material insofar as it sought <u>all</u> contracts/agreements with third parties. We clarified that "all contracts or agreements" is meant to be read with the qualifying conditions stated in Rog 12 (e.g., all Products and SNMP Research Software). Of course we are not seeking all agreements that Broadcom has ever made with a third party. Alison suggested changing "to which" to "through which," and we were fine with that.

**RFPs related to specific acquisition/divestiture agreements**: We discussed whether Broadcom/Brocade could respond to requests for specific docs, like Broadcom RFP 55 (all docs constituting the March 29, 2017 "Purchase Agreement" with Extreme, including any amendments to it). Alison agreed that to the extent RFP 55 and other similar RFPs concern the allegations in the Complaint, Broadcom/Brocade could give some response, but she would have to go back and check the agreement to see whether it is, in fact, relevant. We did not agree that she could make the determination about what is or isn't relevant, and we noted that the meaning of "relevant" is extremely broad.

**Next Steps:**
- We asked that Broadcom/Brocade submit responses that will narrow a lot of this down, so we know if there are any objections that still need to be worked through.
- Alison responded that the first step for her will be to talk to the clients about the Paragraph 64 proposal, which may require another follow-up call with us. Then when the parties agree as to Rog 1 and 2, it makes sense for Broadcom/Brocade to amend responses. We agreed to get back to Alison on the time period issue.
- Alison would not give us a firm date for responding on either the Paragraph 64 proposal or the amended responses.
- In light of Alison's response that the Paragraph 64 proposal may require another follow-up call, we set two calls. One for July 21st and then a longer call the following week on July 28th.
- Leslie will attend the calls too, given that they will be discussing the same proposal with Extreme.

Alison, can you please let us know when we can expect to see Broadcom/Brocade's edits to the protective order?

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia
**Sent:** Thursday, July 15, 2021 11:42 AM
**To:** 'Alison Plessman' <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Demers, Leslie A <Leslie.Demers@skadden.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison,

We hired a court reporter because we had a factual disagreement with you on a prior call that we did not have with Extreme. We did not hire a reporter for the purpose of landing sound bites for our motions to compel and we certainly do not want to have a meet and confer where you are primarily in listening mode. But we do not want to belabor the issue, so if you are saying that any attempt to transcribe the call will result in listening mode, then we agree to hold off on the court reporter for this call. We look forward to speaking shortly.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Thursday, July 15, 2021 8:13 AM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Demers, Leslie A <Leslie.Demers@skadden.com>
**Subject:** Re: Meet and Confer (SNMP)

Olivia,

I have never had a court reporter transcribe meet and confer discussions in any other case and things work out just fine - negotiating "on the record" does not facilitate compromise or understanding, it hinders it. We are going to have a lot of these calls and spending time trying to land sound bites for motions to compel will be counterproductive. You did not have a court reporter on your call with Extreme last week, and we do not consent to having a court reporter on this one. If you insist on having a court reporter, we will be primarily in listening and questioning mode so as to avoid the inefficiencies of our last call. We have limited time, so we can focus our discussion today on any changes or clarifications you are willing to make to your requests in light of our objections and oppositions. If you are not willing to withdraw, clarify, or limit the scope of any requests, you can let us know why and provide authority for your position. Your motions to compel did not cover specific requests in any detail (nor did SNMP provide that detail on our prior meet and confer call), so we need a better understanding of your position on each request before deciding whether and/or how we will amend our responses.

Thanks,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542

aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, July 15, 2021 6:58 AM
**To:** Alison Plessman; Salvatore Bonaccorso
**Cc:** Ashley, Matt; jwood@emlaw.com; crice@emlaw.com; Demers, Leslie A
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison,

We look forward to receiving your edits to the Protective Order so we can wrap that up.  The last meet and confer demonstrated why we need an accurate record of what occurs on the call.  Your objection is noted, but we plan to have a court reporter on the call to avoid any confusion.  SNMP will cover the cost of the court reporter.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Thursday, July 15, 2021 1:17 AM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com; Demers, Leslie A <Leslie.Demers@skadden.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Olivia,

We will be sending some edits to the Proposed Protective Order.  We do not agree to having a court reporter transcribe the call tomorrow.  This will be a routine but lengthy meet and confer call, and having a court reporter on such calls is counterproductive (as our last meet and confer call clearly demonstrated).

Thanks,
Alison


**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, July 14, 2021 7:06 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison,

I am following up regarding our meet and confer call tomorrow. With respect to the protective order, please let us know if Broadcom/Brocade have any feedback. If there are any outstanding issues, we'd like to get those resolved before then. If not, we will plan to discuss any remaining issues during the call.

With respect to both sets of discovery and Broadcom/Brocade's objections, it is our intent to engage in dialogue with you in an effort to work through your remaining objections during our call. To that end, we'd like to discuss (1) the general objections, including whether/to what extent each of these are still in play after the Court's order, as well as (2) the specific objections, which include, among other things, objections to the entity definitions (e.g., "SNMP Research Software") as well as the privilege/protection objections (e.g. joint defense privilege, right to privacy, tax privilege, etc.). Each side has explained its positions in the motion to compel papers previously filed, so we expect to focus on those positions (whichever ones remain) and look forward to the conversation as an opportunity to resolve as much as possible. We also plan to arrange for a court reporter to transcribe the call.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Wednesday, July 7, 2021 4:33 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Meet and Confer (SNMP)

Thanks, Alison. I will update the invite.

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, July 7, 2021 3:02 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** Re: Meet and Confer (SNMP)

Sorry, Olivia. Yes, we can move the meet and confer. My internet is a bit spotty, so I will look at the protective order when I get back this weekend. I expect that we should be able to finalize it next week.

**Alison Plessman**
_____
**HUESTON HENNIGAN LLP**
D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, July 7, 2021 10:16:54 AM
**To:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Alison Plessman <aplessman@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com <jwood@emlaw.com>; crice@emlaw.com

<crice@emlaw.com>
**Subject:** RE: Meet and Confer (SNMP)

Hi Salvatore,

I am checking in with you regarding my email below, given that Alison is out of the country until July 10. Can you please let us know whether we can move our meet and confer call from July 13 to Thursday, July 15, at 12:15pm Pacific? Later that day works too if needed.

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia
**Sent:** Monday, July 5, 2021 3:06 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison,

We have a scheduling conflict on July 13—could you please let us know whether we can move the meet and confer call to Thursday, July 15, at 12:15pm Pacific? Later that day would work too if needed.

Best,

Olivia

**From:** Weber, Olivia
**Sent:** Wednesday, June 30, 2021 8:16 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** RE: Meet and Confer (SNMP)

Hi Alison,

Thanks, let's do July 13 at 2:45 pm Pacific. I'll circulate a dial-in.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, June 29, 2021 9:04 AM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; jwood@emlaw.com; crice@emlaw.com
**Subject:** Re: Meet and Confer (SNMP)

Hi Olivia -

8

Welcome back. I'll be out of the country on July 2 and won't be back until July 10. I could do July 13 after 2:30 pm if that works for you.

Thanks,
Alison

**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, June 25, 2021 3:40:28 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** mashley@irell.com <mashley@irell.com>; jwood@emlaw.com <jwood@emlaw.com>; crice@emlaw.com <crice@emlaw.com>
**Subject:** Meet and Confer (SNMP)

Counsel,

In light of Judge Poplin's order and her direction to meet and confer, please let us know if you are available to meet and confer next week on July 2 (any time) regarding Broadcom's objections to Plaintiff's first and second sets of discovery.

Best,

Olivia

**Olivia Weber** | Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.