# EXHIBIT M

John M. Neukom
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Leslie A. Demers
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------- x
: 
SNMP RESEARCH, INC. and SNMP RE- : Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC., :
:
Plaintiffs, :
: **EXTREME NETWORKS, INC.'S
v. : SECOND SUPPLEMENTAL
: RESPONSES AND
BROADCOM INC.; BROCADE COMMUNI- : OBJECTIONS TO SNMP
CATIONS SYSTEMS LLC; and EXTREME : RESEARCH, INC.'S SECOND SET
NETWORKS, INC., : OF REQUESTS FOR THE
: PRODUCTION OF DOCUMENTS
Defendants. :
:
------------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to Plaintiff SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMP" or "Plaintiffs") Second Set of Requests for Production to Extreme

Networks, Inc., dated January 29, 2021 (the "Requests") as follows:

# GENERAL OBJECTIONS

1.	Extreme provides this supplement pursuant to the ruling in the Court's recent Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.)  To be clear, by providing this supplement and negotiating discovery with SNMP, Extreme is not waiving and expressly reserves its defenses.

2.	Objection to a specific request does not imply, and should not be construed as an acknowledgement, that documents responsive to that request exist.

3.	Extreme objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.	Extreme objects to the Requests to the extent that they call for the production of documents subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

5.	Extreme objects to the Requests to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials.  Extreme

further notes that production of any confidential or non-public materials shall only be made pursuant to a stipulated protective order.

6. Extreme objects to the Requests to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

7. Extreme objects to the Requests to the extent that they call for documents or information not in Extreme's possession, custody, or control. Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

8. Extreme objects to the Requests to the extent that they are unnecessarily duplicative and cumulative (including with other discovery requests previously served on Extreme by Plaintiffs), and seek documents that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

9. Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on its behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

10. Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1, ECF No. 1 at 7), and further that determining precisely what the

allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession. Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and "licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

11. In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Extreme through the United States Copyright Office, and counsel for SNMP has not provided counsel for Extreme with copies of the allegedly copyrighted works being asserted in this case. As of today, counsel for Extreme does not know the contents of the registered, allegedly copyrighted works at issue in this case. Extreme does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.) Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Extreme's counsel is unable to responsibly respond to Requests that implicate this definition at this time and as drafted.

12. Nevertheless, and in an effort to move forward with discovery despite this improper definition, Extreme accepts SNMP's proposal during meet and confers that limits discovery at this time to the products identified in paragraph 49 of the Complaint. Specifically, Extreme accepts SNMP's proposal to respond to Interrogatory No. 1 for the products identified in paragraph 49 of the Complaint and other Requests that depend upon Interrogatory No. 1. For such products, Extreme will provide responsive information, including with respect to alleged

4

SNMP source code that Extreme received in connection with its acquisition of Brocade's data center switching, routing and analytics business.

13. Extreme objects to the proposed definitions of other terms for the reasons set forth in Extreme's prior objections to Plaintiffs' various discovery requests.  However, insofar as those additional defined terms are not actually utilized in any of the pending specific Requests themselves, the prior objections to those terms are merely incorporated herein by reference for purposes of efficiency.

14. Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to the use of any documents in any aspect of this action, and (b) supplement, clarify, revise, or correct any or all of responses.

15. Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

16. Responsive materials, if any, are being withheld based on Extreme's objections set forth herein.

17. Discovery is ongoing and Extreme may make multiple productions in response to any given Request.

18. Extreme has not completed its investigation or discovery with respect to the information and facts that may be discoverable or relevant in this action.  Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as its investigation proceeds.

5

19. Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response shall not be construed as a limitation or waiver of any General Objection or any other specific response made herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, and without waiver, modification, or limitation thereof, Extreme's responses and objections to the Requests are set forth below.

**DOCUMENT REQUEST NO. 68:**

All Documents that give Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to Extreme to exploit certain SNMP software allegedly at issue in this litigation. This Request further appears (improperly) to be more akin to a contention interrogatory concerning an ultimate merits issue in the case masquerading as a request for the production of documents.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 68:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further states that it understands through meet and confers that SNMP agrees to the following scope for Request No. 68: "All Documents

6

on which Extreme intends to rely to support claims or defenses, if any, that it has acquired from SNMP Research or another party rights to use, copy, license, sell, transfer, prepare derivative works of, or distribute the software."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, on which Extreme intends to rely to support claims or defenses, if any, that it has acquired from SNMP Research or another party rights to use, copy, license, sell, transfer, prepare derivative works of, or distribute the software. For clarity, Extreme does not waive any right to rely on documents in this case that were not produced or that were not responsive to these requests.

**DOCUMENT REQUEST NO. 69:**

All Documents that give consultants or contractors of Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to "consultants or contractors of Extreme" to exploit software allegedly at issue in this litigation. Extreme further objects to this Request insofar as Extreme does not understand what "consultants or contractors" Plaintiffs believe they are referring to, or what relevance any such individuals would have to the matters set forth in the Complaint. If Plaintiffs

7

have any specific allegations concerning particular "consultants or contractors" that they believe are at issue, Plaintiffs can specify them, and Extreme can determine whether such allegations are fairly subsumed within Plaintiffs' Complaint in this action.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 69:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further states that it understands through meet and confers that SNMP agreed to the following scope for Request No. 69: "All Documents on which Extreme intends to rely to support claims or defenses, if any, that a third party with which Extreme has contracted or partnered to develop or distribute Extreme products incorporating [SNMP Research Software] has independently acquired rights from SNMP Research or another party to utilize or exploit such [SNMP Research Software] in connection with the Extreme products."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**DOCUMENT REQUEST NO. 70:**

An unredacted version of the letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Pending entry of an appropriate protective order, and resolution of the General Objections (in particular the aforementioned objection to the propriety of all Requests due to the

pending discovery posture and motions), Extreme would have no additional objection to this Request to the extent that it is seeking non-privileged or otherwise unprotected information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 70:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, an unredacted version of the "letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019."

Dated: August 27, 2021

                        **SKADDEN, ARPS, SLATE,**
                          **MEAGHER & FLOM LLP**

By:   /s/ John M. Neukom
      John M. Neukom
      515 University Avenue, Suite 1400
      Palo Alto, California 94301
      (650) 470-4500
      john.neukom@skadden.com

      Jordan A. Feirman
      Leslie A. Demers
      One Manhattan West
      New York, NY 10001
      (212) 735-3000
      jordan.feirman@skadden.com
      leslie.demers@skadden.com

      *Attorneys for Extreme Networks, Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Second Supplemental Responses Objections to SNMP Research, Inc.'s Second Set of Requests for Production was served via email on this 27th day of August, 2021 upon counsel of record for Plaintiffs.

                                            /s/ John M. Neukom
                                              John M. Neukom