# EXHIBIT N

John M. Neukom
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Leslie A. Demers
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------- x
                                                           :
SNMP RESEARCH, INC. and SNMP RE-          :          Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,               :
                                                           :
          Plaintiffs,                                 :
                                                           :
          v.                                          :          **EXTREME NETWORKS, INC.'S**
                                                           :          **SECOND SUPPLEMENTAL**
                                                           :          **RESPONSES AND**
BROADCOM INC.; BROCADE COMMUNI-  :          **OBJECTIONS TO SNMP**
CATIONS SYSTEMS LLC; and EXTREME    :          **RESEARCH, INC.'S FIRST SET OF**
NETWORKS, INC.,                                :          **REQUESTS FOR ADMISSION**
                                                           :
          Defendants.                                 :
                                                           :
---------------------------------------------------------- x

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMP" or "Plaintiffs") First Set of Requests for Admission to Extreme

Networks, Inc., dated December 26, 2020 (the "Requests"), as follows:

## GENERAL OBJECTIONS

1.     Extreme provides this supplement pursuant to the ruling in the Court's recent Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.) To be clear, by providing this supplement and negotiating discovery with SNMP, Extreme is not waiving and expressly reserves its defenses.

2.     Objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exists.

3.     Extreme objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.     Extreme objects to the Requests to the extent that they call for the production of information subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

5.     Extreme objects to the Requests to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive materials. Extreme

2

further objects to the disclosure or production of any such information in the absence of a stipulated protective order.

6. Extreme objects to the Requests to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

7. Extreme objects to the Requests to the extent that they call for information not in Extreme's possession, custody, or control. Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

8. Extreme objects to the Requests to the extent that they are unnecessarily duplicative and cumulative (both internally and with other discovery requests served contemporaneously on Extreme by Plaintiffs), and seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

9. Extreme objects to the Requests as impermissibly compound and frequently confusing.

10. Extreme objects to the Requests to the extent that they are overly broad and unduly burdensome.

11. Extreme objects to the Requests to the extent that they seek documents or information that are already in the possession, custody, or control of Plaintiffs, or are as readily or more accessible to Plaintiffs as they are to Extreme.

12. Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not

3

under Extreme's control or authorized to act on its behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

13.     Extreme objects to the definition of "SNMP Research" as overly broad and ambiguous, including to the extent that it purports to include "Persons or entities . . . purporting to act on behalf" of either of Plaintiffs, as well as entities that would not have any relevance or bearing on issues in the current litigation.

14.     Extreme objects to the definitions of "Brocade" and "Broadcom" as overly broad and ambiguous, including to the extent that they purport to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either Brocade Communications Systems LLC or Broadcom Inc.  Extreme further has no knowledge of the entities in which Broadcom Inc. purportedly "holds any interest, direct or indirect, and any company which Broadcom Inc. severs as a direct or indirect 'parent.'"  (Instruction No. 5.)

15.     Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1, ECF No. 1 at 7), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright registrations, first may require fact or expert review of information in Plaintiffs' possession. Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and "licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

4

16.     In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Extreme through the United States Copyright Office, and counsel for SNMP has not provided counsel for Extreme with copies of the allegedly copyrighted works being asserted in this case.  As of today, counsel for Extreme does not know the contents of the registered, allegedly copyrighted works at issue in this case.  Extreme does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works.  The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint.  (ECF No. 1 at 7.)  Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Extreme's counsel is unable to responsibly respond to Requests that implicate this definition at this time and as drafted.

17.     Nevertheless, and in an effort to move forward with discovery despite this improper definition, Extreme accepts SNMP's proposal during meet and confers that limits discovery at this time to the products identified in paragraph 49 of the Complaint.  Specifically, Extreme accepts SNMP's proposal to respond to Interrogatory No. 1 for the products identified in paragraph 49 of the Complaint and other Requests that depend upon Interrogatory No. 1. For such products, Extreme will provide responsive information, including with respect to alleged SNMP source code that Extreme received in connection with its acquisition of Brocade's data center switching, routing and analytics business.

18.     Extreme objects to the definition of "Product" as overly broad, unduly burdensome, and ambiguous, including to the extent that it purports to concern products that are not alleged to be infringing Plaintiffs' copyrights in this action, products that are merely

5

associated with SNMP software, and/or products sold outside the United States. Extreme further objects to the definition to the extent it incorporates the objectionable term "SNMP Research Software" (discussed *supra*).

19. Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Interrogatories; and (b) supplement, clarify, revise, or correct any or all of its responses.

20. Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

21. Extreme has not completed its investigation or discovery with respect to the information and facts that may be discoverable or relevant in this action. Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as its investigation proceeds.

22. Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response shall not be construed as a limitation or waiver of any General Objection or any other specific response made herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, and without waiver, modification, or limitation thereof, Extreme's responses and objections to the Requests are set forth below.

**REQUEST FOR ADMISSION NO. 1:**

Admit You received SNMP Research Software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit You received Version 16.2.0.9 of SNMP Research Software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the

7

extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "insert[ing]," "add[ing]" or "incorporate[ing]" software into Extreme's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

8

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Products that shipped between July 25, 2019 and the present date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "insert[ing]," "add[ing]" or "incorporat[ing]" software into Extreme's products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to purported "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this

10

Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 5.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 8:**

        Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 6.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

        Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

        Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 9:**

        Admit SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to

12

have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

13

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 10.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-718.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

15

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-772-248.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

## REQUEST FOR ADMISSION NO. 15:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-250.

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

## REQUEST FOR ADMISSION NO. 16:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-956.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-158.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

18

Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-954.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-157.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-958.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You did not have SNMP Research's permission to receive any SNMP Research Software transferred to You after January 1, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague,

21

ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "permission," the "transfer" of software, and/or suggests that any "permission" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, prior to the transfer taking place, You discussed with Broadcom the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "the transfer" and the "terms" of any such transfer, and/or suggests that any "discuss[ion]" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, prior to the transfer taking place, You discussed with Broadcom Inc. the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

24

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

   In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 24.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

   Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

   Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.


**REQUEST FOR ADMISSION NO. 26:**

   Admit that Broadcom was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

   In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "involve[ment], directly or indirectly" in "the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Broadcom Inc. was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 26.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Broadcom facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "facilitat[ion]" of "the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Broadcom Inc. facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 28.

27

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Broadcom made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "affirmative efforts to support the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Broadcom Inc. made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 30.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Broadcom directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject

matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "direct[ing] the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Broadcom Inc. directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 32.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Extreme distributes Products that contain SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Extreme distributes Products containing SNMP Research Software to Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the

31

litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.  Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above.  Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

## REQUEST FOR ADMISSION NO. 36:

Admit that Extreme distributes Products containing SNMP Research Software to an area encompassing all or part of the East Grand Division of Tennessee.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.  Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Extreme advertises or markets Products containing SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

33

**REQUEST FOR ADMISSION NO. 38:**

Admit that Extreme has employees who work in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as vague and ambiguous to the extent it purports to concern employees who "work" in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Extreme has employees who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the

litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.  Extreme further objects to the use of "located in," and interprets "located" to mean "live in."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Extreme has agents who live in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.  Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "live."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.  Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Extreme has agents who reside in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "reside."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Extreme has agents who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.  Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would be "located."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above.  Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Extreme has agents who are found in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation.  Extreme has not contended that Extreme is not subject to the personal jurisdiction of

37

the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the terms "agents" and their allegedly being "found" in a particular location.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You are relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term "relying," and premature. Even to the extent that Extreme already had determined what documents it may "rely" or "not rely" on in connection with its claims or defenses in this action, it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

38

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, Extreme is unable to admit or deny the Request at this time. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term "relying," and premature. Even to the extent that Extreme already had determined what documents it may or may not "rely" on in connection with its claims or defenses in this action, it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, Extreme is unable to admit or deny the Request at this time. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

Dated:  August 27, 2021

                              SKADDEN, ARPS, SLATE,
                               MEAGHER & FLOM LLP

                         By:    /s/ John M. Neukom
                              John M. Neukom
                              515 University Avenue, Suite 1400
                              Palo Alto, California 94301
                              (650) 470-4500
                              john.neukom@skadden.com

                              Jordan A. Feirman
                              Leslie A. Demers
                              One Manhattan West
                              New York, NY 10001
                              (212) 735-3000
                              jordan.feirman@skadden.com
                              leslie.demers@skadden.com

                              *Attorneys for Extreme Networks, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Second Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Requests for Admission was served via email on this 27th day of August, 2021 upon counsel of record for Plaintiffs.

/s/ John M. Neukom
    John M. Neukom