# EXHIBIT K

John M. Neukom
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Leslie A. Demers
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RE-SEARCH INTERNATIONAL, INC., | : | Case No. 3:20-cv-00451-JRG-DCP |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **EXTREME NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES** |
| BROADCOM INC.; BROCADE COMMUNI-CATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------ x

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMP" or "Plaintiffs") First Set of Interrogatories to Extreme Networks,

Inc., dated December 26, 2020 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

1.    Extreme provides this supplement pursuant to the ruling in the Court's recent Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.)  To be clear, by providing this supplement and negotiating discovery with SNMP, Extreme is not waiving and expressly reserves its defenses.

2.    Objection to a specific interrogatory does not imply, and should not be construed as an acknowledgement, that information responsive to that interrogatory exists.

3.    Extreme objects to the Interrogatories to the extent they seek information that is not relevant to any party's claim or defense and/or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.    Extreme objects to the Interrogatories to the extent that they call for information subject to a claim of privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

5.    Extreme objects to the Interrogatories to the extent that they seek confidential and proprietary information, including but not limited to financial information and competitively sensitive business information, particularly where the marginal benefits of producing such information are outweighed by the burden of producing such highly sensitive

2

materials. Extreme further objects to the disclosure or production of any such information in the absence of a stipulated protective order.

6.     Extreme objects to the Interrogatories to the extent that they purport to impose discovery obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Tennessee.

7.     Extreme objects to the Interrogatories to the extent that they call for information not in Extreme's possession, custody, or control. Any responses to the Interrogatories will be construed to concern only such documents and information within Extreme's possession, custody, or control.

8.     Extreme objects to the Interrogatories to the extent that they are unnecessarily duplicative and cumulative (both internally and with other discovery requests served contemporaneously on Extreme by Plaintiffs), and seek information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, and/or less expensive.

9.     Extreme objects to the Interrogatories as impermissibly compound and frequently confusing, and improperly including multiple components in order to circumvent the limitation on the number of Interrogatories set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

10.     Extreme objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

11.     Extreme objects to the Interrogatories to the extent that they seek documents or information that are already in the possession, custody, or control of Plaintiffs, or are as readily or more accessible to Plaintiffs as they are to Extreme.

12.     Extreme objects to the Interrogatories to the extent that they seek "all" information sought in a particular Interrogatory, failing to describe the information being sought with reasonable particularity.

13.     Extreme objects to the definitions of "You," "Your," and "Extreme" as overly broad and ambiguous to the extent that they include entities and individuals that are not under Extreme's control or authorized to act on its behalf, including but not limited to purported "affiliated entities" or "Persons or entities . . . purporting to act on behalf of" Extreme, as well as entities that would not have any relevance or bearing on issues in the current litigation.

14.     Extreme objects to the definition of "SNMP Research" as overly broad and ambiguous, including to the extent that it purports to include "Persons or entities . . . purporting to act on behalf" of either of Plaintiffs, as well as entities that would not have any relevance or bearing on issues in the current litigation.

15.     Extreme objects to the definitions of "Brocade" and "Broadcom" as overly broad and ambiguous, including to the extent that they purport to include "affiliated entities" and "Persons or entities . . . purporting to act on behalf" of either Brocade Communications Systems LLC or Broadcom Inc.  Extreme further has no knowledge of the entities in which Broadcom Inc. purportedly "holds any interest, direct or indirect, and any company which Broadcom Inc. severs as a direct or indirect 'parent.'"  (Instruction No. 4.)

16.     Extreme objects to the definition of "SNMP Research Software" as overly broad, unduly burdensome, and ambiguous, including to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action (*e.g.*, in Table 1, ECF No. 1 at 7), and further that determining precisely what the allegedly infringed software is, and which software is subject to the purported copyright

4

registrations, first may require fact or expert review of information in Plaintiffs' possession. Extreme further objects to the definition insofar as it concerns software "provided by SNMP Research to Brocade" and "licensed by SNMP Research to Brocade," which concern alleged transactions to which Extreme was not a party and about which Extreme lacks direct knowledge.

17. In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Extreme through the United States Copyright Office, and counsel for SNMP has not provided counsel for Extreme with copies of the allegedly copyrighted works being asserted in this case. As of today, counsel for Extreme does not know the contents of the registered, allegedly copyrighted works at issue in this case. Extreme does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.) Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Extreme's counsel is unable to responsibly respond to Interrogatories that implicate this definition at this time and as drafted.

18. Nevertheless, and in an effort to move forward with discovery despite this improper definition, Extreme accepts SNMP's proposal during meet and confers that limits discovery at this time to the products identified in paragraph 49 of the Complaint. Specifically, Extreme accepts SNMP's proposal to respond to Interrogatory No. 1 for the products identified in paragraph 49 of the Complaint and other Interrogatories that depend upon Interrogatory No. 1. For such products, Extreme will provide responsive information, including with respect to al-

Case 3:20-cv-00451-CEA-DCP   Document 99   Filed 10/04/21   Page 6 of 29   PageID #: 3677

leged SNMP source code that Extreme received in connection with its acquisition of Brocade's data center switching, routing and analytics business.

19.     Extreme objects to the definition of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Extreme to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify"—*e.g.*, to state the "disposition[,] . . . date, by whom, and at whose direction" for documents that are not in Extreme's possession, to describe how actions "should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.  With respect to documents, Extreme would construe "identify" to mean to give, to the extent known, the:  (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) of the documents.  With respect to individuals, Extreme would construe "identify" to mean to give, to the extent known, the individual's full name, present or last known address, and the present or last known place of employment.

20.     Extreme objects to the definitions of "Product" and "Partner Product" as overly broad, unduly burdensome, and ambiguous, including to the extent that they purport to concern products that are not alleged to be infringing Plaintiffs' copyrights in this action, products that are merely "associated with" SNMP software, and/or products sold outside the United States.  Extreme further objects to the definitions to the extent they incorporate the objectionable term "SNMP Research Software" (discussed *supra*).  Extreme further objects to the definition of "Partner Product" as inscrutable and seeking irrelevant information; Extreme does not understand what Plaintiffs are seeking, and to the extent the term refers to products not

6

made or sold by Extreme, there is no basis to seek information concerning such products. Extreme further objects to the extent that the defined terms suggest that Extreme is in the business of separately providing SNMP source code or software to third parties.

21.     Extreme expressly reserves, and the responses to the Interrogatories shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Interrogatories; and (b) supplement, clarify, revise, or correct any or all of its responses.

22.     Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

23.     Responsive materials, if any, are being withheld based on Extreme's objections set forth herein.

24.     Discovery is ongoing and Extreme may make multiple productions in response to any given Interrogatory.

25.     Extreme has not completed its investigation or discovery with respect to the information and facts that may be discoverable or relevant in this action.  Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as its investigation proceeds.

26.     Each of the foregoing General Objections is incorporated by reference into each and every specific response set forth below.  For emphasis, one or more of the General Objections may be reiterated in a specific response.  The absence or inclusion of any reiteration

in a specific response shall not be construed as a limitation or waiver of any General Objection or any other specific response made herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the General Objections, and without waiver, modification, or limitation thereof, Extreme's responses and objections to the Interrogatories are set forth below.

## INTERROGATORY NO. 1:

Identify all Extreme Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update. This includes any Extreme Products that have ever at any time fit the above description, whether in current distribution or not. For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information. Extreme further objects to this Interrogatory as ambiguous to the extent it seeks identification of Extreme products that "are otherwise associated with" SNMP's software. Extreme further objects to this Interrogatory as impermissibly compound and confusing.

8

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the terms "model," "material code," and "material description" as vague and ambiguous.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme identifies the following business records relating to requested details on the products identified in paragraph 49 of the Complaint (i.e., SLX 9140; SLX 9240; SLX 9540; SLX 9640; SLX 9150; SLX 9250; SLX 9850; SLX 9030; VDX 6740; VDX 6940; and VDX 8770): EXTREME-00003028, EXTREME-00003087, EXTREME-00003150, EXTREME-00003220, EXTREME-00003296, EXTREME-00003392, EXTREME-00003531, EXTREME-00003630, EXTREME-00003747, EXTREME-00003871, EXTREME-00004005, EXTREME-00004165, EXTREME-00004209, EXTREME-00004260, EXTREME-00004404, EXTREME-00004447, EXTREME-00004496, EXTREME-00004556, EXTREME-00004619, EXTREME-00004654, EXTREME-00004694, EXTREME-00004732, EXTREME-00004764, EXTREME-00004811, EXTREME-00004860, EXTREME-00004892, EXTREME-00004944, EXTREME-00004992, EXTREME-00005052, EXTREME-00005085, EXTREME-00005112, EXTREME-00005144, EXTREME-00005174, EXTREME-00005203, and EXTREME-00005282. Extreme will produce additional business records for this Interrogatory and will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

9

**INTERROGATORY NO. 2:**

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information, and as impermissibly compound and confusing.

Extreme further objects to this Interrogatory on the grounds that third party products containing SNMP's alleged copyrighted software or source code are not the basis for Plaintiffs' copyright infringement claim against Extreme (Complaint ¶¶ 85-93), and only Brocade and Broadcom are alleged to have engaged in "contributory copyright infringement" (*id.* ¶¶ 94-104). Extreme will not indulge what is plainly a "fishing expedition." *See, e.g.*, *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("… neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive . . . ."); *United States v. Life Care Centers of Am., Inc.*, 2015 WL 10987068, at *2 (E.D. Tenn. Apr. 29, 2015) (explaining that "a party will not be permitted to go on a fishing with broad and oppressive discovery requests").

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states as follows. Extreme understands through meet and confers that SNMP is seeking information relating to products sold through other OEMs under that OEM's brand. To the extent that Interrogatory No. 2 is seeking this information with regard to Extreme products identified in its response to Interrogatory No. 1 sold under other OEM's brands, Extreme is not aware of any responsive information at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 3:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

**RESPONSE TO INTERROGATORY NO. 3:**

Extreme incorporates by reference its responses to Interrogatories 1 and 2. Extreme further objects to this Interrogatory insofar as "SNMP Research Product(s)" is not a defined term, and is overly broad, unduly burdensome, and seeking irrelevant information to the extent that term purports to concern Plaintiffs' products that do not contain the software/source code alleged to be infringed in the Complaint or otherwise purport to concern the problematic term "SNMP Research Software."

11

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states as follows. Products in the families identified in paragraph 49 of the Complaint – specifically, SLX 9140; SLX 9240; SLX 9540; SLX 9640; SLX 9150; SLX 9250; SLX 9850; SLX 9030; VDX 6740; VDX 6940; and VDX 8770 – contain EmanateLite : Agent Version 16.2.0.9.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 4:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**RESPONSE TO INTERROGATORY NO. 4:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information to the extent it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as not proportional to the needs of the case insofar as Plaintiffs seek the

12

identification of far more individuals at all remotely involved with Extreme's products than are necessary (namely, "all Persons" connected with various aspects of such products) for Plaintiffs to obtain potential relevant information concerning their infringement claims against Extreme. Extreme further objects to this Interrogatory to the extent it seeks information within the knowledge of Brocade rather than Extreme. Extreme further objects to this Interrogatory as impermissibly compound and confusing.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states as follows. The products identified in Extreme's response to Interrogatory No. 1 were developed before Extreme's acquisition of Brocade's data center switching, routing, and analytics business in 2017. In other words, Extreme did not undertake the initial work to architect, define, develop, test, build, release, and/or manage these products.

Presently, Mangesh Shingane is the software architect of the SLX and VDX series product lines. Daniel DeBacker is the product manager of the SLX and VDX series. There are no "developers of the SNMP Research based management sub systems." Daniel DeBacker oversees build or toolchain engineers of the SLX and VDX series and source code control systems personnel for these products. Personnel responsible for managing customer, debug, and other releases of software for these products are members of Extreme's services division.

Extreme is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing investigations.

13

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 5:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Extreme customer, partner, or other third party who received each Extreme Product and the quantities of each Product received by quarter for the period October 1, 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous to the extent it concerns "partners" or "other third part[ies]" that merely "received" Extreme products.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme will produce business records for this Interrogatory and will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include

"SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 6:**

   With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from October 1, 2017 to the present, including, but not limited to: (1) any internal bookkeeping or financial analysis of any kind in which Extreme keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**RESPONSE TO INTERROGATORY NO. 6:**

   Extreme incorporates by reference its response to Interrogatories 1, 2, and 5. Extreme further objects to this Interrogatory as overly broad and ambiguous to the extent it seeks "internal bookkeeping or financial analysis of any kind in which Extreme keeps track of the profitability of each Product."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

   Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

   Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme will produce business records for this Interrogatory and will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

   Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 7:**

Identify each and every Person who is or has been involved in any search for Extreme Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Interrogatory as premature to the extent that analysis of the allegedly infringed work may be necessary before Extreme can provide the requested information. Extreme further objects to this Interrogatory as ambiguous insofar as it seeks the identity of individuals involved in some unspecified "search for Extreme Products." Extreme further objects to this Interrogatory as seeking irrelevant information, privileged communications, and/or attorney work product to the extent it seeks identification of individuals conducting a purported "search" specifically in order to "respon[d] to these interrogatories." This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme is not aware of non-privileged information for this Interrogatory at this time. Extreme is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing

16

investigations, including to reflect meet and confers regarding the proper scope of the term "SNMP Research Software."

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 8:**

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Extreme had a right to use SNMP Research Software in Extreme Products, including but not limited to any particular Extreme Product; and (2) payment obligations of Extreme for the use of SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is neither relevant nor proportional to the needs of the case, and duplicative of Plaintiffs' Requests for Production of Documents Nos. 24 and 27. Extreme further objects to this Interrogatory to the extent it purports to concern "discussion or communication" concerning Extreme products that do not contain the software allegedly infringed as set forth in Table 1 of the Complaint. Extreme further objects to this Interrogatory to the extent that it seeks privileged communications and/or attorney work product, including specifically communications "whether Extreme had a right to use" certain software.

17

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme is not aware of non-privileged information for this Interrogatory at this time. Extreme is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing investigations, including to reflect meet and confers regarding the proper scope of the term SNMP Research Software.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

## INTERROGATORY NO. 9:

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

## RESPONSE TO INTERROGATORY NO. 9:

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "Products or services"

18

that were "sold with or as a result of" the purchase of other products. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that, pursuant to meet and confers with SNMP, discovery is limited to the products identified in paragraph 49 of the Complaint at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 10:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

**RESPONSE TO INTERROGATORY NO. 10:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "third-party seller[s]

and reseller[s]" or each "iteration" of Extreme products. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme will produce business records for this Interrogatory and will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 11:**

Identify all Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, material description, and the entity from whom You obtained the Product.

**RESPONSE TO INTERROGATORY NO. 11:**

Extreme incorporates by reference its response to Interrogatory No. 1. Extreme further objects to this Interrogatory as ambiguous to the extent it purports to concern products that were "otherwise disclosed to Extreme."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Interrogatory to be seeking information that may be held by Brocade and/or Broadcom, including by seeking names, models, and other information that may be addressed by the party that sold, licensed, or transferred the products at issue. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Interrogatory. Furthermore, Extreme directs SNMP to its Response to Interrogatory No. 1.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 12:**

Identify all contracts or agreements between Extreme and all third parties to which Extreme has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory number 1 or 2 or (ii) SNMP Research software.

**RESPONSE TO INTERROGATORY NO. 12:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

21

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme identifies the following business records for contracts or agreements relating to the products identified in response to Interrogatory No. 1: EXTREME-00008043, EXTREME-00008056, and EXTREME-00008068. Extreme will produce additional business records for this Interrogatory and will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 13:**

Identify all contracts or agreements between Extreme and Broadcom Relating to SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Interrogatory to the extent it purports to concern software other than the source code/software alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as duplicative of Plaintiffs' Request for Production of Documents No. 63, 64, and 65.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, pursuant to Federal Rule of Civil Procedure 33(d), Extreme identifies the following business records for this Interrogatory: EXTREME-00007951 and EXTREME-00008040. The agreements identified herein pertain to Extreme's acquisition of Brocade's data center switching, routing, and analytics business. Extreme provides this identification despite that the parties have not agreed upon the proper scope of the term "SNMP Research Software," and reserves the right to supplement, amend, or revise its Response to reflect any agreement on the proper scope of "SNMP Research Software." Extreme further does not concede that the identified agreements relate to "SNMP Research Software" as problematically defined.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 14:**

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to the request as overly broad, ambiguous (*e.g.*, with respect to Broadcom's "involvement in the transfer" of software), unduly burdensome, and seeking information that should be sought from Broadcom itself. Extreme is

23

not in a position to accurately or fully describe the level, scope, or nature of the "involvement" of another party in any alleged "transfer" of software to Extreme, including the purported "duration" of that party's "involvement" and the identity of all persons "involved and their roles" in such "transfer."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Interrogatory to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Interrogatory.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 15:**

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions, Extreme objects to this Interrogatory as overly broad, unduly burdensome, seeking irrelevant information, and seeking attorney-client communications and/or attorney work product. To the extent that Extreme

24

provides substantive responses to these Interrogatories, those responses are verified by the undersigned individual(s). Extreme will not indulge this wholly improper "fishing expedition."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that the following individuals provided factual information contained within Extreme's supplemental responses to Interrogatories:

- Indhu Balraj (Interrogatory Nos. 3, 4)

- Daniel DeBacker (Interrogatory No. 4)

- Marie Kumasaka (Interrogatory No. 2)

- Prasad Pammidimukkala (Interrogatory No. 2)

- Senthil Sankarappan (Interrogatory No. 2)

- Mangesh Shingane (Interrogatory Nos. 3, 4)

- Liz Scandizzo (Interrogatory No. 2)

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**INTERROGATORY NO. 16:**

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

**RESPONSE TO INTERROGATORY NO. 16:**

   Extreme refers to and incorporates its response to Interrogatory No. 15.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

   Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Interrogatory is duplicative of Interrogatory No. 15, and to the extent that it is not duplicative, Extreme objects to the extent that it is unanswerable, including because it is impossible to identify every individual with knowledge of the information contained in the answers to these Interrogatories.

   Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme directs SNMP to the Response to Interrogatory No. 15 for the answerable portion of this Interrogatory.

   Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

26

Dated:  August 27, 2021

                    **SKADDEN, ARPS, SLATE,**
                     **MEAGHER & FLOM LLP**

By:    /s/ John M. Neukom
           John M. Neukom
           515 University Avenue, Suite 1400
           Palo Alto, California 94301
           (650) 470-4500
           john.neukom@skadden.com

           Jordan A. Feirman
           Leslie A. Demers
           One Manhattan West
           New York, NY 10001
           (212) 735-3000
           jordan.feirman@skadden.com
           leslie.demers@skadden.com

           *Attorneys for Extreme Networks, Inc.*

.

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Second Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories was served via email on this 27th day of August, 2021 upon counsel of record for Plaintiffs.


/s/ John M. Neukom
John M. Neukom