UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC'S L.R. 7.1(D) SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF SNMP RESEARCH, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants Broadcom Inc. and Brocade Communications Systems LLC (together, "Defendants"), respectfully submit this supplemental brief in opposition to SNMP Research, Inc.'s ("Plaintiff") Motion to Compel Discovery Responses (ECF No. 88) ("Motion"). Defendants file this supplemental brief "to call to the Court's attention developments occurring after a party's final brief is filed." E.D. Tenn. L.R. 7.1(d).

On September 27, 2021, Defendants submitted their answering brief in opposition to the Motion. (ECF No. 94.) They explained that the Motion caught them by surprise because (1) Plaintiff had not even attempted to meet and confer with them before filing the Motion or attempted to meet and confer regarding the vast majority of its discovery requests; (2) for the requests the parties had discussed, Defendants had already *agreed* to provide supplemental discovery

- 1 -

responses; (3) although there was no Court or rule-imposed "deadline" by which they had to serve such supplemental responses, Defendants informed Plaintiff they needed more time than the 30 days Defendants originally anticipated given the hundreds of requests at issue; and (4) had Plaintiff bothered to meet and confer prior to filing its Motion, it would have learned that Defendants were diligently working in good faith to prepare supplemental discovery responses and would serve them by Plaintiff's reply deadline (thereby mooting Plaintiff's Motion). (ECF No. 94 at 4, 8–9.)

In Defendants' answering brief, Defendants explained that they "intend to supplement their discovery responses before this motion to compel is fully briefed." (ECF No. 94, at 9.) Plaintiff had until Monday, October 4 to file its reply, and Defendants served their supplemental responses on that day. E.D. Tenn. L.R. 7.1(a)(3) (seven days). Defendant Brocade also served 15,862 pages of documents. In a transparent display of gamesmanship, however, Plaintiff rushed to file a substance-free reply within two days of the answering brief, simply so it could argue that the supplemental responses were not provided before their reply.[1] Plaintiff's willingness to sacrifice its chance to respond for a cheap "gotcha" moment lays bare that Plaintiff's goal in filing this Motion was not about getting responses, but rather harassing Defendants and burdening the Court with unnecessary motion practice.

Defendants' responses, which plainly moot the Motion, confirm that Plaintiff's Motion was groundless from the start. (*See* ECF No. 94 at 8–9 (collecting cases).) Had Plaintiff taken the time

---

[1] Subtracting the histrionics and inaccuracies, the brief's only substantive sentence (yet again liberated from the shackles of precedent) is that "Defendants' argument that additional meet and confers . . . are required every time Defendants fail to live up to a promise they made would only serve Defendants' obvious goal of delaying discovery indefinitely." (ECF No. 95, at 2.) Putting aside that Defendants informed Plaintiffs in good faith that they needed more time and Plaintiffs never responded, Plaintiff's reply brief implicitly admits that Plaintiff did not meet and confer with Defendants about its Motion. Plaintiff's reliance on prior meet and confers about a limited number of discovery requests, for which Defendants agreed to supplement their responses, does not satisfy their obligation to meet and confer prior to filing a completely unnecessary motion to compel. Their violation of Local Rule 37.2 is clear, and so are the consequences.

- 2 -

to meet and confer, this unnecessary motion practice could—and should—have been avoided. Because Plaintiff failed to take this elementary step, Defendants were forced to waste valuable time that could have been spent finalizing their responses to Plaintiff's own discovery requests. Plaintiff's unjustified and self-defeating motion to compel should be denied and costs and counsel fees imposed under E.D. Tenn. L.R. 37.2. (*See id.* at 5–7, 9–10.)[2]

Dated: October 5, 2021

HUESTON HENNIGAN LLP

By: /s/ Alison Plessman
Alison Plessman
Attorneys for Defendants
Broadcom, Inc.
Brocade Communications Systems LLC

---

[2] Perhaps even more troubling, it appears Plaintiff has not learned from its trigger-happy mistakes. Late last night, Plaintiff filed yet another premature and blunderbuss motion to compel without warning against co-Defendant Extreme Networks, Inc. Plaintiff must be held accountable to put an end to their knee-jerk motion practice.