IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF SNMP RESEARCH, INC.'S RESPONSE TO DEFENDANTS' SUR-REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

2051732v8

NOW COMES Plaintiff SNMP Research, Inc. ("SNMP Research") and pursuant to Local Rule 7.1(d) respectfully submits this response to the sur-reply filed by Broadcom Inc. and Brocade Communications Systems LLC (collectively, "Defendants") and providing the Court with an update on the status of Plaintiff's discovery issued to Defendants.[1]

While Defendants have now tendered supplemental "responses" to Plaintiff's discovery, they neither did so in good faith, nor prior to the time briefing on Plaintiff's Motion closed as they promised this Court they would do. *See* Dkt. 94 at 5.

At 11:54 p.m. Eastern Standard Time on the evening of October 4, 2021, just 6 minutes before the 7 days in which Plaintiff could file a reply in support of its Motion pursuant to Local Rule 7.1(c) expired, Defendants tendered supplemental responses to Plaintiff's discovery. Roughly 90 minutes later, at 1:20 a.m. on October 5, 2021, Defendants tendered a link to their first document production to Plaintiff. Defendants failed to provide either the Court or Plaintiff a date certain for their supplementation of discovery, which might have given Plaintiff an assurance it could wait before filing its reply in support of the Motion. More importantly, Defendants failed to meet even their amorphous promise to supplement at some point "in short order—before briefing on this motion is complete," so that if Plaintiff had waited until the last day possible to file a reply in support of its Motion (which Plaintiff had no obligation to do), Plaintiff still would have been unable to timely file a reply advising the Court that Defendants had supplemented their discovery responses and mooted the Motion.

Moreover, a review of Defendants' "supplementation" reveals that despite having over 9 months to prepare responses to Plaintiff's discovery and participating in 4 separate meet and confer calls attempting to resolve Defendants' objections since this Court's June 25, 2021 ruling[2]—not to mention 2 meet and confer calls over the same objections lasting more than one hour each held several

---

[1] Plaintiff's references herein to "Motion" or "Mot." are to the brief in support of Plaintiff's Motion to Compel Discovery Responses found at Dkt. 88-1 and its reply brief found at Dkt. 95.

[2] *See,* Dkt. 88-2 at ¶2.

Error! Unknown document property name..Error! Unknown document property name. Error! Unknown document property name.
2051732v8

2

Case 3:20-cv-00451-CEA-DCP   Document 104   Filed 10/12/21   Page 2 of 4   PageID #: 3739

months before the Court's ruling[3], as well as an additional meet and confer call after the filing of the present Motion—Defendants still have not complied with their discovery obligations. Defendants' supplemental responses contain numerous serious issues, some of which include (1) failing to even respond to a significant number of Plaintiff's discovery requests; (2) for the requests where Defendants responded or indicated they will respond in the future, Defendants still incorporate all of their original objections[4] served in January and March of this year, raised supplemental objections despite having reached agreement during the parties' recent meet and confer calls on objections interposed to many of those requests and have not indicated when a response will be provided; and (3) failing to indicate which objections are leading to the withholding of documents. Ultimately, Defendants' supplementation produced only 126 documents, which are all release notes[5].

Under applicable case law in this district, *see, e.g.*, *Collins v. Mountain Laurel Assurance Co.*, 2011 WL 1196804 (E.D. Tenn. March 29, 2011), Plaintiff agrees that its Motion is now technically mooted. Plaintiff will again begin the process of attempting to meet and confer with Defendants over their recent supplemental responses and production. While Plaintiff continues to hope that the meet and confer process will bear fruit, Plaintiff's experience with Defendants to date, leads Plaintiff to anticipate that the Court's assistance will be required.

Plaintiff has gone to great effort to attempt to resolve discovery disputes in this matter in good faith. Plaintiff also requested a date certain for Defendants' supplementation prior to filing this Motion, in an effort to avoid burdening this Court with this Motion, to no avail.[6] Defendants' twelfth-hour supplementation shows that Defendants are the parties exhibiting gamesmanship here and deserving of sanctions under Fed. R. Civ. P. 37 and Local Rule 37.2, not Plaintiff.

---

[3] *See,* Dkt.69-2 at ¶13.

[4] Including incorporating their "Preliminary Statement" and "General Objections" into each response.

[5] Release notes are documentation providing technical information that are typically produced and distributed to customers when a software or hardware product is launched or updated.

[6] *See*, Dkt.88-3.

2051732v8

Respectfully submitted,

Dated: October 12, 2021        By: /s/ *Cheryl G. Rice*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Dated: October 12, 2021        By: /s/ *A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs SNMP Research International, Inc. and SNMP Research, Inc.*