IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>**Plaintiffs,**<br><br>v.<br><br>BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.<br><br>**Defendants.** | Case No. 3:20-cv-00451<br><br><br><br>**Jury Demand** |

**PLAINTIFF SNMP RESEARCH, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC**

COMES NOW Plaintiff SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and, in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure, this Court's inherent authority to control the conduct of discovery, the Local Rules of this Court and Plaintiff's Memorandum of Law submitted contemporaneously herewith, moves this Court to Compel Discovery Responses from Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade" and collectively, "Defendants").

On December 26, 2020, Plaintiff served written discovery on Defendants. Despite Plaintiff's repeated efforts to meet and confer with Defendants in order to resolve their objections to Plaintiff's discovery and to secure production of documents and information from Defendants, and despite hours of meet and confer calls Plaintiff initiated since this Court's June 25, 2021 ruling denying Defendants' Motion to Stay Discovery and denying Plaintiff's Motion to Compel (without prejudice) and directing the parties to meet and confer, numerous areas of dispute remain for which Plaintiff submits this Court's assistance is required at this juncture. Defendants' conduct flouts their obligations under the

Federal Rules of Civil Procedure, and Plaintiff is prejudiced in the prosecution of its claims by Defendants' conduct and refusals. Those areas of dispute and the specific discovery requests for which this Motion seeks relief are summarized in the chart provided below for ease of reference. They are also addressed in detail in Plaintiff's Brief in support of this Motion, submitted with this Motion, and which is incorporated herein by reference. Plaintiff also submits the Declaration of Olivia Weber in support of this Motion.

Plaintiff hereby certifies, pursuant to the Local Rules of this Court, that it has made reasonable efforts in good faith to resolve the matters raised by this Motion in advance of the filing of this Motion.

| Category | Request | Deficiency |
|---|---|---|
| 1 | Brocade Requests for Production Nos. 1-6, 9, 14, 22, 29-31, 36-39, 40, 43-46, 49-50, 52, 54, 59-65, 68, 86-87, 89; Brocade Interrogatory Nos. 1, 5, 6, 8-9; Broadcom Requests for Production Nos. 33, 41-42, 51, 90, 92, 94, 96. | Defendants do not provide a date certain by which they will (i) provide documents or (ii) provide the metadata required under the parties' stipulated ESI protocol (Dkt. 52-1). |
| 2 | Brocade Requests for Production General Objection Nos. 6-20, 30; Brocade Interrogatory General Objection Nos. 5-17, 27; Broadcom Requests for Production General Objection Nos. 6-20, 30; Broadcom Interrogatory General Objection Nos. 6-18, 28. | Defendants repeatedly invoke boilerplate general objections, and then improperly repeat them in their specific responses to Plaintiff's requests. |
| 3 | Brocade Requests for Production Nos. 1-88; Brocade Interrogatory Nos. 1-23; Broadcom Requests for Production Nos. 1-95; Broadcom Interrogatory Nos. 1-24. | Defendants assert boilerplate burden, overbreadth, and proportionality objections to requests seeking relevant and tailored categories of information. |
| 4 | Brocade Requests for Production Nos. 1-33, 35-38, 44-45, 48-49, 51, 55-57, 69-72, 74-84, 87-88; Brocade Interrogatory Nos. 1-16, 18-21; Broadcom Requests for Production Nos. 1-17, 19-22, 24-35, 37-40, 43-44, 46-47, 52-54, 67-71, 73-81, 83-84, 90, 92-95; Broadcom Interrogatory Nos. 1-16, 18-21. | Defendants disingenuously claim that it is unclear what "SNMP Research Software" encompasses, and that "SNMP Research Software" is not limited to the copyrighted software identified in the Complaint. |

| Category | Request | Deficiency |
|---|---|---|
| 5 | Brocade Requests for Production Nos. 3-4, 7, 10-12, 14-72, 74-85, 87-88; Brocade Interrogatory Nos. 1-12, 14-23; Broadcom Requests for Production Nos. 1, 3-13, 15-61, 63-86, 88, 90-95; Broadcom Interrogatory Nos. 1-12, 14-24. | Defendants improperly object to plain words. |
| 6 | The following general objections, which are incorporated by reference into each response: Brocade Requests for Production General Objection Nos. 21-24, 28-29, 31-32; Brocade Interrogatory General Objection Nos. 18-21, 25-26, 28-29; Broadcom Requests for Production General Objection Nos. 21-24, 28-29, 31-32; Broadcom Interrogatory General Objection Nos. 19-22, 26-27, 29-30. | Defendants object to Plaintiff's clear and simple definitions of "Partner Products," "Relating to," "Identify," "Product," and the named entities. |
| 7 | Brocade Requests for Production Nos. 26-27, 53; Broadcom Requests for Production Nos. 28-29, 50. | Defendants refuse to produce source code that is central to this case without justification. |
| 8 | Brocade Requests for Production Nos. 1-2; Brocade Interrogatory Nos. 1-2; Broadcom Requests for Production Nos. 1-2; Broadcom Interrogatory Nos. 1-2. | Defendants refuse to identify all products containing SNMP Research Software, nor have they agreed to produce all responsive documents for document requests referring to Interrogatory numbers 1 and 2. |
| 9 | Brocade Requests for Production Nos. 1-88; Brocade Interrogatory Nos. 1-6, 8-21, 23; Broadcom Requests for Production Nos. 1-96; Broadcom Interrogatory Nos. 1-22, 24. | Defendants' objections to production of information based on third-party confidentiality grounds is unsubstantiated and boilerplate. |
| 10 | Brocade Interrogatory No. 7 Broadcom Interrogatory No. 7 | Defendants refuse to identify the individuals who participated in searches for Plaintiff's software. |
| 11 | Brocade Interrogatory No. 15 Broadcom Interrogatory No. 15 | Defendants refuse to describe Broadcom's participation in the transfer of Plaintiff's software to Extreme. |

| Category | Request | Deficiency |
|---|---|---|
| 12 | Brocade Requests for Production Nos. 23-24, 26-27, 32-34, 41-42, 53, 58, 66-67, 70-85, 88; Broadcom Requests for Production Nos. 34-36, 45, 48-50, 63-64, 71-72, 88. | Defendants provide incomplete answers to numerous requests because their "supplemental" responses consist of restating all prior objections and then adding an additional sentence that they will "meet and confer" with Plaintiff over the request. |

Plaintiff requests that this Court grant it the following relief:

1. For those requests for which Defendants have promised a response at some unidentified point in time (Category 1 in the table above), compel Defendants to produce documents, reasonably accessible metadata, and answers.

2. Order Defendants to identify whether documents or information are being withheld in reliance upon any objection(s), on a request-by-request basis.

3. Order that Defendants' boilerplate general objections to the requests listed in Category 2 are waived.

4. Order that Defendants' relevancy objections and their unsupported burden, overbreadth, and proportionality objections to the requests listed in Category 3 are overruled for every request.

5. Find that the term "SNMP Research Software" is not ambiguous or overbroad and strike Defendants' objections thereto, compelling Defendants to respond to all requests to which they object based on the definition of "SNMP Research Software", as listed in Category 4.

6. Find that Defendants' objections to easily-understood words (in response to the requests listed in Category 5)—many of which Brocade uses in its own discovery requests served on November 23, 2021—are groundless and strike the same, ordering Defendants to respond to all requests to which they object on the basis of these words.

7. Overrule Defendants' objections to Plaintiff's remaining defined terms—the named entities, "Partner Products," "Product," "Identify," and "Relating to," as identified in Section D.3 of the Memorandum—and compel Defendants to respond to all requests identified in Category 6.

8. Compel Defendants to produce source code in response to the requests identified in Category 7.

9. Direct Defendants to identify all products containing SNMP Research Software in response to Interrogatory 1 and Interrogatory 2, and to answer all associated Requests for Production as identified in Category 8.

10. Direct Defendants to substantively respond to the requests for which Defendants lodge unsubstantiated objections based on purported third-party confidentiality issues, as identified in Category 9.

11. Direct Defendants to respond to Interrogatory No. 7 (as set forth in Category 10) seeking identification of people.

12. Direct Defendants to respond to Interrogatory No. 15 seeking a description of Broadcom's and/or its predecessor's participation in the transfer of Plaintiff's software to Extreme, set forth in Category 11.

13. For those requests for which Defendants provided an incomplete supplemental response by incorporating all of their prior objections and adding one additional sentence that they will "meet and confer" with Plaintiff, as listed in Category 12, compel Defendants to substantively respond to those requests.

14. For each discovery request to the Defendants which is addressed by this Motion and supporting filings where this Court orders Defendants to produce substantive discovery responses containing responsive information and documents, Plaintiff asks that this Court also direct Defendants to comply with this Court's ruling within 2 weeks of issuance of the ruling or by another date certain to

be determined by this Court.

Plaintiff further requests that this Motion be set for oral argument at the earliest date convenient to this Court.

WHEREFORE, for the reasons set forth above, and as are set forth in Plaintiff's Memorandum of Law in support of its Motion to Compel Discovery Responses from Defendants Broadcom Inc. and Brocade Communications Systems LLC, and upon the grounds as shall be raised at oral argument of this Motion, Plaintiff asks this Court to enter an order striking certain objections, compelling Defendants to respond to outstanding discovery propounded by Plaintiff and to produce documents as noted above and as further delineated in Plaintiff's Memorandum of Law submitted contemporaneously with this Motion and that they be ordered to do so within two weeks of this Court's ruling on this Motion or by a date certain. Plaintiff also asks this Court to award Plaintiff its attorneys' fees incurred in the bringing of this Motion, and to grant it any additional and further relief to which the Court determines Plaintiff is entitled under applicable authority.

Respectfully submitted,

Dated: December 9th, 2021    By: /s/ *John L. Wood*

John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD
  & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

By: /s/ *A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
Olivia Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*