IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br>Defendants. | Case No. 3:20-cv-00451 <br><br><br>Jury Demand |

## DECLARATION OF OLIVIA L. WEBER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES FROM DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC

I, Olivia L. Weber, declare and attest as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and SNMP Research International, Inc. (together, "Plaintiffs" or "SNMP") in this action. I am a member in good standing of the State Bar of California and have been admitted pro hac vice to this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. On September 13, 2017, representatives for Defendant Brocade Communications Systems LLC's ("Brocade") predecessor and Defendant Extreme Networks, Inc. ("Extreme") sent a letter to SNMP Research International, Inc., requesting consent to assign and to split the license agreement between Brocade's predecessor and SNMP Research International, Inc., the very same license agreement underlying this case. A copy of this letter is attached hereto as Exhibit A.

3. On March 16, 2020, Martin Skagen, of Defendant Broadcom Inc. ("Broadcom"), emailed to Dr. Jeff Case, Plaintiffs' owner, a document entitled "SNMPRI Brocade New License

Agreement (3.13.20)," which identified several Brocade products that needed a license for Plaintiff's software. A copy of this email and the "SNMPRI Brocade New License Agreement (3.13.20)" is attached hereto as Exhibit B, wherein the track changes to the draft document reflect edits from Broadcom representatives.

4. On December 26, 2020, Plaintiff served written discovery on Broadcom. This discovery included: a First Set of Broadcom Interrogatories ("Broadcom Interrogatories"), attached hereto as Exhibit C; a First Set of Broadcom Requests for Production ("Broadcom RFPs"), attached hereto as Exhibit D; and a First Set of Broadcom Requests for Admission. That same day, Plaintiff also served written discovery on Brocade. This discovery included: a First Set of Brocade Interrogatories ("Brocade Interrogatories"), attached hereto as Exhibit E; a First Set of Brocade Requests for Production ("Brocade RFPs"), attached hereto as Exhibit F; and a First Set of Brocade Requests for Admission.

5. The discovery propounded on Broadcom and Brocade is similar, as are their responses. A chart showing the Broadcom discovery that corresponds to the Brocade discovery is located at Dkt. 60-27.

6. On January 16, 2021, Broadcom, Brocade, and Extreme (collectively, "Defendants") filed a motion to stay discovery and for a protective order. Dkt. 47. On January 24, 2021, given Defendants' claim that they could not respond to certain discovery because they had no opportunity to inspect Plaintiff's copy of the software deposited with the copyright office, Plaintiff proposed an expedited mutual exchange of all parties' software. No Defendant accepted that offer.

7. On January 25, 2021, Broadcom and Brocade served responses to Plaintiff's written discovery, which consisted solely of objections. See Dkts. 60-14, 60-15, 60-16, 60-17, 60-18, 60-19.

8. On January 29, 2021, Plaintiff served its Second Set of Requests for Production ("Second RFPs") on Broadcom and Brocade, attached hereto as Exhibit G and Exhibit H, respectively.

9. On March 1, 2021, Broadcom and Brocade served their responses to the Second RFPs, which again consisted solely of objections. See Dkts. 69-5, 69-6. Plaintiff met and conferred with Broadcom and Brocade regarding their objections, and these calls were transcribed by a court reporter.

10. On June 25, 2021, the Court issued its order denying the motion to stay discovery and for a protective order. Dkt. 75 at 16. The Court also denied Plaintiff's three pending motions to compel without prejudice, subject to potential refiling after the parties' ability to meet and confer. *Id.* at 17. Thereafter, Plaintiff initiated four meet and confer calls with all Defendants on July 15, July 21, July 28, and August 5, 2021. During these calls, Plaintiff repeatedly attempted to reach agreement with Defendants. A copy of the email chain concerning these communications is located at Dkt. 96-12.

11. On July 28, 2021, Defendants committed to producing substantive supplemental responses on August 27, 2021. Defendants agreed to maintain open communication should they have any questions about plain terms in Plaintiff's requests. *See id.* Plaintiff never received any inquiries.

12. Despite their commitment to provide amended responses by August 27, 2021, Broadcom and Brocade informed Plaintiff on the evening of August 27 that "[w]e are going to need a bit more time to amend our discovery responses. I am hoping to get them to you by the end of next week." Plaintiff responded and requested responses by the end of the following week, September 3, 2021. A copy of the email chain between the parties concerning these communications is located at Dkt. 88-4.

13. Broadcom and Brocade did not provide their supplemental responses by September 3, 2021. After waiting an additional ten days to receive responses or even a commitment to provide responses, Plaintiff filed a motion to compel supplemental responses on September 13, 2021. Dkt. 88.

11045199 - 3 –
Case 3:20-cv-00451-CEA-DCP Document 116-1 Filed 12/09/21 Page 3 of 5 PageID #: 3910

14. On September 22, 2021, Plaintiff met and conferred with all Defendants concerning Plaintiff's responses to Extreme's discovery requests. The parties jointly discussed, among other things, whether Defendants were willing to produce the source code that Plaintiff had requested on December 26, 2020. Defendants still refused to produce the source code for products containing Plaintiff's software, and would not agree to Plaintiff's renewed offer of a simultaneous mutual exchange of all parties' source code.

15. On October 4, 2021, the date that Plaintiff's reply brief in support of its motion to compel supplemental responses from Broadcom and Brocade was due, Brocade served its Supplemental Responses to Plaintiff's Interrogatories (Exhibit I), First and Second Sets of RFPs (Exhibits J and K), and RFAs. The production was comprised of 126 software release notes and one reference manual. Brocade's production did not comply with the parties' stipulated ESI Protocol, Dkt. 52-1, as metadata for all documents was not included in the delimited load files.

16. On October 4, 2021, Broadcom also served its Supplemental Responses to Plaintiff's Interrogatories (Exhibit L), First and Second Sets of RFPs (Exhibits M and N), and RFAs. Broadcom did not produce any documents.

17. In their October 4, 2021 "supplemental" responses, Broadcom and Brocade continued to incorporate all "general" objections and "specific" objections from their initial responses.

18. On October 18, 2021, Plaintiff contacted Broadcom's and Brocade's counsel regarding their availability to meet and confer regarding the supplemental responses. Broadcom and Brocade were not available to meet and confer until November 4, 2021. The parties met and conferred on November 4, 12, and 16, 2021. Counsel for Extreme was also in attendance. The parties spoke for over seven hours but reached agreement on very little during these three calls. Broadcom and Brocade agreed to investigate certain topics (such as the financial information that they track) with respect to

Brocade RFPs 25, 28, 35, 47-48, 51, 55-56, and Brocade Interrogatory 5, but would not agree to (a) withdraw a single one of their dozens of objections, (b) investigate whether there are additional products (other than the ones identified in the Complaint) that contain Plaintiff's software, (c) produce any documents or information by a date certain, or (d) substantiate their burden objections by describing the categories and volume of responsive documents. A copy of the email chain concerning communications over the central issues discussed in the meet and confer calls is attached hereto as Exhibit O.

19. On November 23, 2021, Brocade served its First Set of Requests for Production and First Set of Requests for Admission upon Plaintiff. These included requests for all source code for Plaintiff's copyrighted works and for Plaintiff's statements of revenues, profits, costs, and royalties from January 1, 2017 to present. It also included many words and definitions that Broadcom and Brocade objected to in Plaintiff's discovery, including (but not limited to) requests for "All Documents, Communications, and Information Relating to" categories of information, as well as the words "transfer," "disclosure," "provided," "involved," "describe," "licensing," "distribution," "and/or creation," and "concerning." A copy of Brocade's First Set of Requests for Production as to Plaintiff is attached as Exhibit P.

Executed this 9th day of December, 2021, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Olivia L. Weber*
Olivia L. Weber