# EXHIBIT K

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**BROCADE COMMUNICATIONS SYSTEMS LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Defendant Brocade Communications Systems LLC ("Brocade"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its first supplemental objections and responses to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Request," "Requests," or "RFPs"), served on January 29, 2021.

**PRELIMINARY STATEMENT**

1.  Brocade's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Brocade's right to rely on other facts or documents at trial. These responses and objections, while based on diligent inquiry and investigation by Brocade, necessarily reflect only

the current state of Brocade's knowledge, understanding and belief based upon the information reasonably available to Brocade at this time.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Brocade serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Brocade makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Brocade has not completed its investigation or discovery with respect to the information and facts that may be discoverable or relevant in this action. Brocade expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

5. This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## GENERAL OBJECTIONS

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Brocade reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Brocade does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1. Service of this document should not be construed as any waiver of any and all objections that Brocade has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

2. These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

3. Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

4. Brocade objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

5. Brocade objects to the Requests implicating Broadcom Inc. on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Brocade further objects to each Request relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

6. Brocade objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

7. Brocade objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Brocade objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9. Brocade objects to each Request to the extent it is compound.

10. Brocade objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

11. Brocade objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

12. Brocade objects to each Request to the extent it is vague, ambiguous, or overbroad. Brocade responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Brocade's understanding, Brocade reserves the right to supplement its responses and objections thereto.

13. Brocade objects to each Request to the extent it is unduly burdensome and will cause Brocade unwarranted annoyance, embarrassment, or undue expense.

14. Brocade objects to each Request to the extent it requires Brocade to produce documents not in the possession, custody, or control of Brocade. Brocade's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control. Brocade also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of, or is equally accessible to SNMP.

15. Brocade objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the tax privilege, and the Federal Rules of Civil Procedure. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

16. Brocade objects to each Request as premature. Brocade has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

17. Brocade objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

18. Brocade objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents. Brocade will not reveal such documents where doing so would violate its privacy rights or the privacy rights of third parties or where such documents are subject to nondisclosure or confidentiality agreements with third parties.

19. Brocade objects to these Requests to the extent they require Brocade to reveal confidential, sensitive, and proprietary information, including but not limited to financial information.

20. Brocade objects to each Request to the extent it seeks a legal conclusion. Any response of Brocade to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

21. Brocade objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them." This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and

renders the Requests impermissibly compound. It also seeks information that is unknown to Brocade and therefore requires Brocade to first seek discovery from Plaintiffs before it can answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

22. Brocade objects to SNMP's definition of "You," "Your," and "Brocade" as meaning "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Brocade would be unduly burdensome. The definition also renders these Requests compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

23. Brocade objects to SNMP's definition of "Broadcom" as including "Broadcom Inc., predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Requests compound,

- 7 -

nonsensical, and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade Communications Systems LLC.

24. Brocade objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Brocade.

25. Brocade objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

26. In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Brocade through the United States Copyright Office, and counsel for SNMP has not provided counsel for Brocade with copies of the allegedly copyrighted works being asserted in this case. As of today, counsel for Brocade does not know the contents of the registered, allegedly copyrighted works at issue in this case. Brocade does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.) Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Brocade's counsel is unable to fully and accurately respond to Requests that implicate this definition at this time and as drafted.

27. Nevertheless, and in an effort to move forward with discovery despite these improper and overbroad definitions, Brocade accepts SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. Specifically, Brocade accepts SNMP's proposal to respond to Interrogatory No. 1 as set forth below for the products identified in Paragraph 64 of the Complaint and other Requests that depend upon Interrogatory No. 1. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

28. Brocade objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations

- 9 -
Case 3:20-cv-00451-CEA-DCP Document 116-12 Filed 12/09/21 Page 10 of 18 PageID #: 4254
6032253

of hardware, software, or services." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Where applicable, Brocade will construe the term "Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such product contain SNMP's copyrighted software.

29. Brocade objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Brocade by such third party." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Brocade further objects to this definition as it incorporates SNMP's definitions of "Brocade" and "SNMP Research Software," which Brocade has previously objected to. Where applicable, Brocade will construe the term "Partner Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

30. Brocade objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

31. Brocade objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

32. Brocade objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Brocade to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Brocade's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

33. Brocade objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 87**:

All Documents that give Brocade the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87**:

Brocade incorporates its original objections to this Request served on March 1, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous,

compound, and overbroad, particularly as to the vague terms "transfer" and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Brocade further objects to this request as it is argumentative and calls for a legal conclusion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

For the purposes of these responses and objections, Brocade construes: (1) the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC; and (2) the term "SNMP Research" to mean only the specific named plaintiffs in the present action—SNMP Research, Inc. and SNMP Research International, Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, Brocade limited its response to Interrogatory number 1 to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Brocade will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are within Brocade's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this Request with respect to the products identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 88**:

All Documents that give consultants or contractors of Brocade the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88**:

Brocade incorporates its original objections to this Request served on March 1, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which

- 13 -

are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer." and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Brocade further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Brocade further objects to this request as it is argumentative and calls for a legal conclusion.

Brocade further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 89**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

Brocade incorporates its original objections to this Request served on March 1, 2021 and supplements as follows: Brocade objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Brocade and third parties. Brocade further objects to this Request to the extent the documents sought are not in Brocade's possession, custody, or control and are in the possession, custody, or control of third parties. Brocade further objects to this Request as this jurisdiction is an improper venue for this action.

Brocade objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are within Brocade's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this Request.

Dated: October 4, 2021	HUESTON HENNIGAN LLP


By: _____*/s/ Alison Plessman*_____
        Alison Plessman
        Attorneys for Defendants
        Broadcom Inc.
        Brocade Communications Systems LLC

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On October 4, 2021, I served the foregoing document(s) described as:

**BROCADE COMMUNICATIONS SYSTEMS LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as stated below:

| | |
|---|---|
| John L. Wood, Esq.<br>Cheryl G. Rice, Esq.<br>Rameen J. Nasrollahi,<br>EGERTON, McAFEE, ARMISTEAD<br>& DAVIS, P.C.<br>900 S. Gay Street, Suite 1400<br>P.O. Box 2047<br>Knoxville, TN 37902<br>jwood@emlaw.com<br>crice@emlaw.com<br>rnasrollahi@emlaw.com | Morgan Chu<br>David Nimmer<br>A. Matthew Ashley<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>mchu@irell.com<br>dnimmer@irell.com<br>mashley@irell.com |

[X] (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 4, 2021, at Los Angeles, California.

Debi Del Grande
(Type or print name)

*Debi Del Grande*
(Signature)