# EXHIBIT M

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

### AT KNOXVILLE

|  |  |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No.  3:20-cv-00451 |

---

## BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its first supplemental responses and objections to Plaintiff SNMP Research, Inc.'s ("SNMP") First Set of Requests for Production ("Requests for Production" or "RFPs"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.      Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.

2.      By making the accompanying responses and objections to SNMP's Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses[.]" ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

5.     This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## GENERAL OBJECTIONS

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Broadcom reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Broadcom does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1.     Service of this document should not be construed as any waiver of any and all objections that Broadcom has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

2.     These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

3.     Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

6035216

4.      Broadcom objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

5.      Broadcom objects to each Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to each Interrogatory relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

6.      Broadcom objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

7.      Broadcom objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Broadcom objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9.      Broadcom objects to each Request to the extent it is compound.

10.     Broadcom objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

11.     Broadcom objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

6035216

12.     Broadcom objects to each Request to the extent it is vague, ambiguous, or overbroad.  Broadcom responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

13.     Broadcom objects to each Request to the extent it is unduly burdensome and will cause Broadcom unwarranted annoyance, embarrassment, or undue expense.

14.     Broadcom objects to each Request to the extent it requires Broadcom to produce documents not in the possession, custody, or control of Broadcom.  Broadcom's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control.  Broadcom also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of SNMP, or equally accessible to SNMP.

15.     Broadcom objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

16.     Broadcom objects to each Request as premature.  Broadcom has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

6035216

17.     Broadcom objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

18.     Broadcom objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents.  Broadcom will not reveal such documents where doing so would violate its privacy rights or the privacy rights of third parties or where such documents are confidential and proprietary in nature.

19.     Broadcom objects to these Requests to the extent they require Broadcom to reveal confidential, sensitive, and proprietary information, including but not limited to financial information.

20.     Broadcom objects to each Request to the extent it seeks a legal conclusion.  Any response of Broadcom to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

21.     Broadcom objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them." This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound.  It also seeks information that is unknown to Broadcom and therefore requires Broadcom to first seek discovery from Plaintiffs before it can

answer the Requests as framed.  If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

22.     Broadcom objects to SNMP's definition of "You," "Your," and "Broadcom" as meaning "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding to discovery under this definition of Broadcom would be unduly burdensome.  The definition also renders these Requests compound, nonsensical and confusing because Broadcom's "affiliated entities" would include, for example, Brocade Communications Systems LLC.

23.     Broadcom objects to SNMP's definition of "Brocade" as including "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding to discovery under this definition would be unduly burdensome.  The definition also renders these Requests compound, nonsensical, and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

6035216

24.     Broadcom objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Broadcom.

25.     Broadcom objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. . . . The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Broadcom," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

26.     In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Broadcom through the United States Copyright Office, and counsel for SNMP has not provided counsel for Broadcom with copies of the allegedly copyrighted works being asserted in this case. As of today, counsel for Broadcom does not know the contents of the registered, allegedly copyrighted works at issue in this case. Broadcom does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.) Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Broadcom's counsel is unable to fully and accurately respond to Requests that implicate this definition at this time and as drafted.

27.     Nevertheless, and in an effort to move forward with discovery despite this improper definition, Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products.  Information relating to the products listed in Paragraph 64 is provided in Brocade's supplemental responses and objections.

28.     Broadcom objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services."  Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not

proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

29.     Broadcom objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Broadcom by such third party." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Broadcom further objects to this definition as it incorporates SNMP's definitions of "Broadcom" and "SNMP Research Software," which Broadcom has also objected to. Where applicable, Broadcom will construe the term "Partner Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Broadcom does not admit such products contain SNMP's copyrighted software.

30.     Broadcom objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

31.     Broadcom objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

32.     Broadcom objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Broadcom to provide a great deal of information beyond the common sense and reasonable

meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Broadcom's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

33.     Broadcom objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 1, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," "Identify," "SNMP Research Software," the vague and undefined term "associated with," the unlimited time period, and the categories required to be identified.  Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated

entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks Documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 1 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 1 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 2**:

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 2, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Partner Products" and "Identify," and SNMP's definitions of "Broadcom" and "SNMP Research Software" that are incorporated in the definition "Partner Products," the unlimited time period, the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and

6035216

subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope of third-party Products under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 2 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 2 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents sufficient to Identify which Broadcom entities engaged in the sale, distribution, licensing, or transfer of any Products Identified in Interrogatory numbers 1 and 2, including which entities did so with respect to which Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatories numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "Identify," the vague and undefined terms "engaged in," "distribution," and "transfer," the request for "[a]ll Documents sufficient to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated by reference to Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and

Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory numbers 1 and 2 are compounded by this Request, which seeks "[a]ll Documents" regarding interrogatories that are already overbroad, vague, premature, irrelevant, and unduly burdensome, to which Broadcom served only objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," "Broadcom," and "Broadcom entities" to mean

6035216

only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 1 or Interrogatory No. 2 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 3, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 3, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "Partner" Products," and "SNMP Research Software," "Identify," and the vague undefined terms "associated with," the overbroad request for "All Documents Relating to" without further specification, "SNMP Research Products," and "release numbers." Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential

- 17 -

and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 3 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No software or products were identified in response to Interrogatory No. 3 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 4, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 4, as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "Partner Products," "SNMP Research Software," "Identify," and "Persons," the numerous undefined and vague terms in Interrogatory number 4, the overbroad request for "All Documents Relating to" without further specification, the unlimited time period, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 4 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly

burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Persons were identified in response to Interrogatory No. 4 and therefore there are no responsive documents to this Request.


**REQUEST FOR PRODUCTION NO. 6**:

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 5, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory

number 5, as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," "Identify," the undefined and vague terms in Interrogatory number 5, the overbroad request for "All Documents Relating to" without further specification, and the number and types of categories required to be identified. Broadcom also objects that this Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 5 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No customers, partners, or third parties were identified in response to Interrogatory No. 5 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 6, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 6, as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in Interrogatory number 6, the

overbroad request for "All Documents Relating to" without further specification, and the number and types of categories required to be identified. Broadcom also objects that this Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 6 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 6 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 8**:

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 7, which are incorporated herein by this reference, Broadcom objects to this Request, which "all" Documents "Relating to" Interrogatory number 7, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research Software," "Person," and "Identify," the overbroad request for "All Documents Relating to" without further specification, the unlimited time period, the undefined and vague terms in Interrogatory number 7 (including "involved in any search for" and "software system"), and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to

the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Indeed, the problems with Interrogatory number 7 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Persons were identified in response to Interrogatory No. 7 and therefore there are no responsive documents to this Request.

6035216

**REQUEST FOR PRODUCTION NO. 9**:

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 8, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 8, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research Software," "Identify," the unlimited time period, the request for "all internal Communications" concerning "any discussion or Communication whatsoever," the overbroad request for "All Documents Relating to" without further specification, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms and then listing all Communications would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to the extent this Request seeks a legal conclusion. Indeed, the problems with Interrogatory number 8 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

- 26 -

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No internal communications were identified in response to Interrogatory No. 8 and therefore there are no responsive documents to this Request. Broadcom's investigation and document review is ongoing, and Broadcom reserves the right to supplement or amend its response should additional non-privileged responsive information be discovered as its investigation proceeds.

**REQUEST FOR PRODUCTION NO. 10**:

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 9, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 9, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in Interrogatory number 9 (including "any other Products or services" and "sold with or as a result of"), the overbroad request for "All Documents Relating to" without further specification, the unlimited time periods, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 9 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the

possession, custody, or control of third parties. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products or services were identified in response to Interrogatory No. 9 and therefore there are no responsive documents to this Request.


**REQUEST FOR PRODUCTION NO. 11**:

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, 2, and 10, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 10, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and

- 29 -

overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague and overbroad terms in Interrogatory number 10 (including "third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product"), the overbroad request for "All Documents Relating to" without further specification, the unlimited time period, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 10 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. It is beyond the scope of discovery for Broadcom to identify every third-party seller or reseller of its products and doing so would be unduly burdensome. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products, third-party sellers, or resellers were identified in response to Interrogatory No. 10 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 11, which are incorporated herein by this reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 11, as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Product," "SNMP Research Software," "Extreme," and "Identify," the undefined and vague terms in Interrogatory No. 11 (including "transferred, or otherwise disclosed

to," "material code," and "material description"), the overbroad request for "All Documents Relating to" without further specification, the unlimited time period, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request as it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Indeed, the problems with Interrogatory number 11 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 11 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 13**:

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1,2, and 12, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 12, as vague, ambiguous, compound, cumulative, duplicative, overbroad, particularly as to SNMP's definitions of "Broadcom," "Products," "SNMP Research Software," and "Identify," the undefined and vague terms in Interrogatory number 12 (including "transferred" and "provided"), the overbroad request for "All Documents Relating to" without further specification, the unlimited time period, and the number and types of categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software

and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 12 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products, contracts, or agreements were identified in response to Interrogatory No. 12 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 14**:

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, and objections to Interrogatory number 13, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 13, as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," and "SNMP Research Software," and "Identify," the overbroad request for "All Documents Relating to" without further specification, and the unlimited time period. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 13 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad,

vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent this information is already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No contracts or agreements were identified in response to Interrogatory No. 13 and therefore there are no responsive documents to this Request.

6035216

**REQUEST FOR PRODUCTION NO. 15**:

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 14, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 14, as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Extreme," and "Identify," the vague and undefined terms in Interrogatory number 14 (including "purchase price allocation" and "financial interests" and "in connection with the transfer" and "disclosure" and "or otherwise" and "was/is" and "direct and indirect profits"), the number and types of categories required to be disclosed, the overbroad request for "All Documents Relating to" without further specification, and the unlimited time period. Broadcom also object that this Request is unintelligible as it seeks "the date" of Broadcom's profits and other financial information. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery,

analysis, and opinion. Indeed, the problems with Interrogatory number 14 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No profits, losses, purchase price allocations, or other financial interests were identified in response to Interrogatory No. 14 and therefore there are no responsive documents to this Request.

6035216

**REQUEST FOR PRODUCTION NO. 16**:

All Documents Relating to SNMP Research's Interrogatory number 15, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 15, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 15, as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Extreme," "Persons," and "Identify," the vague and undefined terms in Interrogatory number 15 (including "involvement in the transfer" and "disclosure" and "or otherwise" and "was/is" and "duration of Broadcom's involvement"), the overbroad request for "All Documents Relating to" without further specification, the number and types of categories required to be disclosed, and the unlimited time period. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature because under the defined terms it first requires review of information in SNMP's possession,

including its related entities, affiliates, predecessors, employees, software and/or source code. Indeed, the problems with Interrogatory number 15 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was

identified in response to Interrogatory No. 15 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents Relating to SNMP Research's Interrogatory number 16, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 16, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 16, as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Persons," and "Identify," the vague and undefined terms in Interrogatory number 16 (including "Describe" and "Broadcom's involvement" and "production, disclosure, transfer, licensing, distribution, and/or creation" and "duration of Broadcom's involvement"), the number and types of categories required to be disclosed, the overbroad request for "All Documents Relating to" without further specification, and the unlimited time period. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under

SNMP's defined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 16 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was identified in response to Interrogatory No. 16 and therefore there are no responsive documents to this Request.

## REQUEST FOR PRODUCTION NO. 18:

All Documents Relating to SNMP Research's Interrogatory number 17, and Your answers and responses to the same.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 17, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 17, as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade" and "Broadcom," "Persons," and "Identify," the vague and undefined terms in Interrogatory number 17 (including "agent" and "directly or indirectly"), the number and types of categories required to be disclosed, the overbroad request for "All Documents Relating to" without further specification, and the unlimited time period. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Broadcom objects to this Request because it seeks a legal conclusion as to the term "agent" and "directly and indirectly." Conducting a search for documents of such broad scope under

SNMP's defined terms would be unduly burdensome. The Request also seeks information that is irrelevant and not proportional to the needs of the case. Indeed, the problems with Interrogatory number 17 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.


**REQUEST FOR PRODUCTION NO. 19**:

All Documents Relating to SNMP Research's Interrogatory number 18, and Your answers and responses to the same.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19</u>**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 18, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 18, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," and "Products," the vague and undefined terms in Interrogatory number 18 (including "Describe" and Broadcom's "direct or indirect involvement" and "marketing, advertising, selling, servicing, or distributing nationwide"), the overbroad request for "All Documents Relating to" without further specification, the number and types of categories required to be disclosed, and the unlimited time period. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 18 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an

6035216

already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was identified in response to Interrogatory No. 18 and therefore there are no responsive documents to this Request.

6035216

**REQUEST FOR PRODUCTION NO. 20**:

All Documents Relating to SNMP Research's Interrogatory number 19, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 19, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 19, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the overbroad request for "All Documents Relating to" without further specification, the vague and undefined terms in Interrogatory number 19 (including "directly or indirectly involved," and "marketing, advertising, selling, servicing, or distributing in Tennessee"), the number and types of categories required to be disclosed. Broadcom further objects that this Request seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Request seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature because under the defined terms it first requires review of information in SNMP's possession,

- 47 -

6035216

including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 19 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 19 and therefore there are no responsive documents to this Request.

- 48 -

**REQUEST FOR PRODUCTION NO. 21**:

All Documents Relating to SNMP Research's Interrogatory number 20, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 20, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 20,  as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in Interrogatory number 20 (including "directly or indirectly involved," the overbroad request for "All Documents Relating to" without further specification, and "marketing, advertising, selling, servicing, or distributing"), the number and types of categories required to be disclosed.  Broadcom further objects that this Request seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed.   SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit.  Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome.  The Request seeks information that is irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature because under the defined terms

it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 20 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity

named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 20 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 22**:

All Documents Relating to SNMP Research's Interrogatory number 21, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 21, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory 21, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in Interrogatory number 21 (including "partners or distributors," and "marketing, advertising, selling, or distributing" and "in or to Tennessee"), the overbroad request for "All Documents Relating to" without further specification, the number and types of categories required to be disclosed, and unlimited time period. SNMP Research Software is broadly defined to include individuals and entities unknown to Broadcom and to include software beyond the scope of this lawsuit. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Request seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature

Case 3:20-cv-00451-CEA-DCP   Document 116-14   Filed 12/09/21   Page 52 of 177   PageID #: 4315
6035216

because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Indeed, the problems with Interrogatory number 21 are compounded by this Request, which seeks "[a]ll Documents" "relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects that it imposes obligations on Broadcom that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division"). Broadcom further objects to this Request to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom further objects to this Request to the extent this information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 23**:

All Documents Relating to SNMP Research's Interrogatory number 22, and Your answers and responses to the same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 22, which are incorporated herein by reference, Broadcom objects to this Request, which seeks "all" Documents "Relating to" Interrogatory number 22, as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Broadcom" and "Identify," the vague and undefined terms in Interrogatory number 22 (including "employees and agents" and "located in or are found in Tennessee"), the number and types of categories required to be disclosed, the overbroad request for "All Documents Relating to" without further specification, and unlimited time period. Broadcom objects that this Request assumes facts that have not been proven by SNMP. Conducting a search for documents of such broad scope under SNMP's defined terms would be unduly burdensome. The Request seeks information that is irrelevant and not proportional to the needs of the case. Broadcom objects to this Request because it seeks a legal conclusion as to the term "agent." Broadcom further objects that it imposes obligations on Broadcom that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division"). Indeed, the problems with Interrogatory number 22 are compounded by this Request, which seeks "[a]ll Documents"

"relating to" an already overbroad, vague, premature, irrelevant, and unduly burdensome interrogatory, to which Broadcom only served objections.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential information of Broadcom and third parties. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No employees or agents were identified in response to Interrogatory No. 22 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 24**:

All user guides, manuals, or other instructional Documents Relating to the Products Identified in response to Interrogatory number 1.

- 54 -

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Brocade objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," "relating to," and "Identified," the vague and undefined terms "user guides, manuals, or other instructional Documents," the request for "all" such Documents without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number 1.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom

- 55 -

further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 25**:

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom

objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products" and "Identified," the vague and undefined terms "all versions of software" and "firmware produced, used, distributed, or otherwise created," the request for "all" versions without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.

Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 26**:

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products" and "Identified," the vague and undefined terms "detailing," "release

dates," "technical details," "downloads," "distribution," "use," and "each version." the request for "all" Documents without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in

6035216

Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 27**:

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product" and "Identified," the vague and undefined terms "all install images," "all versions," "software," and "firmware," the request for "all" install images without further

specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request through Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1. The problems with Interrogatory number 1 are compounded by this Request, which seeks additional information concerning an Interrogatory that is already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 28:**

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," "Source Code," and "Identified," the request for "all" Source Code and "all" versions without further specification, the vague and undefined term "all versions," and the unlimited time period. Under SNMP's definitions incorporated into this Request through

Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory number 1 and 2. The problems with Interrogatory numbers 1 and 2 are compounded by this Request, which seeks additional information concerning Interrogatories that are already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory numbers 1 and 2.


**REQUEST FOR PRODUCTION NO. 29**:

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2. Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, duplicative, and overbroad, particularly as to SNMP's definition of "You," "Product," "Source Code," and "Identified," the vague terms "authored," "each release," "native form," and "file structure and format," the request

for "all Source Code" without further specification and regardless of whether it was authored by SNMP Research, and the unlimited time period. Under SNMP's definitions incorporated into this Request through Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified in response to Interrogatory numbers 1 and 2. The problems with Interrogatory numbers 1 and 2 are compounded by this Request, which seeks additional information concerning Interrogatories that are already overbroad, vague, premature, irrelevant, and unduly burdensome, and to which Broadcom only served objections.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.


**REQUEST FOR PRODUCTION NO. 30**:

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product" and "Source Code," the vague term "build environment" and "instructions for building," the requests for the build environment for "all" Source Code without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request by reference to all other requests for

- 66 -

production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Source Code has been produced in response to these requests for production.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

- 67 -

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No responsive build environments exist as no Source Code is being produced in response to these Requests for Production since no products were identified in response to Interrogatory numbers 1 and 2.


**REQUEST FOR PRODUCTION NO. 31**:

All Communications concerning actual or potential use of SNMP Research Software in Broadcom Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "SNMP Research Software," the vague and undefined term "actual or potential use," the request for "all Communications" without further specification, and the unlimited time period.  Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and

Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

## REQUEST FOR PRODUCTION NO. 32:

All Communications concerning the actual or potential removal of SNMP Research Software from Broadcom Products.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "SNMP Research Software," the vague and undefined term "actual or potential removal," the request for "all Communications" without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly

burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are

not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 33**:

All Communications concerning the actual or potential infringement by Broadcom of SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom" and "SNMP Research Software," the vague and undefined term "actual or potential infringement," the request for "all Communications" without further specification, and the unlimited time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Broadcom

further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom further objects that this Request calls for a legal conclusion to the extent it seeks documents pertaining to "actual or potential infringement."

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are withing Broadcom Inc.'s

possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to a reasonable interpretation of this Request for the time period after July 25, 2019 and relating to the products listed in Paragraph 64 of the Complaint.

**REQUEST FOR PRODUCTION NO. 34**:

All Communications concerning SNMP Research or the SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research" and "SNMP Research Software," the vague term "concerning," the request for "all Communications" without further specification, and the unlimited time period. Under SNMP's definitions, SNMP Research is defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request seeks Communications that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software

and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding the meaning and scope of this Request.


**REQUEST FOR PRODUCTION NO. 35**:

All Communications between Broadcom and any third party concerning SNMP Research, SNMP Research Software, or this litigation.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research," "SNMP Research Software," the vague terms "concerning" and "any third party" and "this litigation,"  the request for "all Communications" with  "any third party" without further specification, and the unlimited time period.  Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome.  The Request seeks Communications that are irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties.  Broadcom

further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding the meaning and scope of this Request.


**REQUEST FOR PRODUCTION NO. 36**:

All internal Communications at Broadcom that Relate to any Communication received by SNMP Research concerning the breach of the License Agreement or alleged acts of infringement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP

Research," and "Relate to," the vague and undefined terms "received by" and "concerning," and "alleged acts of infringement," the confusing and overbroad request for "all internal Communications" relating to "any" Communication received by *Plaintiffs* concerning their own claims, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding the meaning and scope of this Request.

**REQUEST FOR PRODUCTION NO. 37**:

All Documents reflecting the results of any searches of Broadcom software for SNMP Research Software in Broadcom Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research," "Products," and "SNMP Research Software," the vague and undefined terms "protocols" and "findings and analysis" and "concerning," and the overbroad time period.  Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting

6035216

a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are

not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 38**:

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product," "Identified," "all Documents," and "Relating to," the vague term "revenue information," the overbroad time period, the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by those Interrogatories. Under SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as

6035216

framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request for "All Documents Relating to revenue information" is grossly overbroad, vague, not reasonably particular, and seeks information that is irrelevant to the claims and defenses in this action. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 39**:

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Product," "Identified," and "Relating to," the vague term "profit and loss analysis," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by the Interrogatories. Under SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request for "All Documents Relating to profit and loss analysis" is grossly overbroad, vague, not reasonably particular, and seeks information that is irrelevant to the claims and defenses in this action. Broadcom further objects

6035216

to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 40**:

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Broadcom Product under the License Agreement or otherwise.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Product," and "SNMP Research Software," the vague terms "concerning," "analysis," and "discussion," the overbroad request for "All Documents concerning" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome and then listing all Communications would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source

code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties.  Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.  Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.  The products listed in Paragraph 64 are not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 41**:

Broadcom's Document retention policy.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," the vague term "retention policy," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

6035216

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute Broadcom's document retention policy.

**REQUEST FOR PRODUCTION NO. 42**:

All Documents Relating to the destruction of Documents within Broadcom that may be relevant to the claims of SNMP Research.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," and "SNMP Research," the vague terms "that may be relevant to the claims" and "destruction" and "within Broadcom," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are

unknown to Broadcom. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Moreover, this Request does not specify any Documents for which SNMP believes destruction "may be relevant" to its claims.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been

produced, and are located after a reasonably diligent search, concerning the destruction of documents within Broadcom Inc. relevant to the claims in this case.

**REQUEST FOR PRODUCTION NO. 43**:

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Broadcom Products or Partner Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," "Partner Products," and "SNMP Research Software," the vague terms "advertising materials," "marketing materials," "brochures," "pamphlets," "other such Documents of any kind," "concerning," "discussing," and "the use," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as

framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are not Broadcom Inc. products and therefore there are no "Broadcom Products or Partner Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 44**:

All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Broadcom Product.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "SNMP Research Software," the vague term "financial analysis," and "benefit of use," the overbroad request for "All Documents concerning" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's

possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 45**:

All financial Documents concerning Broadcom's profits and losses from October 1, 2017 continuing to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definitions of "Broadcom," "Documents," and "Relating To," the vague term "[a]ll financial Documents," and "profits and losses," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. The Request is not tied to any claims or defenses in this case,

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding the meaning and scope of this Request.


**REQUEST FOR PRODUCTION NO. 46**:

A copy of each and every Document which has an agreement for Broadcom Products that contain SNMP Research Software under which Broadcom placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Source Code," "each and every Document," "Relate," and "SNMP Research Software," the vague and undefined terms "placed Source Code into escrow" and "Document which has an agreement for" and "show the customers to which those agreements Relate" as used

in this context, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The products listed in Paragraph 64 are not Broadcom Inc. products and therefore there are no "Broadcom Products" and no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 47**:

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the Broadcom entity doing the distributing, and the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, the objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Products," and "Identified," the vague terms "distribution Documents," "distributed," "transferred," and "otherwise disclosed," the vague and overbroad request for "all distribution Documents" without further specification, and the overbroad time period. Under

SNMP's definitions incorporated into this Request by reference to Interrogatory numbers 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory numbers 1 and 2.

**REQUEST FOR PRODUCTION NO. 48**:

All Documents Relating to any attempt by Broadcom to cure breach(es) of the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom" and "Relating to," the vague and overbroad terms "any attempt to" and "cure breach(es)," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request also calls for a legal conclusion and assumes facts not proven by Plaintiffs.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding the meaning and scope of this Request.


**REQUEST FOR PRODUCTION NO. 49**:

All Documents that compute or discuss the value of the assets in the disclosure, license, sale, and/or transfer from Brocade to Extreme ("Extreme Sale").

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which

are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom" and "Extreme," all Documents," and "Extreme," the vague and overbroad terms "compute," "discuss," "value of the assets," "disclosure," "transfer," and "discussions," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Extreme is likewise broadly defined to include entities and individuals unknown to Broadcom. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case. Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request and refers Plaintiff to Brocade's response to Request for Production No. 52.

**REQUEST FOR PRODUCTION NO. 50**:

All Source Code disclosed, licensed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Source Code" and "Extreme," the vague and overbroad terms "disclosed" and "transferred" and "otherwise provided," the request for "All Source Code" without further specification and untied to the claims and defenses in this case, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Extreme is likewise broadly defined to include entities and individuals unknown to Broadcom. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further

objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer with Plaintiff regarding this Request.

**REQUEST FOR PRODUCTION NO. 51**:

All Documents and things that Broadcom may seek to use at trial in this action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," the vague terms "and things" and "may seek to use.". Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as a trial date has yet to be set and the parties agreed to a trial date in November 2022, and Defendants will first need to examine information in the possession of Plaintiffs, including their software, source code, copyright registrations and deposits, and relevant communications, among other things. Discovery is in its preliminary stages. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Although Broadcom's investigation is ongoing and it has not yet identified the documents it may seek to use at trial in this litigation, Broadcom will produce, on a rolling basis, non-privileged documents, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that are responsive to this Request as they are identified. Broadcom does not, however, waive any right to rely on documents in this case that were not produced or that were not responsive to these Requests.


**REQUEST FOR PRODUCTION NO. 52**:

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

6035216

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52</u>**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the overbroad request for "All Documents Relating to" without further specification, the vague and overbroad terms "sharing," "directly or indirectly," "from the transfer," "disclosure," "or otherwise," and "was/is in the possession of," and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The definition of Extreme is similarly overbroad. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request also seeks a legal

conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer with Plaintiff regarding this Request.


**REQUEST FOR PRODUCTION NO. 53**:

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the vague terms "financial interest in the transfer," "disclosure," "or otherwise," and "was/is in the possession of Brocade," the request for "All Documents Relating to" without further specification, and the overbroad time period, and the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis,

and opinion.  This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties.  Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.  Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer with Plaintiff regarding this Request.


**REQUEST FOR PRODUCTION NO. 54**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," "Extreme," "Relating to," and "SNMP Research Software," the vague terms "Broadcom Inc.'s involvement," "disclosure," "in the transfer," "or otherwise," "was/is in the possession of," and "direct or indirect," the request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis,

and opinion. This Request also seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer with Plaintiff regarding this Request.


**REQUEST FOR PRODUCTION NO. 55**:

All Documents constituting the March 29, 2017 "Purchase Agreement" with Extreme, including any amendments to it.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Extreme," the vague term "Purchase Agreement" and "constituting." Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request also seeks a legal conclusion and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 59.

**REQUEST FOR PRODUCTION NO. 56**:

All Documents Relating to the March 29, 2017 "Purchase Agreement" with Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Extreme," the vague term "Purchase Agreement," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement.  Broadcom refers Plaintiff to Brocade's response to Request for Production No. 59.


**REQUEST FOR PRODUCTION NO. 57**:

All Documents Relating to the October 3, 2017 "Consent Agreement" with Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Extreme," the vague term "Consent Agreement," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the

case. This Request also seeks a legal conclusion and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 60.


**REQUEST FOR PRODUCTION NO. 58**:

All Documents constituting the October 3, 2017 "Consent Agreement" with Extreme, including any amendments to it.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Extreme," the vague and undefined terms "constituting" and "Consent Agreement" and "any amendments to it," and the vague and overbroad request for "all Documents constituting" this undefined agreement without further specification. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 61.


**REQUEST FOR PRODUCTION NO. 59**:

All Documents Relating to the "Separate Sale Agreement" between Extreme and Brocade, as referenced in the October 3, 2017 "Consent Agreement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Extreme," and "Relating to," the vague and undefined terms "Separate Sale Agreement" and "Consent Agreement," the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request

seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Separate Sale Agreement.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 62.

**REQUEST FOR PRODUCTION NO. 60**:

All Documents constituting the "Separate Sale Agreement" between Extreme and Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "Extreme," the vague and undefined terms "Separate Sale Agreement," "constituting," and "Consent Agreement," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period.  Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  his Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Separate Sale Agreement.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties.  Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.  Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Case 3:20-cv-00451-CEA-DCP   Document 116-14   Filed 12/09/21   Page 120 of 177   PageID #: 4383
6035216

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 63.

**REQUEST FOR PRODUCTION NO. 61**:

All Documents Relating to the "Release" Identified in the October 3, 2017 "Consent Agreement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Identified" and "Relating to," and the vague and undefined terms "Release" and "Consent Agreement," and the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. . Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a

legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Release.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 64.

**REQUEST FOR PRODUCTION NO. 62**:

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, duplicative, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Identified," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period. . Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the counterparty to the Consent Agreement or Release.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. was not a party to this agreement. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 65.


**REQUEST FOR PRODUCTION NO. 63**:

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Identified," the vague and undefined terms "Consent Payment" and "Consent Agreement," the vague and overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the parties to the Consent Agreement or Consent Payment.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom

further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request.


**REQUEST FOR PRODUCTION NO. 64**:

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Identified," the

vague terms "constituting," "Consent Payment," and "Consent Agreement," and "any amendments," the vague and overbroad request for "All Documents constituting" without further specification, and the overbroad time period. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion and is not tied to the claims or defenses in this case and it does not specify the parties to the Consent Agreement or Consent Payment.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 65**:

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Extreme," and "Relating to," the vague term "acquisition and/or purchase of assets," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request seeks a legal conclusion, assumes facts not yet proven by Plaintiffs, and is not tied to the claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.

Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes: (1) the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.; (2) the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC; and (3) the term "Extreme" to mean only the specific entity named as a defendant in this action, Extreme Networks, Inc.

Broadcom is not aware of any agreements between Broadcom Inc. and Extreme concerning Extreme's acquisition of assets from Brocade in October 2017.

**REQUEST FOR PRODUCTION NO. 66**:

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the March 29, 2017 agreement with Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Extreme," and "Relating to," the vague terms "contemplated" and "Extreme Sale," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes: (1) the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.; (2) the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC; and (3) the term "Extreme" to mean only the specific entity named as a defendant in this action, Extreme Networks, Inc.

Broadcom is not aware of any agreements between Broadcom Inc. and Extreme concerning Extreme's acquisition of assets from Brocade in October 2017.

**REQUEST FOR PRODUCTION NO. 67**:

All Documents Relating to Broadcom Inc.'s sharing, either directly or indirectly, in the revenues, profits, and/or losses from Brocades' development, production, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Relating to," "Products," and "Identified," the vague terms "directly or indirectly," "sharing," "losses," and "development, production, servicing, sale, and/or distribution," the overbroad

request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request by Interrogatories number 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper

venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.


**REQUEST FOR PRODUCTION NO. 68**:

All Documents Relating to Broadcom Inc.'s potential revenues, profits, and/or losses in connection with Brocades' development, production, sale and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Relating to," "Products," and "Identified," the vague terms "directly or indirectly," "sharing," "losses," and "development, production, servicing, sale, and/or distribution," the overbroad

request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request by Interrogatories number 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 69**:

All Documents Relating to Broadcom Inc.'s financial interest in Brocade's sale, development, production, distribution, and/or creation of the Products Identified in response to Interrogatory numbers 1 and 2.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Relating to," "Products," and "Identified," the vague terms "financial interest" and "development, production, servicing, distribution and/or creation," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by these Interrogatories. Under

6035216

SNMP's definitions incorporated into this Request by Interrogatories number 1 and 2, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 70**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in Brocade's development, production, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Broadcom objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Relating to," "Products," and "Identified," the overbroad request for "All Documents Relating to" without further specification, the vague terms "direct or indirect," "involvement," and "development, production, servicing, sale, and/or distribution," and the categories required to be identified by these Interrogatories.

Case 3:20-cv-00451-CEA-DCP   Document 116-14   Filed 12/09/21   Page 136 of 177   PageID #: 4399
6035216

Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 71**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, with Brocade's development, production, sale, and/or distribution of Derivative Works with respect to SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Derivative Works," "Relating to," and "SNMP Research Software," the vague terms "direct or indirect," "involvement," "development, production, servicing, sale, and/or distribution," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is

defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. This Request is nonsensical because SNMP has defined Broadcom to include Brocade and vice versa, as well as all other affiliated entities and more. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 72**:

All Documents Relating to Broadcom Inc.'s review, awareness, and/or acknowledgment of the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement, General Objections,  which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Broadcom," the vague term "awareness, and/or acknowledgement," and the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by these Interrogatories.  Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.  Moreover, no Products were Identified.

6035216

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows: Broadcom is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 73**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market nationwide any Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and

supplements as follows: In addition to the Preliminary Statement, General Objections, the objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly," and "efforts" and "develop, produce, sell, service, distribute, advertise, and/or market," the overbroad request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by this Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs. Moreover no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's

possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 74**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in Tennessee any Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and

supplements as follows:  In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly," and "efforts" and  "develop, produce, sell, service, distribute, advertise, and/or market," the overbroad time period, the request for "All Documents Relating to" without further specification, and the categories required to be identified by this Interrogatory.  Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.  This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.  Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties.  Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's

possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 75**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in the area encompassing all or part of the East Grand Division of Tennessee any Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "directly or indirectly," and "awareness" and "sale, marketing, advertising, servicing, or distribution" the overbroad time period, the request for "All Documents Relating to," without further specification, and the categories required to be identified by Interrogatory number 1.  Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.  This Request seeks a legal conclusion and assumes facts not yet proven by Plaintiffs.  Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents Relating to Broadcom Inc.'s awareness of the sale, marketing, advertising, servicing, or distribution in the area encompassing all or part of the East Grand Division of Tennessee any Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "marketed, advertised, and/or distributed, the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

## **REQUEST FOR PRODUCTION NO. 77**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections and objection to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Relating to," Products," and "Identified," the vague terms "transferred" and "provided" and "its contractors," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by this Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

## REQUEST FOR PRODUCTION NO. 78:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in the area encompassing all or part of the East Grand Division of Tennessee.

6035216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," "sold," "marketed," "advertised," "distributed," and "Products," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom

further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 79**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to the University of Tennessee at Knoxville, including its contractors.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79</u>**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "transferred" and "provided" and  "its contractors," the request for "All Documents Relating to" without further specification, the overbroad time period, and the categories required to be identified by Interrogatory number 1.  Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Moreover, no Products were Identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

## REQUEST FOR PRODUCTION NO. 80:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Blue Cross Blue Shield of Tennessee, including its contractors.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:   In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "marketed, advertised, and/or distributed," and "distributors or partners," the request for "All Documents Relating to" "any time" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory.   Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.   SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.   The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.   Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.   The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.   Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.   Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.   Moreover, no Products were identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 81**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including its contractors.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81</u>**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Identified," and "Products," the vague terms "marketed, advertised, and/or distributed" and "distributors or partners," the request for "All Documents Relating to" "at any time" without further specification, the overbroad time period, and the categories required to be identified by the Interrogatory.  Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit.  Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome.  The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Moreover, no Products were identified.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 82**:

Documents sufficient to Identify all employees or contractors of Broadcom Inc. who work or reside in Tennessee.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82</u>**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Identify" and "Broadcom," the vague terms "employees or contractors" and "work or reside," the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company is not aware of any employees or contractors who reside or work in Tennessee.

**REQUEST FOR PRODUCTION NO. 83**:

All Documents Relating to Broadcom's distributors or partners in Tennessee which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Broadcom," and "Products," the vague term "distributors or partners," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by this Interrogatory. Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP

Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 84**:

All Documents Relating to Broadcom's distributors or partners in the area encompassing all or part of the Eastern District of Tennessee which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to," "Broadcom," and "Products," the vague term "distributors or partners," the overbroad request for "All Documents Relating to" without further specification, and the categories required to be identified by this Interrogatory.  Under SNMP's definitions incorporated into this Request by reference to Interrogatory number 1, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of

SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. The Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction over Broadcom; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

6035216

Subject to and without waiving these objections, Broadcom responds as follows:

No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 85**:

All Documents constituting the "Brocade Merger" transaction identified at page 17 of Broadcom's 2017 Form 10-K.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," the vague terms "Brocade Merger" and "constituting," and the overbroad time period. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request is not tied to any claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties.

6035216

Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the term "Broadcom" to refer to the specific entity named as a defendant in this action, Broadcom Inc. No responsive, non-privileged documents exist as there is no 2017 Form 10-K for Broadcom Inc.


**REQUEST FOR PRODUCTION NO. 86**:

All Documents Relating to the "Brocade Merger" transaction identified at page 17 of Broadcom's 2017 Form 10-K.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Relating to" and "Broadcom,"

the vague term "Brocade Merger," and the overbroad request for "All Documents Relating to" without further specification, and the overbroad time period. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case. This Request is not tied to any claims or defenses in this case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

6035216

Broadcom construes the term "Broadcom" to refer to the specific entity named as a defendant in this action, Broadcom Inc. No responsive, non-privileged documents exist as there is no 2017 Form 10-K for Broadcom Inc.

**REQUEST FOR PRODUCTION NO. 87**:

Brocade's operative limited liability company agreement(s), including any amendments, from November 1, 2017 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and the categories required to be identified. Under SNMP's definitions, Brocade is defined to include, *inter alia*, Broadcom and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing

this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. This request should be directed to Brocade and Broadcom refers Plaintiff to Brocade's responses to Requests for Production seeking the same information.

**REQUEST FOR PRODUCTION NO. 88:**

Any organizational charts reflecting Broadcom's corporate relationship with its subsidiaries and affiliates, including but not limited to Broadcom Corporation and all Avago entities. The time frame for this request is January 1, 2017 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous,

- 168 -

compound, and overbroad, particularly as to SNMP's definition of "Broadcom," the vague term "organizational charts," and the categories required to be identified. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 89**:

Documents sufficient to Identify the "several layers between" Brocade Communications Systems LLC and Broadcom Inc. See Dkt. 40-2 ¶ 4.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Broadcom," and "Identify" and the overbroad time period. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing, Broadcom responds as follows:

Broadcom will produce on a rolling basis, non-privileged documents, to the extent they exist and are in Broadcom's possession, custody, or control, that are sufficient to identify the "several layers between" Brocade Communications Systems LLC and Broadcom Inc. as stated in Dkt. 40-2 ¶ 4.

**REQUEST FOR PRODUCTION NO. 90**:

All agreements between or among Broadcom, Brocade, and/or Extreme Relating to SNMP Research, SNMP Research Software, this litigation, or any other disputes with SNMP Research.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "Extreme," Relating to," "SNMP Research," and "SNMP Research Software," the vague term "disputes," and the categories required to be identified. Under SNMP's definitions, Broadcom is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software

incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Broadcom responds as follows:

Broadcom is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 91**:

Documents sufficient to Identify the Persons involved in the management of Brocade Communications Systems LLC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 91**:

Except its objection based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Identify," and "Persons," the vague term "in the management of," the request for "All Documents sufficient to" without further specification, and the overbroad time period. Under SNMP's definitions incorporated into this Request, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request as framed seeks documents that are irrelevant and not proportional to the needs of the case.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Requests to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom objects to this Request on the basis that the Court overseeing

this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

For the purposes of these objections and responses, Broadcom construes: (1) the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.; and (2) the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC.

This request should be directed to Brocade. Broadcom refers Plaintiff to Brocade's response to Request for Production No. 86.

Dated:  October 4, 2021     HUESTON HENNIGAN LLP


By:    */s/ Alison Plessman*
    Alison Plessman
    Attorneys for Defendants
    Broadcom Inc.
    Brocade Communications Systems LLC

6035216

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over

the age of 18 and not a party to the within action.  My business address is 523 West

3  6th Street, Suite 400, Los Angeles, CA 90014.

4      On October 4, 2021, I served the foregoing document(s) described as:

5  **BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

6

7  on the interested parties in this action as stated below:

8  John L. Wood, Esq.                 Morgan Chu
Cheryl G. Rice, Esq.               David Nimmer

Rameen J. Nasrollahi,             A. Matthew Ashley

9  EGERTON, McAFEE, ARMISTEAD   IRELL & MANELLA LLP
& DAVIS, P.C.                 1800 Avenue of the Stars, Suite 900

10  900 S. Gay Street, Suite 1400      Los Angeles, California 90067-4276
P.O. Box 2047                 mchu@irell.com

11  Knoxville, TN 37902          dnimmer@irell.com
jwood@emlaw.com           mashley@irell.com

12  crice@emlaw.com
rnasrollahi@emlaw.com

13

14   ☒    (BY E-MAIL) By transmitting the documents listed above to the e-mail
addresses set forth above.

15

16      I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct, and that I am employed in the office

of a member of the bar of this Court at whose direction the service was made.

17

18      Executed on October 4, 2021, at Los Angeles, California.

19         Debi Del Grande               *Debi Del Grande*

20       (Type or print name)             (Signature)

21

22

23

24

25

26

27

28

- 1 -