# EXHIBIT N

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

### AT KNOXVILLE

SNMP RESEARCH, INC. and SNMP
RESEARCH INTERNATIONAL, INC.,

       Plaintiffs,

v.

BROADCOM INC.; BROCADE
COMMUNICATIONS SYSTEMS LLC; and
EXTREME NETWORKS, INC.

       Defendants.

Case No. 3:20-cv-00451

---

**BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its first supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Requests for Production" or "RFPs"), served on January 29, 2021.

## PRELIMINARY STATEMENT

1.     Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial. These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.

2. By making the accompanying responses and objections to SNMP's Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

6035318

5.     This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## GENERAL OBJECTIONS

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Broadcom reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Broadcom does not concede that any of the requested documents are relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any documents produced and to the introduction of such documents into evidence.

1.     Service of this document should not be construed as any waiver of any and all objections that Broadcom has to the propriety and timing of the Requests, or to the relevance or admissibility of any documents relating to the subjects covered by the Requests.

2.     These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

3.     Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

6035318

4.      Broadcom objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

5.      Broadcom objects to each Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.   Broadcom further objects to each Interrogatory relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

6.      Broadcom objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

7.      Broadcom objects to each Request to the extent that it seeks documents that are not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Broadcom objects to each Request to the extent that the documents sought are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9.      Broadcom objects to each Request to the extent it is compound.

10.     Broadcom objects to the Requests to the extent that they are not reasonably particular under Federal Rule of Civil Procedure 34(b)(1).

11.     Broadcom objects to the Requests to the extent they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

12.     Broadcom objects to each Request to the extent it is vague, ambiguous, or overbroad.  Broadcom responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

13.     Broadcom objects to each Request to the extent it is unduly burdensome and will cause Broadcom unwarranted annoyance, embarrassment, or undue expense.

14.     Broadcom objects to each Request to the extent it requires Broadcom to produce documents not in the possession, custody, or control of Broadcom.  Broadcom's responses and objections shall not be construed as representations regarding the existence or non-existence of documents outside its possession, custody, or control.  Broadcom also objects to the Requests to the extent they seek documents that are public, already in the possession, custody, or control of, or is equally accessible to SNMP.

15.     Broadcom objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

16.     Broadcom objects to each Request as premature.  Broadcom has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

6035318

17.     Broadcom objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

18.     Broadcom objects to these Requests to the extent they seek documents protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial documents.  Broadcom will not reveal such documents where doing so would violate its privacy rights or the privacy rights of third parties or where such documents are confidential and proprietary in nature.

19.     Broadcom objects to these Requests to the extent they require Broadcom to reveal confidential, sensitive, and proprietary information, including but not limited to financial information.

20.     Broadcom objects to each Request to the extent it seeks a legal conclusion.  Any response of Broadcom to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

21.     Broadcom objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them."  This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound.  It also seeks information that is unknown to Broadcom and therefore requires Broadcom to first seek discovery from Plaintiffs before it can

6035318

answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

22.     Broadcom objects to SNMP's definition of "You," "Your," and "Broadcom" as meaning "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Broadcom would be unduly burdensome. The definition also renders these Requests compound, nonsensical and confusing because Broadcom's "affiliated entities" would include, for example, Brocade Communications Systems LLC.

23.     Broadcom objects to SNMP's definition of "Brocade" as including "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Requests compound, nonsensical, and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

6035318

24.     Broadcom objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Broadcom.

25.     Broadcom objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. . . . The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Broadcom," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

6035318

26.     In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Broadcom through the United States Copyright Office, and counsel for SNMP has not provided counsel for Broadcom with copies of the allegedly copyrighted works being asserted in this case.  As of today, counsel for Broadcom does not know the contents of the registered, allegedly copyrighted works at issue in this case. Broadcom does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works.  The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.)  Without specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Broadcom's counsel is unable to fully and accurately respond to Requests that implicate this definition at this time and as drafted.

27.     Nevertheless, and in an effort to move forward with discovery despite this improper definition, Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint.  The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products.  Information relating to the products listed in Paragraph 64 is provided in Brocade's supplemental responses and objections.

28.     Broadcom objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services."  Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not

proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Where applicable, Broadcom will construe the term "Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

29.     Broadcom objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Broadcom by such third party." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Broadcom further objects to this definition as it incorporates SNMP's definitions of "Broadcom" and "SNMP Research Software," which Broadcom has also objected to. Where applicable, Broadcom will construe the term "Partner Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

30.     Broadcom objects to the Requests to the extent that they seek "all" documents sought in a particular Request, failing to describe the documents being sought with reasonable particularity.

31.     Broadcom objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking documents that are not relevant or not proportional to the needs of the case.

32.    Broadcom objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Broadcom to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Broadcom's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

33.    Broadcom objects to the time period set forth in these Requests as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 92**:

All Documents that give Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92**:

Except its objections based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Request for Production served on March 1, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "transfer" and "distribute."  Under SNMP's definitions incorporated into this Request by reference to all other requests for

production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Broadcom responds as follows: Broadcom construes the term "Broadcom Inc." to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products. Broadcom Inc. does not use, copy, license, sell, transfer, prepare derivative works of, or distribute the products listed in Paragraph 64 of the Complaint, but Broadcom will produce on a rolling basis any non-privileged, responsive documents to the extent they exit and are in Broadcom's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 93**:

All Documents that give consultants or contractors of Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93**:

Except its objections based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Request for Production served on March 1, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer," and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all

affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

- 14 -

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Broadcom responds as follows:  Broadcom construes the term "Broadcom Inc." to mean only the specific entity named as a defendant in this action, Broadcom Inc.  Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products.  Broadcom will meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 94**:

All Documents that give Broadcom the right to use, copy, license, sell, transfer, prepare derivate works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

Except its objections based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Request for Production served on March 1, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "transfer" and "distribute."  Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software

incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request to the extent the documents sought are already in Plaintiffs' possession. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

6035318

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Broadcom responds as follows: Broadcom construes the term "Broadcom Inc." to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products. Broadcom Inc. does not use, copy, license, sell, transfer, prepare derivative works of, or distribute the products listed in Paragraph 64 of the Complaint, but Broadcom will produce on a rolling basis any non-privileged, responsive documents to the extent they exit and are in Broadcom's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 95**:

All Documents that give consultants or contractors of Broadcom the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95**:

Except its objections based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Request for Production served on March 1, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to the vague terms "consultants," "contractors," "transfer," and "distribute." Under SNMP's definitions incorporated into this Request by reference to all other requests for production, Broadcom is defined to include, *inter alia*, all affiliated entities, including co-defendant Brocade Communications Systems LLC. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of

SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Conducting a search for documents of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Request seeks documents that are irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion, as well as premature legal conclusions and opinions. Broadcom further objects to this request as it is argumentative and calls for a legal conclusion. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

6035318

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Broadcom responds as follows: Broadcom construes the term "Broadcom Inc." to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom accepted SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. The products listed in Paragraph 64 of the Complaint are not Broadcom Inc. products. Broadcom will meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 96**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96**:

Except its objections based on the pending discovery posture and motions, Broadcom incorporates its original objections to this Request for Production served on March 1, 2021 and supplements as follows: Broadcom objects to this Request as it requires the disclosure of confidential and proprietary information, documents, and tangible things of Broadcom and third parties. Broadcom further objects to this Request to the extent the documents sought are not in Broadcom's possession, custody, or control and are in the possession, custody, or control of third parties. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney work product doctrine, the joint client privilege, the joint

defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Broadcom will produce an unredacted version of the "letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019."

Dated:  October 4, 2021                    HUESTON HENNIGAN LLP

By:  _____/s/ Alison Plessman_____
     Alison Plessman
     Attorneys for Defendants
     Broadcom Inc.
     Brocade Communications Systems LLC

6035318

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On October 4, 2021, I served the foregoing document(s) described as:

**BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF PRODUCTION**

on the interested parties in this action as stated below:

| | |
|---|---|
| John L. Wood, Esq.<br>Cheryl G. Rice, Esq.<br>Rameen J. Nasrollahi,<br>EGERTON, McAFEE, ARMISTEAD<br>& DAVIS, P.C.<br>900 S. Gay Street, Suite 1400<br>P.O. Box 2047<br>Knoxville, TN 37902<br>jwood@emlaw.com<br>crice@emlaw.com<br>rnasrollahi@emlaw.com | Morgan Chu<br>David Nimmer<br>A. Matthew Ashley<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>mchu@irell.com<br>dnimmer@irell.com<br>mashley@irell.com |

☒ (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 4, 2021, at Los Angeles, California.

_____
Debi Del Grande
(Type or print name)

*Debi Del Grande*
(Signature)

- 1 -

6054945