# EXHIBIT O

# Weber, Olivia

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Wednesday, December 1, 2021 12:20 PM |
| **To:** | Alison Plessman; Salvatore Bonaccorso |
| **Cc:** | Ashley, Matt; John L. Wood; Cheryl G. Rice; Demers, Leslie A; Neukom, John (Jay); Feirman, Jordan |
| **Subject:** | RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al. |

Hi Alison,

Thank you and Leslie for your time on our last two calls. Below is a summary of the most significant points in the discussions.

During the November 12 and 16 calls, the parties made progress on the following disputes:

- Brocade RFPs 25, 28 (corresponding to Broadcom RFPs 27, 30): Broadcom and Brocade will consider what "install images" are available and whether they will agree that SNMP Research Software was shipped in Defendants' products in order to avoid producing a build environment. If Defendants can provide a representation that is satisfactory to Plaintiff that Plaintiff's source code was shipped in Defendants' products, Plaintiff will withdraw its requests for the build environments and install images, reserving all rights to re-issue these requests should the need arise;
- Brocade RFP 35 (corresponding to Broadcom RFP 37): Broadcom and Brocade will investigate whether there are documents reflecting searches of Defendants' software for Plaintiff's software;
- Brocade RFP 47: Brocade will provide "All financial documents <u>sufficient to show</u> Your current assets, liabilities, and income";
- Brocade RFP 48 (corresponding to Broadcom RFP 46): Broadcom and Brocade will confirm whether they have ever used agreements about source code escrows;
- Brocade RFP 51: Brocade will provide "All Documents Relating to the disclosure, licensing, sale, or transfer of SNMP Software to Extreme," with respect to Plaintiff's software transferred in connection with the divestiture;
- Brocade RFPs 55-56 (corresponding to Broadcom RFPs 52-53): Broadcom and Brocade will amend their responses to say that there are no agreements between Broadcom Inc. and Brocade to share profits from the divestiture other than the general parent-subsidiary relationship;
- Brocade Interrogatory 5 (corresponding to Broadcom Interrogatory 5): Brocade agreed to check exactly what type of information it tracks with respect to products sold to Brocade customers, partners, or other third parties.

Alison, could you please let us know the results of your discussions with your clients that you indicated were going to occur on November 17?

The parties also discussed the following Brocade requests (which correspond to all matching Broadcom requests) to which Broadcom's and Brocade's supplemental responses simply indicated that they were willing to meet and confer. The parties did not reach resolution on these items. These discussions concerned requests for the following documents and information:

- Broadcom's and Brocade's source code ( Brocade RFPs 26-27, 53);
- All versions of software and firmware produced for the products identified in response to Interrogatory 1, as well as all associated documents detailing release dates, technical details, downloads, distribution and use of those products (Brocade RFPs 23-24);

- Internal and external communications concerning the Plaintiffs, their software, or this litigation (Brocade RFPs 32-34);
- Defendants' corporate structures and governing documents (Brocade RFPs 41-42);
- Broadcom Inc.'s involvement in the transfer of SNMP Research Software to Extreme; agreements between Brocade and Extreme from January 1, 2017 to present; and Broadcom Inc.'s financial interest in and involvement in development of products containing Plaintiff's software (Brocade RFPs 57-58, 69-72);
- All documents constituting and relating to the Consent Payment and Consummation of the Merger (Brocade RFPs 66-67, 85);
- Communications with Broadcom relating to the License Agreement (Brocade RFP 73);
- Broadcom Inc.'s efforts to market, advertise, sell, etc. products containing Plaintiff's software, both nationwide and throughout Tennessee (Brocade RFPs 74-77);
- Documents relating to products identified in response to Interrogatory 1 that were sold, marketed, advertised, or distributed in Tennessee (Brocade RFPs 78-84);
- Documents giving Defendants' consultants or contractors the right to use, copy, sell, etc. Plaintiff's software (Brocade RFP 88).

Broadcom and Brocade repeatedly objected to these requests on burden, overbreadth, and proportionality grounds, but were unable to identify even an approximate number of responsive documents implicated, the actual number of entities they would need to search to respond to the requests, or the categories of potentially responsive documents or information they were not searching. For example, Broadcom and Brocade continued to object to requests for "All Documents Relating to," but when Plaintiff asked for a description of the scope or categories of documents in order to consider narrowing to a smaller universe of materials, Defendants would not provide any.

The parties also discussed other specific requests, including the following:

- Brocade Interrogatory 5/Brocade RFP 5: These concern Plaintiff's requests to identify each partner, customer, or other third party who received each product responsive to Interrogatory numbers 1 and 2, and the quantities of each product received. Brocade responded that it does not "track" the information requested in the manner requested, and although it is checking to see exactly what information it "tracks," Brocade would not agree to identify the third parties to which Brocade sold products containing Plaintiff's software.
- Brocade Interrogatory 10/Brocade RFP 10: These concern Plaintiff's requests to identify the third-party sellers or resellers of each version, release, software or firmware release, and iteration of every product with respect to the products identified in response to Interrogatory numbers 1 and 2. Defendants provided third-party names, but would not identify information about the products sold to those third parties. Defendants protested that they do not "track downstream sales by its customers to third party sellers or resellers." Plaintiff reiterated, as it has before, that it is asking Defendants to identify the products Defendants sold to the sellers or resellers, but Defendants continued to refuse to amend their responses.
- Brocade Interrogatory 12/Brocade RFP 12: These concern Plaintiff's requests to identify all contracts or agreements between Defendants and all third parties to which Defendants have provided, sold, licensed, or transferred (i) any products identified in response to Interrogatory numbers 1 or 2 or (ii) SNMP Research Software. Defendants responded that they were confused by the terminology. Plaintiff reiterated that this request merely seeks identification of agreements, which are relevant on several grounds, including but not limited to, verifying Defendants' representations about their financial compensation for the products containing Plaintiff's software.
- Brocade Interrogatory 21/Brocade RFP 21: These concern Plaintiff's requests to identify Broadcom and Brocade partners or distributors marking, advertising, selling, or distributing products containing Plaintiff's software in or to Tennessee. Defendants' response was that they do not keep track of what the partners or distributors do.

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia
**Sent:** Thursday, November 11, 2021 11:22 AM
**To:** 'Alison Plessman' <aplessman@hueston.com>; 'Salvatore Bonaccorso' <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; 'John L. Wood' <JWood@emlaw.com>; 'Cheryl G. Rice' <CRice@emlaw.com>; 'Demers, Leslie A' <Leslie.Demers@skadden.com>; 'Neukom, John (Jay)' <John.Neukom@skadden.com>; 'Feirman, Jordan' <Jordan.Feirman@skadden.com>
**Subject:** RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Alison and Leslie,

Thank you both for your time on the meet and confer call last week. Below I've summarized key topics we discussed. We look forward to our planned call tomorrow where we will discuss the remaining issues set forth in my prior email and all items where your response was that you want to meet and confer.

1. General Objections. The parties discussed whether Broadcom and Brocade are still standing on their boilerplate general objections or whether they are willing to withdraw them. Broadcom and Brocade stated that they will not remove them, that this issue is currently before the Court, and that the general objections are there for convenience, so they do not need to be incorporated into specific responses. Plaintiff noted that the general objections are also duplicated in the specific responses. Broadcom and Brocade continue to stand on the objections.

2. Compliance with Rule 34(b)(2)(C). Plaintiff asked Broadcom and Brocade if they will agree to explain which objections, if any, are leading to the withholding of documents. Broadcom and Brocade asserted that their responses lay out what they are agreeing to provide, and so there is no ambiguity as to what they are or are not withholding. Plaintiff reiterated that Defendants' responses do not clarify whether each objection is leading to the withholding of documents, and that this approach contravenes Rule 34. Broadcom and Brocade stated that they are not currently withholding documents based upon any objection other than the time frame objection noted in several responses but would not agree to state that in the responses.

3. Production dates. The parties discussed the fact that Broadcom's and Brocade's responses do not indicate a date for supplemental (let alone final) production for any of the documents that they've agreed to produce. Broadcom and Brocade refused to provide any schedule beyond confirming they will certainly finalize supplementation by the end date for discovery contained in the Scheduling Order and advised that there was "no set date in mind" as to the next production. They indicated they are currently in the midst of determining the universe of relevant material, and then will begin the process of analyzing that material to determine whether it should be withheld based upon an objection or on privilege grounds, and would begin production once those steps were completed. No privilege review has begun yet.

4. Product offer and software/entity definitions. Plaintiff reiterated that its July offer to allow Defendants to initially respond to discovery by limiting certain responses to the products identified in the Complaint was a way to start production, but was not an offer to permanently limit discovery to those products. Plaintiff asked whether Broadcom and Brocade are now willing to investigate what other products contain Plaintiff's software, and they responded that they were not willing to do so given the purportedly overbroad definition of "SNMP Research Software." Plaintiff explained, as it had before on other meet and confer calls, that this definition is simple: any software provided or licensed by SNMP Research to Brocade, or any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. Broadcom and Brocade suggested Plaintiff should limit the request to the products Plaintiff "knows are at issue" and also reiterated their request for Plaintiff to limit the entity definitions to the entities named in the Complaint. Plaintiff reiterated that it will not prematurely limit the products to what Plaintiff "knows are at issue" at this point in time, nor will it limit the entity definitions before understanding which Broadcom and Brocade entities (including predecessor entities) dealt with Plaintiff's software as of and after January 1, 2017. Broadcom stated that there are hundreds of

Broadcom entities and so the search obligations would be "enormous," but it gave no further detail regarding this burden.

Plaintiff also noted that Broadcom and Brocade failed to respond to Interrogatory 11 because they refused to identify the products that were transferred to Extreme, despite Broadcom's and Brocade's agreement to identify these products as reflected in Plaintiff counsel's August 3, 2021 email. Broadcom and Brocade now, for the first time, assert that they never agreed to answer this Interrogatory.

5. <u>Stipulated ESI Protocol</u>. Plaintiff noted that Brocade did not provide any metadata with its production in contravention of the parties' stipulated ESI Protocol. Brocade responded that that was an "oversight" and that it would produce the metadata, but it refused to commit to produce metadata by a date certain or to even give a date by which it should be able to commit to a date certain for producing metadata. Extreme also asked Plaintiff whether it received Extreme's supplemental production of metadata, and Plaintiff agreed to double-check whether it received the metadata that Extreme believed it had produced.

6. <u>Improper confidentiality designations</u>. Plaintiff asked Brocade to explain the grounds upon which it had designated its product release notes as confidential, given that these appear to be public. Brocade indicated that at least some of the notes are public, so it would review them to make a determination and then "fix" the designations.

7. <u>Improper narrowing of governing time frame</u>. Plaintiff discussed the timeframe governing the discovery requests—January 1, 2017 to present—and asked whether Broadcom and Brocade would agree to produce documents dating back to January 1, 2017. Broadcom and Brocade continue to take the position that documents prior to the July 25, 2019 termination date are irrelevant.

8. <u>Requests objected to as seeking confidential information of third parties</u>. Plaintiff asked whether Broadcom and Brocade are withholding any documents or information based on their objection that certain requests seek the confidential information of third parties. Broadcom and Brocade responded that there is nothing they are withholding based "only" on that objection. Plaintiff noted that this is another example where it needs to understand whether Broadcom and Brocade are actually withholding documents/information based on this objection; Broadcom and Brocade continue to take the position that their responses indicate whether they are withholding on those grounds. Plaintiff raised Interrogatory 2 as an example, which requests Defendants to identify the products containing SNMP Research Software that are sold under third party brands ("Partner Products") and to identify those brands. Among many other objections, Broadcom/Brocade asserted that this request seeks the confidential information of third parties and refused to identify the third parties. Plaintiff asked whether Broadcom/Brocade are willing to answer Interrogatory 2, to which they responded that they do not keep track of what other third parties do with their products. Plaintiff explained (as it has before) that it simply seeks identification of Defendants' products containing SNMP Research Software that are sold to third parties and the identity of those third parties. Neither party was willing to revise its position.

9. <u>Production of documents in compliance with Rule 26(a)(1)</u>. The parties discussed Broadcom's and Brocade's statement that they are not waiving any right to rely on documents not produced in this case or that were not responsive to Plaintiff's requests. Broadcom and Brocade confirmed that they are not trying to carve anything out beyond basic reservations, *i.e.*, for impeachment. They made clear that this objection was just a catch-all.

10. <u>Identification of people</u>. Plaintiff asked whether Broadcom and Brocade will identify the persons involved in any searches for Brocade products containing SNMP Research Software, given that their discovery responses simply reiterated all of the same prior objections and then stated that no search was necessary because the parties agreed to limit responsive products to those listed in the Complaint. Broadcom and Brocade responded that the request was vague and that they could not even begin to identify what searches may have taken place, and so they limited the response in a way that made sense to them. Plaintiff asked whether Broadcom/Brocade had actually asked their engineers about responding to this request and what searches might have taken place, and they stated that they had not. Plaintiff also noted that Broadcom and Brocade must have conducted pre-

4

litigation searches for products containing Plaintiff's software in order to have been able to identify those products to Plaintiff before suit was filed, and accordingly, Broadcom and Brocade should have at least identified the people involved in those pre-litigation searches. Broadcom/Brocade agreed to identify individuals involved in a specific search if Plaintiff was willing to identify the search(es) to which the request applied and limit the interrogatory to a particular search(es), but were unwilling to identify people involved in any other searches that may have occurred based upon the issues they perceive with the wording of the request as discussed above.

11. <u>Source code</u>. The parties discussed Plaintiff's requests for all source code for each product containing Plaintiff's software as specified in RFP 23. Broadcom, Brocade, and Extreme requested an initial exchange whereby Defendants would produce the "SNMP source code provided to Brocade" and in return, Plaintiff would produce all of its registered copyright deposits. Defendants continued to incorrectly assert that Plaintiff has not alleged that the source code provided to Defendants was registered, and so while they would produce the "SNMP source code provided to Brocade," they would not produce any other source code from their products, and they would conduct an infringement analysis before deciding whether to produce additional code. Plaintiff rejected this offer because Defendants are not offering Plaintiffs anything that Plaintiffs do not already have. Plaintiffs cannot agree to a process where Defendants are allowed to unilaterally pick and choose what source code they believe Plaintiff is entitled to see. Defendants' offer would also allow them to delay production of all product source code indefinitely while they conduct their own infringement analysis. (Indeed, Extreme declined to indicate whether it has even identified a source code analysis expert to run the comparison as of yet.) Plaintiff asked Defendants for authority to support their position that they could unilaterally pick and choose what source code they would produce, but Defendants shared none.

    As a potential alternative, Plaintiff explained that if Defendants (1) represented that the source code they produced to Plaintiff was in their products, (2) provided a complete list of those products, and (3) confirmed that the source code was compiled and shipped in all of those products, then Plaintiff would consider that offer. Otherwise, Defendants' proposal to produce the "SNMP source code provided to Brocade" is merely an agreement to produce what Plaintiff already has.

    As another potential alternative, Plaintiff asked whether Defendants would be willing to produce all source code for their products and agree to a schedule for staging the products—for example, Defendants could produce all source code for half of the products now and then produce the source code for the remaining products in one month.

    Finally, Plaintiff also reiterated its prior, generous offer for a simultaneous exchange of source code whereby Plaintiff would produce its deposit copies and Defendants would produce the source code for all products containing Plaintiff's software.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Wednesday, October 27, 2021 6:39 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Subject:** RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Alison,

We are disappointed to hear that you are not available to meet and confer until two-and-a-half weeks after our first request for your availability. The extended delay is unreasonable.

We are available for a call the afternoon of November 4 from 12:30-3 p.m. Pacific—I will circulate a dial-in.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, October 27, 2021 1:18 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Subject:** Re: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Olivia -

My schedule is difficult right now, but I could do the afternoon of November 4 or November 5 if that works.

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, October 27, 2021 11:35:22 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Subject:** RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Alison,

Could you please let us know your availability to meet and confer this week? It's been nine days since I asked for your availability.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Monday, October 25, 2021 11:02 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>;

Demers, Leslie A <Leslie.Demers@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Subject:** RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Olivia –

We are looking into the issues you raise below and will get back to you with some times to meet and confer.

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, October 25, 2021 10:56 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Subject:** RE: Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Alison,

We haven't received any response from you regarding our request to meet and confer last week. As you are aware, a scheduling order has been entered in this case, and Plaintiffs have less than six months to complete expert disclosures. Accordingly, please respond with your availability to meet and confer this week, as it is crucial that we discuss the issues detailed below in a timely manner, particularly given that Broadcom and Brocade have already delayed meeting for one week. We hope to avoid burdening the Court with another motion to compel, but if you continue to ignore our attempts to meet and confer or improperly delay a meeting, you leave us no choice. *See* Fed. R. Civ. P. 37(a)(1) (requiring good faith meet and confer or "attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Monday, October 18, 2021 4:10 PM
**To:** 'Alison Plessman' <aplessman@hueston.com>; 'Salvatore Bonaccorso' <sbonaccorso@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; 'Cheryl G. Rice' <CRice@emlaw.com>; 'Demers, Leslie A' <Leslie.Demers@skadden.com>; 'Neukom, John (Jay)' <John.Neukom@skadden.com>; 'Feirman, Jordan' <Jordan.Feirman@skadden.com>
**Subject:** Broadcom's and Brocade's discovery responses re: SNMP Research, Inc. et al. v. Broadcom Inc. et al.

Hi Alison,

Below are the global issues that we plan to raise on a meet and confer call with Broadcom and Brocade concerning their "supplemental" responses. Plaintiffs reserve all rights to object to these responses, and so to the extent an issue is not specifically called out in the list below, we are not waiving our rights to discuss or challenge that issue.

7

Please respond back to us with your availability to meet and confer this week.

General and Original Objections. Broadcom's and Brocade's general objections are improper. Plaintiff also continues to challenge all of the issues relating to/deficiencies in Broadcom's and Brocade's "original objections." Plaintiff will meet and confer regarding whether Broadcom and Brocade will withdraw their general objections and their "original objections."

Product offer. In an effort to move discovery forward after months of delay, Plaintiff suggested that Broadcom and Brocade initially respond to discovery for those products identified in paragraphs 49 and 64. As was clearly explained in my emails on July 20th, July 22nd, and August 3rd, Plaintiff never agreed to limit discovery to only those products. Accordingly, Broadcom and Brocade should be working to investigate what other products are responsive to the requests, and Plaintiff would like to meet and confer regarding a supplemental production date for these other products. In addition, with respect to the requests that concern Brocade products transferred to Extreme, Broadcom and Brocade failed to include the paragraph 49 products in their responses. [*E.g.*, Interrogatory 11.] Last, Broadcom unjustifiably failed to respond to any of the Interrogatories based on the products identified in the complaint, despite its commitment to provide substantive responses based on the paragraph 49 and 64 products. [Broadcom RFPs 1-6, 8, 11-14, 16-17, 24-32, 37, 40, 46-47, 92-95; Broadcom Interrogatories 1-5, 7-8, 10-16.] Plaintiff will meet and confer with Defendants regarding these deficiencies.

Definition of "SNMP Research Software." Broadcom and Brocade continue to object to scores of requests on the basis of this definition, despite Plaintiffs' good faith offer during the July/August meet and confers to allow Broadcom and Brocade to initially answer the requests based on the products identified in the complaint, which they accepted. Plaintiff will meet and confer with Broadcom and Brocade regarding their objections to this term.

"Sequencing" of source code. Broadcom and Brocade continue to incorporate all prior objections, which include objecting to producing source code on the grounds that "it first requires review of information in SNMP's possession, including its software and/or source code." For the reasons Plaintiffs have stated, sequencing is improper insofar as Broadcom and Brocade contend they are entitled to a one-sided opportunity to inspect Plaintiffs' code before Plaintiffs can inspect Broadcom's and Brocade's code. Plaintiff served requests for production of source code more than nine months ago, on December 26, 2020, but Broadcom and Brocade have simply refused to produce their code. Plaintiffs are entitled to inspect that code without further delay, especially given that Plaintiffs' expert disclosures are due on or before April 12, 2022, and all parties have acknowledged that source code review will be "time consuming and tedious" (Dkt. 46 at 4). [Broadcom RFP 50; Brocade RFPs 25-28, 53.]

Production dates. Rule 34 requires Broadcom and Brocade to provide a reasonable date for production to begin and end. They did not provide any such date. [*E.g.*, Broadcom RFPs 33, 41-42, 51, 89, 92, 94, 96; Brocade RFPs 1-6, 8-9, 14, 22, 29-31, 36-40, 43-46, 49-50, 52, 54, 59-65, 68, 86-87, 89, Brocade Interrogatories 1, 5-6, 8-9.]

Stipulated ESI Protocol. Broadcom and Brocade stipulated to an ESI protocol but did not adhere to that protocol in Brocade's production. Specifically, metadata was not produced.

Improper Confidentiality Designations. Brocade produced product "release notes" but purported to designate them as confidential. Plaintiff intends to meet and confer with Brocade to understand the grounds for such designation.

Compliance with Rule 34(b)(2)(C). Broadcom and Brocade have continued to rely on all their objections but have not stated whether any responsive materials are being withheld on the basis of their objections. Plaintiffs still do not know whether Broadcom and Brocade are withholding documents due to objections, and if so, which objections. This approach contravenes the letter and spirit of Rule 34 and considerably impedes the meet and confer process given that Plaintiff cannot tell which objections are actually preventing production of some or all documents. [*See, e.g.*, Broadcom RFPs 13-14, 17, 25, 33-36, 48, 54, 63-64, 90; Brocade RFPs 12, 15, 24, 32-35, 44, 48, 50, 53-51, 57.]

Improper narrowing of governing time frame. Broadcom and Brocade both unjustifiably narrowed the timeline governing the discovery requests to July 25, 2019 to present, even though Plaintiff's instructions stated that the timeline governing the requests was January 1, 2017 to present unless noted otherwise. Plaintiff will meet and confer with Broadcom and Brocade to understand whether they have any additional grounds—other than what was covered in the prior meet and confers—that purport to justify Defendants' narrowing. [*See, e.g.*, Broadcom RFPs 33; Brocade RFPs 1-2, 4, 29-31, 38, Brocade Interrogatories 1, 3, 8.]

Requests seeking confidential information of third parties. Brocade and Broadcom object on the grounds that certain requests seek the confidential information of third parties. Plaintiff intends to meet and confer with Defendants as to why Defendants believe it is permissible to withhold information on these grounds. [*E.g.*, Brocade Interrogatory 2.]

Production of documents in compliance with Rule 26(a)(1). Broadcom and Brocade have indicated that they are not waiving any right to rely on documents not produced in this case or that were not responsive to SNMP Research's requests. Yet, Rule 26(a)(1) requires them to disclose copies of all documents in their possession that they may use to support their claims or defenses. Broadcom and Brocade must delineate what rights they believe they have to rely on documents not produced in this case or not responsive to Plaintiff's requests. [Broadcom RFP 51; Brocade RFP 54.]

Identification of people. Broadcom did not identify persons involved in the search for SNMP Research Software on the grounds that the Paragraph 64 products are not Broadcom products. Brocade did not identify any persons either because it purportedly did not have to search for any products, given that the parties had agreed to temporarily limit discovery to Paragraph 64 products. These responses are groundless and unjustified (including but not limited to objections on the grounds of privilege) and ignore the pre-litigation searches that occurred regarding Plaintiffs' software. In addition, Broadcom and Brocade have also failed to identify the persons (and their titles and roles) responsible for managing customer, debug, and other releases of software. [Broadcom Interrogatory 24; Brocade Interrogatories 4, 7, 23.]

Identification of entities. Without proper justification, Broadcom and Brocade have refused to identify the entity that transferred the products to Extreme and refused to describe Broadcom's involvement in that transfer. More fundamentally, Broadcom's and Brocade's repeated objections to the "overbroad" entity definitions result in a game of "gotcha" whereby Broadcom and Brocade pick and choose which requests to respond to on the basis of which entity provides the most advantageous response. In light of Broadcom's and Brocade's corporate restructurings, name changes, and redomiciliation, Plaintiff intends to meet and confer with Broadcom and Brocade as to whether they will agree to respond on the basis of the "Broadcom" and "Brocade" entity definitions provided in Plaintiff's discovery requests. Plaintiff further intends to meet and confer with Broadcom and Brocade to understand their grounds for failing to identify all third party sellers or resellers of products containing Plaintiff's software. [Broadcom RFPs 6, 11, 47, 65-66, 85-86, 93, 95; Broadcom Interrogatories 5, 10, 14-16; Broadcom RFAs 15-17; Brocade RFPs 5, 11, 17, 49, 88; Brocade Interrogatories 5, 10-11; Brocade RFAs 38-53.]

Broadcom and Brocade Products. Brocade provided release notes for product families as well as a table identifying certain products and associated information in order to answer Interrogatory 1. But, Brocade did not agree to produce all versions of software and firmware produced, used, distributed, etc. for the products identified in response to Interrogatory 1, nor did it provide all install images for all version of each product. [*E.g.*, Brocade RFPs 23-24.] Also, Broadcom and Brocade failed to identify any products in response to Interrogatory 2. For Interrogatory 3, Brocade did not identify which prior versions of FOS contain version 16.2.0.9.

Financials. To date, Broadcom has not produced a single financial document. Moreover, Broadcom refuses to produce financials relating to products identified in response to Interrogatory 1 because it identified no products in response to Interrogatory 1. Time is of the essence given that Plaintiff's expert disclosures are due on or before April 12, 2022. Moreover, Broadcom explicitly agreed it would respond to Interrogatory 1 on the basis of the Paragraph 64 products. To the extent Broadcom has financial information in its possession, custody, or control relating to the Paragraph 64 products, it should produce those documents immediately (regardless of whether Brocade also has that same or similar information). [Broadcom RFPs 7, 10, 15, 38-39, 44-45, 49, 52, 53, 67-70; Interrogatories 6, 9.] Similarly,

9

Brocade has not produced any financial documents, and so Plaintiff intends to meet and confer with Brocade regarding when it will identify this information and produce these documents, the manner in which it records and tracks financial information, and whether it is willing to fully respond to Plaintiff's financial-focused requests or whether it is still resisting production on proportionality, timing, and relevancy grounds. [Brocade RFPs 6-7, 10, 16, 36-37, 43, 45-47, 52, 55-56; Brocade Interrogatories 6, 9, 11, 14.]

Other definitions. Despite both Broadcom's and Brocade's agreement during the meet and confers to keep an open line of communication about any confusion over scope or meaning of terms while they prepared their responses, Broadcom and Brocade repeatedly object to plain terms and phrases. Plaintiff intends to discuss whether Broadcom and Brocade are actually withholding documents on these objections. [*E.g.*, Brocade RFPs 13, 16, 22-23, Brocade Interrogatories 13-15; Brocade RFAs 58-59, 63.]

Documents relating to certain contracts and payments. Broadcom inexplicably refused to produce documents relating to the "Purchase Agreement," "Consent Agreement," "Separate Sale Agreement," "Release," "Consent Payment," "Data Center Business acquisition," and Extreme's acquisition of assets as contemplated in the Extreme Sale, on the improper grounds that Brocade should respond to them. Plaintiff sought documents in *Broadcom*'s possession, custody, or control, and Broadcom should respond by providing all responsive documents. Moreover, Brocade refused to produce all responsive documents, and improperly (without justification) narrowed the requests for "all documents relating to" specific categories of documents to simply "documents constituting." Plaintiffs would like to meet and confer with Broadcom and Brocade to understand whether they are willing to produce "all documents relating to" these categories and if not, on what grounds. [Broadcom RFPs 55-64; Brocade RFPs 58-68, 85.] Brocade has also refused to produce all agreements between Brocade and third parties to which Brocade has provided Plaintiff's software, and Plaintiff intends to meet and confer with Brocade as to why it is unduly burdensome to produce these, and why Brocade believes these are irrelevant and duplicative. [Brocade Interrogatory 12.]

Documents relating to corporate structure and policies. Despite Broadcom's and Brocade's agreement during the prior meet and confers that they understood the requests for organizational charts and corporate documents, Broadcom and Brocade have refused to produce these. Broadcom and Brocade have also inexplicably failed to immediately produce documents that should be readily available, such as their document retention policies and other corporate governing documents. Plaintiff intends to meet and confer with Defendants regarding whether they are willing to immediately produce these documents by a date certain, and, if so, whether they will also produce these documents as to the predecessor entities of Broadcom Inc. and Brocade Communications LLC. If they are not willing to produce any or all of these, Plaintiff will ask about the grounds upon which Defendants are withholding. [Broadcom RFPs 41-42, 87-89, 91; Brocade RFPs 39-42, 86.]

Jurisdiction/venue. Despite Broadcom's promise that it was ready to respond "substantively" to the jurisdictional requests, Broadcom's "supplemental" responses were often limited to the objection that it is willing to meet and confer over certain requests. Not once did it indicate whether it was withholding documents based on objections, and not once did it appropriately justify its failure to respond on the basis of purportedly "vague" or "ambiguous terms." Moreover, as indicated above, Broadcom refused to produce or respond based on products identified in response to Interrogatory 1 because it identified no products in response to Interrogatory 1—even though Broadcom agreed it would respond to Interrogatory 1 on the basis of Paragraph 64. Again, Plaintiff will meet and confer with Broadcom over these responses, which are relevant to the currently-pending motion to dismiss for lack of jurisdiction. [Broadcom RFPs 18-23, 43, 71-81, 83-84; Interrogatories 17-22.] Plaintiff will also meet and confer with Brocade over its responses, for, *inter alia*, the reasons set forth above. [Brocade RFPs 19-21, 44, 69-84; Interrogatories 17-21.]

Duty to respond specifically and with detail to RFAs. Broadcom's and Brocade's responses to the RFAs either fail to admit or deny the requests at all, object on the grounds that the requests present an ultimate issue, or deny/admit without sufficient detail. These responses contravene the letter and spirit of Rule 36. Plaintiff intends to meet and confer regarding these deficiencies, which pervade all of Defendants' responses to the RFAs. [*E.g.*, Broadcom RFAs 15-17, 47-51; Brocade RFAs 60-68.]

<u>Responding with requests to meet and confer</u>.  Broadcom and Brocade repeatedly fail to provide substantive responses by incorrectly contending that Plaintiff failed to meet and confer with respect to those requests.  [Broadcom RFPs 34-36, 45, 48-50, 52-54, 63-64, 71-72, 88, 90, 93, 95; Broadcom Interrogatories 17, 21-22; Brocade RFPs 10, 12, 21-22-28, 32-35, 41-42, 48, 53, 51, 55-58, 66-67, 69-85, 88; Brocade Interrogatories 3, 5-8, 10, 12, 17, 21.]

In light of the Court's Scheduling Order and, in particular, Plaintiffs' April 22, 2022 expert disclosure deadline, Plaintiff requests Broadcom and Brocade to provide their earliest availability to meet and confer this week.

Best,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.