# EXHIBIT I

## Confidential

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

## BROCADE COMMUNICATIONS SYSTEMS LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES

Defendant Brocade Communications Systems LLC ("Brocade"), by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP") First Set of Interrogatories ("Interrogatory" or "Interrogatories"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.      Brocade's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Brocade's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Brocade, necessarily reflect only

the current state of Brocade's knowledge, understanding and belief based upon the information reasonably available to Brocade at this time.

2.      By making the accompanying responses and objections to SNMP's Interrogatories, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Brocade serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses.  Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17.  By making the accompanying responses and objections to Plaintiffs' Interrogatories, Brocade does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Brocade makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Brocade has not completed its investigation or discovery with respect to the information and facts that may be discoverable or relevant in this action.  Brocade expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## **GENERAL OBJECTIONS**

The following general objections apply to all of the Interrogatories and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Brocade reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Brocade does not concede that any of the requested information is relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any information produced and to the introduction of such information into evidence.

1. Service of this document should not be construed as any waiver of any and all objections that Brocade has to the propriety and timing of the Interrogatories, or to the relevance or admissibility of any information relating to the subjects covered by the Interrogatories.

2. These responses and objections are made solely for the purposes of this action, and are subject to all other appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

3. Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

4.      Brocade objects to each Interrogatory on the basis that this jurisdiction is an improper venue for this litigation.

5.      Brocade objects to each instruction, definition, and Interrogatory to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

6.      Brocade objects to each Interrogatory to the extent that it seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Brocade objects to each Interrogatory to the extent that the information sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

8.      Brocade objects to each Interrogatory to the extent it is compound and, as such, Plaintiffs have exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

9.      Brocade objects to each Interrogatory to the extent it is vague, ambiguous, or overbroad.  Brocade responds to each Interrogatory as it reasonably interprets and understands the Interrogatory.  If SNMP subsequently asserts an interpretation of any Interrogatory that differs from Brocade's understanding, Brocade reserves the right to supplement its responses and objections thereto.

10.      Brocade objects to each Interrogatory to the extent it is unduly burdensome and will cause Brocade unwarranted annoyance, embarrassment, or undue expense.

11.    Brocade objects to each Interrogatory to the extent it requires Brocade to produce information not in the possession, custody, or control of Brocade.  Brocade's responses and objections shall not be construed as representations regarding the existence or non-existence of information outside its possession, custody, or control.  Brocade also objects to the Interrogatories to the extent they seek information that is public, already in the possession, custody, or control of, or is equally accessible to SNMP.

12.    Brocade objects to each Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.  Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

13.    Brocade objects to each Interrogatory as premature.  Brocade has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

14.    Brocade objects to each Interrogatory to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

15.    Brocade objects to these Interrogatories to the extent they seek information protected by the California, Tennessee or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial information.  Brocade will not reveal such information where

doing so would violate its privacy rights or the privacy rights of third parties or where such information is subject to nondisclosure or confidentiality agreements with third parties.

16.     Brocade objects to these Interrogatories to the extent they require Brocade to reveal confidential, sensitive, and proprietary information, including but not limited to financial information.

17.     Brocade objects to each Interrogatory to the extent it seeks a legal conclusion.  Any response of Brocade to an individual Interrogatory is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Interrogatory is accurate.

18.     Brocade objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them."  This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Interrogatories impermissibly compound.  It also seeks information that is unknown to Brocade and therefore requires Brocade to first seek discovery from Plaintiffs before it can answer the Interrogatories as framed.  If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

19.     Brocade objects to SNMP's definition of "You," "Your," and "Brocade" as meaning "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it."  This definition is overbroad

and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Brocade would be unduly burdensome. The definition also renders these Interrogatories compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

20. Brocade objects to SNMP's definition of "Broadcom" as including "Broadcom Inc., predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Interrogatories compound, nonsensical, and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade Communications Systems LLC.

21. Brocade objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Brocade.

22. Brocade objects to SNMP's definition of "SNMP Research Software" as meaning any of the following: "(i) software provided by SNMP Research to Brocade, (ii) software licensed

by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Interrogatories incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

23.    In addition to the above objections to the definition of "SNMP Research Software," as a practical matter, the copyrighted source code works that are being asserted in this case are not readily available to Brocade through the United States Copyright Office, and counsel for SNMP has not provided counsel for Brocade with copies of the allegedly copyrighted works being asserted in this case. As of today, counsel for Brocade does not know the contents of the registered, allegedly copyrighted works at issue in this case. Brocade does not know what the contents are of (for example) TXu 1-706-718, nor (for example) TXu 1-772-250, nor what the similarities and differences are between those registered works. The same is true of all eight (8) copyrighted works that SNMP has asserted in this case in Table 1 of the Complaint. (ECF No. 1 at 7.) Without

specificity on the contents of the allegedly copyrighted source code that SNMP claims is infringed, Brocade's counsel is unable to fully and accurately respond to Interrogatories that implicate this definition at this time and as drafted.

24. Nevertheless, and in an effort to move forward with discovery despite these improper and overbroad definitions, Brocade accepts SNMP's proposal during meet and confers that limits discovery at this time to the products identified in Paragraph 64 of the Complaint. Specifically, Brocade accepts SNMP's proposal to respond to Interrogatory No. 1 as set forth below for the products identified in Paragraph 64 of the Complaint and other Requests that depend upon Interrogatory No. 1. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

25. Brocade objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Interrogatories incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Where applicable, Brocade will construe the term "Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such product contain SNMP's copyrighted software.

26. Brocade objects to SNMP's definition of "Partner Product" as referring to "each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of

a software or firmware installation or update where the SNMP Research Software was obtained from Brocade by such third party." Interrogatories incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Brocade further objects to this definition as it incorporates SNMP's definitions of "Brocade" and "SNMP Research Software," which Brocade has previously objected to. Where applicable, Brocade will construe the term "Partner Products" to refer to the products identified in Paragraph 64 of the Complaint. By doing so, Brocade does not admit such products contain SNMP's copyrighted software.

27. Brocade objects to the Interrogatories to the extent that they seek "all" information sought in a particular Interrogatory, failing to describe the information being sought with reasonable particularity.

28. Brocade objects to SNMP's definitions of "Relates to" and "Relating to" as overly broad, vague, unduly burdensome, and seeking information that is not relevant or not proportional to the needs of the case.

29. Brocade objects to the SNMP's definitions of "Identify," "Identifying," and "Identity" as overly broad and unduly burdensome, including to the extent that they purport to require Brocade to provide a great deal of information beyond the common sense and reasonable meaning of the term "identify" and/or not required by the Federal Rules of Procedure, local rules, or common law—e.g., to state the "disposition…date, by whom, and at whose direction" of documents that are not in Brocade's possession, to describe how actions "should or would have performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act" when referencing an omission, etc.

30.     Brocade objects to the time period set forth in these Interrogatories as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where an Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

Brocade incorporates into each Response below the Preliminary Statement and each of the foregoing General Objections in full.  Subject to and without waiving the Preliminary Statement and foregoing General Objections, Brocade sets forth its specific responses and objections below.

### INTERROGATORY NO. 1:

Identify all Brocade Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update.  This includes any Brocade Products that have ever at any time fit the above description, whether in current distribution or not.  For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade," "Products," "Identify," and "SNMP Research Software," the vague term "associated with," the unlimited time period, and the categories required to be identified that are not maintained

by Brocade using the same terminology (e.g., model, material code, material description, all release numbers, date of each release, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools). Under SNMP's definitions, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade. The definition of SNMP Research Software incorporates these overbroad entity definitions, and also includes software, Source Code and Derivative Works that are beyond the scope of this lawsuit. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent the information is not in Brocade's possession, custody, or control. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to

privacy, and the Federal Rules of Civil Procedure. Brocade further objects that SNMP requests Brocade to identify specific information about the Products but does not define the categories of information requested and, as a result, they are vague and ambiguous. Brocade further objects to the extent that it does not use the same terms to identify or track its products. Brocade further objects to the extent this information is publicly available, just as easily compiled by Plaintiffs, and/or already in the possession of Plaintiffs.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, Brocade is limiting its response to the products identified in Paragraph 64 of the Complaint (ECF No. 1) in this action and will provide sufficient identifying information regarding those products as maintained by Brocade. In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research.

| Product Name/ Family | Description | Fabric Operating System ("FOS") - Debut Release Version | CPU Type | First Customer Shipment Date | Last Customer Shipment Date |
|---|---|---|---|---|---|
| 310 | Brocade Entry Level Switch | FOS v6.1 | PPC440E PX | 4/4/2008 | 4/26/2018 |
| 300 (320/340 /360) | Brocade Gen 4 (8-Gpbs) Fixed Port Switch | FOS v6.1 | PPC440E PX | 4/4/2008 | 4/16/2019 |
| 5470 | Brocade Gen 4 (8-Gpbs) Fixed Port Switch – | FOS v6.2.0_BC | PPC440E PX | 9/1/2009 | 6/30/2016 |

| | | | | | |
|---|---|---|---|---|---|
| | Blade Server SAN I/O Module | | | | |
| 5460 | Brocade Gen 4 (8-Gpbs) Fixed Port Switch – Blade Server SAN I/O Module | FOS v6.3.2d1 | PPC440E PX | 8/4/2009 | 1/31/2016 |
| 5430 | Brocade Gen 4 (8-Gpbs) Fixed Port Switch – Blade Server SAN I/O Module | FOS v7.0.1_HUA | PPC440E PX | 10/9/2012 | 12/31/2015 |
| 6505 | Brocade Gen 5 (16G) Fixed-Port Switch | FOS v7.0.1 | PPC440E PX | 1/31/2012 | 4/30/2020 |
| 6510 | Brocade Gen 5 (16G) Fixed-Port Switch | FOS v7.0 | PPC440E PX | 6/20/2011 | 6/17/2020 |
| 6520 | Brocade Gen 5 (16G) Fixed-Port Switch | FOS v7.1 | MPC8548 E | 1/22/2013 | Still being sold |
| 7840 | Brocade Gen 5 (16G) Fixed-Port Switch – Extension Switch | FOS v7.3 | P3041 | 6/27/2014 | Still being sold |
| 6558 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v8.0.0_gft (Initially FOS 7.3.0b, but supported with ePOD in v8.0.0) | T1022 | 12/28/2016 | 6/1/2021 |
| 6559 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v7.4.0_cbn | T1022 | 12/28/2016 | 6/1/2021 |
| 6547 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server | FOS v7.0.0_pha | PPC440E PX | 4/1/2012 | 10/31/2020 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | SAN I/O Module |  |  |  |  |
| M6505 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v7.0.1_sh | PPC440E PX | 12/1/2012 | 5/30/2019 |
| 6543 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v7.3.0b | T1022 | 4/17/2015 | Still being sold |
| 6542 | Brocade Gen 5 (16G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v7.4.0_INS (based on FOS v7.4.0a) | T1022 | 11/30/2015 | 4/30/2019 |
| G610 Switch | Brocade Gen 6 (32G) Fixed-Port Switch | FOS v8.1 | T1022 | 1/6/2017 | Still being sold |
| G620 Switch | Brocade Gen 6 (32G) Fixed-Port Switch | FOS v8.0.0 | T1022 | 1/15/2016 | Still being sold |
| X6 (-4/-8) Director | Brocade Gen 6 (32G) Director | FOS v8.0.1 | P4080 | 5/17/2016 | Still being sold |
| G630 Switch | Brocade Gen 6 (32G) Fixed-Port Switch | FOS v8.2.0 | T1042 | 12/15/2017 | Still being sold |
| 7810 Extension Switch | Brocade Gen 6 (32G) Fixed-Port Switch – Extension Switch | FOS v8.2.1 | T1022 | 9/12/2018 | Still being sold |
| MXG610s | Brocade Gen 6 (32G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v8.1.0_lnx (based on FOS v8.1.0c) | T1022 | 9/12/2018 | Still being sold |

| G648 | Brocade Gen 6 (32G) Fixed-Port Switch – Blade Server SAN I/O Module | FOS v8.2.0_gft | T1022 | 4/1/2019 | Still being sold |
|------|------|------|------|------|------|
| G649 | HPE Virtual Connect SE (32(Gb) FC Module for HPE Synergy - Fixed-Port Switch | FOS v8.2.0_cbn | T1022 | 3/11/2019 | Still being sold |
| G720 Switch | Brocade Gen 7 (64G) Fixed-Port Switch | FOS v9.0.0 | T1022 | 7/17/2020 | Still being sold |
| X7 (-4/-8) Director | Brocade Gen 7 (64G) Director | FOS v9.0.0 | P4080 | 7/15/2020 | Still being sold |

Brocade generally continues to offer and provide support for the End-of-Life products five years from the Last Customer Ship date. There were subsequent FOS releases for the products identified in this response after the debut release. Additional information regarding FOS releases can be found in the document attached as Exhibit A hereto (Brocade Software Release Support and Posting Matrices, Reference Manual, Version 2.6, September 29, 2021), including the dates the releases were first posted and made available to entitled Brocade customers. Pursuant to Federal Rule of Civil Procedure 33(d), Brocade will also produce non-privileged Release Notes for FOS releases after July 25, 2019, which list the products compatible with the release. Brocade will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory.

**INTERROGATORY NO. 2**:

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of

the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement, General Objections, and objections to Interrogatory No. 1, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Partner Products" and "Identify," and SNMP's definitions of "Brocade" and "SNMP Research Software" that are incorporated in the definition "Partner Products," the vague term "associated with," the unlimited time period, and the categories required to be identified that are not maintained by Brocade using the same terminology (e.g., model, material code, material description, all release numbers, date of each release, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools).  Under SNMP's definitions, Brocade is defined to include, *inter alia*, all affiliated entities, including co-defendant Broadcom Inc.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Brocade.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit.   Conducting an investigation of such broad scope of third-party Products under SNMP's defined and undefined terms would be unduly burdensome.  The Interrogatory as framed seeks information that is irrelevant and not proportional

to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Brocade further objects that SNMP requests Brocade to identify specific information about the Partner Products but does not define the categories of information requested and, as a result, they are vague and ambiguous. Brocade further objects to the extent that it does not identify or track Partner Products in the way this Interrogatory requests.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. Brocade further objects to the extent it seeks the confidential information of third parties. Brocade further objects that the parties agreed to limit responses to the products that are listed in Paragraph 64 of the Complaint, identified in response to Interrogatory No. 1, and it is unclear what, if any, additional information Plaintiff is seeking through Interrogatory No. 1.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, Brocade is limiting its response to the products identified in Paragraph 64 of the Complaint (ECF No. 1) in this action and will provide sufficient identifying information regarding those products as maintained by Brocade. In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Brocade identified the products listed in Paragraph 64 in its response to Interrogatory No. 1.

**INTERROGATORY NO. 3**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Partner Products," and "SNMP Research Software," "Identify," and the vague undefined terms "are contained," "SNMP Research Products," "their release numbers," and "each Identified Product and release." Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly

burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of Plaintiffs. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

The products identified in Interrogatory Nos. 1 and 2 that are still being sold do not contain Plaintiffs' software or products. Prior versions of FOS, which formerly supported products identified in Interrogatory Nos. 1 and 2, contained EMANATE/Lite Agent Version 16.2.0.9. Brocade is willing to meet and confer with Plaintiff regarding the meaning and scope of this request, including what Plaintiff means by the vague term "and release" as it pertains to the identified products. Through this response, Brocade does not concede the products identified in Interrogatory Nos. 1 and 2 contain SNMP research software or products or that FOS or the products

identified in response to Interrogatory Nos. 1 and 2 ever contained the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research.

**INTERROGATORY NO. 4**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**RESPONSE TO INTERROGATORY NO. 4**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "Partner Products," "SNMP Research Software," "Identify," and "Persons," the numerous undefined and vague terms in this Interrogatory, the unlimited time period, and the number and types of categories required to be identified. Brocade further objects to the extent that it does not track or maintain the information requested by Plaintiff, nor does it use the terminology and job descriptions used by Plaintiff. Conducting an investigation of such broad scope under SNMP's defined and

undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case.

Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. Brocade further objects to the extent it seeks the confidential information of third parties.

Subject to and without waiving these objections, Brocade responds as follows:

After conducting a reasonably diligent search and inquiry, Brocade does not track the information requested in the manner requested. Brocade is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing investigation. The products identified in Interrogatory Nos. 1 and 2 are supported by Brocade's

Fabric OS (FOS). To date, Brocade has identified the following individuals who may have been involved in the development, testing, or management of FOS for the products listed in Interrogatory Nos. 1 and 2:

1. Vamsi Balimidi (Senior Manager (November 2017 to present), Software Engineering Manager (December 2013 to November 2017), Software Engineer (October 2000-December 2013));

2. Dennis Makishima (VP Engineering, Storage Networking (January 2017 to present), VP Software Engineering (May 2015 to January 2017), Software Engineering (2000-2015));

3. Badri Kollu (Senior Director, Software Engineering (August 2001 to the present);

4. Nhan Pham (Senior Manager, R&D Software), Employment Period: 10/4/1999-present;

5. Lonnie Keller (Senior Manager, R&D Software Quality), Employment Period: 1/29/2007-4/6/2021;

6. Truls Myklebust (Product Manager), Employment Period: 3/24/2005-present;

7. Biju Raman (Senior Manager, R&D Software), Employment Period: 11/5/2007-present;

8. Tarun Bhatia (Senior Manager, R&D Software), Employment Period: 3/28/2005-present;

9. Mrunmayee Mardikar (R&D Software Quality Management), Employment Period: 6/28/2001-present;

10. Youself Vazir-zadeh (Product Manager), Employment Period: 2/13/2006 to 6/26/2020;

11. Greg Farris (Product Manager), Employment Period: 4/21/2008-present;

12. Yasar Khan (Engineer), Employment Period: October 2008 to present;

13. Prabhu Sundaram (Engineer), Employment Period: August 2016 to present;

14. Violet Jen (Director of Engineering DevOps, Employment Period: August 2002 to present;

15. Zahid Hussain (VP Engineering (former)), Employment Period: prior to November 2017.

**INTERROGATORY NO. 5**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Brocade customer, partner, or other third party who received each Brocade Product and the quantities of each Product received by quarter for the period January 1, 2017 to the present.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," "Identify," the undefined and vague terms in this Interrogatory (i.e., "Brocade customer, partner, or other third party"), and the number and types of categories required to be identified. Brocade also objects that this Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly

burdensome and invades Brocade's privacy, particularly since the Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case.

The requested time period of January 1, 2017 to the present is overbroad and seeks information that is irrelevant and not proportional to the needs of the case. The Complaint alleges three causes of action against Brocade: (1) breach of contract; (2) direct copyright infringement; and (3) contributory copyright infringement. The alleged basis for the breach of contract claim is that Brocade improperly transferred Plaintiffs' software to Extreme and failed to comply with its post-termination obligations. The identity of Brocade's partners and customers has no relevance to this claim and is not proportional to the needs of the case. As to the direct copyright infringement claim, the Complaint alleges that Plaintiffs terminated Brocade's internal use and redistribution rights on July 25, 2019. The identity of Brocade's partners and customers (and quantities sold to such partners and customers) prior to this date is irrelevant and not proportional to the needs of the case. And the contributory copyright infringement claim against Brocade is based on Extreme's alleged copyright infringement and has nothing to do with Brocade's customers or partners.

Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. Brocade further objects to the extent it seeks the confidential information of third parties.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade does not track the information requested in this Interrogatory in the manner requested. Pursuant to Federal Rule of Civil Procedure 33(d), Brocade will produce non-privileged business records for this Interrogatory, if any exist, sufficient to reflect the number of products identified in response to Interrogatory Nos. 1 and 2 that were sold to customers after July 25, 2019. Brocade will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory. In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Brocade is willing to meet and confer with Plaintiffs regarding the meaning and scope of this Interrogatory.

**<u>INTERROGATORY NO. 6</u>**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from January 1, 2017 to the present, including, but not limited to: (1) any

internal bookkeeping or financial analysis of any kind in which Brocade keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory, and the number and types of categories required to be identified. Brocade also objects that this Interrogatory seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case.

Moreover, the requested time period of January 1, 2017 to the present is overbroad and seeks information that is irrelevant and not proportional to the needs of the case. The Complaint alleges three causes of action against Brocade: (1) breach of contract; (2) direct copyright infringement; and (3) contributory copyright infringement. The alleged basis for the breach of contract claim is that Brocade improperly transferred Plaintiffs' software to Extreme and failed to comply with its post-termination obligations. The product, cost, and revenue information requested has no relevance to this claim and is not proportional to the needs of the case. As to the direct copyright infringement claim, the Complaint alleges that Plaintiffs terminated Brocade's internal use and redistribution rights on July 25, 2019. The product, cost, and revenue information

requested prior to this date is irrelevant and not proportional to the needs of the case. And the contributory copyright infringement claim is based on Extreme's alleged copyright infringement and has nothing to do with Brocade's product, cost, and revenue information requested.

Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. Brocade further objects to the extent it seeks the confidential information of third parties.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade does not track the information requested in this Interrogatory in the manner requested. Pursuant to Federal Rule of Civil Procedure 33(d), Brocade will produce non-privileged business records for this Interrogatory,

if any exist, sufficient to reflect the number of products (identified in response to Interrogatory Nos. 1 and 2) that were sold to customers after July 25, 2019 and the revenues and costs associated with such sales. Brocade will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory. In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Brocade is willing to meet and confer with Plaintiffs regarding the meaning and scope of this Interrogatory.

**INTERROGATORY NO. 7**:

Identify each and every Person who is or has been involved in any search for Brocade Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "SNMP Research Software," "Person," and "Identify," the unlimited time period, the undefined and vague terms in this Interrogatory (including "involved in any search for" and "software system" and "or otherwise"), and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is

irrelevant and not proportional to the needs of the case. There is no reason why the identity of *every* person who has *ever* searched for the products at issue, regardless of context, is relevant.

Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Given the parties' stipulation, no search for products was necessary to respond to these interrogatories since the stipulated products are listed in Paragraph 64. Brocade is willing to meet and confer with Plaintiffs regarding the meaning and scope of the vague and overbroad term "or otherwise."

**INTERROGATORY NO. 8**:

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning:  (1) whether Brocade had a right to use SNMP Research Software in Brocade Products, including but not limited to any particular Brocade Product; and (2) payment obligations of Brocade for the use of SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows:  In addition to the Preliminary Statement, General Objections, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "SNMP Research Software," "Identify," the unlimited time period, the request for "all internal Communications" concerning "any discussion or Communication whatsoever," and the number and types of categories required to be identified.  Conducting an investigation of such broad scope under SNMP's defined and undefined terms and then listing all Communications would be unduly burdensome.  The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case.  By seeking "any discussion or Communication whatsoever," the request is, by definition, not tailored to the needs of this specific case.  As drafted, a discussion between two employees in an accounts payable department concerning the logistics of whether a payment should be wired to Plaintiffs or mailed via check would be responsive to this request even though it has no bearing "whatsoever" on the issues in this litigation.  The License Agreement attached to the Complaint was executed in 2001 and this request, as framed, could be construed as seeking all communications about the License Agreement regardless of their relevance to this lawsuit.

Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to the extent this Interrogatory seeks a legal conclusion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Pursuant to Federal Rule of Civil Procedure 33(d), Brocade will produce non-privileged business records for this Interrogatory, if any exist, reflecting internal communications after July 25, 2019 concerning Brocade's right to use SNMP Research software in the products identified in Interrogatory No. 1, and Brocade's payment obligations to Plaintiffs for such use (if

any). Brocade will supplement its responses or otherwise communicate any Bates numbers responsive to this Interrogatory. Brocade is willing to meet and confer with Plaintiffs regarding the meaning and scope of this Interrogatory.

**INTERROGATORY NO. 9**:

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory (including "any other Products or services" and "sold with or as a result of" and "services" and "including but not limited to installation or other services" and "service name"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome, if not impossible, to collect because this information is not tracked by Brocade. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. The revenues and costs of products and services "sold with or as a result of" the

purchase of the products identified in response to Interrogatory numbers 1 and 2, regardless of their connection to the claims or software in this lawsuit, are irrelevant.

The Complaint alleges three causes of action against Brocade: (1) breach of contract; (2) direct copyright infringement; and (3) contributory copyright infringement. The alleged basis for the breach of contract claim is that Brocade improperly transferred Plaintiffs' software to Extreme and failed to comply with its post-termination obligations. The product, cost, and revenue information requested has no relevance to this claim and is not proportional to the needs of the case. As to the direct copyright infringement claim, the Complaint alleges that Plaintiffs terminated Brocade's internal use and redistribution rights on July 25, 2019. The cost and revenue information for any product requested prior to this date is irrelevant and not proportional to the needs of the case. And the contributory copyright infringement claim is based on Extreme's alleged copyright infringement and has nothing to do with Brocade's product, cost, and revenue information requested.

Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). The identifying information for those products is provided in response to Interrogatory No. 1. Revenue and cost information for these products is being provided pursuant to Rule 33(d) in response to Interrogatory No. 6. In providing this information, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research.

**INTERROGATORY NO. 10**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by this reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "Partner Products," "SNMP Research Software," and "Identify," the undefined and vague and overbroad terms in this Interrogatory (including "third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product" and "the releases of each

Product sold by each seller or reseller"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome, if not impossible, because Brocade does not track this information. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. It is beyond the scope of discovery for Brocade to identify every third-party seller or reseller of its products and the "releases" of each product doing so would be unduly burdensome.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs'

overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Brocade primarily sells its products to OEMs (e.g., Dell, NEC, Fujitsu, Hitachi Vantara (formerly HDS), Hewlett Packard Enterprise, Huawei, Inspur, IBM, Lenovo, NetApp, and Pure Storage) and does not track downstream sales by its customers to third-party sellers or resellers or sales by those third-party sellers or resellers to others. Broadcom is willing to meet and confer regarding the meaning and scope of this request, including how it differs from Interrogatory Nos. 2 and 5.

**INTERROGATORY NO. 11**:

Identify all Brocade Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, and material description.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Product," "SNMP Research Software," "Extreme," and "Identify," the undefined and vague terms in this Interrogatory (including "transferred, or otherwise disclosed to," "material code," and "material description"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of

such broad scope under SNMP's defined and undefined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it requires the disclosure of confidential information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted

works held by SNMP Research. The products identified in Interrogatory No. 1 were not sold, licensed, transferred, or otherwise disclosed to Extreme.

**INTERROGATORY NO. 12**:

Identify all contracts or agreements between Brocade and all third parties to which Brocade has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory number 1 or 2 or (ii) SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory numbers 1 and 2, which are incorporated herein by reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, cumulative, duplicative, overbroad, particularly as to SNMP's definitions of "Brocade," "Products," "SNMP Research Software," and "Identify," the undefined and vague terms in this Interrogatory (including "transferred" and "provided"), the unlimited time period, and the number and types of categories required to be identified. Conducting an investigation of such broad scope under SNMP's defined and undefined terms would be unduly burdensome, particularly to the extent these agreements contain confidentiality clauses with third parties. Moreover, this Interrogatory requests "all" agreements with these third parties regardless of subject matter or connection to this case. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and

proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Identifying information for these products is provided in response to Interrogatory No. 1. Shipment, revenue and cost information for these products is being provided pursuant to Rule 33(d) in response to Interrogatory Nos. 5 and 6. Brocade is willing to meeting and confer with Plaintiffs regarding the scope and relevance of this request, including regarding why Plaintiffs believe the information provided in response to Interrogatory Nos. 1, 5, and 6 is not

sufficient given Brocade's burden, relevance, privacy, and confidentiality objections to providing underlying agreements with third parties.

**INTERROGATORY NO. 13**:

Identify all contracts or agreements between Broadcom and Brocade Relating to SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," and "SNMP Research Software," "Relating to," and "Identify," and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary

information of Brocade.  Brocade further objects to this Interrogatory to the extent this information is already in Plaintiffs' possession.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court has no personal jurisdiction over Broadcom.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC.  Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions, the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research.  There are no agreements between Brocade and Broadcom Inc. pertaining to Plaintiffs' software.

**<u>INTERROGATORY NO. 14</u>**:

Identify by date and amount Brocade's profits, losses, any purchase price allocation, and/or other financial interests in connection with the transfer (by disclosure, license, sale or otherwise)

of SNMP Research Software that was/is in the possession of Brocade to Extreme. This interrogatory includes both direct and indirect profits, losses and/or financial interests.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "SNMP Research Software," "Extreme," and "Identify," the vague and undefined terms in this Interrogatory (including "purchase price allocation" and "financial interests" and "in connection with the transfer" and "disclosure" and "or otherwise" and "was/is" and "direct and indirect profits"), the number and types of categories required to be disclosed, and the unlimited time period. Brocade also object that this Interrogatory is unintelligible as it seeks "the date" of Brocade's profits and other financial information. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Brocade further objects that this request requires a legal conclusion and is argumentative. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature as it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory as it does not identify what transfer of "SNMP Research Software" it is referring to.

Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to

this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions (including Brocade and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. The products identified in response to Interrogatory No. 1 were not transferred to Extreme. Plaintiff does not identify what "transfer" of "SNMP Research Software" it is referring to in this Interrogatory. To the extent this Interrogatory seeks the price paid by Extreme to acquire Brocade's data center switching, routing, and analytics business in October 2017, the acquisition was originally valued at $55 million, which included $35 million at closing and $20 million in deferred payments over a five-year period. However, the $20 million in deferred payments was never paid by Extreme. Moreover, Brocade

had originally purchased this business from Foundry Networks in 2008 for $2.6 billion, so the divestiture to Extreme was ultimately a loss for Brocade. By responding to this Interrogatory, Brocade does not concede that the software identified in Table 1 of Plaintiffs' complaint was transferred to Extreme or that any profits, losses, purchase price allocations, or other financial interests were obtained by Brocade in connection with any such transfer.

**INTERROGATORY NO. 15**:

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Extreme," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "involvement in the transfer" and "disclosure" and "or otherwise" and "was/is" and "duration of Broadcom's involvement"), the number and types of categories required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have

not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court lacks personal jurisdiction over Broadcom.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite

Plaintiffs' overbroad and vague definitions (including Broadcom, Brocade and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. The products identified in response to Interrogatory No. 1 were not transferred to Extreme. Plaintiff does not identify what it means by "transfer" of "SNMP Research Software" or what it means by involvement, but Broadcom Inc. is a holding company and was not involved in any transfer of Plaintiffs' software to Extreme.

**INTERROGATORY NO. 16**:

Describe Broadcom's involvement in Brocade's sale, production, disclosure, transfer, licensing, distribution, and/or creation of Products containing SNMP Research Software, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "Describe" and "Broadcom's involvement" and "production, disclosure, transfer, licensing, distribution, and/or creation" and "duration of Broadcom's involvement"), the number and types of categories required to be disclosed, and the

unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion.

Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court does not have personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions (including Broadcom, Brocade and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Plaintiff does not identify what it means by "involvement," but Broadcom Inc. is a holding company and was not involved in the sale, production, disclosure, transfer, licensing, distribution, and/or creation of the products identified in Interrogatory No. 1.

**INTERROGATORY NO. 17**:

If Brocade has ever acted as an agent for Broadcom, either directly or indirectly, please Identify all instances in which this occurred, by date, event, geographic location, and include the Identity of the Persons through whom Brocade acted.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definitions of "Brocade" and "Broadcom," "Persons," and "Identify," the vague and undefined terms in this Interrogatory (including "agent" and "directly or indirectly"), the number and types of categories

required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Brocade objects to this Interrogatory because it seeks a legal conclusion as to the term "agent" and "directly and indirectly." Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory also seeks information that is irrelevant and not proportional to the needs of the case.

Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court has no personal jurisdiction over Broadcom.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the terms "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Brocade is willing to meet and confer regarding the meaning and scope of this Interrogatory. Broadcom Inc. is a holding company and Brocade Communications Systems LLC is its indirect

subsidiary, but Brocade does not concede that this affiliation means Brocade Communications Systems LLC acts as the direct or indirect agent of Broadcom Inc. as a legal matter.

**INTERROGATORY NO. 18**:

Describe Broadcom's direct or indirect involvement in marketing, advertising, selling, servicing, or distributing nationwide any Brocade Products containing SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," and "Products," the vague and undefined terms in this Interrogatory (including "Describe" and Broadcom's "direct or indirect involvement" and "marketing, advertising, selling, servicing, or distributing nationwide"), the number and types of categories required to be disclosed, and the unlimited time period. This Interrogatory is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors,

employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court does not have personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions (including Broadcom, Brocade, Products, and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held

by SNMP Research. Plaintiff does not identify what it means by "direct or indirect involvement," but Broadcom Inc. is a holding company and was not involved in the marketing, advertising, selling, servicing, or distributing nationwide of the products identified in Interrogatory No. 1.

**INTERROGATORY NO. 19**:

With respect to all Brocade Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in Tennessee.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in this Interrogatory (including "directly or indirectly involved," and "marketing, advertising, selling, servicing, or distributing in Tennessee"), the number and types of categories required to be disclosed. Brocade further objects that this Interrogatory seeks information prior to the date SNMP alleged it terminated the License Agreement and after the date this lawsuit was filed. This Interrogatory is also nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's

defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court lacks personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions (including Broadcom, Brocade, Products, and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to

the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Plaintiff does not identify what it means by "directly or indirectly involved," but Broadcom Inc. is a holding company and was not involved marketing, advertising, selling, servicing, or distributing the products identified in Interrogatory No. 1 in Tennessee.

**INTERROGATORY NO. 20**:

With respect to all Brocade Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in the area encompassing all or part of the Eastern Grand Division of Tennessee, including but not limited to the University of Tennessee at Knoxville, Blue Cross Blue Shield of Tennessee, and Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including their contractors.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "Broadcom," "SNMP Research Software," "Identify," and "Products," the vague and undefined terms in this Interrogatory (including "directly or indirectly involved," and "marketing, advertising, selling, servicing, or distributing"), the number and types of categories required to be disclosed. Brocade further objects that this Interrogatory seeks information prior to the date SNMP alleged it

terminated the License Agreement and after the date this lawsuit was filed. This Interrogatory is also nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. SNMP Research Software is similarly broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court lack personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade construes the term "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the stipulation of the parties, and in the interest of proceeding with discovery despite Plaintiffs' overbroad and vague definitions (including Broadcom, Brocade, Products, and SNMP Research Software), the parties agreed that Brocade would limit its identification of products to the products identified in Paragraph 64 of the Complaint (ECF No. 1). In so doing, Brocade does not concede that these products contain any SNMP Research software, including the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or any other copyrighted works held by SNMP Research. Plaintiff does not identify what it means by "directly or indirectly involved," but Broadcom Inc. is a holding company and was not involved marketing, advertising, selling, servicing, or distributing the products identified in Interrogatory No. 1 in the area encompassing the Eastern Grand Division of Tennessee.

**INTERROGATORY NO. 21**:

Identify all Brocade partners or distributors marketing, advertising, selling, or distributing Products containing SNMP Research Software in or to Tennessee. Please organize each answer by Tennessee Grand Division (Eastern, Middle, and Western).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by reference, Brocade objects to this Interrogatory as unintelligible, vague, ambiguous, compound, cumulative, duplicative, and overbroad, particularly as to SNMP's definitions of "Brocade," "SNMP Research Software," "Identify," and "Products,"

the vague and undefined terms in this Interrogatory (including "partners or distributors," and "marketing, advertising, selling, or distributing" and "in or to Tennessee"), the number and types of categories required to be disclosed, and unlimited time period. SNMP Research Software is broadly defined to include individuals and entities unknown to Brocade and to include software beyond the scope of this lawsuit. Brocade objects that this Interrogatory assumes facts that have not been proven by SNMP. Conducting an investigation of such broad scope under SNMP's defined terms would be unduly burdensome, including because Brocade does not track this information, it calls for the confidential information of third parties, and seeks information in the possession of third parties. The Interrogatory seeks information that is irrelevant and not proportional to the needs of the case. Brocade further objects to this Interrogatory as premature because under the defined terms it first requires review of information in SNMP's possession, including its related entities, affiliates, predecessors, employees, software and/or source code. Brocade further objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade further objects that it imposes obligations on Brocade that are not required by the Federal Rules of Civil Procedure and the tasks can just as easily be done by Plaintiffs (e.g., organize the response by "Tennessee Grand Division." Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential information of Brocade and third parties. Brocade further objects to this Interrogatory to the extent this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.

Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court lacks personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade construes the term "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade does not track the information requested in this Interrogatory. Brocade is willing to meet and confer regarding the meaning and scope of this Interrogatory, including why Plaintiffs believe this information is relevant and proportional to the needs of this case.

**INTERROGATORY NO. 22**:

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, overbroad, and unduly burdensome. Brocade further objects that this Interrogatory imposes obligations on Brocade that are not required by the Federal Rules of Civil Procedure, local rules, or common law. Brocade further objects that the term "contributed to" is vague, overbroad, and unduly burdensome. Brocade further objects that this Interrogatory

is inapplicable because Brocade objected to each Interrogatory. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

The following individuals provided factual information contained within Brocade's supplemental responses to Interrogatories: Martin Skagen and Simone Yew.

**INTERROGATORY NO. 23**:

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**:

Brocade incorporates its original objections to this Interrogatory served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Brocade objects to this Interrogatory as vague, ambiguous, compound, overbroad, and unduly burdensome. Brocade further objects that this Interrogatory imposes obligations on Brocade that are not required by the Federal Rules of Civil Procedure, local rules, or common law. Brocade further objects that the term "knowledge of the information" is vague, ambiguous, overbroad, and unduly burdensome, particularly when applied to "any" of the answers that are sought by all Interrogatories, each of which is grossly

overbroad and seeks numerous categories of information. The Interrogatory as framed seeks information that is irrelevant and not proportional to the needs of the case. Identifying *every* individual with the *any* knowledge of the underlying facts provided in these responses is, by definition, not tailored to the issues in this litigation. Brocade further objects that this Interrogatory is inapplicable to the extent Brocade has objected to a given Interrogatory. Brocade further objects to the extent that this Interrogatory is duplicative of Interrogatory No. 22, and to the extent that it is not duplicative, Brocade objects to the extent that it is unanswerable, including because it is impossible to identify every individual with knowledge of the information contained in the answers to these Interrogatories.

Brocade further objects to this Interrogatory to the extent it requires the disclosure of confidential and proprietary information of Brocade and third parties. Brocade further objects to this Interrogatory as this information is not in Brocade's possession, custody, or control and is in the possession, custody, or control of third parties of Plaintiffs. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action and this Court lacks personal jurisdiction over Broadcom Inc.

Brocade objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Brocade responds as follows:

Brocade directs Plaintiff to its supplemental response to Interrogatory No. 22 for the answerable portion of this Interrogatory. Moreover, the individuals identified in the parties' initial

disclosures and in Interrogatory No. 4 may have knowledge of the information contained in the answers to these Interrogatories.

Dated:  October 4, 2021                            HUESTON HENNIGAN LLP


By: _/s/ Alison Plessman_____
       Alison Plessman
       Attorneys for Defendants
       Broadcom Inc.
       Brocade Communications Systems LLC

# EXHIBIT A



# Brocade Software
## Software Release Support and Posting Matrices

**Reference Manual**
**Version 2.6**

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 65 of 81   PageID #: 4651

Copyright © 2019–2021 Broadcom. All Rights Reserved. Broadcom, the pulse logo, Brocade, the stylized B logo, Fabric OS, and SANnav are among the trademarks of Broadcom in the United States, the EU, and/or other countries. The term "Broadcom" refers to Broadcom Inc. and/or its subsidiaries.

Broadcom reserves the right to make changes without further notice to any products or data herein to improve reliability, function, or design. Information furnished by Broadcom is believed to be accurate and reliable. However, Broadcom does not assume any liability arising out of the application or use of this information, nor the application or use of any product or circuit described herein, neither does it convey any license under its patent rights nor the rights of others.

The product described by this document may contain open source software covered by the GNU General Public License or other open source license agreements. To find out which open source software is included in Brocade products, to view the licensing terms applicable to the open source software, and to obtain a copy of the programming source code, please download the open source disclosure documents in the Broadcom Customer Support Portal (CSP). If you do not have a CSP account or are unable to log in, please contact your support provider for this information.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 66 of 81   PageID #: 4652

# Table of Contents

**Chapter 1: Introduction** ....................................................................................................4

**Chapter 2: Legends** .........................................................................................................5

**Chapter 3: Definitions** ......................................................................................................6

**Chapter 4: FOS Release Support and Posting Status Matrices** ....................................8

**Chapter 5: SANnav Release Support and Posting Status Matrices** ..............................11

**Chapter 6: Brocade Network Advisor (BNA) Release Support and Posting Status Matrices** ......12

**Appendix A: Target Path** .................................................................................................13

**Revision History**.............................................................................................................14

Case 3:20-cv-00451-CEA-DCP    Document 118-2    Filed 12/09/21    Page 67 of 81    PageID #: 4653

# Chapter 1: Introduction

The contents of this document specify the support status, posting state, FICON qualification status, and Target Path recommendations for all releases of the Brocade® Fabric OS® (FOS), SANnav™, and Brocade Network Advisor software products. This document is updated whenever there is a change in support, qualification, Target Path designation, or posting status for a release or when new releases are available. Updates are also made when Brocade has posted notification of or transitioned to End of Availability (EOA) for a software release.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 68 of 81   PageID #: 4654

# Chapter 2: Legends

The heading row for each table in this document has a background color that indicates the current support status for the releases listed in the table. The color coding is defined as follows.

| |
|---|
| **Latest, Established, or Minimum Major Version Level**<br>All releases in this table are SUPPORTED. |
| **Established or Minimum Major Version Level**<br>All releases in this table are currently SUPPORTED but are transitioning to UNSUPPORTED at the EOA date. |
| **Legacy Major Version Level**<br>Releases listed in this table are UNSUPPORTED with the exception of releases designated for support of select platforms or capabilities only. |
| **Various Version Levels and Releases**<br>All releases or version levels listed in this table are UNSUPPORTED. |

Within the tables in this document, the color used for a cell denotes the support status and/or special designations or qualifications for the release as follows.

| |
|---|
| Target Path version. |
| FICON qualified version. |
| Supported and posted but not Target Path or FICON qualified. |
| Supported but not posted; migrating to newer or alternative posted release is recommended. |
| Supported only on noted platforms or for specific feature support. |
| Currently supported but in the EOA transition period and within 6 months of being unsupported. |
| Unsupported. |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 69 of 81   PageID #: 4655

# Chapter 3: Definitions

**Supported Software** – Supported software is defined as any version of Brocade software that *has not* reached End of Availability (EOA) or End of Support (EOS) status. For these versions of software, Brocade provides full assistance to find the root cause of reported issues up to and including providing any patches to said software.

**Unsupported Software** – Unsupported software is defined as any version of Brocade software that *has* reached End of Availability (EOA) or End of Support (EOS) status. For these versions of software, as long as the user has valid entitlement, Brocade will take a support call and provide limited assistance in determining the root case; Brocade will not provide engineering assistance or patches, and the user will be asked to upgrade to a supported version of software.

**End of Availability (EOA)** – The date that the specified software release or version level is no longer available from Brocade and is typically no longer supported. A release that has reached EOA status may in some cases still be supported for certain platforms or scenarios only if noted explicitly by Brocade. Releases that are currently supported but are transitioning to unsupported are highlighted in this document ahead of the EOA date to provide time to schedule upgrades as necessary.

**General Availability (GA)** – The date that a software release was first posted and made available with support to entitled Brocade customers.

**Major Release** – The second integer of the three-digit software version release number that typically advances when major new software functional changes are included for new features and/or platform support. For example, the "2" in FOS v7.2.5b represents the Major Release version.

**Latest Major Version** – The newest Major Release version level of firmware or software, also referred to as the "Current Release Level."

**Established Major Version** – The previous Major Release version level of firmware or software, sometimes referred to as "One Release Level Back."

**Minimum Major Version** – The oldest Major Release version level of FOS firmware that is classified as "Supported Software," sometimes referred to as "Two Release Levels Back." SANnav software does not have a designated Minimum Major Version.

**Legacy Supported Release** – An older Major Release version of FOS firmware that continues to be classified as "Supported Software" in order to support older hardware platforms that are not supported for upgrade to the Minimum Major Version of later. Legacy Supported Releases are only supported for select designated platforms.

**FICON Qualified** – A firmware or software release that has been specifically tested and certified for use in FICON environments.

**Target Path** – A recommended version of software that is intended for general use in Brocade Fibre Channel storage area networks. A specified release of software is identified as Target Path only after it meets well-defined criteria for quality. A version of software that was once designated as Target Path but has since been replaced by newer versions of Target Path on the same code stream is referred to as "Retired Target Path". For additional information on Target Path software, refer to Appendix A.

**Posting Status** – The state of availability of a software release on the Broadcom sites. "Posted" means that it is available from Brocade or Brocade partners for users with valid entitlement. "Not Posted" indicates that the software is no longer available from Brocade or Brocade partners. Not Posted status does not necessarily indicate that the software release is no longer supported.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 70 of 81   PageID #: 4656

**Platform Specific Download (PSD)** – FOS PSD releases are versions of a full FOS release image that can be loaded only on a single hardware platform, consisting of a single switch model or group of switch models. Unlike traditional FOS release images that can be installed on any supported Brocade switch and director, FOS PSD images must be downloaded separately for each platform that the FOS release will be used on. The full list of unique FOS PSD images available for a release and the models that each PSD image supports are noted in the FOS release notes. Any FOS release listed in this document as "Posted" is available only in PSD image form.

# Chapter 4: FOS Release Support and Posting Status Matrices

Note: For recommended upgrade or migration paths between FOS releases, refer to Knowledge Base (KB) article ID 14365 for Open Systems environments and KB article ID 14366 for FICON environments.

| Latest Major Version (Supported): FOS v9.0.X | | | | | |
|---|---|---|---|---|---|
| **Version** | **GA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| FOS v9.0.1c | September 24, 2021 | | | Posted | |
| FOS v9.0.1b FOS v9.0.1b2 FOS v9.0.1b4 | April 30, 2021 | Yes (9.0.1b4)* | Yes | Posted (9.0.1b4 only) | FOS v9.0.1b/b2 may be requested from Brocade TAC.<br><br>*FOS v9.0.1b is also considered Target Path with the caveat of Defect FOS-831875/TSB-2021-279-A and Defect FOS-832100/TSB-2021-280-A. Both issues are resolved in v9.0.1b4 and later releases. |
| FOS v9.0.1a2 | March 10, 2021 | | Yes | Posted | |
| FOS v9.0.1 | N/A | | | Not Posted | For internal and partner qual use only. |
| FOS v9.0.0b | September 2, 2020 | | Yes | Not Posted | |
| FOS v9.0.0a | June 24, 2020 | | | Not Posted | |
| FOS v9.0.0 | April 30, 2020 | | | Not Posted | |

| Established Major Version (Supported): FOS v8.2.X | | | | | |
|---|---|---|---|---|---|
| **Version** | **GA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| FOS v8.2.3a/a1 | June 26, 2021 | Yes (8.2.3a1)* | Yes | Posted (8.2.3a1 only) | FOS v8.2.3a may be requested from Brocade TAC.<br><br>*FOS v8.2.3a is also considered Target Path with the caveat of Defect FOS-831875/TSB-2021-279-A (SNMP applications lose connection during MIB walk). |
| FOS v8.2.3_03 | February 25, 2021 | | Yes | Posted | |
| FOS v8.2.2d4 | September 29, 2020 | Yes | | Posted | |
| FOS v8.2.2c6 | June 26, 2020 | Yes | Yes | Posted | Minimum recommended version for IP Extension. |
| FOS v8.2.2b | February 27, 2020 | | | Not Posted | |
| FOS v8.2.2a | December 30, 2019 | | Yes | Not Posted | |
| FOS v8.2.2 | September 12, 2019 | | | Not Posted | |
| FOS v8.2.1e | June 30, 2020 | Yes | | Not Posted | |
| FOS v8.2.1d | January 10, 2020 | See Notes* | | Not Posted | *Target Path for director-class switches only. |
| FOS v8.2.1c | July 2, 2019 | Yes | | Not Posted | |
| FOS v8.2.1b | February 13, 2019 | | | Not Posted | |
| FOS v8.2.1a | November 17, 2018 | | | Not Posted | |
| FOS v8.2.1 | August 28, 2018 | | | Not Posted | |
| FOS v8.2.0b | April 10, 2018 | | | Not Posted | |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 72 of 81   PageID #: 4658

| FOS v8.2.0a | March 6, 2018 | | Yes | Not Posted | |
| FOS v8.2.0 | November 30, 2017 | | | Not Posted | |

| Minimum Major Version (Supported):<br>FOS v8.1.X | | | | | |
|---|---|---|---|---|---|
| **Version** | **GA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| FOS v8.1.2k | July 20, 2019 | Yes | | Not Posted | If FOS v8.1.2k is needed for migration purposes, contact Brocade Support |
| FOS v8.1.2j | November 5, 2019 | See Notes* | | Not Posted | *Target Path for director-class switches only. |
| FOS v8.1.2h | July 10, 2019 | Yes | | Not Posted | |
| FOS v8.1.2g | March 5, 2019 | Yes | | Not Posted | |
| FOS v8.1.2f | October 4, 2018 | Retired | | Not Posted | |
| FOS v8.1.2d | May 24, 2018 | Retired | | Not Posted | |
| FOS v8.1.2b | March 15, 2018 | Retired | | Not Posted | |
| FOS v8.1.2a | November 17, 2017 | Retired | Yes | Not Posted | |
| FOS v8.1.2 | November 2, 2017 | | | Not Posted | |
| FOS v8.1.1a | August 22, 2017 | | | Not Posted | |
| FOS v8.1.1 | June 12, 2017 | | | Not Posted | |
| FOS v8.1.0c | June 26, 2017 | | | Not Posted | |
| FOS v8.1.0b | May 1, 2017 | | | Not Posted | |
| FOS v8.1.0a | February 28, 2017 | | | Not Posted | |
| FOS v8.1.0 | December 14, 2016 | | | Not Posted | |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 73 of 81   PageID #: 4659

| Legacy Supported Release (Supported Only as Specified): FOS v7.4.X | | | | | | |
|---|---|---|---|---|---|---|
| Version | GA Date | EOA Date | Target Path | FICON Qualified | Posting Status | Notes |
| FOS v7.4.2h | July 13, 2021 | October 31, 2024 | Yes | | Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2g | August 10, 2020 | October 31, 2024 | Yes | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2f | February 3, 2020 | October 31, 2024 | Retired | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2e | September 19, 2019 | October 31, 2024 | Retired | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2d | October 11, 2018 | October 31, 2024 | Retired | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2c | February 2, 2018 | October 31, 2024 | Retired | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2a1 | December 19, 2017 | November 14, 2019 | Retired | | Not Posted | Unsupported. |
| FOS v7.4.2a | Jun 30, 2017 | November 14, 2019 | Retired | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.2 | April 4, 2017 | March 30, 2019 | | | Not Posted | Supported on Gen 4 (8G) 300 and 7800 platforms only. |
| FOS v7.4.1f | December 19, 2017 | December 31, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.1e | October 20, 2016 | March 30, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.1d | July 15, 2016 | October 31, 2024 | | Yes | Not Posted | Supported on the 7800 FICON platform only, until 10/31/24. |
| FOS v7.4.1c | April 19, 2016 | March 30, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.1b | February 9, 2016 | March 30, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.1a | December 18, 2015 | March 30, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.1 | September 24, 2015 | March 30, 2019 | | | Not Posted | Unsupported. |
| FOS v7.4.0x | N/A | March 30, 2019 | | | Not Posted | Unsupported. |

| Unsupported and Pending Unsupported Versions | | | | |
|---|---|---|---|---|
| Version | GA Date | EOA Date | Posting Status | Notes |
| FOS v8.1.2e | September 13, 2018 | September 26, 2018 | Not Posted | Unsupported and should not be installed. |
| FOS v8.1.2c | May 7, 2018 | May 24, 2018 | Not Posted | Error in package build; release was retracted. |
| FOS v8.0.X | N/A | July 30, 2020 | Not Posted | All patches and releases are unsupported per policy. |
| FOS v7.4.2b | December 7, 2017 | February 2, 2018 | Not Posted | Unsupported and should not be installed. |
| FOS v7.3.X | N/A | March 14, 2017 | Not Posted | All patches and releases are unsupported per policy. |
| FOS v7.2.X | N/A | March 16, 2016 | Not Posted | All patches and releases are unsupported per policy. |
| FOS v7.1.X | N/A | October 15, 2015 | Not Posted | All patches and releases are unsupported per policy. |
| FOS v7.0.X | N/A | September 27, 2014 | Not Posted | All patches and releases are unsupported per policy. |
| FOS v6.4.X | N/A | July 23, 2014 | Not Posted | All patches and releases are unsupported per policy. |
| All Older Versions | N/A | N/A | Not Posted | All patches and releases are unsupported per policy. |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 74 of 81   PageID #: 4660

# Chapter 5: SANnav Release Support and Posting Status Matrices

| Latest Major Version (Supported): SANnav 2.1.X | | | | | |
|---|---|---|---|---|---|
| **Version** | **GA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| SANnav 2.1.1.4 | July 26, 2021 | | | Posted | SANnav Management Portal 2.1.1 CSI patch includes changes from 2.1.1.1, 2.1.1.2, and 2.1.1.3. (Patch must be applied to 2.1.1—not a standalone release.) |
| SANnav 2.1.1.3 | June 26, 2021 | | | Not Posted | SANnav Management Portal 2.1.1 patch with support for FOS PSD images. (Patch must be applied to 2.1.1—not a standalone release.) |
| SANnav 2.1.1 | December 18, 2020 | Yes | Yes | Posted | Used during FICON qualification of FOS v9.0.1a. |
| SANnav 2.1.0a | August 28, 2020 | | Yes | Posted | Used during FICON qualification of FOS v9.0.0b. |
| SANnav 2.1.0 | April 30, 2020 | | | Posted | |

| Established Major Version (Supported): SANnav 2.0.X | | | | | |
|---|---|---|---|---|---|
| **Version** | **GA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| SANnav 2.0.0a | October 15, 2019 | | | Not Posted | Restricted availability patch for AMP support only. |
| SANnav 2.0.0 | September 26, 2019 | | | Posted | |

| Unsupported and Pending Unsupported Versions | | | | |
|---|---|---|---|---|
| **Version** | **GA Date** | **EOA Date** | **Posting Status** | **Notes** |
| All Older Versions | | | Not Posted | All patches and releases are unsupported per policy. |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 75 of 81   PageID #: 4661

# Chapter 6: Brocade Network Advisor (BNA) Release Support and Posting Status Matrices

| Supported Versions (Supported until EOA Date) | | | | | | |
|---|---|---|---|---|---|---|
| **Version** | **GA Date** | **EOA Date** | **Target Path** | **FICON Qualified** | **Posting Status** | **Notes** |
| BNA 14.4.5 | January 13, 2020 | February 8, 2022 | Yes | Yes | Not Posted | Contact your support provider to obtain BNA 14.4.5. |
| BNA 14.4.4 | March 6, 2019 | February 8, 2022 | | | Not Posted | |
| BNA 14.4.3 | August 29, 2018 | February 8, 2022 | Retired | | Not Posted | |
| BNA 14.4.2 | April 18, 2018 | February 8, 2022 | Retired | Yes | Not Posted | |
| BNA 14.4.1 | January 26, 2018 | February 8, 2022 | | | Not Posted | |

| Unsupported and Pending Unsupported Versions | | | |
|---|---|---|---|
| **Version** | **GA Date** | **Posting Status** | **Notes** |
| BNA 14.4.0 | December 14, 2017 | Not Posted | Unsupported as per policy. |
| BNA 12.X | N/A | Not Posted | All patches and releases are unsupported per policy. |
| All Older Versions | N/A | Not Posted | All patches and releases are unsupported per policy. |

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 76 of 81   PageID #: 4662

# Appendix A: Target Path

*Target Path* is defined as a Brocade-recommended firmware or software release that is intended for general use in Brocade Fibre Channel storage area networks. A specified release of firmware or software is identified as Target Path only after it meets the following criteria:

- The selected release was created primarily for stability and reliability and not for the introduction of new features. This release may contain Reliability, Availability, and Serviceability (RAS) improvements and enhancements, but it will not introduce major new features or hardware support.
- The selected release has been qualified and is supported by multiple OEMs. This broad qualification makes it an ideal option for environments in which customers procure products from more than one vendor.
- The selected release has been deployed in a number of end-user production environments for a period of time sufficient to evaluate the release as being high quality. The release must have no reported known pervasive or impacting issues, no critical defects, and no issues identified as critical or service-impacting by a Technical Service Bulletin (TSB).
- Check with your OEM for their recommended Target Path version.

The Target Path guidelines are used to establish a release that meets a standard level of quality, which then can be used to identify a general recommendation for customers. Always refer to the product release notes and carefully review the "Important Notes and Known Defects" information, and listen to any guidance from your service provider before selecting and installing any version of firmware or software since every environment might have unique requirements.

The Target Path release designation in no way implies or guarantees that a release will be free of defects or will not contain behavioral issues that could cause an impact in a production environment. However, following the Target Path release recommendations produces the most trouble-free environments for data-center storage area networks (SANs) that use Brocade switching platforms.

Once a specific Brocade firmware or software version is identified as a Target Path release, all released patches (that is, releases that are identified with a different letter appended to the release number) that are released on the same code stream can also be considered recommended Target Path releases. Fixes and code changes released via patches are carefully managed to maintain the Target Path designation. Whenever more significant code changes are required, the version number will be increased to indicate that the Target Path designation could not be maintained.

When selecting a Target Path version, it is recommended to always select the latest patch on the Target Path release stream. These newer patch releases may be considered Target Path releases after a very short exposure time because patch releases typically contain minimal changes from their predecessors.  Since the stability of the major code level release has already been verified, it is unnecessary to wait for additional field exposure. These newer patches will contain the latest fixes and updates to maintain and provide the highest quality firmware or software version available.

Versions of FOS that are identified as Target Path can also be "retired" over time. As new Target Path patches on the same code stream are released, FOS versions identified as Target Path that are over two years old may be removed as official Target Path releases. Customers who are planning upgrades should always select from the latest patches on the Target Path code stream; the Target Path designation will be removed from these older code versions to help guide users to the latest and highest quality patches available.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 77 of 81   PageID #:
4663

# Revision History

## Version 2.6; Brocade-SW-Support-RM108; September 29, 2021

- Added new FOS v9.0.1c and v9.0.1b4 releases.

## Version 2.5; Brocade-SW-Support-RM107; September 8, 2021

- Updates for FOS Target Path.

## Version 2.4; Brocade-SW-Support-RM106; July 26, 2021

- Updated with new posted FOS and SANnav releases.
- Updated with the FOS Target Path designation for the G620 and G630.

## Version 2.3; Brocade-SW-Support-RM105; July 2, 2021

- Updated with new posted FOS versions.
- Consolidated "Not Posted" status.

## Version 2.2; Brocade-SW-Support-RM104; June 26, 2021

- Added SANnav Target Path information.
- Updated posting status for FOS releases.
- Added FOS v8.2.3a and SANnav 2.1.1.3.
- Added information on FOS Platform Specific Downloads (PSDs) and releases available as FOS PSD images.
- Added new release posting status color coding (orange) for posted code.

## Version 2.1; Brocade-SW-Support-RM103; April 23, 2021

- Added information on "Retired Target Path" (RTP) and designated RTP releases.
- Added new FOS releases and a new SANnav release.

## Version 2.0; Brocade-SW-Support-RM102; October 20, 2020

- Added the "Definitions" section.
- Incorporated Target Path information.
- Added FOS v9.0.0b and v8.2.2d.
- Transitioned FOS v8.0.X to unsupported status.
- Updated for SANnav 2.1.0a.

## Version 1.4; Brocade-SW-Support-RM101; July 24, 2020

- Updated for FOS v9.0.0a, v8.2.2c, v8.2.1e, and v8.1.2k.
- Added FICON qualified status for SANnav 2.1.0.
- Updated language on providing unsupported releases for migration.
- Noted removal date for posted releases nearing EOA.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 78 of 81   PageID #: 4664

## Version 1.3; Brocade-SW-Support-RM100; May 11, 2020

- Updated for FOS v9.0.0 and SANnav 2.1.0.
- Updated the FOS v8.2.1d and v8.1.2j Target Path status.
- Updated the FOS v8.0.2b and v7.4.1d status.
- Updated the document layout and format.

## Version 1.2; March 20, 2020

- Updated for for FOS v8.2.2b.
- Designated BNA 14.4.5 as a Target Path; transitioned the 14.4.x releases to Not Posted.

## Version 1.1; January 31, 2020

- EOA notification and transition period for FOS v8.0.x and SANnav 1.1.x.
- Updated FOS v7.4.x legacy releases for corrections and change in support status.
- Added new releases (FOS v8.2.1d, FOS v7.4.2f, BNA 14.4.5).
- Other miscellaneous minor updates.

## Version 1.0; December 20, 2019

- Initial document release.

Case 3:20-cv-00451-CEA-DCP   Document 118-2   Filed 12/09/21   Page 79 of 81   PageID #:
4665



1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West

3 6th Street, Suite 400, Los Angeles, CA 90014.

4      On October 4, 2021, I served the foregoing document(s) described as:

5 **BROCADE COMMUNICATIONS SYSTEMS LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF**

6 **INTERROGATORIES**

7 on the interested parties in this action as stated below:

8 John L. Wood, Esq.            Morgan Chu

9 Cheryl G. Rice, Esq.            David Nimmer
Rameen J. Nasrollahi,          A. Matthew Ashley

10 EGERTON, McAFEE, ARMISTEAD   IRELL & MANELLA LLP
& DAVIS, P.C.               1800 Avenue of the Stars, Suite 900

11 900 S. Gay Street, Suite 1400     Los Angeles, California 90067-4276
P.O. Box 2047                mchu@irell.com

12 Knoxville, TN 37902         dnimmer@irell.com
jwood@emlaw.com           mashley@irell.com

13 crice@emlaw.com
rnasrollahi@emlaw.com

14

15 ☒   (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

16

17      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18      Executed on October 4, 2021, at Los Angeles, California.

19

20    Debi Del Grande          *Debi Del Grande*

21    (Type or print name)         (Signature)

22

23

24

25

26

27

28

- 1 -

6054945