# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

## DECLARATION OF ALISON PLESSMAN

I, ALISON PLESSMAN, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner at the law firm of Hueston Hennigan LLP, counsel of record for Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On December 26, 2020, Plaintiffs served on Broadcom 91 requests for production, 24 interrogatories, and 51 requests for admission and on Brocade 86 requests for production, 23 interrogatories, and 68 requests for admission.

3. At the time Plaintiffs served their written discovery on Defendants on December 26, 2020, the parties had not yet agreed to an electronic discovery protocol and had not even began negotiating a protective order governing the use and disclosure of confidential and proprietary information exchanged during discovery.

4. On January 5, 2021 Defendants offered a very reasonable compromise:

Defendants agreed not to seek a stay of discovery or a protective order based on the pending (and likely dispositive) motions to dismiss so long as Plaintiffs agreed that they would not argue that, by virtue of participating in the discovery process, Defendants had submitted themselves to this Court's jurisdiction and waived any argument concerning personal jurisdiction and improper venue. Defendants also requested a modest 30-day extension.

5. Plaintiffs rejected this proposal, asserting they would only abstain from arguing that Defendants' responses to *Plaintiffs*' discovery requests constituted waiver. But if Defendants were to propound their own discovery requests on Plaintiffs, Plaintiffs refused to agree that they would not argue such requests constituted waiver of Defendants' personal jurisdiction and venue defenses.

6. Plaintiffs also indicated that they would only agree to extend the response date by 30 days if Defendants agreed to provide "substantive responses and documents (not just objections) on February 24, 2021."

7. On January 16, 2021, Defendants filed a motion for a stay and a protective order in light of Plaintiffs' position on one-sided discovery and the jurisdictional defenses raised in Defendants' motion to dismiss.

8. On January 25, 2021, Defendants served Plaintiffs with their discovery responses.

9. On January 29, 2021, Plaintiffs served on Defendants their second set of discovery requests.

10. On February 15, 2021, Plaintiffs filed a motion to compel discovery responses against Defendants as to their discovery requests served on December 26, 2020.

11. On March 1, 2021, Defendants served Plaintiffs with their discovery responses for Plaintiffs' second set of discovery requests.

12. On May 19, 2021, Plaintiffs filed a second motion to compel discovery responses against Defendants as to their second set of discovery requests.

13. On June 25, 2021, the Court denied Plaintiffs' motions to compel against Brocade and Broadcom.

- 2 -

Case 3:20-cv-00451-CEA-DCP Document 119-1 Filed 12/23/21 Page 2 of 6 PageID #: 6106888  4757

14. On July 15, 2021, the parties met and conferred regarding how to proceed with discovery in light of their positions. Plaintiffs proposed that Defendants limit their responses to discovery to the products identified in paragraph 64 of the Complaint.

15. On July, 20, 2021, Plaintiffs' counsel Olivia Weber emailed me with this proposal. Attached hereto as Exhibit A is a copy of that email.

16. Defendants agreed with this proposal.

17. At a subsequent meet and confer, on July 28, 2021, Plaintiffs altered their proposal, indicating that Defendants should also respond to the products listed in Paragraph 49 of the Complaint. I said that I would need to review those products and consult my clients. I did not agree, during that meet and confer or subsequently, that Defendants would supplement their discovery responses to include information and documents regarding the products listed in Paragraph 49 of the Complaint.

18. I told Plaintiffs' counsel that it was difficult to predict exactly how long it would take for Defendants to supplement their responses but that they would endeavor to do so in approximately 30 days.

19. On August 27, 2021, I emailed Plaintiffs' counsel, explaining that Broadcom and Brocade needed more time to supplement their responses.

20. Plaintiffs' counsel responded on August 31 to my email, requesting responses by September 3. Plaintiffs' counsel did not say they would move to compel if they did not receive responses by then. This was the last time I heard anything from Plaintiffs' counsel regarding the discovery responses until Plaintiff filed the instant motion to compel.

21. On September 2, 2021, I responded to the August 31 email from Plaintiffs' counsel and explained again that the supplemental responses were taking longer than anticipated given the hundreds of requests at issue. I indicated that Broadcom and Brocade nevertheless would serve the supplementary discovery responses as soon as possible.

22. Plaintiffs never respond to my September 2 email.

23. Plaintiffs never told Broadcom and Brocade—in their August 31 email or

- 3 -

Case 3:20-cv-00451-CEA-DCP Document 119-1 Filed 12/23/21 Page 3 of 6 PageID #: 4758
6106888

elsewhere—that they would move to compel.

24. Plaintiffs never sought to meet and confer with Broadcom and Brocade about any motion to compel.

25. On September 13, 2021, Plaintiffs moved to compel supplemental responses from Defendants.

26. On September 27, 2021, Defendants filed its opposition to Plaintiffs' third motion to compel, requesting attorneys' fees and costs under Local Rule 37.2.

27. Before Plaintiffs' reply brief was due, Defendants served Plaintiffs with their supplemental discovery responses to Plaintiffs' 351 discovery requests.

28. On October 12, 2021, Plaintiffs filed a supplemental brief stating that their motion to compel was moot but that Defendants should still be sanctioned.

29. During the parties' July 2021 meet and confers, Plaintiffs' counsel explained that the version of the software provided to Brocade under the License Agreement had not been registered with the Copyright Office.

30. During a meet and confer on November 4, 2021, in which Defendants attempted to reach compromise on the many problems with Plaintiffs' discovery requests, Plaintiffs' counsel John Wood indicated that a reason for the broad scope of the discovery requests was because Plaintiffs "may find claims that go back further."

31. During a meet and confer on November 12, 2021, I explained that Defendants share profits by virtue of their parent-subsidiary relationship but wanted further clarification on what else Plaintiffs could mean by the "indirect[]" sharing of profits asked about in the discovery requests propounded on Brocade.

32. During a meet and confer on November 16, 2021, I proposed numerous ways in which Plaintiffs could narrow their requests that would permit Defendants to respond to those requests with the information Plaintiffs need to prosecute their claims. Plaintiffs' counsel John Wood stated he did not see why he should compromise because Plaintiffs were entitled to the information sought.

33. During that same meet and confer, Plaintiffs' counsel Olivia Weber speculated that Brocade may have received other SNMP Research Software from unidentified third parties.

34. During that same meet and confer, I asked Plaintiffs to explain what they meant by the term "compiled and linked" as used throughout their Requests for Admission. Plaintiffs could not explain what these terms meant and instructed Defendants to consult a software engineer.

35. During that same meet and confer, I explained that producing information and documents, including contracts, involving third parties implicated third-party confidentiality concerns and would present an undue burden to Defendants. Plaintiffs could state no reason why they needed third-party agreements, other than wanting the pricing terms included in such agreements. I explained that these pricing terms were duplicative of other information Plaintiffs have already requested and Defendants have already agreed to provide.

36. During the parties' November meet and confers, Defendants proposed an initial round of source code production whereby SNMP would provide the source code deposited for the eight copyright registrations listed in Table 1 of the Complaint and Brocade would simultaneously provide the source code that SNMP provided to Brocade under the License Agreement so that an initial comparison could take place.

37. Throughout the meet and confers, I asked Plaintiffs' counsel to explain why various requests were relevant to their claims. Their responses were very often generalized, explaining that relevance is a broad concept and that they had "reasons" for wanting the information sought.

38. At no point during the parties' meet and confers did I indicate that Defendants would not investigate other products containing Plaintiff's software but we have objected to the scope of the search demanded based on Plaintiff's vague and overbroad defined terms.

39. During the November meet and confers, I explained that Defendants would be willing to produce the March 29, 2017 purchase agreement itself and a subset of relevant documents agreed to by the parties but not "all documents relating to" the divestiture that had no

- 5 -

Case 3:20-cv-00451-CEA-DCP   Document 119-1   Filed 12/23/21   Page 5 of 6   PageID #: 4760
6106888

bearing on the case. Plaintiffs refused this compromise.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of December, 2021, at Los Angeles, California.

_____
Alison Plessman