IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | Jury Demand |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § | |
| Defendants. | § § § | |

---

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS BROADCOM INC.'S, BROCADE COMMUNICATIONS SYSTEMS LLC'S, AND EXTREME NETWORKS, INC.'S JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR ALTERNATIVELY, TO TRANSFER VENUE FILED PURSUANT TO LOCAL RULE 7.1(d)**

---

Pursuant to Local Rule 7.1(d), Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (collectively, "Plaintiffs") submit this Supplemental Brief in Opposition to Defendants Broadcom Inc.'s, Brocade Communications LLC's, and Extreme Networks, Inc.'s (collectively, "Defendants") Joint Motion to Dismiss Plaintiffs' Complaint (Dkt. 40-1, "Motion") in order to apprise the Court of new, controlling United States Supreme Court precedent.[1]

On February 24, 2022, the Supreme Court decided *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, No. 20-915, 2022 WL 547681 (U.S. Feb. 24, 2022) ("*Unicolors*," attached as Exhibit A). In *Unicolors,* the Supreme Court reversed Ninth Circuit authority upon which Defendants relied in their Motion. That Ninth Circuit authority (along with other authority holding essentially the same thing)

---

[1] Extreme Networks, Inc. joined the Motion in a separate filing. *See* Dkt. 39 at ECF 2.

held that pursuant to 17 U.S.C. § 411(b) of the Copyright Act, only mistakes of fact, not mistakes of law, can excuse inaccuracies in a copyright registration. *See Unicolors, Inc. v. H&M Hennes & Mauritz*, L.P., 959 F.3d 1194, 1200 (9th Cir. 2020). Defendants had argued the same thing in connection with their Motion. *See, e.g.*, Motion, at 18 ("the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law") (quotation marks omitted); Dkt. 57 ("Reply") at 18 ("§ 411(b) Requires Knowledge Of Facts, Not Knowledge of Law"). The Supreme Court flatly rejected this assertion, holding that "§ 411(b) does not distinguish between a mistake of law and a mistake of fact. Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration."). *Unicolors*, 2022 WL 547681, *2.

*Unicolors* also recognized that § 411(b) should not be interpreted in a way that would undo prior, settled law, and indeed, that "Congress enacted § 411(b) to make it easier, not more difficult, for nonlawyers to obtain valid copyright registrations." *Id.* *7. In reaching this holding, the Supreme Court cited, among other authority, the Sixth Circuit's decision in *Advisers, Inc.* v. *Wiesen-Hart, Inc.*, 238 F. 2d 706, 707–708 (6th Cir. 1956) (*per curiam*) (herein, "*Advisers*"). In their Motion, Defendants had argued the opposite, claiming that *Advisers* was not good law because its "common law rule pre-dates the statute at issue by 52 years." Reply at 16.

Below are select excerpts from *Unicolors*:

- "The Court of Appeals for the Ninth Circuit believed that a copyright holder cannot benefit from the safe harbor and save its copyright registration from invalidation if its lack of knowledge stems from a failure to understand the law rather than a failure to understand the facts. In our view, however, §411(b) does not distinguish between a mistake of law and a mistake of fact. Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration. We therefore vacate the Court of Appeals' contrary holding." 2022 WL 547681, *1.

- "If *Unicolors* was not aware of the legal requirement that rendered the information in its application inaccurate, it did not include that information in its application "*with knowledge that it was inaccurate*." §411(b)(1)(A) (emphasis added). Nothing in the statutory language suggests that this straightforward conclusion should be any different simply because there was a mistake of law as opposed to a mistake of fact." *Id.* at *5.

- "[T]the word 'knowledge' means actual, subjective awareness of both the facts and the law . . . [and] [i]f Congress had intended to impose a scienter standard other than actual knowledge, it would have said so explicitly." *Id.* at *6.

- "Fraud typically requires 'a *knowing* misrepresentation[.]" [8] (quoting *Black's Law Dictionary* 802 (11th ed. 2019) (emphasis in original)). *Id.* at *6.

As the Court is likely aware from the briefing on the Motion, Plaintiffs do not concede that SNMP Research made an error in its registration applications. However, to the extent there was any error, *Unicolors* makes clear that a legal error is just as sufficient to excuse an inaccuracy as a factual error, which is the opposite of what Defendants argued in their Motion. *Unicolors* also demonstrates that, along with *Unicolors* itself, *Advisers* remains the controlling precedent within the Sixth Circuit.

Respectfully submitted,

Dated:  March 2, 2022                By: /s/ *John L. Wood*
                                         John L. Wood, Esq. (BPR #027642)
                                         Cheryl G. Rice, Esq. (BPR #021145)
                                         Rameen J. Nasrollahi, Esq. (BPR #033458)
                                         EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
                                         900 S. Gay Street, Suite 1400
                                         P.O. Box 2047
                                         Knoxville, TN 37902
                                         (865) 546-0500 (phone)
                                         (865) 525-5293 (facsimile)
                                         jwood@emlaw.com
                                         crice@emlaw.com
                                         rnasrollahi@emlaw.com

Dated:  March 2, 2022                By: /s/ *A. Matthew Ashley*
                                         A. Matthew Ashley (CA Bar. No. 198235)
                                         Morgan Chu (CA Bar. No. 70446)
                                         David Nimmer (CA Bar. No. 97170)
                                         Olivia Weber (CA Bar. No. 319918)
                                         IRELL & MANELLA LLP
                                         1800 Avenue of the Stars, Suite 900
                                         Los Angeles, California 90067-4276
                                         (310) 277-1010 (phone)
                                         (310) 203-7199 (facsimile)
                                         mchu@irell.com
                                         dnimmer@irell.com
                                         mashley@irell.com

                                         *Attorneys for Plaintiffs*
                                         *SNMP Research International, Inc.*
                                         *SNMP Research, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of March, 2022, a true and accurate copy of the

foregoing was served on counsel of record for all Defendants through their counsel of record by way of

the Court's ECF systems.

/s/_John L. Wood_____