# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT OR, ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiffs' supplemental brief overstates the holding and impact of the Supreme Court's opinion in *Unicolors, Inc. v. H&M Mennes & Mauritz, L.P.*, No. 20-915, 2022 WL 547681 (Feb. 24, 2022), Ex. A, Dkt. 121-1.  Nothing in *Unicolors* rescues Plaintiffs' claims for copyright infringement and contributory copyright infringement against Defendants because the relevant law is unambiguous and it is evident from the face of Plaintiffs' Complaint that the copyright registrations at issue are invalid pursuant to 17 U.S.C. § 411(b).  While *Unicolors* holds that a certificate of registration may still satisfy the requirements of 17 U.S.C. § 411(a) if it includes inaccurate information due to the copyright holder's good-faith mistake of law, the Supreme Court made clear that "courts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal requirements of copyright law."  *Unicolors*, 2022 WL 547681, at *5.  Rather, assuaging concerns that its holding could make it "too easy for copyright holders, by claiming lack of knowledge, to avoid the consequences of an inaccurate application," the Supreme Court encourages courts to consider the "significance of the legal error" and "the complexity of the relevant rule" to find "that an applicant was actually aware of, or willfully blind to, legally inaccurate information."  *Id*.

Here, the material inaccuracies in Plaintiffs' copyright registrations cannot be excused because Plaintiffs or their lawyers buried their heads in the sand and ignored the law.  Plaintiffs' copyright registrations are inaccurate because the software was registered as unpublished even though Plaintiffs' own allegations show the software had been published through license agreements for nearly a decade at the time of registration in 2011.  *See* Defendants' Motion to Dismiss ("Motion" or "Mot."), Dkt. 40-1, at 16-20; Defendants' Reply In Support of Motion to Dismiss ("Reply"), Dkt. 57, at 19-21.  Unlike the application of the "single unit of publication" requirement contemplated in *Unicolors*, the applicable law here is and always has been

- 1 -

unambiguous and straightforward (*i.e.*, the rule is not "complex"). 2022 WL 547681, at *3. As explained more fully in Defendants' Motion and Reply, it has long been established under copyright law that publication is the "distribution of copies or phonorecords of a work to the public by sale or *other transfer of ownership or by rental, lease, or lending*" and that software is therefore "published" when it is distributed pursuant to a license agreement. 17 U.S.C. § 101 (emphasis added); U.S. Copyright Office, Compendium of U.S. Copyright Office Practices (3d ed. 2017) § 612.2 ("Software is distributed when copies are distributed by purchase or license[.]"); *Daimler-Chrysler Servs. N. Am., LLC v. Summit Nat., Inc.*, 289 F. App'x 916, 923 (6th Cir. 2008) (holding three years prior to Plaintiffs' registration that licensing software to customers (even customers within a limited industry) meant that the software had been publicly distributed); *see also* Reply, Dkt. 57, pp. 19-21. Thus, *Unicolors* expressly allows this Court to consider the lack of "the complexity of the rule" to find that Plaintiffs were "actually aware of, or willfully blind to, legally inaccurate information." 2022 WL 547681, at *5.

Moreover, here, the "significance of the legal error" is unrefuted. Plaintiffs do not even attempt to argue in their Opposition to Defendants' Motion to Dismiss that the Register of Copyrights would not have refused registration of a copyright as described in 17 U.S.C. § 411(b) because the applicant inaccurately stated whether the work had been published. Opp., Dkt. 48, at 20-21; Reply at 22 (explaining Plaintiffs forfeited any such argument). Indeed, it has long been recognized that whether a work is registered as published or unpublished has important implications, including with respect to the legal presumptions, damages, and exclusive rights to which the copyright holder is entitled. *See, e.g.*, 17 U.S.C. § 410(c) (assigning "prima facie evidence of the validity of the copyright and of the facts stated in the certificate" to a "certificate of a registration made before or within five years *after first publication of the work*" (emphasis

- 2 -

Case 3:20-cv-00451-CEA-DCP   Document 122   Filed 03/09/22   Page 3 of 6   PageID #: 4978
5857416

added)); *Antony v. Buena Vista Books, Inc.*, No. CV 18-205-DLB-CJS, 2020 WL 5995590 (E.D. Ky. Oct. 1, 2020) (finding that the distinction in § 410(c) between published and unpublished works "has been considered important by the Sixth Circuit"); 17 U.S.C. § 412 (conditioning statutory damages and attorney's fees on whether registration was made within three months of first publication); U.S. Copyright Office, Circular 1, *Copyright Basics*, "What Is Publication and Why Is It Important?" at 7, https://www.copyright.gov/circs/circ01.pdf. This, too, supports a finding of willful blindness or actual knowledge under *Unicolors*. 2022 WL 547681, at *5.

Finally, *Unicolors* expressly did *not* rule that a copyright registration can only be invalidated upon a showing of fraud (*i.e.*, deceptive intent), and instead suggests exactly the opposite through its discussion of willful blindness and circumstantial evidence. *Id.* at *5-6. Although it is not clear from Plaintiffs' supplemental brief whether they continue to cling to their argument that a showing of fraud is required to invalidate a registration despite the plain language of *Unicolors*, they broadly argue that *Unicolors* recognized that § 411(b) "should not be interpreted in a way that would undo prior, settled law," including *Advisers, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 707-08 (6th Cir. 1956). Supp. Br., Dkt. 121, at 2. But nowhere did *Unicolors* make such a sweeping holding or suggest that *Advisers, Inc.*, is still "good law" with respect to any requirement of fraud discussed in that 1956 opinion. *See Unicolors*, 2022 WL 547681, at *7 (Thomas, J., dissenting) (explaining that the question of fraudulent intent was not before the Court because Unicolors abandoned the argument raised in its petition for certiori that § 411(b)(1)(A) requires an intent to defraud and instead agreed with Respondent, the Ninth Circuit, and the United States as *amicus* that "knowing failure" satisfies § 411(b)(1)(A)). Instead, *Unicolors* simply noted that certain cases decided before Congress enacted § 411(b), including *Advisers, Inc.*, did not allow invalidation of copyrights based on "inadvertent"

- 3 -

mistakes on registration certificates. *Unicolors*, 2022 WL 547681, at *5. As the rest of the *Unicolors* decision makes clear, however, allowing a safe harbor for truly inadvertent mistakes of law does not equate to requiring a showing of fraud before a copyright registration can be invalidated, nor does it require courts to automatically accept a copyright holder's claimed ignorance of the law no matter how straightforward or significant the legal requirement at issue may be.

In sum, Plaintiffs' attempt to avoid the consequences of their inaccurate registrations by claiming they were unaware of law that is plain on its face is, at least, the very "willful blindness" that the Supreme Court in *Unicolors* expressly cautioned its holding would not excuse. Indeed, to read *Unicolors* as allowing copyright holders to include material inaccuracies in their registrations so long as they remain ignorant of the law, even when that law is plain as day (as it is here), would render the legal requirements of copyright law meaningless and encourage copyright holders to bury their heads in the sand when submitting their applications. The Supreme Court in *Unicolors* made clear that was *not* the consequence of its decision. Defendants' Motion to Dismiss should be granted.

Dated: March 9, 2022               HUESTON HENNIGAN LLP


                                   By:   /s/ Alison Plessman
                                         Alison Plessman (admitted *pro hac vice*)
                                         Attorney for Defendants
                                         Broadcom, Inc.
                                         Brocade Communications Systems LLC

- 4 -

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By: ___*/s/ John M. Neukom*___
John M. Neukom (admitted *pro hac vice*)
Attorney for Defendant
Extreme Networks, Inc.