UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-451-CEA-DCP ) |
| BROADCOM INC. *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions to Seal [Docs. 97 & 107]. With respect to the first Motion to Seal [Doc. 97], Plaintiff requests permission to file a redacted version of Exhibit C to the Declaration of Oliva Weber in Support of Plaintiff's Motion to Compel Discovery Responses from Defendant Extreme Networks, Inc. [Doc. 98] because it contains Plaintiff's commercially sensitive, confidential pricing term on page 3, and it also contains information belonging to Defendant Extreme which Plaintiff has designated as Confidential in an abundance of caution. In addition, the motion requests that the following documents be placed under seal given that Defendant Extreme designated them as confidential during discovery: (1) a redacted version of Exhibit P to the Declaration of Olivia Weber [Doc. 100] and (2) Exhibit K to the Declaration of Olivia Weber [Doc. 99]. Finally, Plaintiff states that its memorandum of law in support of its motion to compel ("memorandum of law") cites Exhibit P [Doc. 101].

Defendant Extreme filed a Response [Doc. 110] stating that it does not join in Plaintiff's request to seal the information as to [Docs. 99, 100, & 101], given the Court's Memorandum and

Order that "the parties are strongly encouraged to be very selective in the information they seek to seal" [Doc. 81 at 3]. As to Plaintiff's request to redact a pricing term found on page 3 of Exhibit C to the Declaration of Olivia Weber [Doc. 98], Defendant Extreme relates it "does not oppose [Plaintiff's] request that this information be sealed, but Extreme does not independently request that it be sealed" [Doc. 110 at 2].

The second Motion to Seal [Doc. 107], was filed by Defendant Extreme. Defendant Extreme requests permission to file a redacted version of its Memorandum of Law in Opposition to SNMP's Motion to Compel Discovery Responses from Defendant Extreme Networks, Inc. and Request for Costs and Counsel Fees Under Local Rule 37.2 [Doc. 108] because it references and discusses a pricing term on page 15 that Plaintiff has sought to file under seal. Defendant Extreme states it is not filing this Motion because of an independent reason to request that the information be sealed, but rather because Plaintiff has previously sought to seal the information in the first motion to seal [*See* Docs. 97 & 98].

Accordingly, the Court finds that good cause has been established to place [Docs. 98 & 108] under seal. Thus, Plaintiff's Motion to Seal [**Doc. 97**] is **GRANTED in PART** and **DENIED in PART**, and Defendant Extreme's Motion to Seal [**Doc. 107**] is **GRANTED**. The Court **DIRECTS** the Clerk to place [**Docs. 98 & 108**] under **SEAL**. Based on the representations of the parties, the Court does not find that good cause has been established to place the remaining documents under seal, and the Court **DIRECTS** the Clerk to **UNSEAL** [**Docs. 99, 100, & 101**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge