UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SNMP RESEARCH, INC. and SNMP )
RESEARCH INTERNATIONAL, INC., )
                                 )
        Plaintiffs, )
                                 )
v.                                 )         No. 3:20-CV-451-CEA-DCP
                                 )
BROADCOM INC. *et al.*, )
                                 )
        Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter is before the Court on Plaintiff SNMP Research Inc.'s Motions to Compel Discovery Responses [Doc. 88], to Compel Discovery Responses from Defendant Extreme Networks, Inc. [Doc. 96], and to Compel Discovery Responses from Defendants Broadcom Inc. and Brocade Communications Systems LLC [Doc. 115].[1] The motions are ripe for adjudication. The parties filed a Joint Status Report [Doc. 123] on March 11, 2022, identifying the issues that remain pending before the Court. The Court conducted an in-person motion hearing on March 25, 2022. Attorneys Alvin M. Ashley, John L. Wood, Olivia Weber, and Cheryl G. Rice appeared on behalf of Plaintiffs. Attorneys John Neukom and Leslie A. Demers appeared on behalf of Defendant Extreme Networks, Inc. ("Extreme"). Attorney Alison Plessman appeared on behalf of Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC

---

[1] The motions to compel concern both responses to interrogatories ("Interrog.") and requests for production ("RFP"). In addition, the Court notes that while there are two Plaintiffs in this case, only Plaintiff SNMP Research, Inc., moved to compel discovery responses. For ease of reference, the Court will refer to SNMP Research, Inc., as "Plaintiff."

("Brocade"). Attorney Salvatore Umberto Bonaccorso attended the hearing by phone, also representing Defendants Broadcom and Brocade.

As a threshold matter, the parties have indicated that the first motion to compel is now moot [*See* Doc. 104 at 3]. Accordingly, the Court **DENIES as MOOT** Plaintiff's first Motion to Compel Discovery Responses [**Doc. 88**], and for the reasons set forth below, the Court **GRANTS in PART** Plaintiff's Motions to Compel Discovery Responses from Defendant Extreme Networks, Inc. [**Doc. 96**] and to Compel Discovery Responses from Defendants Broadcom Inc. and Brocade Communications Systems LLC [**Doc. 115**].

By way of background, Plaintiffs filed their Complaint [Doc. 1] on October 26, 2020, alleging breach of contract against Brocade, copyright infringement pursuant to 17 U.S.C. § 501 against Brocade, Broadcom, and Extreme, and contributory copyright infringement against Brocade and Broadcom. On December 26, 2020, Plaintiff served written discovery on Defendants. Defendants filed a Joint Motion to Stay Discovery and for a Protective Order ("Joint Motion") on January 16, 2021. Plaintiff responded to Defendants' Joint Motion and filed motions to compel discovery from Defendants [Docs. 60 & 70]. On June 25, 2021, the Court issued an order [Doc. 75] denying Defendants' motion to stay discovery and for a protective order and denying Plaintiffs' motions to compel without prejudice, as the Court believed its order would resolve many of the discovery issues and allow Defendants to meaningfully engage in the discovery process. Despite the Court's previous order and numerous meet and confer conferences, the parties have reached another impasse.

Plaintiff contends that Defendants have failed to meaningfully respond to multiple discovery requests and have provided no valid reason for doing so. Plaintiff argues that Defendants have, among other things, continuously relied on general and baseless objections to discovery

requests, stalled the discovery process, and otherwise failed to respond as required even though Defendants have stated they intend to respond on a "rolling basis." The preceding circumstances led Plaintiff to file the three motions to compel that are now before the Court [Docs. 88, 96, & 115], and all parties request assistance from the Court. The Court agrees that its intervention is needed to keep discovery on track and finds the parties could benefit from guidance as to certain fundamentals of the discovery process.

## I.    ANALYSIS

The Court will begin with the relevant discovery rules before addressing the motions to compel.

### A.    Discovery Overview

Federal Rule of Civil Procedure 26(b) governs discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "An interrogatory or request for production may relate to any matter within the scope of Rule 26(b)." *Neale v. Coloplast Corp.*, No. 1:18-cv-00274, 2020 WL 6948361, at *1 (E.D. Tenn. Nov. 2, 2020). "Relevance for discovery purposes is extremely broad" and "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (internal citations omitted). While the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad . . . . [c]ourts have cautioned . . . that discovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-cv-505, 2020 WL 8254452, at * 3 (E.D. Tenn. Dec. 10, 2020) (internal citations omitted). "[T]he [C]ourt retains the final discretion to determine whether a discovery request is broad or oppressive[,]" and "the

proponent of a motion to compel discovery bears the burden of demonstrating relevance." *Id.* (internal citations omitted).

Rule 33(b)(3) governs interrogatories and provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). It is improper to respond to an interrogatory by referring to an answer to another interrogatory. *Advantage Industrial Sys., LLC v. Aleris Rolled Prod., Inc.*, No. 4:18-cv-00113, 2020 WL 4432415, at *12 (W.D. Ky. July 31, 2020) ("Because Rule 33(b)(3) requires a party to answer each interrogatory "separately and fully," it is technically improper and unresponsive . . . to answer [an interrogatory] by referring to its answer to [another interrogatory.]"). In addition, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"The court strongly condemns the practice of asserting boilerplate objections to every discovery request." *Neale*, 2020 WL 6948361, at *2 (quoting *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99cv118, 2001 WL 34059032, at *4 (W.D. Mich. Feb. 13, 2001)). As this district court has previously explained:

> [A] responding party cannot rely upon a boilerplate objection that simply uses the terms "undue" burden," or "overly broad" as if the very terms were self-proving. It must be remembered in this respect that the burden falls upon [the responding party] to establish the exact nature of such an undue burden in concrete, meaningful terms. Otherwise, all discovery would grind to a halt with a party's boilerplate objections. (internal citation omitted).

*Id.* at *2–3 (quoting *Graves v. Standard Ins. Co.*, No. 3:14-cv-558, 2015 WL 13714339, at *9 (W.D. Ky. May 25, 2015)). Furthermore, "[A]n evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

4

With respect to requests for production, Rule 34(b)(2)(E) states that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Further, "a[n] objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). General objections violate the specificity requirements of Rule 34, and "[i]ncorporating all . . . General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Sobol v. Impirmis Pharm.*, No. 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017). "In fact, boilerplate objections are legally meaningless and amount to a waiver of an objection." *Id.* (citing *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017)). Generally, the failure to object to discovery requests within the thirty (30) days provided by Rules 33 and 34 constitutes a waiver of any objections. *Id.* (citing *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, No. 14-cv-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016)).

Guided by the above discovery principles, the Court turns now to the specific motions to compel.

### B. Plaintiff's Motion to Compel Discovery Responses from Extreme [Doc. 96]

In its brief, Plaintiff has grouped its discovery requests into seven (7) specific categories and has indicated the manner in which Defendant Extreme's responses to each category of requests is deficient [*See* Doc. 96-1 at 7]. The Court will address each category, the alleged deficiencies, and the parties' arguments in the order presented in Plaintiff's brief.

5

1. **Category 1— Requests for Production Nos. 1–37, 39–52, 54–55, 57, 59, 61, 63–67; Interrogatory Nos. 3–5, 7–10, 12, 15; Request for Admission Nos. 35–36, 38–43**

These requests seek, among other things, all documents related to several of Plaintiff's first set of interrogatories to Extreme, pertaining to guides and source codes associated with the products set forth in the interrogatories, communications related to SNMP Research Software and Extreme's interactions with Broadcom and Brocade, and several of Extreme's financial documents. Extreme's objections generally refer to these requests as being overbroad as written and seeking irrelevant information.

As stated above, the scope of discovery under the Federal Rules of Civil Procedure is quite broad, and Plaintiff argues its requests easily meet this standard because the requests go directly "to core aspects of the breach claim against Brocade and the copyright claim against Extreme" [Doc. 96-1 at 13]. Plaintiff states that the majority of the discovery requests issued to Extreme seek information pertaining to "Extreme's products, profits on its infringement, use of Plaintiff's copyrighted software, transfer of that software, and document preservation policies." [*Id.* at 13–14].

The Court has reviewed the Category 1 requests above and finds that they meet the broad relevancy standard provided under the Federal Rules, as they are relevant to Plaintiff's claims in regard to the copyright allegations against Extreme. Furthermore, while Extreme claims that it has already agreed that "at least a portion of the requests seeks relevant information, and has identified that portion" [Doc. 109 at 14], such is not clear. Moreover, Extreme has failed to include with any objection as to relevancy a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors enumerated in Federal Rule

of Civil Procedure 26(b)(1). To the extent that Extreme makes any *general* relevancy objections, the Court finds that those general objections are insufficient under the Rules and are thus waived.

The Court finds Extreme's objections to Plaintiff's requests for "All Documents Relating to" particular interrogatories are without merit because Plaintiff has tied that portion of each request to the respective interrogatory, and the interrogatories at issue here seek relevant information. For example, RFP 1 requests "All Documents Relating to" Extreme's products that contain, use, or are otherwise associated with Plaintiff's software, either as manufactured or as a result of a software or firmware installation or update [*See* Doc. 96-6, Interrog. No. 1]. As Plaintiff states in its reply, "[a] request for all documents relating to Extreme's products containing Plaintiff's software is obviously relevant to Plaintiff's copyright infringement claim against Extreme" [Doc. 111 at 14]. The Court agrees with Plaintiff and overrules Extreme's objections. Extreme must fully respond to Plaintiff's Category 1 requests.

### 2.    Category 2— Requests for Production Nos. 16, 18–20, 45

These requests seek software and firmware and relate to the information Plaintiff seeks in its interrogatories and to the use of SNMP Research Software in Extreme's products. Extreme objects that these requests are overbroad but that it will—at least to some extent—make source code that is responsive to these requests available to Plaintiff under mutually-agreed conditions.

The Court first notes that a Protective Order has already been entered governing source code production [*See* Doc. 93 at ¶¶ 17, 26–39], and following the March 25 hearing, the Court directed the parties to engage in a mutual and simultaneous exchange of source code on or before April 22, 2022, at 12:00 p.m. EST [Doc. 124]. This exchange requires production of Plaintiff's eight (8) copyrighted source codes identified in the Complaint [Doc. 1 at ¶ 33], Extreme's source code for all its alleged infringing products [*id.* at ¶ 49] from January 1, 2017, to the present, and

7

Brocade's source code for all its alleged infringing products [*id.* at ¶ 64] from January 1, 2017, to the present. Thus, the Court finds that this category of requests will at least be partially mooted by the Court's post-hearing Order requiring an initial exchange of source code [Doc. 124]. The Court believes the initial exchange will serve to accelerate discovery to some degree; however, to the extent that certain requests in this category are not moot, the parties are directed to meet and confer to discuss any additional source code exchange that must occur. This includes Plaintiff's request for the source code of Extreme's products that contain Plaintiff's software but are not specified in the Complaint.

### 3. Category 3— Requests for Production Nos. 22–26, 28, 31, 37, 38, 41, 43, 69; Request for Admission Nos. 1–37

These requests seek information, documents, and admissions related to "SNMP Research Software," and interactions Extreme had with Brocade concerning the same. Extreme objects to the term "SNMP Research Software," as being ambiguous and/or defined in a manner that makes these requests overbroad. Extreme also objects to these requests to the extent they seek privileged communications and/or attorney work product.

Plaintiff's discovery defines "SNMP Research Software" as "any of the following":

> (i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof.

[Doc. 96-1 at 18]. Plaintiff notes that Extreme has been able to identify many of its products and product lines that use "SNMP Research Software" [*see* Doc. 96-4 at 2 ("[A]s you noted below, Extreme needs to license SNMP software to cover the Brocade license that Brocade had with SNMP for the SLX and NOS-related Extreme software."); Doc. 96-3 at 8 ("As discussed, below

is a Brocade product list with SNMP Research software"); and Doc. 96-10 at 2 ("based on the course of dealing between the parties and the allegations in the Complaint, Extreme has an understanding concerning portions of code/software to which SNMP is laying claim")].  Yet, Extreme argues that "SNMP Research Software" is an overbroad term, as it appears to seek discovery concerning software outside the alleged, asserted copyrighted works listed in the Complaint.

The Court disagrees that it is an overbroad term, as Plaintiff's discovery requests relate to Extreme's products—whether or not they are specifically identified in the Complaint—that Plaintiff alleges are improperly incorporating its software.  This goes to the heart of Plaintiff's copyright infringement claim.  The Court further notes that while Extreme generally objects that the term is overly broad, it fails to specify how these requests are unduly burdensome or disproportionate to the needs of the case.  Extreme argues that these requests potentially implicate a great number of products; however, Extreme appears to have little trouble in identifying specific products that contain SNMP Research Software, and Extreme has not established undue burden on any other grounds.  Therefore, the Court finds that "SNMP Research Software" is not an inherently ambiguous term, and Extreme's objections are overruled.  Extreme must fully respond to Plaintiff's Category 3 requests to the extent the requests seek information, documents, and admissions related to Extreme's products and product lines that use SNMP Research Software.

### 4. Category 4— Requests for Production Nos. 47–52; Interrogatory Nos. 11, 14

These requests seek information related to the transfer of SNMP Research Software to Extreme from Broadcom and/or Brocade.  Extreme objects to many of these requests as being duplicative and seeking information that is either irrelevant or in the possession of the other Defendants.

9

Plaintiff contends that it has reiterated to Extreme in meet and confer calls that the Category 4 requests are only seeking *Extreme*'s knowledge and understanding of Broadcom's involvement in the transfer of Plaintiff's software to Extreme. Plaintiff states that Extreme should be able to answer these requests as a participant to the transaction at issue. Extreme states in its response brief that it "was considering SNMP's proposal to answer from Extreme's perspective" and that the motion to compel was filed too soon [Doc. 109 at 27].

The Court finds Extreme's objections to this category of requests are without merit, including Extreme's contentions that it is still considering how or whether to respond. Extreme has had ample time to respond, and the fact that Broadcom may hold information related to these requests does not hinder Extreme's ability to respond from its own perspective or remove its obligation to do so. Extreme's objections are overruled, and Extreme must fully respond to Plaintiff's Category 4 requests.

**5.      Category 5— Requests for Production Nos. 1–24, 27–31, 36–43, 46, 53, 56, 58, 60, 62, 65; Interrogatory Nos. 1–2, 5–7, 9–12, 14; Requests for Admission Nos: 1–33**

The substance of these requests vary, but Extreme objects to them to the extent they contain ambiguous or undefined terms that Plaintiff has labeled as being "plain terms." The Court has reviewed the disputed terms pertinent to the Category 5 requests and agrees with Plaintiff that they are not inherently ambiguous. The Court notes that Extreme indicated it would keep an open line of communication with Plaintiff throughout the discovery process; however, Extreme failed to even contact Plaintiff for clarification on certain terms it deemed ambiguous, including "received," "inserted," and "added," among others [Doc. 96-2 at ¶ 16]. In labeling these "plain" terms ambiguous, Extreme again relies on general objections to relevance and overbreadth; however, the Court finds that these general objections are insufficient and thus waived. To the extent Extreme

10

and the other Defendants remain uncertain as to the definitions of the "plain" terms, the Court notes that there are several means to remedy their confusion that have yet to be exhausted, including dictionary definitions, conferral with Defendants' own personnel and consultants, and further discussion with Plaintiff. As such, Extreme's objections as to the "plain" terms are without merit, and Extreme must fully respond to Plaintiff's Category 5 requests.

6. **Category 6— Interrogatory Nos. 4, 7**

These requests seek identification and descriptions of individuals involved in the development of Extreme's products containing SNMP Research Software and individuals involved in Extreme's searches to identify those products. Extreme objects to these requests as seeking irrelevant information and being overly broad and unduly burdensome to the extent they concern products not containing Plaintiff's source code as set forth in the Complaint.[2] Extreme also objects on grounds that the requests seek information not proportional to the needs of the case, as Plaintiff requests identification of more individuals than are necessary, and because the requests are compound and confusing. In its supplemental responses, Extreme identifies some of the requested individuals but states its investigation into how to further respond to these requests is ongoing.

Extreme has indicated it will provide names of individuals involved in its searches for Plaintiff's software in its products *if* any such individuals are identified and stated it would "investigate further" regarding the names of the members of its services divisions [Doc. 109 at 26]. The Court finds that Extreme has yet to meaningfully or fully respond to these relevant requests, and it is well past the time for doing so. Extreme's objections are overruled, and Extreme must fully respond to Plaintiff's Category 6 requests.

---

[2] [*See* Doc. 99 pp. 12–14, 16–17].

7. **Category 7— Requests for Production Nos. 1–15, 17, 29–30, 32, 34–36, 39–40, 42, 44, 46, 53, 56, 58, 60, 64–66, 68; Interrogatory Nos. 1, 3, 5, 6, 10, 12, 13, 16**

These requests seek various categories of information and documents, and while Extreme has promised responses, it relies on general objections with no indication of whether documents have been withheld and fails to provide a specific schedule for production. Extreme has also indicated it will respond to certain of these requests on a rolling basis—as it is still investigating in response to Plaintiff's discovery requests.

As previously mentioned, Rule 34(b)(2)(C) requires parties to identify whether any documents or information are being withheld on an objection-by-objection basis. Extreme contends that it has satisfied Rule 34(b)(2)(C) because its "responses and objections define the scope of document collection and review that it is conducting" [Doc. 109 at 15 (citing Fed. R. Civ. P. 34(b)(2)(C) advisory committee note to 2015 amendment)]. As Plaintiff notes, the advisory committee note to the 2015 amendment provides that:

> Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld."

Extreme fails to state whether its objections are leading to the withholding of relevant and responsive information, and their objections do not state what limits controlled the search for responsive and relevant materials. Extreme refers only to its "responses produced in the previous

section – where SNMP's requests were overbroad or sought irrelevant information" [Doc. 109 at 20]. This is insufficient for purposes of Rule 34(b)(2)(C). Extreme's assertion that its "investigation is ongoing and it does not yet have an exhaustive list of everything that exists for each request" [Doc. 109 at 20] is also lacking. As such, the Court finds Extreme has failed to conform to the requirements of Rule 34(b)(2)(C) and its objections to this category of requests is also without merit. Extreme must fully respond to Plaintiff's Category 7 requests and must state whether it is withholding any documents or information on an objection-by-objection basis in accordance with Rule 34(b)(2)(C).

### C. Plaintiff's Motion to Compel Discovery Responses from Broadcom and Brocade [Doc. 115]

Plaintiff has grouped its discovery requests propounded to Defendants Broadcom and Brocade into twelve (12) specific categories, and as to each category, Plaintiff has indicated the manner in which Broadcom and Brocade's responses are deficient.[3] The Court will address each category, the alleged deficiencies, and the parties' arguments in the order presented in Plaintiff's brief.

### 1. Category 1— Brocade Requests for Production General Objection Nos. 1–6, 9, 14, 22, 29–31, 36–39, 40, 43–46, 49–50, 52, 54, 59–65, 68, 86–87, 89; Brocade Interrogatory Nos. 1, 5, 6, 8–9; Broadcom Requests for Production Nos. 33, 41–42, 51, 90, 92, 94, 96

The substance of these requests varies, but Plaintiff generally seeks information, documents, and communications related to Defendants' products that contain SNMP Research Software, the identities of persons or entities who have received such products, financial documents related to those products, source code of those products, communications and documents relating to Brocade's license agreement with Plaintiff and potential transfer of that

---

[3] For Part C of this Order, the Court's use of the term "Defendants" refers specifically to Broadcom and Brocade unless otherwise indicated.

agreement and information related to it, among other things. Defendants incorporate their "general objections" into their responses and also object that the requests are vague, ambiguous, compound, disproportionate to the needs of the case, seeks information held by other individuals and entities, overly burdensome, and overbroad—particularly because of how Plaintiff has defined SNMP Research Software, as it potentially implicates many of Broadcom's affiliates and subsidiaries. Defendants also object to disclosure of any confidential or otherwise protected information involving themselves and third parties as well as information subject to the attorney-client privilege, attorney work product doctrine, the joint client privilege, joint defense of common interest privilege, constitutional right to privacy, and the Federal Rules of Civil Procedure. In any case, Defendants state that their investigation into how to respond to Plaintiff's requests is ongoing and that they will respond on a rolling basis.

A part of the Category 1 requests pertains to the form of production. The Joint Status Report of the Parties [Doc. 123] indicates that all Defendants had initially produced their document production in a form that failed to comply with the parties' ESI Protocol [Doc. 52-1]. However, the Joint Status Report indicates all Defendants have now reproduced their document production in a form that is largely compliant with the parties' ESI Protocol, albeit with many of these documents being produced with a "newly-degraded PDF quality." Thus, the Court finds that Defendants' alleged failure to provide the metadata as required under the parties' stipulated ESI protocol [Doc. 52-1] has been resolved and appears to be moot. The parties are directed to meet and confer regarding any issues related to PDF image quality. In addition, Plaintiff has indicated that recent supplemental document productions by Brocade have resolved Plaintiff's RFPs to Brocade No. 89 and RFPs to Broadcom Nos. 88 and 96.

The Court has reviewed the remaining requests in Category 1 and finds they are relevant and not overbroad or unduly burdensome as Defendants generally assert. Furthermore, the briefs indicate that Defendants have already agreed to provide certain documents and information that have been requested; however, Defendants have stated only that they will respond to requests on a "rolling basis" [Doc. 119 at 6]. Rule 34(b)(2)(B) provides that "production must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). The Court finds that Defendants' assurance that they will respond "on a rolling basis" is insufficient, as it is well past any reasonable time for responding. *See Sobol*, 2017 WL 5035837, at *4–6 (assurances that responses will be provided on a "rolling basis" may violate Rule 34 for failure to specify a reasonable time period within the defendant will comply); *see also Meredith v. United Collection Bureau, Inc.*, No. 1:16 cv 1102, 2016 WL 6649279, at *5 (N.D. Ohio Nov. 10, 2016) (finding that defendant's statement that it will continue to comply with discovery requests on a "rolling basis" was unreasonable when defendant had been served with discovery approximately four months prior to district court's order). Defendants' objections are overruled, and Defendants must fully respond to Plaintiff's Category 1 requests.

> ### 2. Category 2— Brocade Requests for Production General Objection Nos. 6–20, 30; Brocade Interrogatory General Objection Nos. 5–17, 27; Broadcom Requests for Production General Objection Nos. 6–20, 30; Broadcom Interrogatory General Objection Nos. 6–18, 28

Defendants incorporate "general objections" throughout their responses, which state that Defendants object to, among other things, any requests that seek irrelevant information, result in undue burden, are disproportionate to the needs of the case, exceed the scope of discovery, and are cumulative or premature. Defendants also object to the requests to the extent they seek information or documents protected by any applicable privileges or protections. As with Extreme, the Court

overrules Brocade and Broadcom's general objections to relevance, overbreadth, and proportionality, as Defendants have failed to specify with any particularity as to the bases for their objections. In addition, the Court overrules Defendants' objections to the phrase "All documents relating to," as Plaintiff has tied that phrase to the respective issues where that phrase is used, and the Court has already found Plaintiff's requests concern material that is relevant to Plaintiff's breach of contract and copyright infringement claims.[4]

### 3. Category 3— Brocade Requests for Production Nos. 1–88; Brocade Interrogatory Nos. 1–23; Broadcom Requests for Production Nos. 1–95; Broadcom Interrogatory Nos. 1–24

These requests and Defendants' objections cover a wide variety of subjects that the Court has already summarized. *See supra* at 13–14. As stated in Category 2 above, the Court overrules Defendant's general objections to burden, overbreadth, and proportionality. The Court has reviewed the Category 3 requests and finds that they seek relevant information tied to Plaintiff's claims against Defendants. In addition, the requests are not overly broad, as Plaintiff has tied them to categories of information that—in their own respect—are relevant and proportion to Plaintiff's claims. Defendants must fully respond to Plaintiff's Category 3 requests.

### 4. Category 4— Brocade Requests for Production Nos. 1–33, 35–38, 44–45, 48–49, 51, 55–57, 69–72, 74–84, 87–88; Brocade Interrogatory Nos. 1–16, 18–21; Broadcom Requests for Production Nos. 1–17, 19–22, 24–35, 37–40, 43–44, 46–47, 52–54, 67–71, 73–81, 83–84, 90, 92–95; Broadcom Interrogatory Nos. 1–16, 18–21

These requests and Defendants' general objections cover a wide variety of subjects that the Court has already summarized. *See supra* at 13–14. In addition, Defendants also object to Plaintiff's definition of "SNMP Research Software." The Court has addressed the alleged ambiguity of the phrase "SNMP Research Software" [*see supra* at 8–9] and reiterates that this

---

[4] Defendants have used similar "All Documents" phrasing in their own discovery requests to Plaintiff [*See* Doc. 116-17].

phrase does not appear to be ambiguous or overly broad. Furthermore, the Court finds merit in Plaintiff's argument that Defendants should have a reasonable understanding of the scope of this term, as Brocade was and *is* a party to a License Agreement with Plaintiff concerning the software at issue in this matter [Docs. 116 at 12–13 & 119 at 4–5]. Furthermore, Brocade has been able to previously identify products containing Plaintiff's software [*See, e.g.*, Doc. 116-3]. Defendants assert that the term "SNMP Research Software" is overbroad because it appears to encompass "150 entities" [Doc. 119 at 4]. Defendants, however, have done no more than suggest that many entities are potentially involved under Plaintiff's definition of "SNMP Research Software."

As an initial matter, the Court finds that Defendants have asserted the same boilerplate objections to these requests. The Court has already found that such objections are insufficient. At the hearing, Defendants explained that Plaintiff is potentially seeking information from a vast number of entities, so in order to stimulate discovery, the Court will limit the entities subject to Plaintiff's discovery requests to only "Broadcom" and "Brocade" at this time; however, the Court makes no finding as to Plaintiff's entitlement to information that may be held by the other entities Defendants claim are encompassed by "Broadcom" as discovery progresses. Defendants are cautioned that—although the Court is limiting the entities at issue due to the immediate need of getting the parties engaged in a productive discovery process—they must provide more than mere general and boilerplate burden and proportionality objections. For example, to the extent a specific entity may be completely irrelevant to this matter, Defendants must—at a minimum—state as such for the specific entity instead of in a general statement relating that the sheer number of entities makes Plaintiff's requests unduly burdensome. Defendants must fully respond to Plaintiff's Category 4 requests as to "Broadcom" and "Brocade." To the extent confusion lingers regarding

17

how the term "Broadcom" should be limited at this stage, the Court ORDERS the parties to meet and confer.

5. **Category 5— Brocade Requests for Production Nos. 3–4, 7, 10–12, 14–72, 74–85, 87–88; Brocade Interrogatory Nos. 1–12, 14–23; Broadcom Requests for Production Nos. 1, 3–13, 15–61, 63–86, 88, 90–95; Broadcom Interrogatory Nos. 1–12, 14–24**

These requests and Defendants' general objections also cover a wide variety of subjects that the Court has already summarized. *See supra* at 13–14. Here, the Court highlights Defendants' objections to Plaintiff's use of certain "plain words." The Court has reviewed the disputed "plain words" and finds no merit in Defendants' argument that they are inherently ambiguous for the same reasons as the Court overruled Extreme's objections to plain terms [*See supra* at 10–11]. Furthermore, Plaintiff has noted that Brocade and Broadcom have used many of the same disputed terms in their *own* discovery requests to Plaintiff [Docs. 116-1 at ¶ 19 & 116-17]. Thus, Defendants' feigned ignorance as to some of these terms appears to be disingenuous. Defendants' objections are overruled, and Defendants must fully respond to Plaintiff's Category 5 requests.

6. **Category 6— The following general objections, which are incorporated by reference into each response: Brocade Requests for Production General Objection Nos. 21–24, 28–29, 31–32; Brocade Interrogatory General Objection Nos. 18–21, 25–26, 28–29; Broadcom Requests for Production General Objection Nos. 21–24, 28–29, 31–32; Broadcom Interrogatory General Objection Nos. 19–22, 26–27, 29–30**

In addition to the "general objections" summarized above, [*see supra* at 15], Defendants assert more general objections to Plaintiff's requests to the extent they use terms like "SNMP Research Software" and others that implicate a number of Defendants' affiliates, subsidiaries, and predecessors in interest. In addition, Defendants restate their general objections to requests that

18

seek irrelevant information, are unduly burdensome, and are disproportionate to the needs of the case.

As to Defendants' general objections to Plaintiff's use of certain plain terms, the Court notes that Defendants provide identical definitions of "Relating to" and "Identify" in the discovery requests they propounded on Plaintiff [*See* Doc. 116-17 at 5–6]. Thus, Defendants seem to understand these terms, and the Court overrules Defendants' objections to them. Defendants' objections to the term "Product" are similarly overruled because the Court finds this term to be unambiguous. Plaintiff has limited the definition of "Product" to Defendants' products that they have indicated contain Plaintiff's software and any additional products containing Plaintiff's software that Defendants have not admitted to. The Court finds "Product" is unambiguous and seeks information that is both relevant to Plaintiff's claims and proportional to the needs of the case.

Further, Defendants do not elaborate on—or even refer to the term "Partner Products"—in their response brief, and Plaintiff has stated that the parties appeared to come to a preliminary compromise as to the meaning of "Partner Products" [Doc. 116 at 19–20]. Thus, Defendants' objections to "Partner Products" and the other "plain" terms are overruled. In addition, Defendants' objections to the "named entities" allude to their general arguments that nearly 150 entities may be implicated through Plaintiff's requests and Complaint; however, the Court again notes that Defendants' general objections to relevance, overbreadth, and proportionality are insufficient. Nevertheless, at this stage of the case, the Court is limiting the entities at issue to "Broadcom" and "Brocade." Defendants' objections are overruled, and Defendants must fully respond to Plaintiff's Category 6 requests.

7.      **Category 7— Brocade Requests for Production Nos. 26–27, 53; Broadcom Requests for Production Nos. 28–29, 50**

These requests seek source code and related information for Defendants' products that incorporate Plaintiff's software and that was provided to Extreme. Defendants incorporate their general objections and reiterate that these requests seek irrelevant information not proportional to the needs of the case, that the requests are premature, and that Plaintiff's requests are impermissibly vague and overbroad, in addition to other objections.

As stated previously [*see supra* at 7–8], the Court has already ordered an initial exchange of source code among the parties [Doc. 124]. Pursuant to the Court's order, Defendants must provide source code for all of their alleged infringing products from January 1, 2017, to the present, as set forth in the Complaint [*Id.*]. Thus, this request has been partially mooted, and the parties are directed to meet and confer regarding any further required source code exchanges that will not be encompassed in the Court's Order [*Id.*].

8.      **Category 8— Brocade Requests for Production Nos. 1–2; Brocade Interrogatory Nos. 1–2; Broadcom Requests for Production Nos. 1–2; Broadcom Interrogatory Nos. 1–2**

These requests seek information related to Defendants' products containing SNMP research software. Defendants again rely on their general objections to Plaintiff's definitions of "SNMP Research Software," "Broadcom," and "Brocade" as being overly vague and overbroad [Doc. 119 at 26]. The Court has reviewed the requests for Category 8 and finds that they seek relevant, discoverable information. Defendants have failed to identify any specific burden aside from noting the "150 entities" that may be encompassed by Plaintiff's requests and the definitions listed above. Defendants' objections are overruled as to the entities "Broadcom" and "Brocade," and they must fully respond to the requests contained within Category 8.

9. **Category 9— Brocade Requests for Production Nos. 1–88; Brocade Interrogatory Nos. 1–6, 8–21, 23; Broadcom Requests for Production Nos. 1–96; Broadcom Interrogatory Nos. 1–22, 24**

These requests and Defendants' general objections cover a wide variety of subjects that the Court has already summarized. *See supra* at 13–14. Here, the Court focuses on the Category 9 requests to the extent they seek information related to third parties and seek identification of products containing Plaintiff's software that were sold to third parties, the number of those products, associated revenues and costs, the identification of those third parties, and any documents giving third parties the right to use, copy, sell, or transfer Plaintiff's software. Defendants rely on their general objections and also argue that these requests raise issues related to privacy considerations, third-party confidentiality, relevancy, and proportionality to the needs of the case.

The Court finds this information is relevant to Plaintiff's claims. Defendants argue that producing such agreements will implicate confidentiality and privacy concerns and "would impose an undue burden" [Doc. 119 at 29]. However, Defendants do not identify how many responsive contracts contain confidentiality provisions, explain how the Protective Order [Doc. 93] would not serve to alleviate their concerns, or elaborate on their alleged "undue burden." Again, Plaintiff has limited this request to products *containing* Plaintiff's software, and Defendants' unsubstantiated objections based on undue burden are insufficient. Defendants' objections are overruled, and they must fully respond to the Category 9 requests.

10. **Category 10— Brocade Interrogatory No. 7; Broadcom Interrogatory No. 7**

These requests seek identification of Defendants' personnel who have conducted searches for products containing Plaintiff's software. Defendants rely on their general objections and state that these requests are vague, ambiguous, compound, and overbroad. The Court finds these

requests are not overly burdensome and fall within the broad relevancy standard. Defendants' objections are overruled, and they must fully respond to the Category 10 requests.

### 11. Category 11— Brocade Interrogatory No. 15; Broadcom Interrogatory No. 15

The Category 11 requests seek information related to Broadcom and Brocade's alleged involvement in the transfer of products containing Plaintiff's software to Extreme. Defendants restate their general objections and argue these requests are ambiguous, seek irrelevant information, and are disproportional to the needs of the case. The Court finds that these requests are relevant and proportional to the needs of the case considering Plaintiff's breach of contract claim, which alleges Defendants transferred Plaintiff's software in contravention to the License Agreement. Defendants have stated no specific basis for why compliance with this request would be unduly burdensome. Defendants must fully respond to the Category 11 requests.

### 12. Category 12— Brocade Requests for Production Nos. 23–24, 26–27, 32–34, 41– 42, 53, 58, 66–67, 70–85, 88; Broadcom Requests for Production Nos. 34–36, 45, 48–50, 63–64, 71–72, 88

The Court has previously summarized the general scope of these requests. [*See supra* at 13–14]. Here, the Court turns to Defendants' indications that they have already agreed to produce certain documents and information and will continue to meet and confer with Plaintiffs regarding their requests. As has been stated, the Court overrules Defendants' general and boilerplate objections and notes that it is well past any reasonable time for Defendants to fully respond to Plaintiff's discovery requests, *especially* as to information Defendants have already agreed to produce. The Court has reviewed the Category 12 requests and finds them relevant and proportional to the needs of the case. Defendants' objections are overruled, and they must fully respond to the Category 12 requests.

## II.    CONCLUSION

The discovery process in this case has been unduly arduous.    Most of Defendants'
responses and arguments have relied on general and boilerplate objections that this Circuit has
repeatedly found to be insufficient under the Federal Rules of Civil Procedure.    In addition,
Defendants have failed to indicate whether any documents or information are being withheld in
reliance upon any objection on a request-by-request basis, as is required under Fed. R. Civ. P.
34(b)(2)(C).    As discussed throughout this opinion, Defendants have failed to provide sufficient
and specific grounds for their objections as they are required to do.    Instead, Defendants rely on
general arguments concerning relevancy, overbreadth, proportionality, ambiguity of terms, and
other unsubstantiated arguments, which has stagnated the discovery schedule and forced the Court
to intervene.

Accordingly, for the reasons explained above, the Court **DENIES as MOOT** Plaintiff's
first Motion to Compel Discovery Responses [**Doc. 88**] and **GRANTS in PART** Plaintiff's
Motions to Compel Discovery Responses from Defendant Extreme Networks, Inc. [**Doc. 96**] and
to Compel Discovery Responses from Defendants Broadcom Inc. and Brocade Communications
Systems LLC [**Doc. 115**].    Pursuant to Fed. R. Civ. P. 34(b)(2)(C), Defendants **SHALL** identify
whether specific documents or information are being withheld on an objection-by-objection basis.
Defendants **SHALL** fully and substantively respond to Plaintiff's remaining discovery requests in
accordance with this opinion **within twenty-one (21) days of the entry of this Order**.

The Court declines to award attorney's fees to any party at this time.    While the Court finds
Defendants' boilerplate objections were not substantially justified pursuant to Fed. R. Civ. P.
37(a)(5)(A)(ii), the Court notes there was some reasonable disagreement as to Plaintiff's definition
of SNMP Research Software and the entities to be encompassed by Plaintiff's discovery requests.

However, the Court **ADMONISHES** Defendants that further disregard of the Federal Rules of Civil Procedure will result in the issuance of an award of attorney's fees in the future.

      **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge