# EXHIBIT 1

John M. Neukom
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
515 University Avenue, Suite 1400
Palo Alto, California 94301
(650) 470-4500

Jordan A. Feirman
Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------- x
:
SNMP RESEARCH, INC. and SNMP RE-  :  Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,       :
                                  :
                Plaintiffs,       :
                                  :
         v.                       :  **EXTREME NETWORKS, INC.'S
                                  :  FIRST SET OF REQUESTS FOR
BROADCOM INC.; BROCADE COMMUNI-   :  PRODUCTION TO SNMP RE-
CATIONS SYSTEMS LLC; and EXTREME  :  SEARCH, INC. AND SNMP RE-
NETWORKS, INC.,                   :  SEARCH INTERNATIONAL, INC.**
                                  :
                Defendants.       :
                                  :
------------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and subject to the ruling that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses" (ECF No. 75), defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby sets forth its First Set of Requests for

Production to plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMP"). The requested documents and things must be produced at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001 within thirty (30) days of the service of these requests, in accordance with the Definitions and Instructions of this document, or at such other time or location as may be mutually agreed upon by counsel for the parties. SNMP is subject to a duty to timely supplement all responses to these requests for production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to the following requests for production of documents and tangible things (hereinafter, "Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, as applicable. Extreme reserves all rights regarding these Definitions, and in particular, on any adjustments from meet and confers between the parties on Definitions from SNMP's discovery that it propounded on Defendants.

1. "Concerning," "regarding," and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or being legally or factually connected in any way with the matter discussed.

2. "Document(s)" shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention dis-closure documents, sketches, drawings, sche-

matics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001.

3. "Lawsuit" means the above-captioned Case No. 3:20-cv-00451-JRG-DCP.

4. "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and releases or covenants not to sue.

5. "SNMP," "Plaintiff(s)," and a pronoun referring to SNMP (*e.g.*, "You" or "Your), means SNMP Research, Inc. and SNMP Research International, Inc.

6. "Source Code" means Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

7. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

8. "Any" and "all" shall be construed as "any and all."

9. "Each" and "every" shall be construed as "each and every."

10. "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

3

12. The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the Request all responses and documents that might otherwise be construed to be outside its scope.

13. References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, agent, representative, attorney, or principal thereof.

## INSTRUCTIONS

The following instructions shall apply to these Requests:

1. These Requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require You, consistent with Your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any documents or things that You reasonably may acquire, obtain, locate or identify.

2. Answer each Request separately by listing the responsive Documents and by describing them as defined below. All Documents shall be: (i) organized and designated to correspond to the categories in these Requests, or if not, (ii) produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies (but Defendants reserve the right to inspect the originals); and (c) each page shall be given a discrete production number and produced in Bates-numbered form.

3. Documents stored electronically must be produced in the form or forms in which they are ordinarily maintained. Producing electronic Documents in the "form or

4

forms in which they are ordinarily maintained" does not include printing those Documents and scanning them into PDF format.

4. These Requests call for Documents that are known or available to SNMP, or in the possession, custody, or control of SNMP, including all Documents known or available to attorneys, agents, representatives, or any other person acting on behalf of SNMP or under the direction or control of SNMP, its attorneys, agents, or representatives.

5. Possession, custody, and control does not require that You have actual physical possession; instead, if You have physical control or a superior right to compel production from another, the requested Document must be produced

6. In the event that multiple copies of a Document exist, produce every copy on which any notations or markings of any sort not appearing on any other copies exist.

7. If no Documents or things are responsive to a particular request, state that no responsive materials exist.

8. If in answering these Requests You claim any ambiguity in either a Request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

9. Each requested Document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether You consider the entire Document or any attachment thereto to be relevant to this case or responsive to these requests. If any Document or thing cannot be produced in full, it shall be produced to the fullest extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge or belief You have concerning the unproduced portion.

10. If You or Your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or attorneys, You shall so state in response to the Request. For any such Documents, provide the disposition of each such Document, including the date of, method of, and reasons for such disposition, and the name and address, if known, of any Person who has seen the Document or who now has custody, control, or possession thereof. If such document no longer exists, state when, how, and why such Document ceased to exist.

11. If You object to any Request or part thereof, You shall (1) state the objection, and (2) produce all relevant Documents to which Your objection does not apply.

12. If any Documents are withheld from production on the basis of privilege, immunity or any similar claim, produce all relevant Documents to which Your claim of privilege does not apply, and also state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged Documents, include: (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v) the date; (vii) each and every Person who has seen such Document or a portion of such Document; (viii) the subject matter and general nature of the information; and (ix) all other facts which are alleged to support the assertion of privilege or immunity.

13. Where anything has been deleted from a document identified in response to a Request: (a) specify the nature of the material deleted; (b) specify the reason for the deletion; and (c) identify the person responsible for the deletion.

14. Unless otherwise stated, these Requests require the production of Documents or things that were prepared, created, written, sent, dated or received at any time.

15. The geographic scope of these Requests is worldwide, to the extent that there is a reasonable basis to believe that locations outside of the United States may contain responsive Documents that cannot be found inside the United States.

16. The Defendants reserve the right to proposed additional Requests.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Licenses relating to copyrighted works that You contend are infringed in this Lawsuit.

### REQUEST FOR PRODUCTION NO. 2:

To the extent not otherwise requested, all Licenses to which You are a party, and which relate to any other software regarding networking technology.

### REQUEST FOR PRODUCTION NO. 3:

All Documents supporting or refuting SNMP's claim for damages, and calculation of damages, in this Lawsuit.

### REQUEST FOR PRODUCTION NO. 4:

All Source Code for copyrighted works that You contend are infringed in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 5**

All Documents produced to SNMP by any Party or third-party pursuant to a subpoena issued in the Lawsuit.

**REQUEST FOR PRODUCTION NO. 6**

All Documents produced by SNMP to any other Party in the Lawsuit.


Dated: August 9, 2021

                                **SKADDEN, ARPS, SLATE,**
                                 **MEAGHER & FLOM LLP**

By:    /s John M. Neukom
      John M. Neukom
      515 University Avenue, Suite 1400
      Palo Alto, California 94301
      (650) 470-4500
      john.neukom@skadden.com

      Jordan A. Feirman
      Leslie A. Demers
      One Manhattan West
      New York, NY 10001
      (212) 735-3000
      jordan.feirman@skadden.com

      *Attorneys for Extreme Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record was served with a true copy of the foregoing Extreme Networks Inc.'s First Set of Requests for Production to SNMP Research, Inc. and SNMP Research International, Inc. via electronic mail on August 9, 2021.

/s John M. Neukom
John M. Neukom