# EXHIBIT 5

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, April 18, 2022 11:55 AM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: [Ext] RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Just to be clear with respect to the second bullet point below, if we receive no response from the licensee after that effort, there would be no production of that license(s) in this case.

Olivia
(949) 760-5146

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, April 15, 2022 11:26 AM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: [Ext] RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Hi Alison and Leslie,

As Plaintiffs have explained, Defendants' demand for production of Plaintiffs' complete licensing history imposes a significant burden on Plaintiffs, who would need to negotiate licensee consent to produce the hundreds of remaining licenses to Defendants. This significant burden is compounded by the time and expense that Plaintiffs have already incurred to search and review the hundreds of licenses produced to Defendants on November 30, 2021. In light of this prior work and also the negotiations Plaintiffs have already undertaken to seek consent to produce licenses, Plaintiffs estimate that it will take significant attorney time to negotiate consent to produce the remaining licenses. This will cost a substantial sum of money. Are Defendants willing to split the cost of this effort with Plaintiffs?

Plaintiffs also have a couple proposals aimed at helping secure consent to disclosure and reducing costs. Please let us know whether Defendants will agree to these proposals:

- SNMP will inform licensees that their names and other identifying information can be redacted from the produced agreements and that Defendants will not pursue the redacted information either in this litigation or otherwise.
- To reduce burdens and cost, SNMP will send a letter to each licensee and, if SNMP does not hear from the licensee within one week, SNMP will issue one follow-up call or letter to that licensee. Should that licensee fail to respond to SNMP's second attempt to contact the licensee, SNMP would be under no further obligation to seek the consent of that licensee to produce.

1

Best,

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Wednesday, April 13, 2022 3:04 PM
**To:** Weber, Olivia <oweber@irell.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: [Ext] RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Hi Olivia,

Thanks for your note. Do you have an update on SNMP's position? Please let us know by Monday (4/18) so we can move forward with a motion to compel then if need be.

Thanks,
Leslie

**Leslie A. Demers**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | NY | 10001**
**T: +1.212.7353493 | F: +1.917.777.3493**
**leslie.demers@skadden.com**

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, April 7, 2022 12:59 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Hi Leslie,

It was great to meet you too. Thank you for providing Extreme's positions concerning license production. Plaintiffs are internally discussing production of the licensing history and will respond back to you as soon as possible.

Best,

Olivia

2

(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, March 31, 2022 8:23 PM
**To:** Weber, Olivia <oweber@irell.com>; Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Hi Olivia,

It was nice meeting you in person in Tennessee last week, and thank you for your message. We are writing on behalf of Extreme on the license agreement issue, and in particular in response to the proposal raised by Broadcom/Brocade on accepting something less than SNMP's full agreement history for the code at issue in this case.

We have conferred and, as I suggested would likely be the case on our calls, we are unable to accept a partial production and representations in lieu of the complete picture into SNMP's licensing history.

First, representations about the highest dollar value or the number of license agreements executed is not enough from Extreme's perspective for valuation of the asserted copyrights. Indeed, the production of agreements to date shows that SNMP entered into a large number of relatively low-value agreements. The exact quantities of agreements and the scatterplot of the range of value assigned to SNMP's code will be an important datapoint.

Second, information beyond just the dollar value is needed to contextualize the agreements. For example, other considerations include the size of the licensee and the industry in which the licensee operates, as well as the bundle of rights granted to the licensee in the agreement.

Third, we have concerns that the agreements produced to date are not representative of the agreements that SNMP withheld from production. In fact, SNMP has admitted that they are not – we understand that the agreements produced do not have a confidentiality provision requiring signoff from the contracting party before producing, whereas the (hundreds) of withheld agreements do. We can't know in what other ways the withheld licenses differ from the agreements in the production.

At bottom, we're talking about agreements that grant rights to the alleged copyrighted code that SNMP is asserting against our client. These documents are critical to Extreme's defense.

We also note that we still don't know the number of agreements withheld – aside from "hundreds" – or whether SNMP has undertaken any effort yet to seek approval from the contracting party. Given that you did not answer these questions on our last call, we expect that SNMP has not made any effort yet to get approval.

Please let us know if SNMP can agree to produce the complete licensing history. If not, Extreme respectfully will move to compel.

3

Thanks,
Leslie

**Leslie A. Demers**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | NY | 10001**
**T: +1.212.7353493 | F: +1.917.777.3493**
**leslie.demers@skadden.com**

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, March 28, 2022 8:47 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Hi All,

I am following up on my email below. Plaintiffs are still discussing the open issues noted below and will revert back to Defendants as soon as possible. Plaintiffs will also produce the certified copyright registrations today or tomorrow.

Please let us know if Defendants have any updates concerning their responses to the open issues noted below, so that Plaintiffs can consider these updates and amend Plaintiffs' discovery responses accordingly.

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, March 16, 2022 12:21 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** John L. Wood <JWood@emlaw.com>; Ashley, Matt <MAshley@irell.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** SNMP -- Summary of meet and confer re: Plaintiffs' discovery responses to Brocade's discovery requests

Alison, Sal, Leslie,

4

Thank you for your time on the meet and confer calls concerning some of Plaintiffs' responses to Brocade's discovery requests. I write to summarize the RFPs discussed on the calls, open issues, and to confirm that the parties are discussing these issues internally and will revert back with updates on their status:

- RFP No. 7 – Plaintiffs will produce the certified copy of the copyright registration applications, and are aiming to produce those documents sometime next week.
- RFP No. 8 – Plaintiffs will discuss (internally) additional document production in response to these RFPs.
- RFP No. 12 – Brocade is considering narrower language and will get back to Plaintiffs.
- RFP No. 14 – Brocade confirmed it did not mean to refer to license agreements. The parties are both considering narrowed language. Plaintiffs will supplement their responses to this RFP to explain what they will produce.
- RFPs No. 17 and 62 – Defendants are considering limiting these requests to the allegations in the complaint and will let Plaintiffs know.
- RFP No. 19 – Plaintiffs confirmed that the non-source code documents constituting the transmittal to Brocade will be produced. Plaintiffs will discuss (internally) additional document production in response to RFP No. 19, as well as supplementation of their responses to this RFP.
- RFP No. 26 – Plaintiffs confirmed they are producing documents responsive to this request except for the documents objected to in RFP No. 3. Plaintiffs will supplement their responses to this RFP to explain what they will produce.
- RFP No. 31 – The parties agreed Plaintiffs' responses are fine.
- RFP No. 35 – Brocade is considering narrowing the request to specific time periods.
- RFP No. 43 – Brocade will give thought to proposed search terms and let Plaintiffs know about proposed search terms.
- RFP No. 88 – Brocade proposed a time frame back to 1/1/2017 and will get back to Plaintiffs to confirm this time frame.
- RFP No. 106 – Brocade will get back to Plaintiffs about whether Plaintiffs' response to produce the requested license is sufficient.
- RFP No. 101 – 105 – Plaintiffs will consider Defendants' requests for documents in the Avaya litigation and inform Defendants of their positions on those documents, which Alison identified in her March 15, 2022 email to Plaintiffs.

We also understand that Defendants are checking with their clients to see whether they can propose specific representations for SNMP's consideration concerning SNMP's license agreements. Defendants suggested the following representations, which, subject to client approval, could potentially obviate the need for Plaintiffs to produce all licenses ever executed and thereby reduce the undue burden that such production would impose on Plaintiffs:

- A representation about the highest royalty that SNMP has received from licensing its software, and/or the categories of royalty amounts.
- A representation about the number of SNMP license agreements and how many licenses SNMP executed in the years prior to 2011.

Defendants were also going to give thought to whether there is a ratio of produced vs. unproduced license agreements that would be acceptable to Defendants, so as to reduce the burden.

5

The parties also discussed Brocade's undefined term, "Defendants." Brocade stated that this term refers to all three named Defendants. It only refers to the named entities. Accordingly, Plaintiffs will consider amending their discovery responses.

The parties discussed Plaintiffs' objections to Brocade's use of the terms "identify" and "relating to." Brocade defined these terms using the definitions from SNMP Research's December 26, 2020 discovery requests; Broadcom and Brocade repeatedly objected to these definitions as vague and ambiguous throughout their responses to SNMP Research's requests. It is still unclear what Brocade's identical definitions in their November 23, 2021 requests encompass and how, if at all, these definitions differ in meaning and scope from the definitions that Brocade objected to as vague and ambiguous in SNMP Research's requests.

Last, the parties discussed source code exchange but are at an impasse.

Once we get Defendants' responses on the issues discussed on the meet and confers, Plaintiffs think it is appropriate to revise their discovery responses and will serve any such amended responses as soon as possible.

Best,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================================