UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:20-CV-451-CEA-DCP ) |
| BROADCOM INC. *et al.*, | ) ) ) |
| Defendants. | ) |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This matter came before the undersigned on May 11, 2022, for a teleconference to discuss certain discovery issues, specifically the necessary facilitation of full and complete source code review and associated manifest production by Defendant Extreme Networks, Inc. ("Extreme") in accordance with Court's March 28, 2022, order [Doc. 124] and the parties' Agreed Protective Order [Doc. 93].[1] After considering the issues and the parties' respective positions, the Court finds as follows.

---

[1] It has been represented to the Court that Plaintiffs and Defendants Broadcom and Brocade have thus far complied with the Court's March 28, 2022 Order [Doc. 124] and the parties' Agreed Protective Order [Doc. 93] regarding source code review and associated manifest production. Plaintiffs have further represented that they began an initial review of Extreme's source code on April 22, 2022; however, at that time, Extreme had provided non-conforming laptops for source code review with insufficient RAM and storage space, and no source code had been loaded onto the laptops. During the teleconference, the parties advised that they had since further discussed this issue and that Extreme had agreed to purchase compliant desktop computers, but the parties were unable to agree on a new date for source code review.

In addition, Extreme now contends it should not be subjected to the requirement to provide manifests with MD5 checksums, as set forth in the parties' Agreed Protective Order [Doc. 93] and

Extreme has represented to the Court that it has ordered computers conforming to the parties' Agreed Protective Order [Doc. 93]. Extreme stated that the computers are currently being built by a third-party vendor and that Extreme expects to pick up the computers from the vendor on Friday, May 13, 2022. Extreme has further represented that it will be able to fully prepare the computers for source code review by Plaintiffs within one week of receiving them. Based on these representations, the Court reset the Plaintiff's source code review for Wednesday, May 25, 2022. The Court further instructed Extreme to contact Plaintiff's counsel by the close of business on Friday, May 13, 2022 (PST) and either confirm that it has been able to pick up the computers or provide a detailed reason for not having been able to pick up the computers along with a good faith estimation of when the pick-up shall take place. In the event that Extreme has not have taken possession of the computers and started loading the source code and the necessary tools to facilitate Plaintiff's upcoming review by Tuesday, May 17, 2022, at 4:30 p.m. EST, the Court will hold a telephonic status conference at that time to determine the most appropriate course of action.

In addition, the Court directs Extreme to produce manifests with MD5 checksums as set forth in the parties' Agreed Protective Order [Doc. 93 ¶ 28] and as required by the parties' ESI protocol [Doc. 52-1 ¶ 6].[2] To that end, all parties are directed to meet and confer prior to the tentative May 17, 2022, status conference to discuss the best possible means for Extreme to timely produce the manifests.

---

ESI Protocol [Doc. 52-1], because such manifests do not currently exist, as they are not maintained by Extreme in the ordinary course of its business and such production would take multiple months.

[2] As stated previously, Plaintiffs have represented to the Court that except for Extreme, all parties have complied with the requirement to produce manifests with MD5 checksums. *See supra* note 1.

The parties shall provide a status update via email to the Court by no later than **May 17, 2022, at 12:00 p.m., EST**, indicating what, if any, issues remain outstanding and if the status conference on **May 17, 2022, at 4:30 p.m.**, EST, is still needed.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:20-cv-00451-CEA-DCP   Document 138   Filed 05/12/22   Page 3 of 3   PageID #: 5462