# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br>Defendants. | Case No. 3:20-cv-00451 <br><br><br><br>**Jury Demand** |

## DECLARATION OF JOHN L. WOOD IN SUPPORT OF SNMP RESEARCH, INC.'S AND SNMP RESEARCH INTERNATIONAL, INC.'S OPPOSITION TO EXTREME NETWORK, INC.'S MOTION TO COMPEL DISCOVERY REQUESTS

I, John L. Wood, declare and attest as follows:

1. I am an attorney at the law firm of Egerton, McAfee, Armistead & Davis, P.C., counsel of record for SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of Tennessee and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. SNMP Research International, Inc. has approximately 958 license agreements with customers in its possession. Most of the license agreements consist of a base agreement and multiple amendments such that a license agreement contains multiple documents.

3. I supervised the review of all 958 license agreements to determine which license agreements required the consent of the licensee in order to produce the license agreement. Of those 958 license agreements, 565 license agreements require consent. Most of the license agreements that require consent have the following clause "Neither party shall divulge the material terms and conditions

of this License Agreement without the prior written permission of the other party, except as required to exercise the rights contained herein." I also participated in the review of Plaintiffs' license agreements on a limited basis.

4. The review of the 958 license agreements took approximately 67 hours of attorney time and resulted in a determination that 393 license agreements, consisting of 1,613 documents, did not require the consent of the licensee for production in response to discovery requests in this action. Those 393 license agreements were produced to Defendants on November 30, 2021.

5. SNMP Research International, Inc. has also requested the consent of 17 licensees. Two licensees have granted permission to produce the license agreement, one licensee has responded with a set of requirements (see Exhibit A) upon which its consent for disclosure of its license agreement in this case is conditioned, three letters were simply returned apparently because the licensee is no longer at the address provided in the license agreement, and the other eleven licensees have not responded. Attached as Exhibit A is a true and correct copy of the email from Stephen Pentlicki to Victoria Dishner dated May 2, 2022.

6. Attorneys working for Plaintiffs invested approximately 12 hours in sending the letters to the foregoing 17 licensees and estimate that requiring consent for all 565 licensees would take hundreds of hours and require scores of letters and phone calls.

7. Prior to SNMP Research International, Inc.'s incorporation in 1994, licenses were entered into with SNMP Research, Inc. My investigation has determined that all of the licenses prior to SNMP Research International, Inc.'s incorporation were either transferred to SNMP Research International, Inc. or are no longer active. Therefore, those licenses have not been reviewed.

8. Plaintiffs also have no cost evaluation licenses which are provided for the limited purpose of allowing potential customers to evaluate the SNMP Research software and do not allow the

redistribution of the SNMP Research software. Some of these evaluation licenses are in paper form only. Plaintiff has not reviewed these evaluation licenses and estimates that it would take hundreds of hours to locate and review the evaluation licenses if all of such licenses can even be located.

9. Attached as Exhibit B is a true and correct copy of an email from Olivia Weber beginning March 16, 2022.

10. Attached as Exhibit C is a true and correct copy of an email from Olivia Weber beginning September 8, 2021.

11. Attached as Exhibit D is a true and correct copy of an email from Olivia Weber beginning December 17, 2021.

Executed this 25th day of May, 2022, at Knoxville, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ John L. Wood*
John L. Wood