# EXHIBIT D

# Weber, Olivia

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Monday, January 3, 2022 9:37 AM |
| **To:** | Demers, Leslie A; Neukom, John (Jay); Feirman, Jordan |
| **Cc:** | Ashley, Matt; John L. Wood; Cheryl G. Rice; 'Alison Plessman'; Salvatore Bonaccorso; Edlich, Eliza S |
| **Subject:** | RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc. et al. - Discovery Responses |

Hi Leslie,

SNMP made no misrepresentation. SNMP agreed to conduct a reasonable search, which it has done, and has produced hundreds of licenses. To negotiate and obtain consent regarding the hundreds of remaining licenses (assuming consent can be obtained), would be a significant burden on SNMP on top of the time and effort it as already expended. As a result, in my prior email I asked Extreme why it needs more licenses. Your response gave no reason and it appears Extreme has not even reviewed what has been produced to date (please let me know if that is incorrect). We are happy to discuss the issue if it can help avoid Court involvement.

**Alison**—please let us know whether Broadcom and Brocade are taking the same position that all license agreements must be produced.

Best,

Olivia
(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, December 23, 2021 10:07 AM
**To:** Weber, Olivia <oweber@irell.com>; Neukom, John (Jay) <John.Neukom@skadden.com>; Feirman, Jordan <Jordan.Feirman@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; 'Alison Plessman' <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Edlich, Eliza S <Eliza.Edlich@skadden.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc. et al. - Discovery Responses

Hi Olivia,

As you know:

- On September 10, Extreme informed SNMP of the painfully obvious fact that it needed to see SNMP's licensing history for the alleged copyrighted works at issue, given that the licenses are "vitally important to Extreme's defense," and that if SNMP refused to procure sign-off from licensees, Extreme would need to move to compel.

- On October 7, SNMP agreed to produce "licenses we are able to locate after a reasonable search," and that it would do so (or at least would produce a vast majority) by December 8. SNMP made no mention of refusing to procure sign-off from licensees.

- On October 25, SNMP represented to the Court that it "voluntarily committed" to produce "all licenses yielded after a reasonable search," and that it would do so by December 8. (ECF No. 111 at 15 n.6.) SNMP again made no mention of refusing to procure sign-off from licensees.

- On November 30, SNMP made what Extreme understood to be one in a series of rolling productions of license agreements.  SNMP did not indicate that this was the last production it intended to make, nor that it was refusing to procure sign-off from licensees.

Extreme assumed that SNMP's representations to us – and to the Court – were genuine, and that SNMP was continuing its review and production of all licenses yielded after a reasonable search.  It now appears to Extreme that SNMP's representations were false, or in any event SNMP has changed its mind.

Please advise on the following:

- How many agreements have you located so far but decided to not produce for any reason, including because of confidentiality obligations?

- For the license agreements you've identified so far but have not produced yet due to confidentiality obligations owed to third parties, have you made any effort to provide requisite notice to those licensees or obtain consent for production of those agreements?

We have to note that the idea that SNMP is complaining about the burden of this effort (to produce all copies of license agreements it has struck with others for the very same source code and subject matter that is at issue in this lawsuit, and for which SNMP is seeking payment in this lawsuit) seems a little strange to us. We're talking about source code that SNMP alleges it owns, that SNMP has admittedly licensed to others, and for which SNMP is seeking payment in this lawsuit. Given that landscape, of course SNMP is going to have to produce its own licensing history (in full) that relates to the source code at issue in this lawsuit.

We're also having a very hard time putting much credence in the idea that a "reasonable search" by SNMP would produce anything except a perfectly comprehensive set of agreements. These are SNMP's own contracts, binding SNMP, sitting in SNMP's own files. If we were talking about a "reasonable search" for (for example) individualized messages between SNMP engineers some years back spread across various media, the concept that a "reasonable search" might produce something less than a perfectly comprehensive set of responsive materials might make sense. But it doesn't make sense in the context of asking a corporate entity (that makes its business by executing license agreements) to produce its license agreements.

Your client decided to file suit and is demanding payment from Extreme for various sets of (allegedly copyrighted) source code. Your client needs to produce the entire set of agreements it has struck with others on that subject matter. That might be (as you've represented below) a pain for SNMP to do. But it's a pretty basic and obviously relevant component of the case.

Thanks,
Leslie

**Leslie A. Demers**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
T: +1.212.7353493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, December 17, 2021 10:11 AM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; Neukom, John (Jay) (PAL) <John.Neukom@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; 'Alison Plessman' <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>
**Subject:** [Ext] SNMP Research, Inc. et al. v. Extreme Networks, Inc. et al. - Discovery Responses

Hi Leslie,

During our September 22, 2021 meet and confer call, Extreme insisted on receiving all of SNMP's license agreements in response to Extreme's discovery requests, despite our objections to the breadth of these requests and the burden presented by such an expansive demand. In the spirit of cooperation, on November 30, 2021, SNMP produced hundreds of licenses (which do not require the licensee's consent in order for SNMP to produce) in response to the discovery requests. The search and review of the licenses produced took months of work and imposed a significant burden on SNMP. There are also hundreds of licenses that require consent of the licensee to produce. Producing that material, including negotiating the required consents (assuming that can be done), will be an even more significant burden on SNMP. Accordingly, once Extreme has reviewed the already-produced licenses, please let us know if Extreme asserts that it needs any further production and the full basis for that assertion.

Best,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================