UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH INC. & SNMP RESEARCH INTERNATIONAL INC., | Case No. 3:20-cv-451 |
| *Plaintiffs*, | Judge Atchley |
| v. | Magistrate Judge Poplin |
| BROADCOM INC., BROCADE COMMUNICATIONS SYSTEMS LLC, & EXTREME NETWORKS INC., | |
| *Defendants*. | |

## ORDER

This matter is before the Court on the Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue [Doc. 40] filed by Broadcom, Inc., and Brocade Communication Systems, LLC, and the Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of California [Doc. 38] filed by Extreme Networks, Inc. Plaintiffs SNMP Research, Inc., and SNMP Research International, Inc., oppose the motions and, in the alternative, request fact discovery on the issue of personal jurisdiction as to Broadcom. [Doc. 48]. After extensive review of the record, the parties' briefing, and applicable authority, the Court is unable to determine whether personal jurisdiction exists as to Defendant Broadcom and the parties will be ordered to file limited evidentiary supplements.

Plaintiffs allege that "[u]pon information and belief, Broadcom is . . . actively marketing, selling, offering to sell, licensing, and/or offering to license hardware, software, and/or services directly or indirectly through its distribution channels to business consumers in this District, including, without limitation, products containing the software at issue in this case." [Doc. 3-1 at ¶ 26] . This allegation creates two possibilities: (1) Broadcom directly markets, sells, or licenses

1

products containing the subject software to business consumers in this District, or (2) Broadcom indirectly markets, sells, or licenses products containing the subject software through its distributions channels to business consumers in this District.

Under Sixth Circuit precedent, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 479 (6th Cir. 2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (O'Connor, J.)). Thus, the Sixth Circuit has found purposeful availment where an agreement between a defendant and a distributor required nationwide distribution of the infringing product. *Id.* at 483-84; *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 527 (6th Cir. 1993) (finding purposeful availment based on the existence of a distribution agreement which required marketing in all fifty states). In contrast, the court has found no purposeful availment where a defendant was merely aware that the allegedly infringing product was likely to be distributed nationally, including in the forum state. *Id.* at 480; *Parker v. Winwood*, 938 F.3d 833, 841 (6th Cir. 2019) (finding no purposeful availment where plaintiff failed to show that the defendant specifically directed distribution of an allegedly infringing song into Tennessee).

Drawing inferences for Plaintiffs, the allegations of the Complaint create two possibilities, one that supports a finding of purposeful availment and one that does not. Discovery is thus required to determine the nature of Broadcom's alleged marketing, sale, or licensing of the subject software in Tennessee. *See Palnik v. Westlake Ent., Inc.*, 344 F. App'x 249, 252 (6th Cir. 2009) (where the allegations of the complaint permitted two potential conclusions as to the distribution activities of one of the defendants, fact discovery should have been conducted). While Defendants contest aspects of this allegation, without an evidentiary hearing, "the defendants' affidavits

contradicting the facts are irrelevant." *Palnik*, 344 F. App'x at 251; *Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) (decision not to hold evidentiary hearing foreclosed consideration of defendant's competing representations).

Plaintiffs requested fact discovery on the issue of personal jurisdiction as to Broadcom and leave to amend the Complaint following such discovery. However, discovery in this case commenced approximately a year ago and is ongoing. On June 25, 2021, Magistrate Judge Poplin denied Defendants' Joint Motion to Stay [Doc. 47], but found that "Defendants' participation in discovery while their motions to dismiss are pending . . . will not be construed as a waiver of their personal jurisdiction or improper venue defenses." [Doc. 75 at 14]. The record reflects that Plaintiffs have requested from Broadcom and Brocade information relevant to personal jurisdiction as to Broadcom. [Doc. 88-1 at 5]. Judge Poplin's April 22, 2022, Order made responses to these requests due within 21 days. [Doc. 131]. Judge Poplin admonished Broadcom and Brocade that further disregard of the Federal Rules of Civil Procedure would result in an award of attorney's fees. [*Id.* at 24]. On this record, it appears to the Court that Plaintiffs have or should have discovery materials from Defendants regarding personal jurisdiction.

Accordingly, it is **ORDERED** as follows:

- On or before **July 22, 2022**, Plaintiffs **SHALL FILE** a single evidentiary supplement and Defendants Broadcom and/or Brocade **SHALL FILE** a single evidentiary supplement.
- The supplement **SHALL** consist of a statement of the facts that the parties contend are relevant to the following:
    - Broadcom's marketing, selling, offering to sell, licensing, and/or offering to license hardware, software, and/or services directly or indirectly through its distribution

3

channels to business consumers in Tennessee, including the products containing the software at issue in this case.

- Each fact statement **SHALL** be supported by citation to the record.

- The supplement **SHALL NOT** exceed **7 pages**. Responses and replies are not permitted.

- The supplement may include citation to relevant legal authority.

- The supplement may attach additional evidence not previously filed, including documents produced in discovery, declarations, affidavits, or other evidentiary material.

The parties are **ADVISED** to confine their supplemental materials to the narrow evidentiary issue identified in this Order. The supplement **SHALL NOT** include any arguments previously raised or any evidence or argument that is beyond the scope of the topics identified in this Order. The parties are strongly encouraged to narrowly tailor any new evidence submitted to avoid unnecessary expansion of the record. Any submission that does not comply with this Order will be stricken and disregarded.

    **SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE