# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § § | **Case No. 3:20-cv-00451-CEA-DCP** |
| **Plaintiffs,** | § § | |
| v. | § § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.,** | § § § § § | |
| **Defendants.** | § § | |

## JOINT MOTION TO CONTINUE TRIAL DATE AND MODIFY REMAINING SCHEDULING ORDER DATES

COME NOW the Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (collectively with SNMP Research, "Plaintiffs"), Defendant Broadcom Inc. ("Broadcom"), Defendant Brocade Communications Systems LLC ("Brocade") and Defendant Extreme Networks, Inc. ("Extreme" and with Broadcom and Brocade, "Defendants"), by and through the undersigned, their respective counsel of record, and pursuant to Federal Rule of Civil Procedure 16, do jointly move this Court to continue the trial date in this matter from its current date (February 28, 2023) to either the end of November 2023, or the first or second week of January 2024 (but not later than January 9, 2024). If the Court cannot accommodate those proposed dates, the parties respectfully request that the Court give the parties notice, and they will meet and confer and suggest potential additional trial

dates. The parties also jointly move to adjust the remaining dates in the Scheduling Order based on the proposed new trial date. In support of this motion ("Joint Motion"), the parties state as follows:[1]

1. This lawsuit, filed October 26, 2020, concerns Plaintiffs' claims of copyright infringement and breach of contract and Defendants' defenses thereto. *See* Compl. (Dkt. 1). Defendants have moved to dismiss the complaint and/or transfer venue. *See* Broadcom Inc. and Brocade Communications Systems LLC's Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue (Dkts. 40–42-2, 48-1–48-17, 51, 51-2–51-5, 57, 61–61-1, 67, 121–121-1, 122), and Defendant Extreme Networks, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of California (Dkts. 38–39, 51-1, 55–55-2). As of the filing of this Joint Motion, Defendants' respective motions seeking dismissal or transfer of venue as to Plaintiffs' Complaint are fully briefed but are not decided. Therefore, Defendants have yet to answer Plaintiffs' Complaint and plead any additional defenses (affirmative or otherwise).

2. The current Scheduling Order has a due date for Plaintiffs' expert reports of September 6, 2022 (Dkt. 139). As of now, Plaintiffs are unaware of which defenses will be asserted other than those that are raised in Defendants' motion to dismiss and the "additional potential defenses and counterclaims" that Defendants stated they are "continuing to investigate" in the parties' Rule 26(f) report (Dkt. 46 at 2). This, coupled with the issues discussed below, renders it difficult (if not impossible) for Plaintiffs to take depositions and prepare expert reports under the current pretrial and trial schedule.

3. On October 15, 2021, the Court entered a Scheduling Order setting the trial in this case for three weeks beginning November 1, 2022. (Dkt. 106.)

---

[1] The parties are aware of the Court's Order dated June 22, 2022 (Dkt. 147), and are proceeding in accordance with the directives set forth in that Order.

2188222v1

4. On October 28, 2021, the parties jointly moved this Court for a new trial date and other relief, as a result of conflicts had by the respective counsel for Plaintiffs and for Defendants Broadcom and Brocade with the November 1, 2022, trial date. (Doc. 112.)

5. Finding good cause, the Court issued an Order granting the parties' joint motion for a new trial date and other relief (Dkt. 112) and issued an Order entering an Amended Scheduling Order ("Scheduling Order") (Dkt. 114) setting the opening expert disclosure deadlines for Plaintiffs and Defendants as August 9, 2022, and September 6, 2022, respectively, and disclosure of rebuttal testimony within thirty days after the other party's disclosure of its opening experts (calculating to September 8, 2022 for Defendants' rebuttal expert reports; and October 6, 2022 for Plaintiffs' rebuttal expert reports). Scheduling Order, ¶ 4(c). Additionally, the Scheduling Order set the date for exchange of final witness lists in accordance with Rule 26(a)(3)(A)(i) as September 20, 2022, and set the discovery cut-off deadline as October 18, 2022. Scheduling Order ¶ 4(d) and 4(e).

6. The earliest date on which written discovery could be served was December 23, 2020. *See* Fed. R. Civ. Proc. 26(d)(1); *id.* 26(f)(1). Plaintiff SNMP Research served its First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission directed to each of the Defendants, respectively, on December 26, 2020 (collectively, "Plaintiff's First Discovery Requests") and served its Second Set of Requests for Production of Documents to each of the Defendants on January 29, 2021 (collectively, "Plaintiff's Second Document Requests") (Plaintiff's First Discovery Requests and Plaintiff's Second Document Requests hereafter "Plaintiff's Discovery").

7. Defendants each served their respective Responses and Objections to Plaintiff SNMP Research's First Discovery Requests on January 25, 2021 and served their respective Responses and Objections to Plaintiff's Second Document Requests on March 1, 2021. Defendant Extreme served its First Supplemental Objections to Plaintiff SNMP Research's Discovery on July 22, 2021, and its Second

Supplemental Responses and Objections to Plaintiff SNMP Research's Discovery on August 27, 2021. Defendants Broadcom and Brocade each served supplemental responses to Plaintiff SNMP Research's Discovery on October 4, 2021.

8. Defendants also moved to stay discovery pending this Court's ruling on their motions to dismiss and/or transfer venue. (Dkts. 47–47-13, 54–54-4, 59 –59-1.) Magistrate Judge Poplin denied that motion to stay discovery on June 25, 2021, and also ruled that Defendants would not be deemed to have waived any jurisdictional or venue defenses by serving their own written discovery. (Dkt. 75.)

9. Defendant Extreme served its First Set of Interrogatories and its First Set of Requests for Production of Documents directed to Plaintiffs on August 9, 2021. Defendant Brocade served its First Set of Requests for Production of Documents and its First Set of Requests for Admission directed to Plaintiffs on November 23, 2021.[2]

10. On October 4, 2021, Plaintiff SNMP Research filed a Motion to Compel Discovery against Defendant Extreme. (Dkt. 96.)[3] On December 9, 2021, Plaintiff SNMP Research filed an additional Motion to Compel Discovery Responses against Defendants Broadcom and Brocade. (Dkt. 115.)

11. The foregoing motions to compel were heard by the Honorable Magistrate Judge Poplin on March 25, 2022. On March 28, 2022, Magistrate Judge Poplin entered an Order granting in part Plaintiff SNMP Research's Motions to Compel Discovery by ordering the parties to simultaneously

---

[2] Defendant Broadcom has not yet issued any discovery in this case.

[3] Plaintiff SNMP Research also had previously filed a Motion to Compel Discovery against all Defendants (*see* Dkt. 60) as well as a Motion to Compel Responses to Plaintiff's Second Document Requests from Defendants Broadcom and Brocade (*see* Dkt. 69) and a Motion to Compel Responses to Plaintiff's Second Document Requests from Defendant Extreme (*see* Dkt. 70), which were all addressed by Magistrate Judge Poplin's Memorandum and Order entered on June 25, 2021 (*see* Dkt. 75), and further referenced by Judge Poplin's April 22, 2022 Memorandum and Order (Dkt. 131). Plaintiff SNMP Research also filed a Motion to Compel Discovery Responses from Defendants Broadcom and Brocade (*see* Dkt. 88) which the parties agreed was mooted when Defendants Broadcom and Brocade served supplemental discovery responses (Dkt. 131 at 2).

exchange their respective source code files by April 22, 2022. (Dkt. 124.) On April 22, 2022, Magistrate Judge Poplin also issued a Memorandum and Order further addressing Plaintiff SNMP Research's motions by granting them in part and directed all Defendants to fully respond to the majority of Plaintiff's Discovery within 21 days and directed the parties to meet and confer on certain issues raised by Plaintiff SNMP Research's motions. (Dkt. 131.) Judge Poplin issued additional discovery orders relating to the Defendants' production of source code, which orders were entered on April 21, 2022 (Dkt. 130), and May 12, 2022 (Dkt. 139).

12. As of the date of this Joint Motion, the parties have each collectively produced substantial amounts of source code for review by the opposing party. All parties are still reviewing source code and expect that review to continue for several more weeks and possibly months. In addition, the parties are currently meeting and conferring over potential additional source code productions which may require motion practice before Magistrate Judge Poplin in order to resolve them.

13. On May 10, 2022, the parties jointly moved to extend by 30 days the deadline for expert disclosures and to extend the close of discovery by approximately three weeks. Magistrate Judge Poplin granted this extension on May 12, 2022. (Dkt. 139.)

14. On May 13, 2022, Defendants Brocade and Extreme produced a total of 689,098 pages of documents to Plaintiffs.

15. On June 13-14, 2022, Defendant Brocade produced 747,292 more pages of documents to Plaintiffs.

16. Plaintiffs have produced 20,442 pages of documents, and defendant Extreme has moved to compel the production of additional documents. (Dkts. 136–136-8, 143–143-5, 146–146-1.) That motion is fully briefed.

17. Consequently, much of the parties' discovery efforts are ongoing, including the parties' respective efforts at source code review and document review. The parties expect their remaining source

- 5 -

Case 3:20-cv-00451-CEA-DCP   Document 148   Filed 06/23/22   Page 5 of 10   PageID #: 5584

2188222v1

code and document review efforts and the resolution of their remaining discovery disputes to take several months.

18. The parties all need to obtain additional outstanding documents and information relevant to their respective claims and defenses raised in this case before they can be prepared to make expert disclosures or take fact depositions.

19. The parties are also in agreement that, due to the current outstanding written discovery disputes in this matter, additional time to resolve those disputes is needed before expert disclosures can be prepared and fact witnesses can be deposed.

20. The parties are also in agreement that the fact witnesses with knowledge pertaining to Plaintiffs' claims will likely overlap to a large extent (if not entirely) with the fact witnesses with knowledge pertaining to Defendants' as-yet unasserted defenses, which defenses will be asserted, if necessary, once the Court rules on Defendants' motions to dismiss and/or transfer the case. Consequently, the parties believe it would be extremely costly and inefficient to begin fact depositions when Defendants have not yet asserted all of their defenses and Plaintiffs have not been able to issue written discovery on those defenses.

21. The parties further anticipate that the number of testifying experts in this case may well exceed ten in total. Given this potential scope, the time provided for submission of expert reports and the taking of expert depositions under the current Scheduling Order is extremely tight.

22. For all of the above-referenced reasons, the parties now jointly request that the trial date be continued and that the remaining dates under the Scheduling Order be extended commensurate with the proposed new trial date.

23. Because of trial conflicts throughout most of 2023, the parties jointly request that the current trial date of February 28, 2023, be moved to sometime in late November or December 2023 or January 2024 (but no later than January 9, 2024 in light of a February 2024 trial conflict). If the Court

2188222v1

cannot accommodate those proposed dates, the parties respectfully request that the Court give the parties notice, and they will meet and confer and suggest potential additional trial dates.

24. The parties also jointly move to adjust the remaining dates in the Scheduling Order based on the proposed new trial date. Because the parties are unsure of which new trial date might be acceptable to the Court, the parties have prepared a chart with proposed modified scheduling dates based on potential trial dates of November 28, 2023, and January 9, 2024, respectively,[4] and these dates track the guidelines set forth in the Court's standard scheduling order:

| Event | Dates Set by Second Amended Scheduling Order (Dkt. 114), as modified by Dkt. 133 | First Alternative Proposed Trial Date (November 28, 2023) and Accompanying Proposed Dates | Second Alternative Proposed Trial Date (January 9, 2024) and Accompanying Proposed Dates |
|---|---|---|---|
| Deadline to amend pleadings: | August 9, 2022 | Monday, May 8, 2023 | Tuesday, June 20, 2023 |
| Plaintiffs' expert disclosures due: | September 6, 2022 | Monday, May 8, 2023 | Tuesday, June 20, 2023 |
| Defendants' expert disclosures due: | October 6, 2022 | Monday, June 5, 2023 | Monday, July 17, 2023 |
| Defendants' rebuttals due: | October 6, 2022 | Monday, June 5, 2023 | Monday, July 17, 2023 |
| Final Witness Lists due: | October 20, 2022 | Monday, June 19, 2023 | Monday, July 31, 2023 |
| Plaintiffs' rebuttals due: | November 5, 2022 | Wednesday, July 5, 2023 | Thursday, August 17, 2023 |
| Discovery closes: | November 11, 2022 | Monday, July 17, 2023 | Tuesday, August 29, 2023 |
| Dispositive/Daubert motions must be filed by: | November 15, 2022 | Monday August 14, 2023 | Tuesday, September 26, 2023 |
| Pretrial disclosures are due: | January 10, 2023 | Monday, October 9, 2023 | Tuesday, November 21, 2023 |
| MILs must be filed by: | January 17, 2023 | Monday, October 16, 2023 | Tuesday, November 28, 2023 |

---

[4] These precise dates were picked given the holidays and the fact that the trial is scheduled as a jury trial and expected to take three weeks.

2188222v1

| Event | Dates Set by Second Amended Scheduling Order (Dkt. 114), as modified by Dkt. 133 | First Alternative Proposed Trial Date (November 28, 2023) and Accompanying Proposed Dates | Second Alternative Proposed Trial Date (January 9, 2024) and Accompanying Proposed Dates |
|---|---|---|---|
| Trial briefs and pretrial order must be filed by: | February 2, 2023 | Wednesday, November 1, 2023 | Wednesday, December 13, 2023 |
| Deadline to file exhibit list with exhibits pre-marked: | February 6, 2023 | Monday, November 6, 2023 | Monday, December 18, 2023 |
| Deadline to submit single joint proposal for jury instructions: | February 7, 2023 | Monday, November 6, 2023 | Monday, December 18, 2023 |
| PTC is set to occur on and technology disclosures due by: | February 13, 2012 at 3pm in Chattanooga | Monday, November 13, 2023 | Tuesday, December 26, 2023 |
| Trial (which is expected to last 3 weeks) is set to occur on: | February 28, 2023 at 9 AM in Chattanooga | Tuesday, November 28, 2023 | Tuesday, January 9, 2024 |

25. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here good cause exists. This is a complex case involving extensive written and document discovery to propound, respond to, and review; massive amounts of source code to analyze; and likely a large number of expert witnesses who will need to prepare detailed written reports and be deposed. *See State of Ohio v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 502 (S.D. Ohio 1995) (modifying scheduling order and extending discovery deadlines in part because "[t]he issues involved in this case are quite complex, and require the need for lengthy depositions of party experts."). In addition, the pleadings in this matter are not yet settled, and Defendants have not yet answered, meaning Plaintiffs are unaware of the defenses that Defendants will assert at trial if their motions to dismiss and/or transfer are denied. *See Tech. for Energy Corp. v. Hardy*, No. 3:16-CV-91-JRG-CCS, 2017 WL 11180647, at *3 (E.D. Tenn. May 8, 2017) (extending scheduling order to account for a motion to dismiss, a forthcoming answer, and completion of discovery thereafter). This means additional written

discovery on the as-yet unasserted defenses will need to take place before fact depositions begin and before expert reports are provided. All of this constitutes good cause to continue the trial date and to do so to a date that does not conflict with the parties' counsels' other trial commitments in 2023 and 2024.

26. In deciding whether good cause exists, the Court also examines the prejudice to the non-moving party. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Here, the parties are jointly moving, so there is no prejudice.

FOR THE FOREGOING REASONS, the parties respectfully request that the Court continue the trial date in this matter from its current date (February 28, 2023) to either November 28, 2023 or the first or second week of January 2024 (but not later than January 8, 2024). If the Court cannot accommodate those dates, the parties respectfully request that the Court give the parties notice, and they will meet and confer and suggest additional potential trial dates. The parties also respectfully request that the Court adjust the remaining dates in the Scheduling Order based on the proposed new trial date. As noted above, the parties have included in Paragraph 24 above two sets of proposed modified dates based on potential trial dates of November 28, 2023 and January 9, 2024, respectively.

Respectfully submitted this 23rd day of June 2022.

| | |
|---|---|
| */s/ Cheryl G. Rice* | */s/ Alison Plessman* |
| John L. Wood, Esq. (BPR #027642) | Alison Plessman (CA Bar No.250631) |
| Cheryl G. Rice, Esq. (BPR #021145) | HUESTON HENNIGAN LLP |
| Rameen J. Nasrollahi, Esq. (BPR #033458) | |
| EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C. | *Attorneys for Defendants Broadcom, Inc.* |
| 900 S. Gay Street, Suite 1400 | *Brocade Communications Systems LLC* |
| P.O. Box 2047 | |
| Knoxville, TN 37902 | |
| (865) 546-0500 (phone) | */s/ Leslie A. Demers* |
| (865) 525-5293 (facsimile) | John M. Neukom (CA Bar No. 275887*)* |
| jwood@emlaw.com | DEBEVOISE & PLIMPTON LLP |
| crice@emlaw.com | 650 California Street |
| rnasrollahi@emlaw.com | San Francisco, California 94108 |
| | jneukom@debevoise.com (415) 738-5700 |
| Morgan Chu (CA Bar. No. 70446) | |
| David Nimmer (CA Bar. No. 97170) | Leslie A. Demers (NY Bar No. 5261904) |
| A. Matthew Ashley (CA Bar. No. 198235) | One Manhattan West |
| Olivia L. Weber (CA Bar. No. 319918) | New York, New York 10001 |
| IRELL & MANELLA LLP | (212) 735-3000 |
| 1800 Avenue of the Stars, Suite 900 | leslie.demers@skadden.com |
| Los Angeles, California 90067-4276 | |
| (310) 277-1010 (phone) | *Attorneys for Defendant Extreme Networks, Inc.* |
| (310) 203-7199 (facsimile) | |
| mchu@irell.com | |
| dnimmer@irell.com | |
| mashley@irell.com | |
| oweber@irell.com | |
| *Attorneys for Plaintiffs* | |
| *SNMP RESEARCH INTERNATIONAL, INC. and SNMP RESEARCH, INC.* | |