IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | Jury Demand |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § | |
| Defendants. | § § § | |

**DECLARATION OF OLIVIA L. WEBER IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY, ENFORCE ORDER COMPELLING DISCOVERY, DETERMINE SUFFICIENCY OF REQUEST FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC**

I, Olivia L. Weber, declare and attest as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of California and have been admitted pro hac vice to this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. Attached hereto as <u>Exhibit A</u> is an unredacted copy of an email dated August 16, 2018, produced in discovery by defendant Brocade Communications Systems LLC ("Brocade"). In this email, Tyrene Partlow, who identifies herself as the Senior Contracts Manager for Broadcom Legal Department, writes to Jennifer Sipes, Director, Associate General Counsel for Defendant Extreme Networks, Inc. ("Extreme"), stating that "**[w]ith respect to the SNMP Research Agreement, on our**

**end, we use SNMP Research's Emanate in 'FOS' which is in all of our products. It's our SNMP agent**." (Emphasis added).

3. Attached hereto as <u>Exhibit B</u> is an August 1, 2019 letter, produced by Extreme in discovery. In the letter, Simone Yew, who identifies herself as the Associate General Counsel for Broadcom, Inc., wrote to Katy Motiey, General Counsel for Extreme, stating that "Brocade Communications Systems, Inc." is "a wholly owned subsidiary of Broadcom Inc. ('Broadcom')", and that "Extreme did not receive, a license or sublicense under the Agreement to use SNMPRI software in its products."

4. Attached hereto as <u>Exhibit C</u> is an unredacted August 8, 2019 email, produced in discovery by Brocade. In this email, Tarun Bhatia writes to Martin Skagen, stating "Below is what pops up on switch when it boots up: SNMP Research EMANATE/Lite Agent Version 16.2.0.9 Copyright 1989-2006 SNMP Research, Inc. Our source code directory also says EmanateLite."

5. On December 26, 2020, Plaintiff served written discovery on Defendant Broadcom Inc. This discovery included: a First Set of Broadcom Inc. Interrogatories, Dkt. 116-4; a First Set of Broadcom Inc. Requests for Production, Dkt. 116-5; and a First Set of Broadcom Inc. Requests for Admission, attached hereto as <u>Exhibit D</u>. That same day, Plaintiff also served written discovery on Brocade. This discovery included: a First Set of Brocade Interrogatories, Dkt. 116-6; a First Set of Brocade Requests for Production, Dkt. 116-7; and a First Set of Brocade Requests for Admission, attached hereto as <u>Exhibit E</u>.

6. Defendants moved to stay discovery pending resolution of their motions to dismiss, and thereafter served discovery responses consisting solely of objections. On June 25, 2021, the Court issued its order denying Defendants' motion to stay discovery. Dkt. 75. Thereafter, Plaintiff initiated

four meet and confer calls with each Defendant on July 15, July 21, July 28, and August 5, 2021. A copy of the email chain concerning these communications is attached as Exhibit F.

7. On October 4, 2021, Defendants served their supplemental responses, including their First Supplemental Responses to Plaintiff's RFAs, attached hereto as Exhibits G (Brocade) and H (Broadcom Inc.). These RFAs are the subject of this motion (along with the second supplemental RFP and interrogatory responses identified below).

8. Plaintiff served Defendants a discovery letter detailing deficiencies in Defendants' discovery responses, including the RFAs. The parties then met and conferred on November 4, 12, and 16, 2021. A copy of the email chain concerning communications over the central issues may be found at Dkt. 116-16.

9. On December 9, 2021, Plaintiff moved to compel Defendants' responses to Plaintiff's First and Second Sets of RFPs and First Set of Interrogatories. Dkts. 115, 116-1–116-17. The hearing on that motion took place on March 25, 2022. A copy of the hearing transcript is attached hereto as Exhibit I.

10. On April 22, 2022, the Court granted Plaintiff's motion to compel in part, Dkt. 131, and ordered Broadcom Inc. and Brocade to fully and substantively respond to Plaintiff's First and Second Sets of RFPs and First Set of Interrogatories within 21 days of the Court's order (*i.e.*, by May 13, 2022). As to Broadcom Inc.'s and Brocade's responses, the Court limited the entities subject to Plaintiff's requests to only "Broadcom" and "Brocade" at this time, and ordered the parties to meet and confer regarding how the term "Broadcom" should be limited at this stage of discovery. *See id.* at 17-18.

11. On May 4, 2022, I sent an email to counsel for Defendants asking to meet and confer with respect to the Broadcom "affiliates" issue, and counsel for Defendants responded, with back and

forth on the issue until July 14.  A copy of the email chain is attached as Exhibit J and a copy of the organizational charts attached in that email chain are attached hereto as Exhibits K, L, and M.  Defendants did not respond to my request for an in-person meet and confer.

12. On May 14, 2022, Brocade and Broadcom Inc. served their second supplemental responses to Plaintiff's First and Second sets of RFPs at 3:00 a.m. Eastern Standard Time ("EST"), attached hereto as Exhibit N and Exhibit O, respectively, and their second supplemental responses to Plaintiff's First Set of Interrogatories at 1:49 a.m. EST, attached hereto as unredacted Exhibit P and unredacted Exhibit Q, respectively.  These are the interrogatory and RFP responses at issue in this motion.

13. On May 14, Brocade produced a total of 333 documents (3,580 pages) at 3:00 a.m. EST.

14. On June 2, 2022, I sent Defendants a discovery letter identifying deficiencies in Defendants' second supplemental discovery responses and in their production.  A copy of this letter is attached as Exhibit R.

15. Defendants did not respond to my letter until June 28, 2022.  A copy of Defendants' June 28 email with an attached letter is attached hereto as Exhibit S.

16. Between June 29 and July 15, I exchanged additional emails with counsel for Defendants regarding Defendants' discovery responses.  A copy of that email chain is attached as Exhibit T.

17. In their second supplemental responses to Plaintiff's First and Second Sets of RFPs, Defendants stated that they would provide a privilege log by July 13, 2022.  *See* Ex. O at 4 (*see* highlighted text); Ex. N at 4.  Defendants have not produced any privilege log to date.  Brocade most

recently stated in response to other sets of discovery requests that it "anticipates" it will provide a substantially complete privilege log by September 15, 2022.

18. Based on my preliminary review of the product-level revenue information produced by Brocade to date in this action and that can be tethered to Brocade's response to interrogatory 1 (which calls for, among other things, identification of all Brocade products that contain, use or are otherwise associated with Plaintiff's software), it appears that Brocade's revenues from sales of infringing products identified thus far exceed $1 billion.

19. On June 22, 2022, the Court issued an order directing the parties to file simultaneous evidentiary supplements by July 22, 2022 relating to the issue of personal jurisdiction as to Broadcom Inc. Dkt. 147.

20. On June 13 and June 14, Brocade produced 34,407 documents totaling 747,292 pages. Broadcom Inc. did not produce any documents. On July 8, 2022, Brocade produced 29,609 documents totaling 1,216,953 pages. On July 18, Brocade produced 1,481 documents totaling 58,145 pages. Of Brocade's total production of electronic documents in this case (66,122 documents), 65,497 of them (99%) have been produced within the last five weeks. Broadcom Inc. has not produced any documents.

Executed this 19th day of July, 2022, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Olivia L. Weber*
Olivia L. Weber