**Exhibit H to the Declaration of Olivia Weber**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

---

## BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby provides its first supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP")'s First Set of Requests for Admission ("Requests" or "RFAs"), served on December 26, 2020.

## <u>PRELIMINARY STATEMENT</u>

1.     Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.

2.     By making the accompanying responses and objections to SNMP's RFAs, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses.  Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses."  ECF No. 75 at 16-17.  By making the accompanying responses and objections to Plaintiffs' RFAs, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Broadcom makes the responses and objections herein without in any way implying that it considers the RFAs or responses thereto to be relevant or material to the subject matter of this action.

3.     Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.     This introductory statement shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each response appearing below.

## GENERAL OBJECTIONS

The following general objections apply to all of the Requests and are incorporated by reference into each specific answer as if fully set forth therein. For particular emphasis, one or more of these general objections may be reiterated in a specific response. The absence or inclusion of any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any general objection or any other specific objection made herein. Broadcom reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection. By making this response, Broadcom does not concede that any of the requested information is relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any information produced and to the introduction of such information into evidence.

1.      Service of this document should not be construed as any waiver of any and all objections that Broadcom has to the propriety and timing of the Requests, or to the relevance or admissibility of any information relating to the subjects covered by the Requests.

2.      These responses and objections are made solely for the purposes of this action, and are subject to all appropriate objections, including without limitation objections concerning competency, relevance, materiality, propriety, authenticity, and admissibility. All objections and grounds are reserved and may be interposed at the time of trial.

3.      Plaintiffs have previously agreed that responding to their written discovery requests does not constitute waiver of any of Defendants' defenses, including their defenses for lack of jurisdiction and improper venue.

4.      Broadcom objects to each Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to each Request

relating to the Court's jurisdiction over Broadcom as the Court has yet to (1) conclude that Plaintiffs have adequately made a *prima facie* showing of personal jurisdiction; or (2) order that Plaintiffs are entitled to jurisdictional discovery.

5.      Broadcom objects to each Request on the basis that this jurisdiction is an improper venue for this litigation.

6.      Broadcom objects to each instruction, definition, and Request to the extent that it exceeds the permissible scope of discovery and the requirements set forth in the Federal Rules of Civil Procedure, as interpreted by relevant case law, the Federal Rules of Evidence, the Local Rules of the Eastern District of Tennessee, any Order of the Court, or any agreement between the parties.

7.      Broadcom objects to each Request to the extent that it seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Broadcom objects to each Request to the extent that the information sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

9.      Broadcom objects to each Request to the extent it is compound.

10.     Broadcom objects to each Request to the extent it is vague, ambiguous, or overbroad.  Broadcom responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

11.     Broadcom objects to each Request to the extent it is unduly burdensome and will

6033959

cause Broadcom unwarranted annoyance, embarrassment, or undue expense.

12. Broadcom objects to each Request to the extent it requires Broadcom to produce information not in the possession, custody, or control of Broadcom. Broadcom's responses and objections shall not be construed as representations regarding the existence or non-existence of information outside its possession, custody, or control. Broadcom also objects to each Request to the extent it seeks information that is public, already in the possession, custody, or control of, or is equally accessible to SNMP.

13. Broadcom objects to each Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. Any inadvertent disclosure of such information shall not be deemed a waiver of any privilege, doctrine, law, rule, or immunity with respect to such information.

14. Broadcom objects to each Request as premature. Broadcom has only begun its factual investigations in this matter and has yet to be provided copies of the allegedly copyrighted software and/or source code that SNMP claims has been infringed.

15. Broadcom objects to each Request to the extent it seeks premature expert discovery, including but not limited to expert analysis and opinion.

16. Broadcom objects to these Requests to the extent they seek information protected by the California, Tennessee, or United States Constitutions, or applicable state or federal statutes or case law that establish a right of privacy and forbid the discovery and dissemination of confidential, sensitive, or financial information. Broadcom will not reveal such information where

doing so would violate its privacy rights or the privacy rights of third parties or where such information is confidential and proprietary in nature.

17. Broadcom objects to each Request to the extent it requires Broadcom to reveal confidential, sensitive, and proprietary information, including but not limited to financial information.

18. Broadcom objects to each Request to the extent it seeks a legal conclusion. Any response of Broadcom to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

19. Broadcom objects to the definition of "SNMP Research" as meaning "SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them." This definition is overbroad, vague, ambiguous, seeks irrelevant information that is not proportional to the needs of the case, and renders the Requests impermissibly compound. It also seeks information that is unknown to Broadcom and therefore requires Broadcom to first seek discovery from Plaintiffs before it can answer the Requests as framed. If there are specific persons or entities that Plaintiffs believe should be subsumed within this definition, Plaintiffs should propose them specifically.

20. Broadcom objects to SNMP's definition of "You," "Your," and "Broadcom" as including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and seeks

- 6 -

information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. The definition also renders these Requests compound, nonsensical, and confusing because Broadcom Inc.'s "affiliated entities" would include, for example, Brocade Communications Systems LLC.

21.     Broadcom objects to SNMP's definition of "Brocade" as meaning "Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it." This definition is overbroad and applies to companies that are not party to this litigation and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition of Brocade would be unduly burdensome. The definition also renders these Requests compound, nonsensical and confusing because Brocade's "affiliated entities" would include, for example, Broadcom Inc.

22.     Broadcom objects to SNMP's definition of "Extreme" because it is overbroad and seeks information that is not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. Responding to discovery under this definition would be unduly burdensome. It also seeks information outside the knowledge of Broadcom.

23.     Broadcom objects to SNMP's definition of "SNMP Research Software" as meaning "any of the following: (i) software provided by SNMP Research to Brocade, (ii) software licensed

by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade and/or Broadcom. . . . The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof." This definition is overbroad because it includes the terms "SNMP Research," "Brocade," "Broadcom," "Source Code," and "Derivative Works," which in turn are overbroad as defined. The definition also includes vague and ambiguous undefined terms like "compiled code," "configuration files and data," and "associated documentation." SNMP alleges acts of copyright infringement and breach of contract based on the software set forth in Paragraph 33, Table 1 of the Complaint (ECF No. 1) and based on one License Agreement and amendments thereto. This definition is not limited to such alleged software or License Agreement. Including all software created by "SNMP Research" provided to Brocade or Broadcom (under Plaintiffs' overbroad definitions of those entities) renders the Requests incorporating this definition overbroad, unduly burdensome, compound, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

24. Broadcom objects to SNMP's definition of "Product" as referring to "each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services." Requests incorporating this definition are overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims or defenses in this action, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.

6033959

25.     Broadcom objects to the time period for these Requests as vague, overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case, particularly where a Request does not specify a relevant time period or seeks information before the date SNMP alleges it terminated the License Agreement and after this lawsuit was filed.

6033959

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Broadcom incorporates into each Response below the Preliminary Statement and each of the foregoing General Objections in full. Subject to and without waiving the Preliminary Statement and foregoing General Objections, Broadcom sets forth its specific responses and objections below.

**REQUEST FOR ADMISSION NO. 1**:

Admit You received SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You" and "SNMP Research Software," the vague term "received," and the unlimited time period. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. Under SNMP's definitions, "You" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or

source code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties.  Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy,  and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed.

Without accepting Plaintiff's overbroad definitions, Defendant Broadcom Inc. admits Defendant Brocade Communications Systems LLC entered into a license agreement with SNMP Research International, Inc. and received software pursuant to it, and further admits that Brocade Communications Systems LLC is Broadcom Inc.'s indirect subsidiary. Subject to receiving discovery from Plaintiffs and expert analysis, Broadcom Inc. denies that it or Brocade Communications Systems LLC received the software listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or that Plaintiffs' software is subject to copyright protection.

**REQUEST FOR ADMISSION NO. 2**:

Admit You received Version 16.2.0.9 of SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You" and "Version 16.2.0.9 of SNMP Research Software," the vague term "received," and the unlimited time period. Under SNMP's definitions, "You" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Indeed, Table 1 of the Complaint does not refer to a Version 16.2.0.9 and this version is not defined in the Requests. Under SNMP's definitions, this Request seeks the

admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

For the purposes of these objections and responses, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom further construes the term "SNMP Research" to mean only the specific named plaintiffs in the present action—SNMP Research, Inc. and SNMP Research International, Inc.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, Defendant Broadcom Inc. admits Defendant Brocade Communications Systems LLC entered into a license agreement with SNMP Research International, Inc. and received EMANATE/Lite Agent Version 16.2.0.9 pursuant to it, and further admits that Brocade Communications Systems LLC is Broadcom Inc.'s indirect subsidiary. Subject to receiving discovery from Plaintiffs and expert analysis, Broadcom Inc. denies that EMANATE/Lite Agent Version 16.2.0.9 is listed in Paragraph 33, Table 1 of the Complaint (ECF No. 1) or is subject to copyright protection.

**REQUEST FOR ADMISSION NO. 3**:

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Your Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections,

which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You," "SNMP Research Software," "Your," and "Products," the vague term "inserted, added, or otherwise incorporated," and the unlimited time period. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. Under SNMP's definitions, "You" and "Your" are defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed.  Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 4**:

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Products that shipped between July 25, 2019 and the present date.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You," "SNMP

Research Software," "Your," and "Products" and the vague term "inserted, added, or otherwise incorporated." Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. Under SNMP's definitions, "You" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. The specified time period is also overbroad as it extends beyond the filing of this lawsuit. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 5**:

Admit SNMP Research Software was compiled and linked into Your Products.

**SUPPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague terms "compiled and linked into," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs'

predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

- 19 -

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 6**:

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Version 16.2.0.9 of the SNMP Research Software," "Your," and "Products," the vague terms "compiled and linked into," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are

beyond the scope of this lawsuit. Indeed, Table 1 of the Complaint does not even refer to a Version 16.2.0.9 and this version is not defined in the Requests. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request

pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 7**:

Admit SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague terms "compiled and linked into," the unlimited time period, and the categories required to be identified in Interrogatory number 1. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope

of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. identified no products in response to Interrogatory number 1.

**REQUEST FOR ADMISSION NO. 8**:

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Version 16.2.0.9 of the SNMP Research Software," "Your," and "Products," the vague terms "compiled and linked into," the unlimited time period, and the categories required to be identified in Interrogatory number 1. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Indeed, Table 1 of the Complaint does not even refer to a Version 16.2.0.9 and this version is not defined in the Requests. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.

Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. identified no products in response to Interrogatory number 1.

**REQUEST FOR ADMISSION NO. 9**:

Admit SNMP Research Software was shipped in Your Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research

Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the

joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 10**:

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Version 16.2.0.9 of the SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and

subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Indeed, Table 1 of the Complaint does not even refer to a Version 16.2.0.9 and this version is not defined in the Requests. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 11**:

Admit SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, duplicative, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," the unlimited time period, and the categories required to be identified in Interrogatory number 1. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are

unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Moreover, no Products were identified in response to Interrogatory number 1.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

6033959

Broadcom Inc. identified no products in response to Interrogatory number 1.

**REQUEST FOR ADMISSION NO. 12**:

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement, General Objections, and objections to Interrogatory number 1, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Version 16.2.0.9 of the SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," the unlimited time period, and the categories required to be identified in Interrogatory number 1. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Indeed, Table 1 of the Complaint does not even refer to a Version 16.2.0.9 and this version is not defined in the Requests. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source

- 31 -
Case 3:20-cv-00451-CEA-DCP   Document 151-9   Filed 07/19/22   Page 32 of 113   PageID #: 5863
6033959

code.  Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.  Moreover, no Products were identified in response to Interrogatory number 1.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties.  Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows: Broadcom Inc. identified no products in response to Interrogatory number 1.

**REQUEST FOR ADMISSION NO. 13**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-718.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague,

ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over

Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Your" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 14**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-772-248.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and

overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over

Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed.  Without accepting Plaintiff's overbroad definitions, denied.


**REQUEST FOR ADMISSION NO. 15**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-250.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15**:

Broadcom incorporates its original objections to this Request served on January 25, 2021

and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control

and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Your" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 16**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-956.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16</u>**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of

confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 17**:

Admit the SNMP Research Software shipped in Your Products was registered with the

Copyright Office through registration TXu 1-707-158.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 18**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-954.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of

Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly

overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.


**REQUEST FOR ADMISSION NO. 19**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-157.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period. Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software, copyright registrations and deposits, and/or source code. Broadcom further objects

to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:
The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys,

- 46 -

accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed.  Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 20**:

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-958.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research Software," "Your," and "Products," the vague term "shipped in Your Products," and the unlimited time period.  Under SNMP's definitions, "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities.  SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom.  The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit.  Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer.  Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome.  The Request as framed seeks information that is irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including

its software, copyright registrations and deposits, and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. In particular, Broadcom does not waive any challenge to SNMP's registration.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:
The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities,

- 48 -

including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date limitation, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 21**:

Admit that You did not have SNMP Research's permission to transfer SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, argumentative, compound, and overbroad, particularly as to SNMP's definition of "You," "SNMP Research," "SNMP Research Software," and "Extreme," the vague terms "permission" and "transfer," and the unlimited time period. Under SNMP's definitions, "You" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including

its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys,

- 50 -

accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," its defined SNMP Research and SNMP Research Software in a vague and overbroad fashion, included no date parameters, and did not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 22**:

Admit that You asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You," "SNMP Research International, Inc.," "SNMP Research Software," and "Extreme," the vague terms "asked," "consent," and "the transfer," and the unlimited time period. Under SNMP's definitions, "You" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly

burdensome.  The Request as framed seeks information that is irrelevant and not proportional to the needs of the case.  Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion.  Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties.  Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff

defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and did not identify the transfer in question, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiff's overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 23**:

Admit that SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "SNMP Research International, Inc.," "SNMP Research Software," and "Extreme," the vague terms "consent" and "the transfer," and the unlimited time period. SNMP defines SNMP Research to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and

is therefore impossible to answer. This Request is also vague and ambiguous as it does not specify which transfer it is referring to or which entity did not receive consent or what time period is covered by this Request. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

- 54 -

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "You" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a vague and overbroad fashion, included no date parameters, and did not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 24**:

Admit that, prior to the transfer taking place, Broadcom was aware that SNMP Research Software was going to be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research Software," and "Extreme," the vague terms "prior to the transfer taking place," "aware" and "going to be transferred (by disclosure, license, sale, or otherwise)," and the undefined time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include,

*inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. Broadcom further objects to the extent that this Request seeks information prior to the date SNMP alleged Brocade terminated the License Agreement and after the date this lawsuit was filed.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information,

documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and does not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

## REQUEST FOR ADMISSION NO. 25:

Admit that Broadcom was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of

"Broadcom," "SNMP Research Software," and "Extreme," the vague terms "involved, directly or indirectly" and "transfer (by disclosure, license, sale, or otherwise)," and the unlimited time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for

- 58 -

this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and does not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 26**:

Admit that Broadcom facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague,

ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research Software," and "Extreme," the vague terms "facilitated" and "transfer (by disclosure, license, sale, or otherwise)," and the unlimited time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over

Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and does not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 27**:

Admit that Broadcom made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections,

which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research Software," and "Extreme," the vague terms "made affirmative efforts to support" and "transfer (by disclosure, license, sale, or otherwise)," and the unlimited time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this

- 62 -

Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and does not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 28**:

Admit that Broadcom directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28**:

Broadcom incorporates its original objections to this Request served on January 25, 2021

and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "SNMP Research Software," and "Extreme," the vague terms "directed" and "transfer (by disclosure, license, sale, or otherwise)," and the unlimited time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control

and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, included no date parameters, and does not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 29**:

Admit that Broadcom acted as Brocade's agent in connection with the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29</u>**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as unintelligible, vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Brocade," "SNMP Research Software," and "Extreme," the vague terms "agent," "in connection with," and "transfer (by disclosure, license, sale, or otherwise)," and the unlimited time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. Brocade, in turn, is defined to include, *inter alia*, Broadcom and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. This Request is nonsensical because SNMP has defined Brocade to include Broadcom and vice versa, as well as all other affiliated entities and more. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of

Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software in a similarly overbroad fashion, did not define what it means by agent in this context, included no date parameters, and

did not identify the transfer in question, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 30**:

Admit that Broadcom makes or provides Products that contain SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "SNMP Research Software," the vague and undefined terms "makes or provides" and "contain," and the undefined time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a

similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 31**:

Admit that Broadcom has previously made or provided Products that contain SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, duplicative, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom," "Products," and "SNMP Research Software," the vague term "previously made or provided" and "contain," and the undefined time period. Under SNMP's definitions, "Broadcom" is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code.

Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys,

- 71 -

accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 32**:

Admit that Broadcom Inc. attempts to distribute Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined terms "attempts to distribute" and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as

premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to

include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempts to distribute, denied.

**REQUEST FOR ADMISSION NO. 33**:

Admit that Broadcom Inc. has previously attempted to distribute Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, duplicative, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined term "previously attempted to" and "distribute" and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope

of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom.  Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempts to distribute, denied.

**REQUEST FOR ADMISSION NO. 34**:

Admit that Broadcom Inc. attempts to distribute Products containing SNMP Research Software to Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, duplicative, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined terms "attempts to distribute" and "containing," and the undefined time period.  Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated

entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempts to distribute, denied.

**REQUEST FOR ADMISSION NO. 35**:

Admit that Broadcom Inc. has previously attempted to distribute Products containing SNMP Research Software to Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products,"

and "SNMP Research Software," the vague terms "previously attempted to," "distribute," and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for

this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempted to distribute, denied.

**REQUEST FOR ADMISSION NO. 36**:

Admit that Broadcom Inc. attempts to distribute Products containing SNMP Research Software to an area encompassing all or part of the East Grand Division of Tennessee.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36</u>:**

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the undefined and vague terms "attempts to distribute," and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of

6033959

confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempts to distribute,

- 82 -

denied.

**REQUEST FOR ADMISSION NO. 37**:

Admit that Broadcom Inc. has previously attempted to distribute Products containing SNMP Research Software to an area encompassing all or part of the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, duplicative, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague terms "previously attempted to distribute" and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert

discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all

- 84 -

divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by attempted to distribute, denied.

**REQUEST FOR ADMISSION NO. 38**:

Admit that Broadcom Inc. advertises or markets Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined terms "advertises or markets" and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly

burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether

the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 39**:

Admit that Broadcom Inc. has previously advertised or marketed Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined terms "previously advertised or marketed" and "containing," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and

includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 40**:

Admit that Broadcom Inc. affirmatively attempts to advertise or market Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague terms "affirmatively attempts to" and "advertise or market," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is

similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or understanding what Plaintiff means by "affirmatively attempts," denied.

**REQUEST FOR ADMISSION NO. 41**:

Admit that Broadcom Inc. has previously made affirmative attempts to advertise or market Products containing SNMP Research Software nationwide.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague,

ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc.," "Products," and "SNMP Research Software," the vague and undefined terms "previously made affirmative attempts to" and "advertise or market," and the undefined time period. Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over

Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," defined SNMP Research and SNMP Research Software and Products in a similarly overbroad fashion, and included no date parameters, Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions or what Plaintiffs means by "made affirmative attempts," denied.

**REQUEST FOR ADMISSION NO. 42**:

Admit that Broadcom Inc. has employees who work in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "employees" and "work." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. Under SNMP's definition, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for

this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 43**:

Admit that Broadcom Inc. has employees who are located in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections,

which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "employees" and "are located in." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. Under SNMP's definition, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection,

including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," Broadcom is unable to respond to this Request as framed. Without accepting Plaintiffs' overbroad definitions, denied.

**REQUEST FOR ADMISSION NO. 44**:

Admit that Broadcom Inc. has agents who live in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "agents" and "live in." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. It is also

defined to include "agents." Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

- 98 -

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and because the term "agents" as used in this Request is grossly overbroad, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 45**:

Admit that Broadcom Inc. has agents who reside in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "agents" and "reside in." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. It is also defined to include "agents." Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom

further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to

include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and because the term "agents" as used in this Request is grossly overbroad, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 46**:

Admit that Broadcom Inc. has agents who are located in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "agents" and "are located in." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. It is also defined to include "agents." Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion\.  Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties.  Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs.  Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom.  Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants,

- 102 -

and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and because the term "agents" as used in this Request is grossly overbroad, Broadcom is unable to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 47**:

Admit that Broadcom Inc. has agents who are found in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 47**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request as vague, ambiguous, duplicative, compound, and overbroad, particularly as to SNMP's definition of "Broadcom Inc." and the vague terms "agents" and "are found in." Under SNMP's definitions, "Broadcom Inc." is defined to include, *inter alia*, Brocade and all other affiliated entities. It is also defined to include "agents." Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope under SNMP's definitions to these terms would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom objects to this Request because it seeks a legal conclusion. Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

6033959

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, but Broadcom is willing to do so. It is unclear whether the term "Broadcom Inc." as used in this Request is intended only to refer to the defendant in this action or Plaintiff's overbroad definition of Broadcom. Because Plaintiff defined "Broadcom" to include numerous entities and individuals, including "Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it," and because the term "agents" as used in this Request is grossly overbroad, Broadcom is unable

to respond to this Request as framed.

**REQUEST FOR ADMISSION NO. 48**:

Admit the License Agreement is a valid and binding contract.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request because it seeks a legal conclusion regarding a contract that SNMP defines to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Plaintiff defines the License Agreement to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." Thus, this Request should be directed to Brocade to the extent it is answerable. The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, particularly as it pertains to Broadcom, but Broadcom is willing to do so.

**REQUEST FOR ADMISSION NO. 49**:

Admit the License Agreement required Brocade to keep the SNMP Research Source Code confidential.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request because it seeks a legal conclusion regarding a contract that SNMP defines to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. Broadcom further objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "Brocade" and "SNMP Research Source Code," the vague term "required … to keep … confidential," and the unlimited time period. Under SNMP's definitions, "Brocade" is defined to include, *inter alia*, Broadcom Inc. and all other affiliated entities. SNMP Research is similarly defined to include, *inter alia*, both Plaintiffs' predecessors, agents, representatives, divisions, and subsidiaries, which are unknown to Broadcom. The definition of SNMP Research Software

incorporates these overbroad entity definitions, and includes software, Source Code, and Derivative Works that are beyond the scope of this lawsuit. Under SNMP's definitions, this Request seeks the admission of multiple facts and is therefore impossible to answer. Conducting an investigation of such broad scope would be unduly burdensome. The Request as framed seeks information that is irrelevant and not proportional to the needs of the case. Broadcom further objects to this Request as premature as it first requires review of information in SNMP's possession, including its software and/or source code. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom further objects to this Request to the extent the information is not in Broadcom's possession, custody, or control and is in the possession, custody, or control of third parties or Plaintiffs. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Plaintiff defines the License Agreement to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." Thus, this Request should be directed to Brocade

to the extent it is answerable. The parties have not yet met and conferred regarding the meaning and scope of this Request pursuant to the Court's June 25, 2021 ruling, particularly as it pertains to Broadcom, but Broadcom is willing to do so.

**REQUEST FOR ADMISSION NO. 50**:

Admit that You are relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request because it seeks a legal conclusion regarding a contract that SNMP defines to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." .   Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.  Broadcom further objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You" and "Your," and the vague terms "relying, either in whole or in part" and "Your defense of this action."  Under SNMP's definitions, "You" and "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities.  Under SNMP's definitions, this Request seeks the admission of more than one fact and is therefore impossible to answer.  Broadcom further objects to this Request as prematurely seeking Broadcom's contentions and defenses because neither Broadcom nor Brocade has filed an answer in this case and the breach of contract claim is subject to a pending motion to dismiss.  Broadcom's investigation of Plaintiffs' claims and discovery related thereto is ongoing.

6033959

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, the and the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO. 51**:

Admit that You are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 51**:

Broadcom incorporates its original objections to this Request served on January 25, 2021 and supplements as follows: In addition to the Preliminary Statement and General Objections, which are incorporated herein by this reference, Broadcom objects to this Request because it seeks a legal conclusion regarding a contract that SNMP defines to be "between Brocade Communications Systems LLC and SNMP Research International, Inc." . Any response of Broadcom to this Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate. Broadcom further objects to this Request as vague, ambiguous, compound, and overbroad, particularly as to SNMP's definition of "You" and "Your" and the vague term "relying, either in whole or in part" and "Your defense of

6033959

this action." Under SNMP's definitions, "You" and "Your" is defined to include, *inter alia*, Brocade and all other affiliated entities. Under SNMP's definitions, this Request seeks the admission of more than one fact and is therefore impossible to answer. Broadcom further objects to this Request as prematurely seeking Broadcom's contentions and defenses because neither Broadcom nor Brocade has filed an answer in this case and the breach of contract claim is subject to a pending motion to dismiss. Broadcom's investigation of Plaintiffs' claims and discovery related thereto is ongoing.

Broadcom further objects to this Request to the extent it requires the disclosure of confidential and proprietary information of Broadcom and third parties. Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.

Broadcom objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Dated:  October 4, 2021                      HUESTON HENNIGAN LLP

By: _/s/ Alison Plessman_
          Alison Plessman
          Attorneys for Defendants
          Broadcom Inc.
          Brocade Communications Systems LLC

6033959

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 West 6th Street, Suite 400, Los Angeles, CA 90014.

On October 4, 2021, I served the foregoing document(s) described as:

**BROADCOM INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

on the interested parties in this action as stated below:

| | |
|---|---|
| John L. Wood, Esq. | Morgan Chu |
| Cheryl G. Rice, Esq. | David Nimmer |
| Rameen J. Nasrollahi, | A. Matthew Ashley |
| EGERTON, McAFEE, ARMISTEAD | IRELL & MANELLA LLP |
| & DAVIS, P.C. | 1800 Avenue of the Stars, Suite 900 |
| 900 S. Gay Street, Suite 1400 | Los Angeles, California 90067-4276 |
| P.O. Box 2047 | mchu@irell.com |
| Knoxville, TN 37902 | dnimmer@irell.com |
| jwood@emlaw.com | mashley@irell.com |
| crice@emlaw.com | |
| rnasrollahi@emlaw.com | |

☒  (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 4, 2021, at Los Angeles, California.

| Debi Del Grande | *Debi Del Grande* |
|---|---|
| (Type or print name) | (Signature) |

- 1 -

6054945