# Exhibit J to the Declaration of Olivia Weber

# Knight, Sheryl

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Tuesday, June 14, 2022 10:02 PM |
| **To:** | Alison Plessman; Salvatore Bonaccorso; Julia Haines; Winston Shi; Eunice Leong |
| **Cc:** | Ashley, Matt; John L. Wood; Cheryl G. Rice; Demers, Leslie A; Weber, Olivia |
| **Subject:** | RE: SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates |

Alison,

Whether Brocade's affiliates at Broadcom are also infringing SNMP's copyrighted works is certainly relevant to this case. Plaintiffs are still waiting on answers to their questions identified in my initial email and referenced in my follow-up emails. Please let us know when you are available to discuss during a meet and confer this week. We are available Thursday after 1 Pacific/4 Eastern and Monday from 11-2:30 Pacific/2-5:30 Eastern. We'd like to meet in person, as we think that an in-person meeting will better aid discussion and hopefully allow us to reach a resolution on these outstanding issues. Irell is happy to host but we could also travel to your office too.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, June 8, 2022 9:10 AM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Demers, Leslie A <leslie.demers@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** Re: SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates

Olivia -

We are reviewing all of your recent discovery requests and meet and confer letters while also preparing additional document productions. We will respond as soon as we can. All of our attention is currently focused on preparing additional productions. I suggest you review the productions you have received and will receive shortly to determine whether you really require additional information. I can't imagine that you will. Regarding Broadcom affiliates, our supplemental responses include the exact language the Court noted in its Order. It appears your new requests seek additional information regarding Broadcom affiliates, and we will respond to those when they are due. As I have indicated numerous times, I am not aware of Brocade disclosing Plaintiffs' code to any of its affiliates, and you do not allege any such disclosure in your Complaint. Thus, your requests on such topics appear to be nothing more than a fishing expedition. In the course of meeting and conferring on this issue, you have never identified a single allegation relating to a Broadcom affiliate selling products containing Plaintiffs' software that the affiliate obtained from Brocade or any allegation that Brocade disclosed Plaintiffs' software to any Broadcom affiliate. You have also never identified any factual basis to believe that has happened. Nevertheless, we will review your new requests and respond as appropriate and consistent with the Court's Order.

Thanks,

Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, June 2, 2022 9:21 AM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Demers, Leslie A <leslie.demers@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates

Alison,

We have now had a chance to review Defendants' supplemental responses to our written discovery. Defendants' assertion in those responses (and in your email below) that all affiliates of Broadcom Inc. and Brocade Communications Systems LLC are "totally irrelevant" because they are not named parties and the Complaint doesn't specifically identify them makes no sense. The Court ordered the parties to meet and confer regarding the Broadcom affiliates encompassed by Plaintiffs' discovery requests, *see* April 22, 2022 Order, at 17-18, and if the test were simply whether or not the entities are named or otherwise identified in the Complaint, then there would be nothing to meet and confer over. Moreover, the Court made clear that "to the extent a specific entity may be completely irrelevant to this matter, Defendants must—at a minimum—state as such for the specific entity instead of in a general statement relating that the sheer number of entities makes Plaintiff's request unduly burdensome."

Is it truly Defendants' position that, even if a Broadcom affiliate *sold products with Plaintiffs' software*, then that is still "totally irrelevant" under the broad discovery standard for relevance? If that is Defendants' position, then please confirm it, and we can tee the issue up with the Court to resolve.

Our questions below are not informal discovery, they are Plaintiffs' attempt to meet and confer over the purported basis for Defendants' "totally irrelevant" and "unduly burdensome" assertions. If Defendants won't respond to the questions (and you have never stated that Defendants cannot answer the questions we've asked or don't know the answer to the questions we've asked), then we will have to go back to Court over the issue.

Please let us know the answers to our questions by Tuesday, June 7.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, May 10, 2022 7:04 PM
**To:** Weber, Olivia <oweber@irell.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>;

Demers, Leslie A <Leslie.Demers@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** Re: SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates

Olivia -

I am confused by your email because you seem to be seeking informal discovery regarding Broadcom affiliates despite the Court's order. Nothing in the order suggests Defendants need to provide the information you seek. Indeed, the order would be meaningless if that were the case. Rather, per the Court's order, we maintain that each of the 150 affiliates are completely irrelevant to the claims asserted in Plaintiffs' complaint. None of the affiliates are parties, none of the affiliates are named in the complaint, and none of the claims asserted in the complaint relate to unidentified disclosures to Broadcom affiliates. You are aware of the two license agreements with Broadcom Corp and CA and confirmed those are not subject to your discovery requests, nor do any of your claims relate to those license agreements.

Best,
Alison

**Alison Plessman**
_____
**HUESTON HENNIGAN** LLP
D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, May 10, 2022 7:58 PM
**To:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates

Hi Alison,

You have not responded to this. The Court ordered the parties to meet and confer—please respond to my questions below so that the parties can do so.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Wednesday, May 4, 2022 10:17 PM
**To:** 'Alison Plessman' <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Winston Shi <wshi@hueston.com>; Eunice Leong <eleong@hueston.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; 'John L. Wood' <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Demers, Leslie A <Leslie.Demers@skadden.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** SNMP v. Broadcom et al. -- Meet and Confer regarding Broadcom/Brocade affiliates

Hi Alison,

In the Court's April 22, 2022 Order, Judge Poplin wrote in pertinent part:

> "The Court will limit the entities subject to Plaintiff's discovery requests to only 'Broadcom' and 'Brocade' at this time; however, the Court makes no finding as to Plaintiff's entitlement to information that may be held by the other entities Defendants claim are encompassed by 'Broadcom' as discovery progresses. Defendants are cautioned that—although the Court is limiting the entities at issue due to the immediate need of getting the parties engaged in a productive discovery process—they must provide more than mere general and boilerplate burden and proportionality objections. For example, to the extent a specific entity may be completely irrelevant to this matter, Defendants must—at a minimum—state as such for the specific entity instead of in a general statement relating that the sheer number of entities makes Plaintiff's requests unduly burdensome. Defendants must fully respond to Plaintiff's Category 4 requests as to 'Broadcom' and 'Brocade.' To the extent confusion lingers regarding how the term 'Broadcom' should be limited at this stage, the Court ORDERS the parties to meet and confer."

April 22, 2022 Order, at 17-18.

I have attached the organizational charts that Broadcom produced in response to SNMP's discovery requests, as we assume that these accurately set forth the names of the "affiliates" that Broadcom and Brocade have been referring nebulously to in their repeated references to the Court. If that is not the case, please explain any discrepancy.

In order to meet and confer over which of the entities are "completely irrelevant to this matter," as an initial step, please answer the following questions (all of which pertain to the time period January 1, 2017 to the present; and "SNMP Research Software" is the defined term that the Court approved in its April 22, 2022 Order):

- Which of the affiliates use or have used (which includes but is not limited to leasing or selling any product containing) SNMP Research Software?
- Which of the affiliates have (or had) in their possession any source code that contains the following language: SNMP Research
- Which of the affiliates are engaged in the sale of Brocade products (or have in the past been so engaged)?
- Which of the affiliates actually possess (or in the past possessed) any software source code?
- Which of the affiliates are or were operating entities?

Please note that our reference in number 2 to the language "SNMP Research" is just a preliminary step and not meant to be exhaustive as to potential other source code searches.

Regards,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.