**Exhibit O to the Declaration of Olivia Weber**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

## AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

---

## BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its second supplemental responses and objections to Plaintiff SNMP Research, Inc.'s ("SNMP") First Set of Requests for Production ("Requests for Production" or "RFPs"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.      Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time. Thus, Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Broadcom's responses are amended to conform to Judge Poplin's April 22, 2022 Memorandum and Order on Plaintiffs' Motion to Compel ("April 22, 2022 Order"), as Broadcom reasonably understands it. However, by making such amendments, Broadcom reserves its right to

challenge the April 22, 2022 Order as may be permissible by law or applicable rules and/or to seek further relief or clarification as needed.

4.      Per the April 22, 2022 Order, Broadcom is limiting its discovery responses to Brocade Communications Systems LLC and Broadcom, Inc.  Broadcom understands from Plaintiffs that software provided by Plaintiffs pursuant to other license agreements with Broadcom Corporation and CA, Inc.—two Broadcom, Inc. affiliates—is excluded from their discovery requests as those license agreements are not the subject of their Complaint.  Moreover, no other affiliate of Broadcom, Inc. or Brocade Communications Systems LLC (more than 150 entities identified in organization charts produced to Plaintiffs) is relevant to this action as they are not parties to this action, there is no allegation pertaining to them in the Complaint, and the subject matter of the Complaint concerns a license agreement between Brocade and SNMP Research International, Inc. and Brocade's divestiture to Extreme Networks.

5.      Broadcom responds to each Request as it reasonably interprets and understands the Request.  If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

6.      Based on Plaintiffs' explanations regarding the meaning of "Partner Products" in their Motion to Compel and the parties' meet and confer discussions, where applicable, Broadcom will construe the term "Partner Products" to refer to "the products identified in Paragraph 64 sold under other [third-party] brands." (Motion to Compel at p. 16; *see also* Weber 7/20/21 email (defining "Partner Products" as products that "Brocade ships…through other OEMs under that OEM's brand.").

6184894

7.      Plaintiffs allege the works listed in Table 1 of their Complaint (ECF No. 1 at 7) are subject to copyright protection and were registered with the United States Copyright Office.  These works, as well as the software version allegedly provided to Brocade under the License Agreement at issue, were not made available by Plaintiffs for review until April 22, 2022, and are still being reviewed and analyzed by experts retained by the parties in this case. As of today, Broadcom does not know the contents of those works or the similarities and differences among them.  Thus, as indicated above, Broadcom reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned regarding Plaintiffs' allegedly copyrighted works.

8.      The term "License Agreement" means the license agreement, as amended, attached as Exhibit A to Plaintiffs' Complaint.

9.      These responses do not include information prior to 2017, as Broadcom understands Plaintiffs are not seeking information prior to 2017.

10.     In its responses to the discovery requests below, Broadcom provides dates that it anticipates it will substantially complete its production of documents responsive to each request. To the extent Broadcom discovers responsive documents after those dates, however, it reserves its right to supplement its productions and responses.  To the extent Broadcom withholds privileged documents, it will produce a substantially complete privilege log by July 15.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 1 and therefore there are no responsive documents to this Request.


**REQUEST FOR PRODUCTION NO. 2**:

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these

6184894

objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 2 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

All Documents sufficient to Identify which Broadcom entities engaged in the sale, distribution, licensing, or transfer of any Products Identified in Interrogatory numbers 1 and 2, including which entities did so with respect to which Products.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product

doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 1 or Interrogatory No. 2 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

6184894

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No software or products were identified in response to Interrogatory No. 3 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Persons were identified in response to Interrogatory No. 4 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No customers, partners, or third parties were identified in response to Interrogatory No. 5 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 7**:

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. . Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or

- 9 -

6184894

protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 6 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 8**:

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. . Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Persons were identified in response to Interrogatory No. 7 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom is not aware of any non-privileged documents responsive to this request.

- 11 -

**REQUEST FOR PRODUCTION NO. 10**:

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products or services were identified in response to Interrogatory No. 9 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 11**:

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

6184894

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products, third-party sellers, or resellers were identified in response to Interrogatory No. 10 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 11 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 13**:

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

6184894

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products, contracts, or agreements were identified in response to Interrogatory No. 12 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 14**:

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.

- 14 -

6184894

No contracts or agreements were identified in response to Interrogatory No. 13 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 15**:

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom is withholding expert discovery, analysis, and opinion until expert disclosures are due under the Scheduling Order, and reserves its right to supplement, clarify, revise, or correct any or all of the responses based on that expert work if necessary. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No profits, losses, purchase price allocations, or other financial interests were identified in

response to Interrogatory No. 14 and therefore there are no responsive documents to this Request. Broadcom's financial statements have been produced.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents Relating to SNMP Research's Interrogatory number 15, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was identified in response to Interrogatory No. 15 and therefore there are no responsive documents to this Request. To the extent any non-privileged, responsive documents are discovered, Broadcom will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents Relating to SNMP Research's Interrogatory number 16, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was identified in response to Interrogatory No. 16 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 18**:

All Documents Relating to SNMP Research's Interrogatory number 17, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Brocade and Broadcom have produced documents establishing that Broadcom Inc. is a holding company and Brocade Communications Systems LLC is its indirect subsidiary, but Broadcom does not concede that this affiliation means Broadcom Inc. acts as the direct or indirect agent of Brocade Communications Systems LLC as a legal matter. Broadcom's production is substantially complete.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents Relating to SNMP Research's Interrogatory number 18, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

6184894

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No involvement by Broadcom Inc. was identified in response to Interrogatory No. 18 and therefore there are no responsive documents to this Request.


**REQUEST FOR PRODUCTION NO. 20**:

All Documents Relating to SNMP Research's Interrogatory number 19, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product

6184894

doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 19 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 21**:

All Documents Relating to SNMP Research's Interrogatory number 20, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

6184894

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory No. 20 and therefore there are no responsive documents to this Request.

## REQUEST FOR PRODUCTION NO. 22:

All Documents Relating to SNMP Research's Interrogatory number 21, and Your answers and responses to the same.

## SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom is not aware of any non-privileged documents responsive to this request. If any are discovered, it will substantially complete its production by June 13, 2022.

- 21 -

**REQUEST FOR PRODUCTION NO. 23**:

All Documents Relating to SNMP Research's Interrogatory number 22, and Your answers and responses to the same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged commnications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No employees or agents were identified in response to Interrogatory No. 22 and therefore there are no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 24**:

All user guides, manuals, or other instructional Documents Relating to the Products Identified in response to Interrogatory number 1.

6184894

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 25**:

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these

objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 26**:

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional

- 24 -

right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 27**:

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 28**:

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory numbers 1 and 2.

**REQUEST FOR PRODUCTION NO. 29**:

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2. Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 30**:

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No responsive build environments exist as no Source Code is being produced in response to these Requests for Production since no products were identified in response to Interrogatory numbers 1 and 2.

**REQUEST FOR PRODUCTION NO. 31**:

All Communications concerning actual or potential use of SNMP Research Software in Broadcom Products.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Broadcom Products have been identified or exist, and therefore are no responsive documents. If any communications are discovered, Broadcom will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 32**:

All Communications concerning the actual or potential removal of SNMP Research Software from Broadcom Products.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No Broadcom Products have been identified or exist, and therefore are no responsive documents. If any communications are discovered, Broadcom will substantially complete its production by June 13, 2022.


**REQUEST FOR PRODUCTION NO. 33**:

All Communications concerning the actual or potential infringement by Broadcom of SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or

protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom's production of such non-privileged communications is substantially complete.

**REQUEST FOR PRODUCTION NO. 34**:

All Communications concerning SNMP Research or the SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.

Broadcom will produce non-privileged responsive documents, to the extent they exist and are in Broadcom's possession, custody, or control. Broadcom anticipates substantially completing its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 35**:

All Communications between Broadcom and any third party concerning SNMP Research, SNMP Research Software, or this litigation.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged responsive documents, to the extent they exist and are in Broadcom's possession, custody, or control. Broadcom anticipates substantially completing its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 36**:

All internal Communications at Broadcom that Relate to any Communication received by SNMP Research concerning the breach of the License Agreement or alleged acts of infringement.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is not aware of any non-privileged responsive documents. If any are discovered, Broadcom will produce non-privileged responsive documents, to the extent they exist and are in Broadcom's possession, custody, or control. Broadcom anticipates substantially completing its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 37**:

All Documents reflecting the results of any searches of Broadcom software for SNMP Research Software in Broadcom Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom is a holding company and doesn't have products or software, and therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 38**:

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.

**REQUEST FOR PRODUCTION NO. 39**:

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these

6184894

objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2.


**REQUEST FOR PRODUCTION NO. 40**:

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Broadcom Product under the License Agreement or otherwise.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product

doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom is a holding company and doesn't have products or software, and therefore no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 41**:

Broadcom's Document retention policy.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom has

produced its document retention policies. If any others are discovered, Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 42**:

All Documents Relating to the destruction of Documents within Broadcom that may be relevant to the claims of SNMP Research.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom has produced its document retention policy. Brocade is not aware of other non-privileged documents responsive to this request. If any are discovered, Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's

possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 43**:

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Broadcom Products or Partner Products.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. There are no "Broadcom Products or Partner Products" and thus no responsive documents to this Request. Brocade includes information about its products on www.broadcom.com.

**REQUEST FOR PRODUCTION NO. 44**:

All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Broadcom Product.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. There are no "Broadcom Products" and thus no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 45**:

All financial Documents concerning Broadcom's profits and losses from October 1, 2017 continuing to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

6184894

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom has produced the quarterly and annuals reports filed with the SEC that details Broadcom's assets, liabilities, revenue, and costs. These documents may be located on the SEC's Web site at https://www.sec.gov/edgar/searchedgar/companysearch.html. Broadcom has also produced the 2017 annual report for its predecessor Broadcom Limited. Broadcom has substantially completed its production. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 46**:

A copy of each and every Document which has an agreement for Broadcom Products that contain SNMP Research Software under which Broadcom placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. There are no "Broadcom Products" and thus no responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 47**:

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the Broadcom entity doing the distributing, and the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory numbers 1 and 2.

**REQUEST FOR PRODUCTION NO. 48**:

All Documents Relating to any attempt by Broadcom to cure breach(es) of the License Agreement.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product

doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Numerous communications with Plaintiffs have already been produced. Broadcom's production is substantially complete. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 49**:

All Documents that compute or discuss the value of the assets in the disclosure, license, sale, and/or transfer from Brocade to Extreme ("Extreme Sale").

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional

right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Many documents relating to the Extreme divesture are publicly available on the SEC's website, and numerous others have been produced. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 50**:

All Source Code disclosed, licensed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Pursuant to the April 22, 2022 Order, Brocade has made available for inspection the source code for versions of FOS released after January 1, 2017. The Court did not order additional source code productions.

**REQUEST FOR PRODUCTION NO. 51**:

All Documents and things that Broadcom may seek to use at trial in this action.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom does not yet know what documents it will rely on at trial. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after

a reasonably diligent search, and will substantially complete its production by the close of discovery. Broadcom does not, however, waive any right to rely on documents in this case that were not produced or that were not responsive to these Requests.

## REQUEST FOR PRODUCTION NO. 52:

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

## SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom is withholding expert discovery, analysis, and opinion until expert disclosures are due under the Scheduling Order, and reserves its right to supplement, clarify, revise, or correct any or all of the responses based on that expert work if necessary. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

6184894

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom, Inc. did not exist at the time of the divestiture and thus did not receive payments for any purported transfer of SNMP Research Software. Broadcom, Inc.'s predecessor, Broadcom Limited, closed its acquisition of Brocade Communications Systems, Inc. after Extreme Networks, Inc. acquired Brocade Communications Systems, Inc.'s data center switching, routing and analytics business. The extent of Broadcom Limited's involvement in the divestiture is detailed in publicly available documents available on the SEC's Web site and many others have been produced. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by the June 13, 2022.

**REQUEST FOR PRODUCTION NO. 53**:

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these

objections. Broadcom further objects to this Request as seeking premature expert discovery, analysis, and opinion. Broadcom is withholding expert discovery, analysis, and opinion until expert disclosures are due under the Scheduling Order, and reserves its right to supplement, clarify, revise, or correct any or all of the responses based on that expert work if necessary. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom, Inc. did not exist at the time of the divestiture and thus did not receive payments for any purported transfer of SNMP Research Software. Broadcom, Inc.'s predecessor, Broadcom Limited, closed its acquisition of Brocade Communications Systems, Inc. after Extreme Networks, Inc. acquired Brocade Communications Systems, Inc.'s data center switching, routing and analytics business. The extent of Broadcom Limited's involvement in the divestiture is detailed in publicly available documents available on the SEC's Web site and many others have been produced. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after

a reasonably diligent search, and will substantially complete its production, if it hasn't already, by the June 13, 2022.

**REQUEST FOR PRODUCTION NO. 54**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom, Inc. did not exist at the time of the divestiture and thus did not receive payments for any purported transfer of SNMP Research Software. Broadcom,

Inc.'s predecessor, Broadcom Limited, closed its acquisition of Brocade Communications Systems, Inc. after Extreme Networks, Inc. acquired Brocade Communications Systems, Inc.'s data center switching, routing and analytics business. The extent of Broadcom Limited's involvement in the divestiture is detailed in publicly available documents available on the SEC's Web site and many others have been produced. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by the June 13, 2022.

**REQUEST FOR PRODUCTION NO. 55**:

All Documents constituting the March 29, 2017 "Purchase Agreement" with Extreme, including any amendments to it.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. was not a party to this agreement. Broadcom has produced documents constituting the March 29, 2017 "Purchase Agreement" with Extreme. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 56**:

All Documents Relating to the March 29, 2017 "Purchase Agreement" with Extreme.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. was not a party to this agreement. Broadcom has produced documents constituting the March 29, 2017 "Purchase Agreement" with Extreme. Broadcom will produce an additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 57**:

All Documents Relating to the October 3, 2017 "Consent Agreement" with Extreme.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.

Broadcom Inc. was not a party to this agreement. Broadcom has produced documents constituting the October 3, 2017 "Consent Agreement" with Extreme. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 58**:

All Documents constituting the October 3, 2017 "Consent Agreement" with Extreme, including any amendments to it.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. was not a party to this agreement. Broadcom has produced documents constituting

the October 3, 2017 "Consent Agreement" with Extreme.  Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 59**:

All Documents Relating to the "Separate Sale Agreement" between Extreme and Brocade, as referenced in the October 3, 2017 "Consent Agreement."

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.  Broadcom Inc. was not a party to this agreement.  Broadcom has produced documents constituting the October 3, 2017 "Consent Agreement" with Extreme.  Broadcom will produce any additional

non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 60**:

All Documents constituting the "Separate Sale Agreement" between Extreme and Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. was not a party to this agreement. Broadcom has produced documents constituting the "Separate Sale Agreement" between Extreme and Brocade (as referenced in the October 3, 2017 "Consent Agreement"). Broadcom will produce any additional non-privileged documents

responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 61**:

All Documents Relating to the "Release" Identified in the October 3, 2017 "Consent Agreement."

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been

produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 62**:

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 63**:

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

- 59 -

**REQUEST FOR PRODUCTION NO. 64**:

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

- 60 -

**REQUEST FOR PRODUCTION NO. 65**:

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 66**:

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition

6184894

and/or purchase of assets from Brocade as contemplated in the March 29, 2017 agreement with Extreme.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.  .

**REQUEST FOR PRODUCTION NO. 67**:

All Documents Relating to Broadcom Inc.'s sharing, either directly or indirectly, in the revenues, profits, and/or losses from Brocades' development, production, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2. Broadcom's financial statements have been produced.


**REQUEST FOR PRODUCTION NO. 68**:

All Documents Relating to Broadcom Inc.'s potential revenues, profits, and/or losses in connection with Brocades' development, production, sale and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these

objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2. Broadcom's financial statements have been produced.


**REQUEST FOR PRODUCTION NO. 69**:

All Documents Relating to Broadcom Inc.'s financial interest in Brocade's sale, development, production, distribution, and/or creation of the Products Identified in response to Interrogatory numbers 1 and 2.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product

doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2. Broadcom's financial statements have been produced.

**REQUEST FOR PRODUCTION NO. 70**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in Brocade's development, production, sale, and/or distribution of the Products Identified in response to Interrogatory numbers 1 and 2.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatories number 1 and 2. Broadcom is a holding company.

**REQUEST FOR PRODUCTION NO. 71**:

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, with Brocade's development, production, sale, and/or distribution of Derivative Works with respect to SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company and is not involved in the development,

production, servicing, sale, and/or distribution of Derivative Works with respect to SNMP Research Software.  Thus, non-privileged responsive documents do not exist. .

**REQUEST FOR PRODUCTION NO. 72**:

All Documents Relating to Broadcom Inc.'s review, awareness, and/or acknowledgment of the License Agreement.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Brocade's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 73**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market nationwide any Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 74**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in Tennessee any Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 75**:

All Documents Relating to Broadcom Inc.'s efforts, either directly or indirectly, to develop, produce, sell, service, distribute, advertise, and/or market in the area encompassing all or part of

the East Grand Division of Tennessee any Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 76**:

All Documents Relating to Broadcom Inc.'s awareness of the sale, marketing, advertising, servicing, or distribution in the area encompassing all or part of the East Grand Division of Tennessee any Products Identified in response to Interrogatory number 1.

6184894

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 77**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in Tennessee.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any

6184894

information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 78**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, marketed, advertised, and/or distributed in the area encompassing all or part of the East Grand Division of Tennessee.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

6184894

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 79**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to the University of Tennessee at Knoxville, including its contractors.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.

No such responsive documents exist as no products were identified in response to Interrogatory number 1.


**REQUEST FOR PRODUCTION NO. 80**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Blue Cross Blue Shield of Tennessee, including its contractors.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 81**:

All Documents Relating to any Products Identified in response to Interrogatory number 1 that were sold, transferred, or provided to Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including its contractors.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 82**:

Documents sufficient to Identify all employees or contractors of Broadcom Inc. who work or reside in Tennessee.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No non-privileged responsive documents exist.

**REQUEST FOR PRODUCTION NO. 83**:

All Documents Relating to Broadcom's distributors or partners in Tennessee which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any

information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 84**:

All Documents Relating to Broadcom's distributors or partners in the area encompassing all or part of the Eastern District of Tennessee which at any time have sold, marketed, advertised, and/or distributed Products Identified in response to Interrogatory number 1.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No such responsive documents exist as no products were identified in response to Interrogatory number 1.

**REQUEST FOR PRODUCTION NO. 85**:

All Documents constituting the "Brocade Merger" transaction identified at page 17 of Broadcom's 2017 Form 10-K.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No responsive, non-privileged documents exist as there is no 2017 Form 10-K for Broadcom Inc. The Form 10-K referred to by this Request is the 2017 Form 10-K for Broadcom Limited, which Broadcom has produced. Broadcom will produce any additional non-privileged documents

responsive to this Request, to the extent such documents exist, are within Brocade's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 86**:

All Documents Relating to the "Brocade Merger" transaction identified at page 17 of Broadcom's 2017 Form 10-K.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Brocade construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No responsive, non-privileged documents exist as there is no 2017 Form 10-K for Broadcom Inc. The Form 10-K referred to by this Request is the 2017 Form 10-K for Broadcom Limited, which Broadcom has produced. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Brocade's possession,

custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production, if it hasn't already, by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 87**:

Brocade's operative limited liability company agreement(s), including any amendments, from November 1, 2017 to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Brocade has produced its limited liability company agreement. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Brocade's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it

will substantially complete its production by June 13, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 88**:

Any organizational charts reflecting Broadcom's corporate relationship with its subsidiaries and affiliates, including but not limited to Broadcom Corporation and all Avago entities. The time frame for this request is January 1, 2017 to the present.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom has produced the organizational charts responsive to

this Request.  Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by June 13, 2022.  If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 89**:

Documents sufficient to Identify the "several layers between" Brocade Communications Systems LLC and Broadcom Inc.  See Dkt. 40-2 ¶ 4.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade

Communications Systems LLC. Broadcom has produced the organizational charts responsive to this Request. Broadcom will produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 90**:

All agreements between or among Broadcom, Brocade, and/or Extreme Relating to SNMP Research, SNMP Research Software, this litigation, or any other disputes with SNMP Research.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged documents).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom will produce non-privileged documents responsive to

this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and will substantially complete its production by June 13, 2022.

**REQUEST FOR PRODUCTION NO. 91**:

Documents sufficient to Identify the Persons involved in the management of Brocade Communications Systems LLC.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 91**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom has produced the organizational charts responsive to this Request. Broadcom will produce any additional non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or

control, have not already been produced, and are located after a reasonably diligent search, and

will substantially complete its production, if it hasn't already, by June 13, 2022.

Dated:  May 13, 2022                    HUESTON HENNIGAN LLP


                              By:_____/s/ Alison Plessman_____
                                    Alison Plessman
                                    Attorneys for Defendants
                                    Broadcom Inc.
                                    Brocade Communications Systems LL

6184894

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 W. 6th Street, Suite 400, Los Angeles, CA 90014.

On May 13, 2022, I served the foregoing document(s) described as:

**BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as stated below:

| | |
|---|---|
| John L. Wood, Esq. | John M. Neukom |
| Cheryl G. Rice, Esq. | DEBEVOISE & PLIMPTON LLP |
| Rameen J. Nasrollahi, | 650 California Street |
| EGERTON, McAFEE, ARMISTEAD & | San Francisco, CA 94108 |
| DAVIS, P.C. | jneukom@debevoise.com |
| 900 S. Gay Street, Suite 1400 | |
| P.O. Box 2047 | Leslie A. Demers |
| Knoxville, TN 37902 jwood@emlaw.com | SKADDEN, ARPS, SLATE, MEAGHER & |
| crice@emlaw.com | FLOM LLP |
| rnasrollahi@emlaw.com | One Manhattan West |
| | New York, New York 10001 |
| Morgan Chu | Leslie.demers@skadden.com |
| David Nimmer | |
| A. Matthew Ashley | *Attorneys for Extreme Networks, Inc* |
| Olivia Weber | |
| IRELL & MANELLA LLP | |
| 1800 Avenue of the Stars, Suite 900 | |
| Los Angeles, CA 90067-4276 | |
| mchu@irell.com | |
| dnimmer@irell.com | |
| mashley@irell.com | |
| oweber@irell.com | |

*Attorneys for SNMP Research, Inc. and SNMP International, Inc.*

[X] (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 13, 2022, at Los Angeles, California.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

SNMP RESEARCH, INC. and SNMP
RESEARCH INTERNATIONAL, INC.,

       Plaintiffs,

v.

BROADCOM INC.; BROCADE
COMMUNICATIONS SYSTEMS LLC; and
EXTREME NETWORKS, INC.

       Defendants.

Case No.  3:20-cv-00451

---

## BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its second supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Requests for Production" or "RFPs"), served on January 29, 2021.

## PRELIMINARY STATEMENT

1.      Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time. Thus, Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Broadcom's responses are amended to conform to Judge Poplin's April 22, 2022 Memorandum and Order on Plaintiffs' Motion to Compel ("April 22, 2022 Order"), as Broadcom reasonably understands it. However, by making such amendments, Broadcom reserves its right to

challenge the April 22, 2022 Order as may be permissible by law or applicable rules and/or to seek further relief or clarification as needed.

4. Per the April 22, 2022 Order, Broadcom is limiting its discovery responses to Brocade Communications Systems LLC and Broadcom, Inc. Broadcom understands from Plaintiffs that software provided by Plaintiffs pursuant to other license agreements with Broadcom Corporation and CA, Inc.—two Broadcom, Inc. affiliates—is excluded from their discovery requests as those license agreements are not the subject of their Complaint. Moreover, no other affiliate of Broadcom, Inc. or Brocade Communications Systems LLC (more than 150 entities identified in organization charts produced to Plaintiffs) is relevant to this action as they are not parties to this action, there is no allegation pertaining to them in the Complaint, and the subject matter of the Complaint concerns a license agreement between Brocade and SNMP Research International, Inc. and Brocade's divestiture to Extreme Networks.

5. Broadcom responds to each Request as it reasonably interprets and understands the Request. If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

6. Based on Plaintiffs' explanations regarding the meaning of "Partner Products" in their Motion to Compel and the parties' meet and confer discussions, where applicable, Broadcom will construe the term "Partner Products" to refer to "the products identified in Paragraph 64 sold under other [third-party] brands." (Motion to Compel at p. 16; *see also* Weber 7/20/21 email (defining "Partner Products" as products that "Brocade ships…through other OEMs under that OEM's brand.").

7.    Plaintiffs allege the works listed in Table 1 of their Complaint (ECF No. 1 at 7) are subject to copyright protection and were registered with the United States Copyright Office. These works, as well as the software version allegedly provided to Brocade under the License Agreement at issue, were not made available by Plaintiffs for review until April 22, 2022, and are still being reviewed and analyzed by experts retained by the parties in this case. As of today, Broadcom does not know the contents of those works or the similarities and differences among them. Thus, as indicated above, Broadcom reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned regarding Plaintiffs' allegedly copyrighted works.

8.    The term "License Agreement" means the license agreement, as amended, attached as Exhibit A to Plaintiffs' Complaint.

9.    These responses do not include information prior to 2017, as Broadcom understands Plaintiffs are not seeking information prior to 2017.

10.    In its responses to the discovery requests below, Brocade provides dates that it anticipates it will substantially complete its production of documents responsive to each request. To the extent Brocade discovers responsive documents after those dates, however, it reserves its right to supplement its productions and responses.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 92**:

All Documents that give Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications). Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 93**:

All Documents that give consultants or contractors of Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).  Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022.  If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 94**:

All Documents that give Broadcom the right to use, copy, license, sell, transfer, prepare derivate works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. (withholding privileged communications). Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The License Agreement is attached as Exhibit A to Plaintiffs' Complaint. On May 13, 2022, Brocade will also produce substantially all communications with Mr. Case or Plaintiffs' lawyers relating to the License Agreement after January 1, 2017 Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 95**:

All Documents that give consultants or contractors of Broadcom the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. (withholding privileged communications). Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The License Agreement is attached as Exhibit A to Plaintiffs' Complaint. On May 13, 2022, Brocade will also produce substantially all communications with Mr. Case or Plaintiffs' lawyers relating to the License Agreement after January 1, 2017. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

- 8 -

**REQUEST FOR PRODUCTION NO. 96**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom has produced an unredacted version of the "letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019."


Dated: May 13, 2022　　　　　　　HUESTON HENNIGAN LLP


　　　　　　　　　　　　　　　By:＿＿＿＿＿*/s/ Alison Plessman*＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Alison Plessman
　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　Broadcom Inc.
　　　　　　　　　　　　　　　　　　Brocade Communications Systems LLC

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 W. 6th Street, Suite 400, Los Angeles, CA 90014.

On May 13, 2022, I served the foregoing document(s) described as:

**BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as stated below:

John L. Wood, Esq.
Cheryl G. Rice, Esq.
Rameen J. Nasrollahi,
EGERTON, McAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902 jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu
David Nimmer
A. Matthew Ashley
Olivia Weber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for SNMP Research, Inc. and SNMP International, Inc.*

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
jneukom@debevoise.com

Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Leslie.demers@skadden.com

*Attorneys for Extreme Networks, Inc*

[X]    (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 13, 2022, at Los Angeles, California.

| | |
|---|---|
| Debi Del Grande | *Debi Del Grande* |
| (Type or print name) | (Signature) |

6184889

| Debi Del Grande | |
| --- | --- |
| (Type or print name) | (Signature) |

Case 3:20-cv-00451-CEA-DCP   Document 151-16   Filed 07/19/22   Page 100 of 111   PageID #: 6356

6184894

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

---

## BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its second supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP") Second Set of Requests for Production ("Requests for Production" or "RFPs"), served on January 29, 2021.

## PRELIMINARY STATEMENT

1.      Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time. Thus, Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned.

2. By making the accompanying responses and objections to SNMP's Requests, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Requests, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Requests or responses thereto to be relevant or material to the subject matter of this action.

3. Broadcom's responses are amended to conform to Judge Poplin's April 22, 2022 Memorandum and Order on Plaintiffs' Motion to Compel ("April 22, 2022 Order"), as Broadcom reasonably understands it. However, by making such amendments, Broadcom reserves its right to

challenge the April 22, 2022 Order as may be permissible by law or applicable rules and/or to seek further relief or clarification as needed.

4.      Per the April 22, 2022 Order, Broadcom is limiting its discovery responses to Brocade Communications Systems LLC and Broadcom, Inc.  Broadcom understands from Plaintiffs that software provided by Plaintiffs pursuant to other license agreements with Broadcom Corporation and CA, Inc.—two Broadcom, Inc. affiliates—is excluded from their discovery requests as those license agreements are not the subject of their Complaint.  Moreover, no other affiliate of Broadcom, Inc. or Brocade Communications Systems LLC (more than 150 entities identified in organization charts produced to Plaintiffs) is relevant to this action as they are not parties to this action, there is no allegation pertaining to them in the Complaint, and the subject matter of the Complaint concerns a license agreement between Brocade and SNMP Research International, Inc. and Brocade's divestiture to Extreme Networks.

5.      Broadcom responds to each Request as it reasonably interprets and understands the Request.  If SNMP subsequently asserts an interpretation of any Request that differs from Broadcom's understanding, Broadcom reserves the right to supplement its responses and objections thereto.

6.      Based on Plaintiffs' explanations regarding the meaning of "Partner Products" in their Motion to Compel and the parties' meet and confer discussions, where applicable, Broadcom will construe the term "Partner Products" to refer to "the products identified in Paragraph 64 sold under other [third-party] brands." (Motion to Compel at p. 16; *see also* Weber 7/20/21 email (defining "Partner Products" as products that "Brocade ships…through other OEMs under that OEM's brand.").

7. Plaintiffs allege the works listed in Table 1 of their Complaint (ECF No. 1 at 7) are subject to copyright protection and were registered with the United States Copyright Office. These works, as well as the software version allegedly provided to Brocade under the License Agreement at issue, were not made available by Plaintiffs for review until April 22, 2022, and are still being reviewed and analyzed by experts retained by the parties in this case. As of today, Broadcom does not know the contents of those works or the similarities and differences among them. Thus, as indicated above, Broadcom reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned regarding Plaintiffs' allegedly copyrighted works.

8. The term "License Agreement" means the license agreement, as amended, attached as Exhibit A to Plaintiffs' Complaint.

9. These responses do not include information prior to 2017, as Broadcom understands Plaintiffs are not seeking information prior to 2017.

10. In its responses to the discovery requests below, Brocade provides dates that it anticipates it will substantially complete its production of documents responsive to each request. To the extent Brocade discovers responsive documents after those dates, however, it reserves its right to supplement its productions and responses.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 92**:

All Documents that give Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

6184889

is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications). Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 93**:

All Documents that give consultants or contractors of Broadcom Inc. the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction

- 5 -

is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure (withholding privileged communications).  Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022.  If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 94**:

All Documents that give Broadcom the right to use, copy, license, sell, transfer, prepare derivate works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Request as this jurisdiction

Case 3:20-cv-00451-CEA-DCP   Document 151-16   Filed 07/19/22   Page 106 of 111   PageID #: 6362
6184889

is an improper venue for this action.  Documents are not being withheld pursuant to these objections.  Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.  (withholding privileged communications).  Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The License Agreement is attached as Exhibit A to Plaintiffs' Complaint. On May 13, 2022, Brocade will also produce substantially all communications with Mr. Case or Plaintiffs' lawyers relating to the License Agreement after January 1, 2017  Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022.  If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

**REQUEST FOR PRODUCTION NO. 95**:

All Documents that give consultants or contractors of Broadcom the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure. (withholding privileged communications). Brocade further objects to the extent responsive documents are not in its possession, custody, or control (not withholding as such documents are necessarily not in Brocade's possession).

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. The License Agreement is attached as Exhibit A to Plaintiffs' Complaint. On May 13, 2022, Brocade will also produce substantially all communications with Mr. Case or Plaintiffs' lawyers relating to the License Agreement after January 1, 2017. Broadcom will continue to produce non-privileged documents responsive to this Request, to the extent such documents exist, are within Broadcom's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, and anticipates that it will substantially complete its production by May 27, 2022. If responsive documents are discovered after that date, Brocade reserves its right to supplement its production.

6184889

**REQUEST FOR PRODUCTION NO. 96**:

An unredacted version of the letter from Simone Yew to Ms. Katy Motley of Extreme Networks, Inc. dated August 1, 2019.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96**:

Broadcom objects to this Request on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Request as this jurisdiction is an improper venue for this action. Documents are not being withheld pursuant to these objections. Broadcom further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by any applicable privilege or protection, including without limitation the attorney-client privilege, the attorney work product doctrine, the joint client privilege, the joint defense or common interest privilege, the constitutional right to privacy, and the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, Broadcom responds as follows:

Per the April 22, 2022 Order, Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom has produced an unredacted version of the "letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019."

Dated: May 13, 2022               HUESTON HENNIGAN LLP

                                        By:     */s/ Alison Plessman*
                                             Alison Plessman
                                             Attorneys for Defendants
                                             Broadcom Inc.
                                             Brocade Communications Systems LLC

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 523 W. 6th Street, Suite 400, Los Angeles, CA 90014.

On May 13, 2022, I served the foregoing document(s) described as:

**BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as stated below:

John L. Wood, Esq.
Cheryl G. Rice, Esq.
Rameen J. Nasrollahi,
EGERTON, McAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902 jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu
David Nimmer
A. Matthew Ashley
Olivia Weber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for SNMP Research, Inc. and SNMP
International, Inc.*

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
jneukom@debevoise.com

Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Leslie.demers@skadden.com

*Attorneys for Extreme Networks, Inc*

| X | (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

- 10 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 13, 2022, at Los Angeles, California.

| | |
|---|---|
| Debi Del Grande | *Debi Del Grande* |
| (Type or print name) | (Signature) |

6184889