**Exhibit S to the Declaration of Olivia Weber**

# Weber, Olivia

| | |
|---|---|
| **From:** | Alison Plessman <aplessman@hueston.com> |
| **Sent:** | Tuesday, June 28, 2022 11:26 PM |
| **To:** | Weber, Olivia; Debi DelGrande; John L. Wood; Cheryl G. Rice; Ashley, Matt; jneukom@debevoise.com; leslie.demers@skadden.com |
| **Cc:** | Samantha Fidler; Julia Haines |
| **Subject:** | RE: SNMP Research, Inc. v. Broadcom Inc., et al. |
| **Attachments:** | Response to Plaintiffs' June 2, 2022 Letter.pdf |

Olivia,

Please see attached.

In addition, with respect to your points below:

Defendants did fully and substantively respond to Plaintiffs' discovery requests by May 13, 2022. Defendants have also produced over one million pages of documents in addition to 30 million files containing source code, binary code, and build environments. Meanwhile, Plaintiffs have produced virtually nothing of substance and continue to stand on their boilerplate objections.

Plaintiffs' June 2 letter says nothing about Defendants' motion to dismiss and/or to transfer, so I don't know what your statement below is referring to or what rights you are reserving with respect to it. I presume you are foreshadowing an argument that you are unable to demonstrate that the Court has personal jurisdiction over Broadcom Inc. because Defendants somehow have not provided information necessary for you to do so. We have explained numerous times, however, that Broadcom Inc. is a parent holding company that does not have employees or sell products. Our discovery responses state the same. If you believe Defendants possess information that has not been produced that would satisfy the personal jurisdiction standard set forth in the Court's recent order, please let us know immediately. We are not aware of anything and believe it is clear the Court does not have personal jurisdiction over Broadcom Inc.

Broadcom responded to Plaintiffs' discovery requests about agency as discussed in the attached letter.

Brocade produced detailed revenue and sales information prior to March 4, 2018. Please review Defendants' productions.

There are no missing native files to produce as explained in the attached.

The named Defendants did not exist before the merger, as publicly available information and the information we have provided to you make clear. The pre-merger documents that were produced despite the Court's order therefore necessarily relate to predecessor entities or affiliates. Please review Defendants' productions.

Best,
Alison

**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, June 28, 2022 11:39 AM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

Please identify the issues raised in Plaintiff's letter that you believe may be mooted by last week's production. There is no reason to refuse to identify these issues now. Moreover, Broadcom's and Brocade's continuing refusal to address (or even respond to) the issues raised in Plaintiff's meet and confer letter sent nearly four weeks ago is improper, particularly given that Broadcom and Brocade are defying a Court Order that required Broadcom and Brocade to "fully and substantively respond" by May 13, 2022. Plaintiffs reserve all of their rights in this regard, including under Rule 37, and with respect to Broadcom and Brocade's motion to dismiss and to transfer.

For example, Broadcom still hasn't identified any instances in which it acted as an agent for Brocade, *see, e.g.*, Broadcom Interrogatory 17, Broadcom RFP 18, which is relevant to (among other things) personal jurisdiction over Broadcom Inc. As a further example, your clients still have not answered what happened to the general ledger information prior to March 4, 2018, which is purportedly "not available" according to Brocade's discovery responses.

In addition, it appears that we are still missing the native files for the hundreds of documents identified in the report I enclosed with the June 2 letter.

Lastly, please immediately provide a direct answer to the question I posed in my email: did Defendants' responses to the discovery requests—both their responses as well as any associated document production—include the named entities' predecessors? To be clear, we are not just asking whether Defendants' happened to produce some documents that reference their predecessor(s). If you will not provide this direct answer now, we will raise the issue with the Court.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, June 28, 2022 9:54 AM
**To:** Weber, Olivia <oweber@irell.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** Re: SNMP Research, Inc. v. Broadcom Inc., et al.

Olivia,

As I indicated in my prior email, we believe many of the issues raised in your letter were either mooted by our prior production or will be mooted by upcoming productions responsive to your latest round of discovery requests. We expect to make another production by the end of this week. We will also be responding to your

new discovery requests. I think it makes more sense to reassess what you think is missing after you have reviewed these productions, which it seems you have not done. For example, to answer your question below regarding predecessors, if you review the productions, you will see we produced many pre-merger documents despite the fact that the Court limited productions to the entities named as defendants. After we get through the next production and responses to your new discovery requests, I will review your letter again to see what might remain outstanding to meet and confer about. I believe we should be able to resolve most, if not all, of the issues raised in your letter.

Thanks,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, June 27, 2022 3:36 PM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com <jneukom@debevoise.com>; leslie.demers@skadden.com <leslie.demers@skadden.com>
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

It's been two weeks since Brocade's production and nearly four weeks since Plaintiff's June 2, 2022 letter to Brocade and Broadcom. We request answers to the issues identified in the June 2 letter by the end of the week. Please also confirm immediately that, in limiting their discovery responses to Brocade Communications Systems LLC and Broadcom, Inc., your clients did not limit their discovery responses to just those entities, but also included their predecessors.

Best,

Olivia
(949) 760-5146

**From:** Weber, Olivia
**Sent:** Thursday, June 2, 2022 1:31 PM
**To:** Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

Please see attached letter and enclosure.

Best,

Olivia
(949) 760-5146

---

**From:** Debi DelGrande <dDelGrande@hueston.com>
**Sent:** Saturday, May 14, 2022 12:00 AM
**To:** John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Rameen J. Nasrollahi <rnasrollahi@emlaw.com>; Chu, Morgan <MChu@irell.com>; Nimmer, David <DNimmer@irell.com>; Ashley, Matt <MAshley@irell.com>; Weber, Olivia <oweber@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>
**Subject:** SNMP Research, Inc. v. Broadcom Inc., et al.

Counsel,

Attached please find:

- Broadcom Inc.'s and Brocade Communications Systems LLC's second supplemental responses and objections to RFPs, Sets One and Two
- Brocade Production letter

**Debi DelGrande**
*Litigation Assistant*

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4296
T: 213.788.4340
dDelGrande@hueston.com

523 West 6th St Suite 400
Los Angeles CA 90014

---

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

ALISON L. PLESSMAN  aplessman@hueston.com  523 West 6th Street
D: 213 788 4542  Suite 400
T: 213 788 4340  Los Angeles, CA 90014
F: 888 775 0898

# HUESTON HENNIGAN LLP

June 28, 2022

**VIA E-MAIL**

Olivia Weber
Irell & Manella LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA  92660

Dear Ms. Weber:

Defendants Broadcom, Inc., ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") write in response to your June 2, 2022, letter regarding Defendants' discovery responses, which were timely served by midnight on May 13, 2022. As Defendants explained prior to May 13, given the scope of Plaintiffs' requests and the types of documents and information requested, the collection, review, and production of responsive documents is an enormously time-consuming and expensive undertaking.  Thus, as explained, it was not possible to produce all responsive documents by May 13, 2022, nor did we view the Court's April 22 order as requiring that all productions be completed by that date (particularly given the Court's discovery orders in other lawsuits).  Instead, Defendants identified a date by which they anticipated they would be able to substantially complete their productions based on a reasonably diligent search and worked in good faith to do that.  To date, Defendants have produced <u>over one million</u> pages of documents, in addition to the nearly <u>30 million files</u> that have been produced relating to Brocade's source code, binary code, and build environments.  Moreover, Defendants have informed Plaintiffs that they expect to produce additional documents this week.

In sharp contrast, Plaintiffs have produced only 1,932 documents and continue to refuse to produce numerous categories of highly relevant documents for no apparent reason.  Plaintiffs' discovery responses also still assert only boilerplate objections despite the Court's April 22 order.  Despite all of this, Plaintiffs recently served three new sets discovery requests, in addition to sending the June 2 letter, before even reviewing Defendants' productions.  It appears that Plaintiffs still have not reviewed Defendants' productions based on the parties' recent correspondence.  Many of the issues raised in your June 2 letter are now moot.  Given that Plaintiffs have had time to draft three new sets of discovery requests (which they oddly claim are duplicative of discovery requests already served) and write detailed letters identifying purported deficiencies before even reviewing Defendants' productions, it is all the more disturbing that Plaintiffs have produced very little of substance to date.

Although Defendants have suggested that it makes more sense for the parties to meet and confer regarding any outstanding issues after Plaintiffs have actually reviewed Defendants' productions, including productions being prepared in response to Plaintiffs' latest requests, Plaintiffs seem more concerned with engaging in a letter writing campaign than allowing Defendants to focus on collecting and producing the

**HUESTON HENNIGAN LLP**

documents that Plaintiffs claim they still need. Nevertheless, this letter endeavors to address the key aspects of your June 2 letter given your continued demands for immediate responses.

### A. <u>Defendants' Second Supplemental Responses and Objections to SNMP Research's First Set of Interrogatories.</u>

1. **Third party identification.**

<u>Interrogatory 2</u>: Interrogatory number 2 asks Brocade to identify all Partner Products "to the extent not fully Identified in response to Interrogatory number 1." Brocade provided a full and substantive answer by explaining that the relevant products were already identified in response to Interrogatory 1. Brocade further explained that any of the products identified in response to Interrogatory 1 could be sold as OEM branded, but there were no additional products to identify beyond the products listed in Interrogatory number 1. Thus, Brocade believes it fully responded to Interrogatory number 2 as framed, and as further explained by Plaintiffs during the parties' meet and confer calls. In addition, Brocade has provided extremely detailed spreadsheets containing information regarding its products, sales, revenues, customers, etc. The spreadsheets contain more information than requested by Plaintiffs, so it is unclear what information you believe is lacking (if anything). If the issue is that you do not understand the information provided, we will endeavor to put together a glossary for you, even though we do not think that is required.

<u>Interrogatory 5</u>: Brocade provided a full and substantive answer to this interrogatory. Brocade has provided spreadsheets that provide the same information identified in your letter (or very similar information) and more. What information do you believe is missing? Also, Rule of Civil Procedure 33(d) entitles Brocade to produce business records in response to an interrogatory where an answer may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party. To the extent Brocade does not maintain information exactly as Plaintiffs requested it, the answer to Plaintiffs' interrogatory can be determined by examining the business records that Brocade identified and provided (to the extent the information requested exists).

<u>Interrogatory 10</u>: Brocade provided a full and substantive answer to this interrogatory. The interrogatory seeks information regarding third-party sellers and resellers of Brocade's products after Brocade has sold its products to its customers. Brocade explained in its response that it does not track the third-party information requested. Although this interrogatory does not ask Brocade to identify its customers, your June 2 letter states that it is unclear whether the list of OEMs that Brocade provided for context in its response to this interrogatory is complete. As stated in response to other interrogatories seeking information about Brocade's customers, the spreadsheets provided by Brocade include detailed information regarding Brocade's products, sales, customers (including OEMs and end customers), and more. Brocade does not understand why these spreadsheets do not provide the information Plaintiffs need or what information Plaintiffs believe Brocade possesses that it has not provided.

2. **Agency.**

Broadcom provided a full and substantive answer to Plaintiffs' interrogatory asking it to identify instances in which it has acted as an agent for Brocade. In your June 2 letter, you question the accuracy of Broadcom's response based on an August 2019 letter from Simone Yew to Extreme Networks. You also vaguely refer to "the number of times that representatives of Broadcom Inc. communicated with other entities on behalf

**HUESTON HENNIGAN LLP**

of Brocade with respect to the conduct underlying this case." With respect to the August 2019 letter from Ms. Yew, it is unclear why you believe this is an example of Broadcom Inc. acting as an agent for Brocade. Ms. Yew is an attorney who represents both Brocade and Broadcom Inc. Please identify the other instances you are referring to, so Brocade can reasonably assess your inquiry.

3. **Product financials.**

Your June 2 letter requests a "data dictionary" to help Plaintiffs interpret the financial information provided by Brocade. Although Brocade is not required to do so and although this documentation will need to be created, Brocade will provide a glossary as a good faith gesture that it expects Plaintiffs to reciprocate. Brocade has also provided detailed spreadsheets containing information about its product support revenues, although it believes such information to be outside the scope of Plaintiffs' requests and irrelevant.

Regarding Interrogatory 12, Brocade produced responsive OEM agreements, so Brocade assumes the demand in your June 2 letter is now moot. Your letter also requests purchase orders for the first time. My understanding is that this could require a tedious production of tens of thousands of documents. Given the volume of information Brocade has already produced, we do not understand why Plaintiffs need this information. We are willing to meet and confer regarding your request, but it is inconsistent with your prior representations during our meet and confer calls regarding the scope of Interrogatory 12. We suggest you review the information already contained in Brocade's voluminous productions before pressing for more.

4. **"Missing" product financials.**

Defendants produced detailed product revenue information for the period January 1, 2017 through March 4, 2018, so this issue is moot.

5. **Code review.**

Regardless of when Plaintiffs made its code available or when experts first began their source code reviews, expert discovery is governed by the Court's Scheduling Order and Defendants have no obligation to disclose their experts' analyses and conclusions until expert disclosures are due. Plaintiffs themselves have indicated that their experts' source code review is ongoing. Plaintiffs and their experts have access to the same source code, and Defendants are not "withholding" any source code as Plaintiffs vaguely seem to suggest.

6. **BATES ranges.**

Plaintiffs demand that Broadcom and Brocade provide bates numbers for the documents identified in their interrogatory responses. Federal Rule of Civil Procedure 33 does not require a party to provide bates numbers, and Defendants believe they provided "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Rule 33(d). It is implausible that Plaintiffs are unable to locate the Release Notes in Defendants' productions given that they are entitled "Release Notes" and are readily identifiable. To identify the bates ranges, we would search for the term "Release Notes," which Plaintiffs can do just as easily Defendants. The same is true for the P/Ls and extracts of general ledger information you reference. Tellingly, your June 2 letter elsewhere makes clear you have already located these documents (e.g., you complain you need a data dictionary to help you understand the general ledger extracts). If there is a document that you are truly unable to locate despite Defendants' descriptions,

**HUESTON HENNIGAN LLP**

we will provide bates numbers, but Defendants should not have to go through a needless exercise when Plaintiffs have already located the documents or can do so easily.

- **B. Defendants' Second Supplemental Responses and Objections to SNMP Research's First Set and Second Sets of Requests for Production.**

    1. **Scope of production.**

Given the volume and content of Defendants' productions to date, we assume this issue is moot, particularly given that Plaintiffs have produced very little in comparison. Moreover, as we have explained, Defendants expect to produce additional documents this week.

   2. **Surveys, business plans, and marketing materials.**

Defendants have produced an extraordinary number of these types of documents. We assume this issue is moot.

   3. **Publicly available documents.**

Plaintiffs seem to demand that Defendants produce publicly available information that is equally available to Plaintiffs. We do not believe Defendants are required to do so. *See, e.g.*, *Scheib v. Retirement Program Plan*, 2010 WL 2901633, at *2 (E.D. Tenn. July 22, 2010) (holding that a request was "satisfied" by the "provision of information about publicly available websites"). If Plaintiffs believe Defendants are required to print and produce documents from publicly available websites (e.g., www.broadcom.com and www.sec.gov) when Plaintiffs could do so just as easily, please provide authority that supports your position.

   4. **Identification of third parties.**

See response regarding Interrogatory number 10 above. Extensive information has been produced identifying Brocade's customers. Given that your letter was written before Defendants' June 13 productions, we assume this issue is moot.

   5. **Brocade financial statements.**

Brocade has produced extensive information about its financials. Given that your letter was written before Defendants' June 13 productions, we assume this issue is moot.

   6. **Versions of FOS.**

Brocade does not understand Plaintiffs' issue regarding its unambiguous response to RFP 23. Brocade believes it has complied with the Court's order regarding the production of source code. If Plaintiffs believe something is missing from that production, please identify it rather than unnecessarily asking Brocade to restate and confirm its responses to Plaintiffs' discovery requests.

   7. **"Improper" assertion of privilege.**

As discussed, Defendants are preparing a privilege log that will satisfy their obligations to identify privileged or otherwise protected material. Notably, Plaintiffs likewise have not yet provided a privilege log. Moreover,

# HUESTON HENNIGAN LLP

at least Federal Rule of Civil Procedure 26(b)(1) and (5) protect Defendants from producing privileged discovery. However, in the interest of efficiency, Defendants answer Plaintiffs' letter as follows:

RFP 40: Documents relating to the destruction of documents. Attorney-client communications or work product relating to the destruction of documents potentially could be privileged. There are any number of ways in which this topic could be discussed in a privileged setting. What is the source of your confusion?

RFP 48: Source code escrow agreements and documents that show the customers to which those relate. Attorney-client communications or work product responsive to this request potentially could be privileged. Defendants are not contending that responsive third-party agreements themselves would be privileged if they in fact existed.

RFP 76: Again, attorney-client communications or work product responsive to this request potentially could be privileged. As just one example, emails between Defendants and Defendants' counsel about this request for production or draft discovery responses would be privileged.

We do not understand Plaintiffs' purported confusion regarding the different ways certain documents responsive to these requests potentially could be privileged, but believe this ultimately will be a non-issue.

8. **Build environments.**

Brocade produced its build environments as they are maintained in the ordinary course of business. Doing so required the production of over 4 million files. Brocade is not required to now also load the files onto the source code computers for Plaintiffs or otherwise help Plaintiffs with their review or provide them with instructions. Please provide authority to the contrary for our consideration if any exists. To the extent Plaintiffs believe that build environments for certain releases are missing, please identify them.

9. **Broadcom production.**

Your letter was sent before receiving Defendants' June 13 productions. I assume this issue is now moot given the volume and content of the documents that have been produced. We have produced documents for both Broadcom Inc. and Brocade.

10. **Documents constituting the Brocade Merger.**

Broadcom's response to RFP No. 85 indicates it will produce non-privileged documents responsive to the request, to the extent such documents exist, are in its possession, and are located after a reasonably diligent search. Your letter seems to be asking Broadcom to restate its response for no apparent reason. This sort of pointless demand is exactly why Defendants have resisted engaging in unnecessary letter writing campaigns, which only prevent the parties from focusing on substantive issues that will move this case forward. This is particularly true when Plaintiffs have to date produced very little of substance.

C. **Defendants' First Supplemental Responses and Objections to SNMP Research's First Set of Requests for Admission.**

The Court's April 22, 2022, Order did not require Defendants to amend their responses to Plaintiffs' Requests for Admission. Which responses do you believe should be amended and why?

HUESTON HENNIGAN LLP

### D. Native Documents

Your letter states that Brocade failed to produce native files and enclosed a report purporting to show the native files that have been left out. My understanding is that these files are natives to PowerPoints, emails, and a word document. We are not obligated to provide the native files for those types of documents per the ESI protocol, and you were provided corresponding tiff images. When we exported the production, the native files exported as well, which is why the load file points to them. You can therefore disregard the references to these native files. Please let us know if you still believe native files are missing.

Sincerely,

*/s/ Alison L. Plessman*

Alison L. Plessman
Counsel for Defendants
Broadcom, Inc., and
Brocade Communications Systems LLC

HUESTON HENNIGAN LLP