**Exhibit T to the Declaration of Olivia Weber**

# Weber, Olivia

| | |
|---|---|
| **From:** | Alison Plessman <aplessman@hueston.com> |
| **Sent:** | Friday, July 15, 2022 8:11 PM |
| **To:** | Weber, Olivia; Debi DelGrande; John L. Wood; Cheryl G. Rice; Ashley, Matt; jneukom@debevoise.com; leslie.demers@skadden.com |
| **Cc:** | Samantha Fidler; Julia Haines |
| **Subject:** | RE: SNMP Research, Inc. v. Broadcom Inc., et al. |

Hi Olivia,

As a starting point, your email imposes burdens on Brocade and Broadcom Inc. beyond those required by the Court's April 22, 2022 Order or the Federal Rules of Civil Procedure. Nevertheless, I will attempt to respond to your points below in good faith assuming you will extend the same courtesy in response to our questions about your discovery responses and document productions.

1. We have already explained our approach regarding predecessors several times. Your insistence that we respond using your exact language, which is inconsistent with the Court's Order and your own prior representations, suggests to me that you are either trying to create distractions so that we do not have time to focus on your discovery failures or concoct an argument that you somehow don't have the information you need for next week's supplemental filing. Notably, you did not respond to my question regarding your discovery requests that reference specific entities, including Broadcom Inc., Broadcom Limited, Brocade Communications Systems, Inc., and Brocade Communications Systems LLC, which you previously insisted were intended to apply solely to the entities referred to in those requests. You instead ask me to provide citations to the record. Are you seriously disavowing your prior statements?

    Regardless, since you insist that we use the word "interpretation" in our response, we interpret your interrogatories and requests for production in accordance with the Court's Order – i.e., we interpret the term "Brocade" to mean Brocade Communications Systems LLC and the term "Broadcom" to mean Broadcom Inc., just as the Court defined those terms in its April 22, 2022 Order. *See* Order at 1-2, 17. Moreover, consistent with your prior representations, when your discovery requests refer to specific entities instead of using the more general terms "Brocade" or "Broadcom," we generally interpret those requests to be limited to those entities. All that said, practically speaking, we did not exclude information from our productions simply because it involved predecessor entities (as I've explained several times). You know this to be true because you can easily search for the names of these entities in our productions. Our interrogatory and RFP responses also detail the role of predecessor entities where applicable. Again, if you are looking for specific documents or information concerning the predecessor entities, please identify what you believe to be missing.

    Your RFAs need to be addressed separately, and I do so below.

2. You state this is the first time you have heard that Brocade Communications Systems LLC doesn't create documents entitled balance sheets or income statements, but I don't believe we have ever had a conversation about such documents one way or the other. At the very least, I have never stated anything to the contrary. In response to your RFPs, we agreed to conduct a reasonably diligent search for such documents to the extent they exist, subject to our objections, which is what we have done. We are not obligated to identify all other financial documents we have produced by bates number. A search for "Brocade and revenue" alone yields over 8,000 documents. I would, however, refer you again to the detailed P/Ls we have produced as well as the financial spreadsheets containing voluminous extracts from the general ledger and subledgers (in addition to the thousands of documents we have produced relating to Brocade's finances). Moreover, Broadcom Inc.'s consolidated financial statements are publicly available on the SEC's website, and we have also produced

them.  The same is true for Brocade Communications Systems Inc. and Broadcom Limited.  Balance sheet information is available in those public filings.

To be clear, I was not asking about the relevance of financial documents generally.  I was asking how the documents you are requesting are relevant to the Court's personal jurisdiction over Broadcom Inc.  I don't follow your capitalization/marketing argument, particularly in light of the Court's order describing what you need to show to establish personal jurisdiction over Broadcom Inc. and the fact that Broadcom Inc. is not an operating entity, but I believe the documents we have produced regarding the finances of Brocade and Broadcom Inc. are more than sufficient to address this issue.

3. Regarding the glossary you are requesting, while we are not obligated to provide it, we are aiming for next Tuesday/Wednesday.  Responding to these emails and your other requests prevents us from being able to focus on other tasks, so we need to prioritize.

4. Regarding your question concerning Interrogatory No. 9, we have provided spreadsheets detailing all product and global services revenue for Brocade going back to January 1, 2017.  I explained in my letter responding to your June 2 letter that we were able to locate and produce the archived transaction data going back to January 1, 2017.  If you believe something is missing, please identify it.

5. You state that Broadcom and Brocade have not fully and substantively answered the interrogatories and RFPs identified below, but we do not agree.  For one, your argument seems to rest on a tortured and new reading of the Court's April 22, 2022 Order.  You suggest that Broadcom Inc. should answer the interrogatories and RFPs as though it were Brocade and vice versa.  That makes absolutely no sense and would render many of your requests nonsensical.  Indeed, there would be no reason to serve dozens of requests on both parties if they were required to respond as one and the same entity.  Broadcom Inc. is not required to identify Brocade's products as its own products, and you cannot claim to be lacking information about Brocade's products because Brocade identified them in its responses.  Moreover, Broadcom Inc. did not "evade" responding to your other requests.  Broadcom Inc. has no products to identify in response to Interrogatory No. 1 and therefore certain of your other interrogatories (and RFPs), which were expressly tied to the products identified in Interrogatory No. 1, became moot.  The fact that Broadcom Inc. has no products to identify in response to Interrogatory No. 1 does not render its responses incomplete or evasive.  That's how you chose to word your discovery requests.

You also take issue with Broadcom Inc.'s explanation that it is a holding company and not an operating company, and you state that is not a legitimate reason to refuse to answer the requests.  But Brocade and Broadcom did not refuse to answer your requests on that basis.  Rather, the fact that Broadcom Inc. is a holding company and not an operating company provides context for their answers.  If responsive documents or information existed, we would provide it.  I don't know how you are contemplating that Broadcom Inc. participates in sales and marketing activities as a non-operating entity, but please let us know if you have something specific in mind.  Your gripe really seems to be that you do not like our answers because they are not helpful to you rather than that they are incomplete.   We have been candid about Broadcom Inc.'s status as a holding company from the beginning of this case.

Regarding your RFAs, you did not move to compel on your RFAs.  Our responses and objections to the RFAs explain how we interpreted them prior to the Court's Order.  The Court's Order did not address the RFAs or resolve all of the objections raised in them, so it doesn't work to simply supplement them consistent with the Court's Order.  That said, we are happy to meet and confer regarding them in light of the Court's Order, so that the parties can discuss any unresolved objections.  I do not agree we have already meaningfully met and conferred regarding these requests. Moreover, although you say below that "Brocade has not answered RFAs 41 – 60 and Broadcom has not answered RFAs 30 – 41," that is not true.  Brocade and Broadcom answered many, if not most, of these requests, so I'm not sure what you are referring to.  Although you also claim these RFAs are critical to the supplement due on July 22, 2022, it is not clear why that would be the case given that you did not move on them and your interrogatories cover identical ground.  Supplementing our answers will not change the

fact that Broadcom Inc. is a holding company that does not sell or distribute products or even have employees. Whether we supplement or not, our denials will remain denials. If there is any doubt lingering, let me reiterate: Broadcom Inc. is not an operating entity and does not sell or distribute products in Tennessee.

Sincerely,
Alison


**Alison Plessman**

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, July 12, 2022 11:02 AM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Hi Alison,

1. You have still not clearly answered the following question that I have repeatedly posed: for <u>each</u> interrogatory and RFA that uses the terms "Broadcom," "Broadcom Inc.," or "Brocade," did your clients respond by interpreting <u>each</u> request to include the predecessors of the named entities? If you have excluded predecessor entities from any of these terms (including "Broadcom Inc.") on any basis, please say so. If you were excluding predecessors from the term "Broadcom Inc." because you believed that Plaintiffs purportedly authorized that, then please also say so and provide citation to the record supporting that assertion.

   Furthermore, while you state that you have not looked at the RFAs recently because we did not move to compel on those, we asked you more than a month ago (on June, 2, 2022) to update your clients' responses to the RFAs given that the Court's April 22 Order flatly rejected the positions that your clients took in the RFA responses in the identical context of their responses to Plaintiff's interrogatories and RFPs. My email last Thursday was also the second of two emails that explicitly asked you whether your clients included predecessor entities in their RFA responses. Accordingly, please provide an answer to my question by noon EST/9 Pacific tomorrow: for <u>each</u> RFA that uses the terms "Broadcom," "Broadcom Inc.," or "Brocade," did your clients respond by interpreting <u>each</u> RFA to include the predecessors of the named entities?

2. This is the first time we have heard that Brocade Communications Systems LLC doesn't create documents called balance sheets or income statements. Are you taking the same position with respect to its predecessor as well? Either way, in light of this new information and your assertion that Brocade has other documents detailing the "same types" of requested financial information, please identify these other documents by Bates number. And to answer your question about what we need, at the very least, we need annual information from 2017 to the present as to Brocade Communications Systems LLC's: (i) assets and liabilities; and (ii) income from operations. Production of this information has already been ordered, so we are not obligated to further argue relevancy with you, but suffice it to say that it goes to, among other things, the adequacy of Brocade Communications Systems LLC's capitalization (which is relevant to, among other things, Broadcom Inc.'s indirect marketing/sales through Brocade). But again, we are not going to argue relevance as Defendants have already been ordered to respond "fully" to the discovery and their responses were due two months ago.

3

3. Thank you for confirming that you will provide a glossary soon. Please let us know the date by which you will circulate it.

4. Please state whether the Bates range you cited completes Brocade's response to Interrogatory 9, which requested identification of revenues and costs of products or services sold with or as a result of the purchase of the accused products. To summarize, the only information identified in Brocade's written response to Interrogatory 9 were (1) slide decks showing Brocade P/Ls going back to 2017; (2) raw extracts from general ledger transactions for Brocade products, which did not include transactions from January 1, 2017 through the second quarter of 2018, and (3) a citation to BROCADE051322, which Brocade described as an Oracle Business Intelligence Report showing Brocade product revenue history for FY18Q3 to FY22Q2. Notably, Brocade's response to Interrogatory 9 did not include the documents you identified in your email yesterday. Please confirm whether there are any other Bates numbered documents (beyond those cited in your email) that identify the revenues and costs of products or services sold with or as a result of the purchase of the accused products.

5. Broadcom and Brocade have not fully and substantively answered the following requests listed in issue 5 below.

   Brocade answers Interrogatories 16 – 20, and RFPs 16 – 20, 74 -77 by stating that Broadcom Inc. is a holding company and not an operating company. The fact that Broadcom Inc. considers itself a holding company does not mean Broadcom Inc. is not involved in sales and marketing activities.

   Broadcom does not answer Interrogatories and RFPs 17 – 22 because it did not answer Interrogatory 1. The Court limited the "the entities subject to Plaintiff's discovery requests to only 'Broadcom' and 'Brocade' at this time," Dkt. 131 at 17, yet Broadcom interpreted Interrogatory 1 to exclude "Brocade." Specifically, Plaintiff defined "Broadcom" to include its subsidiaries (i.e. Brocade); in turn, Plaintiff requested Broadcom to identify "all Broadcom Products that contain, use or are otherwise associated with SNMP Research Software," Broadcom Interrogatory 1. Rather than identify Brocade products, Broadcom construed Interrogatory 1 to only encompass "Broadcom Inc." and responded that Broadcom Inc. is a holding company that does not have products or employees. This enabled Broadcom to evade other requests. For example, Interrogatory 20 asked Broadcom to identify all products responsive to Interrogatory 1 for which "Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in the area encompassing all or part of the Eastern Grand Division of Tennessee . . . ." Broadcom responded to Interrogatory 20 by stating that "No products were identified in response to Interrogatory number 1." Broadcom therefore did not provide a full and substantive answer about its direct or indirect involvement in the marketing and sale of accused products in the Eastern Grand Division of Tennessee. Likewise, in response to RFPs 70, 71, 73-81, 83, and 84, Broadcom refused to answer because it did not answer Interrogatory 1, or because it identifies as a holding company. These are not legitimate reasons to refuse to fully and substantively answer the requests.

   Lastly, Brocade has not answered RFAs 41 – 60 and Broadcom has not answered RFAs 30 - 41. The only reason given for refusing to answer is because a meet and confer is required. But months ago Plaintiff sent a detailed discovery letter highlighting deficiencies in the RFAs and also met and conferred with Brocade and Broadcom extensively in the fall. It is unclear whether your clients are still in fact asserting that an additional conference is required, but regardless, we have requested to meet and confer numerous times and have not received a response. Since these RFAs are critical to the supplement due on July 22, 2022 we have no choice but to seek relief from the Court.

   Plaintiff is no longer raising Brocade RFPs 78-84 and Broadcom RFPs 92, 92, and 95 at this time, but reserves the right to do so in the future after additional review.

Please provide the information requested above by noon EST/9 a.m. PST tomorrow, or Plaintiff will need to move to compel.

Best,

Olivia
(949) 760-5146

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Monday, July 11, 2022 3:00 PM
**To:** Weber, Olivia <oweber@irell.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Olivia,

I apologize, but I did not see your email on Thursday. I'm on my way to the airport, but I will try to respond briefly now:

1. I believe I did answer your questions regarding this, but I would also note that many of your discovery requests reference specific entities, including Broadcom Inc., Broadcom Limited, Brocade Communications Systems, Inc., and Brocade Communications Systems LLC. You argued strenuously in the past that those requests were intended to solely apply to the entities referred to in those requests. I assume you are excluding those requests from your question below. Is that correct? For the ROGs and RFPs that refer more generally to Brocade or Broadcom, we did not exclude information on the basis that it involved predecessor entities, despite the Court's order, as I've explained previously. If you have concerns about specific requests, please identify them. I have not looked at the RFAs recently as you did not move on those and the Court's order therefore did not address them. I will have to go back and look at our responses to those.
2. I believe we produced non-privileged financial documents responsive to your discovery requests, including RFP 47, that were identified after a reasonably diligent search. My understanding is that Brocade doesn't create documents titled "balance sheets" or "income statements," but we produced MANY documents detailing the same types of financial information. What specifically are you looking for that you believe is relevant to the personal jurisdiction issue?
3. Glossary – we should be able to send this next week if not sooner
4. See, e.g., BROCADE00700272 - BROCADE00700290
5. We will review our responses to these requests, but what specifically do you "take issue with"?

Thanks,
Alison

**Alison Plessman**

_____

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, July 11, 2022 1:16 PM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

We have not heard from you on my email below. If it is your position that you have produced the requested documents/information, please identify those documents/information to us immediately. Otherwise we will need to move to compel on the issues noted below.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, July 7, 2022 3:17 PM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

I write concerning several outstanding issues relating to the discovery responses provided by Broadcom and Brocade, listed below, which are all directly related to the personal jurisdiction issue and supplemental filing Judge Atchley ordered the parties to make on July 22, 2022. Plaintiffs intend to address other outstanding issues (and positions taken in your letter last week) by separate cover.

1. With respect to each of Plaintiff's interrogatories and RFAs to Broadcom and Brocade that uses the terms "Broadcom," "Broadcom Inc.," or "Brocade," did your clients respond by interpreting each request to include all predecessors in the relevant time period, including, e.g., Broadcom Limited, Broadcom Pte. Ltd., and Brocade Communications Systems, Inc.? We have asked this question multiple times and need a straightforward answer.

2. As noted in my June 2 letter, it appears that Brocade has failed to produce the requested (and ordered) balance sheets and income statements (whether audited or unaudited, whether titled "balance sheets" or "income statements" or something else). Brocade's response to RFP 47 also indicates that it is refusing to produce all financial documents reflecting its current assets, liabilities, and income (which would include, e.g., documents reflecting asset statements or financial condition). Please produce all such documents for the requested time period as Judge Poplin ordered. These documents/information should be readily accessible and therefore easy to produce right away.

3. Your letter last week states that Brocade would provide a "glossary" for interpreting the raw financial information it provided. We appreciate that offer. Please let us know when we can expect to receive that item.

4. As also mentioned in my June 2 letter, Brocade's general ledger extracts are missing revenues including product support revenues delineated by product or service name. Brocade indicated that it produced product support revenues, but despite our efforts we have yet to locate the same. Please provide a Bates number for the document(s) reflecting such revenues so that Plaintiffs can see what Brocade is referring to when indicating it has produced that information.

5. Plaintiffs continue to take issue with Broadcom and Brocade's failure to respond to numerous discovery requests which request Broadcom's direct or indirect involvement in marketing, advertising, selling, servicing, or

distributing nationwide or to Tennessee any Products containing SNMP Research Software. We request that the following discovery requests be supplemented:

    For Brocade: Interrogatory Nos. 16-20; RFPs 16-20, 74-84; RFAs 41-60

    For Broadcom: Interrogatory Nos. 17-22; RFPs 17-22, 70, 71, 73-81, 83, 84, 92, 94 and 95; RFAs 30-41

Plaintiffs request a response by 5 p.m. Eastern/2 p.m. Pacific on Friday that answers the questions noted above <u>and</u> commits to producing the requested documents/information by the end of the business day on Wednesday, July 13, 2022. We are willing to meet and confer with you on any of the above items tomorrow or Monday.

Plaintiffs reserve all rights to seek all available remedies, including under Rule 37, with regard to these issues.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, June 29, 2022 11:54 AM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

We appreciate your response with respect to the document productions. You still have not answered the question directly with respect to your clients' responses to Plaintiff's Interrogatories and the RFAs. With respect to <u>each</u> of Plaintiff's interrogatories and RFAs to Broadcom and Brocade that uses the terms "Broadcom," "Broadcom Inc.," or "Brocade," did your clients respond by interpreting <u>each</u> request to include Broadcom Limited and Brocade Communications Systems, Inc.?

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Wednesday, June 29, 2022 11:15 AM
**To:** Weber, Olivia <oweber@irell.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** Re: SNMP Research, Inc. v. Broadcom Inc., et al.

Olivia,

Your repeated demands for immediate responses and threats to go to the Court are improper. We have busy schedules and other cases, not to mention that we are also trying to respond to all of your other demands but have been unable to do so because you seem to want to focus on tangential issues that we have already

7

addressed and which you can answer for yourself by taking the time to quickly review our productions to date. For the third time, we did not exclude Broadcom Limited or Broadcom Communications Systems, Inc. documents from our productions. We interpreted each request as going back to January 1, 2017 (unless otherwise limited), which would necessarily encompass predecessor documents, as I have already explained more than once. Thus, although the Court limited your requests to the named defendants, we did more than required in the spirit of good faith.

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, June 29, 2022 10:38 AM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com <jneukom@debevoise.com>; leslie.demers@skadden.com <leslie.demers@skadden.com>
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

Plaintiff will address the majority of your remarks by separate cover, but for now we have one simple question that you still have not answered: for each discovery request that uses the terms "Broadcom," "Broadcom Inc.," or "Brocade," did your clients respond by interpreting each request to include Broadcom Limited and Brocade Communications Systems, Inc.—the predecessors of the named entities? If you did not, please let us know immediately. We request a direct answer by 5 p.m. Eastern (2 p.m. Pacific) today. If we do not receive a direct answer, we will be forced to go to the Court.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, June 28, 2022 11:26 PM
**To:** Weber, Olivia <oweber@irell.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Samantha Fidler <sfidler@hueston.com>; Julia Haines <jhaines@hueston.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Olivia,

Please see attached.

In addition, with respect to your points below:

Defendants did fully and substantively respond to Plaintiffs' discovery requests by May 13, 2022. Defendants have also produced over one million pages of documents in addition to 30 million files containing source code, binary code, and build environments. Meanwhile, Plaintiffs have produced virtually nothing of substance and continue to stand on their boilerplate objections.

Plaintiffs' June 2 letter says nothing about Defendants' motion to dismiss and/or to transfer, so I don't know what your statement below is referring to or what rights you are reserving with respect to it. I presume you are foreshadowing an argument that you are unable to demonstrate that the Court has personal jurisdiction over Broadcom Inc. because Defendants somehow have not provided information necessary for you to do so. We have explained numerous times, however, that Broadcom Inc. is a parent holding company that does not have employees or sell products. Our discovery responses state the same. If you believe Defendants possess information that has not been produced that would satisfy the personal jurisdiction standard set forth in the Court's recent order, please let us know immediately. We are not aware of anything and believe it is clear the Court does not have personal jurisdiction over Broadcom Inc.

Broadcom responded to Plaintiffs' discovery requests about agency as discussed in the attached letter.

Brocade produced detailed revenue and sales information prior to March 4, 2018. Please review Defendants' productions.

There are no missing native files to produce as explained in the attached.

The named Defendants did not exist before the merger, as publicly available information and the information we have provided to you make clear. The pre-merger documents that were produced despite the Court's order therefore necessarily relate to predecessor entities or affiliates. Please review Defendants' productions.

Best,
Alison

**Alison Plessman**

**HUESTON HENNIGAN** LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, June 28, 2022 11:39 AM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

Please identify the issues raised in Plaintiff's letter that you believe may be mooted by last week's production. There is no reason to refuse to identify these issues now. Moreover, Broadcom's and Brocade's continuing refusal to address (or even respond to) the issues raised in Plaintiff's meet and confer letter sent nearly four weeks ago is improper, particularly given that Broadcom and Brocade are defying a Court Order that required Broadcom and Brocade to "fully and substantively respond" by May 13, 2022. Plaintiffs reserve all of their rights in this regard, including under Rule 37, and with respect to Broadcom and Brocade's motion to dismiss and to transfer.

For example, Broadcom still hasn't identified any instances in which it acted as an agent for Brocade, *see, e.g.*, Broadcom Interrogatory 17, Broadcom RFP 18, which is relevant to (among other things) personal jurisdiction over Broadcom Inc. As a further example, your clients still have not answered what happened to the general ledger information prior to March 4, 2018, which is purportedly "not available" according to Brocade's discovery responses.

In addition, it appears that we are still missing the native files for the hundreds of documents identified in the report I enclosed with the June 2 letter.

Lastly, please immediately provide a direct answer to the question I posed in my email: did Defendants' responses to the discovery requests—both their responses as well as any associated document production—include the named entities' predecessors? To be clear, we are not just asking whether Defendants' happened to produce some documents that reference their predecessor(s). If you will not provide this direct answer now, we will raise the issue with the Court.

Best,

Olivia
(949) 760-5146

---

**From:** Alison Plessman <aplessman@hueston.com>
**Sent:** Tuesday, June 28, 2022 9:54 AM
**To:** Weber, Olivia <oweber@irell.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** Re: SNMP Research, Inc. v. Broadcom Inc., et al.

Olivia,

As I indicated in my prior email, we believe many of the issues raised in your letter were either mooted by our prior production or will be mooted by upcoming productions responsive to your latest round of discovery requests. We expect to make another production by the end of this week. We will also be responding to your new discovery requests. I think it makes more sense to reassess what you think is missing after you have reviewed these productions, which it seems you have not done. For example, to answer your question below regarding predecessors, if you review the productions, you will see we produced many pre-merger documents despite the fact that the Court limited productions to the entities named as defendants. After we get through the next production and responses to your new discovery requests, I will review your letter again to see what might remain outstanding to meet and confer about. I believe we should be able to resolve most, if not all, of the issues raised in your letter.

Thanks,
Alison

Alison Plessman

_____

# HUESTON HENNIGAN LLP

D: 213.788.4542
aplessman@hueston.com
Biography

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, June 27, 2022 3:36 PM
**To:** Alison Plessman <aplessman@hueston.com>; Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com <jneukom@debevoise.com>; leslie.demers@skadden.com <leslie.demers@skadden.com>
**Cc:** Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

It's been two weeks since Brocade's production and nearly four weeks since Plaintiff's June 2, 2022 letter to Brocade and Broadcom. We request answers to the issues identified in the June 2 letter by the end of the week. Please also confirm immediately that, in limiting their discovery responses to Brocade Communications Systems LLC and Broadcom, Inc., your clients did not limit their discovery responses to just those entities, but also included their predecessors.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Thursday, June 2, 2022 1:31 PM
**To:** Debi DelGrande <dDelGrande@hueston.com>; John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Ashley, Matt <MAshley@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** RE: SNMP Research, Inc. v. Broadcom Inc., et al.

Alison,

Please see attached letter and enclosure.

Best,

Olivia
(949) 760-5146

---

**From:** Debi DelGrande <dDelGrande@hueston.com>
**Sent:** Saturday, May 14, 2022 12:00 AM
**To:** John L. Wood <jwood@emlaw.com>; Cheryl G. Rice <crice@emlaw.com>; Rameen J. Nasrollahi <rnasrollahi@emlaw.com>; Chu, Morgan <MChu@irell.com>; Nimmer, David <DNimmer@irell.com>; Ashley, Matt

<MAshley@irell.com>; Weber, Olivia <oweber@irell.com>; jneukom@debevoise.com; leslie.demers@skadden.com
**Cc:** Alison Plessman <aplessman@hueston.com>; Salvatore Bonaccorso <sbonaccorso@hueston.com>; Julia Haines <jhaines@hueston.com>
**Subject:** SNMP Research, Inc. v. Broadcom Inc., et al.

Counsel,

Attached please find:

- Broadcom Inc.'s and Brocade Communications Systems LLC's second supplemental responses and objections to RFPs, Sets One and Two
- Brocade Production letter

**Debi DelGrande**
*Litigation Assistant*

# HUESTON HENNIGAN LLP

D: 213.788.4296
T: 213.788.4340
dDelGrande@hueston.com

523 West 6th St Suite 400
Los Angeles CA 90014

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.