# Exhibit 85 to the Olivia Weber Declaration

**I R E L L  &  M A N E L L A  LLP**

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
**NEWPORT BEACH, CALIFORNIA  92660-6324**

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE:  www.irell.com

**WRITER'S DIRECT**
TELEPHONE (949) 760-5146
FACSIMILE (310) 203-7199
oweber@irell.com

June 2, 2022

**VIA EMAIL**

Alison Plessman
Hueston Hennigan
523 West 6th Street, Suite 400
Los Angeles, CA 90014
aplessman@hueston.com

      Re:    *SNMP Research Inc. et al. v. Broadcom Inc. et al.*, Case No. 3:20-cv-00451

Hi Alison,

      Plaintiffs write concerning certain deficiencies in Broadcom's and Brocade's second supplemental discovery responses.  The Court ordered Defendants to "fully and substantively respond" to Plaintiffs' discovery requests on or before May 13, 2022.  *See* April 22, 2022 Order at 23.  Not only did Defendants fail to fully and substantively respond for the reasons noted below, they were also late, as Defendants did not serve their discovery responses or provide their document production until May 14, 2022.  Moreover, Defendants produced very few documents: 333 ESI documents total.  Plaintiffs also noticed that Brocade failed to produce certain native files.  Enclosed is a report showing the native files that have been left out.  Plaintiffs reserve all rights concerning these deficiencies, but request that, at a minimum, Defendants correct these deficiencies as well as the ones identified below on or before June 13, 2022.

**A.**      **Defendants' Second Supplemental Responses and Objections to SNMP Research's First Set of Interrogatories.**

      With respect to Defendants' Second Supplemental Responses and Objections to SNMP Research's First Set of Interrogatories, Plaintiffs note the following issues and reserve the right to later identify other deficiencies that may exist:

      **1.**      **Third party identification.**

      Brocade has repeatedly failed to identify the third parties as requested in the Interrogatories.  Brocade Interrogatory 2 requests Brocade to provide the name of the third party for each Partner Product as well as the identification of each Partner Product.  Brocade did not identify any third-party names nor did it identify the corresponding Partner Product.

Brocade Interrogatory 5 requests Brocade to identify each Brocade customer, partner, or other third party who received each Brocade Product identified in response to Interrogatories 1 and 2 along with the quantities of each Product received by quarter. In response, Brocade vaguely pointed to "P/L" slide decks, general ledger extracts, and product revenue history. This is insufficient; if Brocade does not have documents that provide the information requested in the manner requested, then Brocade should not answer the Interrogatory with reference to those documents and should instead provide the requested information, listed out in written form.

Relatedly, Brocade Interrogatory 10 requests Brocade to identify every third-party seller or reseller for each version, release, etc. of every Product, but it is unclear whether Brocade has provided a complete list in response ("Brocade primarily sells its products to OEMs (e.g., Dell, NEC, Fujitsu . . . ")), and in addition, its answer is not tied to each Product identified in response to Interrogatories 1 and 2 as requested. Brocade can and should provide a complete list identifying each and every third-party seller or reseller rather than providing a sampling, and it can and should tie that list to each identified Product. The answers to Brocade Interrogatory 10 and to the above-mentioned requests are not the complete answers that Brocade was ordered to provide. April 22, 2022 Order at 21 ("Defendants' objections are overruled, and they must fully respond to the Category 9 requests."); Fed. R. Civ. Proc. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

2.      **Agency.**

Broadcom has not identified any instances in which it acted as an agent for Brocade. *See, e.g.*, Broadcom Interrogatory 17, Broadcom RFP 18. This makes no sense given the number of times that representatives of Broadcom Inc. communicated with other entities on behalf of Brocade with respect to the conduct underlying this case. For example, please explain why Broadcom and Brocade believe that Broadcom Inc.'s August 1, 2019 letter to Extreme Networks, Inc. is not responsive to these requests, so that Plaintiffs can try to understand how Broadcom is interpreting them.

3.      **Product financials.**

In response to Plaintiff's interrogatories requesting product-related financial information, Brocade appears to have generated excerpts of data especially for this litigation. *See, e.g.*, Brocade Interrogatories 5, 6, 9. While Brocade has provided excerpts, it has failed to include a data dictionary and/or documentation containing data fields, field descriptions, and data value descriptions in order to interpret those excerpts. With respect to Brocade00050388 and Brocade00050389 and all other similar documents containing raw extracts, Brocade should provide the corresponding data dictionary files and/or

documentation containing data fields, data field descriptions, and data value descriptions for each of those files so that Plaintiffs can understand and interpret the information that Brocade is apparently generating and excerpting for this litigation. In addition, Brocade's extracts are missing revenues (e.g. product support revenues).

Moreover, Brocade Interrogatory 12 requests Brocade to identify "all contracts or agreements between Brocade and all third parties to which Brocade has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory number 1 or 2 or (ii) SNMP Research Software." Brocade responded that it would produce documents "sufficient to identify agreements responsive to this Interrogatory, to the extent they exist." The Court ordered Brocade to "fully respond to the Category 9 requests," and so it is insufficient for Brocade to simply produce documents "sufficient to identify" the requested agreements. Brocade must produce these agreements on or before June 13, 2022, and for sake of clarity, these agreements should include but should not be limited to sales agreements as well as purchase orders

4.     **Missing product financials**.

Brocade repeatedly answers financial-related requests by stating, *inter alia*, that "Brocade product revenue history is not available in the General Ledger or Subledgers for the period January 1, 2017 through March 4, 2018[,]" and that it is searching for additional product revenue "that may have been archived" for January 1, 2017 through March 4, 2018. Please explain the basis for this answer—was this pre-March 4, 2018 product revenue information ever available, and if so, what happened to it?

5.     **Code review**.

Defendants appear to be claiming that their answers are subject to revision based on their source code review, and that they are withholding documents on this ground. *See, e.g.*, Brocade Interrogatory 3. This is unacceptable, as Plaintiffs made their code available for inspection on April 22, 2022 at 9 a.m. Pacific, and Defendants did not even notice a code reviewer until May 11, 2022, three weeks later. Any delay in accessing Plaintiffs' source code is a problem of Defendants' own making. Plaintiffs reserve all rights regarding Defendants' failure to provide the full and complete responses that were ordered.

6.     **BATES ranges**.

Neither Broadcom nor Brocade provided BATES ranges in their Interrogatory responses. The result is that Defendants have failed to identify the responsive records. For example, in response to Brocade Interrogatory 1, Brocade vaguely refers to "Release Notes" as responsive. As another example, in response to Brocade Interrogatory 5, Brocade references various documents such as "P/Ls" and raw extracts of general ledger information.

This does not comply with Rule 33. Fed. R. Civ. Proc. 33(d)(1) (requiring responding party to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"). For all Interrogatories that respond, in whole or in part, by referring to documents, please identify all responsive documents by BATES numbers by no later than June 13, 2022.

Relatedly, Brocade responds to several financial-related requests by indicating that it "is producing" a report showing product revenue history, entitled 051322.xlsx. It is unclear whether Brocade has produced that report. Please identify the referenced report by BATES number on or before June 13, 2022.

**B.** **Defendants' Second Supplemental Responses to SNMP Research's First and Second Sets of Requests for Production.**

As to Defendants' Second Supplemental Responses to SNMP Research's First and Second Sets of Requests for Production, Plaintiffs note the following issues (and reserve the right to later identify other deficiencies that may exist):

**1.** **Scope of production.**

As noted above, Brocade produced very few documents on May 14, 2022, particularly in comparison to the number of custodians (34) and the number of associated documents (5 million) that Brocade and Broadcom represented to the Court at the March 25, 2022 hearing were "most relevant or likely to be relevant to this case." Dkt. 128 at 118:3-6. Broadcom Inc. has still not produced any documents at all.

**2.** **Surveys, business plans, and marketing materials.**

Brocade and Broadcom have produced only a handful of marketing/advertising materials and have failed to produce a single survey or business plan pertaining to any of the products containing SNMP Research Software. Defendants must produce all marketing/advertising materials, business plans, and surveys concerning the Products identified in response to Interrogatories 1 and 2. If Defendants do not intend to produce such documents, please immediately state the reason that they are not producing. We will be addressing this deficiency under a separate letter as well.

**3.** **Publicly available documents.**

Brocade responds that "many" responsive documents are publicly available. *See, e.g.*, Brocade RFP 1; *see also* Brocade RFP 3 ("Additional identifying information regarding FOS is also publicly available and can be found at www.broadcom.com."); Brocade RFP 11 ("Documents related to the divestiture are also available online"). Broadcom has done the

June 2, 2022
Page 5

same.  *See, e.g.*, Broadcom RFP 53.  Please state whether Defendants are withholding documents that are purportedly "publicly available."  If Defendants are, Plaintiffs dispute the propriety of this withholding and believe it is contrary to the Order.  All such documents, to the extent they were not produced, should be produced on or before June 13, 2022.

### 4. <u>Identification of third parties</u>.

Brocade claims not to have any documents responsive to Brocade RFP 10 requesting all documents relating to Brocade Interrogatory 10, which in turn states "With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller."  In response to Brocade RFP 10, Brocade claims that it does not "track or possess" this information and thus does not possess documents responsive to this request for production.  Brocade can and should produce all documents related to its identification of any and all sellers or resellers of the Products identified in response to Brocade Interrogatories 1 and 2.  It defies belief that Brocade does not have documents relating to, for example, the OEMs it identified in response to Brocade Interrogatory 10 (e.g., Dell, NEC, Fujitsu, HP, etc.).

### 5. <u>Brocade financial statements</u>.

In response to Plaintiff's request for financial statements "including but not limited to any balance sheets, income statements, or similar Documents," *see* Brocade RFP 43, Brocade failed to produce the requested balance sheets and income statements, whether audited or unaudited and whether titled "balance sheets" or "income statements" or something else, and instead appeared to rely on "P/Ls" presentations that "do not include Sales, Finance, and all other General & Administrative costs."  Likewise, Brocade did not agree to provide financial documents reflecting its current assets, liabilities, and income in response to Brocade RFP 47.  Brocade must provide these documents, as requested and as the Court ordered, on or before June 13, 2022.

### 6. <u>Versions of FOS</u>.

In response to Brocade RFP 23, which requests "All versions of software and firmware produced, used, distributed, or otherwise created for the Products identified in response to Interrogatory number 1," Brocade indicates that it has made available for inspection "the source code for versions of FOS released after January 1, 2017."  Has Brocade produced <u>all</u> versions of FOS released after January 1, 2017, as requested?

7. **Improper assertion of privilege.**

For the most part, Plaintiffs will await Defendants' promised privilege log to address most of the privilege issues. However, Plaintiffs note the following problems so that the parties can resolve them without further delay.

In response to Plaintiff's request for all documents relating to the destruction of documents within Brocade that may be relevant to the claims of SNMP Research, Brocade stated that it is not aware of any non-privileged documents responsive to this request. Brocade RFP 40. Please state what grounds supposedly support this assertion that documents relating to destruction of documents that may be relevant to Plaintiff's claims are purportedly privileged.

In addition, in response to Plaintiff's request for a copy of agreements under which Defendants have placed source code into escrow for Products containing SNMP Research Software, Brocade stated that it is not aware of any non-privileged documents responsive to this requests. Brocade RFP 48. Please state what grounds supposedly support this assertion that source code escrow agreements with third parties are privileged.

Furthermore, in response to Plaintiff's requests for all documents relating to Broadcom Inc.'s efforts to develop, produce, and sell Products identified in response to Interrogatory 1 in the East Grand Division of Tennessee, Brocade responded that it does not possess any non-privileged documents responsive to this request. Brocade RFP 76. Please state what grounds, if any, support this assertion of privilege over documents pertaining to sales and personal jurisdiction.

Finally, Defendants invoke the "Federal Rules of Civil Procedure" as grounds for withholding privileged/protected material. Defendants should identify which Federal Rules of Civil Procedure they are relying upon to withhold documents.

8. **Source code.**

Plaintiff requested "All Source Code disclosed, licensed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale." Brocade RFP 53. Brocade responded that it has produced the source code required by the Court to be produced on April 22, 2022. Is it Brocade's position that all the source code "disclosed, licensed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale" was produced to Plaintiffs on April 22, 2022?

June 2, 2022
Page 7

**9.** **Build environments.**

Brocade produced its build environments for only some releases, and made this production on a hard drive separate from the source code computers and without any instructions. On or before June 13, 2022, please provide the build environments for <u>all</u> releases *and the associated instructions, see* Brocade RFP 28, as well as any other documentation needed for Plaintiffs to run the build environment on the source code computers and build the Brocade Products. Plaintiffs also request that the build environment be loaded onto the source code computers so that Plaintiffs' reviewers can build the source code.

**10.** **Broadcom production**:

Broadcom indicates that it will substantially complete production of communications concerning SNMP Research or the SNMP Research Software by June 13, 2022, "if it hasn't already." *See, e.g.*, Broadcom RFPs 34-35. To date, Plaintiffs have not received <u>any</u> productions from Broadcom Inc. Does Broadcom Inc. contend that it has produced documents to Plaintiffs?

**11.** **Documents constituting the Brocade Merger.**

Broadcom RFP 85 requests "All Documents constituting the 'Brocade Merger' transaction identified at page 17 of Broadcom's 2017 Form 10-K." In response, Broadcom indicated that it had produced Broadcom Limited's 2017 Form 10-K, and that it will produce "any" additional non-privileged documents responsive to this Request, but it did not indicate whether it would produce all documents constituting the "Brocade Merger." Please confirm that Broadcom will produce "All Documents constituting the 'Brocade Merger' transaction identified at page 17 of Broadcom's 2017 Form 10-K," as requested.

**C.** **Defendants' First Supplemental Responses and Objections to SNMP Research's First Set of Requests for Admission.**

With respect to SNMP Research's First Set of RFAs, Plaintiffs were surprised to see that neither Defendant served second supplemental responses on May 13. Given that the Court flatly rejected the positions Brocade and Broadcom took in those responses in the identical context of their responses to SNMP Research's First Set of Interrogatories and First and Second Sets of RFPs, Plaintiffs reserve all rights with respect to Brocade's and Broadcom's failure to produce second supplemental responses to SNMP Research's RFAs on Friday, May 13. Plaintiffs request that Defendants provide second supplemental responses to SNMP Research's RFAs that are consistent with the Order on or before June 13, 2022.

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

June 2, 2022
Page 8

Best,

Digitally signed by
Olivia Weber
Date: 2022.06.02
13:22:46 -07'00'

Olivia L. Weber