IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § § § § § § § § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | | |
| v. | | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | | |
| Defendants. | | |

**DECLARATION OF DR. JEFFREY D. CASE IN SUPPORT OF PLAINTIFFS' EVIDENTIARY SUPPLEMENT PURSUANT TO DOCKET 147**

I, Dr. Jeffrey D. Case, declare and attest as follows:

1. I am the President and Chief Technology Officer of plaintiff SNMP Research, Inc., as well as the President and Chief Operating Officer of plaintiff SNMP Research International, Inc. (collectively, "Plaintiffs"). I have personal knowledge of the matters to which I attest herein and, if called as a witness, could and would testify competently to such facts under oath.

2. I have reviewed Defendants Broadcom Inc. and Brocade Communications Systems LLC's (herein "Brocade" and collectively, "Defendants") reply brief in support of their motion to dismiss or transfer. In it, Defendants state that their communications seeking licenses and assignment rights from Plaintiffs were "initiated by the plaintiff" (Dkt. 56 at 8). That is incorrect. The communications with the Defendants were initiated by predecessor entities of the Defendants, i.e., Brocade Communications Systems, Inc., whom I now understand is the predecessor entity of Brocade Communications Systems LLC, and Broadcom Limited, whom I now understand is the predecessor entity of Broadcom Inc., and defendant Extreme Networks Inc. (herein, "Extreme") in a letter dated

September 13, 2017. Moreover, at no time during the discussions did either Defendants, or their predecessor entities, or defendant Extreme ever dispute that they needed licenses from Plaintiffs.

3. Attached hereto as Exhibit A is a copy of a September 13, 2017 letter from Brocade Communications Systems, Inc., and Extreme that was mailed to SNMP Research International at its address in Knoxville (3001 Kimberlin Heights Road, Knoxville, TN, USA 37920-9716). The letter made a proposal on behalf of Brocade Communications Systems, Inc., Broadcom Limited, and Extreme and their respective affiliates. Plaintiffs rejected the proposal and asked for additional information. Defendants, their predecessor entities, (and defendant Extreme) and their affiliates did not provide the requested information or even respond.

4. When Extreme later disclosed to Plaintiffs that, not only would Extreme need a license but so would other Broadcom entities, Broadcom Inc. stepped in to handle those negotiations with Plaintiffs. In doing so, Broadcom Inc. spoke for itself and for its affiliates, including Brocade (whose use/distribution rights were eventually terminated).

5. Broadcom Inc. tried to secure Plaintiffs' agreement that Broadcom Inc.'s affiliates could sell products containing SNMP's software without a license while the negotiations were ongoing. However, I did not agree to this, in part because I did not feel Broadcom Inc. was being fully transparent about the scope of use of Plaintiffs' software that was taking place.

6. Attached hereto as Exhibit B is an email from Martin Skagen (who, as I noted in my first declaration, previously identified himself to me as a Broadcom Inc. executive) that I received on September 9, 2020.

7. Attached hereto as Exhibit C is an email from Martin Skagen with attachments that I received on March 17, 2020 (UTC). On page 3 of the attachment entitled License Agreement, Broadcom Inc. proposed inserting language into the definition "Licensee" stating: "All the rights granted to Brocade shall extend to Avago Technologies International Sales Pte. Limited, a Singapore

company and Avago Technologies U.S. Inc., a Delaware corporation, which are affiliates of Brocade engaged in the sale of Brocade products."

Executed this 22nd day of July, 2022, at Knoxville, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____, Ph.D.
Dr. Jeffrey D. Case

11124709.1 03

2203264v3

- 3 -

Case 3:20-cv-00451-CEA-DCP   Document 154-90   Filed 07/22/22   Page 3 of 3   PageID #: 8119