# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>    Plaintiffs, <br>v. <br><br>BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>    Defendants. | Case No. 3:20-cv-00451 |

**Evidentiary Supplement in Support of Defendants' Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue**

## INTRODUCTION

The Court has ordered the parties to address one narrow issue in this Evidentiary Supplement to Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, or, Alternatively, to Transfer Venue ("Evidentiary Supplement"): "Broadcom's marketing, selling, offering to sell, licensing, and/or offering to license hardware, software, and/or services directly or indirectly through its distribution channels to business consumers in Tennessee, including the products containing the software at issue in this case." Dkt. 147 (6/22/2022 Order) at 3-4.

Simply put, Broadcom Inc. ("Broadcom") does not engage in such activities in Tennessee, directly or indirectly. Declaration of Mark Brazeal ("Brazeal Decl.") ¶ 11. In fact, Broadcom does not engage in such activities with respect to the "products containing the software at issue in this case" <u>at all</u>. *See, e.g.*, *id*. ¶ 12, Ex. D (Responses to Interrogatory Nos. 12, 16, 18).

Although Plaintiffs have tried to brush aside these dispositive facts as evasive or "semantics," (*see, e.g.*, Dkt. 153 at 10-12), the reality is that they just do not like them. Because the facts do not support a conclusion that this Court has personal jurisdiction over Broadcom, Plaintiffs instead resort to obfuscation and undeserved finger pointing about Defendants' supposed discovery deficiencies. *Id*. Plaintiffs know their attacks are unwarranted. To date, Broadcom and Brocade have collectively produced over **2 million** pages of documents and over **20 million** files containing source code, object code, the entire build environments for Brocade's products.[1] Declaration of Alison Plessman ("Plessman Decl.") ¶ 2. Defendants have also responded to hundreds of expansive and extremely burdensome written discovery requests. *Id*. Thus,

---

[1] Plaintiffs disengenously claim in their recent motion to compel that Broadcom has not produced <u>any</u> documents, but Defendants' productions have included both Broadcom and Brocade documents. Plessman Decl. ¶ 3. In any event, Plaintiffs criticisms of Defendants' voluminous document productions are shockingly hypocritical as they have produced very few document by comparison and very little of substance. *Id*.¶ 4.

Defendants have gone to great lengths and expended substantial time and resources to comply with Judge Poplin's April 22, 2022 Order and the Federal Rules of Civil Procedure. *Id.*

Neither Plaintiffs' wishful thinking nor additional documents nor further amended discovery responses will change the facts or the law regarding this Court's lack of personal jurisdiction over Broadcom. This Court should grant Defendants' Motion to Dismiss.

## **LEGAL STANDARD**

As the Court recognized, "[u]nder Sixth Circuit precedent, '[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.'" Dkt. No. 147. The Sixth Circuit "has found no purposeful availment where a defendant was merely aware that the allegedly infringing product was likely to be distributed nationally, including in the forum state." *Id.* Further, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998); *see also Niemi v. NHK Spring Co.*, 276 F. Supp. 2d 717, 721 (E.D. Mich. 2003) (citations omitted) ("Mere ownership of a subsidiary that conducts business in the forum state is one factor which weighs in favor of sufficient minimum contacts, but it is not of itself significant enough to establish personal jurisdiction over the parent corporation."). In fact, "[u]nder Tennessee law, there is a presumption that parent and subsidiary corporations are separate and distinct legal entities[ and f]or this reason, [personal] jurisdiction over a subsidiary corporation does not automatically establish jurisdiction over a parent corporation." *Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 721 (W.D. Tenn. 2012); *see also Parker v. Winwood*, 938 F.3d 833, 841 (6th Cir. 2019) (finding no purposeful availment where plaintiff failed to show that the defendant specifically directed distribution of an allegedly infringing song into Tennessee).

**STATEMENT OF FACTS**

In 2001, Brocade Communications Systems Inc. entered into a license agreement with SNMP Research International, Inc. ("SNMPRI") to license SNMPRI's implementation of the publicly-available standard known as the Simple Network Management Protocol ("SNMP"). Declaration of Martin Skagen ("Skagen Decl.") ¶ 2. Brocade Communications Systems Inc. paid to SNMPRI a ████████████████████████████████████████ ████████████████████████████████████████ (Complaint, Exhibit A at § 24(c)); *see also* Skagen Decl. Ex. A. This license agreement with Brocade, as amended, is the subject of this lawsuit ("License Agreement").

Despite having fully ████████████████████████████████ ████████████████████, Brocade no longer uses SNMPRI's software in any of its products. Skagen Decl. ¶ 5. Rather, Brocade has replaced SNMPRI's software with a free, open source implementation of SNMP called Net SNMP, which is available on the internet. *Id*., Ex. C. Moreover, Brocade has not shared the source code it received from SNMPRI under the License Agreement with Broadcom Inc. or any of Broadcom Inc.'s subsidiaries or affiliates. *See id* ¶ 4, Ex. B (Response to Interrogatory No. 1).

Broadcom Inc. is a Delaware corporation with its principal place of business in San Jose, California and is the successor to Broadcom Limited following the company's redomiciliation to the United States on April 4, 2018. Brazeal Decl. ¶¶ 3-5, Ex. A at 2-3, 10 . On November 17, 2017—a month <u>after</u> Brocade divested its data center business to Defendant Extreme Networks—Broadcom Limited acquired Brocade. *Id.* ¶ 21, Ex. E. Brocade operates as a separate entity from Broadcom. *Id*. ¶ 6-10, Exs. A, C, D; Declaration of Steve Gleason ("Gleason Decl.") ¶ 3.

Broadcom is a publicly-traded parent holding company with a current market capitalization of over $207 billion. Brazeal Decl. ¶¶ 6, 7, 17, Exs. A at 29-30, B. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* ¶ 8, Ex. C. Brocade Communications Systems LLC is one of those indirect subsidiaries. *Id*.¶¶ 8,9, Ex. C. As a parent holding company, Broadcom does not have employees or products or engage in the day-to-day business operations of its subsidiaries. *See, e.g., id*. ¶¶ 6, 8, Ex. D (Responses to Interrogatory Nos. 1, 2, 7, 8, 18, 22). Broadcom only has officers and directors, and it is not a sales operating entity. *Id*. Broadcom therefore does not market, sell, or distribute products containing the software at issue in this case anywhere, let alone in Tennessee. *See, e.g., id.* ¶¶ 6, 8, 12, Ex. D (Responses to Interrogatory Nos. 12, 16, 18). Moreover, after conducting a diligent search, Broadcom is not aware of any agreement between it and another party through which Broadcom required or directed nationwide distribution of the alleged infringing products or required or directed distribution to Tennessee of the alleged infringing products. *Id.* ¶ 13. The same is true for Brocade. Skagen Decl. ¶¶ 6-7, 10

The above facts, which address the issue before the Court, are dispositive and warrant dismissal. However, because Plaintiffs have previewed in their recent motion to compel the arguments they intend to make in their evidentiary supplement, Defendants are compelled to briefly address them here because they are highly misleading, in addition to being beyond the scope of the Court's June 22, 2022 Order.

In particular, Plaintiffs made clear they intend to argue at least the following in their supplement: (1) Broadcom and Brocade did not give "meaningful answers" in their discovery responses; (2) Broadcom should be barred from arguing Brocade is adequately capitalized; and (3) Broadcom is not a "mere holding company" that "does nothing." Dkt. 153 at 10-12, 19.

- 5 -
Case 3:20-cv-00451-CEA-DCP Document 156 Filed 07/22/22 Page 5 of 7 PageID #: 8157
6228000

First, Broadcom has provided accurate, unambiguous answers to Plaintiffs' discovery responses, explaining that Broadcom does not have employees or products, including products containing Plaintiffs' software, and "has not provided, sold, licensed, or transferred SNMP Research Software," in Tennessee or elsewhere. *See, e.g.*, Brazeal Decl. Ex. D (Interrogatory Responses to 1, 12). Yet, Plaintiffs claim, for example, that Broadcom "evaded" all requests tied to its response to Interrogatory 1. But Broadcom answered Interrogatory 1 truthfully by explaining that it does not have products. *See* Brazeal Decl. Ex. D (Response to Interrogatory 1). Several of Plaintiffs' subsequent interrogatories then ask for information about the "Products Identified in response to Interrogatory number 1." Because there were no Broadcom products to identify in response to Interrogatory number 1, Broadcom answered accordingly. These responses were truthful. But now Plaintiffs contend that Broadcom should have answered these interrogatories <u>as though it were Brocade</u>. Dkt. 153 at 11. This makes no sense because *identical interrogatories were served on Brocade*, which Brocade fully answered. Dkt. 153-6. What Plaintiffs really want to do is manufacture admissions that Broadcom engaged in various activities when such activities were actually undertaken by Brocade (if they were undertaken at all). Judge Poplin's April 22, 2022 Order construed the term "Broadcom" in Plaintiffs' discovery requests to mean "Broadcom Inc." (*see* Dkt. 131 at 1-2, 17).

Plaintiffs likewise now argue that Broadcom has not "meaningfully answered" their Requests for Admission ("RFAs"). Dkt. 153 at 12, 14, 16. Tellingly, Broadcom served the relevant responses and objections nearly a year ago and Plaintiffs did not move to compel any further responses to the RFAs when they filed their last motion to compel in December 2021. Dkt. 115. But most importantly for purposes of this Evidentiary Supplement, the RFAs cover the same ground as Plaintiffs' interrogatories regarding Broadcom's activities in Tennessee, and Broadcom

provided the same answers. Dkt. 151-9 (Broadcom's responses denying RFA Nos 3-20, 30-43). And even if Broadcom were to remove its objections, it would continue to deny these RFAs for the reasons described in Broadcom's interrogatory responses and the accompanying Declaration of Mark Brazeal.

Second, with respect to Plaintiffs' new and baseless "undercaptialization" argument, as counsel for Defendants explained to Plaintiffs, Brocade no longer creates traditional balance sheets or income statements because Broadcom files consolidated financial statements. Gleason Decl. ¶ 5. However, as Plaintiffs are fully aware, Defendants have produced thousands of documents related to Brocade's finances. *See* Plessman Decl. ¶ 2);Gleason Decl. ¶ 6, Ex. B, C, D. This is not a company that is undercapitalized. Gleason Decl. ¶ 2; Brazeal Decl. Ex.A at 68; *see also* Dkt. 57 at 3, 6-7 (Defendants' Reply ISO Motion to Dismiss addressing Plaintiffs' meritless alter ego and "practical partner" arguments).

Finally, as they have done in the past, Broadcom suspects Plaintiffs will continue to misconstrue communications to suggest employees of Brocade or other Broadcom subsidiaries are actually employees of Broadcom Inc. Brazeal Decl. ¶¶ 18-20; *see also* Dkt. 153 at 12. Although employees may use broadcom.com email addresses or have Broadcom Inc. or Broadcom Limited in their signature blocks or on their letterhead, this does not mean they are Broadcom Inc. or Broadcom Limited employees. It simply means they are employees of a Broadcom Inc. subsidiary or generally fall under the Broadcom Inc. parent umbrella (e.g., "a Broadcom company"). *Id*.

Dated: July 22, 2022                                    HUESTON HENNIGAN LLP

By: _____*/s/ Alison Plessman*_____
    Alison Plessman
    Attorneys for Defendants
    Broadcom Inc.
    Brocade Communications Systems LL