UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DECLARATION OF MARK BRAZEAL IN SUPPORT OF BROADCOM INC.'S AND BROCADE COMMUNICATIONS SYSTEMS LLC'S EVIDENTARY SUPPLEMENT TO JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, ALTERATIVELY, TO TRANSFER VENUE**

I, MARK BRAZEAL, declare as follows:

1. I am the Chief Legal & Corporate Affairs Officer at Broadcom Inc. ("Broadcom"). I make this declaration in support of Broadcom's and Brocade Communications Systems LLC's Evidentiary Supplement to Defendants' Joint Motion to Dismiss Plaintiffs' Complaint, or, Alternatively, to Transfer Venue ("Motion to Dismiss"). I make this declaration based on personal knowledge as well as a review of business records by me or at my direction, and, if called as a witness, could and would testify competently to such facts under oath.

2. I previously submitted a declaration in support of Defendants' Motion to Dismiss. (Dkt. 40-2).

- 1 -

3. Broadcom Inc. is the successor to Broadcom Limited, a company organized under the laws of the Republic of Singapore, as a result of the company's redomiciliation to the United States on April 4, 2018. *See* **Exhibit A** (Broadcom Inc.'s Annual Report on Form 10-K for the fiscal year ended November 4, 2018) at 2.

4. Broadcom Inc. is a Delaware corporation and has its principal place of business in San Jose, California. *See* **Exhibit A** at 10.

5. On November 17, 2017, Broadcom Limited acquired Brocade Communications Systems Inc., which is the predecessor of Defendant Brocade Communications Systems LLC, for approximately $6 billion. *See* **Exhibit A** at 3.

6. Broadcom Inc. is a parent holding company and not a sales operating entity. *See, e.g.*, **Exhibit A** at 29-30.

7. The market capitalization of Broadcom Inc. as of market close on July 20, 2022 was over $207 billion. *See* **Exhibit B** (https://finance.yahoo.com/quote/AVGO/).

8. 

9.

10. As the parent holding company, Broadcom Inc. does not have employees or products and it does not participate in the day-to-day operations of its subsidiaries. Broadcom Inc. only has officers and directors. *See, e.g.*, **Exhibit D** (Broadcom's Second Supplemental Responses and Objections to SNMP Research, Inc. First Set of Interrogatories, Responses to Interrogatory Nos. 1, 2, 7, 8, 18, 22).

11. Contrary to Plaintiffs' allegation on "information and belief" in paragraph 26 of their complaint, as a holding company with no employees or products, and based on Broadcom's reasonably diligent search going back to January 1, 2017 (the time period given

- 2 -

in Plaintiffs' discovery requests), including by, among other things, searching its contract database, Broadcom Inc. (or Broadcom Limited) is not "actively marketing, selling, offering to sell, licensing, and/or offering to license hardware, software, and/or services directly or indirectly through its distribution channels to business consumers in Tennessee, including, without limitation, products containing the software at issue in this case." (Complaint ¶ 26).

12. Based on Broadcom's reasonably diligent search going back to January 1, 2017 (the time period given in Plaintiffs' discovery requests), including by, among other things, searching its contract database, Broadcom Inc. does not market, sell, distribute, manufacture, or license the alleged infringing products to business consumers anywhere, including to business consumers in Tennessee. Nor has it done so in the past, including as Broadcom Limited. *See, e.g.,* **Exhibit D** (Broadcom's Second Supplemental Responses and Objection to Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 12, 16, 18).

13. Based on Broadcom's reasonably diligent search going back to January 1, 2017 (the time period given in Plaintiffs' discovery requests), including by, among other things, searching its contract database, Broadcom Inc. is not aware of any agreement between Broadcom Inc. (or Broadcom Limited) and another party through which Broadcom Inc. (or (or Broadcom Limited) required or directed nationwide distribution of the alleged infringing products or required or directed distribution to Tennessee of the alleged infringing products.

14. Based on Broadcom's reasonably diligent search going back to January 1, 2017 (the time period given in Plaintiffs' discovery requests), including by, among other things, searching its contract database, Broadcom Inc. is not aware of any agreement between Broadcom Inc. (or Broadcom Limited) and another party through which Broadcom Inc. (or Broadcom Limited) required or directed nationwide distribution of any products or required or directed distribution to Tennessee of any products, regardless of whether such products are the subject of this lawsuit.

15. Neither Broadcom Inc. nor Brocade has an office in Tennessee.

16. Brocade, along with other Broadcom Inc. subsidiaries, posts information about its products on www.broadcom.com. *See* **Exhibit D** (Broadcom's Second Supplemental

- 3 -

Case 3:20-cv-00451-CEA-DCP   Document 156-2   Filed 07/22/22   Page 3 of 6   PageID #: 8164

Responses and Objections to Plaintiffs' First Set of Interrogatories, Response to Interrogatory No. 18). The website states that "[t]he term 'Broadcom' refers to Broadcom Inc. and/or its subsidiaries." *See* https://www.broadcom.com/.

17. As a publicly-traded parent holding company, Broadcom Inc. files Annual Reports on Form 10-K, which include the consolidated financial statements of Broadcom Inc. and its subsidiaries. *See, e.g.*, Exhibit A.

18. I understand Plaintiffs have referred to an August 1, 2019 letter from Simone Yew to Extreme Networks as evidence that Broadcom Inc. has acted as an "agent" for Brocade. (Dkt. 151 at 12; Dkt. 48-1, Exhibit E). Simone Yew is an attorney who represents Brocade as well as other Broadcom companies. When Ms. Yew sent the letter to Extreme Networks on August 1, 2019, Broadcom Inc. was not acting as an "agent" for Brocade.

19. Moreover, employees of Broadcom Inc. subsidiaries normally use @broadcom.com email addresses, have Broadcom Inc., Broadcom Limited, or Broadcom in their letter or email signature blocks, or send letters on generic "Broadcom" letterhead, but that does not mean the individuals sending the communications are Broadcom Inc. employees or are acting as agents for Broadcom Inc. It simply means they are employees of a Broadcom Inc. subsidiary (*i.e.*, "a Broadcom company").

20. For example, in Plaintiffs' Opposition to Defendants' Motion to Dismiss, they rely on paragraph 26 of their complaint. (Dkt. 48 at 6, 10). Paragraph 26 of the complaint refers to "extensive negotiations" between Broadcom and Plaintiffs in which Plaintiffs contend "Broadcom representatives spoke on behalf of Brocade and represented the ability to obtain a license agreement on behalf of Brocade." (Complaint ¶ 26) Plaintiffs do not allege the date of these negotiations, who participated in them, where they took place, or the subject matter of the negotiations. Plaintiffs also do not allege that the claims asserted in the complaint arise from such negotiations. But in their Opposition to the Motion to Dismiss, Plaintiffs identified the participants to these alleged negotiations by attaching four communications as Exhibits D-G to the Declaration of Jeffrey Case. (Dkt. 48-1 ¶¶ 27-29, Exhibits D-G). These communications are from or to either Simone Yew or Martin Skagen,

neither of whom are Broadcom Inc. employees. Martin Skagen is a Brocade employee and, as stated above, Simone Yew is an attorney who represents Brocade as well as other Broadcom companies. The fact that "Broadcom Inc." is in their signature block only means they are employees of a Broadcom Inc. subsidiary or fall under the Broadcom Inc. parent umbrella. In any event, Broadcom Inc. is not aware of any such discussions taking place in Tennessee.

21. Brocade Communications Systems Inc. divested its data center networking business to Extreme Networks Inc. in October 2017, prior to Broadcom Limited's acquisition of Brocade Communications Systems Inc. on November 17, 2017. Although Broadcom Limited initially planned to acquire Brocade Communications Systems Inc. prior to Brocade's divestiture to Extreme Networks, it could not do so due to delays caused by a review by the Committee on Foreign Investment in the United States (CFIUS). *See* **Exhibit E** (Current Report on Form 8-K filed by Brocade Communications Systems Inc. on October 2, 2017).

22. As stated in my prior declaration, Broadcom is not aware of any agreement between Broadcom Inc. and Plaintiffs that concerns the allegations in the complaint or from which the allegations in the complaint arise. A true and correct copy of the only agreement between Broadcom Inc. and SNMP Research International of which Broadcom is aware was attached as Exhibit A to my prior declaration filed in support of Defendants' Motion to Dismiss. (Dkt. 40-2 ¶ 7, Exhibit A). As explained in my prior declaration, this agreement has nothing to do with this lawsuit.

Executed on this 21st day of July, 2022, at San Jose California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                                           _____
                                                                                                                         Mark Brazeal