# EXHIBIT D

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

---

## BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES

---

Defendant Broadcom Inc. ("Broadcom"), by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides its first supplemental responses and objections to Plaintiff SNMP Research, Inc. ("SNMP") First Set of Interrogatories ("Interrogatory," "Interrogatories"), served on December 26, 2020.

## PRELIMINARY STATEMENT

1.      Broadcom's investigation and development of all facts and circumstances relating to this action is ongoing.  These responses and objections are made without prejudice to, and are not a waiver of, Broadcom's right to rely on other facts or documents at trial.  These responses and objections, while based on diligent inquiry and investigation by Broadcom, necessarily reflect only

the current state of Broadcom's knowledge, understanding and belief based upon the information reasonably available to Broadcom at this time.  Thus, Broadcom expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned.

2.      By making the accompanying responses and objections to SNMP's Interrogatories, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Broadcom serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses.  Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses."  ECF No. 75 at 16-17.  By making the accompanying responses and objections to Plaintiffs' Interrogatories, Broadcom does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.  Further, Broadcom makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3.      Broadcom responses are amended to conform to Judge Poplin's April 22, 2022 Memorandum and Order on Plaintiffs' Motion to Compel ("April 22, 2022 Order"), as Broadcom reasonably understands it.  However, by making such amendments, Broadcom reserves its right to

challenge the April 22, 2022 Order as may be permissible by law or applicable rules and/or to seek further relief or clarification as needed.

4.      Per the April 22, 2022 Order, Broadcom is limiting its discovery responses to Brocade Communications Systems LLC and Broadcom Inc.  Broadcom understands from Plaintiffs that software provided by Plaintiffs pursuant to other license agreements with Broadcom Corporation and CA, Inc.—two Broadcom Inc. affiliates—is excluded from their discovery requests as those license agreements are not the subject of their Complaint.  Moreover, no other affiliate of Broadcom Inc. or Brocade Communications Systems LLC (more than 150 entities identified in organization charts produced to Plaintiffs) is relevant to this action as they are not parties to this action, there is no allegation pertaining to them in the Complaint, and the subject matter of the Complaint concerns a license agreement between Brocade and SNMP Research International, Inc. and Brocade's divestiture to Extreme Networks.

5.      Broadcom responds to each Interrogatory as it reasonably interprets and understands the Interrogatory.  If SNMP subsequently asserts an interpretation of any Interrogatory that differs from Broadcom understanding, Broadcom reserves the right to supplement its responses and objections thereto.

6.      Based on Plaintiffs' explanations regarding the meaning of "Partner Products" in their Motion to Compel and the parties' meet and confer discussions, where applicable, Broadcom will construe the term "Partner Products" to refer to "the products identified in Paragraph 64 sold under other [third-party] brands". (Motion to Compel at p. 16; *see also* Weber 7/20/21 email (defining "Partner Products" as products that "Brocade ships…through other OEMs under that OEM's brand.").

- 3 -

7.      Plaintiffs allege the works listed in Table 1 of their Complaint (ECF No. 1 at 7) are subject to copyright protection and were registered with the United States Copyright Office.  These works, as well as the software version allegedly provided to Brocade under the License Agreement at issue, were not made available by Plaintiffs for review until April 22, 2022, and are still being reviewed and analyzed by experts retained by the parties in this case. As of today, Broadcom does not know the contents of those works or the similarities and differences among them.  Thus, as indicated above, Broadcom reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned regarding Plaintiffs' allegedly copyrighted works.

8.      The term "License Agreement" means the license agreement, as amended, attached as Exhibit A to Plaintiffs' Complaint.

9.      These responses do not include information prior to 2017, as Broadcom understands Plaintiffs are not seeking information prior to 2017.

## **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1**:

Identify all Broadcom Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update.  This includes any Broadcom Products that have ever at any time fit the above description, whether in current distribution or not.  For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company and does not have products or employees.

## INTERROGATORY NO. 2:

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to

6183721

these objections.  Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes  the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc.  Broadcom Inc. is a holding company and does not have products or employees.

**INTERROGATORY NO. 3**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.  Information is not being withheld pursuant to these objections.  Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 4**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 5**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Broadcom customer, partner, or other third party who received each Broadcom Product, which Broadcom entity sold or distributed the Broadcom Product to the

customer or partner, and the quantities of each Product received by quarter for the period January 1, 2017 to the present.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 6**:

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from January 1, 2017 to the present, including, but not limited to: (1) any internal bookkeeping or financial analysis of any kind in which Broadcom keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure

of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 7**:

Identify each and every Person who is or has been involved in any search for Broadcom Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company and does not have products or employees.

6183721

**INTERROGATORY NO. 8**:

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Broadcom had a right to use SNMP Research Software in Broadcom Products, including but not limited to any particular Broadcom Product; and (2) payment obligations of Broadcom for the use of SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company and does not have products or employees.

**INTERROGATORY NO. 9**:

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

6183721

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 10**:

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

6183721

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory numbers 1 and 2.

**INTERROGATORY NO. 11:**

Identify all Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, and material description.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory number 1.

**INTERROGATORY NO. 12:**

Identify all contracts or agreements between Broadcom and all third parties to which Broadcom has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory numbers 1 or 2 or (ii) SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this

6183721

jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. No products were identified in response to Interrogatory numbers 1 and 2. Broadcom Inc. is a holding company (with no employees) and has not provided, sold, licensed, or transferred SNMP Research Software.

**INTERROGATORY NO. 13**:

Identify all contracts or agreements between Broadcom and Brocade Relating to SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. There are no agreements between Brocade and Broadcom Inc. pertaining to SNMP Research Software.

**INTERROGATORY NO. 14**:

Identify by date and amount Broadcom's profits, losses, any purchase price allocation, and/or other financial interests in connection with the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme. This interrogatory includes both direct and indirect profits, losses and/or financial interests.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. There are no profits, losses, purchase price allocations, and/or other financial interests to identify for Broadcom

responsive to this Interrogatory.  Broadcom has received no payments for any alleged transfer of Plaintiffs' software to Extreme.  To the extent this Interrogatory is seeking the price paid by Extreme to acquire Brocade's data center switching, routing, and analytics business in October 2017, although no amount of the purchase price was attributable to Plaintiffs' software, this information is publicly available at www.sec.gov (under Company Filings, Extreme Networks). The acquisition was originally valued at $55 million, which included $35 million at closing and $20 million in deferred payments over a five-year period.  However, the $20 million in deferred payments was never paid by Extreme. The "Consent Payment" reflected in public filings was made to Broadcom Corporation, another Broadcom Inc. subsidiary.  Moreover, Brocade had originally purchased this data center business from Foundry Networks in 2008 for $2.6 billion, so the divestiture to Extreme was ultimately a loss for Brocade.

**INTERROGATORY NO. 15**:

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom.  Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action.  Information is not being withheld pursuant to these objections.  Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client

privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom Inc. is a parent holding company and was not involved in any transfer of Plaintiffs' software to Extreme. For context, Broadcom Limited (Broadcom Inc.'s predecessor) acquired Brocade in November 2017 after Extreme purchased Brocade's data center switching, routing and analytics business in October 2017. Broadcom Limited originally planned to purchase Brocade prior to Brocade's divestiture to Extreme, but that did not end up happening due to delays caused by a review by the Committee on Foreign Investment in the United States (CFIUS). Information regarding these transactions is publicly available and can be found at www.sec.gov (under Company Filings, Extreme Networks).

**INTERROGATORY NO. 16**:

Describe Broadcom's involvement in Brocade's sale, production, disclosure, transfer, licensing, distribution, and/or creation of Products containing SNMP Research Software, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

6183721

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom Inc. is a holding company—not an operating company—and is not involved in the sale, production, disclosure, transfer, licensing, distribution, and/or creation of Brocade's products, whether they contain SNMP Research software or not.

**INTERROGATORY NO. 17**:

If Broadcom has ever acted as an agent for Brocade, either directly or indirectly, please Identify all instances in which this occurred, by date, event, geographic location, and include the Identity of the Persons through whom Broadcom acted.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to

6183721

these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. and "Brocade" to mean only the specific entity named as a defendant in this action, Brocade Communications Systems LLC. Broadcom is not aware of instances in which it has acted as an agent for Brocade. Broadcom Inc. is a holding company with no employees and Brocade Communications Systems LLC is its indirect subsidiary, but Broadcom does not concede that this affiliation means Broadcom Inc. acts or has acted as the direct or indirect agent of Brocade Communications Systems LLC as a legal matter.

**INTERROGATORY NO. 18**:

Describe Broadcom's direct or indirect involvement in marketing, advertising, selling, servicing, or distributing nationwide any Products containing SNMP Research Software.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

- 18 -

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom Inc. is a holding company with no employees and was not involved in the marketing, advertising, selling, servicing, or distributing nationwide of the products identified in Interrogatory No. 1. Brocade does post certain information about its products on www.broadcom.com, as Plaintiffs noted in their opposition to Defendants' motion to dismiss/transfer, but Broadcom Inc. does not believe this means Broadcom Inc., a holding company, is involved in marketing, advertising, selling, servicing, or distributing Brocade products.

**INTERROGATORY NO. 19**:

With respect to all Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in Tennessee.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory number 1.

6183721

**INTERROGATORY NO. 20**:

With respect to all Products Identified in response to Interrogatory number 1, Identify each Product that, any time from October 1, 2017 to present, Broadcom was directly or indirectly involved in marketing, advertising, selling, servicing, or distributing in the area encompassing all or part of the Eastern Grand Division of Tennessee, including but not limited to the University of Tennessee at Knoxville, Blue Cross Blue Shield of Tennessee, and Oak Ridge National Laboratory (ORNL) or Y12 National Security Complex, including their contractors.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

No products were identified in response to Interrogatory number 1.

**INTERROGATORY NO. 21**:

Identify all Broadcom partners or distributors marketing, advertising, selling, or distributing Products containing SNMP Research Software in or to Tennessee. Please organize each answer by Tennessee Grand Division (Eastern, Middle, and Western).

6183721

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom does not possess the information requested.

**INTERROGATORY NO. 22**:

Identify all Broadcom Inc. employees and agents who are located in or are found in Tennessee, along with a description of their Broadcom Inc. roles. Please organize each answer by Tennessee Grand Division (Eastern, Middle, and Western).

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 22**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client

privilege or the attorney work product doctrine (withholding to the extent privileged, responsive documents are identified).

Subject to and without waiving these objections, Broadcom responds as follows:

Broadcom construes the terms "You," "Your," and "Broadcom" to mean only the specific entity named as a defendant in this action, Broadcom Inc. Broadcom Inc. is a holding company and does not have any employees, including employees located or found in Tennessee. Broadcom Inc. is also not aware of any agents of Broadcom Inc. located or found in Tennessee.

**INTERROGATORY NO. 23**:

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 23**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving these objections, Broadcom responds as follows:

The following individuals contributed to answering Broadcom's second supplemental responses to Interrogatories: Other than counsel, Martin Skagen.

6183721

**INTERROGATORY NO. 24**:

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24**:

Broadcom objects to this Interrogatory on the basis that the Court overseeing this litigation lacks personal jurisdiction over Broadcom. Broadcom further objects to this Interrogatory as this jurisdiction is an improper venue for this action. Information is not being withheld pursuant to these objections. Broadcom further objects to this Interrogatory to the extent it seeks disclosure of any information, documents, or other tangible things that is protected by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving these objections, Broadcom responds as follows:

Other than counsel, the following individuals may have general knowledge regarding the information provided in these interrogatory responses: Jack Rondoni (BSN SVP & GM), Martin Skagen (VP R&D SAN USA), Steve Gleason (Finance). Moreover, other individuals identified in the parties' initial disclosures may have knowledge of the information contained in the answers to these Interrogatories. From Broadcom's initial disclosures, individuals not already named above include Mark Brazeal, Vamsi Balimidi, Zahid Hussain, and Larry Fitterer. Mark Brazeal would have general knowledge regarding the answers to the interrogatories concerning Broadcom Inc. Steve Gleason would have knowledge concerning interrogatories seeking financial information. The remaining individuals may generally have knowledge about Brocade's products and divestiture and the interrogatories above relating thereto.

Dated:  May 13, 2022     HUESTON HENNIGAN LLP


By: */s/ Alison Plessman*
   Alison Plessman
   Attorneys for Defendants
   Broadcom Inc.
   Brocade Communications Systems LLC

6183721

# VERIFICATION

STATE OF CALIFORNIA           )
                              )   ss.
COUNTY OF SANTA CLARA         )

    I have read the foregoing SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES and know its contents. I am an officer of Broadcom Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on this 13th day of May, 2022, at San Jose, California.

Mark Brazeal

## **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 620 Newport Center Drive, Suite 1300, Newport Beach, CA 92660.

On May 13, 2022, I served the foregoing document(s) described as:

**BROADCOM INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES**

on the interested parties in this action as stated below:

John L. Wood, Esq.
Cheryl G. Rice, Esq.
Rameen J. Nasrollahi,
EGERTON, McAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902 jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu
David Nimmer
A. Matthew Ashley
Olivia Weber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for SNMP Research, Inc. and SNMP International, Inc.*

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
jneukom@debevoise.com

Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, New York 10001
Leslie.demers@skadden.com

*Attorneys for Extreme Networks, Inc*

[X]  (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6183721

Executed on May 13, 2022, at Newport Beach, California.

| Sarah Jones | |
|---|---|
| (Type or print name) | (Signature) |

6183721