# EXHIBIT B
# REDACTED
# FILED UNDER SEAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**BROCADE COMMUNICATIONS SYSTEMS LLC'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES**

Defendant Brocade Communications Systems LLC ("Brocade"), by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby provides objections and responses to Plaintiff SNMP Research International, Inc.'s ("SNMPRI") First Set of Interrogatories ("Interrogatory" or "Interrogatories"), served on June 2, 2022.

**PRELIMINARY STATEMENT**

1. Brocade's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Brocade's right to rely on other facts or documents at trial. These responses and objections, while based on diligent inquiry and investigation by Brocade, necessarily reflect only

the current state of Brocade's knowledge, understanding and belief based upon the information reasonably available to Brocade at this time. Thus, Brocade expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned.

2. By making the accompanying responses and objections to SNMP's Interrogatories, Brocade does not waive, and hereby expressly reserves, its right to assert any and all defenses, including that the Court lacks personal jurisdiction over Broadcom and venue is improper. Brocade serves these responses and objections in reliance on prior representations made by counsel for Plaintiffs that they will not argue that such responses and objections constitute a waiver of any such defenses. Moreover, these responses and objections are served pursuant to the Court's June 25, 2021 ruling, which specified that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." ECF No. 75 at 16-17. By making the accompanying responses and objections to Plaintiffs' Interrogatories, Brocade does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Brocade makes the responses and objections herein without in any way implying that it considers the Interrogatories or responses thereto to be relevant or material to the subject matter of this action.

3. Per the April 22, 2022 Order, Brocade is limiting its discovery responses to Brocade Communications Systems LLC and Broadcom, Inc. Brocade's answers to the interrogatories below also encompass Brocade Communications Systems, Inc. Brocade understands that software provided by Plaintiffs pursuant to license agreements other than the License Agreement identified

in Plaintiffs' Complaint, such as the license agreements with Broadcom Corporation and CA, Inc., two Broadcom, Inc. affiliates, is excluded from Plaintiffs' discovery requests as those license agreements are not the subject of their Complaint. Moreover, no other affiliate of Broadcom, Inc. or Brocade Communications Systems LLC (more than 150 entities identified in organization charts produced to Plaintiffs) is relevant to this action as they are not parties to this action, there is no allegation pertaining to them in the Complaint, and the subject matter of the Complaint concerns a License Agreement between Brocade and SNMP Research International, Inc. and Brocade's divestiture to Extreme Networks.

4. Brocade responds to each Interrogatory as it reasonably interprets and understands the Interrogatory. If SNMPRI subsequently asserts an interpretation of any Interrogatory that differs from Brocade's understanding, Brocade reserves the right to supplement its responses and objections thereto.

5. Based on Plaintiffs' explanations regarding the meaning of "Partner Products" in their Motion to Compel and the parties' meet and confer discussions, where applicable, Brocade will construe the term "Partner Products" to refer to "the products identified in Paragraph 64 sold under other [third-party] brands". (Motion to Compel at p. 16; see also Weber 7/20/21 email (defining "Partner Products" as products that "Brocade ships…through other OEMs under that OEM's brand.").

6. Plaintiffs allege the works listed in Table 1 of their Complaint (ECF No. 1 at 7) are subject to copyright protection and were registered with the United States Copyright Office. These works, as well as the software version allegedly provided to Brocade under the License Agreement at issue, were not made available by Plaintiffs for review until April 22, 2022, and are still being reviewed and analyzed by experts retained by the parties in this case. Thus, as indicated above,

CONFIDENTIAL

Brocade reserves the right to supplement, clarify, revise, or correct any or all of the responses as new information is learned regarding Plaintiffs' allegedly copyrighted works.

7. The term "License Agreement" means the license agreement, as amended, attached as Exhibit A to Plaintiffs' Complaint.

8. These responses do not include information prior to 2017, as Brocade understands Plaintiffs are not seeking information prior to 2017.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Brocade incorporates into each Response below the Preliminary Statement in full. Subject to and without waiving the Preliminary Statement, Brocade sets forth its specific responses and objections below.

**INTERROGATORY NO. 1**:

Identify any and all entities to which Brocade Communications Systems, Inc. or Brocade Communications Systems LLC disclosed any portion of the Source Code that it received under the License Agreement.

**RESPONSE TO INTERROGATORY NO. 1**:

Brocade objects to this Interrogatory to the extent it seeks premature expert discovery, analysis, and opinion. Brocade is withholding expert discovery, analysis, and opinion until expert disclosures are due under the Scheduling Order, and reserves its right to supplement, clarify, revise, or correct any or all of the responses based on that expert work if necessary. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action (not withholding).

Subject to and without waiving these objections, Brocade responds as follows:

Pursuant to the Court's April 22, 2022 Order, Brocade interprets this request as asking about Brocade Communications Systems, Inc. and Brocade Communications Systems LLC only, rejecting the expansive definitions of these entities provided by SNMPRI.

Brocade no longer uses the source code it received under the License Agreement. ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████

Additionally, Brocade Communications Systems Inc. divested its data center switching, routing, and analytics business to Extreme Networks in October 2017. As part of this divestiture, Brocade divested certain products to Extreme Networks that ran an operating system that contained portions of Plaintiffs' source code licensed to Brocade pursuant to the License Agreement. Certain Brocade employees who had access to this operating system became employees of Extreme Networks as part of the divestiture. The extent to which Extreme's products continued to run an operating system that contained portions of Plaintiff's source code after the divestiture is currently the subject of expert analysis. Moreover, it appears from the license agreement between Extreme Networks and SNMP International, dated December 8, 1999, which was attached as Exhibit H to the Declaration of Dr. Jeffrey D. Case In Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, that ████████████████████████████████████████ ██████████████████████████████████████.

In providing the above Response, Brocade does not concede that it has infringed registered copyrighted works owned by Plaintiffs, nor that any of the products divested to Extreme Networks pursuant to the divestiture included any of the allegedly copyrighted works listed in the Complaint.

CONFIDENTIAL

**INTERROGATORY NO. 2**:

Identify any and all entities to which Brocade Communications Systems, Inc. or Brocade Communications Systems LLC disclosed Derivative Works of any portion of the Source Code that it received under the License Agreement.

**RESPONSE TO INTERROGATORY NO. 2**:

Brocade objects to this Interrogatory as seeking premature expert discovery, analysis, and opinion. Brocade is withholding expert discovery, analysis, and opinion until expert disclosures are due under the Scheduling Order, and reserves its right to supplement, clarify, revise, or correct any or all of the responses based on that expert work if necessary. Brocade further objects to this Interrogatory as this jurisdiction is an improper venue for this action (not withholding).

Subject to and without waiving these objections, Brocade responds as follows:

Pursuant to the Court's April 22, 2022 Order, Brocade interprets this request as asking about Brocade Communications Systems, Inc. and Brocade Communications Systems LLC only, rejecting the expansive definitions provided by SNMPRI.

Pursuant to the License Agreement, SNMPRI granted Brocade, among other things, an "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." The License Agreement also granted Brocade the right to "█████████████████████████████████████████████████████████████████████████████"

Nevertheless, Brocade no longer uses the source code it received under the License Agreement to develop "Derivative Works" or otherwise. In the past, as permitted by and pursuant to the terms of the License Agreement, Brocade sold products running versions of FOS that contained portions of Plaintiffs' software. After purchasing such products, customers could download FOS in object form only after signing an End User License Agreement. The extent to which any portion of Brocade's FOS code in object form constituted "Derivative Works," as defined by SNMPRI, is currently the subject of expert analysis. Pursuant to Rule 33(d), Brocade has produced its FOS source code showing which versions contained any portion of Plaintiffs' software, the install images in object form (or make files) for Brocade's products, build environments, extracts from Brocade's general ledger and subledger identifying its product sales and customers (among other information), as well as its FOS download logs.

Additionally, Brocade Communications Systems Inc. divested its data center switching, routing, and analytics business to Extreme Networks in October 2017. As part of this divestiture, Brocade divested certain products to Extreme Networks that ran an operating system that contained source code licensed to Brocade pursuant to the License Agreement. Certain Brocade employees who had access to this operating system became employees of Extreme Networks as part of the divestiture. The extent to which the code incorporated or utilized by these products in object form constituted "Derivative Works" as defined by SNMPRI is currently the subject of expert analysis. Moreover, the extent to which the products distributed by Extreme Networks after the divestiture contained any "Derivative Works" as defined by SNMPRI is currently the subject of expert analysis. Moreover, it appears from the license agreement between Extreme Networks and SNMP International, dated December 8, 1999, which was attached as Exhibit H to the Declaration of Dr. Jeffrey D. Case In Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, that

CONFIDENTIAL

███████████████████████████████████████

█████████████████████████████.

In providing the above Response, Brocade does not concede that it has infringed registered copyrighted works owned by Plaintiffs, nor that any of the products divested to Extreme Networks pursuant to the divestiture included any of the allegedly copyrighted works listed in the Complaint.

Dated:  July 5, 2022	HUESTON HENNIGAN LLP


By: _Alison Plessman_
  Alison Plessman
  Attorneys for Defendants
  Broadcom Inc.
  Brocade Communications Systems LLC

# VERIFICATION

STATE OF CALIFORNIA )
) ss.
COUNTY OF SANTA CLARA )

  I have read the foregoing RESPONSES AND OBJECTIONS TO SNMP RESEARCH INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES and know its contents. I am a vice president of engineering at Brocade Communications Systems LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe, and on that ground verify, that the matters stated in the foregoing document are true.

  I declare under penalty of perjury that the foregoing is true and correct.

  Executed on this 5th day of July, 2022, at San Jose, California.

_____
Dennis Makishima

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 620 Newport Center Drive, Suite #1300, Newport Beach, CA 92660.

On July 5, 2022, I served the foregoing document(s) described as:

**BROCADE COMMUNICATIONS SYSTEMS LLC'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES**

on the interested parties in this action as stated below:

John L. Wood, Esq.
Cheryl G. Rice, Esq.
Rameen J. Nasrollahi,
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu
David Nimmer
A. Matthew Ashley
Olivia Weber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for SNMP Research, Inc. and SNMP International. Inc.*

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
jneukom@debevoise.com

Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Leslie.demers@skadden.com

*Attorneys for Extreme Networks, Inc*

[X]  (BY E-MAIL) By transmitting the documents listed above to the e-mail addresses set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 5, 2022, at Newport Beach, California.

| Lea Garcia | *Lea Garcia* |
|---|---|
| (Type or print name) | (Signature) |