# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2, E.D. Tenn. Local Rule 26.2, and this Court's Order Regarding Sealing Confidential Information (Dkt. No. 11), Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") respectfully seek leave of the Court to submit certain documents or portion of documents under seal as described below.

Defendants move for leave to file Exhibit C to the Declaration of Mark Brazeal in Support of the Evidentiary Supplement in Support of Defendants' Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue ("Evidentiary Supplement") ("Brazeal Declaration"); Exhibits B, C, and D to the Declaration of Steve Gleason in Support of the Evidentiary Supplement ("Gleason Declaration"); and Exhibit D to the Declaration of Martin Skagen in Support of the Evidentiary Supplement ("Skagen Declaration") under seal. These five documents contain non-public, highly sensitive, confidential, and/or propriety information.

Defendants further move for leave to file paragraphs 8 and 9 of Brazeal Declaration, which discuss the contents of Exhibit C to that declaration; a portion of paragraph 8 of the Gleason Declaration, which discusses the contents of Exhibit C to that declaration; portions of Exhibit B to the Skagen Declaration (at 5 and 8); and a portion of the Evidentiary Supplement (at 5), which discusses the contents of Exhibit C of the Brazeal Declaration. The proposed redactions to these documents are narrowly tailored and relate only to non-public, highly sensitive, confidential, and/or propriety information. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.")

In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Moreover, for many of the documents and information identified above, disclosing this highly confidential, non-public information would violate the parties' privacy interests. *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data").

Confidentiality is especially important where the information to be sealed contains commercially sensitive financial information. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits."). Several of the documents identified above contain this sensitive financial information—Exhibits B and D to the Gleason Declaration (detailing extensive revenue information), Exhibit C to the Brazeal Declaration (outlining the legal structure of Broadcom), and Exhibit B to the Skagen Declaration (containing key agreement terms)—and should be sealed as described above. *See J&R Passmore, LLC, et al. v. Rice Drilling D, LLC*, 2022 WL 600807, at *2 (S.D. Ohio Mar. 1, 2022) (determining documents containing "sensitive financial information about the revenue and expenses" from certain services qualified as "explicit financial data [that rose] to the level of trade secret" and should be sealed) (internal

quotations marks and citations omitted); *Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4 (W.D. Ky. Sept. 17, 2019) (granting sealing request for documents detailing a company's internal corporate structure and key agreement terms and negotiations); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (sealing portions of exhibits discussing the plaintiff's technology infrastructure because "[a]lthough Plaintiff's technology systems and internet communications infrastructure is relevant to this case, the contours of these networks [is] not at issue"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012), rev'd and remanded on other grounds, 727 F.3d 1214 (Fed. Cir. 2013) (granting application "to seal payment and royalty information for specific licensing agreements as well as pricing terms related to particular components in Apple products"); *see also* Gleason Declaration ¶¶ 6-8 (detailing the "vast amount of highly sensitive, non-public financial information [produced in this case] in response to Plaintiffs' discovery requests"). If competitors or other debtors had access to this information, they could use it for improper purposes to gain leverage over the parties. This would severely prejudice and irreparably harm the parties. *See id.; Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff).

Courts in this district also regularly seal documents containing sensitive confidential commercial information. *See Moore v. Westgate Resorts, Ltd.*, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal financial documents containing "highly confidential terms and provisions, including specific fee distributions, payment terms and allocation of income, and losses"); *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, 2014 WL 12780317, at *7 (E.D.

Tenn. May 30, 2014) (permitting party to redact pleading "because of confidential business information found in the licensing agreement"); *Liberty Mut. Ins. Co. v. A Staffing Kompany, Inc.*, 2005 WL 8162493, at *2 (E.D. Tenn. Dec. 22, 2005) (finding good cause to seal a license agreement "because it contains commercially sensitive information").

Further, Exhibits C and D to the Gleason Declaration and Exhibit D to the Skagen Declaration contain portions of highly confidential customer lists that constitute trade secrets and involve third parties unrelated to this matter. *See Shane Group, Inc.,* 825 F.3d at 308 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *Language Access Network v. Culturalink*, 2021 WL 5176522, at *2 (S.D. Ohio Nov. 8, 2021) (collecting cases determining customer lists are trade secrets and accordingly sealing such information).

Defendants also move for leave to conditionally file Exhibit A to the Skagen Declaration; portions of paragraphs 2 and 5 of Skagen Declaration, which discuss the contents of Exhibit A to that declaration; portions of Exhibit B to the Skagen Declaration (at 6), which discuss the contents of Exhibit A to that declaration; and portions of the Evidentiary Supplement (at 4), which discuss the contents of Exhibit A of the Skagen Declaration, under seal. Because Exhibit A to the Skagen Declaration relates to the License Agreement with the Plaintiffs, Plaintiffs may want to argue that this information is confidential and should be sealed. Defendants do not have a position on whether this information should be filed under seal.

For these reasons, the Court should grant this motion to seal for the documents and portion of documents as described above. As required by the Memorandum and Order Regarding Sealing Confidential Information, the unredacted versions of the documents referenced herein are provided as

exhibits to this Motion and since only a portion of certain documents are redacted, those portions of those documents are highlighted.

Dated: July 22, 2022                    HUESTON HENNIGAN LLP


                                        By: _____*/s/ Alison Plessman*_____
                                            Alison Plessman
                                            Attorneys for Defendants
                                            Broadcom Inc.
                                            Brocade Communications Systems LLC