# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' DECLARATION IN SUPPORT OF PLAINTIFF SNMP RESEARCH, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2, E.D. Tenn. Local Rule 26.2, and this Court's Order Regarding Sealing Confidential Information (Dkt. No. 11), Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") respectfully submits this declaration in support of Plaintiff SNMP Research, Inc.'s ("Plaintiff") Motion to Leave to File Documents Under Seal (Dkt. No. 152), which seek leave of the Court to submit certain documents or portion of documents under seal as described below.

Defendants support Plaintiff's request for leave to file portions of Exhibits A and P to the Declaration of Olivia Weber in Support of Plaintiff's Motion to Compel Discovery, Enforce Order Compelling Discovery, Determine Sufficiency of Request for Admission Responses, and for Sanctions as to Defendants Broadcom Inc. and Brocade Communications Systems LLC ("Motion to Compel") ("Weber Declaration") under seal. The proposed redactions are narrowly tailored and relate only to non-public, highly sensitive, confidential, and/or propriety information. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason."). Defendants further support Plaintiff's request for leave to file Exhibits B, K, L, and M to the Weber Declaration under seal.[1] These four documents contain non-public, highly sensitive, confidential, and/or propriety information.

In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th

---

[1] Defendants' declaration does not support the request to file Exhibit Q to the Weber Declaration or any portion of the Motion to Compel under seal.

- 1 -

Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Moreover, for many of the documents and information identified above, disclosing this highly confidential, non-public information would violate the parties' privacy interests. *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"); (*see also* Dkt. No. 160-7 [Declaration of Steve Gleason in Support of Defendants' Evidentiary Supplement] ¶¶ 6-8 (detailing the "vast amount of highly sensitive, non-public financial information [produced in this case] in response to Plaintiffs' discovery requests").).

Confidentiality is especially important where the information to be sealed contains commercially sensitive business information. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits."). Several of the documents identified above contain this sensitive, proprietary business information and should be sealed as described above. These documents, attached to the to the Weber Declaration, include:

- Exhibit A, which explains a key agreement term from the license agreement between Brocade and SNMP Research International ("License Agreement"), *see Lincoln Benefit Life Company*, 2019 WL 239987, at *1 (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data");

- Exhibit B, which contains and quotes key agreement terms from License Agreement, *id.*;

- Exhibit K, L, and M, which all outline the non-public, confidential legal structure of Broadcom, *see Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4 (W.D. Ky. Sept. 17, 2019) (granting sealing request for documents detailing a company's internal corporate structure and key agreement terms and negotiations); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (sealing portions of exhibits discussing the plaintiff's technology infrastructure because "[a]lthough Plaintiff's technology systems and internet communications infrastructure is relevant to this case, the contours of these networks [is] not at issue"); and

- Exhibit P, which contains detailed product information and product development strategies and confidential information regarding business transactions, (Ex. P at 6-10, 12, 26); *see Kentucky*, 2019 WL 4452956, at *4; *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting leave to seal "highly-confidential sales and marketing information; product development strategies, tactics, and plans; sketches or mock-ups of designs and prototypes that were not distributed to the public; and business agreements"); *Just Funky, LLC v. Boom Trendz, LLC*, 2021 WL 2635377, at *8 (N.D. Ohio June 25, 2021) ("[Product lists] and information may constitute trade secrets.").

Further, Exhibit B to the Weber Declaration contains information relating to highly confidential source code that should be sealed. *See Ohio A. Philip Randolph Inst. v. Householder*, 2019 WL 1002978, at * 3 (S.D. Ohio Mar. 2, 2019) (holding source code was a trade secret and

that, "even if the source code were determined not to be a trade secret, the secrecy attached to the source code and the substantial value of the source code warrant sealing it.").

If competitors or other debtors had access to the information contained in the documents above, they could use it for improper purposes to gain leverage over the parties. This would severely prejudice and irreparably harm the parties. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2 (permitting requests to seal because competitors could improperly use confidential business and product information to their advantage); *Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff).

Courts in this district also regularly seal documents containing sensitive confidential business information. *See Moore v. Westgate Resorts, Ltd.*, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal financial documents containing "highly confidential terms and provisions, including specific fee distributions, payment terms and allocation of income, and losses"); *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, 2014 WL 12780317, at *7 (E.D. Tenn. May 30, 2014) (permitting party to redact pleading "because of confidential business information found in the licensing agreement"); *Liberty Mut. Ins. Co. v. A Staffing Kompany, Inc.*, 2005 WL 8162493, at *2 (E.D. Tenn. Dec. 22, 2005) (finding good cause to seal a license agreement "because it contains commercially sensitive information").

For these reasons, the Court should grant this motion to seal for the documents and portion of documents as described above. As required by the Memorandum and Order Regarding Sealing Confidential Information, the unredacted versions of the documents referenced herein are provided as

- 4 -
Case 3:20-cv-00451-CEA-DCP   Document 175   Filed 08/02/22   Page 5 of 6   PageID #: 9989

exhibits to this Motion and since only a portion of certain documents are redacted, those portions of those documents are highlighted.

Dated: August 2, 2022　　　　　　　　　HUESTON HENNIGAN LLP


　　　　　　　　　　　　　　　　　　　By:　　　*/s/ Alison Plessman*
　　　　　　　　　　　　　　　　　　　　　　Alison Plessman
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　Broadcom Inc.
　　　　　　　　　　　　　　　　　　　　　　Brocade Communications Systems LLC