UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>   Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>   Defendants. | Case No. 3:20-cv-00451 |

**DECLARATION OF ALISON PLESSMAN IN SUPPORT OF BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY, DETERMINE SUFFICIENCY OF REQUEST FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC**

I, Alison Plessman, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a member of the law firm of Hueston Hennigan LLP., counsel of record for Defendants Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Broadcom and Brocade have worked around the clock to provide the discovery the Court ordered on April 22, 2022, which covered virtually every aspect of Brocade's business and required the production of non-public, highly proprietary, and highly confidential information belonging not only to Defendants but also to third parties. To date, Broadcom and Brocade have

- 1 -

collectively produced over 2 million pages of documents and responded to 384 discovery requests. Brocade had also produced over 30 million files containing Brocade's source code, binary code, and the entire build environments for its products. Prior to Plaintiffs' filing of the instant motion to compel, Brocade also voluntarily created and produced a glossary to assist Plaintiffs in understanding the spreadsheets it had produced.

3. In contrast, Plaintiffs have produced just over under 30,000 pages, most of which were produced on July 15, 2022.

4. On April 22, 2022, the Court issued an Order that provided guidance for the parties' ongoing discovery efforts. Despite that guidance, Plaintiffs continue to assert frivolous boilerplate objections to numerous categories of highly relevant information.

5. On May 31, 2022, SNMP Research Inc. served Supplemental Responses to Brocade's First Set of Requests for Production. Attached hereto as **Exhibit A** is a copy of those responses. Despite indicating their intent to withhold documents on the basis of privilege, Plaintiffs have not produced a corresponding privilege log.

6. Consistent with the Court's guidance in its April 22, 2022 Order, Broadcom and Brocade have provided full and substantive discovery responses. By midnight on May 13, 2022, Broadcom and Brocade served Second Supplemental Responses to Plaintiffs' First and Second Sets of Requests for Production, *see* Exs. N and O to Weber Decl., Dkt. 151-1, and Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, *see id.* at Exs. P and Q. In their responses, Broadcom and Brocade reasonably interpreted the terms "Brocade" and "Broadcom" to mean Brocade Communications Systems LLC and Broadcom, Inc., respectively, and explained why seeking discovery 150 non-party affiliates was improper and unnecessary.

7. Notwithstanding the reasonableness of Broadcom and Brocade's interpretation of Plaintiffs' requests, in response to Plaintiffs' new discovery requests, and prior to Plaintiffs' motion to compel, Brocade agreed to produce documents responsive to several requests asking about affiliates' roles in the development, sale, or distribution of Brocade's products, and did not exclude responsive documents from prior productions if the documents involved affiliates.

- 2 -

Broadcom and Brocade used an extraordinarily broad lens in determining the responsiveness of documents to Plaintiffs' underlying requests.

8. In responding to Plaintiffs' voluminous discovery requests, Broadcom and Brocade have spent thousands of hours and substantial resources responding to Plaintiffs' discovery requests, motions, multi-page letters, and emails, even though this case actually presents a relatively straightforward set of facts.

9. Despite serving their Requests for Admission on December 26, 2020, and receiving Broadcom and Brocade's initial objections on January 25, 2021, and Supplemental Responses on October 4, 2021, Plaintiffs did not move to compel further RFA responses from Broadcom and Brocade in their December 9, 2021 motion and the Court's April 22, 2022 Order therefore does not address them. Nonetheless, Broadcom and Brocade informed Plaintiffs of their willingness to meet and confer to address any perceived issues prior to Plaintiffs' filing of the instant Motion to Compel. Despite Plaintiffs' vague and unsupported claims to the contrary, the parties have never meaningfully conferred regarding the requests or Defendants' responses.

10. Broadcom and Brocade will amend their RFA responses by August 19, 2022 as they would have done without a motion to compel.

11. Brocade expended substantial time and resources to provide many millions of highly proprietary source code files by April 22, 2022. Without being ordered to do so, Brocade also voluntarily produced millions of its binary code files on April 22, 2022.

12. Although certain financial information from the pre-merger time period in 2017 was not initially located as it was not maintained with the post-merger data, it was ultimately found in Brocade's archives and produced it to Plaintiffs subsequent to providing the May 13, 2022 supplemental discovery responses and corresponding production.

13. Shortly after May 13, 2022, Brocade also produced millions of highly sensitive files containing the entire build environments for its products.

14. While Brocade was engaging in an all-consuming document review and production process, Plaintiffs served *more* discovery requests on May 23, 2022, and June 2, 2022. Plaintiffs'

new requests included over thirty additional requests for production and interrogatories. Attached hereto as **Exhibit B** is a copy of the May 23, 2022 Third Set of Requests for Production to Brocade, as **Exhibit C** is a copy of the June 2, 2022 Fourth Set of Requests for Production of Documents to Brocade, and as **Exhibit D** is a copy of the June 2, 2022 Set of Interrogatories to Brocade.

15. Over the course of the next month, Plaintiffs also sent several emails and/or letters making unfounded accusations and demanding answers to their questions immediately. *See* Weber Decl. at Exs. J, R, and T. It was clear from Plaintiffs' questions that they had not yet looked in Defendants' productions for the very information they demanded.

16. The discovery requests served by Plaintiffs on May 23, 2022, included requests asking Brocade about its disclosures of Plaintiffs' software to its affiliates, as well as requests asking Brocade to produce documents regarding their involvement in the development, production, servicing, sale, creation, and/or distribution of Brocade's products. In its response to these requests, Brocade agreed to produce non-privileged documents to the extent such documents had not already been produced to Plaintiffs.

17. Brocade has repeatedly represented, under oath, that it did not disclose Plaintiffs' software to other Broadcom entities. Further, as Plaintiffs have acknowledged, Plaintiffs maintain separate license agreements with other Broadcom affiliates for their SNMP software.

18. Brocade has more than fully responded to Interrogatory 9. When the parties discussed the meaning of this request on a meet and confer call, Plaintiffs explained that they were seeking information about accessory items like power cords if they were sold with the alleged infringing products.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of August, 2022, at Los Angeles, California.

_____
Alison Plessman