# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | Case No.  3:20-cv-00451 |
| Plaintiffs, | |
| v. | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. | |
| Defendants. | |

## EXHIBIT A IN SUPPORT OF DECLARATION OF ALISON PLESSMAN IN SUPPORT OF BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY, DETERMINE SUFFICIENCY OF REQUEST FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC

- 1 -

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

SNMP RESEARCH, INC. and SNMP
RESEARCH INTERNATIONAL, INC.,

    Plaintiffs,

v.

BROADCOM INC.; BROCADE
COMMUNICATIONS SYSTEMS LLC;
and EXTREME NETWORKS, INC.,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 3:20-cv-00451

U.S. District Judge Charles E. Atchley,
Jr.

## SNMP RESEARCH INC.'S SUPPLEMENTAL RESPONSES TO BROCADE'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff SNMP Research, Inc. ("Plaintiff") hereby submits the following supplemental objections and responses (collectively, "Responses") to Defendant Brocade Communications Systems LLC's ("Brocade" or "Defendant") First Set of Requests for Production (the "Requests").

## PRELIMINARY STATEMENT

These Responses, while based on diligent inquiry and investigation by Plaintiff, necessarily reflect only the current state of Plaintiff's knowledge, understanding, and belief based upon the information reasonably available to Plaintiff at this time. As this action proceeds, further information and/or documents may be discovered, or their significance better understood. Without in any way obligating itself to do so, Plaintiff reserves the right to change, amend or supplement these Responses. Plaintiff accordingly reserves the right to change any and all responses herein with facts or information that it learns were omitted,

11108377
2169039

including by inadvertence, mistake, or excusable neglect, as additional facts are ascertained, analyses are made, legal research is completed, and contentions are investigated. Plaintiff reserves the right to object to discovery into the subject matter addressed in anything produced and to the introduction of produced information into evidence.

Plaintiff will produce documents pursuant to Federal Rule of Civil Procedure 26(a)(1) and (b)(1), and it will produce documents as required by the Stipulation Regarding the Form of Document Production (Dkt. 52) and by the Agreed Protective Order (Dkt. 93). Insofar as Brocade's request for associated metadata conflicts with the parties' Stipulation Regarding the Form of Document Production, Plaintiff will adhere to the Stipulation. Plaintiff interprets Brocade's definitions of "Documents" and "Information" as being co-extensive with the definitions set forth in Federal Rule of Civil Procedure 34(a). Plaintiff understands from Brocade that "Defendants" refers to all Defendants in this litigation and has answered accordingly.

Subject to resolving Plaintiff's objections below by meeting and conferring with Brocade, Plaintiff anticipates that its production of responsive non-privileged documents will be substantially completed on or about July 15, 2022.

For all requests, Plaintiff has identified whether it is withholding documents based on an objection. If Plaintiff objects to a request on a privilege basis, then Plaintiff will identify the materials withheld on a privilege log. Plaintiff anticipates producing a substantially complete privilege log on or about July 22, 2022. If Plaintiff has objected to a request as requiring premature expert discovery, then Plaintiff will produce the documents at the time required by the Federal Rules of Civil Procedure. However, as

indicated by Brocade in an April 27, 2022 email from its counsel, Plaintiff agrees that pre-existing documents in the parties' possession concerning, supporting or refuting Plaintiff's claims will not be withheld simply because the parties' experts may rely on them.

This introductory statement shall apply to each and every Response given herein and shall be incorporated by reference as though set forth in each Response appearing below.

## RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Information identified in Your initial disclosures pursuant to the Federal Rule of Civil Procedure 26(a).

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 2:

A copy of all SNMP Research Software and its underlying Source Code.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Plaintiff objects to this Request on the grounds that it is not clear what Defendant is requesting in addition to the underlying Source Code and the Request is therefore vague

and ambiguous. Plaintiff objects that producing every distribution of SNMP Research Software shipped to customers is not relevant to this case and is unduly burdensome, overbroad, and disproportionate because it would require the identification and production of over 10,000 distributions which contain source code that has already been produced by Plaintiff (withholding). Subject to these objections, Plaintiff has produced the source code Plaintiff filed with the United States Copyright office and the source code shipped to Brocade under the License Agreement.

**REQUEST FOR PRODUCTION NO. 3:**

A copy of the "copyrighted software" You or SNMP International provided to Brocade that You allege in Paragraphs 7 and 8 of the Complaint was licensed to Brocade, formerly known as Brocade Communications Systems, under the License Agreement, including any "Source material" You allege that You or SNMP International transferred to Brocade under the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff has produced the source code responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of the source code and "copyrighted software" that You allege in Paragraph 46 of the Complaint was disclosed and transferred by Brocade to Extreme in breach of the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff has produced the source code responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications and Information recorded in the U.S. Copyright Office Relating to (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You (or someone acting on Your behalf) and the U.S. Copyright Office.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Information, works, and other materials that You (or someone acting on Your behalf) submitted to the U.S. Copyright Office as part of an application to register a claim to copyright, including all deposit copies, source code, affidavits, registration applications, assignments, contracts, and licenses.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications and Information concerning, reflecting, or constituting Your application to register a claim to copyright, including all Documents and Communications and Information concerning, reflecting, or constituting Your decision whether or not to submit an application to the U.S. Copyright Office and/or whether or not to register copyrights for SNMP Research Software or the software or Source materials allegedly licensed to Brocade under the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications and Information concerning, reflecting, or constituting Your decision whether or not to register copyrights for SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 8 of 99   PageID #: 10180

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications that You provided or received from any regulatory, governmental, or investigative federal or state agency, including the U.S. Copyright Office, concerning each[sic] of the SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects that the Request is unduly burdensome, disproportionate and overbroad because it would involve, among other things, having to give notice to and secure the agreement of governmental entities regarding the production of documents spanning a thirty-year period due to the fact that Plaintiff licenses software to governmental entities (withholding). Plaintiff also objects because it seeks information which is irrelevant and outside the scope of discovery as defined by the Rules of Civil Procedure and is not proportional to the needs of the case because it seeks "All Documents and Communications" across an unlimited time frame which encompass materials not relevant to Plaintiff's claims in this case (withholding). Plaintiff is withholding documents to and from governmental agencies other than the U.S. Copyright Office and Senator

Corker's office, and has already produced responsive agreements that did not require giving notice and securing the consent of the licensees to produce.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications between You and any publication, public medium (including news agencies and wire services), or governmental agency, or any representative of them, concerning the allegations raised in the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff does not interpret this Request to require documents filed with or communications sent to courts. Plaintiff is not aware of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications and Information concerning, reflecting, or constituting the ownership, conception, development, drafting and/or creation of (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, including but not limited to all drafts, notes, communications or other documents Plaintiffs referenced or created when conceiving, developing, drafting, or creating these materials.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and disproportionate in scope as it requires the production of documents related to the development of Plaintiff's software over a thirty-year period and for every developer that ever worked on Plaintiff's software. Plaintiff also

objects to this Request as seeking material which is not proportional to the needs of the case because "All" Documents, Communications, and Information "concerning, reflecting, or constituting the ownership, conception, development, draft, and/or creation of" the categories listed in the Request are so numerous over a thirty-year period and for every developer that ever worked on Plaintiff's software and the value is minimal (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents sufficient to show authorship and ownership of Plaintiff's software.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all persons involved in the conception, development, drafting, and/or creation of (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, and each person's role in connection with the work's conception, development, drafting, and/or creation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents sufficient to show all persons involved in the conception, development, drafting, and/or creation of Plaintiff's software.

**REQUEST FOR PRODUCTION NO. 14:**

All contracts and other agreements concerning, reflecting or constituting the conception, development, drafting, ownership, and/or creation of (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and disproportionate in scope because it requires the production of every license agreement spanning a period of thirty years which in turn requires Plaintiff to make an effort to obtain consent from the licensees for the production of many of the license agreements (withholding). On November 30, 2021, Plaintiff produced hundreds of license agreements to all Defendants which took months for Plaintiff to gather and review for consent requirements. Plaintiff also objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already

produced by Plaintiff, Plaintiff will produce non-privileged responsive documents sufficient to show authorship and ownership of Plaintiff's software.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, Communications, and Information concerning, reflecting, or constituting any agreements with the federal government concerning (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of this case because it requires the production of "All" documents related to agreements with the federal government over a thirty-year period which includes extensive amounts of paper and electronic files which would take significant time to catalog and produce and would also involve having to give notice to and secure the agreement of governmental entities (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff has already produced responsive agreements as part of its production of hundreds of license agreements on November 30, 2021 to all Defendants, which took months for Plaintiff to gather and review for consent requirements and did not require giving notice and securing the consent of licensees.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 13 of 99   PageID #: 10185

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, Communications, and Information concerning, reflecting, or constituting Harrie Hazewinkel's contribution to, ownership, or authorship of SNMP Research Software or any intellectual property related to this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this Request because it is indefinite as to scope and time. Plaintiff further objects to this Request as overly broad (which encompasses irrelevant documents) and unduly burdensome because it requires the production of "All" documents concerning Harrie Hazewinkel's work from over twenty years ago. Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 17:**

All Communications after January 1, 2017 between You or SNMP International, on the one hand, and Brocade, Broadcom, or any Broadcom affiliate, on the other hand, concerning (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications after January 1, 2017 concerning the License Agreement, including any Documents and Communications concerning, reflecting, or constituting any modification, transfer, amendment, waiver, addendum, assignment, breach, or termination of the License Agreement or the rights thereunder.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning, reflecting, or constituting the transmittal to Brocade of any software, source code, or Source materials that You allege were provided to Brocade under the License Agreement.

11108377
2169039

- 13 -

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff objects to this Request because it is indefinite as to scope and time, and because it is overbroad, unduly burdensome, and disproportionate because it would involve, among other things, the production of documents from over twenty years ago (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce documents constituting the transmittal to Brocade of the source code and software provided to Brocade under the License Agreement.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Relating to Your allegation that Brocade disclosed and/or transferred Your or SNMP International's software, source code, and Source materials to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-

privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 21:

All Communications with Extreme Relating to (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, (4) the products, source code, and/or software You allege Brocade transferred to Extreme; (5) agreements or potential agreements with Extreme concerning YOUR or SNMP International's software or source code.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it is unlimited in time and indefinite in scope and would involve, among other things, the production of documents from over twenty years (withholding). Plaintiff also objects to this Request because it seeks material which is irrelevant and outside the scope of discovery as defined by the Rules of Civil Procedure and not proportional to the needs of the case because "All Communications" for all time are not relevant (withholding). Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce responsive documents from January 1, 2017 to the present that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications with Extreme Relating to the License Agreement (including any Communications Relating to the assignment or transfer or potential assignment or transfer of the License Agreement or rights thereunder to Extreme), Brocade, or Broadcom.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

All contracts and other agreements concerning, reflecting, or constituting the ownership or licensing of copyright rights in or to (1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9; (4) (sic).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and disproportionate in scope as it requires the production of every license agreement spanning a period of thirty years which in turn requires Plaintiff to make an effort to obtain consent from the licensees for the production

11108377
2169039

of many of the license agreements (withholding). On November 30, 2021, Plaintiff

produced hundreds of license agreements to all Defendants which took months for Plaintiff

to gather and review for consent requirements. Plaintiff further objects to this Request to

the extent it seeks disclosure of any information, documents, or other tangible things that

are protected by any applicable privilege or protection, including without limitation the

attorney-client privilege and the attorney work product doctrine (withholding any

privileged communications). Subject to these objections, to the extent not already

produced by Plaintiff, Plaintiff will produce non-privileged responsive documents

sufficient to show ownership of Plaintiff's software.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning, reflecting, or constituting the

authorship and/or ownership of (1) the SNMP Research Software listed in Table 1 of the

Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7

and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9;

(4) (sic).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant

documents), disproportionate, and unduly burdensome in scope as it requires the

production of documents related to the development of Plaintiff's software over a period of

thirty years and for every developer that ever worked on Plaintiff's software (withholding).

Plaintiff further objects to this Request to the extent it seeks disclosure of any information,

documents, or other tangible things that are protected by any applicable privilege or

protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents sufficient to show authorship and/or ownership of Plaintiff's software.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, Communications, and Information concerning, reflecting, or constituting Your ownership of the copyright registrations for the SNMP Research Software or any intellectual property related to this Action, including assignments from authors and filings with the U.S. Copyright Office.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and disproportionate in scope as it requires the production of documents related to the development of Plaintiff's software over a period of thirty years and for every developer that ever worked on Plaintiff's software (withholding). Plaintiff further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents sufficient to show that SNMP Research, Inc. is the registered owner of the valid Copyrights listed in Table 1 of the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications that support or refute Plaintiffs' claim that Broadcom and Brocade received a copy of and/or possess SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning, reflecting, or constituting newspaper, magazine, newsletter, trade journal, website, or other media coverage concerning any Defendant or any products sold or service provided by any Defendant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this Request because it is overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the search and review of documents over an unlimited time (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 21 of 99   PageID #: 10193

these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications that support or refute Plaintiffs' claim that Defendants willfully infringed SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications that support or refute Plaintiffs' claim that it suffered or will suffer irreparable harm as a result of the Defendants' alleged infringement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection,

to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications sent by or on behalf of Plaintiffs to third parties claiming the third party infringed or breached license agreements pertaining to 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and disproportionate because it requires the search and review of documents over a thirty-year period (withholding). Plaintiff further objects on the grounds that this Request has an unlimited time period (withholding). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce responsive documents sent on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 31:

Documents sufficient to identify all lawsuits filed by or on behalf of Plaintiffs claiming that a third party infringed 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9; (4) (sic).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

To the extent not already produced by Plaintiff, Plaintiff will provide documents sufficient to identify the lawsuits.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between Plaintiffs and any third party about Defendants or products sold or services provided by Defendants.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the search and review of documents over an unlimited time period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents sent on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents not otherwise requested herein concerning Defendants or Defendants' products or services.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome and not proportional to the needs of this case because it

requires the search and review of documents over an unlimited time period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 34:

All Documents, Communications, and Information that Relate to the publication of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request as calling for a legal conclusion concerning the meaning of "publication," and Plaintiff disputes Defendants' assertions regarding "publication." Notwithstanding this, Plaintiff understands that it is Defendants' position that licensing constitutes publication, and accordingly, Plaintiff objects to this Request as overly broad (which encompasses

11108377
2169039

- 23 -

irrelevant documents), disproportionate, and unduly burdensome in scope to the extent it seeks the production of every license agreement spanning a thirty-year period which in turn requires Plaintiff to make an effort to obtain consent from the licensees for the production of many of the license agreements (withholding). On November 30, 2021, Plaintiff produced hundreds of license agreements to all Defendants which took months for Plaintiff to gather and review for consent requirements.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify all agreements, media, venues, and distribution channels in or through which the following was or will be made available to third parties: 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9; (4) (sic).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff object to this Request because it is indefinite as to scope and time (withholding). Plaintiff objects to this Request because it seeks information and material which is not proportional to the needs of the case because it seeks the identity of all agreements media, venues, and distribution channels for all time which could require searching documents across thirty years (withholding). Plaintiff also objects that the term "venues" is ambiguous and does not make sense in this context, and Plaintiff does not know how to identify all "venues" or future "venues."

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning Plaintiffs' advertisement, marketing, and promotion of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted

software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9; including representative samples of each type of advertisement, marketing, and promotional material.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome and not proportional to the needs of the case because it requires the search and review of "All Documents" over an unlimited time period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents created on or after January 1, 2015 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 37:**

Documents describing or discussing the actual and target purchasers of or audience for 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff objects to this Request as seeking material which is overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs

of the case because documents about every actual purchaser of Plaintiff's software over a thirty-year period would require reviewing a massive scope of documents (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce a ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications received by Plaintiffs in response to any document requests or subpoenas propounded by Plaintiffs in this Action (other than any Document produced to Plaintiffs by Broadcom or Brocade).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control. Plaintiff will not re-produce Extreme's productions in this action.

**REQUEST FOR PRODUCTION NO. 39:**

Documents sufficient to show Plaintiffs' electronic data and document retention policies since 2001.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 28 of 99   PageID #: 10200

product doctrine (withholding any privileged communications). Plaintiff objects to this request as overly broad (which encompasses irrelevant documents) and unduly burdensome because it requires the search and review of documents over a twenty-year period. Plaintiff is not currently aware of any non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to show all persons that assisted in connection with the identification, collection, and production of Documents, Communications, and Information in response to these document requests, including, but not limited to, all custodians of Documents, Communications, and Information responsive to these document requests.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff is not aware of any non-privileged documents which are responsive to this Request. If Plaintiff does discover any non-privileged documents responsive to this Request then Plaintiff will seasonably produce them.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to show the terms of any insurance coverage for this lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Plaintiff is not currently aware of any insurance coverage for this lawsuit. If Plaintiff becomes aware of any insurance coverage it will comply with Federal Rule of Civil Procedure 26(a).

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and Information concerning, constituting, or reflecting SNMP Research EMANATE/Lite Agent Version 16.2.0.9, including a copy of the software and its underlying Source Code and Source materials.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the search and review of "All Documents, Communications, and Information" over an indefinite period (withholding). Plaintiff also objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff has already produced source code responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications discussing, analyzing, referencing, reflecting, or concerning the differences and similarities between SNMP Research Software (or SNMP Research EMANATE/Lite Agent Version 16.2.0.9) and the software and/or source

code offered by other companies or available on the internet (including open-source SNMP software and other network monitoring tools).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this Request because it is indefinite as to scope and time and fails to identify with adequate particularly what is actually being sought. Plaintiff also objects because any "software and/or source code offered by other companies or available on the internet" is vague and ambiguous, and depending on what is meant by this phrase, could encompass documents that are not relevant to the case. Plaintiff further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts

identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Plaintiff is willing to meet and confer with Defendant to understand the meaning of this Request and discuss a reasonable scope.

## REQUEST FOR PRODUCTION NO. 44:

All Documents and Communications discussing, analyzing, referencing, reflecting, or concerning the function and purpose of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Plaintiff objects to this Request because it is indefinite as to scope and time (withholding). Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the production of documents over an unlimited period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it seeks material which is irrelevant, outside the scope of discovery as defined by the Rules, and not proportional to the needs of the case because this Request is not reasonably tailored to the issues in this litigation and asks for almost every document Plaintiff possesses which is unduly burdensome to produce (withholding). Plaintiff is willing to meet and confer to discuss a reasonable scope for this Request.

11108377
2169039

**REQUEST FOR PRODUCTION NO. 45:**

All Documents, Communications, and Information that concern, support, or refute Your allegation in ¶ 5 of the Complaint that "other companies...offer SNMP software."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the production of documents from an unlimited period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce non-privileged responsive documents date on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, have not already been produced by Plaintiffs, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents, Communications, and Information that concern, support, or refute Your allegation in ¶ 5 of the Complaint that "Plaintiffs' SNMP software is in heavy demand by many companies and government agencies and has been a market leader for many years."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the production of every license agreement spanning a thirty-year period which in

turn requires Plaintiff to make an effort to obtain consent from the licensees for the production of many of the license agreements (withholding). On November 30, 2021, Plaintiff produced hundreds of license agreements to all Defendants which took months for Plaintiff to gather and review for consent requirements. Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents, Communications, and Information that concern, support, or refute Your allegation in ¶¶ 11 of the Complaint that Plaintiffs notified Brocade of its breach of the License Agreement and gave Brocade an opportunity to cure.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents, Communications, and Information that concern, support, or refute Your allegation in ¶¶ 11 and 54 of the Complaint that Brocade "stonewalled" Plaintiffs.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents, Communications, and Information that concern, support, or refute Your allegation in ¶ 45 of the Complaint that "SNMP International declined to provide its consent [to permit an "assignment" from Brocade to Extreme].and asked for additional details on the assignment to Extreme and intended subsequent uses being proposed.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged

documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents, Communications, or Information that concern, support, or refute Your allegation in ¶ 55 of the Complaint that "Plaintiffs repeatedly wrote to Brocade" about Brocade's alleged breach of the License Agreement by transferring and/or disclosing the software to Extreme without the right to do so.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents, Communications, and Information Relating to Your allegation that the License Agreement was breached, including Communications Relating to a breach of the License Agreement with any of the parties in this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications). Plaintiff also objects to this request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents, Communications, and Information that concern, support, or refute Plaintiff's allegation in ¶ 57 of the Complaint that "Brocade continued to delay."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents, Communication, and Information Relating to Your allegation that "After waiting 55 days for a cure that would never occur, on July 25, 2019, Plaintiffs sent

Brocade a written letter terminating Brocade's internal use and redistribution rights set forth in the License Agreement (the "Notice of Termination")."

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 54:

All Documents, Communications, and Information Related to the "Notice of Termination" referenced in ¶ 58 of the Complaint, including all Documents, Communications, and Information Related to Your or SNMP International's decision to send Brocade a Notice of Termination on July 25, 2019.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents, including notes or other contemporaneous and relevant recordings (such as diaries, calendars, journals, and photographs) made by You Relating to the claims in this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents that are within Plaintiff's possession, custody, or control and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 56:**

All working group lists, organization charts, directories, or other documents sufficient to Identify individuals and entities with knowledge of the facts that serve as the basis for the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, Plaintiff will produce non-privileged responsive documents created on or after January 1, 2017 to present that are sufficient to identify the requested information.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 39 of 99   PageID #: 10211

**REQUEST FOR PRODUCTION NO. 57:**

Documents, Communications, and Information concerning Dr. Jeffrey Case's and Ken Key's employment with You or SNMP International, including any agreement to assign, transfer, sell, or license their intellectual property to You or SNMP International.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of this case because it requires the search and review of documents over a thirty year period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce the signed versions of those agreements that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, Communications, and Information concerning the ownership and/or rights of each Plaintiff in this Action with respect to 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents sufficient to show that SNMP Research, Inc. is the registered owner of the valid Copyrights listed in Table 1 of the Complaint.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents, Communications, and Information Relating to Broadcom's acquisition of Brocade.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents, Communications, and Information Relating to Your or SNMP International's decision not to consent to an assignment from Brocade to Extreme as alleged in Paragraphs 44 and 45 of the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents, Communications, or Information reflecting Your or SNMP International's consent or refusal to consent to an assignment of a license agreement or rights thereunder.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiff objects to this Request because it is overbroad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of the case because it requires the search and review of documents over a thirty-year period (withholding). Moreover, many licenses include confidentiality provisions, which in turn requires Plaintiff to make an effort to obtain consent from the licensees for the requested production (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 42 of 99   PageID #: 10214

produce non-privileged responsive documents that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 62:**

All Communications with any Defendant or any affiliate of any Defendant regarding this Action or the allegations asserted in this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Plaintiff objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of documents (withholding documents). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents, Communications, and Information referencing this Action, the allegations asserted in this Action, or discussing potential litigation or claims against any Defendant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents, Communications, and Information Relating to the License Agreement after January 1, 2017.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 65:**

All license agreements or other contracts between any Plaintiff and a third party prior to January 25, 2011 concerning: 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 44 of 99   PageID #: 10216

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiff objects to this Request because it is overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional because it requires the production of numerous documents over a thirty-year period, many of which require giving notice to and obtaining the consent of third-party licensees which will be difficult for Plaintiff to obtain (withholding documents). Plaintiff has already produced hundreds of license agreements to all Defendants which took months for Plaintiff to gather and review for consent requirements.

**REQUEST FOR PRODUCTION NO. 66:**

All license agreements or other contracts between any Plaintiff and a third party after October 1, 2017 concerning: 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce responsive license agreements dated after October 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to show the amount paid by any third party to license, buy, or use 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of documents over a thirty-year period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce a ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents, Communications, and Information concerning, reflecting, or constituting the negotiations for the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Plaintiff objects to this request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of this case because it requires the production of documents from over twenty years ago. Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents, Communications and Information concerning, reflecting, or constituting support, technical or otherwise, You or SNMP International provided to users or licensees for: 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Plaintiff objects to this Request because it is indefinite as to scope and time and is overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the production of tens of thousands of documents over a thirty-year period (withholding). Plaintiff also objects to this Request because it seeks documents which are irrelevant and beyond the scope of discovery and not proportional to the needs of the case because all support documents for unrelated third-parties are not relevant to the claims in this Action, and the effort required to retrieve and process such irrelevant information is not proportional to the needs of the case (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce responsive documents concerning support provided to Brocade from January 1, 2017 to present.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents, Communications, and Information, including promotional or instructional materials, explaining the benefits or features of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, not proportional to the needs of the case because it requires the production of documents over a thirty-year period, and "All Documents, Communications, and Information, including promotional or instructional materials, explaining the benefits or features of" the software identified in the three categories would be difficult to gather over a thirty-year period for limited, if any, benefit (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request from January 1, 2017 to the present that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 48 of 99   PageID #: 10220

**REQUEST FOR PRODUCTION NO. 71:**

All Documents, Communications, and Information Relating to Your allegation that "Brocade, without authorization, copied, reproduced, prepared derivative works based upon, and publicly distributed Plaintiffs' copyrighted software."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents, Communications, and Information concerning, reflecting, or constituting any analysis or evaluation about whether any Brocade or Broadcom product contains or does not contain or is or is not a derivative work based upon 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as

permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed

Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶

44) will not be produced (withholding). Plaintiff objects to this Request to the extent it

seeks disclosure of any information, documents, or other tangible things that are protected

by any applicable privilege or protection, including without limitation the attorney-client

privilege and the attorney work product doctrine (withholding any privileged

communications). Subject to these objections, to the extent not already produced by

Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that

are within Plaintiff's possession, custody, or control, and are located after a reasonably

diligent search.

### REQUEST FOR PRODUCTION NO. 73:

All Documents, Communications, and Information concerning any instance where

You asserted or threatened to assert any breach of contract or infringement claims against

any Person concerning 1) the SNMP Research Software listed in Table 1 of the Complaint;

(2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the

Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Plaintiff objects to this Request to the extent it seeks disclosure of any information,

documents, or other tangible things that are protected by any applicable privilege or

protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications). Subject to this objection,

to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 74:

All Documents, Communications, and Information Relating to any challenges made by any Person regarding Your or SNMP International's ownership, copyright, or other intellectual property rights with respect to 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Plaintiff objects that the Request is indefinite as to scope and time, fails to identify with adequate particularly what is actually being sought, and is overbroad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it would involve searching documents spanning decades (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff further objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce responsive communications between Plaintiff and Defendants dated on or after January 1, 2017 and up to the date of this Action that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to identify all lawsuits or arbitration proceedings concerning 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Plaintiff will provide documents sufficient to identify the lawsuits requested above. Plaintiff is presently unaware of responsive materials relating to arbitration proceedings.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents, Communications, and Information that You contend form the basis for, or upon which You intend to rely to support, any contention that You or SNMP International have a valid copyright registration for the SNMP Research Software or any intellectual property related to this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 77:

All financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans showing revenues and/or profits actually or expected to be received from licensing, sale, or other exploitation of 1) the SNMP Research Software listed in Table 1 of the Complaint; the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of innumerable documents over a thirty-year period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other

tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff also objects to this Request because it seeks material which is not proportional to the needs of the case; all Plaintiff's financial information over a thirty-year period will be difficult to gather for limited, if any, benefit (withholding). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged, responsive documents dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to identify amounts paid by any third party to license, use, purchase, or otherwise exploit 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of documents over a thirty year period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce a ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents, Communications, and Information Relating to the value of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).

Plaintiff also objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding). Plaintiff further objects to this Request because it is

not relevant, unduly burdensome and not proportional to the needs of the case because it calls for the production of every document exchanged with a customer related to payment which also entails a significant amount of paper files spanning decades (withholding).

**REQUEST FOR PRODUCTION NO. 80:**

All Documents, Communications, and Information concerning policies and practices for pricing or licensing 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, including Documents, Communications, and Information that computes or discusses the value of the assets at issue in this Action, and including actual prices agreed upon or paid by third parties.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Plaintiff objects on the ground that this Request is indefinite as to scope and time (withholding).  Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the production of documents over a thirty-year period (withholding).  Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Subject these objections, Plaintiff will produce a ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents, Communications, and Information concerning, reflecting, or constituting market surveys, consumer surveys, market analysis, sales analysis, or market research about: 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of this case because it requires the search for "All Documents, Communications, and Information concerning, reflecting, or constituting" which would include a large number of documents spanning decades which cannot be reasonably located (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶

44) will not be produced (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 82:

All Documents, Communications, and Information concerning studies, surveys, investigations, research, development, analyses, or opinions concerning any Defendant or any products sold or service provided by any Defendant.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 83:

All Documents, Communications, and Information concerning any third-party or open source software, tool, product, service, system, method or technology competing with or similar to 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Plaintiff objects because any "any third-party or open source software, tool, product, service, system, method or technology competing with or similar to" the numbered categories identified in the Request is vague and ambiguous. Depending on what is meant by this phrase, it could encompass documents that are not relevant to the case and would require an unduly burdensome search and review of documents over a thirty-year period, which is not proportional to the needs of the case (withholding).

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents, Communications, and Information concerning the market, demand for, growth potential, and/or competitors for 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in

Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), unduly burdensome, and not proportional to the needs of this case because it requires the production of "All Documents, Communications, and Information" over a time period spanning decades which would require the search and review of a large number of documents (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 85:**

All Documents, Communications, and Information reflecting or sufficient to identify

all sales, licensing, or any other revenue-generating activity involving 1) the SNMP

Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and

"Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research

EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant

documents), disproportionate, and unduly burdensome because it requires the search and

review of documents over a thirty year period (withholding).  Plaintiff objects to this

Request to the extent it seeks disclosure of any information, documents, or other tangible

things that are protected by any applicable privilege or protection, including without

limitation the attorney-client privilege and the attorney work product doctrine (withholding

any privileged communications).  Subject to these objections, Plaintiff will produce a

ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents, Communications, and Information reflecting payments to You or

SNMP International from any Defendant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant

documents), disproportionate, and unduly burdensome because it requires searching and

reviewing documents over a twenty-year period (withholding).  Plaintiff also objects to this

Request because it is not proportional to the needs of the case because "All Documents,

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 62 of 99   PageID #: 10234

Communications and Information reflecting payments" over a twenty-year period requests materials that will be difficult to gather for limited, if any, benefit, particularly because documents, communications, and information reflecting payments are within the possession, custody, or control of Defendants (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce non-privileged documents sufficient to identify each payment made by Defendants.

**REQUEST FOR PRODUCTION NO. 87:**

Audited and unaudited income statements, balance sheets, and statements of Your revenues, profits, costs, royalties, and cash flows on a monthly, quarterly and annual basis from January 1, 2017, to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 88:**

All Documents, Communications, and Information that reflect a valuation of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9; or (4) You or SNMP International.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Plaintiff objects to this Request because it is indefinite as to scope and time (withholding).  Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order.  Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).  Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 89:**

Documents, Communications, and Information sufficient to Identify customers or licensees of 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; or (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, from January 1, 2017, to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Plaintiff objects to this Request on the grounds that the identity of every customer and licensee is not relevant to the claims in this case (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce a ledger showing customer payments from 1997 to the present.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents, Communications, and Information that concern, support, or refute Your claim that You or SNMP International were damaged as a result of Brocade's copyright infringement, contributory copyright infringement, or breach of the License Agreement, including the fact and amount of any damage.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as

permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed

Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶

44) will not be produced (withholding).  Plaintiff objects to this Request to the extent it

seeks disclosure of any information, documents, or other tangible things that are protected

by any applicable privilege or protection, including without limitation the attorney-client

privilege and the attorney work product doctrine (withholding any privileged

communications).  Subject to these objections, to the extent not already produced by

Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that

are within Plaintiff's possession, custody, or control, and are located after a reasonably

diligent search.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents, Communications, and Information that concern, support, or refute

Your claim that Brocade and Broadcom are jointly and severally liable for any recovery by

You or SNMP International of actual damages, profits, or statutory damages.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information,

documents, or other tangible things that are protected by any applicable privilege or

protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications).  Subject to this objection,

to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged

documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 92:**

All Documents, Communications, and Information that concern, support, or refute Your claim that You or SNMP International were damaged as a result of Extreme's copyright infringement, including the fact and amount of any damage.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 67 of 99   PageID #: 10239

**REQUEST FOR PRODUCTION NO. 93:**

All Documents, Communications, and Information Relating to Your claim that each Defendant profited from allegedly infringing SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 94:**

All Documents, Communications, and Information Relating to Your claim that Broadcom and Brocade profited from Brocade's divestiture to Extreme described in the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents, Communications, and Information concerning Brocade's divestiture to Extreme or transfer, sale, or disclosure of products, software, or source code to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 69 of 99   PageID #: 10241

disclosures are due under the Scheduling Order.  Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).  Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents, Communications, or Information Relating to any analysis by Plaintiffs concerning the amount of any Defendant's revenues that are attributable to the alleged infringement of SNMP Research Software.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order.  Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).  Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 97:**

All Documents, Communications, and Information concerning each and every expert or consultant that You have retained for purposes of testifying or possibly testifying at the trial of this Action, including, but not limited to, any Documents concerning any business relationship such experts or consultants had, have or may have with You, all patents, published applications, books, articles, treatises, reports, source code, and other publications authored or co-authored by such experts or consultants, all documents which such experts or consultants referred to or relied on in formulating their opinion(s), and all Documents constituting or concerning any opinions such experts have formulated in connection with this Action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert

11108377
2169039

- 69 -

disclosures are due under the Scheduling Order.  Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).  Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 98:**

All Documents, Communications, and Information that concern, support, or refute any arguments or facts Plaintiffs briefed, presented or relied on or intend to present or rely on in connection with disputing Defendants' motions to dismiss and/or transfer.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 99:**

All Documents, Communications, and Information that you intend to rely on at trial.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Plaintiff reserves the right to rely upon any materials it produces or has produced in this matter at trial as well as items which it may obtain from any Defendant or from any non-party. Plaintiff will identify its exhibits for trial as and when required under this Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 100:**

All unredacted court filings (including but limited to motions and briefs) from *Avaya Inc. v. SNMP Research Int'l Inc.*, C.A. No. 12-191RGA (D. Del.).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of unidentified unredacted documents governed by a separate protective order in a

separate proceeding (withholding). Plaintiff also objects to this Request because it seeks material which is irrelevant and not proportional to the needs of the case because "All unredacted court filings" from a separate litigation are not related to the claims in this case (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

## REQUEST FOR PRODUCTION NO. 101:

All written discovery responses served by You and/or SNMP International in *Avaya Inc. v. SNMP Research Int'l Inc.*, C.A. No. 12-191RGA (D. Del.).

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of all of Plaintiffs' discovery served in a separate case which is governed by the protective order in that case (withholding). Plaintiff also objects to this Request because it seeks material which is irrelevant, beyond the scope of discovery, and not proportional to the needs of the case because "All written discovery responses" from a separate litigation are not related to the claims in this case (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 102:**

All deposition transcripts and expert reports in *Avaya Inc. v. SNMP Research Int'l Inc.*, C.A. No. 12-191RGA (D. Del.).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of all deposition transcripts and expert reports in a separate case which is governed by the protective order in that case (withholding). Plaintiff also objects to this Request because it is irrelevant and not proportional to the needs of the case because "All deposition transcripts and expert reports" from a separate litigation are not related to the claims in this case (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 103:**

All unredacted court filings (including but limited to motions and briefs) from *In re. Nortel Networks Inc.*, 1:09-bk-10138 (Bankr. D. Del).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of unidentified unredacted documents governed by a separate protective order in a separate proceeding (withholding). Plaintiff also objects to this Request because it seeks

material which is irrelevant and not proportional to the needs of the case because "All unredacted court filings" from a separate litigation are not related to the claims in this case (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 104:**

All written discovery responses served by You or SNMP International *In re. Nortel Networks Inc.*, 1:09-bk-10138 (Bankr. D. Del).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of all of Plaintiffs' discovery served in a separate case which is governed by the protective order in that case (withholding). Plaintiff also objects to this Request because it seeks material which is irrelevant to the claims in this case and not proportional to the needs of the case because "All written discovery responses" from a separate litigation are not related to the claims in this case (withholding) Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 105:**

All deposition transcripts and expert reports in *In re. Nortel Networks Inc.*, 1:09-bk-10138 (Bankr. D. Del).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the search and review of all deposition transcripts and expert reports in a separate case which is governed by the protective order in that case (withholding). Plaintiff also objects to this Request because it seeks material which is irrelevant and not proportional to the needs of the case because "All deposition transcripts and expert reports" from a separate litigation are not related to the claims in this case (withholding). Plaintiff objects to this Request because it calls for production of confidential materials governed by a protective order entered in another case (withholding), and moreover, with respect to any expert materials from experts identified in other cases sought in this case, Plaintiff objects on the ground that this Request is seeking premature expert discovery in this action (withholding).

**REQUEST FOR PRODUCTION NO. 106:**

All Documents, Communications, and Information concerning, reflecting, or constituting the license alleged in Paragraph 31 of the Complaint through which SNMP International allegedly licensed the software and intellectual property at issue in this Action from You.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Plaintiff objects to this Request as overly broad (which encompasses irrelevant documents), disproportionate, and unduly burdensome because it requires the production

of "All" requested documents over a thirty-year period (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, Plaintiff will produce the license responsive to this Request.

**REQUEST FOR PRODUCTION NO. 107:**

All Documents, Communications, and Information You may use to support Your contentions in this litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Plaintiff will comply with the requirements of Federal Rule of Civil Procedure 26(a). Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 108:**

All Documents, Communications, and Information Relating to the similarities and differences between and among 1) the SNMP Research Software listed in Table 1 of the Complaint; (2) the "copyrighted software" and "Source materials" alleged in Paragraphs 7 and 8 of the Complaint; (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications). Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).

### REQUEST FOR PRODUCTION NO. 109:

All Documents, Communications, and Information Relating to Your decision to register SNMP Research Software with the U.S. Copyright Office as unpublished.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 110:

All Documents, Communications, and Information Relating to Your allegation that "Broadcom profited from Brocade's disclosure of Plaintiffs' source code and eventual

transfer, reproduction and/or public distribution of products containing the copyrighted software to Extreme, and worked substantially and continuously with Brocade to implement the disclosure, transfer, reproduction, and/or public distribution of products containing the copyrighted software to Extreme."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 111:**

All Documents, Communications, and Information Relating to Your allegation "Broadcom shared and continues to share in the profits with Brocade, a wholly-owned

Case 3:20-cv-00451-CEA-DCP   Document 177-2   Filed 08/03/22   Page 80 of 99   PageID #: 10252

subsidiary limited liability company, attributable to the reproduction and public distribution of products containing Plaintiffs' copyrighted software and derivative works to Extreme and to Brocade's and Broadcom's customers, resellers, and partners."

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 112:

All Documents, Communications, and Information Relating to Your allegation "Brocade breached the License Agreement by improperly disclosing confidential and Source material to Extreme and failing to comply with its post-termination obligations.

The breached sections of the contract include, without limitation, Sections 2, 3, 8 16, 28, and Amendment 3 Section 4, all as discussed in more detail in Sections IV.B and C, above."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 113:**

All Documents, Communications, and Information Relating to Your allegation "SNMP International and Brocade had a valid and binding written contract, the License Agreement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-

privileged documents responsive to this Request that are within Plaintiff's possession,

custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 114:**

All Documents, Communications, and Information Relating to Your allegation

"SNMP International adequately performed its obligations under the License Agreement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information,

documents, or other tangible things that are protected by any applicable privilege or

protection, including without limitation the attorney-client privilege and the attorney work

product doctrine (withholding any privileged communications).  Subject to these

objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-

privileged documents responsive to this Request that are within Plaintiff's possession,

custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 115:**

All Documents, Communications, and Information Relating to Your allegation

"Brocade's breaches are material and are the legal cause of substantial damage to SNMP

International."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis,

and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert

disclosures are due under the Scheduling Order.  Expert discovery will be provided as

permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed

Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 116:

All Documents, Communications, and Information Relating to Your allegation "Plaintiff SNMP Research is the registered owner of the valid Copyrights listed in Table 1."

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 116:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, Plaintiff will produce non-privileged documents sufficient to show that SNMP Research, Inc. is the registered owner of the valid Copyrights listed in Table 1 of the Complaint.

**REQUEST FOR PRODUCTION NO. 117:**

All Documents, Communications, and Information Relating to Your allegation that "Brocade's copyright infringement has been and continues to be willful and with full knowledge of SNMP Research's Copyrights."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 118:**

All Documents, Communications, and Information Relating to Your allegation that "Extreme, without authorization, copied, reproduced, prepared derivative works based upon, and publicly distributed Plaintiffs' copyrighted software."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 119:**

All Documents, Communications, and Information Relating to Your allegation that "Extreme's copyright infringement has been and continues to be willful, and with full knowledge of SNMP Research's Copyrights."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 120:**

All Documents, Communications, and Information Relating to Your allegation that "Brocade knew or had reason to know that Extreme's unauthorized acts constituted copyright infringement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 121:**

All Documents, Communications, and Information Relating to Your allegation that "Brocade induced, caused, and/or materially contributed to Extreme's copyright infringement."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 122:

All Documents, Communications, and Information Relating to Your allegation in Paragraph 64 of the Complaint that "Brocade's infringing products include products within the following product families: X6 Director Family; 6520 Family; 6543 Family; 6558 Family; 6559 Family; 7840 Family; 6510 Family; 6505 Family; 6547 Family; G610 Family; G620 Family; G630 Family; MXG610s Family; 310 Family; 320 Family; 340 Family; 360 Family; 5430 Family; 5460 Family; 5470 Family; 6542 Family; M6505 Fainily (sic); 7810 Family; G648 Family; G649 Family; G720 Family; and X7 Director Family."

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 122:

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed

Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 123:**

All Documents, Communications, and Information Relating to Your allegation in Paragraph 49 of the Complaint that "Extreme's infringing products include products within the following product families: SLX 9140 Family; SLX 9240 Family; SLX 9540 Family; SLX 9850 Family; SLX 9030 Family; SLX 9640 Family; SLX 9150 Family; SLX 9250 Family; VDX 6740 Family; VDX 6940 Family; and VDX 8770 Family."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the

Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).  Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 124:

All Documents, Communications, and Information Relating to Your allegation that "Extreme's unauthorized reproduction, preparation of derivative works based upon, and public distribution of products containing Plaintiffs' copyrighted software has induced, caused, and/or materially contributed to Extreme's partners', resellers', and/or customers' infringement of Plaintiffs' copyrighted software."

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order.  Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44).  Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 125:

All Documents, Communications, and Information Relating to Your allegation that "Brocade has simply ignored the fact that its license rights have been terminated and has just kept right on reproducing and publicly distributing the copyrighted software and derivative works (and/or licenses thereto) with no license to do so, thereby infringing SNMP Research's Copyrights."

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes, presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶

44) will not be produced (withholding). Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 126:**

All Communications between You and SNMP International, on the one hand, and Extreme, on the other hand, Relating to the software or source code at issue in this Action, including all negotiations or discussions Relating to any agreement or potential agreement between any Plaintiff and Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Plaintiff objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged responsive documents dated on or after January 1, 2017 that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 127:**

All Documents and Communications reflecting, discussing, concerning, or constituting Communications, negotiations, and/or discussions Between You and/or SNMP

International, on the one hand, and Brocade, Broadcom, and/or any Broadcom affiliate, on the other hand, after January 1, 2017.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 128:**

All Documents and Information, including software, source code, and Source materials, provided to Brocade under the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 129:**

All Documents, Communications, and Information Relating to SNMP International's rights and authority to enter into the License Agreement with Brocade.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged

documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 130:**

All Documents, Communications, and Information Relating to Your allegation that "Plaintiffs have expended substantial creativity, time, labor, and money to develop, author, market, and license the software which Defendants are wrongfully exploiting."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents sufficient to show the requested information that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 131:**

All Communications with Martin Skagen, Jack Rondini, Simone Yew or Philip Blum.

**RSUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 131**:

To the extent not already produced by Plaintiff, Plaintiff will produce documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 132:**

All Documents or Communications reflecting, discussing, or concerning Your or SNMP International's Communications with Martin Skagen, Jack Rondini, Simone Yew or Philip Blum.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 133:**

All Documents or Communications about this lawsuit or any potential or anticipated litigation against any Defendant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Plaintiff objects to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiff will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as well as the draft reports, communications, notes,

presentations, and preliminary work delineated in the Agreed Protective Order (Dkt. 93 ¶ 44) will not be produced (withholding).

Plaintiff further objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 134:**

All Documents or Communications about the termination of the License Agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Subject to this objection, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 135:**

All Documents or Communications about Brocade's divestiture to Extreme or assignment or transfer of the License Agreement or rights thereunder to Extreme.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 135:

Plaintiff objects to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications).  Plaintiff also objects to this Request because it calls for production of materials protected by an agreement that requires Extreme's consent for the production of the documents (withholding documents).  Subject to these objections, to the extent not already produced by Plaintiff, Plaintiff will produce non-privileged documents responsive to this Request that are within Plaintiff's possession, custody, or control, and are located after a reasonably diligent search.

Respectfully submitted,

Dated: May 31, 2022                     By: /s/ *John L. Wood*
                                        John L. Wood, Esq. (BPR #027642)
                                        Cheryl G. Rice, Esq. (BPR #021145)
                                        Rameen J. Nasrollahi, Esq. (BPR #033458)
                                        EGERTON, McAFEE, ARMISTEAD & DAVIS,
                                        P.C.
                                        900 S. Gay Street, Suite 1400
                                        P.O. Box 2047
                                        Knoxville, TN 37902
                                        (865) 546-0500 (phone)
                                        (865) 525-5293 (facsimile)
                                        jwood@emlaw.com
                                        crice@emlaw.com
                                        rnasrollahi@emlaw.com

Dated: May 31, 2022                     By: /s/ *A. Matthew Ashley*

                                        A. Matthew Ashley (CA Bar. No. 198235)
                                        Morgan Chu (CA Bar. No. 70446)
                                        David Nimmer (CA Bar. No. 97170)
                                        Olivia Weber (CA Bar. No. 319918)
                                        IRELL & MANELLA LLP
                                        1800 Avenue of the Stars, Suite 900
                                        Los Angeles, California 90067-4276
                                        (310) 277-1010 (phone)
                                        (310) 203-7199 (facsimile)
                                        mchu@irell.com
                                        dnimmer@irell.com
                                        mashley@irell.com

                                        *Attorneys for Plaintiffs*
                                        *SNMP Research International, Inc.*
                                        *SNMP Research, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of May, 2022, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

/s/ *Olivia Weber*