# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**EXHIBIT C IN SUPPORT OF DECLARATION OF ALISON PLESSMAN IN SUPPORT OF BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY, DETERMINE SUFFICIENCY OF REQUEST FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANTS BROADCOM INC. AND BROCADE COMMUNICATIONS SYSTEMS LLC**

- 1 -

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,**<br>Plaintiffs,<br><br>v.<br><br>**Broadcom Inc.**<br>**Brocade Communications Systems LLC**<br>**Extreme Networks, Inc.**<br><br>Defendants. | Case No. 3:20-cv-00451<br><br><br><br><u>**Jury Demand**</u> |

**SNMP RESEARCH, INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BROCADE COMMUNICATIONS SYSTEMS LLC**

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff SNMP Research, Inc. hereby demands that Defendant Brocade Communications Systems LLC produce for inspection and copying at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067, 30 days from the date of service of these Requests upon it, and to the extent necessary, continuing each day thereafter, the Documents specified below.

## **DEFINITIONS**

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference.

2. The term "SNMP Research" means SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and

11107677

representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them.

3. The terms "You," "Your," and "Brocade" means Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

4. The term "Broadcom" means Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

5. The term "Extreme" means Extreme Networks, Inc., its predecessors, predecessors-in-interest, successors, successors-in-interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

6. The term "Lawsuit" means the above-captioned case, Case No. 3:20-cv-00451.

7. The term "License Agreement" means the License Agreement, dated March 10, 2001, as amended, between Brocade Communications Systems LLC and SNMP Research International, Inc.

8. The term "SNMP Research Software" means any of the following: (i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Brocade. The

foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof.

9. The term "Source Code" means Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

10. The term "Derivative Work" means (i) any program or documentation in Source Code form or binary form which (A) has been or is developed by Brocade through the use of SNMP Research Software, or (B) includes any features, provisions, algorithms, or other portions of SNMP Research Software, or (ii) derivative works as defined in the Copyright Act.

11. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate Document within the meaning of this term.

12. "Communicate" or "Communication" means any transmission of information by oral, graphic, written, pictorial, or other perceptible means, including, but not limited to, telephone conversations, letters, Documents, memoranda, notes, telegrams, facsimile transmissions, electronic mail, meetings, and personal conversations.

13. The unqualified term "Person" means an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, business association, or governmental entity.

14. "Identify," "Identifying," or "Identity" means:

    a. When used in reference to a Person, to state his/her full name, present or last known address, present or last known telephone number, present or last known email address, present or last known place of employment and position held, and place of employment and position held at the time period covered by these Requests.

b. When used in reference to a Document, to state the date, author, type of Document (<u>e.g.</u>, letter, memorandum, photograph, telegram, tape recording, email, etc.); the Person or Persons to whom either copies of it were sent, received, or otherwise distributed and their addresses or email addresses; and the present or last known location and custodian of the original of the Document and any copies thereof. If any such Document was, but is no longer, in Your possession or custody or subject to Your control, state what disposition was made of it, the date, by whom, and at whose direction;

c. When used in reference to a Communication, to state the type of Communication (<u>e.g.</u>, letter, personal conversation, meeting, email etc.), and whether the Communication was oral or in writing. If the Communication was oral, state the date of the Communication, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the Identity of all other Persons present; if the Communication was written, produce the writing;

d. When used in reference to an act, fact, or event, to state the substance of the act or event, the date, time, and place of performance, and the Identity of the actor and/or all other Persons present;

e. When used in reference to an omission, to state the substance of the act which You contend should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act.

15. The term "Product" means each item that can be or has at any time been able to be separately ordered or distributed or provided as an updated to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services.

16. The term "Partner Product" means each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Brocade by such third party.

17. The term "Shared Contracts" shall refer to the same "Shared Contracts" identified in either or both of the Disclosure Schedules to (i) the October 3, 2017 "Asset Purchase Agreement" between Brocade Communications Systems, Inc. and Extreme Networks, Inc., and

(ii) the March 29, 2017 "Asset Purchase Agreement" by and among LSI Corporation, Extreme Networks, Inc., and solely for purposes of Section 9.2, Broadcom Corporation.

18. The term "Business" refers to the same "Business" that was defined in either or both of the following agreements: (i) the October 3, 2017 "Asset Purchase Agreement" between Brocade Communications Systems, Inc. and (ii) Extreme Networks, Inc. and the March 29, 2017 "Asset Purchase Agreement" by and among LSI Corporation, Extreme Networks, Inc., and solely for purposes of Section 9.2, Broadcom Corporation.

19. "Relates to" and "Relating to" means evidences, supports, connects, constitutes, contains, records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

20. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests for production any information or Document that might otherwise be construed to be outside its scope.

21. References to the plural include the singular; references to the singular include the plural.

22. References to the feminine include the masculine; references to the masculine shall include the feminine.

23. The requests below incorporate the above definitions without regard to the capitalization used in connection with the terms defined unless otherwise specified in each respective request.

# INSTRUCTIONS

1. These following requests for production shall be considered continuing, and You are to supplement Your answers in a timely manner in accordance with the requirements of Federal Rule of Civil Procedure 26.

2. In a motion to dismiss, You and Broadcom Inc. represented that "Broadcom Inc. is a parent holding company and not a sales operating entity, and thus does not sell or engage in any product development containing the software at issue in this case . . . ." Dkt. 40-1 at 10. In all requests below which refer to Broadcom, the requests seek information that includes Broadcom Inc. as well as any entity that Broadcom Inc., as a purported "holding company," holds any interest, direct or indirect, and any company which Broadcom Inc. serves as a direct or indirect "parent." When responding to any request in which a complete and truthful answer would encompass any such entity(ies), please include and Identify the entity(ies).

3. ESI shall be produced in the manner stipulated to by the parties. *See* Doc #52; Doc. #52-1. To the extent the parties' stipulation does not address the form or forms in which Documents should be produced, they should be produced in the form or forms in which they are ordinarily maintained, or in a reasonably usable form.

4. If You contend that You are entitled to withhold from production any or all Documents requested herein on the basis of the attorney/client privilege, work-product or other grounds, Identify the nature of the Document(s), (e.g., letter or memorandum) the date for same, the author, and the Person to whom the Document was addressed; Identify each individual who has seen the Document, each individual who has received a copy of the Document and/or from whom the Document was received, and state the basis upon which You contend that You are entitled to withhold the Document from production.

5. Unless otherwise indicated, the time limits for each and every Document request included herein are from January 1, 2017 to the present.

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

SNMP Research hereby requests that Brocade produce, pursuant to Rule 34 of the Federal Rules of Civil Procedure, the following Documents for inspection and copying on the date and at the place previously specified.

**REQUEST NO 113:**

All Documents created on or after January 1, 2015 Relating to market surveys, consumer surveys, business plans, market analysis, sales analysis, or market research about: (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 114:**

All Documents created on or after January 1, 2015 constituting market surveys, consumer surveys, business plans, market analysis, sales analysis, or market research about: (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 115:**

All advertisements created on or after January 1, 2015 for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 116:**

All Documents created on or after January 1, 2015 Relating to marketing plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 117:**

All Documents created on or after January 1, 2015 constituting marketing plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 118:**

All Documents created on or after January 1, 2015 Relating to sales plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 119:**

All Documents created on or after January 1, 2015 constituting sales plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**REQUEST NO 120:**

All Documents created on or after January 1, 2015 constituting business plans for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing

SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

Respectfully submitted this 2nd day of June, 2022.

By:    */s/ John L. Wood*
       John L. Wood, Esq. (BPR #027642)
       Cheryl G. Rice, Esq. (BPR #021145)
       Rameen J. Nasrollahi, Esq. (BPR #033458)
       EGERTON, McAFEE, ARMISTEAD
        & DAVIS, P.C.
       900 S. Gay Street, Suite 1400
       P.O. Box 2047
       Knoxville, TN 37902
       (865) 546-0500 (phone)
       (865) 525-5293 (facsimile)
       jwood@emlaw.com
       crice@emlaw.com
       rnasrollahi@emlaw.com

       Morgan Chu (CA Bar. No. 70446)
       David Nimmer (CA Bar. No. 97170)
       A. Matthew Ashley (CA Bar. No.198235)
       Olivia L. Weber (CA Bar. No.319918)
       IRELL & MANELLA LLP
       1800 Avenue of the Stars, Suite 900
       Los Angeles, California 90067-4276
       (310) 277-1010 (phone)
       (310) 203-7199 (facsimile)
       mchu@irell.com
       dnimmer@irell.com
       mashley@irell.com
       oweber@irell.com

       Attorneys for Plaintiffs

SMNP Research International, Inc. and
SNMP Research, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that on this the 2nd day of June, 2022, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

                                                */s/ Olivia L. Weber*