IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | : : : : | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | : : : | U.S. District Judge Charles E. Atchley, Jr. U.S. Magistrate Judge Debra C. Poplin |
| v. | : : | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : : : : | |
| Defendants. | : : | |

**EXTREME NETWORKS, INC.'S RESPONSE TO SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.'S**
**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Extreme Networks, Inc. ("Extreme") respectfully submits this response to SNMP Research, Inc. and SNMP Research International, Inc.'s (together, "SNMPR" or "Plaintiffs") Motion for Leave to File Documents Under Seal (ECF No. 155) ("Motion") pursuant to procedural requirement number two (2) in this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 11) ("Sealing Order").

SNMPR's Motion seeks leave to file under seal a number of documents, the following of which have been designated as Confidential or Highly Confidential by Extreme pursuant to the parties' Agreed Protective Order (ECF No. 93): EXTREME-00008086 (ECF No. 157-17) (the "Simone Yew Letter"), EXTREME-00631796 – EXTREME-00631805 (ECF No. 157-23) (the

"Accounting Memo"), and EXTREME-00631930 – EXTREME-00631972 (ECF No. 157-24) (the "License Agreement").

First, with respect to the Simone Yew Letter, while Extreme appreciates SNMPR's accommodation of provisionally sealing information Extreme designated as Confidential, because this Court has already ordered the document to be filed publicly (ECF No. 127), and it is currently publicly available on the docket (ECF Nos. 100, 151-3), Extreme does not join in SNMPR's request to seal this document.

Second, Extreme understands that Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") are moving to seal the entire Accounting Memo on the grounds that more than 50% of the document contains commercially sensitive pricing terms, strategies, and other financial calculations related to the sale of Brocade's Data Center business to Extreme, in accordance with procedural requirement number three (3) of the Sealing Order. In light of the commercially sensitive nature of the Accounting Memo, Extreme does not oppose sealing the Accounting Memo in full. *See Moore v. Westgate Resorts, Ltd.*, No. 3:18-CV-410-DCLC-HBG, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal documents containing payment terms and other financial information); *Kentucky v. Marathon Petroleum Co. LP*, 3:15-CV-354-DJH-CHL, 2019 WL 4452956, at *4 (W.D. Ky. Sept. 17, 2019) (agreeing to seal documents described as "contain[ing] sensitive strategy, pricing, volume and other commercial information that, if made available to competitors and the public, would put [the defendants] at a disadvantage in the marketplace"); *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (allowing party to seal documents containing information such as revenue/sales data and financial calculations to protect such information from competitors).

While Extreme believes that fully sealing the Accounting Memo is proper, it is conscious of the Court's guidance in its Memorandum and Order that "[t]he parties are strongly encouraged to be very selective in the information they seek to seal." (ECF No. 81 at 3.) Therefore, if the Court is not inclined to seal the entire document, Extreme respectfully requests that at the very least the pricing terms and related strategies be redacted. This is consistent with the Court's willingness to seal commercially sensitive pricing information in this case, having previously found that "the privacy interests with respect to such pricing information outweigh the public's interest in accessing these records." (*See* ECF No. 89 at 2.) Extreme also proposes to redact credentials to its Zoom meeting rooms throughout the Accounting Memo, to keep this internal information confidential.

Finally, Extreme understands that Broadcom and Brocade are moving to seal the entire License Agreement. Extreme does not oppose sealing the entire License Agreement, but if the Court is not inclined to accept this position, Extreme respectfully requests that the commercially sensitive and confidential pricing terms found on page 13 be redacted for the reasons stated above.

Given Extreme's understanding of the positions taken in Broadcom and Brocade's response to SNMPR's Motion, Extreme is not publicly filing redacted versions of the Accounting Memo and the License Agreement. Instead, Extreme respectfully refers the Court to (1) the fully sealed version of the Accounting Memo previously filed by SNMPR (*see* ECF No. 157-23); and (2) the fully sealed version of the License Agreement previously filed by SNMPR (*see* ECF No. 157-24). Additionally, in the event the Court chooses to adopt Extreme's alternative positions with respect to these documents, unredacted versions of the Accounting Memo and the License Agreement are being filed under seal with the portions of the documents proposed to be redacted highlighted. The

3

undersigned certify that unredacted versions of the papers sought to be filed under seal are being served on counsel for Plaintiffs by email.

WHEREFORE, if the Court is not inclined to accept the positions stated in Broadcom and Brocade's response to SNMPR's motion with respect to the Accounting Memo and License Agreement, Extreme respectfully requests that the Court seal the commercially sensitive pricing information from each document, and unseal the Simone Yew Letter.

| | | |
|---|---|---|
| DATED: | August 5, 2022<br>New York, New York | Respectfully Submitted,<br><br>*/s/ Leslie A. Demers*<br><br>John M. Neukom (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>jneukom@debevoise.com<br>(415) 738-5700<br><br>Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>leslie.demers@skadden.com<br>(212) 735-3000<br><br>*Attorneys for Extreme Networks, Inc.* |