# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

|  |  |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., <br><br> Defendants. | Case No. 3:20-cv-00451-CEA-DCP <br><br> U.S. District Judge Charles E. Atchley, Jr. <br> U.S. Magistrate Judge Debra C. Poplin |

## EXTREME NETWORKS, INC.'S RESPONSE TO SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.'S MOTION TO SEAL PREVIOUSLY FILED DOCUMENT

Extreme Networks, Inc. ("Extreme") respectfully submits this response to SNMP Research, Inc. and SNMP Research International, Inc.'s (together, "SNMPR" or "Plaintiffs") Motion to Seal Previously Filed Document (ECF No. 161) ("Motion") pursuant to procedural requirement number two (2) in this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 11).

SNMPR's Motion seeks leave to file a redacted version of Plaintiffs' Evidentiary Supplement Pursuant to Docket 147 ("Plaintiffs' Supplement"), which identifies on page 7 a valuation related to the sale of Brocade's Data Center business to Extreme that was marked Highly Confidential by Extreme pursuant to the parties' Agreed Protective Order in this case (ECF No. 93).

Extreme wishes to have this portion of Plaintiffs' Supplement sealed because it contains a commercially sensitive and confidential pricing term. *See Moore v. Westgate Resorts, Ltd.*, No. 3:18-CV-410-DCLC-HBG, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal documents containing payment terms and other financial information); *London Comput. Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) (allowing party to seal documents containing information such as revenue/sales data and financial calculations to protect such information from competitors). Moreover, Plaintiffs have sought to seal commercially sensitive pricing information in the past, and the Court has previously granted such motions, finding that "the privacy interests with respect to such pricing information outweigh the public's interest in accessing these records." (*See* ECF No. 89 at 2.) Extreme recognizes the Court's guidance in prior rulings that "[t]he parties are strongly encouraged to be very selective in the information they seek to seal" (ECF No. 81 at 3) and thus is not requesting to file the entire document under seal.

WHEREFORE, Extreme respectfully requests that the Court grant SNMPR's Motion as it relates to Extreme and seal the redacted portion on page 7 of Plaintiffs' Supplement.

| | | |
|---|---|---|
| DATED: | August 5, 2022<br>New York, New York | Respectfully Submitted,<br><br>*/s/ Leslie A. Demers*<br><br>John M. Neukom (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>jneukom@debevoise.com<br>(415) 738-5700<br><br>Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001 |

2

leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*