# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>　　Plaintiffs, <br>v. <br><br>BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br>　　Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL RELATING TO PLAINTIFFS' EVIDENTIARY SUPPLEMENT**

Pursuant to Fed. R. Civ. P. 5.2, E.D. Tenn. Local Rule 26.2, and this Court's Order Regarding Sealing Confidential Information (Dkt. No. 11), Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") respectfully submits this declaration in support of Plaintiff SNMP Research, Inc. and SNMP Research International, Inc.'s ("Plaintiffs") Motion to Leave to File Documents Under Seal (Dkt. No. 155) relating to Plaintiffs' Evidentiary Supplement Pursuant to Docket 147 ("Plaintiffs' Evidentiary Supplement"), which seek leave of the Court to submit certain documents or portion of documents under seal as described below.

### A. Legal Standard

In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Moreover, for many of the documents and information identified above, disclosing this highly confidential, non-public information would violate the parties' privacy interests. *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"); (*see also* Dkt. No. 160-7 [Declaration of Steve Gleason in Support of Defendants' Evidentiary Supplement] ¶¶ 6-8 (detailing the "vast amount of highly sensitive, non-public financial information [produced in this case] in response to Plaintiffs' discovery requests").).

Confidentiality is especially important where the information to be sealed contains commercially sensitive business information. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits."). If competitors or other debtors had access to non-public, highly sensitive, confidential, and/or propriety information, they could use it for improper purposes to gain leverage over the parties. This would severely prejudice and irreparably harm the parties. *See Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (permitting requests to seal because competitors could improperly use confidential business and product information to their advantage); *Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff).

Courts have also sealed specific categories of documents that qualify as commercially sensitive business information, or are in addition to it. These categories include:

- confidential information relating to bargained-for agreement terms and contract negotiations, *Lincoln Benefit Life Company*, 2019 WL 239987, at *1 (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"); *Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4 (W.D. Ky. Sept. 17, 2019) (sealing information relating to key agreement terms and negotiations);

- sensitive, non-public, and confidential information relating to a company's financial data, including revenue and expenses, which can qualify as a trade secret, *see J&R Passmore, LLC, et al., Plaintiffs, v. Rice Drilling D, LLC, et al., Defendants.*, 2022 WL 600807, at *2 (S.D. Ohio Mar. 1, 2022) (determining documents containing "sensitive financial information about the revenue and expenses" from certain services qualified as "explicit financial data [that rose] to the level of trade secret" and should be sealed) (internal quotations marks and citations omitted);

- non-public, confidential legal structure of an entity or its infrastructure and systems, *see Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4 (granting sealing request for documents detailing a company's internal corporate structure); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (sealing portions of exhibits discussing the plaintiff's technology infrastructure because "[a]lthough Plaintiff's technology systems and internet communications infrastructure is relevant to this case, the contours of these networks [is] not at issue");

- highly confidential and/or proprietary product information, which can qualify as trade secrets, and product development strategies, (Ex. P at 6-10, 12, 26); *see Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2 (granting leave to seal "highly-confidential . . . product development strategies, tactics, and plans; sketches or mock-ups of designs and prototypes that were not distributed to the public; and business agreements"); *Just*

*Funky, LLC v. Boom Trendz, LLC*, 2021 WL 2635377, at *8 (N.D. Ohio June 25, 2021) ("[Product lists] and information may constitute trade secrets.");

- confidential sales information, data, and strategies, including marketing strategies, *see Bauer Bros. LLC*, 2012 WL 1899838, at *2 (granting leave to seal "highly-confidential sales and marketing information; . . . and business agreements");

- highly confidential source code information, which qualifies as a trade secret, *see Ohio A. Philip Randolph Inst. v. Householder*, 2019 WL 1002978, at * 3 (S.D. Ohio Mar. 2, 2019) (holding source code was a trade secret and that, "even if the source code were determined not to be a trade secret, the secrecy attached to the source code and the substantial value of the source code warrant sealing it."); and

- confidential customer information and lists, especially when the customers are non-parties to the litigation, *see Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *Language Access Network v. Culturalink*, 2021 WL 5176522, at *2 (S.D. Ohio Nov. 8, 2021) (collecting cases determining customer lists are trade secrets and accordingly sealing such information).

Further, courts in this district also regularly seal documents containing sensitive confidential business information, as discussed above. *See Moore v. Westgate Resorts, Ltd.*, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal financial documents containing "highly confidential terms and provisions, including specific fee distributions, payment terms and allocation of income, and losses"); *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*,

2014 WL 12780317, at *7 (E.D. Tenn. May 30, 2014) (permitting party to redact pleading "because of confidential business information found in the licensing agreement"); *Liberty Mut. Ins. Co. v. A Staffing Kompany, Inc.*, 2005 WL 8162493, at *2 (E.D. Tenn. Dec. 22, 2005) (finding good cause to seal a license agreement "because it contains commercially sensitive information").

### B. Defendants Support Sealing the Following Documents in Their Entirety.

Defendants support Plaintiffs' request for leave to file Exhibits 44, 45, 46, 47, 48, 49, 51, 52, 55, 56, 66, 67, 75, 79, 82, and 84 to the Declaration of Olivia Weber in Support of Plaintiffs' Evidentiary Supplement ("Weber Declaration") (Dkt. 157-5, 157-6, 157-7, 157-8, 157-8, 157-9, 157-10, 157-11, 157-12, 157-14, 157-15, 157-19, 157-20, 157-22, 157-23, 157-24, 157-25); Exhibits 2 and 3 to the Declaration of Michael J. Wallace Declaration in Support of Plaintiffs' Evidentiary Supplement ("Wallace Declaration") (Dkt. 157-27, 157-28); and Exhibit A to the Declaration of Jeffrey D. Case in Support of Plaintiffs' Evidentiary Supplement ("Case Declaration") (Dkt. 157-29) under seal.[1]  These documents contain non-public, highly sensitive, confidential, and/or propriety information.

For the Court's review, Defendants' provide the following bases in support to Plaintiffs' requests for seal by exhibit number, incorporating the case law discussed above (*see supra* at 1-5).

#### 1. Exhibits 44, 45, 46, 47, 48, 49, and 51 to the Weber Declaration

Exhibits 44, 45, 46, 47, 48, 49, and 51 to the Weber Declaration (Dkt. 157-5, 157-6, 157-7, 157-8, 157-9, 157-10, 157-11) consist of similar emails containing highly confidential conversations between Brocade employees.  These emails list confidential names of customers of Brocade's original equipment manufacturers ("OEMs") (all of whom are non-parties), *see Shane*

---

[1] Defendants' declaration takes no position as to the request to file Exhibits 22, 37, 62, 64, 65, or 74 (Dkt. 157-2, 157-3, 157-16, 157-17, 157-18, and 157-21) to the Weber Declaration or Exhibit A or C to the Case Declaration (Dkt. 157-29, 157-30) under seal.

- 5 -

*Group, Inc.*, 825 F.3d at 308; *Language Access Network*, 2021 WL 5176522, at *2, and detail confidential sales and marketing strategies, including confidential pricing, sales, and marketing data, *see Bauer Bros. LLC*, 2012 WL 1899838, at *2. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al*, 2022 WL 600807, at *2. Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the customer and pricing information contained in these exhibits. *See, e.g.*, *infra* at Ex. 66 to Weber Declaration § 13.1. Following this Court's standing order on sealing confidential information (Dkt. No. 11), Defendants support the request to seal the entire document, rather than portions of it, because more than 50% of the document needs to be sealed. *See* Dkt. 11 at 3 ("Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.").

### 2. Exhibit 52 to the Weber Declaration

Exhibit 52 to the Weber Declaration (Dkt. 157-12) is an email that discusses highly confidential sales and product development strategies. *See Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

### 3. Exhibit 55 to the Weber Declaration

Exhibit 55 to the Weber Declaration (Dkt. 157-14) is a draft power point presentation that contains highly confidential marketing strategies and information, including details of highly confidential marketing budgets and market forecasts, and consists of non-public sensitive financial information. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *see also J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

### 4. Exhibit 56 to the Weber Declaration

Exhibit 56 to the Weber Declaration (Dkt. 157-15) is a power point presentation containing highly confidential marketing strategies and product development strategies, including data relating to product testing and non-public sensitive financial information. *See Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8; *J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

### 5. Exhibit 66 to the Weber Declaration

Exhibit 66 to the Weber Declaration (Dkt. 157-19) is the OEM agreement and contains highly confidential agreement terms and reflects bargained-for contract terms, including pricing information. *See Lincoln Benefit Life Co.*, 2019 WL 239987, at *1; *Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4. It also contains confidential product information, *see Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8, as well as sensitive non-public financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. The agreement also includes a confidentiality provision in section 13.1 stating that all information exchanged under the agreement is confidential. Following this Court's standing order on sealing confidential information (Dkt. No. 11), Defendants support the request to seal the entire document, rather than portions of it, because more than 50% of the document needs to be sealed. *See* Dkt. 11 at 3 ("Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.").

### 6. Exhibit 67 to the Weber Declaration

Exhibit 67 to the Weber Declaration (Dkt. 157-20) is an email including Brocade employees and one of Brocade's OEM partners. The email discusses confidential product information and testing data, including detailed charts relating to product performance

information. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information contained in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1. Following this Court's standing order on sealing confidential information (Dkt. No. 11), Defendants support the request to seal the entire document, rather than portions of it, because more than 50% of the document needs to be sealed. Dkt. 11 at 3 ("Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.").

7. <u>Exhibit 75 to the Weber Declaration</u>

Exhibit 75 to the Weber Declaration (Dkt. 157-22) is an email containing information relating to a confidential license agreement between Brocade and SNMP Research International, *see Lincoln Benefit Life Co.*, 2019 WL 239987, at *1; *Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4, and relates to highly confidential, proprietary source code, *see Ohio A. Philip Randolph Inst.*, 2019 WL 1002978, at * 3.

8. <u>Exhibit 79 to the Weber Declaration</u>

Exhibit 79 to the Weber Declaration (Dkt. 157-23) includes a highly confidential memorandum containing accounting information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. It also includes sales and marketing strategies that discuss highly confidential information relating to bargained-for agreement terms and pricing. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *see also Lincoln Benefit Life Co.*, 2019 WL 239987, at *1; *Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. Following this

Court's standing order on sealing confidential information (Dkt. No. 11), Defendants support the request to seal the entire document, rather than portions of it, because more than 50% of the document needs to be sealed. Dkt. 11 at 3 ("Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.").

9. Exhibit 82 to the Weber Declaration

Exhibit 82 to the Weber Declaration (Dkt. 157-24) is the Amended and Restated Software License Agreement between Broadcom and Extreme Networks, Inc. and contains highly confidential agreement terms and reflects bargained-for contract terms, including pricing information. *See Lincoln Benefit Life Co.*, 2019 WL 239987, at *1; *Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4. It also contains confidential product information. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8. The agreement also includes a confidentiality clause at section 4.4. Following this Court's standing order on sealing confidential information (Dkt. No. 11), Defendants support the request to seal the entire document, rather than portions of it, because more than 50% of the document needs to be sealed. Dkt. 11 at 3 ("Where a party has met the rigorous standard to file information under seal, redaction is required unless more than 50% of the document needs to be sealed.").

10. Exhibit 84 to the Weber Declaration

Exhibit 84 to the Weber Declaration (Dkt. No. 157-25) contains several organizational charts that reflect the legal structure of Broadcom. This information is not publicly available and highly confidential. *See Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147, at *6.

11. <u>Exhibits 200-218 to the Weber Declaration</u>

Exhibits 200-218 to the Weber Declaration are excel spreadsheets that had to be manually filed because of how much data these documents contained, including spreadsheets with tens of thousands of entries. *See* Dkt. 159. These documents are product revenue and support services spreadsheets that contain rows and rows of highly confidential, non-public and proprietary information, including raw revenue data, sensitive financial information, customer information, and product information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2; *see also Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8. These documents contain some of the most sensitive information produced in this case.

12. <u>Exhibit 219 to the Weber Declaration</u>

Exhibit 219 to the Weber Declaration is an excel spreadsheet that similarly had to be manually filed because of its file size. *See* Dkt. 159. This spreadsheet contains highly confidential non-party customer and end-user[2] information, as well as proprietary customer and end-user lists and non-public sensitive financial information. *See Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8; *J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. Further, the end-user information comes from the OEM partners and the agreements between Brocade and these partners contain confidentiality provisions covering the information reflected in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1.

---

[2] End users are customers who purchase Brocade products from an OEM partner or are the ultimate users of Brocade's products.

13. Exhibit 220 to the Weber Declaration

Exhibit 220 to the Weber Declaration also had to be manually filed. *See* Dkt. 159. It is an excel spreadsheet that contains highly confidential non-party OEM partner and end-user data and information, as well as proprietary customer and end-user identities. *See Language Access Network*, 2021 WL 5176522, at *2. These non-parties are not involved in this litigation, and their specific identities are not required for this Court to make a ruling in this case, including one on personal jurisdiction. *See Shane Group, Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1. Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information contained in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

14. Exhibit 221 to the Weber Declaration

Exhibit 221 to the Weber Declaration is an excel spreadsheet that was also manually filed. *See* Dkt. 159. This excel spreadsheet also contains highly confidential product information and OEM partner and end-user data from non-parties who are not involved in this litigation, as well as proprietary customer and end-user identities. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *see also Language Access Network*, 2021 WL 5176522, at *2. The non-parties' specific identities are not required for this Court to make a ruling in this case, including a ruling on personal jurisdiction. *See Shane Group, Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1. Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information contained in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1. This information is also non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

15. <u>Exhibit 2 to the Wallace Declaration</u>

Exhibit 2 to the Wallace Declaration (Dkt. 157-27) contains a highly confidential, non-public list of end-users. *See Language Access Network*, 2021 WL 5176522, at *2. This end-user list includes non-parties who are not involved in this litigation and their specific identities are not required for this Court to make a ruling in this case, including a ruling on personal jurisdiction. *See Shane Group, Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1. This information also comes from Brocade's OEM partners and the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information reflected in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1.

16. <u>Exhibit 3 to the Wallace Declaration</u>

Exhibit 3 to the Wallace Declaration (Dkt. 157-28) similarly contains highly confidential, non-public names of non-party end-users whose identities are not relevant to this case. *See id.*; *see also Language Access Network*, 2021 WL 5176522, at *2. The exhibit also includes product information and product revenue data, which rise to the level of a trade secret, because this information is non-public and highly confidential. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. This exhibit also includes non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. As above, the end-user information comes from Brocade's OEM partners and the agreements between Brocade and these partners contain confidentiality provisions covering the information reflected in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1.

**C.     Defendants Support Sealing Portions of the Following Documents.**

Defendants further support Plaintiffs' request for leave to file portions of the Weber Declaration (Dkt. 157); Exhibits 1, 43, and 54 to the Weber Declaration (Dkt. 157-1, 157-4, 157-

13); and Wallace Declaration (157-26) under seal. The proposed redactions are narrowly tailored and relate only to non-public, highly sensitive, confidential, and/or propriety information. *See Shane Grp., Inc.*, 825 F.3d at 305 ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

For the Court's review, Defendants' provide the following bases in support of Plaintiffs' requests to seal by exhibit number, incorporating the case law discussed above (*see supra* at 1-5).

1. Weber Declaration

Defendants support sealing portions of the Weber Declaration that discuss the exhibits cited in this declaration[3] and incorporate its bases listed for those exhibits into this request. Defendants also seek to seal portions of the Weber Declaration that discuss Exhibits 38, 39, and 86 (Dkt. 154-38, 154-39, 154-86). These exhibits and the portions of the Weber Declaration that discuss these exhibits reveal confidential identities and other personal identifying information ("PII") of end-users. The end-users' specific identities and PII are not required for this Court to make a ruling in this case, including one on personal jurisdiction. *See Shane Group, Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1. Defendants' motion to seal these three documents is forthcoming.

2. Exhibit 1 to the Weber Declaration

Exhibit 1 to the Weber Declaration (Dkt. 157-1) is Brocade's second supplemental responses and objections to Plaintiffs' first set of interrogatories. These responses include confidential product lists and development strategies relating to those products. *See Marathon*

---

[3] It appears that some exhibits were inadvertently misnumbered in the Weber Declarations and do not correspond with the exhibit cover pages or filing numbers. Defendants refer to the numbers listed for the actual exhibits attached to the Weber Declaration, as well as the docket numbers for each exhibit, rather than the exhibit numbers listed in the Weber Declaration.

*Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC*, 2021 WL 2635377, at *8.

3. Exhibit 43 to the Weber Declaration

Exhibit 43 to the Weber Declaration (Dkt. 157-4) is an email that contains the details of confidential sales strategies offered to OEMs, including details of incentive programs. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2. The email also includes nonpublic employee names and personal contact information, including mobile numbers. *See Shane Group, Inc.,* 825 F.3d at 308. Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information reflected in this exhibit. *See, e.g.*, *supra* at Ex. 66 to Weber Declaration § 13.1. The exhibit also includes non-public sensitive financial information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2.

4. Exhibit 54 to the Weber Declaration

Exhibit 54 to the Weber Declaration (Dkt. 157-13) is a similar email that contains internal discussions of highly confidential sales and marketing strategies, as well as non-public sensitive financial information. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2. The email also includes personal contact information, including mobile numbers. *See Shane Group, Inc.,* 825 F.3d at 308.

5. Wallace Declaration

Defendants support sealing portions of the Wallace Declaration that discuss the exhibits cited in this declaration and incorporate its bases listed for those exhibits into this request.

**D. Conclusion**

Finally, as to all exhibits, if the information detailed above is not sealed, Defendants' competitors or other debtors could use this non-public, highly sensitive, confidential, and/or

propriety information to their advantage, severely prejudicing and irreparably harming Defendants. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Asetek Holdings, Inc.*, 2014 WL 12644231, at *2.

For these reasons, the Court should grant Plaintiffs' motion to seal the documents and portion of documents as described above. As required by the Memorandum and Order Regarding Sealing Confidential Information, the unredacted versions of the documents referenced herein are provided as exhibits to this Motion and since only a portion of certain documents are redacted, those portions of those documents are highlighted.

Dated: August 5, 2022　　　　　　　　　　HUESTON HENNIGAN LLP


By: */s/ Alison Plessman*
　　　Alison Plessman
　　　Attorneys for Defendants
　　　Broadcom Inc.
　　　Brocade Communications Systems LLC