# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' MOTION FOR LEAVE TO FILE PREVIOUSLY FILED DOCUMENTS UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2, E.D. Tenn. Local Rule 26.2, and this Court's Order Regarding Sealing Confidential Information (Dkt. No. 11), Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") respectfully request that this Court remove Documents 154-38, 154-39, and 154-86 and seal these documents.

Defendants move for leave to file Documents 154-38, 154-39, and 154-86 under seal because these documents contain non-public, highly sensitive, and confidential information. In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Moreover, for the documents subject to this motion, disclosing this highly confidential, non-public information would violate the parties' privacy interests. *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data").

Confidentiality is especially important where the information to be sealed contains commercially sensitive business information. *See Apple Inc. v. Samsung Elecs. Co*., 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits."). If competitors or other debtors had access to this information, they could use it for improper purposes to gain leverage over the parties. This would

severely prejudice and irreparably harm the parties. *See id.; Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff).

Documents 154-38, 154-39, and 154-86, together with the exhibit descriptions included in the Declaration of Olivia Weber in Support of Plaintiffs' Evidentiary Supplement Pursuant to Docket 147 (Dkt. 157) ("Weber Declaration"), reveal highly confidential end-user[1] customer information. Courts regularly seal confidential customer information and lists, especially when the customers are non-parties to the litigation. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *Language Access Network v. Culturalink*, 2021 WL 5176522, at *2 (S.D. Ohio Nov. 8, 2021) (collecting cases determining customer lists are trade secrets and accordingly sealing such information).

Here, Documents 154-38 and 154-39 reveal sensitive geolocations of end-users of Brocade's products. This personal identifying information is non-public and highly sensitive. *Id.* And though it contains publicly available documents, the information in Document 154-86, when considered with the Weber Declaration, reveal the identities of end-users of Brocade's products. This information is also highly sensitive, highly confidential, and non-public. These non-parties are not involved in this litigation, and their specific identities and geolocations are not required for this Court to make a ruling in this case, including one on personal jurisdiction. *See Shane Group,*

---

[1] End-users are customers who purchase Brocade products from an original equipment manufacturer ("OEM") partner or are the ultimate users of Brocade's products.

*Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1. Further, for all three documents, the end-user information come from Brocade's OEM partners and the agreements between Brocade and these partners contain confidentiality provisions covering the information reflected in these exhibits. *See, e.g.*, Dkt. 157-19 § 13.1.

For these reasons, the Court should grant this motion to seal for the documents as described above.

Dated:  August 5, 2022                             HUESTON HENNIGAN LLP

By: _____*/s/ Alison Plessman*_____
   Alison Plessman
   Attorneys for Defendants
   Broadcom Inc.
   Brocade Communications Systems LLC