# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' RESPONSE TO PLAINTIFF SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (DKT. 172) AND REQUEST TO REMOVE AND MOTION FOR LEAVE TO FILE PREVIOUSLY FILED DOCUMENT (DKT. 161-1) UNDER SEAL**

Pursuant to Fed. R. Civ. P. 5.2, E.D. Tenn. Local Rule 26.2, and this Court's Order Regarding Sealing Confidential Information (Dkt. No. 11), Broadcom Inc. ("Broadcom") and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") respectfully submit this response to Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc.'s ("Plaintiffs") Motion to Leave to File Documents Under Seal, Dkt. No. 172, to support Plaintiffs' request for leave of the Court to submit a portion of Plaintiffs' Evidentiary Supplement Pursuant to Docket 147 ("Evidentiary Supplement") under seal. Further, Defendants respectfully request that this Court remove previously filed Document 161-1 and respectfully move for leave to seal additional portions of this document.

This response addresses both of Defendants' and Plaintiffs' proposed redactions to Plaintiffs' Evidentiary Supplement.[1] *See* Dkts. 154, 161-1, 173 ("Evid. Suppl.") (all three docket entries include Plaintiffs' Evidentiary Supplement). The redactions are narrowly tailored and relate only to non-public, highly sensitive, confidential, and/or propriety information. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

In considering a motion to seal, "a court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The right of access is not absolute . . . ." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). Moreover, disclosing this highly confidential, non-

---

[1] For the Court's review, Plaintiffs' original requests are highlighted in yellow and Defendants' requests are highlighted in blue.

public information would violate the parties' privacy interests.  *See Lincoln Benefit Life Co. v. Paige Fundament*, 2019 WL 239987, at *1 (C.D. Cal. Jan. 16, 2019) (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"); *see also* Dkt. No. 160-7 [Declaration of Steve Gleason in Support of Defendants' Evidentiary Supplement] ¶¶ 6-8 (detailing the "vast amount of highly sensitive, non-public financial information [produced in this case] in response to Plaintiffs' discovery requests").).

Confidentiality is especially important where the information to be sealed contains commercially sensitive business information. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings.  That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits.").  Courts in this district regularly seal documents containing sensitive confidential business information. *See Moore v. Westgate Resorts, Ltd.*, 2020 WL 7017738, at *1-3 (E.D. Tenn. May 22, 2020) (placing under seal financial documents containing "highly confidential terms and provisions, including specific fee distributions, payment terms and allocation of income, and losses"); *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, 2014 WL 12780317, at *7 (E.D. Tenn. May 30, 2014) (permitting party to redact pleading "because of confidential business information found in the licensing agreement"); *Liberty Mut. Ins. Co. v. A Staffing Kompany, Inc.*, 2005 WL 8162493, at *2 (E.D. Tenn. Dec. 22, 2005) (finding good cause to seal a license agreement "because it contains commercially sensitive information").

Specifically, the Evidentiary Supplement contains highly confidential end-user[2] customer information and lists. *See* Evid. Suppl. at 2, 5 (Plaintiffs' proposed redactions); *id.* at 2, 3 (Defendants' proposed redactions). Courts regularly seal this type of confidential customer information and lists, especially when the customers are non-parties to the litigation, because "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *See Shane Grp., Inc.*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see Language Access Network v. Culturalink*, 2021 WL 5176522, at *2 (S.D. Ohio Nov. 8, 2021) (collecting cases determining customer lists are trade secrets and accordingly sealing such information). Moreover, the non-parties' specific identities are not required for this Court to make a ruling in this case, including a ruling on personal jurisdiction. *See Shane Group, Inc.*, 825 F.3d at 308; *cf.* Dkt. 11 at 1.

Plaintiffs' Evidentiary Supplement also includes an internal valuation of certain rights relating to Extreme Networks, Inc., Evid. Suppl. at 7 (Plaintiffs' redaction), and discusses bargained-for terms in agreements with Extreme Networks, Inc. and with OEM partners, *id.* at 3, 5 (Defendants' redactions). The valuation figure is non-public, sensitive business information and should be sealed. *See J&R Passmore, LLC, et al., Plaintiffs, v. Rice Drilling D, LLC, et al., Defendants.*, 2022 WL 600807, at *2 (S.D. Ohio Mar. 1, 2022) (determining documents containing "sensitive financial information about the revenue and expenses" from certain services qualified as "explicit financial data [that rose] to the level of trade secret" and should be sealed) (internal quotations marks and citations omitted). The agreement terms, including pricing offers and terms, are also sensitive non-public business information, *see id.*, and such information should be sealed,

---

[2] End-users are customers who purchase Brocade products from an original equipment manufacturer ("OEM") partner or are the ultimate users of Brocade's products.

*see Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (granting leave to seal "highly-confidential sales and marketing information; . . . and business agreements"); *Lincoln Benefit Life Company*, 2019 WL 239987, at *1 (granting application to seal, in part because the party's "interest in preserving the confidentiality of its Claims Manual designated 'Confidential,' . . . overcomes the right to public access of the data"); *Kentucky v. Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4 (W.D. Ky. Sept. 17, 2019) (sealing information relating to key agreement terms and negotiations). Further, the agreements between Brocade and its OEM partners contain confidentiality provisions covering the customer and pricing information contained in this document. *See, e.g.*, Dkt. No. 157-19 § 13.1.

Lastly, Plaintiffs include a description characterizing some of the most sensitive information produced in this case. *See* Evid. Suppl. at 5. This information comes from product revenue and support services spreadsheets that Defendants have sought to seal, Dkt. 188 at 10, because they contain highly confidential, non-public and proprietary information, including raw revenue data, sensitive financial information, customer information, and product information. *See J&R Passmore, LLC, et al.*, 2022 WL 600807, at *2; *see also Marathon Petroleum Co. LP*, 2019 WL 4452956, at *4; *Bauer Bros. LLC*, 2012 WL 1899838, at *2; *Just Funky, LLC v. Boom Trendz, LLC*, 2021 WL 2635377, at *8 (N.D. Ohio June 25, 2021). Plaintiffs' description of the information within these spreadsheets should likewise be sealed. *Id.*

Further, if competitors or other debtors had access to the information described above, they could use it for improper purposes to gain leverage over the parties. This would severely prejudice and irreparably harm the parties. *See Bauer Bros. LLC*, 2012 WL 1899838, at *2 (permitting requests to seal because competitors could improperly use confidential business and product information to their advantage); *Asetek Holdings, Inc. v. CMI USA, Inc.*, 2014 WL 12644231, at

\*2 (N.D. Cal. Sept. 23, 2014) (finding compelling reasons warranted sealing confidential agreements concerning business dealings, in part because public disclosure of such information would commercially harm the plaintiff).

For these reasons, the Court should grant Plaintiffs' motion to seal their Evidentiary Supplement (Dkt. 154, 161-1, 173), remove Document 161-1, and grant Defendants' request for leave to file additional information under seal. As required by the Memorandum and Order Regarding Sealing Confidential Information, the unredacted version of the Evidentiary Supplement referenced herein is provided as an exhibit to this Motion and since only a portion of this document is redacted, those portions of that document are highlighted.

Dated: August 10, 2022	HUESTON HENNIGAN LLP

By: _____*/s/ Alison Plessman*_____
Alison Plessman
Attorneys for Defendants
Broadcom Inc.
Brocade Communications Systems LLC