IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 <br><br><br> **Jury Demand** |

### DECLARATION OF JOHN L. WOOD IN SUPPORT OF SNMP RESEARCH, INC.'S AND SNMP RESEARCH INTERNATIONAL, INC.'S OPPOSITION TO EXTREME NETWORK, INC.'S MOTION TO COMPEL MEDIATION

I, John L. Wood, declare and attest as follows:

1. I am an attorney at the law firm of Egerton, McAfee, Armistead & Davis, P.C., counsel of record for SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of Tennessee and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. On April 1, 2021, Extreme Networks, Inc. and Plaintiffs mediated this case before Richard Chernick of JAMS. The mediation was unsuccessful.

3. The next mention of mediation between the parties occurred during a May 11, 2022 telephonic hearing before Magistrate Judge Poplin. At that hearing Extreme's counsel asked Magistrate Judge Poplin to "force" Extreme and Plaintiffs to mediate to "force these folks to get into a room for 12 hours and to not leave until they have signed a deal or at least exhausted all possibility." Dkt. 144 (May 11, 2022 Hearing Transcript) at 24:2-6.

4. During the May 11, 2022 call, Extreme did not inform Magistrate Judge Poplin of the prior mediation on April 1, 2021.

5. On May 14, 2022, the parties participated in a call to discuss the topic of mediation. Ms. Demers attended for Extreme. Ms. Plessman attended for Brocade and Broadcom. I and Ms. Weber attended for Plaintiffs. Mr. Neukom did not participate in the call.

6. During the call, Ms. Plessman indicated that while Broadcom and Brocade would not refuse to participate in mediation if all other parties agreed, she had her doubts that the parties were in the right place for mediation.

7. I asked whether anything had changed since the prior settlement discussions and whether Extreme would provide a written settlement offer.

8. Ms. Demers said she would take that request back to her client. I informed Ms. Demers that we would discuss the request for mediation with our client.

9. Ms. Weber asked Extreme if it had a mediator it wanted to use, and Ms. Demers replied that Mr. Neukom had a strong preference.

10. We discussed Extreme's request for a mediation with our client, but never heard back from Extreme regarding any of the items discussed on the call.

11. Extreme did not raise the topic of mediation again until Plaintiffs received this motion.

12. On April 21, 2022, Extreme notified Plaintiffs that it would not have source code loaded onto its source code computers in time for the April 22, 2022 source code inspection. Extreme had chosen to purchase computers that did not comply with the protective order, and the source code would not fit on the source code machines. Extreme represented that it had 12 terabytes of source code.

13. Plaintiffs attempted to work with the non-compliant computer, but it was extremely inefficient.

- 2 -
Case 3:20-cv-00451-CEA-DCP   Document 194-1   Filed 08/10/22   Page 2 of 3   PageID #: 10799

14. When Extreme produced its source code on new computers a month later, there was only 7 terabytes of source code. As a result, Plaintiffs inquired about the missing 5 terabytes of source code. After ignoring Plaintiffs multiple requests for over two weeks, Extreme finally confirmed there never was 12 terabytes of source code and that 12 terabytes was only an estimate.

15. Plaintiffs supplemented their discovery responses to Extreme's discovery requests on August 8, 2022.

16. Extreme states that the license agreement between SNMP Research International, Inc. and Brocade Communications System, Inc. (Dkt. 3) provides for a one-time fee of ▓▓▓▓. This license agreement has 5 amendments. Amendment 5 required Brocade to pay an additional license fee of ▓▓▓▓ for additional software (Dkt. 3 at 41).

17. Attached hereto as Exhibit A is a copy of October 2018 email correspondence in which Jennifer Sipes, of Extreme, identified Plaintiffs' copyright designation in Extreme's source code.

Executed this 10th day of August, 2022, at Knoxville, Tennessee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ John L. Wood
John L. Wood