# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., <br><br> Defendants. | Case No. 3:20-cv-00451-CEA <br><br> U.S. District Judge Charles E. Atchley, Jr. |

## REPLY DECLARATION OF LESLIE A. DEMERS IN FURTHER SUPPORT OF EXTREME NETWORKS, INC.'S MOTION TO COMPEL MEDIATION

I, Leslie A. Demers, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for defendant Extreme Networks, Inc. ("Extreme") in this action. I am a member of good standing of the State Bar of New York and have been admitted *pro hac vice* to this Court. I have personal knowledge of the facts set forth in this Declaration and can and will testify thereto under oath if called to do so.

2. In Extreme's Second Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories, Extreme's Second Supplemental Responses and Objections to SNMP Research, Inc.'s First and Second Set of Requests for Production, and Extreme's Second Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Requests for Admission, Extreme stated:

Specifically, Extreme accepts SNMP's proposal to respond to Interrogatory No. 1 for the products identified in paragraph 49 of the Complaint and other Requests that depend upon Interrogatory No. 1. For such products, Extreme will provide responsive information, including with respect to alleged SNMP source code that Extreme received in connection with its acquisition of Brocade's data center switching, routing and analytics business.

3. Extreme used the following language in its Third Supplemental Responses and Objections to SNMP Research, Inc's First Set of Interrogatories ("Third Responses"), in responding to Interrogatory No. 1:

Extreme understands through meet and confers that these Interrogatories are not seeking information regarding Extreme products utilizing software from SNMPR under a separate agreement.

4. On June 10, 2022, counsel for plaintiffs served a letter which, among other things, asked Extreme to identify the "separate agreement" identified in Extreme's Third Responses.

5. On June 17, 2022, counsel for Extreme served a letter responding to plaintiffs' letter of June 10, 2022, which included the following language:

Extreme reminds SNMPR of the License Agreement originally between SNMP Research International, Incorporated and Enterasys Networks, Inc. (formerly Cabletron Systems, Inc.) ("Enterasys"), effective December 8, 1999, which was assigned to Extreme. In fact, not only was this License Agreement and its amendments attached as Exhibit H to the Declaration of Dr. Jeffrey D. Case in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss or Transfer (ECF No. 51), but SNMPR has also produced that agreement and the amendments in this litigation (*see, e.g.*, SNMP-0004272, SNMP-0004288, SNMP-0004290, SNMP-0004294, SNMP-0004298, SNMP-0004301, SNMP-0004304, SNMP-0004410).

6. On May 13, 2022, Extreme served to plaintiffs a production of about 685,517 Bates-stamped pages and 36,909 documents.

7. As of today, August 17, 2022, Extreme has received from plaintiffs productions totaling 31,051 Bates-stamped pages and 4,728 documents.

Executed on August 17, 2022 in New York, New York.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Leslie A. Demers*
Leslie A. Demers

3