# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § § § § § § § § § | |
| | | **Case No. 3:20-cv-00451-CEA-DCP** |
| **Plaintiffs,** | | |
| | | |
| **v.** | | **Jury Demand** |
| | | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | | |
| | | |
| **Defendants.** | | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE PREVIOUSLY-FILED DOCUMENTS UNDER SEAL AND REQUEST FOR ADDITIONAL RESPONSE TIME

Come now Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively "Plaintiffs"), by and through counsel, pursuant to Fed. R. Civ. P. 5.2 and Local Rule 26.2(b) of this Court, and this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 11], and respectfully submit this response to Defendant's Motion for Leave to File Documents Under Seal ("Motion" or "Mot.") [Doc. 189] filed by Defendants Broadcom, Inc. and Brocade Communications Systems LLC ("Defendants") along with a request for additional time (of 2 days) in which to submit its response. Plaintiffs have filed this response because Defendants are attempting to seal public documents that do not reveal highly confidential information.

In their Motion, Defendants seek leave of Court to file under seal three exhibits that Plaintiffs publicly filed with the Declaration of Olivia Weber (Doc. 157, "Weber Declaration") in support of Plaintiffs' Evidentiary Supplement Pursuant to Docket 147 ("Plaintiffs' Evidentiary Supplement") [Doc. 161-1]. More specifically, Defendants move the Court for leave to submit under seal Documents 154-

38, 154-39, and 154-86 because these documents purportedly contain "non-public, highly sensitive, and confidential information." Mot. at 1. For the following reasons, Plaintiffs' exhibits do not reveal highly-confidential information.

### A. Additional Response Time

Defendants filed their Motion at 8:15 p.m. on Friday, August 5, 2022. Plaintiffs recognize that their response was technically due, under the timeline provided by Local Rule 7.1, by midnight on Friday, August 19, 2022. Due to an oversight by Plaintiffs' counsel, Plaintiffs mistakenly did not timely file their response. Plaintiffs respectfully request that this Court grant them an additional 48 hours (2 days) in which to respond due to this oversight on the part of Plaintiffs' counsel, and because the granting of an additional 2 days in which to file its response works no prejudice to the Defendants in the context of this particular motion.

### B. Defendants' Motion Should be Denied

First, Defendants claim that "together with the exhibit descriptions included in the [Weber] Declaration . . . Documents 154-38 and 154-39 reveal sensitive geolocations of end-users of Brocade's products. This personal identifying information is non-public and highly sensitive." Mot. at 2. However, Plaintiffs have sought leave to file the Weber Declaration under seal; accordingly, if that declaration is sealed, the public does <u>not</u> have access to the exhibit descriptions that Defendants assert reveal highly confidential end-user customer information when read in tandem with Documents 154-38 and 154-39. These documents merely reflect screenshots of geo-location information associated with IP address information, and these screenshots were obtained using a public website. Defendants, in their own motion to seal, are the ones who have revealed that these screenshots reflect geo-location and IP address information that concern its end-users. Neither Plaintiffs' Evidentiary Supplement nor the Weber Declaration (if placed under seal as requested) enabled the public to connect these particular exhibits

(Documents 154-38 and 154-39) to Brocade's end users.  Defendants' attempt to seal these website screenshots should be rejected.

Defendants also seek to file under seal Document 154-86, Mot. at 2, which is another exhibit that was publicly filed as an attachment to the sought-to-be-sealed Weber Declaration.  Specifically, Document 154-86 is a combined PDF of Filing Information forms for entities registered to do business with the Tennessee Department of State, which Plaintiffs' counsel accessed via the internet and collected.  These Filing Information forms are publicly available.  Again, Defendants claim that Document 154-86 "together with the exhibit descriptions" in the Weber Declaration purportedly "reveal[s] highly confidential end-user information." Mot. at 2.  But, as explained, Plaintiffs have sought to seal the Weber Declaration and its exhibit descriptions are not publicly available.  If the Declaration is sealed as has been requested, the public therefore cannot glean any non-public information from the publicly-available Filing Forms included in Document 154-86.

Plaintiffs respectfully submit that Defendants' Motion should be denied.

**Respectfully submitted,**

Dated:  August 21, 2022       By: /s/ *Cheryl G. Rice*
                    John L. Wood, Esq. (BPR #027642)
                    Cheryl G. Rice, Esq. (BPR #021145)
                    Rameen J. Nasrollahi, Esq. (BPR #033458)
                    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
                    900 S. Gay Street, Suite 1400
                    P.O. Box 2047
                    Knoxville, TN 37902
                    (865) 546-0500 (phone)
                    (865) 525-5293 (facsimile)
                    jwood@emlaw.com
                    crice@emlaw.com
                    rnasrollahi@emlaw.com

Dated:  August 21, 2022          By: /s/ *A. Matthew Ashley*

A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
Olivia Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*