# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE PREVIOUSLY FILED DOCUMENTS UNDER SEAL**

Without citing any legal authority, SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "Plaintiffs") oppose Broadcom Inc. and Brocade Communications Systems LLC ("Brocade") (collectively, "Defendants") request that this Court remove Documents 154-38, 154-39, and 154-86 from the public docket and seal those documents. Plaintiffs admit their opposition is untimely, and it lacks any basis for prohibiting a party to seal documents that reveal to the public highly sensitive, non-public information because of the context in which they were filed.

Standing alone, the documents at issue may not be confidential.[1] But because these documents were filed by Plaintiffs with their Evidentiary Supplement Pursuant to Docket 147 ("Evidentiary Supplement") and their supporting declaration, which reveal that the documents belong to or relate to the end users of Brocade's products, the public is able to glean highly sensitive, non-public information belonging to Brocade. Plaintiffs discuss Brocade's end users in their Evidentiary Supplement (*see, e.g.*, Dkt. 161-1 at 2-3 (discussing end users and citing the relevant sections of their supporting declaration, which attaches the documents in question); Dkt. 192 at 2-3 (same)) and the Declaration of Olivia Weber in Support of Plaintiffs' Evidentiary Supplement (Dkt. 157) ("Weber Declaration") (*see, e.g.*, Dkt. 157 ¶¶ 34-37, 94; Dkt. 187-1 ¶¶ 34-37, 94 (describing the documents at issue as relating to Brocade's end users)). Thus, given the nature of the Evidentiary Supplement and the Weber Declaration and the statements made therein, the public is able to discern the specific identities of end users who purchased Brocade products from an original equipment manufacturer ("OEM") partner of Brocade by reviewing the

---

[1] Documents 154-38, 154-39, and 154-86 are from publicly available sources, and Defendants stated as much in their motion. *See* Dkt. 189 at 2. Documents 154-38 and 154-39 are print outs of publicly available webpages showing geolocations of Brocade's end-users and Document 154-86 include publicly available print outs from the Tennessee Secretary of State's website.

documents in question. The identities of Brocade's end users are non-public, highly confidential, and amount to trade secrets and should be sealed. *See Language Access Network v. Culturalink*, 2021 WL 5176522, at *2 (S.D. Ohio Nov. 8, 2021) (collecting cases determining customer lists are trade secrets and accordingly sealing such information); *see also Kines v. Ford Motor Co.*, 2021 WL 1328475, at *4 (W.D. Tenn. Apr. 9, 2021) (sealing trial transcript of a public, open trial that contained trade secrets, determining, in part, that, even though the trial was not closed and the information was public, sealing the information from later public access was appropriate to protect a party's information); *see also Cahoo v. SAS Inst. Inc.*, 2020 WL 11563943, at *2 (E.D. Mich. July 27, 2020) ("[A] court should [] seal records [if] public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Plaintiffs should not be permitted to usurp Defendants' privacy interests, or the privacy interests of these non-parties, by revealing this information through the back door. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Plaintiffs also do not provide any support for their argument that these documents, which reveal confidential information of Brocade and nonparties given the context in which they were filed, should not be sealed. In fact, Plaintiffs do not contest that the documents at issue, when considered in context of this case and the Evidentiary Supplement and other filings, do not reveal to the public highly sensitive, non-public information. *See* Dkt. 199 at 2-3. Their opposition simply focuses on the fact that the documents themselves, standing alone, are publicly available.

Further, while Plaintiffs claim that they sought leave to file the entire Weber Declaration under seal, which they argue would have prevented revealing the descriptions about the end user information, their argument is disingenuous. *See* Dkt. 199 at 2. As an initial matter, Plaintiffs did not seek to seal the relevant portions of the Evidentiary Supplement, which also provide sufficient information to enable the public to discern that the documents in question relate to Brocade's end users. *See, e.g.*, Dkt. 161-1 at 2-3. Moreover, Plaintiffs only filed the Weber Declaration under seal because they were required to in accordance with the parties' protective order. They explicitly stated in their motion that they were doing so "without a position on whether the document[] should be filed under seal," Dkt. 155, leaving it to Defendants to provide a basis for sealing. Defendants appropriately recognized that it cannot seal the thirty-six-page Weber Declaration in its entirely under this Court's strict standard for sealing. *See* Dkt. 11. Defendants instead followed this Court's order and seek to seal only the most sensitive portions of the declaration and the exhibits attached to it. (*See* Dkt. 188; Dkt. 189.) Defendants' sealing request is narrowly tailored because they propose leaving the vast majority of the Weber declaration unredacted, *see* Dkt. 187-1, providing the public with more than sufficient information to understand the judicial process in this case. As stated above and in the motion to seal, Brocade's end users are not parties to this litigation, *see Shane Group, Inc.*, 825 F.3d at 308, and their specific identities and geolocations are not required for this Court to make a ruling on personal jurisdiction in this case (or any other ruling) and sealing this information will not impair the public's understanding of the judicial process here*, see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) ("We recognize the importance of protecting the public's interest in judicial proceedings and of facilitating its understanding of those proceedings. That interest, however, does not extend to mere curiosity about the parties' confidential information where that information is not central to a

decision on the merits."). The OEMS (and the end users) also have an expectation that this information would remain confidential because the agreements between Brocade and its OEM partners contain confidentiality provisions. *See, e.g.*, Dkt. 157-19 § 13.1.

For these reasons, the Court should apply well-established case law to permit Defendants to seal documents that, in context, would reveal to the public highly confidential, highly sensitive, non-public customer information and grant Defendants' request to remove Documents 154-38, 154-39, and 154-86 from the public docket and seal those documents. If the Court does not grant Defendants leave to seal these documents, Defendants respectfully request leave to file an alternative motion to seal to propose redactions to Plaintiffs' Evidentiary Supplement (Dkt. 161-1), the Weber Declaration (Dkt. 187-1), Defendants' motion to seal (Dkt. 189), Plaintiffs' opposition to the motion to seal (Dkt. 199), and this reply brief that provide confidential context for Documents 154-38, 154-39, and 154-86 and should be sealed.

Dated: August 26, 2022       HUESTON HENNIGAN LLP


By: _____*/s/Alison Plessman*_____
       Alison Plessman
       Attorneys for Defendants
       Broadcom Inc.
       Brocade Communications Systems LLC