UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-451-CEA-DCP ) |
| BROADCOM INC. *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Seal [Doc. 155]. Extreme Network, Inc. ("Extreme") responded to the motion [Doc. 182]. Broadcom Inc. ("Broadcom") and Brocade Communications Systems, LLC ("Brocade") (collectively, "Defendants") also responded to the motion [Doc. 188]. Accordingly, for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 155**].

Plaintiffs' Motion to Seal [Doc. 155] seeks to seal the following exhibits attached to the Declaration of Oliver Weber ("Weber Declaration"): 1, 22, 37, 43–49, 51, 52, 54–56, 62, 64–67, 74–75, 79, 84, and 85 [Docs. 157-1–25]. In addition, Plaintiffs seek to seal Exhibits 200–221 to the Weber Declaration, which are excel spreadsheets that they manually filed due to their format and size. Further, Plaintiffs seek to seal Exhibits 2 and 3 to the Declaration of Michael Wallace ("Wallace Declaration") [Docs. 157-27 and 157-28]and Exhibits A and C to the Declaration of Dr. Jeffrey Case ("Case Declaration") [Docs. 157-29 and 157-30].

For grounds, Plaintiffs state that Exhibit C to the Case Declaration [Doc. 157-30] contains their commercially sensitive and confidential licensing and pricing terms. With respect to the remaining documents, Plaintiffs state that Defendants have designated the documents as confidential or attorneys' eyes only ("AEO").

Extreme filed a response to the motion [Doc. 182] because it designated some of the documents subject to Plaintiffs' motion as confidential. Extreme states that Exhibit 64 to Weber's Declaration [Doc. 157-17] is already on the public docket, and therefore, it does not need to be sealed. With respect to the other documents [Doc. 157-23], ("Accounting Memo"), and [Doc. 157-24] ("License Agreement"), Extreme requests that these documents be filed under seal in light of the commercial nature and pricing terms found therein. Extreme requests, if the Court is not inclined to seal the documents, that the commercial and pricing terms be redacted.

Defendants filed a response [Doc. 188] requesting that the following exhibits be placed under seal to the Weber Declaration [Docs. 157-5, 157-6, 157-7, 157-8, 157-9, 157-10, 157-11, 157-12, 157-14, 157-15, 157-19, 157-20, 157-22, 157-23, 157-24, 157-25); Exhibits 2 and 3 to the Wallace Declaration [Docs. 157-27 and 157-28); and Exhibit A to the Case Declaration [Doc. 157-29]. [1] Defendants' declaration takes no position on sealing Exhibits 22, 37, 62, 64, 65, or 74 [Docs. 157-2, 157-3, 157-16, 157-17, 157-18, and 157-21) to the Weber Declaration or Exhibits A or Exhibit C to the Case Declaration [Doc. 157-29 and 157-30]. Defendants further seek to seal portions of the following documents: [Docs. 157, 157-1, 157-4, 157-13, and 157-26].

In support of sealing the above documents, Defendants explain as follows:

- [Docs. 157-5, 157-6, 157-7, 157-8, 157-9, 157-10, and 157-11] are exhibits to the Weber Declaration. Defendants explain that they consist

---

[1] In a footnote, Defendants state that they take no position on whether to seal Exhibit A to the Case Declaration [Doc. 157-29], but they have moved to seal this document. [Doc. 188 p. 6 n.1]. Unlike the other exhibits, they do not explain why Exhibit A to the Case Declaration [Doc. 57-29] should be sealed, so the Court presumes the inclusion of this exhibit is an error.

2

of emails containing highly confidential conversations between Brocade employees. These emails list confidential names of customers of Brocade's original equipment manufacturers ("OEMs") (all of whom are non-parties), and detail confidential sales and marketing strategies, including confidential pricing, sales, and marketing data.

- [Doc. 157-12] is an email that discusses highly confidential sales and product development strategies.

- [Doc. 157-14] is a draft powerpoint presentation that contains highly confidential marketing strategies and information, including details of highly confidential marketing budgets and market forecasts and consists of non-public sensitive financial information.

- [Doc. 157-15] is a powerpoint presentation containing highly confidential marketing strategies and product development strategies, including data relating to product testing and non-public sensitive financial information.

- [Doc. 157-19] is the OEM agreement and contains highly confidential agreement terms and reflects bargained-for contract terms, including pricing information. Defendants state that it also contains confidential product information, as well as sensitive nonpublic financial information.

- [Doc. 157-20] is an email including Brocade employees and one of Brocade's OEM partners. Defendants state that the email discusses confidential product information and testing data, including detailed charts relating to product performance information. Defendants further explain that the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information contained in this exhibit.

- [Doc. 157-22] is an email containing information relating to a confidential license agreement between Brocade and SNMP Research International, Inc.

- [Doc. 157-23] includes a highly confidential memorandum containing accounting information. Defendants state that it also includes sales and marketing strategies that discuss highly confidential information relating to bargained-for agreement terms and pricing.

- [Doc. 157-24] is the Amended and Restated Software License Agreement between Broadcom and Extreme and contains highly confidential agreement terms and reflects bargained-for contract terms, including pricing information.

3

- [Doc. 157-25] contains several organizational charts that reflect the legal structure of Broadcom. Defendants state that this information is not publicly available and highly confidential.

- Exhibits 200-218 to the Weber Declaration are excel spreadsheets that Plaintiffs manually filed because of how much data these documents contained, including spreadsheets with tens of thousands of entries [*See* Doc. 159]. Defendants state that these documents are product revenue and support services spreadsheets that contain rows of highly confidential, non-public and proprietary information, including raw revenue data, sensitive financial information, customer information, and product information.

- Exhibit 219 to the Weber Declaration is an excel spreadsheet that Plaintiffs manually filed because of its file size [*See* Doc. 159]. Defendants explain that this spreadsheet contains highly confidential non-party customer and end-user information, as well as proprietary customer and end-user lists and non-public sensitive financial information.

- Exhibit 220 to the Weber Declaration is an excel spreadsheet that Plaintiff manually filed [*See* Doc. 159]. Defendants explain that it contains highly confidential non-party OEM partner and end-user data and information, as well as proprietary customer and end-user identities. Defendants submit that the non-parties are not involved in this litigation, and their specific identities are not required for this Court to make a ruling in this case, including one on personal jurisdiction.

- Exhibit 221 to the Weber Declaration is an excel spreadsheet that Plaintiffs manually filed [*See* Doc. 159]. Defendants state that this excel spreadsheet contains highly confidential product information and OEM partner and end-user data from non-parties who are not involved in this litigation, as well as proprietary customer and end-user identities.

- [Doc. 157-27] contains a highly confidential, nonpublic list of end-users. Defendants further state that the end-user list includes non-parties who are not involved in this litigation and their specific identities are not required for this Court to make a ruling in this case, including a ruling on personal jurisdiction.

- [Doc. 157-28] contains non-public names of non-party end-users whose identities are not relevant to this case. In addition, Defendants submit that the exhibit also includes product information and product revenue data, which rise to the level of a trade secret, because this information is non-public and highly confidential.

Defendants further support Plaintiffs' request for leave to file portions of the Weber Declaration [Doc. 157] and the Wallace Declaration [Doc. 157-26] under seal and the following exhibits:

- Exhibits 38, 39, and 86 to the Weber Declaration [Docs. 154-38, 154-39, 154-86]. Defendants state that these exhibits and the portions of the Weber Declaration that discuss these exhibits reveal confidential identities and other personal identifying information ("PII") of end-users. In addition, Defendants state that the end-users' specific identities and PII are not required for this Court to make a ruling in this case, including one on personal jurisdiction.[2]

- Exhibit 1 to the Weber Declaration [Doc. 157-1] is Brocade's second supplemental responses and objections to Plaintiffs' first set of interrogatories. Defendants state that these responses include confidential product lists and development strategies relating to those products. In addition, Defendants submit that the email also includes nonpublic employee names and personal contact information, including mobile numbers. Further, Defendants state that the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information reflected in this exhibit.

- Exhibit 42 to the Weber Declaration [Doc. 157-4] is an email that contains the details of confidential sales strategies offered to OEMs, including details of incentive programs. Defendants contend that the email includes nonpublic employee names and personal contact information, including mobile numbers. Further, Defendants state that the agreements between Brocade and its OEM partners contain confidentiality provisions covering the information reflected in the exhibit and that it also contains non-public sensitive financial information.

- Exhibit 54 to the Weber Declaration [Doc. 157-13] is a similar email that contains internal discussions of highly confidential sales and marketing strategies, as well as non-public sensitive financial information.

As an initial matter, the Court observes that Exhibit 64 to Weber's Declaration [Doc. 157-17] is already on the public docket, and therefore, does not need to be sealed. Thus, the Court

---

[2] Defendants state that they intend to file a motion requesting that these exhibits be filed under seal. Defendants have now filed their motion [Doc. 189], and the Court will address these exhibits upon adjudication of Defendants' motion to seal.

5

**DIRECTS** the Clerk to **UNSEAL** [**Doc. 157-17**] and substitute it for [**Doc. 154-64**]. Further, the Court observes that no party has advocated for the following documents to be placed under seal: Exhibits 22, 37, 62, 65, or 74 [Docs. 157-2, 157-3, 157-16, 157-18, and 157-21] to the Weber Declaration and Exhibit A to the Case Declaration [Doc. 157-29].[3] Given that no party has advocated for these documents to be sealed, the Court **DIRECTS** the Clerk to **UNSEAL** the following documents: [**Docs. 157-2, 157-3, 157-16, 157-18, and 157-21**) to the Weber Declaration and Exhibit A to the Case Declaration [**Doc. 157-29**] and to update CM/ECF accordingly.

With respect to the remaining documents, the Court finds that the parties have established good cause to place the remaining documents under seal for the reasons explained in Plaintiffs' motion [Doc. 155], Extreme's response [Doc. 182], and Defendants' response [Doc. 188]. The following documents **SHALL REMAIN SEALED**: [**Docs. 157, Docs. 157-1, Doc. 157-4, 157-5, 157-6, 157-7, 157-8, 157-9, 157-10, 157-11, 157-12, 157-13, 157-14, 157-15, 157-19, 157-20, 157-22, 157-23, 157-24, 157-25; 157-27, 157-28; and 157-30**]. With respect to **Exhibits 200–221** to the Weber Declaration, which Plaintiffs manually filed, the Court also places these exhibits **UNDER SEAL**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] *See supra* note 1.