UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| BROADCOM INC. *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Leave to File Documents Under Seal [Doc. 172] and the Response to Plaintiffs' Motion for Leave to File Documents Under Seal and Request to Remove and Motion for Leave to File Previously Filed Document Under Seal [Doc. 191], filed by Broadcom, Inc. ("Broadcom") and Brocade Communications Systems, LLC ("Brocade") (collectively, "Defendants").

Specifically, Plaintiffs seek to seal their Evidentiary Supplement [Doc. 173]. By way of background, the Court has already granted Plaintiffs' request to seal their Evidentiary Supplement [*See* Doc. 163]. The Court directed the Clerk to replace [Doc. 154] with [Doc. 161-1], which is Plaintiffs' redacted copy of their Evidentiary Supplement. The Court ordered Plaintiffs to file their unredacted version in a separate sealed motion to seal with the redacted information highlighted.

In the instant motion, Plaintiffs state that the Evidentiary Supplement identifies a valuation relating to Brocade's sale of the data center business to Defendant Extreme Networks, Inc.

("Extreme"), and the names of some Tennessee entities that Defendants designated as "outside counsel eyes only" and "highly confidential."

As mentioned above, Plaintiffs originally filed their Evidentiary Supplement as [Doc. 154], which the Court replaced with [Doc. 161-1]. Plaintiffs filed an unredacted copy of their Evidentiary Supplement as a sealed entry [Doc. 173] in accordance with the Court's previous Order [Doc. 163].

Defendants support Plaintiffs' motion but further request that the Court remove previously filed [Doc. 161-1] and replace it with their redacted version [Doc. 191-1]. Defendants explain that the Evidentiary Supplement contains highly confidential end-user customer information and lists. They argue that courts regularly seal this type of confidential customer information and lists, especially when the customers are non-parties to this litigation. Defendants further submit that the non-parties' identities are not necessary for the Court to render a ruling on the personal jurisdiction issue. Defendants state that the Evidentiary Supplement includes an internal valuation of certain rights relating to Extreme and discusses bargained-for terms with Extreme and original equipment manufacturer ("OEM") partners. Finally, Defendants state that Plaintiffs include a description that characterizes some of the most sensitive information produced in this case (*i.e.*, information from product revenue and support services spreadsheets that provide raw revenue data, sensitive financial information, customer information, and product information). Defendants request that the Court grant Plaintiffs' motion and further remove [Doc. 161-1] and replace it with Defendants' proposed redacted copy [Doc. 191-1]. Defendants have also provided a sealed copy of Plaintiffs' Evidentiary Supplement showing Plaintiffs' redactions (in yellow) in addition to Defendants' proposed redactions (in blue) [Doc. 192].

For good cause shown, the Court **GRANTS** Plaintiffs' Motion for Leave to File Documents Under Seal [**Doc. 172**] and [**Doc. 173**] **SHALL REMAIN SEALED**. The Court agrees with some of Defendants' proposed redactions, however, the Court also finds other redactions that Defendants have proposed [Doc. 192] are a bit broader in scope than necessary. For example, Defendants claim that their customer lists are confidential, and while Plaintiffs have redacted the specific names of Defendants' customers, Defendants go further to propose additional redactions to eliminate any descriptive classification of these specific customers. The Court finds such redactions unnecessary. Further, some of the proposed redactions were relevant to the issues as addressed in the District Judge's Memorandum and Order [Doc. 204].

Thus, the Court **DIRECTS** the Clerk to replace [**Doc. 161-1**] with [**Doc. 191-1**], and [**Doc. 192**] **SHALL REMAIN SEALED**. The Court further **GRANTS** Defendants' Motion for Leave to File Under Seal [**Doc. 191**], but to the extent any of Defendants' redactions were relevant to the District Judge's Memorandum and Order, such facts will not be redacted or sealed [*See* Doc. 204]. *See also* Fed. R. Civ. P. 5.2 ("The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.").

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin* (signature)
Debra C. Poplin
United States Magistrate Judge