UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>Plaintiffs,<br><br>v.<br><br>BROADCOM INC. *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 3:20-CV-451-CEA-DCP<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for Leave to File Previously Filed Documents Under Seal [Doc. 189], filed by Broadcom, Inc., ("Broadcom") and Brocade Communications Systems, LLC ("Brocade") (collectively, "Defendants"). Plaintiffs have responded in opposition to this motion [Doc. 199], and Defendants have replied [Doc. 203]. For the reasons stated below, the Court **GRANTS** Defendants' motion [**Doc. 189**].

Defendants request that [Docs. 154-38, 154-39, and 154-86] be filed under seal because these documents contain non-public, highly sensitive, and confidential information. Defendants state that these documents, together taken with the exhibit descriptions included in the Declaration of Olivia Weber ("Weber Declaration") in Support of Plaintiffs' Evidentiary Supplement, reveal highly confidential end-user customer information. Defendants argue that courts regularly seal confidential customer information and lists, especially when they are non-parties. Defendants explain that [Docs. 154-38 and 154-39] reveal sensitive geolocations of end-users of Brocade's products, which is non-public. Defendants state that while [Doc. 154-86] contains publicly

available documents, when considered with the Weber Declaration, it reveals the identities of end-users of Brocade's products. Defendants state that the specific identities of end-users and geolocations are not required for the Court to determine personal jurisdiction. Finally, Defendants state, "[F]or all three documents, the end-user information come[s] from Brocade's OEM partners and the agreements between Brocade and these partners contain confidentiality provisions covering the information reflected in these exhibits" [Doc. 189 p. 4].

Plaintiffs filed a response opposing the motion [Doc. 199]. Plaintiffs acknowledge that their response is untimely, but they request an additional 48 hours due to their counsel's calendaring error. Plaintiffs argue that while Defendants claim that these exhibits would reveal highly confidential information when read together with the exhibit descriptions in the Weber Declaration, the Weber Declaration is sealed, and thus, the public cannot read these documents in tandem. Plaintiffs state that [Docs. 154-38 and 154-39] merely reflect screenshots of geo-location information associated with IP address information, and they acquired these screenshots using a public website. Plaintiffs submit that Defendants have revealed that these screenshots reflect geo-location and IP address information in their motion. Further, Plaintiffs state that [Doc. 154-86] is a combined PDF of Filing Information forms for entities registered to do business with the Tennessee Department of State, which Plaintiffs' counsel accessed via the internet as it is publicly available. Plaintiffs repeat that they have sought to seal the Weber Declaration, so the public cannot read these documents in tandem to determine the end-user information.

Defendants reply [Doc. 203] that standing alone, these documents may not be confidential. Defendants assert, however, the Plaintiffs filed these documents with their Evidentiary Supplement and with their supporting declaration, which reveals that the documents belong or relate to end-users. Defendants state that the public will be able to discover the specific identity of end users

who purchased Brocade products from an original equipment manufacturer partner by reviewing the documents in question. Defendants assert that the identities of Brocade's end users are non-public, highly confidential, and amount to trade secrets that should be sealed.

As an initial matter, the Court will consider Plaintiffs' untimely response because it is helpful to the Court in determining whether these documents should be sealed. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016) (explaining that courts have an independent duty to "set forth specific findings and conclusions which justify nondisclosure to the public") (internal quotation marks omitted). The Court has reviewed [Docs. 154-38, 154-39, and 154-86], and the Court finds sealing these exhibits appropriate. While they do appear to be public documents, when considered in conjunction with the parties' dispute about personal jurisdiction, they reveal information about Defendants' end-users. Further, in the context of this dispute, the identities are not relevant, and the Court notes that it does not appear that the District Judge referenced these exhibits in his Memorandum Opinion and Order [Doc. 204]. Accordingly, the Court **GRANTS** Defendants' Motion for Leave to File Previously Filed Documents Under Seal [**Doc. 189**]. The Court **DIRECTS** the Clerk to **SEAL** [**Docs. 154-38, 154-39, and 154-86**]

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge