IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 <br><br><br><br> **Jury Demand** |

**PLAINTIFF SNMP RESEARCH, INC.'S MOTION TO ENFORCE ORDER COMPELLING DISCOVERY, COMPEL DISCOVERY, DETERMINE SUFFICIENCY OF REQUEST FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANT EXTREME NETWORKS, INC.**

COMES NOW Plaintiff SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and, in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure, this Court's inherent authority to control the conduct of discovery, the Local Rules of this Court and Plaintiff's Memorandum of Law submitted contemporaneously herewith, moves this Court to enforce the Court's prior Order compelling discovery responses (Dkt. 131), compel discovery responses, determine the sufficiency of responses to Plaintiff's requests for admission, and order sanctions as to Defendant Extreme Networks, Inc. ("Defendant" or "Extreme").

On April 22, 2022, the Court ordered Extreme to "fully and substantively respond" to Plaintiff's discovery requests by May 13, 2022. Among other things, Extreme was ordered to identify <u>all</u> Extreme products containing Plaintiff's software, and to provide revenue/cost and other information for all of those products, which is critical to determining the full scope of infringement. Extreme has failed to comply with this and other central aspects of the Order which necessitates this Motion.

Extreme's conduct flouts the Court's Order as well as Extreme's obligations under the Federal

Rules of Civil Procedure. Plaintiff is prejudiced in the prosecution of its claims by Extreme's conduct. The areas of dispute and the specific discovery requests for which this Motion seeks relief are summarized in the chart provided below for ease of reference. They are also addressed in detail in Plaintiff's Memorandum in support of this Motion (submitted with this Motion). Plaintiff also submits the Declaration of Olivia Weber in support of this Motion.

Plaintiff hereby certifies, pursuant to the Local Rules of this Court, that it has made reasonable efforts in good faith to resolve the matters raised by this Motion in advance of the filing of this Motion.

| Argument Section[1] | Request Nos. | Extreme's Deficiency & Plaintiff's Requested Relief |
|---|---|---|
| III.A | Interrogatory Nos. 1-4, 7-8, 10-12, 15-16;<br><br>RFP Nos. 1-4, 7-8, 10-12, 15-31, 37-38, 41-42, 68-69. | Extreme has refused to identify all of its products containing SNMP Research Software, as ordered by the Court, and it has not provided the Court-ordered information associated with those products.<br><br>Plaintiff respectfully requests the Court to order (again) Extreme to immediately identify all Extreme products containing SNMP Research Software, and to order (again) Extreme to immediately provide all associated information and documents already ordered as to those products **from the date of first sale** of each product to the present.<br><br>Plaintiff further requests the Court to order immediate production of all source code for all newly-identified products that contain (or at any time have contained) SNMP Research Software. |
| III.B | Interrogatory Nos. 5-6, 9. | Extreme refuses to produce and identify the already-ordered infringing product-related financials, even for those products expressly identified in the Complaint.<br><br>Plaintiff requests an order requiring Extreme to immediately produce and identify, by Bates number pursuant to Rule 33(d): (1) complete and unedited excerpts from Extreme's general ledger |

---

[1] The argument sections correspond to the sections identified in the accompanying Memorandum of Law.

| Argument Section[1] | Request Nos. | Extreme's Deficiency & Plaintiff's Requested Relief |
|---|---|---|
| | | detailing all revenue information for every Extreme product containing SNMP Research Software **from the date of first sale** to the present, along with any dictionary or legend required to interpret those excerpts; (2) contemporaneous financial presentations or reports—such as profit and loss presentations—that delineate Extreme's revenues at a product-level; and (3) all products or services that were sold with or as a result of the purchase of the products containing SNMP Research Software, and delineate these products and services by name. |
| III.C | Interrogatory No. 14. | Extreme refuses to identify the Broadcom entities involved in the transfer of Plaintiff's software during the Data Center sale from Brocade to Extreme.<br><br>Plaintiff requests that the Court order (again) Extreme to immediately and fully supplement its response to Interrogatory 14. |
| III.D | Interrogatory No. 8;<br><br>RFP Nos. 22, 24-25, 27-28, 32-33. | Extreme has not produced all responsive emails from its custodian Paul Segalini and is improperly withholding its document preservation policy.<br><br>Plaintiff requests an order compelling Extreme to produce Mr. Segalini's remaining emails immediately. Plaintiff also requests that the Court order Extreme to produce its document retention policy to Plaintiff, or otherwise communicate its policy to Plaintiff. |
| III.E | RFA Nos. 1-20, 21-23, 34-47. | Extreme continues to improperly qualify its RFA responses despite the Court's Order to fully respond. Extreme also continues to assert already-overruled objections to the plain terms "permission" and "consent."<br><br>Plaintiff requests an order deeming Extreme's responses to these RFAs admitted. |
| III.F | RFP Nos. 71-78, 83, 88-96, 101-105;<br><br>RFA Nos. 44-45. | Extreme has not fully responded to Plaintiff's requests for additional product-related information and Plaintiff's requests concerning Extreme's licensing defense. Extreme has excluded products from discovery based on its purported licensing defense, asserts objections on the basis that its |

| Argument Section[1] | Request Nos. | Extreme's Deficiency & Plaintiff's Requested Relief |
|---|---|---|
| | | source code review is ongoing even though it has not diligently sought to review Plaintiffs' code since June 2022, and does not directly answer whether it is relying on the Brocade License Agreement as a defense to this action.<br><br>Unlike the requests in Sections III.A-E above, the Court has not yet entered an order compelling responses to these specific requests. Plaintiff hereby requests an order compelling (1) Extreme to fully respond to these requests for production with respect to all products containing SNMP Research Software, and (2) to immediately and fully respond to the requests for admission. |

In addition to the foregoing relief, Plaintiff requests that, to the extent Extreme's delay (including during the pendency of this Motion) causes further prejudice to Plaintiff, the Court order an appropriate extension of Plaintiffs' deadlines under the Scheduling Order as well as issue preclusion sanctions as set forth in the accompanying Memorandum of Law (*see* Mem. of Law at 11-12, 16), and such additional and further relief which the Court deems applicable. Plaintiff further requests that this Motion be set for oral argument at the earliest date convenient to this Court, in light of Plaintiff's upcoming March 8, 2023 expert disclosure deadlines.

WHEREFORE, for the reasons set forth above, and as are set forth in Plaintiff's accompanying Memorandum of Law, and upon the grounds raised at oral argument of this Motion, Plaintiff asks this Court to enforce the prior Order compelling discovery, enter an order compelling discrete additional discovery (within two weeks of this Court's ruling on this motion or by a date certain), determine the sufficiency of Extreme's request for admission responses, and to order sanctions as to Extreme, as noted above and as further delineated in Plaintiff's Memorandum of Law.

Respectfully submitted,

Dated: October 26, 2022       By: /s/ *John L. Wood*_____

John L. Wood, Esq. (BPR #027642)

11045035
2252048.2
- 4 –
Case 3:20-cv-00451-CEA-DCP   Document 215   Filed 10/26/22   Page 4 of 5   PageID #: 11012

Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD
   & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

By: /s/ *A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
Olivia Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*