IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § | |
| v. | § § | Jury Demand |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC. | § § § § § | |
| Defendants. | § § | |

**DECLARATION OF OLIVIA L. WEBER IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE ORDER COMPELLING DISCOVERY, COMPEL DISCOVERY, DETERMINE THE SUFFICIENCY OF REQUESTS FOR ADMISSION RESPONSES, AND FOR SANCTIONS AS TO DEFENDANT EXTREME NETWORKS, INC.**

I, Olivia L. Weber, declare and attest as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for SNMP Research, Inc. ("SNMP Research" or "Plaintiff") and SNMP Research International, Inc. (together, "Plaintiffs") in this action. I am a member in good standing of the State Bar of California and have been admitted pro hac vice to this Court. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto under oath.

2. Attached hereto as Exhibit A is a copy of an email chain containing correspondence from February 19, 2020 to June 11, 2020 between various representatives of Defendant Extreme Networks Inc. ("Extreme'), on the one hand, and John Wood (outside counsel for Plaintiffs), on the other hand.

3. Attached hereto as Exhibit B is a copy of an email chain containing correspondence from October 2018 between various Extreme representatives, on the one hand, and John Wood, Esq., outside counsel for Plaintiffs, on the other hand.

4. Attached hereto as Exhibit C is a copy of the October 22, 2001 license agreement entered into between SNMP Research International and Extreme (herein, "2001 Extreme License").

5. Attached hereto as Exhibit D is a copy of a 2015 email chain between Fiona Nolan, of Extreme, on the one hand, and Patti Sams and Mary Gibson, of SNMP Research International, on the other hand.

6. On May 13, 2022, Extreme served its third supplemental discovery responses pursuant to the Court's April 22, 2022 order. Those supplemental responses are attached hereto as follows: Exhibit E is Extreme's Third Supplemental Responses to Plaintiff's First and Second Sets of Requests for Production; Exhibit F is Extreme's Third Supplemental Responses to Plaintiff's Interrogatories; and Exhibit G is Extreme's Third Supplemental Responses to Plaintiff's Requests for Admission.

7. Attached hereto as Exhibit H is Extreme's Fourth Supplemental Response to Plaintiff's Interrogatory 4. Extreme supplemented its response to Interrogatory 4 on July 1, 2022, pursuant to the parties' June meet and confer letters. Note that Extreme did not provide fourth supplemental interrogatory responses to any request other than Interrogatory 4.

8. Attached hereto as Exhibit I is Plaintiff's Third and Fourth Sets of Requests for Production, which Plaintiff served on June 6 and August 19, 2022, respectively.

9. Attached hereto as Exhibit J is Extreme's Responses to Plaintiff's Third and Fourth Sets of Requests for Production, which Extreme served on July 6 and October 7, 2022, respectively.

10. Attached hereto as Exhibit K is a combined PDF of two June 10, 2022 letters that I wrote to Leslie Demers, outside counsel for Extreme, concerning Extreme's third supplemental responses to Plaintiff's discovery requests. Attached as Exhibit L is Extreme's June 17, 2022 response, attached as Exhibit M is my June 30, 2022 response, and attached as Exhibit N is Extreme's July 15, 2022 response. Extreme's June 17 and July 15 letters both invoked a December 8, 1999 license

agreement entered into between Plaintiff SNMP Research International, Inc. (herein, "SNMP Research International") and a company called Enterasys Networks, Inc. that Extreme had previously acquired (herein, "Enterasys License") as the basis for its purported licensing defense and as Extreme's asserted justification for withholding products from discovery.

11. Attached hereto as <u>Exhibit O</u> is an email chain concerning an August 12, 2022 meet and confer call and related follow-up correspondence between Plaintiff and Extreme. All of this correspondence concerned certain deficiencies that Plaintiff identified in Extreme's discovery responses.

12. Attached hereto as <u>Exhibit P</u> is a combined PDF reflecting Plaintiff's September 2022 notices of breach and follow-up correspondence concerning the Enterasys License and the 2001 Extreme License. During this exchange, on September 11, 2022, Extreme claimed (for the first time) that rather than withholding products from discovery on the purported basis of the Enterasys License, it was actually withholding products from discovery on the purported basis of a separate license—the Extreme 2001 License, not the Enterasys License.

Executed this 26th day of October, 2022, at Newport Beach, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Olivia L. Weber*
Olivia L. Weber