# Exhibit E to the Declaration of Olivia Weber

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

--------------------------------------------------------- x

|  |  |  |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RE-SEARCH INTERNATIONAL, INC., | : : : | Case No. 3:20-cv-00451-JRG-DCP |
| Plaintiffs, | : : : | |
| v. | : : | **EXTREME NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| BROADCOM INC.; BROCADE COMMUNI-CATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : : : : : | |
| Defendants. | : : | |

--------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to Plaintiff SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMPR" or "Plaintiffs") First Set of Requests for Production to Extreme

Networks, Inc., dated December 26, 2020 (the "Requests"), as follows:

# INTRODUCTION

1.  Extreme provides this supplement pursuant to the ruling in the Court's June 25, 2021 Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.) To be clear, by providing this supplement and negotiating discovery with SNMPR, Extreme is not waiving and expressly reserves its defenses.

2.  An objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exists.

3.  Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

4.  Extreme interprets "Brocade" and "Broadcom" to mean Brocade Communications Systems LLC and Broadcom Inc. respectively in view of the Court's order of April 22, 2022 (ECF No. 131 (the "April 22, 2022 Order")).

5.  Extreme understands that these discovery requests do not pertain to any separate license agreement between Extreme and SNMPR unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. Extreme's responses reflect this understanding.

6.  Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Requests; and (b) supplement, clarify, revise, or correct any or all of its responses.

2

7.     Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

8.     Discovery is still open in this litigation, and importantly, to Extreme's knowledge, no party has completed its inspection of source code.  Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as discovery proceeds.  In particular, Extreme will supplement responses as necessary upon completion of its source code inspection.

## SPECIFIC RESPONSES AND OBJECTIONS

Extreme's responses and objections to the Requests are set forth below.

**DOCUMENT REQUEST NO. 1:**

All Documents Relating to SNMP Research's Interrogatory number 1, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter.  Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 1.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 1.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

4

## DOCUMENT REQUEST NO. 2:

All Documents Relating to SNMP Research's Interrogatory number 2, and Your answers and responses to the same.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 2.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 2.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a

5

reasonably diligent search, responsive to this request. Extreme's production of documents is substantially complete for this Request.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 3:**

All Documents Relating to SNMP Research's Interrogatory number 3, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 3.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

6

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 3.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 4:**

All Documents Relating to SNMP Research's Interrogatory number 4, and Your answers and responses to the same.

7

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 4.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 4.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 5:**

All Documents Relating to SNMP Research's Interrogatory number 5, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 5.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession,

9

custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 5.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 6:**

All Documents Relating to SNMP Research's Interrogatory number 6, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto.

10

As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 6.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 6.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 7:**

All Documents Relating to SNMP Research's Interrogatory number 7, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 7.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 7.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 13 of 118   PageID #: 11061

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 8:

All Documents Relating to SNMP Research's Interrogatory number 8, and Your answers and responses to the same.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 8.

13

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 8.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

14

**DOCUMENT REQUEST NO. 9:**

All Documents Relating to SNMP Research's Interrogatory number 9, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 9.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 9.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 16 of 118   PageID #: 11064

rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 10:**

All Documents Relating to SNMP Research's Interrogatory number 10, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 10.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

16

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 10.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 11:**

All Documents Relating to SNMP Research's Interrogatory number 11, and Your answers and responses to the same.

17

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 11.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 11.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

18

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 12:**

All Documents Relating to SNMP Research's Interrogatory number 12, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 12.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession,

19

custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 12.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 12:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 13:**

All Documents Relating to SNMP Research's Interrogatory number 13, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto.

20

As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 13.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 13.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 14:**

All Documents Relating to SNMP Research's Interrogatory number 14, and Your answers and responses to the same.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, and ambiguous to the extent that it seeks "all documents relating to" an interrogatory and the response(s) thereto. As phrased, the Request would seek innumerable documents related to a very broad subject matter. Extreme further refers to and incorporates its response, including all objections, to Interrogatory No. 14.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that Extreme relies upon to respond to Interrogatory No. 14.

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 23 of 118   PageID #: 11071

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 14:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 15:**

All user guides, manuals, or other instructional Documents Relating to the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, seeking irrelevant information, premature, and ambiguous (*e.g.*, "instructional Documents Relating to" products). The Request is a mere "fishing expedition" without a legitimate basis. *See, e.g.*, *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("… neither may a plaintiff be permitted to go fishing and a trial court retains

23

discretion to determine that a discovery request is too broad and oppressive . . . ."); *United States v. Life Care Centers of Am., Inc.*, 2015 WL 10987068, at *2 (E.D. Tenn. Apr. 29, 2015) (explaining that "a party will not be permitted to go on a fishing expedition with broad and oppressive discovery requests").

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute guides, manuals, data sheets, technical specifications, and reference sheets for the products identified in its response to Interrogatory No. 1.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 15:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 25 of 118   PageID #: 11073

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 16:**

All versions of software and firmware produced, used, distributed, or otherwise created for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking source code for the products identified in Interrogatory No. 1, and refers SNMP to its response to Request No. 19.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection. SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete. As recognized by the April 22, 2022 Order, the initial exchange of source code will at least partially moot requests relating to software and firmware.

25

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of software and firmware that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided.

**DOCUMENT REQUEST NO. 17:**

All Documents detailing release dates, technical details, downloads, distribution and use of each version for the Products Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case. Extreme further objects to this Request as overly broad and ambiguous insofar as it seeks all documents "detailing" numerous categories of information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, sufficient to show release dates, technical details, downloads, distribution and use of each version for the products identified in its response to Interrogatory No. 1.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 18:**

All install images for all versions of each Product, for each software or firmware version, Identified in response to Interrogatory number 1.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

27

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce install images, to the extent that such install images exist and can be produced practicably, are within Extreme's possession, have not already been produced, and are located after a reasonably diligent search, responsive to this Request and at the appropriate time. Extreme will make this responsive material available for inspection at a mutually agreed location, date, and time, subject to meeting and conferring on the proper sequencing of source code discovery.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 18:**

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection. SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete. As recognized by the April 22, 2022 Order, the initial exchange of source code will at least partially moot requests relating to software and firmware.

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of material that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided.

**DOCUMENT REQUEST NO. 19:**

All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

28

Extreme further objects to the Request with respect to alleged products responsive to Interrogatory No. 2 for the reasons set forth above in the General Objection to "Partner Products" and for the reasons set forth in Extreme's response to Interrogatory No. 2.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request implies that products were identified in response to Interrogatory No. 2.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce source code, to the extent that such source code exists, is within Extreme's possession, has not already been produced, and is located after a reasonably diligent search, responsive to this Request and at the appropriate time. Extreme will make this responsive source code available for inspection at a mutually agreed location, date, and time, subject to meeting and conferring on the proper sequencing of source code discovery.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection. SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete. As recognized by the April 22, 2022 Order, the initial exchange of source code will at least partially moot requests relating to software and firmware.

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of material that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided.

29

**DOCUMENT REQUEST NO. 20:**

A copy of all Source Code, authored in whole or in part by SNMP Research, for each release of each Product Identified in response to Interrogatory numbers 1 and 2. Notwithstanding the production form set forth in Instruction number 2, this copy shall be produced in a secure manner (e.g., on an encrypted hard drive) in its native form, and in a file structure and format that mirrors the file structure and format as maintained by You in the ordinary course of business.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case. Extreme further objects to the Request with respect to alleged products responsive to Interrogatory No. 2 for the reasons set forth above in the General Objection to "Partner Product[s]" and for the reasons set forth in Extreme's response to Interrogatory No. 2.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request implies that products were identified in response to Interrogatory No. 2.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce source code, to the extent that such source code exists, is within Extreme's possession, has not already been produced, and is located after a reasonably diligent search, responsive to this Request and at the appropriate time. Extreme will make this responsive source code available for inspection at a mutually agreed location, date, and time, subject to meeting and conferring on the proper sequencing of source code discovery.

30

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection. SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete. As recognized by the April 22, 2022 Order, the initial exchange of source code will at least partially moot requests relating to software and firmware.

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of material that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided.

**DOCUMENT REQUEST NO. 21:**

The build environment along with instructions for building each Product for all Source Code produced in response to these requests for production.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the Request based on the use of the term "build environment" as inscrutable and seeking potentially irrelevant information.

In view of the foregoing objections, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in

response to other Requests.   Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request and the meaning of "build environment."

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection.  SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete.  Extreme further understands that SNMPR stated the following in relation to "build environments" in a submission to the Court: "the requested build environments are relevant to rebut any assertion by Extreme that the infringing software never made it into the actual products Extreme shipped to customers."  (ECF No. 96-1 at 19.)

Extreme represents that, for all source code provided to date, it will not assert that it is not liable for copyright infringement on the basis that the allegedly infringing software never made it into actual products that Extreme shipped to customers.  Extreme further directs SNMPR to its response to Request for Admission No. 9.

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of material that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided, and in view of Extreme's representations in its written discovery responses.

## DOCUMENT REQUEST NO. 22:

All Communications concerning actual or potential use of SNMP Research Software in Extreme Products.

## RESPONSE TO DOCUMENT REQUEST NO. 22:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the

problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

   Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

   Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 22:**

   Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP

33

Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140,

https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 23:**

All Communications concerning the actual or potential removal of SNMP Research Software from Extreme Products.

34

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 23:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this

35

Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 24:**

All Communications concerning the actual or potential infringement by Extreme of SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product. Extreme further objects to the Request as ambiguous, confusing, misleading, and concerning a legal conclusion to the extent it seeks documents pertaining to "actual or potential infringement."

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

37

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 24:**

        Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

        Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

        Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 25:**

All Communications concerning SNMP Research or the SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents at this time in response to the portion of this Request that incorporates the term "SNMP Research Software," except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

With regard to the portion of this Request that incorporates the term "SNMP Research," Extreme will produce, on a rolling basis, non-privileged documents, to the extent that

39

such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to a reasonable interpretation of this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 25:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the

basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 26:**

All Communications between Extreme and any third party concerning SNMP Research, the SNMP Research Software, or this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents at this time in response to the portion of this Request that incorporates the term "SNMP Research Software," except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

With regard to the portion of this Request regarding SNMP Research and this litigation, Extreme will produce, on a rolling basis, non-privileged communications, to the extent that such communications exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, between Extreme and any third party, responsive to a reasonable interpretation of this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 26:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 27:**

All internal Communications at Extreme that Relate to any Communication received by SNMP Research concerning the License Agreement or alleged acts of infringement.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, seeking information not proportional to the needs of the case, and seeking privileged and/or attorney work product materials. Extreme further objects to this Request to the extent that it is confusing insofar as it purports to seek "communications" within Extreme "that relate to any communication" received by Plaintiffs. Extreme further objects to this Request insofar as it does not know what communications were "received by SNMP Research" concerning the License Agreement, "alleged acts of infringement," or otherwise.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and because Extreme does not know what communications were "received by SNMP Research," Extreme does not intend to produce documents in response to this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 27:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 28:**

All Documents reflecting the results of any searches of Extreme software for SNMP Research Software in Extreme Products, the protocols behind such searches, all findings and analysis, and all Communications concerning same.

44

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case. Extreme further objects to this Request as ambiguous insofar as it seeks documents "reflecting" purported "searches" for software, and because Extreme does not understand what purported "searches" are being identified. Extreme further objects to this Request as seeking privileged communications and/or attorney work product to the extent it seeks information concerning analysis conducted specifically in connection with allegations of infringement made by Plaintiffs, as appears to be the case given Plaintiffs' Interrogatory No. 7 (which seeks the identity of individuals who conducted such purported "searches" in connection with responding to Plaintiffs' discovery requests). This Request is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 28:**

45

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

46

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 29:

All Documents Relating to revenue information for each and every Product Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

## RESPONSE TO DOCUMENT REQUEST NO. 29:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all" documents "relating to" revenues. Extreme further objects to the request for documentation pertaining to Interrogatory No. 2, for the reasons set forth in Extreme's objections to that Interrogatory.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request implies that Extreme identified products in its response to Interrogatory No. 2.

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 48 of 118   PageID #: 11096

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, sufficient to show revenue information for the products identified in its response to Interrogatory No. 1 from the year 2017 to present.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 29:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 30:**

All Documents Relating to profit and loss analysis for all Products Identified in response to Interrogatory numbers 1 and 2 dating from the year 2017 and continuing to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

        Extreme refers to and incorporates its response to Request No. 29.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

        Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.  Extreme further objects to the extent that this Request implies that Extreme identified products in its response to Interrogatory No. 2.

        Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, sufficient to show profit and loss analyses for the products identified in its response to Interrogatory No. 1 from the year 2017 to present.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 30:**

        Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request.  Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

        Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection.  To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

49

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 31:**

All Documents concerning any analysis, discussion, or Communication about whether SNMP Research Software may be contained or used in any Extreme Product under the License Agreement or otherwise.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of numerous other requests, and seeking information not proportional to the needs of the case. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 31:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," and for the purposes of this Request, Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to

this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 32:**

Extreme's Document retention policy.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession,

custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute Extreme's document retention policy.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 32:**

Extreme further states that it has conducted a reasonably diligent search and is unaware of any non-privileged documents responsive to this Request at this time. Privileged material responsive to this Request is being withheld, and Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 33:**

All Documents Relating to the destruction of Documents within Extreme that may be relevant to the claims of SNMP Research.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request implies that some affirmative effort to destroy Documents occurred.

53

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, based on Extreme's investigation to date, Extreme is unaware of any responsive documents at this time.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 33:**

Extreme further states that it has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 34:**

A copy of Your organization and governing Documents, including but not limited to any operating agreement and amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession,

custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute Extreme's Certificate of Incorporation and Agreement and Plan of Merger.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 34:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 35:**

Copies of Your organizational and governing Documents, including but not limited to any operating agreement(s) or amendment(s) from October 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the request as seeking irrelevant information and constituting a mere "fishing expedition" for which there is no legitimate basis. Extreme further objects to this Request as duplicative of Request No. 34.

Case 3:20-cv-00451-CEA-DCP   Document 215-7   Filed 10/26/22   Page 56 of 118   PageID #: 11104

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

   Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

   Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme directs SNMP to its response to Request No. 34.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 35:**

   Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

   Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

   Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 36:**

   Your financial statements, including but not limited to any balance sheets, income statements, or similar Documents, from October 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "financial statements" or "similar Documents" that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute Extreme's financial statements from October 1, 2017 to the present.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 36:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 37:**

All advertising materials, marketing materials, brochures, or pamphlets, and other such Documents of any kind concerning and discussing the use of SNMP Research Software in Extreme Products or Partner Products.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software," "Product[s]," and "Partner Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all" advertising and marketing materials "concerning" the use of Plaintiffs' software in Extreme or third-party products. Extreme further objects to the request for documentation pertaining to "Partner Product[s]" for the reasons set forth in the General Objections and in response to Interrogatory No. 2.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

58

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 37:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers

59

(*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS).
(*See, e.g.*, Extreme Networks, Product, SLX-9140,

https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 38:**

All Documents containing financial analysis of the benefit of use of SNMP Research Software in any Extreme Product.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case. Extreme further objects to the Request as ambiguous insofar as it refers to

60

"financial analysis of the benefit of use" of software. Extreme further objects to this Request to the extent that it seeks privileged communications and/or attorney work product.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 38:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 39:**

All financial Documents Relating to Extreme's profits and losses from October 1, 2017 continuing to the present.

62

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "financial documents" about Extreme's business generally that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, constituting Extreme's profits and losses from October 1, 2017 to the present.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 39:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this

63

Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 40:**

All financial Documents reflecting Your current assets, liabilities, and income.

**RESPONSE TO DOCUMENT REQUEST NO. 40:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor

64

proportional to the needs of the case, including but not limited to the extent that it seeks "financial documents" about Extreme's business generally that do not bear on the specific allegedly infringing products or infringed source code/software at issue in this litigation. Extreme refers to and incorporates its response to Request No. 29.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, sufficient to show Extreme's reasonably current assets, liabilities, and income.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 40:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 41:**

A copy of each and every Document which has an agreement for Extreme Products that contain SNMP Research Software under which Extreme placed Source Code into escrow and all Documents that show the customers to which those agreements Relate.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 41:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (e.g., through listing SNMP Research in the source code).

Extreme furthermore objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140,

https://www.extremenetworks.com/product/slx-9140/.)

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to

this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 42:**

All distribution Documents sufficient to show the number of Products Identified in response to Interrogatory numbers 1 and 2 distributed, transferred, or otherwise disclosed to third parties, including the name of the party to whom the Product was distributed, by quarter, dating from January 1, 2017 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "Product[s]," Extreme objects to this Request as overly broad, unduly burdensome, ambiguous and seeking information that is neither relevant nor proportional to the needs of the case, including but not limited to the extent that it seeks "all distribution documents" concerning the subject matter, and documents concerning alleged "disclosure" or "transfer" of products separate from sales. Extreme further objects to the Request as Extreme further objects to the request for documentation pertaining to Interrogatory No. 2, for the reasons set forth in the General Objection concerning "Partner Product[s]" and Extreme's objections to that Interrogatory.

68

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request implies that Extreme identified any products for Interrogatory No. 2.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, sufficient to show the number of products sold to third parties of the products identified in response to Interrogatory No. 1, including the name of the party to whom the product was sold, by quarter, from January 1, 2017 to the present.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 42:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 43:**

All Documents Relating to the disclosure, sale, or transfer of SNMP Software from Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad, unduly burdensome, duplicative of other requests, ambiguous, and seeking information not proportional to the needs of the case, including but not limited to the extent that it seeks "all documents relating to" sales and transfer of software, and such software is not limited to the software alleged to be infringed in the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 43:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, including to the extent that the term "SNMP Software" is intended to capture different but unspecified subject matter than the term "SNMP Research Software," except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 43:**

Extreme further states that "SNMP Software" is not a defined term. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) For purposes of this response, Extreme assumes that SNMP inadvertently utilized "SNMP Software" but intended to utilize the term "SNMP Research Software." Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 44:**

All Documents that compute or discuss the value of the assets in the disclosure, sale, and/or transfer from Brocade or Broadcom to Extreme ("Extreme Sale"), including but not limited to computations or discussions of purchase price allocation.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not relevant or proportional to the needs of the case, including to the extent that the Request seeks information concerning assets in the "Extreme Sale" other than the allegedly infringed software.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 44:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent

72

search, that constitute any valuation of the assets involved in Extreme's acquisition of Brocade's data center switching, routing, and analytics business, and documents sufficient to show any computation of the same.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 44:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 45:**

All Source Code disclosed, sold, transferred, or otherwise provided to Extreme as a part of the Extreme Sale.

**RESPONSE TO DOCUMENT REQUEST NO. 45:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking information not relevant or

proportional to the needs of the case, including to the extent that the Request seeks information concerning "Source Code" allegedly provided to Extreme as part of "Extreme Sale" other than the allegedly infringed source code at issue in the litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 45:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce source code, to the extent that such source code exists, is within Extreme's possession, has not already been produced, and is located after a reasonably diligent search, responsive to this Request and at the appropriate time. Extreme will make this responsive source code available for inspection at a mutually agreed location, date, and time, subject to meeting and conferring on the proper sequencing of source code discovery.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 45:**

Extreme further states that it has provided over 12 terabytes of source code to SNMPR as part of the April 22, 2022 inspection. SNMPR halted the review of this source code after two days of inspection, and as far as Extreme understands, SNMPR's review of this source code is not yet complete. As recognized by the April 22, 2022 Order, the initial exchange of source code will at least partially moot requests on this topic.

Extreme is willing to meet and confer regarding this request and SNMPR's perception of the scope of material that must be produced in discovery in this case, including in view of the 12 terabytes of source code that have already been provided.

**DOCUMENT REQUEST NO. 46:**

All Documents and things that Extreme may seek to use at trial in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to the Request as premature, as well as overly broad and confusing insofar it purports to demand documents and things that Extreme "may seek" to use at trial. Extreme further objects to the Request insofar as it purports to require disclosure of materials beyond what is required under the Federal Rules of Civil Procedure. Extreme does not yet know what it will use at trial, and it is not proper to attempt to force Extreme to make strategic decisions concerning trial materials at this early stage of the litigation.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 46:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that it may seek to use at trial in this litigation. For clarity, Extreme does not waive any right to rely on documents in this case that were not produced or that were not responsive to these requests.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 46:**

Extreme further objects on the grounds that this Request appears to seek premature expert discovery. As SNMPR stated in its Response to Brocade's Request for

75

Production No. 99, Extreme reserves the right to rely upon materials it produces or has produced in this matter at trial, as well as items which it may obtain from any party or non-party. As SNMPR stated in its Response to Brocade's Request for Production No. 99, Extreme will identify its exhibits for trial as and when required under this Court's Scheduling Order.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 47:**

All Documents Relating to Broadcom sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad and seeking documents that are not relevant or proportional to the needs of the case, including to the extent the Request seeks "all documents relating to" alleged revenue, profit, or loss sharing. Extreme further objects to this Request as seeking documents concerning co-Defendant Broadcom, not Extreme, and any such request concerning this subject matter should be directed to Broadcom instead.

76

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 47:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 47:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme

reserves the right to supplement its production and these responses in the event that additional

information is identified.

**DOCUMENT REQUEST NO. 48:**

All Documents Relating to Broadcom Inc. sharing, either directly or indirectly, in the revenues, profits, or losses from the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions, Extreme objects to this

Request as duplicative of Request No. 47.  Extreme refers to and incorporates its response to

Request No. 47.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 48:**

Extreme incorporates all objections from its Response, except its objection based

on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to

agreements reached during meet and confers, Extreme states that it understands this Request to

be seeking information that may be held by Broadcom.  Nevertheless, Extreme is willing to meet

and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 48:**

Extreme further states that it recognizes the Court's observation in the April 22,

2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate

to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF

No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend

beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 49:

All Documents Relating to Broadcom's financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

## RESPONSE TO DOCUMENT REQUEST NO. 49:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as overly broad and seeking documents that are not relevant or proportional to the needs of the case, including to the extent the Request seeks "all documents relating to" Broadcom's alleged financial interests. Extreme further objects to this Request as seeking documents concerning co-Defendant

79

Broadcom, not Extreme, and any such request concerning this subject matter should be directed to Broadcom instead.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 49:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 49:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

80

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 50:**

All Documents Relating to Broadcom Inc.'s financial interest in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative of Request No. 49. Extreme refers to and incorporates its response to Request No. 49.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 50:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 50:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend

81

beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in

the Complaint. Because of this, Extreme responds herein with regard to software material that

appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this

Request, as it has no way of responding to the full extent of the definition. For example, that

definition appears to include any source code created by any of SNMP Research, Inc.'s

employees. Extreme's response herein would include any source code created by any of SNMP

Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to

Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any

responsive documents at this time.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme

reserves the right to supplement its production and these responses in the event that additional

information is identified.

## DOCUMENT REQUEST NO. 51:

All Documents Relating to Broadcom's involvement, direct or indirect, in the
transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the
possession of Brocade or Broadcom to Extreme.

## RESPONSE TO DOCUMENT REQUEST NO. 51:

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "SNMP Research Software," Extreme objects to this Request as overly broad

and seeking documents that are not relevant or proportional to the needs of the case, including to

the extent the Request seeks "all documents relating to" Broadcom's alleged "involvement" in a

software transfer. Extreme further objects to this Request as seeking documents concerning co-

82

Defendant Broadcom, not Extreme, and any such request concerning this subject matter should be directed to Broadcom instead.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 51:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 51:

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

83

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 52:**

All Documents Relating to Broadcom Inc.'s involvement, direct or indirect, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative of Request No. 51. Extreme refers to and incorporates its response to Request No. 51.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 52:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it understands this Request to be seeking information that may be held by Broadcom. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 52:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend

beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme has conducted a reasonably diligent search and is unaware of any responsive documents at this time.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 53:**

All Documents constituting the March 29, 2017 "Purchase Agreement" entered into by You, including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 53:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute the March 29, 2017 "Purchase Agreement" and any amendments thereto.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 53:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 54:**

All Documents Relating to the March 29, 2017 "Purchase Agreement" entered into by You.

**RESPONSE TO DOCUMENT REQUEST NO. 54:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the

86

Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 54:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 54:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 55:**

All Documents Relating to the October 3, 2017 "Consent Agreement" entered into by You.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 55:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 55:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a

88

reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 56:

All Documents constituting the October 3, 2017 "Consent Agreement" entered into by You, including any amendments to it.

## RESPONSE TO DOCUMENT REQUEST NO. 56:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 56:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession,

custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute the October 3, 2017 "Consent Agreement" and any amendments thereto.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 56:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 57:**

All Documents Relating to the "Separate Sale Agreement" with Brocade, as referenced in the October 3, 2017 "Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all

90

documents relating" to an agreement. The Request is a mere "fishing expedition" without a legitimate basis.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 57:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 57:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 58:**

All Documents constituting the "Separate Sale Agreement" with Brocade (as referenced in the October 3, 2017 "Consent Agreement"), including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" an agreement.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 58:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute the "Separate Sale Agreement" with Brocade (as referenced in the October 3, 2017 "Consent Agreement") and any amendments thereto.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 58:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the

basis of any objection.  To the extent that privileged material responsive to this request is being

withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme

reserves the right to supplement its production and these responses in the event that additional

information is identified.

**DOCUMENT REQUEST NO. 59:**

All Documents Relating to the "Release" Identified in the October 3, 2017
"Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions, Extreme further objects to the

Request as overly broad, unduly burdensome, and seeking information that is not relevant or

proportional to the needs of the case, including to the extent that the Request seeks "all

documents relating" to a "Release."  The Request is a mere "fishing expedition" without a

legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 59:**

Extreme incorporates all objections from its Response, except its objection based

on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request,

Extreme does not intend to produce documents in response this Request except insofar as any

relevant documents are produced in response to other Requests.   Nevertheless, Extreme is

willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 59:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 60:**

All Documents constituting the "Release" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" a "Release."

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 60:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

94

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, that constitute the "Release" identified in the October 3, 2017 "Consent Agreement" and any amendments thereto.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 60:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme's production of documents for this Request is substantially complete.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 61:**

All Documents Relating to the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement."

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as overly broad, unduly burdensome, and seeking information that is not relevant or proportional to the needs of the case, including to the extent that the Request seeks "all documents relating" to a "Consent Payment." The Request is a mere "fishing expedition" without a legitimate basis.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 61:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 61:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the

96

basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 62:**

All Documents constituting the "Consent Payment" Identified in the October 3, 2017 "Consent Agreement," including any amendments to it.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme further objects to the Request as ambiguous insofar as it refers to "documents constituting" a "Consent Payment."

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 62:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and as the reference to "documents constituting" a "Consent Payment" is insolubly ambiguous, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 62:**

Extreme further states that it understands, through meet and confers, that SNMPR is seeking documents sufficient to show that a payment was made. Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents

97

exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 63:**

All Documents from January 1, 2017 to present Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not relevant or proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" an acquisition of a business.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 63:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any

relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 63:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 64:**

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the Extreme Sale.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not relevant or

99

proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" any "agreements" between Broadcom and Extreme that would have no bearing on the issues in this litigation. Extreme further objects to this Request as encompassing the entirety, and thus duplicative, of Request No. 63.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 64:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, constituting agreements between Brocade or Broadcom regarding the acquisition of Brocade's data center switching, routing, and analytics business.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 64:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

100

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 65:

All Documents Relating to any agreements between Broadcom and Extreme from January 1, 2017 to present, including without limitation any agreements Relating to Extreme's acquisition and/or purchase of assets from Brocade as contemplated in the March 29, 2017 "Purchase Agreement" with Extreme.

## RESPONSE TO DOCUMENT REQUEST NO. 65:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, ambiguous, confusing, and seeking documents not relevant or proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" any "agreements" between Broadcom and Extreme that "relat[e] to" an acquisition "contemplated" in a separate agreement. Extreme further objects to this Request as duplicative of Request Nos. 63 and 64.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 65:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, constituting agreements between Brocade or Broadcom regarding the acquisition of Brocade's data center switching, routing, and analytics business.

101

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 65:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 66:**

All Communications with Broadcom or Brocade Relating to the License Agreement.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not proportional to the needs of the case, including to the extent that the Request seeks production of "all" communications "relating to" the License Agreement.

102

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 66:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request seeks discovery of documents subject to privilege or immunity, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable evidentiary privilege or immunity from disclosure.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged communications, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, with Broadcom or Brocade that discuss the License Agreement.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 66:**

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

103

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 67

All Documents Relating to the "Data Center Business acquisition" Identified at page 43 of Extreme's 2020 Form 10-K.

## RESPONSE TO DOCUMENT REQUEST NO. 67

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as overly broad, unduly burdensome, and seeking documents not proportional to the needs of the case, including to the extent that the Request seeks production of "all" documents "relating to" Extreme's acquisition of a data center business, and is not targeted to documents pertaining to the claims and defense in the current litigation.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 67:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, and the sheer breadth of this Request, Extreme does not intend to produce documents in response this Request except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 67:

Extreme further states that concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a

reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonably diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

Dated:  May 13, 2022

By:  \_\_\_/s/ John M. Neukom_____
John M. Neukom (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

.

106

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Third Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Requests for Production was served via email on this 13th day of May, 2022 upon counsel of record for Plaintiffs.


<u>/s/ John M. Neukom      </u>
  John M. Neukom

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

--------------------------------------------------------- x

|  |  |  |
|---|---|---|
| | : | |
| SNMP RESEARCH, INC. and SNMP RE-SEARCH INTERNATIONAL, INC., | : | Case No. 3:20-cv-00451-JRG-DCP |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **EXTREME NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| | : | |
| BROADCOM INC.; BROCADE COMMUNI-CATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to Plaintiff SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMPR" or "Plaintiffs") Second Set of Requests for Production to Extreme

Networks, Inc., dated January 29, 2021 (the "Requests") as follows:

## INTRODUCTION

1.     Extreme provides this supplement pursuant to the ruling in the Court's June 25, 2021 Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses."  (ECF No. 75 at 14.)  To be clear, by providing this supplement and negotiating discovery with SNMPR, Extreme is not waiving and expressly reserves its defenses.

2.     An objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exists.

3.     Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

4.     Extreme interprets "Brocade" and "Broadcom" to mean Brocade Communications Systems LLC and Broadcom Inc. respectively in view of the Court's order of April 22, 2022 (ECF No. 131 (the "April 22, 2022 Order")).

5.     Extreme understands that these discovery requests do not pertain to any separate license agreement between Extreme and SNMPR unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case.  Extreme's responses reflect this understanding.

6.     Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Requests; and (b) supplement, clarify, revise, or correct any or all of its responses.

2

7.      Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

8.      Discovery is still open in this litigation, and importantly, to Extreme's knowledge, no party has completed its inspection of source code.  Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as discovery proceeds.  In particular, Extreme will supplement responses as necessary upon completion of its source code inspection.

## SPECIFIC RESPONSES AND OBJECTIONS

Extreme's responses and objections to the Requests are set forth below.

## DOCUMENT REQUEST NO. 68:

All Documents that give Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

## RESPONSE TO DOCUMENT REQUEST NO. 68:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to Extreme to exploit certain SNMP software allegedly at issue in this litigation.  This Request further appears (improperly) to be more akin to a contention interrogatory concerning an ultimate merits issue in the case masquerading as a request for the production of documents.

3

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 68:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further states that it understands through meet and confers that SNMP agrees to the following scope for Request No. 68: "All Documents on which Extreme intends to rely to support claims or defenses, if any, that it has acquired from SNMP Research or another party rights to use, copy, license, sell, transfer, prepare derivative works of, or distribute the software."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, on which Extreme intends to rely to support claims or defenses, if any, that it has acquired from SNMP Research or another party rights to use, copy, license, sell, transfer, prepare derivative works of, or distribute the software. For clarity, Extreme does not waive any right to rely on documents in this case that were not produced or that were not responsive to these requests.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 68:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products that Plaintiff alleges . . . improperly incorport[e] its software" (Dkt. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this

4

Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (e.g., through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 30 days.

Extreme has conducted a reasonable diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 69:**

All Documents that give consultants or contractors of Extreme the right to use, copy, license, sell, transfer, prepare derivative works of, or distribute SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, and the problematic definitions of "SNMP Research Software" and "Extreme," Extreme objects to this Request as

5

overly broad, ambiguous, compound, and seeking a legal conclusion with respect to documents that "give the right" to "consultants or contractors of Extreme" to exploit software allegedly at issue in this litigation. Extreme further objects to this Request insofar as Extreme does not understand what "consultants or contractors" Plaintiffs believe they are referring to, or what relevance any such individuals would have to the matters set forth in the Complaint. If Plaintiffs have any specific allegations concerning particular "consultants or contractors" that they believe are at issue, Plaintiffs can specify them, and Extreme can determine whether such allegations are fairly subsumed within Plaintiffs' Complaint in this action.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 69:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further states that it understands through meet and confers that SNMP agreed to the following scope for Request No. 69: "All Documents on which Extreme intends to rely to support claims or defenses, if any, that a third party with which Extreme has contracted or partnered to develop or distribute Extreme products incorporating [SNMP Research Software] has independently acquired rights from SNMP Research or another party to utilize or exploit such [SNMP Research Software] in connection with the Extreme products."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to produce documents in response to this Request at this time in view of the use of the problematic terms discussed above, except insofar as any relevant documents are produced in response to other Requests. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 69:**

Extreme further states that it recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products that Plaintiff alleges . . . improperly incorport[e] its software" (Dkt. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (e.g., through listing SNMP Research in the source code).

Concurrent with this supplement, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Any production of documents will be on a rolling basis, and Extreme's production of documents for this Request will be substantially complete within 14 days.

Extreme has conducted a reasonable diligent investigation and is not presently aware of any particular non-privileged document that it is withholding from production on the basis of any objection. To the extent that privileged material responsive to this request is being withheld, Extreme will provide a privilege log within 30 days for the withheld material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 70:**

An unredacted version of the letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Pending entry of an appropriate protective order, and resolution of the General Objections (in particular the aforementioned objection to the propriety of all Requests due to the pending discovery posture and motions), Extreme would have no additional objection to this Request to the extent that it is seeking non-privileged or otherwise unprotected information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 70:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme will produce, on a rolling basis, an unredacted version of the "letter from Simone Yew to Ms. Katy Motley [sic] of Extreme Networks, Inc. dated August 1, 2019."

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST NO. 70:**

Extreme further states that its production is substantially complete at this time.

Dated:  May 13, 2022

By:  ___/s/ John M. Neukom_____
John M. Neukom (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
(212) 735-3000
leslie.demers@skadden.com

*Attorneys for Extreme Networks, Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Third Supplemental Responses Objections to SNMP Research, Inc.'s Second Set of Requests for Production was served via email on this 13th day of May, 2022 upon counsel of record for Plaintiffs.


<u>/s/ John M. Neukom</u>
John M. Neukom