# Exhibit G to the Declaration of Olivia Weber

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------- x
          :

SNMP RESEARCH, INC. and SNMP RE-   :     Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC.,      :
          :
    Plaintiffs,        :
          :
    v.        :     **EXTREME NETWORKS, INC.'S
          :     THIRD SUPPLEMENTAL
          :     RESPONSES AND
BROADCOM INC.; BROCADE COMMUNI- :     OBJECTIONS TO SNMP
CATIONS SYSTEMS LLC; and EXTREME :     RESEARCH, INC.'S FIRST SET OF
NETWORKS, INC.,        :     REQUESTS FOR ADMISSION
          :
    Defendants.        :
          :
---------------------------------------------------------- x**

      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMPR" or "Plaintiffs") First Set of Requests for Admission to Extreme

Networks, Inc., dated December 26, 2020 (the "Requests"), as follows:

# INTRODUCTION

1.      Extreme provides this supplement pursuant to the ruling in the Court's June 25, 2021 Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.) To be clear, by providing this supplement and negotiating discovery with SNMPR, Extreme is not waiving and expressly reserves its defenses.

2.      Extreme furthermore provides this supplement pursuant to the ruling in the Court's April 22, 2022 Order on SNMPR's motions to compel. (ECF No. 131 (the "April 22 Order").) Although footnote 1 of the April 22 Order describes the motions as extending to interrogatories and requests for production, Extreme notes that headings in that order also address requests for admissions. (*Id.* at 1, 6, 8, 10.)

3.      An objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exists.

4.      Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

5.      Extreme interprets "Brocade" and "Broadcom" to mean Brocade Communications Systems LLC and Broadcom Inc. respectively in view of the April 22 Order.

6.      Extreme understands that these discovery requests do not pertain to any separate license agreement between Extreme and SNMPR unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. Extreme's responses reflect this understanding.

7.      Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Requests; and (b) supplement, clarify, revise, or correct any or all of its responses.

8.      Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

9.      Discovery is still open in this litigation, and importantly, to Extreme's knowledge, no party has completed its inspection of source code.  Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as discovery proceeds.  In particular, Extreme will supplement responses as necessary upon completion of its source code inspection.

## SPECIFIC RESPONSES AND OBJECTIONS

Extreme's responses and objections to the Requests are set forth below.

## REQUEST FOR ADMISSION NO. 1:

Admit You received SNMP Research Software.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the

3

extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In its March 28, 2022 Order (Dkt. No. 124 (the "March 28, 2022 Order")), the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (Dkt. 131 at 9).

4

However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Subject to the foregoing, Extreme responds to the Request as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 2:**

Admit You received Version 16.2.0.9 of SNMP Research Software.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objection to the problematic term "SNMP Research Software," Extreme objects to this Request as vague and ambiguous, including to the extent that it concerns alleged "receipt" of software, and to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

5

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Furthermore, Extreme has not completed a comparison of code identified by Plaintiffs as Version 16.2.0.9 to code that Extreme possesses. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the

6

Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to references to "Version 16.2.0.9" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "Version 16.2.0.9 " to mean EmanateLite : Agent Version 16.2.0.9.

Subject to the foregoing, Extreme responds to the Request as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme furthermore admits that such code appears to include EmanateLite : Agent Version 16.2.0.9. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 3:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other

than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "insert[ing]," "add[ing]" or "incorporate[ing]" software into Extreme's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9).

8

However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme maintains its objection that references to "insert[ing]," "add[ing]" or "incorporat[ing]" software into Extreme's products are vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "insert[ing], add[ing], or otherwise incorporat[ing] SNMP Research Software in Your Products" to mean affirmatively placing source code that Extreme can identify as originating from SNMPR into code base utilized by Extreme's products that did not previously include that code from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme denies that it inserted, added, or otherwise incorporated source code that it can identify as originating from SNMPR into code base utilized by Extreme's products that did not previously include that code from SNMPR. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 4:**

Admit You inserted, added, or otherwise incorporated SNMP Research Software in Products that shipped between July 25, 2019 and the present date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "insert[ing]," "add[ing]" or "incorporat[ing]" software into Extreme's products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending

10

status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorort[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme maintains its objection that references to "insert[ing]," "add[ing]" or "incorporat[ing]" software into Extreme's products are vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "insert[ing], add[ing], or otherwise incorporat[ing] SNMP Research Software in Your Products" to mean affirmatively placing source code that Extreme can identify as originating from SNMPR into code base utilized by Extreme's products that did not previously include that code from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme denies that it inserted, added, or otherwise incorporated source code that it can identify as originating from SNMPR into code base utilized by Extreme's products that shipped between July 25, 2019 and the present date that did not previously include that code from SNMPR. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent

inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 5:**

Admit SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to purported "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to references to "SNMP Research Software was compiled and linked" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "compil[ing]

13

and link[ing]" "SNMP Research Software" into Extreme's products to mean gathering and creating binary code from source code that is contained in repositories, and loading that binary code to Extreme's products, whereby the source code appears to have originated from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code from such code that appears to have originated from SNMPR and loaded that binary code into Extreme's products. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 6:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "compil[ing]" and "link[ing]" software (by an unknown party) into Extreme's products.

14

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

    Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

    Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

    Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

    Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Furthermore, Extreme has not completed a comparison of code identified by Plaintiffs as Version 16.2.0.9 to code that Extreme possesses. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

    Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond

software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to references to "Version 16.2.0.9 of the SNMP Research Software was compiled and linked" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "compil[ing] and link[ing]" "Version 16.2.0.9 of the SNMP Research Software" into Extreme's products to mean gathering and creating binary code from source code that is contained in repositories, and loading that binary code to Extreme's products, whereby the source code appears to have originated from SNMPR, and whereby that code appears to include EmanateLite : Agent Version 16.2.0.9.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code from such code that appears to have originated from SNMPR and loaded that binary code into Extreme's products. Extreme admits that such code that appears to have originated from SNMPR appears to include EmanateLite : Agent Version 16.2.0.9. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

16

**REQUEST FOR ADMISSION NO. 7:**

Admit SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 5.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending

17

status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to references to "SNMP Research Software was compiled and linked" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "compil[ing] and link[ing]" "SNMP Research Software" into Extreme's products to mean gathering and creating binary code from source code that is contained in repositories, and loading that binary code to Extreme's products, whereby the source code appears to have originated from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code from such code that appears to have originated from SNMPR and loaded that binary code into Extreme's products identified in its response to Interrogatory number 1. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent

inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 8:**

Admit Version 16.2.0.9 of the SNMP Research Software was compiled and linked into Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 6.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the

19

source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Furthermore, Extreme has not completed a comparison of code identified by Plaintiffs as Version 16.2.0.9 to code that Extreme possesses. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to references to "Version 16.2.0.9 of the SNMP Research Software was compiled and linked" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets "compil[ing] and link[ing]" "Version 16.2.0.9 of the SNMP Research Software" into Extreme's products to mean gathering and creating binary code from source code that is contained in repositories, and loading that binary code to Extreme's products, whereby the source code appears to have originated from SNMPR and appears to include EmanateLite : Agent Version 16.2.0.9.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code from such code that appears to have originated from SNMPR and loaded that binary code into Extreme's products identified in its response to Interrogatory number 1. Extreme admits that such code that appears to have originated from SNMPR appears to include EmanateLite : Agent Version 16.2.0.9. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 9:**

Admit SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "SNMPR Research Software was shipped in Your Products" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "SNMPR Research Software was shipped in Your Products" to mean that source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR were physically contained within products offered by Extreme at the point of shipment by Extreme externally to third parties.

Subject to the foregoing, Extreme further responds to the Request as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were shipped in products offered by Extreme. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that binary code (also referred to as compiled code) created from such code that appears to have originated from SNMPR was shipped in products offered by Extreme. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 10:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Furthermore, Extreme has not completed a comparison of code identified by Plaintiffs as Version 16.2.0.9 to code that Extreme possesses. Because of the pending status of source code inspections, Extreme is unable

24

at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "Version 16.2.0.9 of the SNMPR Research Software was shipped in Your Products" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "Version 16.2.09 of the SNMPR Research Software was shipped in Your Products" to mean that source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR and that appear to include EmanateLite : Agent Version 16.2.0.9 were physically contained within products offered by Extreme at the point of shipment by Extreme externally to third parties.

Subject to the foregoing, Extreme further responds to the Request as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were shipped in products offered by Extreme. Extreme admits that it received source code that appears to have originated from SNMPR in connection

with its acquisition of the data center from Brocade. Extreme admits that binary code (also referred to as compiled code) created from such code that appears to have originated from SNMPR was shipped in products offered by Extreme. Extreme admits that such code that appears to have originated from SNMPR appears to include EmanateLite : Agent Version 16.2.0.9. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 11:**

Admit SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as duplicative. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and products that were "shipped" in some manner.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "SNMPR Research Software was shipped in Your Products" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the

27

Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "SNMPR Research Software was shipped in Your Products" to mean that source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR were physically contained within products offered by Extreme at the point of shipment by Extreme externally to third parties.

Subject to the foregoing, Extreme further responds to the Request as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were shipped in products offered by Extreme. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that binary code (also referred to as compiled code) created from such code that appears to have originated from SNMPR was shipped in products identified in response to Interrogatory number 1. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 12:**

Admit Version 16.2.0.9 of the SNMP Research Software was shipped in Your Products Identified in response to Interrogatory number 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 10.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Furthermore, Extreme has not completed a comparison of code identified by Plaintiffs as Version 16.2.0.9 to code that Extreme possesses. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

29

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "Version 16.2.0.9 of the SNMPR Research Software was shipped in Your Products" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "Version 16.2.09 of the SNMPR Research Software was shipped in Your Products" to mean that source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR and that appear to include EmanateLite : Agent Version 16.2.0.9 were physically contained within products offered by Extreme at the point of shipment by Extreme externally to third parties.

Subject to the foregoing, Extreme further responds to the Request as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were shipped in products offered by Extreme. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that binary code (also referred to as compiled code) created from such code that appears to have originated from

30

SNMPR was shipped in products offered by Extreme identified in response to Interrogatory

number 1. Extreme admits that such code that appears to have originated from SNMPR appears

to include EmanateLite : Agent Version 16.2.0.9. In all other respects, Extreme is unable to

truthfully admit or deny, despite having made a reasonable and diligent inquiry into the

information currently known or available to Extreme. To be clear, Extreme is not at this time

admitting that code in its possession constitutes the alleged copyrighted works listed in the

Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit the SNMP Research Software shipped in Your Products was registered
with the Copyright Office through registration TXu 1-706-718.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request

as overly broad, vague, and ambiguous to the extent it purports to concern any software other

than the software alleged to have been infringed in the Complaint in the current action. Extreme

further objects to the Request insofar as it concerns the subject matter of copyright registrations

that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Extreme incorporates all objections from its Response, except its objection based

on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to

agreements reached during meet and confers, Extreme states that it is unable to respond to this

31

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme.

32

Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 14:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-772-248.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

33

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 15:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-706-250.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the

34

problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

35

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 16:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-956.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

36

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the

37

Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 17:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-158.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 18:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-954.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR

40

made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 19:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-707-157.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other

41

than the software alleged to have been infringed in the Complaint in the current action.  Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above.  Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties.  As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme.  As far as Extreme knows, no party has completed its inspection of source code.  Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9).

42

However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 20:**

Admit the SNMP Research Software shipped in Your Products was registered with the Copyright Office through registration TXu 1-738-958.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the Request insofar as it concerns the subject matter of copyright registrations that Extreme has not had an opportunity to inspect and analyze.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this

43

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Accordingly, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme.

Extreme will supplement this response as necessary and appropriate after source code inspection is completed.

**REQUEST FOR ADMISSION NO. 21:**

Admit that You did not have SNMP Research's permission to receive any SNMP Research Software transferred to You after January 1, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "permission," the "transfer" of software, and/or suggests that any "permission" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

45

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "SNMP Research's permission to receive any SNMP Research Software transferred to You after January 1, 2017" in this context as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the Request to be seeking an admission that Extreme received a written license agreement from SNMPR that provided rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it did not receive a written license agreement from SNMPR that provided rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 22:**

Admit that You asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . .

47

that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "asked for SNMP Research International, Inc. to consent to the transfer of SNMP Research Software to You" in this context as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the Request to be seeking an admission that Extreme asked for a written license agreement from SNMPR that provided rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade.

Subject to the foregoing, Extreme further responds as follows: Extreme admits that it asked for a written license agreement from SNMPR that provided rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 23:**

Admit that SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to alleged "consent," the "transfer" of software, and/or suggests that any "consent" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a

49

reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrase "SNMP Research International, Inc. did not consent to the transfer of SNMP Research Software to You" in this context as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests.  (ECF No. 131 at 10-11.)  Extreme therefore states that it interprets the Request to be seeking an admission that SNMPR did not provide a written license agreement that granted rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade.

Subject to the foregoing, Extreme further responds as follows.  Extreme admits that SNMPR did not provide a written license agreement that granted rights for Extreme to receive any code that qualifies as "SNMP Research Software" in connection with its purchase of the data center from Brocade.  In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme.  To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, prior to the transfer taking place, You discussed with Broadcom the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the

problematic term "SNMP Research Software," Extreme objects to this Request as vague, ambiguous, and overly broad to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action, and to the extent it refers to "the transfer" and the "terms" of any such transfer, and/or suggests that any "discuss[ion]" was necessary.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

## REQUEST FOR ADMISSION NO. 25:

Admit that, prior to the transfer taking place, You discussed with Broadcom Inc. the terms by which SNMP Research Software would be transferred (by disclosure, license, sale, or otherwise) to Extreme.

## RESPONSE TO REQUEST FOR ADMISSION NO. 25:

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 24.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

## THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Broadcom was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "involve[ment], directly or indirectly" in "the transfer" of software to Extreme.

53

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

54

**REQUEST FOR ADMISSION NO. 27:**

        Admit that Broadcom Inc. was involved, directly or indirectly, in the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

        In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative.  Extreme refers to and incorporates its response to Request No. 26.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

        Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

        Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above.  Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

        Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

        Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9).  However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint.  Despite a

reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Broadcom facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "facilitat[ion]" of "the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

56

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Broadcom Inc. facilitated the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 28.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Broadcom made affirmative efforts to support the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad, vague, and ambiguous to the extent it refers to alleged "affirmative efforts to support the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . .

59

that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9).  However,

SNMPR's definition of "SNMP Research Software" appears to extend beyond software created

by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint.  Despite a

reasonable and diligent inquiry into the information currently known or available to it, Extreme

is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets

"Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking

information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.


**REQUEST FOR ADMISSION NO. 31:**

Admit that Broadcom Inc. made affirmative efforts to support the transfer (by
disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions, Extreme objects to this

Request as duplicative.  Extreme refers to and incorporates its response to Request No. 30.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Extreme incorporates all objections from its Response, except its objection based

on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to

agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above.  Nevertheless,

Extreme is willing to continue to meet and confer with SNMP regarding this Request.

60

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Broadcom directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic term "SNMP Research Software," Extreme objects to this Request as seeking information concerning co-Defendant Broadcom, and any such request concerning this subject matter should be directed to Broadcom. Extreme further objects to the Request as overly broad,

vague, and ambiguous to the extent it refers to alleged "direct[ing] the transfer" of software to Extreme.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

62

**REQUEST FOR ADMISSION NO. 33:**

Admit that Broadcom Inc. directed the transfer (by disclosure, license, sale, or otherwise) of SNMP Research Software to Extreme.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as duplicative. Extreme refers to and incorporates its response to Request No. 32.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a

63

reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Under the guidance of the Court's April 22, 2022 Order, Extreme interprets "Broadcom" to mean "Broadcom Inc.," and furthermore interprets this request to be seeking information on a third party's involvement from Extreme's perspective.

Subject to the foregoing, Extreme denies this Request.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Extreme distributes Products that contain SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

64

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrases "distributes Products that contain SNMP Research Software" and "nationwide" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore

states that it interprets the phrase "distributes Products that contain SNMP Research Software" to mean that Extreme has distributed products that physically contain within them source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR. Extreme interprets "nationwide" to mean in multiple states across the United States of America.

Subject to the foregoing, Extreme further responds as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were distributed in products offered by Extreme in multiple states across the United States of America. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code (also referred to as compiled code) from such source code that appears to have originated from SNMPR and that this binary code is in products distributed by Extreme. Extreme furthermore admits that such distribution of products that contain binary code is to third parties located in multiple states across the United States of America. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Extreme distributes Products containing SNMP Research Software to Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the

66

problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the

full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrases "distributes Products containing SNMP Research Software" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "distributes Products containing SNMP Research Software" to mean that Extreme has distributed products that physically contain within them source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were distributed in products offered by Extreme to Tennessee. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code (also referred to as compiled code) from such source code that appears to have

originated from SNMPR and that this binary code is in products distributed by Extreme.

Extreme furthermore admits that such distribution of products that contain binary code is to third

parties in Tennessee.  In all other respects, Extreme is unable to truthfully admit or deny, despite

having made a reasonable and diligent inquiry into the information currently known or available

to Extreme.  To be clear, Extreme is not at this time admitting that code in its possession

constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 36:**

        Admit that Extreme distributes Products containing SNMP Research Software to
an area encompassing all or part of the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

        In addition to the General Objections, including without limitation the objection

to all Requests due to the pending discovery posture and motions and the objections to the

problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request

as seeking information that is neither relevant nor proportional to the needs of the litigation.

Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in

this action.  Extreme further objects to this Request as overly broad, vague, and ambiguous to the

extent it purports to concern any software other than the software alleged to have been infringed

in the Complaint in the current action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

        Extreme incorporates all objections from its Response, except its objection based

on the pending discovery posture and motions.

        Subject to and without waiving the foregoing objections, and subject to

agreements reached during meet and confers, Extreme states that it is unable to respond to this

Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrases "distributes Products containing SNMP Research Software" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the

Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "distributes Products containing SNMP Research Software" to mean that Extreme has distributed products that physically contain within them source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR.

Subject to the foregoing, Extreme further responds as follows: Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were distributed in products offered by Extreme to the East Grand Division of Tennessee. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code (also referred to as compiled code) from such source code that appears to have originated from SNMPR and that this binary code is in products distributed by Extreme. Extreme furthermore admits that such distribution of products that contain binary code is to third parties in the East Grand Division of Tennessee. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Extreme advertises or markets Products containing SNMP Research Software nationwide.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Product[s]," Extreme objects to this Request as overly broad, vague, and ambiguous to the extent it purports to concern any software other than the software alleged to have been infringed in the Complaint in the current action. Extreme further objects to the term "nationwide" as ambiguous.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme is unable to truthfully admit or deny the entirety of the Request precisely as written. In the March 28, 2022 Order, the Court ordered a mutual and simultaneous exchange of source code by all parties. As such, for the first time in this litigation, SNMPR made the source code for its alleged copyrighted works available for counsel to Extreme. As far as Extreme knows, no party has completed its inspection of source code. Because of the pending status of source code inspections, Extreme is unable at this time to truthfully admit or deny the

72

full scope of the Request as written, despite a reasonable and diligent inquiry into the information currently known or available to it.

Extreme additionally recognizes the Court's observation in the April 22, 2022 Order that Requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Despite a reasonable and diligent inquiry into the information currently known or available to it, Extreme is unable to ascertain the full scope of SNMPR's defined term.

Extreme objects to the phrases "advertises or markets Products containing SNMP Research Software" and "nationwide" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "advertises or markets Products containing SNMP Research Software" to mean that Extreme has made information available to potential consumers for products that physically contain within them source code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof that appear to have originated from SNMPR. Extreme interprets "nationwide" to mean in multiple states across the United States of America.

Subject to the foregoing, Extreme further responds as follows. Extreme denies that source code, configuration files and data, and associated documentation that appear to have originated from SNMPR were physically contained in products offered by Extreme. Extreme therefore denies that it has made information regarding such products available to potential

73

customers in multiple states across the United States of America. Extreme admits that it received source code that appears to have originated from SNMPR in connection with its acquisition of the data center from Brocade. Extreme admits that it gathered and created binary code (also referred to as compiled code) from such source code that appears to have originated from SNMPR and that this binary code is in products offered by Extreme. Extreme admits that it has made information regarding such products available to potential consumers in multiple states across the United States of America. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Extreme has employees who work in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as vague and ambiguous to the extent it purports to concern employees who "work" in the East Grand Division of Tennessee.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Extreme has employees who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the use of "located in," and interprets "located" to mean "live in."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme denies this Request.

75

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Extreme has agents who live in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "live."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Extreme has agents who reside in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would "reside."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Extreme has agents who are located in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the term "agents," nor is it relevant where any such agents would be "located."

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

78

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Extreme has agents who are found in the East Grand Division of Tennessee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking information that is neither relevant nor proportional to the needs of the litigation. Extreme has not contended that Extreme is not subject to the personal jurisdiction of the Court in this action. Extreme further objects to this Request as confusing, misleading, and vague with respect to the terms "agents" and their allegedly being "found" in a particular location.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions. Extreme further objects to the extent that this Request calls for a legal conclusion through the term "agents."

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that it is unable to respond to this Request at this time in view of the use of the problematic terms discussed above. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

79

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

SNMPR admitted in a footnote of a court filing that "Plaintiff agrees with Extreme that RFAs 38-43 are no longer necessary." (ECF No. 111 at 14 n.5.) In view of this admission, Extreme understands that this request is withdrawn and does not require any response.

**REQUEST FOR ADMISSION NO. 44:**

Admit that You are relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term "relying," and premature. Even to the extent that Extreme already had determined what documents it may "rely" or "not rely" on in connection with its claims or defenses in this action, it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, Extreme is unable to admit or deny the Request at this time. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme objects to the phrase "relying, either in whole or in part, on the License Agreement as part of Your defense of this action" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "relying, either in whole or in part, on the License Agreement as part of Your defense of this action" to mean that it presently intends to introduce the License Agreement during the presentation of Extreme's defense at trial.

Subject to the foregoing, Extreme further responds to the Request as follows: Extreme admits that it presently intends to introduce the License Agreement during the presentation of Extreme's defense at trial. In all other respects, Extreme is unable to truthfully admit or deny, despite having made a reasonable and diligent inquiry into the information currently known or available to Extreme. To be clear, Extreme is not at this time admitting that code in its possession constitutes the alleged copyrighted works listed in the Complaint.

**REQUEST FOR ADMISSION NO. 45:**

Admit that You are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

In addition to the General Objections, including without limitation the objection to all Requests due to the pending discovery posture and motions, Extreme objects to this Request as seeking attorney work product, as well as ambiguous with respect to the term

"relying," and premature. Even to the extent that Extreme already had determined what documents it may or may not "rely" on in connection with its claims or defenses in this action, it is under no obligation to disclose to Plaintiffs at this time whether it is "relying" or "not relying" on any particular document.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

In view of the foregoing objections, Extreme is unable to admit or deny the Request at this time. Nevertheless, Extreme is willing to continue to meet and confer with SNMP regarding this Request.

**THIRD SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Extreme has made a reasonable and diligent inquiry into the information currently known or available to it, and is providing the best and most accurate answer that it can at present in accordance with the Court's April 22, 2022 Order.

Extreme objects to the phrase "are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action" as vague and ambiguous. Nevertheless, Extreme recognizes the guidance in the Court's April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Requests. (ECF No. 131 at 10-11.) Extreme therefore states that it interprets the phrase "are not relying, either in whole or in part, on the License Agreement as part of Your defense of this action" to mean that it presently does not intend to introduce the License Agreement during the presentation of Extreme's defense at trial.

Subject to the foregoing, Extreme further responds to the Request as follows. Extreme denies that it presently does not intend to introduce the License Agreement during the

82

presentation of Extreme's defense at trial.  In all other respects, Extreme is unable to truthfully

admit or deny, despite having made a reasonable and diligent inquiry into the information

currently known or available to Extreme.  To be clear, Extreme is not at this time admitting that

code in its possession constitutes the alleged copyrighted works listed in the Complaint.

Dated:  May 13, 2022

By:     /s/ John M. Neukom           
John M. Neukom (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Third Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Requests for Admission was served via email on this 13th day of May, 2022 upon counsel of record for Plaintiffs.

/s/ John M. Neukom
John M. Neukom