# Exhibit J to the Declaration of Olivia Weber

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | : | Case No. 3:20-cv-00451-JRG-DCP |
|  | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **EXTREME NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
|  | : |  |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------ x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby responds and objects to plaintiff SNMP Research, Inc.'s (together with SNMP Research International, Inc., "SNMPR" or "Plaintiffs") Third Set of Requests for Production of Documents to Extreme Networks, Inc., dated June 6, 2022 (the "Requests"), as follows:

# INTRODUCTION

1.      Extreme provides these responses and objections pursuant to the ruling in the Court's June 25, 2021 Order that "Defendants' participation in discovery while their motions to dismiss are pending (including propounding their own discovery) or the entry of a protective order will not be construed as a waiver of their personal jurisdiction or improper venue defenses." (ECF No. 75 at 14.) To be clear, by providing these responses and negotiating discovery with SNMPR, Extreme is not waiving and expressly reserves its defenses.

2.      An objection to a specific request does not imply, and should not be construed as an acknowledgement, that information responsive to that request exists.

3.      Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

4.      Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Requests; and (b) supplement, clarify, revise, or correct any or all of its responses.

5.      Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

6.      Extreme's responses herein do not include products subject to the License Agreement originally between SNMP Research International, Inc. and Enterasys Networks, Inc. (formerly Cabletron Systems, Inc.), effective December 8, 1999, which was assigned to Extreme. Extreme recognizes that this issue is under discussion between the parties for prior discovery

2

requests, and Extreme invites a meet and confer on this issue with regard to SNMPR's Third Set of Requests for Production as well.

7. Discovery is still open in this litigation, and importantly, to Extreme's knowledge, no party has completed its inspection of source code. Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as discovery proceeds. In particular, Extreme will supplement responses as necessary upon completion of its source code inspection.

## SPECIFIC RESPONSES AND OBJECTIONS

Extreme's responses and objections to the Requests are set forth below.

## DOCUMENT REQUEST NO. 71:

All Documents Relating to market surveys, consumer surveys, business plans, market analysis, sales analysis, or market research about: (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

## RESPONSE TO DOCUMENT REQUEST NO. 71:

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in its order of April 22, 2022 (ECF No. 131 (the "April 22, 2022 Order")) that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For

3

example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects as the Request calls for "All Documents Relating to," because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 72:**

All Documents constituting market surveys, consumer surveys, business plans, market analysis, sales analysis, or market research about: (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 72:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For

5

"Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 73:**

All advertisements created for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 73:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created

by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 74:**

All Documents Relating to marketing plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 74:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For

8

"Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS).  (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects as the Request calls for "All Documents Relating to," because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 75:**

All Documents constituting marketing plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 75:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests

9

that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this

Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 76:**

All Documents Relating to sales plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Case 3:20-cv-00451-CEA-DCP   Document 215-12   Filed 10/26/22   Page 12 of 54   PageID #: 11289

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects as the Request calls for "All Documents Relating to," because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 77:**

All Documents constituting sales plans or strategies for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

12

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have

13

not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 78:**

All Documents constituting business plans for (1) any and all Products identified in response to Interrogatory 1; (2) any and all Products containing SNMP Research Software; and (3) any and all Products and services identified in response to Interrogatory 9.

**RESPONSE TO DOCUMENT REQUEST NO. 78:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorport[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research, Inc.'s employees so long as

that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes the guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean the physical products that it offers (*e.g.*, SLX 9140), as well as the operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Nevertheless, Extreme will produce non-privileged documents, to the extent that such documents exist, are within Extreme's possession, custody, or control, have not already been produced, and are located after a reasonably diligent search, responsive to this request. Extreme is not presently aware of any particular responsive, non-privileged documents that have not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged documents that are responsive to this Request, Extreme will produce such documents on a rolling basis, with production to be substantially complete by July 29, 2022.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

15

Dated:  July 6, 2022

By:   \_\_\_/s/ John M. Neukom_____
     John M. Neukom (admitted pro hac vice)
     DEBEVOISE & PLIMPTON LLP
     650 California Street
     San Francisco, California 94108
     jneukom@debevoise.com
     (415) 738-5700

     Leslie A. Demers (admitted pro hac vice)
     SKADDEN, ARPS, SLATE,
      MEAGHER & FLOM LLP
     One Manhattan West
     New York, New York 10001
     leslie.demers@skadden.com
     (212) 735-3000

     *Attorneys for Extreme Networks, Inc.*

.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Responses and Objections to SNMP Research, Inc.'s Third Set of Requests for Production was served via email on this 6th day of July, 2022 upon counsel of record for Plaintiffs.


/s/ John M. Neukom
John M. Neukom

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RE-SEARCH INTERNATIONAL, INC., | : | Case No. 3:20-cv-00451-JRG-DCP |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **EXTREME NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
|  | : |  |
| BROADCOM INC.; BROCADE COMMUNI-CATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : |  |
|  | : |  |
| Defendants. | : |  |

---------------------------------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby responds

and objects to plaintiff SNMP Research, Inc.'s (together with SNMP Research International, Inc.

("SNMPRI"), "SNMPR" or "Plaintiffs") Fourth Set of Requests for Production of Documents to

Extreme Networks, Inc., dated August 19, 2022 (the "Requests"), as follows:

# INTRODUCTION

1.     An objection to a specific Request does not imply, and should not be construed as an acknowledgement, that information responsive to that Request exists.

2.     Any responses to the Requests will be construed to concern only such documents and information within Extreme's possession, custody, or control.

3.     Extreme expressly reserves, and the responses to the Requests shall not constitute a waiver of, Extreme's right to (a) object on any ground to the use of any information in any aspect of this action, and to object on any ground to any and all discovery requests that involve or relate to the subject matter of the Requests; and (b) supplement, clarify, revise, or correct any or all of its responses.

4.     Extreme reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

5.     Extreme's responses to these discovery requests do not pertain to any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. Extreme and Plaintiffs are currently meeting and conferring about the discovery of material relating to these agreements, and as recently as October 5, 2022 have corresponded about scheduling a meeting of senior management under the parties' license agreement.

6.     Discovery is still open in this litigation. Extreme reserves the right to supplement or amend its responses set forth below should additional responsive or relevant information or documents be discovered as discovery proceeds. In particular, Extreme will supplement responses as necessary upon completion of its source code inspection.

## SPECIFIC RESPONSES AND OBJECTIONS

Extreme's responses and objections to the Requests are set forth below.

**DOCUMENT REQUEST NO. 79:**

All Documents received by Extreme from any Party to the Lawsuit other than Plaintiffs in response to written discovery requests.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request because it appears to seek documents received by Extreme unconnected to this Lawsuit.

Subject to and without waiving the foregoing objection, Extreme states that it has not served written discovery on any Party to the Lawsuit other than Plaintiffs, but it is not at this time declining to produce any responsive, non-privileged documents received from a Party to the Lawsuit in response to written discovery requests it may serve in the future.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 80:**

All Documents received by Extreme from any Party to the Lawsuit other than Plaintiffs which were not produced in response to written discovery requests that Relate to the claims and/or defenses in this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is

3

responsive to this Request and that has not already been produced, Extreme will produce such document.  Furthermore, Extreme has previously provided a privilege log for withheld privileged material.  If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 81:**

All Documents received by Extreme from any non-party to the Lawsuit which were not produced in response to written discovery requests that Relate to the claims and/or defenses in this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection.  To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document.  Furthermore, Extreme has previously provided a privilege log for withheld privileged material.  If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement it production and these responses in the even that additional information is identified.

4

**DOCUMENT REQUEST NO. 82:**

All Documents provided to Extreme by any non-party to the Lawsuit pursuant to or in response to a subpoena in this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme has not served a subpoena on any non-party to the Lawsuit, but to the extent Extreme does serve any such subpoenas in the future, Extreme will abide by the arrangement agreed to by the parties on October 8, 2021 that "for third party productions, the general rule shall be that the propounding party shall share the productions with counsel for all parties. To the extent a party or non-party raises confidentiality or other concerns regarding the sharing of particular documents or information with counsel for all parties, the parties will address those concerns as they arise."

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement it production and these responses in the even that additional information is identified.

**DOCUMENT REQUEST NO. 83:**

All Documents, created on or after January 1, 2017, that discuss or refer to any removal, addition, or revision of Source Code implementing some or all of the simple network management protocol in the following Products: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the order of April 22, 2022 (ECF No. 131 (the "April 22, 2022 Order")) that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to

extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx9140/.)

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Agreed Upon Protective Order (*see* ECF 93 at ¶ 20 (the "Protective Order")).

6

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. This is currently the subject of discussion between Plaintiffs and Extreme. Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs. Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement it production and these responses in the even that additional information is identified.

**DOCUMENT REQUEST NO. 84:**

All Documents that discuss, analyze, or refer to the assignability of the Shared Contracts. There is no time limitation for this request.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request as this Request seeks Documents not within Extreme's possession, custody, or control.

7

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern the assignability of contracts with third parties that are not related to this Lawsuit, without any time limitation. Therefore, Extreme limits this Request to documents after January 1, 2017. This limitation is reasonable and proportionate to the needs of the case because the assignability of the Shared Contracts is only relevant to the extent it relates to Extreme's acquisition of the data center in 2017.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement it production and these responses in the even that additional information is identified.

## DOCUMENT REQUEST NO. 85:

All Documents that discuss, analyze, or refer to the assignability of the License Agreement. There is no time limitation for this request.

8

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs. Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement it production and these responses in the even that additional information is identified.

**DOCUMENT REQUEST NO. 86:**

All due diligence and analysis, created on or after January 1, 2016, with respect to the Shared Contracts, including but not limited to the assignability of the Shared Contracts.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Docu-

9

ments", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern the assignability of contracts with third parties that are not related to this Lawsuit, without any time limitation. Therefore, Extreme limits this Request to documents after January 1, 2017. This limitation is reasonable and proportionate to the needs of the case because the assignability of the Shared Contracts is only relevant to the extent it relates to Extreme's acquisition of the data center in 2017.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 87:**

All Documents, created on or after January 1, 2016, Relating to Broadcom Limited's or its predecessors' involvement in the transfer of the Business to Extreme.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request as this Request seeks Documents not within Extreme's possession, custody, or control.

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs. Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 88:**

All Documents Relating to Extreme's disclosure of SNMP Research Software Source Code to its affiliates or to any other entities.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously and cumulatively on Extreme by Plaintiffs. Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such

12

document.  Furthermore, Extreme has previously provided a privilege log for withheld privileged material.  If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 89:**

All Documents Relating to Extreme's disclosure of Derivative Works of SNMP Research Software to its affiliates or to any other entities.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9).  However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint.  Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR.  Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition.  For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees.  Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

13

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs. Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material. Additionally, Extreme refers Plaintiffs to its response to SNMPRI's Interrogatory No. 2.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 90:**

All Documents Relating to SNMP Research Software created in connection with the development process of the following: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software. This shall include, but shall not be limited to, technical documentation, trouble ticketing system databases,

14

and development notes, in the native format in which they are kept in the ordinary course of business.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All

15

Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. This is currently the subject of meet and confers between Plaintiffs and Extreme, and Extreme is working diligently to conduct an investigation of Extreme products that are currently using SNMP Research software. Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

16

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 91:**

All Documents Relating to NetSNMP created in connection with the development process of the following: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software. This shall include, but shall not be limited to, technical documentation, trouble ticketing system databases, and development notes, in the native format in which they are kept in the ordinary course of business.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to

17

remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. This is currently the subject of meet and confers between Plaintiffs and Extreme, and Extreme is working diligently to conduct an investigation of Extreme products that are currently using SNMP Research software. Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the

18

basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 92:

All Documents Relating to the simple network management protocol created in connection with the development process of the following: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software. This shall include, but shall not be limited to, technical documentation, trouble ticketing system databases, and development notes, in the native format in which they are kept in the ordinary course of business.

## RESPONSE TO DOCUMENT REQUEST NO:

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein

19

would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects to this Request to the extent that it seeks privileged and/or work product materials. Extreme further objects to this Request as this Request calls for "All Documents", because that appears to call for privileged information and extends far beyond any rational understanding of the needs of the case.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. This is currently the subject of meet and confers between Plaintiffs and Extreme, and Extreme is

20

working diligently to conduct an investigation of Extreme products that are currently using SNMP Research software. Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 93:

All Documents maintained in any and all systems utilized by Extreme to log errors, defects, or bugs including their creation and resolution workflow timestamps with respect to the following Products: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software.

## RESPONSE TO DOCUMENT REQUEST NO:

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of

21

this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include any source code created by any of SNMP Research, Inc.'s employees. Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable. Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories. (ECF No. 131 at 10-11.) For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS). (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case. This is currently the subject of meet and confers between Plaintiffs and Extreme, and Extreme is working diligently to conduct an investigation of Extreme products that are currently using SNMP Research software. Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 94:**

All records maintained in any and all systems utilized by Extreme reflecting the resolution of all errors, defects, or bugs including their creation and resolution workflow timestamps with respect to the following Products: (1) any and all Products identified in response to Interrogatory 1; and (2) any and all Products containing SNMP Research Software.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to SNMPR's definition of "SNMPR Research Software," but Extreme recognizes the Court's observation in the April 22, 2022 Order that discovery requests that incorporate the term "SNMP Research Software" relate to "Extreme's products . . . that Plaintiff alleges . . . improperly incorporate[e] its software" (ECF No. 131 at 9). However, SNMPR's definition of "SNMP Research Software" appears to extend beyond software created by Plaintiffs, identifiable as belonging to Plaintiffs, or enumerated in the Complaint. Because of this, Extreme responds herein with regard to software material that appears to originate from SNMPR. Extreme uses this understanding to allow it to respond to this Request, as it has no way of responding to the full extent of the definition. For example, that definition appears to include

23

any source code created by any of SNMP Research, Inc.'s employees.  Extreme's response herein would include any source code created by any of SNMP Research Inc.'s employees so long as that source code is identifiable as purportedly belonging to Plaintiff (*e.g.*, through listing SNMP Research in the source code).

Extreme objects to the definition of "Product" as inscrutable.  Nevertheless, Extreme recognizes that guidance in the April 22, 2022 Order that "there are several means to remedy . . . confusion" as to terms utilized in the Interrogatories.  (ECF No. 131 at 10-11.)  For "Product," Extreme interprets that to mean physical products that it offers (*e.g.*, SLX 9140), as well as operating system that the product uses (*e.g.*, Extreme SLX-OS).  (*See, e.g.*, Extreme Networks, Product, SLX-9140, https://www.extremenetworks.com/product/slx-9140/.)

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs.

Extreme further objects to this Request as overly broad, unduly burdensome, and seeking information not proportional to the needs of the case to the extent it purports to concern any separate license agreement between Extreme and SNMPRI unrelated to Extreme's acquisition of the data center from Brocade and unrelated to the allegations in this case.  This is currently the subject of meet and confers between Plaintiffs and Extreme, and Extreme is working diligently to conduct an investigation of Extreme products that are currently using SNMP Research software.  Therefore, Extreme limits any response to the Products identified in response to SNMPR's Interrogatory No. 1.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection.  To the extent that Extreme identifies any non-privileged document that is

responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 95:

All Documents constituting the complete historical version control history for all files in the snmp directory and all files in the netsnmp directory for every release that was loaded onto the source code computers in this Lawsuit. Each complete commit log should include the name of the author, the date, the checksum, and the message associated with each commit.

## RESPONSE TO DOCUMENT REQUEST NO:

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or provided during source code inspection or that it is withholding from production on the basis of any objection. In particular, Extreme notes that it made its Source Code and certain related files available on computers in San Jose, California and San Francisco, California. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

To the extent that Plaintiffs believe that they are entitled to additional information, Extreme invites a discussion over a meet and confer to understand Plaintiffs' position.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 96:**

All Documents constituting the complete historical version control history for all files for every release that was loaded onto the Source Code Computers in this Lawsuit. Each complete commit log should include the name of the author, the date, the checksum, and the message associated with each commit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or provided during source code inspection or that it is withholding from production on the basis of any objection. In particular, Extreme notes that it made its Source Code and certain related files available on computers in San Jose, California and San Francisco, California. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

To the extent that Plaintiffs believe that they are entitled to additional information, Extreme invites a discussion over a meet and confer to understand Plaintiffs' position.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 97:**

All Communications between Brocade (or its counsel) and You (or your counsel) Related to this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials and is withholding documents based on this objection. Under to the Protective Order, however, Extreme is "not required to log Privileged Materials (i) that were created on or after October 26, 2020, or (ii) that constitute communications solely between and among outside counsel and in-house counsel concerning this litigation or claims, demands, or threats of such litigation prior to the filing of the Complaint." (ECF 93 at ¶ 45.)

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any additional objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 98:**

All Communications between Broadcom (or its counsel) and You (or your counsel) Related to this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials and is withholding documents based on this objection. Under to the Protective

Order, however, Extreme is "not required to log Privileged Materials (i) that were created on or after October 26, 2020, or (ii) that constitute communications solely between and among outside counsel and in-house counsel concerning this litigation or claims, demands, or threats of such litigation prior to the filing of the Complaint." (ECF 93 at ¶ 45.)

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any additional objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 99:**

All Communications between You (or your counsel) and any non-party (or its counsel) Related to this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order. Extreme is withholding documents on the basis of this objection and therefore reserves its right to supplement this Request after expert disclosures are due under the Second Amended Scheduling Order (ECF No. 149 (the "Scheduling Order")).

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any additional objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will provide a privilege log consistent with the timing described above.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 100:**

Documents sufficient to identify the entity that architected, defined, developed, tested, built, released, and/or managed the "code base that was developed before Extreme's acquisition of Brocade's data center" that is underlying the SLX 9740; Extreme 8520; and Extreme 8720 products identified in Extreme's Third Supplemental Response to Interrogatory 4.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request as this Request seeks Documents not within Extreme's possession, custody, or control.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged

29

material.  If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 101:**

Documents sufficient to show the terms of any insurance coverage for this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection.  To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document.  Furthermore, Extreme has previously provided a privilege log for withheld privileged material.  If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 102:**

All Documents discussing insurance coverage (including any disputes over insurance coverage, such as but not limited to defense or indemnification) for this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials.

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**DOCUMENT REQUEST NO. 103:**

All Documents, including notes or other contemporaneous and relevant recordings (such as diaries, calendars, journals, and photographs) made by You Relating to the claims in this Lawsuit.

**RESPONSE TO DOCUMENT REQUEST NO:**

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials and is withholding documents based on this objection. Under the Protective Order, however, Extreme is "not required to log Privileged Materials (i) that were created on or after October 26, 2020, or (ii) that constitute communications solely between and among outside counsel and in-house counsel concerning this litigation or claims, demands, or threats of such litigation prior to the filing of the Complaint." (ECF 93 at ¶ 45.)

31

Extreme is not presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any additional objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 104:

All working group lists, organization charts, directories, or other documents sufficient to Identify individuals and entities with knowledge of the facts that serve as the basis for Your defenses in this Lawsuit.

## RESPONSE TO DOCUMENT REQUEST NO:

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order. Extreme therefore reserves its right to supplement this Request after expert disclosures are due under the Scheduling Order.

Extreme further objects to this Request as unnecessarily duplicative and cumulative with other requests served previously on Extreme by Plaintiffs. Extreme is not

32

presently aware of any particular responsive, non-privileged document that has not already been produced or that it is withholding from production on the basis of any objection. To the extent that Extreme identifies any non-privileged document that is responsive to this Request and that has not already been produced, Extreme will produce such document. Furthermore, Extreme has previously provided a privilege log for withheld privileged material. If Extreme identifies any additional privileged materials responsive to this Request, it will promptly provide a privilege log after identifying any such material.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

## DOCUMENT REQUEST NO. 105:

All Documents, Communications, and Information concerning each and every expert or consultant that You have retained for purposes of testifying or possibly testifying at the trial of this Lawsuit, including, but not limited to, any Documents concerning any business relationship such experts or consultants had, have or may have with You, all patents, copyrights, published applications, books, articles, treatises, reports, source code, and other publications authored or co-authored by such experts or consultants, all documents which such experts or consultants referred to or relied on in formulating their opinion(s), and all Documents constituting or concerning any opinions such experts have formulated in connection with this Lawsuit.

## RESPONSE TO DOCUMENT REQUEST NO:

Extreme objects to this Request as this Request seeks Documents not within Extreme's possession, custody, or control.

Extreme objects to this Request to the extent that it seeks privileged and/or work product materials.

Extreme further objects to this Request as premature to the extent it seeks expert discovery, analysis, and opinion, and to the extent it calls for materials outside of what is required under the Notice provision found in the Protective Order.

Subject to and without waiving the foregoing objections, Extreme states that it has already provided Plaintiffs' with the materials required under the Notice provision found in the Protective Order.   Furthermore, Extreme will supplement this Request with non-privileged materials after expert disclosures are due under the Scheduling Order.

 Fact discovery is ongoing and expert discovery has not yet commenced.  Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

Dated:  October 7, 2022

By:    /s/ John M. Neukom         
John M. Neukom (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

.

35

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Extreme Networks, Inc.'s Responses and Objections to SNMP Research, Inc.'s Fourth Set of Requests for Production to Extreme Networks, Inc. was served via email on this 7th day of October, 2022 upon counsel of record for Plaintiffs.


/s/ John M. Neukom
John M. Neukom