# Exhibit O to the Declaration of Olivia Weber

| | |
|---|---|
| **From:** | Demers, Leslie A <Leslie.Demers@skadden.com> |
| **Sent:** | Saturday, August 27, 2022 5:23 PM |
| **To:** | Weber, Olivia |
| **Cc:** | jneukom@debevoise.com; Ashley, Matt; John L. Wood; Cheryl G. Rice; Alison Plessman; Edlich, Eliza S; Biondo, Anthony P |
| **Subject:** | Re: SNMP Research v. Broadcom et al. -- Request to meet and confer |

Hi Olivia,

Please stop misrepresenting our prior communications; that is not what was agreed. In any event, we are working with our client diligently to prepare our response - which we remind you we are undertaking as a way to find a compromise to avoid motion practice, and not because this information is actually required to be produced.

Since we last spoke, we have made additional information available (including a supplemental privilege log) and have been investigating numerous additional requests from you. We also are now investigating your new set of document requests. Against this backdrop - and considering that it took multiple months for our single question into your own discovery responses to even receive an acknowledgment - the Saturday afternoon follow up is not well taken. That is especially so given that we are waiting for responses from you on issues we discussed, including as noted below in my August 18 email.

Thanks,
Leslie

**Leslie A. Demers**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001-8602
T: 212.735.3493 | F: 917.777.3493
leslie.demers@skadden.com

On Aug 27, 2022, at 11:29 AM, Weber, Olivia <oweber@irell.com> wrote:

Hi Leslie,

We did not receive the list of Extreme's products containing Plaintiff's software, along with the explanation of why Extreme contends any such products are properly licensed, which Extreme agreed to provide by August 19 and to complete by August 26. What is the hold up?

Best,

Olivia
(949) 760-5146

From: Demers, Leslie A <Leslie.Demers@skadden.com>
Sent: Thursday, August 18, 2022 7:40 PM
To: Weber, Olivia <oweber@irell.com>; jneukom@debevoise.com
Cc: Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Edlich, Eliza S

<Eliza.Edlich@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>
**Subject:** RE: SNMP Research v. Broadcom et al. -- Request to meet and confer

Hi Olivia,

We are writing in response to your email from Monday purporting to summarize what was discussed and agreed upon during last Friday's meet and confer.

We note at the outset that your email appears to raise additional demands, misstate our conversation, and set more unilateral deadlines to which Extreme did not agree. As we have said many, many times before, this is not productive. Not only have we had to divert resources to responding to a 14-point email that mischaracterizes our call, but now there are new demands that you ask us to run down. Every moment we spend responding to emails like this and switching gears with new requests is time that we cannot spend moving the ball forward on the existing demands. Because of this, we will not revert on the majority of the issues by tomorrow. If you stop sending emails like this, then we will endeavor to provide those within the next week or, where applicable, on the timeline indicated below.

We again question whether these demands are made in good faith, and reserve all of our rights in this regard. You admitted on the call that SNMPR is facing no deadline that would require responses by Friday, nor are we aware of any deadline from the scheduling order (which we extended upon your request). Plus, as we pointed out on the call, SNMPR took nearly a month to respond to our request for a meet and confer on these issues. And yet, you demanded responses within a few business days of that one-month-delayed meet and confer.

The following reflects our understanding of what was agreed to during the meet and confer, and provides general updates where possible. Please note this is not a list of every topic discussed, and by not addressing an item, that does not mean we agree with your summary.

**Interrogatory 14**: We agreed to provide a list of Bates numbers corresponding to documents that reflect the role of Broadcom-related entities in the transfer of the data center to Extreme by August 19. We did not agree to provide additional information outside of those documents by the end of this week. We will, however, follow-up with any supplemental information, to the extent it exists, and will endeavor to do so before Labor Day.

**Extreme Products**: We agreed that by the end of this week, we will update you on our progress with respect to compiling a list of Extreme products that contain software that may have originated from SNMPR pursuant to the Enterasys agreement, and hope to have a full list and explanation for why these products are properly licensed by August 26. As we explained on the call, we are working with Extreme employees to gather this information and are mindful of their busy schedules in doing so.

Additionally, your email notes that Extreme "represented" that it had provided a full list of products during pre-suit negotiations. That is incorrect. We stated that we recalled seeing a communication between John Wood and our client in SNMPR's production that touched on this issue, but we were not able to identify the document on the fly nor could we represent that it contained a full list of products. We have done a quick look through SNMPR's production, however, and identified SNMP0004998, in which Tara Flanagan from Extreme appears to list "legacy Enter[a]sys" products. We note that this information was provided during license negotiations prior to SNMPR filing a lawsuit in federal court, and should not be construed as anything beyond that.

**Interrogatory 12**: We did not agree that it was feasible to complete production of this material by August 19. We understand from our client that completing the production before Labor Day is a more realistic target.

**Extreme's Financials**: We are working on addressing the questions you've raised, but reiterate that you represented that SNMPR is not under a specific deadline with respect to this information. Additionally, we view your request to "communicate all Bates numbers in the productions, to date, that are responsive to Interrogatories 1-2, 5-6, and 9" as a new one. As such, we will work to consider your request (among the many other requests for which we are working on responses) but will not be able to do so by August 19.

**RFAs 21-23**: To be clear, Extreme has already provided full answers to these RFAs. It is, however, willing to provide supplemental answers to RFAs 21-23 as a courtesy to SNMPR and in light of the definitions proposed during the meet and confer and in your prior letter. Given SNMPR's many demands, it is unlikely that Extreme will be able to serve these supplements by August 19, but it will endeavor to do so by Labor Day unless there are more interruptions. We remind you that our inquiries into SNMPR's supplements went unanswered for more than two months, and ask you to rethink issuing unilateral deadlines for a few business day turnaround.

**Production of build environment**: Extreme disagrees that the language it proposed is unworkable, but looks forward to receiving Plaintiffs' revised proposed stipulation. Please let us know when we can expect these revisions.

**Consent Payment**: Extreme disagrees that the parties are at an impasse on this issue. While Extreme has already conducted a reasonably diligent search with respect to this issue, we will pose even more questions. To the extent we locate any documentation we will endeavor to produce that before Labor Day.

**Metadata issues**: We have discussed this with our technology personnel and vendor and are willing to provide the Date/Time received for both the previously produced documents and going forward, provided that this is reciprocal. Please confirm that SNMPR is willing to do the same for its productions.

**Production of Mr. Segalini's emails**: Again, Extreme disagrees that the parties are at an impasse with respect to this topic. We are continuing to run searches to assess your position and will revert as soon as possible.

**Extreme's Document retention policy**: Extreme will be supplementing its privilege log within 10 days.

Best,
Leslie

**Leslie A. Demers**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
**T: +1.212.735.3493** | **F: +1.917.777.3493**
**leslie.demers@skadden.com**

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, August 15, 2022 11:27 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; jneukom@debevoise.com
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; Biondo, Anthony P (NYC) <Anthony.Biondo@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research v. Broadcom et al. -- Request to meet and confer

Hi Leslie,

I write to follow up on some of the points we discussed on our Friday, August 12 call. We hope to hear from you this Friday regarding several of the issues set forth below. While we appreciate that Extreme may be willing to provide additional documents and information, Plaintiff notes that any such production is untimely and it reserves all rights to seek all available remedies (including sanctions).

1. **Interrogatory 14**. Extreme agreed to look for documents reflecting an accurate depiction of all Broadcom entities' roles in the transfer of Plaintiffs' software from Brocade/Broadcom to Extreme, and stated that it would endeavor to provide those documents by August 19. As Plaintiff stated on the call, if Extreme does produce documents, they need to fully and accurately describe Broadcom's involvement, per the language of the request. Producing documents is not a substitute for fully answering the Interrogatory unless those documents provide a full answer. Please produce the requested documents/information by the end of the week.

2. **Extreme products**. Pending client agreement, by August 19 Extreme will produce a list of all products containing Plaintiff's software, and will supplement that list by the following week to the extent it needs to do so. Plaintiff requests that any forthcoming list be 100% complete and also explain why Extreme thinks any such products should be excluded from the definition of "SNMP Research Software" (*e.g.*, expressly state that it is properly subject to a license, and identify the license, if Extreme contends that is the case). Plaintiff further notes that Extreme represented on the call that it had provided a full list of products that are using Plaintiff's software under the Enterasys license during pre-lawsuit negotiations. By August 19, please provide the communication and confirm whether that list is complete.

3. **Objections based on Extreme's pending code review:** By August 19, Extreme will provide an estimate of the time needed to conduct any additional source code review. Plaintiff will endeavor to do the same. Extreme also needs to indicate if it is still withholding information based on not completing the source code review.

4. **Interrogatory 12:** Interrogatory 12 seeks identification of all contracts/agreements between Extreme and all third parties to which Extreme provided/sold/licensed/transferred products containing Plaintiff's software (or sold Plaintiff's software itself). Extreme's June 17 letter indicated that it was investigating and that its investigation would conclude within 2-3 weeks. At this time, Extreme is "still determining" whether this information exists and it is reviewing documents. Plaintiff requests production of all responsive information and documents by August 19 or, at the latest, by August 22.

5. **Extreme's Financials**: Plaintiff asked for Extreme's confirmation that it had produced additional financial documents to remedy the issues noted in Plaintiff's June letters (*e.g.*, incomplete cost information, incomplete product revenue information, data dictionary), and to identify those documents by Bates number. Extreme asserted that it has produced detailed cost information and pointed to EXTREME-00503993. Plaintiff asks that Extreme produce all requested outstanding financial information by August 19 and that Extreme communicate all Bates numbers in the productions, to date, that are responsive to Interrogatories 1-2, 5-6, and 9.

6. **Interrogatories 8 and 15**: Plaintiff asked Extreme to explain the basis for any assertion of privilege or work product over the identities of the individuals with whom its lawyers consulted to answer Interrogatory 8. Extreme did not answer this question, but pointed Plaintiff generally to its privilege log and indicated that the log should provide Plaintiff with the information sought. Plaintiff does not agree that Defendant's privilege log addresses Plaintiff's issue.

7. **Interrogatory 4**: Extreme will confirm whether the individuals it has identified in response to Interrogatory 4 is a full and complete list. Please confirm by the end of this week.

8. **RFAs 21-23:** In July, Extreme indicated that it was investigating its responses to these RFAs and that it would provide a response by July 22. Plaintiff has not received any response, and Extreme indicated during the meet and confer that it was still confused about the meaning of

4

"transfer." Plaintiff does not agree that Extreme's purported "confusion" is a reason not to answer these RFAs and requests full answers by August 19.

9. **Production of build environment**: the parties have reached an agreement in principle (*i.e.*, that Plaintiff's code in binary form is in shipped Extreme products), but the language proposed to-date is unworkable from both parties' perspectives. Plaintiff is revising the language of the proposed stipulation and will circulate its revisions as soon as possible. If the parties cannot reach an agreement in a timely manner, Plaintiff will move to compel compliance with the Court's April 22 order regarding production of the build environment.

10. <u>Consent Payment</u>: Plaintiff noted that Extreme had still not answered Plaintiff's questions in its June letter about whether the documents that Extreme had produced in lieu of the actual Consent Payment accurately identified the amount of the Consent Payment, the names of the entities actually involved, and the method of transaction (e.g., whether it was via wire or ACH transfer). Extreme was not able to point to responsive Bates numbers or answer the questions posed, but it invited Plaintiff to review its productions. Plaintiff does not agree that this is an adequate answer. It appears the parties are at an impasse on this issue.

11. **Metadata issues**: Plaintiff asked Extreme to provide the Date/Time Received and Extreme agreed to discuss Plaintiff's request with its vendor to see whether Extreme could provide that metadata (i) via an overlay for prior productions and (ii) in all productions going forward. Please confirm by the end of the week whether Extreme is willing to provide such metadata, and if not, the basis for refusing to provide it.

12. **Production of Mr. Segalini's emails**: Plaintiff asked Extreme to explain the reason for withholding Mr. Segalini's emails identified in Plaintiff's correspondence, and to help Plaintiff understand Extreme's methodology for identifying and producing responsive emails. Extreme's position appears to be that it has produced Mr. Segalini's emails that Plaintiff has requested— insofar as these emails are shown in an email chain from Tara Flanagan. Extreme was unwilling to discuss its methodology for reviewing and producing responsive emails. It appears the parties are at an impasse on this issue.

13. **Extreme's Document retention policy (RFP 32)**: Plaintiff asked on what basis Extreme is withholding its document retention policy as privileged in response to Request for Production 32. Extreme invited Plaintiff to review its privilege log to see the rationale for withholding those documents. Plaintiff does not agree that Extreme's privilege log addresses this issue. Please provide Extreme's basis for claiming privilege over its document retention policy by August 19.

Extreme also had questions regarding Plaintiffs' supplemental responses to Extreme's discovery requests. Extreme will follow up with a written list of its questions so that we can investigate and discuss with our clients as needed.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Wednesday, August 10, 2022 1:32 PM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>; jneukom@debevoise.com
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** RE: SNMP Research v. Broadcom et al. -- Request to meet and confer

Hi Leslie,

We are available from 12-1:30 this Friday (Pacific). I'll circulate an invite and dial-in.

Best,

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Tuesday, August 9, 2022 1:57 PM
**To:** Weber, Olivia <oweber@irell.com>; jneukom@debevoise.com
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>
**Subject:** RE: SNMP Research v. Broadcom et al. -- Request to meet and confer

Hi Olivia,

We're unfortunately tied up tomorrow and Thursday, but we're available to meet and confer this Friday in the 12 PM PT to 3 PM PT window. If that doesn't work on your end, we can also be available on Monday (8/15) in the same window.

Relatedly, we received your discovery supplements last night. As indicated in our prior correspondence, we expect to discuss SNMPR's discovery responses during this meet and confer.

Thanks,
Leslie

**Leslie A. Demers**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
**T: +1.212.735.3493** | **F: +1.917.777.3493**
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, August 9, 2022 1:45 AM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>; jneukom@debevoise.com
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Alison Plessman <aplessman@hueston.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] SNMP Research v. Broadcom et al. -- Request to meet and confer

Leslie,

Please let us know your availability to meet and confer this week to discuss the issues addressed in your July 15 letter (and in the prior associated correspondence).

Best,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
=========

---------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================
=========

---------------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================================