IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § § § § § § § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | | |
| v. | | |
| | | **Jury Demand** |
| Broadcom Inc., Brocade Communications Systems LLC, and Extreme Networks, Inc., | | |
| Defendants. | | |

**PLAINTIFF SNMP RESEARCH, INC.'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Comes now the Plaintiff, SNMP Research, Inc. ("Plaintiff"), by and through counsel, and pursuant to Fed. R. Civ. P. 5.2 and Local Rule 26.2(b) of this Court, moves for leave to file the items listed below under seal in conjunction with the filing of Plaintiff's Motion to Enforce Order Compelling Discovery, Compel Discovery, Determine the Sufficiency of Requests for Admission Responses, and for Sanctions as to Defendant Extreme Networks, Inc. ("Motion"),

Plaintiff seeks leave of court to file the following Exhibits to the Declaration of Olivia Weber ("Weber Decl.") under seal:

1. An unredacted copy of <u>Exhibit A</u>: an email chain containing correspondence from February 19, 2020 to June 11, 2020 between various representatives of Defendant Extreme Networks Inc. ("Extreme") and John Wood, Esq., outside counsel for Plaintiffs;

2. An unredacted copy of <u>Exhibit B</u>: an email chain containing correspondence from October 2018 between various Extreme representatives and Mr. Wood;

3. An unredacted copy of <u>Exhibit C</u>: the October 22, 2001 license agreement entered into between SNMP Research International and Extreme (the "2001 Extreme License");

4. An unredacted copy of <u>Exhibit D</u>: a 2015 email chain between Fiona Nolan, of Extreme, to Patti Sams and Mary Gibson, of SNMP Research International;

5. An unredacted copy of <u>Exhibit F</u>: Extreme's Third Supplemental Responses to Plaintiff's Interrogatories;

6. An unredacted copy of <u>Exhibit H</u>: Extreme's Fourth Supplemental Response to Plaintiff's Interrogatory 4;

7. An unredacted copy of <u>Exhibits K</u>, <u>L</u>, <u>M</u>, and <u>N</u>; and

8. An unredacted copy of <u>Exhibit P</u> a combined PDF consisting of Plaintiff's September 2022 notices of breach and follow-up correspondence concerning the Enterasys License and the 2001 Extreme License.

Also in conjunction with the Motion, Plaintiff seeks leave to file a redacted version of its Memorandum of Law in support of the Motion.

Weber Decl. Exhibits A, F, H, K, L, M, N and P are documents that Defendant Extreme has designated as CONFIDENTIAL under the Agreed Protective Order entered in this case (Doc. 93) (the "Protective Order") or otherwise requested that Plaintiff treat as confidential.

Plaintiff requests that the Court allow it to file Weber Decl. Exhibit B be filed under seal because it contains Plaintiff's source code, which Plaintiff has designated as HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS under the Protective Order and because the parties have agreed should be kept confidential.

- 2 -

Case 3:20-cv-00451-CEA-DCP   Document 216   Filed 10/26/22   Page 2 of 6   PageID #: 11346

Plaintiff also requests that the Court allow it to file Weber Decl. Exhibit C under seal because the terms of the 2001 Extreme License require that it be kept confidential and it contains Plaintiff's pricing information, which information this Court has previously allowed to be filed under seal (*see* Doc. 89).

Finally, Plaintiff seeks leave to file a redacted version of its Memorandum of Law in support of Plaintiff's Motion under seal because the Memorandum contains references to Extreme's revenues for certain of its products which information Extreme has designated as CONFIDENTIAL under the Protective Order governing this case.

## I. LEGAL STANDARD

In the Sixth Circuit, there is a "strong presumption in favor of openness" as to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The presumption that court records will remain open to the public can be overcome by a showing that "disclosure will work a clearly defined and serious injury." *Shane*, 825 F.3d at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). A showing that the information sought to be sealed constitutes trade secrets is typically enough to overcome the presumption of access. *Shane*, 825 F.3d at 308.

The Tennessee Uniform Trade Secrets Act defines a trade secret as "information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula,

pattern, compilation, program, device, method, technique, process, or plan that: (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other person who can obtain economic value from its disclosure or use; and (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Tenn. Code Ann. § 47-25-1702(4).

The Tennessee Uniform Trade Secrets Act defines a trade secret as "information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that: (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other person who can obtain economic value from its disclosure or use; and (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Tenn. Code Ann. § 47-25-1702(4).

## II.     ARGUMENT

Weber Decl. Exhibit B contains Plaintiff's source code, which is not publicly available, is subject to copyright protection and by contract and otherwise restricted from dissemination. Plaintiff is a software company, and its source code is central to that software, sale of which is the source of Plaintiff's revenues. The source code contained in Weber Decl. Exhibit B is some of Plaintiff's source code which is at issue in this dispute. The parties do not dispute and have agreed that the parties' source code in general and the source code in question here should be maintained as confidential and protected from public dissemination.

Weber Dec. Exhibit C, the 2001 Extreme License, is confidential by its terms and contains Plaintiff's pricing information. This Court has previously determined in this matter that Plaintiff's pricing information is properly sealed. *See* Doc. 89 at 2.

Weber Decl. Exhibit D is a 2015 email chain between Fiona Nolan, of Extreme, to Patti Sams and Mary Gibson, of SNMP Research International, containing information regarding Extreme products that it may consider sensitive and therefore Plaintiff has filed it under seal out of an abundance of caution.

Plaintiff's Memorandum in Support of the Motion, at pp. 13-14 contains information regarding Extreme's revenue associated with certain of its products which information Extreme has requested Plaintiff maintain as confidential.

Plaintiff does not object to Weber Decl. Exhibits A, D, F, H, K, L, M, N and P being filed under seal or to redaction of the financial information from Plaintiff's Memorandum in Support of the Motion. Each exhibit is an item that Extreme has previously designated as CONFIDENTIAL under the Protective Order or otherwise requested that Plaintiff treat as confidential, or in the case of Weber Decl. Exhibit D, contains information which Extreme considers sensitive and/or proprietary and confidential. Plaintiff does not dispute Extreme's designation of those items as CONFIDENTIAL.

### III. CONCLUSION

For the foregoing reasons, Plaintiff SNMP Research, Inc. respectfully requests that the Court grant leave to file Weber Declaration Exhibits A, B, C, D, F, H, K, L, M, N and P under seal and to file Plaintiff's Memorandum in Support of the Motion in redacted form.

**Respectfully submitted this 26th day of October, 2022.**

*/s/ John L. Wood*
Cheryl G. Rice, Esq. (BPR #021145)
John L. Wood, Esq. (BPR #027642)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
crice@emlaw.com
jwood@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc. and*
*SNMP Research, Inc.*

- 6 -