UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SNMP RESEARCH, INC. and SNMP )
RESEARCH INTERNATIONAL, INC., )
                               )
         Plaintiffs,           )
                               )
v.                             )    No. 3:20-CV-451-CEA-DCP
                               )
BROADCOM INC. *et al.*,        )
                               )
         Defendants.           )

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following motions: (1) Extreme Networks, Inc., Motion to Compel Production of License Agreements from SNMP Research, Inc., and SNMP Research Intentional, Inc. [Doc. 136]; (2) Plaintiff SNMP Research, Inc's ("SNMP") Motion to Compel Discovery, Enforce Order Compelling Discovery, Determine Sufficiency of Request for Admission Responses, and for Sanctions as to Defendants Broadcom Inc., and Brocade Communications Systems, LLC [Doc. 151]; and Plaintiff SNMP's Motion To Enforce Order Compelling Discovery, Compel Discovery, Determine Sufficiency of Request for Admission Responses, and for Sanctions As to Defendant Extreme Networks, Inc. [Doc. 215].

At the outset, the Court notes that this case has been plagued with discovery disputes [Docs. 47, 60, 69, 70, 88, 96, 115, 136, 151, and 215]. For example, SNMP's most recent motion is about 330 pages in length and includes approximately 116 discovery requests [Doc. 215]. The parties' filings have simply inundated the Court, and given the number of disputes in this case, the Court has concerns that the parties are not abiding by Rule 1 of the Federal Rules of Civil

Procedure [*See* Doc. 204 p. 45 ("The parties' voluminous filings, laxity regarding orders of the Court, and seeming inability to resolve disputes cooperatively have unnecessarily taxed the finite resources of the Court.")].

In the most recent round of discovery disputes, Extreme Networks, Inc., ("Extreme") requests that the Court compel Plaintiffs to "produce all license agreements related to the works it alleges that [it] has infringed on and all remaining license agreements that otherwise concern software regarding networking technology" [Doc. 136-1 p. 21]. In SNMP's motion to compel, along with sanctions, it seeks an order compelling Broadcom Inc., and Brocade Communications Systems, LLC to respond to interrogatories and requests for production; supplement requests for admissions; and deem other requests for admissions as admitted [Doc. 151]. The Court notes that some of SNMP's discovery requests raised in this motion relate to issues concerning personal jurisdiction, [*See* Doc. 151 pp. 17–23], which the District Judge has already adjudicated [Doc. 204]. Finally, as mentioned above, SNMP's most recent motion is filed against Extreme and contains approximately 116 discovery requests [Doc. 215].

The Court's role is to adjudicate disputes, but when parties continuously file discovery motions that include voluminous records, this prevents the Court from being able to render timely decisions so that the parties can be prepared to litigate the merits of a case, or in this case, prepare for an upcoming mediation. Specifically, on September 26, 2022, the District Judge ordered the parties to mediate this case and further ordered the mediation to take place before January 31, 2023 [Doc. 204 p. 45 ("The Court finds that a neutral, third-party mediator will provide the parties with an opportunity to meaningfully negotiate their disputes in a more cooperatively-focused form, without the specter of additional motion practice.") and Doc. 213].

The Court is encouraged that mediation, at the least, will assist the parties in understanding the scope of the claims and defenses in this case; however, the Court is also concerned that motion practice will inhibit the parties' ability to effectively prepare for this mediation. In light of the approaching mediation and in order to better facilitate the discovery process, the Court **DENIES WITHOUT PREJUDICE** the following motions [**Docs. 136, 151, 152, 165, 195, 215, and 216**]. The parties are **ORDERED** to conduct a meaningful meet and confer conference to discuss what discovery requests within these motions, if any, are absolutely essential for the purpose of mediation. Once that limited scope of discovery is identified, the parties are to work towards resolving the matters in dispute in a timely manner that will facilitate preparations for mediation. The parties are to engage in and conclude this process on or before November 30, 2022. If the parties are unable to resolve their dispute(s), the parties are to notify Chambers no later than December 2, 2022, by outlining the general nature of the dispute and requesting to schedule a telephonic conference. At that time, the parties will be instructed as to the appropriate briefing schedule and format to present the discovery dispute(s) to the Court.

In addition, in order to justly, speedy, and inexpensively attempt to resolve any future discovery disputes, *see* Fed. R. Civ. P. 1, the parties **SHALL** hereafter abide by the following procedure:

(1) The parties shall first meet and confer in an attempt to resolve disputes between themselves, without judicial intervention;

(2) If the parties are unable to resolve such disputes amongst themselves, they shall contact the undersigned's Chambers to schedule an informal discovery dispute conference and certify to the Court that they have engaged in a meaningful meet and confer;

(3) If the parties' dispute is unresolved following an informal conference, the undersigned will grant leave to file appropriate written motions.

In light of the above, the Court **DENIES WITHOUT PREJUDICE** the following motions [**Docs. 136, 151, 152, 165, 195, 215, and 216**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge