IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

---

SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,

    Plaintiffs,

v.

BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC.,

    Defendants.

Case No. 3:20-cv-00451-CEA-DCP

---

### EXTREME NETWORKS, INC.'S OPPOSITION TO SNMP RESEARCH, INC. AND SNMP RESEARCH INTERNATIONAL, INC.'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Extreme Networks, Inc. ("Extreme," and collectively with the other defendants, "Defendants") respectfully submits this brief in opposition to Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc.'s (together, "Plaintiffs") Motion for Leave to Amend the Complaint (ECF No. 222).

Extreme's primary basis for opposing Plaintiffs' motion at this juncture is that the motion is procedurally premature, and accordingly, should be denied without prejudice to being refiled after completion of mediation. Extreme takes this position in view of multiple recent orders from this Court, which Extreme interprets as directing the parties to work in good faith toward preparing this case for mediation, and as leaving the pleadings open until after completion of mediation.

Specifically, on September 26, the Court granted Extreme's motion to compel mediation and ordered the parties to "meaningfully negotiate their disputes in a more cooperatively-focused forum, *without the specter of additional motion practice*." (ECF No. 205 at 43-45 (emphasis

added); *see also* ECF No. 206 (ordering the parties to participate in mediation).) In that order, Judge Atchley furthermore declined to resolve substantive pleading challenges presented in Defendants' motions to dismiss for failure to state a claim, denying those motions "without prejudice to refiling following the completion of mediation." (ECF No. 205 at 43; *see also* ECF No. 206 (staying deadline for Defendants' answer or renewed motion to dismiss pending mediation, recognizing that the Court may set a deadline for renewed responsive pleadings thereafter as necessary).)

Unfortunately, after Judge Atchley's ruling, this case was the subject of additional motion practice. On October 26, Plaintiffs filed their eighth motion to compel in this case, this time against Extreme. (ECF No. 215.) On November 4, before Extreme's opposition was due, Magistrate Judge Poplin issued an order denying all pending motions to compel without prejudice. (ECF No. 218.) Judge Poplin instead directed the parties to identify the discovery requests that "are absolutely essential for the purpose of mediation" and, "[o]nce that limited scope of discovery is identified," to "work towards resolving the matters in dispute in a timely manner that will facilitate preparations for mediation." (*Id.* at 3; *see also id.* (noting "the Court is also concerned that motion practice will inhibit the parties' ability to effectively prepare for this mediation").) Extreme interprets Judge Poplin's ruling on motions to compel as furthering the directive to the parties to focus their efforts on preparing the case for mediation.[1]

In deference to those rulings from the Court, Extreme has chosen to file the present abbreviated opposition brief instead of a more fulsome filing. Extreme recognizes that most

---

[1] Extreme met and conferred in good faith pursuant to Judge Poplin's order. During the course of these communications, Plaintiffs did not provide notice that they were concurrently attempting to significantly expand the scope of the case. Indeed, Plaintiffs filed this motion for leave within hours after the parties submitted their joint notice to Judge Poplin identifying disputes on mediation-essential discovery.

2

litigants would not make an abbreviated filing such as this, but Extreme believes that an abbreviated filing is advisable, if not necessary, to give effect to the Court's recent rulings. For example, were Extreme to file a full-length opposition to the instant motion, addressing all arguments weighing against pleadings amendments at this time, that in itself would be motion practice that is not in service of the parties' upcoming mediation. Or, for example, were Extreme to file a motion to extend its response deadline until after mediation concluded, that would require additional papers to be filed with this Court – particularly if Extreme needed relief on an expedited basis. (*Cf.* ECF No. 205 at 45 n.2 ("[e]very paper filed with the . . . Court . . . requires some portion of the institution's limited resources") (citation omitted).) Were future filings in the case to resemble the past, even a motion for extension of time would draw an opposition and create yet more adversarial proceedings related in no way to mediation of this case.

Extreme respectfully asks the Court to deny Plaintiffs' motion without prejudice, such that Plaintiffs could re-file the motion after the parties' upcoming mediation. If the Court is not inclined to deny Plaintiffs' motion without prejudice in that manner, Extreme respectfully asks the Court for an opportunity to expand upon additional bases for its opposition at a later and more sensible time. There are multiple reasons to deny the motion, such as: (a) practical considerations, including the attempted assertion of Extreme-only claims entirely unrelated to the factual background of all claims that existed in the original complaint; (b) untimeliness of the motion, as the purported bases for complaint were known to Plaintiffs for years on end; and (c) futility issues, including those presented by inconsistent pleadings in this case. Extreme includes those summary arguments here only for illustrative purposes, and believes that briefing by the parties on such issues, if necessary, should occur after mediation.

\* \* \*

3

Extreme is aware that the Court may not afford Extreme an opportunity to present a more fulsome opposition to this motion. If the Court chooses not to allow an additional opposition filing, Extreme is prepared to accept those consequences. Nevertheless, this abbreviated opposition (and the request for a denial without prejudice) is Extreme's best attempt to show respect for the letter and spirit of the Court's recent rulings.

| | | |
|---|---|---|
| DATED: | December 16, 2022<br>New York, New York | Respectfully Submitted,<br><br>*/s/ Leslie A. Demers*<br><br>John M. Neukom (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>jneukom@debevoise.com<br>(415) 738-5700<br><br>Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>leslie.demers@skadden.com<br>(212) 735-3000<br><br>*Attorneys for Extreme Networks, Inc.* |

4