UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| BROADCOM INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on December 21, 2022, for an informal discovery dispute conference pursuant to this Court's Order [Doc. 218]. Attorneys Alvin Matthew Ashley, Olivia Weber, and John Wood appeared on behalf of Plaintiffs. Attorney Leslie Demers and John Neukom (via telephone) appeared on behalf of Extreme Networks, Inc. ("Extreme").[1] Attorney Allison Plessman appeared on behalf of Brocade Communications Systems, LLC ("Brocade") and Broadcom Inc. ("Broadcom").

Prior to the telephonic conference, the parties submitted three Joint Statements outlining the discovery disputes. In the first Joint Statement ("Joint Statement No. 1"), Plaintiffs submit that Extreme's responses to Interrogatory Nos. 1, 2, 5, 6, 9, and 12 are deficient. In the second Joint Statement ("Joint Statement No. 2"), Extreme states that Plaintiffs' responses to its Request for Production Nos. 1 and 2 are deficient. In the third Joint Statement ("Joint Statement No. 3"), Brocade argues that Plaintiffs' responses to its Request for Production No. 79 are deficient.

---

[1] Attorney Eliza Edlich also appeared on behalf of Extreme via telephone, but she is not listed as counsel of record in CM/ECF.

## I. Joint Statement No. 1

As mentioned above, Plaintiffs argue that Extreme's responses to Interrogatory Nos. 1, 2, 4, 6, 9, and 12 are deficient. During the hearing, Plaintiffs represented to the Court that they had received additional information from Extreme that resolved most of the issues raised in the Joint Statement. The remaining point of contention relating to these Interrogatories is whether Extreme must produce information on products that Extreme argues are not identified in the Complaint. These interrogatories specifically define "SNMP Research Software" to mean any of the following: (1) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme."

The Court finds information regarding the unidentified products is essential and necessary in order to have a constructive mediation with any potential for global settlement. Moreover, the Court has previously ordered Extreme to produce this information as explained in its Memorandum and Order [Doc. 131 pp. 8–9]. Thus, the Court **ORDERS** Extreme to produce this information, in a similar format as to how it produced information relating to the identified products and from the date of first sale, on or before **January 9, 2023**.

## II. Joint Statement No. 2.

Extreme submits that Plaintiffs' response to its RFP Nos. 1 and 2 are deficient because Plaintiffs produced only 393 license agreements. Plaintiffs agreed to produce the remaining 595 license agreements if the Court so ordered.

The Court **ORDERS** Plaintiffs to produce the remaining 595 license agreements to Defendants on or before **January 9, 2023**. The parties have agreed that evaluation license agreements and license agreements held in 1994 and prior thereto will not be included in Plaintiffs' production.

### III. Joint Statement No. 3

In this Joint Statement, Brocade argues that Plaintiffs' response to its RFP No. 79 is deficient. The parties reported that they did not have an opportunity to engage in a meaningful meet and confer regarding Plaintiffs' alleged deficient response, so the Court took a recess so that the parties could engage in that process.

Afterwards, the parties reported to the Court that Plaintiffs agreed to provide Brocade their company-wide valuation reports with no time limitations. In addition, Plaintiffs stated that they were also ready to produce the license agreements to Brocade—the subject of Joint Statement No. 2. The remaining point of contention was whether Plaintiffs must produce litigation material (i.e., expert reports, deposition transcripts, motions for summary judgment, and declarations) from other lawsuits that contain information about Plaintiffs' valuation.

Without determining whether the litigation material is ultimately discoverable in this case, the Court does not find that Brocade's request seeks information that is essential to mediation given that Plaintiffs have, or will produce, the underlying information regarding their valuation. Thus, the Court will not order Plaintiffs to produce the litigation material prior to the mediation.

**IT IS SO ORDERED.**

        ENTER:

        */s/ Debra C. Poplin*
        Debra C. Poplin
        United States Magistrate Judge