IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § | **Case No. 3:20-cv-00451-CEA-DCP** |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC.,** | § § § § § | |
| Defendants. | § § | |

**SNMP RESEARCH, INC AND SNMP RESEARCH INTERNATIONAL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EXTREME NETWORKS, INC.'S MOTION FOR LIMITED RECONSIDERATION AND TO MODIFY A SINGLE SENTENCE OF THE DECEMBER 22, 2022 ORDER REGARDING DISCOVERY**

Extreme's motion for reconsideration is re-argument. Everything Extreme argues now, it argued in its portion of the parties' Joint Statement No. 1 and at the hearing on the joint statement. *See* Joint Statement No. 1 at 11-14; Dkt. 230 at 15:2-16:22. For that reason alone, the motion should be denied. *See BL Ventures v. Apex Med.*, No. 3:20-CV-139-DCP, 2021 WL 2533519, at *1 (E.D. Tenn. June 21, 2021) ("Motions for reconsideration are not intended to re-litigate issues previously considered by the Court[.]") (internal quotation marks omitted).

Extreme's motion also makes no sense. This Court did not "clearly err" *in interpreting its own order*, namely the April 22, 2022 Order (Dkt. 131, "April Order"). The April Order directed Extreme to "fully" respond to the interrogatories in question, all of which used the defined term "SNMP Research Software." April Order at 6-7, 8-9, 23. That definition, which was argued extensively at the March 25, 2022 hearing and ultimately adopted by the Court, is *expressly not limited* to the products identified in the Complaint, or to the product line and/or software Extreme received from Brocade. Instead, the definition of "SNMP Research Software" includes any Extreme product that has Plaintiffs' software, which this Court properly recognized was well within the scope of reasonable discovery in a copyright infringement case. *Id.* at 8-9. Extreme ignores this fundamental flaw in its argument, as well as Extreme's statement at the March 2022 hearing expressly criticizing "bucket three" of the definition of SNMP Research Software, which in Extreme's own words included "anything that SNMP ever created." Dkt. 128 at 157:6-7.

Finally, while Extreme now claims it would be "manifestly unjust" to recognize its failure to comply with the April 2022 Order, that is nonsense. "Manifest injustice" is an error that is "direct, obvious, and observable ... apparent to the point of being indisputable. *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 2275002, at *3 (E.D. Tenn. May 24, 2017). There was no error at all here, much less one that meets the heightened standard that is applicable to the relief Extreme seeks.

Respectfully submitted,

Dated: January 19, 2023      By: /s/ *Cheryl G. Rice*
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    jwood@emlaw.com
    crice@emlaw.com
    rnasrollahi@emlaw.com

By: */s/ A. Matthew Ashley*
    A. Matthew Ashley (CA Bar. No. 198235)
    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    Olivia L. Weber (CA Bar. No. 319918)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    mchu@irell.com
    dnimmer@irell.com
    mashley@irell.com
    oweber@irell.com

    *Attorneys for Plaintiffs*
    *SNMP Research International, Inc. and*
    *SNMP Research, Inc.*