IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

```
-------------------------------------------------------- x
                                                         :
SNMP RESEARCH, INC. and SNMP                             :    Case No. 3:20-cv-00451-CEA-DCP
RESEARCH INTERNATIONAL, INC.,                            :
                                                         :
                         Plaintiffs,                     :
                                                         :
          v.                                             :
                                                         :
BROADCOM INC.; BROCADE                                   :
COMMUNICATIONS SYSTEMS LLC; and                          :
EXTREME NETWORKS, INC.,                                  :
                                                         :
                         Defendants.                     :
                                                         :
-------------------------------------------------------- X
```

**EXTREME NETWORKS, INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR LIMITED
RECONSIDERATION AND TO MODIFY A SINGLE SENTENCE OF THE
DECEMBER 22, 2022 ORDER REGARDING DISCOVERY**

Extreme Networks, Inc. ("Extreme") respectfully submits this reply in support of its Motion for Limited Reconsideration and to Modify a Single Sentence of the December 22, 2022 Order Regarding Discovery (ECF No. 232, the "Motion"), and in response to plaintiff SNMP Research, Inc. and SNMP Research International, Inc.'s ("Plaintiffs'") opposition thereto (ECF No. 233, "Opposition" or "Opp.").

Plaintiffs' one-page Opposition does not rebut the crux of Extreme's argument—that this Court's December 22, 2022 Order (ECF No. 229, the "December Order") contained a mistaken (and thus clearly erroneous) interpretation of the Order dated April 22, 2022 (ECF No. 131, the "April Order"). Plaintiffs lean on their interpretation of the "defined term 'SNMP Research Software'" from certain of Plaintiffs' discovery requests, which they claim was "adopted by the

Court," but do not attempt to explain how the plain language of the April Order can be squared with that definition. (Opp. at 1.) While Extreme believes that its opening brief sets forth, in a fulsome manner, its position that a sentence of the Court's December Order has included a clearly erroneous holding that is manifestly unjust for Extreme, Extreme respectfully submits this Reply in order to respond to the following three points made by the Plaintiffs in Opposition:

*First*, Plaintiffs' contention that the Motion should be denied because it is "re-argument" of issues previously presented to the Court in the parties' Joint Statement No. 1, and the hearing thereon, is incorrect. (Opp. at 1.) The matter briefed for consideration in December 2022 via the parties' Joint Statement was limited to the parties' positions on what outstanding discovery obligations were "essential and necessary to have a constructive mediation with any potential for global settlement." (December Order at 2.) Extreme does not intend to re-litigate that issue; indeed, in its Motion, Extreme noted that it "does not challenge the Court-ordered production of documents [in the December Order]" and "is not asking for a finding that products that are not identified in the operative pleading are not discoverable in this case." (Motion at 2, 7.) Instead, Extreme calls the Court's attention to a separate portion of the opinion, which answered a question that was not asked for that Order. As set forth in the Motion, this is because Extreme believes that a single line of the December Order "threatens Extreme with follow-on consequences that Extreme does not believe the Court intended." (Motion at 2.) Extreme could not have previously litigated this issue prior to the December Order because, until that time, the Court had not yet set forth that particular interpretation of the April Order.

*Second*, Plaintiffs' Opposition appears to operate from the premise that the Court could not possibly "[mis]interpret its own order." (Opp. at 1.) Plaintiffs ignore that courts are empowered to—and do—revise discovery or other interlocutory orders when convinced that certain aspects of

those decisions were clearly erroneous. *See, e.g.*, *Liberty Corporate Capital Ltd. v. Steigleman*, No. CV-19-05698, 2022 WL 3644898, at *1 (D. Ariz. Feb. 25, 2022) ("As its earlier determination was clear error, the Court determines reconsideration is warranted.").

Here, that interpretation was clearly erroneous. Plaintiffs' argument that the single sentence of the December Order at issue was not clearly erroneous relies on excerpts from hearing transcripts but does not confront the plain language of the April Order, which required Extreme to respond to the discovery requests which "relate to Extreme's products—whether or not they are specifically identified in the Complaint—***that Plaintiff alleges are improperly incorporating its software.***" (ECF No. 131 at 9 (emphasis added).) Plaintiffs fail to address how the above instruction—with the inclusion of the emphasized language—could possibly be construed as ordering Extreme to produce information related to ***all*** of Extreme's products containing ***any*** software originating from Plaintiffs, even if such products had never before been identified as allegedly infringing products (or even mentioned) in this litigation. This issue is a real one given that (i) at the time of the April Order, and Extreme's compliance with it, Plaintiffs had identified only a relatively narrow list of products that it was accusing of copyright infringement, and yet (ii) by December 2022—with Plaintiffs' motion for leave to amend their pleadings on file, seeking to add new products to this case, six months after Extreme complied with the April order—Plaintiffs had indicated they wanted to target a broader set of products, including those having nothing to do with the "Brocade/Broadcom" history that this Court is by now familiar with. For those products, there is no debate that Plaintiffs by April 2022 had ***not*** alleged that Extreme was "improperly incorporating [Plaintiffs'] software." (*Id.*)

***Third***, Plaintiffs' argument with respect to manifest injustice misses the point. Plaintiffs claim that Extreme's position is that "it would be 'manifestly unjust' to recognize its failure to

3

comply with the [April Order]." (Opp. at 1.)  This is inaccurate; Extreme **_did_** comply the April Order, as Extreme understood then, and understands now, the contents of that Order.  It does result in manifest injustice when the Court interprets the April Order in a way that greatly, and seemingly retroactively, expands the April Order's obligations in the context of resolving a different issue (*i.e.*, the discovery materials essential for mediation) in a manner that unjustly suggests that Extreme has not been in compliance with Plaintiffs' interpretation of discovery obligations for over eight months.  Plaintiffs no doubt support this erroneous interpretation of the April Order because it would allow them to exact additional pressures on Extreme in this litigation, through potential serious motion practice or otherwise.  (As the Court is aware, this case has already included an unusually high quantity of allegations of misconduct.)

Extreme respectfully requests that the Court grant Extreme all of the relief sought—albeit, as limited as that is, correcting a single phrase—in its Motion.

| | | |
|---|---|---|
| DATED: | January 26, 2023<br>New York, New York | Respectfully Submitted,<br><br>*/s/ Leslie A. Demers*<br><br>John M. Neukom (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>jneukom@debevoise.com<br>(415) 738-5700<br><br>Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>leslie.demers@skadden.com<br>(212) 735-3000<br><br>*Attorneys for Extreme Networks, Inc.* |