# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § § | **Case No. 3:20-cv-00451-CEA-DCP** |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.,** | § § § § § | |
| Defendants. | § § | |

## JOINT MOTION TO CONTINUE TRIAL DATE AND MODIFY REMAINING SCHEDULING ORDER DATES

COME NOW the Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. (collectively with SNMP Research, "Plaintiffs"), and Defendant Extreme Networks, Inc. ("Extreme") (collectively with Plaintiffs, "the Parties"), by and through the undersigned, their respective counsel of record, and pursuant to Federal Rule of Civil Procedure 16, do jointly move this Court to continue the trial date in this matter from its current date (January 9, 2024) to either October 7 or October 22, 2024.[1] If the Court cannot accommodate those proposed dates, the Parties respectfully request that the Court give the Parties notice, and they will meet and confer and suggest potential additional trial dates. The Parties also jointly move to adjust the remaining dates in the Second Amended Scheduling Order (Dkt. 149) based on the proposed new trial dates. In support of this motion ("Joint Motion"), the Parties state as follows:

---

[1] Plaintiffs recently reached a settlement with the two other defendants, Broadcom Inc. and Brocade Communications Systems LLC (collectively "Broadcom/Brocade"), which still needs to be documented. Herein, Extreme and Broadcom/Brocade are collectively referred to as "Defendants."

11115486 - 1 -

1.     This lawsuit, filed October 26, 2020, concerns Plaintiffs' claims of copyright infringement and breach of contract and Defendants' defenses thereto. *See* Compl. (Dkt. 1). As detailed below, on December 2, 2022, Plaintiffs moved for leave to amend their complaint to add claims against Extreme for breach of contract and fraud. (Dkts. 222, 222-1 –222-8, 223, 224-1–224-5; Dkt. 225; Dkt. 231.) Plaintiffs have not previously amended their complaint. No answer has been filed, and no depositions have been scheduled or taken.

2.     Extreme, along with Broadcom/Brocade, moved to dismiss the complaint and/or transfer venue. *See* Broadcom Inc. and Brocade Communications Systems LLC's Joint Motion to Dismiss Plaintiffs' Complaint or, Alternatively, to Transfer Venue (Dkts. 40–42-2, 48-1–48-17, 51, 51-2–51-5, 57, 61–61-1, 67, 121–121-1, 122), and Extreme Networks, Inc.'s Motion to Dismiss or, in the Alternative, to Transfer to the Northern District of California (Dkts. 38–39, 51-1, 55–55-2). On September 26, 2022, the Court denied Broadcom's motion to dismiss for lack of personal jurisdiction (Dkt. 205 at 34), denied Extreme's and Broadcom/Brocade's venue motions to dismiss/transfer, (Dkt. 205 at 35-36, 42), and denied without prejudice the remainder of Defendants' motions to dismiss subject to re-filing after mediation (Dkt. 205 at 43).

3.     The current Scheduling Order has a due date for Plaintiffs' expert reports of March 8, 2023 (Dkt. 149). As of now, Plaintiffs are unaware of which defenses will be asserted other than those that are raised in Extreme's motion to dismiss and the "additional potential defenses and counterclaims" that Extreme stated it was "continuing to investigate" in the parties' Rule 26(f) report (Dkt. 46 at 2). This, coupled with the issues discussed below, renders it difficult (if not impossible) for Plaintiffs to take depositions and prepare expert reports under the current pretrial and trial schedule.

4.     The earliest date on which written discovery could be served was December 23, 2020. *See* Fed. R. Civ. Proc. 26(d)(1); *id.* 26(f)(1). SNMP Research served its First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admission directed to each

of the Defendants on December 26, 2020 (collectively, "Plaintiff's First Discovery Requests") and served its Second Set of Requests for Production of Documents to each of the Defendants on January 29, 2021 (collectively, "Plaintiff's Second Document Requests") (Plaintiff's First Discovery Requests and Plaintiff's Second Document Requests hereafter "Plaintiff's Discovery").

5. Extreme served its Responses and Objections to SNMP Research's First Discovery Requests on January 25, 2021, its First Supplemental Objections to SNMP Research's Discovery on July 22, 2021, and its Second Supplemental Responses and Objections to SNMP Research's Discovery on August 27, 2021.

6. Extreme served its First Set of Interrogatories and its First Set of Requests for Production of Documents directed to Plaintiffs on August 9, 2021. Plaintiffs served their responses on September 8, 2021.

7. On October 4, 2021, SNMP Research filed a Motion to Compel Discovery against Extreme. (Dkt. 96.)

8. The motion to compel was heard by the Honorable Magistrate Judge Poplin on March 25, 2022. On March 28, 2022, Magistrate Judge Poplin issued a Memorandum and Order granting SNMP Research's motion in part and directed all Defendants to fully respond to the majority of Plaintiff's Discovery within 21 days and directed the parties to meet and confer on certain issues raised by SNMP Research's motions. (Dkt. 131.) Judge Poplin issued additional discovery orders relating to the Defendants' production of source code, which orders were entered on April 21, 2022 (Dkt. 130), and May 12, 2022 (Dkt. 139).

9. On May 11, 2022, Extreme filed a Motion to Compel the Production of License Agreements from Plaintiffs. (Dkts. 136, 136-1, 143, 146.)

10. On July 27, 2022, Extreme filed a motion to compel mediation. (Dkts. 164, 165, 165-1–165-2.)

11. On September 26, 2022, the Court granted Extreme's motion to compel mediation and referred the case to mediation. (Dkt. 206.) The Court ordered all parties to select a mediator and to mediate within 90 days. (*Id.* at 1-2.) Due to Broadcom/Brocade's counsel's trial in another matter and lack of availability to participate in mediation within the ordered 90 days, all parties requested a short extension of the deadline to mediate (Dkt. 212), and the Court thereafter extended the mediation deadline to January 31, 2023 (Dkt. 213).

12. As noted above, on September 26, 2022, the Court denied Broadcom's motion to dismiss for lack of personal jurisdiction (Dkt. 205 at 34), and denied Extreme's and Broadcom/Brocade's venue motions to dismiss/transfer (Dkt. 205 at 35-36, 42). In addition, the Court denied, without prejudice, Defendants' motions to dismiss for failure to state a claim, subject to refiling following the completion of mediation (Dkt. 205 at 43).

13. On October 26, 2022, Plaintiffs filed a motion to enforce Magistrate Judge Poplin's April 22, 2022 discovery order and to compel additional discovery as to Extreme. (Dkts. 215, 215-1–215-18, 216, 217–217-12.)

14. On November 4, 2022, Magistrate Judge Poplin issued an order denying all then-pending motions to compel without prejudice to re-filing after the Parties' mediation. (Dkt. 218.) The order denied the pending motions "[i]n light of the approaching mediation and in order to better facilitate the discovery process[.]" (*Id.* at 3.) Magistrate Judge Poplin also ordered the parties to meet and confer to discuss which discovery requests within these motions "are absolutely essential for the purpose of mediation." (*Id.*)

15. On December 2, 2022, Plaintiffs filed a motion for leave to amend the complaint to add claims for breach of contract and fraud as to Extreme, and Plaintiffs submitted a proposed amended complaint with that filing. (Dkts. 222, 222-1 –222-8, 223, 224-1–224-5; Dkt. 225; Dkt. 231.) The

11115486 - 4 -
Case 3:20-cv-00451-CEA-DCP Document 238 Filed 02/03/23 Page 4 of 10 PageID #: 12174

proposed pleading seeks to expand the scope of the case and includes new allegations dating back to 2001. (*See, e.g.*, Dkt. 222-2 at ¶¶ 68-79, 87-88, 97-98.)

16. On December 8, 2022, Magistrate Judge Poplin set a briefing schedule and a December 21 hearing regarding which discovery requests were essential for the parties' mediation. The parties submitted their joint statements, via email, to Judge Poplin's Chambers on December 14, 2022. On December 22, 2022, Judge Poplin issued a written order requiring: (1) Extreme to produce certain information on all previously unidentified Extreme products containing Plaintiffs' software by January 9, 2023; and (2) Plaintiffs to produce certain license agreements to Defendants by January 9, 2023. (Dkt. 229.)

17. On January 19-20, 2023, all parties attended the Court-ordered mediation, in person, in Nashville, Tennessee, before the Honorable Jay Gandhi, Ret., of JAMS. All parties continued their mediation remotely on January 24-26. Plaintiffs and Broadcom/Brocade continued to mediate remotely on January 27-30. At 8 p.m. on Monday, January 30, 2023, Plaintiffs reached a settlement with Broadcom/Brocade (which still needs to be documented), but no settlement was reached with Extreme. The mediation is now complete.

18. The Parties still need to obtain additional outstanding documents and information relevant to their respective claims and defenses raised in this case before they can be prepared to make expert disclosures or take fact depositions. From Plaintiffs' perspective, Plaintiffs need to obtain discovery with respect to the new product classes and products identified by Extreme pursuant to Magistrate Judge Poplin's December 22, 2022 Order (Dkt. 229). From Plaintiffs' perspective, that includes but is not limited to obtaining and reviewing the source code, technical documentation, and marketing and advertising materials for these products, all of which goes to the heart of Plaintiffs' expert case. In addition, in the event the Court grants Plaintiffs' motion for leave to amend the Complaint, Plaintiffs will also need to obtain discovery regarding their proposed breach of contract and fraud claims.

From Extreme's perspective, it needs to obtain discovery that is still outstanding from Plaintiffs with regard to the claims in the original complaint, and, in the event the pleadings in this case are expanded, Extreme will need to take discovery on the claims and defenses implicated by the new pleading.

19. Consequently, much of the Parties' discovery efforts are ongoing, including the Parties' respective efforts at source code review and document review. The Parties expect their remaining source code and document review efforts and the resolution of their remaining discovery disputes to take at least several additional months. The Parties are also in agreement that, due to the current outstanding written discovery disputes in this matter, additional time to resolve those disputes is needed before expert disclosures can be prepared and fact witnesses can be deposed.

20. The Parties are also in agreement that the fact witnesses with knowledge pertaining to Plaintiffs' claims will likely overlap to a large extent (if not entirely) with the fact witnesses with knowledge pertaining to Extreme's as-yet unasserted defenses, which defenses will be asserted, if and when Extreme re-raises its Rule 12(b)(6) motion to dismiss and the Court rules on that motion to dismiss. Consequently, the Parties believe it would be extremely costly and inefficient to begin fact depositions when Extreme has not yet asserted all of its defenses and Plaintiffs have not been able to issue written discovery on those defenses.

21. The Parties anticipate that the number of testifying experts in this case may equal or exceed ten in total. Given this potential scope and the present state of discovery, the time provided for submission of expert reports and the taking of expert depositions under the current Scheduling Order is extremely tight, particularly for Plaintiffs, who have opening expert reports due on March 8.

22. For all of the above-referenced reasons, the Parties now jointly request that the trial date be continued and that the remaining dates under the Second Amended Scheduling Order be extended commensurate with the proposed new trial date.

23. The Parties jointly request that the current trial date of January 9, 2024, be moved to October 7 or October 22, 2024. If the Court cannot accommodate the proposed dates, the Parties respectfully request that the Court give the Parties notice, and they will meet and confer and suggest potential additional trial dates.

24. The Parties also jointly move to adjust the remaining dates in the Scheduling Order based on the proposed new trial dates. Because the Parties are unsure of which new trial date might be acceptable to the Court, the Parties have prepared a chart with proposed modified scheduling dates based on potential trial dates of October 7, 2024, and October 22, 2024, respectively, and these dates track the guidelines set forth in the Court's standard scheduling order:

| Event | Dates Set by Second Amended Scheduling Order (Dkt. 149) | First Alternative Proposed Trial Date (October 7, 2024) and Accompanying Proposed Dates | Second Alternative Proposed Trial Date (October 22, 2024) and Accompanying Proposed Dates |
| --- | --- | --- | --- |
| Deadline to amend pleadings: | March 8, 2023 | March 18, 2024 | April 2, 2024 |
| Plaintiffs' expert disclosures due: | March 8, 2023 | March 18, 2024 | April 2, 2024 |
| Defendants' expert disclosures due: | April 5, 2023 | April 15, 2024 | April 30, 2024 |
| Defendants' rebuttals due: | April 5, 2023 | April 17, 2024 | May 2, 2024 |
| Final Witness Lists due: | April 19, 2023 | April 29, 2024 | May 14, 2024 |
| Plaintiffs' rebuttals due: | May 5, 2023 | May 15, 2024 | May 30, 2024 |
| Discovery closes: | May 17, 2023 | May 28, 2024 | June 11, 2024 |
| Dispositive/Daubert motions must be filed by: | June 28, 0223 | June 24, 2024 | July 9, 2024 |
| Pretrial disclosures are due: | October 31, 2023 | August 19, 2024 | September 3, 2024 |
| MILs must be filed by: | November 7, 2023 | August 26, 2024 | September 10, 2024 |

| Event | Dates Set by Second Amended Scheduling Order (Dkt. 149) | First Alternative Proposed Trial Date (October 7, 2024) and Accompanying Proposed Dates | Second Alternative Proposed Trial Date (October 22, 2024) and Accompanying Proposed Dates |
|---|---|---|---|
| Deadline to submit single joint proposal for jury instructions: | November 28, 2023 | September 16, 2024 | October 1, 2024 |
| Deadline to file exhibit list with exhibits pre-marked: | December 1, 2023 | September 12, 2024 | September 26, 2024 |
| Trial briefs and pretrial order must be filed by: | December 5, 2023 | September 16, 2024 | September 30, 2024 |
| PTC is set to occur on and technology disclosures due by: | December 12, 2023 at 3pm in Knoxville | September 23, 2024 | October 7, 2024 |
| Trial (which is expected to last 3 weeks) is set to occur on: | January 9, 2024 at 9 AM in Knoxville (3 weeks) | October 7, 2024 | October 22, 2024 |

25. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here good cause exists. This is a complex case involving extensive written and document discovery to propound, respond to, and review; massive amounts of source code to analyze; and likely a large number of expert witnesses who will need to prepare detailed written reports and be deposed. *See State of Ohio v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 502 (S.D. Ohio 1995) (modifying scheduling order and extending discovery deadlines in part because "[t]he issues involved in this case are quite complex, and require the need for lengthy depositions of party experts."). In addition, the pleadings in this matter are not yet settled, and Extreme has not yet answered, meaning Plaintiffs are unaware of the defenses that Extreme will assert at trial. *See Tech. for Energy Corp. v. Hardy*, No. 3:16-CV-91-JRG-CCS, 2017 WL 11180647, at *3 (E.D. Tenn. May 8, 2017) (extending scheduling order to account for a motion to dismiss, a forthcoming answer, and completion of discovery thereafter). This means additional written discovery on the as-yet unasserted defenses will need to take place before fact depositions begin and before expert reports are provided. Discovery on the claims and

defenses implicated by Plaintiffs' proposed amended pleading will also be needed in the event that Plaintiffs' motion to amend the pleadings is granted. All of this constitutes good cause to continue the trial date and to do so to a date that does not conflict with the Parties' counsels' other trial commitments in 2024.

26. In deciding whether good cause exists, the Court also examines the prejudice to the non-moving party. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Here, the Parties are jointly moving, so there is no prejudice.

FOR THE FOREGOING REASONS, the Parties respectfully request that the Court continue the trial date in this matter from its current date (January 9, 2024) to either October 7, 2024 or October 22, 2024. If the Court cannot accommodate those dates, the Parties respectfully request that the Court give the Parties notice, and they will meet and confer and suggest additional potential trial dates. The Parties also respectfully request that the Court adjust the remaining dates in the Second Amended Scheduling Order based on the new trial date. As noted above, the Parties have included in Paragraph 24 above two sets of proposed modified dates based on potential trial dates of October 7, 2024, and October 22, 2024, respectively.

Respectfully submitted this 3rd day of February, 2023.

| */s/* John. L. Wood | */s/* John M. Neukom |
|---|---|
| John L. Wood, Esq. (BPR #027642) | John M. Neukom (CA Bar No. 275887*)* |
| Cheryl G. Rice, Esq. (BPR #021145) | DEBEVOISE & PLIMPTON LLP |
| Rameen J. Nasrollahi, Esq. (BPR #033458) | 650 California Street |
| EGERTON, McAFEE, ARMISTEAD | San Francisco, California 94108 |
| & DAVIS, P.C. | jneukom@debevoise.com (415) 738-5700 |
| 900 S. Gay Street, Suite 1400 | |
| P.O. Box 2047 | Leslie A. Demers (NY Bar No. 5261904) |
| Knoxville, TN 37902 | SKADDEN, ARPS, SLATE, MEAGHER & |
| (865) 546-0500 (phone) | FLOM LLP |
| (865) 525-5293 (facsimile) | One Manhattan West |
| jwood@emlaw.com | New York, New York 10001 |
| crice@emlaw.com | (212) 735-3000 |
| rnasrollahi@emlaw.com | leslie.demers@skadden.com |

*Attorneys for Defendant Extreme Networks, Inc.*

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com
*Attorneys for Plaintiffs*
*SNMP RESEARCH INTERNATIONAL, INC. and*
*SNMP RESEARCH, INC.*