UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. & SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-451 |
| *Plaintiffs*, | Judge Atchley |
| v. | Magistrate Judge Poplin |
| BROADCOM INC., BROCADE COMMUNICATIONS SYSTEMS LLC, & EXTREME NETWORKS, INC., | |
| *Defendants*. | |

## ORDER

Before the Court is the Joint Motion to Continue Trial Date and Modify Remaining Scheduling Order Dates [Doc. 238] filed by Plaintiffs SNMP Research, Inc., and SNMP Research International, Inc., and Defendant Extreme Networks, Inc. The parties seek a nine-month continuance of the trial date, primarily based on the fact that Extreme has not filed an answer to the Complaint, and thus Plaintiffs do not know what defenses and counterclaims Extreme may raise.

Extreme filed its Motion to Dismiss for Failure to State a Claim and Motion to Change Venue [Doc. 38] on December 22, 2020. [Doc. 38]. The parties show that Plaintiffs served discovery on December 26, 2020, and Extreme responded on January 25, 2021. [Doc. 238]. Plaintiff served its Second Request for Production of Documents on January 29, 2021, which Extreme responded to in July and/or August 2021. [*Id.*]. Extreme served its first discovery requests on August 9, 2021, to which Plaintiff responded on September 8, 2021. [*Id.*]. Multiple motions to compel were filed, which were heard by Magistrate Juge Poplin. In July 2022, Extreme filed a Motion to Compel Mediation [Doc. 164].

On September 26, 2022, the undersigned granted Extreme's Motion to Compel Mediation, denied Extreme's motion to transfer venue, and denied without prejudice its Rule 12(b)(6) motion. [Doc. 204]. Before the case was mediated, Plaintiffs filed a Motion to Amend Complaint [Doc. 222]. The parties participated in multiple days of mediation in January 2023. The parties reported that a settlement was reached between Plaintiffs and Broadcom Inc., and Brocade Communictations Systems, LLC, but that no settlement was reached between Plaintiffs and Extreme. [Doc. 237]. Two days later, the instant motion was filed.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). To show good cause to amend a scheduling order, "a moving party can demonstrate that he or she diligently attempted to meet the original deadline." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)), cert. denied, 138 S. Ct. 1177 (2018).

Here, the parties show that this is a complex case involving extensive written and document discovery, including analysis of substantial amounts of source code. [Doc. 238]. They expect that their remaining source code and document review and the resolution of their discovery disputes will take several additional months. [*Id.* at 6]. The parties anticipate that ten or more expert witnesses may testify in this matter. [*Id.*]. They represent that they still need to obtain additional documents relevant to their claims and defenses before they can be prepared to make expert disclosures or take fact depositions. The Plaintiffs argue they need to obtain discovery with respect to new product classes and products identified by Extreme pursuant to Magistrate Judge Poplin's

December 2022 Order [Doc. 229]. In addition, should the Court grant the pending motion to amend, they will need discovery as to their proposed breach of contract and fraud claims. [Doc. 238 at 5]. Plaintiffs contend that they do not know which defenses Extreme intends to assert other than those raised in its motion to dismiss and those identified in the Rule 26(f) report. Similarly, Extreme shows that discovery is still outstanding regarding the original complaint, and more will be needed if the amendment is permitted.

According to the parties' representations, discovery in this case has been ongoing for over two years and two months. This far exceeds the period for discovery permitted in the vast majority of cases before the Court. Yet despite this lengthy discovery period and multiple discovery orders, the parties have yet to schedule a single deposition and continue to have discovery disputes. Litigants cannot create good cause for modification of a scheduling order by continuously raising new discovery disputes. And the Court does not agree that the absence of an answer by Extreme makes it "difficult (if not impossible) for Plaintiffs to take depositions and prepare expert reports" at this time. [Doc. 238]. Numerous defenses were disclosed in the parties' Rule 26(f) report [Doc. 46] and Extreme filed a Rule 12(b)(6) motion. In short, it is not clear to the Court that the delay and complexity of discovery in this case was inevitable. Finally, the Court's Second Amended Scheduling Order explains that "[a]bsent extraordinary circumstances, the dispositive motion deadline will not be extended," [Doc. 149], an extension that is unavoidable if earlier deadlines are extended.

Nonetheless, good cause does exist for a shorter extension of time due to Plaintiffs' outstanding motion for leave to amend. If granted, the proposed amended complaint would add new claims for breach of contract and fraud against Extreme, which would presumably necessitate additional discovery in this case. The parties are cautioned, however, that the Court will not extend

the deadlines in this matter to accommodate every discovery dispute or delay that arises. The parties are strongly advised to work cooperatively to resolve discovery disputes as expeditiously as possible. Accordingly, the Joint Motion to Continue Trial Date and Modify Remaining Scheduling Order Dates [Doc. 238] is **GRANTED**. A third amended scheduling order will separately enter.

    **SO ORDERED.**

>  */s/ Charles E. Atchley, Jr.*
>  **CHARLES E. ATCHLEY, JR.**
>  **UNITED STATES DISTRICT JUDGE**