UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BROADCOM INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 3:20-CV-451-CEA-DCP<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Leave to Amend the Complaint [Doc. 222]. Extreme Networks, LLC ("Extreme") responded in opposition to the motion [Doc. 225], and Plaintiffs filed a reply [Doc. 231]. The motion is ripe for adjudication. For the reasons explained below, the Court **GRANTS** the motion [**Doc. 222**].

## I.   STANDARD OF REVEW

Under Federal Rule of Civil Procedure 15, courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), a court may deny a motion to amend if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]elay alone does not justify denial of leave to amend." *Id.* (quoting

*Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A delay in filing a motion to amend, however, can become undue or prejudicial at some point*. Id.* (citing *Morse*, 290 F.3d at 800). For instance, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id.* (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). As explained in *Phelps*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

30 F.3d at 662–63

## II. ANALYSIS

Plaintiffs seek leave to amend their Complaint to add additional claims for breach of contract and for fraud against Extreme. In support of their motion, Plaintiffs state that the deadline seeking leave to amend pleadings is March 8, 2023, and that they first learned of the basis for the proposed new claims within the past few months, meaning there is no undue delay on their part. Plaintiffs further state that there is no bad faith or dilatory motive, and there have been no prior amendments. In addition, Plaintiffs assert that their new claims are not futile, but to the extent Extreme argues otherwise, such arguments are more properly raised in a motion to dismiss. Finally, Plaintiffs state that none of the proposed amendments concern any of the issues that were raised in Defendants' motions to dismiss.

Extreme responds that Plaintiffs' motion is procedurally premature and should be denied without prejudice, stating that the Court ordered the parties to mediate and directed that the parties work in good faith toward preparing this case for mediation. Extreme states, "If the Court is not inclined to deny Plaintiffs' motion without prejudice in that manner, [it] respectfully asks the Court

for an opportunity to expand upon additional bases for its opposition at a later and more sensible time" [Doc. 225 p. 3]. Extreme states that there are multiple reasons for denying the motion, including practical considerations, "untimeliness of the motion, as the purported bases for complaint were known to Plaintiffs for years on end[,]" and futility issues [*Id*.]. Extreme concludes that it is "aware that the Court may not afford [it] an opportunity to present a more fulsome opposition to this motion" and that it is "prepared to accept those consequences" [*Id*. at 4].

Plaintiffs filed a reply stating that Extreme "does not substantively oppose the motion or address any of the factors governing leave to amend" [Doc. 231 p. 1].

The Court has considered the parties' positions and finds that Plaintiffs have established good cause for the amendments pursuant to Rule 15(a)(2). As an initial matter, Extreme does not substantively respond to Plaintiffs' motion but requests to file a more substantive response after mediation. The parties mediated this case in January 2023, and Extreme has not filed additional material for the Court to consider. In any event, on February 3, 2023, the parties filed a joint motion to continue the trial and the deadlines, in part, relying on Plaintiffs' Motion for Leave to Amend Complaint [*See* Doc. 238]. The Court granted this motion on February 28, 2023, noting that should the undersigned grant Plaintiffs' motion, the parties will need to take additional discovery [Doc. 241 p. 3].

Despite the above, the Court has considered Plaintiffs' amendments and finds that they have established good cause for their request. First, the Court finds the motion timely given that when Plaintiffs filed their motion, the deadline for seeking amendment of pleadings was March 8, 2023 [Doc. 149]. This deadline has now been extended to April 2, 2024 [Doc. 242]. This is Plaintiffs' first motion to amend, and there are no allegations of bad faith. While Extreme briefly asserts undue delay, Plaintiffs state that they learned the basis of their amendments during

3

discovery. Further, under the Amended Scheduling Order, discovery concludes on June 11, 2023 [Doc. 242]. Finally, Extreme does not explain any grounds for finding the amendments are futile. To the extent that Extreme has meritorious arguments, they can be raised through dispositive motion practice. *Swift Enterprises, LLC v. TruNorth Warranty Plans of N. Am., LLC*, No. 1:21-CV-146, 2022 WL 989397, at *4 (E.D. Tenn. Jan. 25, 2022) (declining to engage in the futility analysis on a motion to amend and stating that the court can address such arguments on a Rule 12 motion).

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend the Complaint [**Doc. 222**]. Plaintiffs **SHALL** file their operative pleading [Doc. 222-1] and the exhibits thereto [Docs. 222-3 – 225-8] in CM/ECF on or before **March 3, 2023.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge