IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § § § § § § § § § § § § | **Case No. 3:20-cv-00451** |
| **Plaintiffs,** | | |
| v. | | **Jury Trial Demanded** |
| **Broadcom Inc.**<br>**Brocade Communications Systems LLC**<br>**Extreme Networks, Inc.** | | |
| **Defendants.** | | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Come now the Plaintiffs, SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 5.2, Local Rule 26.2(b) of this Court, and this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. #11], move for leave to file the items listed below under seal in conjunction with the filing of Plaintiffs' Amended Complaint. Plaintiffs seek the Court's leave to file the following documents under seal:

- Exhibit A to the proposed Amended Complaint;

- Exhibit C to the proposed Amended Complaint;

- Collective Exhibit D to the proposed Amended Complaint;

- Exhibit E to the proposed Amended Complaint; and

- Exhibit F to the proposed Amended Complaint.

These documents should be sealed because: (1) the Court previously sealed identical or similar documents; (2) the parties previously agreed that the terms of the license agreements at issue in

this case would be maintained as confidential; (3) the documents contain commercially-sensitive pricing information. Plaintiffs also move to seal these documents out of an abundance of caution given that Defendants have not yet had the opportunity to designate certain of the documents pursuant to the Protective Order entered in this case [Doc. #97].

In the Sixth Circuit, there is a "strong presumption in favor of openness" as to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Exhibit A to the proposed Amended Complaint is a license agreement between Plaintiff SNMP International and Defendant Brocade Communications Systems, Inc., now known as Brocade Communication Systems LLC. The Court previously ordered this document be sealed. *See* Order entered on September 14, 2021 [Doc. #89]. Accordingly, the document should remain sealed.

Exhibit C to the proposed Amended Complaint is a license agreement between Plaintiff SNMP International and Defendant Extreme Networks, Inc. The parties agreed at the time they entered into this license agreement that the license agreement and the provisions thereof would be treated as confidential. Exhibit C is a license agreement similar to Exhibit A, and it should be sealed for the same reasons the Court has already ordered that Exhibit A be sealed. *See* [Doc. #89]. Plaintiffs previously moved to seal this document. *See* [Doc. #217].

Collective Exhibit D contains commercially-sensitive information regarding royalty reporting and pricing information. Pricing information is appropriate information to be sealed from public view, *see Caudill Seed and Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, No. 3:13-CV-82-CRS, 2019 WL 1795941, at * 3 (W.D. Ky. Apr. 24, 2019), and this Court has previously concluded that similar documents should be sealed. *See* [Doc. #89] (citing *London Computer Sys., Inc. v Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019)). Additionally, these documents have not yet been produced in this matter, and Plaintiff cannot determine whether Defendants will seek to designate these documents pursuant to the Protective Order in this matter. Accordingly, Plaintiffs move for leave to file these documents under seal both to protect the commercially-sensitive pricing information contained within, as well as to prevent disclosure of any information Defendants may determine should be designated pursuant to the Protective Order.

Finally, Exhibit E and Exhibit F have not been produced in this matter, meaning Defendants have not yet had an opportunity to review these documents. Therefore, Defendants have not had the opportunity to designate these documents pursuant to the Protective Order. Accordingly, Plaintiffs move for leave to file these documents under seal to prevent disclosure of any information Defendants may determine should be designated pursuant to the Protective Order.

Based upon the foregoing, Plaintiffs respectfully request that Exhibit A, Exhibit C, Collective Exhibit D, Exhibit E, and Exhibit F to the proposed Amended Complaint be sealed.

**Respectfully submitted this 2nd day of March, 2023.**

*/s/ John L. Wood*

John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD
    & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com
*Attorneys for Plaintiffs*
*SNMP RESEARCH INTERNATIONAL, INC. and*
*SNMP RESEARCH, INC.*