UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. & SNMP RESEARCH INTERNATIONAL, INC., | Case No. 3:20-cv-451 |
| *Plaintiffs*, | Judge Atchley |
| v. | Magistrate Judge Poplin |
| BROADCOM INC., BROCADE COMMUNICATIONS SYSTEMS LLC, & EXTREME NETWORKS, INC., | |
| *Defendants*. | |

## ORDER

The Joint Report of Mediation [Doc. 237], reflects that Plaintiffs and Broadcom, Inc. and Brocade Communications Systems LLC, reached a settlement of all claims in this litigation on January 30, 2023. To date, no stipulation of dismissal or other appropriate dismissal documents have been filed. This delay has necessitated additional filings, including an Amended Complaint [Doc. 244] that continues to name Broadcom and Brocade as parties and a Motion to Dismiss [Doc. 261] by Broadcom and Brocade, despite announcement that these same claims have been settled. Counsel is again reminded that the Federal Rules of Civil Procedure are to be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Asserting and defending claims that have been settled is inconsistent with this directive.[1]

---

[1] Moreover, there is no requirement that all terms and conditions of a private settlement be effectuated prior to dismissal of a civil action. Indeed, federal courts ordinarily do not retain jurisdiction over settled matters pending the consummation or completion of the terms of settlement. *See Limbright v. Hofmeister*, 553 F. Supp. 2d 886, 892-93 (E.D. Mich. 2008) ("Generally, courts do not retain jurisdiction to enforce settlement agreements because those controversies implicate state law and have little to do with the original controversy that invoked federal subject-matter jurisdiction."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Accordingly, it is **ORDERED** that on or before **March 28, 2023**, Broadcom, Brocade, and Plaintiffs **SHALL FILE** a motion for or stipulation of dismissal pursuant to Federal Rules of Civil Procedure 21 and/or 41(a)(1)(A)(ii). If appropriate dismissal documents are not filed on or before the date specified in this Order, the claims against Broadcom and Brocade will be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 21 and 41(b) and Local Rule 68.1.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**