# Exhibit 5

Case 3:20-cv-00451-CEA-DCP   Document 263-8   Filed 03/20/23   Page 1 of 6   PageID #: 12754

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § Case No. 3:20-cv-00451 <br><br> U.S. District Judge Charles E. Atchley, Jr. <br><br> **Jury Demand** |

### SNMP RESEARCH INC.'S AND SNMP RESEARCH INTERNATIONAL, INC.'S SUPPLEMENTAL RESPONSES TO EXTREME NETWORKS, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International") (collectively, "Plaintiffs") hereby submit the following supplemental responses (collectively, "Responses") to Defendant Extreme Networks, Inc.'s ("Extreme") First Set of Interrogatories (the "Interrogatories").

### PRELIMINARY STATEMENT

These Responses, while based on diligent inquiry and investigation by Plaintiffs, necessarily reflect only the current state of Plaintiffs' knowledge, understanding, and belief based upon the information reasonably available to Plaintiffs at this time. As this action proceeds, further information and/or documents may be discovered, or their significance better understood. Without in any way obligating themselves to do so, Plaintiffs reserve the right to change, amend or supplement these Responses. Plaintiffs accordingly reserve the right to change any and all responses herein with facts or information that they learn

admissions (and portions of Plaintiffs copyrighted source code that have been incorporated into Extreme's source code). Persons with knowledge regarding this response (excluding experts) include at least Jennifer Sipes, Tara Flanagan, Paul Segalini, Larry Fitterer, Linda Chan, Janet Miller, Steve Blizzard, Peter Lam, Indhu Balraj, Cristian Mircea, Craig Hoffert, William Kiely, John Wood, and Dr. Jeffrey Case.

Under the copyright remedies statute, Plaintiffs' burden is to show gross revenues from the infringement. However, Plaintiffs cannot provide that revenue information (or a complete damages analysis) because Extreme has refused to identify all of its products that contain (or contained) Plaintiffs' software and has refused to produce the revenues (or costs or profits) associated with them, or with the products/software/services that are reasonably related to Extreme's infringing activity. Moreover, as Plaintiffs have noted in numerous meet and confer discussions with Extreme, even for the incomplete revenue information Extreme has produced thus far, Extreme has not provided appropriate cost information, and Plaintiffs intend to hold Extreme to its deficient cost production given that the Court already ordered complete compliance with respect to discovery seeking that information.

**INTERROGATORY NO. 3:**

List every person or entity that has ever received a right (including but not limited to a direct or indirect license, a covenant not to sue, and/or release) relating to copyrighted works that You contend are infringed in this Lawsuit (individually, collectively, or in combination with other software). For each such person or entity, identify 1) documents sufficient to show the terms of their receipt of any such rights (e.g., identify the Bates number for the license agreement produced) and 2) any and all fees You have received for such conveyance.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

Plaintiffs understand that this interrogatory seeks only non-privileged (including non-work product) information. Plaintiffs object on the ground that this interrogatory is overbroad, is unduly burdensome because it would involve, among other things, having to search (and potentially having to give notice to and secure the agreement of many third-party licensees) documents over an unlimited time period (withholding).

Subject to this objection, Plaintiffs respond as follows: Please refer to Plaintiffs' license agreements previously produced in this litigation, found at SNMP-0004178–SNMP-0004429, SNMP-0005303–SNMP-00165556, and SNMP-0020295–SNMP-0020430. Please also refer to the ledger produced by Plaintiffs at SNMP-0020859.

**INTERROGATORY NO. 4**:

To the extent not covered by Your response to Interrogatory No. 2, identify the apportionment value that SNMP is assigning to the Source Code for copyrighted works that You contend are infringed in this Lawsuit for each Extreme product accused of infringement, and identify by Bates number all documents that You rely upon for this value.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

Plaintiffs object to this Request to the extent it seeks disclosure of any information, documents, or other tangible things that are protected by any applicable privilege or protection, including without limitation the attorney-client privilege and the attorney work product doctrine (withholding any privileged communications). Plaintiffs object to this Request as seeking premature expert discovery, analysis, and opinion; Plaintiffs will provide expert discovery, analysis, and opinion when expert disclosures are due under the Scheduling Order. Expert discovery will be provided as permitted by and consistent with the Federal Rules of Civil Procedure and the Agreed Protective Order (Dkt. 93 ¶ 44). Documents not required to be produced pursuant to the Federal Rules of Civil Procedure as

## Verification

I, Jeff Case, hereby verify, under penalty of perjury, that the factual information contained in SNMP Research, Inc.'s and SNMP Research International, Inc.'s Supplemental Responses to Extreme Network, Inc.'s First Set of Interrogatory delivered to Defendant on August _8_, 2022, is, to the best of my knowledge, true and correct.

By: *[signature]*

Name: Jeffrey D. Case, Ph.D.,

Title: President and CTO, SNMP Research, Inc. &
President and COO, SNMP Research International, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 8th day of August, 2022, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

                                                  /s/ Olivia L. Weber