IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

---

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | : : : | Case No. 3:20-cv-00451-CEA |
| Plaintiffs, | : : | U.S. District Judge Charles E. Atchley, Jr. |
| v. | : : | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., | : : : : | |
| Defendants. | : : | |

---

## EXTREME NETWORKS, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Extreme Networks, Inc. ("Extreme"), by and through its counsel, pursuant to Federal Rule of Procedure 5.2, Local Rule 26.2, and this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 11) ("Sealing Order"), seeks leave of this Court to submit its Memorandum of Law in Support of its Motion to Refer Questions to the Register of Copyrights (the "Memorandum of Law"), the Declaration of Leslie A. Demers in Support of Extreme's Motion to Refer Questions to the Register of Copyright (the "Demers Declaration"), and Exhibits 3 and 9 to the Demers Declaration under seal and/or in redacted form as indicated below.

Extreme moves for leave to file under seal Exhibit 3 to the Demers Declaration, excerpts of a financial report produced by Plaintiffs, because Plaintiffs designated this document as "Attorneys' Eyes Only" in its entirety at the time of its production.

Extreme moves for leave to file under seal Exhibit 9 to the Demers Declaration, e-mail correspondence dated February 2011 produced by Plaintiffs, because Plaintiffs designated this document as "Confidential" in its entirety at the time of its production.

Extreme moves for leave to file a redacted version of the Demers Declaration because Paragraphs 12 and 13 of the Demers Declaration refer to and describe certain license agreements produced by Plaintiffs which were marked with confidentiality designations at the time of their production (including designated as "Attorneys' Eyes Only" and "Highly Confidential").

Extreme moves for leave to file a redacted version of the Memorandum of Law because it refers to and quotes language that Plaintiffs have designated as protected under the Agreed Protective Order (ECF No. 93) from the aforementioned Exhibits to the Demers Declaration on pages 7-8 and 13. Further, pages i, 1, 7-9, 11-15, 17, and 19 of the Memorandum of Law contain information that Plaintiffs have maintained is confidential, including: (1) quotations from license agreements that Plaintiffs have filed entirely under seal; (2) information reflecting financial elements of Plaintiffs' licensing terms; and (3) statements referring to and describing certain license agreements produced by Plaintiffs which were designated as protected under the Agreed Protective Order at the time of their production.

Extreme is not filing this Motion because of an independent reason to request that the information be sealed, and Extreme is mindful of the Court's guidance that "[t]he parties are strongly encouraged to be very selective in the information they seek to seal." (ECF No. 81 at 3.) Extreme is filing this Motion in an abundance of caution because (1) as noted *supra*, Plaintiffs designated certain documents attached as Exhibits to the Demers Declaration as protected at the time of their production; and because (2) Plaintiffs have sought to seal the same and similar

information in the past (*see* ECF Nos. 2, 3, 50, 51-3, 223, 224-2, 245), and the Court has previously granted those motions. (*See* ECF Nos. 89, 227, 247.)

Pursuant to Local Rule 26.2 and the Court's Sealing Order, Extreme is publicly filing: (1) a redacted version of the Memorandum of Law as Exhibit A to this Motion; (2) a redacted version of the Demers Declaration as Exhibit B to this Motion; (3) a fully redacted version of Exhibit 3 to the Demers Declaration as Exhibit C to this Motion; and (4) a fully redacted version of Exhibit 9 to the Demers Declaration as Exhibit D to this Motion. Additionally, as required by the Sealing Order, an unredacted version of the Memorandum of Law, Demers Declaration, and Exhibits 3 and 9 thereto are being filed under seal with the portions of the Memorandum of Law and Demers Declaration proposed to be redacted highlighted. The undersigned certify that unredacted versions of the papers sought to be filed under seal are being served on counsel for Plaintiffs by email.

WHEREFORE, Extreme respectfully requests that this Court grant its motion and (1) seal the redacted portions of the Memorandum of Law; (2) seal the redacted portions of the Demers Declaration; and (3) seal Exhibits 3 and 9 to the Demers Declaration in their entirety.

DATED:     March 20, 2023
           New York, New York

                                                        Respectfully Submitted,

                                                        */s/ Leslie A. Demers*

J. Chadwick Hatmaker, BPR# 018693           John M. Neukom (*admitted pro hac vice*)
Kaitlyn E. Hutcherson, BPR# 035188          Barbara N. Barath (*admitted pro hac vice*)
WOOLFE, MCLANE, BRIGHT,                     DEBEVOISE & PLIMPTON LLP
  ALLEN & CARPENTER, PLLC                   650 California Street
Post Office Box 900                         San Francisco, California 94108
Knoxville, Tennessee 37901-0900             jneukom@debevoise.com
Tel: (865) 215-1000                         bnbarath@debevoise.com
Fax: (865) 215-1001                         (415) 738-5700
chatmaker@wmbac.com
khutcherson@wmbac.com                       Leslie A. Demers (*admitted pro hac vice*)
                                            Chris J. Coulson (*admitted pro hac vice*)

3

Anthony P. Biondo (*admitted pro hac vice*)
Ryan P. Bisaillon (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
chris.coulson@skadden.com
anthony.biondo@skadden.com
ryan.bisaillon@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

4