IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., <br><br> Defendants. | Case No. 3:20-cv-00451-CEA-DCP <br><br> **Jury Demand** |

**PLAINTIFFS' RESPONSE TO EXTREME NETWORKS, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Come now Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively "Plaintiffs"), by and through counsel, pursuant to Fed. R. Civ. P. 5.2 and Local Rule 26.2(b) of this Court, and this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 11], and respectfully submit this response to Defendant Extreme Networks, Inc.'s ("Extreme") Motion for Leave to File Documents Under Seal ("Motion" or "Mot.") [Doc. 259]. Plaintiffs have filed this response in partial support of the Motion but also in opposition concerning certain information Plaintiffs submit can be unsealed in accordance with the Court's guidance that "[t]he parties are strongly encouraged to be very selective in the information they seek to seal." [Doc. 81 at 3].

In the Motion, Extreme seeks leave of the Court to file a redacted version of Defendant Extreme Networks, Inc.'s Memorandum of Law In Support of Motion to Dismiss Amended Complaint ("Memo"), redacting information including (1) quotations from a license agreement; (2) information pertaining to Plaintiff's pricing; and (3) information reflecting financial elements of Plaintiff's licensing

1

terms. [Doc. 259-1]. Extreme also seeks to file under seal in its entirety Exhibit 2 to the Demers Declaration purportedly containing excerpts of the Software Service Agreement dated October 16, 2001 by and between Extreme and Plaintiffs. [Doc. 259-2].

**A. Quotations From License Agreements Do Not Need to Be Redacted from the Memo**

On September 1, 2021, the Court entered a Memorandum and Order [Doc. 81] on the parties' Motions to Seal [Docs. 2, 41, and 50] in which the Court reminded the parties of the "heavy burden" on a proponent for sealing documents, held in abeyance a decision on the Motions to Seal, and ordered the parties to file a joint status report on the Motions to Seal, "strongly" encouraging the parties to "be very selective in the information they seek to seal." [Doc. 81 at 3] The parties filed the Joint Status Report on September 8, 2021, reporting the parties' agreement to unseal the Complaint [Doc. 3] and, among other things, Plaintiffs' unopposed request that only the pricing information in certain filed documents, including the Licensing Agreements which were filed as Exhibit A to the Complaint, [Doc. 3-1], be filed with only pricing information redacted "so that the license agreement may be freely quoted if needed in other filings." [Doc. 85 at 2]. On September 14, 2021, the Court entered an Order granting in part and denying in part the Motions to Seal, noting that "Plaintiffs have filed a redacted copy of the License Agreement [Doc. 85-1] so that in future filings, the parties may quote from the License Agreement." [Doc. 89]. Plaintiffs filed the License Agreements with the Court with only the pricing information redacted. [Doc. 85-1]. The Court found that the privacy interests with respect to such pricing information outweighs the public's interest in accessing those records, but the Court unsealed the Complaint [Doc. 3-1] and noted that Plaintiffs had filed redacted copies of the License Agreements and other previously sealed documents with "limited redactions." [Doc. 89 at 2].

In light of the parties' prior joint agreement to file the License Agreements with only limited redactions of the commercially sensitive pricing information so that the parties would be able to quote from the License Agreement in future filings (and the Court as well in future opinions and orders),

2

Plaintiffs oppose Extreme's request to redact quotations from the License Agreements with the exception of the currently redacted pricing information. Consequently, Plaintiffs submit that all of the proposed redactions in Extreme's Memo filed under seal as Doc. 260 should be removed with the exception of the following:[1]

**TABLE OF CONTENTS**

Redact the only percentage amount in Section III.A. and B. [Doc. 258-1 at 2].

**PRELIMINARY STATEMENT**

Redact dollar amounts and percentage amount. [Doc. 258-1 at 8].

Redact percentage amount. [Doc. 258-1 at 9].

**II. SNMPR'S AMENDED COMPLAINT**

Redact dollar amounts and percentage amount. [Doc. 258-1 at 10].

**III. THE COURT SHOULD DISMISS ANY CLAIMS BASED ON THE LEGACY …**

Redact dollar amounts and percentage amounts. [Doc. 258-1 at 22].

    A. **The […] Monthly Rate …**

Redact dollar amounts and percentage amounts. [Doc. 258-1 at 22-23].

    B. **The [… ] Monthly Rate Is a Penalty …**

Redact dollar amounts and percentage amounts. [Doc. 258-1 at 24-26].

**CONCLUSION**

Redact percentage amount. [Doc. 258-1 at 31].

---

[1] The fully-redacted version of Extreme's Memo is publicly filed as Docs. 258-1 and 259-1. Document page references to the language in Extreme's Memo discussed in this section will be to the redacted version of the Memo filed publicly as Doc. 258-1.

### B. Plaintiffs Join in and Support Extreme's Other Redaction and Sealing Requests

In accordance with the Court's decisions in this case to seal and redact commercially sensitive pricing information and proprietary financial elements of Plaintiffs' agreements with customers, [Docs. 89, 227, 247], Plaintiffs join and support Extreme's request to redact Plaintiffs' pricing information from Extreme's Memo and to filing under seal Exhibit 2 to the Demers Declaration to protect commercially sensitive financial elements of Plaintiffs' agreements with customers, including commercially sensitive negotiated terms and conditions and pricing.

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' Motion should be denied with respect to redacting language from the Licensing Agreements other than pricing information and related financial elements as specified above. Plaintiffs join in Extreme's request to redact the pricing information and related financial elements as outlined above and join in Extreme's request to file under seal Exhibit 2 to the Demers Declaration.

**Respectfully submitted,**

Dated: March 30, 2023

By: /s/ *John L. Wood*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Dated:  March 30, 2023         By: /s/ *A. Matthew Ashley*
                                   A. Matthew Ashley (CA Bar. No. 198235)
                                   Morgan Chu (CA Bar. No. 70446)
                                   David Nimmer (CA Bar. No. 97170)
                                   Olivia Weber (CA Bar. No. 319918)
                                   IRELL & MANELLA LLP
                                   1800 Avenue of the Stars, Suite 900
                                   Los Angeles, California 90067-4276
                                   (310) 277-1010 (phone)
                                   (310) 203-7199 (facsimile)
                                   mchu@irell.com
                                   dnimmer@irell.com
                                   mashley@irell.com

                                   *Attorneys for Plaintiffs*
                                   *SNMP Research International, Inc.*
                                   *SNMP Research, Inc.*