IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., <br><br> Defendants. | Case No. 3:20-cv-00451-CEA-DCP <br><br> **Jury Demand** |

### PLAINTIFFS' RESPONSE TO EXTREME NETWORKS, INC.'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL ATTACHED TO MOTION TO REFER TO REGISTER OF COPYRIGHTS

Come now Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively "Plaintiffs"), by and through counsel, pursuant to Fed. R. Civ. P. 5.2, Local Rule 26.2(b) of this Court, and this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 11], and respectfully submit this response to Defendant Extreme Networks, Inc.'s ("Extreme") Motion for Leave to File Documents Under Seal ("Motion") with respect to documents Extreme is filing in support of its motion to refer questions to the Register of Copyrights. [Doc. 264]. Plaintiffs have filed this response in partial support of the Motion but also in opposition concerning certain information Plaintiffs submit can be unsealed in accordance with the Court's Order entered on March 31, 2023 regarding Extreme's prior most recent motion to seal documents filed in support of its motion to dismiss, [Doc. 270], and the Court's prior guidance that "[t]he parties are strongly encouraged to be very selective in the information they seek to seal." [Doc. 81 at 3].

Extreme's Motion seeks leave for the following:

1

2332249.2
Case 3:20-cv-00451-CEA-DCP   Document 271   Filed 04/03/23   Page 1 of 6   PageID #: 12872

1. To file a redacted version of Defendant Extreme Networks, Inc.'s Memorandum In Support of Its Motion to Refer Questions to the Register of Copyrights ("Memo"), [Doc. 264-1], redacting information that Extreme submits Plaintiffs have maintained is confidential, including: "(1) quotations from license agreements that Plaintiffs have filed entirely under seal; (2) information reflecting financial elements of Plaintiffs' licensing terms; and (3) statements referring to and describing certain license agreements produced by Plaintiffs which were designated as protected under the Agreed Protective Order at the time of their production." [Doc. 264.at 2];

2. To file a redacted Declaration of Leslie A. Demers In Support of Extreme Networks, Inc.'s Motion to Refer Questions to the Register of Copyrights ("Demers Declaration") because it references Exhibit 3 and also refers to and describes certain license agreements produced by Plaintiffs which were marked with confidentiality designations; [Doc 264-2];

3. To file in its entirety under seal Exhibit 3 to the Demers Declaration, [Doc. 264-3], being a financial report produced by and designated by Plaintiffs as "Attorney Eyes Only" under the Agreed Protective Order entered in this case [Doc. 93]; and

4. To file in its entirety under seal Exhibit 9 to the Demers Declaration, [Doc. 264-3], being correspondence dated February 2011 produced by and designated by Plaintiffs as "Confidential". [Doc. 264-4].

### A. Quotations From and References to Language in License Agreements Do Not Need to Be Redacted from Extreme's Memo and the Demers Declaration With The Exception of Commercially Sensitive Pricing and Financial Information And the Identity of Plaintiffs' Customers.

In accordance with Plaintiffs' position set forth in its most recent response, [Doc. 269], to Extreme's most recent motion for leave to file documents under seal, [Doc. 259], and the Court's ensuing Order denying Extreme's motion, [Doc. 270], Plaintiffs oppose Extreme's request to redact quotations and references from the License Agreements with the exception of currently redacted commercially

sensitive financial and pricing information and the identities of Plaintiffs' customers. Plaintiffs maintain that the identity of its customers, with the exception of the parties to this action, is commercially sensitive and confidential information that should remain protected from disclosure to protect the business interests of the Plaintiffs and their customers and Plaintiffs' relationships with its customers. Consequently, Plaintiffs submit that all of the proposed redactions in Extreme's Memo filed under seal as Doc. 265-1 should be removed with the exception of the following:[1]

### I. INTRODUCTION

Redact only the alleged amount of money collected by Plaintiffs for licenses . [Doc. 264-1 at 5].

### III. BACKGROUND

#### C. SNMPR'S Software Had Been Distributed …

Redact only the names of Plaintiffs' customers not sued in this lawsuit. [Doc. 264-1 at 8].

Redact only the alleged amount of money collected by Plaintiffs as well as the names of Plaintiffs' customers not sued in this lawsuit. [Doc. 264-1 at 9].

### IV. SINCE SECTION 41(B)(1) REQUIREMENTS …

#### 2. SNMPR's Software Was Not Subject …

Redact only the names of Plaintiffs' customers not sued in this lawsuit. [Doc. 264-1 at 15].

As for the Demers Declaration, filed under seal as Doc. 265-2, Plaintiffs oppose all the requested redactions with the exception of the names of Plaintiffs' customers not sued in this lawsuit that are mentioned in Paragraph 13 of the Demers Declaration. [Doc. 264-2].

---

[1] The fully-redacted version of Extreme's Memo is publicly filed as Docs. 264-1. Document page references to the language in Extreme's Memo discussed in this section will be to the redacted version of the Memo filed publicly as Doc. 264-1.

### B. Plaintiffs Support Extreme's Request to File Exhibits 3 of the Demers Declaration Under Seal In Their Entirety.

In accordance with the Court's decisions in this case to seal and redact commercially sensitive pricing information and proprietary financial elements of Plaintiffs' agreements with customers, [Docs. 89, 227, 247, 270], Plaintiffs join and support Extreme's request to file under seal in its entirety Exhibit 3 to the Demers Declaration to protect Plaintiffs' commercially sensitive financial information. Exhibit 3 to the Demers Declaration is a financial report containing proprietary and commercially sensitive financial information about Plaintiffs that should remain protected from public disclosure.

### C. Plaintiffs Do Not Join In Extreme's Request to File Exhibit 9 to the Demers Declaration Under Seal In Its Entirety and Submit Only the Personal Cell Phone Information Need Be Redacted Before Unsealing Exhibit 9.

Plaintiffs submit that the entirety of Exhibit 9 to the Demers Declaration need not be filed under seal. However, Plaintiffs marked the correspondence that is the proposed Exhibit 9 to the Demers Declaration as "Confidential" under the Agreed Protective Order because it contains confidential personal contact information, specifically, the personal cell phone number for Plaintiffs' owner. Plaintiffs submit that the personal cell phone number of Plaintiffs' owner's should be protected from public disclosure to protect his individual right of privacy, and such information is not the type of information to which the public should expect to be privy. Plaintiffs, therefore, submit that it would be appropriate for Exhibit 9 to the Demers Declaration to be unsealed if the personal cell phone number near the bottom of the first page of exhibit is redacted.

For the foregoing reasons, Plaintiffs respectfully submit that Defendants' Motion should be denied except for the aforementioned financial information, pricing information, identity of Plaintiff's customers, and personal contact information of Plaintiff's owner as discussed above.

**Respectfully submitted,**

Dated: April 3, 2023 By: /s/ *John L. Wood*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Dated: April 3, 2023          By: /s/ *A. Matthew Ashley*
                                 A. Matthew Ashley (CA Bar. No. 198235)
                                 Morgan Chu (CA Bar. No. 70446)
                                 David Nimmer (CA Bar. No. 97170)
                                 Olivia Weber (CA Bar. No. 319918)
                                 IRELL & MANELLA LLP
                                 1800 Avenue of the Stars, Suite 900
                                 Los Angeles, California 90067-4276
                                 (310) 277-1010 (phone)
                                 (310) 203-7199 (facsimile)
                                 mchu@irell.com
                                 dnimmer@irell.com
                                 mashley@irell.com

                                 *Attorneys for Plaintiffs*
                                 *SNMP Research International, Inc.*
                                 *SNMP Research, Inc.*