# EXHIBIT 13

COMPENDIUM II

COMPENDIUM

OF

COPYRIGHT OFFICE PRACTICES

Under the Copyright Law Which
Became Fully Effective on
January 1, 1978, Including
Title 17 of the United States
Code and Amendments Thereto

COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS
WASHINGTON, D. C.  20559

1984

Case 3:20-cv-00451-CEA-DCP   Document 285-5   Filed 04/10/23   Page 2 of 11   PageID #: 13433

# Chapter 300

## COPYRIGHTABLE MATTER: NONDRAMATIC LITERARY WORKS

### Outline of Topics

| | |
|---|---|
| 301 | Applicability of this chapter. |
| 302 | Definition: literary works. |
| 303 | Definition: nondramatic literary works. |
| 304 | Copyrightable literary expression. |
| 305 | Noncopyrightable material. |
| 305.01 | Names, titles, slogans, and other short phrases. |
| 305.02 | Ideas, methods, or systems. |
| 305.03 | Measuring and computing devices. |
| 305.04 | Works consisting entirely of information that is common property. |
| 305.05 | Blank forms. |
| 305.06 | Format or layout. |
| 305.07 | Book design. |
| 305.08 | Limits on copyrightability. |
| 305.09 | Use of protected characters, names, slogans, symbols, and seals. |
| 306 | Derivative works. |
| 306.01 | Extent of claim. |
| 306.02 | Types of nondramatic literary derivative works. |
| 307 | Compilations. |
| 307.01 | Registrability. |
| 307.02 | Telephone books, directories, price lists, and the like. |
| 307.03 | Coordination and arrangement. |

- 1 -

[1984]

308             Collective works.

  308.01        In general.
  308.02        Collective works made for hire.
  308.03        Registration of collective works.
  308.04        Periodicals other than daily newspapers.
  308.05        Daily newspapers: various editions.

309             Certain periodicals not collective works.

310             Contributions to collective works.

  310.01        All rights to an independent contribution
                owned by claimant of collective work.

311             Unit registration for contributions to periodi-
                cals.

312             Book jackets.

[Number 313 is reserved].

314             Tests and answer material for tests.

315             Secure tests.

316             Copyright ownership as distinct from owership of
                material object.

  316.01        Letters and diaries.

317             Interviews.

318             Facts, historical data, and "news."

  318.01        Research.

319             Author deceased before date of creation of work.

[1984]

320             Machine-readable works.

  320.01            Literary works embodied in machine-readable form.

321             Computer programs.

  321.01            Source code.
  321.02            Object code.
  321.03            Relationship between source code and object code.

322             Copyrightable subject matter.

323             Derivative computer programs.

  323.01            Registrability of a derivative computer program.

324             Deposit for registration: identifying material.

  324.01            Title on identifying material.
  324.02            Notice on identifying material.
  324.03            Source code as best deposit.
  324.04            Rule of doubt.
  324.05            Special relief.
  324.06            Specific deposit examples.

325             Completing the application form.

  325.01            Asserting a claim in a derivative computer program.
  325.02            Nature of authorship and extent of claim.

326             Glossary of terms.

327             Instructional booklets, flowcharts, and the like.

328             Automated data bases.

[1984]

| | |
|---|---|
| 321 | Computer programs. (cont'd) |
| 321.03 | Relationship between source code and object code. The Copyright Office considers source code and object code as two representations of the same computer program. For registration purposes, the claim is in the computer program rather than in any particular representation of the program. Thus separate registrations are not appropriate for the source code and object code representations of the same computer program. However, where a work in source code is registered in unpublished form, and the published version of the same work is submitted for registration in object code form, registration will be made. |
| 322 | Copyrightable subject matter. To be registrable, a computer program must contain at least a certain minimum amount of original authorship in the form of statements or instructions. |
| 323 | Derivative computer programs. A derivative computer program is one that is based on or incorporates material from a previously published or registered or public domain program that has been revised, augmented, abridged, or otherwise modified so that the modifications, as a whole, represent an original work of authorship. See also section 306 above. |
| 323.01 | Registrability of a derivative computer program. Registration for a derivative computer program covers only the additions, changes, or other new material appearing in the program for the first time. Therefore, the new material itself must be original and represent copyrightable authorship. Where only a few minor revisions or additions have been made, or where those that were made are of a rote nature predetermined by the functional considerations of the hardware, registration for the new material is not possible. |

[1984]

# Chapter 900

## PUBLICATION

## Outline of Topics

| | |
|---|---|
| 901 | Applicability of this chapter. |
| 902 | Statutory provision. |
| 903 | Authorization by the copyright owner. |
| 904 | General policy concerning publication. |
| 905 | Distribution as publication. |
| 905.01 | Multiple copies or phonorecords. |
| 905.02 | To the public. |
| 905.03 | Deposit in a public library. |
| 905.04 | Deposit for registration in the Copyright Office. |
| 905.05 | By sale or other transfer of ownership, or by rental, lease, or lending. |
| 906 | Offering to distribute as publication. |
| 906.01 | No existing copies or phonorecords. |
| 906.02 | To a group of persons. |
| 906.03 | For purposes of further distribution, public performance, or public display. |
| 907 | Alternative forms of publication. |
| 908 | Public performance or display not a publication. |
| 908.01 | To perform. |
| 908.02 | To display. |
| 908.03 | Public or private. |
| 909 | Publication of recorded material first distributed before January 1, 1978. |

[1984]

910             Date and nation of first publication.

   910.01       General policy concerning date and nation of
                first publication.
   910.02       Choice of a date of first publication.
   910.03       Release date.
   910.04       Embodiment of previously unpublished material
                in another work.
   910.05       Publication of part of a work.
   910.06       Publication in serial form.
   910.07       Publication of separate parts or installments.
   910.08       Previous registration and new versions.
   910.09       Works first published outside the United States.

911             Problems relating to date of publication.

   911.01       No date of publication.
   911.02       Incomplete date.
   911.03       Impossible or improbable date.
   911.04       Other calendrical systems.
   911.05       Separate parts or installments.
   911.06       Previous edition or version.

912             Indicia of publication.

   912.01       Appearance of deposited material.

[1984]

# Chapter 900

# PUBLICATION

901      Applicability of this chapter. The provisions of this chapter are applicable only to acts which occurred on or after January 1, 1978. Copyright Office practices concerning publication before January 1, 1978, are stated in Compendium I and generally still apply.

902      Statutory provisions. Publication is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication. 17 U.S.C. 101.

903      Authorization by the copyright owner. Not included in the statutory definition of "publication" but implicit in the meaning of the term as applied to copyright registration and related activities is the requirement that acts constituting publication must be by the copyright owner or under his or her authority. The unauthorized acts of others do not result in such publication. Section 106 of the current Act explicitly provides that the owner of copyright has the sole power to authorize distribution of "copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." See 17 U.S.C. 106(3).

904      General policy concerning publication. The following points represent the general policy of the Copyright Office concerning publication:

1) The Office will ordinarily not attempt to decide whether or not publication has occurred but will generally leave this decision to the applicant.

2) The Office will not attempt to make factual investigations to determine whether or not publication has occurred.

3) When asked for advice, the Office will ordinarily refrain from taking a definite position, but will quote the statutory definition and discuss the meaning of publication in general terms.

900-1

[1984]

Case 3:20-cv-00451-CEA-DCP Document 285-5 Filed 04/10/23 Page 9 of 11 PageID #: 13440

904 General policy concerning publication. (cont'd)

   4) Where the applicant provides the Office with a statement of facts on the basis of which the applicant concludes that publication has occurred, registration will be made as a published work, unless the facts as stated by the applicant clearly show that publication, as defined by the copyright law, has not taken place.

   5) Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished.

   6) Where the Office has information which is at variance with a statement concerning publication provided by the applicant, or where the appearance of the copy or phonorecord deposited seems clearly inconsistent with such statement, the Office will correspond with the applicant.

905 Distribution as publication. Works are published when copies or phonorecords are distributed by the copyright owner or under his or her authority to the public by sale or other transfer of ownership, or by rental, lease, or lending.

   905.01 Multiple copies or phonorecords. The statutory definition refers to the distribution of "copies or phonorecords." A work which exists in only one copy or phonorecord is generally not regarded as published when the single existing copy or phonorecord is transferred by sale or otherwise, or when it is rented, leased, or lent. However, where multiple copies are available for distribution, the transfer, rental, lease, or lending of a single copy or phonorecord will be sufficient for registration to be made as a published work.

   Examples:

   1) If an original oil painting is sold to a private collector, that sale does not constitute publication.

[1984]

905     Distribution as publication. (cont'd)

    905.01     Multiple copies or phonorecords. (cont'd)

        Examples: (cont'd)

        2) Where a manufacturer of pottery places copies of its work on sale at a roadside stand next to the factory and sells a single copy, publication does take place.

    905.02     To the public. In order for publication to occur by the distribution of copies or phonorecords, such distribution must be "to the public" rather than a more limited distribution. Generally, members of the public are persons who are under no implied or express restriction with respect to disclosure of the work's contents. See H.R. Rep. 94-1476, 94th Cong., 2d Sess. 138 (1976).

        Examples:

        1) The distribution of copies on a busy street corner is publication.

        2) The unrestricted gift of copies constitutes publication.

        3) Leaving copies in a public place for anyone to take is publication.

        4) Distributing texts at a seminar for use only by the recipients is ordinarily not publication.

        NOTE: The fact that the copies bear a statement indicating that their distribution has been restricted or limited in some way will generally not constitute a sufficient basis for questioning whether or not publication occurred.

        Examples:

        1) "Confidential -- these specifications are for subscribers' use only."

        2) "Not for general distribution."

        3) "For professional use only."

[1984]