# EXHIBIT 15

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL JEON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BEN ANDERSON, ET AL.,<br><br>　　　　Defendants | CASE NO.: SACV 17-1709 JVS (KES)<br><br><br>RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2) |

On December 21, 2018, pursuant to 17 U.S.C. § 411(b)(2), the Court requested advice from the Acting Register of Copyrights (the "Acting Register")[1] by February 1, 2019, on the following questions (the "Request"):

   A) Would the Register of Copyrights have rejected Plaintiff's Registration No. VAu 1-292-317 for 2-dimensional artwork in its entirety if, at the time of the application, the Register of Copyrights had known that although Plaintiff had characterized the works as an unpublished collection, Plaintiff previously had

---

[1] The Librarian of Congress appointed Karyn Temple to the position of Acting Register of Copyrights on October 21, 2016. *See* Leadership and Offices, COPYRIGHT.GOV, https://www.copyright.gov/about/leadership/ (last visited Mar. 1, 2019).

1

RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS

published works PP-2641, PPFG-0001, PPBT-0001, SLND-0001, PPMR-0001, and PWWB-0001?

B) Would the Register of Copyrights have rejected Plaintiff's Registration No. VAu 1-292-321 for 2-dimensional artwork in its entirety if, at the time of the application, the Register of Copyrights had known that although Plaintiff had characterized the works as an unpublished collection, Plaintiff previously had published works BP-0042, BP-0051, BP-0078, BPLU-0001, BPRF-0001, BPMC-0001, BPHR-0001, BPG-0001, and BP-0244?[2]

Because the Acting Register did not receive a copy of the Court's Request until February 21, 2019, the Acting Register requested, and the Court granted, an extension to respond to the Request until March 6, 2019.[3] The Acting Register hereby submits her response.

## BACKGROUND

### I. Examination History

A review of the Copyright Office's records shows the following: On August 11, 2017, the U.S. Copyright Office ("Copyright Office" or "Office") received applications to register two collections of two-dimensional artwork, titled "PP-2637, et al." and "AP-0001, et al." Together, the two applications listed 251 individual titles, including the fifteen titles and works featured in the chart below (the "Works"), which are the subject of this Request.

---

[2] Request at 3 (December 21, 2018).

[3] Email from Jalyce Mangum, Attorney-Advisor, U.S. Copyright Office, to Karla Tunis, Courtroom Deputy to the Hon. James V. Selna, United States District Court Central District of California (Feb. 25, 2019); Email from Karla Tunis to Jalyce Mangum (Feb. 25, 2019).

2
RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS



Both applications identified "Gil Joong Jeon," as the author and copyright claimant of two-dimensional artwork, and indicated that the works in the collections were created in 2015. The application for PP-2637, et al. provided May 11, 2015, as the date of first publication. And the application for AP-0001, et al. provided October 14, 2015, as the date of first publication. Both applications excluded "2-D Artwork" from the claims to copyright, thus indicating that the works in the collections contained preexisting material.

After it received the applications, the Office had questions regarding the basis for registration.[4] The Copyright Office examiner assigned to review the applications wrote Plaintiff to explain that while unpublished works may be filed in a single application, published works cannot be filed in a single application.[5] Accordingly, the examiner asked Plaintiff to identify one work to register per application.[6] The examiner also asked Plaintiff to clarify why he excluded "2-D artwork" in the applications.[7] Plaintiff responded and asked the examiner to change the status of the works to "not published."[8] Plaintiff did not clarify why he excluded "2-D artwork" in the applications.

The Office replied to acknowledge Plaintiff's representation that the works had not been published and to, again, ask Plaintiff to clarify why he excluded "2-D artwork" in the applications.[9] Plaintiff responded and asked the examiner to

---

[4] The correspondence records for the Works contained in PP-2637, et al. and AP-0001, et al. are nearly identical, varying only by time stamp.

[5] Emails from Kristen Sosinski, Registration Specialist, U.S. Copyright Office, to Gil Jeon (Oct. 13, 2017). Reproductions of the text of these emails and all other email correspondence between the Office and Plaintiff related to the Works contained in PP-2637, et al. and AP-000, as stored in the Copyright Office's Siebel Public Sector system, are attached hereto as Exhibit A.

[6] *Id.*

[7] *Id.*

[8] Emails from Gil Jeon, to Kristen Sosinski (Oct. 14, 2017) (included in Exhibit A).

[9] Emails from Kristen Sosinski, to Gil Jeon (Oct. 16, 2017) (included in Exhibit A).

4
RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS

1  "[p]lease remove '2-D artwork' from the Material Excluded field."[10]  As requested
2  by Plaintiff, the examiner amended the applications by removing the dates of first
3  publication and removing "2-D artwork" from the Material Excluded field.
4      Based on Plaintiff's representations, the Office registered each collection as an
5  unpublished collection with an effective date of registration ("EDR")[11] of August
6  11, 2017, and assigned registration numbers VAu 1-292-317 and VAu 1-292-321.
7  The Office had no reason to question the representations provided by Plaintiff
8  through correspondence and accepted them as true and accurate.[12]  After
9  registering the collections, the Office sent Plaintiff a letter cautioning that the
10 registrations extended only to the copyrightable works in Plaintiff's deposits.[13]
11 The Office also warned that the "scope of the registration[s] is limited to the extent
12 that the applicant has satisfied applicable rules for filing as an unpublished
13 collection" under 37 C.F.R. § 202.3(b)(4)(B).[14]  Finally, the Office advised that
14 "[t]o the extent that a particular work has been improperly included within a
15 collection . . . then the registration does not extend to that particular work."[15]

16 ## II.   The Court's Order

17      In the Request, the Court indicated that it had found that Plaintiff
18 "knowingly submitted inaccurate information in connection with his application[s]
19 for Copyright Registration Nos.  VAu 1-292-321 and VAu 1-292-317 because the

---

[10] Emails from Gil Jeon, to Kristen Sosinski (Oct. 16, 2017) (included in Exhibit A).

[11] The EDR is the date that the Office received a completed application, the correct deposit copy, and the proper filing fee.

[12] The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition*.  One such principle is that the Office generally "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."  Additionally, "the Office does not conduct investigations or make findings of fact to confirm the truth of any statement made in an application."  COMPENDIUM (THIRD) § 602.4(D).

[13] Letter from Kristen Sosinski, to Gil Jeon 1 (Oct. 17, 2017) (attached hereto as Exhibit B); *see* COMPENDIUM (THIRD) § 1108.

[14] Letter from Kristen Sosinski, to Gil Jeon 2 (Oct. 17, 2017).

[15] *Id.*

'unpublished collections' contained [the Works] that [Plaintiff] had both published and sold prior to submitting his applications" on August 11, 2017.[16] The Court requested that the Acting Register consider whether, given this information, the Office would have refused to register the claims that included the Works.

## ANALYSIS

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 409, and 410. Regulations governing applications for registration are codified in title 37 of the Code of the Federal Regulations at 37 C.F.R. §§ 202.1 to 202.21(2016). The principles that govern how the Office examines registration applications are found in the *Compendium of U.S. Copyright Office Practices, Third Edition* (*"Compendium"*). The statutory requirements, regulations, and *Compendium* practices most relevant to the Court's request are as follows:

The Copyright Act defines publication as the "distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease or lending."[17] The Act, additionally, provides that "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."[18] The *Compendium* illustrates that "[p]ublication occurs when fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers."[19] In applying this latter provision when carrying out its registration functions, the Copyright Office considers the *actual* distribution (in

---

[16] Request at 2.

[17] 17 U.S.C. § 101 (definition of "publication").

[18] 17 U.S.C. § 101 (definition of "publication").

[19] COMPENDIUM (THIRD) § 1906.1.

6
RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS

addition to the mere "offering to distribute") of copies or phonorecords to a group of persons for the enumerated purposes also to constitute a publication.[20]

An unpublished collection is "[a] registration accommodation by the U.S. Copyright Office for registering a number of unpublished works with one application, one filing fee, and one set of deposit copies."[21]  The Office will generally "issue a registration if some of the works set forth in the deposit[] [for an unpublished collection] contain a sufficient amount of original authorship."[22] Works registered under the unpublished collection option may thus contain both copyrightable and uncopyrightable material;[23] the registration, however, only extends to copyrightable works. In addition, the unpublished collection registration option may not be used to register any works that have been previously published.[24]

The Copyright Office's regulations require applicants to make "[a] declaration that information provided within the application is correct to the best of [the applicant's] knowledge."[25]  Generally, the Office "accepts the facts stated in

---

[20] *See* PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT 3.3.2 (3d ed. Supp. 2011) (noting that the "better" reading of the statute "would make publication occur at the earliest point—the date of an offer to distribute or the date of actual distribution—at which the copyright owner placed its work in the channels of commerce").

[21] COMPENDIUM (THIRD) Glossary.

[22] COMPENDIUM (THIRD) § 1108.

[23] COMPENDIUM (THIRD) § 1108 ("As a general rule, the U.S. Copyright Office will issue a registration if some of the works set forth in the deposit[] contain a sufficient amount of original authorship [; if] the registration specialist determines that the deposit[] contain[s] material that is copyrightable and material that is clearly uncopyrightable, he or she may register the claim without communicating with the applicant.").

[24] COMPENDIUM (THIRD) § 1106.1 ("All of the copyrightable elements that are otherwise recognizable as self-contained works must be unpublished . . . Works that do not satisfy these requirements cannot be registered as an unpublished collection. In particular, an applicant cannot use this option to register a number of published and unpublished works. If any of the works have been published, the applicant should not include those works in the claim.").  Effective March 15, 2019, the Office will phase out the unpublished collection option in favor of a group registration option for unpublished works, which allows registration of up to ten unpublished works for a single fee. *See* Group Registration of Unpublished Works, 84 Fed. Reg. 3,693 (Feb. 13, 2019).

[25] 37 C.F.R. § 202.3(c)(2)(iii).

7

RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS

the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."[26]

In responding to the Court's questions, the Office applies the foregoing governing statutory and regulatory standards, and examining principles.

Based on the foregoing governing statutory and regulatory standards, and its examining practices, had the Office been aware that the Works had been published prior to the date Plaintiff submitted its applications, the Office would have refused to register these works as part of an unpublished collection.

Dated:      March 5, 2019

Karyn A. Temple
Acting Register of Copyrights

---

[26] COMPENDIUM (THIRD) §§ 602.4(D), 612.3 ("As a general rule, the Office will accept the applicant's representation that the work is published or unpublished, unless that statement is implausible or is contradicted by information provided elsewhere in the registration materials.").

8
RESPONSE OF THE ACTING REGISTER OF COPYRIGHTS

## EXHIBIT A

| Date | Type | Email Body |
|---|---|---|
| 10/13/2017 10:28 AM | Email - Outbound | Dear Gil Joong Jeon:<br><br>I am reviewing the copyright application you submitted to register "AP-0001" and 180 other titles. There are two issues that need to be resolved before the registration is complete.<br><br>1.  We cannot register all of your artworks on the one application and fee that you filed.  Please, tell us which one (1) work we should register in this case; none of the other works will be covered by this registration.  You deposited samples of several published works in this case, but we do not have a rule that allows one registration to cover a group or collection of separate published works.  Publishing the works on the same date, even at the same time, does not qualify them to be filed on the one application form and fee.  Unpublished works may be filed as a collection in the same application form, but several published works may not be filed as a collection in the same filing; instead, a separate form and fee must be filed for each separate work.   These registration practices are explained in Chapter 1100 of our Compendium of Practices, www.copyright.gov/comp3/chapter1100.html. See also, our circular "Multiple Works" at www.copyright.gov/circs/circ34.pdf<br><br>For information about publication, specific to visual artworks, please see www.copyright.gov/circs/circ40.pdf<br><br>Assuming that you are correct that all of the artworks have been published, tell us which one (1) artwork to register.  You will then need to file a separate form, pay a separate fee, and deposit a separate sample for each of the other published works that you want to register.<br><br>2.  Please, explain why you have entered "2-D artwork" in both the Material Excluded and New Material Included fields on the application.<br><br>If an artwork was borrowed and adapted from some preexisting artwork or design, then entering "2-D artwork" in the Material Excluded field is correct. In this case, however, you should enter more than merely "2-D artwork" in the New Material Included field; here, you should give more specifics about how that preexisting work was modified or adapted to create the new artwork you are filing now.<br><br>Therefore, please tell us what was preexisting and what new elements were added to the artwork you would like to register. Your answer will help us determine whether the work contains enough original authorship to support registration.<br><br>On the other hand, if the artwork you are attempting to register is not borrowed or adapted from any preexisting artwork or design or photograph, then these spaces do not apply and should have been left blank. |

| | | |
|---|---|---|
| | | Please note that if we do not receive a response to this message within 45 days, we will close this case without processing your registration or notifying you further, and forward your deposit copy(ies) under the provisions of the current copyright law. The fee is not refundable. If you re-apply for registration after the case is closed, you must send a new application, copy and fee. The effective date of registration will be based on the new submission.<br><br>Sincerely,<br>Kristen Sosinski<br>Registration Examiner<br>U.S. Copyright Office<br><br>When replying to this email, please include the following thread id (entire line) within the body of your response to expedite routing to the correct office.<br><br>[THREAD ID:1-2PNX2TV] |
| 10/14/2017 11:29 AM | Email - Inbound | OK, I understand.<br>please change to below.<br><br>1. change to not publish.<br>2. my all works are graphic design.<br><br>Thank you |
| 10/16/2017 9:54 AM | Email - Outbound | Dear Gil Joong Jeon:<br><br>I understand that these works have not been published and I will amend the application accordingly.<br><br>Your reply didn't answer the second issue: Your application indicates that some of elements of the artwork are borrowed, pre-existing, or created by someone else. Is this correct? If yes, please tell us what was preexisting and what new elements were added to the artworks.<br><br>On the other hand, if created these works entirely and did not use, borrow or adapt any parts for use in your designs, then it appears you have mistakenly filled out the "Material Excluded" field (limitation of claim). In this case, please give us permission to remove "2-D artwork" from the Material Excluded field.<br><br>Please let me know if you have any questions.<br><br>Please note that if we do not receive a response to this message within 45 days, we will close this case without processing your registration or notifying you further, and forward your deposit copy(ies) under the provisions of the current copyright law. The fee is not refundable. If you re-apply for registration after the case is closed, you must send a new application, copy and fee. The effective date of registration will be based on the new submission. |

|  |  | Sincerely,<br>Kristen Sosinski<br>Registration Examiner<br>U.S. Copyright Office<br><br>When replying to this email, please include the following thread id (entire line) within the body of your response to expedite routing to the correct office.<br><br>[THREAD ID:1-2PNX2TV] |
|---|---|---|
| **10/16/2017 10:17 PM** | Email - Inbound | Please remove "2-D artwork" from the Material Excluded field.<br>I give you permission<br><br>Thank you. |

**EXHIBIT B**



**United States Copyright Office**
Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

October 17, 2017

Gil Joong Jeon
5771 SHIRL ST
CYPRESS, CA 90630-3324
United States

Correspondence ID:   1-2PVKTMN

RE: see title list below

Dear Gil Joong Jeon:

We have completed registration of the copyright claims in these works. The registration certificates will be mailed soon. We are writing to inform you about two very important limitations on your registrations.

Your registration deposits contain more than one work, each of which could have been filed separately for us to consider for registration. You might intend to use the works separately or as a set. In either case, please note that registration might not extend to all of the works that you deposited.

The registrations extend to only the copyrightable works within your deposits. Your deposits might contain both copyrightable and non-copyrightable works. If you had filed separately for each of these works, then we would have registered only those that are copyrightable. Thus, these registrations do not extend to any non-copyrightable works.

Please note that if a work contains only minor revisions or additions, or consists only of new material not protected by copyright, registration is not possible. Examples of material not protected by copyright include names, titles, short phrases, familiar shapes (including states and countries) and symbols (including official flags), typography, layout, format, or a mere change of size or coloring.

Our registration rules allow, in appropriate circumstances, for more than one unpublished or published work to be filed on one application, with one deposit and filing fee. The copyright statute (17 U.S.C. 101 et seq.) and our regulations (37 C.F.R. 202.3(b) (4) (A) & (B)) are very clear about the scope of registrations. We can issue registration for only copyrightable works (17 U.S.C. 410), and a registration will issue as long as any one work within the deposit is copyrightable (37 C.F.R. 202.3(b) (3)). Under our current regulations, we do not request that the applicant exclude any non-copyrightable works from the deposit, because in no case can the registration extend copyright and registration benefits to an otherwise non-copyrightable work. Furthermore, under our current practices we do not specify which

Gil Joong Jeon — - 2 - — 1-2PVKTMN

works within a large filing are copyrightable and not copyrightable; if you want such specific opinions for future works, then please submit them separately.

In addition, the scope of the registration is limited to the extent that the applicant has satisfied applicable rules for filing as an unpublished collection (37 C.F.R. 202.3(b) (4) (B)), or a published unit (37 C.F.R. 202.3(b) (4)(A)), or a published group (37 C.F.R. 202.3(b) (4)-(b) (10)). Our regulations permit filing more than one work in the same filing but only if very strict requirements are met. To the extent that a particular work has been improperly included within a collection, unit or group, then the registration does not extend to that particular work. We accepted at face value your implicit declaration that the applicable rules for collections, groups, or units were satisfied because we had no obvious reason to inquire about this issue.

This letter is for your information only; no response is necessary. For more information about what copyright protects and does not protect, as well as for a fuller explanation of the basic rules for filing collections, units, and groups, visit our website and study Circulars 1 and 40.

Sincerely,
Kristen Sosinski
Registration Examiner
U.S. Copyright Office

Enclosures:
 Reply Sheet

Title List:   BP-0711, et al.
              PP-2637, et al.
              CP-0060, et al.
              AP-0001, et al.



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov



\*1-2PVKTMN\*

# Return this sheet with your reply.

**US Postal Service mail only** (and <u>only</u> for packages <u>no larger than</u> 12 x 18 x 4 inches) - use this address:

    COP/VA Division Reply
    PO Box 71680
    Washington, DC 20024-1680

**Private carriers (Fedex, UPS, etc.),** and for any package larger than 12 x 18 x 4 inches whether USPS or private carrier - use this address:

    Library of Congress
    Copyright Office – VA
    101 Independence Avenue SE
    Washington, DC 20559-6211

**Packaging:** If you send an audiotape, videotape, CD, CD-ROM, DVD, or photograph, <u>use a box</u> rather than a soft container – to avoid damage in the mail screening process.

**Reply Time** - 60 days from the date of the postmark of our letter, unless stated otherwise in the letter.

**If there is no response within the timeframe listed in this letter, this claim will be closed. Your deposit and non-refundable filing fee will be retained.**

**If you re-apply for registration after the case file is closed**, you must send a new application, copy, and fee. The effective date of registration will be based on the new submission.