# Exhibit 6



**Copyright**
United States Copyright Office

# Copyright Basics

## What Is Copyright?

Copyright is a form of protection provided by the laws of the United States (title 17, *U.S. Code*) to the authors of "original works of authorship," including literary, dramatic, musical, artistic, and certain other intellectual works. This protection is available to both published and unpublished works. Section 106 of the 1976 Copyright Act generally gives the owner of copyright the exclusive right to do and to authorize others to do the following:

- reproduce the work in copies or phonorecords
- prepare derivative works based upon the work
- distribute copies or phonorecords of the work to the public by sale or other transfer of ownership, or by rental, lease, or lending
- perform the work publicly, in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audio-visual works
- display the work publicly, in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work
- perform the work publicly (in the case of sound recordings*) by means of a digital audio transmission

In addition, certain authors of works of visual art have the rights of attribution and integrity as described in section 106A of the 1976 Copyright Act. For further information, see Circular 40, *Copyright Registration for Works of the Visual Arts*.

It is illegal for anyone to violate any of the rights provided by the copyright law to the owner of copyright. These rights, however, are not unlimited in scope. Sections 107 through 122 of the 1976 Copyright Act establish limitations on these rights. In some cases, these limitations are specified exemptions from copyright liability. One major limitation is the doctrine of "fair use," which is given a statutory basis in section 107 of the 1976 Copyright Act. In other instances, the limitation takes the form of a "compulsory license" under which certain limited uses of copyrighted works are permitted upon payment of specified royalties and compliance with statutory conditions. For further information about the limitations of any of these rights, consult the copyright law or write to the Copyright Office.

**\*NOTE:** Sound recordings are defined in the law as "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Common

SNMP-0016686

## What Works Are Protected?

Copyright protects "original works of authorship" that are fixed in a tangible form of expression. The fixation need not be directly perceptible so long as it may be communicated with the aid of a machine or device. Copyrightable works include the following categories:

1. literary works
2. musical works, including any accompanying words
3. dramatic works, including any accompanying music
4. pantomimes and choreographic works
5. pictorial, graphic, and sculptural works
6. motion pictures and other audiovisual works
7. sound recordings
8. architectural works

These categories should be viewed broadly. For example, computer programs and most "compilations" may be registered as "literary works"; maps and architectural plans may be registered as "pictorial, graphic, and sculptural works."

## What Is Not Protected by Copyright?

Several categories of material are generally not eligible for federal copyright protection. These include among others:

· Works that have not been fixed in a tangible form of expression (for example, choreographic works that have not been notated or recorded, or improvisational speeches or performances that have not been written or recorded)

· Titles, names, short phrases, and slogans; familiar symbols or designs; mere variations of typographic ornamentation, lettering, or coloring; mere listings of ingredients or contents

· Ideas, procedures, methods, systems, processes, concepts, principles, discoveries, or devices, as distinguished from a description, explanation, or illustration

· Works consisting entirely of information that is common property and containing no original authorship (for example: standard calendars, height and weight charts, tape measures and rulers, and lists or tables taken from public documents or other common sources)

## How to Secure a Copyright

### Copyright Secured Automatically upon Creation

The way in which copyright protection is secured is frequently misunderstood. No publication or registration or other action

in the Copyright Office is required to secure copyright. See the following note. There are, however, certain definite advantages to registration. See *Copyright Registration* on page 7.

Copyright is secured automatically when the work is created, and a work is "created" when it is fixed in a copy or phonorecord for the first time. "Copies" are material objects from which a work can be read or visually perceived either directly or with the aid of a machine or device, such as books, manuscripts, sheet music, film, videotape, or microfilm. "Phonorecords" are material objects embodying fixations of sounds (excluding, by statutory definition, motion picture soundtracks), such as cassette tapes, CDs, or vinyl disks. Thus, for example, a song (the "work") can be fixed in sheet music ("copies") or in phonograph disks ("phonorecords"), or both. If a work is prepared over a period of time, the part of the work that is fixed on a particular date constitutes the created work as of that date.

## Publication

Publication is no longer the key to obtaining federal copyright as it was under the Copyright Act of 1909. However, publication remains important to copyright owners.

The 1976 Copyright Act defines publication as follows:

*"Publication" is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display constitutes publication. A public performance or display of a work does not of itself constitute publication.*

**NOTE:** Before 1978, federal copyright was generally secured by the act of publication with notice of copyright, assuming compliance with all other relevant statutory conditions. U.S. works in the public domain on January 1, 1978, (for example, works published without satisfying all conditions for securing federal copyright under the Copyright Act of 1909) remain in the public domain under the 1976 Copyright Act.

Certain foreign works originally published without notice had their copyrights restored under the Uruguay Round Agreements Act (URAA). See Circular 38B and see *Notice of Copyright* section on page 4 for further information.

Federal copyright could also be secured before 1978 by the act of registration in the case of certain unpublished works and works eligible for ad interim copyright. The 1976 Copyright Act automatically extended copyright protection to full term for all works that, as of January 1, 1978, were subject to statutory protection.

SNMP-0016688

A further discussion of the definition of "publication" can be found in the legislative history of the 1976 Copyright Act. The legislative reports define "to the public" as distribution to persons under no explicit or implicit restrictions with respect to disclosure of the contents. The reports state that the definition makes it clear that the sale of phonorecords constitutes publication of the underlying work, for example, the musical, dramatic, or literary work embodied in a phonorecord. The reports also state that it is clear that any form of dissemination in which the material object does not change hands, for example, performances or displays on television, is not a publication no matter how many people are exposed to the work. However, when copies or phonorecords are offered for sale or lease to a group of wholesalers, broadcasters, or motion picture theaters, publication does take place if the purpose is further distribution, public performance, or public display.

Publication is an important concept in the copyright law for several reasons:

- Works that are published in the United States are subject to mandatory deposit with the Library of Congress. See discussion on *Mandatory Deposit for Works Published in the United States* on page 10.

- Publication of a work can affect the limitations on the exclusive rights of the copyright owner that are set forth in sections 107 through 122 of the law.

- The year of publication may determine the duration of copyright protection for anonymous and pseudonymous works (when the author's identity is not revealed in the records of the Copyright Office) and for works made for hire.

- Deposit requirements for registration of published works differ from those for registration of unpublished works. See discussion on *Registration Procedures* on page 7.

- When a work is published, it may bear a notice of copyright to identify the year of publication and the name of the copyright owner and to inform the public that the work is protected by copyright. Copies of works published before March 1, 1989, must bear the notice or risk loss of copyright protection. See discussion on *Notice of Copyright* below.

## Notice of Copyright

The use of a copyright notice is no longer required under U.S. law, although it is often beneficial. Because prior law did contain such a requirement, however, the use of notice is still relevant to the copyright status of older works.

Notice was required under the 1976 Copyright Act. This requirement was eliminated when the United States adhered to the Berne Convention, effective March 1, 1989. Although works published without notice before that date could have entered the public domain in the United States, the Uruguay Round Agreements Act (URAA) restores copyright in certain foreign works originally published without notice. For further information about copyright amendments in the URAA, see Circular 38b.

The Copyright Office does not take a position on whether copies of works first published with notice before March 1, 1989, which are distributed on or after March 1, 1989, must bear the copyright notice.

Use of the notice may be important because it informs the public that the work is protected by copyright, identifies the copyright owner, and shows the year of first publication. Furthermore, in the event that a work is infringed, if a proper notice of copyright appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in section 504(c)(2) of the copyright law. Innocent infringement occurs when the infringer did not realize that the work was protected.

The use of the copyright notice is the responsibility of the copyright owner and does not require advance permission from, or registration with, the Copyright Office.

### Form of Notice for Visually Perceptible Copies

The notice for visually perceptible copies should contain all the following three elements:

1 The symbol © (the letter C in a circle), or the word "Copyright," or the abbreviation "Copr."; *and*

2 The year of first publication of the work. In the case of compilations or derivative works incorporating previously published material, the year date of first publication of the compilation or derivative work is sufficient. The year date may be omitted where a pictorial, graphic, or sculptural work, with accompanying textual matter, if any, is reproduced in or on greeting cards, postcards, stationery, jewelry, dolls, toys, or any useful article; *and*

3 The name of the owner of copyright in the work, or an abbreviation by which the name can be recognized, or a generally known alternative designation of the owner.

Example: © *2010 John Doe*

The "C in a circle" notice is used only on "visually perceptible copies." Certain kinds of works—for example, musical, dramatic, and literary works—may be fixed not in "copies"

Case 3:20-cv-00451-CEA-DCP   Document 293-8   Filed 04/14/23   Page 4 of 4   PageID #: 13721

SNMP-0016689