IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

---

SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,

Plaintiffs,

v.

BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC.,

Defendants.

---

Case No. 3:20-cv-00451-CEA-DCP

U.S. District Judge Charles E. Atchley

## JOINT MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. ("Plaintiffs") and Defendant Extreme Networks, Inc. ("Extreme," collectively, "the parties"), by and through their counsel, pursuant to Federal Rule of Procedure 5.2, Local Rule 26.2, this Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 11) ("Sealing Order"), and this Court's April 6, 2023 Order (ECF No. 280), jointly seek leave of this Court to submit Extreme's Memorandum of Law in Support of its Motion to Refer Questions to the Register of Copyrights (the "Memorandum of Law"), the Declaration of Leslie A. Demers in Support of Extreme's Motion to Refer Questions to the Register of Copyrights (the "Demers Declaration") and Exhibits 3 and 9 to the Demers Declaration under seal and/or in redacted form as indicated below.

In its prior Motion for Leave to File Documents Under Seal (ECF No. 264), Extreme submitted proposed public versions of the Memorandum of Law, the Demers Declaration, and Exhibits 3 and 9 to the Demers Declaration which redacted and/or sealed material previously

sealed by Plaintiffs, or produced in this litigation by Plaintiffs pursuant to confidentiality designations, including: (1) quotations from a license agreement between Extreme and Plaintiffs; (2) statements referring to and describing certain license agreements produced by Plaintiffs which were designated as protected under the Agreed Protective Order at the time of their production; (3) excerpts of a financial report designated as Attorneys Eyes Only by Plaintiffs; and (4) an e-mail conversation designated as confidential by Plaintiffs and which contains personal contact information.

On April 3, 2023, Plaintiffs filed a response to Extreme's motion supporting in part Extreme's proposed redactions to the Memorandum of Law and Demers Declaration, supporting Extreme's request to file Exhibit 3 to the Demers Declaration under seal, and contending that Exhibit 9 to the Demers Declaration could be filed publicly with limited redactions. (ECF No. 271.) Plaintiffs indicated that they would not seek to seal all quotations from the license agreement between Extreme and Plaintiffs, and seek only to seal information pertaining to Plaintiffs' pricing or related financial terms, or information identifying Plaintiffs' customers that are (or were) not parties to this litigation. On April 6, 2023, pursuant to a request from Extreme to which all parties and their counsel agreed, the Court denied Extreme's motion and ordered the parties to make the instant submission. (ECF No. 280.)

The parties[1] now move jointly for leave to file a redacted version of the Memorandum of Law because pages 1, 8-9, and 15 of the Memorandum of Law contain financial and pricing information that Plaintiffs have maintained is commercially sensitive and/or disclose the identities

---

[1] As set forth in Extreme's prior Motion for Leave (ECF No. 264), Extreme does not have an independent reason to request sealing of the material sought to be sealed herein, but joins in the instant request insofar as Plaintiffs have maintained that the material sought to be sealed contains commercially sensitive information regarding Plaintiffs and Plaintiffs' customers.

2

of Plaintiffs' customers that were not sued in this litigation. The parties further move jointly to file a redacted version of the Demers Declaration because Paragraph 13 of the Demers Declaration contains the names of certain of Plaintiffs' customers that were not sued in this litigation. Plaintiffs seek to redact this information in order to protect its business interests and Plaintiffs' relationships with its customers. The material sought to be redacted from the Memorandum of Law and the Demers Declaration through the instant motion is consistent with the proposed redactions set forth in Plaintiffs' Response to Extreme's Motion for Leave to File Documents Under Seal (ECF No. 271).

The parties further move to file Exhibit 3 to the Demers Declaration, excerpts of a financial report produced by Plaintiffs, under seal in its entirety because Exhibit 3 contains proprietary and commercially sensitive financial information about Plaintiffs that should remain protected from public disclosure. The parties are mindful of the Court's instruction to be "very selective in the information they seek to seal" (ECF No. 81 at 3); here, Plaintiffs have sought to seal the same and similar information in the past (*see* ECF Nos. 2, 3, 50, 51-3, 223, 224-2, 245, 276), and the Court has previously granted those motions. (*See* ECF Nos. 89, 227, 247, 279.)

The parties further move to file Exhibit 9 to the Demers Declaration, e-mail correspondence dated February 2011 produced by Plaintiffs in this litigation, in redacted form because it contains confidential personal contact information, namely, the personal cell phone number of Plaintiffs' owner. The parties have proposed redactions to this document only to the extent necessary to remove the contact information from public disclosure.

Pursuant to Local Rule 26.2 and the Court's Sealing Order, the parties are publicly filing a redacted version of the Memorandum of Law as Exhibit A to this Motion, a redacted version of the Demers Declaration as Exhibit B to this Motion, a fully redacted version of Exhibit 3 to the

3

Demers Declaration as Exhibit C to this Motion, and a redacted version of Exhibit 9 to the Demers Declaration as Exhibit D to this Motion. Additionally, as required by the Sealing Order, unredacted versions of the Memorandum of Law, the Demers Declaration, and Exhibits 3 and 9 to the Demers Declaration are being filed under seal, with the portions of the Memorandum of Law, Demers Declaration, and Exhibit 9 to the Demers Declaration proposed to be redacted highlighted.

WHEREFORE, the parties respectfully request that this Court grant this Motion and seal the redacted portions of the Memorandum of Law, Demers Declaration, and Exhibit 9 to the Demers Declaration, and seal in its entirety Exhibit 3 to the Demers Declaration.

DATED: April 14, 2023
New York, New York

Respectfully Submitted,

*/s/ John L. Wood*

John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
Olivia Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900

*/s/ Leslie A. Demers*

J. Chadwick Hatmaker, BPR# 018693
Kaitlyn E. Hutcherson, BPR# 035188
WOOLFE, MCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
Tel: (865) 215-1000
Fax: (865) 215-1001
chatmaker@wmbac.com
khutcherson@wmbac.com

John M. Neukom (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
bnbarath@debevoise.com
(415) 738-5700

4

Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc.*
*SNMP Research, Inc.*

Leslie A. Demers (*admitted pro hac vice*)
Chris J. Coulson (*admitted pro hac vice*)
Anthony P. Biondo (*admitted pro hac vice*)
Ryan P. Bisaillon (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
chris.coulson@skadden.com
anthony.biondo@skadden.com
ryan.bisaillon@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*