# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451 |
| Plaintiffs, | § § § | |
| v. | § § | |
| | § | **Jury Demand** |
| Broadcom Inc., Brocade Communications Systems LLC, and Extreme Networks, Inc., | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Come now Plaintiffs SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP Research International"), by and through counsel, and pursuant to Fed. R. Civ. P. 5.2 and Local Rule 26.2(b) of this Court, and this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 11], and seek leave of this Court to submit certain documents under seal.

Plaintiffs move for leave to file under seal Exhibit C to the declaration of Olivia Weber which is a source code excerpt submitted with the copyright registration application for NETMON, Associated Applications, and Libraries Version 15. Plaintiff requests that the Court allow it to file Weber Decl. Exhibit C be filed under seal because it contains Plaintiff's source code, which Plaintiff has designated as HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS under the Protective Order and because the parties have agreed should be kept confidential.

In the Sixth Circuit, there is a "strong presumption in favor of openness" as to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)

(quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The presumption that court records will remain open to the public can be overcome by a showing that "disclosure will work a clearly defined and serious injury." *Shane*, 825 F.3d at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). A showing that the information sought to be sealed constitutes trade secrets is typically enough to overcome the presumption of access. *Shane*, 825 F.3d at 308.

Weber Decl. Exhibit C contains Plaintiff's source code is subject to copyright protection and by contract and otherwise restricted from dissemination. Plaintiff is a software company, and its source code is central to that software, licensing of which is the source of Plaintiff's revenues. The source code contained in Weber Decl. Exhibit C is some of Plaintiff's source code which is at issue in this dispute. The parties do not dispute and have agreed that the parties' source code in general and the source code in question here should be maintained as confidential and protected from public dissemination.

**Respectfully submitted this 3rd day of April, 2023.**

/s/ John L. Wood
Cheryl G. Rice, Esq. (BPR #021145)
John L. Wood, Esq. (BPR #027642)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
crice@emlaw.com
jwood@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc. and*
*SNMP Research, Inc.*