# EXHIBIT 13

COMPENDIUM II

COMPENDIUM

OF

COPYRIGHT OFFICE PRACTICES

Under the Copyright Law Which
Became Fully Effective on
January 1, 1978, Including
Title 17 of the United States
Code and Amendments Thereto

COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS
WASHINGTON, D. C.   20559

1984

Case 3:20-cv-00451-CEA-DCP   Document 301-5   Filed 04/17/23   Page 2 of 11   PageID #: 14190

Chapter 300

---
COPYRIGHTABLE MATTER:
NONDRAMATIC LITERARY WORKS

Outline of Topics

301        Applicability of this chapter.

302        Definition: literary works.

303        Definition: nondramatic literary works.

304        Copyrightable literary expression.

305        Noncopyrightable material.

    305.01      Names, titles, slogans, and other short
                phrases.
    305.02      Ideas, methods, or systems.
    305.03      Measuring and computing devices.
    305.04      Works consisting entirely of information
                that is common property.
    305.05      Blank forms.
    305.06      Format or layout.
    305.07      Book design.
    305.08      Limits on copyrightability.
    305.09      Use of protected characters, names, slogans,
                symbols, and seals.

306        Derivative works.

    306.01      Extent of claim.
    306.02      Types of nondramatic literary derivative
                works.

307        Compilations.

    307.01      Registrability.
    307.02      Telephone books, directories, price lists,
                and the like.
    307.03      Coordination and arrangement.

- 1 -

[1984]

308          Collective works.

    308.01          In general.
    308.02          Collective works made for hire.
    308.03          Registration of collective works.
    308.04          Periodicals other than daily newspapers.
    308.05          Daily newspapers: various editions.

309          Certain periodicals not collective works.

310          Contributions to collective works.

    310.01          All rights to an independent contribution
                    owned by claimant of collective work.

311          Unit registration for contributions to periodi-
             cals.

312          Book jackets.

[Number 313 is reserved].

314          Tests and answer material for tests.

315          Secure tests.

316          Copyright ownership as distinct from owership of
             material object.

    316.01          Letters and diaries.

317          Interviews.

318          Facts, historical data, and "news."

    318.01          Research.

319          Author deceased before date of creation of work.

[1984]

320         Machine-readable works.

    320.01      Literary works embodied in machine-readable
                form.

321         Computer programs.

    321.01      Source code.
    321.02      Object code.
    321.03      Relationship between source code and object
                code.

322         Copyrightable subject matter.

323         Derivative computer programs.

    323.01      Registrability of a derivative computer
                program.

324         Deposit for registration: identifying material.

    324.01      Title on identifying material.
    324.02      Notice on identifying material.
    324.03      Source code as best deposit.
    324.04      Rule of doubt.
    324.05      Special relief.
    324.06      Specific deposit examples.

325         Completing the application form.

    325.01      Asserting a claim in a derivative computer
                program.
    325.02      Nature of authorship and extent of claim.

326         Glossary of terms.

327         Instructional booklets, flowcharts, and the
            like.

328         Automated data bases.

[1984]

321          Computer programs.  (cont'd)

321.03          Relationship between source code and object
                code.  The Copyright Office considers source
                code and object code as two representations
                of the same computer program.  For registra-
                tion purposes, the claim is in the computer
                program rather than in any particular repre-
                sentation of the program.  Thus separate
                registrations are not appropriate for the
                source code and object code representations
                of the same computer program.  However,
                where a work in source code is registered in
                unpublished form, and the published version
                of the same work is  submitted for registra-
                tion in object code form, registration will
                be made.

322          Copyrightable subject matter.  To be registra-
             ble, a computer program must contain at least a
             certain minimum amount of original authorship in
             the form of statements or instructions.

323          Derivative computer programs.  A derivative
             computer program is one that is based on or
             incorporates material from a previously pub-
             lished or registered or public domain program
             that has been revised, augmented, abridged, or
             otherwise modified so that the modifications, as
             a whole, represent an original work of author-
             ship.  See also section 306 above.

323.01          Registrability of a derivative computer
                program.  Registration for a derivative
                computer program covers only the additions,
                changes, or other new material appearing in
                the program for the first time.  Therefore,
                the new material itself must be original and
                represent copyrightable authorship.  Where
                only a few minor revisions or additions have
                been made, or where those that were made are
                of a rote nature predetermined by the
                functional considerations of the hardware,
                registration for the new material is not
                possible.

[1984]

Chapter 900

## PUBLICATION

Outline of Topics

901        Applicability of this chapter.

902        Statutory provision.

903        Authorization by the copyright owner.

904        General policy concerning publication.

905        Distribution as publication.

    905.01        Multiple copies or phonorecords.
    905.02        To the public.
    905.03        Deposit in a public library.
    905.04        Deposit for registration in the Copyright Office.
    905.05        By sale or other transfer of ownership, or by
                  rental, lease, or lending.

906        Offering to distribute as publication.

    906.01        No existing copies or phonorecords.
    906.02        To a group of persons.
    906.03        For purposes of further distribution, public
                  performance, or public display.

907        Alternative forms of publication.

908        Public performance or display not a publication.

    908.01        To perform.
    908.02        To display.
    908.03        Public or private.

909        Publication of recorded material first distributed
           before January 1, 1978.

[1984]

910          Date and nation of first publication.

    910.01          General policy concerning date and nation of
                    first publication.
    910.02          Choice of a date of first publication.
    910.03          Release date.
    910.04          Embodiment of previously unpublished material
                    in another work.
    910.05          Publication of part of a work.
    910.06          Publication in serial form.
    910.07          Publication of separate parts or installments.
    910.08          Previous registration and new versions.
    910.09          Works first published outside the United States.

911          Problems relating to date of publication.

    911.01          No date of publication.
    911.02          Incomplete date.
    911.03          Impossible or improbable date.
    911.04          Other calendrical systems.
    911.05          Separate parts or installments.
    911.06          Previous edition or version.

912          Indicia of publication.

    912.01          Appearance of deposited material.

[1984]

901     Applicability of this chapter. The provisions of this
        chapter are applicable only to acts which occurred on
        or after January 1, 1978. Copyright Office practices
        concerning publication before January 1, 1978, are
        stated in Compendium I and generally still apply.

902     Statutory provisions. Publication is the distribution
        of copies or phonorecords of a work to the public by
        sale or other transfer of ownership, or by rental,
        lease, or lending. The offering to distribute copies
        or phonorecords to a group of persons for purposes of
        further distribution, public performance, or public
        display, constitutes publication. A public performance
        or display of a work does not of itself constitute
        publication. 17 U.S.C. 101.

903     Authorization by the copyright owner. Not included in
        the statutory definition of "publication" but implicit
        in the meaning of the term as applied to copyright
        registration and related activities is the requirement
        that acts constituting publication must be by the copy-
        right owner or under his or her authority. The
        unauthorized acts of others do not result in such
        publication. Section 106 of the current Act explicitly
        provides that the owner of copyright has the sole power
        to authorize distribution of "copies or phonorecords of
        the copyrighted work to the public by sale or other
        transfer of ownership, or by rental, lease, or
        lending." See 17 U.S.C. 106(3).

904     General policy concerning publication. The following
        points represent the general policy of the Copyright
        Office concerning publication:

        1)  The Office will ordinarily not attempt to decide
            whether or not publication has occurred but will
            generally leave this decision to the applicant.

        2)  The Office will not attempt to make factual
            investigations to determine whether or not
            publication has occurred.

        3)  When asked for advice, the Office will ordinarily
            refrain from taking a definite position, but will
            quote the statutory definition and discuss the
            meaning of publication in general terms.

[1984]

Case 3:20-cv-00451-CEA-DCP Document 301-5 Filed 04/17/23 Page 9 of 11 PageID #: 14197

904          <u>General policy concerning publication</u>. (cont'd)

    4)    Where the applicant provides the Office with a statement of facts on the basis of which the applicant concludes that publication has occurred, registration will be made as a published work, unless the facts as stated by the applicant clearly show that publication, as defined by the copyright law, has not taken place.

    5)    Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished.

    6)    Where the Office has information which is at variance with a statement concerning publication provided by the applicant, or where the appearance of the copy or phonorecord deposited seems clearly inconsistent with such statement, the Office will correspond with the applicant.

905          <u>Distribution as publication</u>. Works are published when copies or phonorecords are distributed by the copyright owner or under his or her authority to the public by sale or other transfer of ownership, or by rental, lease, or lending.

905.01       <u>Multiple copies or phonorecords</u>. The statutory definition refers to the distribution of "copies or phonorecords." A work which exists in only one copy or phonorecord is generally not regarded as published when the single existing copy or phonorecord is transferred by sale or otherwise, or when it is rented, leased, or lent. However, where multiple copies are available for distribution, the transfer, rental, lease, or lending of a single copy or phonorecord will be sufficient for registration to be made as a published work.

          Examples:

    1)    If an original oil painting is sold to a private collector, that sale does not constitute publication.

905          <u>Distribution as publication</u>.  (cont'd)

905.01       <u>Multiple copies or phonorecords</u>.  (cont'd)

Examples:  (cont'd)

2)  Where a manufacturer of pottery places copies of its work on sale at a roadside stand next to the factory and sells a single copy, publication does take place.

905.02       <u>To the public</u>.  In order for publication to occur by the distribution of copies or phonorecords, such distribution must be "to the public" rather than a more limited distribution.  Generally, members of the public are persons who are under no implied or express restriction with respect to disclosure of the work's contents.  See H.R. Rep. 94-1476, 94th Cong., 2d Sess. 138 (1976).

Examples:

1)  The distribution of copies on a busy street corner is publication.

2)  The unrestricted gift of copies constitutes publication.

3)  Leaving copies in a public place for anyone to take is publication.

4)  Distributing texts at a seminar for use only by the recipients is ordinarily not publication.

NOTE:  The fact that the copies bear a statement indicating that their distribution has been restricted or limited in some way will generally not constitute a sufficient basis for questioning whether or not publication occurred.

Examples:

1)  "Confidential -- these specifications are for subscribers' use only."

2)  "Not for general distribution."

3)  "For professional use only."

[1984]