IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § § § § § § § § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | | |
| v. | | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | | |
| Defendants. | | |

**PLAINTIFFS SNMP RESEARCH, INC.'S AND SNMP RESEARCH INTERNATIONAL, INC.'S [PROPOSED] SUR-REPLY TO EXTREME NETWORKS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

In its reply brief in support of its motion to dismiss, Extreme admits that punitive damages are available when a breach of contract involves "conduct that was committed 'intentional[ly], fraudulent[ly], malicious[ly], or reckless[ly].'" Reply (Dkt. 291) at 25 (quoting *Com. Painting Co. v. Weitz*, 2022 WL 737468, at *24 (Tenn. Ct. App. Mar. 11, 2022)). But then Extreme points to two paragraphs in the Amended Complaint (Dkt. 244, ¶¶ 154 and 155) and argues, for the first time, that "[t]hese are not factual allegations that make plausible an inference that Extreme acted 'intentionally, fraudulently, maliciously or recklessly." *Id.* First, as noted in the accompanying motion to strike, Extreme's motion and moving brief did not attack the request for punitive damages in any way other than arguing that the fraud claim is barred by the economic loss doctrine. So Extreme should not be able to raise this argument at all on reply. *See Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief

- 1 -

because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'").

Second, a request for punitive damages is not a "claim" for relief, so it is not even properly subject to a rule 12(b)(6) motion because resolving it will not resolve an entire claim. *See, e.g.*, *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 614 (W.D. Tenn. 2011) (denying motion to dismiss because punitive damages is not an independent cause of action and noting that the "argument to dismiss the remedies is not well-taken"); *Caboodles Cosms., Ltd. P'ship v. Caboodles, LLC*, 412 F. Supp. 2d 872, 881 (W.D. Tenn. 2006) (denying dismissal of punitive damages because the underlying, independent cause of action for fraud was sufficiently pled); *see also Hobbs v. Kroger Ltd. P'ship*, No. 3:18-CV-01026, 2019 WL 1861330, at *2 (M.D. Tenn. Apr. 24, 2019) (denying request to dismiss punitive damages where complaint "plausibly alleged" that defendant acted "recklessly," noting that the "task at the pleading stage is simply 'to allege enough facts to make it plausible that [defendant] bears legal liability'").[1]

Third, while Extreme is correct that the opposition brief cites to Amended Complaint paragraphs 154 and 155 (because those paragraphs make clear that Plaintiffs are seeking punitive damages), the Amended Complaint also includes detailed allegations of fact showing that the breaches in question involved fraudulent conduct, including but not limited to Extreme making knowingly false representations in royalty reports and emails sent to Plaintiffs. *See* Amended Complaint, ¶¶ 87-99 and

---

[1] There are cases (including in this District) where courts have dismissed requests for punitive damages requests on Rule 12(b)(6) motion, but in those cases, it does not appear that the courts were ever presented with the question about whether it is appropriate to dismiss a requested remedy on such a motion. *See, e.g.*, *N.H. ex rel. Hernandez v. Sequoyah Council, Inc.*, No. 2:11-CV-171, 2012 WL 2126863, at *2 (E.D. Tenn. Apr. 30, 2012) (granting motion seeking dismissal of punitive damages; reasoning that there were no alleged underlying facts revealing intentional, fraudulent, malicious, or reckless behavior).

144-53.[2]  Consequently, Extreme's attempt to treat Plaintiffs' fraud allegations as "bare legal conclusions" is demonstrably false.  Reply (Dkt. 291) at 25.  Indeed, that is why Extreme's motion and moving brief do not even attempt to challenge the legal sufficiency under Rule 9(b) of Plaintiffs' fraud allegations.  *See, e.g.*, *In re. National Century Fin. Enters.*, 504 F. Supp. 2d 287, 318 (S.D. Ohio 2007) (where state law provided for punitive damages upon finding of fraud, the fact that a fraud claim was properly pleaded meant punitive damages could not be dismissed at the pleadings stage).  Moreover, Rule 9(b) expressly provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Finally, if the Court ultimately decides to entertain Extreme's punitive damages argument and finds (and it should not so find) that the Amended Complaint's request for punitive damages fails for lack of pleading enough details about Extreme's fraud, then Plaintiffs respectfully request leave to amend to provide further details about the scope of the fraud, including but not limited to more details about the misrepresentations that were made, the scope of misstatements in terms of quantities, and other details.  If the Court finds any other defect in the Amended Complaint, Plaintiffs similarly request leave to amend any such defects.  To the extent it is necessary after the Court rules on the motion to dismiss, Plaintiffs will file a motion requesting leave to amend to address any deficiencies the Court might find.

---

[2] To the extent Extreme argues that some of the fraud allegations (including punitive damages) are contained within Claim 6 (Fraud) rather than Claim 5 (Breach), that is not a basis to dismiss the punitive damages allegations, particularly where Extreme itself argues that the conduct in the fraud claim is also at issue in the breach of contract claim.  Dkt. 277 at 21-22 (arguing that the fraud claim purportedly mirrors the contract claim); Dkt. 291 at 21-23 (same).  Moreover, if needed, it can be corrected with a simple amendment incorporating by reference the allegations in paragraphs ¶¶ 145-155 into Claim 5.

Respectfully submitted,

Dated: April 20, 2023         By: /s/ *Cheryl G. Rice*
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    jwood@emlaw.com
    crice@emlaw.com
    rnasrollahi@emlaw.com


By: /s/ *A. Matthew Ashley*
    A. Matthew Ashley (CA Bar. No. 198235)
    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    Olivia L. Weber (CA Bar. No. 319918)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    mchu@irell.com
    dnimmer@irell.com
    mashley@irell.com
    oweber@irell.com

    *Attorneys for Plaintiffs*
    *SNMP Research International, Inc. and*
    *SNMP Research, Inc.*