UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>Plaintiffs,<br><br>v.<br><br>EXTREME NETWORKS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 3:20-CV-451-CEA-DCP<br>)<br>)<br>)<br>) |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on May 3, 2023, for an informal discovery dispute conference. Attorneys Olivia Weber and Cheryl Rice appeared on behalf of Plaintiffs. Attorneys Barbara Barath, J. Chadwick Hatmaker, John Neukom, and Leslie Demers appeared on behalf of Defendant. Prior to the informal discovery dispute conference, the parties submitted position statements outlining their discovery dispute. Specifically, the parties dispute whether Plaintiffs should be treated as one party for purposes of Rule 33 of the Federal Rules of Civil Procedure. In the event that the Court determines that Plaintiffs are one entity for purposes of Rule 33, Plaintiffs seek leave to serve an additional twenty-five (25) interrogatories.

The Court has considered the parties' position statements and the presentations during the telephonic conference. Rule 33(a)(1), by its terms, does not limit multiple plaintiffs or multiple defendants in a case to a combined total of only twenty-five (25) interrogatories. Fed. R. Civ. P. 33(a)(1). Instead, the Rule provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." *Id*. In light of the Rule's specific reference

to "parties," as opposed to sides, *cf.* Fed. R. Civ. P. R. 30(a)(2), the Court will enforce the twenty-five (25) interrogatory limit per party unless there are reasons to depart from this general rule, including any of the reasons enumerated in Rule 26(b)(2)(C) (allowing the court to limit the frequency and extent of discovery).

Both parties acknowledge case law departing from this interpretation of the Rule, including the undersigned's decision in *Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137-TRM-DCP, 2022 WL 831432, at *9 (E.D. Tenn. Mar. 18, 2022) (imposing the twenty-five (25) limit per side given that plaintiffs "acted as a single, unified entity in serving [their discovery] requests"). Defendant argues that Plaintiffs should be treated as a single entity because they are only nominally separate. *See Kleiman v. Wright*, No. 18-CIV-80176, 2020 WL 1666787, at *1 (S.D. Fla. Apr. 3, 2020) ("Parties may be considered nominally separate when represented by a single attorney, when there is unity of action, or when there is a legal relationship between parties.").

While Plaintiffs are related and share the same counsel, the Court declines to treat them as the same party for purposes of Rule 33. Throughout this litigation, Plaintiffs have separately served interrogatories on Defendant. *Cf. Knox Trailers, Inc.*, 2022 WL 831432, at *9. Defendant references the Rule 26(f) report in support of its position that Plaintiffs have acted as a single entity, but the Court finds this not persuasive given that Plaintiffs proposed serving seventy-five (75) interrogatories per Defendant [Doc. 46]. Further, the Court has reviewed the Amended Complaint, alleging that Plaintiff SNMP Research is primarily a research and development company that creates, licenses, and supports products based on SNMP, while SNMP International is primarily responsible for sales, marketing, and sublicensing software under the License from SNMP Research [Doc. 244 ¶¶ 30–31]. While Dr. Case owns and runs both companies, [*see id*. ¶ 32], Plaintiffs set forth different causes of action against Defendant. For example, Plaintiff SNMP

Research, the registered owner of the copyright, alleges copyright infringement under the third cause of action, while SNMP International alleges a breach of contract case in the fifth cause of action [*Id*. at 26–27, 28–29].

In light of Plaintiffs' different, albeit related, companies, the fact that they have not acted as a single entity during discovery, and the different causes of action alleged in the Amended Complaint, the Court will not treat them as a single entity for purposes of Rule 33. In making this decision, the Court has considered the proportionality of such discovery and finds it to be reasonable under the circumstances of this case. *See* Fed. R. Civ. P. 26(b).

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge