**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

-------------------------------------------------------- x
                      :

SNMP RESEARCH, INC. and SNMP       :     Case No. 3:20-cv-00451-CEA-DCP
RESEARCH INTERNATIONAL, INC.,     :
                      :     U.S. District Judge Charles E. Atchley
        Plaintiffs,           :
                      :
          v.               :
                      :
BROADCOM INC.; BROCADE         :
COMMUNICATIONS SYSTEMS LLC; and  :
EXTREME NETWORKS, INC.,       :
                      :
        Defendants.         :
-------------------------------------------------------- x

### DEFENDANT EXTREME NETWORKS, INC.'S
### OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE NEW ARGUMENT FIRST RAISED ON REPLY OR, ALTERNATIVELY, TO GRANT LEAVE TO FILE A SUR-REPLY

SNMP Research, Inc.'s and SNMP International, Inc.'s (collectively, "SNMPR") Motion to Strike New Argument First Raised on Reply or, Alternatively, to Grant Leave to File a Sur-Reply ("Motion to Strike") attacks Extreme's reply on two grounds. Neither has merit.

**First**, SNMPR argues that "Extreme's Motion to Dismiss did not challenge Plaintiffs' well-pleaded allegations of fraud." (ECF No. 305 at 2.) That argument is correct, and to whatever extent SNMPR seeks to preclude Extreme from arguing on its current motion that SNMPR's fraud claim should be dismissed for failure to adequately plead fraud, Extreme does not oppose. And yet this argument is beside the point: Extreme's motion was not based on any such argument.[1]

**Second**, SNMPR argues that Extreme "did not challenge the sufficiency of the Amended Complaint's request for punitive damages," and thus should not be allowed to argue that the "claim

---

[1] Extreme reserves the right to challenge the sufficiency of SNMPR's fraud allegations in any subsequent amended complaint.

for punitive damage should be dismissed." (ECF No. 305 at 2.) SNMPR is mistaken. Extreme challenged the only request for punitive damages that SNMPR made in the Amended Complaint (premised exclusively on SNMPR's ***fraud claim***). SNMPR's motion is an improper attempt to backdoor a brand-new request for punitive damages (premised on its breach of ***contract claim***) nowhere found in SNMPR's Amended Complaint, and should be denied.

## I. Extreme's Opening Brief Made Clear That It Sought to Dismiss SNMPR's Existing Claim For Punitive Damages.

Extreme's Opening Brief noted that SNMPR sought "hundreds of millions of dollars in damages," including "punitive damages." (ECF No. 277 at 1.) It then explained that "Extreme moves to dismiss SNMPR's fraud claim (***upon which SNMPR relies to seek punitive damages***) because the claim is barred by the economic loss doctrine since it is premised on Extreme's alleged breaches of contract." (*Id.* at 2 (emphasis added).)

Extreme did not move to dismiss any other claims for punitive damages because there were none. In particular, SNMPR's Amended Complaint premises SNMPR's demand for punitive damages on a single claim—SNMPR's fraud claim:

SIXTH CAUSE OF ACTION (Fraud) (Against Extreme) . . .

154. Extreme acted fraudulently or recklessly in making its misrepresentations.

155. Due to Extreme's malicious, intentional, fraudulent, and reckless behavior, ***Plaintiffs are entitled to punitive damages*** pursuant to TENN. CODE ANN. § 29-39-104(a)(1) (2021).

(ECF No. 244 at 30, 32.) The Amended Complaint does not mention "punitive damages" anywhere else, not even in the Prayer for Relief. Indeed, SNMPR concedes in its proposed sur-reply that only "paragraphs [154 and 155] make clear that Plaintiffs are seeking punitive damages." (ECF No. 305-1 at 2.)

2

By challenging SNMPR's fraud claim, Extreme addressed the ***only*** claim under which SNMPR pleaded a request for punitive damages. Thus, in order to dismiss SNMPR's request for punitive damages, there was no need for Extreme to move to dismiss any other claim. *See Price v. AgriLogic Ins. Services, LLC*, 37 F. Supp. 3d 885, 901 (E.D. Ky. 2014) ("[D]ismissal of a punitive damages count is proper when the underlying tort claims have been dismissed."). SNMPR is simply wrong that "Extreme's Motion to Dismiss . . . did not attack the Amended Complaint's request for punitive damages" nor "challenge the sufficiency of the Amended Complaint's request for punitive damages." (ECF No. 305 at 2.)

## II. SNMPR Raised a New Punitive Damages Theory in Its Opposition.

Instead, SNMPR argued for the first time in its Opposition that it may be entitled to punitive damages pursuant to its ***contract claim***. Specifically, SNMPR argued that "even if this Court were to rule that the fraud claim is barred by the economic loss doctrine, Plaintiffs are still entitled to seek punitive damages under the breach of contract claim." (ECF No. 283 at 25.) In support, SNMPR argued that it had "alleged [intentional, fraudulent, malicious, or reckless] conduct" and cited only those allegations in paragraphs 154 and 155 of the Amended Complaint. (*Id.* (citing Amended Complaint ¶¶ 154-55).) But the cited allegations are those reproduced above—made in support of SNMPR's ***fraud*** claim—and absent from its ***contract*** claim.

## III. Extreme's Reply Properly Responded to SNMPR's Opposition.

Extreme's Reply responded to SNMPR's new punitive damages theory. First, Extreme explained that "such damages generally are not recoverable for breach of contract." (ECF No. 291 at 2.) "This is entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797-98 (W.D. Tenn. 2012) (denying motion for leave to file a supplemental response where reply addressed plaintiffs' argument that was "not a new argument

3

but rather a counterpoint in response to Plaintiffs' theory of competitive standing"). SNMPR does not dispute this point.

Second, Extreme on reply addressed the two specific paragraphs of the Amended Complaint that SNMPR cited in its Opposition, explaining that they "are not factual allegations that make plausible an inference that Extreme acted 'intentionally, fraudulently, maliciously, or recklessly.'" (ECF No. 291 at 25.) In its proposed sur-reply, SNMPR attempts to address the sufficiency of its allegations supporting punitive damages pursuant to its ***contract claim***. But there are none; SNMPR did not seek punitive damages pursuant to that claim.[2]

SNMPR argues in a footnote that this failing can be remedied by "a simple amendment incorporating by reference the allegations in paragraphs ¶¶ 145-155 [(the two paragraphs discussed above)] into Claim 5 [(the breach of contract claim)]." (ECF No. 305-1 at 3 n.2.) But a footnote in a proposed sur-reply attached to a motion to strike is not the proper avenue to move to amend a complaint. *See Graves v. Mahoning Cnty.*, No. 10-cv-2821, 2011 WL 3703950, at *4 (N.D. Ohio Aug. 23, 2011) (rejecting plaintiffs' attempt to amend complaint, including via language in a proposed sur-reply, without following proper leave to amend procedures). SNMPR already sought and obtained leave to amend its complaint once. (*See* ECF Nos. 222, 243.) In doing so, SNMPR

---

[2] SNMPR's proposed sur-reply also includes a belated attempt to distinguish authority Extreme cited in its Opening Brief for the proposition that courts can dismiss claims for relief. (*See* ECF No. 305-1 at 2 n.1.) SNMPR had its chance to respond in its Opposition but chose not to. In any event, SNMPR's cited cases are inapposite. In each of those cases, the court refused to dismiss claims for punitive damages because underlying claims—pursuant to which the plaintiff could as a matter of law recover punitive damages—remained. *See Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 614, 617 (W.D. Tenn. 2011) (underlying unjust enrichment and conversion claims); *Caboodles Cosms., Ltd. P'ship v. Caboodles, LLC*, 412 F. Supp. 2d 872, 881 (W.D. Tenn. 2006) (underlying fraud claim); *Hobbs v. Kroger Ltd. P'ship*, No. 18-cv-01026, 2019 WL 1861330, at *2, *3 (M.D. Tenn. Apr. 24, 2019) (underlying claim for negligence and recklessness). Here, SNMPR's fraud claim—which is the only claim pursuant to which it has pleaded a request for punitive damages—is subject to dismissal under the economic loss doctrine.

4

chose not to include a request for punitive damages pursuant to its contract claim. SNMPR should

not be permitted to use Extreme's response to an argument SNMPR raised for the first time in its

Opposition to Extreme's Motion to Dismiss to insert a new damages theory.


DATED:        May 4, 2023

                                                      Respectfully Submitted,

                                                      */s/ Leslie A. Demers*

J. Chadwick Hatmaker, BPR# 018693         John M. Neukom (*admitted pro hac vice*)
Kaitlyn E. Hutcherson, BPR# 035188        Barbara N. Barath (*admitted pro hac vice*)
WOOLFE, MCLANE, BRIGHT,                    DEBEVOISE & PLIMPTON LLP
   ALLEN & CARPENTER, PLLC                 650 California Street
Post Office Box 900                        San Francisco, California 94108
Knoxville, Tennessee 37901-0900           Tel: (415) 738-5700
Tel:  (865) 215-1000                       Fax: (415) 644-5628
Fax:  (865) 215-1001                       jneukom@debevoise.com
chatmaker@wmbac.com                        bnbarath@debevoise.com
khutcherson@wmbac.com

                                                      Leslie A. Demers (*admitted pro hac vice*)
                                                      Chris J. Coulson (*admitted pro hac vice*)
                                                      Anthony P. Biondo (*admitted pro hac vice*)
                                                      Ryan P. Bisaillon (*admitted pro hac vice*)
                                                      SKADDEN, ARPS, SLATE,
                                                        MEAGHER & FLOM LLP
                                                      One Manhattan West
                                                      New York, New York 10001
                                                      Tel: (212) 735-3000
                                                      Fax: (212) 735-2000/1
                                                      leslie.demers@skadden.com
                                                      chris.coulson@skadden.com
                                                      anthony.biondo@skadden.com
                                                      ryan.bisaillon@skadden.com

                                                      *Attorneys for Extreme Networks, Inc.*