IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS SNMP RESEARCH, INC.'S AND SNMP RESEARCH INTERNATIONAL, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE NEW ARGUMENT FIRST RAISED ON REPLY OR, ALTERNATIVELY, TO GRANT LEAVE TO FILE A SUR-REPLY**

Extreme's opposition to the motion to strike concedes that the sole basis for Extreme's motion to dismiss the fraud claim (which includes a punitive damages request) is the economic loss doctrine. Dkt. 277 at 20-23. Yet, on the final page of Extreme's reply brief in support of its motion to dismiss, Extreme argued for the very first time that Plaintiffs' punitive damages request fails because it is supposedly "conclusory" and does not satisfy the standard for plausibility in evaluating a claim for purposes of Rule 12(b)(6). Dkt. 291 at 25. Extreme's opposition to Plaintiffs' motion to strike does not dispute that this argument as to pleading sufficiency was never made in Extreme's motion to dismiss moving brief. Indeed, in its opposition to the motion to strike, Extreme raises yet another new argument (not even raised in its motion to dismiss reply brief)—namely, that the punitive damage request fails because it is only included in the Amended Complaint paragraphs that contain the fraud cause of action and not also repeated in the paragraphs containing the breach of contract cause of action

(Dkt. 308 at 2-4).[1]  Under these circumstances, the Court should either strike Extreme's new arguments, or in the alternative allow submission of the proposed sur-reply attached to Plaintiffs' motion to strike.

---

[1] Extreme does not dispute that this supposed pleading defect could be resolved with the mere addition of a paragraph in the breach of contract cause of action incorporating by reference the paragraphs contained within the fraud cause of action (and notably, the breach of contract cause of action already incorporates by reference the fraud allegations contained in the body of the amended complaint; Dkt. 244 ¶ 137; *id.* ¶¶ 87-99).

Respectfully submitted,

Dated: May 11, 2023

By: /s/ *John L. Wood*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

By: */s/ A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc. and*
*SNMP Research, Inc.*