# Exhibit C



6480 Via Del Oro / San Jose, CA 95119 / +1-408-579-2800 / ExtremeNetworks.com

February 14, 2017

**BROCADE COMMUNICATIONS SYSTEMS, INC.**
130 Holger Way
San Jose, CA 95134-1376

**BROADCOM CORPORATION**
1320 Ridder Park Drive
San Jose, CA 95131

Re:    Confidentiality Agreement by and among Brocade Communications Systems, Inc., a Delaware corporation ("Brocade"), Broadcom Corporation, a California corporation ("Broadcom"), and Extreme Networks, Inc. (the "Company" or "Extreme Networks") (with each of Brocade, Broadcom and the Company hereinafter referred to individually as a "Party" and collectively as the "Parties")

Ladies and Gentlemen:

In connection with the Parties' consideration of a possible negotiated transaction (any such transaction being hereinafter referred to as a "Possible Transaction") involving the Data Center Switching, Routing and Analytics business (the "Business") of Brocade and its subsidiaries, each of Brocade, Broadcom, and Extreme Networks is prepared to make available to each other, including their Representatives (as defined below), certain information concerning, but not limited to, financial conditions, operations, assets and liabilities.

As a condition to such information being furnished to a party receiving information (each such party, a "Receiving Party") and its Representatives, each Receiving Party agrees that it will, and will cause its Representatives to, treat the Confidential Information in accordance with the provisions of this letter agreement and to otherwise comply with the terms set forth herein. The term "Representatives" shall mean the subsidiaries, members, directors, officers, employees, agents and advisors (including, without limitation, attorneys, accountants, consultants, bankers and financial advisors) of a Party and those of its subsidiaries; provided, that, notwithstanding anything to the contrary contained herein, any potential source of financing, including, without limitation debt, equity, co-investment partners or otherwise, shall not be considered a Representative of the Company hereunder unless and until Brocade and Broadcom has given its prior written consent that such person may be deemed a Representative of the Company. The term "person" as used in this letter agreement shall be broadly interpreted to include the media

CONFIDENTIAL                                                              EXTREME-00008090

and any governmental representative or authority, corporation, company, partnership, joint venture, group, limited liability company, other entity or individual.

1. **Confidential Information.** "Confidential Information" shall include, but not be limited to, all information relating, directly or indirectly, to either a party disclosing information (each such party, a "Disclosing Party") or its affiliates or the business, products, markets, condition (financial or other), operations, assets, liabilities, results of operations, cash flows or prospects of a Disclosing Party or its affiliates (whether prepared by such Disclosing Party, its advisors or otherwise) which is delivered, disclosed or furnished by or on behalf of such Disclosing Party to a Receiving Party or to its Representatives before, on or after the date hereof, regardless of the manner in which it is delivered, disclosed or furnished, or in which a Receiving Party or its Representatives otherwise learn or obtain, through observation or through analysis of such information, data or knowledge, and shall also be deemed to include all notes, analyses, reports, compilations, studies, forecasts, models, interpretations, records, memoranda, bids, offers, contract terms, discussion (whether oral, written, or in electronic format), agreements, or other documents that contain, reflect or are derived from, based upon or refer to, in whole or in part, any such information. For purposes hereof, the term "Confidential Information" shall also include the existence of this letter agreement, the fact that the Confidential Information has been made available to a Receiving Party, that discussions or negotiations specifically involving the Parties are taking place concerning a Possible Transaction and any of the terms, conditions or other facts with respect thereto (including the status thereof), except it may disclose such information solely to the extent it has determined in good faith based on the advice of counsel that such disclosure is required to avoid a violation of any law, rule, regulation or stock exchange requirement (in which case the Party seeking to disclose such information agrees to use its reasonable best efforts to give the other Parties at least 24 hours advance notice of such planned disclosure, with a copy of the proposed text of the disclosure). For purposes hereof, the term "Confidential Information" shall not include information that (i) is or becomes generally available to the public other than as a result of a disclosure by a Receiving Party or its Representatives in breach of this letter agreement, (ii) was within a Receiving Party's possession prior to it being furnished to such Receiving Party or its Representatives pursuant hereto, provided that the source of such information was not known by such Receiving Party to be bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, a Disclosing Party or its affiliates with respect to such information, (iii) becomes available to a Receiving Party on a non-confidential basis from a source other than a Disclosing Party or any of its Representatives, provided that such source is not known by such Receiving Party to be bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, a Disclosing Party or its affiliates with respect to such information, or (iv) is independently developed by a Receiving Party without use of, reliance upon or reference to any Confidential Information of a Disclosing Party.

2. **Ownership, Use and Disclosure of Confidential Information.** As between a Disclosing Party and a Receiving Party, all Confidential Information (including, without limitation, all copies, extracts and portions thereof) is and shall remain the sole property of such Disclosing Party. A Receiving Party does not acquire (by license or otherwise, whether express or implied) any intellectual property rights or other rights under this letter agreement or any disclosure hereunder, except the limited right to use such Confidential Information in accordance with the express provisions of this letter agreement. All rights of a Disclosing Party relating to

CONFIDENTIAL

EXTREME-00008091

the Confidential Information that are not expressly granted hereunder to a Receiving Party are reserved and retained by such Disclosing Party. Except as otherwise provided in this letter agreement, each Receiving Party hereby agrees that such Receiving Party and its Representatives shall use the Confidential Information solely for the purpose of evaluating, negotiating or advising with respect to a Possible Transaction between two or more of the Parties hereto, that the Confidential Information will be kept confidential and that, except as otherwise provided herein, such Receiving Party and its Representatives will not disclose any of the Confidential Information in any manner whatsoever; provided, however, that (i) such Receiving Party may make any disclosure of such information to which the Disclosing Party gives its prior written consent; and (ii) any of such information may be disclosed to such Receiving Party's Representatives who need to know such information for the purpose of evaluating, negotiating or advising with respect to a Possible Transaction, are informed by such Receiving Party of the confidential nature of such Confidential Information and agree to be bound by this paragraph 2 and the other confidentiality terms of this letter agreement as if they were the Receiving Party under this letter agreement. A Receiving Party shall be responsible for any breach of this letter agreement by any of its Representatives, and such Receiving Party agrees, at its sole expense, to take all reasonable measures to restrain its Representatives from prohibited or unauthorized disclosure or use of the Confidential Information.

3.      Legally Required Disclosure. In the event that a Receiving Party or any of its Representatives is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by the rules or regulations of any regulatory authority having jurisdiction over such Receiving Party or a stock exchange on which its securities are traded) to disclose any of the Confidential Information, such Receiving Party shall, except as prohibited by law, provide the Disclosing Party with prompt written notice of any such request or requirement so that such Disclosing Party may seek, at such Disclosing Party's expense, a protective order or other appropriate remedy and/or waive compliance with the provisions of this letter agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Disclosing Party, the Receiving Party or any of its Representatives determines in good faith based on the advice of counsel that it is nonetheless legally required to disclose Confidential Information, such Receiving Party or its Representatives may, without liability hereunder, disclose only that portion of the Confidential Information which such Receiving Party determines in good faith based on the advice of counsel is legally required to be disclosed, provided that such Receiving Party exercises its reasonable best efforts to preserve the confidentiality of the Confidential Information, including, without limitation, by cooperating with the Disclosing Party, at such Disclosing Party's expense, to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information, it being understood that such Receiving Party shall not be required to initiate any litigation or other judicial process to protect such Confidential Information pursuant to this letter agreement.

4.      Return and Destruction of Confidential Information. If a Receiving Party decides that it does not wish to proceed with a Possible Transaction, it will promptly inform the other Parties of that decision. In that case, or at any time upon the written request of a Disclosing Party for any reason, such Receiving Party will promptly deliver to each Disclosing Party or destroy all such Confidential Information (and all copies thereof) furnished to such Receiving Party or its Representatives by or on behalf of such Disclosing Party pursuant hereto and such

Case 3:20-cv-00451-CEA-DCP   Document 323-3   Filed 09/01/23   Page 4 of 7   PageID #: 14421

CONFIDENTIAL                                                                                   EXTREME-00008092

Receiving Party and its Representatives shall not retain any copies, extracts or other reproductions in whole or in part of such material. In the event of such a decision or request, except as described below, all Confidential Information prepared by a Receiving Party or its Representatives shall be destroyed and no copy thereof (including that stored in any computer or similar device) shall be retained and such destruction shall, upon a Disclosing Party's written request, be certified in writing to such Disclosing Party by an authorized officer supervising such destruction. Notwithstanding the foregoing, (i) a Receiving Party and its Representatives may retain data or electronic records containing Confidential Information solely for the purposes of backup, recovery, contingency planning or business continuity planning so long as such data or records, to the extent not permanently deleted or overwritten in the ordinary course of business, are not accessible in the ordinary course of business and are not accessed except as required for backup, recovery, contingency planning or business continuity purposes (it being understood that, if such data or records are restored or otherwise become accessible, they must be permanently deleted); (ii) a Receiving Party's outside legal counsel may retain one copy of Confidential Information solely for use in documenting such Receiving Party's compliance with its obligations hereunder; and (iii) a Receiving Party's Representatives that are accounting firms or regulated financial institutions may retain copies of the Confidential Information in accordance with policies and procedures implemented by such persons in order to comply with applicable law, regulation or professional standards. Notwithstanding the return or destruction of the Confidential Information, a Receiving Party and its Representatives will continue to be bound by its obligations of confidentiality and other obligations hereunder.

5.    Material Non-Public Information. Each Receiving Party acknowledges and agrees that it is aware (and that its Representatives are aware or, upon receipt of any Confidential Information, will be advised by such Receiving Party) that (i) the Confidential Information being furnished to it or its Representatives may contain material, non-public information regarding a Disclosing Party and (ii) the United States securities laws prohibit any person who has received from an issuer material, non-public information from purchasing or selling securities of such issuer or from communicating such information to any person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities in reliance upon such information.

6.    Attorney/Client Privilege. To the extent that any Confidential Information includes materials or other information subject to the attorney-client privilege, work product doctrine or any other applicable privilege, the Parties understand and agree that they have a commonality of interest with respect to such matters and it is their mutual desire, intention and understanding that the sharing of such material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or other applicable privilege. All Confidential Information that is entitled to protection under the attorney-client privilege, work product doctrine and other applicable privilege shall remain entitled to such protection under these privileges, this letter agreement, and under the joint defense doctrine.

7.    Nonsolicitation of Employees. In consideration of the Confidential Information being furnished to it, the Company hereby agrees that, for a period of 12 months from the date hereof, neither it nor any of its affiliates, nor any of its Representatives acting on its behalf or direction, will solicit to employ any officer or management level employee of the Business to

CONFIDENTIAL

EXTREME-00008093

Please confirm your agreement with the foregoing by signing and returning one copy of this letter agreement to the undersigned, whereupon this letter agreement shall become a binding agreement between the Parties.

Very truly yours,


EXTREME NETWORKS, INC.

By: _K. Motiey_____
Name: Katy Motiey
Title: Chief Administrative Officer – HR, General Counsel & Secretary


Accepted and agreed as of the date first written above:

BROCADE COMMUNICATIONS SYSTEMS, INC.

By: _____
Name: Ellen A. O'Donnell
Title: Senior Vice President and General Counsel


BROADCOM CORPORATION


By: _____
Name: Thomas H. Krause, Jr.
Title: Chief Financial Officer

CONFIDENTIAL

EXTREME-00008098

Please confirm your agreement with the foregoing by signing and returning one copy of this letter agreement to the undersigned, whereupon this letter agreement shall become a binding agreement between the Parties.

Very truly yours,

EXTREME NETWORKS, INC.

By: _____

Name: Katy Motiey
Title: Chief Administrative Officer – HR, General Counsel & Secretary

Accepted and agreed as of the date first written above:

BROCADE COMMUNICATIONS SYSTEMS, INC.

By: _____
Name: Ellen A. O'Donnell
Title: Senior Vice President and General Counsel

BROADCOM CORPORATION

By: _____
Name: Thomas H. Krause, Jr.
Title: Chief Financial Officer

CONFIDENTIAL

EXTREME-00008099