IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

---------------------------------------------------------------- x
SNMP RESEARCH, INC. and SNMP  :
RESEARCH INTERNATIONAL, INC., :
: Case No. 3:20-cv-00451-CEA-DCP
Plaintiffs, :
: U.S. District Judge Charles E. Atchley
v. :
:
BROADCOM INC.; BROCADE :
COMMUNICATIONS SYSTEMS LLC; and :
EXTREME NETWORKS, INC., :
:
Defendants. :
---------------------------------------------------------------- x

## DECLARATION OF DAREN DULAC

I, Daren Dulac, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Senior Director of Corporate Development & Business Development at Extreme Networks, Inc. ("Extreme"). I have personal knowledge of the facts set forth in this declaration and can and will testify thereto under oath if called to do so.

2. As part of my job responsibilities, I handle mergers and acquisitions at Extreme. During a merger or acquisition deal, I am the lead on deal assessment, due diligence, and (after the deal is finalized) I work on integration planning. That involves incorporating the new business or company—its assets, liabilities, employees—within Extreme. In 2017, when I was Director of Business Development and Strategy Partnerships at Extreme, I led Extreme's acquisition of Brocade's data center switching, routing, and analytics business (the "Brocade Business").

3. During the Brocade Business transaction, Extreme, Brocade, and Broadcom (Brocade's parent) entered into a mutual confidentiality agreement on February 14, 2017. Broadcom was a party to the agreement because in November 2016, Broadcom had announced its

acquisition of Brocade. Together Brocade and Broadcom had agreed to divest the Brocade Business to Extreme. Under the agreement, the parties agreed that they had a commonality of interest in effectuating the transfer of the Brocade Business to Extreme. The parties agreed to maintain confidential information exchanged between them in furtherance of effectuating that transaction.

4. On March 29, 2017, Extreme agreed to acquire the Brocade Business from Broadcom and entered into an Asset Purchase Agreement ("APA") with Broadcom. The goal of the APA was for Extreme to acquire the Brocade Business along with any contracts and licenses necessary to operate that business. The parties agreed to use reasonable best efforts to take all appropriate actions and do all things necessary and proper to consummate the transaction contemplated by the APA. That would involve, for example, ensuring that all appropriate licenses were transferred or assigned to Extreme. The parties again agreed to maintain confidential information exchanged between them in furtherance of effectuating that transaction and agreed that February 2014 confidentiality agreement between the parties remained in effect.

5. Once the APA was signed on March 29, 2017, Extreme, Brocade, and Broadcom began to work together to consummate the transaction so that the Brocade Business would become a part of Extreme. For example, the parties negotiated and executed a Transition Services Agreement before the close of the transaction, under which they agreed to work together on certain operations of the Brocade Business (e.g. human resources, engineering, finance, and real estate) for up to twelve months following the close of the transaction.

6. On October 3, 2017, Extreme and Brocade signed another APA with similar terms as the March 2017 APA. I understand that this was done because Broadcom's acquisition of Brocade had not closed; thus, to timely complete the Extreme transaction, Broadcom gave Brocade

2

its consent to execute the new APA with similar terms as the March 2017 APA with Extreme. Under the new APA, the transaction was scheduled to close on October 30, 2017. On and after that date, the Brocade Business became a part of Extreme and the employees of the Brocade Business became Extreme employees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2023 in Durham, NH.

_____
Daren Dulac       Aug 31, 2023

3

Case 3:20-cv-00451-CEA-DCP   Document 323-6   Filed 09/01/23   Page 3 of 3   PageID #: 14441