# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

# AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC. <br><br> Defendants. | Case No. 3:20-cv-00451 |

**FORMER PARTIES BROADCOM INC. AND BROCADE COMMUNICATION SYSTEMS LLC'S SUBMISSION REGARDING DOCUMENTS LISTED ON THE PRIVILEGE LOG OF DEFENDANT EXTREME NETWORKS, INC. AND JOINDER IN EXTREME NETWORK INC.'S SUBMISSION RELATED THERTO; DECLARATION OF PHILIP BLUM FILED CONTEMPORANEOUSLY**

Former Defendants Broadcom Inc. and Brocade Communications Systems LLC (together, "Broadcom") make this submission in response Plaintiffs' challenges to certain entries listed on the Defendant Extreme Networks, Inc.'s ("Extreme") privilege log and redactions relating thereto. Broadcom also joins in Extreme's submission relating to the same. Broadcom understands that Plaintiffs are challenging the following entries on Extreme's privilege log and redactions relating thereto: 507-512, 530, 777, 819, 820 and 839. As set forth in the Declaration of Philip Blum ("Blum Declaration"), which was filed contemporaneously with this submission in support thereof, the entries challenged by Plaintiffs on Extreme's privilege log and the redactions relating thereto concern (1) a privileged email dated September 26, 2017 between two former Brocade attorneys (Larry Fitterer and Jim Parsons) sent to facilitate the rendition of confidential legal advice and analysis relating to a license agreement, and (2) another privileged email dated September 26, 2017 sent by Jim Parsons to Larry Fitterer and a former Brocade employee (Maggie Mingione) containing confidential legal advice and analysis regarding the same license agreement. *See* Blum Declaration ¶ 2. These privileged emails from former Brocade attorneys are referenced as part of the email chains described in entries 507-512, 530, 777, 819, 820 and 839 on Extreme's privilege log. *See id*. ¶ 3.

On October 11, 2017, these privileged emails were forwarded by Mr. Fitterer on behalf of Brocade to Extreme's in-house counsel and discussed with Extreme's in-house counsel with the expectation of confidentiality and subject to the common interest privilege; they were sent as part of the joint legal evaluation of Brocade's contracts in the course of Extreme's acquisition of Brocade's data center networking business. *Id*. ¶ 4. These privileged and confidential emails to and with Extreme's in-house counsel are also reflected in the email chains described in entries 507-512, 530, 777, 819, 820 and 839 on Extreme's privilege log. *Id*. No waiver of the attorney-client

privilege was intended by Brocade when the September 26, 2017 emails from Brocade's attorneys were forwarded and discussed with Extreme. *Id*. Broadcom joins in the arguments set forth in Extreme's submission regarding the basis for the assertion of the common interest privilege. *Id*. ¶ 5.

The privileged emails in question were not identified on Broadcom's privilege log because they were not in Broadcom's possession at the time of its document collection or review in this case. *Id*. ¶ 6. In connection with this submission, Broadcom has performed a search for the September 26, 2017 emails, but they have not been located (alone or as part of an email chain). This is likely because the Brocade employees who sent or received the emails—Jim Parsons, Larry Fitterer, and Maggie Mingione—all left the company several years ago (*i.e.*, well before this litigation commenced). *Id*.

Dated: September 1, 2023

Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____
Alison Plessman
Attorneys for Former Defendants
Broadcom, Inc.
Brocade Communications Systems LLC

- 1 -

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail, facsimile, or hand delivery. Parties may access this filing through the Court's electronic filing system.

_____
Alison Plessman
Hueston Hennigan LLP