IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § § § § § § § § § § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | | |
| v. | | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | | |
| Defendants. | | |

**STIPULATION REGARDING SNMP RESEARCH, INC.'S REQUEST FOR INSPECTION NOS. 1-2**

Defendant Extreme Networks, Inc. ("Extreme"), and Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "Plaintiffs") (together with Extreme, the "Parties") stipulate as follows.

On February 16, 2023, SNMP Research, Inc. served the following two requests for inspection ("RFIs") on Extreme:

**REQUEST NO 1:**
For each Product that You identified in response to SNMP Research, Inc.'s Interrogatories 1 and 2, please produce for inspection a representative example of each such Product, which should contain a copy of the software or operating system that contains SNMP Research Software. The inspection is to occur at the offices of Egerton McAfee, 900 S. Gay St., 14th Floor, Knoxville, TN, 37902.

**REQUEST NO 2:**
If You intend to discuss or demonstrate at trial or at any other point in this case any Product or any feature of a Product that You identified in response to SNMP Research, Inc.'s Interrogatories 1 and 2, please produce for inspection a representative example of each such Product and associated feature so that Plaintiffs can observe and test that

- 1 -

Product and feature. The inspection is to occur at the offices of Egerton McAfee, 900 S. Gay St., 14th Floor, Knoxville, TN, 37902.

Extreme served its objections and responses on March 20, 2023. In response to RFI No. 1, Extreme offered to "produce one laboratory product for each of the following models, with the operating system indicated in parentheticals loaded to the device: SLX 9540 (with SLX-OS); VDX 6740 (with NOS); BlackDiamond 8806 (with EXOS); X670-G2 (with EXOS); S-Series SSA (with EOS); and Matrix N (with EOS)." In response to RFI No. 2, Extreme stated that it had not yet identified any responsive product or feature for discussion or demonstration in this case.

The parties have met and conferred and hereby agree to the following provisions with respect to the six representative products that Extreme identified in response to RFI No. 1 (the "Representative Products"):

1. Plaintiffs agree to accept financial liability for any damage to the Representative Products that occurs while in Plaintiffs' possession. Should such damage occur, Plaintiffs will reimburse Extreme up to the following estimates that Extreme has provided: $5000 for SLX 9540; $3000 for VDX 6740; $1800 for X670-G2; $2000 for BlackDiamond 8806; $1800 for S-Series SSA; and $1800 for Matrix N.

2. Parties have agreed that Extreme will ship the Representative Products with the following operating system versions identified in Table 1:

- 3 -

| Representative Product | Operating System Version ("OS Version") |
|---|---|
| SLX 9540 | SLX-OS 20.3.2 |
| VDX 6740 | NOS 7.4.1 |
| BlackDiamond 8806 | EXOS 16.2.2.4-patch1-3 |
| X670-G2 | EXOS 31.7.1.4 |
| S-Series SSA | EOS 08_63_09_0001 |
| Matrix N | EOS 07_63_03_001 |

**Table 1**

3. Extreme represents that the OS Version for each Representative Product was shipped to customers who purchased the Extreme product or was available to customers for download via Extreme's support website from where it was downloaded by customers. Extreme agrees that it will not argue that the Representative Product or OS Version is not representative of what Extreme's customers received in aspects that are relevant to this litigation.

5. Plaintiffs agree that they will not ask Extreme to update the Representative Product with a different OS Version than the OS Version identified in Table 1 unless there is a material issue with the software that prevents the software or a subsystem of the software that is relevant to this litigation, such as the SNMP subsystem, from running. When requesting a different OS Version than the OS Version identified in Table 1, Plaintiffs shall provide Extreme any information reasonably necessary to verify the existence of a material issue, including but not limited to log files, screenshots, or error messages.

6. Plaintiffs agree that they will not demand any technical support of any kind from Extreme related to any Representative Product, including, but not limited to, technical support for setting up the product, operating the product, or troubleshooting the behavior of the product.

7. The Parties agree that Plaintiffs will maintain the Representative Products at the law offices of Egerton, McAfee, Armistead & Davis, PC in a secure room with access controlled by counsel of record or counsel's employees.

8. The Parties agree that Plaintiffs may hold the Representative Products through the conclusion of this litigation, whether that be upon entry of final judgment in the above-captioned case, or upon the conclusion of appeal should any party appeal from final judgment.

9. Plaintiffs agree to bear the cost of returning the Representative Products to Extreme once Plaintiffs no longer need the Representative Products for this litigation but no later than within 30 days of final conclusion of this litigation.

10. Plaintiffs will treat the Representative Products as "CONFIDENTIAL Material" pursuant to the terms of the Agreed Protective Order. Dkt. 93. This includes using the Representative Products in accordance with paragraph 22, which provides that "Designated Material and all information derived therefrom may be used by the Receiving Party only for purposes of this litigation."

11. The Parties agree that if Extreme identifies additional products in response to RFI No. 2, the Parties will negotiate in good faith to apply the terms of this stipulation to all such additional products.

12. Plaintiffs reserve any rights they might have to seek inspection of additional products pursuant to RFIs 1 and 2 for good cause, and Extreme reserves the right to contest future inspections that may be requested under RFIs 1 and 2, if any.

| DATED: October 5, 2023 | Respectfully Submitted, |
|---|---|
| */s/ John L. Wood* | */s/ Saurabh Prabhakar* |
| John L. Wood, Esq. (BPR #027642)<br>Cheryl G. Rice, Esq. (BPR #021145)<br>Rameen J. Nasrollahi, Esq. (BPR #033458)<br>EGERTON, McAFEE, ARMISTEAD &<br>DAVIS, P.C.<br>900 S. Gay Street, Suite 1400<br>P.O. Box 2047<br>Knoxville, TN 37902<br>Tel: (865) 546-0500<br>Fax: (865) 525-5293<br>jwood@emlaw.com<br>crice@emlaw.com<br>rnasrollahi@emlaw.com | John M. Neukom (*admitted pro hac vice*)<br>Abraham Tabaie (*admitted pro hac vice*)<br>Barbara N. Barath (*admitted pro hac vice*)<br>Saurabh Prabhakar (*admitted pro hac vice*)<br>Alicia J. Ginsberg (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>Tel: (415) 738-5700<br>jneukom@debevoise.com<br>atabaie@debevoise.com<br>bnbarath@debevoise.com<br>sprabhakar@debevoise.com<br>ajginsberg@debevoise.com |
| A. Matthew Ashley (CA Bar. No. 198235)<br>Morgan Chu (CA Bar. No. 70446)<br>David Nimmer (CA Bar. No. 97170)<br>Olivia L. Weber (CA Bar. No. 319918)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Tel: (310) 277-1010<br>Fax: (310) 203-7199<br>mchu@irell.com<br>dnimmer@irell.com<br>mashley@irell.com<br>oweber@irell.com | Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>Tel: (212) 735-3000<br>leslie.demers@skadden.com<br><br>Charles B. Lee<br>Jessica Malloy-Thorpe<br>Jordan Scott<br>MILLER & MARTIN PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402-2289<br>Tel: (423) 756-6600<br>Fax: (423) 785-8480<br>chuck.lee@millermartin.com<br>jessica.malloy-thorpe@millermartin.com<br>jordan.scott@millermartin.com |
| *Attorneys for Plaintiffs*<br>*SNMP Research International, Inc. and*<br>*SNMP Research, Inc.* | *Attorneys for Extreme Networks, Inc.* |