UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| EXTREME NETWORKS, INC. | ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on November 1, 2023, for an informal discovery dispute conference pursuant to this Court's Order [Doc. 218]. Attorneys John Wood and Olivia Weber appeared on behalf of Plaintiffs. Attorneys John Neukom, Saurabh Prabhakar, and Charles Lee appeared on behalf of Defendant. Attorney Alison Plessman appeared on behalf former parties, Broadcom Inc., and Brocade Communications Systems, LLC.

During the conference, the parties represented that they had made substantial progress in resolving their discovery disputes.[1] With respect to the marketing documents subject to Plaintiffs' Requests for Production ("RFP") Nos. 135 and 141–148, the parties reported that Defendant had satisfied these discovery requests. With respect to RFP No. 18, the production of install images, the parties stated that Defendant had produced 380 install images and represented that its

---

[1] Plaintiffs referenced ten discovery items at the conference. In their position statement submitted to Chambers, however, they only sought relief with respect to four of the items. While the Court will only discuss these four items herein, the undersigned notes that with respect to Interrogatory Nos. 5 and 6 (Item No. 5), Defendant stated that it is still investigating this issue but that it would supplement, if necessary, on or before November 17, 2023. If Defendant determines that supplementation is not necessary, it agreed to explain to Plaintiffs its reasons for not supplementing.

production is complete.  With respect to the production of Defendant's monitoring solutions, Defendant agreed to produce one monitoring solution—Cloud IQ Site Engine—this week and produce two other monitoring solutions—Extreme Management Center and Netsight—within the next two weeks.  Plaintiffs agreed to this proposal.  After reviewing Defendant's production, should Plaintiffs believe another version of Cloud IQ is relevant and proportional to the needs of the case, the parties shall conduct a good-faith meet and confer in an attempt to resolve any disputes.

With respect to the production of source code printouts, Plaintiffs stated that the parties previously agreed to produce the files as natives with Bates numbers indicated in the file name and that the parties have been operating under their agreement since May 2022.  Defendant relies on the Protective Order, which states that "printouts shall be in the form of encrypted PDF files" [Doc. 93 p. 34].  The parties agreed to continue to meet and confer about modifying the language in the Protective Order.  The parties further agreed that within five (5) days, should they arrive at an agreement, they will submit to the Court an agreed-upon modification to the Protective Order.  If they cannot agree, the parties will prepare a joint statement explaining the positions on each disputed section of the Protective Order [Doc. 93].  To the extent necessary, the parties **SHALL** submit the joint statement to Chambers on or before **November 17, 2023.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge