# Exhibit 3

John M. Neukom
Barbara N. Barath
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
(415) 738-5700

Leslie A. Demers
Chris J. Coulson
Anthony P. Biondo
Ryan P. Bisaillon
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------- x
SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,

             Plaintiffs,

             v.

EXTREME NETWORKS, INC.,

             Defendant.
------------------------------------------------------------- x

Case No. 3:20-cv-00451-JRG-DCP

**EXTREME NETWORKS, INC.'S EIGHTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES TO EXTREME NETWORKS, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby supplements its Responses and Objections to SNMP Research, Inc.'s (together with SNMP Research International, Inc., "SNMPR" or "Plaintiffs") First Set of Interrogatories to Extreme Networks, Inc., dated December 26, 2020 (the "Interrogatories") as follows:

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Extreme identifies the following individuals who were involved searching for Extreme products that contain software that appears to originate from SNMPR: Indhu Balraj; Daniel DeBacker; Tibor Fabry-Asztalos; and Mangesh Shingane. Extreme is not aware of further non-privileged information for this Interrogatory at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that its products include "SNMP Research Software" (except insofar as that definition includes code that appears to have originated from SNMPR that Extreme received through its acquisition of the data center from Brocade), nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint. Indeed, source code inspection is ongoing and Extreme has not completed its analysis of SNMPR's alleged copyrighted source code.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**INTERROGATORY NO. 8:**

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Extreme had a right to use SNMP Research Software in Extreme Products, including but not limited to any particular Extreme Product; and (2) payment obligations of Extreme for the use of SNMP Research Software.

31

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is neither relevant nor proportional to the needs of the case, and duplicative of Plaintiffs' Requests for Production of Documents Nos. 24 and 27. Extreme further objects to this Interrogatory to the extent it purports to concern "discussion or communication" concerning Extreme products that do not contain the software allegedly infringed as set forth in Table 1 of the Complaint. Extreme further objects to this Interrogatory to the extent that it seeks privileged communications and/or attorney work product, including specifically communications "whether Extreme had a right to use" certain software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme is not aware of non-privileged information for this Interrogatory at this time. Extreme is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing investigations, including to reflect meet and confers regarding the proper scope of the term SNMP Research Software.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include

"SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Extreme's understanding is that no further supplement is necessitated by the resolution of SNMPR's Motion to Compel. (*See* ECF No. 131.) Extreme reiterates that it is not aware of non-privileged information for this Interrogatory at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that its products include "SNMP Research Software" (except insofar as that definition includes code that appears to have originated from SNMPR that Extreme received through its acquisition of the data center from Brocade), nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint. Indeed, source code inspection is ongoing and Extreme has not completed its analysis of SNMPR's alleged copyrighted source code.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**SEVENTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Extreme incorporates all objections from the previous supplement.

Subject to the foregoing, Extreme additionally states that, with respect to the products that were subsequently identified in response to Interrogatory No. 1, Extreme is not aware of any non-privileged information for this Interrogatory at this time. Extreme has previously provided a privileged log for withheld privilege material. Extreme will promptly

supplement its privilege log if it identifies any additional privileged material that are withheld from subsequent productions.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**INTERROGATORY NO. 9:**

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

**RESPONSE TO INTERROGATORY NO. 9:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "Products or services" that were "sold with or as a result of" the purchase of other products. This Interrogatory is another mere "fishing expedition" with no legitimate basis.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme states that, pursuant to meet and confers with SNMP, discovery is limited to the products identified in paragraph 49 of the Complaint at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Extreme understands, through meet and confers and representations in SNMPR's briefing submitted with the Court, that SNMPR is seeking through this Interrogatory information on products "sold alongside the [alleged] infringing products identified in the Complaint (an example could be a power supply sold as part of a router that contains the infringing software)." (ECF No. 96-1 at 20.) Subject to the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), Extreme identifies the following business records relating to requested details for the products identified in Extreme's Response to Interrogatory Nos. 1-2: EXTREME-00531114 (describing "accessories" such as cables); EXTREME-00503993 (listing costs and revenues for VDX and SLX material).

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that its products include "SNMP Research Software" (except insofar as that definition includes code that appears to have originated from SNMPR that Extreme received through its acquisition of the data center from Brocade), nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint. Indeed, source code inspection is ongoing and Extreme has not completed analysis of SNMPR's alleged copyrighted source code.

35

Dated: May 31, 2023

                                          */s/ John M. Neukom*

                                        John M. Neukom (*admitted pro hac vice)*

Charles B. Lee, BPR# 011570  
Jessica Malloy-Thorpe, BPR# 035234  
Jordan B. Scott, BPR# 037795  
MILLER & MARTIN, PLLC  
832 Georgia Avenue  
1200 Volunteer Building  
Chattanooga, Tennessee 37402  
Tel: (423) 756-6600  
Fax: (423) 785-8293  
clee@millermartin.com  
jessica.malloy-thorpe@millermartin.com  
jordan.scott@millermartin.com  

John M. Neukom (*admitted pro hac vice)*  
Barbara N. Barath (*admitted pro hac vice)*  
DEBEVOISE & PLIMPTON LLP  
650 California Street  
San Francisco, California 94108  
jneukom@debevoise.com  
bnbarath@debevoise.com  
(415) 738-5700  

Leslie A. Demers (*admitted pro hac vice*)  
Chris J. Coulson (*admitted pro hac vice*)  
Anthony P. Biondo (*admitted pro hac vice*)  
Ryan P. Bisaillon (*admitted pro hac vice*)  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
One Manhattan West  
New York, New York 10001  
leslie.demers@skadden.com  
chris.coulson@skadden.com  
anthony.biondo@skadden.com  
ryan.bisaillon@skadden.com  
(212) 735-3000  

*Attorneys for Extreme Networks, Inc.*

.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Eighth Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories was served via email on this 31st day of May, 2023 upon counsel of record for Plaintiffs.

/s/ John M. Neukom
John M. Neukom

# VERIFICATION

I am Senior Director of Intellectual Property at Extreme Networks, Inc. ("Extreme"), a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I have read and know the contents of the following document: Extreme's Eighth Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories.

I am informed and believe to the best of my knowledge, and on that ground verify, that the factual matters stated in this document are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of May, 2023, at Campbell, California.

DocuSigned by:

Peter Lam

Peter Lam