EXCERTPED

# Exhibit 20

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; and EXTREME NETWORKS, INC., <br><br> Defendants. | Case No. 3:20-cv-00451 <br><br> U.S. District Judge J. Ronnie Greer |

## **PROPOSED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

**A.** **Definitions**

1. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2. "Material": all information, testimony, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3. "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is

10903854.5

"Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and (e) request such person or persons certify the return or destruction of the Designated Material.

**N.     Export Control of Designated Material**

40.     A Receiving Party may not transmit or transport or communicate Designated Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" to any person, location, or vendor outside of the United States, without the written agreement of the Designating Party or an order of the Court.  This provision is not intended to prevent the Receiving Party's Outside Counsel from transporting Designated Material abroad for use in depositions (or the foreign equivalent) or related proceedings provided, however, that: (a) use in any foreign deposition(s) is otherwise consistent with the provisions of this Order; (b) Outside Counsel undertakes reasonable precautions at all times to ensure the security of Designated Material when being transported and used abroad; and (c) any material transported outside of the United States for depositions must be securely transported back United States after the deposition is complete or provided to counsel for the Designating Party conclusion of the deposition.

**O.     Protection of Privileged Information**

41.     The production or disclosure of any information (including documents) in this action that a party or non-party ("Producing Party") later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection, nor shall it prejudice any claim that the disclosed or related information is privileged or protected from discovery.  A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly

identify the information to the Producing Party. When a Producing Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request: a) return the information and all copies thereof to the Producing Party; or b) destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

**P.     Other Proceedings**

42.     If a Receiving Party is served with a subpoena or other process that seeks the disclosure of any Designated Material designated by any other Party, the Receiving Party must so notify the Designating Party in writing, providing a copy of the subpoena or other process, sufficiently in advance of any required disclosure so that the Designating Party may have an opportunity to be heard on whether that information should be disclosed. No Designated Material will be produced absent an order from this Court.