# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

-------------------------------------------------------------- x

SNMP RESEARCH, INC. and SNMP
RESEARCH INTERNATIONAL, INC.,

        Plaintiffs,

        v.

BROADCOM INC.; BROCADE
COMMUNICATIONS SYSTEMS LLC; and
EXTREME NETWORKS, INC.,

        Defendants.

Case No. 3:20-cv-00451-CEA-DCP

U.S. District Judge Charles E. Atchley

-------------------------------------------------------------- X

## DECLARATION OF DAREN DULAC

I, Daren Dulac, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Senior Director of Corporate Development & Business Development at Extreme Networks, Inc. ("Extreme"). I have personal knowledge of the facts set forth in this declaration and can and will testify thereto under oath if called to do so.

2.      As part of my job responsibilities, I handle mergers and acquisitions at Extreme. During a merger or acquisition deal, I am the lead on deal assessment, due diligence, and (after the deal is finalized) I work on integration planning. That involves incorporating the new business or company—its assets, liabilities, employees—within Extreme. Between 2016 and 2017, when I was the Director of Business Development and Strategy Partnerships at Extreme, I led Extreme's acquisition of Avaya Inc.'s ("Avaya") networking business leading up to and during Avaya's bankruptcy proceedings.



Scanned with CamScanner

3. In June 2016, Extreme contacted Goldman Sachs Group, Inc. ("Goldman Sachs"), one of Avaya's creditors, to express Extreme's interest in acquiring Avaya's networking business. I was involved in the outreach to Goldman Sachs.

4. In response to our outreach, Goldman Sachs sent Extreme a slide deck entitled "Avaya Networking July 2016." A true and correct copy of that slide deck is attached to my declaration as **Exhibit 1**.

5. In November 2016, I prepared a slide deck entitled "Arrowhead – Nov 2016" for Extreme's senior management about a proposal to acquire Avaya's networking business. A true and correct copy of the slide deck is attached to my declaration as **Exhibit 2**. Arrowhead was a codename for the proposed transaction to sell Avaya's businesses, including the networking business that Extreme was interested in acquiring.

6. Extreme was interested in acquiring Avaya's networking business in its entirety. Extreme had no intention to enter into any kind of ongoing collaboration or joint venture or partnership related to the networking business with the remainder of Avaya's business.

7. On March 7, 2017, Extreme and Avaya entered into an agreement for Extreme's acquisition of Avaya's networking business. A true and correct copy of the agreement is attached to my declaration as **Exhibit 3**. The agreement reflects the entire terms, conditions, representations, and warranties for Extreme's acquisition of Avaya's networking business.

8. Extreme closed its acquisition of Avaya's networking business in July 2017. After closing, employees of Avaya's networking business became employees of Extreme, Avaya's networking products became Extreme's products, customers of Avaya's networking business became customers of Extreme, and Extreme's customer support team started supporting those customers.

2



Scanned with CamScanner

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2023 in Durham, NH.

Daren Dulac

Nov 14, 2023

3

Scanned with CamScanner