IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

------------------------------------------------------------ x
                                           :
SNMP RESEARCH, INC. and SNMP       :
RESEARCH INTERNATIONAL, INC.,      :
                                           :       Case No. 3:20-cv-00451-CEA-DCP
                          Plaintiffs,     :
                                           :       U.S. District Judge Charles E. Atchley
                           v.                    :
                                           :
BROADCOM INC.; BROCADE             :
COMMUNICATIONS SYSTEMS LLC; and  :
EXTREME NETWORKS, INC.,            :
                                           :
                          Defendants.    :
------------------------------------------------------------ x

## EXTREME NETWORKS, INC.'S RESPONSE TO PLAINITFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to this Court's December 4, 2023 Order, Extreme Networks, Inc. ("Extreme") respectfully submits this response to Plaintiffs' Motion to File Documents Under Seal (ECF No. 338) ("Motion") with respect to Plaintiffs' Opposition to Extreme's Supplemental Brief Regarding Privilege Assertions ("Brief") and accompanying exhibits (ECF No. 339).

Plaintiffs' Motion seeks the Court's leave to file twenty-six exhibits under seal. *See* ECF No. 338, at ¶¶ 1-3. Under the Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 11) ("Sealing Order"), Extreme is cognizant of the high standard governing motions to seal and the public interest in access to court records. *See Kondash v. Kia Motors Am.*, 767 F. App'x 635, 637 (6th Cir. 2019) (requiring "compelling reasons [to] justify non-disclosure of judicial records" (citation and quotation marks omitted)). Consistent with that Order, Extreme requests the Court to maintain only one exhibit under seal: Exhibit Z. The

remaining exhibits accompanying the Motion[1] and the Plaintiffs' Brief can be unsealed. Extreme therefore does not join Plaintiffs' Motion as to these twenty-five documents.

Extreme requests Exhibit Z to be kept under seal because Extreme's high interest in protecting its commercially sensitive information outweighs the public interest in this type of information. The Sealing Order recognizes "certain privacy rights of participants and third parties" as a content-based exception that outweighs the right to public access. ECF No. 11, at 2. Exhibit Z is entitled Transition Services Agreement ("TSA") between Extreme and Avaya Inc. Lam Decl. at ¶ 3. The TSA is a non-public agreement and the exhibits attached to the TSA include voluminous, commercially sensitive, non-public details about Extreme's and Avaya's businesses. *See id.* at ¶¶ 4-8 (describing in detail the type of commercial sensitive information in Exhibit Z). This kind of information related to the inner-workings of an enterprise is of low interest to the general public. Extreme's interest in protecting this information is high because making this information public would make it accessible to Extreme's competitors and provide them an improper competitive advantage against Extreme. *See id.* at ¶¶ 5–7. Moreover, Exhibit Z contains cost information that may put Extreme at a disadvantage in future acquisitions and corporate transactions. *Id.* at ¶ 6. Therefore, Extreme's interest in sealing this information substantially outweighs the low public interest in this kind of information.

The commercially sensitive information in Exhibit Z comprises well over 50% of its contents; TSA Exhibit A alone, which contains detailed and highly sensitive information about Avaya's business, *see* Lam Decl. at ¶¶ 5–6, accounts for 130 of Exhibit Z's 200 pages. Under the Court's Sealing Order, therefore, the entirety of Exhibit Z should remain under seal. *See* ECF No. 11, at 3. Most of the information in Exhibit Z is not cited in Plaintiffs' brief, and sealing

---

[1] Exhibits B, C, D, E, F, H, I, J, K, L, M, O, P, Q, R, S, T, U, V, W, X, Y, AA, BB, and CC.

Exhibit Z does not require any portions of Plaintiffs' Brief to be redacted.

For the foregoing reasons, Extreme requests the Court to maintain the entirety of Exhibit Z under seal. Extreme joins the Motion to seal Exhibit Z and requests that the Court grant the Motion as to Exhibit Z.

WHEREFORE, Extreme respectfully requests that this Court grant in part and deny in part the Motion.

DATED: December 8, 2023

Respectfully Submitted,

/s/ Abraham A. Tabaie

| | |
|---|---|
| Charles B. Lee, BPR# 011570<br>Jessica Malloy-Thorpe, BPR# 035234<br>Jordan B. Scott, BPR# 037795<br>MILLER & MARTIN, PLLC<br>832 Georgia Avenue<br>1200 Volunteer Building<br>Chattanooga, Tennessee 37402<br>Tel: (423) 756-6600<br>Fax: (423) 785-8293<br>clee@millermartin.com<br>jessica.malloy-thorpe@millermartin.com<br>jordan.scott@millermartin.com | John M. Neukom (*admitted pro hac vice*)<br>Abraham A. Tabaie (*admitted pro hac vice*)<br>Barbara N. Barath (*admitted pro hac vice*)<br>Saurabh Prabhakar (*admitted pro hac vice*)<br>Alicia J. Ginsberg (*admitted pro hac vice*)<br>DEBEVOISE & PLIMPTON LLP<br>650 California Street<br>San Francisco, California 94108<br>jneukom@debevoise.com<br>bnbarath@debevoise.com<br>(415) 738-5700<br><br>Leslie A. Demers (*admitted pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>leslie.demers@skadden.com<br>(212) 735-3000<br><br>*Attorneys for Extreme Networks, Inc.* |