UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:20-CV-451-CEA-DCP<br>) |
| BROADCOM INC. *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Leave to File Documents Under Seal [Doc. 338]. Plaintiffs seek leave of Court to file Exhibits B–F, H–M, O–Z, AA–BB, and DD [Docs. 339-1 – 339-26] under seal because Extreme Networks, Inc. ("Extreme") designated them as confidential. In addition, Plaintiffs seek leave to file their Supplemental Brief [Doc. 339] under seal because it references the above exhibits. Extreme responded to the motion [Doc. 345], requesting that only one exhibit be sealed, Exhibit Z [Doc. 339-23]. For grounds, Extreme states it contains "commercially sensitive information" [Doc. 345 p. 2], and it relies on the Declaration of Peter Lam [Doc. 345-1], its Vice President and Deputy General Counsel of Intellectual Property, in support of its request. According to Mr. Lam, Exhibit Z is a Transition Services Agreement ("TSA") with Avaya, Inc. ("Avaya") [*Id.* ¶ 3]. Mr. Lam states that the TSA is not public, and it contains "detailed information about Avaya's business, including, for example, details about tools available to and used by its Research and Development Team, payroll services, supply chains and Customer Relationship Management products, data center locations, IT infrastructure, costs and

rents associated with certain physical facilities, software applications itemized by usage and internal codes, and internal business processes" [*Id*. ¶ 5 (citation omitted)]. Extreme states that "Exhibit Z does not require any portions of Plaintiffs' Brief to be redacted" [Doc. 345 p. 3].

In light of Extreme's representation that only Exhibit Z should be filed under seal, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 338**]. The Court finds that Extreme has established good cause to place Exhibit Z [Doc. 339-23] under seal, and the undersigned **DIRECTS** the Clerk's office to convert Exhibit Z [**Doc. 339-23**] into a **SEALED ENTRY**. In accordance with ECF Rule 12.2, the Court **DIRECTS** the Clerk's Office to **DELETE** Plaintiffs' brief [**Doc. 339**] and the accompanying exhibits [**Docs. 339-1 – 339-22 and Docs. 339-24 – 339-26**]. Further, in order to maintain an orderly docket, the Court **DIRECTS** the Clerk's Office to **STRIKE AND DELETE** [**Docs. 337 and 337-1 – 337-31**]. Plaintiffs **SHALL** refile their brief and the accompanied exhibits in the public record on or before **December 15, 2023**. With respect to Exhibit Z, Plaintiffs **SHALL** file a placeholder noting that Exhibit Z is filed under seal as [**Doc. 339-23**] in CM/ECF.

As a final matter, the Court notes that the parties have previously worked together before filing motions to seal based on the other party's designations [*See*, *e.g.*, Docs. 279, 292, 299, 304]. With respect to any future requests for sealing, the Court **ORDERS** the parties to work together before filing such motions if based on the other party's designations.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge