# EXHIBIT I

John M. Neukom
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700


Leslie A. Demers
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

------------------------------------------------------------ x
:
SNMP RESEARCH, INC. and SNMP RE- : Case No. 3:20-cv-00451-JRG-DCP
SEARCH INTERNATIONAL, INC., :
:
Plaintiffs, :
:
: **EXTREME NETWORKS, INC.'S**
v. : **THIRD SUPPLEMENTAL**
: **RESPONSES AND OBJECTIONS**
BROADCOM INC.; BROCADE COMMUNI- : **TO SNMP RESEARCH, INC.'S**
CATIONS SYSTEMS LLC; and EXTREME : **FIRST SET OF**
NETWORKS, INC., : **INTERROGATORIES**
:
Defendants. :
:
------------------------------------------------------------ x

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant

Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby

supplements its Objections to SNMP Research, Inc.'s (together with SNMP Research

International, Inc., "SNMPR" or "Plaintiffs") First Set of Interrogatories to Extreme Networks,

Inc., dated December 26, 2020 (the "Interrogatories") as follows:

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Extreme identifies the following individuals who were involved searching for Extreme products that contain software that appears to originate from SNMPR: Indhu Balraj; Daniel DeBacker; Tibor Fabry-Asztalos; and Mangesh Shingane. Extreme is not aware of further non-privileged information for this Interrogatory at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that its products include "SNMP Research Software" (except insofar as that definition includes code that appears to have originated from SNMPR that Extreme received through its acquisition of the data center from Brocade), nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint. Indeed, source code inspection is ongoing and Extreme has not completed its analysis of SNMPR's alleged copyrighted source code.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**INTERROGATORY NO. 8:**

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Extreme had a right to use SNMP Research Software in Extreme Products, including but not limited to any particular Extreme Product; and (2) payment obligations of Extreme for the use of SNMP Research Software.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, including without limitation the objection to all Interrogatories due to the pending discovery posture and motions and the objections to the problematic terms "SNMP Research Software" and "Products," Extreme objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is neither relevant

20

nor proportional to the needs of the case, and duplicative of Plaintiffs' Requests for Production of Documents Nos. 24 and 27. Extreme further objects to this Interrogatory to the extent it purports to concern "discussion or communication" concerning Extreme products that do not contain the software allegedly infringed as set forth in Table 1 of the Complaint. Extreme further objects to this Interrogatory to the extent that it seeks privileged communications and/or attorney work product, including specifically communications "whether Extreme had a right to use" certain software.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Extreme incorporates all objections from its Response, except its objection based on the pending discovery posture and motions.

Subject to and without waiving the foregoing objections, and subject to agreements reached during meet and confers, Extreme is not aware of non-privileged information for this Interrogatory at this time. Extreme is continuing to investigate the subject matter of this Interrogatory and reserves the right to supplement, amend, or revise its response to this Interrogatory to identify any non-privileged information uncovered in its ongoing investigations, including to reflect meet and confers regarding the proper scope of the term SNMP Research Software.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that these products include "SNMP Research Software" as problematically defined, nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint.

21

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Extreme's understanding is that no further supplement is necessitated by the resolution of SNMPR's Motion to Compel. (*See* ECF No. 131.) Extreme reiterates that it is not aware of non-privileged information for this Interrogatory at this time.

Through this Response, Extreme does not concede that it infringes any valid copyrighted works held by SNMP that are asserted in this litigation, that its products include "SNMP Research Software" (except insofar as that definition includes code that appears to have originated from SNMPR that Extreme received through its acquisition of the data center from Brocade), nor that these products include any of the allegedly copyrighted works listed in Table 1 of the Complaint. Indeed, source code inspection is ongoing and Extreme has not completed its analysis of SNMPR's alleged copyrighted source code.

Fact discovery is ongoing and expert discovery has not yet commenced. Extreme reserves the right to supplement its production and these responses in the event that additional information is identified.

**INTERROGATORY NO. 9:**

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

**RESPONSE TO INTERROGATORY NO. 9:**

Extreme incorporates by reference its response to Interrogatories 1 and 2. Extreme further objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, including to the extent that it purports to concern products that do not contain the software/source code alleged to be infringed in the Complaint. Extreme further objects to this Interrogatory as ambiguous insofar as it purports to concern "Products or services"

Dated: May 13, 2022

By:    /s/ John M. Neukom
John M. Neukom (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
(415) 738-5700

Leslie A. Demers (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

.

42

Case 3:20-cv-00451-CEA-DCP   Document 347-9   Filed 12/15/23   Page 6 of 7   PageID #: 16060

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing Extreme Networks Inc.'s Third Supplemental Responses and Objections to SNMP Research, Inc.'s First Set of Interrogatories was served via email on this 13th day of May, 2022 upon counsel of record for Plaintiffs.

                                              /s/ John M. Neukom
                                                John M. Neukom