EXHIBIT K

| | |
|---|---|
| **From:** | Weber, Olivia |
| **Sent:** | Thursday, June 8, 2023 3:04 PM |
| **To:** | Demers, Leslie A |
| **Cc:** | Ashley, Matt; John L. Wood; Cheryl G. Rice; Chuck Lee; 'Neukom, John'; 'Barath, Barbara N.'; Edlich, Eliza S; Biondo, Anthony P; 'Rudolph, Brenda S.'; DLEXTRSNMP@skadden.com; Robertson, Sean; Dupre, Gwendolyn; Weber, Olivia |
| **Subject:** | RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery |

Hi Leslie,

I am re-sending this email with the updated distribution list for Extreme.

I write concerning some discovery issues that we'd like to discuss with you when you have a chance tomorrow or early next week. Could you please provide your availability?

Back in February Plaintiffs asked Extreme to provide all documents/information (from January 1, 2001 to present) responsive to certain discovery requests that I identified. The parties conferred in March and Extreme represented that its production would be substantially completed by the end of May. Based on Extreme's representation about production, Plaintiffs did not seek an order from Judge Poplin setting a date certain for substantial completion. Yet at the end of May, rather than completing production, Extreme stated that it "anticipate[s]" producing additional documents over the next six weeks. We are concerned that we are still missing quite a bit of information, as it appears that we are still missing, for example, install images, marketing documents, and communications related to the 2001 Extreme License, and we are concerned that we still do not have a firm date of completion. We would appreciate a call to discuss what documents and information Extreme is still planning to produce, and by when. In particular, could you please send us in writing the categories of documents and information Extreme is going to produce, so that we can have a meaningful discussion on our call? We would then like to stipulate to a date certain for completion of that production.

With respect to the financials identified in response to SNMP Research's Interrogatories 5-6 (which seek accused product financials, including quantities of units sold to customers), we have identified a few issues. First, we ask again that Extreme identify all platforms sold for each product class identified. As discussed during communications earlier this year, there are many rows with blank PLM Model column entries—indeed, over a billion dollars is tied to rows that have blank PLM Model column entries. Second, while Extreme has described several categories in the PLM Model column (e.g., "Platform" and "Accessory"), it has not defined "Appliance" and "Optic" (*see* EXTREME-00871502, EXTREME-00871503, and EXTREME-00722451). Can you please define those two terms? Third, we see that while Extreme updated the EXOS/EOS financials (for products as well as services, *see* SNMP Research Interrogatory 9) through fiscal year 2023 Q3, the Brocade-related financials (product revenues, service revenues, and operating expenses) weren't similarly updated. Can Extreme please confirm that those updates are forthcoming? Relatedly, we only have EXOS/EOS data for service revenues starting in Q3 fiscal year 2004 and for product revenues starting in Q2 fiscal year 2004. Can Extreme please confirm that product/services revenues back to 2001 are forthcoming, and that all revenues provided will be tethered to a date? (More than $50 million in revenue is not tied to a date.)

As to SNMP Research's Interrogatory 3 and SNMP International's Interrogatory 6 (which seek product/software/shipment correlation information), there are several additional issues. We understand that Extreme is willing to reach a stipulation to obviate the need for the information sought by SNMP International's Interrogatory 6. With that in mind, we'd like to discuss on our call Extreme's ability to correlate its accused product shipments (including the date and number of shipments) with (i) Extreme's operating system versions and (ii) the version of SNMP Research Software contained therein. We would also like to discuss whether Extreme has in its possession, custody, or

control the identities of customers who received software updates containing SNMP Research Software (whether provided to customers via internet downloads or otherwise), including the software version these customers received.

We would also like to discuss Extreme's response to SNMP Research's Interrogatory 8 (which seeks internal communications about Extreme's right to use SNMP Research Software and Extreme's payment obligations for the use of that software). We saw that Extreme is still claiming privilege over all such internal communications. Because it is unclear which privilege log entries (if any) correspond to these withheld communications, please identify the corresponding privilege log entries so that Plaintiffs may assess Extreme's claim of privilege as to these documents. We would also like to discuss on our call why Extreme believes that internal emails regarding the royalty reports sent to SNMP International, for example, would be privileged in any way. In this vein, we would appreciate hearing why Extreme did not identify certain communications it has already produced as responsive to this interrogatory—for example, EXTREME-00913965.

With respect to Extreme's various supplemental responses to each of the interrogatories, we ask that Extreme combine its supplemental responses to each interrogatory so that the Court, jury, and Plaintiffs can read a single coherent response to each request.

Lastly, we note that Extreme's RFAs have the same deficiencies we raised in our motion to compel last fall, *see* Dkt. 215 at 3.

Please let us know when you're available for a call tomorrow or early next week to confer about the issues above.

Best,

Olivia
(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, May 4, 2023 7:35 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>; Bisaillon, Ryan P <Ryan.Bisaillon@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>; Chad Hatmaker <chatmaker@wmbac.com>; Extreme@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; 'Neukom, John' <jneukom@debevoise.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

We served our discovery supplements last week, which confirmed that our source code production is still on target for May 31.

As to a rolling production of source code between now and the end of the month: that would compound the cost (in time, money, and disruption) on our client, and we're not aware of any deadline coming up that could justify more time and expense on our end so that plaintiffs could start their review before the inspection date (which is just a few weeks away).

We will be providing manifests with information on the code made available, as indicated in the protective order, and do not have any midstream listing on the exact releases that will be in the production at this time.

Thanks,
Leslie

**Leslie A. Demers**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Tuesday, May 2, 2023 4:13 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Coulson, Chris J (NYC) <Chris.Coulson@skadden.com>; Bisaillon, Ryan P (NYC) <Ryan.Bisaillon@skadden.com>; Biondo, Anthony P (NYC) <Anthony.Biondo@skadden.com>; Chad Hatmaker <chatmaker@wmbac.com>; Extreme@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; 'Neukom, John' <jneukom@debevoise.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

I am following up on your email below. In response to the questions raised in my April 14 email, you said that you hoped to revert back last week, but I don't believe we ever heard back. Could you please respond? We asked for Extreme to let us know which releases have been gathered and are ready to be produced now, because Plaintiffs would like to inspect on a rolling basis so that we can address any issues with production now. We also asked Extreme to confirm that all of Extreme's source code will still be available for inspection by no later than the end of May, and to please confirm when Extreme will be ready to provide information regarding the exact releases that have been gathered.

Thank you.

Best,

Olivia
(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Friday, April 21, 2023 1:01 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>; Bisaillon, Ryan P <Ryan.Bisaillon@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>; Chad Hatmaker <chatmaker@wmbac.com>; Extreme@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; 'Neukom, John' <jneukom@debevoise.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

We have received your email from Friday regarding Extreme's upcoming source code production and the questions are with our engineers. We will revert back when we have additional information, which we're hoping will be within the next week.

Best,
Leslie

**Leslie A. Demers**
Counsel
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, April 19, 2023 4:01 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Coulson, Chris J (NYC) <Chris.Coulson@skadden.com>; Bisaillon, Ryan P (NYC) <Ryan.Bisaillon@skadden.com>; Biondo, Anthony P (NYC) <Anthony.Biondo@skadden.com>; Chad Hatmaker <chatmaker@wmbac.com>; Extreme@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; 'Neukom, John' <jneukom@debevoise.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

I am following up on my email from last week.  Could you please respond to my questions below?  Thank you.

Best,

Olivia
(949) 760-5146

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, April 14, 2023 3:13 PM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>; Bisaillon, Ryan P <Ryan.Bisaillon@skadden.com>; Biondo, Anthony P <Anthony.Biondo@skadden.com>; Chad Hatmaker <chatmaker@wmbac.com>; Extreme@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; 'Neukom, John' <jneukom@debevoise.com>; Weber, Olivia <oweber@irell.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

I am following up on your email below.  Can you please let us know which releases have been gathered and are ready to be produced now?  Plaintiffs would like to inspect on a rolling basis so that we can address any issues with production now.  Please also confirm that all of Extreme's source code will still be available for inspection by no later than the end of May, and please confirm when Extreme will be ready to provide information regarding the exact releases that have been gathered.  Thank you.

Best,

Olivia
(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Friday, March 17, 2023 1:55 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>;

4

Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

Thank you for agreeing to supplement portions of your written responses and to provide a supplemental privilege log.  We've also received your document production.

On our end, we plan to supplement the written responses you requested and provide those responses by the end of April.  We'll continue to make document productions and expect that to be substantially completed by the end of May.  We'll keep producing on a rolling basis, and plan to make another production in the next few days.

With regard to source code production, Extreme's engineers are working to gather EXOS/EOS source code back to the date of first sale of products to present.  They presently plan for the code to be available for inspection by the end of May.  We will update you when we can get more granular on an estimate, including with an indication of the exact releases that have been gathered.

With regard to the date question on documents, we're searching for documents dating back to the first sale.  We've answered this question a few times now and again confirm that we are not presently aware of any document that will be withheld on the basis of its date.

Best,

Leslie

**Leslie A. Demers**
Counsel

**Skadden, Arps, Slate, Meagher & Flom LLP**

One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Friday, March 17, 2023 2:30 AM
**To:** Weber, Olivia <oweber@irell.com>; Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J (NYC) <Chris.Coulson@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Leslie,

5

I am following up on my email below. Please confirm whether Extreme will supplement all requests noted in my February 16 email below by the end of this month, and identify any documents that Extreme is withholding on the basis of a date restriction. We understand that your position is that Extreme is not withholding "as a general matter," but we need to know whether Extreme is, in fact, withholding documents on the basis of a date restriction. To date, we still do not have clarity on this issue.

We produced additional documents today and sent a letter regarding our source code production today as well. We plan to supplement portions of our responses to interrogatories 1-2 and provide you with a supplement by April 13. We intend to maintain at least the privilege and premature expert discovery/opinion objections.

We also plan to provide a supplemental privilege log by April 15.

Best,

Olivia

(949) 760-5146

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, March 9, 2023 8:52 PM
**To:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Leslie and Barbara,

First, we note in response to your email below that Extreme did not agree to extend the deadlines in this case at our request; rather, Extreme *caused* the need for an extension by withholding production of information in defiance of the Court's April 22, 2022 order. Extreme's continued refusal to produce the ordered information in a timely manner is part of that same problem.

Next, I'd like to thank you both for conferring with me today, and I write to memorialize a few issues we discussed on the call.

Plaintiffs requested a reasonably soon date certain for supplementation in response to the document requests, interrogatories, and RFAs identified in my February 16 email. Extreme is maintaining the estimates indicated in your email below; namely, that it will produce documents through at least April, and once document production is complete, it will then supplement its interrogatory and RFA responses. Plaintiffs disagree that this is a reasonable approach, particularly because the Court ordered Extreme to provide the majority of this information nearly a year ago. If Extreme is able to confirm that it will supplement all of the requests noted in my email by the end of this month, then Plaintiffs need not bring this dispute to the attention of the Court.

Extreme was also unable to provide a date certain for production of source code, and Extreme was not willing to provide complete assurance that it was not withholding documents from production on the basis of a date restriction.

As I mentioned, Plaintiffs will be sending a letter in short order regarding the production of their own source code. You asked us to let you know when we could supplement our discovery (including the privilege log), we'll discuss and next week we'll let you know a date certain as to timing and form of supplementation.

Best,

Olivia

(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Thursday, March 9, 2023 8:19 AM
**To:** 'Demers, Leslie A' <Leslie.Demers@skadden.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

As my emails indicate below, we'd at least like to discuss a firm date for supplementing the discovery requests (including interrogatories and RFAs) noted in my initial email.

Best,

Olivia

(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, March 9, 2023 6:10 AM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Barath, Barbara N. <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>
**Subject:** Re: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

What exactly would you like to cover on today's call? We asked for this before so we can have an efficient discussion, but are still waiting on a response.

Thanks,

Leslie

**Leslie A. Demers**

**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | New York | 10001-8602

T: 212.735.3493 | F: 917.777.3493

leslie.demers@skadden.com

On Mar 8, 2023, at 7:25 PM, Weber, Olivia <oweber@irell.com> wrote:

Leslie,

We'll be responding to your email shortly, but for now, please hold tomorrow at 12:30 ET/9:30 PT.  I'll send a dial-in.

Best,

Olivia

(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Tuesday, March 7, 2023 8:22 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; 'Barath, Barbara N.' <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

At your request, Extreme again agreed to extend the case schedule, with fact discovery closing next June.  We are pressing forward urgently – including producing nearly 25,000 pages of documents today, which is more than half of SNMPR's total production to date – but we need to have a reset on the habit of setting artificial deadlines.

Last week, SNMPR filed the amended complaint, expanding the scope of the case.  (It is this newly expanded case scope that Judge Atchley cited in granting the motion for an extension of

the case schedule.) We are diligently conducting our investigation to supplement our production to reflect this new case scope and to respond to your requests below at the same time. Given that there are requests for information dating back to 2001, this is an involved process. Today's production was the first of multiple productions that we expect to make with responsive information. We will have a better sense of timing in the coming weeks, but currently expect to continue to make productions through at least April.

With regard to the timing and content of the source code production, we will provide that when it is available. You can imagine that your request involves a large amount of data, and we will coordinate with you once we have further insight from Extreme's engineers.

With regard to the build environment stipulation, we interpreted your previous comment as being amenable to including EXOS and EOS in this stipulation. We now see that was not your intention. Nevertheless, we expect to have a few additional comments to the stipulation (we do not think these will be objectionable) and expect to be able to share that in coming days.

Finally, please confirm that SNMPR, too, will be supplementing its discovery to reflect the new case scope – that includes supplements to its interrogatory responses (including to Interrogatory Nos. 1-2, on damages) and to its document production.

These supplements should also cure the deficiencies flagged in our prior letter correspondence. Specifically (as you requested, but as addressed in more detail in the letters), SNMPR objected to Interrogatory Nos. 1-2 in part by claiming that it "cannot provide" responsive information on damages because it was missing information from Extreme on identification of products and finances. Extreme has since produced even more information on identification of products and finances. Please confirm that you will be withdrawing the objection and supplementing responses.

As to a meet and confer: we continue to be available for a meet and confer. We can make ourselves available Thursday (ideally in the 12 – 2:30 PM ET window). But we're not clear on what we would be discussing at this point given the information we have been providing to you; please let us know in advance of the call your thoughts on an agenda so we can have an efficient discussion.

Best,

Leslie

**Leslie A. Demers**
Counsel

**Skadden, Arps, Slate, Meagher & Flom LLP**

One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Monday, March 6, 2023 11:18 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; 'Barath, Barbara N.' <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J (NYC) <Chris.Coulson@skadden.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

Can you please confirm that you will substantially complete production of the information requested in the interrogatories and documents requested in the RFPs below by the end of this week? We sent the meet and confer request over two weeks ago and asked for production by March 2 (last week). If you cannot so confirm, please let me know when you're available to confer tomorrow and Wednesday.

In addition to my questions above, I've interlineated some comments and questions in your email below.

I hope you had a nice weekend.

Best,

Olivia

(949) 760-5146

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Thursday, March 2, 2023 7:05 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; 'Barath, Barbara N.' <bnbarath@debevoise.com>; Robertson, Sean <sroberts@debevoise.com>; Coulson, Chris J <Chris.Coulson@skadden.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

We are available to confer tomorrow between 1 and 2 PM ET and 3:30 and 4 PM ET.  I realize this is late notice, we can pick a time next week if better for your schedule.

We may be able to side step this, though, with the following information:

1.        I read your comment to 1(a) below to confirm that SNMPR is amenable to apply the build environment stipulation that is under negotiation to EXOS and EOS as well.  We will review the stipulation with that in mind and consider what if any updates are needed.  Leslie, we circulated a revised stipulation months ago, and Extreme was already ordered to produce the build environments in Judge Poplin's April order last year.  We attach the stipulation again with a minor change to account for the fact that there are now additional products identified in Extreme's response to interrogatory one (from what Extreme had identified when we last circulated the stipulation).  Please let us know if you have any suggested edits to the stipulation.  As for the additional products Extreme has since added to its interrogatory one response, we are amenable to a stipulation for other product build environments, but we cannot do so until we have the information necessary to underlie that stipulation (e.g. version and release information).  We are happy to discuss this with you, but we do not want that discussion to hold up the stipulation for the products that we have been discussing for over half a year.  We can always add products to the stipulation later.

2.        We see that you're requesting all code for EXOS and EOS.  We will move forward with this process and alert you of timing and any hurdles that we encounter.  Just to be clear, we are requesting all code (including all versions) for each product identified in response to Interrogatory numbers 1 and 2.  Please confirm that Extreme's production will include this and when Extreme will produce it.

3.        With regard to your list of RFPs, we're not refusing to produce information, instead we informed you that your citations seemed to be incorrect.  In any event, we expect to produce additional documents either this week or next week.  Please confirm that Extreme is providing the information requested in my email and is not withholding information due to a date (or other) objection.

4.        With regard to Plaintiffs' discovery, your October 12 letter notes that Extreme was in the process of supplementing its production.  We have since supplemented.  Do you still refuse to supplement the responses to interrogatories addressed in the letters?  We also do not see a response to the privilege log question.  Plaintiffs will provide a supplemental privilege log for the six RFPs that Extreme has served.  As to your assertion that Plaintiffs are supposedly "refusing" to supplement, it is unclear what you mean.  Please set forth the deficiencies you contend still exist.  As I mentioned, Plaintiffs responded fully to your letter on October 12, and it is unclear what "updates" you are still seeking from Plaintiffs.

I've copied in Barbara Barath, Sean Robertson, and Chris Coulson, please copy them going forward.


Thanks,

Leslie


**Leslie A. Demers**
Counsel

**Skadden, Arps, Slate, Meagher & Flom LLP**

One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Wednesday, March 1, 2023 6:15 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

13
Case 3:20-cv-00451-CEA-DCP   Document 347-11   Filed 12/15/23   Page 14 of 23   PageID #: 16086

Hi Leslie,

I'm following up on my email below.  Please provide your availability to confer this week.

Best,

Olivia

(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Friday, February 24, 2023 1:53 PM
**To:** Weber, Olivia <oweber@irell.com>
**Cc:** jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>; Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** Re: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

Apologies for the delay, I have been traveling. Jay and I would like to join the call on Monday. We are generally available but would prefer 11 AM ET or later.

We will revert on the rest of your email next week.

Thanks,

Leslie

**Leslie A. Demers**

On Feb 24, 2023, at 3:43 PM, Weber, Olivia <oweber@irell.com> wrote:

Hi Leslie,

I am following up on my email below.  Please let us know your thoughts, particularly as to who will be joining the Monday call that we intend to make.

Best,

Olivia

(949) 760-5146

---

**From:** Weber, Olivia
**Sent:** Wednesday, February 22, 2023 6:18 PM
**To:** 'Demers, Leslie A' <Leslie.Demers@skadden.com>; jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <OWeber@irell.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Leslie,

We do believe that, absent a granting of the parties' joint motion this week, we need to reach out to Judge Atchley's chambers first thing on Monday morning to seek guidance re: the expert report and other upcoming discovery deadlines.  We think it would be best to limit the participants to the court call to just one attorney

for Plaintiffs and one for Extreme.  If that is agreeable to you, please let us know who can participate for Extreme.

As for the remainder of your email, please let us know your availability to confer this week regarding the timing of Extreme's production.  We are generally available.  Much of the information that Plaintiffs seek below was already ordered to be provided last May, and Plaintiffs also filed a motion to compel in October 2022; therefore, if we are unable to come to an agreement on the issues we have raised, Plaintiffs will seek the assistance of Judge Poplin.

With respect to your list below, please see our responses interlineated in blue.

Best,

Olivia

(949) 760-5146

---

**From:** Demers, Leslie A <Leslie.Demers@skadden.com>
**Sent:** Monday, February 20, 2023 6:29 PM
**To:** Weber, Olivia <oweber@irell.com>; jneukom@debevoise.com; Edlich, Eliza S <Eliza.Edlich@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Hi Olivia,

Thanks for bringing up discovery.  We understand that you want discovery into the products that run EXOS and EOS from us, and we think you understand that we have asked for and will need more discovery from you as well.

The first step, though, should be for the parties to talk about a process and timing that makes sense for this discovery. We have not yet met and conferred since the Court's December order, nor have we conferred about the effect of Brocade's exit from the case.

We propose scheduling a meet and confer to address some of these procedural issues and a few additional questions that we hope will help streamline this process. We have outlined below key points to cover on this initial call from Extreme's perspective:

1.  We will agree to supplement our production for EXOS and EOS as a general matter. We are reviewing the list of discovery requests you cited below, but have a couple of questions and reactions at the outset:

    1.  We see the request for build environments, but recall that prior to the mediation we were negotiating a stipulation pertaining to build environments. Does SNMPR agree to resume these efforts? Plaintiffs have repeatedly asked Extreme for a response to Plaintiffs' revised stipulation, which we provided to Extreme on September 8 and followed up about thereafter on November 3, November 15, and November 22, and which Extreme has just ignored. I have attached it again. Please let us know Extreme's position on it without further delay.

    2.  We see a request for source code, but will need to have a conversation about (i) exactly what code you are requesting (versions and products), and (ii) SNMPR's view of its need for this source code, considering that there are currently no claims against non-Brocade products. (This is not our way of refusing production, but rather we want to have a conversation that takes the status of the case into account.) The scope of Plaintiffs' requests for source code are governed by the language of those requests, nor is it correct that there "are currently no claims against non-Brocade products." SNMP's copyright claims are for any Extreme product that contains SNMP Research Software. For example, RFP 19 requests "All Source Code, including all versions, for each Product Identified in response to Interrogatory numbers 1 and 2," and we intend to seek production of all source code responsive to that

request.  That said, we are open to discussing some ways to simplify source code discovery.

3.   Nearly all of the requests cited below are time-limited to January 2017 to present, but you request production from January 2001 to present.  Can you please check this list?  Judge Poplin recently ordered Extreme to identify all products containing SNMP Research Software, and further ordered Extreme to supplement related information with respect to those products, all back to the date of first sale.  Is Extreme refusing to provide the information requested in my email below on the grounds that it will only provide information back to January 1, 2017?

2.   The parties will need to address SNMPR's deficient responses to Brocade's discovery responses.  That includes whether SNMPR will agree that Extreme can step into Brocade's shoes for these requests, or if instead Extreme will need to re-serve the requests under its own name and start fresh.  Plaintiffs disagree that their responses to Brocade's discovery were deficient, which we made clear on our last call with Brocade's counsel.  Moreover, Extreme did not propound Brocade's discovery requests, so this is a non-issue.

3.   We have outstanding issues that we raised with you before as detailed in Extreme's letter from September 2.  Since we sent our letter, we have supplemented our discovery, but we have not received any updates from you.  Can you please revisit these issues and advise on whether you will still refuse to supplement?  Note that you did agree to provide a new, compliant privilege log, but we have not received that yet.  Can you please specify the updates to which you are referring?  Plaintiffs responded to your letter on October 12.

Finally, we see in your email a reference to contacting Judge Poplin on Tuesday (the second business day after you sent your email) and having Extreme produce all documents dating back to 2001 and some untold amount of source code in less than two weeks from today.  Obviously, that is not realistic from a practical standpoint, nor in view of the case schedule we agreed to at your request.

We agreed to jointly request an extension of the fact discovery to June 2024, and an extension of the trial to October 2024. However, we know that Judge Atchley has not yet ruled on that motion. If you're concerned about the fact that this motion is pending, and that you have an expert report deadline on March 8, we can understand that. But the solution is not to impose unilateral and unrealistic deadlines on Extreme, nor is it to burden the court on discovery issues before the parties even had a chance to confer. If you instead would like to propose an outreach to Judge Atchley's chambers on the pending motion, we would entertain a reasonable request.

Thanks,
Leslie

**Leslie A. Demers**
Counsel

**Skadden, Arps, Slate, Meagher & Flom LLP**

One Manhattan West | New York | NY | 10001
T: +1.212.735.3493 | F: +1.917.777.3493
leslie.demers@skadden.com

---

**From:** Weber, Olivia <oweber@irell.com>
**Sent:** Thursday, February 16, 2023 5:36 PM
**To:** Demers, Leslie A (NYC) <Leslie.Demers@skadden.com>;
jneukom@debevoise.com; Edlich, Eliza S (NYC) <Eliza.Edlich@skadden.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; John L. Wood <JWood@emlaw.com>;
Cheryl G. Rice <CRice@emlaw.com>; Weber, Olivia <oweber@irell.com>
**Subject:** [Ext] SNMP Research, Inc. et al. v. Extreme Networks, Inc.; No. 3:20-cv-451 -- Discovery

Leslie,

On December 22, 2022, Judge Poplin ordered Extreme (again) to identify all products that contain Plaintiffs' software and to produce financial information for all of those products back to the date of their first sale. As Extreme is aware, there are numerous other categories of information beyond just financial information that are also tethered to the products that contain Plaintiffs' software (i.e. to the products Extreme identified in response to interrogatories 1 and 2), including source code, shipment numbers, build environments, technical specifications, and marketing/advertising documents. We believe that the Judge's December 22 ruling as well as her prior April 22 ruling make clear that Extreme should provide that information. Extreme should also supplement its production

as to internal communications regarding SNMP Research Software and as to Extreme's third-party contracts and source code escrow agreements concerning SNMP Research Software.  We identify the discovery requests below, most of which were part of our October 2022 motion to compel:

1. SNMPR Rogs 5-6, 3-4, 8, 10-12, 15-16, 19-20;

2. SNMPRI Rog 4;

3. RFPs 3-6, 9-12, 15-28, 29-30, 37, 41-42, 46, 68-69, 71-78, 83, 88-96, 99, 101-105;

4. RFAs 7, 11

Extreme should provide all documents and information responsive to these requests from January 1, 2001 to present.  If Extreme is not willing to provide the requested information by March 2 for all products that contain Plaintiffs' software (i.e. that are identified in Extreme's sixth response to interrogatories 1-2), please let us know by Tuesday so we can raise the issue with Judge Poplin.

Best,

Olivia

**Olivia Weber** (she/her)| Irell & Manella LLP | 949.760.5146 | oweber@irell.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential

information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================
====================

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================
=========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================
=========

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================== =========

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

---------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================