UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § | **Case No. 3:20-cv-00451-CEA-DCP** |
| **Plaintiffs,** | § § | |
| v. | § § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.,** | § § § § § | |
| **Defendants.** | § § | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN RULE 30(b)(6) DEPOSITION OF DEFENDANT EXTREME NETWORKS, INC.**

**COME NOW** the Plaintiffs, SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International" and together with SNMP Research, "Plaintiffs"), by and through counsel, pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure and the direction of this Court provided on February 26, 202, and hereby submit the following Memorandum of Law in Support of Plaintiffs' Motion to Reopen Rule 30(b)(6) Deposition of Defendant Extreme Networks, Inc. and for Sanctions (the "Motion").

### I. INTRODUCTION

On February 14, 2024, Plaintiffs deposed Defendant Extreme Networks, Inc. ("Extreme") through its corporate designee, Mr. Daniel DeBacker ("Mr. DeBacker"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Deposition"). Extreme designated Mr. DeBacker as its

representative to testify on areas of examination[1] numbers 1, 8, 9, 21, 25, and 31 (the "Areas of Examination" or the "Topics") set forth in Plaintiffs' Notice of Deposition of Extreme Pursuant to Rule 30(b)(6) dated October 31, 2023 (the "Notice"). However, at the Deposition, Mr. DeBacker was woefully unprepared to answer questions about Topics, 8, 9, and 25 in the Notice and was repeatedly and improperly instructed by his counsel that questions about Topic 9 were somehow "outside the scope" of the Deposition.

Topic 9 of the Notice seeks to examine Extreme over "Extreme's responses to written discovery propounded by SNMP Research in this case[.]" Notice at ¶ 9. Extreme has agreed to reopen its Deposition on Topic 9 in part, but not as to its written interrogatory responses.[2] Accordingly, Plaintiffs respectfully move this Court to order the Rule 30(b)(6) Deposition of Extreme be reopened for additional questioning on Topic 9, and compel Extreme to designate and properly prepare a witness to answer Plaintiffs' questions relating to Extreme's responses to Plaintiffs' written interrogatory responses (*i.e.*, the remainder of Topic 9), with the time at the Deposition (related to the reopened Topics) not counted against Plaintiffs' total 30(b)(6) deposition time for the Deposition of Extreme.

## II. FACTS

On October 31, 2023, Plaintiffs served the Notice to Extreme. *See* Declaration of John L. Wood submitted contemporaneously with this Memorandum and the Motion (the "Wood Decl."), Ex. A (Notice of Deposition of Extreme Pursuant to Rule 30(b)(6)). Extreme served objections to the Notice on November 20, 2024. The parties conferred over the Notice and Extreme's objections to the Notice in late November and early December of 2023. Unable to obtain dates from Extreme for its designee(s) on

---

[1] All references herein to "Areas of Examination" or "Topics" are references to the topics listed in Attachment A to the Notice. *See generally* Declaration of John L. Wood ("Wood Decl."), Ex. A.
[2] Topics 8 and 25 are not in dispute as Extreme has agreed to produce a new witness on Topics 8 and 25 as well as the portion of Topic 9 related to Extreme's production of documents. *See generally* Wood Decl., Ex. G

any of the Topics, on December 19, 2023, Plaintiffs requested the assistance of the Court, who scheduled a telephonic discovery conference to address the issue for December 21, 2023. On December 20, 2023, Extreme indicated it would designate witnesses for certain Topics in the Notice, including Topic 9, but stated that witnesses would be designated for those Topics "subject to Extreme's objections and scope provided in its response to [the Notice]." Wood Decl., Ex. B, December 20, 2023 email exchange between S. Prabhakar and M. Ashley. Plaintiffs flatly rejected Extreme's attempt to unilaterally narrow Topic 9. *Id.* In the December 21, 2023, discovery conference, the Court directed Extreme to identify its designees for the Topics for which it was willing to produce a witness and provide available deposition dates for those designees. *See* Transcript of Proceedings of December 21, 2023 at 12 (Dkt. 348), and Minute Entry of Proceedings of December 21, 2024 (Dkt. 349). Pursuant to the Court's direction, on December 29, 2023, Extreme designated Mr. DeBacker to provide testimony regarding Topics 1, 8, 9, 21, 25, and 31 on February 14, 2024. *See* Wood Decl., Ex. C, the Joint Statement on Plaintiffs SNMP Research, Inc.'s and SNMP Research International, Inc.'s Rule 30(b)(6) Notice (Dec. 29, 2023), at 1.

On December 29, 2023, the parties also identified for the Court those Topics of the Notice which remained in dispute and proposed a briefing schedule for the resolution of Extreme's objections to the disputed Topics. *Id.* On January 5, the parties submitted their respective positions relating to the disputed Topics in Plaintiffs' Notice. *See* Wood Decl., Ex. D, Joint Statement on Extreme Networks, Inc.'s Motion for Protective Order on Rule 30(B)(6) Topics. Topic 9 was not among those Areas of Deposition in dispute or for which Extreme sought a protective order. *Id.*

On the afternoon of February 9, 2024, just three (3) business days before the previously agreed date of the Deposition of February 14, 2024, Extreme attempted to cause Plaintiffs to either postpone the Deposition or limit it to two hours and ten minutes (2:10). *See* Wood Decl., Ex. E, Email between counsel and the Court dated February 12, 2024. Ultimately, after Plaintiffs sought the Court's assistance in

- 3 -

Case 3:20-cv-00451-CEA-DCP   Document 364   Filed 03/19/24   Page 3 of 12   PageID #: 16844
7478009.11

resolving the issue, Extreme agreed to proceed with the DeBacker's Deposition, reserving its rights,[3] and on February 14, 2024, counsel for Plaintiffs took the Deposition. *See generally* Wood Decl., Ex. F, Transcript of the Deposition of Mr. DeBacker dated February 14, 2024 ("Transcript").

At the Deposition, after counsel for Plaintiffs spent hours preparing and traveling to San Francisco, Mr. DeBacker admitted that he spent "four hours, give or take" preparing for his testimony on Topics 1, 8, 9, 21, 25, and 31. *See* Wood Decl. Ex. F. at 15:13–16, 16:3–9. Mr. DeBacker admitted that the entirety of his four (4) hours of preparation took place the day prior to the Deposition in a meeting with counsel for Extreme. *See id.* at 16:3–14. As discussed herein, Mr. DeBacker's testimony on Topics 8, 9, and 25 was severely lacking—even on the parts that Extreme had not initially attempted to limit. *See, e.g.*, *id.* at 198:2–199:13, 201:3–5, 211:10–213:2, 216:3–8; *see also infra* at Part IV-C.

Following the Deposition, during the parties' conferrals attempting to resolve several discovery issues, Extreme readily agreed to reopen its Rule 30(b)(6) deposition with respect to Topics 8, 25 and the portion of Topic 9 related to Extreme's document production efforts, effectively acknowledging that Mr. DeBacker's preparation on Topic 9 was lacking. *See* Wood Decl., Ex. G. Despite Mr. DeBacker's failure to provide testimony on the remainder of Topic 9, Extreme refuses to permit the reopening of its Rule 30(b)(6) deposition to permit examination on this aspect of Topic 9.

### III. LAW

#### A. Rule 30(b)(6).

Rule 30(b)(6) was introduced to streamline the discovery process and "curb the 'bandying' by which officers and managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." FED. R. CIV. P. 30(b)(6)

---

[3] *See id.*

advisory committee's note to 1970 amendment; *see Fed. Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986).

> [A] corporation . . . "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the discovering party] and to prepare those persons in order that they can answer fully, completely, [and] unevasively, the questions posed by [the discovering party] as to the relevant subject matters."

*Fed. Deposit Ins. Corp.*, 116 F.R.D. at 199 (quoting *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981)). "While 'absolute perfection is not required of a [Rule] 30(b)(6) witness,' producing an unprepared Rule 30(b)(6) witness is tantamount to a failure to appear . . . ." *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505-TAV-HBG, 2021 WL 1685955, at *4 (E.D. Tenn. Feb. 3, 2021) (quoting *Wicker v. Lawless*, 278 F. Supp. 3d 989, 1000 (S.D. Ohio 2017)). To be adequately prepared, a corporate deponent may not (1) testify solely on personal knowledge, (2) fail to speak with other members of the corporation that the deponent is testifying on behalf of, or (3) neglect to review documents other than those to which the deponent was privy prior to the notice of deposition. *See, e.g.*, *Oro BRC4, LLC v. Silvertree Apartments*, No. 2:19-cv-4907, 2021 WL 2372667, at *5 (S.D. Ohio June 10, 2021).

The proper remedy for production of an unprepared witness is reopening the deposition of that witness. *See Gamby v. Equifax Info. Servs., LLC*, No. 06-11020, 2009 WL 142751, at *4–5 (E.D. Mich. Jan. 9, 2009).

      **B.**    **Limitation of Rule 30(b)(6) Deposition Topics Via Protective Order.**

"A party or any person from whom discovery is sought may move for a protective order . . . forbidding inquiry into certain matters, or limiting the scope of disclosure of discovery to certain matters." FED. R. CIV. P. 26(c)(1), (c)(1)(C). If a party noticed pursuant to Rule 30(b)(6) believes that any of the topics in the deposition notice are "irrelevant, overbroad, or otherwise problematic," it is the noticed party's responsibility to seek a protective order limiting those topics. *See Premiertox 2.0, Inc. v. Coventry*

*Health & Life Ins. Co.*, No. 1:15-CV-00127-GNS-HBB, 2019 WL 2192128, at *4 (W.D. Ky. May 21, 2019) (citing *Brooks v. Caterpillar Global Mining Am., LLC*, No. 4:14-CV-00022-JHM, 2016 WL 5213936, at *2 (W.D. Ky. Sept. 20, 2016)). "Absent a protective order[,] a [Rule 30(b)(6)] deponent is required to answer all questions." *Id.*; *see also Zeitlin v. Bank of Am., N.A.*, No. 2:18-cv-01919-RFB-BNW, 2021 WL 5236939, at *5 (D. Nev. Oct. 21, 2021) (citations omitted) (observing that the noticed party "should have filed a motion for a protective order before it unilaterally determined it would not prepare the Rule 30(b)(6) witness regarding certain topics . . .").

   **C.**  **Remedies for Deposition Misconduct.**

Both Federal Rules of Civil Procedure Rule 30 and Rule 37 provide avenues for relief relating to misconduct in depositions. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2); *see* 28 U.S.C. § 1927 (2018) ("Any attorney or other person admitted to conduct cases in any [federal court] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Producing an unprepared witness is a basis for an award of sanctions under Rule 30(d)(2). *Adkisson*, 2021 WL 1685955, at *4; *see* FED. R. CIV. P. 30(d)(2). A party seeking discovery may also move for an order compelling an answer and for sanctions when a deponent fails to answer a question asked under Rule 30. *See* FED. R. CIV. P. 37(a)(3)(A), (a)(3)(B)(i). For purposes of Rule 37(a), an evasive or incomplete answer must be treated as a failure to answer. *Id.* at (a)(4). The party asking the question may either complete or adjourn the deposition before moving for an order under Rule 37. *Id.* at (a)(3)(C). If the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (a)(5)(A).

## IV. ARGUMENT

This Court should reopen the Rule 30(b)(6) deposition of Extreme on Area of Examination No. 9 ("Topic 9") and compel Extreme to answer Plaintiffs' questions on this Topic because Mr. DeBacker was wholly unprepared to provide testimony on this Topic, because Mr. DeBacker's few answers on this Topic were incomplete and/or evasive, and because Extreme intentionally failed to prepare Mr. DeBacker on this Topic.

### A. Mr. DeBacker's Incomplete and Unprepared Testimony on Topic 9.

Topic 9 of the Notice seeks to examine Extreme over "Extreme's responses to written discovery propounded by SNMP Research in this case, including the scope of Extreme's collection of Documents in response to the written discovery." Notice at ¶ 9. Mr. DeBacker's testimony on this Topic was insufficient and incomplete—due to Extreme's outright failure to prepare him to provide testimony on the Topic.

#### 1. Mr. DeBacker's Lack of Preparedness on Extreme's Production of Documents in Response to Plaintiff's Written Discovery.

Mr. DeBacker provided next to no substantive information on Extreme's efforts to collect documents in response to Plaintiffs' written discovery, flatly and repeatedly responding to straightforward and relevant questions with "[d]on't know", "[d]on't have that information", or "[t]hat predates me being a part of Extreme." *See* Wood Decl. Ex. F at 197:14–199:13. Additionally, Mr. DeBacker was unprepared to testify on Extreme's production of documents in this case including (1) the identities of custodians whose e-mails were searched for documents responsive to Plaintiffs' discovery requests (*id.* at 197:14–16); (2) the e-mail server Extreme used in 2017 or at any time in the 2000s (*id.* at 197:17–198:5); (3) whether Extreme searched for *any* e-mails from the entire decade of the 2000s (*id.* at 198:12–199:13); or (4) what sets of documents were or were not available to Extreme during its searches of its records for responsive documents (*id.*).

- 7 -

When Mr. DeBacker did attempt to provide substantive testimony, he qualified his answers by commenting that he did not "have any personal knowledge" of Extreme's efforts to collect responsive documents and information. *See id.* at 198:15–199:13. Mr. DeBacker further made it clear that he did not make any attempt to speak with others within Extreme to prepare to provide testimony on this prong of Topic 9:

> Q. Do you know what type of e-mail system [ ] Extreme [was] using in the 2000s?
> A. That predates me being a part of Extreme. No, I don't know.
> Q. And did you ask anybody what type of e-mail system?
> A. I did not.
> Q. Do you know if . . . the e-mails from that e-mail system have been retained?
> A. I do not know.
> Q. Do you know if Extreme was able to search e-mails from the 2000s?
> A. Don't know.
> Q. So . . . how do you know what Extreme did to collect documents if you don't know what happened in the 2000s?
> A. I believe they searched and collected all the documents that were available.
> Q. But you don't—you said that you don't—
> A. I don't have any personal knowledge as to what documents were available.
> Q. I'm not asking about your personal knowledge. I'm asking about Extreme's knowledge, which you can get from talking to other people. So, what did Extreme do to search for e-mails in the 2000 frame?
> A. I don't know.
> Q. Did you try and obtain that information?
> A. I did not.
> Q. How did you think you were going to be prepared to answer questions on this topic if you didn't know what Extreme did regarding e-mails in the 2000s?
> A. Don't have that information.
> Q. And you didn't do anything to try and obtain that information either, did you?
> A. I did not.

*Id.* at 198:2–199:13. As discussed in Section III.A, Rule 30(b)(6) deponents may not testify solely from personal knowledge. *See, e.g.*, *Oro BRC4, LLC*, 2021 WL 2372667, at *5. A Rule 30(b)(6) deponent also may not fail to speak with other members of the corporation that the deponent is testifying on behalf of or neglect to review documents other than those to which the deponent was privy prior to the notice of deposition. *See id.*; *see also Adkisson*, 2021 WL 1685955, at *4.

In the foregoing excerpt, Mr. DeBacker admitted that he failed to comply with any of these duties, and he failed to provide Plaintiffs with any substantive testimony regarding "the scope of Extreme's collection of Documents in responsive to the written discovery"—an Area of Examination for which Extreme was on notice. *See* Wood Decl. Ex. F at 198:2–199:13; Notice at ¶ 9. Following the Deposition, Extreme agreed to reopen the Deposition with respect to this portion of Topic 9.

2. <u>Mr. DeBacker Was Not Prepared on Extreme's Responses to Plaintiff's Interrogatories.</u>

Extreme's counsel was clear that Mr. DeBacker was not prepared to answer questions on Plaintiff's written discovery and attempted to limit the questioning to Extreme's attempt to collect documents for written discovery, which Mr. DeBacker was not prepared on either as shown above. *See* Wood Decl. Ex. F at 196:15-20. Mr. DeBacker's pattern of unpreparedness continued throughout this portion of his examination. Plaintiffs questioned Mr. DeBacker on a total of six (6) of Extreme's responses to Plaintiffs' Interrogatories, and Mr. DeBacker's testimony was severely lacking. Extreme's counsel objected to almost every question on written discovery as out of scope even though such questions are clearly within the scope of Topic 9 and interjected inappropriate speaking objections. *See* Wood Decl. Ex. F at 200:18 – 201:14; 202:18 – 203:13. As an example, Mr. DeBacker testified that he did not know "if Extreme ha[d] fully and completely answered interrogatory number 1[.]" *See id.* at 201:3–5. The remainder of Mr. DeBacker's testimony on this Interrogatory was incomplete, evasive, and tainted by Mr. Prabhakar's repeated speaking objections that these questions were out of the scope of the Deposition, as more fully discussed herein. *See infra* Part III; *and see* Wood Decl. Ex. F at 201:6–205:6.

**B.     Extreme's Intentional Failure to Prepare Mr. DeBacker Despite the Lack of a Protective Order.**

Mr. DeBacker's unpreparedness, as discussed *supra*, was no mistake; Extreme initially objected to Topic 9 and offered to present a witness subject to Extreme's objections to the Topic. *See* Wood Decl., Ex. B. Plaintiffs made clear that they did not agree with Extreme's unilateral limitation of the Topic and

- 9 -

Case 3:20-cv-00451-CEA-DCP   Document 364   Filed 03/19/24   Page 9 of 12   PageID #: 16850
7478009.11

expected to examine Extreme's designee on the full Topic, without limitations. *Id.* If Extreme believed that any portion of Topic 9 was improper for any reason, Extreme was required to move for a protective order pursuant to Rule 26(c). *See* FED. R. CIV. P. 26(c)(1). Instead, Extreme represented Topic 9 as one of the Areas of Examination over which no disagreement existed and did not disclose, either to Plaintiffs or to the Court, that it was proceeding to the Deposition with the intention of limiting the scope of Topic 9 based on objections that Extreme had chosen not to pursue. *See* Wood Dec. Ex. D and Ex. E. Extreme unilaterally decided to not prepare Mr. DeBacker on Topic 9—over the objection of Plaintiffs' counsel to any proposed limitation on the Topic, and without seeking any relief or guidance from this Court. "Absent a protective order[,] a [Rule 30(b)(6)] deponent is required to answer all questions." *Premiertox 2.0, Inc.*, 2019 WL 2192128, at *4 (citing *Brooks*, 2016 WL 5213936, at *2).

Despite its failure to move for a protective order, Mr. Prabhakar repeatedly objected to Plaintiffs' questions on Topic 9 during the Deposition as "out of scope." *See* Transcript pp. 201:3–219:10. These objections pervaded nearly the entirety of the Deposition concerning Topic 9. *See id.* The majority of Mr. Prabhakar's objections were not based on the questions falling outside of Topic 9; they were objections to Topic 9 itself being outside of the scope of the Deposition. *See id.* at 199:15–200:14, 202:4–205:8, 209:10–211:2. Mr. Prabhakar's improper and baseless objections[4] compounded Mr. DeBacker's unpreparedness with respect to this Topic, and these issues together created an environment at the Deposition that was frustrating, unproductive, and a waste of both parties' time and resources.

Further, in the absence of an entered protective order—or even a pending motion requesting a protective order—Plaintiffs had a right to examine Extreme fully with respect to all Topics listed in the

---

[4] Mr. DeBacker's testimony regarding Topic No. 9 was also tainted by counsel for Extreme's, Mr. Prabhakar, repeated interjections with argumentative, longwinded, and baseless objections—often dragging on for pages at a time. *See* Transcript pp. 196:6–219:10; *see also* FED. R. CIV. P. 30(c)(2) ("[A]ny objection [during a deposition] must be stated concisely and in a nonargumentative and nonsuggestive manner . . . .").

- 10 -

Case 3:20-cv-00451-CEA-DCP   Document 364   Filed 03/19/24   Page 10 of 12   PageID #: 16851
7478009.11

Notice.  *See Premiertox 2.0, Inc.*, 2019 WL 2192128, at *4 (citing *Brooks*, 2016 WL 5213936, at *2); *Zeitlin*, 2021 WL 5236939, at *5.  Plaintiffs received next to no substantive testimony regarding Topic 9, which deprived them of their opportunity to conduct discovery of Extreme on a proper—and properly noticed—Area of Examination.  *See* Notice, Wood Decl. Ex. A, at ¶ 9.  Depriving Plaintiffs of their opportunity to fully examine Extreme on Topic 9 would prejudice Plaintiffs and prevent them from effectively prosecuting this case using information that Plaintiffs are entitled to discover.

Under these circumstances, Extreme's failure to prepare Mr. DeBacker is tantamount to a failure to appear.  *See Adkisson*, 2021 WL 1685955, at *4 (quoting *Wicker*, 278 F. Supp. 3d at 1000) ("'While 'absolute perfection is not required of a [Rule] 30(b)(6) witness,' producing an unprepared Rule 30(b)(6) witness is tantamount to a failure to appear . . . .").  Accordingly, this Court should reopen the Rule 30(b)(6) deposition of Extreme with respect to Topic 9 and the time expended to complete Mr. DeBacker's deposition should not count against the total time allotted to Plaintiffs for the 30(b)(6) deposition of Extreme.

## V.     CONCLUSION

For these reasons, Plaintiffs request that this Court permit Plaintiffs to reopen the Rule 30(b)(6) Deposition of Extreme with respect to Topic 9 and that the time expended to complete Mr. DeBacker's deposition (including Topics 8, 9 and 25) not be counted against the total time allotted to Plaintiffs for the 30(b)(6) deposition of Extreme.

- 11 -

Case 3:20-cv-00451-CEA-DCP   Document 364   Filed 03/19/24   Page 11 of 12   PageID #: 16852
7478009.11

Respectfully submitted,

Dated: March 18, 2024

By: */s/ Cheryl G. Rice*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

By: */s/ A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

By: */s/ Olivia L. Weber*
Olivia L. Weber (CA Bar. No. 319918)
BIENERT KATZMAN LITTRELL WILLIAMS, LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(949) 369-3700 (phone)
(949) 369-3701 (facsimile)
oweber@bklwlaw.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc. and*
*SNMP Research, Inc.*