# Exhibit G

# February 21, 2024 Email

| | |
|---|---|
| **From:** | Prabhakar, Saurabh <sprabhakar@debevoise.com> |
| **Sent:** | Wednesday, February 21, 2024 8:46 PM |
| **To:** | Cheryl G. Rice; Chuck Lee; Tabaie, Abe; Leslie A. Demers; Extreme |
| **Cc:** | Ashley, Matt; Olivia Weber; John L. Wood; Jablon, Iian |
| **Subject:** | RE: SNMP Research Inc. et al. v. Extreme Networks, Inc. |

Dear Cheryl,

We agree that item nos. 5 and 6 are resolved based on SNMPR's representations. Item 8 appears to be resolved but we need confirm that from SNMPR's productions. We do not intend to include it on the list to the Court today based on Plaintiffs' representations during the meet and confer.

On items no. 10 and 14, we reserve the right to raise this issue after we receive SNMPR's supplements. But we do not intend to include that in the list to the Court today.

We disagree that item no. 3 is resolved. SNMPR is still reserving the right to withhold documents based on burden and not committing to a date certain for production. We also requested the name of custodians on whom the searches related to RFP No. 90, 128, and 129 would be run. You have not provided that.

We disagree that item no. 4 is resolved. With respect to RFPs 29 and 152, SNMPR confirmed that it had not searched its emails to look for advertising and marketing materials it would have sent to prospective customers.

With respect to SNMPR's responses to Extreme's second set of interrogatories, we identify at least the following key deficiencies:

Rog. No. 6
1. Failure to answer the interrogatory about products for which Plaintiffs contend Extreme did not pay royalties
2. Failure to answer the interrogatory about products that do not conform to the authorized combination of target processor, operating system, and development tools.
3. Failure to answer the interrogatory about obligations to protection and security of the Program Source.
4. Failure to provide facts in support of contentions re. failure to maintain SNMPR's copyright notice
5. Failure to provide facts pertaining to breach of the Enterasys License.

Rog. No. 7
1. Failure to explain how the purported facts related to fraud relate to the legal elements of fraud.
2. Failure to identify any facts about copyright infringement by EOS products or fraud.

With respect to SNMPR's over-designation, we identify documents marked OCEO except its financials, settlement agreements with Brocade, Avaya, SNMP-0045526, SNMP-0045549, SNMP-0047103, SNMP-0047069, SNMP-0050998, SNMP-0020859, and SNMP-0028941.

With respect to Plaintiffs' list of issues, we respond as follows:

1. With respect to Mr. DeBacker's deposition. We confirm that Extreme is willing to produce another witness on Topic 8 with respect to the request for an EXOS license (Exhibit No. 158).
2. With respect to the build environment stipulation, we are agreeable to entering into a stipulation for the EXOS and EOS products. We are reviewing your draft and will revert back with any changes.
3. Extreme agrees to supplement its response to SNMPR's Interrogatory No. 1.

4. You clarified that Interrogatory No. 5 was actually SNMPRI's Interrogatory no. 5 served on August 9, 2022. We will supplement our response to this interrogatory.
5. We agree to review our responses to SNMPRI's Interrogatory No. 7-9 and 11, including the subpart objections, and provide the necessary supplementation. We do not expect to update interrogatory no. 8 substantively because it appears to calls for damages calculations. We do not expect to update interrogatory no. 9 because our answer appears complete.
6. We agree that the redesignation of the financial OCEO documents is at an impasse. We request that consistent with the PO, you provide bates numbers of each financial document you believe is improperly designated.
7. With respect to Topic No. 9, we do not agree to produce a witness to testify about the substance of every interrogatory response that Extreme has served for reasons explained during the meet and confer.
8. The issue of reopening of Extreme's 30b6 on the recently produced financial documents (2d item) was not timely raised under the Court's order.

Best regards,

**Saurabh Prabhakar** (he/him/his) | Associate | Debevoise & Plimpton LLP | sprabhak@debevoise.com | +1 415 738 5730 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in San Francisco at 1-415-738-5700) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Cheryl G. Rice <CRice@emlaw.com>
**Sent:** Wednesday, February 21, 2024 1:29 PM
**To:** Prabhakar, Saurabh <sprabhakar@debevoise.com>; Chuck Lee <Chuck.Lee@millermartin.com>; Tabaie, Abe <atabaie@debevoise.com>; Leslie A. Demers <Leslie.Demers@skadden.com>; Extreme <Extreme@debevoise.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; Olivia Weber <oweber@irell.com>; John L. Wood <JWood@emlaw.com>; Jablon, Iian <IJablon@irell.com>
**Subject:** SNMP Research Inc. et al. v. Extreme Networks, Inc.

**\*EXTERNAL\***

Saurabh,

This is in follow up to yesterday's conferrals which were directed by order of the Court. We have not yet heard from Extreme on multiple items. We need to submit a joint report to the Court today and need your responses to the items noted below. Please get back to us as soon as possible.

With regard to Extreme's list of open discovery issues:

• Plaintiffs have agreed SNMPR will supplement responses to RFP 7, ROGs 1 – 5, and that Plaintiffs will supply 2023 Income Statement and Balance Sheets and will amend their initial disclosures to address the damages information. Plaintiffs expect to be able to do so by March 12. This resolves items 2, 5, 10 and 14 in Extreme's list.
• Plaintiffs agreed to run the searches relating to RFP 90, 128 and 129 this week and, if the hit count on the searches indicates a burdensome number of hits to advise Extreme so that the parties can confer further. Once we have the hit count on the searches, if not burdensome we will be able to provide a date certain for production. This resolves Item 3.
• Plaintiffs have addressed the technical issues in the overlay that Extreme raised, and have produced materials responsive to RFPs 15m 29 and 152 that can be reasonably located. This resolves items 4, 6 and 8 on Extreme's list.

- Plaintiffs are awaiting Extreme's list of items for which it seeks redesignation under the PO and list of claimed deficiencies in SNMPR's responses to Extreme's second set of interrogatories—Items 9 and 11.
- Plaintiff needs some additional time to review RFP 10 (which is item 7) based on the conferral in order to see if this can be resolved.
- The parties appear to be at an impasse on Items 1, 12 and 13 in Extreme's list.

<u>With regard to Plaintiffs' list of open discovery issues:</u>
- Item 3 (scheduling of depositions) is resolved.
- Extreme has agreed to update its response to ROG 1 (5th Item on Plaintiffs' list); we need a firm date by which this will be done.
- Extreme has agreed to produce Mr. DeBacker again or another designee for deposition topics 9 (as to documents) and 25. Extreme is considering and will report back on whether it will provide a witness to discuss its ROG responses for Topic 9. Extreme will consider and report back as to its position on Topic 8 as discussed yesterday and Plaintiffs' have agreed to review the DeBacker transcript and raise any additional issues relating to his preparedness on Topics 8 and 21. (8th item in Plaintiffs' list)
- Plaintiffs are expecting to hear today from Extreme as to (a) the Build Environment Stipulation (Item 9), and (b) whether Extreme will be supplementing its responses to SMPRI Rogs 7-9 (Item 6), Deposition Topic 8-- for which Mr. DeBacker was designated (Item 8).
- The parties are at an impasse on (a) Extreme's reopening of Extreme's 30b6 on the recently produced financial documents (2d item), (b) SNMPRI's ROG 5 (5th item), (c) the subparts issue re: SNMPR Rogs 7-9 and 11 (6th item), (d) redesignation of Extreme's financial documents under the PO to less than OCEO (4th item), and (e) the number of depositions permitted (7th item).
- Plaintiffs have agreed to provide a list of the missing code for EXOS and EOS, which Extreme will then produce (1st item) and to provide additional detail regarding the subparts issue (Item 6).

With regard to the subparts objection Extreme has made in response to SNMPRI's ROGs 7-9 and 11, Plaintiffs submit that each interrogatory asks for a single piece of information relating to Extreme's contentions. Under applicable law, an interrogatory contains discrete subparts where the subpart stands alone as an independent question. Medtronic Sofamor Danek v. Michelson, 2002 WL33003691 at * 5-6 (W.D. Tenn. Jan. 30, 2022). None of the questions raised in SNMPRI's ROGs 7-9 or 11 are separate questions that "stand alone" as independent questions. With this clarification, please confirm whether Extreme will reconsider its objections to these ROGs on the basis of subparts and provide responses to each by a date certain.

Please let us hear from you today on the items listed here that you agreed to get back to us regarding above (particularly the Build Environment Stipulation, supplementation of responses to SMPRI Rogs 7-9 and Deposition Topic 8).

Thanks,

Cheryl
**Cheryl G. Rice**, Esquire
Egerton, McAfee, Armistead & Davis, P.C.
900 S. Gay Street, Suite 1400 Knoxville, TN 37902
Office**:** (865) 546-0500 | Fax**:** (865) 525-5293
Website | Map | Bio | Vcard Download| CRice@emlaw.com

  


**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system.  Thank you.