UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC.,** | § § § § | **Case No. 3:20-cv-00451-CEA-DCP** |
| **Plaintiffs,** | § § | |
| v. | § § | **Jury Demand** |
| **BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC.,** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CHALLENGE EXTREME'S CONFIDENTIALITY DESIGNATIONS

**COME NOW** the Plaintiffs, SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International" and together with SNMP Research, "Plaintiffs"), by and through counsel, pursuant to the Amended and Restated Protective Order entered in this case (Dkt. 335)(the "Protective Order"), the Local Rules of this Court, and the Court's direction of October 27, 2023, and hereby submit the following Memorandum of Law in Support of Plaintiffs' Motion to Challenge Extreme's Confidentiality Designations (the "Motion"). In support whereof, Plaintiffs state as follows:

### I.    INTRODUCTION

In the course of discovery in this matter, and pursuant to the parties' stipulated Protective Order entered in this matter (*see* Dkt. 93; Dkt. 335) Defendant Extreme Networks, Inc. ("Extreme") has designated numerous documents containing its financial information as "OUTSIDE COUNSEL EYES ONLY" ("OCEO"), as opposed to "HIGHLY CONFIDENTIAL" or another lesser designation. These

- 1 -

designations are indiscriminate and routinized—which the Protective Order expressly prohibits in paragraph 41—and moreover, none of these financial documents meet the definition of OCEO materials provided in the parties' stipulated Protective Order and, therefore, Extreme's wholesale designation of these materials as OCEO is improper. As a result of Extreme's over-designation of its financial documents as OCEO, Plaintiffs are being prohibited from fairly understanding and evaluating their case and from fully participating in preparation of the case for trial with their counsel. Nonetheless, despite Plaintiffs' repeated requests, Extreme has refused to re-designate the documents voluntarily.

The parties' agreed-upon OCEO designation is supposed to be strictly limited to materials that constitute "non-public, highly-sensitive proprietary technical or commercial information and/or trade secrets" which, if disclosed, "would create a substantial risk of serious injury to [Extreme] or third parties or significant competitive advantage to the Receiving Party." *See* Dkt. 335 ¶ 6. The documents at issue contain general information regarding Extreme's sales of its products, its costs of goods, and its operating costs. Much of the data is not recent. This type of information does not qualify as OCEO material, especially because it is undisputed that Plaintiffs do not compete with Extreme (and have not) and, therefore, there is no risk that SNMP would gain a competitive advantage through the disclosure of these documents to Plaintiffs. In short, the documents at issue do not meet the standard for designation as OCEO, and Plaintiffs respectfully submit they should be re-designated as, at most, HIGHLY CONFIDENTIAL.

## II. PROCEDURAL HISTORY

This Court previously entered a Protective Order that was proposed by the parties. *See* Dkt. 93. This order provided that the parties may designate information as "CONFIDENTIAL"; HIGHLY CONFIDENTIAL"; "OUTSIDE COUNSEL EYES ONLY"; and "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS". *Id.* at 24, ¶ 40. The Court recently, on November 23, 2023, entered an "Amended and Restated Protective Order" (Dkt. 335) (the "Protective Order"), which

maintained all of the same designation requirements and definitions (the only amendments were to the source code printing requirements).[1] Dkt. 335 at 2-3, ¶¶ 3-6. These designations are defined as follows:[2]

> 3. "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (a) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (b) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.
>
> 4. "HIGHLY CONFIDENTIAL Material": "CONFIDENTIAL material" that the Designating Party in good faith believes to reveal or reflect highly sensitive information the disclosure of which is likely to cause economic harm or significant competitive disadvantage to the Designating Party.
>
> [***]
>
> 6. "OUTSIDE COUNSEL EYES ONLY" material: material that the Designating Party believes in good faith constitutes or discloses non-public, highly-sensitive proprietary technical or commercial information and/or trade secrets (including but not limited to non-public financial information, pricing, product development and design, bid and proposal information, customer lists and contact information, information regarding subcontractors, teammates and vendors, forward looking forecasts, projections, strategies, plans, or information related to a Party's non-Party customers or clients, but not including source code) the disclosure of which, even under the terms applicable to HIGHLY CONFIDENTIAL Information would create a substantial risk of serious injury to the Designating Party or third parties or significant competitive advantage to the Receiving Party.

*Id.* ¶¶ 3-4, 6. The Protective Order requires, for each of the foregoing designations, that a party may designate "only information that an attorney for the Designating Party believes in good faith meets the definition." *Id.* ¶ 40. The Protective Order further states that "[m]ass, indiscriminate, or routinized

---

[1] While the Protective Order permits parties to designate materials containing source code as "HIGHLY CONFIDENTIAL – SOURCE CODE RELATED MATERIALS", that designation is not at issue here because none of the documents at issue contain source code.

[2] These definitions are identical in both the Court's original protective order (Dkt. 93) and the Amended Protective Order (Dkt. 335).

designations are prohibited." *Id*  In the event a party receives a document it believes has not been properly designated, the party may challenge that designation. *See id.* ¶¶ 46-47.

Extreme has produced certain documents in this case containing its financial information, namely information regarding sales of its products, service data, and its cost of goods.[3]  On October 4, 2023, Plaintiffs informed Extreme that its designation of these documents as "OCEO" was improper, and that Plaintiffs would challenge these designations if Extreme would not voluntarily redesignate them.  The parties met and conferred on this issue, among other discovery disputes, on October 11, 2023.  While the parties reached an agreement as to some types of documents, Extreme did not change its position regarding its designation of these financial documents.  After an informal hearing on multiple discovery disputes on October 27, 2023, the Court permitted Plaintiffs to file a motion to challenge Extreme's designations of the financial documents at issue.  Subsequently, Extreme produced additional documents which are revised versions of or supplemental to financial documents at issue, which it also designated OCEO.[4]  Plaintiffs maintain that Extreme has improperly designated all of these documents (Ex. 1 and Ex. 2 to the Declaration of Rameen J. Nasrollahi (the "Financial Documents")) as OCEO and challenge the OCEO designations. *See* Dkt. 335 ¶¶ 46-47.  The documents are summarized as follows:

| Bates # | Description |
| --- | --- |
| EXTREME-00722215 | Sales data for 2018-2022 by product code, regarding SLX and VDX products, including customer, pricing, and units sold. |
| EXTREME-00722446 | Billing data for 2021-2023 regarding the "8000 Family" by product number, including customers, product numbers, pricing, units sold, and cost of goods sold. |
| EXTREME-00722447 | Billing data regarding certain products identified by product number for 2016-2023, including customer, pricing, and cost of goods sold. |

---

[3] EXTREME-00722215; EXTREME-00722446; EXTREME-00722447; EXTREME-00722448; EXTREME-00722450; EXTREME-00722451; EXTREME-00871502; EXTREME-00871503; EXTREME-01290740; EXTREME-01290741; EXTREME-01290742; EXTREME-01290743; EXTREME-01290744. Collectively, Exhibit 1 to the Declaration of Rameen J. Nasrollahi.
[4] *See* EXTREME-01407577; EXTREME-01407578; and EXTREME-01407580. Collectively, Exhibit 2 to the Declaration of Rameen J. Nasrollahi.

| EXTREME-00722448 | Margin and billing data for 2007-2023 regarding certain of Extreme's product families, as well as sales data including customers, pricing, and cost of goods sold. |
| --- | --- |
| EXTREME-00722450 | Sales data for 2018-2022 regarding EOS and EXOS-based products, including customer, pricing, and number of units sold. |
| EXTREME-00722451 | Sales data for prior to 2018, regarding EOS and EXOS-based products, including customer, pricing, margins, and number of units sold. |
| EXTREME-00871502 | Sales data for 2018-2023, regarding EXOS-based products, including customer, pricing, margins, and number of units sold. |
| EXTREME-00871503 | Sales data for 2018-2023, regarding EOS-based products, including customer, pricing, margins, and number of units sold. |
| EXTREME-01290740 | Sales data for 2023 regarding the 8000 family and SRA products, including customer, pricing, and margins. |
| EXTREME-01290741 | Sales data for 2023 regarding EOS and EXOS-based products, including customer, pricing, costs of goods sold, and margins. |
| EXTREME-01290742 | Sales data for 2018-2023 regarding EOS and EXOS-based products, including customer, pricing, costs of goods sold, margins, and units sold. |
| EXTREME-01290743 | Sales data for 2018-2022 regarding SLX and VDX products, including customer, pricing, costs of goods sold, margins, and units sold. |
| EXTREME-01290744 | Sales data for 2018-2023 regarding EXOS-based products, including customer, pricing, costs of goods sold, margins, and units sold. |
| EXTREME-01407577 | Data for Q1 of 2024 related to EOS, including cost of goods sold, margins, and units ordered. |
| EXTREME-01407578 | Data for Q1 of 2024 related to EXOS, including cost of goods sold, margins, and units ordered. |
| EXTREME-01407580 | Sales data for 2018-2022 regarding SLX and VDX products, including customer, pricing, costs of goods sold, margins, and units sold. |

### III. LAW

Federal Rule of Civil Procedure 26(c) authorizes a court to enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "An [OCEO] designation is the most restrictive possible protective order, as it confined dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement." *Diamond Resorts US Collection Dev., LLC v. Wesley Financial Group, LLC,* 2021 WL 8443797, at *6 (E.D. Tenn. Jul. 20, 2021) (*quoting* Penn, LLC v. Prosper Bus. Dev. Corp., No. 2:10-CV-0993, 2012 WL 5948363, at *4 (S.D. Ohio Nov. 28, 2012) (other quotations omitted)). "In general, courts utilize "attorneys' eyes only" protective orders when especially sensitive

information is at issue or the information is to be provided to a competitor." *Id.* (quoting *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008), aff'd, No. 07-2657, 2008 WL 11417501 (W.D. Tenn. Dec. 9, 2008)). "When this type of designation is challenged, the party seeking an AEO [designation] must identify with sufficient particularity the harm it will suffer." *Home Federal Bank of Tenn. v. Home Federal Bank Corp.*, 2020 WL 12863501, at *4 (E.D. Tenn. Mar. 12, 2020) (internal quotations and citations omitted). As the parties here jointly agreed and as is enshrined in the Protective Order, "the burden of persuasion shall be on the Designating Party." Dkt. 335 ¶ 47.

When the movant seeking an AEO designation is a business, "such a showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Diamond Resorts* *6 (quoting *Stout v. Remetronix, Inc.*, 298 F.R.D 531, 535 (S.D. Ohio 2014) (internal quotations omitted)). "Further, 'the court must balance the difficulties imposed upon [a party] against the need to protect information from abuse by competitors.'" *Id.* (quoting *U.S. ex rel. Daugherty v. Bostwick Labs.*, No. 1:08-CV-354, 2013 WL 3270355, at *2 (S.D. Ohio June 26, 2013) (other quotations omitted)).

## IV. ARGUMENT

Extreme cannot show that the Financial Documents meet the definition of OCEO materials set out in the Protective Order because the disclosure of Financial Documents does not "create a substantial risk of serious injury to the Designating Party or third parties or significant competitive advantage". Furthermore, there is little risk of damage to either Extreme or a third party if this information were to be disclosed, especially in light of the fact that Extreme is a public company and must publicly report on its financials. Additionally, Extreme's designation of the Financial Documents as OCEO is inhibiting Plaintiffs' owner's ability to participate in the preparation of this case for trial and

- 6 -

evaluate its claims. Accordingly, this Court should compel Extreme to redesignate the Financial Documents from "OCEO" to "HIGHLY CONFIDENTIAL."

### A. The Financial Documents Do Not Meet the Definition of OCEO Materials Stated in the Protective Order.

OCEO materials constitute or disclose "non-public, highly-sensitive proprietary technical or commercial information and/or trade secrets (including but not limited to non-public financial information, pricing, product development and design, bid and proposal information, customer lists and contact information, information regarding subcontractors, teammates and vendors, forward looking forecasts, projections, strategies, plans, or information related to a Party's non-Party customers or clients, but not including source code)." Dkt. 335 ¶ 6. Such information must be at such risk that the "disclosure of which, even under the terms applicable to HIGHLY CONFIDENTIAL Information would create a substantial risk of serious injury to the Designating Party or third parties or significant competitive advantage to the Receiving Party." Plaintiffs' viewing of the Financial Documents subject to the terms of the Protective Order under a lesser designation do not create the risks specified in the Protective Order or caselaw which would justify Extreme's designation of them as OCEO and, therefore, the Court should compel Extreme to redesignate these documents as HIGHLY CONFIDENTIAL.

        1. <u>There is no risk of disclosure of sensitive materials to a competitor, and the use of the OCEO designations inhibits Plaintiff's owners' ability to participate in the case.</u>

Simply put, the Financial Documents do not meet the Protective Order's standard for OCEO designation because Extreme and SNMP are not competitors. The parties serve completely different markets: Extreme provides hardware solutions to end-users, especially in the enterprise market, while Plaintiffs, collectively, develop and provide software for use in networking products as well as to end users seeking to manage their own networks. Accordingly, Plaintiffs do not now,

- 7 -

and never have, competed with Extreme. Therefore, the Financial Documents cannot qualify as OCEO because their disclosure to Plaintiffs cannot provide Plaintiffs with a competitive advantage.

Furthermore, Extreme's designation of the Financial Materials as OCEO is inhibiting counsel's ability to inform Plaintiffs owner about the merits of Plaintiffs' claims, including its damage claims. "The court must balance the difficulties imposed upon [a party] against the need to protect information from abuse by competitors.'" *Diamond Resorts*, 2021 WL 8443797, at *6. (quoting *Bostwick Labs.*, 2013 WL 3270355, at *2). The designation of these materials as OCEO prohibits Plaintiffs from understanding and evaluating their case and fully participating in preparation of the case for trial with their counsel. On balance, the interests served by an OCEO designation of the Financial Documents do not outweigh the harm to Plaintiffs from such designation, and the documents should be redesignated as Highly Confidential. The designation of Highly Confidential will adequately protect Extreme's financial information without further inhibiting Plaintiffs' owner's understanding of and participation in preparation for the trial of this matter.

2. A "HIGHLY CONFIDENTIAL" designation is sufficient to protect the interests Extreme and of any third parties.

Because Plaintiffs are not competitors with Extreme, pursuant to the Protective Order, the only way in which the Financial Documents could meet the definition of material properly designated as OCEO is if their disclosure would create a "substantial risk of serious injury" to Extreme or a third party.

Information that can result in harm to third parties includes information that, when disclosed, would result in "third-party customers…[being] unable to engage Defendants' services". *See Diamond Resorts*, 2021 WL 8443797, at *9. There is nothing to indicate that disclosure of the Financial Documents would result in Extreme's customers inability to engage

Extreme's services. Nor does anything contained in the Financial Documents demonstrate how a designation of HIGHLY CONFIDENTIAL would not sufficiently protect those third parties. Accordingly, the Financial Documents do not meet the definition for materials which may be properly designated OCEO in this matter, and they should be redesignated as HIGHLY CONFIDENTIAL.

Finally, Extreme cannot demonstrate that disclosure of the information contained in the Financial Documents to Plaintiffs carries such a grave threat of injury that they are properly designated as OCEO. "[T]he Court is guided by the standard applied in this district, that an AEO designation is appropriate 'when especially sensitive information is at issue or the information is to be provided to a competitor.'" *Diamond Resorts*, 2021 WL 8443797, at *6. (quoting *Knox Trailers, Inc. v. Clark*, No. 3:20-CV-137-TRM-DCP, 2021 WL 2688643, at *4 (E.D. Tenn. Jan. 11, 2021). The information at issue is not unlike the information at issue in *Home Federal Bank of Tennessee v. Home Federal Bank Corp.*, in which this Court held that information, even financial information, exchanged between competitors did not qualify to be shielded from the view of the opposing party. *See Home Federal Bank of Tenn. v. Home Federal Bank Corp.*, No. 3:18-CV-379-JRG-DCP, 2020 WL 12863501 (E.D. Tenn. Mar. 12, 2020).

In *Home Federal Bank*, this Court reviewed whether certain information was properly designated as attorneys' eyes only when disclosed between the two bank parties, who were actively competing in the Knoxville, Tennessee area. *See id.* This information included:

- Lists of defendant bank's statistical information for certain of its accounts, including reports on safety-deposit boxes (including size, number, and rental charges), information detailing the overall numbers of accounts and changes in those account

> balances, and summaries showing the overall numbers of accounts with the defendant bank. *Id.* at *5

- Income statements and accompanying emails. *Id.* at *6.
- Internal risk assessments, including "perceived weaknesses," charts of market share, marketing budgets, spreadsheets of potential customers, "internal analysis of product offerings with details including the Defendant's potential profit margins on certain products". *Id.* at *7-10.

This Court concluded in that instance that none of these types of documents met the standard for a designation that would permit only the opposing party's counsel to view these documents, even when that opposing party was a competitor. *See generally id.*

The information contained in the Financial Documents is similar to that contained in the documents at issue in *Home Federal*. The Financial Documents provide information about the identity of Extreme's customers, sales data, and the cost of its goods sold. As in *Home Federal*, much of this data is historical. *See id.* at *8. While this Court should not conclude that information that is historical or "stale" automatically fails to qualify for an OCEO designation, *see id.* at *5, without any plainly articulated harm, such information typically does not qualify as OCEO material. *See id.* at *8. ([b]ased on the information before the Court, which is conjectural, the Court is left wondering how the information…most of which is quite dated, could be extrapolated and interpreted to reveal Defendant's business strategy, strengths, and weaknesses…."). Given that Plaintiffs and Extreme are not competitors, any potential harm of redesignating the Financial Documents as HIGHLY CONFIDENTIAL rather than OCEO is even less likely.

And, importantly, Extreme is a publicly traded company. While this does not mean that every iota of its financial information is public knowledge, it does mean that, ultimately, much of its financial

- 10 -

Case 3:20-cv-00451-CEA-DCP   Document 366   Filed 03/20/24   Page 10 of 12   PageID #: 16963
7478489.9

information is required to be publicly disclosed on a regular basis. Additionally, Extreme has not claimed that the identity of its customers is secret or that disclosure of its customers' identities to Plaintiffs would result in its harm. Accordingly, the content of the Financial Documents does not meet the standard for OCEO designation.

## V. CONCLUSION

Plaintiffs and Extreme are not competitors and, therefore, there is no risk that disclosure of Extreme's information contained in the Financial Documents to Plaintiffs would cause Extreme competitive harm. Nor does disclosure of the Financial Documents to Plaintiff under a HIGHLY CONFIDENTIAL designation create a "substantial risk of serious injury" to either Extreme or to a third party, including to any customer of Extreme. The Financial Documents do not contain information of such a sensitive and proprietary nature their designation as HIGHLY CONFIDENTIAL fails to adequately protect Extreme. If anything, Plaintiffs are currently suffering harm by Extreme's designation of the Financial Documents as OCEO because they are not able to fully evaluate and discuss their claims with their counsel and otherwise fully participate in the litigation of their claims without access to the information contained in the Financial Documents. Accordingly, the Court should compel Extreme to reclassify the Financial Documents as HIGHLY CONFIDENTIAL rather than OCEO.

Respectfully submitted,

Dated:  March 20, 2024

By: */s/ Rameen J. Nasrollahi*
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

By: */s/ A. Matthew Ashley*
A. Matthew Ashley (CA Bar. No. 198235)
Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com

By: */s/ Olivia L. Weber*
Olivia L. Weber (CA Bar. No. 319918)
BIENERT KATZMAN LITTRELL WILLIAMS, LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(949) 369-3700 (phone)
(949) 369-3701 (facsimile)
oweber@bklwlaw.com

*Attorneys for Plaintiffs*
*SNMP Research International, Inc. and*
*SNMP Research, Inc.*