# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

---------------------------------------------------------- x
                       :

SNMP RESEARCH, INC. and SNMP      :     Case No. 3:20-cv-00451-CEA-DCP
RESEARCH INTERNATIONAL, INC.,    :

                       :     U.S. District Judge Charles E. Atchley

          Plaintiffs,      :

                       :
             v.               :

                       :
BROADCOM INC.; BROCADE          :
COMMUNICATIONS SYSTEMS LLC; and :
EXTREME NETWORKS, INC.,       :

                       :
          Defendants.     :

---------------------------------------------------------- x

**DEFENDANT EXTREME NETWORKS, INC.'S**
**AMENDED ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Extreme Networks, Inc. ("Extreme") hereby submits its Answer to Plaintiff SNMP Research, Inc. and SNMP Research International, Inc.'s (collectively, "Plaintiffs") Amended Complaint for Breach of Contract, Copyright Infringement, and Fraud ("Amended Complaint"). Unless specifically admitted, Extreme denies each and every allegation made by Plaintiffs in the Amended complaint, and states as follows. Paragraph numbers 1-155 of Extreme's Answer respond to corresponding paragraph numbers in the Amended Complaint. For ease of reference, Extreme refers to Plaintiffs' headings and titles, but to the extent those headings and titles be construed to contain factual allegations, those allegations are denied.

\*      \*      \*

Extreme denies the allegations in the introductory paragraph of the Amended Complaint.

## I. INTRODUCTION

1.      Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2.      Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3.      Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

4.      Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5.      Extreme admits that there are other companies who offer SNMP software. Extreme lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

6.      Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that Exhibit A, which purports to be a License Agreement, as amended, is attached to the Amended Complaint. Otherwise, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

9. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to Extreme and therefore denies them. Extreme denies any allegations in this paragraph that pertain to it.

10. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

11. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

16. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to it and therefore denies them. Extreme denies any allegation in this paragraph that pertains to it. Extreme further avers that Plaintiffs have since dismissed all claims against Brocade.

17. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to it and therefore denies them. Extreme denies any allegation in this paragraph that pertains to it.

## II. PARTIES

18. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

Case 3:20-cv-00451-CEA-DCP   Document 376-1   Filed 04/01/24   Page 5 of 24   PageID #: 17000

22.     Extreme admits that it is a Delaware corporation. Extreme denies that the rest of the allegations in this paragraph.

### III.  JURISDICTION AND VENUE

23.     Extreme admits that some of Plaintiffs' claims in this case arise under the Copyright Act, 17 U.S.C. § 101 et. seq. Extreme denies the remaining allegations in this paragraph.

24.     Extreme admits the allegations in this paragraph.

25.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

26.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

27.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the Court has personal jurisdiction over Extreme. Extreme denies the remaining allegations in this paragraph.

28.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, and recognizing that the Court has denied Extreme's prior-filed motion to change venue, Extreme admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### IV.  FACTUAL BACKGROUND

**A.**     <u>**Plaintiffs And The Copyrighted Software At Issue In This Case**</u>

29.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to Extreme and therefore denies them. Extreme denies the remaining allegations in this paragraph.

30.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

Case 3:20-cv-00451-CEA-DCP   Document 376-1   Filed 04/01/24   Page 6 of 24   PageID #: 17001

31.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

32.     Extreme admits that Dr. Case holds himself out to own and run both SNMP Research and SNMP International.

33.     This paragraph contains conclusion of law as to which no response is required. To the extent a response is required, Extreme admits that collective Exhibit B, which purports to be Registration Certifications, is attached to the Amended Complaint. Extreme denies the remaining allegations in this paragraph.

**B.      The License Agreement**

34.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

35.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the purported Exhibit A contains "Source" as a defined term. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

36.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that Exhibit A contains "Internal Use Rights," and "Binary Distribution Rights" as defined terms. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

37.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6

38. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that Exhibit A appears to contain the text recited in Table 2 of the Amended Complaint. Extreme lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

40. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that Exhibit A contains a section entitled "Default." Extreme lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

**C.     Brocade's Breach Of The License Agreement And Defendants' Acts Of Infringement**

41. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

43. Extreme admits the allegations in this paragraph.

44. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to Extreme and therefore denies them. Extreme admits that it contacted SNMP Research International to transfer the Brocade License Agreement to Extreme. Extreme denies the remaining allegations in this paragraph.

45.     Extreme admits that SNMP Research International asked for details in response to its request to assign the Brocade License Agreement. Extreme denies the remaining allegations in this paragraph.

46.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph that do not pertain to Extreme and therefore denies them. Extreme denies the remaining allegations in this paragraph that pertain to it.

47.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that it corresponded with SNMP Research International about a license. Extreme denies the remaining allegations in this paragraph.

48.     Extreme denies the allegations in this paragraph.

49.     Extreme denies the allegations in this paragraph.

50.     Extreme denies the allegations in this paragraph.

51.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

52.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

53.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

54.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

55.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

56. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

57. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

58. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

59. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

60. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

61. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

62. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

63. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

64. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**D.** **Broadcom Is Brocade's Practical Partner**

65. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

66. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

67. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**E.   The October 22, 2001 License Agreement**

1.   Extreme's Breach Of The October 22, 2001 License Agreement

68. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that on October 22, 2001, SNMP Research International and Extreme entered into a license agreement. Extreme denies the rest of the allegations in this paragraph.

69. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the 2001 Extreme License contained provisions about "Internal Use Rights" and "Binary Redistribution Rights." Extreme denies the remaining allegations in this paragraph.

70. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

71. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that it reported royalties under the 2001 Extreme License for the BlackDiamond 10808 10-Slot Chassis product. Extreme denies the remaining allegations in this paragraph.

72. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

73. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that it reported and paid royalties for the BlackDiamond 10808 10-Slot Chassis product. Extreme denies the remaining allegations in this paragraph.

74.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

75.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the 2001 Extreme License contains language that states "If the license fee and royalties are not paid in a timely fashion as provided herein, the internal use and redistribution rights granted the Licensee under this License Agreement shall be terminated." Extreme denies the remaining allegations in this paragraph.

76.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

77.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the 2001 Extreme License contains a section on "Confidentiality and Non-Disclosure." Extreme denies the remaining allegations in this paragraph.

78.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

79.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the 2001 Extreme License contains language in Section 16 that "[i]n the event of unauthorized use or distribution of the Program Source, SNMP Research shall have the right in addition to its other remedies, to recover from Licensee an amount not less than the sum that Licensor would have charged the person or persons obtaining the benefit of such unauthorized use of the Program Source, plus any amount received by Licensee on account of such unauthorized use" and "[t]o pursue any other remedy at law or in equity." Extreme denies the remaining allegations in this paragraph.

80. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that on September 19, 2022, SNMP Research International sent a communication to Extreme styled as a "Response and Notice of Breach," Extreme admits that the communication recites Section 10 of the 2001 Extreme License, Extreme admits that Section 10 of the 2001 Extreme License states "Nothing shall prevent Licensee from independently producing, selling, and distributing similar products without obligation to SNMP. In the event that Licensee produces similar products, Licensee shall provide information to SNMP to authenticate that it was independently produced," and Extreme admits that the communication asked Extreme to provide a list of products. Extreme denies the remaining allegations in this paragraph.

81. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

82. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

83. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that on September 23, 2022, Extreme asked for a meeting with senior management under Section 16 of the 2001 Extreme License. Extreme denies the remaining allegations in this paragraph.

84. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that on October 20, 2022, SNMP Research International sent a communication to Extreme styled as a "Notice of Termination." Extreme admits that the communication contained a demand that Extreme return or provide written certification of the destruction of all copies of the Program Source provided by SNMPRI to

12

Extreme and all copies thereof and all Derivative Works of the Program Source in all forms. Extreme denies the remaining allegations in this paragraph.

85.     Extreme admits that on November 1, 2022, SNMP Research International and Extreme had a management meeting. Extreme denies the remaining allegations in this paragraph.

86.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

        2.      Extreme's Material Misrepresentations And Plaintiffs' Discovery Of
                Them And Of Extreme's Breaches Of The 2001 Extreme License

87.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that it reported royalties under the 2001 Extreme License to SNMP International from 2001 to 2018. Extreme denies the remaining allegations in this paragraph.

88.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

89.     Extreme admits that on April 22, 2022, Magistrate Judge Poplin issued a Memorandum and Order ordering Extreme to fully respond to certain discovery related to Extreme products and financial and other information regarding those products. Extreme denies the remaining allegations in this paragraph.

90.     Extreme admits that it served written discovery responses on May 13, 2022. Extreme denies the remaining allegations in this paragraph.

91.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

92.     Extreme admits that it sent communications to Plaintiffs on June 11, 2020 and July 17, 2022, and Extreme admits that Paul Segalini's June 11, 2020 email to John Wood stated that

13

"We can confirm that the legacy Entersys [sic] products went End of Sale in July 2006 and then End of Support in July 2011." Extreme denies the remaining allegations in this paragraph.

93.     Extreme denies the allegations in this paragraph.

94.     Extreme admits that Fiona Nolan, of Extreme, sent an email to Patti Sams and Mary Gibson, of SNMP Research International, on November 20, 2015. Extreme denies the remaining allegations in this paragraph.

95.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

96.     This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme denies the allegations in this paragraph.

97.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

98.     Extreme admits that collective Exhibit D contains documents styled as "Quarterly Royalty Report and Invoice." Extreme lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

99.     Extreme admits that Fiona Nolan, of Extreme, sent an email to Patti Sams and Mary Gibson, of SNMP Research International, on November 20, 2015. Extreme denies the remaining allegations in this paragraph.

## FIRST CAUSE OF ACTION

### (Breach of Contract – License Agreement)
### (Against Brocade)

100.     Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 99 above.

101.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

102.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

103.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

104.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

105.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

106.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## SECOND CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 501)
### (Against Brocade and Broadcom)

107.    Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 106, above.

108.    Extreme denies the allegations in this paragraph.

109.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

110.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

111.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15

112.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

113.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

114.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

115.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

116.     Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## THIRD CAUSE OF ACTION

**(Copyright Infringement – 17 U.S.C. § 501)**
**(Against Extreme)**

117.     Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 116, above.

118.     Extreme denies the allegations in this paragraph.

119.     Extreme denies the allegations in this paragraph.

120.     Extreme denies the allegations in this paragraph.

121.     Extreme denies the allegations in this paragraph.

122.     Extreme denies the allegations in this paragraph.

123.     Extreme denies the allegations in this paragraph.

124.     Extreme denies the allegations in this paragraph.

125.     Extreme denies the allegations in this paragraph.

16

## <u>FOURTH CAUSE OF ACTION</u>

**(Copyright Infringement – 17 U.S.C. § 501)**
**(Against Brocade and Broadcom)**
**Contributory Copyright Infringement**

126.    Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 125, above.

127.    Extreme denies the allegations in this paragraph.

128.    Extreme denies the allegations in this paragraph.

129.    Extreme denies the allegations in this paragraph.

130.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

131.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

132.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

133.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

134.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

135.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

136.    Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## FIFTH CAUSE OF ACTION

### (Breach of the 2001 Extreme License)
### (Against Extreme)

137. Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 136, above.

138. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits the allegations in this paragraph.

139. Extreme denies the allegations in this paragraph.

140. Extreme denies the allegations in this paragraph.

141. Extreme denies the allegations in this paragraph.

142. Extreme denies that Plaintiffs are entitled to any of the relief requested. Extreme denies the allegations in this paragraph.

143. Extreme denies that Plaintiffs are entitled to any of the relief requested.

## SIXTH CAUSE OF ACTION

### (Fraud)
### (Against Extreme)

144. Extreme repeats, realleges, and incorporates by reference its responses to Paragraphs 1 through 143, above.

145. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Extreme admits that the 2001 Extreme License granted Extreme the right to use and distribute Plaintiffs' software in its BlackDiamond 10808 10-Slot Chassis product. Extreme denies the remaining allegations in this paragraph.

146. Extreme denies the allegations in this paragraph.

147. Extreme admits that between 2001 and 2018, Extreme employees sent royalty reports to SNMP Research International. Extreme denies the remaining allegations in this paragraph.

148. Extreme denies the allegations in this paragraph.

149. Extreme admits that it sent communications to SNMP Research International on November 20, 2015. Extreme denies the remaining allegations in this paragraph.

150. Extreme denies the allegations in this paragraph.

151. Extreme denies the allegations in this paragraph.

152. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

153. Extreme lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

154. Extreme denies the allegations in this paragraph.

155. Extreme denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Extreme denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

Extreme asserts the following Affirmative Defenses in response to the Amended Complaint. Extreme reserves the right to amend its response to add additional Affirmative Defenses or Counterclaims as they become known throughout the course of discovery in this

case. Assertion of a defense is not a concession that Extreme has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Amended Complaint fails to state a claim for which relief sought may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Extreme does not infringe, willfully or otherwise, and has not infringed, willfully or otherwise, one or more of SNMP Research's copyrighted works.

## THIRD AFFIRMATIVE DEFENSE
### (Copyright Protection Unavailable)

Plaintiffs' claims against Extreme are barred, in whole or in part, by the doctrine of scènes à faire, the merger doctrine, and/or other limits on the scope of protection available for the copyrighted works.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalid Copyrights)

Plaintiffs' claims against Extreme are barred, in whole or in part, because SNMP Research's copyrights are invalid as consisting of ideas or processes that are not entitled to protection under the Copyright Act.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registrations)

Plaintiffs' claims against Extreme are barred, in whole or in part, because SNMP Research's copyright registrations are invalid.

## SIXTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiffs' claims against Extreme are barred, in whole or in part, by the doctrine of copyright misuse.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Upon information and belief, Plaintiffs' right to seek damages and attorneys' fees is limited, including and without limitation by 17 U.S.C. § 412.

## EIGHT AFFIRMATIVE DEFENSE
### (Laches, Acquiescence, Estoppel and/or Waiver)

Plaintiffs' claims against Extreme are barred, in whole or in part, by the equitable doctrines of laches, acquiescence, estoppel, and/or waiver.

## NINTH AFFIRMATIVE DEFENSE
### (Third-Party Liability)

Plaintiffs' claims against Extreme are barred, in whole or in part, because one or more third parties are liable for alleged misconduct.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims against Extreme are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations – Copyright Infringement)

Plaintiffs' copyright infringement claim against Extreme is barred, in whole or in part, by the applicable statute of limitations under 17 U.S.C. § 507(b).

## TWELFTH AFFIRMATIVE DEFENSE
### (Implied and Express License)

Plaintiffs' claims against Extreme are barred, in whole or in part, based on the implied licenses and/or express licenses between the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Mistake)

Plaintiffs' claims against Extreme are barred, in whole or in part, by the doctrine of mistake of fact.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations – State Law Claims)

Plaintiffs' state law claims against Extreme are barred, in whole or in part, by the statute of limitations under Tennessee law.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims against Extreme are barred, in whole or in part, for failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Preemption)

One or more of Plaintiffs' state law claims against Extreme are barred, in whole or in part, as preempted by the Copyright Act.

## V. CONCLUSION

WHEREFORE, Extreme requests that the Court enter judgment in its favor and award it reasonable attorneys' fees and costs and any such other relief as may be just.

Dated: April 1, 2024

Respectfully Submitted,

 /s/ John M. Neukom

Charles B. Lee, BPR# 011570
Jessica Malloy-Thorpe, BPR# 035234
Jordan B. Scott, BPR# 037795
MILLER & MARTIN, PLLC
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
Tel: (423) 756-6600
Fax: (423) 785-8293
clee@millermartin.com
jessica.malloy-thorpe@millermartin.com
jordan.scott@millermartin.com

John M. Neukom (*admitted pro hac vice*)
Abraham A. Tabaie (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
Saurabh Prabhakar (*admitted pro hac vice*)
Alicia J. Ginsberg (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
atabaie@debevoise.com
bnbarath@debevoise.com
sprabhakar@debevoise.com
ajginsberg@debevoise.com
(415) 738-5700


Sy Damle (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-3332

Michael Powell (*admitted pro hac vice*)
David M. Lamb (*admitted pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, New York 10010
michael@gishpllc.com
david.lamb@gishpllc.com
(212) 518-2000

*Attorneys for Extreme Networks, Inc.*