# Exhibit 1

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | § § § | |
| v. | § § | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | § § § § § | |
| Defendants. | § § § | |

### EXTREME NETWORKS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION OF EXTREME NETWORKS, INC. PURSUANT TO RULE 30(b)(6)

Pursuant to Rule 26 and 30 of the Federal Rule of Civil Procedure, Defendant Extreme Networks, Inc. ("Extreme"), by and through its undersigned counsel, hereby objects and responds to Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc.'s (collectively SNMPR or Plaintiffs) Notice of Deposition of Extreme Pursuant to Rule 30(b)(6) ("Notice").

## OBJECTIONS TO DEFINITIONS

1.      Extreme objects to the definition of "SNMP Research" insofar as it includes any entities other than Plaintiffs.

2.      Extreme objects to the definition of "You," "Your," and "Extreme," insofar as they purport to require the following entities or Persons to respond to the Notice: Extreme's agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of one or more of them.

1

this Topic, and for failing to describe with reasonable particularity the matter for examination as required by Rule 30(b)(6). Extreme objects to Topic No. 8 because the topic's use of "including without limitation" language followed by numerous sub-topics fails to identify the outer limits of the subject matter of the topic, rendering the topic overly broad, unduly burdensome, and failing to describe with reasonable particularity the matters for examination as required by Rule 30(b)(6). *See Richardson v. Rock City Mech. Co., LLC*, 2010 WL 711830, at *6 (M.D. Tenn. Feb. 24, 2010); *Green v. Platinum Restaurants Mid-America, LLC*, 2017 WL 11682937, at *19 (W.D. Ky. Oct. 24, 2017) (striking "including but not limited to" from all topics in a Rule 30(b)(6) deposition notice).

Subject to and without waiver of the foregoing objections, Extreme will designate a witness knowledgeable about Extreme's request for Licenses, or assignment, transfer, or amendment of Licenses from SNMP Research.

**DEPOSITION TOPIC NO. 9:**

Extreme's responses to written discovery propounded by SNMP Research in this case, including the scope of Extreme's collection of Documents in response to the written discovery.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

Extreme incorporates its Objections to the Definitions as if fully stated therein. Extreme objects to Topic No. 9 to the extent it calls for information regarding matters protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protections against discovery. Extreme objects to Topic No. 9 as overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter for examination as required by Rule 30(b)(6) insofar as the topic includes Extreme's written discovery responses besides requests for production of documents and it would require a witness to be prepared to testify about all of Extreme's written discovery responses without any limitation to a specific subject matter.

12

Subject to and without waiver of the foregoing objections, Extreme will designate a witness knowledgeable about the scope of Extreme's efforts to collect of Documents in response to the written discovery.

**DEPOSITION TOPIC NO. 10:**

All agreements You believe are comparable to the Brocade License Agreement, the basis for this contention, and all factual circumstances You contend are relevant to the determination of comparability.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

Extreme incorporates its Objections to the Definitions as if fully stated therein. Extreme objects to Topic No. 10 to the extent it calls for a legal conclusion and/or is properly the subject of expert discovery. *JPMorgan Chase Bank v. Winget*, 2016 WL 7242136, at *4 (E.D. Mich. Dec. 15, 2016) ("[d]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories"). Extreme objects to Topic No. 10 to the extent it calls for information regarding matters protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protections against discovery. Extreme objects to the undefined term "All agreements" as overly broad, vague, ambiguous, lacking clear meaning as used in this topic, and unduly burdensome insofar as it seeks information about agreements that have not been produced during discovery in this case. Extreme objects to Topic No. 10 as vague, ambiguous, lacking clear meaning with respect to this topic, and failing to describe with reasonable particularity the matter for examination as required by Rule 30(b)(6) because it purports to seek "agreements You believe are comparable" and "all factual circumstances You contend are relevant" without providing any specificity as to the context or purpose of the determination of comparability.

13

Dated: November 20, 2023

Charles B. Lee, BPR# 011570
Jessica Malloy-Thorpe, BPR# 035234
Jordan B. Scott, BPR# 037795
MILLER & MARTIN, PLLC
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
Tel: (423) 756-6600
Fax: (423) 785-8293
clee@millermartin.com
jessica.malloy-thorpe@millermartin.com
jordan.scott@millermartin.com

*/s/ John M. Neukom*

John M. Neukom (*admitted pro hac vice*)
Abraham A. Tabaie (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
Saurabh Prabhakar *(admitted pro hac vice)*
Alicia J. Ginsberg (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
atabaie@debevoise.com
bnbarath@debevoise.com
 sprabhakar@debevoise.com
ajginsberg@debevoise.com
(415) 738-5700
Leslie A. Demers (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

*Attorneys for Extreme Networks, Inc.*

44