# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | § § | |
| v. | § § | **Jury Demand** |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | § § § § | |
| Defendants. | § § § | |

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN RULE 30(b)(6) DEPOSITION OF DEFENDANT EXTREME NETWORKS, INC.

---

**COME NOW** the Plaintiffs, SNMP Research, Inc. ("SNMP Research") and SNMP Research International, Inc. ("SNMP International" and together with SNMP Research, "Plaintiffs"), by and through counsel, pursuant to Rules 26, 30, and 37 of the Federal Rules of Civil Procedure and the direction of this Court provided on February 26, 202, and hereby submit the following Reply in Support of Plaintiffs' Motion to Reopen Rule 30(b)(6) Deposition of Defendant Extreme Networks, Inc. (the "Motion").

## I.      INTRODUCTION

Extreme presents two arguments in opposition to this Motion: 1) The parties agreed at a December 8, 2023 meet and confer that Topic 9 was limited as specified by Extreme's objections; and 2) Topic 9 is not reasonably particular and is already covered by other topics. See Dkt. 378 ("Response"). Both of these arguments fail because the parties never agreed to limit Topic 9, and Topic 9 is reasonably particular. Also, Extreme now contends that it should be allowed to make speaking objections despite

- 1 -

7489932.6

the clear language of the Order Governing Depositions (Dkt. 9) and the parties' agreement after the first deposition clarifying the language of the Order Governing Depositions. Accordingly, Plaintiffs respectfully move this Court to order the Rule 30(b)(6) Deposition of Extreme be reopened for additional questioning on Topic 9, and compel Extreme to designate and properly prepare a witness to answer Plaintiffs' questions relating to Extreme's responses to Plaintiffs' written interrogatory responses (*i.e.*, the remainder of Topic 9), with the time at the Deposition (related to the reopened Topics) not counted against Plaintiffs' total 30(b)(6) deposition time for the deposition of Extreme.

## II.     THE PARTIES AGREED TOPIC 9 WAS UNCHANGED

Extreme mischaracterizes the parties' discussions during the December 8, 2023 meet and confer in an attempt to justify Mr. Debacker's unpreparedness at his Rule 30(b)(6) deposition. First, counsel for SNMP Research never agreed to limit Topic 9 during the December 8, 2023 meet and confer. *See* Declaration of Olivia Weber. After the December 8, 2023 meet and confer, counsel for SNMP Research followed up by providing written confirmation of the modifications for the Topics that SNMP Research had agreed to modify during the December 8, 2023 meet and confer. *See* Exhibit A to Declaration of John L. Wood ("Wood Decl."). Notably, Topic 9 is not listed as a modified Topic and counsel for Extreme never responded to indicate that Topic 9 should have been included. On December 20, 2023, Extreme sent an email seeking to limit Topic 9 based on its objections and SNMP Research rejected the limitation. Dkt. 364-3. Extreme took no further action to address Topic 9. On December 29, 2023 the parties submitted a joint statement to the Court which stated that Extreme would provide a witness for Topic 9. Dkt. 364-4. Then, on January 5, 2024 the parties submitted another joint statement to the Court containing Extreme's arguments regarding the 30(b)(6) topics it had objected to; Topic 9 was not one of the Topics addressed. Dkt. 364-5. As a part of this submission, Extreme provided Appendix A, which it characterized as the parties' agreement on 22 of the noticed topics, including Topic 9. *See* Exhibit B to Wood Decl. Appendix A, which Extreme

- 2 -

7489932.6

submitted, does not reflect any changes to or limits on Topic 9. *Id.* Extreme did not raise in the January 5, 2024 joint statement or at any time thereafter (until the deposition) it's current assertion that Topic 9 was limited.

In short, Extreme's assertion that the parties agreed to limit Topic 9 is belied by the record.

### III.    TOPIC 9 IS SUFFICIENTLY PARTICULAR

Given its agreement on Topic 9 discussed above, Extreme should not even be heard to argue, now, that the Topic is deficient. Nevertheless, Extreme's new contention that Topic 9 is not reasonably particular fails as well. Topic 9 seeks testimony related to Extreme's written discovery responses; so there is no question that Topic 9 is relevant, and Extreme does not dispute this. Topic 9 is also reasonably particular because Topic 9 requests a witness to discuss facts that Extreme has already gathered for its interrogatory answers. *Oak Point Partners v. Blue Cross Blue Shield of Mich.*, 2020 WL 6939667, at *1 (E.D. Mich. Nov. 25, 2020) (topics describing defendant's own factual knowledge and evidence in support of its defenses were reasonably particular).

Extreme attempts to unnaturally broaden Topic 9 to "every subject … going back decades." *See* Response at 7, 8. But, Topic 9 is asking for Extreme's responses to written discovery which is limited to the facts Extreme has used to respond to Plaintiffs' interrogatories. Extreme has already gathered and verified this information so it knows exactly which information SNMP Research intends to question it about. Extreme also argues that Topic 9 is duplicative of the interrogatory responses themselves. *See* Response at 8 ("Topic 9 is not only cumulative of discovery already propounded by SNMPR (i.e. the interrogatory responses themselves)"). Taking this argument to its logical extension, no answer to an Interrogatory could ever be subject to questions in a 30(b)(6) deposition because the information is already provided in response to the Interrogatory itself. Extreme's own actions show that this argument is not legitimate. Extreme has recently issued 30(b)(6) notices to both SNMP Research entities containing, combined, 125 topics which specifically ask about many of Plaintiff's

- 3 -

answers to Extreme's Interrogatories. See Exhibit C and D to Wood Decl. Extreme should not be able to contend that a 30(b)(6) topic that asks about facts contained in its Interrogatory answers is duplicative of the Interrogatory answer while at the same time issuing its own 30(b)(6) notices that seek to examine Plaintiffs over their Interrogatory answers.

Extreme also contends that the information contained in its responses to the Interrogatories was already covered in other depositions (See Response at 11, 12), but the argument fails:[1]

- Interrogatory No. 1. Extreme argues that Mr. Fitzgerald has already testified about how Extreme prepared the list of products in Interrogatory No. 1. *Id.* Mr. Fitzgerald was listed as personally providing information for Interrogatory No. 1 and was asked about the specific information he provided. When Mr. Debacker was asked if Extreme had "fully and completely answered Interrogatory number 1" counsel objected as out of scope and Mr. Debacker simply responded "No." See Dkt. 364-7 201:3-5.

- Interrogatory No. 4. Extreme recites Interrogatory 4 in the Response, makes up potential questions that SNMP Research might ask and states that to do so would be improper. Again, SNMP Research just wants to ask about the facts presented in response to Interrogatory 4, so Extreme's hypothetical is misplaced.

- Interrogatory No. 7: Extreme contends that Mr. Fitzgerald has already testified regarding Extreme's search for SNMP Research software. But, Interrogatory No. 7 is not asking about the search process; it asks Extreme to identify the people involved in the search and Mr. Fitzgerald did not testify about that and even if he had Extreme did not designate him as the witness for Topic 9 regarding Interrogatory No. 7. Extreme also argues that questions about its response to Interrogatory 7 are "answered by Extreme's response to

[1] SNMP Research, Inc's first set of Interrogatory Requests are provided as Exhibit C to the Wood Decl. for reference.

- 4 -

Interrogatory No. 7." *Id.* at 12. This argument ignores the issue that Plaintiff's want to ask questions about Extreme's responses.

- Interrogatory No. 12: Extreme argues that questions about the facts in its response to Interrogatory No. 12 "are more conveniently and more completely answered through a written Interrogatory response." *Id.* at 12. Extreme is arguing that inquiry into the facts presented in an Interrogatory should be done through another Interrogatory. This is circular logic which, if followed, would require an infinite number of Interrogatories because the only manner to inquire into the facts in an Interrogatory would be to ask another Interrogatory.

- Interrogatory No. 10: Extreme argues that questions about changes to the 2001 Extreme License are already covered by Topic 8, but Interrogatory No. 10[2] does not ask Extreme about changes to the 2001 Extreme License.

In summary, none of the examples Extreme has provided justifies Extreme's failure to provide a witness prepared to testify regarding Topic 9.

## IV. EXTREME'S IMPROPER SPEAKING OBJECTIONS

The Order Governing Depositions in this case states:

> Counsel shall not make objections or statement which might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

Dkt. 9.

Extreme's counsel has repeatedly violated this rule and now in the Response argues that such a violation of the clear language of the Order Governing Depositions is allowed. Extreme's rationale for

---

[2] Extreme is most likely referring to SNMP Research International, Inc.'s Third Set of Interrogatories to Extreme which asks "With respect to SNMP Research International, Inc.'s claim for breach of the 2001 Extreme License, Identify in detail the complete basis for Your contention that SNMP Research International, Inc. should have known that Extreme was using SNMP Research Software in more than just the BD 10808 10-Slot Chassis Product."

7489932.6

its speeches and speaking objections is that questions went beyond the agreed upon scope of Topic 9. *See* Response at 10. First, SNMP Research's counsel's questions were within the scope of Topic 9. Second, even if SNMP Research's counsel's questions were not within the scope, the Order Governing Depositions is clear that the proper objection is a succinct one that states the "basis of the Objection and nothing more." Counsel's speaking objection during the Debacker deposition violates this instruction. *See* Dkt. 364-7 at 201:6 – 204:18.

Tellingly, counsel for Extreme notes that this is the same situation as the finance deposition. *Id.* at 204:14-15. Counsel for Extreme made a number of speaking objections during the deposition of Kaylee Freeman (the finance deposition). In response, counsel for SNMP Research sent an email to counsel for Extreme noting that counsel for Extreme had violated the Order Governing Depositions and advising that SNMP Research would seek the Court's intervention if counsel for Extreme did not agree to stop making speaking objections in all future depositions. *See* Exhibit D to Wood Decl. Counsel for Extreme then agreed that "objections in this case will be limited to Objection and a succinct statement of the basis without explanation such as "Objection, out of scope" or "Objection, ask and answered". *Id.* Extreme violated this agreement in the Debacker deposition and now argues that its violation is warranted whenever Extreme's counsel deems a question is out of scope. Extreme should not be permitted to violate this Court's Order Governing Depositions and its own agreement with Plaintiffs regarding deposition conduct.

## V. CONCLUSION

For these reasons, Plaintiffs request that this Court permit Plaintiffs to reopen the Rule 30(b)(6) Deposition of Extreme with respect to Topic 9 and that the time expended to complete Mr. DeBacker's deposition (including Topics 8, 9 and 25) not be counted against the total time allotted to Plaintiffs for the 30(b)(6) deposition of Extreme.

- 6 -

7489932.6

Respectfully submitted,

Dated: April 09, 2024

By: /s/ John L. Wood
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    jwood@emlaw.com
    crice@emlaw.com
    rnasrollahi@emlaw.com

By: /s/ A. Matthew Ashley
    A. Matthew Ashley (CA Bar. No. 198235)
    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    mchu@irell.com
    dnimmer@irell.com
    mashley@irell.com

By: /s/ Olivia L. Weber
    Olivia L. Weber (CA Bar. No. 319918)
    BIENERT KATZMAN LITTRELL WILLIAMS, LLP
    903 Calle Amanecer, Suite 350
    San Clemente, CA 92673
    (949) 369-3700 (phone)
    (949) 369-3701 (facsimile)
    oweber@bklwlaw.com

    *Attorneys for Plaintiffs*
    *SNMP Research International, Inc. and*
    *SNMP Research, Inc.*

- 7 -

7489932.6