# EXHIBIT C

**Defendant's 30(b)(6) Notice to SNMP Research, Inc. dated March 25th, 2024**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | § § | |
| | § | **Jury Demand** |
| v. | § § | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | § § § § § | |
| Defendants. | § § | |

**EXTREME NETWORKS INC.'S NOTICE OF DEPOSITION OF
SNMP RESEARCH, INC. PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Extreme Networks, Inc. ("Extreme"), by its undersigned attorneys, will take the oral deposition of Plaintiff SNMP Research, Inc. ("Plaintiff") on April 18, 2024 at 9:00 a.m. Eastern Daylight Time. The deposition will be held in person at 606 W Main Street, Suite 350, Knoxville, TN 37902. The deposition will continue from day to day or on adjourned dates until completed with such adjournments as to time and place as may be necessary.

The deposition will take place before a person authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure and will be recorded by a stenographer and videographer in accordance with Rule 30(b)(3) of the Federal Rules of Civil Procedure. The deposition will be taken for the purposes of discovery, for use in the present suit, for use at trial or a hearing in this case, and for any other purpose permitted under the Federal Rules of Civil Procedure. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff shall

designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to each of the topics set forth in Schedule A. At least 10 business days before the date set for the deposition, Plaintiff shall identify, by name and position, each person so designated and shall set forth the matters on which that person will testify. Extreme may serve Plaintiff additional notices pursuant to Rule 30(b)(6) on additional topics as this litigation progresses and as further evidence is produced.

Dated:  March 25, 2024

Respectfully Submitted,

*/s/ John M. Neukom*

Charles B. Lee, BPR# 011570
Jessica Malloy-Thorpe, BPR# 035234
Jordan B. Scott, BPR# 037795
MILLER & MARTIN, PLLC
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
Tel.: (423) 756-6600
Fax: (423) 785-8293
clee@millermartin.com
jessica.malloy-thorpe@millermartin.com
jordan.scott@millermartin.com

John M. Neukom (*admitted pro hac vice*)
Abraham A. Tabaie (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
Saurabh Prabhakar (*admitted pro hac vice*)
Alicia J. Ginsberg (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
atabaie@debevoise.com
bnbarath@debevoise.com
sprabhakar@debevoise.com
ajginsberg@debevoise.com
(415) 738-5700

Leslie A. Demers (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

Sy Damle (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-3332

2

Michael Powell (*admitted pro hac vice*)
David Lamb (*admitted pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-2000

*Attorneys for Extreme Networks, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record was served with a true copy of the foregoing Extreme Networks Inc.'s Notice of Deposition of SNMP Research, Inc. Pursuant to Rule 30(b)(6) via electronic mail on March 25, 2024.

                                      /s/ Saurabh Prabhakar

                                      Saurabh Prabhakar

# SCHEDULE A

## DEFINITIONS

Unless otherwise indicated, the following definitions (the "Definitions") shall apply to the following topic requests (hereinafter, "Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, as applicable. Extreme reserves all rights regarding these Definitions, and in particular, with respect to any adjustments agreed to by the parties during meet and confers on Definitions from SNMPR's discovery that it propounded on Defendants.

1. "Action" means the above-captioned action, SNMP Research Inc., et al. v. Broadcom, Inc. et al., 3:20-cv-00451-JRG-DCP.

2. "Amended Complaint" refers to the document filed as ECF No. 244 and any attachments and exhibits thereto and also includes any subsequent amended complaints filed by SNMPR in this Action. A reference to a specific paragraph or table refers to the paragraph or table in the version of the complaint specifically referenced in the Request and also any additions or revisions to that paragraph or table that are included in any subsequent amended complaint.

3. "Broadcom" means Broadcom Inc.

4. "Brocade" means Brocade Communications Systems LLC, formerly known as Brocade Communications Systems, Inc.

5. "Communication(s)" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, electronically, recording, in writing, or by any other means.

1

6. "Concerning," "regarding," and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or being legally or factually connected in any way with the matter discussed.

7. "Defendants" includes both current and former defendants in this Action.

8. "Document(s)" shall be defined as synonymous in meaning and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a) and applicable case law, and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Federal Rule of Evidence 1001.

9. "Legacy Agreement" refers to the October 22, 2001 license agreement to which SNMP Research International, Inc. and Extreme are both parties. The Legacy Agreement is the same document referred to in the Amended Complaint as the "2001 Extreme License."

10. "License" shall include licenses to, sublicenses to, interests in, rights in, and options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and releases or covenants not to sue.

11. "Brocade Agreement" means the license agreement, dated March 10, 2001, as amended, between Brocade Communications Systems, Inc. and SNMP Research International, Inc.

12. "SNMPR," and a pronoun referring to SNMPR (e.g., "You" or "Your"), means SNMP Research, Inc.

13. "SNMPRI" means Plaintiff SNMP Research International, Inc.

14. "Plaintiffs" means SNMPR and SNMPRI, collectively.

15. "SNMP Research Software" means any works listed on Table 1 of the Amended Complaint, individually or collectively.

16. "NETMON" means NETMON, Associated Applications, and Libraries.

17. The "Software Material at Issue" means (1) the software listed in Table 1 of the Amended Complaint; (2) the "copyrighted software" and "'Source' materials" alleged in Paragraphs 7 and 8 of the Amended Complaint; (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, including, but not limited to, all drafts; and (4) "[t]he portion of Plaintiffs' software that was licensed to Extreme under the [Legacy] Agreement," which "is not the same as the portion of Plaintiffs' software that was licensed to Brocade under the Brocade . . . Agreement," as alleged in paragraph 76, footnote 4 of the Amended Complaint.

18. "Source Code" means Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

19. "Avaya Litigation" means the action captioned *Avaya Inc. v. SNMP Research Int'l. Inc. et al.*, 1:12-cv-00191-RGA-MPT (D. Del.).

20. "Nortel Litigation" means the action captioned *SNMP Research Int'l Inc. et al. v. Nortel Networks Inc., et al.*, Adv. Proc. No. 11-53454 (KG) (Bankr. D. Del.).

21. "Complete Basis" means and refers to the identity and comprehensive description of factual bases, including the Identity of all Persons with knowledge of the factual bases and the Identity of all evidence, including Documents (by production number), oral statements, and witnesses that relate to it.

3

22. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

23. "Any" and "all" shall be construed as "any and all."

24. "Each" and "every" shall be construed as "each and every."

25. "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

26. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27. The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the Request all responses and Documents that might otherwise be construed to be outside its scope.

28. References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, agent, representative, attorney, or principal thereof.

## TOPICS FOR EXAMINATION

1. Your copyright registrations for the SNMP Research Software, the information provided on each registration application, and the deposit materials filed in connection with each registration application.

2. The circumstances surrounding Your decision to register the SNMP Research Software with the Copyright Office as an unpublished work and the Complete Basis for considering the works as unpublished at the time of registration.

3. The circumstances surrounding Your decision to register NETMON Version 15 with the Copyright Office and to not register an earlier version of NETMON.

4. The decision whether or not to register copyrights for the Software Material at Issue, including any versions, sub-versions, or derivative works.

5. The differences between each version of the SNMP Research Software.

6. Any differences between NETMON and Emanate/Lite SNMP agent.

7. The persons involved in the design and development of each version of the SNMP Research Software.

8. The differences between the Source Code and developer documentation for the SNMP Research Software.

9. The conception, design, and development of the Software Material at Issue.

10. The persons associated with and materials referenced by the persons during the conception, design, and development of the Software Material at Issue.

11. The implementation, programming, and testing of the Software Material at Issue.

12. The persons associated with and materials referenced by the persons during the implementation, programming, and testing of the Software Material at Issue and the materials referenced by the persons during the same.

13. The authorship, including the conception of the Software Material at Issue, including the process of creating the Software Material at Issue, the individuals associated with the process, and the materials referred to by such individuals when engaged in the drafting process.

14. The Complete Basis for Your ownership of the copyrights in the Software Material at Issue, including any assignment agreements or work made for hire arrangements related to the Software Material at Issue.

15. Any third-party contributors to the Software Material at Issue, including the contributors identified in Attachment B to the Legacy Agreement.

5

16. What third-party code, including Open Source Code and code that was not originally authored by Plaintiffs, is included in any of the Software Material at Issue.

17. The circumstances concerning availability of the Software Material at Issue on the Internet, including through an alleged leak via Cisco Systems, Inc.

18. Any policies and procedures in place at the time of drafting the Source Code for the Software Material at Issue regarding the creation, authoring and documentation of software, version control, memorialization of authorship, retention of software-related documentation, and use of third-party code.

19. Any changes, software updates, modifications, bugs and error identification, and correction associated with each of the Software Material at Issue.

20. Your Communications with the Copyright Office regarding the registration of the Software Material at Issue.

21. Your Communications with any elected representative concerning the registration of the Software Material at Issue.

22. The copyright notices identified in Attachment B of the Legacy License and the contribution of each contributor identified in Attachment B to the Software Material at Issue.

23. The amount of time, labor, and money expended to conceive, develop, author, market, and license the Software Material at Issue, divided by each activity.

24. Dr. Case's participation in IETF SNMP open management standards working groups.

25. Your involvement in generating Internet standards and your contribution to the definition and any success of the Internet Standards Management Framework.

6

26. Your efforts to license the Software Material at Issue before the formation of SNMPRI.

27. The circumstances surrounding the transfer licenses to the Software Material at Issue from SNMPR to SNMPRI.

28. Your efforts to support SNMPv1 RFC, SNMPv2 RFCs, SNMPv3 RFCs, SMIv1 RFCs, and MIB-II RFCs (as these terms are defined on www.snmp.com/protocol/supported_rfcs.shtml,) in the Software Material at Issue.

29. Your marketing and advertising of the Software Materials at Issue, including what features, characteristics, and customer needs are emphasized or targeted in any marketing or advertising.

30. What talking points or other messaging SNMPR uses or has used to communicate with customers and potential customers about the Software Materials at Issue.

31. Your knowledge about differences between the Software Material at Issue, on the one hand, and on the other hand, other implementations of the Simple Network Management Protocol, such as NetSNMP, Zabbix, Fusion Inventory, Ruby SNMP, Mibble, Apache SNMP, JFF NMS, Net SNMPJ, SNMP Lib, JMIB Browser, PySNMP, and #SNMP.

32. Any differences between the Simple Network Management Protocol as set forth in SNMPv1 RFC, SNMPv2 RFCs, SNMPv3 RFCs (as these terms are defined on www.snmp.com/protocol/supported_rfcs.shtml) and the portions of the Software Materials at Issue that implement the Simple Network Management Protocol.

33. Your financial statements, including balance sheets and income statements.

34. Any promissory notes, demand promissory notes, and/or payments issued by You to Dr. Jeffery Case, Mary Case, or any trust(s) related to Dr. Case or Mary Case, including the

7

demand promissory notes produced with Bates numbers SNMP-0047418, SNMP-0048720, SNMP-0048722, and SNMP-0048724,

35. The valuation analysis regarding SNMPR and SNMPRI prepared by Mercer Capital produced with Bates number SNMP-0024556.

36. Facts and circumstances surrounding the Shelby Acquisition, wherein Cisco would buy SNMPR and SNMPRI.

37. Your knowledge of Extreme's products, including wired switches, prior to this Action.

38. The Complete Basis for why You contend that Extreme is infringing the copyrighted works identified in the Amended Complaint.

39. The Complete Basis for why You contend that Extreme breached the Legacy Agreement as alleged in the Amended Complaint.

40. The Complete Basis for why Plaintiff contends that Extreme committed fraud as alleged in the Amended Complaint.

41. The Complete Basis for why You contend You did not know or had no reason to know that Extreme was using SNMP Research Software in more than one EXOS product.

42. The value of SNMP Research Software in Extreme's Products, including the Products identified in Extreme's responses to SNMP Research Inc.'s Interrogatory numbers 1, 2, and 9.

43. The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged copyright infringement and the method for calculating the damages.

44. The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged breach of the Legacy Agreement and the method for calculating the damages.

45. The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged fraud and the method for calculating the damages.

46. The Complete Basis for Your contention that the Software Material at Issue was independently created by You.

47. The Complete Basis for Your contention that the Software Material at Issue is a creative work.

48. The Complete Basis for Your contention that Your engineers developed additional Source Code for which Extreme has not paid.

49. Your efforts to preserve and search for Documents relevant to this Action and/or responsive to Defendants' requests for production of Documents. This includes, from 2001 to the present, Your Document (including email) retention policy(ies), the identities of Your custodians likely to have relevant Documents, and the destruction, deletion, or failure to retain relevant Documents, including materials from prior litigations involving the Software Materials at Issue.

50. Any search terms used by You to search for or produce Documents relevant to this Action and custodians related to the search terms.

51. Identity of all repositories, shared directories, intranet locations, and Cloud-based storage locations where You maintain Documents related to your business.

52. Your failure to preserve written discovery responses from the Avaya Litigation.

53. Your failure to preserve written discovery responses from the Nortel Litigation.

54. Your responses to Extreme's Interrogatory No. 1 to SNMPR.

55. Your responses to Extreme's Interrogatory No. 5 to SNMPR.

56. Your responses to Extreme's Interrogatory No. 6 to SNMPR.

57. Your responses to Extreme's Interrogatory No. 10 to SNMPR.

9

58. Your responses to Extreme's Interrogatory No. 12 to SNMPR.

59. Your responses to Extreme's Interrogatory No. 15 to SNMPR.

60. Your responses to Extreme's Interrogatory No. 16 to SNMPR.

61. Your responses to Extreme's Interrogatory No. 17 to SNMPR.

62. Your responses to Extreme's Interrogatory No. 20 to SNMPR.

63. Your responses to Extreme's Interrogatory No. 21 to SNMPR.