# EXHIBIT D

**Defendant's 30(b)(6) Notice to SNMP Research, Inc.
dated April 5th, 2024**

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | § § § | Case No. 3:20-cv-00451-CEA-DCP |
| Plaintiffs, | § § | |
| | § | **Jury Demand** |
| v. | § § | |
| BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | § § § § | |
| | § | |
| Defendants. | § § | |

## EXTREME NETWORKS INC.'S NOTICE OF DEPOSITION OF SNMP RESEARCH INTERNATIONAL, INC. PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Extreme Networks, Inc. ("Extreme"), by its undersigned attorneys, will take the oral deposition of Plaintiff SNMP Research International, Inc. ("SNMPRI") on April 25, 2024 at 9:00 a.m. Eastern Daylight Time. The deposition will be held in person at 606 W Main Street, Suite 350, Knoxville, TN 37902. The deposition will continue from day to day or on adjourned dates until completed with such adjournments as to time and place as may be necessary.

The deposition will take place before a person authorized by law to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure and will be recorded by a stenographer and videographer in accordance with Rule 30(b)(3) of the Federal Rules of Civil Procedure. The deposition will be taken for the purposes of discovery, for use in the present suit, for use at trial or a hearing in this case, and for any other purpose permitted under the Federal Rules of Civil Procedure. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff shall

1

designate one or more officers, directors, managing agents, or other persons to testify on its behalf

as to each of the topics set forth in **Schedule A**. At least 10 business days before the date set for

the deposition, SNMPRI shall identify, by name and position, each person so designated and shall

set forth the matters on which that person will testify. Extreme may serve SNMPRI additional

notices pursuant to Rule 30(b)(6) on additional topics as this litigation progresses and as further

evidence is produced.

Dated:  April 5, 2024                                    Respectfully Submitted,

                                                          */s/ John M. Neukom*

Charles B. Lee, BPR# 011570                 John M. Neukom (*admitted pro hac vice*)
Jessica Malloy-Thorpe, BPR# 035234          Abraham A. Tabaie (*admitted pro hac vice*)
Jordan B. Scott, BPR# 037795                Barbara N. Barath (*admitted pro hac vice*)
MILLER & MARTIN, PLLC                        Saurabh Prabhakar (*admitted pro hac vice*)
832 Georgia Avenue                           Alicia J. Ginsberg (*admitted pro hac vice*)
1200 Volunteer Building                      DEBEVOISE & PLIMPTON LLP
Chattanooga, Tennessee 37402                650 California Street
Tel: (423) 756-6600                          San Francisco, California 94108
Fax: (423) 785-8293                          jneukom@debevoise.com
clee@millermartin.com                        atabaie@debevoise.com
jessica.malloy-thorpe@millermartin.com       bnbarath@debevoise.com
jordan.scott@millermartin.com                sprabhakar@debevoise.com
                                             ajginsberg@debevoise.com
                                             (415) 738-5700

                                             Leslie A. Demers (*admitted pro hac vice*)
                                             SKADDEN, ARPS, SLATE,
                                             MEAGHER & FLOM LLP
                                             One Manhattan West
                                             New York, New York 10001
                                             leslie.demers@skadden.com
                                             (212) 735-3000

                                             Sy Damle (*admitted pro hac vice*)
                                             LATHAM & WATKINS LLP
                                             555 Eleventh Street NW, Suite 1000
                                             Washington, DC 20004
                                             (202) 637-3332

                                             Michael Powell (*admitted pro hac vice*)

2

David Lamb (*admitted pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, New York 10010
(212) 518-2000
*Attorneys for Extreme Networks, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record was served with a true copy of the foregoing Extreme Networks Inc.'s Notice of Deposition of SNMP Research International, Inc. Pursuant to Rule 30(b)(6) via electronic mail on April 5, 2024.

/s/ Saurabh Prabhakar

Saurabh Prabhakar

4

## SCHEDULE A

## DEFINITIONS

Unless otherwise indicated, the following definitions (the "Definitions") shall apply to the following topic requests (hereinafter, "Requests"). Any term used but not defined herein shall have the meaning ascribed to such term in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, as applicable. Extreme reserves all rights regarding these Definitions, and in particular, with respect to any adjustments agreed to by the parties during meet and confers on Definitions from SNMPR's discovery that it propounded on Defendants.

1. "Action" means the above-captioned action, SNMP Research Inc., et al. v. Broadcom, Inc. et al., 3:20-cv-00451-JRG-DCP.

2. "Amended Complaint" refers to the document filed as ECF No. 244 and any attachments and exhibits thereto and also includes any subsequent amended complaints filed by SNMPR in this Action. A reference to a specific paragraph or table refers to the paragraph or table in the version of the complaint specifically referenced in the Request and also any additions or revisions to that paragraph or table that are included in any subsequent amended complaint.

3. "Broadcom" means Broadcom Inc.

4. "Brocade" means Brocade Communications Systems LLC, formerly known as Brocade Communications Systems, Inc.

5. "Communication(s)" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, electronically, recording, in writing, or by any other means.

1

6. "Concerning," "regarding," and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or being legally or factually connected in any way with the matter discussed.

7. "Defendants" includes both current and former defendants in this Action.

8. "Document(s)" shall be defined as synonymous in meaning and equal in scope to the use of the term in Federal Rule of Civil Procedure 34(a) and applicable case law and shall include, without limitation, "things," electronic mail, drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, notes of any kind, and any other "writing" and "recording" as defined in Federal Rule of Evidence 1001.

9. "Legacy Agreement" refers to the October 22, 2001 license agreement to which SNMP Research International, Inc. and Extreme are both parties. The Legacy Agreement is the same document referred to in the Amended Complaint as the "2001 Extreme License."

10. "License" shall include licenses to, sublicenses to, interests in, rights in, and options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and releases or covenants not to sue.

11. "Brocade Agreement" means the license agreement, dated March 10, 2001, as amended, between Brocade Communications Systems, Inc. and SNMP Research International, Inc.

12. "SNMPRI," and a pronoun referring to SNMPRI (e.g., "You" or "Your"), means SNMP Research International, Inc.

13. SNMPR means Plaintiff SNMP Research, Inc.

2

14.	Plaintiffs means SNMPR and SNMPRI, collectively.

15.	"SNMP Research Software" means any works listed on Table 1 of the Amended Complaint, individually or collectively.

16.	"NETMON" means NETMON, Associated Applications, and Libraries.

17.	The "Software Material at Issue" means: (1) the software listed in Table 1 of the Amended Complaint; (2) the "copyrighted software" and "'Source' materials" alleged in Paragraphs 7 and 8 of the Amended Complaint; (3) SNMP Research EMANATE/Lite Agent Version 16.2.0.9, including but not limited to all drafts; and (4) "[t]he portion of Plaintiffs' software that was licensed to Extreme under the [Legacy] Agreement," which "is not the same as the portion of Plaintiffs' software that was licensed to Brocade under the Brocade . . . Agreement," as alleged in paragraph 76, footnote 4 of the Amended Complaint.

18.	"Source Code" means Documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

19.	"Avaya Litigation" means the action captioned *Avaya Inc. v. SNMP Research Int'l. Inc. et al.*, 1:12-cv-00191-RGA-MPT (D. Del.).

20.	"Nortel Litigation" means the action captioned *SNMP Research Int'l Inc. et al. v. Nortel Networks Inc., et al.*, Adv. Proc. No. 11-53454 (KG) (Bankr. D. Del.).

21.	"Complete Basis" means and refers to the identity and comprehensive description of factual bases, including the Identity of all Persons with knowledge of the factual bases and the Identity of all evidence, including Documents (by production number), oral statements, and witnesses that relate to it.

3

22.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

23.     "Any" and "all" shall be construed as "any and all."

24.     "Each" and "every" shall be construed as "each and every."

25.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

26.     The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the Request all responses and Documents that might otherwise be construed to be outside its scope.

27.     References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, agent, representative, attorney, or principal thereof.

## TOPICS FOR EXAMINATION

1.      Your drafting of the Legacy Agreement and negotiations with Extreme regarding the same, including Documents produced with Bates numbers SNMP-0020856, SNMP-0023536, SNMP-0023538, SNMP-0023494, SNMP-0023547, SNMP-0023550, SNMP-0023569, SNMP-0029242, SNMP-0054263, SNMP-0054264, SNMP-0054280, and SNMP-0054283.

2.      Your internal communications relating to the negotiations of the Legacy Agreement.

3.      Your interpretation of the phrase "Network Switch Project" in the Legacy Agreement and the basis for Your interpretation.

4.      Your communications with Extreme concerning royalty payments under the Legacy Agreement between 2014-2019, including communications between Patti Sams, Steve Blizzard on the one hand, and any employee or agent of Extreme on the other hand.

4

5. Your internal communications concerning Extreme's royalty payments under the Legacy Agreement between 2010-2019.

6. Your knowledge of Extreme's wired switching products prior to the filing of the Action.

7. Your knowledge of the software on Extreme's wired switching products prior to the filing of the Action.

8. Your efforts to advertise, market, and promote the Software Material at Issue to prospective licensees.

9. Your legal ownership, or lack thereof, of the copyrights for the SNMP Research Software.

10. Any studies, surveys, investigations, research, analyses, or opinions concerning Extreme or any products sold or service provided by Extreme.

11. Your analyses and/or communications (internal or external) relating to which Extreme products are encompassed by the Legacy Agreement and any research, testing, or analysis done in connection with that issue.

12. How and when Plaintiff first became aware of Extreme's alleged breach of the Legacy Agreement and the alleged copyright infringement.

13. Your negotiations with Extreme concerning the transfer of the Brocade Agreement to Extreme following Extreme's acquisition of Brocade's data center business.

14. Your negotiations with Brocade or Broadcom concerning the transfer of the Brocade Agreement to Broadcom following Broadcom's acquisition of Brocade.

15. Circumstances surrounding the emails sent by John L. Wood related to the transfer of the Brocade Agreement to Extreme.

16.     The persons or entities to whom Plaintiff has licensed, or currently licenses, the Software Material at Issue.

17.     Your policies, procedures, and practices concerning the royalty rates for licensing the Software Material at Issue.

18.     Your policies, procedures, and practices concerning a request to transfer a license agreement.

19.     Domestic and international price lists produced by You in this Action.

20.     Your ledgers produced with Bates numbers SNMP-0020859 and SNMP-0058420.

21.     The royalty rates You have negotiated for the Software Material at Issue in licenses negotiated from 2003 onwards.

22.     Any negotiations relating to the royalty schedule of Your license agreement with General Dynamics Mission Statements, Inc. produced with Bates number SNMP-0009008.

23.     Any negotiations relating to the royalty schedule of Your license agreement with Plug Power, Inc. produced with Bates number SNMP-0013530.

24.     Negotiations relating to Your license agreements with Ciena Corporation.

25.     Negotiations relating to Your license agreements with Hewlett Packard Enterprise Company.

26.     Any negotiations relating to Your license agreement with CastleNet Technology Corporation produced with Bates number SNMP-0006402.

27.     The royalty system You use to track royalty amounts owed by Your licensees and Your policies, practices, and procedures for determining whether the licensees are under-paying royalties under their respective license agreements.

6

28. Your practices, procedures, or policies for auditing, tracking, and ensuring that the third parties it licenses its software material to comply with the license terms.

29. Your revenues, profits, projected profits, and projected revenues, from all sources, including licensing of the Software Material at Issue and settlement of legal claims.

30. The valuation analysis regarding SNMPR and SNMPRI prepared by Mercer Capital produced with Bates number SNMP-0024556.

31. The valuation of SNMPRI by LBMC, PC, produced with Bates number SNMP-0028942.

32. Your allegations of infringement against Cisco Systems and facts and circumstances related to entering into a Master Software License Agreement with Cisco System on June 23, 2008.

33. Your allegations of infringement against Avaya, Inc. and facts and circumstances related to Your settlement agreements with Avaya, Inc. dated May 4 and 5, 2016.

34. Facts and circumstances related to Your settlement agreement with Broadcom and Brocade dated March 23, 2023.

35. Any licensees that You have accused of committing fraud in connection with the licensee's use of Your materials licensed to them under a license agreement.

36. The Complete Basis for why You contend that Extreme is infringing the copyrighted works identified in the Amended Complaint.

37. The Complete Basis for why You contend that Extreme breached the Legacy Agreement as alleged in the Amended Complaint.

38. The Complete Basis for why Plaintiff contends that Extreme committed fraud as alleged in the Amended Complaint.

7

39.     The Complete Basis for why You contend You did not know or had no reason to know that Extreme was using SNMP Research Software in more than one EXOS product.

40.     The value of SNMP Research Software in Extreme's Products, including the Products identified in Extreme's responses to SNMP Research Inc.'s Interrogatory numbers 1, 2, and 9.

41.     The relative value, in quantitative and qualitative terms, of SNMP Research Software in relation to other software and hardware in products identified in Extreme Products.

42.     The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged copyright infringement and the method for calculating the damages.

43.     The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged breach of the Legacy Agreement and the method for calculating the damages.

44.     The Complete Basis for the amount of damages You contend You are owed from Extreme's alleged fraud and the method for calculating the damages.

45.     Your efforts to preserve and search for Documents relevant to this Action and/or responsive to Defendants' requests for production of Documents. This includes, from 2001 to the present, Your Document (including email) retention policy(ies), the identities of Your custodians likely to have relevant Documents, and the destruction, deletion, or failure to retain relevant Documents, including materials from prior litigations involving the Software Materials at Issue.

46.     Any search terms used by You to search for or produce Documents relevant to this Action and custodians related to the search terms.

47.     Identity of all repositories, shared directories, intranet locations, and Cloud-based storage locations where You maintain Documents related to Your business.

48.     Your failure to preserve written discovery responses from the Avaya Litigation.

49.     Your failure to preserve written discovery responses from the Nortel Litigation.

50.     Any of Your assessments or studies of customer satisfaction, value, demand, or feedback related to the Software Material at Issue.

51.     What talking points or other messaging You use or have used to communicate with customers and potential customers about the Software Materials at Issue.

52.     Your marketing and advertising of the Software Materials at Issue, including what features, characteristics, and customer needs are emphasized or targeted in any marketing or advertising.

53.     Facts and circumstances surrounding the Shelby Acquisition, wherein Cisco would buy SNMPRI.

54.     Any competitive intelligence You have about differences between the Software Material at Issue on the one hand, and on the other hand, other implementations of the Simple Network Management Protocol, such as AdventNet, NetSNMP, Zabbix, Fusion Inventory, Ruby SNMP, Mibble, Apache SNMP, JFF NMS, Net SNMPJ, SNMP Lib, JMIB Browser, PySNMP, and #SNMP.

55.     Your communications with Mark J. Chandler in connection with this Action, including communications referenced in "Expert Report on Licensing of Mark J. Chandler."

56.     Your communications with Dr. Ravi Dhar in connection with this Action and in connection with Dr. Dhar's expert report submitted in this Action.

57.     Your communications with Michael J. Wallace in connection with this Action, including communications referenced in "Expert Report of Michael J. Wallace."

58.     Your communications with Scott Bradner in connection with this Action and in connection with Scott Bradner's expert report submitted in this Action.

59.     Your responses to Extreme's Interrogatory No. 6 to SNMPRI.

60.     Your responses to Extreme's Interrogatory No. 7 to SNMPRI.

61.     Your responses to Extreme's Interrogatory No. 8 to SNMPRI.

62.     Your responses to Extreme's Interrogatory No. 9 to SNMPRI.

10