# EXHIBIT E

## SNMPRI 1ST Set of Interrogatories to Extreme Networks

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., Plaintiffs, <br><br> v. <br><br> Broadcom Inc. <br> Brocade Communications Systems LLC <br> Extreme Networks, Inc. <br><br> Defendants. | §§§§§§§§§§§§§§§ <br><br> **Jury Demand** |

**SNMP RESEARCH, INC.'S FIRST SET OF INTERROGATORIES TO EXTREME NETWORKS, INC.**

**PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff SNMP Research, Inc. hereby demands that Defendant Extreme Networks, Inc. answer fully, in writing, under oath, each of the following interrogatories and serve a copy of said answers upon counsel for SNMP Research, Inc. within thirty (30) days after service of these interrogatories.

**DEFINITIONS**

1. The definitions and rules of construction set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules are incorporated herein by reference.

2. The term "SNMP Research" means SNMP Research, Inc. and SNMP Research International, Inc., their predecessors and predecessors-in-interest, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives of each of the foregoing, including all other Persons acting or purporting to act on behalf of one or more of them.

3. The terms "You," "Your," and "Extreme" means Extreme Networks, Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

4. The term "Brocade" means Brocade Communications Systems LLC, its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

5. The term "Broadcom" means Broadcom Inc., its predecessors, predecessors-in-interest, successors, successors in interest, affiliated entities, including all divisions and subsidiaries, and the officers, directors, employees, agents, attorneys, accountants, and representatives, including all other Persons or entities acting or purporting to act on behalf of it.

6. The term "License Agreement" shall mean the License Agreement, dated March 10, 2001, as amended, between Brocade Communications Systems LLC and SNMP Research International, Inc.

7. The term "SNMP Research Software" means any of the following: (i) software provided by SNMP Research to Brocade, (ii) software licensed by SNMP Research to Brocade, or (iii) any software created by SNMP Research which is or was in the possession of Extreme. The foregoing categories include Source Code, compiled code, binary code, configuration files and data, associated documentation, and Derivative Works thereof.

8. "Source Code" means documents that reflect human-readable text written using a computer programming language that are nominally capable of being used to generate an executable software program.

9. The term "Derivative Work" means (i) any program or documentation in Source Code form or binary form which (A) has been or is developed by Extreme through the use of SNMP Research Software, or (B) includes any features, provisions, algorithms, or other portions of SNMP Research Software, or (ii) derivative works as defined in the Copyright Act.

10. "Communicate" or "Communication" shall mean any transmission of information by oral, graphic, written, pictorial, or other perceptible means, including, but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile transmissions, electronic mail, meetings, and personal conversations.

11. The unqualified term "Person" shall mean an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, business association, or governmental entity.

12. "Identify," "Identifying," or "Identity" means:

   a. When used in reference to a Person, to state his/her full name, present or last known address, present or last known telephone number, present or last known email address, present or last known place of employment and position held, and place of employment and position held at the time period covered by these interrogatories.

   b. When used in reference to a document, to state the date, author, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, email, etc.); the Person or Persons to whom either copies of it were sent, received, or otherwise distributed and their addresses or email addresses; and the present or last known location and custodian of the original of the document and any copies thereof. If any such document was, but is no longer, in Your possession or custody or subject to Your control, state what disposition was made of it, the date, by whom, and at whose direction;

c.      When used in reference to a Communication, to state the type of Communication (e.g., letter, personal conversation, meeting, email etc.), and whether the Communication was oral or in writing. If the Communication was oral, state the date of the Communication, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the Identity of all other Persons present; if the Communication was written, produce the writing;

d.      When used in reference to an act, fact, or event, to state the substance of the act or event, the date, time, and place of performance, and the Identity of the actor and/or all other Persons present;

e.      When used in reference to an omission, to state the substance of the act which You contend should or would have been performed, the time and date when such act should or would have been performed, and the Person who should or would have performed such act.

13.     The term "Product" means each item that can be or has at any time been able to be separately ordered or distributed or provided as an update to an existing Product, whether sold, leased, licensed, sublicensed, whether enabled or not, whether revenue bearing or not, including, but not limited to, hardware, software, services, or combinations of hardware, software, or services.

14.     The term "Partner Product" means each Product of a third party that now, or has ever, whether in current distribution or not, contains, uses or is otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update where the SNMP Research Software was obtained from Extreme by such third party.

15.     "Relates to" and "Relating to" means evidences, supports, connects, constitutes, contains, records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

16.     "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information or document that might otherwise be construed to be outside its scope.

17. References to the plural shall include the singular; references to the singular shall include the plural.

18. References to the feminine shall include the masculine; references to the masculine shall include the feminine.

19. The interrogatories below incorporate the above definitions without regard to the capitalization used in connection with the terms defined unless otherwise specified in each respective request.

**INSTRUCTIONS**

1. These following interrogatories shall be considered continuing, and You are to supplement Your answers in a timely manner in accordance with the requirements of Federal Rule of Civil Procedure 26.

2. If You contend that You are entitled to refuse to answer any of the interrogatories, or any part of any of the interrogatories, state the exact legal basis upon which You contend that You are entitled to not answer the interrogatory, or any part thereof.

3. Unless otherwise indicated, the time limits for each and every interrogatory and document request included herein are from January 1, 2017 to the present.

4. In their motion to dismiss that Extreme joined, Brocade Communications Systems LLC and Broadcom Inc. represented that "Broadcom Inc. is a parent holding company and not a sales operating entity, and thus does not sell or engage in any Product development containing the software at issue in this case . . . ." Dkt. 40-1 at 10. In all interrogatories below which refer to Broadcom, the interrogatories seek information that includes Broadcom Inc. as well as any entity that Broadcom Inc., as a purported "holding company," holds any interest, direct or indirect, and any company which Broadcom Inc. serves as a direct or indirect "parent." When responding to

any interrogatory in which a complete and truthful answer would encompass any such entity(ies), please include and Identify the entity(ies).

5. If You are unable to answer an interrogatory fully, submit as much information as is available and explain why Your answer is incomplete. If precise information cannot be supplied, submit:

    a. Your best estimate or judgment, so Identified, and state the source or basis of the estimate or judgment; or

    b. Such information available to You as comes closest to providing the information requested.

    c. If incomplete answers, estimates or judgments are submitted and You have reason to believe that other sources of more complete and accurate information exist, Identify those other sources of information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Extreme Products that contain, use or are otherwise associated with SNMP Research Software either as manufactured or as a result of a software or firmware installation or update. This includes any Extreme Products that have ever at any time fit the above description, whether in current distribution or not. For each Product Identified, please include the name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**INTERROGATORY NO. 2:**

To the extent not fully Identified in response to Interrogatory number 1, Identify all Partner Products. For each Partner Product Identified, please include the name of the third party, name of

the Product, model, material code, material description, all release numbers, date of each release, date of first customer shipment, date of end of support where applicable, target operating system and processor, software or firmware release version, and operating system and processor for cross development tools.

**INTERROGATORY NO. 3:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, please Identify what SNMP Research Software, SNMP Research Product(s), and their release numbers are contained within each Identified Product and release.

**INTERROGATORY NO. 4:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the name, title, role, and dates of responsibility with respect to each Product and each release of all Persons who architected, defined, developed, tested, built, released, and/or managed the Source Code for each Product, including but not limited to: (1) the engineering development team leader; (2) Product manager; (3) developers of the SNMP Research based management sub systems; (4) build or toolchain engineers of the Products; (5) Source Code control systems personnel; and (6) personnel responsible for managing customer, debug, and other releases of software.

**INTERROGATORY NO. 5:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify each Extreme customer, partner, or other third party who received each Extreme Product and the quantities of each Product received by quarter for the period October 1, 2017 to the present.

**INTERROGATORY NO. 6:**

With respect to each Product Identified in response to Interrogatory numbers 1 and 2, please Identify the number of Products shipped, revenue and costs Related to each and every such Product, by quarter, from October 1, 2017 to the present, including, but not limited to: (1) any internal bookkeeping or financial analysis of any kind in which Extreme keeps track of the profitability of each Product, and (2) the number of units produced of each such Product.

**INTERROGATORY NO. 7:**

Identify each and every Person who is or has been involved in any search for Extreme Products containing SNMP Research Software, whether in response to these interrogatories or otherwise, including each Product and every software system that was searched.

**INTERROGATORY NO. 8:**

Identify all internal Communications in which there was any discussion or Communication whatsoever concerning: (1) whether Extreme had a right to use SNMP Research Software in Extreme Products, including but not limited to any particular Extreme Product; and (2) payment obligations of Extreme for the use of SNMP Research Software.

**INTERROGATORY NO. 9:**

Identify the revenues and costs of any other Products or services (including but not limited to installation or other services) that were sold with or as a result of the purchase of the Products Identified in response to Interrogatory numbers 1 and 2. Please delineate the aforementioned revenues and costs by Product or service name.

**INTERROGATORY NO. 10:**

With respect to the Products Identified in response to Interrogatory numbers 1 and 2, Identify each and every third-party seller or reseller of each version, release, software or

firmware release, and iteration of every Product and also Identify the releases of each Product sold by each seller or reseller.

**INTERROGATORY NO. 11:**

Identify all Products responsive to Interrogatory number 1 that were sold, licensed, transferred, or otherwise disclosed to Extreme. For each Product Identified, please include the name, model, material code, material description, and the entity from whom You obtained the Product.

**INTERROGATORY NO. 12:**

Identify all contracts or agreements between Extreme and all third parties to which Extreme has provided, sold, licensed, or transferred (i) any or all of the Products Identified in response to Interrogatory number 1 or 2 or (ii) SNMP Research software.

**INTERROGATORY NO. 13:**

Identify all contracts or agreements between Extreme and Broadcom Relating to SNMP Research Software.

**INTERROGATORY NO. 14:**

Describe Broadcom's involvement in the transfer (by disclosure, license, sale or otherwise) of SNMP Research Software that was/is in the possession of Brocade or Broadcom to Extreme, including without limitation the duration of Broadcom's involvement and the Identity of the Persons involved and their roles.

**INTERROGATORY NO. 15:**

Identify each individual who answered or contributed to any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) furnished information.

**INTERROGATORY NO. 16:**

Identify each individual with knowledge of the information contained in any of the answers to these interrogatories designating the number of each interrogatory for which such Person(s) has knowledge.

# VERIFICATION OF RESPONSES

**STATE OF** _____ )

**COUNTY OF** _____ )

    I, _____, after being duly sworn and authorized on behalf of Extreme Networks, Inc., state that it is a Defendant in this lawsuit before the United States District Court for the Eastern District of Tennessee and that the foregoing Answers and Responses to SNMP Research's First Set of Interrogatories are true and correct.

                                        Extreme Networks, Inc.

                                        By: _____

                                        Its:_____

Sworn to and subscribed before me, on this _____ day of _____, 2020.

                                        _____
                                        NOTARY PUBLIC

My Commission Expires:_____

Respectfully submitted this 26th day of December, 2020.

By: /s/ John L. Wood
John L. Wood, Esq. (BPR #027642)
Cheryl G. Rice, Esq. (BPR #021145)
Rameen J. Nasrollahi, Esq. (BPR #033458)
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
P.O. Box 2047
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rnasrollahi@emlaw.com

Morgan Chu (CA Bar. No. 70446)
David Nimmer (CA Bar. No. 97170)
A. Matthew Ashley (CA Bar. No. 198235)
Olivia L. Weber (CA Bar. No. 319918)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
(310) 277-1010 (phone)
(310) 203-7199 (facsimile)
mchu@irell.com
dnimmer@irell.com
mashley@irell.com
oweber@irell.com

Attorneys for Plaintiffs

SNMP Research International, Inc.

SNMP Research, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that on this the 26th day of December, 2020, a true and accurate copy of the foregoing was served on counsel of record for all Defendants in this matter electronically.

    /s/   Olivia L. Weber