# EXHIBIT F

**Email from Saurabh Prabhakar to John Wood dated January 17th, 2024**

**Archived:** Tuesday, April 9, 2024 3:31:53 PM
**From:** Prabhakar, Saurabh
**Mail received time:** Thu, 18 Jan 2024 01:13:08
**Sent:** Wednesday, January 17, 2024 8:13:09 PM
**To:** John L. Wood  Tabaie, Abe  Chuck Lee  Extreme
**Cc:** Ashley, Matt  Weber, Olivia  Cheryl G. Rice
**Subject:** RE: Requested email to the Court
**Importance:** Normal
**Sensitivity:** None

---

John,

We can agree to disagree on whether Extreme complied with the order. Plaintiffs repeatedly pursued out of scope questions and, since the witness spoke on behalf of Extreme, in a handful of instances in a 300+ page deposition Extreme added context because it was important for Extreme to have a clear record of what transpired until we agreed to the stipulation. That is not a speaking objection as reflected in the order.

In any event, Extreme is willing to agree to SNMPR's proposal on objections about scope provided SNMPR agrees for further depositions to the stipulation that the parties entered into during the Freeman deposition. With respect to other objections, which you did not raise in your earlier email, Extreme will make succinct objections as you propose provided (1) SNMPR also agrees to do the same and (2) SNMPR does not engage with Extreme about the objection. Please confirm SNMPR will agree. Further, Extreme reserves the right to speak on the record when not objecting, for example if needing to clarify SNMPR's handling of exhibits or to respond to statements made on the record by SNMPR that are not relating to a question posed to the witness.

Since we have now moved outside of what you initially emailed about this morning, please confirm going forward that SNMPR will identify by first and last name and connection to SNMPR, its attendees at depositions.  Extreme will not proceed with a deposition and will terminate it if SNMPR has attendees that do not fully identify themselves like the individual named "Devin," absent Court instruction to the contrary.  If you would like to get the Court's views on this in advance of the next deposition, happy to send a joint message to the Court regarding that issue.

Best,

**Saurabh Prabhakar** (he/him/his) │ Associate │ Debevoise & Plimpton LLP │ sprabhak@debevoise.com │ +1 415 738 5730 │ www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in San Francisco at 1-415-738-5700) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

---

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Wednesday, January 17, 2024 1:19 PM
**To:** Prabhakar, Saurabh <sprabhakar@debevoise.com>; Tabaie, Abe <atabaie@debevoise.com>; Chuck Lee <Chuck.Lee@millermartin.com>; Extreme <Extreme@debevoise.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; Weber, Olivia <oweber@irell.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Requested email to the Court

**\*EXTERNAL\***

---

Saurabh,

The issue was that you continued to make speaking objections after this agreement and insisted that all of your speaking objections were proper. We did not have the understanding that the "agreement" had resolved anything.

If Extreme is willing to agree that objections in this case will be limited to Objection and a succinct statement of the basis without explanation such as "Objection, out of scope" or "Objection, ask and answered" then we agree there is no need to bring this before the Court. We think this is what Dkt. 9 has always required. If you can respond with your agreement then there is no need to bring this particular issue before the Court.

We reserve all rights regarding the Freeman deposition and will be corresponding on that later.


John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please   notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.

**From:** Prabhakar, Saurabh <sprabhakar@debevoise.com>
**Sent:** Wednesday, January 17, 2024 2:59 PM
**To:** John L. Wood <JWood@emlaw.com>; Tabaie, Abe <atabaie@debevoise.com>; Chuck Lee <Chuck.Lee@millermartin.com>; Extreme <Extreme@debevoise.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; Weber, Olivia <oweber@irell.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** RE: Requested email to the Court

Dear John –

Thank you for your email. Before providing proposed edits, we would note that at page 173-174 we stipulated that we would limit the objection to "Objection, out of scope" and that such objection would preserve all rights. So, this issue has already been agreed to by the parties and we are prepared to agree to this stipulation going forward if SNMP also agrees. Therefore, we do not see a need to bother the Court with yet another reach out. If you intend to reach out to the Court, please see our proposed edits below.

Best,

Saurabh

------------------------------

Judge Poplin,

On behalf of SNMPR, during the 30(b)(6) deposition of Extreme on Monday, which was the first deposition in this case, the parties had a disagreement over the meaning of the Court's direction contained in Paragraph 2 of the Order Governing Depositions. Dkt. 9. Specifically, paragraph 2 of the Order Governing Depositions states: "Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more." Plaintiffs understand this statement to mean that counsel may only state the nature of the objection succinctly such as "Objection, Out of Scope" or "Objection, Asked and Answered." Counsel for Defendant Extreme took the position that an explanation as to why the objection is out of scope is sometime necessary to build a proper record. Two examples of such objections from Monday's deposition are below

Extreme's insert. SNMPR is raising this issue now in the hope that the Court can resolve this dispute prior to the next deposition which is scheduled for this Friday, January 19th. SNMPR does not think any briefing is required but will be glad to provide briefing if it will benefit the Court.

On behalf of Extreme, SNMPR took the position that they do not have to identify the deposition topic under examination when requested by Extreme. That made it difficult for Extreme to determine which topic the question related to and to assess whether a question was within the scope of that topic. Later this issue was worked out to the parties' satisfaction at the deposition during an off the record discussion, that was then memorialized on the record (see below), after which there was only one issue between the parties in the 200-pages of deposition testimony that followed as to explanations "why the objection is out of scope". The parties' stipulation is memorialized on the record as reflected below. Extreme has offered SNMPR that it is prepared to abide by the agreed-to stipulation in 30b6 depositions going forward if SNMPR also agrees. Since this issue was resolved at the deposition, Extreme does not believe further burdening the Court on this issue is necessary or productive.

## Stipulation Reached by Parties

## Freeman Deposition 173-174

```
19              MS. WEBER:  Counsel, we had an
20   off-the-record discussion that I'd like to
21   memorialize, that there is going to be a standing
22   scope objection and no further description is needed
23   for Extreme to maintain and reserve rights to assert
24   the scope objection at a later basis and plaintiffs
25   will not argue it is waived simply because Extreme
 1   wasn't able to make a long-winded explanation as to
 2   the basis of the objection.
 3              MR. PRABHAKAR:  Okay.  I agree to that
 4   characterization with two minor modifications.
 5              By standing objection, I simply mean I
 6   will object to scope on the record and not provide an
 7   explanation for the record for what the scope
 8   objection is.
 9              With that, if we have an agreement, we
10   can proceed with me just making objection.  Scope for
11   the rest of the deposition.
12              MS. WEBER:  Yes, we agree and we think
13   that complies with the standing order so we're happy
14   with that, thank you.
```

_____

## Two Examples of Objections

## Freeman Deposition 11:22 – 12:7

```
22. Q.    You don't know what the term EXOS
23   refers to?
24              MR. PRABHAKAR: Objection.  This is
```

25  out of scope.
1    Ms. Freeman, as you know, is
2   designated as a financial witness, and the questions
3   that you're asking relate to the operating systems
4   that are installed on the products which is a topic
5   that is -- it properly belongs to an engineering
6   witness.  So we're going to object to these questions
7   as being out of scope.
8              MS. WEBER:  Saurabh, I'm going to
9   object to you raising speaking objections.  This is a
10   basic question, I'm just asking what the term EXOS at
11   a high level refers to.
12             MR. PRABHAKAR:  And, just to be clear,
13   I'm objecting to the scope of the topic, and any
14   testimony that Ms. Freeman would be provide would be
15   based on her personal knowledge and in her individual
16   capacity.

**Freeman Deposition 169:2 – 173:15**

BY MS. WEBER:
2 Q. Have you spoken with anybody about
3 this particular document ending in 2447?
4 A. Not this particular document.
5 Q. Do you know if it was if the data
6 within it was taken from the Incorta database?
7 MR. PRABHAKAR: Objection. Form.
8 A. I do not know.
9 BY MS. WEBER:
10 Q. Who would I need to speak to
11 -- withdrawn.
12 Who should I speak to regarding the
13 creation of this particular file?
14 MR. PRABHAKAR: Objection. Form.
15 Asked and answered.
16 A. I do not know.
17 MS. WEBER: Yeah, yeah, I'm going to
18 it right now.
19 I will note for the record in Tab 2,
20 Topic 14, that this document is identified by Bates
21 number.
22 BY MS. WEBER:
23 Q. Is it possible that you could have
24 reviewed it during prep last week?
25 MR. PRABHAKAR: So objection, scope
1 We had objected to the full scope of Topic 14 as it
2 was presented. And we have specified our reasonable
3 scope for 14 and Mr. Ashley, in his email, confirmed
4 that he is fine with our designation of scope off

5 Topic 14.

6 So the fact that a certain document is

7 listed here doesn't oblige Ms. Freeman to be prepared

8 on every document listed here. Based on our

9 objections and based on SNMP's agreement that our

10 scope was fine.

11 MS. WEBER: We disagree. I attended

12 the meet-and-confer call regarding this topic and I

13 was copied on the correspondence between Matt Ashley

14 and you, and we certainly did not agree that the

15 documents explicitly identified in this topic, Topic

16 14, could be excluded from the scope of the topic.

17 But I don't think we need to spend more time on this,

18 we have a disagreement and we can move on.

19 MR. PRABHAKAR: Actually --

20 MS. WEBER: I do want to ask my

21 question, so I'd like --

22 MR. PRABHAKAR: And you will get to

23 your question --

24 BY MS. WEBER:

25 Q. I'd like to confirm –

1 MR. PRABHAKAR: -- after I complete

2 the record since you've made several misstatements

3 there. I want the record to be clear.

4 On December 20th, 2023, at 7:46 PM

5 Matt Ashley sent an email to Saurabh Prabhakar in

6 which he said that, without going into all of the

7 below, Extreme already agreed to produce a witness as

8 to topics 13 and 14. And we told Extreme on

9 December 12th call that we are fine with Extreme's

10 responses to those two topics, so it seems we have an

11 agreement on that -- on them as well.

12 MS. WEBER: And I would clear up the

13 record. I was on the December 8th and December 12th

14 meet-and-confer calls, and we explicitly asked you

15 whether there was any information that Extreme was

16 intending to exclude from the scope of Topic 14 in

17 its answer, and you said no.

18 MR. PRABHAKAR: Do you have a record

19 of that?

20 MS. WEBER: I will move on. I do and

21 I'm happy to provide it.

22 MR. PRABHAKAR: We will just --

23 MS. WEBER: But I'm going to move on.

24 Please stop delaying the deposition.

25 MR. PRABHAKAR: Please do not speak

1 over me --

2 MS. WEBER: I'd like to move on.

3 MR. PRABHAKAR: -- and I will try to

4 not speak over you.

5 I want to make sure the record is

6 clear since you misrepresented the agreements that

7 were reached in the meet-and-confer regarding the

8 scope of this topic, and I stand by the email that

9 plaintiff sent about agreeing with our designation of

10 scope to 13 and 14.

11 MS. WEBER: We disagree, but we can

12 move on.

13 MR. PRABHAKAR: You're disagreeing

14 with the email that your own colleague sent?

15 MS. WEBER: I disagree with the

16 recording your making. And we can go off the record

17 if we need to keep having this conversation. I'm not

18 going to delay this deposition any more with your

19 objections.

20 MR. PRABHAKAR: Well, I do have a

21 right to be clear.

22 MS. WEBER: Can we go off the record

23 please?

24 MR. PRABHAKAR: We will not go off the

25 record.

1 MS. WEBER: Can we go off the record

2 please?

3 VIDEOGRAPHER: Only with agreement of

4 the counsel.

5 MR. PRABHAKAR: Yeah.

6 MS. WEBER: It's our deposition.

7 MR. PRABHAKAR: It is your deposition

8 but we want to make sure that agreements that you

9 reached during meet and confer about the scope of the

10 topics are adhered to.

11 MS. WEBER: Can we go off the record

12 please?

13 MR. PRABHAKAR: Yes.

14 VIDEOGRAPHER: We're going off the

15 record at 2:57 PM.

**Saurabh Prabhakar** (he/him/his) | Associate | Debevoise & Plimpton LLP | sprabhak@debevoise.com | +1 415 738 5730 | www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in San Francisco at 1-415-738-5700) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** John L. Wood <JWood@emlaw.com>
**Sent:** Wednesday, January 17, 2024 9:50 AM

**To:** Prabhakar, Saurabh <sprabhakar@debevoise.com>; Tabaie, Abe <atabaie@debevoise.com>; Chuck Lee <Chuck.Lee@millermartin.com>; Extreme <Extreme@debevoise.com>
**Cc:** Ashley, Matt <MAshley@irell.com>; Weber, Olivia <oweber@irell.com>; Cheryl G. Rice <CRice@emlaw.com>
**Subject:** Requested email to the Court

**\*EXTERNAL\***

Counsel,

We intend to send the following to the Court this afternoon. Please let us know by 3:30pm ET if you will join with us in sending this email. If not we will revise the email so it is just from Plaintiffs.

Judge Poplin,

During the 30(b)(6) deposition of Extreme on Monday, which was the first deposition in this case, the parties had a disagreement over the meaning of the Court's direction contained in Paragraph 2 of the Order Governing Depositions. Dkt. 9. Specifically, paragraph 2 of the Order Governing Depositions states: "Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more." Plaintiffs understand this statement to mean that counsel may only state the nature of the objection succinctly such as "Objection, Out of Scope" or "Objection, Asked and Answered." Counsel for Defendant Extreme takes the position that an explanation as to why the objection is out of scope is sometime necessary to build a proper record. Two examples of such objections from Monday's deposition are below.

The parties are raising this issue now in the hope that the Court can resolve this dispute prior to the next deposition which is scheduled for this Friday, January 19th. The parties do not think any briefing is required but will be glad to provide briefing if it will benefit the Court.

**Freeman Deposition 11:22 – 12:7**

22. Q.    You don't know what the term EXOS
23   refers to?
24         MR. PRABHAKAR:  Objection.  This is
25   out of scope.
1    Ms. Freeman, as you know, is
2   designated as a financial witness, and the questions
3   that you're asking relate to the operating systems
4   that are installed on the products which is a topic
5   that is -- it properly belongs to an engineering
6   witness.  So we're going to object to these questions
7   as being out of scope.
8         MS. WEBER:  Saurabh, I'm going to
9   object to you raising speaking objections.  This is a
10   basic question, I'm just asking what the term EXOS at
11   a high level refers to.
12         MR. PRABHAKAR:  And, just to be clear,
13   I'm objecting to the scope of the topic, and any
14   testimony that Ms. Freeman would be provide would be
15   based on her personal knowledge and in her individual
16   capacity.

**Freeman Deposition 169:2 – 173:15**

BY MS. WEBER:

2 Q. Have you spoken with anybody about

3 this particular document ending in 2447?

4 A. Not this particular document.

5 Q. Do you know if it was if the data

6 within it was taken from the Incorta database?

7 MR. PRABHAKAR: Objection. Form.

8 A. I do not know.

9 BY MS. WEBER:

10 Q. Who would I need to speak to

11 -- withdrawn.

12 Who should I speak to regarding the

13 creation of this particular file?

14 MR. PRABHAKAR: Objection. Form.

15 Asked and answered.

16 A. I do not know.

17 MS. WEBER: Yeah, yeah, I'm going to

18 it right now.

19 I will note for the record in Tab 2,

20 Topic 14, that this document is identified by Bates

21 number.

22 BY MS. WEBER:

23 Q. Is it possible that you could have

24 reviewed it during prep last week?

25 MR. PRABHAKAR: So objection, scope

1 We had objected to the full scope of Topic 14 as it

2 was presented. And we have specified our reasonable

3 scope for 14 and Mr. Ashley, in his email, confirmed

4 that he is fine with our designation of scope off

5 Topic 14.

6 So the fact that a certain document is

7 listed here doesn't oblige Ms. Freeman to be prepared

8 on every document listed here. Based on our

9 objections and based on SNMP's agreement that our

10 scope was fine.

11 MS. WEBER: We disagree. I attended

12 the meet-and-confer call regarding this topic and I

13 was copied on the correspondence between Matt Ashley

14 and you, and we certainly did not agree that the

15 documents explicitly identified in this topic, Topic

16 14, could be excluded from the scope of the topic.

17 But I don't think we need to spend more time on this,

18 we have a disagreement and we can move on.

19 MR. PRABHAKAR: Actually --

20 MS. WEBER: I do want to ask my

21 question, so I'd like --

22 MR. PRABHAKAR: And you will get to

23 your question --

24 BY MS. WEBER:

25 Q. I'd like to confirm –

1 MR. PRABHAKAR: -- after I complete

2 the record since you've made several misstatements

3 there. I want the record to be clear.

4 On December 20th, 2023, at 7:46 PM

5 Matt Ashley sent an email to Saurabh Prabhakar in

6 which he said that, without going into all of the

7 below, Extreme already agreed to produce a witness as

8 to topics 13 and 14. And we told Extreme on

9 December 12th call that we are fine with Extreme's

10 responses to those two topics, so it seems we have an

11 agreement on that -- on them as well.

12 MS. WEBER: And I would clear up the

13 record. I was on the December 8th and December 12th

14 meet-and-confer calls, and we explicitly asked you

15 whether there was any information that Extreme was

16 intending to exclude from the scope of Topic 14 in

17 its answer, and you said no.

18 MR. PRABHAKAR: Do you have a record

19 of that?

20 MS. WEBER: I will move on. I do and

21 I'm happy to provide it.

22 MR. PRABHAKAR: We will just --

23 MS. WEBER: But I'm going to move on.

24 Please stop delaying the deposition.

25 MR. PRABHAKAR: Please do not speak

1 over me --

2 MS. WEBER: I'd like to move on.

3 MR. PRABHAKAR: -- and I will try to

4 not speak over you.

5 I want to make sure the record is

6 clear since you misrepresented the agreements that

7 were reached in the meet-and-confer regarding the

8 scope of this topic, and I stand by the email that

9 plaintiff sent about agreeing with our designation of

10 scope to 13 and 14.

11 MS. WEBER: We disagree, but we can

12 move on.

13 MR. PRABHAKAR: You're disagreeing

14 with the email that your own colleague sent?

15 MS. WEBER: I disagree with the

16 recording your making. And we can go off the record

17 if we need to keep having this conversation. I'm not

18 going to delay this deposition any more with your

19 objections.

20 MR. PRABHAKAR: Well, I do have a

21 right to be clear.

22 MS. WEBER: Can we go off the record

23 please?

24 MR. PRABHAKAR: We will not go off the

25 record.

1 MS. WEBER: Can we go off the record

2 please?

3 VIDEOGRAPHER: Only with agreement of

4 the counsel.

5 MR. PRABHAKAR: Yeah.

6 MS. WEBER: It's our deposition.

7 MR. PRABHAKAR: It is your deposition

8 but we want to make sure that agreements that you

9 reached during meet and confer about the scope of the

10 topics are adhered to.

11 MS. WEBER: Can we go off the record

12 please?

13 MR. PRABHAKAR: Yes.

14 VIDEOGRAPHER: We're going off the

15 record at 2:57 PM.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE**: This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please   notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.