UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>EXTREME NETWORKS, INC. <br><br>Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:20-CV-451-CEA-DCP <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on April 11, 2024, for an informal discovery dispute conference. Attorney John Wood appeared on behalf of SNMP Research, Inc. ("SNMPR") and SNMP Research International ("SNMPRI") (collectively, "Plaintiffs"). Attorneys Saurabh Prabhakar and Charles Lee appeared on behalf of Extreme Networks, Inc. ("Extreme"). Prior to the hearing, the parties submitted position statements outlining their discovery disputes. The Court will address these disputes in the order as presented during the informal discovery dispute conference.

I. **PLAINTIFFS' DISCOVERY DISPUTES**

*Issue No. 1*. This dispute related to Extreme's alleged missing source code for the accused products. In their position statements, the parties reported that the issue had been resolved, pending Plaintiffs' expert review of materials produced on March 14, 2024. During the hearing, Plaintiffs stated that they do not believe that Extreme had produced all the versions of the source code. Extreme responded that it did not realize that there was an issue with the production. The Court

1

**ORDERED** the parties to meet and confer in person after the hearing and to submit a joint status report to Chambers about the results of their meet and confer on or before **April 17, 2024.**

*Issue No. 2*. This issue related to Plaintiffs' request to reopen Extreme's Rule 30(b)(6) deposition on sales because Extreme recently produced updated financial documents. Extreme responded that it produced updated spreadsheets, pursuant to the parties' agreement, that contained two columns that are not relevant to the issues in this case. During the hearing, the parties agreed that Plaintiffs may ask Anthony Hutchins, Extreme's Rule 30(b)(6) witness, about the spreadsheets and that Plaintiffs can ask their questions within the time already allowed for this deposition. Accordingly, the Court found this dispute to be resolved.

*Issue No. 3*. This dispute related to Extreme's responses to SNMPR's Interrogatory No. 1 and SNMPRI's Interrogatory No. 5. Plaintiffs stated that they were supposed to receive the responses by March 29, 2024, but Extreme did not send them. Extreme stated that this may be an oversight, and if they were not sent, it would do so by April 16, 2024. The Court **ORDERED** Extreme to serve its responses, if not already served, on or before **April 16, 2024**.

*Issue No. 4*. This dispute related to Extreme's responses to SNMPRI's Interrogatory Nos. 7 and 8. Plaintiffs acknowledged that Extreme served supplemental responses to these interrogatories but asserted that they were deficient. The parties agreed that they needed to meet and confer on Extreme's supplemental responses. The Court ordered the parties to meet and confer on this issue in person after the hearing, and they **SHALL** include the results of their meet and confer in the joint status report due on **April 17, 2024**.

## II.    DEFENDANT'S DISCOVERY DISPUTES

*Issue No. 1*. This issue related to Plaintiffs' response to Extreme's Request for Production ("RFP") No. 30, which seeks all source code that is covered by the copyright registration listed in

Table 1 of the Amended Complaint. Extreme stated that while Plaintiffs produced a repository of their source code, it is unclear what source code corresponds to each copyright registration. Plaintiffs argued that they had responded to RFP No. 30 and that the information that Extreme is now seeking is subject to another discovery request for which they recently responded. While Extreme disagreed with Plaintiffs that their request is not within the scope of RFP No. 30, they acknowledged that they sent a narrower discovery request on this issue. The Court **ORDERED** the parties to meet and confer on the new discovery request, to further discuss what specifically Plaintiffs have produced, and whether there is missing source code for the registration trees. The parties **SHALL** include the results of their meet and confer in the joint status report due on **April 17, 2024**.

*Issue No. 2*. This issue related to Plaintiffs' responses to RFP Nos. 90, 128, and 129. During the hearing, Extreme stated that it requested the identification of the custodians that Plaintiffs used for their search. Plaintiffs agreed to provide this information. The Court **ORDERED** Plaintiffs to provide the identification of the custodians that Plaintiffs used for their search on or before **April 17, 2024**.

*Issue No. 3*. This issue related to Plaintiffs' responses to RFP Nos. 29 and 152. Extreme argued that these discovery requests generally sought Plaintiffs' advertisements, marketing, and promotional materials and communications relating to the same. Extreme stated Plaintiffs produced few documents and that it believed there were additional documents responsive to this request. During the hearing, Extreme showed documents referencing certain marketing material and noting Plaintiffs' attendance at tradeshows. Plaintiffs responded that they produced their directory called "design documents" and their website, but they do not currently engage in marketing and advertising. They further represented that while they used to attend tradeshows,

they stopped booking for tradeshows on September 11, 2001. Plaintiffs agreed to review the material that Extreme displayed in the courtroom and to further meet and confer on this issue with Extreme. Based on this representation, the Court **ORDERED** the parties to include this issue in their joint status report to Chambers due on or before **April 17, 2024.**

*Issue No. 4*. The dispute related to Plaintiffs' responses to Interrogatory Nos. 6 and 7. During the hearing, Plaintiffs announced that they intended to supplement their responses to these interrogatories given that their experts finished their reports. The parties agreed that Plaintiffs did not need to respond to how the purported facts regarding fraud relate to the legal elements of fraud. The Court **ORDERED** Plaintiffs to supplement their responses on or before **April 19, 2024**.

*Issue No. 5*. This dispute related to Plaintiffs' response to RFP No. 7. During the hearing, Extreme stated that Plaintiffs provided few documents relating to third-party contributors, despite numerous third-party contributors being referenced on various documents. Plaintiffs responded that they produced what they possessed, explaining that many, if not all, of the third-party contributors are from open sources, which means the sources are free on the internet. Therefore, Plaintiffs stated, there are not many documents responsive to this request. Plaintiffs agreed to share their search parameters with Extreme and to confirm that the third-party contributors Extreme referenced during the hearing were in fact open sources. Accordingly, the Court **ORDERED** the parties to include this issue in their status report due to Chambers on or before **April 17, 2024**.

*Issue No. 6*. This issue related to Plaintiffs' response to RFP No. 10. During the hearing, Extreme stated that this issue had been resolved. Accordingly, the Court found this issue to be resolved.

*Issue No. 7*. This issue related to the scheduling of Extreme's Rule 30(b)(6) witness and issues with the witnesses not being prepared. During the hearing, Plaintiffs stated on two occasions Extreme designated a person on Topic No. 25. According to Plaintiffs, the first witness was not prepared, and the day before the deposition of the other witness, Extreme stated that it was no longer designating him on Topic No. 25. Extreme responded that Topic No. 25 was complicated and that it was trying to find the most suitable witness to address this topic. Plaintiffs announced that Topic Nos. 9 and 25[1] overlap and that they had no issue with Extreme designating one witness to testify about both topics. Extreme stated that it would likely designate Michael Fitzgerald for these topics and would confirm such with Plaintiffs before his deposition that is currently set for April 23, 2024. The Court further **ORDERED** the parties to proceed with Extreme's Rule 30(b)(6) depositions as set forth in Extreme's schedule.

    **IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] A portion of Topic No. 9 is subject to Plaintiffs' Motion to Compel Reopening Extreme's Rule 30(b)(6) Deposition [Doc. 363].