IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

---------------------------------------------------------- x
: 
SNMP RESEARCH, INC. and SNMP :
RESEARCH INTERNATIONAL, INC., :
: Case No. 3:20-cv-00451-CEA-DCP
Plaintiffs, :
: U.S. District Judge Charles E. Atchley
v. :
:
BROADCOM INC.; BROCADE :
COMMUNICATIONS SYSTEMS LLC; and :
EXTREME NETWORKS, INC., :
:
Defendants. :
---------------------------------------------------------- x

## JOINT MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES UNDER THE EXISTING SCHEDULING ORDER (DKT. 242)

Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (collectively, "SNMPR") and Defendant Extreme Networks, Inc. ("Extreme"), pursuant to Federal Rule of Civil Procedure 16, respectfully move this Court for a modest extension of the parties' deadlines to disclose their expert testimony and rebuttal expert testimony and of the close of discovery. Specifically, the parties request the following modification to the schedule set forth in the Third Amended Scheduling Order, which modification has **no effect on the trial date, pretrial conference date, or the dispositive motion and *Daubert* motion deadlines**:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Extreme's disclosure of expert testimony | April 30, 2024 | May 9, 2024 |
| Extreme's disclosure of rebuttal expert testimony | May 2, 2024 | May 11, 2024 |
| Plaintiffs' disclosure of rebuttal expert testimony | May 30, 2024 | June 17, 2024 |
| Close of discovery | June 11, 2024 | July 2, 2024 |

No other dates would be affected by this proposed amendment. In support of this motion, the

parties state as follows:

1. Plaintiffs brought suit against Extreme on October 26, 2020. *See* ECF No. 1. Plaintiffs filed an Amended Complaint, which is the operative Complaint in this action, on March 2, 2023, bringing claims for copyright infringement, breach of contract, and fraud. *See* ECF No. 244.

2. On March 16, 2023, Extreme moved to dismiss the Amended Complaint. *See* ECF No. 258. While Extreme's motion to dismiss was pending, it did not file an Answer to Plaintiffs' Amended Complaint, nor did it assert any affirmative defenses.

3. The Court denied Extreme's motion on January 30, 2024. *See* ECF No. 350. On February 13, 2024, Extreme answered Plaintiffs' Amended Complaint, asserting its defenses to Plaintiffs' claims. *See* ECF No. 351. On April 4, 2024, Extreme filed its Amended Answer. *See* ECF No. 381.

4. On October 15, 2021 (before Plaintiffs filed their Amended Complaint), this Court entered the first Scheduling Order setting deadlines in the case. *See* ECF No. 106.

5. The parties have jointly sought modifications of the Scheduling Order four times, on October 28, 2021, on May 9, 2022, on June 23, 2022, and on February 3, 2023. *See* ECF Nos. 112, 133, 148, and 238.

6. In each instance, the Court granted the parties' motion, finding good cause to extend the relevant deadlines. *See* ECF Nos. 114, 139, 149, and 241. The Third Amended Scheduling Order, entered February 28, 2023, *see* ECF No. 242, sets forth the deadlines currently in effect. Under the terms of this Scheduling Order, Plaintiffs' opening expert reports were due April 2, 2024 (which Plaintiffs provided at that time); Extreme's opening expert reports are due April 30; Extreme's rebuttal expert reports are due May 2; Plaintiffs' rebuttal expert reports are due May 30; and the close of discovery is June 11. *See id.*

7. Since the Court entered the Third Amended Scheduling Order over a year ago, Extreme has served 197 Requests for Production, 114 Requests for Admission, and 19 Interrogatories, and Plaintiffs have served 33 Requests for Production and 10 Interrogatories, and the parties have likewise served responses and objections to those requests. In some instances, these exchanges resulted in multiple meet and confers, in hearings before this Court, and in briefing on discovery disputes that could not be resolved.

8. In the fall of 2023, Plaintiffs raised with the Court various issues with Extreme's discovery responses to date, including Extreme's refusal to produce documents in response to Requests for Production and various privilege issues, and the Court held a hearing on November 1, 2024. The Court ordered supplemental briefing, additional meet and confers, and a joint statement to be submitted. ECF Nos, 331, 332.

9. In the fall, Extreme also raised with the Court various issues with Plaintiffs' discovery responses to date, including Plaintiffs' subpart objections to Extreme's Interrogatories and their refusal to produce documents in response to Requests for Production. On December 19, 2023, Plaintiffs also raised issues regarding Extreme's refusal to produce a witness in response to Plaintiffs' Rule 30(b)(6) notice served on October 31, 2023 (which contained 40 topics). On February 26, 2024, the Court held a hearing regarding the disputes, ordering the parties to continue meeting and conferring regarding several of Extreme's requests for production, ordering Plaintiffs to produce certain additional discovery as a result of that process, and ordering Extreme to produce a witness for over a dozen 30(b)(6) topics.

10. Throughout the spring, the parties have also met and conferred on other discovery issues and have submitted informal discovery dispute statements to the Court, which resulted in a hearing last week on April 11, 2024. The Court ordered the parties to continue meeting and

conferring and to submit a joint status report by April 17, 2024, which the parties will do. *See, e.g.*, Dkt. 385. The parties also have pending discovery motions before the Court, including Plaintiffs' motion to reopen the Rule 30(b)(6) deposition of Extreme as to Topics 8, 9, and 25. *See, e.g.*, Dkt. 364 (Plaintiffs' Motion To Reopen).

11. On March 25, 2024, Extreme served a Rule 30(b)(6) notice on Plaintiff SNMP Research, Inc., Plaintiff SNMP Research, Inc. served its responses and objections to the 63 topics on April 15, 2024, and the parties will meet and confer. Additionally, on April 8, 2024, Extreme served a Rule 30(b)(6) notice on Plaintiff SNMP Research International, Inc., and Plaintiff SNMP Research International, Inc. is presently preparing responses and objections with respect to 62 topics, after which the parties will meet and confer as well.

12. To this date, the parties are scheduling remaining 30(b)(1) depositions (including with respect to third parties), are scheduling remaining Rule 30(b)(6) depositions, and are exchanging discovery requests and responses. The recent exchanges of discovery have prompted additional disputes, which the parties are working to resolve mutually or raise with the Court in a timely fashion.

13. Since the entry of the Third Amended Scheduling Order, Extreme has also filed its Answer to the claims against it, setting forth for the first time its affirmative defenses. Extreme's Answer has prompted further discovery requests from Plaintiffs, who seek additional information about these defenses. Extreme's responses and objections were not due until April 15, 2024.

14. The parties are in agreement that, due to the complexity of this case, additional time is needed before the remaining expert disclosures (including rebuttals) can be prepared. The parties therefore jointly request a modest extension of the remaining expert report deadlines and the close of fact discovery, as outlined above. This extension will not affect any other deadlines

4

currently scheduled.

15.     Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has noted that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted).

16.     Here, good cause exists for the slight modification requested. Extensive discovery has already been exchanged, much of which is complex and/or technical in nature and has taken significant time to review. In some instances, disputes have arisen on key discovery issues, which have taken time to resolve as the parties met and conferred and, where necessary, sought this Court's intervention. A modest extension of remaining expert deadlines (including rebuttals) is therefore warranted.

17.     Because the parties are moving jointly, neither is prejudiced by the extension requested. The extension also will not place a burden on the Court, as the other deadlines in place—including for dispositive and *Daubert* motions, motions in limine, and trial—will remain unaffected.

FOR THE FOREGOING REASONS, the parties respectfully request that the Court adjust the remaining dates for the exchange of expert reports and the close of fact discovery as set forth above.

DATED: April 19, 2024

Respectfully Submitted,

/s/ Charles B. Lee

Charles B. Lee, BPR# 011570
Jessica Malloy-Thorpe, BPR# 035234
Jordan B. Scott, BPR# 037795
MILLER & MARTIN, PLLC
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
chuck.lee@millermartin.com
jessica.malloy-thorpe@millermartin.com
jordan.scott@millermartin.com
Tel: (423) 756-6600
Fax: (423) 785-8293

/s/ John M. Neukom

John M. Neukom (*admitted pro hac vice*)
Abraham A. Tabaie (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
Saurabh Prabhakar (*admitted pro hac vice*)
Alicia J. Ginsberg (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
bnbarath@debevoise.com
(415) 738-5700

Leslie A. Demers (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

Sy Damle (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com
(202) 637-2200

Michael Powell (*admitted pro hac vice*)
David Lamb (*admitted pro hac vice*)
GISH, PLLC
41 Madison Avenue, Floor 31
New York, New York 10010
michael@gishpllc.com
david.lamb@gishpllc.com
(212) 518-2866

*Attorneys for Extreme Networks, Inc.*

By: /s/ *John L. Wood*
    John L. Wood, Esq. (BPR #027642)
    Cheryl G. Rice, Esq. (BPR #021145)
    Rameen J. Nasrollahi, Esq. (BPR #033458)
    EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
    900 S. Gay Street, Suite 1400
    P.O. Box 2047
    Knoxville, TN 37902
    (865) 546-0500 (phone)
    (865) 525-5293 (facsimile)
    jwood@emlaw.com
    crice@emlaw.com
    rnasrollahi@emlaw.com

By: /s/ *A. Matthew Ashley*
    A. Matthew Ashley (CA Bar. No. 198235)
    Morgan Chu (CA Bar. No. 70446)
    David Nimmer (CA Bar. No. 97170)
    IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010 (phone)
    (310) 203-7199 (facsimile)
    mchu@irell.com
    dnimmer@irell.com
    mashley@irell.com

By: /s/ *Olivia L. Weber*
    Olivia L. Weber (CA Bar. No. 319918)
    BIENERT KATZMAN LITTRELL WILLIAMS, LLP
    903 Calle Amanecer, Suite 350
    San Clemente, CA 92673
    (949) 369-3700 (phone)
    (949) 369-3701 (facsimile)
    oweber@bklwlaw.com

    *Attorneys for Plaintiffs*
    *SNMP Research International, Inc. and*
    *SNMP Research, Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on April 19, 2024, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By: */s/ Charles B. Lee*
Charles B. Lee