UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| EXTREME NETWORKS, INC. | ) ) | |
| Defendant. | ) ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on April 11, 2024, for an informal discovery dispute conference. Attorney John Wood appeared on behalf of SNMP Research, Inc. ("SNMPR") and SNMP Research International ("SNMPRI") (collectively, "Plaintiffs"). Attorneys Saurabh Prabhakar and Charles Lee appeared on behalf of Extreme Networks, Inc. ("Extreme"). During the conference, the Court ordered the parties to meet and confer on several issues and to submit a status report on or before April 17, 2024. On April 17, 2024, the parties submitted to Chambers their Joint Status Report on Plaintiffs' discovery issues nos. 1, 3, and 4 and Defendants' discovery issues nos. 1, 2, 3, 4, and 5. In addition, the parties included the status of a few remaining items from the April 11 hearing.

## I.     PLAINTIFFS' DISCOVERY DISPUTES

*Issue No. 1.* This dispute related to Extreme's alleged missing source code for the accused products. In their position statements, the parties reported that the issue had been resolved, pending Plaintiffs' expert review of materials produced on March 14, 2024. During the hearing, Plaintiffs

1

stated that they do not believe that Extreme had produced all the versions of the source code. Extreme responded that it did not realize that there was an issue with the production.

The Joint Status Report states that Extreme "has agreed to provide an update to two spreadsheets that show all SLX/NOS and EXOS software releases, by product, through the current date" [Status Report pp. 1–2]. Plaintiffs, however, request that the Court order this production by April 19, 2024. Extreme stated that it did not commit to the April 19 date but it "intends to produce the requested information expeditiously" [*Id*. at 2]. The Court declines to order the production by April 19 as Plaintiffs did not explain why they needed the spreadsheets by that date. The parties **SHALL** meet and confer on Extreme's date of production.

*Issue No. 3*. This dispute related to Extreme's responses to SNMPR's Interrogatory No. 1 and SNMPRI's Interrogatory No. 5. Plaintiffs stated that they were supposed to receive the responses by March 29, 2024, but Extreme did not send them. Extreme stated that this may be an oversight, and if they were not sent, it would do so by April 16, 2024.

In the Joint Status Report, Plaintiffs state that Extreme sent the responses on April 17, 2024, at 12:00 a.m. Extreme states that it served the responses on April 16, 2024. Accordingly, the Court finds this issue resolved.[1]

*Issue No. 4*. This dispute related to Extreme's responses to SNMPRI's Interrogatory Nos. 7, 8 and 11. Plaintiffs acknowledged that Extreme served supplemental responses to these interrogatories but asserted that they were deficient. The parties agreed that they needed to meet and confer on Extreme's supplemental responses.

In the Status Report, Plaintiffs state that Extreme "has not agreed to further supplement and the parties are at an impasse" [*Id*. at 2]. In addition, they state that Extreme "has not provided

---

[1] To the extent Extreme was one minute late, as noted by Plaintiffs, the Court does not find this alleged delay warrants any sanctions.

a sworn verification for these responses pursuant to Rule 33" [*Id.*]. Extreme states that with respect to Interrogatory No. 7, it will "review its response in view of the issue Plaintiffs explained during the meet and confer" [*Id.*]. Extreme states that "Plaintiffs[] offered to identify specific deficiencies in writing" regarding Interrogatory No. 11, but it "has not received those deficiencies to date" [*Id.*]. Extreme agrees that the parties have reached an impasse on Interrogatory No. 8.

With respect to Interrogatory No. 7, the Court **ORDERS** Extreme to review its response to determine if a supplemental response is necessary in light of the issues Plaintiffs raised. Extreme **SHALL** inform Plaintiffs on or before **April 24, 2024**, on whether it intends to supplement. The Court **ORDERS** Plaintiffs to identify the specific deficiencies in writing to Extreme regarding Interrogatory No. 11 on or before **April 24, 2024**. To the extent it has not done so, Extreme **SHALL** confirm that its responses to the interrogatories are in compliance with Rule 33 of the Federal Rules of Civil Procedure. The Court will address the issue with Interrogatory No. 8 at the April 30, 2024 hearing.

## II. DEFENDANT'S DISCOVERY DISPUTES

*Issue No. 1.* This issue related to Plaintiffs' response to Extreme's Request for Production ("RFP") No. 30, which seeks all source code that is covered by the copyright registration listed in Table 1 of the Amended Complaint. Extreme stated that while Plaintiffs produced a repository of their source code, it is unclear what source code corresponds to each copyright registration. Plaintiffs argued that they had responded to RFP No. 30 and that the information that Extreme is now seeking is subject to another discovery request for which they recently responded. While Extreme disagreed with Plaintiffs that the request is not within the scope of RFP No. 30, it acknowledged that it sent a narrower discovery request on this issue.

The Status Report states that this issue has been resolved. Based on the parties' representations, the Court finds this issue resolved.

*Issue No. 2*.    This issue related to Plaintiffs' responses to RFP Nos. 90, 128, and 129. During the hearing, Extreme stated that it requested the identification of the custodians that Plaintiffs used for their search. Plaintiffs agreed to provide this information.

The Status Report states that this issue has been resolved. Based on the parties' representation, the Court finds this issue resolved.

*Issue No. 3*. This issue related to Plaintiffs' responses to RFP Nos. 29 and 152. Extreme argued that these discovery requests generally sought Plaintiffs' advertisements, marketing, and promotional materials and communications relating to the same. Extreme stated Plaintiffs produced few documents and that it believed there were additional documents responsive to this request. During the hearing, Extreme showed documents referencing certain marketing material and noting Plaintiffs' attendance at tradeshows. Plaintiffs responded that they produced their directory called "design documents" and their website, but they do not currently engage in marketing and advertising. They further represented that while they used to attend tradeshows, they stopped booking for tradeshows on September 11, 2001. Plaintiffs agreed to review the material that Extreme displayed in the courtroom and to further meet and confer on this issue with Extreme.

In the Status Report, Plaintiffs state that Extreme has not provided them with the documents that it displayed in Court, and therefore, the parties still need to meet and confer. Extreme lists the Bates Nos. that "will assist Plaintiffs' investigation of deficiencies" [*Id.* at 3]. The Court again **ORDERS** the parties to *meaningfully* meet and confer on this issue. To the extent they arrive at a true impasse, they may contact Chambers.

*Issue No. 4.*  The dispute related to Plaintiffs' responses to Interrogatory Nos. 6 and 7. During the hearing, Plaintiffs announced that they intended to supplement their responses to these interrogatories given that their experts finished their reports.  The parties agreed that Plaintiffs did not need to respond to how the purported facts regarding fraud relate to the legal elements of fraud.

In the Status Report, Plaintiffs state that they intend to supplement by April 19, 2024. Based on this representation, the Court finds this issue resolved.

*Issue No. 5.*  This dispute related to Plaintiffs' response to RFP No. 7.  During the hearing, Extreme stated that Plaintiffs provided few documents relating to third-party contributors, despite numerous third-party contributors being referenced on various documents.  Plaintiffs responded that they produced what they possessed, explaining that many, if not all, of the third-party contributors are from open sources, which means the sources are free on the internet.  Therefore, Plaintiffs stated, there are not many documents responsive to this request.  Plaintiffs agreed to share their search parameters with Extreme and to confirm that the third-party contributors Extreme referenced during the hearing were in fact open sources.

In the Joint Status Report, Plaintiffs state that they provided the search parameters to Extreme and have "confirmed that the third-party contributors identified at the hearing by Extreme are open source" [*Id.* at 4].  Based on this representation, the Court finds this issue resolved.

## III.    REMAINING DISCOVERY DISPUTES

The Status Report includes two items that were discussed at the April 11 hearing.  With respect to the prior litigation material, Extreme states that "[t]o date, Plaintiffs have not produced any expert materials that Extreme has requested" and that "Plaintiffs have not produced expert materials from the Avaya litigation" [*Id.*].  Plaintiffs state that it has produced "some of the expert materials from the Avaya litigation" [*Id.*].  Plaintiffs also state that "they have agreed to Extreme's

5

requests with respect to Avaya" [*Id.*]. It appears this issue has been resolved, and the only remaining issue is when Plaintiffs intend to produce. The Court **ORDERS** the parties to meet and confer on Plaintiffs' date of production.

With respect to the material from the Nortel litigation, Plaintiffs have agreed to "provide the requested Nortel materials to the extent they can do so under the Nortel protective order," and they further state that they are "in the process of requesting permission from a third-party whose material has been requested" [*Id.*]. Extreme states that Plaintiffs have informed it "that they are working on the Nortel expert materials" [*Id.*]. At this time, it appears this issue is resolved, and the Court **ORDERS** the parties to meet and confer on Plaintiffs' date of production.

During the April 11 hearing, the Court also addressed the scheduling of Extreme's Rule 30(b)(6) deposition. In the Status Report, Plaintiffs state that Extreme has not provided confirmation that it intends to designate Michael Fitzgerald on Topic Nos. 9 and 25, and they request that the Court order Extreme to do so by April 19, 2024. Extreme has agreed to provide the designation by April 19, 2024. Based on the parties' representation, the Court finds this issue resolved.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge