UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| EXTREME NETWORKS, INC. | ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court by telephone on April 30, 2024, for an informal discovery dispute conference. Attorneys John Wood and Olivia Webber appeared on behalf of SNMP Research, Inc. ("SNMPR") and SNMP Research International ("SNMPRI") (collectively, "Plaintiffs"). Attorneys Saurabh Prabhakar, Charles Lee, and Michael Mary Powell appeared on behalf of Extreme Networks, Inc. ("Extreme"). Prior to the hearing, the parties submitted position statements outlining their discovery disputes. Specifically, Plaintiffs claimed that Extreme had not sufficiently responded to Interrogatory No. 8, and Extreme claimed that Plaintiff SNMPR had not sufficiently responded to Interrogatory No. 17.

Interrogatory No. 8 generally requests that Extreme identify on a product-by-product basis all of the royalties that Extreme contends it has ever owed to Plaintiff SNMPRI. To the extent Extreme is asserting a licensing defense, Plaintiffs argued that Interrogatory No. 8 seeks relevant information about that defense. Plaintiffs stated that Extreme has not substantively responded, and if it intends to rely on expert testimony, it should so state in a supplemental response to this

1

interrogatory. Extreme responded that it does not have factual information to supplement its response to this interrogatory and that it anticipates its expert will opine on royalty rates. After considering the parties' positions, the Court finds that Extreme's response to Interrogatory No. 8 is sufficient, and if any supplementation is necessary after Extreme's expert provides an opinion, it shall supplement in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

Interrogatory No. 17 generally seeks information about competitive/alternative products, including the (1) identification of competitive/alternative products, (2) the benefits and drawbacks of competitive/alternative products, and (3) the person who is most knowledge about each of the products. Extreme stated that Plaintiffs supplemented their response to this interrogatory, but the supplementation did not include information in the three categories listed above. Plaintiffs responded that they have produced a hardcopy file and an electronic file with the relevant information contained therein. Plaintiffs argued that supplementing their response to include the drawbacks and benefits of the competitive/alternative products would require an analysis that is not relevant to the issues in this case and burdensome for an interrogatory response. Extreme argued that Plaintiffs did not identify competitors/alternatives but instead cited to a mass set of documents. Extreme further noted that Plaintiffs are capable of doing an analysis of the benefits and drawbacks because the documentation that they produced establishes that they have already done so.

After considering the parties' positions, the Court **ORDERS** Plaintiff SNMPR to supplement within **five (5) days** its response to Interrogatory No. 17 to provide a list of the competitive/alternative products and the persons most knowledgeable about these products. The

2

Case 3:20-cv-00451-CEA-DCP    Document 391    Filed 04/30/24    Page 2 of 3    PageID #: 17357

Court declines to order Plaintiff SNMPR to provide the drawbacks and benefits of each product as Plaintiffs have already produced their hardcopy and electronic file containing this information.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge