UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXTREME NETWORKS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 3:20-CV-451-CEA-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Reopen Rule 30(b)(6) Deposition of Defendant Extreme Networks, Inc. [Doc. 363]. Defendant Extreme Networks, Inc. ("Extreme") filed a response in opposition to the motion [Doc. 378], and Plaintiffs replied [Doc. 382]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion [**Doc. 363**].

**I.      BACKGROUND**

The parties' dispute relates to Topic 9 in Plaintiff SNMP Research, Inc.'s ("SNMPR") Rule 30(b)(6) Notice ("Notice"). On October 31, 2023, Plaintiffs served their Notice on Extreme [Doc. 364-2]. Subsequently, on November 20, 2023, Extreme filed its responses and objections to the Notice [Doc. 378-2]. Relevant here is Extreme's objection to Topic 9:

> Topic 9. Extreme's responses to written discovery propounded by SNMP Research in this case, including the scope of Extreme's collection of Documents in response to the written discovery.
>
> Response: Extreme incorporates its Objections to the Definitions as if fully stated therein. Extreme objects to Topic No. 9 to the extent

1

it calls for information regarding matters protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protections against discovery. Extreme objects to Topic No. 9 as overly broad, unduly burdensome, and failing to describe with reasonable particularity the matter for examination as required by Rule 30(b)(6) insofar as the topic includes Extreme's written discovery responses besides requests for production of documents and it would require a witness to be prepared to testify about all of Extreme's written discovery responses without any limitation to a specific subject matter.

Subject to and without waiver of the foregoing objections, Extreme will designate a witness knowledgeable about the scope of Extreme's efforts to collect [] Documents in response to the written discovery.

[Doc. 378-2 pp. 3–4].

Later, the parties participated in a meet and confer regarding Extreme's objections to the Notice [Doc. 378-1 ¶ 2]. According to the Declaration of Saurabh Prabhakar ("Attorney Prabhakar"), counsel for Extreme:

> 3. I participated in a meet and confer with SNMPR on December 8 where Topic 9 was discussed between the parties. Extreme told SNMPR that it was impossible for a single witness to testify about each and every Interrogatory response provided by Extreme because Extreme's Interrogatory responses cover discrete, substantive subjects, were prepared with the involvement of attorneys, and in many cases involve legal topics and objections. Instead, Extreme offered to "designate a witness knowledgeable about the scope of Extreme's efforts to collect [] Documents in response to the written discovery," as stated in Extreme's response to SNMPR's Rule 30(b)(6) notice.
>
> 4. During the meet and confer, when SNMPR insisted that it required testimony from Extreme about its Interrogatory responses, Extreme offered to Plaintiffs that the Interrogatory responses contained factual information that was already covered by other topics in SNMPR's 30(b)(6) notice. Accordingly, Extreme would agree to prepare the witness designated on the substantive topics to provide testimony on the facts contained in the Interrogatory responses that related to those topics. And to the extent the

> Interrogatory responses included documents, SNMPR could ask about the process of collecting those documents to the witness designated on Topic 9. Extreme understood SNMPR to agree with Extreme's offer on Topic 9 and moved on to the other topics in dispute.

[*Id.* ¶¶ 3–4]. According to the Declaration of Oliva Weber, counsel for Plaintiffs:

> 2. My co-counsel, Matt Ashley, and I attended a December 8, 2023 meet and confer call with Extreme to continue the parties' discussions about Plaintiffs' Rule 30(b)(6) notice. Saurabh Prabhakar, Chuck Lee, and Naomi Perla attended on behalf of Extreme.
>
> 3. During this call we discussed Topic 9, among other topics.
>
> 4. Mr. Prabhakar asked Mr. Ashley [("Attorney Ashley")] and I to confirm that Topic 9 was not just limited to requests for production, and we confirmed and discussed (among other things) that Topic 9 covered Extreme's interrogatory responses. Mr. Prabhakar confirmed that Plaintiffs would be able to ask the witness about documents and other factual assertions made in interrogatory responses. Mr. Prabhakar further confirmed that if Plaintiffs wanted to put a specific interrogatory response in front of the witness and ask that witness about Extreme's basis for making an assertion set forth in the response, then that would be appropriate. Mr. Ashley stated that he understood.

[Doc. 382-1 ¶¶ 2–4]. Attorney Weber states that "[o]n December 11, 2023, [she] sent an email to Mr. Prabhakar and set forth the changes that the parties had agreed upon during the meet and confer process. [She] did not include Topic 9 in this email because the parties had not agreed to change this topic" [*Id.* ¶ 6; *see also* Doc. 382-3].

On December 20, 2023, Mr. Prabhakar wrote to Plaintiffs' counsel:

> Based on the parties' meet and confers about SMNPR's Rule 30(b)(6) notice (served on October 31, 2023), and SNMPR's proposed narrowing of certain deposition topics, Extreme is willing to designate witnesses for the following topics. Topic Nos. 1, 4, 7, 8, 9, 12, 16, 21, 22, 23, 25, 26, 31, 33, 34, 35, 36, 38, and 39. Our deponents will be designated subject to Extreme's objections and scope stated in its response to SNMPR's Rule 30(b)(6) notice.

[Doc. 364-3 p. 2]. Later that night, Attorney Ashley responded, "As for topics 7, 9 and 26, we discussed them at length on our meet and confer calls, including why Extreme's re-crafting of our requests was improper. So we do not agree on them, and we expect Extreme to abide by what we discussed on the meet and confer calls." [*Id*.].

On December 21, 2023, Extreme designated Dan DeBacker ("Mr. DeBacker") on Topics 1, 8, 9, 21, 25, and 31 [Doc. 364-4 p. 3]. Later, on December 29, 2023, the parties identified for the Court the topics that were still in dispute [Doc. 364-5]. Topic 9 was not included in this list [*See id*.]. The parties proceeded with Mr. DeBacker's deposition on February 14, 2024 [Doc. 364-7].[1]

Mr. DeBacker testified that he was designated to testify on Topic 9 [*Id*. at 3]. Attorney Prabhakar announced that "Mr. DeBacker is prepared today subject to Extreme's objections to the topics 1, 8, 9, 21, 25, and 31" [*Id*.]. Attorney Wood stated that he does not agree with Extreme's changes, but the parties would proceed [*Id*.]. Mr. DeBacker testified that he met with his counsel on February 13, 2024, for about four hours to prepare for his testimony [*Id*. at 3]. During the deposition, Attorney Wood stated:

> MR. WOOD. So, topic, and this is back on Exhibit 120, topic number 9 is Extreme's responses to written discovery propounded by SNMP Research in this case, including the scope of Extreme's collection of documents in response to the written discovery.
>
> What did you do to prepare for this topic?
>
> MR. PRABHAKAR: So, for the record, the witness is prepared to testify based on Extreme's response to topic 9, which is, Extreme will designate a witness knowledgeable about the scope of

---

[1] The parties contacted the Court on February 12, 2024, over issues relating to Mr. DeBacker's deposition, but none of the emails reference Topic 9 [*See* Doc. 364-6]. Instead, the parties disputed the time to take the Rule 30(b)(6) deposition, and Extreme's representation that it may designate Mr. DeBacker on some of the topics that were still in dispute [*See id*.]. The parties decided to proceed with the deposition [*See id*. at 2].

4

> Extreme's efforts to collect documents in response to the written discovery.

[*Id*. at 5]. Mr. DeBacker testified that he created a spreadsheet to help him with the topic [*Id*. at 5–6]. He did not know what custodians' emails Extreme used to search for terms [*Id*. at 6]. He was not sure what type of e-mail system Extreme used in the 2000s because that predated his employment with Extreme [*Id*. at 7]. He did not ask anyone for that information, and he was not sure whether Extreme was able to search for emails from the 2000s [*Id*.]. He clarified, however, that he believes Extreme did search and collect all documents that were available [*Id*.]. He did not know what Defendant did to search for emails dated in the 2000-time frame [*Id*. at 8]. He was not sure whether Extreme fully and completely answered Interrogatory No. 1 [*Id*. at 10].

Mr. DeBacker is listed as the product manager of the SLX and VDX series in Extreme's response to Interrogatory No. 4, but he testified that that information is no longer accurate [*Id*. at 14–15]. He is currently the senior vice president of product management [*Id*. at 15]. He testified that the VDXs are "not in play any longer," and that Extreme has an engineering manager for the SLX, who "has development teams underneath him" [*Id*. at 16–17]. The manager is named Krishan, but Mr. DeBacker could not recall his last name [*Id*. at 17]. Mr. DeBacker explained that the source control systems personnel are the employees "within the engineering organization that do dev ops" [*Id*.]. He did not know their names [*Id*.]. When Mr. DeBacker was the product manager, Tom Bombara ("Mr. Bombara") was part of the source control personnel [*Id*. at 17–18]. Mr. DeBacker was not sure whether Mr. Bombara was still in that position [*Id*. at 18].
With respect to Interrogatory No. 7 (i.e., identification of employees who had been involved in the search for Extreme's products containing SNMPR's products), Mr. DeBacker testified that he created the spreadsheet to assist him with responding to this interrogatory [*Id*. at 18–20]. With respect to Interrogatory No. 12 (i.e., identifying all products responsive to Interrogatory No. 1 that

5

were sold, licensed, transferred, or otherwise disclosed to Extreme), Mr. DeBacker identified the developer that had access to the source code but was not sure how many employees Extreme used from the developer [*Id*. at 20–21]. He also identified another contractor that was part of the engineering team [*Id*. at 21–22].

Mr. DeBacker testified that he was not involved in preparing Extreme's responses and objections to Plaintiff SNMP Research International, Inc.'s ("SNMPRI") Third Set of Interrogatories to Extreme Networks, but it "seem[ed] like [it] was all done by the legal counsel" [*Id*. at 22–23].

## II. POSITIONS OF THE PARTIES

Plaintiffs seek an order reopening the Rule 30(b)(6) deposition and request that the time expended to complete it (including Topics 8, 9, and 25)[2] not be counted against the total time allotted for Plaintiffs to complete the Rule 30(b)(6) deposition [Doc. 364]. For grounds, Plaintiffs state that Mr. DeBacker was not prepared on Extreme's production of documents in response to Plaintiffs' written discovery, nor was he prepared on Extreme's responses to Plaintiffs' interrogatories [*Id*. at 7–9]. With respect to the latter argument, Plaintiffs submit that "[d]efense counsel objected to almost every question on written discovery as out of scope even though such questions are clearly within the scope of Topic 9" and that he "interjected improper speaking objections" [*Id*. at 9 (citation omitted)]. If Extreme objected to the scope of Topic 9, Plaintiffs assert that it should have sought a protective order [*Id*. at 9–11].

Extreme responds that it was under the belief that the parties had "agreed to limit the scope of Topic 9 during the parties' meet and confer to the process of collecting documents" [Doc. 378

---

[2] Plaintiffs represent, and Extreme does not dispute, that "Extreme has agreed to produce a new witness on Topics 8 and 25, as well as a portion of Topic 9 related to Extreme's production of documents" [Doc. 364 p. 2].

pp. 5–6]. Because of the parties' agreement, Extreme asserts that it did not report this issue to the Court [*Id*.]. It argues, however, that SNMPR's interpretation renders Topic 9 "objectionable on a number of grounds" [*Id*. at 7]. With respect to Attorney Prabakar's objections, Extreme contends that they "were centered on SNMPR's disregard for the agreed-upon scope of Topic 9 and Extreme's pending motion for a protective order limiting [Rule] 30(b)(6) testimony to 21 hours" [*Id*. at 10 (citation omitted)]. Extreme argues that Plaintiffs have not shown any cause to reopen this deposition [*Id*. at 11–13].

Plaintiffs reply by outlining the parties' communications and actions, arguing that the parties did not agree to limit the scope [Doc. 382 pp. 1–2]. They maintain that Topic 9 is sufficiently particular and that Attorney Prabhakar made improper speaking objections [*Id*. at 3–6].

### III. STANDARD OF REVIEW

The deposition of a corporate representative is governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6); *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505, 2021 WL 1685955, at *4 (E.D. Tenn. Feb. 3, 2021). This rule "imposes burdens on both the discovering party and the designating party." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012).

The party seeking a Rule 30(b)(6) deposition "must describe the matters to be explored in the deposition with 'reasonable particularity' sufficient to enable the responding corporation or business entity to produce a representative witness who can testify to the entity's knowledge on the topics so identified." *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023, 2018 WL 826379, at *3 (W.D. Ky. Feb. 9, 2018) (citation omitted). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.'" *Id.* at *7 (quoting *St. Paul Reinsurance Co. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)).

With respect to the responding organization, "it is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation." *Schnatter v. 247 Grp., LLC*, 343 F.R.D. 325, 331 (W.D. Ky. 2022) (citation omitted). "Absolute perfection is not required of a 30(b)(6) witness[,]" and "[t]he mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation." *QBE Ins. Corp.*, 277 F.R.D. at 691 (citation omitted).

If a party believes that a Rule 30(b)(6) notice contains topics that are "irrelevant, overbroad, or otherwise problematic, it [is that party's] responsibility to seek a protective order." *PremierTox 2.0, Inc. v. Coventry Health & Life Ins. Co.*, No. 115CV00127, 2019 WL 2192128, at *4 (W.D. Ky. May 21, 2019). "Absent a protective order a deponent is required to answer all questions." *Id.* (citation omitted).

IV. **ANALYSIS**

As an initial matter, Plaintiffs argue that Mr. DeBacker was not prepared to testify to the process of collecting documents that are cited in Extreme's integratory responses [Doc. 364 pp. 7–

8

9]. But the parties have already agreed to reopen the deposition as to this topic [*See* Doc. 364 p. 2 n.1; Doc. 378 p. 11 (citation omitted)]. The Court will therefore address the remaining scope of Topic 9 and Plaintiffs' allegations that Attorney Prabhakar raised improper speaking objections during the deposition.

### A. The Scope of Topic 9 As It Relates to Written Discovery

After reviewing the parties' communications and counsel's affidavits, it appears Extreme believed that Plaintiff SNMPR would ask each Rule 30(b)(6) deponent about certain interrogatory responses that correlated with the subject matter of the deponent's testimony and that "to the extent the [i]nterrogatory responses included documents, SNMPR could ask about the process of collecting those documents to the witness designated on Topic 9" [*See* Doc. 378-1 ¶ 4]. On the other hand, Plaintiffs believed that Extreme would designate one witness on Topic 9 who, in addition to testifying about efforts at document collection, would also testify about all written discovery [*See* Doc. 382-1 ¶ 4].

The Court cannot discern what the parties actually agreed to or did not agree to because in their emails, they both reference their meet and confer [*See* Doc. 364-3 p. 2]. The Court was not privy to the parties' meet and confer, and therefore, cannot make a finding about what transpired. Regardless, it is apparent that the parties had a significant misunderstanding, which became evident during the deposition. Because of this miscommunication, Mr. DeBacker was not prepared on Topic 9 as written, and therefore, the Courts finds another deposition warranted.

Extreme claims that Topic 9 "is not reasonably particular, cumulative, and duplicative of other deposition topics, and requires preparing a witness with encyclopedic knowledge" [Doc. 378 p. 2]. Extreme states that it has responded, and supplemented its response, to thirty-one interrogatories [*Id*.]. Further, Extreme argues that "[t]he subject matter of the interrogatories and

9

Case 3:20-cv-00451-CEA-DCP   Document 394   Filed 05/13/24   Page 9 of 13   PageID #: 17397

Extreme's responses covers not only every aspect of the case but is duplicative of a majority of the topics in SNMPR's [Rule] 30(b)(6) deposition notice" [*Id.*].

Plaintiffs submit that it is "reasonably particular because Topic 9 requests a witness to discuss facts that Extreme has already gathered for its interrogatory answers" [Doc. 382 p. 3 (citation omitted)].[3] According to Plaintiffs, "Extreme has already gathered and verified this information[,] so it knows exactly which information SNMP Research intends to question it about" [*Id.*]. And while Extreme argues that Topic 9 is duplicative of the interrogatory responses, Plaintiffs state that "[t]aking this argument to its logical extension, no answer to an interrogatory could ever be subject to questions in a [Rule] 30(b)(6) deposition because the information is already provided in response to the interrogatory itself" [*Id.*].

The disputed portion of Topic 9 seeks Extreme's responses to written discovery propounded by SNMPR in this case. Although Extreme may have provided relevant information during discovery, this does not mean Plaintiffs cannot ask about its responses to written interrogatories during a Rule 30(b)(6) deposition. *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19CV226, 2022 WL 2702378, at *10 (E.D. N.Y. Feb. 11, 2022) ("[S]imply because plaintiffs have provided relevant information covered by these topics in their interrogatory responses is not a basis for refusing defendants the opportunity to explore these topics further through a Rule 30(b)(6) witness."). Indeed, "producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. CV1811273, 2022 WL 2671198, at *6 (D.N.J. July 11, 2022)

---

[3] Plaintiffs also assert that Topic 9 seeks relevant information, but Extreme has not raised relevancy objections in its brief [*See* Doc. 378].

(collecting cases) (quoting *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.,* 251 F.R.D. 534, 541 (D. Nev. 2008)).[4]

Even so, as written, the Court finds that this topic is not reasonably particular. *See Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 678 (E.D. Ky. 2022) (stating that a topic that seeks information about the defendant's responses to written discovery "serve[s] as 'a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period'") (quoting *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017)); *see Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *20 (D. Md. Feb. 21, 2017) (holding that deposition topics that seek "all discovery responses and answers[,]" *inter alia*, "do[ ] not provide reasonable guidance on what is actually being sought").

The Court therefore **ORDERS** Plaintiffs to limit the scope of Topic 9 such that Extreme is able to properly prepare a witness in accordance with Rule 30(b)(6). In revising this topic, Plaintiffs shall review the other topics in the Notice and Extreme's corporate designees' depositions thus far to ensure that any revisions to Topic 9 are not duplicative or cumulative. *See* Fed. R. Civ. P. 26(a)(2)(C); *see also Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505, 2021 WL 1685955, at *5–6 (E.D. Tenn. Feb. 3, 2021) (noting that the "[a]pplicable 'rules of discovery require a court to consider whether a Rule 30(b)(6) deposition would be cumulative, duplicative, unreasonably burdensome, and disproportional to the needs of the case'" (quoting *Edwards v.*

---

[4] Extreme relies on *Adkisson v. Jacobs Eng'g Grp., Inc.*, No. 3:13-CV-505, 2021 WL 1685955, at *5–6 (E.D. Tenn. Feb. 3, 2021) (striking the Rule 30(b)(6) topic for testimony on financial documents that had been produced in discovery). In *Adkisson*, however, the plaintiffs did not directly address the defendant's request to provide written responses to certain topics. *Id*. at *4. And the court further found that a corporate witness could not add any testimony to the public financial filings. *Id*. at *6. Here, and as further explained below, the Court will require Plaintiffs to revise Topic 9, and given that, the Court does not have sufficient information regarding whether the revisions will be duplicative or cumulative.

*Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019)). Plaintiffs **SHALL** send their revised Topic 9 to Extreme within **seven (7) days**. The parties **SHALL** then engage in a meet and confer, within **seven days** of Plaintiffs sending the revised Topic 9, in order to determine whether there are any issues with revised Topic 9 and the appropriate time to take the deposition. Should the parties reach an impasse, they **SHALL** contact Chambers within **three days** of their meet and confer.

### B. The Alleged Improper Speaking Objections

Plaintiffs state that "Mr. Prabhakar repeatedly objected to Plaintiffs' questions on Topic 9 during the [d]eposition as 'out of scope'" [Doc. 364 p. 10 (citation omitted)]. Plaintiffs assert that "[t]hese objections pervaded nearly the entirety of the [d]eposition concerning Topic 9" and that "[t]he majority of Mr. Prabhakar's objections were not based on the questions falling outside of Topic 9; they were objections to Topic 9 itself being outside the scope of the [d]eposition" [*Id.*].

Extreme responds that "the objections were centered on SNMPR's disregard for the agreed-upon scope of Topic 9 and Extreme's pending motion for a protective order limiting 30(b)(6) testimony to 21 hours" [Doc. 378 p. 10 (citation omitted)]. It characterizes the objections as "colloquy between counsel" [*Id.* (citation omitted)]. In addition, Extreme states that it "objected because SNMPR repeatedly asked improper questions that went beyond not just the parties' agreed narrowing of Topic 9, but also Topic 9 as written" [*Id.* at 10–11].

In their reply, Plaintiffs state that Attorney Prabhakar's objections violated the Order Governing Depositions [Doc. 382 p. 5 (citing Doc. 9)].

Depositions, including corporate depositions, "proceed as they would at trial[.]" *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *5 (W.D. Tenn. Mar. 28, 2011) (quoting Fed. R. Civ. P. 30(c)(1)) (alteration in original). Rule 30(c)(2) provides for the manner

12

of objections, which "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Further, the Court's Order Governing Depositions states that "[c]ousel shall not make objections or statements which might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more" [Doc. 9].

Attorney Prabhakar did make some speaking objections [*see, e.g.*, Doc. 364-7 p. 10], and he should avoid doing so in the future. *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598, 2017 WL 3044763, at *11 (W.D. Ky. July 18, 2017) ("It is the attorney's job to make an objection and then stop talking."). But it appears to the Court, however, that a majority of Attorney Prabhakar's objections and Mr. Wood's responses were the result of the parties' misunderstanding about scope of the deposition, which the Court has already addressed above.

## V. CONCLUSION

The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Reopen Rule 30(b)(6) Deposition of Defendant Extreme Networks, Inc. [**Doc. 363**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge