```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF TENNESSEE
 2                        AT KNOXVILLE, TENNESSEE
     _____
 3                                          )
     SNMP RESEARCH INC. and SNMP,           )
 4   RESEARCH INTERNATIONAL, INC.           )
                                            )
 5             Plaintiffs,                  )
                                            )
 6   vs.                                    )   Case No. 3:20-CV-451
                                            )
 7   EXTREME NETWORKS, INC.,                )
                                            )
 8             Defendant.                   )
                                            )
 9   _____)

10

               **DIGITALLY-RECORDED TELEPHONE STATUS CONFERENCE**
11               **BEFORE THE HONORABLE DEBRA C. POPLIN**

12                          **May 23, 2024**
                       **1:02 p.m. to 1:18 p.m.**
13

14   APPEARANCES:

15       ON BEHALF OF THE PLAINTIFF:

16       JOHN L. WOOD, ESQ.
         Egerton, McAfee, Armistead & Davis, PC
17       P.O. Box 2047
         Knoxville, TN  37901
18
         ALVIN MATTHEW ASHLEY, ESQ.
19       Irell & Manella LLP
         840 Newport Center Drive, Ste. 500
20       Newport Beach, CA  92660

21

22

23   TRANSCRIBED BY:

24   Kara L. Nagorny, RMR, CRR
     P.O. Box 1121
25   Knoxville, TN  37901
     (865) 264-962
```

```
 1  APPEARANCES (Cont.)

 2       ON BEHALF OF THE DEFENDANT:

 3       SAURABH PRABHAKAR, ESQ.
         Debevoise & Plimpton LLP
 4       650 California Street, 31st Floor
         San Francisco, CA  94108
 5
         RACHEL BLITZER, ESQ.
 6       Latham & Watkins
         885 Third Avenue, Ste. 1000
 7       New York, NY 10022

 8       CHARLES B. LEE, ESQ.
         Miller & Martin, PLLC
 9       832 Georgia Avenue
         1200 Volunteer Building
10       Chattanooga, TN  37402

11

12                                  * * * * * *

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (Audio recording begins at 1:02 p.m.)
 2              THE COURTROOM DEPUTY:  We are here for a scheduled
 3    telephone conference in case 3:20-CV-451, SNMP versus Extreme.
 4    Here on behalf of the plaintiffs are John Wood and Matt Ashley.
 5    Are the plaintiffs ready to proceed?
 6              MR. WOOD:  Yes, we are.
 7              THE COURTROOM DEPUTY:  And here on behalf of Extreme
 8    are Saurabh Prabhakar, Charles Lee, and Rachel Blitzer.  Are the
 9    defendants ready to proceed?
10              MR. PRABHAKAR:  Yes, we are.
11              THE COURT:  All right.  Good afternoon to you all.
12    This is Judge Poplin.  So we are here on the matter of the Rule
13    30(b)(6) depositions of the plaintiffs and we have two issues to
14    address, first, whether it be separate or combined and then
15    number of hours.
16              After looking at the parties' position statements, it
17    appears, and I'll turn to you, Mr. Wood, but plaintiffs are not
18    arguing that Extreme would be limited to one deposition.  It
19    looks like plaintiff's position was that Dr. Case who would be a
20    representative for both plaintiffs, and you were seeking to
21    limit the amount of time he could be deposed to seven hours
22    total for both of the depositions; is that correct?
23              MR. WOOD:  Yes, Your Honor, and I'll -- this is John
24    Wood.  Mr. Ashley is going to be arguing on behalf of plaintiffs
25    today.
```

1     THE COURT: Okay. I just wanted to make sure that was
2  correct. I'm going to let Extreme state their positions first,
3  but I just, after reading that I just wanted to make sure that
4  there's not really an issue that there can be two separate
5  depositions, that it appears that we are really focusing in on
6  the amount of time given that it appears it's going to be
7  Dr. Case for both?
8     MR. ASHLEY: That is correct, Your Honor. It will be
9  Dr. Case for both, and our request is specific to the amount of
10 time total. It doesn't matter to us whether Extreme would
11 rather proceed in two separate depos of some amount of time for
12 each or just have Dr. Case testify for both at the same time.
13 That would be up to Extreme. We just -- we're just concerned
14 with the total time.
15    THE COURT: Okay. All right. With that then, let me
16 turn to Extreme. Who will be addressing this because I do have
17 a question?
18    MR. PRABHAKAR: Good morning, Your Honor. Saurabh
19 Prabhakar for Extreme, and I'll be handling this issue.
20    THE COURT: Okay. So Mr. Prabhakar, I saw that,
21 again, in the position statement that plaintiffs had it
22 appears -- I think, I want to get the exact wording, had made --
23 invited. It says plaintiff invited Extreme to propose portions
24 of Dr. Case's testimony from plaintiff's I guess 30(b)(1)
25 deposition, so when (inaudible) Extreme rejected this offer.

5

1  Understanding that designations would appropriately occur in a
2  different manner and that it would be in response to the notice
3  that the plaintiff would designate, I just want to see if there
4  has been any discussions about designations of Dr. Case's prior
5  testimony or any number of the topics in (inaudible) to
6  notices.
7        MR. PRABHAKAR:  So Your Honor, there have not been
8  discussions further on this topic of designations, but I do want
9  to note that Extreme is open, that some portions of Dr. Case's
10 testimony from his individual deposition could be designated and
11 it may address a couple of issues; but I think the, it would not
12 significantly impact the duration of the depositions in a manner
13 that we could do both plaintiff's in a seven-hour deposition.
14       So we're open to designation on certain topics.  We
15 haven't seen any portions that plaintiffs have designated, but
16 we're certainly open to that consideration despite the
17 difference being that we were simply exploring Dr. Case's
18 individual knowledge and not the entity's knowledge.
19       THE COURT:  Okay.  So let's, let's start with this
20 discussion.  Okay.  There's not an issue for the Court to
21 address about when, about whether there's one or two
22 depositions.  There's agreement there can be two depositions,
23 and it's going to be Dr. Case as the 30(b)(6) for each.  So
24 under the rule, the defendant would be entitled to seven hours
25 for each deposition while the plaintiffs want that limited to

1 one seven-hour for both.  In considering under the rule, it
2 would generally be 14 hours so seven for each deposition.
3          It's hard based on what is presented and what's
4 presented to the Court right now to determine whether that will
5 be sufficient, and there hasn't, as to more time would be
6 sufficient given that there hasn't been this discussion as to
7 possible designations.  So Mr. Prabhakar, you acknowledge and
8 say that won't significantly cut down on the duration, but that
9 requires for the Court to determine is, you know, how much, if
10 any, beyond the 14 hours is going to be necessary.
11          So I would really like the parties to discuss the
12 potential designations to try to cut down on the topics and then
13 see where we are.  I mean, you could have further discussions
14 after considering those designations and see if you can
15 stipulate to any reasonable extension beyond the seven hours for
16 each and then if we do have contact with the Court, I'm in next
17 week and I can get back together with you.  It's just it's very
18 difficult with what's before the Court to be able to say what
19 would be any reasonable amount of time beyond the allowed seven
20 hours per each at the moment without knowing what that's going
21 to look like.
22          Is it -- well, let me back turn to plaintiff, so
23 Mr. Prabhakar said he didn't feel it would significantly cut
24 down on the duration.  What is plaintiff's position on that if
25 there are designations?

1    MR. ASHLEY: I think it would. You know, the --
2    Dr. Case doesn't really have a personal role in the case. He --
3    his role is, is essentially as the owner and operator of the two
4    entities, so pretty much everything he is asked or on some topic
5    or another -- when I say "ask," I should say asked at his
6    30(b)(1) depo bears in some way on the 125 topics. One of the
7    difficulties we had and the reason why we asked Extreme to tell
8    us what they would like designated is that, I mean, you could
9    almost at some point designate the whole transcript because
10   there's so many topics.
11           So we're happy to work with them on it, but I do think
12   we have about seven hours worth of testimony that almost all
13   pertains in some way or another to these 125 topics, and then,
14   and we're happy to -- I mean, if they want us to take the first
15   pass at that, we can. We didn't think they were open to it at
16   all, but I also thought it would be helpful if they let us know
17   which portions they think are responsive to their topics 'cause
18   some of their topics are pretty broad, so we can do that.
19           And then also just, you know, a further note here is
20   that for the most part, Your Honor, Dr. Case's answers to many
21   of these types of questions that will fall within these topics
22   just won't vary based on the entity. So I mean, when he
23   answered the question about what does the software do or, you
24   know, how was it, how was it compiled or how was it written, it
25   doesn't change by entity. It's the same software. These are,

1  you know, close corporations.  I think there's a, maybe a total
2  of, like, 11 employees now and they deposed or noticed of
3  depositions of half of them.  So there's just -- it's not going
4  to be like there's different testimony for each.
5            So I think that in addition to the designating is what
6  substantially streamlines the scope of what's needed here.  And
7  it's another reason why -- I mean, Extreme will have to decide
8  whether they want to do two separate depos, but for me it seems
9  really efficient and practical for them to just ask Dr. Case the
10 questions and it will be binding on both companies.
11           And we can, we can, like I said, meet and confer if
12 that helps Your Honor, and in terms of, you know, who does the
13 designating, I don't know what you think is more efficient or
14 better, Your Honor.  We're happy to do it either way.
15           THE COURT:  Well, I think typically and under the rule
16 that it would, it would be here the plaintiff that would be
17 pulling the prior testimony and designating it for topics and
18 then, and then letting that be reviewed by the defendant, and
19 then that would allow consideration and determination of
20 whether, you know, the designated testimony addresses the
21 requested topic.  And then it would allow I think a better
22 presentation to the Court, if necessary, whether, you know, any
23 of it is unreasonably duplicative or cumulative or
24 disproportionate, but I think that that step has to take place
25 first.

1          I mean, today I think the Court's finding will be that
2   a deposition, a Rule 30(b)(6) for each plaintiff will be allowed
3   and per the rule that the Court will allow seven hours for each.
4   And so I want the parties to then, to now meet and confer on the
5   possible designations, and after that if still there is some
6   additional time that may be needed for the depositions, we get a
7   reasonable amount of time can be stipulated to by the parties.
8   If not, then I would like you to contact the chambers by say
9   next Thursday, I think that's the 30th by noon, and let me know
10  if this is still at issue and I'll schedule a time to get back
11  together with you and try to get this resolved.
12          MR. ASHLEY:  Okay.
13          MR. PRABHAKAR:  Your Honor, Saurabh Prabhakar for
14  Extreme, and that sounds very good to us, Your Honor, and we
15  appreciate you making the time for the parties knowing how busy
16  your calendar is.
17          I just want to note that this issue is, is one in a
18  series of cascading issues related to 30(b)(6) depositions.  I
19  think plaintiffs are also objecting to some the topics for both
20  sides, and it would be helpful -- they haven't moved the Court
21  yet on a protective order but they have indicated that they
22  would do so, and given that there's less than six weeks left in
23  close of fact discovery and at least two weeks we expect would
24  be taken an expert discovery, it would be helpful to get a time
25  line from the Court when plaintiffs should, if they want to move

10

1 for a protective order raise the issues on time so that we have
2 clarity by the time we're taking the deposition as to what's in
3 scope and what's not.
4         THE COURT: Okay. So Mr. Wood, can you respond to
5 that? So between now and next Thursday, there'll be an meet and
6 confer on the designations and the Court will know if there are
7 any issues left with regard to that, so are you planning to
8 evaluate in that time any basis for a protective order?
9         MR. WOOD: Your Honor, we have, we are in the process
10 of meeting and conferring with Extreme on their 120-plus topics
11 that they submitted and trying to work through that. I think we
12 have gotten through about half of those topics and we're, we're
13 working on the other half. So because of the large number of
14 topics they have, it's taking, taking a good bit of time to do
15 the meet-and-confer process to work, work through all the
16 topics. We're hoping we can speed that up, but once we've been
17 through the meet-and-confer process, I think we'd be, we will
18 then be in a position to know where we have disagreement, but
19 we're trying to work through as many as we can without bringing
20 it to the Court.
21         So I mean, we'd like to get through it by the end of
22 next week. I think it just depends on how fast we can do the
23 second half. I will note there are numerous topics between the
24 two entities that are either exact duplicates or almost exact
25 duplicates, and we feel that's unnecessary given that we have

1  the same witness and he can speak on behalf of both entities,
2  but Extreme has been unwilling to drop the duplicate topics and
3  we're not -- so we have to meet and confer on that type of issue
4  which to us seems unnecessary, but things like that could
5  certainly speed up the process tremendously.  If, if they could
6  drop those duplicate topics, we don't even have to talk about
7  that issue.  There are some other things like that as well,
8  but --
9              THE COURT:  All right.  Well, perhaps you can discuss
10 designations if it's going to be the same for each and can do
11 that as far as process over the next week.
12             So what I'd like to do then, I mean, given that is to
13 ask for a joint status report by next Thursday at noon.  Let me
14 know if -- that will let me know for certain where you are on
15 these issues so I'll know if there's anything coming down the
16 pike and then whether or not there's any remaining issues to, to
17 be dealt with in terms of the amount of hours that we're, that
18 we're addressing today.  So if you will send that joint status
19 report by noon next Thursday to the Poplins's chambers address,
20 I will appreciate it.
21             MR. WOOD:  Yes, Your Honor.
22             MR. ASHLEY:  Yes, Your Honor.
23             THE COURT:  All right.
24             MR. PRABHAKAR:  Same thing, Your Honor.  Thank you
25 very much for your time.

```
 1              THE COURT:  Yes.  You all have a good rest of the
 2   afternoon.  Thanks to you all.
 3              MR. ASHLEY:  Thank you, Your Honor.
 4              MR. WOOD:  Thank you.
 5              (Audio recording concluded at 1:18 p.m.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

STATE OF TENNESSEE   )

COUNTY OF KNOX   )

      I, Kara L. Nagorny, RPR, RMR, CRR, do hereby certify that I reported in stenographic machine shorthand the above digitally-recorded proceedings; that the foregoing pages were transcribed under my personal supervision and with computer-aided transcription software and constitute a true and accurate record of the digitally-recorded proceedings.

      I further certify that I am not an attorney or counsel of any of the parties, nor an employee or relative of any attorney or counsel connected with the action, nor financially interested in the action.

      Transcript completed and dated this 28th day of May, 2024.

_____

Kara L. Nagorny, RPR, RMR, CRR
United States District Court Reporter
PO Box 1121
Knoxville, TN  37901
(865) 264-9628