UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXTREME NETWORKS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 3:20-CV-451-CEA-DCP |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on June 13, 2024, for an informal discovery dispute conference. Attorneys John Wood, Matthew Ashley, and Cheryl Rice appeared on behalf of SNMP Research, Inc. ("SNMPR") and SNMP Research International ("SNMPRI") (collectively, "Plaintiffs"). Attorneys Jessica Malloy-Thorpe, Anthony Sammi, and Aaron Macris appeared on behalf of Extreme Networks, Inc. ("Extreme"). Prior to the hearing, the parties submitted position statements outlining their three discovery disputes. First, Plaintiffs disputed Defendant's subpart objections to Interrogatories Nos. 12–15. Second, Plaintiffs disputed several topics in Defendant's Rule 30(b)(6) notice to them. Third, Defendant objected to a topic in Plaintiffs' Rule 30(b)(6) notice to it. Prior to the discovery dispute conference, the parties reported to Chambers that they had resolved the first issue. The Court will turn to the remaining issues.

I. **DEFENDANT'S RULE 30(B)(6) NOTICE TO PLAINTIFFS**

The parties originally disputed Topic Nos. 16, 22, 26, and 28 to SNMPRI's deposition and Topic Nos. 7–11, 24, 33, and 34 to SNMPR's deposition. At the beginning of the hearing, the

1

parties announced that they had resolved Topic Nos. 22 and 26 to SNMPRI's deposition and Topic Nos. 52 and 53 to SNMPR's deposition. In addition, during the hearing, the parties agreed as follows:

- Topic Nos. 7 and 10: The parties agreed that these topics would be limited to a reasonable level of generality.

- Topic No. 8: The parties agreed that this topic would be limited to any developer documentation that Plaintiffs claim is source code, and the request will also be limited to a reasonable level of generality.

- Topic No. 24: Defendant represented that it had already asked about this topic, and Plaintiffs agreed that the testimony already provided on this topic is proper Rule 30(b)(6) deposition testimony.

- Topic No. 28: Plaintiffs represented that there were no further issues with this topic, as long as Defendant did not inquire into specific customer interactions.

- Topic No. 33: Defendant agreed it would identify a discrete set of financial documents and provide those to Plaintiffs by June 13, 2024. Defendant can ask about other documents if raised during the deposition in response to questions, and it can ask any related information not apparent in the documents. The topic will be limited to a reasonable level of generality.

*Topics 9, 11, & 16.* These topics seek "the conception, design, and development of the Software Material at Issue" (Topic No. 9), "the implementation, programming, and testing of the Software Material at Issue" (Topic No. 11), and "the persons or entities to whom Plaintiff has licensed, or currently licenses, the Software Material at Issue" (Topic No. 16). Plaintiffs argued that they could not prepare their witness to answer such broad topics. Defendants responded that they are not seeking granular details. During the hearing, the Court modified these topics to state that Plaintiffs shall be prepared to address the subject matter contained therein to a reasonable level of generality.

*Topic No. 34*. This topic asks about promissory notes, demand promissory notes, and any payments issued by Plaintiff SNMPRI to Dr. Case, his wife, or any trust. Plaintiffs argued that this topic is not relevant, but they agreed to produce a witness to testify about the promissory notes produced in the litigation. Defendant responded that it was relevant to Dr. Case's stake in this litigation and to credibility. During the hearing, the Court limited this topic to the promissory notes produced in the litigation.

*Timing*. Defendant requested an additional seven hours to depose both Plaintiffs. Plaintiffs argued that Defendants had not shown good cause for additional time. Defendant stated that it was in the middle of the deposition, and due to the pace and the remaining topics, additional time was needed. The Court found, however, that it did not have sufficient information to determine how much time was necessary to complete the depositions. The Court instructed Defendant to continue with the depositions. To the extent it needs additional time, the parties may contact Chambers by **Monday, June 17**, **2024**, if an agreement cannot be reached.

## II. PLAINTIFFS' RULE 30(B)(6) NOTICE TO EXTREME

The parties dispute Topic No. 9 in Plaintiffs' Rule 30(b)(6) Notice to Extreme. Topic No. 9 asks about SNMPR's Interrogatory Nos. 1, 3, and 8 and SNMPRI's Interrogatory Nos. 5–9. Plaintiffs argued that they have not asked Defendant's Rule 30(b)(6) witness about these interrogatories that are the subject of Topic No. 9. Defendant responded that Plaintiffs have already deposed it about the subject matter contained in Topic No. 9, rendering another deposition duplicative.

During the hearing, the Court noted that it did not have sufficient information to determine whether Topic No. 9 was duplicative of the other topics. The Court encouraged the parties to work

together to resolve this issue, but to the extent they cannot reach an agreement, the Court grants the parties leave to file appropriate motions.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

4

Case 3:20-cv-00451-CEA-DCP   Document 419   Filed 06/14/24   Page 4 of 4   PageID #: 17475