```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TENNESSEE
 2                     AT KNOXVILLE, TENNESSEE
     _____
 3                                           )
     SNMP RESEARCH, INC. and SNMP            )
 4   RESEARCH INTERNATIONAL, INC.,           )
                                             )
 5        Plaintiffs,                        )
                                             )
 6   vs.                                     )   Case No. 3:20-CV-451
                                             )
 7   EXTREME NETWORKS, INC.,                 )
                                             )
 8        Defendant.                         )
                                             )
 9   _____)

10

                **PARTIAL TRANSCRIPT OF DISCOVERY DISPUTE CONFERENCE**
11                **BEFORE THE HONORABLE DEBRA C. POPLIN**

12                        **June 13, 2024**
                            **1:36 p.m.**
13

14

     APPEARANCES:
15
          ON BEHALF OF THE PLAINTIFFS:
16
          ALVIN MATTHEW ASHLEY, ESQ.
17        Irell & Manella LLP
          840 Newport Center Drive, Ste. 500
18        Newport Beach, CA  92660

19        JOHN L. WOOD, ESQ.
          CHERYL G. RICE, ESQ.
20        Egerton, McAfee, Armistead & Davis, P.C.
          P.O. Box 2047
21        Knoxville, TN  37901

22

23   REPORTED BY:

24   Kara L. Nagorny, RMR, CRR
     P.O. Box 1121
25   Knoxville, TN  37901
     (865) 264-9628
```

```
 1   APPEARANCES:  (Continued)

 2        ON BEHALF OF THE DEFENDANT:

 3        P. ANTHONY SAMMI, ESQ.
          Latham & Watkins
 4        885 Third Avenue, Ste. 1000
          New York, NY  10020
 5
          AARON MACRIS, ESQ.
 6        Latham & Watkins LLP
          200 Claredon Street
 7        Boston, MA  02116

 8        JESSICA MALLOY-THORPE, ESQ.
          Miller & Martin, PLLC
 9        832 Georgia Avenue
          1200 Volunteer Building
10        Chattanooga, TN  37402

11                              ******

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          (Whereupon previous court proceedings were recorded
2  but are not herein transcribed.)
3          (Proceedings reconvened at 3:30 p.m.)
4          THE COURTROOM DEPUTY: Please remain seated. This
5  court is again in session.
6          THE COURT: All right. If we could revisit the topics
7  that we discussed earlier and see where we are before we
8  proceed, so who would like to give me the update?
9          MS. MALLOY-THORPE: Your Honor, I've been tasked with
10 providing a summary of where the parties are on each of the
11 issues, and then folks can jump in and provide their actual
12 individual party issues.
13         THE COURT: Okay.
14         MS. MALLOY-THORPE: For 7 and 10, the parties have
15 come to an agreement that by adding language to these requests
16 that says to a reasonable level of generality should resolve the
17 dispute.
18         THE COURT: All right.
19         MS. MALLOY-THORPE: For 9 and 11, it's Extreme's
20 position that adding that same language should resolve the
21 dispute. It is the plaintiff's position that they're concerned
22 about the specific source code, but it's Extreme's position that
23 by putting that to a reasonable level of generality language
24 into those requests as well that it would make it clear, you
25 know, that we can ask about source code but not, like, just, you

| | |
|---|---|
| 1 | know, take all the hundreds of thousands of lines of source code |
| 2 | and just pluck a line randomly out of a hat and ask him about |
| 3 | that. |
| 4 | THE COURT: Okay. |
| 5 | MS. MALLOY-THORPE: For 8, the parties have agreed to |
| 6 | language that would clarify this one to say that we're looking |
| 7 | for the 30(b)(6) deponent to explain how the plaintiffs |
| 8 | distinguish and define the differences between source code |
| 9 | and -- |
| 10 | MR. SAMMI: Forgive me for interrupting. Mr. Wood? |
| 11 | MR. WOOD: I think it was any developer documentation |
| 12 | that plaintiffs think is source code, that, yeah, to a |
| 13 | reasonable level of generality. |
| 14 | MR. SAMMI: I'm sorry for speaking from the table. |
| 15 | Mr. Wood, could you repeat that so I could hear it? |
| 16 | MR. WOOD: Any developer documentation that plaintiffs |
| 17 | think are source code to a reasonable level of generality. |
| 18 | MR. SAMMI: That is agreeable to Extreme. |
| 19 | THE COURT: Okay. So any document -- |
| 20 | MS. MALLOY-THORPE: Any developer documentation that |
| 21 | plaintiffs think is source code to a reasonable level of |
| 22 | generality. |
| 23 | THE COURT: Okay. So that's agreed to. |
| 24 | MR. SAMMI: Yes, it is, Your Honor. |
| 25 | THE COURT: So that's topic 8. |

Case 3:20-cv-00451-CEA-DCP   Document 420   Filed 06/14/24   Page 4 of 11   PageID #: 17479

1  MS. MALLOY-THORPE: On 24, Extreme believes that it
2  has asked the questions on this topic and that it should not
3  need to ask more questions on this topic as long as they agree
4  that -- sorry -- that the testimony already given is proper
5  30(b)(6) testimony, and the plaintiffs agreed with that proposal
6  as well.
7  And then for 33, Extreme has agreed that it can
8  identify a discrete sampling of documents to provide to the
9  plaintiffs today on the financial documents with the caveat that
10 we would be able to revisit, revisit other documents if they're
11 raised in deposition answers.
12 THE COURT: And that's agreed to?
13 MS. MALLOY-THORPE: And ask information, ask questions
14 about any information not apparent, any, any related information
15 not apparent from the face of the documents.
16 MR. MACRIS: It was as long as it's to the same, same
17 standard of a reasonable level of generality.
18 MS. MALLOY-THORPE: Yes. We are okay with including
19 that language there as well.
20 (Whereupon further court proceedings were recorded but
21 are not herein transcribed.)
22
23
24
25

1      (Whereupon previous court proceedings were recorded
2  but are not herein transcribed.)
3      (Proceedings reconvened at 4:58 p.m.)
4      THE COURTROOM DEPUTY:  This court is again in session.
5  Please be seated.
6      THE COURT:  Okay.  I want to give you the rulings on
7  the matters that I can so that we take up the issue of the
8  timing and the Rule 30(b)(6).
9      So with regards to the earlier issues, 9 and 11 and
10 16, the Court will resolve these by adding the limitation that
11 those would be within the reasonable level of generality.
12 That's the language that you've been using for those, and on
13 topic 34 that will be limited to questions about promissory
14 notes produced in the litigation.
15     Then as to the last topic 9 that we've discussed this
16 afternoon, at this time the Court does not feel it has
17 sufficient information to find whether or not these are
18 duplicative though it appears that some inquiry appear, would
19 appear reasonable, so I want the parties to meet and discuss
20 that.  If you cannot resolve it, then you have leave to file
21 appropriate motions which you have to do so quickly because of
22 the upcoming discovery deadline.  Okay.
23     MR. WOOD:  Your Honor, can I ask a --
24     THE COURT:  Yes.
25     MR. WOOD:  -- point of clarification on the topic 9?

1  So if we aren't able to resolve it, I think the discovery
2  deadline is July 2?
3          THE COURT:  It is.
4          MR. WOOD:  So --
5          THE COURT:  So you'll need to discuss it today or
6  tomorrow.
7          MR. WOOD:  Okay.  All right.
8          THE COURT:  And there would, any motion filed will
9  have expedited briefing, so be prepared for that.
10         MR. WOOD:  Okay.  Thank you, Your Honor.
11         THE COURT:  Okay.  All right.  So now let's talk about
12  the timing for the deposition of Dr. Case.
13         (Whereupon further court proceedings were recorded but
14  are not herein transcribed.)

1    (Whereupon previous court proceedings were recorded
2    but are not herein transcribed.)
3         THE COURT:  Okay.  I'm not, I'm not going to sit here
4    today and try to decide how much time 'cause I don't have enough
5    information, so right now it's still limited to the 14.  See
6    when -- I don't know when you're going to get -- I don't know if
7    you'll finish tomorrow, if you'll get to it.  And if you're to a
8    point that you feel like you do need additional time and because
9    of whatever limitations, whether it be because of a subject
10   matter or because of his limitations -- I know you've been
11   taking breaks for it -- if you all can't agree to otherwise
12   finish it within a reasonable time and whether it be in person
13   or remotely, then I want you to contact chambers on Monday, and
14   I'll just get you on the phone.  I'll listen to your arguments
15   and I'll take it up then.
16        I just don't feel like I have enough information to
17   say you for sure need seven hours, so we'll just have to see
18   where you get tomorrow and then I think we'll have more
19   information because you've got more clarity from today.
20        MR. SAMMI:  Absolutely, Your Honor, and I understand
21   my colleague has offered to give you some mapping of my
22   depositions so you can see what my skills are or how I repeat
23   myself.
24        THE COURT:  I don't really think I need that --
25        MR. SAMMI:  Okay.

```
 1            THE COURT:  -- today, so that will be more appropriate
 2   if you feel like you need time and you can't reach an agreement.
 3   Of course that will depend on how much additional time may be
 4   needed, if it's an hour or two, may be able to reach an
 5   agreement on it.  I hope that you can, but I just, I just don't
 6   feel like I can set a time limit based on the information I
 7   have.
 8            MR. SAMMI:  Okay.  And I completely understand, Your
 9   Honor.  I will take this moment to say that Dr. Case has been a
10   very good deponent and I'm not trying to rush him.  He's very
11   well positioned in answering questions in a very detailed and
12   sometimes lengthy manager, but I'm not cutting him off.  And so
13   we're going to do, I'm going to proceed a pace without rushing
14   him, and obviously thank you, Your Honor.  We'll get back to
15   you.
16            THE COURT:  And if there is an issue, I want it to be
17   by joint email to the chambers' address, and then I'll let you
18   know if I want position statements or if I'm just going to get
19   you on the phone to discuss this.  So just wait for the
20   direction, but make sure it's a joint email to chambers on, on
21   Monday.
22            MR. SAMMI:  Thank you, Your Honor.  If you might
23   indulge me for one minute?  Anything else on that topic?  Thank
24   you, Your Honor.
25            THE COURT:  All right.  Thank you.
```

1  MR. WOOD: Thank you, Your Honor.
2  THE COURT: All right. You all have a good evening,
3  and we'll stand adjourned.
4  THE COURTROOM DEPUTY: All rise. This honorable court
5  stands adjourned.
6  (Proceedings concluded at 5:15 p.m.)

```
 1                    C E R T I F I C A T E

 2

 3   STATE OF TENNESSEE  )

 4   COUNTY OF KNOX   )

 5            I, Kara L. Nagorny, RPR, RMR, CRR, do hereby certify

 6   that I reported in stenographic machine shorthand the above

 7   proceedings; that the foregoing pages were transcribed under my

 8   personal supervision and with computer-aided transcription

 9   software and constitute a true and accurate record of the

10   proceedings.

11            I further certify that I am not an attorney or counsel

12   of any of the parties nor an employee or relative of any

13   attorney or counsel connected with the action nor financially

14   interested in the action.

15            Transcript completed and dated this 14th day of June,

16   2024.

17

18

19

20

21                         _____

22                         Kara L. Nagorny, RPR, RMR, CRR
                           United States District Court Reporter
23                         P.O. Box 1121
                           Knoxville, TN  37901
24                         (865) 264-9628

25
```