UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH INC. & SNMP RESEARCH INTERNATIONAL INC., | Case No. 3:20-cv-451 |
| *Plaintiffs*, | Judge Atchley |
| v. | Magistrate Judge Poplin |
| EXTREME NETWORKS INC., | |
| *Defendant*. | |

## ORDER

This matter is before the Court *sua sponte*. The Court has reviewed the record and it appears that the parties' discovery disputes have been largely or entirely resolved at this time. While the parties have previously mediated this matter, they now have the benefit of numerous rulings from the Court on both discovery and substantive matters. At this stage, the Court believes that referring the case to mediation is again appropriate. Eastern District of Tennessee Local Rule 16.4 (a) provides:

> With or without the agreement of the parties in any civil action, except those exempted pursuant to Local Rule 16.3, the Court may refer all or part of the underlying dispute to Mediation pursuant to this Local Rule . . . Once an order has been entered directing that the parties participate in a Mediation, the parties will be required to do so unless the Court enters an order withdrawing the Mediation Reference.

Pursuant to Local Rule 16.4, this case is hereby **REFERRED** to mediation. The first mediation conference **SHALL** take place within **90 days** of this Order.

Generally, Local Rule 16.4 requires the parties to select from a Court-approved list of mediators. Due to the specialized nature of the parties' dispute, the Court believes mediation may be more productive if the parties are permitted to work with a mediator of their choosing.

Accordingly, the Court **ORDERS** the parties to select a mediator and file a notice of their choice of mediator and the date set for mediation within **21 days** of the entry of this Order. If the parties cannot agree to a mediator, the provisions of Local Rule 16.4(o) shall apply, with the exception that the parties may propose mediators that are not on the Court's approved list of mediators.

It is **FURTHER ORDERED** that the parties, their representatives, and/or decision-makers for all parties be present for the mediation. Given the complexity of this case, at least one attorney for each party **SHALL RESERVE AT LEAST FIVE DAYS FOR MEDIATION**, or such time as may be necessary to thoroughly and in good faith address the issues in this case. Any questions regarding who must be present for the mediation must be taken up with the mediator at least 72 hours before the mediation conference. The parties are **DIRECTED** to participate in mediation in good faith.

The parties **SHALL** remind the mediator of the obligation to file a Mediation Report within **seven days** of the conclusion of each mediation conference, as set forth in Local Rule 16.4(m).

Additionally, the parties are **ORDERED** to file a joint report no later than **five days following completion of each mediation conference** as to whether some or all of their claims have been settled. If the case is not resolved, the joint report shall instead state what claims remain pending.

It is **FURTHER ORDERED** that the trial and all unexpired deadlines of the Third Amended Scheduling Order [Doc. 242] are **CANCELED**. The Court will reset these deadlines by separate order.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**