IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BROADCOM INC.; BROCADE COMMUNICATIONS SYSTEMS LLC; AND EXTREME NETWORKS, INC., | Defendants. <br><br> Case No. 3:20-cv-00451-CEA-DCP |

**RESPONSE TO MOTION FOR RECONSIDERATION**

COMES NOW the Defendant, Extreme Networks, Inc., by and through the undersigned counsel of record. Extreme opposes Plaintiffs' motion for reconsideration (Dkt. 426).

To start, "motions for reconsideration are disfavored," and for good reason, *Jefferson v. General Motors, LLC,* No. 2:20-cv-02576, 2023 WL 5662596, at *2 (W.D. Tenn. Aug. 31, 2023) (citation omitted), including because "they consume a court's scarce time for attention to a matter that has already been decided," *Blackenburg v. Miller*, No. 1:16-cv-505, 2017 WL 3730610, at *1 (S.D. Ohio Aug. 30, 2017). In this case, the Court's cancellation of the trial and all unexpired deadlines of the Third Amended Scheduling Order (Doc. 242) pending mediation is prudent and should not be reconsidered.

First, there is good reason to believe that mediation will be successful. Indeed, Plaintiffs have settled ***every other*** copyright/breach of contract case they previously brought against other of their licensees, including the former co-defendants in this case, Broadcom and Brocade.

1

While Plaintiffs point to prior mediations between the parties, ***the present case before the Court has never been mediated***.  Prior mediations occurred before the March 2, 2023 Amended Complaint (Doc. 244), the new claims of which fundamentally changed the scope of this case.  As one example, of the total damages that Plaintiffs are seeking in copyright disgorgement damages, approximately 93% relate to the new claims.  Additionally, the parties very recently exchanged expert reports and completed expert depositions, which has shed considerable light on the facts of this case and the developed positions of the parties, and might enable the parties to productively negotiate resolution of the litigation.

Second, if the parties continue to litigate this case in parallel, both the parties and the Court are likely to expend significant additional resources unnecessarily.  Directing resources to intense briefing and litigation while simultaneously meditating would work towards cross purposes and likely have an adverse impact on the mediation.  In the near term, Defendant currently expects to move for summary judgment on multiple grounds and to additionally file *Daubert* motions.  Defendant anticipates those motions will require thorough briefing by the parties and significant time from the Court to evaluate.  Indeed, Defendant anticipates filing a motion to request expanding the page limits for each party's opening brief in support of their motions for summary judgment by five pages (which Plaintiffs have indicated they will not oppose).  Moreover, among the grounds Extreme intends to move on is the invalidity of the registrations, based on knowing inaccuracies in the registration application, including the failure to provide the required deposit material.  As this Court previously held (Dkt 362, at 6), where allegations of such knowing inaccuracies have "some factual basis"—as they do here—the Court is required to refer the matter to the Register of Copyrights.  *See* 17 U.S.C. § 411(b)(2).  If such a referral were to occur, it would require a re-evaluation of the schedule in any event.

Preparation for trial is also likely to require enormous resources from the parties and the Court.  In total, the parties have served expert reports from 10 expert witnesses, all of whom presumably will testify at trial.  The parties have also *each* disclosed more than 10 potential fact witnesses who might testify at trial.  *See* Dkt. 397; Dkt. 398.  While it is possible the parties will narrow the number of witnesses called, the currently anticipated time required to prepare those witnesses for trial and to make arrangements for a trial will be immense.

Finally, delaying the current deadlines would not unduly prejudice the parties.  The operative Amended Complaint was filed in March 2023, and proceedings have been moving at lightspeed ever since.  The parties have had very compressed schedules between major deadlines (e.g., only approximately two weeks between completion of all expert reports and the completion of all expert depositions, and only approximately one week between the completion of expert depositions and the deadline for dispositive motions and *Daubert* motions).  Temporarily suspending deadlines would merely shift this case onto a timeline that is more manageable in light of its complexity and breadth, and would have no impact of Plaintiffs' potential relief.  Extreme has removed the software at issue from its products (and plans to remove vestigial source code Plaintiffs have identified as allegedly belonging to them); so relief will be limited to monetary damages.

Accordingly, Extreme respectfully requests that the Court leave its mediation order undisturbed.

1

Dated: July 3, 2024  /s/ Sy Damle

Charles B. Lee, BPR# 011570
Jessica Malloy-Thorpe, BPR# 035234
Jordan B. Scott, BPR# 037795
MILLER & MARTIN, PLLC
832 Georgia Avenue
1200 Volunteer Building
Chattanooga, Tennessee 37402
Tel: (423) 756-6600
Fax: (423) 785-8293
clee@millermartin.com
jessica.malloy-thorpe@millermartin.com
jordan.scott@millermartin.com

John M. Neukom (*admitted pro hac vice*)
Abraham A. Tabaie (*admitted pro hac vice*)
Barbara N. Barath (*admitted pro hac vice*)
Saurabh Prabhakar (*admitted pro hac vice*)
Alicia J. Ginsberg (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, California 94108
jneukom@debevoise.com
atabaie@debevoise.com
bnbarath@debevoise.com
sprabhakar@debevoise.com
ajginsberg@debevoise.com
(415) 738-5700

Leslie A. Demers (*admitted pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
leslie.demers@skadden.com
(212) 735-3000

Sy Damle (*admitted pro hac vice*)
B. Rashmi Borah (*admitted pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com
rashmi.borah@lw.com
(202) 637-2200

P. Anthony Sammi (*admitted pro hac vice*)
Rachel R. Blitzer (*admitted pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
tony.sammi@lw.com
rachel.blitzer@lw.com
(212) 906-1200

Aaron Macris (*admitted pro hac vice*)
LATHAM & WATKINS LLP
200 Claredon Street
Boston, MA 02116
aaron.macris@lw.com
(617) 948-6000

Michael Powell (*admitted pro hac vice*)
David Lamb (*admitted pro hac vice*)
GISH PLLC
41 Madison Avenue, Floor 31
New York, New York 10010
(212) 518-2000

*Attorneys for Extreme Networks, Inc.*