UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH INC. & SNMP RESEARCH INTERNATIONAL INC., | Case No. 3:20-cv-451 |
| *Plaintiffs*, | Judge Atchley |
| v. | Magistrate Judge Poplin |
| EXTREME NETWORKS INC., | |
| *Defendant*. | |

## ORDER

Before the Court is Plaintiffs' Motion for Partial Reconsideration [Doc. 426], asking the Court to reinstate the deadlines of the Third Amended Scheduling Order [Doc. 242]. Defendant responded in opposition and Plaintiffs filed a reply. [Docs. 428 & 429]. The canceled deadlines, if reinstated, would result in a July 9, 2024, deadline for summary judgment and *Daubert* motions. Due to the proximity of those deadlines and the intervening federal holiday, the Court held an expedited status conference on July 3, 2024, during which counsel for the parties presented argument on Plaintiffs' Motion.

By way of background, the Court referred this matter to mediation on July 2, 2024. [Doc. 425]. Prior to the referral, the Court reviewed the record and conferred with Magistrate Judge Poplin regarding the status of the parties' discovery disputes. With the benefit of completed discovery and substantive rulings from the Court, the Court believed that the matter was well-situated for a productive mediation. In the mediation referral order, the Court canceled the trial date and all remaining deadlines in the Third Amended Scheduling Order. [*Id.*].

Plaintiffs move for partial reconsideration as to the cancelation of the trial date and remaining deadlines, asking the Court to reinstate the Third Amended Scheduling Order. [Doc.

426]. Plaintiffs show that they have already incurred costs in excess of $100,000 in anticipation of the trial date, specifically hotel reservations, some of which is not refundable. [*Id.* at 2]. They note that the parties have mediated twice before for a total of six days, at considerable expense. Plaintiffs suggest that the parties are capable of mediating in good faith while adhering to the trial schedule and that a near-term trial date will increase the chances of a successful mediation.

In their Response [Doc. 428] in opposition, Defendant urges that cancelation of the trial date is prudent and should not be reconsidered. Counsel for Defendant argued in briefing and at the status conference that there is good reason to believe mediation will be successful this time, noting both Extreme's new representation and the new landscape of the case. With discovery complete and expert reports exchanged, Defendant shows that the matter is well-positioned to settle. Counsel for Defendant further noted the enormous expense of summary judgment briefing, *Daubert* briefing, and trial preparation, all of which tax the limited resources of the Court even as the parties may resolve the case.

While resolution of the instant motion was expedited, the Court's consideration of these issues was not. The Court canceled the trial date and remaining deadlines for the purpose of permitting the parties to focus their efforts squarely on resolving this matter in mediation. As all parties are well aware, this is a large and complex piece of litigation that has spawned multiple dispositive motions and roughly eleven motions to compel, necessitating at least thirteen hearings before Magistrate Judge Poplin. And the complexity of the case is unlikely to abate –counsel for both Plaintiffs and Defendant indicated that they each expect to file multiple *Daubert* motions, in addition to cross-motions for summary judgment. Mediating now gives the parties a final chance to resolve their dispute before incurring the tremendous expense of briefing these motions and preparing for trial.

Given the size and complexity of this matter, the Court is hard-pressed to see how counsel can devote sufficient attention to mediation while simultaneously preparing for a lengthy trial. The Court is sensitive to Plaintiffs' representation that they have incurred expenses in preparation for trial that are unlikely to be fully refundable. This is one of many reasons that the Court endeavors to maintain civil trial dates. Yet all civil trials are subject to being continued or held in line in the event a felony criminal matter must be heard. The Court does not take expense to the parties lightly, but is persuaded that canceling the trial date pending mediation creates the best chance of reducing the overall cost of this litigation. Moreover, as counsel for Extreme noted, the Court's resources are indeed finite. The Court is not inclined to devote those limited resources to resolving motions that may become moot even as the Court is actively working to resolve them.

"[D]istrict courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1982 (2016). After considering the record and the arguments of counsel, the Court finds that reinstatement of the scheduling order is unlikely to encourage "the just, speedy, and inexpensive" determination of this action. Accordingly, the Motion for Reconsideration [Doc. 426] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**