UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-451-CEA-DCP |
| EXTREME NETWORKS, INC. | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' motions to seal [Docs. 447, 450, 453, 467, 471] (collectively, "First Motions to Seal"). Following the First Motions to Seal, the parties filed the Joint Omnibus Filing Regarding Documents Proposed to be Submitted Under Seal in Support of their Respective Daubert Motions and Motions for Summary Judgment ("Omnibus Filing") [Doc. 492]. The parties' Omnibus Filing includes a "chart setting forth [the parties'] joint positions with respect to each document sough[t] to be sealed" [*Id*. at 2]. In addition, the parties state that they met and conferred, and "have agreed that certain documents subject to the First Motions to Seal can be filed on the public docket with more limited redactions" [*Id*.]. The Omnibus Filing also refers to the parties' motions to seal that were filed on January 24, 2025 [Docs. 488 and 490] (collectively, "Revised Motions to Seal"), which will also be addressed herein.

For the reasons set forth below, the Court **DENIES AS MOOT** Defendant's motion to seal [**Doc. 447**]; **GRANTS IN PART AND DENIES AS MOOT IN PART** the parties' motions to

1

seal [**Docs. 450, 453, 467, and 471**], and **GRANTS** the parties' motion to seal [**Docs. 488 and 490**].

## I.    ANALYSIS

On October 26, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 11] that sets forth the standard and procedure for filing material under seal.  With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)].  A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)].  The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal.  To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3].  The Court may seal documents upon a finding of good cause.  E.D. Tenn. L.R. 26.2.

### A.    Defendant's Motion for Leave to File Documents Under Seal [Doc. 447]

Defendant's motion seeks leave to file under seal its Memorandum of Law in Support of its Motion to Exclude the Opinions of Regan Smith ("Smith Memorandum") [Doc. 447-1 (redacted; Doc. 449 SEALED] and Exhibits 1 to 3 to the Declaration of Sy Damle in Support of Defendant's Motion to Exclude Opinions of Regan Smith ("Damle Declaration") [Docs. 449-2; 449-3; and 449-4 SEALED].

2

In the Omnibus Filing, the parties submit that the Smith Memorandum [Doc. 447-1 (redacted); Doc. 449 SEALED],[1] and Exhibits 2 and 3 [Docs. 449-3 and 449-4 SEALED] to the Damle Declaration no longer need to be sealed [Doc. 492 p. 3]. With respect to Exhibit 1 to the Damle Declaration, which is the Expert Report of Dr. Phillip Greenspun, the parties seek to redact paragraphs 179 to 210 and 252 to 365 for the reasons stated in the original motion [Doc. 447] and Defendant's Unopposed Supplemental Motion for Leave to File Documents under Seal [Doc. 490; *see also* Doc. 492 p. 3]. Paragraphs 179 to 210 contains an "analysis of Plaintiffs' source code and copyright registrations, and commercially sensitive information regarding Plaintiffs' customers who are not parties to this action" [Doc. 447 pp. 2–4; *see also* Doc. 490 p. 2]. Defendant seeks to redact paragraphs 252 to 365 because "they contain descriptions and analysis of [its] network operating systems and source code" [Doc. 490 p. 2]. Defendant filed an updated redacted version of Exhibit 1 as [Doc. 490-12] and an updated sealed version as [Doc. 491-11 SEALED].[2]

*Findings.* In light of the parties' later representation stating that the documents may be filed publicly or with limited redactions [*see* Docs. 490 and 492], the Court **DENIES AS MOOT** Defendant's Motion for Leave to File Documents Under Seal [**Doc. 447**]. In accordance with Rule 12.2 of the ECF Rules and Procedures, the Clerk's Office **SHALL DELETE** the sealed filings, including the Memorandum [**Doc. 449**], the Damle Declaration [**Doc. 449-1**],[3] and Exhibits 1 to 3 [**Docs. 449-2 to 449-4**].

---

[1]     In the Omnibus Filing, the parties state that the Memorandum is filed as [Doc. 449-1], but that document is the Damle Declaration.

[2]     Defendant filed Dr. Philip Greenspun's opening report several times [Docs. 491-3, 491-5, 491-11 SEALED].

[3]     No party has requested that this document be sealed.

With respect to Exhibit 1 to the Damle Declaration, Defendant has filed an updated copy of the sealed version as [Doc. 491-11 SEALED].  The Court has reviewed the redactions, which are narrowly tailored, and finds good cause to place it under seal.  The Court therefore **GRANTS** Defendant's Unopposed Supplemental Motion [**Doc. 490**] to the extent it seeks redactions to Exhibit 1, and Exhibit 1 to the Damle Declaration [**Doc. 491-11**] **SHALL REMAIN SEALED**.

In light of the above, the Court **ORDERS** Defendant to re-file the Smith Memorandum in the public record and attach all exhibits, including the redacted exhibit, on or before **March 5, 2025**.  To the extent a document or exhibit is redacted, Defendant shall note the docket entry of the sealed version on the first page of the document or exhibit.

### B.  Defendant's Motion for Leave to File Documents Under Seal [Doc. 450]

Defendant seeks leave to file its Memorandum of Law in Support of its Motion to Exclude the Opinions of Mark J. Chandler ("Chandler Memorandum") in redacted form [Doc. 450-1 (redacted); Doc. 452 SEALED]] and to file Exhibits 1 to 5 of the Declaration of Sy Damle in Support of Defendant's Motion to Exclude Opinions of Mark J. Chandler ("Damle Declaration") [Docs. 452-2 to 452-6 SEALED] under seal in their entirety.[4]

In the Omnibus Filing, the parties request that the following redactions be maintained on the Chandler Memorandum: the first paragraph on page 1; the bullet points on page 3; the block quote on page 4; the first paragraph on page 9; the second paragraph on page 13; and the first paragraph on page 14 [Doc. 492 pp. 4–5].  The redactions contain information in the underlying exhibits that is confidential and "refer[] to confidential settlement terms between Plaintiffs and

---

[4]     Defendant also filed the Damle Declaration under seal [Doc. 452-1 SEALED], but no party supports sealing it.

non-parties" [*Id*. at 5]. Defendant has filed an updated redacted version of the Chandler Memorandum as [Doc. 490-1] and an updated sealed version as [Doc. 491 SEALED].

Exhibit 1 to the Damle Declaration is the October 22, 2001 license between Plaintiff SNMP Research International, Inc. ("Plaintiff SNMPRI") and Defendant ("2001 License") [Doc. 492 p. 3]. The parties request the following redactions: the paid-up royalty and percentage amount in paragraph 24, the initial fee specified in Attachment A, and the royalty schedule and paid-up royalty amounts in Attachment C [*Id*. at 3–4]. Defendant filed a redacted version of Exhibit 1 as [Doc. 490-3] and the updated sealed version as [Doc. 491-2 SEALED].

Exhibit 2 to the Damle Declaration is Michael J. Wallace's Opening Report [Doc. 492 p. 4]. The parties request that it be sealed in its entirety because "[m]ore than half of this expert report discusses [Defendant's] confidential pricing and sales information" [*Id*.]. In addition, they state that "[t]he report also refers to confidential settlement terms between Plaintiffs and non-parties, as well as Plaintiffs' proprietary pricing information" [*Id*.]. Defendant originally filed Exhibit 2 as [Doc. 452-3 SEALED].

Exhibit 3 is Mark Chandler's Opening Report [Doc. 492 p. 4]. The parties request redactions to the following: paragraphs 33, 43–45 and Table 2, 53–61, 65–67, 70–72 and Tables 4.A–4.B, 76–78, and 81–82 [*Id*.]. Plaintiffs seek to seal this information because it "reflect[s] confidential settlement terms between Plaintiffs and non-parties, as well as Plaintiffs' proprietary pricing information" [Doc. 490 p. 2]. Defendant has filed a redacted version of Exhibit 3 as [Doc. 490-5] and an updated sealed version as [Doc. 491-4 SEALED].

Exhibit 4 contains excerpts from the deposition of Mark Chandler [Doc. 492 p. 4]. The parties seek to redact pages 35–38, 41–43, 229, 235, 237–239, 245, 248, and 253 [*Id*.]. They represent that the pages "reflect confidential settlement terms between Plaintiffs and non-parties,

as well as Plaintiffs' propriety pricing information" [*Id.*].  Defendant filed a redacted version of Exhibit 4 as [Doc. 490-7] and an updated sealed version as [Doc. 491-6 SEALED].

Exhibit 5 is the Quentin L. Mimms Rebuttal Report [Doc. 492 p. 4].  The parties request that it be filed under seal, stating that it "refers to and discusses sensitive commercial and financial information regarding [Defendant's] sales and revenue" and that it contains the parties' "commercially sensitive material" [Doc. 450 p. 2].  Defendant originally filed Exhibit 5 as [Doc. 452-6 SEALED].

*Findings.*  Because the parties have revised some of the sealing requests, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendant's motion [**Doc. 450**].  In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court directs the Clerk's Office to **DELETE** the sealed filings that the parties no longer request to be sealed in their entirety, which includes the Chandler Memorandum, the Damle Declaration, and Exhibits 1, 3, and 4 of the Damle Declaration [**Docs. 452; 452-1;**[5] **452-2; 452-4; and 452-5**].

The Court has reviewed the redactions in the Chandler Memorandum and in Exhibits 1, 3, and 4, which are narrowly tailored, and therefore, for good cause shown, the Court **GRANTS** Defendant's Unopposed Supplemental Motion [**Doc. 490**] to the extent it seeks redactions to these documents.  The Chandler Memorandum [**Doc. 491**] and Exhibits 1, 3 and 4 [**Docs. 491-2**, **491-4**, **491-6**] to the Damle Declaration **SHALL REMAIN SEALED**.

With respect to Exhibits 2 and 5, the Court finds that the parties have shown good cause to place these documents under seal.  Exhibits 2 and 5 [**Docs. 452-3 and 452-6**] **SHALL REMAIN SEALED**.

---

[5]     This is the Damle Declaration [Doc. 452-1], but no party seeks to redact or seal it.

In light of the above, the Court **ORDERS** Defendant to re-file its Chandler Memorandum in the public record and attach all exhibits, including the redacted exhibits, on or before **March 5, 2025**. To the extent a document or exhibit is redacted, Defendant shall note the docket entry of the sealed version on the first page of the exhibit. If a document or exhibit is sealed, Defendant shall file a placeholder noting the docket entry of the sealed version.

### C. Defendant's Motion for Leave to File Documents Under Seal Regarding Defendant's Omnibus Motion to Exclude [Doc. 453]

Defendant seeks leave to file its Memorandum of Law in Support of its Motion to Exclude the Combined Opinions of Ravi Dhar, Scott Bradner, and Michael J. Wallace ("Omnibus Memorandum") in redacted form [*see* Doc. 453-1 (redacted); Doc. 456 SEALED] and to file Exhibits 1 to 4; 6, 8, and 10 to 20 [Docs. 456-1 to 456-17 SEALED] to the Declaration of Sy Damle ("Damle Declaration") under seal [Doc. 453].

In the parties' Omnibus Filing, they state that the Omnibus Memorandum and Exhibits 2, 8, 11, 17, 18, and 19 [Docs. 456-2, 456-6, 456-8, 456-14, 456-15, 456-16] to the Damle Declaration may be publicly filed [Doc. 492 pp. 5–7].

Exhibit 1 to the Damle Declaration is Dr. Ravi Darh's opening report [Doc. 492 p. 5]. The parties request that paragraphs 77 to 92 and Appendices F and G be redacted [*Id.*]. Defendant states that they contain its "commercially sensitive marketing materials and strategy documents" [Doc. 490 p. 3]. Defendant filed a redacted version of Exhibit 1 as [Doc. 490-2] and an updated sealed version as [Doc. 491-1 SEALED].

Exhibit 3 is Michael J. Wallace's Opening Report [Doc. 492 p. 5]. The parties request that this document be sealed in its entirety [*Id.*]. They state that "[m]ore than half of this expert report discusses [Defendant's] confidential pricing and sales information" and that "[t]he report also refers to confidential settlement terms between Plaintiffs and non-parties, as well as Plaintiffs'

proprietary pricing information" [*Id*.]. Defendant originally filed Exhibit 3 as [Doc. 456-3 SEALED].

Exhibit 4 is Dr. Philip Greenspun's opening report [Doc. 492 p. 5]. The parties seek to redact paragraphs 179 to 210 and 252 to 365 [*id*.] for the same reasons as described in section I(A). Defendant filed a redacted version of Exhibit 4 as [Doc. 490-6] and an updated sealed version of Exhibit 4 as [Doc. 491-5 SEALED].

Exhibit 6 is Steve Waldbusser's opening report [Doc. 492 p. 6]. The parties request that this exhibit be sealed in its entirety because it "contains descriptions and analysis of the [p]arties' proprietary and confidential source code, including Plaintiffs' proprietary and confidential developer documentation" [*Id*.]. Defendant originally filed Exhibit 6 as [Doc. 456-5 SEALED].

Exhibit 10 contains Defendant's Summit X440 product presentation, Exhibit 12 contains Defendant's Summit X440 Series Switches presentation, Exhibit 13 is Defendant's Product and Solutions Overview 2018, and Exhibit 14 contains the Gartner Critical Capabilities for Enterprise Wired Infrastructure 2021 [Doc. 492 p. 6]. The parties request that these exhibits to the Damle Declaration be sealed in their entirety [*Id*.]. Defendant submits that they "contain details regarding [Defendant's] marketing and competitive analysis and commercially sensitive pricing information" [Doc. 453 pp. 3–4]. It argues that the Court has sealed similar information [*Id*. at 4 (citations omitted)]. Defendant originally filed Exhibit 10 as [Doc. 456-7 SEALED], Exhibit 12 as [Doc. 456-9 SEALED], Exhibit 13 as [Doc. 456-10 SEALED], and Exhibit 14 as [Doc. 456-11 SEALED].

Exhibit 15 to the Damle Declaration contains excerpts from the transcript of Hardik Ajmera's deposition, and Exhibit 16 to the Damle Declaration contains excerpts from the transcript of Robert Reason's deposition [Doc. 492 p. 7]. The parties request that these exhibits be filed

under seal [*Id.*].   Defendant states that they "quote and discuss sensitive internal technical information, marketing strategies for [its] switches, and revenue figures" [Doc. 453 p. 4].   It argues that the "Court has previously sealed similar information" [*Id.* (citations omitted)].   Defendant originally filed Exhibit 15 as [Doc. 456-12 SEALED] and Exhibit 16 as [Doc. 456-13 SEALED].

Exhibit 20 to Damle Declaration is the Michael J. Wallace rebuttal report [Doc. 492 p. 7]. The parties request that Exhibit 20 be sealed because "[m]ore than half of th[e] expert report discusses [Defendant's] confidential pricing and sales information[,]" and it "also refers to confidential settlement terms between Plaintiffs and non-parties, as well as Plaintiffs' propriety pricing information" [*Id.*].   Defendant originally filed Exhibit 20 as [Doc. 456-17 SEALED].

*Findings.*   Because the parties have revised some of the sealing requests, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendant's motion [**Doc. 453**].   In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court directs the Clerk's Office to **DELETE** the sealed filings that the parties no longer request to be sealed in their entirety, which includes the Omnibus Memorandum and Exhibits 1, 2, 4, 8, 11, 17, 18, and 19 [**Docs. 456, 456-1, 456-2, 456-4, 456-6, 456-8, 456-14, 456-15, 456-16**] to the Damle Declaration.

The parties also request that Exhibits 1 and 4 be filed in redacted form.   The Court has reviewed these redactions [*see* Docs. 490-2 and 490-6], which are narrowly tailored, and finds good cause for the requested redactions.   The Court therefore **GRANTS** Defendant's motion [**Doc. 490**] to the extent it seeks to redact these exhibits, and the updated sealed versions of Exhibits 1 and 4 to the Damle Declaration [**Docs. 491-1 and 491-5**] **SHALL REMAIN SEALED**.

The Court has reviewed Exhibits 3, 6, 10, 12, 13, 14, 15, 16, and 20 to the Damle Declaration and finds that the parties have shown good cause to seal these documents.   Exhibits 3,

9

6, 10, 12, 13, 14, 15, 16, and 20 [**Docs. 456-3, 456-5, 456-7, 456-9, 456-10, 456-11, 456-12, 456-13, 456-17**] **SHALL REMAIN SEALED.**

In light of the above, the Court **ORDERS** Defendant to re-file its Omnibus Memorandum in the public record and attach all exhibits, including the redacted exhibits, on or before **March 5, 2025**. To the extent a document or exhibit is redacted, Defendant shall note the docket entry of the sealed version on the first page of the exhibit. If a document or exhibit is sealed, Defendant shall file a placeholder noting the docket entry of the sealed version.

### D. Defendant's Motion for Leave to File Documents Under Seal [Doc. 467]

Defendant seeks leave to submit its Memorandum of Law in Support of its Motion for Summary Judgment ("SJ Memorandum") in redacted form [Doc. 467-1 (redacted)] and Doc. 476 SEALED] and to file Exhibits 1–5, 14–15, 17–38, 40–42, 44–46, and 48 to the Declaration of Sy Damle ("Damle Declaration") under seal [Docs. 476-1 to 476-32; Docs. 477–482 SEALED].

In the parties' Omnibus filing, they have agreed that the SJ Memorandum [Doc. 467-1 (redacted)] and Doc. 476 SEALED] and Exhibits 3–5, 15, 19, 20, 21, 22, 23, 28, 29, 30, 33–38, 44–46 [Docs. 476-3, 476-4, 476-5, 476-7, 476-10, 476-11, 476-12, 476-13, 476-14, 476-19, 476-20, 476-21, 476-24, 476-25,476-26, 476-27, 476-28, 476-29, 477,[6] 477-1, 477-2, 477-3, 478, 478-1, 479, 480, 481, 482] can be publicly filed [Doc. 492 pp. 8–13].

Exhibit 1 is Steve Waldbusser's opening report [Doc. 492 p. 8]. The parties request that it be sealed in its entirety [*Id.*]. They represent that it includes the parties' source code [Doc. 467 p. 1]. In addition, the parties state that it references "Plaintiffs' proprietary and confidential developer documentation" [Doc. 492 p. 8]. Defendant originally filed Exhibit 1 as [Doc. 476-1 SEALED].

---

[6] The parties appeared to have inadvertently failed to include Doc. 477, which is part 1 of Exhibit 44 [*See* Doc. 492 p. 13].

10

Exhibit 2 is Philip Greenspun's opening report [Doc. 492 p. 8]. The parties seek to redact paragraphs 179 to 210 and 252 to 365 for the reasons stated in the original motion [Doc. 467] and Defendant's Unopposed Supplemental Motion for Leave to File Documents under Seal [Doc. 490]. *See also supra* section I(A). Defendant filed an updated redacted version of Exhibit 2 as [Doc. 490-4] and an updated sealed version as [Doc. 491-3 SEALED].

Exhibit 14 is the Philip Greenspun supplemental report [Doc. 492 p. 8]. The parties request that page 9 be redacted because it "reveals Plaintiffs' proprietary pricing information" [*Id.*; *see also* Doc. 490 p. 3]. Defendant filed a redacted version of Exhibit 14 as [Doc. 490-8] and an updated sealed version as [Doc. 491-7 SEALED].

Exhibit 17 is the 2001 License [Doc. 492 p. 9]. As noted above, section I(B), the parties request that the paid-up royalty and percentage amount in paragraph 24, the initial fee specified in Attachment A, and the royalty schedule and paid-up royalty amounts in Attachment C be redacted [*Id.*]. Defendant filed a redacted version as [Doc. 490-9] and an updated sealed version as [Doc. 491-8 SEALED].

Exhibit 18 is a letter dated September 11, 2022, from defense counsel to Plaintiffs' counsel [Doc. 492 p. 9]. The parties request that the dollar amount in the last full paragraph on page 1 and the paragraph running from pages 1 to 2 be redacted [*Id.*]. They request these redactions because the exhibit "reveal[s] proprietary pricing information from the 2001 License and confidential settlement communications" [Doc. 490 pp. 3–4]. Defendant filed a redacted version of Exhibit 18 as [Doc. 490-10] and the updated sealed version as [Doc. 491-9 SEALED].

Exhibit 32 is an email between the parties in November 2015 [Doc. 492 p. 11]. The parties request that the second chart on page 1, which relates to units sold per quarter, be redacted [*Id.*].

Defendant filed a redacted version of Exhibit 32 as [Doc. 490-11] and an updated sealed version as [Doc. 491-10 SEALED].

The parties request that Exhibits 24 (Defendant's 2007 Q3 royalty report), 25 (Defendant's 2007 Q4 royalty report), 26 (Extreme's 2009 Q2 royalty report), 27 (Michael J. Wallace's opening report), 31 (a copy of GitHub pull requested by Defendant), 40 (Plaintiff SNMPRI's price list), 41 (Plaintiff SNMPRI's price list), 42 (Plaintiff's SNMPRI's price list), and 48 (Steve Waldbusser's rebuttal report) of the Damle Declaration be filed under seal. The parties explain that these exhibits contain their pricing information, settlement terms, and source code information [Doc. 492 pp. 10–13]. Defendant originally filed these exhibits as [Docs. 476-15, 476-16, 476-17, 476-18, 476-22, 476-30, 476-31, 476-32, 478-2 SEALED].

*Findings.* Because the parties have revised some of the sealing requests, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendant's motion [**Doc. 467**]. In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court directs the Clerk's office to **DELETE** the sealed filings that the parties no longer request to be sealed, which includes the SJ Memorandum [**Doc. 476**] and Exhibits 3–5, 15, 19–23, 28, 29, 30, 33–38, 44–46 [**Docs. 476-3, 476-4, 476-5, 476-7, 476-10, 476-11, 476-12, 476-13, 476-14, 476-19, 476-20, 476-21, 476-24, 476-25, 476-26, 476-27, 476-28, 476-29, 477[7], 477-1, 477-2, 477-3, 478, 478-1, 479, 480, 481, 482**] to the Damle Declaration.

The Court has also reviewed the redactions to Exhibits 2, 14, 17, 18, and 32 [Docs. 490-4, 490-8, 490-9, 490-10, and 490-11], which are narrowly tailored, and finds good cause to place them under seal. The Court therefore **GRANTS** [**Doc. 490**] to the extent it seeks that these exhibits be filed in redacted form, and Exhibits 2, 14, 17, 18, and 32 [**Docs. 491-3, 491-7, 491-8, 491-9,**

---

[7] *See supra* n.6.

491-10] **SHALL REMAIN SEALED**. The Court **DIRECTS** the Clerk's Office to **DELETE** the former sealed versions of Exhibits 2, 14, 17, 18, and 32 [**Docs. 476-2, 476-14, 476-17, 476-18, 476-32**].

The Court has also reviewed the exhibits that the parties request to be sealed and finds good cause to place them under seal. Accordingly, Exhibits 1, 24, 25, 26, 27, 31, 40, 41, 42, and 48 [**Docs. 476-1, 476-15, 476-16, 476-17, 476-18, 476-22, 476-30, 476-31, 476-32, 478-2**] **SHALL REMAIN SEALED**.

In light of the above, the Court **ORDERS** Defendant to re-file its SJ Memorandum in the public record and attach all exhibits, including redacted exhibits, on or before **March 5, 2025**. To the extent a document or exhibit is redacted, Defendant shall note the docket entry of the sealed version on the first page of the exhibit. If a document or exhibit is sealed, Defendant shall file a placeholder noting the docket entry of the sealed version.

### E. Plaintiffs' Motion for Leave to File Documents Under Seal [Doc. 471] and Plaintiffs' Revised Motion to File Documents Under Seal [Doc. 488][8]

Plaintiffs seek leave to file the following documents in redacted form: the Memorandum in Support of Motion to Exclude Testimony of Mahdi Eslamimehr ("Eslamimehr Memorandum") [Doc. 471-1 (redacted); Doc. 475 SEALED]; the Memorandum in Support of Motion to Exclude the Testimony of Quentin Mimms [Doc. 475-1 SEALED]; the Memorandum in Support of Motion to Exclude the Testimony of Phillip Greenspun ("Greenspun Memorandum") [Doc. 471-3

---

[8] As a result of the parties meet and confer, they discovered that Plaintiffs had filed documents that need redactions or additional redactions [Doc. 492 pp. 22–23]. This includes the Memorandum in Support of Motion to Exclude Testimony of Quentin Mimms, the Declaration of Jeffrey Case, Exhibit I to the Declaration of Jeffrey Case Declaration, and Exhibit 3 to the Olivia Weber's Declaration. Earlier, Plaintiffs had moved to withdraw these documents [Doc. 487], which the Court granted [Doc. 493]. Therefore, these earlier filed redacted documents have been deleted.

13

(redacted); Doc. 475-2]; and the Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment/Adjudication [Doc. 471-4 (redacted); Doc. 475-3 SEALED)].

They also seek leave to file the following exhibits to the Declaration of Dr. Jeffrey Case ("Case Declaration") under seal: Exhibits A–F, J–N, O–S,[9] and V [Docs. 475-4 to 475-19 SEALED].

In addition, they seek leave to file the following exhibits to the Declaration of Steve Waldbusser ("Waldbusser Declaration") under seal: Exhibits A–D [Docs. 475-20 to 475-22 SEALED].[10]

They also request to file the Declaration of Michael Wallace ("Wallace Declaration") [Doc. 475-23 SEALED] under seal and the following exhibits to that declaration: Exhibits B and C [Docs. 475-24 to 475-25 SEALED].

Finally, Plaintiffs seek leave to file the followings exhibits to the Declaration of Oliva Weber ("Weber Declaration") under seal: Exhibits 4, 6, 8–23, 25 [Docs. 475-26 to 475-44].

In the parties' Omnibus Filing, they have agreed that the following documents may be publicly filed: Greenspun Memorandum [Doc. 471-3 (redacted); Doc. 475-2 SEALED]; Eslamimehr Memorandum [Doc. 471-1 (redacted); Doc. 475 SEALED]; Exhibit O to the Case Declaration [Doc. 475-14 SEALED], Exhibit Q to the Case Declaration [Doc. 475-16 SEALED]; Exhibit 4 to the Weber Declaration [Doc. 475-26 SEALED]; Exhibit 17 to the Weber Declaration [Doc. 475-37 SEALED]; Exhibit 18 to the Weber Declaration [Doc. 475-38 SEALED]; Exhibit

---

[9]     Plaintiffs filed Exhibit M manually given its size [Doc. 471 p. 1]. Further, Plaintiffs do not seek leave to file Exhibit N and R under seal [*see* Doc. 471], but they are included in Plaintiffs' sealed filings [Docs. 475-13, 475-17 SEALED].

[10]     Plaintiffs manually filed Exhibit C due to its size [Doc. 471 p. 3].

14

20 to the Weber Declaration [Doc. 475-40 SEALED]; Exhibit 22 to the Weber Declaration [Doc. 475-42 SEALED]; and Exhibit 23 to the Weber Declaration [Doc. 475-43 SEALED].

With respect to Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment [Doc. 471-4 (redacted); Doc. 475-3 SEALED], the parties seek to redact the units sold on pages 1, 6, and 19 that includes Defendant's confidential sales [Doc. 488 p. 4; Doc. 492 p. 14].[11] Plaintiffs have filed an updated redacted version as [Doc. 488-3] and an updated sealed version as [Doc. 489-2 SEALED].

The parties request redactions to the revenues, profits, and expenses on pages 1, 4, 9, 12, and 13; to the units sold on pages 3, 7, and 8, and to the proprietary financial provisions of the 2001 License on pages 3 (including footnote 2), 5 and 6 to the Mimms Memorandum [Doc. 492 p. 24; *see also* Doc. 488 pp. 2–3]. Plaintiffs have filed an updated redacted version of the Mimms Memorandum as [Doc. 488-2] and an updated sealed version as [Doc. 489-1 SEALED].

With respect to Case Declaration, the parties request redactions to paragraphs 54, 57, and 59 because they reflect Defendant's confidential sales information as well as pricing information in the 2001 License [Doc. 492 p. 24; *see also* Doc. 488 p. 4]. Plaintiffs have filed a redacted version of the Case Declaration as [Doc. 488-1], and a sealed version as [Doc. 489-SEALED].

The parties seek to file under seal the following exhibits: Exhibits A–F, J, L–M, and V to the Case Declaration [Doc. 492 pp. 14-16]. Plaintiffs explain that these exhibits contain their "confidential and proprietary material[,]" including "pricing information . . . employment agreements between Plaintiffs and other individuals and which contain personal information of individuals who are non-parties to this action, and other competitive information which, if revealed

---

[11] The same redaction also appears on page 24 of the Memorandum [Doc. 489-2 p. 24 SEALED].

publicly, would harm Plaintiffs' business interests" [Doc. 471 p. 6].  Plaintiffs originally filed Exhibits A–F, J, L–M, and V to the Case Declaration as [Docs. 475-4 to 475-10, 475-12, and 475-19 SEALED].[12]

Exhibit I to the Case Declaration is the 2001 License.  The parties request the same redactions as previously noted, see section I(B).  Plaintiffs filed a redacted version of Exhibit 1 [Doc. 488-4] and a sealed version as [Doc. 489-3 SEALED].

With respect to Exhibit K to the Case Declaration, the parties state that it is an email dated November 20, 2015 [Doc. 492 p. 15].  They request a redaction to the second chart on page one [*Id*.].  Plaintiffs state that the chart contains their pricing information [Doc. 488 p. 4].  Plaintiffs have filed an updated redacted version of Exhibit K as [Doc. 488-5] and an updated sealed version as [Doc. 489-4].

Exhibit P to the Case Declaration is an email between the parties [Doc. 492 p. 16].  They request a redaction to the second page because it "reflect[s] [Defendant's] confidential source code and sales and shipment information [Doc. 488 p. 4].  Plaintiffs filed an updated redacted version of Exhibit P [Doc. 488-6] and an updated sealed version as [Doc. 489-5 SEALED].

Exhibit S to the Case Declaration is an email and attachment from Defendant identifying its products [Doc. 492 p. 16].  The parties request redactions to the second chart and attachment because they contain Plaintiffs' confidential pricing information [*Id*; *see also* Doc. 488 p. 4].  Plaintiffs filed an updated redacted copy of Exhibit S [Doc. 488-7] and an updated sealed version [Doc. 489-6 SEALED].

---

[12]     Plaintiffs physically filed Exhibit M due to its size [Doc. 492 p. 15].

16

The parties seek leave to file Exhibits A, B, C, and D to the Waldbusser Declaration under seal [Doc. 492 pp. 17–18].[13] They explain that this information contains Defendant's confidential source code and information regarding its operating systems [*Id.*]. Plaintiffs originally filed Exhibits A, B, and D as [Docs. 475-20 to 475-22 SEALED].

The parties seek leave to file the Wallace Declaration and Exhibits B and C under seal [Doc. 492 p. 18]. They state that these exhibits contain Defendant's revenue and sales information [*Id.*]. Plaintiffs originally filed the Wallace Declaration as [Doc. 473-23 SEALED] and Exhibits B and C as [Docs. 475-24 and 475-25 SEALED].

With respect to the Weber Declaration, the parties seek leave to file Exhibits 6, 12, 13, 14, 21, and 25 under seal [Doc. 492 pp. 18–22]. They state that these exhibits contain Defendant's confidential revenue and sales data and Plaintiffs' commercially sensitive confidential and proprietary information [*Id.*; *see also* Doc. 471 p. 7]. Plaintiffs originally filed Exhibits 6, 12, 13, 14, 21, and 25 as [Docs. 475-27, 475-32, 475-33, 475-34, 475-41, and 475-44].

Exhibit 3 to the Weber Declaration is Defendant's October 19, 2022 letter to Plaintiffs [Doc. 492 p. 25]. The parties request redactions to the paid-up royalty amount on page 3 [*Id.*]. They contend that it is "commercially sensitive pricing information in the 2001 License" [*Id.*]. Plaintiffs have filed a redacted version of Exhibit 3 as [Doc. 488-8] and a sealed version as [Doc. 489-7 SEALED].

Exhibit 8 to the Weber Declaration is Dr. Philip Greenspun's opening expert report [Doc. 492 p. 19]. As noted above, *see supra* section I(A), the parties seek redactions to paragraphs 179–210, and 252–365 [*Id.*]. In addition, Appendix A also contains source code information [Doc. 488

---

[13]     Plaintiffs have physically filed Exhibit C to the Waldbusser Declaration due to its size [Doc. 492 p. 17].

p. 4; *see also* Doc. 489-8 SEALED]. Plaintiffs have filed a redacted copy of Exhibit 8 as [Doc. 488-9] and an updated sealed copy as [Doc. 489-8 SEALED].

Exhibit 9 to the Weber Declaration contains excerpts from Dr. Philip Greenspun's deposition [Doc. 492 p. 19]. The parties request redactions to pages 157–61, 251:17–21, and 273–78 [*Id*.]. Plaintiffs state that this exhibit contains source code information [Doc. 488 p. 4]. Plaintiffs have filed a redacted version of Exhibit 9 [Doc. 488-10] and an updated sealed version as [Doc. 489-9 SEALED].

Exhibit 10 to the Weber Declaration contains excerpts from Michael Fitzgerald's deposition [Doc. 492 p. 19]. The parties request redactions to pages 520:08–11 [*Id*.]. They state that it contains Defendant's confidential sales information [*Id*.]. Plaintiffs filed an updated redacted version of Exhibit 10 as [Doc. 488-11] and an updated sealed version as [Doc. 489-10 SEALED].

Exhibit 11 to the Weber Declaration contains Defendant's First Supplemental Responses and Objections to Plaintiff SNMPRI's Fourth Set of Interrogatories [Doc. 492 p. 19]. The parties request redactions to certain paragraphs, including to the paragraphs on pages 6–7, 14–15, 18–19, 26–27, and 32–33 [*Id*.]. Plaintiffs state that this exhibit contains their pricing information [Doc. 488 p. 4]. Plaintiffs have filed a redacted version of Exhibit 11 as [Doc. 488-12] and an updated sealed version as [Doc. 489-11 SEALED].

Exhibit 15 of the Weber Declaration is a copy of Dr. Philip Greenspun's rebuttal report [Doc. 492 p. 20]. The parties request redactions to paragraphs 20–31 because it includes information about Defendant's operating system [*Id*.; *see also* Doc. 488 pp. 4–5]. Plaintiffs filed a redacted version of Exhibit 15 as [Doc. 488-13] and an updated sealed version as [Doc. 489-12 SEALED].

18

Exhibit 16 to the Weber Declaration is a copy of Dr. Philip Greenspun's third expert report [Doc. 492 p. 21]. The parties request redactions on page nine because it contains information regarding "Plaintiffs' proprietary pricing" [*Id.*; *see also* Doc. 488 p. 4]. Plaintiffs have filed a redacted version of Exhibit 16 at [Doc. 488-14] and an updated sealed version as [Doc. 489-13 SEALED].

Exhibit 19 to the Weber Declaration is Dr. Ravi Dhar's opening report [Doc. 492 p. 21]. The parties request redactions to paragraphs 77–92 because they contain Defendant's confidential material [*Id.*]. More specifically, Defendant states that this information relates to its "commercially sensitive marketing materials and strategy documents" [Doc. 453 p. 2 (citation omitted)]. Plaintiffs have filed a redacted version as [Doc. 488-15] and an updated sealed version as [Doc. 489-14 SEALED].

*Findings.* The parties have agreed to publicly file the following documents, and therefore, in accordance with Rule 12.2 of the ECF Rules and Procedures, the Court **DIRECTS** the Clerk's Office to **DELETE** the following:

- Eslamimehr Memorandum [**Doc. 475 SEALED**]

- Greenspun Memorandum [**Doc. 475-2 SEALED**]

- Exhibit N to the Case Declaration [**Doc. 475-13 SEALED**][14]

- Exhibit O to the Case Declaration [**Doc. 475-14 SEALED**]

- Exhibit Q to the Case Declaration [**Doc. 475-16 SEALED**]

- Exhibit R to the Case Declaration [**Doc. 475-17 SEALED**][15]

---

[14]     No party requests that Exhibit N to the Case Declaration be filed under seal [Doc. 471], but it is included in the sealed documents [Doc. 475-13 SEALED]. Further, Plaintiffs filed this exhibit in the public record [*See* Doc. 466-14].

[15]     Plaintiffs state that Exhibit R was inadvertently filed under seal [Doc. 483].

- Exhibit 4 to the Weber Declaration [**Doc. 475-26 SEALED**]

- Exhibit 17 to the Weber Declaration [**Doc. 475-37 SEALED**]

- Exhibit 18 to the Weber Declaration [**Doc. 475-38 SEALED**]

- Exhibit 20 to the Weber Declaration [**Doc. 475-40 SEALED**]

- Exhibit 22 to the Weber Declaration [**Doc. 475-42 SEALED**]

- Exhibit 23 to the Weber Declaration [**Doc. 475-43 SEALED**].

The Court has also reviewed all the documents that the parties seek to redact. After reviewing these redactions, which are narrowly tailored, the Court finds good cause for the requested redactions. In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court will instruct the Clerk's Office to delete the former sealed versions of these documents and will allow the updated sealed versions to remain sealed as follows:

- The Mimms Memorandum [**Doc. 489-1**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-1**] **SHALL BE DELETED**.

- The SJ Memorandum [**Doc. 489-2**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-3**] **SHALL BE DELETED**.

- The Case Declaration [**Doc. 489**] **SHALL REMAIN SEALED**. There is no former sealed Case Declaration [*See* Doc. 493].

- Exhibit I to the Case Declaration [**Doc. 488-4**] **SHALL REMAIN SEALED**. There is no former sealed version of this exhibit [*See* Doc. 493].

- Exhibit K to the Case Declaration [**Doc. 489-4**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-11**] **SHALL BE DELETED**.

- Exhibit P to the Case Declaration [**Doc. 489-5**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-15**] **SHALL BE DELETED**.

20

- Exhibit S to the Case Declaration [**Doc. 489-6**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-18**] **SHALL BE DELETED**.

- Exhibit 3 to the Weber Declaration [**Doc. 489-7**] **SHALL REMAIN SEALED**. There is no former sealed version of this exhibit [*See* Doc. 493].

- Exhibit 8 to the Weber Declaration [**Doc. 489-8**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-28**] **SHALL BE DELETED**.

- Exhibit 9 to the Weber Declaration [**Doc. 489-9**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-29**] **SHALL BE DELETED**.

- Exhibit 10 to the Weber Declaration [**Doc. 489-10**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-30**] **SHALL BE DELETED**.

- Exhibit 11 to the Weber Declaration [**Doc. 489-11**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-31**] **SHALL BE DELETED**.

- Exhibit 15 to the Weber Declaration [**Doc. 489-12**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-35**] **SHALL BE DELETED**.

- Exhibit 16 to the Weber Declaration [**Doc. 489-13**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-36**] **SHALL BE DELETED**.

- Exhibit 19 to the Weber Declaration [**Doc. 489-14**] **SHALL REMAIN SEALED**, and the former sealed version [**Doc. 475-39**] **SHALL BE DELETED**.

Finally, the Court has reviewed the documents that the parties request be placed under seal.

The Court finds that the parties have shown good cause to place these documents under seal as follows:

- Exhibits A, B, C, D, E, F, J, L, M, and V to the Case Declaration [**Docs. 475-4, 475-5, 475-6, 475-7, 475-8, 475-9, 475-10, 475-12, and 475-19**] **SHALL REMAIN SEALED**. Exhibit M is a manual filing.

21

- Exhibits A, B, C, and D to the Waldbusser Declaration [**Docs. 475-20, 475-21, 475-22**] **SHALL REMAIN SEALED**. Exhibit C is a manual filing.

- The Wallace Declaration [**Doc. 475-23**] and Exhibits B and C to the Wallace Declaration [**Docs. 475-24, 475-25**] **SHALL REMAIN SEALED**.

- Exhibits 6, 12, 13, 14, 21, and 25 to the Webber Declaration [**Docs. 475-27, 475-32, 475-33, 475-34, 475-41, 475-44**] **SHALL REMAIN SEALED**.

In light of the above, the Court **ORDERS** Plaintiffs to re-file the Eslamimehr Memorandum, the Mimms Memorandum, the Greenspun Memorandum, and the SJ Memorandum (redacted or otherwise) in the public record and attach all exhibits, including the redacted exhibits, on or before **March 6, 2025**. To the extent a document or exhibit is redacted, Plaintiffs shall note the docket entry of the sealed version on the first page of the exhibit. If a document or exhibit is sealed, Plaintiffs shall file a placeholder noting the docket entry of the sealed version.

## II. CONCLUSION

For the reasons set forth above, the Court **DENIES AS MOOT** Defendant's motion to seal [**Doc. 447**]; **GRANTS IN PART AND DENIES AS MOOT IN PART** the parties' motions to seal [**Docs. 450, 453, 467, and 471**], and **GRANTS** the parties' motion to seal [**Docs. 488, 490**].

As a final matter, given that the parties will be re-filing the memorandums and exhibits, in order to keep the docket organized, the Court **DIRECTS** the Clerk's Office to **DELETE** the following:

- The Affidavit of Sy Damle [**Doc. 455**] and the exhibits thereto [**Docs. 455-1, 455-2, 455-3**]

- The Eslamimehr Memorandum [**Doc. 458**]

- The Mimms Memorandum [**Doc. 460**]

22

- The Greenspun Memorandum [**Doc. 462**]

- Plaintiffs' SJ Memorandum [**Doc. 464**]

- The Weber Declaration [**Doc. 465**] and all exhibits thereto [**Docs. 465-1 to 465-25**]

- The exhibits to the Case Declaration [**Docs. 466-1 to 466-23**]

- The Wallace Declaration [**Doc. 469**] and the exhibits thereto [**Docs. 469-1 to 469-3**]

- The Waldbusser Declaration [**Doc. 470**] and the exhibits thereto [**Docs. 470-1 to 470-5**]

- The Damle Declaration [**Doc. 472**] and the exhibits thereto [**Docs. 472-1 to 472-13**]

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge