UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SNMP RESEARCH, INC. and SNMP )
RESEARCH INTERNATIONAL, INC., )
                                                )
      Plaintiffs, )
                                                )
v. ) No. 3:20-CV-451-CEA-DCP
                                                )
EXTREME NETWORKS, INC. )
                                                )
     Defendant. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Unopposed Motion for Leave to File Documents Under Seal [Doc. 494]. Defendant seeks leave to file the following documents either fully or partially under seal: Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Exclude the Opinions of Quentin Mimms ("Mimms Opposition"), Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("SJ Opposition"), and Exhibits 3, 4, 6–15 to the Supplemental Declaration of Sy Damle ("Damle Declaration").

Plaintiffs filed a response to the motion stating that they support the redactions and sealing requests to Exhibits 4, 10–15 to the Damle Declaration and that they support the redaction requests to the opposition briefs [Doc. 519]. For the reasons explained below, the Court **GRANTS** the motion [**Doc. 494**].

I.      ANALYSIS

On October 26, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 11] that sets forth the standard and procedure for filing

1

material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id.* at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id.* at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id.* at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

Defendant seeks to redact Exhibit 3 to the Damle Declaration, which contains excerpts from the transcript deposition of Quentin Mimms [Doc. 494 p. 2]. Defendant states that the excerpts contain its "confidential business information, including specific references to [Defendant's] operating expenses, sales, and research and development expenditures" [*Id.* (citation omitted)]. Defendant filed a redacted version of Exhibit 3 as [Doc. 494-3] and a sealed version as [Doc. 506-1 SEALED].

Defendant seeks to redact Exhibit 4 to the Damle Declaration, stating that it contains Plaintiff's confidential revenue information [Doc. 494 p. 2]. Plaintiffs' response states that its confidential information is on page 257:1–5 of the deposition transcript [Doc. 519 p. 1]. Defendants filed a redacted version of Exhibit 4 as [Doc. 494-4] and a sealed version as [Doc. 506-2 SEALED].

Defendant seeks to seal Exhibits 6–9 to the Damle Declaration [Doc. 494 p. 2]. It states that they contain "email exchanges between [its] engineers and Plaintiff's technical and business

2

support staff," which "contain excerpts of Extreme's confidential source code" [*Id*.]. Defendants filed the sealed versions of Exhibits 6–9 as [Doc. 506-3 to 506-6].

Defendant states that Exhibits 10–13 are purchase orders between it and Plaintiff SNMP Research International, Inc. ("SNMP Research International") [Doc. 494 p. 2]. The parties request that their pricing be redacted [*Id*.; *see also* Doc. 519 p. 2]. Defendants filed the redacted versions of Exhibits 10–13 as [Docs. 494-9 to 494-12] and the sealed versions as [Docs. 506-7 to 506-10 SEALED].

Defendant states that Exhibit 14 to the Damle Declaration is an excerpt from a spreadsheet that tracks payments from Defendant to Plaintiff SNMP Research International [Doc. 494 p. 2]. The parties request that Exhibit 14 be sealed because it contains pricing information [*Id*. at 2–3; Doc. 519 p. 2]. Defendants filed Exhibit 14 as [Doc. 506-11 SEALED].

Defendant states that Exhibit 15 is an excerpt of SNMP Research International's customer ledgers [Doc. 494 p. 3]. The parties request sealing of this document because it contains "Plaintiffs' confidential customer and revenue information" [Id.; see also Doc. 519 p. 2]. Defendant filed Exhibit 15 as [Doc. 506-12 SEALED].

Because the Mimms Opposition and the SJ Opposition contain references to the above documents, Defendant seeks to redact those briefs [Doc. 494 p. 3]. Defendant filed a redacted version of the SJ Opposition as [Doc. 494-1] and the sealed version as [Doc. 498 SEALED]. Defendant filed the redacted version of the Mimms Opposition as [Doc. 494-2] and the sealed version as [Doc. 500 SEALED].

*Findings.* The Court has reviewed the requested redactions, which are narrowly tailored, and finds good cause for the redactions. The Court has also reviewed the sealed exhibits and finds that the parties have established good cause to maintain them under seal. Exhibits 3, 4, and 6–15

3

to the Damle Declaration [**Docs. 506-1 to 506-12**] **SHALL REMAIN SEALED**. In addition, Defendant's SJ Opposition [**Doc. 498**] and the Mimms Opposition [**Doc. 500**] **SHALL REMAIN SEALED.**

In light of the above, the Court **ORDERS** Defendant to re-file its SJ Opposition (redacted) and the Mimms Opposition (redacted) in the public record and attach all exhibits, including the redacted exhibits, on or before **March 7, 2025**. To the extent a document or exhibit is redacted, Defendant shall note the docket entry of the sealed version on the first page of the document or exhibit. If a document or exhibit is sealed, Defendant shall file a placeholder noting the docket entry of the sealed version.

Given that Defendant will refile these documents, to maintain an orderly docket, the Court **DIRECTS** the Clerk's Office to **DELETE** the Damle Declaration [**Doc. 505**] and Exhibits 1, 3, and 5 thereto [**Docs. 505-1, 505-2, and 505-3**].

## II. CONCLUSION

The Court therefore **GRANTS** Defendant's Unopposed Motion for Leave to File Documents Under Seal [**Doc. 494**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge