UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-451-CEA-DCP ) |
| EXTREME NETWORKS, INC. | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Unopposed Motion for Leave to File Documents Under Seal [Doc. 508]. Plaintiffs seek leave to file the following documents in redacted form: the Supplemental Declaration of Dr. Jeffrey D. Case ("Case Declaration"); Exhibits X, Y, AB, AD, and AG to the Case Declaration; and Exhibits 26, 38, and 48 to the Supplemental Declaration of Olivia Weber ("Weber Declaration"). In addition, Plaintiffs seek redactions to their Opposition to Defendant's Motion for Summary Judgment ("SJ Opposition"); their Opposition to Defendant's Omnibus *Daubert* Motion ("Omnibus *Daubert* Opposition"); and their Opposition to Defendant's Chandler *Daubert* Motion ("Chandler Opposition"). Plaintiffs request that the following documents be sealed in their entirety: Exhibits 37, 42, 43, 44, and 45 to the Weber Declaration.

Defendant filed a response to the motion [Doc. 520]. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion [**Doc. 508**].

1

I.     ANALYSIS

On October 26, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 11] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

Starting with the Case Declaration, Plaintiffs contend that it contains "[Defendant's] confidential shipment information and sales figures" [Doc. 508 p. 3]. Plaintiffs filed the redacted version of the Case Declaration as [Doc. 508-1] and the sealed version as [Doc. 509 SEALED].

With respect to Exhibits X, Y, and AG to the Case Declaration, Plaintiffs state that these exhibits contain their "confidential and proprietary material . . . such as pricing information" [Doc. 508 p. 2]. In addition, Plaintiffs submit that Exhibit Y "contains [Defendant's] commercially sensitive information regarding the sales and volume" and that "Exhibit AG contains a confidential settlement communication" [*Id*. at 2–3; *see also* Doc. 520 p. 2]. Plaintiffs filed a redacted version of Exhibit X as [Doc. 508-2] and a sealed version as [Doc. 509-1 SEALED]. Plaintiffs filed a redacted version of Exhibit Y as [Doc. 508-3] and a sealed version as [Doc. 509-2]. Plaintiffs filed a redacted version of Exhibit AG as [Doc. 508-6] and a sealed version as [Doc. 509-5 SEALED].

With respect to Exhibits AB and AD to the Case Declaration, Plaintiffs state that they contain "[Defendant's] confidential shipment information and sales figures" [Doc. 508 p. 3; *see also* Doc. 520 p. 2]. Plaintiffs filed a redacted version of Exhibit AB as [Doc. 508-4] and a sealed version as [Doc. 509-3 SEALED]. Plaintiffs filed a redacted version of Exhibit AD [Doc. 508-5] and a sealed version as [Doc. 509-4 SEALED].

Plaintiffs represent that Exhibit 26 to the "Weber Declaration contains information regarding Plaintiffs' confidential settlements with third parties" [Doc. 508 p. 3]. Plaintiffs filed the redacted version of Exhibit 26 as [Doc. 508-7] and the sealed version as [Doc. 509-6 SEALED].

Plaintiffs state that Defendant seeks to redact Exhibits 38 and 48 to the Weber Declaration [Doc. 508 pp. 3–4]. Defendant responds that Exhibit 38 contains its "sales and revenues[,]" and that Exhibit 48 contains information about "[Defendant's] operating systems" [Doc. 520 pp. 2–3 (citations omitted)]. Plaintiffs filed a redacted version of Exhibit 38 as [Doc. 508-8] and a sealed version [Doc. 509-8 SEALED]. Plaintiffs filed a redacted version of Exhibit 48 as [Doc. 508-9] and a sealed version as [Doc. 509-11 SEALED].

Plaintiffs move to seal Exhibits 37 and 42 to 45 to the Weber Declaration [Doc. 508 p. 2]. They state that Defendant requests such sealing [*Id*. at 3]. Defendant explains that Exhibit 37 "consist of [its] commercially sensitive information," including "marketing information and strategy[,]" Exhibits 42 and 45 contain information about its "business expenditures and relationships[,]" Exhibit 43 contains Defendant's source code, and Exhibit 44 "reveals confidential information regarding [its] internal, source code related project planning, engineering capacity, and workflow" [Doc. 520 pp. 2–3 (citations omitted)]. Plaintiffs filed sealed versions of Exhibits

3

37, 43, and 44 as [Docs. 509-7, 509-9, 509-10].  Plaintiffs have manually filed Exhibits 42 and 45 due to their size [*See* Doc. 510].

Finally, Plaintiffs seek leave to redact the SJ Opposition, the Omnibus Daubert Opposition, and the Chandler Opposition because they cite to the exhibits above [Doc. 508 p. 4; *see also* Doc. 520 p. 4].

*Findings.*  The Court has reviewed the requested redactions, which are narrowly tailored, and finds good cause for the redactions.  The Court has also reviewed the sealed exhibits and finds that the parties have established good cause to maintain them under seal. The following documents therefore **SHALL REMAIN SEALED**:

    (1)    The Case Declaration [**Doc. 509**]

    (2)    Exhibit X to the Case Declaration [**Doc. 509-1**],

    (3)    Exhibit Y to the Case Declaration [**Doc. 509-2**]

    (4)    Exhibit AB to Case Declaration [**Doc. 509-3**]

    (5)    Exhibit AD to the Case Declaration [**Doc. 509-4**],

    (6)    Exhibit AG to the Case Declaration [**Doc. 509-5**]

    (7)    Exhibit 26 to the Weber Declaration [**Doc. 509-6**]

    (8)    Exhibit 37 to the Weber Declaration [**Doc. 509-7**]

    (9)    Exhibit 38 to the Weber Declaration [**Doc. 509-8**]

    (10)    Exhibit 42 to the Weber Declaration, a manual filing

    (11)    Exhibit 43 to the Weber Declaration [**Doc. 509-9**]

    (12)    Exhibit 44 to the Weber Declaration [**Doc. 509-10**]

    (13)    Exhibit 45 to the Weber Declaration, a manual filing

    (14)    Exhibit 48 to the Weber Declaration [**Doc. 509-11**]

(15) Plaintiffs' SJ Opposition [**Doc. 509-12**]

(16) Plaintiffs' Omnibus *Daubert* Opposition [**Doc. 509-13**]

(17) Plaintiffs' Chandler Opposition [**Doc. 509-14**].

In light of the above, the Court **ORDERS** Plaintiffs to re-file their SJ Opposition (redacted), their Omnibus *Daubert* Opposition (redacted), and the Chandler Opposition (redacted) in the public record and attach all exhibits, including redacted exhibits, on or before **March 10, 2025**. To the extent a document or exhibit is redacted, Plaintiffs shall note the docket entry of the sealed version on the first page of the document or exhibit. If a document or exhibit is sealed, Plaintiffs shall file a placeholder noting the docket entry of the sealed version.

Given that Plaintiffs will refile these documents, to maintain an orderly docket, the Court **DIRECTS** the Clerk's Office to **DELETE** the placeholders for the above documents [**Docs. 495, 496, 497**] and the other exhibits [**Docs. 503 and 504**].

## II. CONCLUSION

The Court therefore **GRANTS** Plaintiffs' Unopposed Motion for Leave to File Documents Under Seal [**Doc. 508**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge