UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXTREME NETWORKS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 3:20-CV-451-CEA-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Unopposed Motion for Leave to File Documents Under Seal [Doc. 512]. Defendant's motion seeks leave to redact/seal its Reply Memorandum of Law in Support of Motion to Exclude the Opinions of Mark J. Chandler ("Chandler Reply"); the Third Declaration of Sy Damle in Support of Defendant's Replies in Support of Motions for Summary Judgment, to Exclude Opinions of Mark J. Chandler, and to Exclude Opinions of Ravi Dhar, Scott Bradner, and Michael Wallace ("Damle Declaration"); and Exhibit 1 to the Damle Declaration. For the reasons set forth below, the Court **GRANTS** Defendant's motion [**Doc. 512**].

I.   ANALYSIS

On October 26, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 11] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must

"analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

Starting with Exhibit 1 to the Damle Declaration, Defendant states that it is a confidential settlement agreement between Plaintiffs and a third party [Doc. 512 pp. 1–2]. It moves to file the entire exhibit under seal. Defendant has filed Exhibit 1 under seal as [Doc. 517-1 SEALED].

The Damle Declaration includes a reference to Plaintiffs' settlement with the third party [Doc. 512 pp. 1–2]. Defendant has filed a redacted version of the Damle Declaration as [Doc. 512-2] and a sealed version as [Doc. 517 SEALED].

With respect to the Chandler Reply, Defendant states that it contains references to the Damle Declaration, Exhibit 1 thereto, and "other confidential settlement agreements between Plaintiffs and non-parties" [Doc. 512 p. 2]. Defendant filed a redacted version of the Chandler Reply as [Doc. 512-1] and a sealed version as [Doc. 513-SEALED].

While Defendant seeks to seal information based on Plaintiffs' designations, the Court is familiar with the underlying information that is sought to be sealed [*See* Doc. 527]. The Court finds good cause to **GRANT** the motion [**Doc. 512**]. The Damle Declaration [**Doc. 517**], Exhibit 1 thereto [**Doc. 517-1**], and the Chandler Reply [**Doc. 513**] **SHALL REMAIN SEALED**.

In light of the above, the Court **ORDERS** Defendant to re-file its Chandler Reply (redacted) in the public record and attach all exhibits, including redacted exhibits, on or before **March 11, 2025**. To the extent a document or exhibit is redacted, Defendant shall note the docket

entry of the sealed version on the first page of the document or exhibit. If a document or exhibit is sealed, Defendant shall file a placeholder noting the docket entry of the sealed version.

Given that Defendant will refile these documents, to maintain an orderly docket, the Court **DIRECTS** the Clerk's Office to **DELETE** the Declaration of Sy Damle in Support of Extreme Networks, Inc.'s Replies in Support of Motions for Summary Judgment, to Exclude Opinions of Mark Chandler, and to Exclude Opinions of Ravi Dhar, Scott Bradner, and Michael J. Wallace [**Doc. 518**].

## II. CONCLUSION

The Court therefore **GRANTS** Defendant's Unopposed Motion for Leave to File Documents Under Seal [**Doc. 512**].

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3

Case 3:20-cv-00451-CEA-DCP    Document 530    Filed 03/03/25    Page 3 of 3    PageID #: 32142