UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SNMP RESEARCH, INC. and SNMP RESEARCH INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXTREME NETWORKS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-451-CEA-DCP |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Unopposed Motion for Leave to File Documents Under Seal [Doc. 525]. They seek redactions to their Reply in Support of Their Motion for Partial Summary Judgment/Adjudication ("SJ Reply"); their Reply in Support of Their Motion to Exclude the Testimony of Quentin Mimms ("Mimms Reply"); and Reply in Support of Their Motion to Exclude the Testimony of Philip Greenspun ("Greenspun Reply"). For the reasons explained below, the Court **GRANTS** the motion [**Doc. 525**].

**I.    ANALYSIS**

On October 26, 2020, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 11] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal

1

citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

Plaintiffs seek redactions to the SJ Reply, the Greenspun Reply, and the Mimms Reply, stating that they contain "commercially sensitive information regarding [Defendant's] sales volume, company financials, source code analysis, and business practices" [Doc. 525 p. 2]. Plaintiffs filed a redacted version of their SJ Reply as [Doc. 525-1] and the sealed version as [Doc. 526 SEALED]. Plaintiffs filed a redacted version of the Greenspun Reply as [Doc. 525-2] and a sealed version as [Doc. 526-1 SEALED]. They filed a redacted version of the Mimms Reply as [Doc. 525-3] and a sealed version as [Doc. 526-2 SEALED].

While Plaintiffs move to file these documents under seal based on Defendant's designations, the Court is familiar with underlying documents sought to be sealed [*See* Doc. 527]. The Court has reviewed the redactions, which are narrowly tailored, and finds good cause to grant Plaintiffs' motion. The SJ Reply [**Doc. 526**], the Greenspun Reply [**Doc. 526-1**], and the Mimms Reply [**Doc. 526-2**] **SHALL REMAIN SEALED**.

In light of the above, the Court **ORDERS** Plaintiffs to re-file the SJ Reply (redacted), the Greenspun Reply (redacted), and the Mimms Reply (redacted) in the public record on or before **March 12, 2025**. Plaintiffs shall note the docket entry of the sealed version on the first page of reply briefs. Given that Plaintiffs will refile these documents, to maintain an orderly docket, the Court **DIRECTS** the Clerk's Office to **DELETE** the placeholders [**Docs. 521, 522, 523**].

## II. CONCLUSION

The Court therefore **GRANTS** Plaintiffs' Unopposed Motion for Leave to File Documents Under Seal [**Doc. 525**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge